IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | ) ) ) ) ) ) ) ) ) | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |
| This Document Relates to: All Actions | | |

**PLAINTIFFS' MOTION TO ESTABLISH A
PROTOCOL FOR TAKING *IN EXTREMIS* DEPOSITIONS**

COMES NOW HOUSSIERE, DURANT & HOUSSIERE, LLP, moving the Court to establish a protocol for taking *In Extremis* depositions, and in support thereof say:

1. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). FED. R. CIV. P. 30(A)(1). Rule 30(a)(2) requires a party to obtain leave of court to take a deposition when the party seeks to take the deposition before the time specified in Rule 26(d). FED. R. CIV. P. 30(A)(2). Rule 26(d) prohibits discovery before the parties have conferred as required by Rule 26(f). Thus, a plaintiff must obtain leave of court to take a deposition before the parties have conferred as required by Rule 26(f). If a plaintiff moves for leave to take a deposition before the parties have conferred as required by Rule 26(f), the court must grant leave to the extent consistent with Rule 26(b)(1) and (2). FED. R. CIV. P. 30(A)(2). Further, this Court has entered an order staying discovery. *See Pretrial Order #1, Para. 11.* Therefore, Plaintiff cannot take any depositions without obtaining court permission first.

2. Rule 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

3. The undersigned attorneys presently represent Jack Clampit in the MDL. Plaintiff Jack Clampit suffers from Stage 4 lung cancer. Today, he only has 35% lung capacity. He has been told that his cancer is terminal. It is unknown how long he will survive, or how long he will be able to testify. It is obviously important to take his deposition in order to preserve important testimony. The undersigned attorneys anticipate representing other plaintiffs in this MDL in the future who also need their *in extremis* depositions taken before they die and their testimony is lost forever. *See attached list, Exhibit A.*

4. Plaintiff Jack Clampit is claiming that Defendants' CPAP machine caused his lung cancer, and will eventually cause his death. There will be other Plaintiffs in the future who will claim they are dying from an illness caused by their Philips machine. Therefore, these cases are very serious cases with large amounts in controversy.

5. Unless the depositions of these plaintiffs are taken while they are still able to testify, important testimony will be lost forever. Therefore, both parties' access to this important information will be lost unless these plaintiffs' depositions are taken while they are still able to testify.

6. Both parties have the resources and ability to take the depositions of these plaintiffs.

7.      Deposing these plaintiffs would preserve evidence regarding their use of Defendants' CPAP machine, their medical history, and their injuries and damages. This is obviously important information that would impact the resolution of important issues in these cases.

8.      The importance of preserving this discovery by deposing these plaintiffs while they are still able to testify obviously outweighs the burden and expense of taking these depositions.

9.      Therefore, all of the Rule 26(b)(1) factors weigh in favor of taking these depositions while these plaintiffs are still able to testify. Neither do any of the factors in Rule 26(b)(2), regarding the frequency and extent of discovery, apply or weigh against taking these depositions.

10.     Rule 27 applies to the taking of depositions to perpetuate testimony before an action is filed. FED. R. CIV. P. 27. A party seeking to take a deposition under Rule 27 must show:

(A)   that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B)   the subject matter of the expected action and the petitioner's interest;

(C)   the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D)   the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E)   the name, address, and expected substance of the testimony of each deponent.

11.     Suit will have already been filed for these plaintiffs in this Court. Therefore, these plaintiffs are already parties to an action cognizable in a United States court. The subject matter of these plaintiffs' actions are contained in the complaints that were filed in this Court on their behalf. As discussed above, these plaintiffs want to preserve important testimony, including their medical history, their use of Defendants' machines, and their injuries and damages. The names

and descriptions of the adverse parties are contained in the complaints filed in this Court on these plaintiffs' behalf. Each Plaintiff can provide their addresses. Therefore, this Court will possess all of the information required by Rule 27 for taking a deposition to perpetuate testimony. Under Rule 27, the court is to permit a deposition to perpetuate testimony if the court is satisfied that perpetuating the testimony may prevent a failure or delay of justice. FED. R. CIV. P. 27(A)(3). For the reasons discussed above, permitting the depositions of these plaintiffs while they are still able to testify would prevent a failure or delay of justice.

