IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**PRETRIAL ORDER #8**

**ORDER APPOINTING CO-LEAD COUNSEL, PLAINTIFFS' STEERING COMMITTEE, CO-LIAISON COUNSEL, AND CERTAIN COMMITTEE AND SUBCOMMITTEE CHAIRS AND MEMBERS**

**WHEREFORE**, this court reviewed the 75 applications for co-lead counsel, Plaintiffs' Steering Committee ("PSC"), or liaison counsel (collectively "plaintiffs' leadership"), and conducted a videoconference[1] interview of each applicant during which the court had the privilege to learn about each applicant's impressive relevant professional experience and the contributions he or she may offer to the plaintiffs and the court in this multi-district litigation ("MDL"),

**WHEREFORE**, this court was informed by many of the applicants that this MDL is expected to be expansive and include complex and diverse issues of fact, science, and law because of the class action, medical monitoring, and personal injury claims asserted by the plaintiffs in this case,

---

[1] This court conducted the interviews of all candidates via Zoom videoconference because of the risks presented by the COVID-19 pandemic and the surge of COVID-19 cases in and around December 2021 through February 2022.

**WHEREFORE**, this case will require the appointment of an array of highly skilled counsel with diverse backgrounds and experience who will provide the plaintiffs with effective counsel to advance this MDL in an efficient and just manner,

**NOW**, this 15th day of February 2022, this court **HEREBY** issues this order to establish the plaintiffs' leadership structure, appoint plaintiffs' leadership members, clarify and expand upon the plaintiffs' leadership responsibilities as set forth in Pretrial Order #1,[2] and appoint certain committee and subcommittee members and chairs:

    A.    **Co-Lead Counsel.**

        1.    **Appointment**. Because this case is expected to be expansive and present complex issues of fact, science, and law, the court, **HEREBY** appoints the following 4 counsel to serve as plaintiffs' co-lead counsel:

| | |
|---|---|
| **Sandra Duggan**<br>Levin Sedran & Berman<br>510 Walnut Street<br>Ste 500<br>Philadelphia, PA 19106<br>215-592-1500<br>215-592-4663 (fax)<br>sduggan@lfsblaw.com | **Christopher A. Seeger**<br>Seeger Weiss LLP<br>55 Challenger Road 6th Floor<br>Ridgefield Park, NJ 07660<br>212-584-0700<br>cseeger@seegerweiss.com |
| **Kelly K. Iverson**<br>Lynch Carpenter, LLP<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>412-322-9243<br>kelly@lcllp.com | **Steven A. Schwartz**<br>Chimicles & Tikellis<br>361 West Lancaster Avenue<br>One Haverford Centre<br>Haverford, PA 19041<br>(610) 642-8500<br>steveschwartz@chimicles.com |

        2.    **Responsibilities and Duties.** Co-lead counsel will have the duties outlined in Section 10.221 of the Manual for Complex Litigation (Fourth), which include formulating and presenting positions on substantive and procedural issues during the litigation. Co-lead counsel shall prosecute all claims (class, medical monitoring, and personal injury) and coordinate the pretrial proceedings conducted by counsel for the individual plaintiffs and classes. The authority, duties, and responsibilities of co-lead counsel with respect to all claims also

---

[2] To the extent there is any discrepancy between Pretrial Order #1 and this order, Pretrial Order #8, the provisions of Pretrial Order #8 control.

include, but shall not be limited to, the following (after consultation with members of the PSC and other counsel as may be appropriate):

    a. organize themselves and agree upon a plan for conducting the MDL on behalf of all plaintiffs;

    b. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on matters arising during the coordinated pretrial proceedings;

    c. the filing, if appropriate, of consolidated master complaints and other pleadings;

    d. brief and argue motions for the plaintiffs and file opposing briefs and argue motions and proceedings initiated by other parties (except as to matters specifically directed to individual plaintiffs and their counsel) or designate the appropriate counsel to carry out these tasks;

    e. the initiation and conduct of discovery on behalf of the plaintiffs consistent with the requirements of Federal Rule of Civil Procedure 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, except that the discovery and motions initiated by the defendants directed to or regarding named individual plaintiffs will be handled by the counsel for those individuals;

    f. delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently and economically;

