**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>*This Document Relates to:  All Actions* | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

<u>REVISED PRETRIAL ORDER #13</u>

<u>COMMON BENEFIT ORDER REGARDING PROTOCOLS FOR
PLAINTIFFS' COUNSEL TIME AND EXPENSE SUBMISSIONS</u>

I.    <u>SCOPE OF ORDER</u>

This Order is entered to provide standards and procedures for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation. These guidelines may not be exhaustive, and the Court may issue additional procedures, limitations, and guidelines in the future, if appropriate.

The principles governing the award of common benefit fees are derived from the United States Supreme Court's common benefit doctrine, as initially established in *Trustees v. Greenough*, 105 U.S. 527 (1881), and as refined in cases including *Central Railroad & Banking Co. of Georgia v. Pettis*, 113 U.S. 116 (1885), *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939), *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970), and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *see also In re Diet Drugs*, 582 F.3d 524 (3d Cir. 2009). In addition, the Court's authority to award common benefit fees derives from its equitable authority and its inherent managerial power over this consolidated and multidistrict litigation. *See, e.g., Camden I Condominium Ass'n, Inc. v.*

*Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Diet Drugs*, 582 F.3d at 546-47; *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1008 (5th Cir. 1977); *In re Vioxx*, 802 F. Supp. 2d 740, 770 (E.D. La. 2011); *Manual for Complex Litigation*, §14.121.

This Order applies to all cases now pending in MDL 3014, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of MDL 3014, and to all Participating Counsel as further described herein. It is anticipated that at an appropriate time an application will be made for common benefit fees and expense reimbursement. At that time, the Court will seek input from Co-Lead Counsel as to the value of common benefit contributions of each Participating Counsel in the litigation and may consider the appointment of a fee committee to make recommendations to the Court on the allocation of any common benefit fees awarded.

The following protocols are to be utilized by any Participating Counsel seeking common benefit fees and/or expense reimbursement. At the appropriate time, the Court will establish a mechanism for creating funds for reimbursing counsel for common benefit costs and awarding common benefit fees.

**I. GENERAL STANDARDS**

A.      All submitted time and expenses (other than for Plaintiffs' Co-Liaison Counsel's work related to their liaison duties as set forth in Pretrial Order #8, paragraph C(2)) must be incurred only for work authorized in advance, and in writing, by Co-Lead Counsel. Any time and expenses not authorized in advance, and in writing, by Co-Lead Counsel may not be eligible for consideration of a common benefit fee award or reimbursement pursuant to this Order.

B.      These Time and Expense Protocols are intended for all activities performed and expenses incurred by Participating Counsel that relate to matters common to all of the claimants in MDL 3014, including pre-trial matters, discovery, trial preparation, potential settlement process,

obtaining and interfacing with class representatives and representing them in connection with the putative class actions, vetting and interfacing with potential bellwether plaintiffs, and all other work that advances this litigation to conclusion. The Court notes at the outset that evaluating contributions to the common benefit is a qualitative analysis because not all types of work are created equal. *Vioxx*, 802 F. Supp. 2d at 772. Any Plaintiffs' Counsel that may, at a later date, seek reimbursement or compensation for common benefit time and expenses shall comply with these guidelines, and their submissions shall be in accordance with this Order.

      **C.**     This Order applies to all Participating Counsel. Participating Counsel includes the following:  (1) all attorneys who voluntarily sign the Participation Agreement attached hereto as Exhibit A; (2) all attorneys with a fee interest in any cases pending, later filed in, transferred to, or removed to this Court as part of MDL 3014, regardless of whether or not the attorney signs the Participation Agreement, and regardless of whether or not the attorney also has cases outside the MDL (filed or unfiled); and (3) any attorneys who are subject to the jurisdiction of the Court and who are not otherwise Participating Counsel but who obtain access to and use the common benefit work product of MDL 3014, thereby becoming Participating Counsel. Executed Participation Agreements and updated lists of clients must be provided to and maintained by the Time and Expense Sub-Committee as set forth in the Participation Agreement. Subject to the Stipulated Protective Order entered in MDL 3014 (Doc. 104), and any amendments thereto, as well as any protective orders entered in applicable state court actions, Participating Counsel are entitled to receive the MDL common benefit work product as well as any state court work product of those attorneys who are Participating Counsel as defined above. Participating Counsel are prohibited from sharing any such work product (i) with counsel who are not Participating Counsel or (ii) if such sharing is in violation of any applicable protective order. Participating Counsel will also be

entitled to seek compensation for common benefit work and expenses as set forth herein. In return, Participating Counsel agree that, if at some future point the Court enters an Order establishing a common benefit assessment, that assessment must be paid on all filed and unfiled cases or claims in state or federal court in which they share a fee interest. All Participating Counsel are bound by the terms, conditions, and obligations of this Order, as well as any other potential future Common Benefit Orders of this Court in MDL 3014.

