**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket No. 2:21-MC-1230 |
| | MDL No. 3014 |
| This Document Relates to: All Personal Injury Cases | Judge Joy Flowers Conti |

**PRETRIAL ORDER #28**
**(Procedures for Filing Amended Master Personal Injury Complaint**
**and Individual Short Form Personal Injury Complaints)**

**I.      SCOPE OF THE ORDER**

This Order applies only to United States citizens or residents who have asserted, or seek to assert, personal injury claims related to the use of one or more of the recalled CPAP, Bi-Level PAP, or mechanical ventilators devices at issue in this litigation (the "Recalled Devices") ("Personal Injury Plaintiffs").  No personal injury claims may be asserted in current and future-filed cases in this MDL other than pursuant to the terms of this Order.

**II.      PLEADINGS FOR PERSONAL INJURIES**

In light of the inefficiencies of drafting unique personal injury complaints and individual answers to those complaints, the Parties have agreed to the following procedures related to the pleadings in personal injury cases.  This Order is binding on all parties and their counsel in all such cases.  Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order.

A.      **Amended Master Personal Injury Complaint**

1.      **Timing.**  Pursuant to Pretrial Order #14, on August 22, 2022, Plaintiffs' Co-Lead Counsel filed the Master Personal Injury Complaint (Doc. 695). The Parties agreed and the Court has permitted Plaintiffs to file an Amended Master Personal Injury Complaint on October 24, 2022 (Doc. 768).

2.      **Effect of Amended Master Personal Injury Complaint.**  All claims pleaded in the Amended Master Personal Injury Complaint will supersede and replace all claims for personal injury in any action pending in this MDL.  Nothing in this Order shall preclude Plaintiffs' Co-Lead Counsel from seeking leave to amend the Amended Master Personal Injury Complaint as provided in the Federal Rules of Civil Procedure.

B.      **Short Form Complaints**

1.      Plaintiffs' Co-Lead Counsel will attach as Exhibit "A" to the Amended Master Personal Injury Complaint a form of Master Short Form Complaint (the "Short Form Complaint") for use by Personal Injury Plaintiffs in current and future-filed personal injury cases in this MDL.

2.      The Short Form Complaint is an abbreviated form that each Personal Injury Plaintiff will complete, indicating their individual claims, and adopting all of the factual allegations set forth in the Amended Master Personal Injury Complaint as the basis for those individual claims. The Short Form Complaint shall be deemed to adopt the allegations set forth in the Amended Master Personal Injury Complaint by reference and shall contain, at a minimum, for each individual case:

a.   The name of the person alleging injury;

b.  Whether the claim is being brought by the person alleging injury or on behalf of someone else, and if so, the relationship between those individuals;

c.  The name of any loss of consortium Personal Injury Plaintiff;

d.  The city, county and state in which the person alleging injury currently resides (if the Recalled Device user is deceased, the city, county and state where the user resided at the time of death);

e.  If the Personal Injury Plaintiff's case is filed directly into this MDL pursuant to this Order after the filing of the Amended Master Personal Injury Complaint, identification of the federal district and division in which the action otherwise would have been filed absent the direct filing procedure set forth in this Order, which shall be the presumptive place of remand. Each case filed directly in this MDL pursuant to this Order will be litigated in the MDL for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 8, 2021 Transfer Order, and none of the parties is waiving his, her or its rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Nothing contained in this Order, however, shall preclude the parties from jointly agreeing at a future date to try cases filed pursuant to this Order before the MDL Court through a *Lexecon* waiver;

f.  If the Personal Injury Plaintiff's case was originally filed in or removed to another federal district court and then transferred to this MDL, the

federal district court and division (if applicable) in which the action was originally filed or to which it was removed;

g.  The model of each Recalled Device the user used;

h.  The injury or injuries the Personal Injury Plaintiff alleges resulted from use of the Recalled Device(s);

i.  The specific Defendant(s) against whom the Personal Injury Plaintiff asserts claims.  The Court expects that each Personal Injury Plaintiff and their counsel will make a carefully individualized evaluation of the basis for naming specific Defendants in the Short Form Complaint;

j.  As to each Defendant, the causes of action in the Amended Master Personal Injury Complaint the Personal Injury Plaintiff adopts (including whether the Personal Injury Plaintiff is asserting a claim for loss of consortium, survival, or wrongful death), indicated by checking the applicable box on the Short Form Complaint;

k.  Additional allegations or causes of action not pleaded in the Amended Master Personal Injury Complaint, if any;

l.  Additional persons or entities that the Personal Injury Plaintiff contends are liable or responsible for the personal injury(ies) and any other damages allegedly sustained; and

m.  If any additional claims sounding in fraud or otherwise covered by Fed. R. Civ. P. 9(b) are alleged in the Short Form Complaint, particularized allegations complying with that rule.

