IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : : | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| This Document Relates to:<br><br>EDWIN FUENTES VAZQUEZ & BRENDA HERNAIZ TRINIDAD | : : : : | SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL |

Plaintiff(s) incorporate(s) by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

**I.  DEFENDANTS**

1. Plaintiff(s) name(s) the following Defendants in this action:

    __X__ Koninklijke Philips N.V.

    __X__ Philips North America LLC.

    __X__ Philips RS North America LLC.

1

    __X__   Philips Holding USA Inc.

    __X__   Philips RS North America Holding Corporation.

    _____   Polymer Technologies, Inc.

    _____   Polymer Molded Products LLC.

**II.  PLAINTIFF(S)**

2. Name of Plaintiff(s):

> EDWIN FUENTEZ VAZQUEZ

3. Name of spouse of Plaintiff (if loss of consortium claim is being made):

> BRENDA HERNAIZ TRINIDAD

4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

> N/A

5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

> MANATI, PUERTO RICO

**III.  DESIGNATED FORUM**

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

> DISTRICT OF PUERTO RICO

**IV.    USE OF A RECALLED DEVICE**

7.    Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ E30 (Emergency Use Authorization) | ☐ Dorma 500 |
| ☐ DreamStation ASV | ☐ REMstar SE Auto |
| ☐ SystemOne ASV4 | ☐ Trilogy 100 |
| ☐ C-Series ASV | ☐ Trilogy 200 |
| ☐ C-Series S/T and AVAPS | ☐ Garbin Plus, Aeris, LifeVent |
| ☐ OmniLab Advanced + | ☐ A-Series BiPAP Hybrid A30 (not marketed in U.S.) |
| ☐ SystemOne (Q-Series) | ☐ A-Series BiPAP V30 Auto |
| ☒ DreamStation | ☐ A-Series BiPAP A40 |
| ☐ DreamStation Go | ☐ A-Series BiPAP A30 |
| ☐ Dorma 400 | ☐ Other Philips Respironics Device; if other, identify the model: _____ |
| ☐ | |

**V.    INJURIES**

8.    Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☒ Cancer <u>Left Kidney Cancer</u> (specify cancer)

☒ Kidney Damage

☐ Liver Damage

☐ Heart Damage

3

☐ Death
■ Other (specify) **<u>Left kidney Removal & Monitoring of Right Kidney</u>**

VI.  **CAUSES OF ACTION/DAMAGES**

9.  As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| X | Count I: | Negligence |
| X | Count II: | Strict Liability: Design Defect |
| X | Count III: | Negligent Design |
| X | Count IV: | Strict Liability: Failure to Warn |
| X | Count V: | Negligent Failure to Warn |
| X | Count VI: | Negligent Recall |
| X | Count VII | Battery |
| X | Count VIII: | Strict Liability: Manufacturing Defect |
| X | Count IX: | Negligent Manufacturing |
| | Count X: | Breach of Express Warranty |
| | Count XI: | Breach of the Implied Warranty of Merchantability |
| X | Count XII: | Breach of the Implied Warranty of Usability |
| X | Count XIII: | Fraud |
| X | Count XIV: | Negligent Misrepresentation |
| X | Count XV: | Negligence Per Se |
| | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |

4

|   |                |                                |
|---|----------------|--------------------------------|
| X | Count XVII:    | Unjust Enrichment              |
|   | Count XVIII:   | Loss of Consortium             |
|   | Count XIX:     | Survivorship and Wrongful Death |
| X | Count XX:      | Medical Monitoring             |
| X | Count XXI:     | Punitive Damages               |
| X | Count XXII:    | Other [specify below]          |

> Bodily Injury, loss of major bodily organ (i.e. Left kidney) due to cancer casing agents, loss of function in major bodily organ due to cancer causing agents (i.e. Right kidney), Diminished life expectancy, Diminished Quality of Living. Permanent medical monitoring.

