**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | )<br>)<br>)<br>)<br>) Master Docket: Misc. No. 21-mc-1230-JFC<br>) |
| This document relates to:  Stipulation and Order Amending Briefing Schedule and<br>Preserving Koninklijke Philips N.V.'s Jurisdictional Defense (ECF No. 858) | )<br>) MDL No. 3014<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT PURSUANT TO THE STIPULATION**
**AND ORDER REGARDING JURISDICTIONAL DISCOVERY**

Plaintiffs and Defendants Koninklijke Philips N.V. ("KPNV"), Philips North America LLC ("Philips NA"), Philips Holding USA, Inc. ("Philips Holding"), and Philips RS North America Holding Corporation ("Philips RS Holding") submit this Joint Status Report Pursuant to the Stipulation and Order Amended Briefing Schedule and Order Preserving KPNV's Jurisdictional Defense.  *See* Docket No. 858.  That Stipulation and Order (at paragraph 4) provided as follows:

> Upon the filing of KPNV's motion to dismiss for lack of personal jurisdiction, the Parties shall meet and confer regarding jurisdictional discovery and any objections thereto by KPNV,[1] and a schedule for any opposition(s) and reply(ies).

On December 6, 2022, the various defendants filed five motions to dismiss Plaintiffs' Consolidated Third Amended Class Action Complaint for Economic Losses (the "Economic

---

[1] Plaintiffs' position is that KPNV's personal jurisdiction challenge will necessitate broad and additional discovery.  KPNV's position is that after Plaintiffs have seen its motion to dismiss for lack of personal jurisdiction, the Parties should then meet-and-confer on the appropriate scope of jurisdictional discovery, with both Parties reserving their arguments on the scope of jurisdictional discovery until then.

Loss Complaint"). In accordance with the Court's Order at Docket No. 768, by February 6, 2023, Plaintiffs will file their oppositions, and by March 21, 2023, all defendants shall file their replies, with respect to the following three motions to dismiss:

- The Motion to Dismiss for Failure to State a Claim Filed by Philips RS North America LLC (Docket No. 915);

- The Motion to Dismiss Under Rule 12(b)(1) for Lack of Standing Filed by Philips RS North America LLC, KPNV, Philips NA, Philips Holding and Philips RS Holding (Docket No. 911); and

- The Motion to Dismiss Filed by Defendant Polymer Technologies (Docket No. 901).

The Joint Report relates to the following two other motions to dismiss:

- The Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction filed by KPNV (Docket No. 913) ("KPNV's 12(b)(2) Motion"); and

- The Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim filed by KPNV, Philips NA, Philips Holding, and Philips RS Holding (Docket No. 918) (the "12(b)(6) Motion").

**Briefing Schedule for KPNV's 12(b)(2) Motion**: In KPNV's 12(b)(2) Motion, KPNV did not dispute that it is subject to personal jurisdiction in Pennsylvania with respect to Plaintiffs' negligent recall claim (Count 3) for those Plaintiffs who filed suit originally in Pennsylvania, but disputes that Plaintiffs have stated a basis for the Court to exercise personal jurisdiction over KPNV (a) for those Plaintiffs who originally filed suit in the six states other than Pennsylvania,[2] or (b) with respect to any claims connected to Plaintiffs' original purchase or other acquisition of the devices, whether originally filed in Pennsylvania or elsewhere. *See* Docket No. 914.

---

[2] Besides Pennsylvania, Plaintiffs originally filed suit in six other states: California, Georgia, Massachusetts, Oregon, Texas and West Virginia.

Plaintiffs and KPNV agree in concept that Plaintiffs are entitled to request and receive jurisdictional discovery before responding to KPNV's 12(b)(2) Motion, and that Plaintiffs' response to KPNV's 12(b)(2) Motion should be deferred pending completion of such discovery. Plaintiffs have informed KPNV that Plaintiffs will be prepared to discuss the specific parameters of their requested jurisdictional discovery later this week. The parties will then meet and confer.

**Briefing Schedule for the 12(b)(6) Motion:** Plaintiffs believe that their opposition to the 12(b)(6) Motion should be deferred until completion of personal jurisdiction discovery and that the briefing and the Court's adjudication of that Motion should occur on the same schedule as KPNV's 12(b)(2) Motion. KPNV, Philips NA, Philips Holding, and Philips RS Holding disagree and believe that briefing on their 12(b)(6) Motion should proceed now and that adjudication of their Motion should not be deferred until KPNV's separate jurisdictional challenge is decided.

