IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>**This Document Relates to:**<br>Donald Kyle Robinson v. Koninklije Philips N.V., et al. [Case number 2:22-cv-01331-JFC] | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014<br><br>SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL |

Plaintiff(s) incorporate(s) by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

I. **DEFENDANTS**

    1.    Plaintiff(s) name(s) the following Defendants in this action:

☑ Koninklijke Philips N.V.

☑ Philips North America LLC.

☑ Philips RS North America LLC.

1

☑ Philips Holding USA Inc.

☑ Philips RS North America Holding Corporation.

☑ Polymer Technologies, Inc.

☑ Polymer Molded Products LLC.

## II. PLAINTIFF(S)

2. Name of Plaintiff(s):

   Donald Kyle Robinson

3. Name of spouse of Plaintiff (if loss of consortium claim is being made):

   N/A

4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

   N/A

5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

   Lone Jack, Jackson County, Missouri

## III. DESIGNATED FORUM

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

   This case was originally filed in the Western District of Missouri before transfer.

2

## IV. USE OF A RECALLED DEVICE

7. Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ E30 (Emergency Use Authorization) | ☐ Dorma 500 |
| ☐ DreamStation ASV | ☐ REMstar SE Auto |
| ☐ DreamStation ST, AVAPS | ☐ Trilogy 100 |
| ☐ SystemOne ASV4 | ☐ Trilogy 200 |
| ☐ C-Series ASV | ☐ Garbin Plus, Aeris, LifeVent |
| ☐ C-Series S/T and AVAPS | ☐ A-Series BiPAP Hybrid A30 (not marketed in U.S.) |
| ☐ OmniLab Advanced + | |
| ☐ SystemOne (Q-Series) | ☐ A-Series BiPAP V30 Auto |
| ☑ DreamStation | ☐ A-Series BiPAP A40 |
| ☐ DreamStation Go | ☐ A-Series BiPAP A30 |
| ☐ Dorma 400 | ☐ Other Philips Respironics Device; if other, identify the model: |
| | Model # DSX200H11 |

## V. INJURIES

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☐ Cancer _____ (specify cancer)

☐ Kidney Damage

☐ Liver Damage

3

☐ Heart Damage

☐ Death

☑ Other (specify)

Aplastic Anemia

---

**VI.   CAUSES OF ACTION/DAMAGES**

9. As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| ☑ | Count I: | Negligence |
| ☑ | Count II: | Strict Liability: Design Defect |
| ☑ | Count III: | Negligent Design |
| ☑ | Count IV: | Strict Liability: Failure to Warn |
| ☑ | Count V: | Negligent Failure to Warn |
| ☑ | Count VI: | Negligent Recall |
| ☑ | Count VII: | Battery |
| ☑ | Count VIII: | Strict Liability: Manufacturing Defect |
| ☑ | Count IX: | Negligent Manufacturing |
| ☑ | Count X: | Breach of Express Warranty |
| ☑ | Count XI: | Breach of the Implied Warranty of Merchantability |
| ☑ | Count XII: | Breach of the Implied Warranty of Usability |
| ☑ | Count XIII: | Fraud |
| ☑ | Count XIV: | Negligent Misrepresentation |

☑ Count XV:       Negligence Per Se

☑ Count XVI:      Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☑ Count XVII:     Unjust Enrichment

☐ Count XVIII:    Loss of Consortium

☐ Count XIX:      Survivorship and Wrongful Death

☑ Count XX:       Medical Monitoring

☑ Count XXI:      Punitive Damages

☑ Count XXII:     Other [specify below]

    Count XXII: Fraudulent Concealment
    Count XXIII: Civil Conspiracy

---

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I:        Negligence

☑ Count II:       Strict Liability: Design Defect

☑ Count III:      Negligent Design

☑ Count IV:       Strict Liability: Failure to Warn

☑ Count V:        Negligent Failure to Warn

☑ Count VI:       Negligent Recall

☑ Count VII:      Battery

☑ Count VIII:     Strict Liability: Manufacturing Defect

☑ Count IX:       Negligent Manufacturing

| | | |
|---|---|---|
| ☑ | Count X: | Breach of Express Warranty |
| ☑ | Count XI: | Breach of the Implied Warranty of Merchantability |
| ☑ | Count XII: | Breach of the Implied Warranty of Usability |
| ☑ | Count XIII: | Fraud |
| ☑ | Count XIV: | Negligent Misrepresentation |
| ☑ | Count XV: | Negligence Per Se |
| ☑ | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☑ | Count XVII: | Unjust Enrichment |
| ☐ | Count XVIII: | Loss of Consortium |
| ☐ | Count XIX: | Survivorship and Wrongful Death |
| ☑ | Count XX: | Medical Monitoring |
| ☑ | Count XXI: | Punitive Damages |
| ☑ | Count XXII: | Other [specify below] |

