# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>Robert Daniel Sorrells | Master Docket:<br>Misc. No. 21-mc-1230-JFC<br>MDL NO. 3014<br><br>SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL |

Plaintiff incorporates by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff further alleges as follows:

**I.     DEFENDANTS**

Page 1

1. Plaintiff names the following Defendants in this action:

    - Koninklijke Philips N.V.
    - Philips North America LLC
    - Philips RS North America LLC
    - Philips Holding USA, Inc.
    - Philips RS North America Holding Corporation
    - Polymer Technologies, Inc.
    - Polymer Molded Products LLC

II. **PLAINTIFF**

2. Name of Plaintiff:

    - Robert Daniel Sorrells

3. Name of spouse of Plaintiff (if loss of consortium claim is being made):

    - Melissa Sorrells

4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

    - N/A

5. State of resident of Plaintiff:

    - Georgia

III. **Designated Forum**

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

- United States District Court of the Northern District of Georgia, Atlanta Division

## IV. USE OF A RECALLED DEVICE

7. Plaintiff used the following Recalled Device:

- Philips Respironics System One BiPAP Auto 760 BiLevel (Model number 760P) with Heated Humidifier (Model number DS6HFLG)

## V. INJURIES

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

- Sigmoid Colon Adenocarcinoma
- Primary Malignant Neoplasm of Prostate
- Biochemical Recurrence – Primary Malignant Neoplasm of Prostate
- Exacerbation of Erectile Dysfunction following Radical Prostatectomy

- On February 5, 2020, Anterior proctosigmoidectomy with CRA;
- On October 28, 2020, Lymphadenectomy and Radical Prostatectomy;
- On December 3, 2021, Recurrence of prostate cancer;
- From January 13, 2022 through March 4, 2022, 39 treatments of salvage radiation therapy;
- On January 2022, began hormone therapy;
- Medications: Orgovyx 120 Mg Tablet, Tri Mix 16 (2)Injectable; Papaverine 18mg / Phentolamine 0.6mg / Al Prostadil 6mcg/m
- Past medical expenses of at least $350,000.00;
- Future medical expenses as he continues to treat;
- Permanent disability;
- Loss of enjoyment of life;
- Loss of consortium;
- Past, present, and future pain and suffering and mental anquish.

## VI.   CAUSES OF ACTION/DAMAGES

9. As to Koninklijke Philips N.V., Plaintiff adopts the following claims asserted in the Master Long Form Complaint for Personal Injuries,

Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- Count I:      Negligence
- Count II:     Strict Liability: Design Defect
- Count III:    Negligent Design
- Count IV:     Strict Liability: Failure to Warn
- Count V:      Negligent Failure to Warn
- Count VI:     Negligent Recall
- Count VII:    Battery
- Count VIII:   Strict Liability: Manufacturing Defect
- Count IX:     Negligent Manufacturing
- Count X:      Breach of Express Warranty
- Count XI:     Breach of Implied Warranty of Merchantability
- Count XII:    Breach of Implied Warranty of Usability
- Count XIII:   Fraud
- Count XIV:    Negligent Misrepresentation
- County XV:    Negligence Per Se
- Count XVI:    Consumer Fraud and/or Unfair and Deceptive Practices Under Georgia Law

- Count XVII: Unjust Enrichment

- Count XX: Medical Monitoring

- Count XXI: Punitive Damages

- Count XXII: Other: Civil Conspiracy

10. As to Philips North America LLC, Plaintiff adopts the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- Count I: Negligence

- Count II: Strict Liability: Design Defect

- Count III: Negligent Design

- Count IV: Strict Liability: Failure to Warn

- Count V: Negligent Failure to Warn

- Count VI: Negligent Recall

- Count VII: Battery

- Count VIII: Strict Liability: Manufacturing Defect

- Count IX: Negligent Manufacturing

- Count X: Breach of Express Warranty

- Count XI: Breach of Implied Warranty of Merchantability

- Count XII:   Breach of Implied Warranty of Usability

- Count XIII:  Fraud

- Count XIV:  Negligent Misrepresentation

- County XV: Negligence Per Se

- Count XVI:  Consumer Fraud and/or Unfair and Deceptive Practices Under Georgia Law

- Count XVII: Unjust Enrichment

- Count XX:   Medical Monitoring

- Count XXI: Punitive Damages

- Count XXII: Other: Civil Conspiracy

11. As to Philips RS North America LLC, Plaintiff adopts the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- Count I:       Negligence

- Count II:      Strict Liability: Design Defect

- Count III:     Negligent Design

- Count IV:     Strict Liability: Failure to Warn

- Count V:      Negligent Failure to Warn

- Count VI: Negligent Recall
- Count VII: Battery
- Count VIII: Strict Liability: Manufacturing Defect
- Count IX: Negligent Manufacturing
- Count X: Breach of Express Warranty
- Count XI: Breach of Implied Warranty of Merchantability
- Count XII: Breach of Implied Warranty of Usability
- Count XIII: Fraud
- Count XIV: Negligent Misrepresentation
- County XV: Negligence Per Se
- Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under Georgia Law
- Count XVII: Unjust Enrichment
- Count XX: Medical Monitoring
- Count XXI: Punitive Damages
- Count XXII: Other: Civil Conspiracy

12. As to Philips Holding USA Inc., Plaintiff adopts the following claims asserted in the Mater Long Form Complaint for Personal Injuries,

Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- Count I:     Negligence
- Count II:    Strict Liability: Design Defect
- Count III:   Negligent Design
- Count IV:    Strict Liability: Failure to Warn
- Count V:     Negligent Failure to Warn
- Count VI:    Negligent Recall
- Count VII:   Battery
- Count VIII:  Strict Liability: Manufacturing Defect
- Count IX:    Negligent Manufacturing
- Count X:     Breach of Express Warranty
- Count XI:    Breach of Implied Warranty of Merchantability
- Count XII:   Breach of Implied Warranty of Usability
- Count XIII:  Fraud
- Count XIV:   Negligent Misrepresentation
- County XV:   Negligence Per Se
- Count XVI:   Consumer Fraud and/or Unfair and Deceptive Practices Under Georgia Law

- Count XVII: Unjust Enrichment

- Count XX: Medical Monitoring

- Count XXI: Punitive Damages

- Count XXII: Other: Civil Conspiracy

13. As to Philips RS North America Holding Corporation, Plaintiff adopts the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- Count I:     Negligence

- Count II:    Strict Liability: Design Defect

- Count III:   Negligent Design

- Count IV:    Strict Liability: Failure to Warn

- Count V:     Negligent Failure to Warn

- Count VI:    Negligent Recall

- Count VII:   Battery

- Count VIII:  Strict Liability: Manufacturing Defect

- Count IX:    Negligent Manufacturing

- Count X:     Breach of Express Warranty

- Count XI:    Breach of Implied Warranty of Merchantability

- Count XII:   Breach of Implied Warranty of Usability

- Count XIII:  Fraud

- Count XIV:  Negligent Misrepresentation

- County XV:  Negligence Per Se

- Count XVI:  Consumer Fraud and/or Unfair and Deceptive Practices Under Georgia Law

- Count XVII: Unjust Enrichment

- Count XX:   Medical Monitoring

- Count XXI:  Punitive Damages

- Count XXII: Other: Civil Conspiracy

13. As to Polymer Technologies, Inc., Plaintiff adopts the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

   - Count I:     Negligence

   - Count II:    Strict Liability: Design Defect

   - Count III:   Negligent Design

   - Count IV:    Strict Liability: Failure to Warn

   - Count V:     Negligent Failure to Warn

- Count VIII: Strict Liability: Manufacturing Defect
- Count IX: Negligent Manufacturing
- Count XVII: Unjust Enrichment
- Count XX: Medical Monitoring
- Count XXI: Punitive Damages
- Count XXII: Other: Civil Conspiracy

14. As to Polymer Molded Products LLC, Plaintiff adopts the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    - Count I: Negligence
    - Count II: Strict Liability: Design Defect
    - Count III: Negligent Design
    - Count IV: Strict Liability: Failure to Warn
    - Count V: Negligent Failure to Warn
    - Count VIII: Strict Liability: Manufacturing Defect
    - Count IX: Negligent Manufacturing
    - Count XVII: Unjust Enrichment
    - Count XX: Medical Monitoring

- Count XXI: Punitive Damages
- Count XXII: Other: Civil Conspiracy

15. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff asserts the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

    - Count XXII: Other: Civil Conspiracy

        a. Defendants knowingly agreed, contrived, confederated, and/or conspired to defraud Plaintiff and consumers of the BiPAP regarding the true nature of the device and its potential to cause cancer and other serious injuries associated with the PE-PUR foam's particles and chemicals when the device was used in a reasonably foreseeable manner.

        b. Defendants knowingly agreed, contrived, confederated, and/or conspired to defraud Plaintiff and consumers of the BiPAP with the purpose of maintaining the popularity and

reputation of the devices and therefore maintaining high sales, at the expense of consumer safety.

c. At all relevant times, pursuant to and in furtherance of said conspiracies, the Defendants performed the following overt and unlawful acts:

    i. Defendants designed and sold the BiPAP with full knowledge that the device was not a safe way to treat sleep apnea.

    ii. Upon information and belief, despite available medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully, and maliciously, to delay reporting to the public the issues and delay the product recall. In the meantime, Defendants continued to represent the BiPAP as safe and omitted warnings about serious side effects.

    d.     Plaintiff and the general public reasonably relied upon the aforementioned fraudulent representations, omissions, and concealments made by the Defendants regarding the nature of the BiPAP.

    e.     Were it not for Defendants' unlawful actions to mislead the public and limit the natural dissemination of scientific research and knowledge on the dangers and harms associated with the BiPAP, Plaintiff and the general public could have learned of the dangers at an earlier date and potentially prevented their introduction to and use of the BiPAP.

    f.     As a direct and proximate result of Defendants' overt unlawful acts regarding the nature of the BiPAP which were made pursuant to and in furtherance of a common scheme, and Plaintiff's reliance thereon, Plaintiff suffered and continues to suffer from the injuries and damages for which he is entitled to recovery, including but not limited to compensatory damages, consequential damages, interest, costs, and attorney fees.

16. Plaintiff contends that additional parties may be liable or responsible for Plaintiff's damages alleged herein. Such additional parties, who will

be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

- N/A

17. Plaintiff asserts the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

- N/A

WHEREFORE, Plaintiff prays for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff may be entitled.

Date:  December 22, 2022.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Jacob D. Davis
Georgia Bar No. 382586
Danyelle J. Dukes
Georgia Bar No. 102953
Attorneys for Plaintiff

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326
(404) 365-4535
ndeeb@mmatllaw.com

jdavis@mmatllaw.com
ddukes@mmatllaw.com

Counsel certifies that this Motion has been typed in a size and type font approved by the Court and in compliance with the Rules of this Court.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing SHORT FORM COMPLAINT has this day been filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

This 22nd day of December, 2022.

                          McLAIN & MERRITT, P.C.

                          /s/ Nicholas E. Deeb
                          Nicholas E. Deeb
                          Georgia Bar No. 117025
                          Attorney for Plaintiff
                          ROBERT DANIEL SORRELLS

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
ndeeb@mmatllaw.com