IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>JANE SCHIRMACHER. | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>Member Case No. 2:22-cv-1787<br><br>MDL No. 3014<br><br>SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL |

Plaintiff incorporates by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi- Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff further allege as follows:

**I.   DEFENDANTS**

1. Plaintiff(s) name(s) the following Defendants in this action:

    X_____   Koninklijke Philips N.V.

    X_____   Philips North America LLC.

    X_____   Philips RS North America LLC.

1

    X_____ Philips Holding USA Inc.

    X_____ Philips RS North America Holding Corporation.

    X_____ Polymer Technologies, Inc.

    X_____ Polymer Molded Products LLC.

**II.** **PLAINTIFF**

 2. Name of Plaintiff:

   Jane Schirmacher.

 3. Name of spouse of Plaintiff (if loss of consortium claim is being made):

   n/a

 4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

   n/a

 5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

   Illinois.

**III.   DESIGNATED FORUM**

6.   Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

Circuit Court of Cook County, Illinois.

**IV.   USE OF A RECALLED DEVICE**

7.   Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ E30 (Emergency Use Authorization) <br> ☐ DreamStation ASV <br> ☐ DreamStation ST, AVAPS <br> ☐ SystemOne ASV4 <br> ☐ C-Series ASV <br> ☐ C-Series S/T and AVAPS <br> ☐ OmniLab Advanced + <br> ☐ SystemOne (Q-Series) <br> ☐ DreamStation <br> ☐ DreamStation Go <br> ☐ Dorma 400 | ☐ Dorma 500 <br> ☒ REMstar SE Auto <br> ☐ Trilogy 100 <br> ☐ Trilogy 200 <br> ☐ Garbin Plus, Aeris, LifeVent <br> ☐ A-Series BiPAP Hybrid A30 (not marketed in U.S.) <br> ☐ A-Series BiPAP V30 Auto <br> ☐ A-Series BiPAP A40 <br> ☐ A-Series BiPAP A30 <br> ☐ Other Philips Respironics Device; if other, identify the model: <br> _____ |

**V.   INJURIES**

8.   Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☒ Cancer, glioblastoma

3

☐ Kidney Damage

☐ Liver Damage

☐ Heart Damage

☐ Death

☒ Other: deep vein thrombosis requiring an inferior cava filter.

