IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| This Document Relates To:<br><br>Amended Master Long Form Complaint for Personal Injuries and Damages, and Demand For Jury Trial (ECF No. 834) | (Oral Argument Requested) |

**PHILIPS RS NORTH AMERICA LLC'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Philips RS North America LLC ("Respironics"), through its undersigned counsel, respectfully moves to dismiss Plaintiffs' Amended Master Long Form Complaint for Personal Injuries and Damages, and Demand for Jury Trial (ECF No. 834) (the "PIAC"), pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. As set forth more fully in the accompanying Memorandum of Law ("Mem.") (including the Citation Tables appended thereto),[1] and the accompanying Exhibits A-D, Respironics moves to dismiss the PIAC in its entirety with prejudice.[2] More particularly, Respironics moves to dismiss the PIAC on the following grounds:

i. Dismissal of all claims (**Counts I *through* XXI**) with prejudice under Rule 12(b)(6) for failure to state a claim or a basis for standing to state a claim because the PIAC does not allege that any particular Plaintiff suffered an injury-in-fact, and the Master Short Form

---

[1] In accordance with the Court's August 16 and November 16, 2022 Orders (ECF Nos. 685, 868), Respironics has appended to its Memorandum a set of citation tables ("Citation Tables") that provide citation to supporting authority by jurisdiction.

[2] Any dismissal should be with prejudice because Plaintiffs cannot cure the PIAC's numerous legal deficiencies through repleading. *See Tatel v. Mt. Lebanon Sch. Dist.*, No. CV 22-837, 2022 WL 15523185, at *7 (W.D. Pa. Oct. 27, 2022) (Conti, J.).

|     | |
| --- | --- |
|     | Complaint does not require or invite individual Plaintiffs to allege, *inter alia*, that any particular Plaintiff has suffered an actionable injury as a result of using a recalled device. *See* Mem. Section I. |
| ii. | Dismissal of all claims (**Counts I *through* XXI**) asserted under the laws of Connecticut, Hawaii, Iowa, Maine, Nevada, New Hampshire, New Mexico, North Dakota, Rhode Island, South Dakota, Vermont, Wisconsin, Wyoming, the District of Columbia, and any U.S. territory except Puerto Rico and the U.S. Virgin Islands, with prejudice under Rule 12(b)(6), because no Plaintiff has filed a Short Form complaint asserting claims under those jurisdictions' laws. *See* Mem. Section I.B. |
| iii. | Dismissal of Plaintiffs' failure to warn, negligence, fraud, negligent misrepresentation, unjust enrichment, and consumer protection claims (**Counts I, IV, V, XIII, XIV, XVI, *and* XVII**) with prejudice under Rules 12(b)(6) and 9(b) pursuant to the learned intermediary doctrine. *See* Mem. Section II. |
| iv. | Dismissal of Plaintiffs' negligence, implied warranty, fraud, unjust enrichment, and consumer protection claims (**Counts I, III, V, VI, IX, XIII, *and* XIV *through* XVII**) with prejudice under Rule 12(b)(6) because these claims are preempted by federal law. *See* Mem. Section III.A-C. |
| v. | Dismissal of Plaintiffs' negligent recall/negligent failure to recall claim (**Count VI**), and all other claims predicated on negligent recall allegations, with prejudice under Rule 12(b)(6) pursuant to the primary jurisdiction doctrine. *See* Mem. Section III.D. |
| vi. | Dismissal of Plaintiffs' negligent recall/negligent failure to recall claim (**Count VI**) under the laws of Alaska, Illinois, Indiana, Mississippi, Missouri, Nebraska, Ohio, Oklahoma, Pennsylvania, and Texas, with prejudice under Rule 12(b)(6), because those jurisdictions |

        do not recognize "negligent failure to recall" as an independent cause of action. *See* Mem. Section IV.

  vii. Dismissal of Plaintiffs' negligent recall/negligent failure to recall claim (**Count VI**) with prejudice under Rule 12(b)(6) because Plaintiffs allege that Respironics did, in fact, initiate a recall. *See* Mem. Section IV.

  viii. Dismissal of Plaintiffs' negligence, strict liability, express warranty,[3] implied warranty, battery, loss of consortium, wrongful death, medical monitoring, punitive damages, fraud, and consumer protection[4] claims (**Counts I *through* XVI, *and* XVIII *through* XXI**) under the laws of Connecticut, Indiana, Kansas, Louisiana, Mississippi, New Jersey, Ohio, Tennessee, and Washington, with prejudice under Rule 12(b)(6), because those jurisdictions' products liability acts subsume and, thereby, foreclose common law causes of action claiming physical harm to person or property resulting from an allegedly defective product. *See* Mem. Section V.

