IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | Master Docket:  No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| This Document Relates To:<br><br>Consolidated Second Amended Class Action Complaint for Medical Monitoring (ECF No. 815) | (Oral Argument Requested) |

**PHILIPS RS NORTH AMERICA LLC'S MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT FOR MEDICAL MONITORING FOR FAILURE TO STATE A CLAIM**

Defendant Philips RS North America LLC ("Respironics"), through its undersigned counsel, respectfully moves to dismiss Plaintiffs' Consolidated Second Amended Class Action Complaint for Medical Monitoring (ECF No. 815) (the "MMSAC" or "Second Amended Medical Monitoring Complaint") in its entirety with prejudice pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.[1]  Respironics bases this motion on the accompanying Memorandum of Law (including the Citation Tables appended thereto),[2] as well as Respironics' Motion to Dismiss the Third Amended Economic Loss Complaint for Failure to State a Claim, and

---

[1] Any dismissal should be with prejudice because the MMSAC represents Plaintiffs' second failed attempt to plead their medical monitoring claims, and Plaintiffs cannot cure the substantial deficiencies through repleading.  *See Tatel v. Mt. Lebanon Sch. Dist.*, No. CV 22-837, 2022 WL 15523185, at *7 (W.D. Pa. Oct. 27, 2022) (Conti, J.).  Regardless, further leave to amend should not be granted absent a specific proffer by Plaintiffs establishing their ability to plead a cognizable claim.

[2] In accordance with the Court's August 16 and November 16, 2022 Orders (ECF Nos. 685, 868), Respironics has appended to its Memorandum a set of citation tables ("Citation Tables") that provide citation to supporting authority by jurisdiction.

1

its incorporated memorandum of law (ECF Nos. 915 and 916) ("Economic Loss Brief") and Respironics' Motion to Dismiss Amended Master Long Form Compliant for Personal Injuries and Damages for Failure to State a Claim, and incorporated memorandum of law (ECF Nos. 1345 and 1346) ("Personal Injury Brief").[3]

More particularly, Respironics moves to dismiss the MMSAC on the following grounds:

***Grounds for Dismissal of Claims Unique to Second Amended Medical Monitoring Complaint***

i. Dismissal of all claims for medical monitoring, *see* Prayer at (e), of the following Plaintiffs[4] with prejudice under Rule 12(b)(6) because they fail to allege present physical injury, a required element of a medical monitoring claim under applicable state law. *See* Mem. of Law at Section IV.A.1.

   1. Drew Pendleton (Arizona)
   2. Russell Autry (Arkansas)
   3. Deanna Melcher (Arkansas)
   4. Sylvia McDaniel (Colorado)
   5. Jim Wolff (Colorado)
   6. Jill Leavenworth (Connecticut)
   7. Jose Toscano (Connecticut)
   8. Jeffrey Boyle (Delaware)
   9. Andrew Fisher (Georgia)
   10. Brian McCarty (Hawaii)

---

[3] Plaintiffs' causes of action in the MMSAC substantially overlap and largely repeat the allegations of their other master complaints. Consolidated Third Amended Class Action Complaint for Economic Losses (ECF No. (785)); Amended Master Long Form Complaint for Personal Injuries and Damages, and Demand for Jury Trial (ECF No. (834)). As set out in Respironics' motions to dismiss those other complaints, Plaintiffs' causes of action fail for reasons separate and apart from the unavailability of the remedies Plaintiffs seek in the MMSAC. Accordingly, Respironics hereby incorporates by reference the applicable arguments from its other motions to dismiss as if set forth in full herein.

[4] Several Plaintiffs allege facts implicating multiple states but do not clarify which state's law governs their claim(s), thereby attempting to put the burden on Defendants and the Court to do so. *See*, *e.g.*, MMSAC ¶ 26. For purposes of this motion, Respironics assumes these Plaintiffs are asserting claims under the laws of each state they identify in the MMSAC. No choice of law analysis is required, however, because Plaintiffs fail to state a claim under the laws of any of the identified states.

