IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** ) ) ) ) ) | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| **This Document Relates to:** ) ) | **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b) OR, ALTERNATIVELY, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| Elie Zaarour, Roula Zaarour, Plaintiffs ) v. ) Koinklijke Phillips N.V. et al. ) Civil Action No. 2:22-cv-00898 JFC ) ) ) | |
| ) | JURY TRIAL DEMANDED |

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b) OR, ALTERNATIVELY, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, Supercare Health, Inc., ("SuperCare") by and its attorneys, Marshall Dennehey Warner Coleman & Goggin, P.C., set forth the following Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) or, alternatively, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof states as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about April 25, 2022, Mr. Zaarour ("Mr. Zaarour") and Mrs. Roula Zaarour (Mrs. Zaarour") (together, "the Zaarour Plaintiffs"), commenced a civil action in the Superior Court of the State of California for the County of Los Angeles related to alleged injuries caused by Mr. Zaarour's use of a DreamStation machine (hereinafter, "DreamStation").  (*See* the Zaarour Plaintiffs' Complaint in the State of California, attached to Supercare's Brief in Support as Exhibit "A").

1

2. The Zaarour Plaintiffs' Complaint names Koninklijke Philips N.V.; Philips North America LLC; Philips RS North America LLC; SuperCare Health, Inc., and Does 1-100, inclusive, as defendants.[1]

3. On or about May 31, 2022, Philips removed the Zaarour Plaintiffs' civil action to the United States District Court in the Central District of California Western Division. (*See* Philips' Notice of Removal, attached to Supercare's Brief in Support as Exhibit "B").[2]

4. The Zaarour Plaintiffs' civil action against Philips and SuperCare was transferred to this Honorable Court for purpose of consolidated and coordinated pretrial proceedings pursuant to Conditional Transfer Order (CTO-35) (ECF Doc. 614).

5. On October 24, 2022, Class Plaintiffs filed their Amended Master Long Form Complaint for Personal Injuries and Damages ("Amended Master Complaint"). (*See* ECF Doc. 834).

6. The Amended Master Complaint contains 21 causes of action, none of which are directed specifically against SuperCare. (*See* ECF Doc. 834).

7. Prior to the filing of the Amended Master Complaint, this Honorable Court entered Pretrial Order #28 related to the procedures for the filing of the Amended Master Complaint and the procedures for individual Class Plaintiffs to file their Short Form Personal Injury Complaints. (*See* ECF Doc. 783).

8. Included within Pretrial Order #28 were simple instructions for all Class Plaintiffs, such as the Zaarour Plaintiffs, to follow in asserting their claims against any Defendant in this multidistrict litigation, such as SuperCare. (*Id.*).

---

[1] The Zaarour Plaintiffs' Complaint in the State of California refers to Koninklijke Philips N.V.; Philips North America LLC; and Philips RS North America LLC collectively as "Philips."

[2] Philips's Notice of Removal claimed that the Zaarour Plaintiffs fraudulently joined SuperCare to the civil action in an attempt to prevent removal. (*Id.* at ¶¶ 19, 23-24, 27-29, 49-60).

9. On December 21, 2022, the Zaarour Plaintiffs filed their Short Form Complaint for Personal Injuries, Damages, and Demand for Jury Trial ("Zaarour Short Form Complaint"). (*See* ECF Doc. 1076).

10. The Zaarour Short Form Complaint identified the various Philips and Polymer defendants the Zaarour Plaintiffs were asserting the Counts in the Amended Master Personal Injury Complaint against. (*Id.* at pp. 4-12).

11. SuperCare is not among these Defendants identified in the Zaarour Plaintiffs' Short Form Complaint. (*See generally, Id.*).

12. For purposes of this multidistrict litigation, there is no operative pleading of record containing any factual averments against SuperCare or any theories of liability plead against SuperCare. (*See* Pretrial Order #28 (ECF Doc. 783)).[3] SuperCare is not mentioned or referenced in any of these pleadings.

13. Based on this failure to plead, and set forth in more detail in SuperCare's accompanying Brief in Support to this Motion, SuperCare moves this Honorable Court to dismiss the Zaarour Plaintiffs' action against SuperCare pursuant to Federal Rule of Civil Procedure 41(b) or, alternatively, Rule 12(b)(6).

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 41(b)

---

[3] SuperCare notes that none of the allegations in either the Amended Master Complaint for Personal Injuries (ECF Doc. 834), the Consolidated Third Amended Class Action Complaint for Economic Losses (ECF Doc. 785), or the Consolidated Second Amended Class Action Complaint for Medical Monitoring (ECF Doc. 810) are specifically against SuperCare. Similarly, there are no averments against SuperCare contained in the Zaarour Short Form Complaint. (ECF Doc 1076).

