## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | : : : : : | **Master Docket: Misc. No. 21-mc-1230** |
| | | **Member Case No.** |
| **This Document Relates to:** | : : | **MDL No. 3014** |
| **JENNIFER MCLICK.** | : | **SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL** |

Plaintiff incorporates by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi- Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff further allege as follows:

## I.    DEFENDANTS

1.    Plaintiff(s) name(s) the following Defendants in this action:

X_____   Koninklijke Philips N.V.

X_____   Philips North America LLC.

X_____   Philips RS North America LLC.

1

X      Philips Holding USA Inc.

X      Philips RS North America Holding Corporation.

X      Polymer Technologies, Inc.

X      Polymer Molded Products LLC.

## II.    PLAINTIFF

2.    Name of Plaintiff:

Jennifer McLick.

3.    Name of spouse of Plaintiff (if loss of consortium claim is being made):

n/a

4.    Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

n/a

5.    State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

Illinois.

III.    **DESIGNATED FORUM**

6.      Identify the forum (United States District Court and Division) in which the Plaintiff
would have filed in the absence of direct filing:

Northern District of Illinois.

IV.    **USE OF A RECALLED DEVICE**

7.      Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ *E30 (Emergency Use Authorization)* | ☐ *Dorma 500* |
| ☐ *DreamStation ASV* | ☐ *REMstar SE Auto* |
| ☐ *DreamStation ST, AVAPS* | ☐ *Trilogy 100* |
| ☐ *SystemOne ASV4* | ☐ *Trilogy 200* |
| ☐ *C-Series ASV* | ☐ *Garbin Plus, Aeris, LifeVent* |
| ☐ *C-Series S/T and AVAPS* | ☐ *A-Series BiPAP Hybrid A30 (not marketed* |
| ☐ *OmniLab Advanced +* | *in U.S.)* |
| ☐ *SystemOne (Q-Series)* | ☐ *A-Series BiPAP V30 Auto* |
| ☐ *DreamStation* | ☐ *A-Series BiPAP A40* |
| ☐ *DreamStation Go* | ☐ *A-Series BiPAP A30* |
| ☐ *Dorma 400* | ☒ *Other Philips Respironics Device*; if other, identify the model: |
| | REMstar Pro C-Flex |

V.    **INJURIES**

8.      Plaintiff alleges the following physical injuries as a result of using a Recalled
Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☒ Cancer, Kidney

3

☐ Kidney Damage

☐ Liver Damage

☐ Heart Damage

☐ Death

☒ Other: incisional hernia.

## VI.   CAUSES OF ACTION/DAMAGES

9.      As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

X_____   Count I:         Negligence

X_____   Count II:        Strict Liability: Design Defect

X_____   Count III:       Negligent Design

X_____   Count IV:        Strict Liability: Failure to Warn

X_____   Count V:         Negligent Failure to Warn

X_____   Count VI:        Negligent Recall

X_____   Count VII:       Battery

X_____   Count VIII:      Strict Liability: Manufacturing Defect

X_____   Count IX:        Negligent Manufacturing

X_____   Count X:         Breach of Express Warranty

X_____   Count XI:        Breach of the Implied Warranty of Merchantability

X_____   Count XII:       Breach of the Implied Warranty of Usability

X_____   Count XIII:      Fraud

X_____   Count XIV:       Negligent Misrepresentation

X_____   Count XV:        Negligence Per Se

4

X_____   Count XVI:   Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

X_____   Count XVII:   Unjust Enrichment

X_____   Count XVIII: Loss of Consortium

X_____   Count XIX:   Survivorship and Wrongful Death

X_____   Count XX:   Medical Monitoring

X_____   Count XXI:   Punitive Damages

X_____   Count XXII:   Other:

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

10.   As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

X_____   Count I:   Negligence

X_____   Count II:   Strict Liability: Design Defect

X_____   Count III:   Negligent Design

X_____   Count IV:   Strict Liability: Failure to Warn

X_____   Count V:   Negligent Failure to Warn

X_____   Count VI:   Negligent Recall

X_____   Count VII:   Battery

X_____   Count VIII:   Strict Liability: Manufacturing Defect

X_____   Count IX:   Negligent Manufacturing

X_____   Count X:   Breach of Express Warranty

X_____   Count XI:   Breach of the Implied Warranty of Merchantability

X_____   Count XII:     Breach of the Implied Warranty of Usability

X_____   Count XIII:    Fraud

X_____   Count XIV:     Negligent Misrepresentation

X_____   Count XV:      Negligence Per Se

X_____   Count XVI:     Consumer Fraud and/or Unfair and Deceptive
                          Practices Under State Law

