| | |
|---|---|
| 1 | EUSTACE DE SAINT PHALLE, SB 179100 |
| 2 | PHIL JOHNSON, SBN 335869 |
|   | RAINS LUCIA STERN ST. PHALLE & SILVER, PC |
| 3 | 2300 Contra Costa Boulevard, Suite 500 |
|   | Pleasant Hill, CA 94523 |
| 4 | Tel: (415) 341-9341 |
|   | Fax: (925) 609-1690 |
| 5 | Email: PersonalInjuryGroup@RLSlawyers.com |

Attorneys for Plaintiffs
ELIE ZAAROUR;
ROULA ZAAROUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIE ZAAROUR and ROULA ZAAROUR; | Master Docket: Misc. No. 21-mc-1230-JFC |
| Plaintiffs, | MDL No. 3014 |
| v. | **STIPULATION FOR VOLUNTARY DISMISSAL OF DEFENDANT SUPERCARE HEALTH, INC. WITHOUT PREJUDICE AND AGREEMENT AS TO TOLLING; [PROPOSED] ORDER** |
| KONINKLIJKE PHILIPS N.V. et al, | |
| Defendants. | |
| Civil Action No. 2:22-cv-00898 JFC | **Trial Date:** None Set |

Plaintiffs Elie Zaarour and Roula Zaarour and Defendant SuperCare Health, Inc. hereby stipulate that Plaintiffs' entire action against Defendant SuperCare Health, Inc. shall be dismissed without prejudice pursuant to the terms identified and agreed-upon below. Each side shall bear their own costs and fees, including all attorney fees.

WHEREAS, Plaintiffs Elie Zaarour and Roula Zaarour ("Plaintiffs") commenced the above-captioned action with the filing of a Complaint on April 26, 2022 in the Superior Court for the State of California for the County of Los Angeles ("California Complaint") with the following named defendants: (1) SuperCare Health, Inc., a California corporation; (2) Koninklijke Philips N.V., a Dutch multinational corporation; (3) Philips NA, a Delaware corporation; and (4) Philips RS, a Delaware corporation (collectively, "Defendants" and, together with Plaintiffs, the "Parties");

WHEREAS Defendants removed the above-captioned action to this Court on June 16, 2022 (hereinafter referred to as the "Action");

WHEREAS counsel for Supercare Health, Inc. and counsel for Plaintiffs have engaged in meaningful meet and confer efforts following the filing of a motion to dismiss by Defendant SuperCare Health, Inc.;

WHEREAS, among the issues discussed in those meet and confer sessions was the continued inclusion in this Action of Defendant SuperCare Health, Inc. (the "Tolling Defendant");

WHEREAS the Tolling Defendant has indicated a willingness to enter into the following agreement governing tolling of the statute of limitations in exchange for Plaintiffs' dismissal without prejudice of the Tolling Defendant from this action pursuant to the terms of the following agreement (hereinafter referred to as the "Agreement").

WHEREAS, without admitting or denying the validity of any challenges the Tolling Defendant may make to the California Complaint, or the other Complaints currently operative in this MDL, jurisdiction, or venue, and in an effort to narrow the issues at this early stage of the Action, Plaintiffs are willing to dismiss the Tolling Defendant from this Action without prejudice provided their rights to reinstate, join, or otherwise resume this Action or a separate action against the Tolling Defendant is in no way prejudiced.

IT IS HEREBY STIPULATED and AGREED, by and among counsel of record for Plaintiffs and Tolling Defendant, that:

1. The Action shall be dismissed, without prejudice, as to the Tolling Defendant, with each party to bear their own costs and attorneys' fees.

2. Plaintiffs reserve the right, in their sole discretion, to seek leave of Court in this MDL to rejoin Tolling Defendant, reinstate their allegations against the Tolling Defendant, or file a separate action in another forum and jurisdiction against Tolling Defendant, and the Tolling Defendant reserves its respective rights in its sole discretion to assert any defenses or counterclaims against Plaintiffs except as provided herein.  Neither Plaintiffs' voluntary dismissal of Tolling Defendant nor Tolling Defendant's agreement to the terms of this stipulation shall be asserted or construed to be a waiver of any claim or defense among any of the Parties.

3.      If Plaintiffs file a complaint against the Tolling Defendant arising out of or relating to the Action or the allegations contained therein, or reinstate the Tolling Defendant in the Action by motion to join, amend, or otherwise, the Tolling Defendant agrees that any defenses based on laches, estoppel, statute of limitations, or the passage of time will be tolled as of the date of the entry of this Order and any statute of limitations applicable to any claim or defense will have deemed to have been tolled, with the running of said statute of limitations to begin upon the date that Plaintiffs rejoin Tolling Defendant to this action, reinstate their allegations against Tolling Defendant in this action, or commence a separate action from the date of the entry of the Order confirming this Stipulation for Voluntary Dismissal Without Prejudice.

4.      For purposes of calculating the running of any applicable statute of limitations, if Plaintiffs file a complaint against the Tolling Defendant arising out of or relating to the Action or the allegations contained therein, or reinstate the Tolling Defendant in the Action by motion to join, amend, or otherwise, both Plaintiffs and the Tolling Defendant agree that any rights Tolling Defendant has to any defenses based on laches, estoppel, statute of limitations, or the passage of time are tolled at the date this Order confirming this Stipulation for Voluntary Dismissal Without Prejudice is entered.

5.      Plaintiffs and the Tolling Defendant reserve all claims, defenses, and rights under any applicable procedural or substantive law governing the present Action or any future action that could be potentially brought by Plaintiffs pursuant to this Voluntary Stipulation to Discontinue Without Prejudice.

6.      This Agreement represents the entire agreement by and between the parties hereto on the subject matters contained herein, and supersedes any and all prior agreements and understandings. This Agreement may not be modified except by a writing signed by all of the Parties to be bound.

7.      Each person signing this Agreement represents and warrants that he or she is expressly authorized and empowered to sign on behalf of and bind the Parties on whose behalf this document has been executed. If this Agreement is executed by counsel, counsel represents and promises that counsel is expressly authorized to execute this Agreement on behalf of the Party or Parties counsel represents.

8.      For the purposes of resolving any disputes arising out of this Agreement, the Agreement shall be deemed to have been drafted by all Parties, none of whom may assert that it should be construed against the other.

9. This Tolling Agreement may be executed in counterparts, including by signature transmitted by facsimile or by electronic signature with consent of the signatory.

IT IS SO STIPULATED

Dated: February 14, 2023        By:   /s/ Phil Johnson
                                      PHIL JOHNSON
                                      Attorney for Plaintiffs ELIE ZAAROUR &
                                      ROULA ZAAROUR

Dated: February 14, 2023        By    /s/Stuart H. Sostmann
                                      STUART H. SOSTMANN, ESQ.
                                      PA ID No. 84065
                                      Counsel for Defendant – Supercare Health, Inc.

## ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT Defendant SuperCare Health, Inc. is dismissed without prejudice, each party to bear their own fees and costs, including attorneys' fees.

Date: February 17, 2023         By the Court:  s/Joy Flowers Conti
                                               Joy Flowers Conti
                                               Senior United States District Court Judge