# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVAL PAP, AND MECHIANICAL VENTILATOR PRODUCTS LITIGATION**<br><br>**This Document Relates to:**<br>**Estate of Johnny Lee Newsome et al, 22CV012857 (Alameda County, CA), Removed to Cal Northern District, 22-CV-04101-HSG, Eastern District of Pennsylvania 2:22-cv-01412** | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014<br><br>Case 2:22-cv-01412<br><br>**MOTION FOR LEAVE TO FILE SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff Debra Newsome individually and as administrator of the Estate of Johnny Lee Newsome, by and through counsel, and moves this Court for leave to file her Short Form Complaint. In support thereof, Plaintiff states:

1.  This case was initially filed in Alameda County, California. It was removed and transferred to this court in October 2022.

2.  Plaintiff's counsel completed the short form complaint several days prior to the December 23, 2022, deadline.

3.  Plaintiff's counsel attempted to file the short form complaint on December 22, 2022. This was the first filing or pleading Plaintiff's counsel has attempted to file in the Western District of Pennsylvania.

4.  Plaintiff was not able to file the short form complaint on the system and it was our initial suspicion that it was because the signatory Andrew Seitz was not admitted into the Western District of Pennsylvania.

5.  Plaintiff's counsel reviewed the procedure for admission and understood that admission to the Western District could not be accomplished in a matter of a few days.

6.  Plaintiff's counsel reached out to the Plaintiff's steering committee for

- 2 -

suggestions the week of December 26, 2022 and did not receive a solution.

7. Plaintiff contacted the clerk's office in the Western District the week of January 3, 2023, to determine if there were any possible way to bypass the admission in this court in order to get the short form complaint filed.

8. The undersigned received a return call today, January 9, 2023, from an extremely helpful employee of the Clerk's office by the name of "Chase." Chase clarified that an attorney does not have to admitted in the Western District to file this complaint, rather the attorney must be registered on the electronic system.

9. Because Attorney Scott Frost from our firm has appeared in this manner and is registered in the electronic system, we now realized that we are able to file the short form complaint.

10. Plaintiff's Short Form Complaint is attached hereto as Exhibit A.

WHEREFORE, Plaintiff prays that she be granted leave to file her Short Form Complaint.

- 3 -

Date: January 9, 2023

Respectfully submitted,

_/s/ Scott L. Frost_
Scott L. Frost
scott@frostlawfirm.com
Frost Law Firm, PC
273 West 7th Street
San Pedro, CA 90731
TEL 866-353-6376


## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the parties.

_/s/ Scott L. Frost_
Scott L. Frost
scott@frostlawfirm.com
Frost Law Firm, PC
273 West 7th Street
San Pedro, CA 90731
TEL 866-353-6376

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : : | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014<br><br>SHORT FORM COMPLAINT FOR |
| **This Document Relates to:**<br>Estate of Johnny Lee Newsome et al, 22CV012857 (Alameda County, CA), Removed to Cal Northern District, 22-CV-04101-HSG, Western District of Pennsylvania 2:22-cv-01412 | : : | PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL |

Plaintiff(s) incorporate(s) by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

I.  **DEFENDANTS**

1.  Plaintiff(s) name(s) the following Defendants in this action:

    ☒ Koninklijke Philips N.V.

    ☒ Philips North America LLC.

    ☒ Philips RS North America LLC.

1

☐ Philips Holding USA Inc.

☐ Philips RS North America Holding Corporation.

☐ Polymer Technologies, Inc.

☐ Polymer Molded Products LLC.

**II. PLAINTIFF(S)**

2. Name of Plaintiff(s):
Estate of Johnny Lee Newsome, Jr. deceased Individual by and through Administrator Debra L. Newsome, an Individual, Devon Newsome, an Individual, Tylar Newsome, an Individual, and Brandon Newsome, an Individual

_____

3. Name of spouse of Plaintiff (if loss of consortium claim is being made):
Debra L. Newsome

_____

4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:
Adminstrator

_____

5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):
CA

_____

**III. DESIGNATED FORUM**

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:
Northern District of California (Oakland)

