**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:  PHILIPS RECALLED CPAP, | ) | Master Docket:  Misc. No. 21-mc-1230-JFC |
| BI-LEVEL PAP, AND MECHANICAL | ) | |
| VENTILATOR PRODUCTS | ) | MDL No. 3014 |
| LITIGATION | ) | |
| | ) | |
| This Document Relates to All Actions | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED/EMERGENCY MOTION FOR**
**EXPEDITED PRE-HEARING TELECONFERENCE AND TO EXCLUDE WITNESS**
**TESTIMONY OF DEBORAH ROUX AT THE MAY 25th EVIDENTIARY HEARING**

**INTRODUCTION**

Plaintiffs request that the Court prohibit Royal Philips from presenting Deborah Roux, the Director of Financial Reporting & Planning at Philips North America LLC ("Philips NA"), as a witness in support of its jurisdictional motions at the May 25th evidentiary hearing. Less than two weeks before this hearing, on May 12, 2023, Royal Philips disclosed Ms. Roux as a fact witness for the company. Notably, not a declarant in Royal Philips' motions or reply, Ms. Roux was first identified to Plaintiffs for any purpose in the litigation on May 12 with Royal Philips' disclosure of her as a potential witness for the hearing. Plaintiffs have since been advised that her testimony will discuss documents that were first created by Ms. Roux earlier this month, and first produced to Plaintiffs on May 12—after the close of briefing and months after the close of personal jurisdiction discovery. Plaintiffs would be highly prejudiced if Ms. Roux were permitted to testify.

**FACTUAL BACKGROUND**

On December 6, 2022, Royal Philips filed its motion to dismiss Plaintiffs' Economic Loss Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2)

1

("Jurisdiction Motion"). ECF 913/914.[1] The parties agreed that jurisdictional discovery would be appropriate prior to the Court ruling on the Jurisdiction Motion but disagreed as to the scope of that discovery. *See, e.g.*, ECF 950. At the December 14, 2023 status conference, the Court ordered that the parties had forty-five days to conduct jurisdictional discovery. Thereafter, a schedule for jurisdictional discovery was negotiated after numerous meet-and-confer sessions (*see* ECF 962). Jurisdictional discovery began in earnest on or about December 19, 2022, when Plaintiffs identified previous discovery requests of Royal Philips and the other Philips Defendants that were relevant for jurisdictional purposes and served additional interrogatories and document requests specific to personal jurisdiction. As part of the truncated jurisdictional discovery process, Plaintiffs took one deposition of Royal Philips (through Marc Knapen) under Fed. R. Civ. P. 30(b)(6) on February 1, 2023.

Plaintiffs filed their Opposition to Royal Philips' Jurisdiction Motions on March 16, 2023 (the "Opposition"). *See* ECF 1743/1744. In support of their Opposition, Plaintiffs submitted substantial admissible evidence supporting their arguments regarding personal jurisdiction over Royal Philips, including 136 exhibits attached to the Declaration of Sandra L. Duggan (ECF 1688/1689) and 77 exhibits attached to the Economic Loss Complaint. Plaintiffs also filed a Declaration of Matthew Dundon, a principal of the financial and advisory investment firm Dundon Advisers LLC, with extensive experience in the assessment of corporate and affiliate accounting, intercompany relationships and liabilities, and corporate governance and management. Mr. Dundon submitted sworn testimony in support of Plaintiffs' larger argument regarding personal jurisdiction over Royal Philips. Specifically, Mr. Dundon attests that no subsidiary or enterprise

---

[1] Subsequently, Royal Philips moved to dismiss Plaintiffs' Medical Monitoring Complaint and Master Complaint for Personal Injuries for lack of personal jurisdiction. ECF 1353/1354/1355.

within a complex organization subject to accrual accounting under GAAP and IFRS can be properly managed without an accurate reconciliation of accrual financing to cash flows; and that officers with responsibilities over a complex business cannot do their jobs without regular, easily comprehended financial statements. *See* ECF 1694/1695.

The Court set a hearing on the Jurisdiction Motions for May 25, 2023. ECF 1602. At the April 20, 2023 status conference, the Court made clear that the hearing would be an evidentiary hearing and tasked the parties with meeting and conferring to propose procedures for the hearing. *See* 04/20/23 Tr. at 20:21-22:20.

On May 1, 2023, Royal Philips filed its Reply in further support of its Jurisdiction Motions. ECF 1850 (the "Reply").[2] The only evidence Royal Philips submitted was 74 exhibits attached to the Declaration of Royal Philips' counsel William B. Monahan. ECF 1849. One day after it filed its Reply, Royal Philips provided Plaintiffs with a supplemental document production that included four documents that had been attached to the Monahan Declaration. None of those documents were previously produced despite being responsive to Plaintiffs' personal jurisdiction document requests. Royal Philips also failed to submit any evidence directly rebutting Mr. Dundon's Declaration. In addition, despite having been apprised by the Court that the May 25th hearing would be an evidentiary hearing, Royal Philips' Reply did not include any declaration of fact witnesses or even identify any proposed fact witnesses it intended to present at the May 25th evidentiary hearing.

