IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This document relates to:  All Actions | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**PROPOSED STIPULATED SCHEDULE FOR MAY 25, 2023 HEARING REGARDING KONINKLIJKE PHILIPS N.V.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

On May 25, 2023, beginning at 1:30 p.m., the Court will hold an evidentiary hearing regarding Defendant Koninklijke Philips N.V.'s ("KPNV") motions to partially dismiss Plaintiffs' Consolidated Third Amended Class Action Complaint for Economic Losses (ECF No. 785), Consolidated Second Amended Class Action Complaint for Medical Monitoring (ECF No. 815), and Amended Master Long Form Complaint for Personal Injuries (ECF No. 834) for lack of personal jurisdiction (ECF Nos. 913-914, 1353-1355 (KPNV's motions to dismiss); ECF Nos. 1686-1691, 1695-1703 (Plaintiffs' response in opposition, and accompanying declarations and exhibits); ECF Nos. 1848-1850 (KPNV's reply, and accompanying declaration and exhibits)), and any short-form complaints relying on the Amended Master Long Form Complaint for Personal Injuries. The parties propose the following ground rules to govern the hearing:[1]

---

[1]  As the Court previously stated, the evidentiary hearing is "to consider all personal jurisdiction motions." (ECF No. 1602.) Thus, the parties propose that argument, if any, on the Rule 12(b)(6) motions to dismiss for failure to state a claim filed by KPNV and the other Philips Defendants be scheduled for a future date, following the conclusion of the personal jurisdiction evidentiary hearing.

1. By May 18, 2023, the parties shall file a joint exhibit list of the documents they agree may be submitted into evidence without objection at the May 25, 2023 hearing. Not all of the parties agree that all of these documents are relevant to the question of whether this Court has personal jurisdiction over KPNV; however, the parties have nonetheless agreed—solely for purposes of this evidentiary hearing before the Court as the factfinder—to allow these documents to be admitted. The parties may also submit a separate list of documents, if any, that each party seeks to introduce into evidence over the non-relevancy objections of the other party. The parties will provide the Court with hard copies and electronic copies of all documents prior to the hearing.

2. At the hearing, the parties will begin by jointly moving into evidence the documents on the joint exhibit list. The Court then will address the admissibility of documents, if any, to which there are non-relevancy objections. To the extent a party wishes to argue that a document is irrelevant to the question of personal jurisdiction, the party can raise that issue in the post-hearing submissions to the Court.

3. The Court will have the opportunity to ask questions of the parties at any time, including at the conclusion of the evidentiary presentations.

4. The parties have not been able to agree on the schedule for the presentation of evidence.  The parties' competing positions are set forth below:

   a. Plaintiffs' witness, Matthew Dundon:

      1. *Plaintiffs' position*:  approximately 60-75 minutes for direct, cross, and re-direct;

      2. *KPNV's position*:  up to 45 minutes for direct, cross, and re-direct, with 20 minutes for direct;

  b. KPNV's rebuttal witness, Deborah Roux:

    1. ***Plaintiffs' position***: Plaintiffs have filed a motion to exclude Ms. Roux from testifying. ECF 1896, 1897. If permitted, approximately 45 minutes for direct, cross, and re-direct;

    2. ***KPNV's position***: KPNV will be filing an opposition to Plaintiffs' motion to exclude Ms. Roux. Ms. Roux, a rebuttal witness to Mr. Dundon, should be allowed to testify for the same amount of time as Mr. Dundon: up to 45 minutes for direct, cross, and re-direct, with 20 minutes for direct;

  c. Plaintiffs' evidentiary presentation and argument:

    1. ***Plaintiffs' position***: 60 minutes;

    2. ***KPNV's position***: 45 minutes;

  d. KPNV's evidentiary presentation and argument:

    1. ***Plaintiffs' position***: 60 minutes;

    2. ***KPNV's position***: 45 minutes;

  e. Plaintiffs' propose they get at least 10 minutes for rebuttal; KPNV opposes rebuttal time for Plaintiffs; and

  f. Any further direction or remaining questions from the Court.

IT IS SO ORDERED, this _____ day of May 2023.

_____
HON. JOY F. CONTI
UNITED STATES DISTRICT JUDGE