IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| This Document Relates to:<br>COLE HERRON | SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL |

Plaintiff(s) incorporate(s) by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

**I.   DEFENDANTS**

1. Plaintiff(s) name(s) the following Defendants in this action:

    ☑ Koninklijke Philips N.V.

    ☑ Philips North America LLC.

    ☑ Philips RS North America LLC.

1

☑ Philips Holding USA Inc.

☑ Philips RS North America Holding Corporation.

☑ Polymer Technologies, Inc.

☑ Polymer Molded Products LLC.

II. **PLAINTIFF(S)**

2. Name of Plaintiff(s):
   COLE HERRON

3. Name of spouse of Plaintiff (if loss of consortium claim is being made):
   N/A

4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:
   N/A

5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):
   Illinois

III. **DESIGNATED FORUM**

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:
   Northern District of Illinois

## IV. USE OF A RECALLED DEVICE

7. Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ E30 (Emergency Use Authorization) | ☐ Dorma 500 |
| ☐ DreamStation ASV | ☐ REMstar SE Auto |
| ☐ DreamStation ST, AVAPS | ☐ Trilogy 100 |
| ☐ SystemOne ASV4 | ☐ Trilogy 200 |
| ☐ C-Series ASV | ☐ Garbin Plus, Aeris, LifeVent |
| ☐ C-Series S/T and AVAPS | ☐ A-Series BiPAP Hybrid A30 (not marketed in U.S.) |
| ☐ OmniLab Advanced + | |
| ☐ SystemOne (Q-Series) | ☐ A-Series BiPAP V30 Auto |
| ☐ DreamStation | ☐ A-Series BiPAP A40 |
| ☐ DreamStation Go | ☐ A-Series BiPAP A30 |
| ☐ Dorma 400 | ☑ Other Philips Respironics Device; if other, identify the model: DreamStation Alto; DreamStation HH |

## V. INJURIES

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☐ Cancer _____ (specify cancer)

☐ Kidney Damage

☐ Liver Damage

3

☐ Heart Damage

☐ Death

☑ Other (specify)
    Papillary thyroid carcinoma

_____

## VI. CAUSES OF ACTION/DAMAGES

9. As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | |
|---|---|
| ☑ Count I: | Negligence |
| ☑ Count II: | Strict Liability: Design Defect |
| ☑ Count III: | Negligent Design |
| ☑ Count IV: | Strict Liability: Failure to Warn |
| ☑ Count V: | Negligent Failure to Warn |
| ☑ Count VI: | Negligent Recall |
| ☑ Count VII: | Battery |
| ☑ Count VIII: | Strict Liability: Manufacturing Defect |
| ☑ Count IX: | Negligent Manufacturing |
| ☑ Count X: | Breach of Express Warranty |
| ☑ Count XI: | Breach of the Implied Warranty of Merchantability |
| ☑ Count XII: | Breach of the Implied Warranty of Usability |
| ☑ Count XIII: | Fraud |
| ☑ Count XIV: | Negligent Misrepresentation |

- [✓] Count XV: Negligence Per Se
- [✓] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [✓] Count XVII: Unjust Enrichment
- [✓] Count XVIII: Loss of Consortium
- [✓] Count XIX: Survivorship and Wrongful Death
- [✓] Count XX: Medical Monitoring
- [✓] Count XXI: Punitive Damages
- [✓] Count XXII: Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)
Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

---

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [✓] Count I: Negligence
- [✓] Count II: Strict Liability: Design Defect
- [✓] Count III: Negligent Design
- [✓] Count IV: Strict Liability: Failure to Warn
- [✓] Count V: Negligent Failure to Warn
- [✓] Count VI: Negligent Recall
- [✓] Count VII: Battery
- [✓] Count VIII: Strict Liability: Manufacturing Defect
- [✓] Count IX: Negligent Manufacturing

☑ Count X: Breach of Express Warranty

☑ Count XI: Breach of the Implied Warranty of Merchantability

☑ Count XII: Breach of the Implied Warranty of Usability

☑ Count XIII: Fraud

☑ Count XIV: Negligent Misrepresentation

☑ Count XV: Negligence Per Se

☑ Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☑ Count XVII: Unjust Enrichment

☑ Count XVIII: Loss of Consortium

☑ Count XIX: Survivorship and Wrongful Death

☑ Count XX: Medical Monitoring

☑ Count XXI: Punitive Damages

☑ Count XXII: Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)
Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

