IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This document relates to: All Actions | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**JOINT STATUS REPORT REGARDING SCHEDULE
FOR EVIDENTIARY HEARING ON KONINKLIJKE PHILIPS N.V.'S
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

On August 8, 2023, the Court is scheduled to address Defendant Koninklijke Philips N.V.'s ("KPNV") Motion to Convert the August Evidentiary Hearing into Oral Argument and to Reschedule the Evidentiary Hearing to September. The parties agree that the ultimate length, structure and timing of the evidentiary hearing, as well as the number of witnesses and exhibits, will depend on how the Court resolves the pending motion. Consistent with the Court's direction from the Minute Entry for In-Person Status Conference held on June 15, 2023 (ECF No. 2107) and the Court's Order from earlier today (ECF No. 2120), the parties propose the following agenda, which remains subject to change based on how the Court decides the pending motion. In addition, because of the time necessary to address evidentiary objections and the timing for when the Court will rule on those objections remains uncertain, the parties are presently unable to estimate the length of the evidentiary hearing day. The parties believe that they should provide a supplemental agenda to the Court that includes more precision once the pending issues are resolved.

The parties additionally propose the following ground rules to govern the hearing:

      1.    Today, the parties submitted to the Court a joint exhibit list and binders of the hardcopy documents they agree may be submitted into evidence at the evidentiary hearing without objection—excepting objections for relevancy and/or undue consumption of time under

Federal Rule of Evidence 403, which, as reflected in the parties' respective submissions to this Court earlier this week (ECF Nos. 2113-14, 2116), impact a large number of documents.[1]

2. The Court will have the opportunity to ask questions of the witnesses and/or counsel at any time during the evidentiary hearing.

3. The parties have not been able to agree on the schedule for the presentation of evidence. The parties' competing positions are set forth below:

   a. Opening statements:

      1. *Combined position:* 15 minutes for both Parties combined.

   b. Plaintiffs' witnesses, Michael Garbe and Matthew Dundon:

      1. *Plaintiffs' position*: Whether to call Mr. Dundon, Mr. Garbe, or both, as well as the scope of any direct and cross examination depends on the resolution of KPNV's pending motion. Subject to resolution of that issue, for each witness, approximately 45 minutes for direct, cross, and re-direct; with approximately 20 minutes for direct.

      2. *KPNV's position*: KPNV has not moved to exclude either Mr. Dundon or Mr. Garbe, so it is unclear why resolution of KPNV's pending motion impacts whether Plaintiffs will call them. Plaintiffs continue to leave KPNV in limbo on whether they will be calling their expert witnesses or are abandoning them. KPNV

---

[1] As directed at the July 20 conference, the Parties are in the process of exchanging position statements on the remaining disputed exhibits (*i.e.*, where an objection is on grounds other than relevancy/Rule 403) and will provide a binder with those objections, responses, and a summary chart to the Court on August 2, 2023.

does not object to the time allocation set forth in Plaintiffs' portion of this statement.

c. KPNV's rebuttal witness, Deborah Roux:

1. ***Plaintiffs' position***: The scope of the cross examination of Ms. Roux depends on the resolution of KPNV's pending motion. Subject to resolution of that issue, approximately 45 minutes for direct, cross, and re-direct; with approximately 20 minutes for direct.

2. ***KPNV's position***: The scope of Ms. Roux's testimony depends on whether Mr. Dundon and Mr. Garbe testify. For now, however, on the currently uncertain record regarding whether Mr. Dundon and/or Mr. Garbe testify, KPNV suggests setting aside a total of up to one hour for direct, cross, and re-direct of Ms. Roux, with no more than 30 minutes for direct;

d. KPNV's rebuttal witness, Marc Knapen:[2]

1. ***Plaintiffs' position***: Plaintiffs first learned that Mr. Knapen may be called as a witness by KPNV on July 26, as the Parties were preparing this joint submission. To the extent Mr. Knapen is being called purportedly in a 30(b)(6) capacity, Plaintiffs object that no rule permits such testimony. To the extent Mr. Knapen is testifying as a fact witness, Plaintiffs object to his untimely

---

[2] Plaintiffs previously deposed Mr. Knapen during jurisdictional discovery as KPNV's Rule 30(b)(6) designee.

       disclosure. The scope of the cross examination of Mr. Knapen depends on the resolution of KPNV's pending motion. Plaintiffs dispute that any issue was raised in the supplemental exhibits. Subject to resolution of that issue, approximately 60 minutes for direct, cross, and re-direct; with approximately 20 minutes for direct.

   2. ***KPNV's position***: KPNV intends to call Mr. Knapen in his individual capacity. KPNV had not anticipated any need to call Mr. Knapen until receiving Plaintiffs' additional proposed exhibits on July 20, 2023, which include particular employees' resumes in an obvious attempt to show, incorrectly, that these individuals were employed by KPNV. Mr. Knapen would be called solely to rebut that assertion, should Plaintiffs choose to continue to make those incorrect claims. Of course, none of this should be necessary. A total of up to 30 minutes for direct, cross, and re-direct, with 15 minutes for direct;

e. Plaintiffs' evidentiary presentation and argument:

   1. ***Plaintiffs' position***: 90 minutes, plus any necessary time to fully address the Court's questions.

   2. ***KPNV's position***: The appropriate amount of time for Plaintiffs' evidentiary presentation and argument depends on which documents are excluded and whether there will be more than 400 documents entered as exhibits.

    f.    KPNV's evidentiary presentation and argument:

        1.  ***Plaintiffs' position***: 90 minutes, plus any necessary time to fully address the Court's questions.

        2.  ***KPNV's position***: The amount of time necessary for KPNV's evidentiary presentation and argument depends on which documents are excluded and whether there will be more than 400 documents entered as exhibits.

    g.    Plaintiffs' rebuttal presentation:

        1.  ***Plaintiffs' position:*** 15 minutes, plus any necessary time to fully address the Court's questions.

        2.  ***KPNV's position:*** KPNV opposes rebuttal unless KPNV is provided with an opportunity to respond to Plaintiffs' rebuttal. If so, KPNV suggests 15 minutes for each side.

    h.    Any further direction or remaining questions from the Court.

Dated: July 26, 2023

/s/ Steven A. Schwartz
Steven A. Schwartz
(steveschwartz@chimicles.com)
CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH
361 Lancaster Avenue
Haverford, PA 19401
Telephone: (610) 642-8500

Sandra Duggan (sduggan@lfsblaw.com)
LEVIN SEDRAN & BERNAN
510 Walnut Street, Ste 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

Kelly K. Iverson (kelly@lcllp.com)
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243

Christopher A. Seeger
(cseeger@seegerweiss.com)
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (212) 584-0700

*Plaintiffs' Co-Lead Counsel*

Respectfully Submitted,

/s/ Michael H. Steinberg
Michael H. Steinberg
(steinbergm@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067
Telephone: (310) 712-6600

Tracy Richelle High
(hight@sullcrom.com)
William B. Monahan
(monahanw@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000

*Attorneys for Defendant Koninklijke Philips N.V.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/ *Michael H. Steinberg*
Michael H. Steinberg