IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br>*All Actions* | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**PLAINTIFFS' OBJECTIONS TO KPNV'S PROPOSED EXHIBITS**

**Discovery Requests and Correspondence Are Inadmissible**

Plaintiffs object to DX001, DX002, DX003, DX004, DX005, and DX006. These are all discovery requests or correspondence regarding discovery drafted by Plaintiffs' counsel and served by Plaintiffs on KPNV. These documents are hearsay, irrelevant, and would only serve to waste time and distract the Court through misleading trials on collateral matters not at issue. Fed. R. Evid. 402; 403; 802.

KPNV indicates that it will seek admission of these documents depending on whether Plaintiffs' experts Mr. Dundon and Mr. Garbe testify to certain facts that KPNV believes are inconsistent with these documents. But Plaintiffs object to the admission of discovery requests drafted by counsel regardless of Mr. Dundon or Mr. Garbe's testimony. Discovery requests are prepared by counsel during litigation and are a collateral issue, and not fully represented by the documents Defendants have added to their exhibit list. The scope of any discovery request was the product of numerous meet and confers (with and without the assistance of Discovery Special Master Katz), and KPNV has responded to Plaintiffs' requests both in formal writings, emails, and informal oral communication not present on KPNV's exhibit list. These documents were also drafted for the purpose of the 45-day period of limited jurisdictional discovery and considerable production of documents and other discovery not tied to these original requests has occurred in the intervening six months. KPNV's threat to take the Court and potential witnesses down irrelevant rabbit holes in an effort to establish something about the scope of discovery warrants exclusion pursuant to FRE 403. Indeed, such discovery requests, standing alone, have no probative value under FRE 402. And even in the context KPNV proposes, tell one piece of a large and complex story that has is not at issue in the upcoming evidentiary hearing. Finally, to the extent KPNV attempts to offer these exhibits for the truth of their content, discovery requests and responses are

2

also hearsay under FRE 802. *See Bland v. PNC Bank, N.A.*, 2016 WL 10536026, at *3 (W.D. Pa. Dec. 30, 2016).

**Excel Document Created For Litigation Is Inadmissible**

DX007 is an Excel spreadsheet that purportedly shows certain cross-charges that Philips Respironics paid Philips Consumer Lifestyle for foam-related testing at the Drachten facilities. Plaintiffs object to the admission of this document because (1) it is inauthentic, (2) not maintained in the ordinary course of business but rather created for the purposes of this litigation and (3) is and contains hearsay. Fed. R. Evid. 402; 403; 802; 901. On its face, the document appears to contain screen captures of selected pieces of multiple other documents or sources of information pasted into a spreadsheet. The metadata reflects that DX007 was created on May 22, 2023—months after both Plaintiffs and KPNV filed motions regarding personal jurisdiction. DX007 is and also contains hearsay. *See* Fed. R. Evid. 802, 805. The documents contain multiple statements, presumably drafted in May 2023 by an unknown speaker that attempt to describe the screenshots cut and pasted therein. These statements are plainly being offered for their truth (the document would lack any probative value without them) and fail to qualify for any exception to the rule against hearsay.

KPNV may try to argue that the document is a business record, but because DX007 was prepared for the purposes of litigation this document lacks trustworthiness. *See, e.g.*, *Klotzbach-Piper v. AMTRAK*, 2022 U.S. Dist. LEXIS 186072, *38 (D.D.C. Oct. 12, 2022) (courts "deny the business records exception to any document prepared with an eye toward litigation when offered by the party responsible for making the record"). *Sleepy's, LLC v. Select Comfort Wholesale Corp.*, 2012 U.S. Dist. LEXIS 16466, *3-4 (E.D.N.Y. Feb. 9, 2012) (finding business records that might be self-serving "are issues not susceptible of determination as a matter of law in the absence of live witnesses whose credibility can be tested"); *In re Rural Metro Corp. Stockholders Litig.*, 88 A.3d 54, 72 (DE Ch. Ct. 2014) (noting board meeting minutes "have the feel of a document drafted

in anticipation of litigation, and the rose-colored description of the sale process that appears in the minutes does not match up with what actually took place").

