**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : : | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| This Document Relates to:<br><br>*All Actions* | : : : : | |

**KONINKLIJKE PHILIPS N.V.'S OBJECTIONS
TO PLAINTIFFS' PROPOSED EXHIBITS**

Michael H. Steinberg
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067

Tracy Richelle High
William B. Monahan
Elizabeth N. Olsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Counsel for Defendant Koninklijke Philips N.V.*

## I. KPNV'S OBJECTIONS TO PX-A

KPNV objects to PX-A on the grounds that it is not a neutral and objective summary, and is therefore inadmissible under Rule 1006. Under Rule 1006, a summary exhibit cannot inject the views of the exhibit's compiler and instead may only neutrally and objectively summarize underlying admissible evidence. *Eichorn* v. *AT&T,* 484 F.3d 644, 650 (3d Cir. 2007). In *Eichorn,* the Third Circuit held that certain spreadsheets were not proper Rule 1006 exhibits because they were "a synthesis rather than a summary of. . . charts and other evidence," and "included several assumptions [and] inferences . . . which represent [the compiler's] opinion, rather than the underlying information." *Id.* Because Plaintiffs' proffered "summary" exhibits do not neutrally summarize an underlying set of (admissible) documents, but instead reflect Plaintiffs' "assumptions" and "inferences"—and, even worse, argument—they are inadmissible.

*First,* PX-A purports to summarize uncomplicated organizational charts. Thus, even if PX-A were a fair and accurate summary, there is simply no need for it.

*Second,* the obvious purpose of Plaintiffs' manufactured exhibit is to misleadingly suggest that, prior to the Respironics recall, KPNV's officers and directors were making decisions specific to the recalled devices.[1] Plaintiffs describe each chart as showing the "Management Structure for the Philips Enterprise . . . Division Related to the Recalled Devices." But no such "Division" exists, and the underlying documents do not use that title either. Instead, the underlying documents simply show the *reporting lines* one would expect at a multinational corporation with many subsidiaries. KPNV officers and directors obviously receive periodic reports from employees of subsidiaries, and some small subsection of those reports may have periodically

---

[1] Plaintiffs also misidentify ▇▇▇▇▇▇ as "Royal Philips," relying on a letter about document custodians that has since been updated to reflect that he was never employed by, or an officer or director of, KPNV.

related to the recalled devices over time, but this was not a structure in any way specific to any imaginary "Division Related to the Recalled Devices." For example, although there are company-wide Quality and Regulatory *standards,* it is up to the local entity and its employees—not KPNV or its officers and directors—to ensure *compliance* with those standards at the local entity level.

*Third,* the title of each chart contains Plaintiffs' pejorative name for KPNV and its subsidiaries, the "Philips Enterprise," which Plaintiffs have consistently used to imply that KPNV and its subsidiaries are indistinguishable from each other. The titles of the "summaries" alone are fatal to this exhibit. *See United States* v. *Lynch,* 735 F. App'x 780, 787 (3d Cir. 2018).

*Fourth,* Plaintiffs' use of *downward*-pointing arrows to connect each box is flatly misleading. The underlying documents show *reporting* lines, which means that **information is flowing up,** not down. By connecting the boxes with downward-pointing arrows, Plaintiffs are presenting the reporting lines as implying that instructions and information are coming from the top down, when the opposite is true.[2] If Plaintiffs had any notion of wanting to accurately summarize the underlying documents, the boxes should have been connected by upward-pointing arrows. This is important because, as the Court knows, Plaintiffs must show that KPNV controlled the "day-to-day operations" of Respironics. *See In re Enterprise,* 735 F. Supp. 2d 277, 318 (W.D. Pa. 2010). The misleading direction of the arrows is the opposite of the facts.

For these reasons, PX-A is inadmissible as substantive evidence. *See Su,* 2023 WL 2796120, at *5 (excluding summary under Rule 1006 where the offering party's "discretionary decisions are so pervasive throughout the chart that '[t]he Court cannot discern a viable way to scrub [the analysis] such that [it] can be presented in the form of summary evidence'").

---

[2] Further, PX-A purports to represent the "Management Structure" *as of May 2022,* and thus is not "helpful" to "determining" the corporate relationships during the relevant *pre-recall* time period. *See Su* v. *E. PennMfg.,* 2023 WL 2796120, at *3 (E.D. Pa. Apr. 5, 2023).

## II.     KPNV'S OBJECTIONS TO PX-B

"As a threshold matter, Rule 1006 is only applicable where the summary evidence is used to 'prove the content of voluminous writings [or] records.'" *Su* v. *E. Penn Mfg. Co.,* 2023 WL 2796120, at *3 (E.D. Pa. 2023). The information Plaintiffs claim is so "voluminous" it requires summation is in reality just 25 pages of information. *See Winn-Dixie Stores* v. *E. Mushroom Mktg. Cooperative,* 2022 WL 1037457, at * n.1 (E.D. Pa. 2022) (summary of "several *hundreds* of pages" sufficiently voluminous) (emphasis added); *United States* v. *Onque,* 665 Fed. App'x 189, 198 (3d Cir. 2016) (rejecting government's proposed Rule 1006 exhibit where the underlying materials "w[ere] not so voluminous," particularly "[g]iven the amount of evidence introduced by the Government").

*Second,* Plaintiffs' "summary" is inadmissible because it is not helpful in determining a "fact in issue." *See Su,* 2023 WL 2796120, at *3 ("[W]hen summary evidence is not used in relation to an expert opinion *(i.e.,* it is in the form of a lay opinion) Rule 701 requires that the summary evidence is 'helpful to . . . determining a fact in issue.'"). Most obviously here, despite the fact that the evidentiary hearing is about personal jurisdiction over KPNV, PX-B has nothing to do with KPNV. In fact, Plaintiffs bury in footnote 2 on the exhibit that, from the 25+ officers and directors listed in the chart, only *one* had any position at KPNV at any point in time. To properly submit this summary exhibit under Rule 1006, Plaintiffs must make it relate to KPNV in some way. They could do so by adding a fifth column which would accurately show how little overlap (quite literally just one officer, at one 2-year period in time) there was among the individuals on this exhibit and KPNV.

*Third,* Plaintiffs' chart is presented in a confusing way to suggest that there was an overlap in role and responsibility (again, across U.S. subsidiaries only) at a time when no such overlap existed. A Rule 1006 summary "is supposed to substitute for the voluminous documents

themselves" and thus "must accurately summarize those documents], It must not misrepresent their contents or make arguments about the inferences the jury should draw from them." *Gen. Refractories Co.* v. *First State Ins. Co.,* 2015 WL 3450391, at *8-9 (E.D. Pa. 2015). For example, the first row shows ▮▮▮▮ holding positions at each of the four U.S. entities, one of which started in 2005 and *ended in 2010* and is placed directly next to a position that ▮▮▮▮ did not *start until 2020.* Although ▮▮▮▮ did have overlap across these four U.S. entities *over time,* Plaintiffs' summary is at best not helpful to the Court and at worst misleading in terms of showing to what extent, in which positions, and at what times the overlap occurred.

-5-

Dated:  August 2, 2023                                  Respectfully submitted,

*/s/ Michael H. Steinberg*
Michael H. Steinberg
steinbergm@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
Tel: 310.712.6670

Tracy Richelle High
hight@sullcrom.com
William B. Monahan
monahanw@sullcrom.com
Elizabeth N. Olsen
olsene@sullcrom.com
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel: 212.558.4000

*Counsel for Defendant Koninklijke Philips N.V.*