# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br>*All Actions* | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

## **PLAINTIFFS' RESPONSE TO KPNV'S OBJECTIONS**

**Plaintiffs' Response To KPNV's Objections to PX-A**

Federal Rule of Evidence 1006 permits a party to use a summary, chart, or calculation to prove the content of voluminous writings that cannot be conveniently examined in court. Because PX-A uses four pages to accurately summarize more than 1,800 pages of information produced by the Philips Defendants, it should be admitted as substantive evidence. *See* Fed. R. Evid. 1006.[1]

None of KPNV's objections bear on PX-A's admissibility. KPNV's reliance on *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007), is misplaced. There, the purported summary was rejected because it included inadmissible opinion testimony--assumptions and projections about future events—reflecting the opinions of an expert that had been excluded for failing to comply with Federal Rules of Evidence 701 and 702. Here, PX-A is nothing more than an accurate summary, reflecting no opinion, assumptions, or projections about the future.

As to the chart's titles, "the Philips Enterprise" is hardly a pejorative, but refers to the facts (echoing Philips' documents) that Philips—from KPNV down—is organized into management structures based on business, product, or function, not legal entity. And KPNV's complaint that PX-A's "downward-pointing arrows" are misleading is flatly invalid because the downward-pointing arrows are identical to the very exhibits PX-A is summarizing. *See, e.g.*, JX-035 at 4; JX-343. Indeed, PX-A is exactly what it purports to be: a summary of information contained in exhibits created and produced by the Philips Defendants and their counsel.

More importantly, KPNV improperly uses its objection to inject a new and untimely letter from defense counsel. *See* n.1. Pursuant to Rule 37(c)(1), a party is specifically precluded from using evidence that was not disclosed as required under Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1). Rule 26(g) also imposes an affirmative duty on parties "to engage in pretrial discovery in a

---

[1] As required by Rule 1006, the original documents are available to KPNV.

2

responsible manner that is consistent with the spirit and purposes of Rules 26 through 37," and specifically provides that counsel's signature "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available." *See Claude Worthington Benedum Found. v. Harley*, 2014 WL 3614237, at *3 (W.D. Pa. July 22, 2014) (quoting Fed. R. Civ. P. 26(g)). In such a circumstance, the burden is on the non-producing party to prove substantial justification or that its failure to produce was harmless. *United States v. Brace*, 334 F.R.D. 472, 476–77 (W.D. Pa. 2020).

Because the Update Letter was produced after 5pm on July 25, 2023, after the parties had exchanged exhibits and objection and after the parties had disclosed expert and fact witnesses and conducted four depositions specifically targeted at jurisdictional discovery, KPNV should be precluded from offering the Update Letter as evidence at the upcoming evidentiary hearing. There can be no justification for the update's timing. Defendants identified custodians' employer(s) in counsel-signed letter on September 15, 2022. JX-028. Plaintiffs cited that letter in their Opposition to KPNV's motions to dismiss in March 2023—including a version of PX-A attached to that motion. The parties exchanged exhibits and objections on July 20 and 21, 2023. On July 25, Defendants served the Update Letter. Plaintiffs would be severely prejudiced by its admission.[2] Exchange of exhibits for the hearing has concluded, the exhibits lists have closed, but now KPNV is attempting to use this July 25 Update Letter to attack Plaintiffs' evidence. The letter should be excluded.

---

[2] That said, the exercise proves Plaintiffs' jurisdiction arguments. That Philips and its lawyers cannot tell who works for which entity strongly weighs in favor of alter ego jurisdiction.

3

**Plaintiffs' Response To KPNV's Objections to PX-B**

PX-B is a useful summary of the 22-page Excel spreadsheet and the 61-line chart created and produced by Defendants and marked for the evidentiary hearing as JX-133 and JX041, respectively. Accordingly, it should be admitted as substantive evidence. Fed. R. Evid. 1006.

KPNV argues that PX-B is summarizing an exhibit that is too simple to qualify for a summary. However, the underlying exhibit is voluminous and cannot be conveniently examined by the Court. JX-133 lists officers and directors for approximately 70 U.S.-Philips entities—the vast majority of which are irrelevant to the current motion and make the exhibit cumbersome and confusing. KPNV similarly argues that PX-B is misleading because it is organized by individual. But this is not a misrepresentation, and to the contrary adds clarity where the underlying exhibits is confusing. JX-133 is sorted by entity, not by individual, which makes it difficult if not possible to discern which individual held multiple leadership positions at the same time. PX-B compensates for that failing, and KPNV fails to identify any inaccurate or misleading information on PX-B.

KPNV also argues that PX-B is irrelevant because it summarizes an exhibit setting forth officers and directors at KPNV's subsidiaries. But evidence is relevant if it has "any tendency" to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. And whether an alter ego relationship exists depends on "the legal interrelationship of the entities, the authority to control and the actual exercise of control, the administrative chains of command and organizational structure, the performance of functions, and the public's perception." *Simeone ex rel. Estate of Albert Francis Simeone, Jr. v. Bombardier-Roxax GmbH*, 360 F. Supp. 2d. 665, 675 (E.D. Pa. 2005) (quoting *In re Latex Gloves Prods. Liab. Litig.,* 2001 WL 964105, at *3 (E.D. Pa. Aug. 22, 2001)); *see also* ECF No. 1688 (Pltf. Opp.) at 28-30. Who served in what

4

roles at what times for Philips' U.S. subsidiaries is directly relevant to this inquiry.[3] Indeed, that KPNV board members have managed KPNV's Recalled Device business but do not appear on PX-B, a chart Philips created to identify all the officers and directors of its U.S. subsidiaries is not only blatantly relevant, but a "key fact" demonstrating KPNV operates as an alter ego of its U.S. subsidiaries. *See In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 324 (W.D. Pa. 2010) (Conti, J.); *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d 580, 595 (M.D. Pa. 2009) ("*Chocolate II*") (Alter ego jurisdiction because management structure permitted parent corporation to "conscript[] employees of their subsidiaries to discharge group-wide management functions across corporate boundaries.").

DATED: August 2, 2023

Respectfully submitted,

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
sduggan@lfsblaw.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*Plaintiffs' Co-Lead Counsel*

---

[3] KPNV's suggestion that Plaintiffs must add additional information, not reflected in the underlying exhibits not only runs counter to their own objection and argument regarding PX-A, but is also in no way required by Federal Rule of Evidence 1006.

| | |
|---|---|
| */s/ D. Aaron Rihn* <br> D. Aaron Rihn, Esquire <br> **ROBERT PEIRCE & ASSOCIATES, P.C.** <br> 707 Grant Street, Suite 125 <br> Pittsburgh, PA 15219 <br> (412) 281-7229 (phone) <br> (412) 281-4229 (fax) <br> arihn@peircelaw.com | Peter St. Tienne Wolff, Esquire <br> **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP** <br> One Oxford Centre - 38th Floor <br> Pittsburgh, PA 15219 <br> (412) 263-2000 (phone) <br> (412) 263-2001 (fax) <br> psw@pietragallo.com |

*Plaintiffs' Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system on this 2nd day of August 2023, and is available for download by all counsel of record.

>/s/ D. Aaron Rihn
D. Aaron Rihn, Esquire
PA I.D. No.: 85752
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA 15219
Tel: 412-281-7229
Fax: 412-281-4229
arihn@peircelaw.com