IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, | § | Master Docket: No. 21-mc-1230-JFC |
| BI- LEVEL PAP, AND MECHANICAL | § | |
| VENTILATOR PRODUCTS LITIGATION | § | MDL No. 3014 |
| | § | |
| | § | |
| This Document Relates to: | § | |
| *Douglas Dobbs and Mildred Gobert* | § | |

**PLAINTIFFS DOUGLAS DOBBS' and MILDRED GOBERT'S MOTION TO REMAND**

TO THE HONORABLE JUDGE JOY FLOWERS CONTI:

Plaintiffs, DOUGLAS DOBBS and MILDRED GOBERT, file this Motion to Remand

under 28 U.S.C. §1447(c) and would respectfully show:

**I.**
**SUMMARY OF ARGUMENT**

1.    This case should be remanded to the 165th Judicial District Court of Harris County,

Texas because:

- Phillips RS NA, LLC's sole basis for removal is alleged diversity;

- All three Defendants in Plaintiffs' live petition at the time of removal
  are Texas citizens;

- Phillips RS cannot use its voluntary intervention into Plaintiffs' state
  court case as the basis for removal;

- And even if Phillips RS could base removal on its own intervention,
  the Texas Defendants destroy diversity and are proper parties under
  TEX. CIV. PRAC. REM. CODE § 82.003; and

- Phillips RS's Notice of Removal was not consented to by the other
  properly joined and served Defendants.

## II.
## BRIEF FACTUAL/PROCEDURAL OVERVIEW

2.      In June 2021, an "urgent" recall of twenty models of Philips Respironics brand CPAP machines was issued. The recall warned a foam used in the CPAP machines breaks down and degrades over time into harmful particles and gases, causing the CPAP machines to pump toxic gas into users lungs while they sleep.

3.      On June 22, 2022, Plaintiffs, Douglas Dobbs and Mildred Gobert filed suit in Cause No. 2022-37403 in the 165th Judicial District Court of Harris County, Texas against three (3) Texas Defendants, Aerocare Home Medical, Inc., Aerocare Home Medical Equipment, Inc. and Healthline Medical Equipment, Inc., (collectively the "Texas Defendants") who sold defective CPAP machines to Plaintiffs:[1]

### Plaintiffs Sued Three Texas Non-Manufacturer Defendants

-      Defendant Aerocare Home Medical, Inc., a domestic limited liability company formed under the laws of the State of Texas;

-      Defendant Aerocare Home Medical Equipment, Inc., a domestic limited liability company formed under the laws of the State of Texas; and

-      Defendant Healthline Medical Equipment, Inc., a domestic limited liability company formed under the laws of the State of Texas.

4.      On September 9, 2022, the Texas Defendants filed their Original Answer.[2] Almost a month later, on October 4, 2022, Philips RS North America filed a Plea in Intervention in state court inserting itself as an Intervenor-Defendant in the case then immediately filed

---

[1]      *See* Exhibit 1: Plaintiffs' Original Petition.

[2]      *See* Exhibit 2: Defendants Aerocare Home Medical Equipment, Inc., Aerocare Home Medical, Inc.'s Original Answer and Healthline Medical Equipment, Inc,'s Original Answer.

a Notice of Removal to the United States District Court for the Southern District of Texas Houston Division, Honorable Judge Eskridge, presiding.[3]

5.      In its Notice of Removal, Philips RS stated its intent to transfer this case into a federal MDL pending in the Western District of Pennsylvania. Shortly after, Philips RS filed a Notice of Potential Tag-Along Action in *In re Phillips Recalled CPAP*, prompting the Judicial Panel on Multi District Litigation ("JPMDL") to issue a Conditional Transfer Order ("CTO") ordering the case to be transferred to this MDL pre-trial Court in the Western District of Pennsylvania unless transfer was otherwise objected to.

