## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, | : | |
| BI-LEVEL PAP, AND MECHANICAL | : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| VENTILATOR PRODUCTS | : | |
| LITIGATION | : | MDL No. 3014 |
| | : | |
| This Document Relates to:  All Actions | : | |
| Asserting Economic Loss Claims | : | |
| | : | |
| | : | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED CLASS SETTLEMENT AGREEMENT AND RELEASE OF ECONOMIC LOSS CLAIMS

WHEREAS, on October 10, 2022, Plaintiffs filed a Consolidated Third Amended Class Action Complaint for Economic Losses ("Economic Loss Complaint") (ECF No. 785), on behalf of themselves and all others similarly situated;

WHEREAS, Defendants Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have entered into a Class Settlement Agreement and Release of Economic Loss Claims with the Settlement Class Representatives, dated September 7, 2023, in full and final settlement of the Economic Loss Claims against the Philips Defendants and the other Released Parties (the "Agreement" and the "Settlement"), the terms of which are set forth in the Agreement and have the same meanings when used in this Order;

WHEREAS, the Parties engaged in extensive good faith, arm's-length negotiations, over a period of a year, to resolve the Economic Loss Claims, with the assistance and oversight of the Settlement Mediator appointed by the Court, Hon. Diane M. Welsh (Ret.);

WHEREAS, on September 7, 2023, the Settlement Class Representatives filed a Motion for Preliminary Approval of Proposed Class Action Settlement Agreement and to Direct Notice to the Proposed Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (the "Motion"); and

WHEREAS, on _____, 2023, the Court held a hearing on the Motion and heard argument on whether to preliminarily approve the Settlement.

NOW, THEREFORE, THIS ___ DAY OF ____, 2023, IT IS HEREBY ORDERED AS FOLLOWS:

## A.     The Settlement Is Preliminarily Approved

1.     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure.  The Court hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval and has key indicia of fairness, including that (1) the Parties have reached the Settlement after investigating the strengths and weaknesses of the Economic Loss Claims and the defenses thereto, (2) the extensive settlement negotiations were arm's-length and consisted of multiple mediation sessions overseen by the Settlement Mediator, (3) there is no evidence of collusion in reaching this Settlement, and (4) the proponents of the Settlement are experienced in similar litigation.

2.     The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Final Fairness Hearing.  Settlement Class Members shall have the right to object to, or be excluded from, the Settlement, as set forth in the Agreement and this Order.

3.      Pursuant to Rule 23(e)(1)(B), the Court orders that Notice be provided to the Settlement Class Members pursuant to the terms of the Agreement and as set forth herein.  The Notice shall inform Settlement Class Members that they will be bound by the Settlement and Final Order and Judgment unless, on or before the end of the Opt-Out/Objection Period specified in the Notice and this Order ("Opt-Out/Objection Deadline"), they follow the required procedures to make a written request for exclusion as set forth in the Agreement and Notice, which procedures are hereby approved.

4.      Any objections by any Settlement Class Member to the Settlement (in whole or in part) shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Fairness Hearing only if, on or before the Opt-Out/Objection Deadline, such Settlement Class Member follows the required objection procedures set forth in the Agreement and Notice, which procedures are hereby approved.

5.      The Court preliminarily approves the plan of allocation of Settlement funds set forth in the Agreement, subject to further consideration at the Final Fairness Hearing.

**B.      Appointments of Settlement Administrator, Settlement Funds Escrow Agent, and Claims Appeals Special Master**

6.      The Court hereby appoints Angeion Group LLC as the Settlement Administrator. It shall be responsible for the duties set forth in the Settlement Agreement assigned to the Settlement Administrator, including, but not limited to, (a) the notice dissemination process set forth in the Agreement; (b) calculation of payments to Settlement Class Members; (c) creation of a Settlement website; (d) processing and reviewing Claim Forms; (e) collecting and forwarding to Settlement Class Counsel and Counsel for the Philips Defendants any requests to be excluded from the Settlement Class; (f) collecting and forwarding to Settlement Class Counsel and Counsel for the Philips Defendants any objections to the Settlement or to requests for attorneys' fees or Service

Awards; and (g) any other duties as provided in any agreement entered into between Counsel and the Settlement Administrator.  The Settlement Administrator shall sign and be bound by the Protective Order entered by this Court, as amended (ECF Nos. 104, 498, 765).

7.     Pursuant to the Agreement, the Philips Defendants shall deposit, or cause to be deposited, the Initial Payments for Class Notice and Settlement Administration into the Settlement Funds within 14 days of execution of the Settlement Agreement.  The Philips Defendants shall be responsible for paying all reasonable costs of Settlement Administration, including the reasonable fees and costs of the Settlement Administrator, Settlement Funds Escrow Agent, Settlement Mediator, and Claims Appeals Special Master, as set forth in the Settlement Agreement.

