IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>**This Document Relates to:**<br>*All Actions* | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

PLAINTIFFS' PREHEARING STATEMENT REGARDING ROYAL PHILIPS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**I.      NATURE OF THE ACTION**

This evidentiary hearing arises from Defendant Koninklijke Philips N.V.'s ("Royal Philips") motions to partially dismiss Plaintiffs' three master complaints, Plaintiffs' Consolidated Third Amended Class Action Complaint for Economic Losses (ECF No. 785; "Economic Loss Complaint"), Plaintiffs' Consolidated Second Amended Class Action Complaint for Medical Monitoring (ECF No. 810; "Medical Monitoring Complaint") and Plaintiffs' Amended Master Long Form Complaint for Personal Injuries and Damages (ECF No. 834; "Personal Injury Complaint") for lack of personal jurisdiction under Rule 12(b)(2). *See* ECF Nos. 914, 1354, 1355; *see also* ECF Nos. 2186, 2206.

In June 2021, Royal Philips announced a Class I recall ("the Recall") because millions of CPAP, BiPAP, and ventilator devices were unsafe for their intended uses. Plaintiffs allege multiple causes of action against Royal Philips and seek, through this litigation, money damages and medical monitoring relief for the harm caused by the Recalled Devices. Royal Philips has argued

1

that only Philips RS may be held accountable, and asserts, pursuant to Federal Rule of Civil Procedure 12(b)(2), that Plaintiffs' complaints should be partially dismissed for lack of personal jurisdiction.

As Plaintiffs' have argued since the outset, this Court has general jurisdiction and specific jurisdiction over Royal Philips under alter ego and agency doctrine. The Court has specific jurisdiction over Royal Philips for each of Plaintiffs' claims in Pennsylvania and Massachusetts, and for recall-based claims in all jurisdictions, based on Royal Philips' intentional, direct contacts with those jurisdictions. The Court has specific jurisdiction over Royal Philips for Plaintiffs' RICO claim.

In sum, Royal Philips is the ultimate parent of the Philips Group ("Philips"), a multi-national conglomerate that includes defendants Philips RS North America LLC ("Philips RS"), Philips North America LLC ("Philips NA"), Philips RS North America Holding Corporation ("Philips RS Holding"), and Philips Holding USA, Inc. ("PHUSA"). Throughout the relevant period, indeed, since at least 2008, Royal Philips maintained systematic and intentional business relationships with entities and individuals located in Pennsylvania and Massachusetts. It has consistently employed board members and other agents who live and work in Pennsylvania and Massachusetts. To this day, Royal Philips has contracts to perform services relating to the manufacture, marketing, sale, and quality of the Recalled Devices that are at issue in this litigation.

In addition, Royal Philips has consented to jurisdiction in Pennsylvania but only did so on Plaintiffs' recall-related negligence claims. This limited concession ignores the reality that the recall is national (indeed global), with Royal Philips directing activity into each forum. Because Royal Philips assumed control of, and provides ongoing support, oversight, and management of, the Recall, it is "reasonable and just" for suit to be maintained in each forum.

Beyond its intentional, direct contacts, Royal Philips has organized management of its co-Defendant subsidiaries to provide a level of control that exceeds the ordinary parent-subsidiary relationship. Royal Philips runs its subsidiaries through vertical business units that cut across corporate boundaries, has centralized decision making, and given itself and employees of Philips International and Philips North America authority over employees of Philips RS.

At the evidentiary hearing, Plaintiffs will establish, through the exhibits and witness testimony listed below, that the exercise of personal jurisdiction is proper.

**II.     STATEMENT OF THE ISSUES**

1. Whether Royal Philips is subject to general personal jurisdiction in this MDL pursuant to the alter ego and agency doctrines.

