IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**MEMORANDUM OF LAW IN SUPPORT OF PHILIPS DEFENDANTS'
MOTION TO ADJOURN REMAND MOTION BRIEFING SCHEDULE IN LIGHT
OF CONTINUED FILING OF STATE COURT ACTIONS AND PROPOSED
CLASS SETTLEMENT AND RELEASE OF ECONOMIC LOSS CLAIMS**

Defendants Philips RS North America LLC ("Respironics"), Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation (together, the "Philips Defendants") respectfully move to adjourn the schedule for briefing remand motions, and to defer the Court's consideration of and ruling on such motions. Two developments justify this relief: *first*, the universe of remand motions is not yet complete as there continue to be filed state court actions that cover the subject matter of the MDL; and *second*, Plaintiffs' recently-filed unopposed motion for preliminary approval of the proposed class settlement and release of economic loss claims (the "Proposed Settlement") necessitates additional time to evaluate the settlement's impact on the pending remand motions and the remand plaintiffs' claims more generally. The Philips Defendants request that the deadline to oppose remand motions be set for 30 days after the deadline to opt out of the Proposed Settlement, with reply briefs (if any) due 30 days later. The Plaintiffs' Steering Committee does not oppose this request.

Under Pretrial Order No. 22, as amended, remand motions were due to be filed on August 31, 2023, responses are due on October 31, 2023, and replies, if any, are due on November 30,

2023.  *See* ECF No. 1901.  Six remand motions were timely filed by the August 31 deadline.[1]  But state court actions and remand motions continue to be filed in courts across the country.  Since the current remand motion briefing schedule was established on May 17, 2023, sixteen more cases have been removed from state courts and transferred to this MDL.  Remand motions continue to be filed in these and other removed actions.  Indeed, a new remand motion was filed in the Western District of New York just days ago in the recently-removed *Lis* action.[2]  The Philips Defendants anticipate that matter will be transferred to this MDL, like every other removed case to date, so that this Court may rule on remand issues.  The Philips Defendants further expect additional cases will be filed in state court and removed in the coming months, mirroring the likelihood of ongoing waves of remand motion practice.  It would waste this Court's valuable resources to consider the current slate of remand motions while additional remand motions continue to be filed that raise overlapping issues more efficiently resolved in a consolidated, rather than piecemeal, fashion.

      Moreover, the economic loss claims of any plaintiffs seeking remand are subject to the Proposed Settlement.  If the Proposed Settlement receives preliminary Court approval, then these members of the settlement class will be enjoined from further litigating their economic loss claims and should be provided an opportunity to evaluate Court-approved notice and consider their options, including whether they would like to participate in the settlement, if approved.  Certain current and/or future claims that are the subject of remand motions may be resolved, in whole or in part, by the Proposed Settlement.  Remand motion briefing should therefore be adjourned to

---

[1] *See* ECF Nos. 1842 (*Traversa* Remand Motion), 2127 (*Trueblood* Remand Motion); 2194 (*Graham* Remand Motion), 2195 (*Dobbs* Remand Motion); *see also Murray v. Koninklijke Philips N.V., et al.*, No. 2:23-cv-00627-JFC (W.D. Pa.) (ECF No. 2); *Papsun, et al. v. B. Braun Medical, Inc., et al.*, No. 2:23-cv-01211-JFC (W.D. Pa.) (ECF No. 7).

[2] *See* Plaintiffs' Notice of Motion to Remand, *Lis v. Koninklijke Philips N.V., et al.*, No. 1:23-ccv-00907 (W.D.N.Y. Sept. 11, 2023) (ECF No. 9) ("*Lis* Remand Motion").

allow Plaintiffs time to consider Court-approved notice of the Proposed Settlement and to make informed decisions about whether to participate in the settlement and resolve certain claims without further litigation.

**BACKGROUND**

On August 25, 2022, the Court entered Pretrial Order No. 22, which established a schedule for the filing and briefing of remand motions. *See* ECF No. 701. On April 18, 2023, the parties jointly moved to extend the remand motion deadlines in light of the continued filing of state court cases and related removals and remand motions. *See* ECF 1807. On May 17, 2023, the Court granted the parties' motion and issued an order modifying Pretrial Order No. 22 and establishing the current remand briefing schedule. *See* ECF No. 1901. Pursuant to the modified schedule, remand motions were due on August 31, 2023, with responses due by October 31, 2023, and replies, if any, due by November 30, 2023. *Id.* Plaintiffs in six actions (the "Remand Actions") filed remand motions by the August 31, 2023 deadline. *See supra* n.1.

Since the August 31, 2023 deadline, further state court actions have been filed and removed. In fact, one additional remand motion was filed on September 11, 2023, in the *Lis* action, which is currently proceeding in the Western District of New York pending transfer to this Court.