Movants propose the following protocol for the taking of *in extremis* depositions:

1. Plaintiffs' respective attorneys inform defense counsel of the need for taking the *in extremis* deposition and the basis for that need;

2. If defense counsel disagrees that the *in extremis* deposition of that plaintiff needs taken, that Plaintiff file a motion in this Court seeking leave to take their *in extremis* deposition;

3. If defense counsel agrees to the taking of that plaintiff's *in extremis* deposition, that plaintiff provide defense counsel with:

    a. All medical records of that plaintiff that are presently in the possession of that plaintiff

    b. A list of the names and addresses of that plaintiff's health care providers

    c. A medical authorization permitting defense counsel to obtain records from that plaintiff's health care providers

4. Defense counsel first take the discovery deposition of that plaintiff

5. The trial preservation deposition of that plaintiff will then be taken immediately following the conclusion of the discovery deposition of that plaintiff.

WHEREFORE, PREMISES CONSIDERED, Movants move for the Court to establish a protocol for the taking of *in extremis* depositions; and for such other and further relief to which Plaintiffs show themselves justly entitled to receive.

Respectfully submitted,

**Houssiere, Durant & Houssiere, LLP**

By: <u>/s/Randal A. Kauffman</u>
  Charles R. Houssiere, III
  (Seeking admission *pro hac vice*)
  Attorney in Charge
  Texas Bar No. 10050700
  choussiere@HDHtex.com
  Randal A. Kauffman
  (Seeking admission *pro hac vice*)
  Texas Bar No. 11111700
  rkauffman@HDHtex.com
  1990 Post Oak Blvd., Suite 800
  Houston, Texas 77056
  Telephone: (713)626-3700
  Facsimile: (713)626-3700

ATTORNEYS FOR PLAINTIFFS

**<u>Certificate of Service</u>**

  I hereby certify that I filed the above pleading through the Court's CM/ECF system on the 10th day of December, 2021; and that such pleading was served on all counsel of record via the Court's CM/ECF filing system.

          <u>/s/Randal A. Kauffman</u>
          Randal A. Kauffman

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 <br><br> MDL No. 3014 |
| This Document Relates to: All Actions | |

**LIST OF HOUSSIERE, DURANT & HOUSSIERE CLIENTS WHO ARE *IN EXTREMIS***

| | |
|---|---|
| **Mark Corp o/b/o Bridget Corp** | **Deceased** |
| **Gay Covey** | **Terminal** |
| **Thelma Anderson** | **Terminal** |
| **Leroy Boldt** | **Terminal** |
| **Dwight Brown** | **Terminal** |
| **Andrew Bryant o/b/o Connie Bryant** | **Deceased** |
| **John Campbell** | **Terminal** |
| **Roger Guy Chandler** | **Terminal** |
| **Jack Clampit** | **Terminal** |
| **Derrick Clark** | **Terminal** |
| **Timothy Clements** | **Terminal** |
| **Donnie Coffman** | **Terminal** |
| **Issam Dabit** | **Terminal** |
| **Samuel Davis** | **Terminal** |
| **Carol Drohan** | **Terminal** |
| **Michael Edstrom** | **Terminal** |
| **Fogg Palumbo o/b/o Francis Joseph Palumbo, Jr.** | **Deceased** |
| **Patricia Garafolo** | **Terminal** |
| **Kenneth Hardin o/b/o Vadella Hardin** | **Deceased** |
| **Charles Henson** | **Terminal** |
| **Anjenette Hodges** | **Terminal** |
| **Brian Hopkins** | **Terminal** |
| **Johnni William** | **Terminal** |
| **Courtney Kendrick o/b/o Darlene Koster** | **Deceased** |
| **Jeff Price** | **Terminal** |
| **Charles Simmons** | **Terminal** |
| **David Troup o/b/o Nancy Troup** | **Deceased** |
| **Crystal Whaley o/b/o Stanley Whaley** | **Deceased** |