    g. enter into stipulations with opposing counsel necessary for the conduct of the MDL;

    h. convene meetings of the PSC, other committees or subcommittees as necessary for the purpose of proposing joint action and discussing and resolving matters of common concern;

i. coordinate common benefit payments into a common benefit shared cost fund in amounts and at times to be set forth in a protocol[3] prepared by the Plaintiffs' Time and Expense Subcommittee;

j. assess members of the PSC, members of other committees (including the Leadership Development Committee) and members of subcommittees, and other counsel performing authorized common benefit work;

k. consult with and employ expert witnesses (in consultation with any relevant subcommittee);

l. monitor work performed by the PSC, Settlement Committee, Leadership Development Committee, co-liaison counsel, subcommittees, and those whose work co-lead counsel has specifically authorized;

m. perform all tasks necessary to carry out the functions of co-lead counsel and to properly coordinate plaintiffs' pretrial activities;

n. form task-specific subcommittees of counsel, as appropriate;

o. authorize plaintiffs' counsel to initiate case-specific motions and discovery;

p. designate plaintiffs' counsel authorized to attend hearings and depositions;

q. along with the Settlement Committee, participate in the settlement negotiations on behalf of plaintiffs and enter into settlement agreements subject to court approval;

r. if there is a settlement, participate with the Settlement Committee in proposing a plan of allocation;

s. prepare and distribute periodic status reports to the PSC, the court, and the parties; and coordinate and communicate with defendants' counsel with respect to the matters addressed in this paragraph.

---

[3] It is contemplated that the protocol will address the maintenance of time and expense records for work performed, costs incurred, and other disbursements made or any potential common benefit claim, proof of potential common benefit claim, and related matters concerning expenses, disbursements, and receipts, all subject to the approval of the court and to be reviewed by an accountant selected by the Plaintiffs' Time and Expense Subcommittee, with the approval of the co-lead counsel.

No generic discovery or other common action or work in this litigation will be undertaken on behalf of the PSC, or any other committee or any subcommittee except at the direction or with permission of co-lead counsel.

    B.    **PSC.**

        1.    **Appointment**. The co-lead counsel will be ex-officio members of the PSC and the court **HEREBY** appoints the following 12 counsel to serve on the PSC:

**William Audet**
Audet & Partners, LLP
711 Van Ness
Suite 500
San Francisco, CA 94102
415-568-2555
waudet@audetlaw.com

**Ron Anthony Austin**
Ron Austin Law
400 Manhattan Blvd
Harvey, LA 70058
504-227-8100
504-227-8122 (fax)
raustin@ronaustinlaw.com

**Michael J. Blakely, II**
Pope McGlamry
3391 Peachtree Road
Suite 300
Atlanta, GA 30326
404-523-7706
efile@pmkm.com

**Virginia Marie Buchanan**
Levin Law Firm
316 S Baylen Street
Ste 600
Pensacola, FL 32502
850-435-7023
850-436-6023 (fax)
vbuchanan@levinlaw.com

**Shanon J. Carson**
Berger Montague PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
215-875-4656
215-875-4604 (fax)
scarson@bm.net

**Ruth Anne French-Hodson**
Sharp Law, LLP
4820 W. 75th St.
Prairie Village, KS 66208
913-901-0505
913-901-0419 (fax)
rafrenchhodson@midwest-law.com

**Lauren Sanderson Miller**
Hagens Berman Sobol Shapiro LLP
1301 2nd Ave
Suite 2000
Seattle, WA 98101
206-623-7292
laurenm@hbsslaw.com

**Michael F. Ram**
Morgan & Morgan Mass Tort Dept.
711 Van Ness Avenue
Suite 500
San Francisco, CA 94102
415-358-6913
415-358-6293 (fax)
MRam@forthepeople.com

**Jason Rathod**
Migliaccio & Rathod LLP
412 H St NE
Suite 302
Washington, DC 20002
202-509-5951
(202) 800-2730 (fax)
jrathod@classlawdc.com

**Joyce Chambers Reichard**
Kelley & Ferraro, LLP
Ernst & Young Tower
950 Main Avenue
Ste 1300
Cleveland, OH 44113
216-575-0777
216-575-0799 (fax)
jreichard@kelley-ferraro.com