     **D.**     The Time and Expense Sub-Committee has selected, and Co-Lead Counsel have approved the retention of Randall L. Sansom, CPA to provide accounting services regarding common benefit time and expense submissions. The CPA will assist the Time and Expense Sub-Committee in compiling and reviewing submissions, making submissions accessible to the Time and Expense Sub-Committee and Co-Lead Counsel, and creating reports. Such reports will include information related to both time and expenses and will summarize, with back-up detail, the submissions of all firms, for such work. Also included in the reports will be recommendations from the Time and Expense Sub-Committee regarding compliance with this Order and the reasonableness of submissions; and identifying any submissions that are not in compliance with this Order or which otherwise appear not to be reasonable. Co-Lead Counsel shall determine on a monthly basis if time and expenses identified as potentially not compensable or reasonable should be disallowed, and notify (through the Time and Expense Sub-Committee, the CPA, or directly) the firm/person who submitted the time/expense of their determination. Co-Lead Counsel may allow the firm/person an opportunity to correct the problem if appropriate. This will ensure that any issues regarding the compensability of time/expenses and compliance with this Order can be dealt with in a timely manner as opposed to at the conclusion of the litigation, and thusly avoid disputes of magnitude regarding attorney fees and expenses. On a quarterly basis, the Time and

Expense Sub-Committee shall provide the Court, for *in camera* review, summary reports detailing the expenditures of Shared Costs and the total time and expenses approved by Co-Lead Counsel for each firm for the previous quarter, and other information as the Court may direct.

E.      Common benefit time and expense submissions must be submitted timely as set forth herein, and on a monthly basis, to the CPA directly into a centralized system called Litigation Locker, for an initial review by the Time and Expense Sub-Committee in conjunction with the CPA. No other form of submission for time and expenses will be accepted. It is essential that each firm, on a monthly basis, timely submit its records for the preceding month. All submissions must be certified attesting to the accuracy and correctness of the submission.

F.      The Time and Expense Sub-Committee is authorized to establish one or more bank accounts for the collection and deposit of assessments to create a Shared Cost Fund for the payment of Shared Costs as defined herein, as well as for any other such functions as may be necessary and appropriate (the "Account(s)"). The Account(s) shall be made available for review by Co-Lead Counsel, the CPA, and any other person/entity as approved by Co-Lead Counsel, subject to Court approval; otherwise, the Account(s) are confidential. The Time and Expense Sub-Committee shall provide any and all bank statements for such Account(s) to Co-Lead Counsel and the CPA for their review.

G.      The CPA will ensure proper compliance by the parties with this Order and work with the Time and Expense Sub-Committee to manage the Shared Cost Fund and administer the payment and reimbursement of Shared Costs approved by Co-Lead Counsel from the Shared Cost Fund.

H.      Each lawyer or staff member working on common benefit activities must submit a separate report of his/her time and expense records every month. Report periods close on the last

day of each month, and records for time worked or expenses incurred during that period must be submitted by the 20th day of the following month regardless of whether the 20th day falls on a holiday or weekend. Forms and instructions regarding submission of time and expenses pursuant to this Order shall be distributed by Co-Lead Counsel prior to the due date of the first submission. The first submission is due on <u>April 20, 2022</u>, and shall include all time and expenses from the date the Court appointed Plaintiffs' Leadership counsel in Pretrial Order #8 on February 15, 2022 through March 31, 2022. Thereafter, time and expense records shall be submitted on the 20th day of each month and shall cover the time period through the end of the preceding month. For example, all time and expense entries for common benefit activities performed in May would be due June 20th. Failure to provide time and expense records as set forth herein will result in a waiver of the same unless, due to extenuating circumstances, a specific extension is granted in writing by the Time and Expense Sub-Committee prior to the due date.

I.     The Court reserves judgment on whether time and expenses (other than for interim lead counsel appointed by the Court in Pretrial Orders #2 and #6) incurred before Plaintiffs' Leadership was appointed by the Court on February 15, 2022 shall be allowed.[1] However, all such time and expenses prior to February 15, 2022, shall be provided to the CPA in the form and manner set forth in this Order in a separate submission to the CPA on or before April 20, 2022, for consideration by the Court at a later date.

III.    **TIME REPORTING**

A.     Only time spent on matters common to all of the claimants in MDL 3014 will be considered eligible for a common benefit fee award. No time spent on developing or processing

---

[1] As set forth in Pretrial Order #2, reimbursement for costs and/or fees for services of the interim lead counsel will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

any case for an individual claimant will be considered or should be submitted, except in connection with time spent looking for, obtaining and representing an individual claimant representing a Class or Subclass to the extent this activity is approved by Co-Lead Counsel, or the case is determined by the Leadership or the Court to be a "common benefit case" (*e.g.*, "test case" or "Bellwether" case).