3.     For each such personal injury action, the Amended Master Personal Injury Complaint together with the Personal Injury Plaintiff's Short Form Complaint shall be deemed that Plaintiff's operative Complaint.

4.     <u>**Timing and Effect of Filing Short Form Complaints**</u>:

a. <u>Personal Injury Complaints Transferred, or in the Process of Being Transferred, to this MDL Before the Filing of the Amended Master Personal Injury Complaint</u>.   Any Personal Injury Plaintiff whose Complaint was transferred to this MDL or was in process of being transferred to this MDL before the date of filing of the Amended Master Personal Injury Complaint must file a Short Form Complaint in his or her individual case, referencing their individual docket number to avoid the triggering of a filing fee, within sixty (60) days of the date on which the Amended Master Personal Injury Complaint is filed or the date on which the Court posts the applicable Transfer Order on its docket, whichever is later.  For purposes of statutes of limitations and statutes of repose, any such Personal Injury Plaintiff shall be deemed to have filed his or her complaint as of the date he or she filed his or her original complaint, and not the date of the Amended Master Personal Injury Complaint or the date he or she filed his or her Short Form Complaint.  Nothing in this Order or the filing of a Short Form Complaint shall be construed as a prior dismissal or amendment of a prior complaint, but the prior complaint shall no longer be deemed the operative complaint.

b. <u>All Other Personal Injury Complaints</u>.  All other Personal Injury Plaintiffs who seek to file a Personal Injury Complaint shall direct file in this MDL his or her Short Form Complaint as a new civil action through the Court's electronic filing system and pay the required filing fee through Pay.gov. At the time of filing, the Short Form Complaint shall include in the caption that it is a "DIRECT FILED COMPLAINT PURSUANT TO PRETRIAL ORDER # <u>28</u>."  The civil cover sheet accompanying the Short Form Complaint shall specify under the "Related Case(s)" section that this case relates to MDL 3014.  Once the case is filed, it shall be assigned an individual civil case number.  After review by the Clerk of Court's office, the case will be automatically consolidated for pretrial purposes in MDL 3014.

c. <u>No Multi-Plaintiff Personal Injury Complaints</u>.  Each Personal Injury Plaintiff must have an individual complaint on file.  Any Personal Injury Plaintiff who asserts personal injury claims in a multi-plaintiff complaint that is pending or that is subsequently transferred to this MDL must file an individual Short Form Complaint, and also upload the Short Form Complaint to the online MDL Centrality System accessible at www.mdlcentrality.com/ pursuant to Pretrial Order # 27, within sixty (60) days of the date on which this Order is entered or the date on which the Court posts the applicable Transfer Order on its docket, whichever is later. This provision does not apply to Personal Injury Plaintiffs who solely assert derivative and/or loss of consortium claims.

d. <u>Amended Short Form Complaints</u>.  Any Personal Injury Plaintiff who has filed a Short Form Complaint and who wishes to amend same may do so for any reason within 21 days after service of the Master Answers to the Amended Master Personal Injury Complaint by Defendants, and any Personal Injury Plaintiff who files a Short Form Complaint after the filing of the Master Answers to the Amended Master Personal Injury Complaint and who wishes to amend same may do so for any reason within 21 days after serving it.  Any Personal Injury Plaintiff whose case is subsequently chosen for inclusion in the pool from which bellwether cases are to be selected (a process for which will be set forth in a subsequent order) may amend his or her Short Form Complaint within 21 days after the selection of his or her case for that pool.  Otherwise, Plaintiffs may amend their Short Form Complaints without leave of court to update their injuries based on changed circumstances, but otherwise can amend only upon stipulation or leave of court in accordance with the Federal Rules of Civil Procedure.  Any amended Short Form Complaint shall specify in its title "Amended Short Form Complaint" and shall specify in a footnote all changes made to the prior version(s) of the Short Form Complaint, with citations to the paragraphs that have been changed.  If a Short Form Complaint has been amended to remove certain claims or parties, the title of the document shall include the parenthetical "(DISMISSALS INCLUDED)."

7

5.      **Service of Short Form Complaints**.  Within fourteen (14) days of filing a Short Form Complaint, Personal Injury Plaintiffs shall upload their Short Form Complaint to the online MDL Centrality System accessible at www.mdlcentrality.com/ pursuant to Pretrial Order # 27.

C.      **Master Answers to Amended Master Personal Injury Complaint**

1.      By December 23, 2022, Defendants shall file Master Answers to the Amended Master Personal Injury Complaint or shall file a Rule 12 motion or motions to dismiss the Amended Master Personal Injury Complaint, in whole or in part.