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

|   |              |                                                  |
|---|--------------|--------------------------------------------------|
| X | Count I:     | Negligence                                       |
| X | Count II:    | Strict Liability: Design Defect                  |
| X | Count III:   | Negligent Design                                 |
| X | Count IV:    | Strict Liability: Failure to Warn                |
| X | Count V:     | Negligent Failure to Warn                        |
| X | Count VI:    | Negligent Recall                                 |
| X | Count VII    | Battery                                          |
| X | Count VIII:  | Strict Liability: Manufacturing Defect           |
| X | Count IX:    | Negligent Manufacturing                          |
|   | Count X:     | Breach of Express Warranty                       |
|   | Count XI:    | Breach of the Implied Warranty of Merchantability |

5

| | | |
|---|---|---|
| X | Count XII: | Breach of the Implied Warranty of Usability |
| X | Count XIII: | Fraud |
| X | Count XIV: | Negligent Misrepresentation |
| X | Count XV: | Negligence Per Se |
| | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| X | Count XVII: | Unjust Enrichment |
| | Count XVIII: | Loss of Consortium |
| | Count XIX: | Survivorship and Wrongful Death |
| X | Count XX: | Medical Monitoring |
| X | Count XXI: | Punitive Damages |
| X | Count XXII: | Other [specify below] |

Bodily Injury, loss of major bodily organ (i.e. Left kidney) due to cancer casing agents, loss of function in major bodily organ due to cancer causing agents (i.e. Right kidney), Diminished life expectancy, Diminished Quality of Living. Permanent medical monitoring.

11. As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| X | Count I: | Negligence |
| X | Count II: | Strict Liability: Design Defect |
| X | Count III: | Negligent Design |
| X | Count IV: | Strict Liability: Failure to Warn |
| X | Count V: | Negligent Failure to Warn |

6

| | | |
|---|---|---|
| X | Count VI: | Negligent Recall |
| X | Count VII | Battery |
| X | Count VIII: | Strict Liability: Manufacturing Defect |
| X | Count IX: | Negligent Manufacturing |
| | Count X: | Breach of Express Warranty |
| | Count XI: | Breach of the Implied Warranty of Merchantability |
| X | Count XII: | Breach of the Implied Warranty of Usability |
| X | Count XIII: | Fraud |
| X | Count XIV: | Negligent Misrepresentation |
| X | Count XV: | Negligence Per Se |
| | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| X | Count XVII: | Unjust Enrichment |
| | Count XVIII: | Loss of Consortium |
| | Count XIX: | Survivorship and Wrongful Death |
| X | Count XX: | Medical Monitoring |
| X | Count XXI: | Punitive Damages |
| X | Count XXII: | Other [specify below] |

> Bodily Injury, loss of major bodily organ (i.e. Left kidney) due to cancer casing agents, loss of function in major bodily organ due to cancer causing agents (i.e. Right kidney), Diminished life expectancy, Diminished Quality of Living. Permanent medical monitoring.

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages

7

and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

|   | Count I: | Negligence |
|---|---|---|
| X | Count I: | Negligence |
| X | Count II: | Strict Liability: Design Defect |
| X | Count III: | Negligent Design |
| X | Count IV: | Strict Liability: Failure to Warn |
| X | Count V: | Negligent Failure to Warn |
| X | Count VI: | Negligent Recall |
| X | Count VII | Battery |
| X | Count VIII: | Strict Liability: Manufacturing Defect |
| X | Count IX: | Negligent Manufacturing |
|   | Count X: | Breach of Express Warranty |
|   | Count XI: | Breach of the Implied Warranty of Merchantability |
| X | Count XII: | Breach of the Implied Warranty of Usability |
| X | Count XIII: | Fraud |
| X | Count XIV: | Negligent Misrepresentation |
| X | Count XV: | Negligence Per Se |
|   | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| X | Count XVII: | Unjust Enrichment |
|   | Count XVIII: | Loss of Consortium |
|   | Count XIX: | Survivorship and Wrongful Death |
| X | Count XX: | Medical Monitoring |

| | | |
|---|---|---|
| X | Count XXI: | Punitive Damages |
| X | Count XXII: | Other [specify below] |

Bodily Injury, loss of major bodily organ (i.e. Left kidney) due to cancer casing agents, loss of function in major bodily organ due to cancer causing agents (i.e. Right kidney), Diminished life expectancy, Diminished Quality of Living. Permanent medical monitoring.