The respective positions of the parties are set forth below.

## I.    PLAINTIFFS' POSITION

KPNV conceded in its 12(b)(2) Motion that it is subject to this Court's jurisdiction with respect to Plaintiffs' Negligent Recall claim because KPNV has controlled the world-wide recall of the defective and unreasonably dangerous CPAPs, BiPAPs and ventilators. But KPNV's concession is limited by its own misreading of the facts and the false line it draws between pre-recall conduct and recall-conduct. As Plaintiffs allege, KPNV has long exercised control over its United States-based subsidiaries, including Philips RS (aka Respironics), and has been involved with respect to the design choices, marketing, intellectual property rights, and decisions regarding

the recall (including the decision regarding when to issue the recall) of the dangerous CPAPs, BiPAPs and ventilators at issue in this litigation.[3]

KPNV's 12(b)(2) Motion, as well as the Rule 12(b)(6) Motion by KPNV, Philips Holding, Philips RS Holding, and Philips NV (the "non-Philips RS Defendants"), attack KPNV's direct involvement in the conduct at issue in this litigation and including KPNV's control over, and relationship with, its subsidiaries. Plaintiffs believe that the law is clear that they are entitled to discovery into all of the jurisdictional issues raised by KPNV. In addition, Plaintiffs believe the Court should defer ruling on non-Philips RS Defendants' 12(b)(6) Motion because it involves largely the same issues implicated by KPNV's 12(b)(2) Motion. To do otherwise would run the risk of inconsistent opinions and duplication of efforts.

---

[3] *See generally* Economic Loss Complaint at ¶¶ 160-190, 221-238, 301-313, reflecting that: Royal Philips/KPNV, through numerous of its Netherlands-based officers and employees, controls and oversees all aspects of the Philips business around the world and holds itself out as a single unified company using the iconic blue Royal Philips shield logo (*id*. at ¶¶160-166); KPNV utilizes "a worldwide communication and training program" that includes "mandatory sign-off on the [company's] General Business Principles" and "a single standard operating model that defines how we work together effectively to achieve our company objectives" (*id*. at ¶¶ 167-169); KPNV's "Risk Appetite" is managed worldwide with "top-down accountability" (*id*. at ¶¶ 182-189); KPNV announced and controlled the Recall (*id*. at ¶¶ 170-172); KPNV stressed its global brand with respect to its healthcare business in general and its CPAP/BiPAP/Ventilator business in particular (*id*. at ¶¶ 173-174) under the leadership of KPNV's Chief Medical Officer (*id*. at ¶175); KPNV employs an "Integrated Intellectual Asset Management" in order to "manage all forms of intellectual property for each of Philips' business areas–including its CPAP/BiPAP/Ventilator business via various subsidiaries—and has jointly prosecuted with Philips RS CPAP patent infringement and unfair competition cases (*id*. at ¶¶ 177-181); KPNV has created a complex, confusing, and ever-changing labyrinth of interrelated and interconnected Philips entities and holding companies throughout the world, and much of the information regarding the specific activities of the individual Philips units and their employees is shielded from public view (*id*. at ¶¶ 181, 190); KPNV took a lead role in launching and marketing several of the Recalled Devices (*id*. at ¶¶ 221-238); and at least as early as 2016, KPNV had a systematic level of involvement in and control over testing the PE-PUR foam in the Recalled Devices and investigating the problems with that foam (*id*. at ¶¶ 301-313).

A.      **Plaintiffs are Entitled to Liberal Jurisdictional Discovery Including Depositions Prior to Responding to KPNV's 12(b)(2) Motion.**

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 364 & n.13. (1978). As the Third Circuit Court of Appeals has held, such discovery, including depositions, can "shed information" on various connections between the defendant and the forum state, as well as the defendant's participation in the products' design and sale as well as the relationships between defendant and its sales agents. *Renner v. Lanard Toys*, 33 F.3d 277, 283-84 (3d Cir. 1994). These relationships are the core of KPNV's 12(b)(2) Motion. The failure to permit jurisdictional discovery may constitute reversible error. *Id.* at 283 ("we will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery."); *see also Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780–82 (3d Cir. 2018) (concluding denial of jurisdictional discovery into alter ego theory of jurisdiction was abuse of discretion).