Count XXII: Fraudulent Concealment
Count XXIII: Civil Conspiracy

---

11. As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| ☑ | Count I: | Negligence |
| ☑ | Count II: | Strict Liability: Design Defect |
| ☑ | Count III: | Negligent Design |
| ☑ | Count IV: | Strict Liability: Failure to Warn |

☑ Count V:        Negligent Failure to Warn

☑ Count VI:       Negligent Recall

☑ Count VII:      Battery

☑ Count VIII:     Strict Liability: Manufacturing Defect

☑ Count IX:       Negligent Manufacturing

☑ Count X:        Breach of Express Warranty

☑ Count XI:       Breach of the Implied Warranty of Merchantability

☑ Count XII:      Breach of the Implied Warranty of Usability

☑ Count XIII:     Fraud

☑ Count XIV:      Negligent Misrepresentation

☑ Count XV:       Negligence Per Se

☑ Count XVI:      Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☑ Count XVII:     Unjust Enrichment

☐ Count XVIII:    Loss of Consortium

☐ Count XIX:      Survivorship and Wrongful Death

☑ Count XX:       Medical Monitoring

☑ Count XXI:      Punitive Damages

☑ Count XXII:     Other [specify below]

Count XXII: Fraudulent Concealment
Count XXIII: Civil Conspiracy

7

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| ☑ | Count I: | Negligence |
| ☑ | Count II: | Strict Liability: Design Defect |
| ☑ | Count III: | Negligent Design |
| ☑ | Count IV: | Strict Liability: Failure to Warn |
| ☑ | Count V: | Negligent Failure to Warn |
| ☑ | Count VI: | Negligent Recall |
| ☑ | Count VII: | Battery |
| ☑ | Count VIII: | Strict Liability: Manufacturing Defect |
| ☑ | Count IX: | Negligent Manufacturing |
| ☑ | Count X: | Breach of Express Warranty |
| ☑ | Count XI: | Breach of the Implied Warranty of Merchantability |
| ☑ | Count XII: | Breach of the Implied Warranty of Usability |
| ☑ | Count XIII: | Fraud |
| ☑ | Count XIV: | Negligent Misrepresentation |
| ☑ | Count XV: | Negligence Per Se |
| ☑ | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☑ | Count XVII: | Unjust Enrichment |
| ☐ | Count XVIII: | Loss of Consortium |
| ☐ | Count XIX: | Survivorship and Wrongful Death |
| ☑ | Count XX: | Medical Monitoring |

☑ Count XXI:     Punitive Damages

☑ Count XXII:    Other [specify below]

    Count XXII: Fraudulent Concealment
    Count XXIII: Civil Conspiracy

---

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I:       Negligence

☑ Count II:      Strict Liability: Design Defect

☑ Count III:     Negligent Design

☑ Count IV:     Strict Liability: Failure to Warn

☑ Count V:      Negligent Failure to Warn

☑ Count VI:     Negligent Recall

☑ Count VII:    Battery

☑ Count VIII:   Strict Liability: Manufacturing Defect

☑ Count IX:     Negligent Manufacturing

☑ Count X:      Breach of Express Warranty

☑ Count XI:     Breach of the Implied Warranty of Merchantability

☑ Count XII:    Breach of the Implied Warranty of Usability

☑ Count XIII:   Fraud

☑ Count XIV:   Negligent Misrepresentation

☑ Count XV:    Negligence Per Se

☑ Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☑ Count XVII: Unjust Enrichment

☐ Count XVIII: Loss of Consortium

☐ Count XIX: Survivorship and Wrongful Death

☑ Count XX: Medical Monitoring

☑ Count XXI: Punitive Damages

☑ Count XXII: Other [specify below]

Count XXII: Fraudulent Concealment
Count XXIII: Civil Conspiracy

---

14. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I: Negligence

☑ Count II: Strict Liability: Design Defect

☑ Count III: Negligent Design

☑ Count IV: Strict Liability: Failure to Warn

☑ Count V: Negligent Failure to Warn

☑ Count VIII: Strict Liability: Manufacturing Defect

☑ Count IX: Negligent Manufacturing

☑ Count XIII: Fraud

☑ Count XIV: Negligent Misrepresentation

☑ Count XVII: Unjust Enrichment

☐ Count XVIII:     Loss of Consortium

☐ Count XIX:      Survivorship and Wrongful Death

☑ Count XX:       Medical Monitoring

☑ Count XXI:      Punitive Damages

☑ Count XXII:     Other [specify below]

    Count XXII: Fraudulent Concealment
    Count XXIII: Civil Conspiracy

---

15. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I:         Negligence

☑ Count II:        Strict Liability: Design Defect

☑ Count III:       Negligent Design

☑ Count IV:        Strict Liability: Failure to Warn

☑ Count V:         Negligent Failure to Warn

☑ Count VIII:      Strict Liability: Manufacturing Defect

☑ Count IX:        Negligent Manufacturing

☑ Count XIII:      Fraud

☑ Count XIV:       Negligent Misrepresentation

☑ Count XVII:      Unjust Enrichment

☐ Count XVIII:     Loss of Consortium

☐ Count XIX:       Survivorship and Wrongful Death

☑ Count XX:        Medical Monitoring

11

☑ Count XXI:     Punitive Damages

☑ Count XXII:    Other [specify below]

    Count XXII: Fraudulent Concealment
    Count XXIII: Civil Conspiracy

16. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

    See attached Exhibit A.

17. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

    N/A

18. Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

N/A

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: Dec   7   2022

BOULWARE LAW LLC

By: /s/ Brandon J.B. Boulware
Brandon J.B. Boulware, pro hac vice
Jeremy M. Suhr, pro hac vice
Erin D. Lawrence, pro hac vice
1600 Genessee Street, Suite 416
Kansas City, MO 64102
Tele: (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com
erin@boulware-law.com

Attorneys for Plaintiff
Donald Kyle Robinson

# EXHIBIT A

## COUNT XXII
## FRAUDULENT CONCEALMENT

1. Plaintiff adopts and incorporates by reference all of the foregoing language of this Complaint, and the factual allegations in any other Count, as if fully set forth herein and further states as follows.

2. At all relevant times, Defendants designed, manufactured, assembled, inspected, tested, packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the Recalled Devices into the stream of commerce, and therefore owed a duty of reasonable care to avoid causing harm to those that used the devices, such as Plaintiff.

3. Defendants had a duty to disclose material facts about the Recalled Devices that would substantially affect Plaintiff's and the general public's use when purchasing the devices.

4. At all reasonable times, Defendants fraudulently misrepresented the Recalled Devices as safe, when in fact the devices posed unreasonable risks of substantial bodily injury. Therefore, the devices are not fit for their ordinary and intended uses.

5. Defendants actually knew about all of the above facts.

6. At all relevant times, Defendants fraudulently and deceptively concealed their failure to adequately research or test the Recalled Devices to assess their safety before marketing to susceptible users.

7. Defendants further falsely represented the nature and risks associated with the Recalled Devices, and their marketing and strategy regarding the same, in general statements to the media, general public, and federal agencies.

8. Defendants' misrepresentations and omissions were material facts that were essential to Plaintiff's decision making when purchasing and using the subject device.

9. Plaintiff was completely unaware that Defendants were concealing these material facts.

10. Defendants intentionally deceived and concealed material information concerning the safety of the Recalled Devices from Plaintiff and the general public, which had a direct impact on Plaintiff's and consumers' health and wellbeing.

11. Plaintiff relied to his detriment on Defendants' fraudulent concealment and omissions. Had Plaintiff been adequately informed of the material facts regarding the safety of the Recalled Devices, and not intentionally deceived by Defendants, he would not have acquired/purchased, used, or been injured by the subject device.

12. As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff suffered and continues to suffer from the injuries and damages for which he is entitled to recovery, including but not limited to compensatory damages, consequential damages, interest, costs, and attorney fees.

## COUNT XXIII
## CIVIL CONSPIRACY

13. Plaintiff adopts and incorporates by reference all of the foregoing language of this Complaint, and the factual allegations in any other Count, as if fully set forth herein and further states as follows.

14. Defendants knowingly agreed, contrived, confederated, and/or conspired to defraud Plaintiff and consumers of the Recalled Devices regarding the true nature of the devices and their potential to cause cancer, aplastic anemia, and other serious injuries associated with the PE-PUR foam's particles and chemicals when the devices were used in a reasonably foreseeable manner.

15. Defendants knowingly agreed, contrived, confederated, and/or conspired to defraud Plaintiff and consumers of the Recalled Devices with the purpose of maintaining the popularity

2

and reputation of the devices and therefore maintaining high sales, at the expense of consumer safety.

16. At all relevant times, pursuant to and in furtherance of said conspiracies, the Defendants performed the following overt and unlawful acts:

    a. Defendants designed and sold the Recalled Devices with full knowledge that the devices were not a safe way to treat sleep apnea.

    b. Upon information and belief, despite available medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully, and maliciously, acted to delay reporting to the public the issues and delay the product recall. In the meantime, Defendants continued to represent the Recalled Devices as safe and omitted warnings about serious side effects.

17. Plaintiff and the general public reasonably relied upon the aforementioned fraudulent representations, omissions, and concealments made by Defendants regarding the nature of the Recalled Devices.

18. Were it not for Defendants' unlawful actions to mislead the public and limit the natural dissemination of scientific research and knowledge on the dangers and harms associated with the Recalled Devices, Plaintiff and the general public could have learned of the dangers at an earlier date and potentially prevented their introduction to and use of the devices.

19. As a direct and proximate result of Defendants' overt unlawful acts regarding the nature of the Recalled Devices which were made pursuant to and in furtherance of a common scheme, and Plaintiff's reliance thereon, Plaintiff suffered and continues to suffer from the injuries

4

and damages for which he is entitled to recovery, including but not limited to compensatory damages consequential damages, interest, costs, and attorney fees.