VI. **CAUSES OF ACTION/DAMAGES**

9. As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

   <u>  X  </u>   Count I:       Negligence

   <u>  X  </u>   Count II:      Strict Liability: Design Defect

   <u>  X  </u>   Count III:     Negligent Design

   <u>  X  </u>   Count IV:      Strict Liability: Failure to Warn

   <u>  X  </u>   Count V:       Negligent Failure to Warn

   <u>  X  </u>   Count VI:      Negligent Recall

   <u>  X  </u>   Count VII:     Battery

   <u>  X  </u>   Count VIII:    Strict Liability: Manufacturing Defect

   <u>  X  </u>   Count IX:      Negligent Manufacturing

   <u>  X  </u>   Count X:       Breach of Express Warranty

   <u>  X  </u>   Count XI:      Breach of the Implied Warranty of Merchantability

   <u>  X  </u>   Count XII:     Breach of the Implied Warranty of Usability

   <u>  X  </u>   Count XIII:    Fraud

   <u>  X  </u>   Count XIV:     Negligent Misrepresentation

   <u>  X  </u>   Count XV:      Negligence Per Se

  __X___ Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

  __X___ Count XVII: Unjust Enrichment

  __X___ Count XVIII: Loss of Consortium

  __X___ Count XIX: Survivorship and Wrongful Death

  __X___ Count XX: Medical Monitoring

  __X___ Count XXI: Punitive Damages

  __X___ Count XXII: Other:

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

  __X___ Count I: Negligence

  __X___ Count II: Strict Liability: Design Defect

  __X___ Count III: Negligent Design

  __X___ Count IV: Strict Liability: Failure to Warn

  __X___ Count V: Negligent Failure to Warn

  __X___ Count VI: Negligent Recall

  __X___ Count VII: Battery

  __X___ Count VIII: Strict Liability: Manufacturing Defect

  __X___ Count IX: Negligent Manufacturing

  __X___ Count X: Breach of Express Warranty

  __X___ Count XI: Breach of the Implied Warranty of Merchantability

    <u>X</u>    Count XII:    Breach of the Implied Warranty of Usability

    <u>X</u>    Count XIII:    Fraud

    <u>X</u>    Count XIV:    Negligent Misrepresentation

    <u>X</u>    Count XV:    Negligence Per Se

    <u>X</u>    Count XVI:    Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

    <u>X</u>    Count XVII:    Unjust Enrichment

    <u>X</u>    Count XVIII:    Loss of Consortium

    <u>X</u>    Count XIX:    Survivorship and Wrongful Death

    <u>X</u>    Count XX:    Medical Monitoring

    <u>X</u>    Count XXI:    Punitive Damages

    <u>X</u>    Count XXII:    Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

11.    As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    <u>X</u>    Count I:    Negligence

    <u>X</u>    Count II:    Strict Liability: Design Defect

    <u>X</u>    Count III:    Negligent Design

    <u>X</u>    Count IV:    Strict Liability: Failure to Warn

    <u>X</u>    Count V:    Negligent Failure to Warn

    <u>X</u>    Count VI:    Negligent Recall

    <u>X</u>    Count VII:    Battery

<u>  X  </u>     Count VIII:    Strict Liability: Manufacturing Defect

<u>  X  </u>     Count IX:      Negligent Manufacturing

<u>  X  </u>     Count X:       Breach of Express Warranty

<u>  X  </u>     Count XI:      Breach of the Implied Warranty of Merchantability

<u>  X  </u>     Count XII:     Breach of the Implied Warranty of Usability

<u>  X  </u>     Count XIII:    Fraud

<u>  X  </u>     Count XIV:     Negligent Misrepresentation

<u>  X  </u>     Count XV:      Negligence Per Se

<u>  X  </u>     Count XVI:     Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

<u>  X  </u>     Count XVII:    Unjust Enrichment

<u>  X  </u>     Count XVIII:   Loss of Consortium

<u>  X  </u>     Count XIX:     Survivorship and Wrongful Death

<u>  X  </u>     Count XX:      Medical Monitoring

<u>  X  </u>     Count XXI:     Punitive Damages

<u>  X  </u>     Count XXII:    Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

<u>  X  </u>     Count I:       Negligence

<u>  X  </u>     Count II:      Strict Liability: Design Defect

<u>  X  </u>     Count III:     Negligent Design

| | | |
|---|---|---|
| X | Count IV: | Strict Liability: Failure to Warn |
| X | Count V: | Negligent Failure to Warn |
| X | Count VI: | Negligent Recall |
| X | Count VII: | Battery |
| X | Count VIII: | Strict Liability: Manufacturing Defect |
| X | Count IX: | Negligent Manufacturing |
| X | Count X: | Breach of Express Warranty |
| X | Count XI: | Breach of the Implied Warranty of Merchantability |
| X | Count XII: | Breach of the Implied Warranty of Usability |
| X | Count XIII: | Fraud |
| X | Count XIV: | Negligent Misrepresentation |
| X | Count XV: | Negligence Per Se |
| X | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| X | Count XVII: | Unjust Enrichment |
| X | Count XVIII: | Loss of Consortium |
| X | Count XIX: | Survivorship and Wrongful Death |
| X | Count XX: | Medical Monitoring |
| X | Count XXI: | Punitive Damages |
| X | Count XXII: | Other [specify below] |

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries,

8

Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

__X___   Count I:        Negligence

__X___   Count II:       Strict Liability: Design Defect

__X___   Count III:      Negligent Design

__X___   Count IV:       Strict Liability: Failure to Warn

__X___   Count V:        Negligent Failure to Warn

__X___   Count VI:       Negligent Recall

__X___   Count VII:      Battery

__X___   Count VIII:     Strict Liability: Manufacturing Defect

__X___   Count IX:       Negligent Manufacturing

__X___   Count X:        Breach of Express Warranty

__X___   Count XI:       Breach of the Implied Warranty of Merchantability

__X___   Count XII:      Breach of the Implied Warranty of Usability

__X___   Count XIII:     Fraud

__X___   Count XIV:      Negligent Misrepresentation

__X___   Count XV:       Negligence Per Se

__X___   Count XVI:      Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

__X___   Count XVII:     Unjust Enrichment

__X___   Count XVIII:    Loss of Consortium

__X___   Count XIX:      Survivorship and Wrongful Death

__X___   Count XX:       Medical Monitoring

__X___   Count XXI:      Punitive Damages

    <u>  X  </u>  Count XXII: Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

  13. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    <u>  X  </u>  Count I:  Negligence