  ix. Dismissal of Plaintiffs' express warranty claim (**Count X**) with prejudice under Rule 12(b)(6) on the *independent* grounds that:

    a. Plaintiffs allege a design defect that is not covered by Respironics' "workmanship and materials" limited warranty (*see* Mem. Section VI.A);

    b. Plaintiffs have not pled that any defect manifested in their particular devices, or that they notified Respironics of any such defect (*see* Mem. Section VI.A);

    c. Plaintiffs seek consequential damages that Respironics' warranty specifically disclaims (*see* Mem. Section VI.B); and

---

[3] Except in New Jersey. *See* Citation Table B(1).
[4] Except in Mississippi, Tennessee, and Washington. *See* Citation Table B(1)-(2).

      d.  No Plaintiff alleges Respironics breached its warranty by failing to repair or replace their device (*see* Mem. Section VI.B).

x. Dismissal of Plaintiffs' implied warranty claims (**Counts XI *and* XII**) under the laws of Alabama, Arizona, Arkansas, California, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Missouri, Montana, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin, with prejudice under Rule 12(b)(6), because these claims fall outside of the imputed two-year warranty period.  *See* Mem. Section VI.C.

xi. Dismissal of Plaintiffs' implied warranty claims (**Counts XI *and* XII**) under the laws of Arizona, Florida, Georgia, Idaho, Kentucky, Oregon, and Wisconsin, with prejudice under Rule 12(b)(6), for lack of direct vertical privity.  *See* Mem. Section VI.D.

xii. Dismissal of Plaintiffs' implied warranty claims (**Counts XI *and* XII**) under Pennsylvania law, with prejudice under Rule 12(b)(6), because Pennsylvania bars implied warranty claims for prescription medical devices.  *See* Mem. Section VI.E.

xiii. Dismissal of Plaintiffs' express and implied warranty claims (**Counts X *through* XII**) under the laws of Alabama, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Vermont, Virginia, and Wisconsin, with prejudice under Rule 12(b)(6), for lack of pre-suit notice.  *See* Mem. Section VI.F.

xiv. Dismissal of Plaintiffs' strict liability claims (**Counts II, IV, *and* VIII**) under Delaware, North Carolina, and Virginia law, with prejudice under Rule 12(b)(6), because those states preclude product liability claims based on a strict liability theory. *See* Mem. Section VII.A.

xv. Dismissal of Plaintiffs' strict liability design defect claim (**Count II**) under the laws of California, the District of Columbia, Indiana, Iowa, Maryland, Massachusetts, Montana, New Mexico, New York, Ohio, Pennsylvania, South Dakota, Tennessee, Texas, and Wyoming, with prejudice under Rule 12(b)(6), because those jurisdictions have adopted the Restatement (Second) of Torts 402A, comment *k*, which precludes claims for injuries under a strict liability defective design theory against manufacturers of prescription medical devices. *See* Mem. Section VII.B.

xvi. Dismissal of Plaintiffs' strict liability manufacturing defect claim (**Count VIII**) with prejudice under Rule 12(b)(6) because the claim is predicated on allegedly defective manufacturing of the Trilogy *EVO* ventilator—a device that is not defined as a "Recalled Device" in the PIAC and is also outside the scope of devices that are the subject of this MDL. *See* Mem. Section VII.C.

xvii. Dismissal of Plaintiffs' negligent manufacturing claim (**Count IX**) with prejudice under Rule 12(b)(6) for want of allegations of negligent manufacturing, as Count IX mislabels an alleged design defect as a manufacturing defect. *See* Mem. Section VIII.

xviii. Dismissal of Plaintiffs' fraud and negligent misrepresentation claims (**Counts XIII *and* XIV**) with prejudice under Rules 12(b)(6) and 9(b) because Plaintiffs have, *inter alia*, failed to allege facts, let alone particularized facts under the applicable rigorous pleading standard, demonstrating (i) any misrepresentation by Respironics, or (ii) reliance on any

such misrepresentation, or that any such misrepresentation caused them to act differently than they otherwise would have.  *See* Mem. Section IX.A.

xix. Dismissal of Plaintiffs' fraud claim (**Count XIII**) under the laws of Alabama, Arkansas, Connecticut, Florida, Georgia, Illinois, Maryland, Massachusetts, Mississippi, New Jersey, Nevada, Ohio, Oregon, Pennsylvania, South Carolina, South Dakota, Texas, and Virginia, with prejudice under Rules 12(b)(6) and 9(b), for failure to allege a confidential or fiduciary relationship with Respironics as required to establish a duty to disclose in those jurisdictions.  *See* Mem. Section IX.A.