11. Michael Wheeler (Idaho)
12. Drew Pendleton (Idaho)
13. Danny Baran (Illinois)
14. Debra Wilson (Illinois)
15. Brian McCarty (Illinois)
16. Michael Dusza (Indiana)
17. Steve Abarr (Iowa)
18. Sharon Cathers (Kansas)
19. Andrew Fisher (Kansas)
20. Doris Margoles (Maine)
21. Prinna Boudreau (Minnesota)
22. Danny David (Montana)
23. Boniface Mills (Nebraska)
24. Christopher Glaub (Nebraska)
25. Sabrina Malone (New Hampshire)
26. Aaron Taylor (New Jersey)
27. Joe David Dennett (New Mexico)
28. Beth Rodgers (New Mexico)
29. Hugo Barragan (New York)
30. Sonia Diaz (New York)
31. Bruce Ginsberg (New York)
32. Doris Margoles (North Carolina)
33. Jeffrey Bartalo (North Carolina)
34. Deana King (North Carolina)
35. Rachel Hock (Ohio)
36. Doris Margoles (Ohio)
37. Chad Wells (Oklahoma)
38. Patrick Nielson (Oregon)
39. Antonio Perez Bonano (Puerto Rico)
40. Diane Lamontagne (Rhode Island)
41. Sonia Diaz (South Carolina)
42. Stephen Flannery (South Carolina)
43. Susan Bakaitis (Tennessee)
44. Jeffrey Kemp (Tennessee)
45. Sabrina Malone (Texas)
46. Sarah Claunch (Texas)
47. Paul Panzera (Texas)
48. Beth Rodgers (Virginia)
49. Madaline Harbor (Virginia)
50. Elizabeth Heilman (Virginia)
51. Cameron Rose (Virginia)
52. Drew Pendleton (Washington)
53. Jose Lopez (Washington)
54. Robert Peebles (Washington)

ii. Dismissal of all claims for medical monitoring, *see* Prayer at (e), of Massachusetts Plaintiff Peter Bellotti with prejudice under Rule 12(b)(6) because his naked formulaic allegations of "subcellular injury or other physiological changes" are insufficient to state a claim for relief in Massachusetts.  *See* Mem. of Law at Section IV.A.2.

iii. Dismissal of all claims for medical monitoring, *see* Prayer at (e), with prejudice under Rule 12(b)(6) because Plaintiffs fail to allege (among other things): (i) significant exposure; (ii) a threshold level of exposure that creates an increased risk of future disease; (iii) an increased risk of any particular serious latent disease; or (iv) any specific medical monitoring program designed to detect a specific latent disease.  *See* Mem. of Law at Section IV.A.3.

iv. Dismissal of the medical monitoring cause of action (**Count 4**) of the following Plaintiffs with prejudice under Rule 12(b)(6), because medical monitoring is not an independent cause of action under the laws of Connecticut, Colorado, Delaware, Montana, or New Hampshire.  *See* Mem. of Law at Section IV.A.4; *see also* Personal Injury Brief at Section XIV.

   1. Sylvia McDaniel (Colorado)
   2. Jim Wolff (Colorado)
   3. Jill Leavenworth (Connecticut)
   4. Jose Toscano (Connecticut)
   5. Jeffrey Boyle (Delaware)
   6. Danny David (Montana)
   7. Sabrina Malone (New Hampshire)

v. Dismissal of all requests for an order requiring Defendants to fund a "Science Panel," *see* Prayer at (f), with prejudice under Rule 12(b)(6) as it is not an available form of relief.  *See* Mem. of Law at Section IV.B.

vi. Dismissal of all claims for a declaratory judgment under the Declaratory Judgement Act (**Count 15**) with prejudice under Rule 12(b)(6) because Plaintiffs' claims are predicated

on Respironics' alleged past conduct and claims based on past conduct cannot be adjudicated via the Declaratory Judgment Act.  *See* Mem. of Law at Section IV.C.

vii. Dismissal of the Product Liability Act claims (**Count 14**) asserted under the laws of Connecticut, Indiana, Kansas, New Jersey, Ohio, Tennessee, and Washington with prejudice under Rule 12(b)(6) because each state's product liability act requires plaintiffs to allege a manifest personal injury, which Plaintiffs have failed to allege in the MMSAC. *See* Mem. of Law at Sections IV.A.1 and IV.D; *see also supra* ¶ (i).