14. A district court has the power to dismiss an action involuntarily due to a party's failure to comply with a court order or rules designed to ensure orderly prosecution of a claim. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R.*, 370 U.S. 626 (1962).

15. Further, a district court may dismiss an action pursuant to Rule 41(b) without affording notice of its intention to do so or providing an adversarial hearing. *Link*, 370 U.S. at 633.

16. Courts in the Third Circuit considering a Rule 41(b) dismissal must weigh the factors set forth in *Poulis v. State Farm Fire & Causalty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See In re Asbestos Prods. Liab. Litig.*, 718 F.3d 236, 246 (2013). These factors include:

> 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense

*Johnson v. Rite Aid,* No. 17-862, 2018 WL 4838540, at *3 (W.D. Penn. Oct. 4, 2018 (Conti, J).

17. A district court is in the best position to determine whether a dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

18. For a plaintiff's complaint to survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

19. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (citations omitted).

20. Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

21. In the Third Circuit, courts have held that the plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 478 (W.D. Pa. 2019 (Conti, J.) (quoting *Iqbal,* 556 U.S. at 678).

22. Further, this Court must disregard any "labels and conclusions" or "naked assertions" that do not contain factual averments in support.  *Iqbal,* 556 U.S. at 678.

23. The complaint must plead "facts concerning the specific conduct of each Defendant." *Pushkin v. Nussbaum*, 2017 WL 1591863, at *7 (D.N.J. Apr. 28, 2017); *see also Wright v. City of Philadelphia*, 2005 WL 3091883, at *11 (E.D. Pa. Nov. 17, 2005) ("the Third Circuit [] has a policy against Plaintiffs using a shotgun pleading approach").

### III.     LEGAL ARGUMENT

### A. The Zaarour Plaintiffs' action against SuperCare should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with this Honorable Court's Pretrial Order #28.

24. In order to pursue claims against SuperCare, the Zaarour Plaintiffs had to complete two simple tasks ordered by this Honorable Court:  1) name SuperCare in their Short Form Complaint and 2) check boxes identifying the theories of liability against SuperCare that they intended to pursue.

25. The Zaarour Plaintiffs have entirely failed to follow these simple instructions despite being aware of SuperCare's involvement from the outset of their civil action in California state court.

26.  This failure warrants a dismissal of Supercare pursuant to Rule 41(b).

27. The Third Circuit Court of Appeals has held that "district judges must have authority to manage their dockets, especially during a massive litigation." *In re Asbestos Prods. Liab. Litig.*,

718 F.3d at 246. Additionally, "the parties' compliance with case management orders is essential in a complex litigation" such as this multidistrict litigation pending before this Honorable Court. *Id.*

28. Furthermore, as discussed in detail within the accompanying Brief in Support, each of the *Poulis* factors a district court must consider in the Third Circuit when considering a Rule 41(b) motion favor dismissal with respect to SuperCare.

29. This Honorable Court should enforce Pretrial Order #28 and dismiss the Zaarour Plaintiffs' action against SuperCare with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

> **B. Alternatively, the Zaarour Plaintiffs' action against Defendant SuperCare must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against SuperCare upon which relief cant be granted.**

30. Even this Court decides not to dismiss the Zaarour Plaintiffs' claims against Supercare under Rule 41(b), a dismissal must be granted pursuant to Rule 12(b)(6).

31. As set forth fully in SuperCare's Brief in Support, as a result of the Zaarour Plaintiffs' failure to include any allegation against Supercare in their Short Form Complaint, there exist no allegations whatsoever in any of the operative pleadings that relate to any action or omission of SuperCare.

32. Correspondingly, there is no cause of action or legal theory suggesting SuperCare owes any liability to the Zaarour Plaintiffs.

33. There are similarly no factual allegations that attempt to describe any causal link between an act or omission on the part of SuperCare and any alleged damage suffered by the Zaarour Plaintiffs.

34. Additionally, even if this Court presumed that Counts I-XXI of the Amended Master Complaint were incorporated against SuperCare by the Zaarour Plaintiffs, these claims lack any factual averments in support.

35. As such, there are no factual allegations to for this Honorable Court to construe reasonable inferences in the Zaarour Plaintiffs' favor to survive this Rule 12(b)(6) challenge. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

36. Dismissal under 12(b)6 must be granted.

WHEREFORE, for the reasons set forth in this Motion, and the accompanying Brief in Support, including all Exhibits thereto, Supercare Health, Inc. respectfully requests that this Honorable Court dismiss the Zaarour Plaintiffs' claims in their entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(b) or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

BY: _____
Stuart H. Sostmann, Esquire
PA ID No. 84065
Counsel for Defendant – Supercare Health, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) or, alternatively, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) was served on all counsel of records via the District Court CM/ECF system.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
Stuart H. Sostmann, Esquire
PA ID No. 84065
Counsel for Defendant – Supercare
Health, Inc.