X_____   Count XVII:    Unjust Enrichment

X_____   Count XVIII:   Loss of Consortium

X_____   Count XIX:     Survivorship and Wrongful Death

X_____   Count XX:      Medical Monitoring

X_____   Count XXI:     Punitive Damages

X_____   Count XXII:    Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

11.   As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims
      asserted in the Master Long Form Complaint for Personal Injuries, Damages and
      Demand for Jury Trial, and the allegations and prayer for relief with regard thereto,
      as set forth therein:

X_____   Count I:       Negligence

X_____   Count II:      Strict Liability: Design Defect

X_____   Count III:     Negligent Design

X_____   Count IV:      Strict Liability: Failure to Warn

X_____   Count V:       Negligent Failure to Warn

X_____   Count VI:      Negligent Recall

X_____   Count VII:     Battery

6

X_____ Count VIII:   Strict Liability: Manufacturing Defect

X_____ Count IX:   Negligent Manufacturing

X_____ Count X:   Breach of Express Warranty

X_____ Count XI:   Breach of the Implied Warranty of Merchantability

X_____ Count XII:   Breach of the Implied Warranty of Usability

X_____ Count XIII:   Fraud

X_____ Count XIV:   Negligent Misrepresentation

X_____ Count XV:   Negligence Per Se

X_____ Count XVI:   Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

X_____ Count XVII:  Unjust Enrichment

X_____ Count XVIII: Loss of Consortium

X_____ Count XIX:   Survivorship and Wrongful Death

X_____ Count XX:   Medical Monitoring

X_____ Count XXI:   Punitive Damages

X_____ Count XXII:  Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

12.   As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

X_____ Count I:   Negligence

X_____ Count II:   Strict Liability: Design Defect

X_____ Count III:   Negligent Design

7

X_____ Count IV:      Strict Liability: Failure to Warn

X_____ Count V:       Negligent Failure to Warn

X_____ Count VI:      Negligent Recall

X_____ Count VII:     Battery

X_____ Count VIII:    Strict Liability: Manufacturing Defect

X_____ Count IX:      Negligent Manufacturing

X_____ Count X:       Breach of Express Warranty

X_____ Count XI:      Breach of the Implied Warranty of Merchantability

X_____ Count XII:     Breach of the Implied Warranty of Usability

X_____ Count XIII:    Fraud

X_____ Count XIV:     Negligent Misrepresentation

X_____ Count XV:      Negligence Per Se

X_____ Count XVI:     Consumer Fraud and/or Unfair and Deceptive
                      Practices Under State Law

X_____ Count XVII:    Unjust Enrichment

X_____ Count XVIII:   Loss of Consortium

X_____ Count XIX:     Survivorship and Wrongful Death

X_____ Count XX:      Medical Monitoring

X_____ Count XXI:     Punitive Damages

X_____ Count XXII:    Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

13.    As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the
       following claims asserted in the Master Long Form Complaint for Personal Injuries,