_____

2

## IV. USE OF A RECALLED DEVICE

7. Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ E30 (Emergency Use Authorization) | ☐ Dorma 500 |
| ☐ DreamStation ASV | ☐ REMstar SE Auto |
| ☐ DreamStation ST, AVAPS | ☐ Trilogy 100 |
| ☒ SystemOne ASV4 | ☐ Trilogy 200 |
| ☐ C-Series ASV | ☐ Garbin Plus, Aeris, LifeVent |
| ☐ C-Series S/T and AVAPS | ☐ A-Series BiPAP Hybrid A30 (not marketed in U.S.) |
| ☐ OmniLab Advanced + | |
| ☒ SystemOne (Q-Series) | ☐ A-Series BiPAP V30 Auto |
| ☐ DreamStation | ☐ A-Series BiPAP A40 |
| ☐ DreamStation Go | ☐ A-Series BiPAP A30 |
| ☐ Dorma 400 | ☐ Other Philips Respironics Device; if other, identify the model: Serial No. P13854110637C |

## V. INJURIES

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☒ Cancer Hepatocellular _____ (specify cancer)

☐ Kidney Damage

☒ Liver Damage

3

☐ Heart Damage

☒ Death

☐ Other (specify)

_____

## VI.  CAUSES OF ACTION/DAMAGES

9.  As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☒ Count I:        Negligence

☒ Count II:       Strict Liability: Design Defect

☐ Count III:      Negligent Design

☒ Count IV:       Strict Liability: Failure to Warn

☐ Count V:        Negligent Failure to Warn

☐ Count VI:       Negligent Recall

☐ Count VII:      Battery

☒ Count VIII:     Strict Liability: Manufacturing Defect

☐ Count IX:       Negligent Manufacturing

☒ Count X:        Breach of Express Warranty

☒ Count XI:       Breach of the Implied Warranty of Merchantability

☐ Count XII:      Breach of the Implied Warranty of Usability

☒ Count XIII:     Fraud

☒ Count XIV:      Negligent Misrepresentation

| | | |
|---|---|---|
| ☐ | Count XV: | Negligence Per Se |
| ☐ | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☐ | Count XVII: | Unjust Enrichment |
| ☒ | Count XVIII: | Loss of Consortium |
| ☒ | Count XIX: | Survivorship and Wrongful Death |
| ☐ | Count XX: | Medical Monitoring |
| ☒ | Count XXI: | Punitive Damages |
| ☒ | Count XXII: | Other [specify below] |

Fraud by Omission

_____

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| ☒ | Count I: | Negligence |
| ☒ | Count II: | Strict Liability: Design Defect |
| ☐ | Count III: | Negligent Design |
| ☒ | Count IV: | Strict Liability: Failure to Warn |
| ☐ | Count V: | Negligent Failure to Warn |
| ☐ | Count VI: | Negligent Recall |
| ☐ | Count VII: | Battery |
| ☒ | Count VIII: | Strict Liability: Manufacturing Defect |
| ☐ | Count IX: | Negligent Manufacturing |

| | | |
|---|---|---|
| ☒ Count X: | Breach of Express Warranty |
| ☒ Count XI: | Breach of the Implied Warranty of Merchantability |
| ☐ Count XII: | Breach of the Implied Warranty of Usability |
| ☒ Count XIII: | Fraud |
| ☒ Count XIV: | Negligent Misrepresentation |
| ☐ Count XV: | Negligence Per Se |
| ☐ Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☐ Count XVII: | Unjust Enrichment |
| ☒ Count XVIII: | Loss of Consortium |
| ☒ Count XIX: | Survivorship and Wrongful Death |
| ☐ Count XX: | Medical Monitoring |
| ☒ Count XXI: | Punitive Damages |
| ☐ Count XXII: | Other [specify below] |

Fraud by Omission

_____

11. As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| ☒ Count I: | Negligence |
| ☒ Count II: | Strict Liability: Design Defect |
| ☐ Count III: | Negligent Design |
| ☒ Count IV: | Strict Liability: Failure to Warn |

6

| | | |
|---|---|---|
| ☐ | Count V: | Negligent Failure to Warn |
| ☐ | Count VI: | Negligent Recall |
| ☐ | Count VII: | Battery |
| ☒ | Count VIII: | Strict Liability: Manufacturing Defect |
| ☐ | Count IX: | Negligent Manufacturing |
| ☒ | Count X: | Breach of Express Warranty |
| ☒ | Count XI: | Breach of the Implied Warranty of Merchantability |
| ☐ | Count XII: | Breach of the Implied Warranty of Usability |
| ☒ | Count XIII: | Fraud |
| ☒ | Count XIV: | Negligent Misrepresentation |
| ☐ | Count XV: | Negligence Per Se |
| ☐ | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☐ | Count XVII: | Unjust Enrichment |
| ☒ | Count XVIII: | Loss of Consortium |
| ☒ | Count XIX: | Survivorship and Wrongful Death |
| ☐ | Count XX: | Medical Monitoring |
| ☒ | Count XXI: | Punitive Damages |
| ☒ | Count XXII: | Other [specify below] |