On May 2, 2023, Plaintiffs advised Royal Philips that they would likely present Mr. Dundon as a live witness at the May 25th hearing. Royal Philips advised Plaintiffs that it was not

---

[2] Plaintiffs granted Royal Philips an extension of three days (from April 28 to May 1) to file its Reply.

sure if it would seek to present a live witness at the hearing. On May 4, Royal Philips advised Plaintiffs for the first time that it would likely present a witness to rebut Mr. Dundon's testimony, but refused to identify that witness or provide any proffer of the nature, scope or basis of its witness' proposed testimony until after Plaintiffs met numerous prerequisites. These conditions included providing Royal Philips with Mr. Dundon's CV and an updated list of documents Mr. Dundon reviewed in formulating his opinions, and confirmation in writing that Mr. Dundon's opinions had not changed based on the parties' supplemental identification of exhibits to be presented at the May 25th hearing. Plaintiffs also reconfirmed that Mr. Dundon's opinions had not changed after each of the parties' exchanges of supplemental exhibits.

On May 12, 2023 – almost two months after Plaintiffs filed Mr. Dundon's Declaration and eleven days after Royal Philips filed its Reply, Royal Philips finally identified Deborah Roux, the Director of Financial Reporting & Planning at Philips NA, as the fact witness it intends to present at the May 25th evidentiary hearing. Royal Philips provided no more information about Ms. Roux at that time. Neither Royal Philips nor Philips NA nor any other Philips Defendant had listed Ms. Roux on their initial disclosures. Nor did any of the Philips Defendants identify her as a custodian with relevant information, and thus, to date they have not searched her custodial records or made a production from her custodial records (nor could they likely do so in time for the May 25tht hearing).

Also on May 12th, Philips produced, for the first time, three spreadsheets that Ms. Roux created earlier in May that purport to be "condensed versions" of spreadsheets previously produced by Royal Philips in response to Plaintiffs' jurisdictional discovery requests. The "condensed versions" of the spreadsheets include updated data that were not part of the previously-produced versions of the spreadsheets. Royal Philips also produced a fourth spreadsheet "showing a sample"

of the general ledger of Philips RS (which was also not previously produced). Each of these new documents would have been responsive to Plaintiffs' jurisdictional discovery requests (if they existed at the time jurisdictional discovery closed on February 2, 2023).

During a meet and confer on May 15, 2023, Royal Philips' counsel orally advised Plaintiffs that Ms. Roux's proposed testimony would be limited to addressing Mr. Dundon's Declaration and testimony, but steadfastly refused Plaintiffs' repeated requests that they provide a *written* proffer of the nature, scope, and bases for her proposed testimony. Royal Philips' counsel also orally advised Plaintiffs that Ms. Roux's testimony would rely on the three condensed versions of spreadsheets plus the compilation spreadsheet, which she created earlier in May 2023 at the instruction of counsel. Royal Philips offered to make Ms. Roux available for a short deposition on May 22 (and only May 22). Absent a written proffer of the scope and bases for her testimony, and without any of Ms. Roux's or broader departmental documents, Plaintiffs declined Philips' offer. The base reality is that given her role and function, Ms. Roux's testimony is likely to spawn a need for further discovery (depositions of other Philips' witnesses and/or document requests) beyond what the time following any deposition would allow before the hearing. More fundamentally, discovery on the matters that Mr. Dundon offered his opinions and analysis closed months ago. To selectively supplement (or attempt to supplant) that record with newly created documents at this late date through Ms. Roux would be highly prejudicial to Plaintiffs. Accordingly, the Court should not permit Royal Philips to present Ms. Roux as a witness at the May 25th evidentiary hearing.

## **ARGUMENT**

As discussed above, Royal Philips waited until less than two weeks before the hearing to disclose Ms. Roux as a witness and to produce documents newly created by her. Fairness dictates an orderly process for discovery and presentation of evidence at a hearing. Federal Rule of Civil

Procedure 26(a)(1) requires a party to include any individual with discoverable information it may use to support its defenses in its initial disclosures. Parties are under a continuing obligation to timely supplement or correct their Rule 26(a) disclosures. *See* Fed. R. Civ. P. 26(e). Where a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. *Swankler v. Republic Food Enter. Ctr., Inc.*, No. CV 19-363, 2020 WL 7263547, at \*2–3 (W.D. Pa. Dec. 10, 2020) (citing Fed. R. Civ. P. 37(c)(1)). Courts in the Third Circuit look at four factors to determine whether to exclude a lately disclosed witness: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness [sic] in failing to comply with a court order or discovery obligation. *Id.* at \*2-3 (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)).