---

11. As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I: Negligence

☑ Count II: Strict Liability: Design Defect

☑ Count III: Negligent Design

☑ Count IV: Strict Liability: Failure to Warn

6

| | | |
|---|---|---|
| ☑ | Count V: | Negligent Failure to Warn |
| ☑ | Count VI: | Negligent Recall |
| ☑ | Count VII: | Battery |
| ☑ | Count VIII: | Strict Liability: Manufacturing Defect |
| ☑ | Count IX: | Negligent Manufacturing |
| ☑ | Count X: | Breach of Express Warranty |
| ☑ | Count XI: | Breach of the Implied Warranty of Merchantability |
| ☑ | Count XII: | Breach of the Implied Warranty of Usability |
| ☑ | Count XIII: | Fraud |
| ☑ | Count XIV: | Negligent Misrepresentation |
| ☑ | Count XV: | Negligence Per Se |
| ☑ | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☑ | Count XVII: | Unjust Enrichment |
| ☑ | Count XVIII: | Loss of Consortium |
| ☑ | Count XIX: | Survivorship and Wrongful Death |
| ☑ | Count XX: | Medical Monitoring |
| ☑ | Count XXI: | Punitive Damages |
| ☑ | Count XXII: | Other [specify below] |

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)
Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [✓] Count I: Negligence
- [✓] Count II: Strict Liability: Design Defect
- [✓] Count III: Negligent Design
- [✓] Count IV: Strict Liability: Failure to Warn
- [✓] Count V: Negligent Failure to Warn
- [✓] Count VI: Negligent Recall
- [✓] Count VII: Battery
- [✓] Count VIII: Strict Liability: Manufacturing Defect
- [✓] Count IX: Negligent Manufacturing
- [✓] Count X: Breach of Express Warranty
- [✓] Count XI: Breach of the Implied Warranty of Merchantability
- [✓] Count XII: Breach of the Implied Warranty of Usability
- [✓] Count XIII: Fraud
- [✓] Count XIV: Negligent Misrepresentation
- [✓] Count XV: Negligence Per Se
- [✓] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [✓] Count XVII: Unjust Enrichment
- [✓] Count XVIII: Loss of Consortium
- [✓] Count XIX: Survivorship and Wrongful Death
- [✓] Count XX: Medical Monitoring

☑ Count XXI:     Punitive Damages

☑ Count XXII:    Other [specify below]

    Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)
    Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

---

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I:       Negligence

☑ Count II:      Strict Liability: Design Defect

☑ Count III:     Negligent Design

☑ Count IV:      Strict Liability: Failure to Warn

☑ Count V:       Negligent Failure to Warn

☑ Count VI:      Negligent Recall

☑ Count VII:     Battery

☑ Count VIII:    Strict Liability: Manufacturing Defect

☑ Count IX:      Negligent Manufacturing

☑ Count X:       Breach of Express Warranty

☑ Count XI:      Breach of the Implied Warranty of Merchantability

☑ Count XII:     Breach of the Implied Warranty of Usability

☑ Count XIII:    Fraud

☑ Count XIV:     Negligent Misrepresentation

☑ Count XV:      Negligence Per Se

- [✓] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [✓] Count XVII: Unjust Enrichment
- [✓] Count XVIII: Loss of Consortium
- [✓] Count XIX: Survivorship and Wrongful Death
- [✓] Count XX: Medical Monitoring
- [✓] Count XXI: Punitive Damages
- [✓] Count XXII: Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)
Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

---

14. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [✓] Count I: Negligence
- [✓] Count II: Strict Liability: Design Defect
- [✓] Count III: Negligent Design
- [✓] Count IV: Strict Liability: Failure to Warn
- [✓] Count V: Negligent Failure to Warn
- [✓] Count VIII: Strict Liability: Manufacturing Defect
- [✓] Count IX: Negligent Manufacturing
- [✓] Count XIII: Fraud
- [✓] Count XIV: Negligent Misrepresentation
- [✓] Count XVII: Unjust Enrichment

☑ Count XVIII:     Loss of Consortium

☑ Count XIX:      Survivorship and Wrongful Death

☑ Count XX:       Medical Monitoring

☑ Count XXI:      Punitive Damages

☑ Count XXII:     Other [specify below]

    Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)
    Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

---

15. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☑ Count I:        Negligence