**Entire Transcripts of Expert Depositions Are Inadmissible**

KPNV included on its exhibits list the entire transcripts of the depositions of Plaintiffs' experts Mr. Garbe and Mr. Dundon. DX008 and DX009. Plaintiffs object. KPNV indicated that whether it will offer these depends on whether Dundon and Garbe testify at the evidentiary hearing. However, even if one or both of these experts is not called by Plaintiffs the full transcripts are improper exhibits regardless. Simply put, it is improper to offer an entire deposition transcript into evidence without identifying either for opposing counsel or the Court the portions that are purportedly relevant. Fed. R. Evid. 403. The transcripts are hearsay, and KPNV must delineate a proper use for the testimony they intend to offer. Fed. R. Evid. 802. And if Plaintiffs do offer Dundon and/or Garbe's testimony at the hearing, their deposition transcripts are not only unnecessary, but any use must comply with the rules regarding impeachment. For these reasons, Courts routinely bar one party from designating the testimony of an opposing party's experts. *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 7084393, at *1 (N.D. Fla. Aug. 18, 2021) (barring both parties from designating the opposing party's experts).

**Accounting Standards Are Inadmissible**

KPNV proffers as potential exhibits multiple sections of the International Financial Reports Standards (IFRS) and one SEC Form. DX010, DX011, DX012, DX013, and DX014. Plaintiffs object. These proposed exhibits are all inadmissible hearsay pursuant to Fed. R. Evid. 802. KPNV has indicated that its use of these exhibits may depend on testimony, therefore the exhibits are not properly admitted unless and until KPNV identifies what it contends is the intended and proper use for these standards.

Furthermore, KPNV will likely contend that these standards are not offered for the truth. Not so. KPNV has indicated it intends to use these standards to discuss with Plaintiffs' experts the provisions of the IFRS that may or may not apply to KPNV and its subsidiaries. In such a case, the standards are offered for their truth – that the rule stated therein is indeed the rule. *See* Fed. R. Evid. 801. It is for precisely this reason, the Federal Rules provide an exception for learned treatise, a Rule that KPNV has to this point failed to satisfy. At the hearing, Fed. R. Evid. 803(18) requires the proper foundation be laid, and even then, restricts the use of learned treatises and does not permit blanket admissibility. Fed. R. Evid. 803(18); *see* Advisory Committee Note to Rule 803(18) ("the great weight of authority has been that learned treatises are not admissible as substantive evidence though usable in the cross-examination of experts. . . . The rule avoids the danger of misunderstanding and misapplication by limiting the use of treatises as substantive evidence to situations in which an expert is on the stand and available to explain and assist in the application of the treatise if declared. The limitation upon receiving the publication itself physically in evidence, contained in the last sentence, is designed to further this policy.").

DATED: July 26, 2023                                           Respectfully submitted,

*/s/ Sandra L. Duggan*  
Sandra L. Duggan, Esquire  
**LEVIN SEDRAN & BERMAN LLP**  
510 Walnut Street, Suite 500  
Philadelphia, PA 19106  
(215)592-1500 (phone)  
sduggan@lfsblaw.com

*/s/ Christopher A. Seeger*  
Christopher A. Seeger, Esquire  
**SEEGER WEISS LLP**  
55 Challenger Road, 6th Floor  
Ridgefield Park, NJ 07660  
(973) 639-9100 (phone)  
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*  
Steven A. Schwartz, Esquire  
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**  
361 West Lancaster Avenue  
One Haverford Centre  
Haverford, PA 19041  
(610) 642-8500 (phone)  
steveschwartz@chimicles.com

*/s/ Kelly K. Iverson*  
Kelly K. Iverson, Esquire  
**LYNCH CARPENTER, LLP**  
1133 Penn Avenue, 5th Floor  
Pittsburgh, PA 15222  
(412) 322-9243 (phone)  
kelly@lcllp.com

*Plaintiffs' Co-Lead Counsel*

*/s/ D. Aaron Rihn*  
D. Aaron Rihn, Esquire  
**ROBERT PEIRCE & ASSOCIATES, P.C.**  
707 Grant Street, Suite 125  
Pittsburgh, PA 15219  
(412) 281-7229 (phone)  
(412) 281-4229 (fax)  
arihn@peircelaw.com

Peter St. Tienne Wolff, Esquire  
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**  
One Oxford Centre - 38th Floor  
Pittsburgh, PA 15219  
(412) 263-2000 (phone)  
(412) 263-2001 (fax)  
psw@pietragallo.com

*Plaintiffs' Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system on this 2nd day of August 2023, and is available for download by all counsel of record.

/s/ D. Aaron Rihn
D. Aaron Rihn, Esquire
PA I.D. No.: 85752
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA 15219
Tel: 412-281-7229
Fax: 412-281-4229
arihn@peircelaw.com