6.      Plaintiffs objected to the CTO, resulting in a stay of the transfer and the JPMDL set a briefing schedule to consider Plaintiffs' opposition. On November 1, 2022, Plaintiffs filed Plaintiffs' Motion to Remand and Request for Expedited Ruling in the Southern District of Texas.[4] Judge Eskridge of the Southern District of Texas ultimately ordered the case was stayed pending the JPML's ruling on Plaintiffs objection to the CTO and deferred ruling on the Motion to Remand.[5]

7.      Plaintiffs' claims were transferred to this MDL pre-trial Court on February 1, 2023. Plaintiffs filed their Short Form Complaints per the Court's Orders on March 31, 2023.[6]

---

[3]      *See* Exhibit 4: Philips RS North America, Inc.'s Notice of Removal.

[4]      *See* Exhibit 5: Plaintiffs' Motion to Remand & Request for Expedited Ruling.

[5]      *See* Exhibit 6: Order on Jurisdiction and Stay.

[6]      *See* Exhibit 7: Douglas Dobbs' Short Form Complaint; and *see* Exhibit 8: Mildred Gobert's Short Form Complaint.

**III.**
**NO GROUNDS FOR REMOVAL**

8.      The Court should immediately remand this case back to the 165th Judicial District

Court of Harris County, Texas for three reasons:

-        The three (3) Texas based Defendants destroy diversity jurisdiction;

-        An intervenor-defendant cannot use its own intervention as the basis
         for removal; and

-        Even if Philips RS could remove, remand would still be proper
         because Plaintiffs have asserted viable state law claims against the
         Texas Defendants pursuant to TEX. CIV. PRAC. REM. CODE § 82.003,
         "Liability of Non-manufacturing Sellers."[7]

**A.      NO FEDERAL JURISDICTION**

9.      State actions may only be removed if the action involves a federal question or if it

is based on diversity of citizenship.[8] There is no federal question and the sole basis of

Phillips' RS Notice of Removal is alleged diversity. However, a case may not be removed

on the basis of diversity if "any parties in interest properly joined and served as defendants

are a citizen of the State in which such action is brought."[9]

10.     Under the no-local-defendant rule, a suit cannot be removed, even when there is

complete diversity "when there is a single defendant who is a citizen of the forum state

present."[10] Plaintiffs filed suit against, not one (1) but *three* (3) Texas citizens: Aerocare

---

7       *See* TEX. CIV. PRAC. REM. CODE § 82.003.

8       *See* 28 U.S.C. § 1441(a)-(c).

9       *See id.*

10      *Id.*

4

Home Medical, Inc., Aerocare Home Medical Equipment, Inc. and Healthline Medical Equipment, Inc.

11.     All three (3) Texas Defendants answered and appeared in the state law case before Philips RS intervened and before notice of removal was filed.[11] There can be no dispute, there is <u>no</u> diversity of parties in Plaintiffs' Original Petition and even if intervenor Philips RS had been named as a party in Plaintiffs' Original Petition, there would not be <u>complete</u> diversity of parties required for removal under 28 U.S.C. § 1441.

12.     Additionally, there is no Federal Question. Plaintiffs' claims are based solely on Texas common law and statute.[12] Nor are Plaintiffs' claims removable under any other statute.[13]

**B.     PHILIPS RS HAD NO RIGHT OF REMOVAL AS AN INTERVENOR**

13.     Philips RS cannot base removal on its own intervention because the removal statute requires removal to be based on the claims in Plaintiffs' complaint at the time of filing (not an intervenor's plea) and Philips RS was not a defendant at the time of removal and had no right of removal.

14.     A defendant's right to remove is set forth in  28 U.S.C. § 1441(a), which states "any civil action" over which a federal court would have original jurisdiction may be removed to federal court by "the defendant or the defendants."[14] In *Home Depot* the Supreme Court

---

[11]     *See* Exhibit 2: Defendants' Original Answer.

[12]     *See* 28 U.S.C § 1441; s*ee also* Exhibit 1: Plaintiffs' Original Petition.