8.     The Court approves Huntington Bank as the Settlement Funds Escrow Agent pursuant to the Settlement Agreement.

9.     The Court hereby appoints Hon. Thomas J. Rueter (Ret.) as the Claims Appeals Special Master and authorizes him to perform the duties assigned to the Claims Appeals Special Master specified in the Settlement Agreement.

**C.     The Settlement Notice and Notice Plan Are Approved**

10.     The Court approves the forms of Notice, substance, and requirements attached as Exhibit 3 to the Settlement Agreement (the "Settlement Notice").

11.     The Court finds that the method of giving notice to the Settlement Class ("Notice Plan"), attached to the Settlement Agreement as Exhibit 2, and the forms and content of notice, attached to the Settlement Agreement as Exhibit 3, as described in the Settlement Agreement, (a) constitute the best notice practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms and benefits of the proposed Settlement, including automatic payments under certain

circumstances, how to file a claim and the deadline for filing a claim, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement, as well as of the scope of the release of the Philips Defendants and other Released Parties and the binding effect of a Final Judgment, (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and any other persons entitled to receive notice, (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rule 23(c), the Due Process Clause(s) of the United States Constitution, and any other applicable laws, and (e) fairly and adequately inform Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

12.     The Parties will attempt to reach agreement on the amount of attorneys' fees and costs that Settlement Class Counsel will seek to be awarded by this Court and which the Philips Defendants will not oppose.  If the Parties reach an agreement, Settlement Class Counsel will file an unopposed motion with the Court seeking an award in this amount to be considered as part of the Final Fairness Hearing.  If the Parties do not reach agreement, Settlement Class Counsel will file their motion seeking an award of attorneys' fees and costs, and the Philips Defendants will submit their opposition.  In that event, the litigation of the fee and cost issues will be subject to the Parties' agreement that:  (1) the attorneys' fees and costs will be paid by, or on behalf of, the Philips Defendants in addition to the compensation provided to Settlement Class Members under the Settlement Agreement; (2) any award of attorneys' fees or costs shall not diminish the recovery of Settlement Class Members under the Settlement; (3) while fees will be based on the percentage

of recovery methodology, with a lodestar cross-check, the Parties reserve all arguments as to how that recovery should be calculated, what the percentage should be, and the extent to which Settlement Class Counsel's prosecution of the Economic Loss Claims caused some or all of the recovery; (4) the Court will issue an Order setting forth the amount of attorneys' fees and costs to be paid by the Philips Defendants; and (5) the Parties shall have the right to appeal the Court's determination as to the amount of attorneys' fees and costs.

13.     The Parties have agreed that the Philips Defendants will pay Service Awards of $5,000 to each of the five Settlement Class Representatives, subject to approval of this Court after the Final Fairness Hearing.  The Settlement Notice shall apprise Settlement Class Members of these requested Service Awards.

14.     Within 60 days after entry of this Order, the Settlement Notice will be disseminated to Settlement Class Members pursuant to the terms of the Settlement Agreement.

**D.     The Settlement Class**

15.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> **Settlement Class or Settlement Class Members** shall include Plaintiffs and all other individuals or entities in the United States, including its Territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), and the District of Columbia, including individuals who are United States citizens, residents, United States military, diplomatic personnel and employees living or stationed overseas, who or which, prior to the announcement of the Recalls, either (a) purchased, leased, rented, or paid for (in whole or part), or were prescribed a Recalled Device ("Users"), or (b) reimbursed (in whole or part) a User's payment to purchase, lease, rent, or otherwise pay for a Recalled Device, including insurers, self-funded employers, and other third-party payers ("Payers"). Individuals or entities whose payment obligations with respect to a particular Recalled Device preceded the announcement of the relevant Recall are part of the Settlement Class even if certain of their payment obligations post-dated the Recall (*e.g.*, certain renters and lessees).

-6-

EXCLUDED from the Settlement Class are: (a) Defendants and their officers, directors, and employees; (b) the MDL Court, Settlement Mediator, Claims Appeals Special Master, and Special Masters assigned to the MDL; (c) individuals who have already released Released Claims against one or more of the Defendants pursuant to individual settlements or other resolutions; (d) Durable Medical Equipment providers; (e) the federal government and any federal government payers, including the United States Department of Health and Human Services Centers for Medicare & Medicaid Services, the Department of Defense, and the U.S. Department of Veterans Affairs; and (f) Settlement Class Counsel.

16.    The Court finds that, for settlement purposes only, the Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, including that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Settlement Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the Economic Loss Claims of Settlement Class Members; and (g) the Settlement Class is ascertainable.

17.    For settlement purposes only, the Court appoints Elizabeth Heilman; Ivy Creek of Tallapoosa LLC d/b/a/ Lake Martin Community Hospital; Peter Barrett; Julie Barrett; and ASEA/AFSCME Local 52 Health Benefits Trust as the five Settlement Class Representatives.

18.    The Court appoints the following as Settlement Class Counsel:

a.    Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

b. Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

c. Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

d. Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222;

e. Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107;

f. Lisa Ann Gorshe, Johnson Becker PLLC, 444 Cedar Street, Suite 1800, Saint Paul, MN 55101; and

g. Arthur H. Stroyd, Jr., Del Sole Cavanaugh Stroyd LLC, 3 PPG Place, Suite 600, Pittsburgh, PA 15222.