2. Whether Royal Philips is subject to specific personal jurisdiction in this MDL.

   a. Whether Royal Philips is subject to specific personal jurisdiction in Pennsylvania and Massachusetts on all Plaintiffs' state law claims.

      i. Whether Royal Philips' conduct satisfies the Pennsylvania and Massachusetts long-arm Statutes.

      ii. Whether Royal Philips purposely availed itself of Pennsylvania and Massachusetts Law.

      iii. Whether Plaintiffs' claims arise out of and relate to Royal Philips' contacts with Pennsylvania and Massachusetts.

      iv. Whether the exercise of personal jurisdiction over Royal Philips in Pennsylvania and Massachusetts comports with Fair Play and Substantial Justice.

    b. Whether Royal Philips is subject to specific jurisdiction in all forums for Plaintiffs' recall-related claims.

        i. Whether Royal Philips' recall contacts satisfy each forum's long arm.

        ii. Whether Royal Philips' recall contacts constitute availment of each Forum.

        iii. Whether Plaintiffs' recall claims arise out of and relate to Royal Philips' contacts.

        iv. Whether the exercise of specific jurisdiction over Royal Philips for Plaintiffs' recall claims comports with Fair Play and Substantial Justice.

    c. Whether Royal Philips is subject to specific jurisdiction in this Court for Plaintiffs' RICO Claim.

        i. Whether Royal Philips' aggregate contacts with the United States provide a basis for jurisdiction.

    d. Whether Royal Philips is subject to specific jurisdiction pursuant to the alter ego and agency doctrines.

## III. PLAINTIFFS' WITNESS LIST

1. Deborah Roux, *by designation, may call*
2. Drilon Saliu, *by designation*
3. Elizabeth Iversen, *by designation*
4. Frans van Houten, *by designation*
5. Matthew Dundon, *live*
6. Michael Garbe, *live, may call*

7. Royal Philips (through the 30(b)(6) deposition testimony of designee Marc Knapen), *by designation*

8. Any witness(es) identified by Royal Philips

The parties are meeting and conferring regarding designations for deposition testimony and plan to submit those jointly to the Court prior to the evidentiary hearing.

## IV. PLAINTIFFS' EXHIBIT LIST

Plaintiffs' exhibit list is attached as Exhibit 1.

## V. LEGAL ISSUES TO BE ADDRESSED PRIOR TO THE HEARING

1. Whether Royal Philips' September 6, 2023 disclosure, absent a motion to for an extension of time, that it intends to depose former Royal Philips Executive Committee member Vitor Rocha is untimely, and to the extent the as yet unnoticed deposition is permitted to occur, whether the testimony should be excluded, or if not excluded, additional discovery is necessary.

## VI. EXPERT DISCLOSURES

Plaintiffs' Rule 26 expert disclosures are attached as Exhibit 2.

Dated: September 12, 2023

Respectfully submitted,

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
sduggan@lfsblaw.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100 (phone)

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor

cseeger@seegerweiss.com

Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*Plaintiffs' Co-Lead Counsel*

*/s/ D. Aaron Rihn*
D. Aaron Rihn, Esquire
**ROBERT PEIRCE & ASSOCIATES, P.C.**
707 Grant Street, Suite 125
Pittsburgh, PA 15219
(412) 281-7229 (phone)
(412) 281-4229 (fax)
arihn@peircelaw.com

Peter St. Tienne Wolff, Esquire
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
One Oxford Centre - 38th Floor
Pittsburgh, PA 15219
(412) 263-2000 (phone)
(412) 263-2001 (fax)
psw@pietragallo.com

*Plaintiffs' Co-Liaison Counsel*

6

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system on this 12th day of September 2023, and is available for download by all counsel of record.

            */s/ D. Aaron Rihn*
            D. Aaron Rihn, Esquire
            PA I.D. No.: 85752
            ROBERT PEIRCE & ASSOCIATES, P.C.
            707 Grant Street
            Suite 125
            Pittsburgh, PA 15219
            Tel: 412-281-7229
            Fax: 412-281-4229
            arihn@peircelaw.com