On September 7, 2023, Plaintiffs filed an unopposed motion for preliminary approval of a class action settlement of the economic loss claims pending in this MDL. *See* ECF No. 2212. The Proposed Settlement releases all economic loss claims brought against the "Released Parties" by any person or entity who purchased, leased, rented, paid for (in whole or in part), or was prescribed a recalled device. *See* ECF No. 2213 at 1. "Released Parties" include, among others, the Philips Defendants and "all current, former or future distributors, sellers, insurers, reinsurers, resellers, lessors, retail dealers, and DME providers for the Recalled Devices." *See* ECF No. 2213-1 at 8.

In addition to seeking preliminary approval of the Proposed Settlement, Plaintiffs' motion requests that the Court "stay and enjoin the continued pursuit of all Economic Loss Claims" until the Court has determined whether to finally approve the Proposed Settlement. *See* ECF No. 2212 at 1. Under the Proposed Settlement, notice of the settlement will be disseminated to class members within 60 days after entry of the preliminary approval order, and class members will have 120 days from entry of that order to opt out of or object to the settlement. A preliminary approval hearing is scheduled for September 18, 2023. *See* ECF No. 2218.

## ARGUMENT

**I.   REMAND MOTION BRIEFING SHOULD BE ADJOURNED IN LIGHT OF THE CONTINUED FILING OF STATE COURT ACTIONS AND REMAND MOTIONS.**

As noted above, per modified Pretrial Order No. 22, existing actions in the MDL were required to file remand motions by August 31, 2023, responses are due on October 31, 2023, and replies are due on November 30, 2023. *See* ECF No. 1901. Despite these deadlines, recall-related state court actions and remand motions continue to be filed with regularity in courts across the country. Indeed, since the Court established the current remand motion briefing schedule on May 17, 2023, sixteen recall-related cases have been removed to federal court and transferred to this MDL. Two of those cases were removed after the August 31, 2023 deadline for filing remand motions, and in one of those cases (*Lis*), a remand motion has already been filed in the transferor court while the matter is pending transfer. *See supra* n.2. The Philips Defendants expect that additional state court actions, removals, and remand motions will be filed in the coming months. This is particularly so in light of the Proposed Settlement, as those who wish to opt out of the settlement but who have not yet filed suit may initiate state court actions, thereby leading to more removals and remand motions.

Adjournment of the remand motion briefing schedule is warranted given the continued

filing of state court cases and related removals and remand motions, and the overlapping nature of many removal and remand arguments. For example, the remand motion filed on September 11, 2023 in the *Lis* action—which is pending in the Western District of New York and has been tagged for transfer to the MDL—makes fraudulent joinder arguments substantially similar to those being made in the Remand Actions.[3] It would waste the Court's resources to consider those and other remand issues now, only to be faced with the same issues and engage in duplicative analysis after *Lis* is transferred and yet again months from now after more state court cases are filed, removed, and transferred to this Court. Deferring remand motion briefing until the landscape is more settled will more efficiently use party and judicial resources and avoid redundant motion practice.

## II. REMAND MOTION BRIEFING SHOULD BE ADJOURNED IN LIGHT OF THE PROPOSED SETTLEMENT AND RELEASE OF ECONOMIC LOSS CLAIMS.

Adjournment of the current remand motion briefing schedule is further warranted in light of Plaintiffs' recently-filed and unopposed motion for preliminary approval of the Proposed Settlement of economic loss claims.

Certain currently-pending (and/or potentially future-filed) claims that will be the subject of remand motions may be resolved, in whole or in part, by the Proposed Settlement. For example, plaintiffs in at least four of the six pending Remand Actions—the *Murray*, *Trueblood*, *Papsun*,

---

[3] *Compare Lis* Remand Motion at 1 (arguing that "diversity jurisdiction does not exist" because "the company that distributed and sold the harm-causing product" was not "fraudulently joined"), *with Graham* Remand Motion (ECF No. 2194-1) at 1 ("Defendants' contention diversity jurisdiction exists because Gould's was fraudulently joined is without merit.") *and Traversa* Remand Motion (ECF No. 1824) at 12 ("Montgomery Medical is rightly joined as a party in this matter and was not fraudulently joined for the purposes of defeating diversity.").

and *Traversa* Plaintiffs—assert claims for economic loss.[4] Such claims may be resolved, in whole or in part, by the Proposed Settlement should those plaintiffs choose not to opt out. The release of such claims may impact the nature of those plaintiffs' remand arguments and/or their desire to continue litigating their remaining claims. Remand motion briefing should therefore be adjourned so that these plaintiffs may review Court-approved notice of the Proposed Settlement and consider whether to participate in or opt out of the settlement, as well as its impact, if any, on their claims and/or any jurisdictional issues raised or to be raised in their remand motions.