**Dena C. Sharp**
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108
415-981-4800
dsharp@girardsharp.com

**David S. Stellings**
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson St., 8th fl.
New York, NY 10013
212-355-9500
dstellings@lchb.com


2. **Responsibilities and Duties.** As set forth in Pretrial Order #1 and as amended in this order, the PSC shall, at a minimum, have the responsibilities set forth in Section 10.221 of the Manual for Complex Litigation (Fourth), and the following responsibilities:

   a. **DISCOVERY.** The PSC shall coordinate with co-lead counsel:
      i. the conduct of all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant MDL;
      ii. develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;
      iii. cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues;
      iv. conduct of all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs, in a fashion in keeping with

      practice guidelines to be established in subsequent discovery plans or orders of this court.

b. **HEARINGS AND MEETINGS**. The PSC shall coordinate with co-lead counsel to:

    i. call meetings of plaintiffs' counsel for any appropriate purpose, including organizing responses to questions of other parties or of the court;

    ii. initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings;

    iii. examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

    iv. communicate on behalf of all plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

c. **MISCELLANEOUS**. In addition, the PSC shall coordinate with co-lead counsel to:

    i. submit and argue any oral or written motions presented to the court on behalf of the PSC and oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the PSC;

    ii. negotiate and enter into stipulations with defendants with respect to this litigation; all such stipulations must be submitted to the court for approval, except for purely administrative details; any attorney not in agreement with a non-administrative stipulation may file with the court a written objection thereto within 14 days after the attorney knows or reasonably should have become aware of the stipulation; failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

       **iii.**    maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

       **iv.**    prepare periodic status reports summarizing the PSC's work and progress; these reports shall be submitted to the plaintiffs' co-liaison counsel, who will promptly distribute copies to the other plaintiffs' attorneys; and

       **v.**    perform any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the court's orders.

    **C.**    **Co-Liaison Counsel.**

        **1.**    **Appointment**. Because of the expected expansiveness of this litigation and the assertion of class action, medical monitoring, and personal injury claims, the court **HEREBY** appoints the following 2 counsel as co-liaison counsel:

| | |
|---|---|
| **D. Aaron Rihn**<br>Robert Peirce & Associates, P.C.<br>707 Grant Street<br>Suite 125<br>Pittsburgh, PA 15219<br>412-281-7229<br>412-281-4229 (fax)<br>arihn@peircelaw.com | **Peter S. Wolff**<br>Pietragallo Gordon Alfano Bosick &<br>Raspanti, LLP<br>One Oxford Centre - 38th Floor<br>Pittsburgh, PA 15219<br>412-263-2000<br>412-263-2001 (fax)<br>psw@pietragallo.com |

Mr. Rihn and Mr. Wolff are appointed as co-liaison counsel each with liaison oversight over the entire MDL. Mr. Rihn will have primary responsibility for the administrative tasks as set forth in this order with respect to the personal injury claims. Mr. Rihn is appointed an ex-officio member of any subcommittee tasked with duties or issues related to those claims. Mr. Wolff will have primary responsibility for the administrative tasks as set forth in this order with respect to the class action and medical monitoring claims. Mr. Wolff is appointed an ex-officio member of any subcommittee tasked with duties or issues related to those claims. Mr. Wolff and Mr. Rihn—at the direction of the co-lead counsel—may attend any co-lead, PSC, committee, or subcommittee meeting.

**2.** **Responsibilities and Duties.** Co-liaison counsel will be charged with essentially administrative functions as set forth in Section 10.221 of the Manual for Complex Litigation (Fourth). For example, co-liaison counsel shall be authorized to receive orders and notices from the court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties and the performance of other tasks determined by the court. Co-liaison counsel shall be required to maintain complete files with copies of all documents served upon that counsel in hard copy or electronic form, and to make such files available to parties upon request. Co-liaison counsel are also authorized to receive orders and notices from the Panel pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties. The expenses incurred in performing the services of co-liaison counsel shall be shared by all plaintiffs in the manner to be ser forth in the protocol referred to in paragraph A(2)(i) of this order. The co-liaison counsel shall be available for any conference convened by the court and should communicate the substance of any such conference to all other plaintiffs' counsel in conjunction with co-lead counsel, if necessary.