       B.     All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions attached hereto as Exhibit B. All Plaintiffs' Counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the date, hours, name of Co-Lead Counsel who authorized the task, and particular activity. The failure to maintain such records, as well as insufficient description of the activity may result in disallowance of the submission.

       C.     All time for each firm shall be maintained in 1/10 of an hour increments (6 minutes) and individual entries should have a specific task code in accordance with the Litigation Task Definitions associated with the time. Failure to do so may result in time being disallowed.

       D.     All time records shall be submitted as set forth above, together with a summarization by each firm of the total time reported by the firm for the particular reporting period, as well as the total time reported by each timekeeper broken down by Litigation Task Definitions.

       E.     The summary report form shall be certified by a senior partner of the reporting firm each month attesting to the accuracy and correctness of the monthly submission.

## IV.    **EXPENSE REPORTING**

       A.     Advanced costs will be deemed as either "Shared" or "Held".

   1.  Shared Costs are costs that will be paid out of the Shared Cost Fund Account(s).

   2.  Held Costs are those common benefit expenses that will be carried by each attorney in MDL 3014 and reimbursed if and when approved by the Court.

  B.  Each member of the Plaintiffs' Leadership appointed by the Court and any others assigned common benefit tasks by Co-Lead Counsel will contribute to the Shared Cost Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by Co-Lead Counsel.

## V.  <u>SHARED COSTS</u>

  A.  Shared Costs are costs incurred for the common benefit of the claimants as a whole. No individual claimant-related costs will be considered as Shared Costs and must not be submitted, except in connection with individual claimant-related costs incurred as a result of looking for, obtaining and representing an individual claimant representing a Class or Subclass as authorized by Co-Lead Counsel, or the case is determined by the Leadership or the Court to be a "common benefit case" (*e.g.*, "test case" or "Bellwether" case), which, in such circumstances, shall be noted in the expense submission. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the Shared Cost Fund Account(s). All Shared Costs must be approved by Co-Lead Counsel prior to being incurred and prior to payment. Shared Costs include:

   1.  Court filing and service costs;

   2.  Depositions and court reporter costs;

   3.  Document Depository – creation, operation, staffing, equipment and administration;

4.      Costs to acquire, store, and test evidence, including Philips recalled CPAP, Bi-Level PAP, and mechanical ventilator devices and component parts;

5.      Plaintiffs' Co-Liaison Counsel administrative matters (*e.g.*, expenses for equipment, technology, courier services, long distance, conference calls, telecopier, electronic service, postage, meeting expenses, travel for administrative matters, photocopy and printing, etc.);

6.      Leadership administration matters such as meetings and conference calls;

7.      Legal fees not associated with the prosecution of the case and accountant fees;

8.      Expert witness and consultant fees and expenses;

9.      Printing, copying, coding, shipping, scanning (both in and out of house or extraordinary firm cost);

10.     Research by outside third-party vendors/consultants/attorneys;

11.     Common witness expenses, including travel;

12.     Translation and interpreter costs;

13.     Bank or financial institution charges;

14.     Investigative services;

15.     Claims Administrator charges;

16.     Special Master charges;

17.     Settlement Mediator charges; and

18.     CPA fees.

B.      The Time and Expense Sub-Committee shall prepare and be responsible for distributing to Plaintiffs' Counsel the reimbursement procedures and the forms associated

therewith. Request for payments should include sufficient information to allow the Time and Expense Sub-Committee to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review by the Time and Expense Sub-Committee, who shall submit same to Co-Lead Counsel with recommendations for final approval.

VI.   **HELD COSTS**

A.    Held Costs are costs incurred for the common benefit of the claimants as a whole, but do not fall into the above Shared Costs categories. No specific claimant-related costs can be considered as Held Costs, except in connection with specific claimant-related costs incurred as a result of looking for, obtaining and representing an individual claimant representing a Class or Subclass, if authorized by Co-Lead Counsel, or the case is determined by the Leadership or the Court to be a "common benefit case" (*e.g.*, "test case" or "Bellwether" case). All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the Time and Expense Sub-Committee and/or Co-Lead Counsel for future reimbursement by the Court.

1.    Telefax charges;

2.    Postage, shipping, courier, certified mail;

3.    Printing and photocopying (in-house);

4.    Computer research – Lexis/Westlaw;

5.    Telephone – long distance (actual charges only);

6.    Secretarial and clerical overtime; and

7.    Travel – pursuant to Travel Limitations set forth below, including travel for attorney to attend depositions, court or legislative or administrative matters:

a)    Airfare

      **b)**      Reasonable ground transportation

      **c)**      Hotel

      **d)**      Reasonable meals and entertainment

      **e)**      Reasonable other (parking)

      **f)**      Car rental, cabs, etc.

General overhead costs of the firm, including expenditures for (a) services and software to manage the firm's dockets, attorney calendars, and travel, (b) secretarial or administrative services, (c) messenger services, (d) printing of emails, (e) bookkeeping, (f) the use of conference rooms, or (g) the general management of the firm do not qualify as Held Costs.