2.      If any Defendant files a motion to dismiss the Amended Master Personal Injury Complaint and such motion does not result in the dismissal of the Amended Master Personal Injury Complaint in its entirety, that Defendant shall file a Master Answer to the Amended Master Personal Injury Complaint within sixty (60) days of the date on which the Court issues a ruling as to its motion to dismiss, provided that the Court does not grant Plaintiffs' Co-Lead Counsel leave to amend the Amended Master Personal Injury Complaint.  If the Court grants Plaintiffs' Co-Lead Counsel leave to amend the Amended Master Personal Injury Complaint, then (absent an Order to the contrary) within forty-five (45) days of such Order, Plaintiffs' Co-Lead Counsel shall file a Second Amended Master Personal Injury Complaint.

3.      Each Defendant's Master Answer to the Amended Master Personal Injury Complaint shall be filed on the MDL No. 3014 docket and also on the individual docket for each individual personal injury action, and each Master Answer shall be deemed to be that Defendant's Answer to all properly served complaints in which that Defendant is named, whether a Short Form Complaint or otherwise, in any case now or in the future pending in this MDL, including those cases filed directly in this MDL consistent with this Order, transferred to this MDL, or removed

to this Court and included in this MDL. The Parties agree that all affirmative defenses pleaded in each of the Defendant's Master Answer to the Amended Master Personal Injury Complaint are explicitly incorporated in response to any Short Form Complaint.  To the extent that any Short Form Complaint contains allegations different from or in addition to the allegations in the Amended Master Personal Injury Complaint, each Defendant's Master Answer to the Amended Master Personal Injury Complaint shall be deemed to deny all such allegations.  Defendants are hereby relieved of the obligation to file any individual Answer to any Short Form Complaint filed in this MDL, or in any case transferred into this MDL, until otherwise ordered to do so by this Court, as contemplated by Paragraph 4 below.

4.     Upon determination of cases to be included in the pool from which bellwether cases are to be selected (which will be the subject of a subsequent order), the Parties will propose a procedure for the filing by Defendants of dispositive motions and individual answers to those Personal Injury Plaintiffs' Short Form Complaints (or those Personal Injury Plaintiffs' Short Form Complaints as amended pursuant to Section 4.d above).

5.     To the extent that a Personal Injury Plaintiff asserts in a Short Form Complaint any additional allegations or causes of action not pleaded in the Amended Master Personal Injury Complaint, as provided in Paragraph II.B.2.k above, any Defendant as to which such allegation or cause of action is pleaded shall not be required to file a Rule 9 or Rule 12 motion to dismiss as to such allegation or cause of action until such later date as permitted or required by the Court.

6.     Each Defendant's adoption of the Master Answer to the Amended Master Personal Injury Complaint in each case in which that Defendant is named is without prejudice to any Defendant later moving to dismiss certain counts alleged in the Amended Master Personal

Injury Complaint (at the appropriate time in any individual Plaintiff's action), or otherwise challenging the sufficiency of any claim or cause of action in any complaint under the applicable state's law in cases that may be selected for inclusion in a discovery pool or bellwether trial pool. Any proposed Order submitted to this Court for a process of selecting cases for inclusion in a discovery pool or bellwether trial pool must include a proposed procedure for the filing of dispositive motions and/or specific answers to Short Form Complaints applicable to those cases.

7.      By agreeing to the procedures for filing the Amended Master Personal Injury Complaint and the Short Form Complaints, no Defendant has agreed to or admitted the allegations that will be set forth in those documents, nor has any Defendant conceded or waived its rights to dispute the legal validity of the claims alleged therein, nor has any Defendant conceded the question of personal jurisdiction in any court.  Defendants' agreement to this Order does not constitute an appearance by or for any Defendant for purposes of the jurisdictional analysis, and nothing in this Order shall be construed as a waiver of personal jurisdiction by any Defendant or any Defendant's jurisdictional and/or venue arguments.

8.      Nothing in this Order shall limit any Defendant's right to amend its Master Answer to the Amended Master Personal Injury Complaint as provided in the Federal Rules of Civil Procedure.

D.      **Choice of Law**.  Filing a Personal Injury Complaint directly in MDL 3014 pursuant to this Order will not determine the choice of law, including the statute of limitations.  Any choice of law principles will be determined based on the choice-of-law rules that would have applied in the federal district court of the Personal Injury Plaintiff's designated venue.

E.       **<u>Voluntary Dismissals</u>**

Federal Rule of Civil Procedure 41 shall govern a Personal Injury Plaintiff's dismissal of

an action.


Dated:  October 5, 2022                          /s/ JOY FLOWERS CONTI
                                                 JOY FLOWERS CONTI
                                                 SENIOR UNITED STATES DISTRICT JUDGE