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| X | Count I: | Negligence |
| X | Count II: | Strict Liability: Design Defect |
| X | Count III: | Negligent Design |
| X | Count IV: | Strict Liability: Failure to Warn |
| X | Count V: | Negligent Failure to Warn |
| X | Count VI: | Negligent Recall |
| X | Count VII | Battery |
| X | Count VIII: | Strict Liability: Manufacturing Defect |
| X | Count IX: | Negligent Manufacturing |
| | Count X: | Breach of Express Warranty |
| | Count XI: | Breach of the Implied Warranty of Merchantability |
| X | Count XII: | Breach of the Implied Warranty of Usability |
| X | Count XIII: | Fraud |
| X | Count XIV: | Negligent Misrepresentation |

9

|   |               |                                                                      |
|---|---------------|----------------------------------------------------------------------|
| X | Count XV:     | Negligence Per Se                                                    |
|   | Count XVI:    | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| X | Count XVII:   | Unjust Enrichment                                                    |
|   | Count XVIII:  | Loss of Consortium                                                   |
|   | Count XIX:    | Survivorship and Wrongful Death                                      |
| X | Count XX:     | Medical Monitoring                                                   |
| X | Count XXI:    | Punitive Damages                                                     |
| X | Count XXII:   | Other [specify below]                                                |

> Bodily Injury, loss of major bodily organ (i.e. Left kidney) due to cancer casing agents, loss of function in major bodily organ due to cancer causing agents (i.e. Right kidney), Diminished life expectancy, Diminished Quality of Living. Permanent medical monitoring.

13. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    _____   Count I:        Negligence

    _____   Count II:       Strict Liability: Design Defect

    _____   Count III:      Negligent Design

    _____   Count IV:       Strict Liability: Failure to Warn

    _____   Count V:        Negligent Failure to Warn

    _____   Count VIII:     Strict Liability: Manufacturing Defect

    _____   Count IX:       Negligent Manufacturing

    _____   Count XIII:     Fraud

    _____   Count XIV:      Negligent Misrepresentation

    _____ Count XVII:  Unjust Enrichment

    _____ Count XVIII: Loss of Consortium

    _____ Count XIX:   Survivorship and Wrongful Death

    _____ Count XX:    Medical Monitoring

    _____ Count XXI:   Punitive Damages

    _____ Count XXII:  Other [specify below]

14. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    _____ Count I:      Negligence

    _____ Count II:     Strict Liability: Design Defect

    _____ Count III:    Negligent Design

    _____ Count IV:    Strict Liability: Failure to Warn

    _____ Count V:     Negligent Failure to Warn

    _____ Count VIII:  Strict Liability: Manufacturing Defect

    _____ Count IX:    Negligent Manufacturing

    _____ Count XIII:  Fraud

    _____ Count XIV:  Negligent Misrepresentation

    _____ Count XVII:  Unjust Enrichment

    _____ Count XVIII: Loss of Consortium

    _____ Count XIX:   Survivorship and Wrongful Death

    _____ Count XX:    Medical Monitoring

    _____ Count XXI:   Punitive Damages

    _____ Count XXII:  Other [specify below]

15. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

> Bodily Injury, loss of major bodily organ (i.e. Left kidney) due to cancer causing agents, loss of function in major bodily organ due to cancer causing agents (i.e. Right kidney), Diminished life expectancy, Diminished Quality of Living. Permanent medical monitoring.

16. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

> N/A

17. Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

> N/A

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: November 22nd, 2022

s/Julio E. Gil de Lamadrid
**JULIO E. GIL DE LAMADRID**
USDC-PR 126505
A-11 Granada St.
Reparto Alhambra
Bayamon, PR 00957
Telephone: 787-786-7805
jgil@gildelamadrid-psc.com

**Of Counsel:**

**Garry Jones-Martinez**
**Puerto Rico RUA 16427**
**U.S. Commonwealth Puerto of Rico**
Bo. Barahona
250 Calle Guillermo Alicea
Morovis PR 00687
Telephone: 941-704-8103
Joneslaw09@yahoo.com