As this Court has noted: "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction . . . courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Miller v. Native Link Constr., LLC.*, 2017 WL 3536175, at *18 (W.D. Pa. Aug. 17, 2017) (Conti, J.) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)) (internal quotations omitted). "'If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained'" *Id*. (quoting *Toys "R" Us*, 318 F.3d at 456).

In the Third Circuit, courts allow for "liberal" discovery regarding challenges to personal jurisdiction, particularly when those challenges are made by corporations, whose internal workings

may be hard to discern based upon publicly available information. *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 473-74 (D. Del. 1995). This discovery includes discovery into things such as defendants' "business activities in the United States, including business plans, marketing strategies, sales, and other commercial interactions." *Toys "R" Us,* 318 F.3d at 456, 458.

Such jurisdictional discovery often appropriately includes inquiry into facts establishing alter ego or agency theory of personal jurisdiction, two sources of jurisdiction challenged here. *See UHS of Del. v. United Health Servs.*, 2013 WL 12086321, at *8 (M.D. Pa. Mar. 26, 2013) (ordering jurisdictional discovery "on the matter of an alter-ego relationship" between parents and subsidiaries); *see also Gasbarre Prod., Inc. v. Diamond Auto. Grp. Fla., Inc.*, 2017 WL 1102652, at *5 (W.D. Pa. Mar. 23, 2017) (denying defendant's motion to dismiss for lack of personal jurisdiction on an alter ego theory after parties conducted limited jurisdiction discovery); *In re Diisocyanate Antitrust Litig.*, 2020 WL 1140245, at *5-7 (W.D. Pa. Mar. 9, 2020) (finding that the allegations in plaintiffs' complaint did not sufficiently establish jurisdiction under an alter-ego or agency theory but holding that "a limited period of jurisdictional discovery is warranted."). Jurisdictional discovery is also available to acquire facts related to corporate structure and the relationship between foreign companies and their U.S. distributors. *See, e.g., Logic Tech. Dev. LLC v. Levy*, 2018 WL 3405262, at *3 & n.3 (D.N.J. Dec. 17, 2019) (deferring a decision on group pleading until the conclusion of jurisdictional discovery); *Opheim v. Volkswagen Aktiengesellschaft*, 2021 WL 2621689, at *6-7 (D.N.J. June 25, 2021) (deferring Rule 12(b)(6) challenge on group pleading grounds because "as the discussion on personal jurisdiction indicates, the entities here are intertwined, and more discovery is needed to determine the precise role of each. In such circumstances, there is no need to dismiss the complaint.").

Given the standards articulated above and Plaintiffs' reasonable assertion, based on the detailed allegations in the Economic Loss Complaint, that jurisdiction is proper, Plaintiffs are entitled to liberal personal jurisdiction discovery. Such discovery should include discovery to support an alter ego and/or veil piercing theory of jurisdiction.

**B.    The Court Should Defer Briefing and Adjudication of the Non-Philips RS Defendants' Rule 12(b)(6) Motion Until After Completion of Jurisdictional Discovery.**

By filing both a Rule 12(b)(6) and Rule 12(b)(2) motion, Philips NA, Philips Holding and Philips RS Holding are attempting to take multiple bites out of the same apple. Nearly every argument advanced in the Rule 12(b)(6) Motion is identical to those asserted in the KPNV 12(b)(2) Motion. Specifically, the motions center around whether Plaintiffs' allegations sufficiently establish direct conduct by KPNV, Philips NA, Philips Holding and Philips RS Holding, or if not, if there are allegations sufficient to establish liability (or jurisdiction) under an alter ego or other veil piercing theory. These overlapping arguments should not be decided separately in a vacuum. Instead, using efficiency as the touchstone, the Court should defer ruling on the Rule 12(b)(6) Motion so that factual determinations related to the non-Philips RS Defendants' direct involvement, alter-ego, agency, etc. can be consistent.