    <u>  X  </u>  Count II:  Strict Liability: Design Defect

    <u>  X  </u>  Count III: Negligent Design

    <u>  X  </u>  Count IV: Strict Liability: Failure to Warn

    <u>  X  </u>  Count V:  Negligent Failure to Warn

    <u>  X  </u>  Count VIII: Strict Liability: Manufacturing Defect

    <u>  X  </u>  Count IX: Negligent Manufacturing

    <u>  X  </u>  Count XIII: Fraud

    <u>  X  </u>  Count XIV: Negligent Misrepresentation

    <u>  X  </u>  Count XVII: Unjust Enrichment

    <u>  X  </u>  Count XVIII: Loss of Consortium

    <u>  X  </u>  Count XIX: Survivorship and Wrongful Death

    <u>  X  </u>  Count XX: Medical Monitoring

    <u>  X  </u>  Count XXI: Punitive Damages

    <u>  X  </u>  Count XXII: Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

14. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    <u>X   </u>   Count I:        Negligence

    <u>X   </u>   Count II:       Strict Liability: Design Defect

    <u>X   </u>   Count III:      Negligent Design

    <u>X   </u>   Count IV:       Strict Liability: Failure to Warn

    <u>X   </u>   Count V:        Negligent Failure to Warn

    <u>X   </u>   Count VIII:     Strict Liability: Manufacturing Defect

    <u>X   </u>   Count IX:       Negligent Manufacturing

    <u>X   </u>   Count XIII:     Fraud

    <u>X   </u>   Count XIV:      Negligent Misrepresentation

    <u>X   </u>   Count XVII:     Unjust Enrichment

    <u>X   </u>   Count XVIII:    Loss of Consortium

    <u>X   </u>   Count XIX:      Survivorship and Wrongful Death

    <u>X   </u>   Count XX:       Medical Monitoring

    <u>X   </u>   Count XXI:      Punitive Damages

    <u>X   </u>   Count XXII:     Other

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

15. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

15(a) At the time Defendants designed, manufactured, marketed, sold, and distributed the

        Philips REMstar CPAP device for use by Plaintiff, Defendants knew of the use for which these devices were intended and impliedly warranted these products to be of merchantable quality and safe for such use and that their design, manufacture, labeling, and marketing complied with all applicable federal requirements.

15(b)    The Philips REMstar CPAP device manufactured and supplied by Defendants were not merchantable quality and were not fit for the ordinary and/or particular purpose for which they were intended as, among other defects, the risks included and unreasonably high risk of developing cancer or other serious illness due to the release of toxic and carcinogenic particles from the device's PE-PUR sound abatement foam.

15(c)    Plaintiff and/or Plaintiff's physician reasonably relied upon the skill and judgment of Defendants as to whether the Philips REMstar CPAP device was of merchantable quality and safe for its intended and particular use and purpose, and upon Defendants' implied warranty as to such matters.

15(d)    Contrary to such warranties, the Philips REMstar CPAP device was not of merchantable quality of safe for its intended and particular use and purpose, because the product was defective when used normally as described above, and/or failed to comply with federal requirements.

15(e)    As a direct and proximate cause of Defendants' breach of implied warranties, Plaintiff has suffered serious physical injury, harm, damages, and economic loss and will continue to suffer such harm, damages, and economic loss in the future and is entitled to compensatory damages in an amount to be proven at trial.

16.    Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

    HEALTH TECHNOLOGY RESOURCES, LLC, a limited liability company organized under and existing under the laws of the State of Illinois and having a principal place of business at 1400 East Lake Cook Road, Suite 170, Buffalo Grove, Illinois 60089.

17.    Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

    X_____ Count I:    Negligence

    X_____ Count II:    Strict Liability: Design Defect

__X___   Count III:     Negligent Design

__X___   Count IV:      Strict Liability: Failure to Warn

__X___   Count V:       Negligent Failure to Warn

__X___   Count VIII:    Strict Liability: Manufacturing Defect

__X___   Count IX:      Negligent Manufacturing

__X___   Count XIII:    Fraud

__X___   Count XIV:     Negligent Misrepresentation

__X___   Count XVII:    Unjust Enrichment

__X___   Count XVIII:   Loss of Consortium

__X___   Count XIX:     Survivorship and Wrongful Death

__X___   Count XX:      Medical Monitoring

__X___   Count XXI:     Punitive Damages

__X___   Count XXII:    Other

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

WHEREFORE, Plaintiff prays for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff may be entitled.

Date: 12/23/2022               By: /s/ David Gallagher
                                   David J. Gallagher

**MOTHERWAY & NAPLETON, LLP.**
Attorneys for Plaintiff
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
(312) 726-2699 – PHONE
(312) 726-6851 – FAX
Atty. No. 56421
ARDC No. 6294250