xx. Dismissal of Plaintiffs' negligent misrepresentation claim (**Count XIV**) under the laws of Delaware, Georgia, Iowa, Illinois, Massachusetts, Mississippi, New Jersey, Nevada, New York, Ohio, North Carolina, Oregon, Pennsylvania, South Carolina, South Dakota, and Texas, with prejudice under Rules 12(b)(6) and 9(b), for failure to allege a confidential or fiduciary relationship with Respironics as required to establish a duty to disclose in those jurisdictions.  *See* Mem. Section IX.A.

xxi. Dismissal of Plaintiffs' negligent misrepresentation claim (**Count XIV**) under the laws of Arkansas, Idaho, Indiana, Florida, Maine, Minnesota, North Carolina, and Virginia, with prejudice under Rule 12(b)(6), because those states either do not recognize an independent cause of action for negligent misrepresentation or limit such causes of action to recovery of pecuniary losses related to business transactions—not the sort of physical harm alleged here.  *See* Mem. Section IX.B.

xxii. Dismissal of Plaintiffs' state consumer protection law claim (**Count XVI**) with prejudice under Rules 12(b)(6) and 9(b) because Plaintiffs' allegations in support of this claim are conclusory, seek to invoke specific state statutory claims by mere reference to their citation

and fundamentally fail to address much less comply with the rigorous pleading standards of and particularity required by Rule 9(b) and the state consumer protection statutes the PIAC seeks to invoke. *See* Mem. Section X.

xxiii. Dismissal of Plaintiffs' state consumer protection law claim (**Count XVI**) under the laws of Alaska, Colorado, Connecticut, Georgia (FBPA/UDTPA), Illinois (UDTPA), Maine (UDTPA), Massachusetts, Michigan, Nebraska (CPA), New Mexico, Oklahoma, and Rhode Island, with prejudice under Rule 12(b)(6), because the statutes at issue (akin to preemption considerations that foreclose all state consumer protection claims) preclude claims in areas that are subject to regulatory oversight. *See* Mem. Section X.A.

xxiv. Dismissal of Plaintiffs' state consumer protection law claim (**Count XVI**) under the laws of Alabama, Arizona, Arkansas, California (UCL/CLRA/FAL), Colorado, Connecticut, Georgia (FBPA), Hawaii, Illinois (CFA), Indiana, Kentucky, Louisiana (UTPCPL), Maryland, Massachusetts, Minnesota (PCFA), Mississippi, Missouri, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah (CSPA), Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming, with prejudice under Rules 12(b)(6) and 9(b), because the statutes at issue require allegations of causation and/or reliance, neither of which Plaintiffs allege. *See* Mem. Section X.A.

xxv. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under the laws of Alabama, Arizona, Arkansas, Colorado, Illinois (CFA), Iowa, Kansas, Kentucky, Maryland, Nevada, New Mexico, North Dakota, Oklahoma, Pennsylvania, South Dakota, Utah (CSPA), Virginia, Wisconsin, and Wyoming, with prejudice under Rules 12(b)(6)

and 9(b), because the statutes at issue require specific allegations of scienter, which Plaintiffs fail to make. *See* Mem. Section X.A.

xxvi. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under the laws of Alaska, Florida (DUTPA), Hawaii, Iowa, Maine (UTPA), Nebraska (CPA), New Mexico, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, and Washington, with prejudice under Rule 12(b)(6), because the statutes at issue preclude recovery for personal injury—the sole form of claim the PIAC seeks to assert. *See* Mem. Section X.B.

xxvii. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under the laws of Delaware (UDTPA), Georgia (UDTPA), Illinois (UDTPA), Maine (UDTPA) and Nebraska (UDTPA), with prejudice under Rule 12(b)(6), because those jurisdictions' statutes preclude private rights of action for damages. *See* Mem. Section X.B.

xxviii. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under the laws of Alabama, Arizona, the District of Columbia, Georgia (FBPA), Idaho, Kentucky, Maine (UTPA), Mississippi, Missouri, New Mexico, Pennsylvania, Rhode Island, Tennessee, Vermont, and West Virginia, with prejudice under Rule 12(b)(6), because a private right of action for claims under those jurisdictions' statutes is afforded only to direct purchasers of goods or services or where there is privity between the parties. *See* Mem. Section X.B.

xxix. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under the laws of Alabama, Alaska, California (CLRA), the District of Columbia, Georgia (FBPA), Hawaii, Illinois (CFA), Indiana, Kentucky, Louisiana (UTPCPL), Maine (UTPA), Maryland, Michigan, Mississippi, Missouri, Montana, Ohio, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, West Virginia, and Wyoming, with prejudice under Rule 12(b)(6), because those jurisdictions limit the application of their consumer protection statutes to

purchases or leases of goods for personal, family, or household uses, which prescription medical devices, as a matter of law, are not. *See* Mem. Section X.B.