1. Jill Leavenworth (Connecticut)
2. Jose Toscano (Connecticut)
3. Michael Dusza (Indiana)
4. Sharon Cathers (Kansas)
5. Andrew Fisher (Kansas)
6. Aaron Taylor (New Jersey)
7. Rachel Hock (Ohio)
8. Doris Margoles (Ohio)
9. Susan Bakaitis (Tennessee)
10. Jeffrey Kemp (Tennessee)
11. Drew Pendleton (Washington)
12. Jose Lopez (Washington)
13. Robert Peebles (Washington)

viii. Dismissal of all implied warranty claims (**Counts 10** *and* **11**) as expressly invoked under the laws of Alabama, Alaska, Kentucky, Louisiana, Michigan, Mississippi, North Dakota, South Dakota, Wisconsin and Wyoming with prejudice under Rule 12(b)(6) for lack of standing because the MMSAC fails to identify Plaintiffs in these jurisdictions.  *See* Mem. of Law at Section IV.E.

ix. Dismissal of all claims (**Counts 1** *through* **15**) with prejudice under Rule 12(b)(6) for failure to state a claim or a basis for standing to state a claim because the MMSAC does not allege that any particular Plaintiff suffered an injury-in-fact.

*Grounds for Dismissal of Claims Overlapping Third Amended Economic Loss Complaint and/or Amended Personal Injury Complaint*

x.  Dismissal of all negligence, negligent misrepresentation, failure to warn, and fraud claims (**Counts 1, 3, 8** *and* **13**) with prejudice under Rules 12(b)(6) and 9(b) pursuant to the learned intermediary doctrine. *See* Personal Injury Brief Section II.

xi.  Dismissal of all negligence, implied warranty, and fraud claims (**Counts 1, 6, 8, 9,** *and* **13**) with prejudice under Rule 12(b)(6) because these claims are preempted by federal law. *See* Personal Injury Brief Section III.A-C.

xii.  Dismissal of all negligent failure to recall/negligent recall claims (**Count 9**), and all other claims purporting to regulate Respironics' voluntary recall, with prejudice under Rule 12(b)(6) pursuant to the primary jurisdiction doctrine. *See* Personal Injury Brief Section III.D.

xiii.  Dismissal of the negligent recall/negligent failure to recall claims (**Count 9**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because the applicable jurisdictions do not recognize "negligent failure to recall" as an independent cause of action. *See* Personal Injury Brief Section IV.

1. Danny Baran (Illinois)
2. Debra Wilson (Illinois)
3. Brian McCarty (Illinois)
4. Michael Dusza (Indiana)
5. Andrew Fisher (Missouri)
6. John Young (Missouri)
7. Boniface Mills (Nebraska)
8. Christopher Glaub (Nebraska)
9. Rachel Hock (Ohio)
10. Doris Margoles (Ohio)
11. Chad Wells (Oklahoma)
12. Arthur Hibbard (Pennsylvania)
13. Joseph Hoffman (Pennsylvania)
14. Marilyn Sweeney (Pennsylvania)
15. Sabrina Malone (Texas)
16. Sarah Claunch (Texas)

      17. Paul Panzera (Texas)

xiv. Dismissal of all negligent recall/negligent failure to recall claims (**Count 9**) with prejudice under Rule 12(b)(6) because Plaintiffs allege that Respironics did, in fact, initiate a recall. *See* Personal Injury Brief Section IV.

xv. Dismissal of the negligence, strict liability, express warranty, implied warranty, medical monitoring and common law fraud claims (**Counts 1** *through* **13**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because these claims are subsumed by the product liability acts of Connecticut, Indiana, Kansas, New Jersey, Ohio, Tennessee and Washington. *See* Personal Injury Brief Section V.