8

Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

X_____ Count I:        Negligence

X_____ Count II:       Strict Liability: Design Defect

X_____ Count III:      Negligent Design

X_____ Count IV:       Strict Liability: Failure to Warn

X_____ Count V:        Negligent Failure to Warn

X_____ Count VI:       Negligent Recall

X_____ Count VII:      Battery

X_____ Count VIII:     Strict Liability: Manufacturing Defect

X_____ Count IX:       Negligent Manufacturing

X_____ Count X:        Breach of Express Warranty

X_____ Count XI:       Breach of the Implied Warranty of Merchantability

X_____ Count XII:      Breach of the Implied Warranty of Usability

X_____ Count XIII:     Fraud

X_____ Count XIV:      Negligent Misrepresentation

X_____ Count XV:       Negligence Per Se

X_____ Count XVI:      Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

X_____ Count XVII:     Unjust Enrichment

X_____ Count XVIII:    Loss of Consortium

X_____ Count XIX:      Survivorship and Wrongful Death

X_____ Count XX:       Medical Monitoring

X_____ Count XXI:      Punitive Damages

       <u>X</u>     Count XXII:   Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

13.    As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

      <u>X</u>     Count I:     Negligence

      <u>X</u>     Count II:    Strict Liability: Design Defect

      <u>X</u>     Count III:   Negligent Design

      <u>X</u>     Count IV:   Strict Liability: Failure to Warn

      <u>X</u>     Count V:    Negligent Failure to Warn

      <u>X</u>     Count VIII:  Strict Liability: Manufacturing Defect

      <u>X</u>     Count IX:   Negligent Manufacturing

      <u>X</u>     Count XIII:  Fraud

      <u>X</u>     Count XIV:  Negligent Misrepresentation

      <u>X</u>     Count XVII: Unjust Enrichment

      <u>X</u>     Count XVIII: Loss of Consortium

      <u>X</u>     Count XIX:  Survivorship and Wrongful Death

      <u>X</u>     Count XX:   Medical Monitoring

      <u>X</u>     Count XXI:  Punitive Damages

      <u>X</u>     Count XXII:  Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

14.     As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

X_____   Count I:        Negligence

X_____   Count II:       Strict Liability: Design Defect

X_____   Count III:      Negligent Design

X_____   Count IV:       Strict Liability: Failure to Warn

X_____   Count V:        Negligent Failure to Warn

X_____   Count VIII:     Strict Liability: Manufacturing Defect

X_____   Count IX:       Negligent Manufacturing

X_____   Count XIII:     Fraud

X_____   Count XIV:      Negligent Misrepresentation

X_____   Count XVII:     Unjust Enrichment

X_____   Count XVIII:    Loss of Consortium

X_____   Count XIX:      Survivorship and Wrongful Death

X_____   Count XX:       Medical Monitoring

X_____   Count XXI:      Punitive Damages

X_____   Count XXII:     Other

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

15.     If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

15(a)   At the time Defendants designed, manufactured, marketed, sold, and distributed the

11

Philips REMstar Pro CPAP device for use by Plaintiff, Defendants knew of the use for which these devices were intended and impliedly warranted these products to be of merchantable quality and safe for such use and that their design, manufacture, labeling, and marketing complied with all applicable federal requirements.

15(b)   The Philips REMstar Pro CPAP device manufactured and supplied by Defendants were not merchantable quality and were not fit for the ordinary and/or particular purpose for which they were intended as, among other defects, the risks included and unreasonably high risk of developing cancer or other serious illness due to the release of toxic and carcinogenic particles from the device's PE-PUR sound abatement foam.

15(c)  Plaintiff and/or Plaintiff's physician reasonably relied upon the skill and judgment of Defendants as to whether the Philips REMstar Pro CPAP device was merchantable quality and safe for its intended and particular use and purpose, and upon Defendants' implied warranty as to such matters.

15(d)  Contrary to such warranties, the Philips REMstar Pro CPAP device was not  of merchantable quality of safe for its intended and particular use and purpose, because the product was defective when used normally as described above, and/or failed to comply with federal requirements.

15(e)  As a direct and proximate cause of Defendants' breach of implied warranties, Plaintiff has suffered serious physical injury, harm, damages, and economic loss and will continue to suffer such harm, damages, and economic loss in the future and is entitled to compensatory damages in an amount to be proven at trial.

16.     Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

HEALTH TECHNOLOGY RESOURCES, LLC, a limited liability company organized under and existing under the laws of the State of Illinois and having a principal place of business at 1400 East Lake Cook Road, Suite 170, Buffalo Grove, Illinois 60089.

17.     Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

X _____   Count I:      Negligence

X _____   Count II:     Strict Liability: Design Defect

12

X_____   Count III:      Negligent Design

X_____   Count IV:       Strict Liability: Failure to Warn

X_____   Count V:        Negligent Failure to Warn

X_____   Count VIII:     Strict Liability: Manufacturing Defect

X_____   Count IX:       Negligent Manufacturing

X_____   Count XIII:     Fraud

X_____   Count XIV:      Negligent Misrepresentation

X_____   Count XVII:     Unjust Enrichment

X_____   Count XVIII:    Loss of Consortium

X_____   Count XIX:      Survivorship and Wrongful Death

X_____   Count XX:       Medical Monitoring

X_____   Count XXI:      Punitive Damages

X_____   Count XXII:     Other

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

WHEREFORE, Plaintiff prays for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff may be entitled.

Date: 2/8/2023                                    By: /s/ David Gallagher
                                                      David J. Gallagher


**MOTHERWAY & NAPLETON, LLP.**
Attorneys for Plaintiff
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
(312) 726-2699 – PHONE
(312) 726-6851 – FAX
Atty. No. 56421
ARDC No. 6294250