Fraud by Omission

_____

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I: Negligence

☐ Count II: Strict Liability: Design Defect

☐ Count III: Negligent Design

☐ Count IV: Strict Liability: Failure to Warn

☐ Count V: Negligent Failure to Warn

☐ Count VI: Negligent Recall

☐ Count VII: Battery

☐ Count VIII: Strict Liability: Manufacturing Defect

☐ Count IX: Negligent Manufacturing

☐ Count X: Breach of Express Warranty

☐ Count XI: Breach of the Implied Warranty of Merchantability

☐ Count XII: Breach of the Implied Warranty of Usability

☐ Count XIII: Fraud

☐ Count XIV: Negligent Misrepresentation

☐ Count XV: Negligence Per Se

☐ Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☐ Count XVII: Unjust Enrichment

☐ Count XVIII: Loss of Consortium

☐ Count XIX: Survivorship and Wrongful Death

☐ Count XX: Medical Monitoring

☐ Count XXI:        Punitive Damages

☐ Count XXII:       Other [specify below]

   Fraud by Omission

_____

13.     As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:          Negligence

☐ Count II:         Strict Liability: Design Defect

☐ Count III:        Negligent Design

☐ Count IV:         Strict Liability: Failure to Warn

☐ Count V:          Negligent Failure to Warn

☐ Count VI:         Negligent Recall

☐ Count VII:        Battery

☐ Count VIII:       Strict Liability: Manufacturing Defect

☐ Count IX:         Negligent Manufacturing

☐ Count X:          Breach of Express Warranty

☐ Count XI:         Breach of the Implied Warranty of Merchantability

☐ Count XII:        Breach of the Implied Warranty of Usability

☐ Count XIII:       Fraud

☐ Count XIV:        Negligent Misrepresentation

☐ Count XV:         Negligence Per Se

| | | |
|---|---|---|
| ☐ | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☐ | Count XVII: | Unjust Enrichment |
| ☐ | Count XVIII: | Loss of Consortium |
| ☐ | Count XIX: | Survivorship and Wrongful Death |
| ☐ | Count XX: | Medical Monitoring |
| ☐ | Count XXI: | Punitive Damages |
| ☐ | Count XXII: | Other [specify below] |

_____

14. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| ☐ | Count I: | Negligence |
| ☐ | Count II: | Strict Liability: Design Defect |
| ☐ | Count III: | Negligent Design |
| ☐ | Count IV: | Strict Liability: Failure to Warn |
| ☐ | Count V: | Negligent Failure to Warn |
| ☐ | Count VIII: | Strict Liability: Manufacturing Defect |
| ☐ | Count IX: | Negligent Manufacturing |
| ☐ | Count XIII: | Fraud |
| ☐ | Count XIV: | Negligent Misrepresentation |
| ☐ | Count XVII: | Unjust Enrichment |

☐ Count XVIII:  Loss of Consortium

☐ Count XIX:  Survivorship and Wrongful Death

☐ Count XX:  Medical Monitoring

☐ Count XXI:  Punitive Damages

☐ Count XXII:  Other [specify below]

_____

15. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:  Negligence

☐ Count II:  Strict Liability: Design Defect

☐ Count III:  Negligent Design

☐ Count IV:  Strict Liability: Failure to Warn

☐ Count V:  Negligent Failure to Warn

☐ Count VIII:  Strict Liability: Manufacturing Defect

☐ Count IX:  Negligent Manufacturing

☐ Count XIII:  Fraud

☐ Count XIV:  Negligent Misrepresentation

☐ Count XVII:  Unjust Enrichment

☐ Count XVIII:  Loss of Consortium

☐ Count XIX:  Survivorship and Wrongful Death

☐ Count XX:  Medical Monitoring

11

☐ Count XXI:     Punitive Damages

☐ Count XXII:    Other [specify below]

_____

16. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

Fraud by Omission:

106. Philips concealed from and failed to disclose to Decedent that use of Recalled Devices, including the machine used by Decedent is accompanied by a risk of adverse health effects, which does not conform to the products' labels, packaging, advertising, and statements.