Each of these factors favors excluding the proposed witness testimony here. First, with respect to the first and second factors, Plaintiffs would suffer significant prejudice that could not be easily cured if Ms. Roux took the stand. As already discussed, Plaintiffs do not know what Ms. Roux will say and have no documents related to Ms. Roux. Plaintiffs know only that she works for Philips NA and plans to testify based on excel spreadsheets she recently helped Royal Philips' lawyers create. Furthermore, setting aside the obvious irony of Royal Philips putting up a witness from Philips NA to testify about the financial operations of Philips RS when Defendant has taken the position that each of the companies are distinct entities and only Philips RS was involved with this case, Royal Philips took the position during jurisdictional discovery that Plaintiffs could not

seek any discovery related to Philips NA. Now, three and a half months after the close of jurisdictional discovery, Royal Philips seeks to introduce the testimony of a Philips NA employee it disclosed only thirteen days before the hearing.

The third factor, "the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court," also favors excluding the witness. There is no chance for Plaintiffs to prepare for her testimony, with the hearing next week and Defendants having not even searched for, much less provided, documents related to her. Unless Plaintiffs are to be severely hamstrung, the Court would have to postpone the hearing in order to allow for additional discovery. *See Contour Design, Inc. v. Chance Mold Steel Co.*, 2011 WL 4527404, *8 (D.N.H. Sept. 28, 2011) (excluding witness testimony that was disclosed less than 30 days before evidentiary hearing and finding that "there is also the fact that, if Chance is allowed to use a previously undisclosed witness, expert opinion, and supporting documents, Contour would almost certainly have to be allowed the opportunity to investigate that evidence and prepare its own new evidence in response before going forward with any hearing. That figures to be a time-consuming process necessitating a substantial and disruptive continuance of the hearing—which is scheduled to occur just five days from now—and a further delay in the ultimate resolution of this case, which has been pending for nearly two years.").

Lastly, the fourth factor also favors excluding Ms. Roux's testimony. Royal Philips waited until two months *after* Plaintiffs' filed Mr. Dundon's Declaration, two weeks *after* it filed its own Reply brief, and several weeks *after* the Court made clear the May 25th hearing was to be a full evidentiary hearing before disclosing the identity of their witness. While perhaps not bad faith, this was certainly willful delay. Royal Philips knew the financial condition of both Philips RS and the rest of the Philips enterprise would be at issue since it filed the Jurisdiction Motions. It is the party

that would be in the best position to know which Philips employee(s) could best testify to that condition. And yet, Royal Philips proceeded to not disclose Ms. Roux in its initial disclosures, not search her documents, and refuse to engage in discovery regarding her employer, Philips NA, during jurisdictional discovery. If that were not enough, Royal Philips still did not make any mention of Ms. Roux in its brief which replied to Plaintiffs' Opposition and Mr. Dundon's Declaration, the very thing Royal Philips now claims Ms. Roux's testimony is critical to rebut.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preclude Ms. Roux from offering testimony in connection with the May 25, 2023 jurisdictional hearing on Royal Philips' Jurisdiction Motions.

DATED: May 16, 2023                                    Respectfully submitted,


*/s/ Steven A. Schwartz*                               */s/ Sandra L. Duggan*
Steven A. Schwartz, Esquire                            Sandra L. Duggan, Esquire
**CHIMICLES SCHWARTZ KRINER &**                        **LEVIN SEDRAN & BERMAN LLP**
**DONALDSON-SMITH LLP**                                510 Walnut Street, Suite 500
361 West Lancaster Avenue                              Philadelphia, PA 19106
One Haverford Centre                                   (215)592-1500 (phone)
Haverford, PA 19041                                    (215)592-4633 (fax)
(610) 642-8500 (phone)                                 sduggan@lfsblaw.com
steveschwartz@chimicles.com


*/s/ Christopher A. Seeger*                             */s/ Kelly K. Iverson*
Christopher A. Seeger, Esquire                          Kelly K. Iverson, Esquire
**SEEGER WEISS LLP**                                   **LYNCH CARPENTER, LLP**
55 Challenger Road, 6th Floor                          1133 Penn Avenue, 5th Floor
Ridgefield Park, NJ  07660                             Pittsburgh, PA 15222
(973) 639-9100 (phone)                                 (412) 322-9243 (phone)
cseeger@seegerweiss.com                                kelly@lcllp.com


*Plaintiffs' Co-Lead Counsel*

D. Aaron Rihn, Esquire                                 Peter St. Tienne Wolff, Esquire
**ROBERT PIERCE & ASSOCIATES, P.C.**                   **PIETRAGALLO GORDON ALFANO**
707 Grant Street, Suite 125                            **BOSICK & RASPANTI, LLP**
Pittsburgh, PA 15219                                   One Oxford Centre - 38th Floor

(412) 281-7229 (phone)                    Pittsburgh, PA 15219
(412) 281-4229 (fax)                      (412) 263-2000 (phone)
arihn@peircelaw.com                       (412) 263-2001 (fax)
                                          psw@pietragallo.com

*Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system on May 16, 2023 and is available for download by all counsel of record.

*/s/ Steven A. Schwartz*
Steven A. Schwartz
(steveschwartz@chimicles.com)
**CHIMICLES SCHWARTZ KRINER**
**& DONALDSON-SMITH**
361 Lancaster Avenue
Haverford, PA 19401
Telephone: (610) 642-8500