☑ Count II:       Strict Liability: Design Defect

☑ Count III:      Negligent Design

☑ Count IV:       Strict Liability: Failure to Warn

☑ Count V:        Negligent Failure to Warn

☑ Count VIII:     Strict Liability: Manufacturing Defect

☑ Count IX:       Negligent Manufacturing

☑ Count XIII:     Fraud

☑ Count XIV:      Negligent Misrepresentation

☑ Count XVII:     Unjust Enrichment

☑ Count XVIII:    Loss of Consortium

☑ Count XIX:      Survivorship and Wrongful Death

☑ Count XX:       Medical Monitoring

☑ Count XXI:     Punitive Damages

☑ Count XXII:    Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)
Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

16. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

(a) At the time Defendants designed, manufactured, marketed, sold, and distributed the Philips REMstar Pro CPAP device for use by Plaintiff, Defendants knew of the use for which these devices were intended and impliedly warranted these products to be of merchantable quality and safe for such use and that their design, manufacture, labeling, and marketing complied with all applicable federal requirements.
(b) The Philips REMstar Pro CPAP device manufactured and supplied by Defendants were not merchantable quality and were not fit for the ordinary and/or particular purpose for which they were intended as, among other defects, the risks included and unreasonably high risk of developing cancer or other serious illness due to the release of toxic and carcinogenic particles from the device's PE-PUR sound abatement foam.
(c) Plaintiff and/or Plaintiff's physician reasonably relied upon the skill and judgment of Defendants as to whether the Philips REMstar Pro CPAP device was of merchantable quality and safe for its intended and particular use and purpose, and upon Defendants' implied warranty as to such matters.

17. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

HEALTH TECHNOLOGY RESOURCES, LLC, a limited liability company organized under and existing under the laws of the State of Illinois and having a principal place of business at 1400 East Lake Cook Road, Suite 170, Buffalo Grove, Illinois 60089.

18. Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 17 above:

Count I: Negligence
Count II: Strict Liability: Design Defect
Count III: Negligent Design
Count IV: Strict Liability: Failure to Warn
Count V: Negligent Failure to Warn
Count VIII: Strict Liability: Manufacturing Defect
Count IX: Negligent Manufacturing
Count XIII: Fraud
Count XIV: Negligent Misrepresentation
Count XVII: Unjust Enrichment
Count XVIII: Loss of Consortium
Count XIX: Survivorship and Wrongful Death
Count XX: Medical Monitoring
Count XXI: Punitive Damages
Count XXII: Other:
Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: Jun   9   2023

/s/ David J. Gallagher

David J. Gallagher

Robert J. Napleton & Associates
Attorneys for Plaintiff
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
Tel: (312) 726-2699
Fax: (312) 726-6851
Attorney No. 100599
ARDC No. 6294250
dgallagher@rjnlawoffice.com

**Cole Herron**
**Case No. 21-cm-1230**

**Continued Answer to No. 16:**
(a)     At the time Defendants designed, manufactured, marketed, sold, and distributed the Philips REMstar Pro CPAP device for use by Plaintiff, Defendants knew of the use for which these devices were intended and impliedly warranted these products to be of merchantable quality and safe for such use and that their design, manufacture, labeling, and marketing complied with all applicable federal requirements.

(b)     The Philips REMstar Pro CPAP device manufactured and supplied by Defendants were not merchantable quality and were not fit for the ordinary and/or particular purpose for which they were intended as, among other defects, the risks included and unreasonably high risk of developing cancer or other serious illness due to the release of toxic and carcinogenic particles from the device's PE-PUR sound abatement foam.

(c)     Plaintiff and/or Plaintiff's physician reasonably relied upon the skill and judgment of Defendants as to whether the Philips REMstar Pro CPAP device was of merchantable quality and safe for its intended and particular use and purpose, and upon Defendants' implied warranty as to such matters.

(d)     Contrary to such warranties, the Philips REMstar Pro CPAP device was not of merchantable quality of safe for its intended and particular use and purpose, because the product was defective when used normally as described above, and/or failed to comply with federal requirements.

(e)     As a direct and proximate cause of Defendants' breach of implied warranties, Plaintiff has suffered serious physical injury, harm, damages, and economic loss and will continue to suffer such harm, damages, and economic loss in the future and is entitled to compensatory damages in an amount to be proven at trial.

**Continued Answer to No. 18:**
Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)