[13]     *See id.*

[14]     28 U.S.C. § 1441(a).

of the United States held, § 1441(a) does not apply to third party defendants or any one

other than the defendant or defendants named in the plaintiff's complaint:[15]

> Section 1441(a) does not permit removal by a third-party counterclaim
> defendant. Home Depot emphasizes that it is a "defendant" to a "claim," but
> § 1441(a) refers to "civil action[s]," not "claims." And because the action as
> defined by the plaintiff's complaint is the "civil action ... of which the district
> cour[t]" must have "original jurisdiction," "the defendant" to that action is the
> defendant to the complaint, not a party named in a counterclaim. This
> conclusion is bolstered by the use of the term "defendant" in related
> contexts. For one, the Federal Rules of Civil Procedure differentiate between
> third-party defendants, counterclaim defendants, and defendants. See, e.g.,
> Rules 14, 12(a)(1)(A)–(B). And in other removal provisions, Congress has
> clearly extended removal authority to parties other than the original
> defendant, see, e.g., §§ 1452(a), 1454(a), (b), but has not done so here.

15. To determine whether jurisdiction is present for removal, the Court considers the

claims in the state court petition as they existed at the time of removal.[16]

> This Court has long held that a district court, when determining whether it
> has original jurisdiction over a civil action, should evaluate whether that
> action could have been brought originally in federal court. See Mexican Nat.
> R. Co. v. Davidson, 157 U. S. 201, 208, 15 S.Ct. 563, 39 L.Ed. 672 (1895);
> Tennessee v. Union & Planters' Bank, 152 U. S. 454, 461, 14 S.Ct. 654, 38
> L.Ed. 511 (1894). This requires a district court to evaluate whether the
> plaintiff could have filed its operative complaint in federal court, either
> because it raises claims arising under federal law or because it falls within
> the court's diversity jurisdiction.

16. Philips RS removed this case on October 4, 2022. Plaintiffs' Original Petition (Exhibit

1) was the live petition at the time of removal. As discussed above, at the time of removal,

Plaintiffs' Original Petition identified the three (3) Texas Defendants as the sole Defendants

in suit.

---

[15]     *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1744, 204 L. Ed.
2d 34 (2019).

[16]     *Id.* at 1748.

6

17.     Philips RS was not a defendant and Plaintiffs could not have filed their lawsuit in Federal Court because there was no federal claim and there was (and still is) no diversity jurisdiction. As a result removal was improper and this Motion for Remand should be granted.

C.     PLAINTIFFS ASSERT A REASONABLE BASIS OF RECOVERY FROM THE TEXAS DEFENDANTS UNDER STATE LAW

18.     The Texas Defendants sold the defective CPAP products to Plaintiffs in violation of under TEX. CIV. PRAC. REM. CODE § 82.003, as specifically plead in Plaintiffs' pleadings. When considering removal on the basis of alleged improper joinder,"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."[17]

19.     Furthermore, all doubts must be resolved in favor of remand.[18] "The fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity. The burden of demonstrating fraudulent joinder is a heavy one. To establish fraudulent or improper joinder, the party seeking removal to the federal forum must either show 1) there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or 2) no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.[19]

---

[17]     *Markham v. Ethicon, Inc*., 434 F.Supp.3d 261, 265 (E.D. Pa. 2020) (quoting *Boyer v. Snap-on Tools Corp*., 913 F.2d 108, 111 (3d Cir. 1990).)

[18]     *A.S. ex rel. Miller v. SmithKline Beecham Corp*., 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

[19]     *Boyer v. Snap-On Tools Corp*., 913 F.2d 108, 111 (3d Cir. 1990).

20.     Philips RS has not made any allegation of fraud in the pleadings, or any claim at all Plaintiffs don't intend to seek a judgment against the Texas Defendants. The Court then must look to the face of the pleadings to determine if there is a reasonable basis for recovery under the law of the state. There can be no fraudulent joinder unless the claims made by against the allegedly fraudulently joined party are "so defective that they should never have been brought at the outset."[20]

21.     Plaintiffs specifically plead facts supporting a state law claim against the Texas Defendants under TEX. CIV. PRAC. REM. CODE § 82.003, which states a non-manufacturing seller may be held liable for personal injury caused by a defective product when:[21]

      a.     The seller made an express factual representation about an aspect of the product; the representation was incorrect; the claimant relied on the representation in obtaining or using the product; and if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm; or

      b.     The seller actually knew of a defect to the product at the time the seller supplied the product; and the claimant's harm resulted from the defect.