19. The Court hereby approves the establishment of the Settlement Funds. The Settlement Funds shall be governed by Section 468B-1 through 468B-5 of the Treasury Regulations and maintained as a "qualified settlement fund." The Parties agree to work in good faith to maintain such status. The Court shall retain continuing jurisdiction over the Settlement Funds, pursuant to Section 468B-1I(1) of the Treasury Regulations.

**E.** **Schedule for Motion for Final Approval and Final Fairness Hearing**

20. Settlement Class Counsel shall file their motion for attorneys' fees, reimbursement of costs and expenses incurred in connection with prosecuting the Economic Loss Claims, and for Service Awards of no more than $5,000 for each of the five Settlement Class Representatives, at least 30 days prior to the Opt-Out/Objection Deadline. The Settlement Administrator shall publish the motion and supporting materials on the Settlement website.

21.     The deadline for Settlement Class Members to submit claims is 120 days after the Final Fairness Hearing.

22.     The deadline for Settlement Class Members to opt out of the Settlement, or object to the Settlement, the proposed plan for allocating Settlement funds, the proposed Service Awards, or the request for an award of attorneys' fees and reimbursement of costs and expenses shall be 120 days after entry of this Order.  Opt-out requests and objections must be made in writing and must be made in accordance with the requirements set forth in the Settlement Agreement and Notices, and must be postmarked no later than Opt-Out/Objection Deadline.

23.     Settlement Class Counsel shall file a list of all timely and valid opt-outs as an attachment to their motion for final approval of the Settlement.

24.     No later than 21 days before the Final Fairness Hearing, Settlement Class Counsel shall file with the Court the objections, if any, received by the Settlement Administrator.

25.     At least 7 days prior to the Final Fairness Hearing, Settlement Class Counsel and/or Counsel for the Philips Defendants shall file any response to the objections with the Court.

26.     At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a Motion for Final Approval of the Settlement and to enter the Final Order and Judgment.  The Settlement Administrator shall publish the motion and supporting materials on the Settlement website.

27.     At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file with the Court proof that Notice was provided in accordance with the plan of Notice set forth in the Agreement, the terms of this Order, and any other Order regarding Notice that the Court shall have issued.

28.     At least 21 days prior to the Final Fairness Hearing, the Philips Defendants shall file with the Court proof of their compliance with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

29.     If the last day of any period mentioned hereto falls on a weekend or legal holiday, the period shall include the next business day.

30.     The Court will hold a hearing on _____, 2024 at ____ a.m./p.m. at the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219, in Courtroom 5A (the "Final Fairness Hearing") for the following purposes:

    a.  To finally determine whether the proposed Settlement is a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23I(2) of the Federal Rules of Civil Procedure;

    b.  To determine whether a Final Judgment should be entered dismissing the Economic Loss Claims of the Settlement Class against the Defendants with prejudice, as required by the Settlement Agreement;

    c.  To consider the proposed plan of allocation of Settlement funds;

    d.  To consider Settlement Class Counsel's Motion for Award of Attorneys' Fees and Litigation Expenses;

    e.  To consider the Petition for Service Awards to the Settlement Class Representatives;

    f.  To consider timely, written objections that conform to the requirements set forth in the Settlement Agreement;

    g.  To enter the injunctions contemplated by Sections 13.1.7 and 13.1.8 of the Settlement Agreement; and

-10-

h.   To consider such other matters as the Court may deem appropriate.

31.    The Final Fairness Hearing may be continued without further notice to Settlement Class Members, other than an update posted on the MDL 3014 Court docket and Settlement website.

**F.   Miscellaneous**

32.    This Preliminary Approval Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court, or does not become final and effective for any reason.  In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders relating to the Settlement, including this Preliminary Approval Order, shall be used or referred to for any purpose.  The conditional certification of the Settlement Class provided for herein for settlement purposes only will be vacated, and the Economic Loss Claims shall proceed as though the Settlement Class had never been conditionally certified, without prejudice to any party's position on the issues of class certification, personal jurisdiction or any other issue.  In such event, the Philips Defendants retain all rights to assert that the Economic Loss Claims may not be certified as a class action.

33.    Pending the Final Fairness Hearing, the Court hereby stays the continued pursuit or prosecution of all Released Claims, in this Court or in any other court, tribunal or proceeding, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority.

Such injunction shall remain in force until the Final Fairness Hearing or until such time as the Parties notify the Court that the Settlement has been terminated.

34.     This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.  For purposes only of this Settlement, the Philips Defendants have submitted to the jurisdiction and venue of this Court.

35.     Settlement Class Counsel and Counsel for the Philips Defendants are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Settlement Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.


IT IS SO ORDERED.                          BY THE COURT:



                                           _____
                                           The Honorable Joy Flowers Conti
                                           Senior United States District Judge