Moreover, the pending motion for preliminary approval of the Proposed Settlement seeks to stay and enjoin all litigation of economic loss claims pending final approval of the Proposed Settlement, and courts regularly grant such relief so that class members may review the settlement terms and consider their options under the settlement. *See, e.g.*, *Q+ Food, LLC v. Mitsubishi Fuso Truck of Am., Inc.*, No. 14-CV-06046-DEA, 2016 WL 7213278, at *4 (D.N.J. Oct. 26, 2016) (preliminarily approving class action settlement and staying all proceedings pending settlement approval process in order to "conserve the parties' and various courts' resources" and "preserve the Settlement for a short period of time while class members receive notice and evaluate their options"); *Bisch v. Bontempo*, No. 2:13-CV-01392, 2014 WL 12596984, at *3 (W.D. Pa. Mar. 3,

---

[4] *See, e.g.*, **Exhibit A** (*Trueblood* Remand Motion (ECF No. 2127-1)) at 2 (stating "Plaintiff has not experienced any health issues, cancer, or other physical consequences of using the device," "is not claiming medical damages, lost earnings, or loss of consortium," and "has lost only the money he paid for the device, and the money he expended buying a new device"); **Exhibit B** (*Murray* Complaint) ¶ 56 (alleging that Plaintiff suffered "damages and *economic loss* and will continue to suffer such harm, damages and *economic loss*"); **Exhibit C** (*Papsun* Complaint) ¶ 269 (alleging Plaintiff has suffered "*economic loss* and will continue to suffer such harm, damages and *economic loss* in the future"); *id.* ¶ 285 (alleging plaintiff suffered "physical, mental and emotional injuries and harm, and *economic* loss"); *id.* ¶ 305 (alleging plaintiff "has suffered serious physical injury, harm damages and *economic loss* and will continue to suffer such harm, damages and *economic loss*"); *id.* ¶ 310 (same); **Exhibit D** (*Traversa* Complaint) ¶ 122 (alleging plaintiff "suffered damages in the form of lost income; hospital bills; lost quality of life; pain and suffering; emotional distress; and **other damages of both an economic and non-economic nature**.").

2014) (preliminarily approving class action settlement and staying "[a]ll proceedings in the Action, other than proceedings as may be incident to carry out the terms and conditions of the [settlement]"). Briefing of remand motions should likewise be deferred so that the remand plaintiffs may review the settlement documentation, understand the relief provided therein, and make informed decisions about whether to participate in the Proposed Settlement and resolve their claims without further litigation, and whether and to what extent the Proposed Settlement affects their remand position.

## CONCLUSION

The Philips Defendants respectfully request that the Court enter an order (i) adjourning the schedule for briefing remand motions, and deferring the Court's consideration of and ruling on such motions, and (ii) setting the deadline to oppose remand motions for 30 days after the deadline to opt out of the Proposed Settlement, with reply briefs (if any) due 30 days later.

| | |
|---|---|
| Dated:  September 18, 2023 | Respectfully Submitted, |
| */s/ Michael H. Steinberg* <br> Michael H. Steinberg <br> **SULLIVAN & CROMWELL LLP** <br> 1888 Century Park East <br> Los Angeles, CA 90067 <br> Tel: 310.712.6670 <br> steinbergm@sullcrom.com <br><br> Tracy Richelle High <br> William B. Monahan <br> **SULLIVAN & CROMWELL LLP** <br> 125 Broad Street <br> New York, NY 10004 <br> Tel: 212.558.4000 <br> hight@sullcrom.com <br> monahanw@sullcrom.com <br><br> *Counsel for Defendants Koninklijke Philips* | */s/ John P. Lavelle, Jr.* <br> John P. Lavelle, Jr. (PA 54279) <br> Lisa C. Dykstra (PA 67271) <br> **MORGAN, LEWIS & BOCKIUS LLP** <br> 1701 Market Street <br> Philadelphia, PA 19103-2921 <br> Tel: 215.963.5000 <br> john.lavelle@morganlewis.com <br> lisa.dykstra@morganlewis.com <br><br> Wendy West Feinstein (PA 86698) <br> **MORGAN, LEWIS & BOCKIUS LLP** <br> One Oxford Center, 32nd Floor <br> Pittsburgh, PA 15219-6401 <br> Tel: 412.560.3300 <br> wendy.feinstein@morganlewis.com <br><br> *Counsel for Defendant Philips RS North* |

*N.V., Philips North America LLC, Philips*     *America LLC*
*Holding USA Inc., and Philips RS North*
*America Holding Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