**D.** **Other Committees and Subcommittees.** There is a wealth of talent and specialized experience among the applicants for plaintiffs' leadership in this MDL. The court appoints initially the following counsel to the committees and subcommittee identified below to further promote the efficient, just, and speedy resolution of this case and the development of future MDL leaders. This list is not an exhaustive list of the subcommittees which may be appointed in this case.

**1.** **Settlement Committee Appointment.** The court **HEREBY** appoints the following 3 counsel to serve as the chair and vice chairs for the Settlement Committee:

| | |
|---|---|
| **Roberta D Liebenberg—Chair**<br>Fine, Kaplan and Black, R.P.C.<br>One South Broad Street<br>23rd Floor<br>Philadelphia, PA 19107<br>215-567-6565<br>215-568-5872 (fax)<br>rliebenberg@finekaplan.com | **Lisa Ann Gorshe—Vice Chair**<br>Johnson Becker PLLC<br>444 Cedar Street<br>Ste 1800<br>Saint Paul, MN 55101<br>612-436-1852<br>Fax: 612-436-1801<br>lgorshe@johnsonbecker.com |

**Arthur H. Stroyd, Jr.—Vice Chair**
Del Sole Cavanaugh Stroyd LLC
3 PPG Place
Suite 600
Pittsburgh, PA 15222
(412) 261-2172
412-261-2110 (fax)
astroyd@dscslaw.com

The co-lead counsel shall coordinate with the members of the Settlement Committee and are ex-officio members of the Settlement Committee. Ms. Liebenberg, Ms. Gorshe, and Mr. Stroyd may attend all meetings of the co-lead counsel, the PSC, or subcommittees to further their efforts to settle the cases in this MDL. These appointments do not serve as an exhaustive list of the members and this order does not identify all the duties of the Settlement Committee.

      **2.**      **Leadership Development Committee Appointment.** The court appreciated the enthusiasm and talent of the applicants with minimal MDL experience. A Leadership Development Committee is appropriate in this case to provide those applicants with the education, experience, and mentorship necessary to lead future MDLs. The co-lead counsel shall appoint a member of the PSC to chair this committee and oversee the incorporation of the talents of the members of this committee throughout the litigation. It is the court's intent that the members of the Leadership Development Committee will—where appropriate—meaningfully participate in all phases of this MDL including, but not limited to, participation on committees and subcommittees, drafting master complaints, drafting and arguing briefs, participating in settlement negotiations, and preparing for and taking depositions of lay witnesses and expert witnesses. The court **HEREBY** appoints the following 10 counsel to the Leadership Development Committee:

**Miriam Fresco Agait**
Rubenstein Law, P.A.
9130 S. Dadeland Blvd, Suite PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
E-mail: mfagrait@rubensteinlaw.com

**Kristina Anderson**
Hensley Legal Group, PC
117 E. Washington Street
Ste 200
Indianapolis, IN 46204
317-472-3333
kanderson@hensleylegal.com

**Claire E. Berg**
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
504-522-2304
cberg@gainsben.com

**Ava Cavaco**
Meshbesher & Spence
1616 Park Avenue
Minneapolis, MN 55404
P: 612-339-9121
F: 612-339-9188
acavaco@meshbesher.com

**Syreeta Defrance-Poindexter**
Babin Law, LLC
22 E. Gay Street
Suite 200
Columbus OH 43215
Tel.: (614) 761-8800
Fax: (614) 706-1775
syreeta.poindexter@babinlaws.com

**Ashley B. DiLiberto**
Messa & Associates, P.C.
123 S. 22nd Street
Philadelphia, Pa. 19103
215-568-3500 / Fax: 215-568-3501

**Kathryn L. Harrison**
Campbell & Levine, LLC
1700 Grant Building
Pittsburgh, PA 15219
412-261-0310
412-261-5066 (fax)
klh@camlev.com

**Inez Johnson Ross**
Onder Law, LLC
110 East Lockwood
St. Louis, MO 63119
314-227-7674
314-963-1700 (fax)
iross@onderlaw.com