## VII.   <u>TRAVEL LIMITATIONS</u>

**A.**   <u>Airfare</u>.  Only the lowest-price available coach airfare at time of booking (either at restricted coach rates or rates which allow the reservation to be rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, first-class airfare shall be allowed for cross-country flights that are in excess of four (4) hours non-stop flight time or international flights. Airfare expense submissions must be supported by invoice(s) or receipt(s) for airfare that shows class of airfare purchased, name of traveler, and destination. If first-class is flown and only coach fare is reimbursable, proof of applicable coach fare must be provided. Private flights will only be reimbursed at the applicable coach fare, as set forth herein.

**B.**   <u>Hotel</u>.  Hotel room charges will be reimbursed at actual cost up to the greater of (a) $350 per night excluding taxes, or (b) the average available room rate of the Westin, Hyatt, Hilton and Marriott hotels (or comparable) in that city. Hotel expense submissions must be supported by a hotel issued receipt. If a receipt is not available, a credit card statement or cancelled check may

be submitted provided it is accompanied by an Affidavit that states that the expense was incurred for travel related to common benefit and within the limitations of this Order.

     **C.**    <u>Meals</u>.  Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and identify those performing common benefit services who are partaking in the meal.

     **D.**    <u>Cash Expense</u>.  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50 per trip (or $25 per day if the trip is longer than 2 days), as long as the expenses are properly itemized.

     **E.**    <u>Rental Automobiles</u>.  Luxury automobile rentals will not be fully reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed. Rental automobile expense submissions must be supported by receipts. Such rentals shall be limited for purposes of traveling to or from meetings, hotel, court appearances and airport. The use of hired limousines is considered a luxury automobile and will only be reimbursed the amount of reasonable taxi fare (if for inter-city transfer) or non-luxury auto rental rates for extended distances.

     **F.**    <u>Private Car Transfers</u>.  May be used, however only the amount of the standard taxi fare, for that destination, will be compensable.

     **G.**    <u>Mileage</u>.  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 0.585 cents per mile).

     **H.**    <u>Parking</u>.  Shall be limited to actual documented costs.

VIII.     **NON-TRAVEL LIMITATIONS**

A.     <u>Long Distance Telephone</u>.  Long-distance telephone charges for specific MDL 3014 related calls must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

B.     <u>Shipping, Courier, and Delivery Charges</u>.   All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

C.     <u>Postage Charges</u>.   A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

D.     <u>Telefax Charges</u>.  Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

E.     <u>In-House Photocopy</u>.  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 25¢ per page.

F.     <u>Secretarial and Clerical Overtime</u>.  An itemized description of the task and time spent must be submitted for secretarial and clerical overtime. All such overtime must be approved by the Time and Expense Sub-Committee or Co-Lead Counsel before submission.

G.     <u>Computer Research -Lexis/Westlaw</u>.   Claims for Lexis, Westlaw, and other computer legal research expenses should be in the exact amount charged to the firm for these research services. All such computer legal research must be related to an approved assignment by Co-Lead Counsel.

IX     **ASSESSMENTS**

From time to time, as necessary to fund common benefit activity in the litigation, Co-Lead Counsel must make assessments and may receive and hold those assessments in the Shared Cost Fund.  Once Co-Lead Counsel provide notice of an assessment, the assessed firms will have thirty (30) days to deposit their respective assessments into the Shared Cost Fund.  If a firm does not make the required assessment timely, then Co-Lead Counsel may determine that the Participating Counsel from that firm will be ineligible for common benefit work while the firm is delinquent in its assessment, and, under those circumstances any common benefit work performed while the firm is in arrears will not be eligible for compensation.

X.     **FURTHER PROCEDURES TO BE ESTABLISHED BY TIME AND EXPENSE SUB-COMMITTEE AND CO-LEAD COUNSEL**

The Time and Expense Sub-Committee and Co-Lead Counsel may establish forms and procedures to further implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records. These forms shall be made available by Co-Lead Counsel. Questions regarding the guidelines or procedures or the completion of any forms should be directed to the Time and Expense Sub-Committee or Co-Lead Counsel.

The Court reserves the power to modify the terms of this Order.


**DONE** and **ORDERED** this 24th day of May 2022.


*/s/ JOY FLOWERS CONTI*
Joy Flowers Conti
Senior United States District Court Judge