In their Rule 12(b)(6) motion, the non-Philips RS Defendants argue (a) that Plaintiffs' Economic Loss Complaint fails to allege any pre-Recall conduct by KPNV, (b) fails to sufficiently allege conduct supporting Plaintiffs' allegations that Philips RS was the alter ego or agent of the non-Philips RS Defendants, and (c) contains no allegations regarding the corporate relationship between Philips RS and Philips NA, Philips Holding or Philips RS Holding. Putting aside the merit of these claims (*see* footnote 3 above), these arguments mirror those raised in the KPNV 12(b)(2) Motion. Imagine a scenario where, applying the notice pleading standards of Rule 8, Plaintiffs prevail on the Rule 12(b)(6) motion but then the Court finds, after jurisdictional discovery, that

KPNV is not subject to personal jurisdiction. Or, conversely, imagine a scenario where the Court finds for the non-Philips RS Defendants on KPNV's Rule 12(b)(6) but then, in the intervening months, discovery reveals the exact nature of the contacts and control that Plaintiffs' allege and Plaintiffs prevail on KPNV's 12(b)(2) Motion, necessitating revisiting the Court's prior ruling with respect to the same issues. Either way, it is inefficient.

There is no question that Plaintiffs have alleged that Philips RS is an alter ego and/or agent of KPNV and the other Philips entities. An alter ego or agency theory can establish both personal jurisdiction over another company through the contacts and actions of its alter ego or agent, and, ultimately, liability for the actions of an alter ego or agent. *See Gasbarre*, 2017 WL 1102652, at *5 (denying motion to dismiss after limited jurisdictional discovery including into alter ego jurisdiction); *In re Diisocyanate Antitrust Litig.*, 2020 WL 1140245, at *5-7 (permitting a limited period of jurisdictional discovery when theories of alter ego and agency jurisdiction were alleged). Both the Rule 12(b)(6) motion and the 12(b)(2) Motion seeking to challenge alter ego and agency theory are asking the same substantive question. The jurisdictional discovery related to the 12(b)(2) Motion will be the same information related to the issues raised in the Rule 12(b)(6) motion.

It would be inefficient for the Parties and the Court to proceed now on the Rule 12(b)(2) Motion since the facts relevant, and perhaps outcome determinative, with respect to the Rule 12(b)(6) motion are intertwined with the facts relevant to the 12(b)(2) Motion and the facts adduced in the jurisdictional discovery that all parties agree must proceed.[4]

---

[4] Plaintiffs previously served formal and informal jurisdiction jurisdictional discovery on the Philips Defendants and will meet and confer with them shortly to refine those requests based on the arguments raised in their pending Motions.

The non-RS Philips Defendants have raised several issues with respect to deferring the briefing on the KPNV Rule 12(b)(6) Motion. First, they argue that the Rule 12(b)(6) motion is based on the pleadings so discovery can't possibly be relevant. This ignores, however, that the pleading standard requires the Court to credit Plaintiffs' allegations as true and construe all reasonable inferences in Plaintiffs' favor. For example, since all Philips subsidiaries worldwide used PE-PUR foam and conducted a coordinated recalled of all the devices with PE-PUR foam, there is at least plausible inference that the key decisions from start to finish were coordinated, if not controlled, by the ultimate parent KPNV. Under these circumstances, Plaintiffs' allegations are sufficient to survive KPNV's Rule 12(b)(6) challenge. However, deciding that now defeats the point of deciding these motions in an efficient manner.

Second, they argue that Plaintiffs lump all of the defendants together in the pleading. But, courts are typically more liberal about allowing collective pleading when dealing with related companies because, much like the acknowledgment with respect to jurisdictional discovery of corporate relationships, the information on the inner workings of these entities is often concealed from public view. *See, e.g., Nasdaq, Inc. v. IEX Grp., Inc.*, 2019 WL 102408, at *14 (D.N.J. Jan. 4, 2019) (group pleading acceptable when plaintiff could not distinguish between multiple defendant entities in its allegations because the defendants' shared website and other publicly-available materials were not forthcoming about which entity did what). Third, they attempt to cabin the facts into pre-recall and recall related conduct. As discussed above, the Economic Loss Complaint contains extensive allegations regarding KPNV's pre-Recall role with respect to the decision to use PE-PUR foam and the inexcusable delay in instituting the Recall after they learned (no later than 2015) that PE-PUR foam posed an unreasonable danger in the Recalled Devices. The Court could deny the Rule12(b)(6) motion for that reason alone.