xxx. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under the laws of Arizona, Connecticut, Delaware (CFA), the District of Columbia, Florida (DUTPA), Georgia (FBPA), Idaho, Illinois (UDTPA), Kansas, Massachusetts, Minnesota (PCFA), Missouri, Nebraska (UDTPA), Nevada, New Hampshire, New York, Ohio, Oklahoma, South Carolina, Tennessee, and Texas, with prejudice under Rule 12(b)(6), because those jurisdictions' statutes require that, in order to state a consumer protection claim, the conduct at issue must have occurred within the state, or in some cases, primarily and substantially within the state, but Plaintiffs fail to make such allegations with respect to any of those jurisdictions. *See* Mem. Section X.B.

xxxi. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under the laws of Alabama, Alaska, California (CLRA), Georgia (FBPA), Indiana, Maine (UTPA), Massachusetts, Texas, Utah (TIA), West Virginia, and Wyoming, with prejudice under Rule 12(b)(6), because in those jurisdictions, timely service of compliant pre-suit notice is a condition precedent to filing suit. *See* Mem. Section X.B.

xxxii. Dismissal of Plaintiffs' consumer protection law claim (**Count XVI**) under Alabama law, with prejudice under Rule 12(b)(6), because claims under Alabama's consumer protection statute are not permitted unless all other related claims are waived. *See* Mem. Section X.B.

xxxiii. Dismissal of Plaintiffs' unjust enrichment claim (**Count XVII**) with prejudice under Rule 12(b)(6) because:

    a. Plaintiffs do not allege that they paid for a product that they did not receive; and

    b. Plaintiffs have adequate remedies at law. *See* Mem. Section XI.

xxxiv.  Dismissal of Plaintiffs' unjust enrichment claim (**Count XVII**) under the laws of Alabama, Alaska, Arkansas, California, Connecticut, Delaware, the District of Columbia, Florida, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia, with prejudice under Rule 12(b)(6), because in those jurisdictions, unjust enrichment claims cannot be maintained (even in the alternative) where a contract or, as here, an express warranty, governs the subject of the dispute.  *See* Mem. Section XI.

xxxv.  Dismissal of Plaintiffs' unjust enrichment claim (**Count XVII**) under the laws of Alabama, Idaho, Michigan, New Jersey, North Dakota, Ohio, South Carolina, and Wisconsin, with prejudice under Rule 12(b)(6), because in those jurisdictions, unjust enrichment claims cannot be maintained where, as here, the plaintiff did not purchase the product directly from, and thus conferred no direct benefit on, the defendant.  *See* Mem. Section XI.

xxxvi.  Dismissal of Plaintiffs' unjust enrichment claim (**Count XVII**) under the laws of California, Massachusetts, and Texas, with prejudice under Rule 12(b)(6), because unjust enrichment is not an independent cause of action in those states.  *See* Mem. Section XI.

xxxvii.  Dismissal of Plaintiffs' battery claim (**Count VII**) with prejudice under Rule 12(b)(6) because Plaintiffs have not pled facts plausibly alleging that Respironics intended to commit battery.  *See* Mem. Section XII.

xxxviii.  Dismissal of Plaintiffs' negligence *per se* claim (**Count XV**) under the laws of Alabama, Arizona, Arkansas, California, Hawaii, Illinois, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico,

10

|||
|---|---|
| | Oregon, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, Virginia, Washington, and Wisconsin, with prejudice under Rule 12(b)(6), because negligence *per se* is not an independent cause of action in those jurisdictions.  *See* Mem. Section XIII. |
| xxxix. | Dismissal of Plaintiffs' medical monitoring claim (**Count XX**) under the laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, Wisconsin, and Wyoming, with prejudice under Rule 12(b)(6), because medical monitoring is not an independent cause of action in those jurisdictions.  *See* Mem. Section XIV. |
| xl. | Dismissal of Plaintiffs' punitive damages claim (**Count XXI**) with prejudice under Rule 12(b)(6) because punitive damages are a remedy, not an independent cause of action.  *See* Mem. Section XV. |
| xli. | Dismissal of Plaintiffs' loss of consortium and survivorship and wrongful death claims (**Counts XVIII and XIX**) with prejudice under Rule 12(b)(6) because those claims are derivative of Plaintiffs' other causes of action, which fail for the reasons stated above. |

WHEREFORE, Defendant Respironics seeks dismissal with prejudice of all Counts on the separate and independent grounds set out above, and such other and further relief as the Court deems just and proper.

Dated:  January 6, 2023

Respectfully Submitted,

/s/ *John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 6, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

                                              /s/ *John P. Lavelle, Jr.*
                                              John P. Lavelle Jr. (PA54279)
                                              MORGAN, LEWIS & BOCKIUS LLP
                                              1701 Market Street
                                              Philadelphia, PA 19103-2921
                                              Tel: 215.963.5000