1. Jill Leavenworth (Connecticut)
2. Jose Toscano (Connecticut)
3. Michael Dusza (Indiana)
4. Sharon Cathers (Kansas)
5. Andrew Fisher (Kansas)
6. Aaron Taylor (New Jersey)
7. Rachel Hock (Ohio)
8. Doris Margoles (Ohio)
9. Susan Bakaitis (Tennessee)
10. Jeffrey Kemp (Tennessee)
11. Drew Pendleton (Washington)
12. Jose Lopez (Washington)
13. Robert Peebles (Washington)

xvi. Dismissal of all express warranty claims (**Count 12**) with prejudice under Rule 12(b)(6) on the independent grounds that:

    a. Plaintiffs allege a design defect that is not covered by Respironics' "workmanship and materials" limited warranty;

    b. Plaintiffs have not pled that any defect manifested in their particular devices, or that they notified Respironics of any such defect;

    c. Plaintiffs seek alleged economic losses and consequential damages that Respironics' warranty specifically disclaims; and

   d. No Plaintiff alleges Respironics breached its warranty by failing to repair or replace their device.

*See* Economic Loss Brief Section III.A; Personal Injury Brief Section VI.

xvii. Dismissal of the implied warranty claims (**Counts 10** *and* **11**) of the following Plaintiffs with prejudice under Rule 12(b)(6) for lack of direct vertical privity as required under applicable state law. *See* Economic Loss Brief Section III.B.1.

1. Drew Pendleton (Arizona)
2. Tara Fields (Florida)
3. Dennis Morris (Florida)
4. Randy Paris (Florida)
5. Andrew Fisher (Georgia)
6. Michael Wheeler (Idaho)
7. Drew Pendleton (Idaho)
8. Steve Abarr (Iowa)
9. Hugo Barragan (New York)
10. Sonia Diaz (New York)
11. Bruce Ginsberg (New York)
12. Doris Margoles (North Carolina)
13. Jeffrey Bartalo (North Carolina)
14. Deana King (North Carolina)
15. Rachel Hock (Ohio)
16. Doris Margoles (Ohio)
17. Patrick Nielson (Oregon)
18. Susan Bakaitis (Tennessee)
19. Jeffrey Kemp (Tennessee)
20. David Martin (Vermont)

xviii. Dismissal of the implied warranty claims (**Counts 10** *and* **11**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because they fail to plead that they asserted claims within the imputed two-year warranty period under applicable state law. *See* Economic Loss Brief Section III.B.2; Personal Injury Brief Section VI.C.

1. Drew Pendleton (Arizona)
2. Russell Autry (Arkansas)
3. Deanna Melcher (Arkansas)
4. Paul Bailey (California)
5. Christine DiJohn (California)
6. Patrick Nielson (California)

7. Sylvia McDaniel (Colorado)
8. Jim Wolff (Colorado)
9. Jeffrey Boyle (Delaware)
10. Tara Fields (Florida)
11. Dennis Morris (Florida)
12. Randy Paris (Florida)
13. Andrew Fisher (Georgia)
14. Danny Baran (Illinois)
15. Debra Wilson (Illinois)
16. Brian McCarty (Illinois)
17. Michael Dusza (Indiana)
18. Peter Bellotti (Massachusetts)
19. Prinna Boudreau (Minnesota)
20. Andrew Fisher (Missouri)
21. John Young (Missouri)
22. Danny David (Montana)
23. Aaron Taylor (New Jersey)
24. Hugo Barragan (New York)
25. Sonia Diaz (New York)
26. Bruce Ginsberg (New York)
27. Doris Margoles (North Carolina)
28. Jeffrey Bartalo (North Carolina)
29. Deana King (North Carolina)
30. Rachel Hock (Ohio)
31. Doris Margoles (Ohio)
32. Chad Wells (Oklahoma)
33. Arthur Hibbard (Pennsylvania)
34. Joseph Hoffman (Pennsylvania)
35. Marilyn Sweeney (Pennsylvania)
36. Sonia Diaz (South Carolina)
37. Stephen Flannery (South Carolina)
38. Susan Bakaitis (Tennessee)
39. Jeffrey Kemp (Tennessee)
40. Sabrina Malone (Texas)
41. Sarah Claunch (Texas)
42. Paul Panzera (Texas)
43. David Martin (Vermont)
44. Beth Rodgers (Virginia)
45. Madaline Harbor (Virginia)
46. Elizabeth Heilman (Virginia)
47. Cameron Rose (Virginia)
48. Drew Pendleton (Washington)
49. Jose Lopez (Washington)
50. Robert Peebles (Washington)
51. Dennis Caling (West Virginia)
52. Brent Hamlin (West Virginia)