107. Philips was under a duty to disclose to Decedent the true quality, characteristics, ingredients and suitability of the recalled devices, including the machine used by Decedent because:
   a. Philips was in a superior position to know the true state of facts about its products;
   b. Philips was in a superior position to know the risks associated with the use of, characteristics of, and suitability of the Recalled Devices; and
   c. Philips knew that Decedent could not reasonably have been expected to learn or discover prior to purchasing the Recalled Device that there were misrepresentations and omission by Philips in the packaging, labels, advertising, and websites regarding the health risks associated with use of these devices.

108. The facts concealed or not disclosed by Philips to Decedent were material in that a reasonable consumer would have considered them important when deciding whether to purchase the Recalled Device.

109. Decedent justifiably relied on Philips' omissions to his detriment. The detriment is evident from the true quality, characteristics and risk associated with the use of the Recalled Devices, including the machine used by Decedent, which is inferior when compared to how the Recalled Devices are advertised and represented by Philips.

110. As a direct and proximate result of the Recalled Devices, including the machine's aforementioned defects as described herein, the Decedent experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and/or lost income, and other damages, Decedent ultimately died of his injuries.

111. The herein-described conduct of said Defendants, their "alternate entities," and each of them was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of users. Plaintiff, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

112. WHEREFORE, Plaintiffs demand judgment against Defendants, and each of time, individually, jointly, severally and in the alternative, and requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys fees , and such further relief as the Court deems equitable and just.

_____

17. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

Respironics, Inc., a Pennsylvania Corporation,
Kaiser Foundation Health Plan, Inc., d/b/a KAISER PERMANENTE, a California corporation;
Kaiser Foundation Hospitals d/b/a KAISER PERMANENTE, a California corporation;
The Permanente Medical Group, Inc., a California corporation;

18. Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

8. Plaintiffs are informed and believe, and thereupon allege, that, at all relevant times, Defendants KAISER FOUNDATION HEALTH PLAN, INC. d/b/a KAISER PERMANENTE, KAISER FOUNDATION HOSPITAL, d/b/a KAISER PERMANENTE HOSPITALS, and THE PERMANENTE MEDICAL GROUP, INC. (hereinafter collectively "KAISER") California corporations and, without limitation, were home respiratory medical equipment providers and distributors, vendors, lessors, and/or retailers of the Philips System One Ventilator at issue in this lawsuit.

31. On or around May 4, 2015, Decedent JOHNNY LEE NEWSOME, JR. was diagnosed with sleep apnea. On June 4, 2015, Johnny Newsome was prescribed the PHILIPS Respironics Auto A-Flex, System One CPAP device, Serial Number P13854110637C ("Subject Ventilator") to treat his sleep apnea which was purchased by Plaintiff through his insurance via the Kaiser Sleep Lab/Clinic, Permanente Medical Group, Vacaville, CA. From the date of prescription, Decedent used the aforementioned CPAP nightly for approximately six to eight hours through January 2017, shortly before his death. Decedent used the aforementioned CPAP according to the procedures and instructions with accompanied the CPAP machine and as instructed by the personnel who fitted him for the mask. Decedent regularly cleaned the aforementioned recalled CPAP pursuant to manufacturer's instructions.

34. The Subject Ventilator used by Decedent had been obtained by Decedent and his family by and through Defendant KAISER and was manufactured and/or designed by Defendants PHILIPS and/or RESPIRONICS. At all relevant times, KAISER, a home respiratory medical equipment provider, was the distributor, vendor, lessor, and/or retailer of the Subject Ventilator. As such and without limitation, KAISER constituted an integral part of the overall producing and marketing enterprise of the Subject Ventilator and/or was responsible for placing the Subject Ventilator in the stream of commerce.

_____

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: Jan 9 2023

Scott L. Frost
scott@frostlawfirm.com
Frost Law Firm, PC
273 West 7th Street
San Pedro, CA 90731
TEL 866-353-6376

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION**<br><br>This Document Relates to:<br>Debra Newsome and the Estate of Johnny Lee Newsome et al, 22CV012857 (Alameda County, CA), Removed to Cal Northern District, 22-CV-04101-HSG, Western District of Pennsylvania 2:22-cv-01412 | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

## **ORDER**

The Court has received Plaintiff Debra Newsome's Motion for Leave to File a Short Form Complaint. The court, finding good cause therein, grants the motion. Plaintiff is granted leave to file a short form complaint five days of entry of this order.

_____                                    _____
Motion Granted                                                Motion Denied


s/Joy Flowers Conti                                          January ___, 2023
_____       _____
HON JOY FLOWERS CONTI,                              DATE
SENIOR U.S. DISTRICT JUDGE