22.     The undisputed allegations are:[22]

-     Texas Defendants *knew* of the defect;

-     Texas Defendants sold the defective product; and

-     Texas Defendants were advising users to maintain and care for the Philips CPAP devices in a manner that increased their risk of harm.

---

[20]     *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 854 (3d Cir. 1992) (Citing *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

[21]     TEX. CIV. PRAC. REM. CODE § 82.003.

[22]     *See* Exhibit 1: Plaintiffs' Original Petition.

23.     Not only do Plaintiffs plead sufficient facts to support a claim of liability under TEX. CIV. PRAC. REM. CODE § 82.003, but also, Philips RS acknowledges in its recall literature care instructions provided from many non-manufacturing sellers, like the Texas Defendants, accelerated break down of the toxic foam in the defective CPAP devices which can result in serious injury:[23]



**URGENT: Medical Device Recall**

Philips Respironics
CPAP and Bi-Level PAP Devices

Sound Abatement Foam
Susceptibility to Degradation and Volatile Organic Compound Emission

To the patients who use Philips Sleep & Respiratory Care devices:

Philips Respironics is voluntarily recalling the below devices due to two (2) issues related to the polyester-based polyurethane (PE-PUR) sound abatement foam used in Philips Continuous and Non-Continuous Ventilators: 1) PE-PUR foam may degrade into particles which may enter the device's air pathway and be ingested or inhaled by the user, and 2) the PE-PUR foam may off-gas certain chemicals. The foam degradation may be exacerbated by use of unapproved cleaning methods, such as ozone (see FDA safety communication on use of Ozone cleaners), and off-gassing may occur during initial operation and may possibly continue throughout the device's useful life.[1]

These issues can result in serious injury which can be life-threatening, cause permanent impairment, and/or require medical intervention to preclude permanent impairment. Philips Respironics has received complaints regarding the presence of black debris/particles within the airpath circuit (extending from the device outlet, humidifier, tubing, and mask). The potential risks of particulate exposure include: Irritation (skin, eye, and respiratory tract), inflammatory response, headache, asthma, adverse effects to other organs (e.g. kidneys and liver) and toxic carcinogenic affects. The potential risks of chemical exposure due to off-gassing include: headache/dizziness, irritation (eyes, nose, respiratory tract, skin), hypersensitivity, nausea/vomiting, toxic and carcinogenic effects.

24.     Plaintiffs have plead viable state law claims against the Texas Defendants, and Philips RS has failed to meet the heavy burden of establishing grounds for removal on the basis of alleged fraudulent joinder.

---

[23]     *See* Exhibit 4: Philips RS North America recall notice.

**D.    PHILIPS RS DID NOT OBTAIN TEXAS DEFENDANTS' CONSENT FOR REMOVAL**

25.    When a case is removed solely on the basis of diversity, all defendants who have been properly joined and served must join in or consent to the removal.[24] Philips RS removed solely under 28 U.S.C. § 1441 and had to obtain the consent of all properly joined and served Defendants before removing.[25]

26.    Philips RS did not obtain consent of any of the three properly joined and served Defendants before removing this case. Philips RS's failure to obtain consent is another basis for remand.

## IV.
## PRAYER

27.    Plaintiffs ask the court to *grant* this Motion to Remand and for such other relief to which Plaintiffs may show themselves justly entitled.

---

[24]    28 U.S.C.A. § 1446 (West).

[25]    *See id.*

Respectfully Submitted,

THE GIBSON LAW FIRM

_____

Jason A. Gibson
State Bar No. 24000606
Fed. Bar No. 28491
Casey L. Gibson
State Bar No. 24090599
Fed. Bar No. 2608907
3701 Kirby Drive, Suite 101
Houston, Texas 77098
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFFS**
**e-Service: efile@jag-lawfirm.com**

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served to all counsel of record via ECF on August 31, 2023.

_____

Jason A. Gibson

11