**Ian W. Sloss**
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
203-325-4491
isloss@sgtlaw.com

**Kevin W. Tucker**
East End Trial Group LLC
6901 Lynn Way
Suite 215
Pittsburgh, PA 15208
412-877-5220
ktucker@eastendtrialgroup.com

3.  **Plaintiffs' Time and Expense Subcommittee Appointment.** The court **HEREBY** appoints the following 2 counsel to serve as the co-chairs for the Plaintiffs' Time and Expense Subcommittee:

| | |
|---|---|
| **Alyson L. Oliver**<br>Oliver Law Group P.C.<br>1647 W. Big Beaver Rd.<br>Troy, MI 48084-5380<br>248-327-6556<br>248-436-3385 (fax)<br>notifications@oliverlawgroup.com | **Patrick Wayne Pendley**<br>Pendley, Baudin & Coffin<br>24110 Eden Street<br>Post Office Drawer 71<br>Plaquemine, LA 70764<br>225-687-6396<br>225-687-6398 (fax)<br>pwpendley@pbclawfirm.com |

Ms. Oliver and Mr. Pendley shall draft a protocol for the common benefit fund to include the process for the plaintiffs' time and expense submissions, and payments from the common benefit fund. This committee shall monitor and report to the court, co-lead counsel, and the PSC the progress of plaintiffs' time and expense throughout the pendency of this MDL and any payments

from the common benefit fund. These appointments do not serve as an exhaustive list of the members or duties of the Plaintiffs' Time and Expense Subcommittee.

      E.      **Terms of Appointment.** Counsel who accept the appointments set forth in this order agree to serve for the duration of the MDL or until such time as the court determines that a change in the duration of service shall be made.

      F.      **Personal Appointments.** The appointments set forth in this order are personal in nature. The court expects the appointees will draw upon the resources of their firms, their co-counsel, and their co-counsel's firms. Each appointee, however, is personally responsible for the responsibilities and duties that he or she assumes. If any counsel appointed to a leadership position leaves her or his firm during this MDL, the counsel must immediately notify the court, and the court may reassess the counsel's role in a leadership position. If the court allocates common benefit monies at the conclusion of the litigation, the court may consider all firms with which counsel has been affiliated during the litigation and the contributions that each firm has made to the litigation. There should be no expectation that all benefits will be afforded to one firm or another.

      G.      **Review of Appointments.** The court will consider a process for periodically evaluating leadership appointees' performance and commitment to the tasks assigned, as well as the ongoing needs of the litigation. The court anticipates that this evaluation will happen on an approximately annual basis; but this timing will be adjusted as circumstances warrant and at a time that minimizes any disruption to the litigation that might occur if changes were made to the team. In evaluating plaintiffs' leadership, the court will consider: the amount of time the counsel has devoted to the litigation; the resources the counsel and her or his firm has contributed to the litigation; whether the counsel is in arrears in her or his contributions; the ability of the counsel to work collaboratively with other counsel, including counsel who is not appointed to plaintiffs' leadership; and the commitment the counsel has shown to the fair, just, and efficient management of this MDL. The court will also periodically assess the needs of the MDL, including whether any additional or different resources, committees, or subcommittees are necessary for the plaintiffs' leadership as the case progresses.

      H.      **Designation of Subcommittee Chairs and Members.** The court leaves the creation of any other committees and subcommittees, the designation of other committee and

subcommittee chairs (and co-chairs), committee and subcommittee membership, and the timing of the foregoing decisions to the full discretion of co-lead counsel. Co-lead counsel shall determine a structure for a registry and data collection and analytics and shall consider whether a subcommittee will be useful with respect to state/federal coordination and be prepared to report its recommendations to the court.

      **I.**       **Committee and Subcommittee Members.** The chairs (and co-chairs) of any committee or subcommittee shall work under and at the direction of co-lead counsel in all aspects of their work in this MDL. The PSC, committee, and subcommittee members, including those on the Leadership Development Committee, shall work at the direction of co-lead counsel, and, if applicable, under the direction of the relevant committee or subcommittee chair or chairs with respect to that committee's or subcommittee's work performed in this MDL.

                                            **IT IS SO ORDERED.**

                                      **/s/ JOY FLOWERS CONTI**
                                      Joy Flowers Conti
                                      Senior United States District Court Judge