## II.     THE PHILIPS DEFENDANTS' POSITION ON DISPUTED ISSUE REGARDING THE RULE 12(b)(6) BRIEFING

Plaintiffs' proposed deferral (for the second time) of continued briefing of the Rule 12(b)(6) motion filed by KPNV, Philips NA, Philips Holding, and Philips RS Holding (collectively, the "Philips Defendants") will lead to significant inefficiencies and deprive the parties of necessary guidance from this Court about the claims in this MDL.[5]  The notion that this Court should not even address a potential narrowing of Plaintiffs' claims is anathema to a large MDL where the decisions on Rule 12(b)(6) motions will inform the rest of proceedings, including class and expert issues, and may even moot the need for this Court to decide KPNV's separate jurisdictional challenge.   KPNV agrees that Plaintiffs should be permitted to conduct some jurisdictional discovery prior to filing their opposition to KPNV's *12(b)(2)* motion, and that the schedule for briefing and resolving KPNV's *12(b)(2)* motion should be tied to that discovery.  This approach is only appropriate with respect to KPNV's *12(b)(2)* motion because the court's review of that motion is not limited to the pleadings.  *See*, *e.g.*, *Patterson by Patterson* v. *FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990).   KPNV and the other Philips Defendants fundamentally disagree, however, that their *Rule 12(b)(6)* motion—directed entirely at the failings of Plaintiffs' pleading— should be deferred until the conclusion of jurisdictional discovery.

*First*, the Philips Defendants' Rule 12(b)(6) motion addresses significant *pleading inadequacies* that must be decided on the face of Plaintiffs' Third Amended Complaint ("TAC"). Jurisdictional discovery is entirely irrelevant to the question of whether Plaintiffs have stated a claim against the Philips Defendants.  *See Murphy* v. *Eisai*, 503 F. Supp. 3d 207, 225 n.14 (D.N.J.

---

[5]  If Plaintiffs' request is granted, this would be the second time in a row Plaintiffs would not have to timely respond to the Philips Defendants' Rule 12(b)(6) motion.  In response to the Philips Defendants' last Rule 12(b)(6) motion, Plaintiffs asked for leave to amend their complaint, which the Philips Defendants agreed to and the Court ordered.  Plaintiffs still have not yet had to justify their pleading, and Plaintiffs again are seeking to delay.

2020) (because the "complaint does not state a claim, [] jurisdictional discovery would be futile").

In fact, Plaintiffs *cannot* rely on anything new that they obtain in jurisdictional discovery in

opposing the Philips Defendants' 12(b)(6) motion, because "[a] brief in opposition is not a

pleading from which the Court can consider new factual allegations to decide a defendant's motion

to dismiss." *J.C.* v. *S. Hills Assembly*, 2022 WL 3370623, at *7 (W.D. Pa. Aug. 16, 2022); *see*

*also Essex Ins.* v. *Miles*, 2010 WL 5069871, at *3 (E.D. Pa. Dec. 3, 2010) ("The Supreme Court

precludes the use of even limited discovery to overcome a pleading insufficiency."); *Marchionda*

v. *Embassy Suites*, 122 F. Supp. 3d 208, 211 (D.N.J. 2015) ("Jurisdictional discovery should not

[] serve as 'a fishing expedition' into the underlying merits . . . under the guise of jurisdictional

discovery."); *Shihadeh* v. *Smeal*, 2011 WL 1743398, at *3 (E.D. Pa. May 6, 2011) (courts may not

"permit discovery in order to give [plaintiff] access to information with which [plaintiff] might

state a cognizable claim," because the "burden of factual sufficiency in pleadings [is] on

plaintiffs").

  *Second*, resolving the issues raised by the Philips Defendants' Rule 12(b)(6) motion has

the potential to *significantly narrow* the scope of jurisdictional discovery and lessen the burdens

on both the parties and the Court as it relates to jurisdictional issues.[6]  Where, as here, there is "a

dispute as to whether this Court has personal jurisdiction" and "resolution of this issue is

substantially more complicated than resolution of the issue as to whether Plaintiffs have even

stated a claim on which relief may be granted," "the most appropriate course of action is to proceed

to review the issues presented in Defendants' 12(b)(6) motions to dismiss" before "mak[ing] a

determination on the merits as to personal jurisdiction." *Grynberg* v. *Total Compagnie Francaise*

---

[6] As set forth above, KPNV agrees to jurisdictional discovery of KPNV for its Rule 12(b)(2) motion, but since Plaintiffs have not yet proposed the specific jurisdictional discovery they would like, KPNV reserves all objections to the precise scope and contours of that jurisdictional discovery.