xix. Dismissal of the implied warranty claims (**Counts 5 *and* 6**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because Pennsylvania bars implied warranty claims for prescription medical devices.  *See* Economic Loss Brief Section III.B.3; Personal Injury Brief Section VI.E.

1. Arthur Hibbard (Pennsylvania)
2. Joseph Hoffman (Pennsylvania)
3. Marilyn Sweeney (Pennsylvania)

xx. Dismissal of the express and implied warranty claims (**Counts 10, 11 *and* 12**) of the following Plaintiffs with prejudice under Rule 12(b)(6) for failure to provide the requisite pre-suit notice. *See* Economic Loss Brief Section III.E; Personal Injury Brief Section VI.F.

1. Russell Autry (Arkansas)
2. Deanna Melcher (Arkansas)
3. Paul Bailey (California)
4. Christine DiJohn (California)
5. Patrick Nielson (California)
6. Sylvia McDaniel (Colorado)
7. Jim Wolff (Colorado)
8. Jill Leavenworth (Connecticut)
9. Jose Toscano (Connecticut)
10. Jeffrey Boyle (Delaware)
11. Tara Fields (Florida)
12. Dennis Morris (Florida)
13. Randy Paris (Florida)
14. Andrew Fisher (Georgia)
15. Michael Wheeler (Idaho)
16. Drew Pendleton (Idaho)
17. Danny Baran (Illinois)
18. Debra Wilson (Illinois)
19. Brian McCarty (Illinois)
20. Michael Dusza (Indiana)
21. Steve Abarr (Iowa)
22. Wilbert Cotton (Maryland)
23. Quinton Goodall (Maryland)
24. Peter Bellotti (Massachusetts)
25. Prinna Boudreau (Minnesota)
26. Andrew Fisher (Missouri)
27. John Young (Missouri)
28. Danny David (Montana)
29. Elizabeth Lemus (Nevada)

      30. Sabrina Malone (New Hampshire)
      31. Aaron Taylor (New Jersey)
      32. Joe David Dennett (New Mexico)
      33. Beth Rodgers (New Mexico)
      34. Hugo Barragan (New York)
      35. Sonia Diaz (New York)
      36. Bruce Ginsberg (New York)
      37. Doris Margoles (North Carolina)
      38. Jeffrey Bartalo (North Carolina)
      39. Deana King (North Carolina)
      40. Rachel Hock (Ohio)
      41. Doris Margoles (Ohio)
      42. Patrick Nielson (Oregon)
      43. Arthur Hibbard (Pennsylvania)
      44. Joseph Hoffman (Pennsylvania)
      45. Marilyn Sweeney (Pennsylvania)
      46. Sonia Diaz (South Carolina)
      47. Stephen Flannery (South Carolina)
      48. Susan Bakaitis (Tennessee)
      49. Jeffrey Kemp (Tennessee)
      50. Sabrina Malone (Texas)
      51. Sarah Claunch (Texas)
      52. Paul Panzera (Texas)
      53. Drew Pendleton (Utah)
      54. Martin Humphries (Utah)
      55. David Martin (Vermont)
      56. Beth Rodgers (Virginia)
      57. Madaline Harbor (Virginia)
      58. Elizabeth Heilman (Virginia)
      59. Cameron Rose (Virginia)

xxi.    Dismissal of the strict liability claims (**Counts 5** *and* **7**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because Delaware, North Carolina and Virginia preclude product liability claims based on a theory of strict liability. *See* Personal Injury Brief Section VII.A.