*Des Petroles*, 891 F. Supp. 2d 663, 677-78 (D. Del. 2012), *vacated in part on other grounds*, 2013 WL 5459913 (D. Del. Sept. 30, 2013).  Plaintiffs' own portion of this Report, which devotes several pages to arguing that they are "entitled to *liberal* personal jurisdiction discovery," only further emphasizes why resolution of the Philips Defendants' Rule 12(b)(6) motion has the potential to result in significant efficiencies:  some, if not all, of that "liberal personal jurisdiction discovery" may be mooted by a ruling on the Rule 12(b)(6) motion.  To survive the Philips Defendants' Rule 12(b)(6) motion, Plaintiffs were required to plead that Respironics was merely "a sham" such that "fraud, injustice, or unfairness" would result from respecting the legal separateness of Respironics and the Philips Defendants.  *In Re Suboxone Antitrust Litig.*, 2017 WL 4810801, at *10-11 (E.D. Pa. Oct. 25, 2017). This Court has already noted the significant burdens associated with an assertion of alter ego/agency.  (*See, e.g.,* 8/31/2022 Philips MDL Tr. at 18:9-13; 23:4-8.)  Plaintiffs' allegations nowhere come close, requiring dismissal on the Philips Defendants' Rule 12(b)(6) motion.

The parties need this guidance, particularly at this stage in the litigation.  As the Supreme Court has explained, this Court has "the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy"—such as over the scope of jurisdictional discovery untethered to well-pleaded factual allegations—"to proceed."  *Associated Gen. Contractors of Cal.. v. Carpenters*, 459 U.S. 519, 528, n.17 (1983).  Rule 12(b)(6) "is the proper vehicle for the early testing of a plaintiff's claims," and Plaintiffs "may not short-circuit the usual process," as "it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."  *Davis* v. *Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).  "[T]he applicable law of the Third Circuit . . . does not allow for a scenario where a party has failed to make out a prima facie showing . . . but still somehow has

made out a sufficient showing to warrant obtaining jurisdictional discovery." *Zausner Foods Corp.* v. *ECB USA,* 2022 WL 609110 , at *11 n.16 (D. Del. Jan. 31, 2022).

Plaintiffs suggest that no guidance is appropriate, and that it would be inefficient and improper for this Court to resolve the Philips Defendants' 12(b)(6) motion prior to resolving KPNV's 12(b)(2) motion because of "overlapping" issues relating to alter ego and agency. They argue that irrespective of whether the TAC sufficiently pleads that Respironics was merely a sham corporation operating as a vehicle for fraud, assessment of the adequacy of Plaintiffs' claims as pleaded against the Philips Defendants must be deferred to allow them to conduct extensive jurisdictional discovery. But this makes no sense. Even where "Plaintiff[s'] alter ego and agency arguments with respect to jurisdiction and liability appear to blend together," courts still "only consider[] the allegations in [Plaintiffs'] Complaint and the appropriate pleading standard in determining whether Plaintiff has stated a plausible claim under Rule 12(b)(6) against the [] Defendants." *Quality Intern. Packaging* v. *Chamilia*, 2015 WL 4749156, at *9 n.8 (D.N.J. Aug. 5, 2015).[7] These distinct issues cannot, and should not, be decided in one proceeding: courts can and do *decide* Rule 12(b)(6) motions prior to resolving pending jurisdictional issues. *See, e.g., Magnesita Refractories Co.* v. *Tianjin New Century Refractories Co.*, 2019 WL 1003623, at *16 (M.D. Pa. Feb. 28, 2019) ("defer[ring] ruling on the [] defendants' Rule 12(b)(2) motion pending a period of jurisdictional discovery," including into whether personal jurisdiction could be based on alter ego, but considering and granting in part defendants' Rule 12(b)(6) motion); *Value Drug*

---

[7] *See also, e.g., In re Libor-Based Financial Antitrust Litigation*, 2015 WL 4634541, at *16 (S.D.N.Y. Aug. 4, 2015) (considering Defendants' 12(b)(6) motions to dismiss without regard to the personal jurisdiction dispute, explaining that "[a]lthough personal jurisdiction is generally treated as a threshold question, a court is permitted to dismiss claims on the merits in cases with multiple defendants . . . in which all defendants collectively challenge the legal sufficiency of the plaintiff's claims," and "defendants raise largely overlapping legal issues in their remaining merits challenges").