      1. Jeffrey Boyle (Delaware)
      2. Doris Margoles (North Carolina)
      3. Jeffrey Bartalo (North Carolina)
      4. Deana King (North Carolina)
      5. Beth Rodgers (Virginia)
      6. Madaline Harbor (Virginia)
      7. Elizabeth Heilman (Virginia)
      8. Cameron Rose (Virginia)

xxii.   Dismissal of the strict liability design defect claims (**Count 5**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because the applicable jurisdictions have adopted the Restatement (Second) of Torts § 402A, comment k, which precludes claims for injuries under a strict liability defective design theory against manufacturers of prescription medical devices. *See* Personal Injury Brief Section VII.B.

1. Paul Bailey (California)
2. Christine DiJohn (California)
3. Patrick Nielson (California)
4. Patricia Ragland (D.C.)
5. Michael Dusza (Indiana)
6. Steve Abarr (Iowa)
7. Wilbert Cotton (Maryland)
8. Quinton Goodall (Maryland)
9. Peter Bellotti (Massachusetts)
10. Danny David (Montana)
11. Joe David Dennett (New Mexico)
12. Beth Rodgers (New Mexico)
13. Hugo Barragan (New York)
14. Sonia Diaz (New York)
15. Bruce Ginsberg (New York)
16. Rachel Hock (Ohio)
17. Doris Margoles (Ohio)
18. Arthur Hibbard (Pennsylvania)
19. Joseph Hoffman (Pennsylvania)
20. Marilyn Sweeney (Pennsylvania)
21. Susan Bakaitis (Tennessee)
22. Jeffrey Kemp (Tennessee)
23. Sabrina Malone (Texas)
24. Sarah Claunch (Texas)
25. Paul Panzera (Texas)

xxiii.  Dismissal of the strict liability failure to warn claims (**Count 7**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because under Pennsylvania law the Restatement (Second) of Torts § 402A, comment k bars strict liability failure to warn claims. *See* Personal Injury Brief Section VII.B.

1. Arthur Hibbard (Pennsylvania)
2. Joseph Hoffman (Pennsylvania)
3. Marilyn Sweeney (Pennsylvania)

xxiv. Dismissal of all common law fraud and negligent misrepresentation claims (**Counts 3 *and* 13**) with prejudice under Rules 12(b)(6) and 9(b) because Plaintiffs have, *inter alia*, failed to allege facts, let alone particularized facts, demonstrating (i) any actionable misstatement or omission by Respironics; or (ii) reliance on any such misrepresentation, or that any such misrepresentation caused them to act differently than they otherwise would have. *See* Economic Loss Brief Section V.A.; Personal Injury Brief Section IX.A.

xxv. Dismissal of the fraud claims (**Count 13**) of the following Plaintiffs with prejudice under Rules 12(b)(6) and 9(b) because Plaintiffs have failed to allege a confidential or fiduciary relationship with Respironics as required to establish a duty to disclose in the applicable jurisdictions. *See* Economic Loss Brief Section V.A.; Personal Injury Brief Section IX.A.

1. Russell Autry (Arkansas)
2. Deanna Melcher (Arkansas)
3. Jill Leavenworth (Connecticut)
4. Jose Toscano (Connecticut)
5. Tara Fields (Florida)
6. Dennis Morris (Florida)
7. Randy Paris (Florida)
8. Andrew Fisher (Georgia)
9. Danny Baran (Illinois)
10. Debra Wilson (Illinois)
11. Brian McCarty (Illinois)
12. Wilbert Cotton (Maryland)
13. Quinton Goodall (Maryland)
14. Peter Bellotti (Massachusetts)
15. Aaron Taylor (New Jersey)
16. Elizabeth Lemus (Nevada)
17. Rachel Hock (Ohio)
18. Doris Margoles (Ohio)
19. Patrick Nielson (Oregon)
20. Arthur Hibbard (Pennsylvania)
21. Joseph Hoffman (Pennsylvania)
22. Marilyn Sweeney (Pennsylvania)
23. Sonia Diaz (South Carolina)
24. Stephen Flannery (South Carolina)
25. Sabrina Malone (Texas)
26. Sarah Claunch (Texas)