*Co.* v. *Takeda Pharms.*, 2021 WL 6200907, at *8 (E.D. Pa. Dec. 29, 2021) (granting defendants' Rule 12(b)(6) motion on certain claims, but "defer[ring]" consideration of defendants' "motion to dismiss for lack of personal jurisdiction subject to further review following expedited jurisdictional discovery"); *Tracinda Corp.* v. *Daimlerchrysler AG*, 197 F. Supp. 2d 86, 99, 101 (D. Del. 2002) (same).

Put simply, Plaintiffs are not entitled to jurisdictional discovery to attempt to develop that facially deficient theory as a basis for personal jurisdiction.  *See In re Auto. Refinishing Paint Antitrust Litig.*, 2002 WL 31261330, at *11-12 (E.D. Pa. July 31, 2002) (denying jurisdictional discovery to try to develop theory of a co-conspiratorial relationship "where Plaintiffs have neither alleged sufficient facts nor presented complete argument on this issue," as "such discovery would be intertwined with the merits of Plaintiffs['] substantive conspiracy claims"); *Buckley* v. *Universal Sewing Supply*, 2019 WL 5260365, at *6 (M.D. Pa. Oct. 17, 2019) (noting that, while "some of the[] facts" uncovered during jurisdictional discovery "overlap with the merits of the case," this is not "an opportunity for Plaintiff to conduct broad discovery regarding its allegations against Defendant").  This course would leave the Court and the parties with clearly defined boundaries regarding which issues are left to be resolved, if any, regarding KPNV's jurisdictional objections, as well as any attendant jurisdictional discovery.

*Finally*, Plaintiffs' position would lead to significant inefficiencies.  To defer even submitting an opposition to the Philips Defendants' 12(b)(6) motion would significantly and needlessly delay the litigation, especially considering that KPNV is the only Defendant that filed a challenge based on personal jurisdiction.[8]  Defendants believe Plaintiffs intend to attempt to

---

[8] As a result, there is no reason why the other Philips Defendants—Philips NA, Philips Holding, and Philips RS Holding—should not have their Rule 12(b)(6) dismissal motion briefed and heard now.

amend their complaint for a *fourth* time in light of what they uncover during jurisdictional discovery.  But it is well settled that "[i]t is not permissible to file suit and use discovery as the sole means of finding out whether you have a case" against particular defendants.  *Ellis* v. *Beemiller,* 287 F.R.D. 326, 329 (W.D. Pa. 2012)  Thus, while courts may "hold in abeyance a decision on a motion to dismiss for lack of personal jurisdiction to enable a party to employ discovery on the jurisdictional issue," *Square D Co.* v. *Scott Elec. Co.*, 2008 WL 1901400 at *2 (W.D. Pa. Apr. 25, 2008), courts may not "permit discovery in order to give [plaintiff] access to information with which [plaintiff] *might* state a cognizable claim" because the "burden of factual sufficiency in pleadings [is] on plaintiffs."  *Shihadeh* v. *Smeal*, 2011 WL 1743398 at *3 (E.D. Pa. May 6, 2011).

Dated: December 12, 2022

Respectfully submitted,

/s/ *Michael H. Steinberg*
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc. and Philips RS North America Holding Corporation*

/s/ *Steven A. Schwartz*
Steven A. Schwartz
(steveschwartz@chimicles.com)
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH**
361 Lancaster Avenue
Haverford, PA 19401
Telephone: (610) 642-8500

Sandra Duggan (sduggan@lfsblaw.com)
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Ste 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

Kelly K. Iverson (kelly@lcllp.com)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243

Christopher A. Seeger
(cseeger@seegerweiss.com)
**SEEGER WEISS LLP**

55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (212) 584-0700

*Plaintiffs' Co-Lead Counsel*