    27. Paul Panzera (Texas)
    28. Beth Rodgers (Virginia)
    29. Madaline Harbor (Virginia)
    30. Elizabeth Heilman (Virginia)
    31. Cameron Rose (Virginia)

xxvi. Dismissal of the negligent misrepresentation claims (**Count 3**) of the following Plaintiffs with prejudice under Rules 12(b)(6) and 9(b) because Plaintiffs have failed to allege a confidential or fiduciary relationship with Respironics as required to establish a duty to disclose in the applicable jurisdictions.  *See* Economic Loss Brief Section V.A.; Personal Injury Brief Section IX.A.

    1. Jeffrey Boyle (Delaware)
    2. Andrew Fisher (Georgia)
    3. Steve Abarr (Iowa)
    4. Danny Baran (Illinois)
    5. Debra Wilson (Illinois)
    6. Brian McCarty (Illinois)
    7. Peter Bellotti (Massachusetts)
    8. Aaron Taylor (New Jersey)
    9. Elizabeth Lemus (Nevada)
    10. Hugo Barragan (New York)
    11. Sonia Diaz (New York)
    12. Bruce Ginsberg (New York)
    13. Rachel Hock (Ohio)
    14. Doris Margoles (Ohio)
    15. Doris Margoles (North Carolina)
    16. Jeffrey Bartalo (North Carolina)
    17. Deana King (North Carolina)
    18. Patrick Nielson (Oregon)
    19. Arthur Hibbard (Pennsylvania)
    20. Joseph Hoffman (Pennsylvania)
    21. Marilyn Sweeney (Pennsylvania)
    22. Sonia Diaz (South Carolina)
    23. Stephen Flannery (South Carolina)
    24. Sabrina Malone (Texas)
    25. Sarah Claunch (Texas)
    26. Paul Panzera (Texas)

xxvii. Dismissal of the negligent representation claims (**Count 3**) of the following Plaintiffs with prejudice under Rule 12(b)(6) because Arkansas, Idaho, North Carolina, and Virginia do

not recognize an independent cause of action for negligent misrepresentation. *See* Personal Injury Brief Section IX.B.

1. Russell Autry (Arkansas)
2. Deanna Melcher (Arkansas)
3. Michael Wheeler (Idaho)
4. Drew Pendleton (Idaho)
5. Doris Margoles (North Carolina)
6. Jeffrey Bartalo (North Carolina)
7. Deana King (North Carolina)
8. Beth Rodgers (Virginia)
9. Madaline Harbor (Virginia)
10. Elizabeth Heilman (Virginia)
11. Cameron Rose (Virginia)

xxviii.  Dismissal of the negligent misrepresentation claims (**Count 3**) of the following plaintiffs with prejudice under Rule 12(b)(6) because Indiana, Florida, Michigan and Minnesota limit negligent misrepresentation claims to pecuniary losses related to business transactions. *See* Personal Injury Brief Section IX.B.

1. Tara Fields (Florida)
2. Dennis Morris (Florida)
3. Randy Paris (Florida)
4. Michael Dusza (Indiana)
5. Doris Margoles (Maine)
6. Prinna Boudreau (Minnesota)

xxix.  Dismissal of the negligence *per se* claims (**Count 2**) of the following Plaintiffs without prejudice under Rule 12(b)(6) because negligence *per se* is not an independent cause of action under the laws of their applicable jurisdictions. *See* Personal Injury Brief Section XIII.

1. Drew Pendleton (Arizona)
2. Russell Autry (Arkansas)
3. Deanna Melcher (Arkansas)
4. Paul Bailey (California)
5. Christine DiJohn (California)
6. Patrick Nielson (California)
7. Brian McCarty (Hawaii)
8. Danny Baran (Illinois)

    9. Debra Wilson (Illinois)
   10. Brian McCarty (Illinois)
   11. Doris Margoles (Maine)
   12. Wilbert Cotton (Maryland)
   13. Quinton Goodall (Maryland)
   14. Peter Bellotti (Massachusetts)
   15. Prinna Boudreau (Minnesota)
   16. Boniface Mills (Nebraska)
   17. Christopher Glaub (Nebraska)
   18. Elizabeth Lemus (Nevada)
   19. Joe David Dennett (New Mexico)
   20. Beth Rodgers (New Mexico)
   21. Patrick Nielson (Oregon)
   22. Arthur Hibbard (Pennsylvania)
   23. Joseph Hoffman (Pennsylvania)
   24. Marilyn Sweeney (Pennsylvania)
   25. Diane Lamontagne (Rhode Island)
   26. Susan Bakaitis (Tennessee)
   27. Jeffrey Kemp (Tennessee)
   28. Sabrina Malone (Texas)
   29. Sarah Claunch (Texas)
   30. Paul Panzera (Texas)
   31. Drew Pendleton (Utah)
   32. Martin Humphries (Utah)
   33. David Martin (Vermont)
   34. Beth Rodgers (Virginia)
   35. Madaline Harbor (Virginia)
   36. Elizabeth Heilman (Virginia)
   37. Cameron Rose (Virginia)
   38. Drew Pendleton (Washington)
   39. Jose Lopez (Washington)
   40. Robert Peebles (Washington)

xxx. Dismissal of the common law fraud claims (**Count 13**) of the following Plaintiffs with prejudice under Rules 12(b)(6) and 9(b) because while Plaintiffs allege (at best) that Respironics knew of the alleged defect on or about October 30, 2015 (yet failed to disclose the defect after that date), the following Plaintiffs allege that they acquired a device ***prior to*** October 2015 and/or failed to plead any facts indicating they acquired a device after October 2015.  *See* Economic Loss Brief Section V.A.

    1. Drew Pendleton
    2. Christine DiJohn

       3. Patrick Nielson
       4. Patricia Ragland
       5. Brian McCarty
       6. Steve Abarr
       7. Prinna Boudreau
       8. John Young
       9. Boniface Mills
       10. Christopher Glaub
       11. Aaron Taylor
       12. Beth Rodgers
       13. Rachel Hock
       14. Chad Wells
       15. Arthur Hibbard
       16. Martin Humphries
       17. David Martin

xxxi.    Dismissal of all claims of the following Plaintiffs with prejudice under Rule 12(b)(6) because these Plaintiffs have engaged in impermissible claim-splitting. *See* Economic Loss Brief Section IX.

       1. Aaron Taylor
       2. Antonio Perez Bonano
       3. Beth Rodgers
       4. Brent Hamlin
       5. Bruce Ginsberg
       6. Cameron Rose
       7. Danny Baran
       8. Danny David
       9. David Martin
       10. Dennis Morris
       11. Diane Lamontagne
       12. Doris Margoles
       13. Elizabeth Heilman
       14. Elizabeth Lemus
       15. Jeffrey Bartalo
       16. John Young
       17. Jose Lopez
       18. Jose Toscano
       19. Marilyn Sweeney
       20. Patrick Nielson
       21. Paul Bailey
       22. Paul Panzera
       23. Peter Bellotti
       24. Prinna Boudreau
       25. Rachel Hock

26. Robert Peebles
27. Russell Autry
28. Sabrina Malone
29. Sarah Claunch
30. Sharon Cathers
31. Steve Abarr
32. Sylvia McDaniel
33. Tara Fields

WHEREFORE, Defendant Respironics seeks dismissal with prejudice of all Counts on the separate and independent grounds set out above, and such other and further relief as the Court deems just and proper.

Dated:  January 6, 2023

Respectfully Submitted,

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

                                                    /s/ *John P. Lavelle, Jr.*
                                                    John P. Lavelle Jr. (PA54279)
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    1701 Market Street
                                                    Philadelphia, PA 19103-2921
                                                    Tel: 215.963.5000