**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR LITIGATION<br><br>This Document Relates to:<br><br>*All Personal Injury Cases* | Master Docket No. 2:21-mc-1230<br><br>MDL No. 3014 |

**JOINT MOTION TO MODIFY PRETRIAL ORDER NO. 26(a) REGARDING FACT SHEET IMPLEMENTATION AS PRETRIAL ORDER NO. 26(b)**

Plaintiffs' Co-Lead Counsel, Defendants Philips RS North America LLC f/k/a Respironics, Inc., Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation, and Defendant Polymer Technologies, Inc. (collectively, the "Parties"), jointly request entry of the attached Proposed Order implementing certain modifications, as specifically referenced below, to the Plaintiff and Defendant Fact Sheets, implemented by Pretrial Order No. 26 (a) Fact Sheet Implementation Order (ECF 871):

**I.      MODIFICATIONS TO THE PLAINTIFF FACT SHEET ATTACHED AS EXHIBIT 1 TO PRETRIAL ORDER NO. 26(a) FACT SHEET IMPLEMENTATION ORDER (ECF 871)**

1.      The Parties agree that the following modifications should be made to the Plaintiff Fact Sheet ("PFS") attached as Exhibit 1 to Pretrial Order No. 26(a) to provide a more efficient manner for individual personal injury plaintiffs to give complete responses within the Plaintiff Fact Sheets, clearer instructions regarding the production of documents thereto, and reduce the number of deficiencies.

      a.      Modifications to paragraphs 2, 5, 6 and 7 of the Instructions:

           2.      "~~The PFS will be returned to you for completion~~ The PFS will be considered deficient and will require supplementation in

1

accordance with the deficiency process set forth in the governing Pretrial Order ("PTO") if questions are left unanswered."

5.     "When attaching additional sheets, clearly label to what question your answer pertains as well as upload and produce the additional sheets via MDL Centrality."

6.     "For each health care provider, physician, pharmacy, retailer, and government agency identified in your responses to the PFS, please provide completed and signed (***but undated***) authorizations as described in part ~~VIII~~ VI below. You may not provide a blank authorization form. All authorizations must be completed to include the addressee."

7.     "Information provided in response to this PFS, including any response to any authorizations, will only be used for purposes related to this litigation, and shall be deemed Confidential pursuant to the stipulated protective order.  A completed PFS shall be considered discovery responses pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure."

b.     Modifications to Section I. General Information:

i.     Modified to Add Questions 4 and 6:

4.     "Previous or Additional Names used by person who uses/used the Device:"

6.     Case Information:

This Plaintiff Fact Sheet pertains to the following case:

| Case Name: | |
|---|---|
| Case Number: | |

ii.     Modified to Correct Numbering:

The questions were renumbered to reflect the newly added Question No. 4 and Question No. 6 and the remaining questions were renumbered appropriately.

c.     Modifications to Section II. Device Usage:

i.     Modification to Question 7 to add the following language:

2

"… <u>For each Physician and DME identified in this section, please complete an authorization attached as Exhibit C, as explained in Section VI., Paragraph 3</u>."

d.    Modifications to Section IV. Personal Medical Background:

    i.    Modification to Questions 26, 27, and 29 to add the following language:

"… <u>For each provider identified in this section, please complete an authorization attached as Exhibit C, as explained in Section VI., Paragraph 3</u>."

    ii.    Modification to Question 30 to add the following language:

"…<u>For each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility identified in this section, please complete an authorization attached as Exhibit C, as explained in Section VI., Paragraph 3</u>."

    iii.    Modification to Question 31 to add the following language:

"…<u>For each insurance carrier identified in this section, please complete an authorization attached as Exhibit A, as explained in Section VI., Paragraph 1</u>."

    iv.    Modification to Question 32 to add the following language:

"… <u>For each prescriber identified in this section for a medication prescribed for an alleged injury, please complete an authorization attached as Exhibit C, as explained in Section VI., Paragraph 3</u>."

e.    Modifications to Section V. Injuries and Damages:

    i.    Modification to Questions 35 and 36 to add the following language:

"… <u>For each provider identified in this section, please complete an authorization attached as Exhibit C, as explained in Section VI., Paragraph 3</u>."

f.    Modifications to Section VI. Authorizations:

    i.    Modification to the general Instructions to read as follows:

"All plaintiffs must complete the following authorizations <u>as necessitated by your responses to the foregoing sections (You may</u>

3

not provide a blank authorization. All authorizations must be completed and include the addressee)."

    ii.    Modifications to Authorization Instructions as follows:

        1.    Authorization For Release of Insurance Records. Modified to include the correct Section and Question number.

        2.    Medicare Authorization Form. Modified to read as follows: "~~If applicable~~ If you identified an HCIN in Section III, Question 21, please provide a completed and signed (***but undated***) Medicare Authorization Form in the form attached as **Exhibit B**."

        3.    Limited Authorization to Disclose Health Information. Modified to read as follows: "For each health care provider, physician, prescriber, pharmacy, DME, retailer, hospital, clinic, surgery center, physical therapy or rehabilitation center, other healthcare facility, and government agency identified in ~~the PFS~~ your responses to Questions 7, 26, 27, 29, 30, 31, 32, 35 and 36 ~~to permit access to your Care Orchestrator records~~, please provide a completed and signed (***but undated***) Limited Authorization ~~for the Release of Personal Records~~ to Disclose Health Information records in the form attached as **Exhibit C**."

    iii.    Modification to the list of Authorizations to add No. 9:

        9.    Limited Authorization to Disclose Health Information. Please provide a completed and signed (***but undated***) Limited Authorization to Disclose Health Information in the form attached as **Exhibit I**, addressed to Philips RS North America LLC, only, in connection with record collection from Care Orchestrator, Dream Mapper and/or EncoreAnywhere. All plaintiffs must complete a signed but undated Exhibit I."

    g.    Modification to Section VIII. Declaration:

        The section was modified to reflect the correct section number.

2.      A complete redline of the Plaintiff Fact Sheet showing all modifications is attached hereto as Exhibit A.  A clean version of the Plaintiff Fact Sheet is attached to the Proposed Pretrial Order No. 26(b) as Exhibit 1.

3.      Any Plaintiff who has already submitted a Plaintiff Fact Sheet using the prior form need not complete and serve an Amended Plaintiff Fact Sheet to comply with this version of the Plaintiff Fact Sheet.

4.      The modified Plaintiff Fact Sheet will replace any previous version available on MDL Centrality.

## II.  MODIFICATIONS TO THE DEFENDANT FACT SHEET ATTACHED AS EXHBIT 2 TO PRETRIAL ORDER NO. 26(a) FACT SHEET IMPLEMENTATION ORDER (ECF 871)

1.      The Parties agree that the following modifications should be made to the Defendant Fact Sheet ("DFS") attached as Exhibit 2 to Pretrial Order No. 26(a):

    a.      The caption was revised to match the case captions on Pretrial Order 26(a) and the PFS.

    b.      Modifications to the Instructions:

        i.      Revised language in the first paragraph to read as follows:

            "Defendants must complete this DFS and identify by production bates number or provide documents and/or data relating to each Plaintiff responsive to the questions set forth below to the best of Defendants' knowledge."

        ii.     Revised language in the third paragraph to read as follows:

            "If you cannot recall all of the details requested, provide as much information as you can."

    c.      Modifications to Definitions:

       i.      Sales Representative.  The definition is revised to remove an errant space before the term "physician practice group."

    d.      Modifications to Section III. Device Recall Information:  Question 2 is revised to remove an errant colon between the question and the table.

    e.      Modifications to Section VII. Document Requests:  The second paragraph is revised to remove "to" and replace it with "through" as well as to remove the hyphen between "MDL" and "Centrality".

2.      A complete redline of the Defendant Fact Sheet showing all modifications is attached hereto as Exhibit B.  A clean version of the Defendant Fact Sheet is attached to the Proposed Pretrial Order 26(b) as Exhibit 2.

## III.   MODIFICATIONS TO PRETRIAL ORDER NO. 26(a) FACT SHEET IMPLEMENTATION ORDER (ECF 871)

1.      The Parties agree that the following modifications should be made to Pretrial Order No. 26(a):

    a.      Modifications to the Introduction:

       i.      The introduction should be revised to read as follows:

"The Court, upon consideration of the Joint Motion by Plaintiffs and Defendants to, *inter alia*, Modify Pretrial Order No. 26(a) Regarding Fact Sheet Implementation as Pretrial Order No. 26(b), it is hereby ORDERED that the Motion is GRANTED.
The modified Plaintiff Fact Sheet is attached hereto as Exhibit 1 (along with all relevant authorization forms, which forms were previously appended to Pretrial Order No. 26), and the modified Defendant Fact Sheet is attached hereto as Exhibit 2."

    b.      Modifications to Section 1, Online Platform:

       i.      The language in the first paragraph is revised to read as follows:

"The Court hereby appoints BrownGreer, PLC ("BrownGreer") to serve as the online platform for the data management of the PFS and DFS. The Parties are directed to utilize BrownGreer's platform, called "MDL Centrality," to fulfill their PFS and DFS obligations and also, directly or through their designated representatives, to enter into a contract with the

company specifying the services to be provided, the costs of such services, and the Parties' payment obligations, including but not limited to the individual Plaintiff's one-time fee. BrownGreer shall work with the parties to compile all necessary data. The Parties shall serve their respective completed PFS, DFS, and responsive related documents by uploading and producing them to the plaintiff-specific portal on MDL Centrality. Uploading and producing the responsive discovery to the plaintiff-specific portal on MDL Centrality shall constitute effective service."

c.      Modifications to Section 2, Plaintiff Fact Sheets: The language is revised to correct a typographical error by adding "a" before "PFS".

d.      Modifications to Section 4, Discovery Mechanisms: The language is revised to remove an errant comma in the first paragraph after the word "Procedure" and to change the word "Document" to "Documents" at the beginning of the third paragraph.

e.      Modifications to Section 7, Substantial Completeness of PFS and DFS:

   i.      The language in Section 7 is revised to read as follows:

      1.      Paragraph (i) is revised to remove "or" before "I don't recall,".

      2.      Paragraph (ii) is revised to add a parenthetical after DFS, and to add "which must be uploaded and produced on its own as a separate document in MDL Centrality", at the end of the paragraph.

      3.      Paragraph (iii) is revised to read as follows: "Provide the appropriate and duly executed (*but undated*) record release Authorizations (for a PFS)."

f.      Modifications to Section 10, Scope of Depositions and Admissibility of Evidence: The language of Section 10 is revised to add "the" to correct a grammatical error.

g.      Modifications to Section 11, Rules Applicable to Plaintiffs' Authorizations:

   i.      The language of Section 11 is revised to read as follows:

      "As set forth above, the appropriate and duly executed (*but undated*) record release Authorizations together with copies of such records the required Other Relevant Documents shall be provided with the PFS at the time that the Plaintiff is required to submit a PFS pursuant to this Order.

~~Should Plaintiffs provide Authorizations that are undated, this shall not constitute a deficiency or be deemed to be a substantially non-complete PFS.~~ Defendants (or the applicable records vendor) have permission to date ~~(and where applicable, re-date)~~ <u>the</u> undated Authorizations <u>produced pursuant to the PFS</u> before sending them to records custodians.

If an agency, company, firm, institution, provider, or records custodian to whom any Authorization is presented refuses to provide records in response to that Authorization, Defendants (or the applicable records vendor) shall notify ~~a~~ Plaintiff's individual representative counsel (or the Plaintiff, if pro se) and a designated individual from the Plaintiffs' Steering Committee.  Upon notification, counsel shall work together in good faith to resolve the records issue.

In the event a records custodian requires a proprietary authorization or other particular form, Defendants (or the applicable records vendor) will provide ~~it~~ <u>such form</u> to Plaintiff's individual representative counsel (or the Plaintiff, if pro se) who shall thereafter execute and return the proprietary authorization or other particular form within 21 days.

Defendants' applicable records vendor shall have the right to contact agencies, companies, firms, institutions, or providers to follow up on the production of records responsive to a Plaintiff's authorization~~,~~ but shall not engage in any discussion with the actual physician or any substantive discussion about the case with any of the above individuals or employees of the institutions.

Counsel for each Plaintiff ~~will have~~ <u>has</u> the right to <u>receive or</u> obtain copies of all documents Defendants receive pursuant to Authorizations provided by that Plaintiff. Within 14 days of receiving any Documents obtained pursuant to a Plaintiff's Authorization, Defendants shall produce such Documents <u>exclusively</u> to that Plaintiff ~~to~~ <u>via</u> the Plaintiff's <u>specific</u> portal on MDL Centrality, except where the Documents are to be used in a deposition <u>in fewer than 14 days</u>, in which case the Defendants shall produce such Documents to ~~the~~ <u>that</u> Plaintiff ~~to~~ <u>via</u> the Plaintiff's <u>specific</u> portal on MDL Centrality no later than ~~three (3)~~ days prior to the deposition, or as soon as reasonably practicable if such production occurs thereafter."

h.     Modifications to Section 12, PFS Deficiency Process:

i.     The language of Section 12 should read as follows:

"Within 30 days of the deadline for receipt of a completed PFS, Defendants shall notify that Plaintiff of any deficiencies.  Defendants shall serve a copy of the deficiency letter via MDL Centrality ~~on~~ <u>upon</u> counsel of record for the individual Plaintiff completing said fact sheet (or on the Plaintiff, if pro se).  Plaintiff shall respond by ~~letter~~ <u>correcting the deficiencies via MDL Centrality by submitting an amended PFS and/or any required additional, updated, corrected authorizations, or other documents</u> within 21 days of the date of service of Defendants' <u>deficiency</u> letter.

If the dispute is not resolved, Defendants shall present the dispute for resolution by the Discovery Special Master pursuant to the process set forth at ¶¶ 22-26 of the Order Appointing and Setting Duties of Special Master for General Discovery and E-Discovery (ECF No. 540).  Prior to presenting the dispute for resolution by the Discovery Special Master, Defendants shall notify in writing Plaintiff's counsel, or Plaintiff if unrepresented, along with Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee of Defendants' intent to seek relief pursuant to the Federal Rules of Civil Procedure, Local Rules or any other applicable authority, including but not limited to possible dismissal.

Should the foregoing deficiency process prove insufficient or inefficient, Defendants ~~reserve~~ shall have the ~~right~~ option to seek further and appropriate relief from the Court~~, including an order for sanctions~~ pursuant to ~~Rule 37~~ the Federal Rules, Local Rules or any other applicable authority.  Prior to filing any motion pursuant to this Paragraph 12, Defendants shall notify Plaintiff's counsel, or Plaintiff if unrepresented, along with Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to move for relief ~~appropriate~~.  In addition, Defendants shall notify Plaintiffs' Co-Lead Counsel and a designated individual(s) specified by the Plaintiffs' Steering Committee by electronic mail by providing a list of each Plaintiff and the Plaintiff's individual case number, who Defendants believe has failed to comply with this Court's Order."

i.   Addition of Section 13 titled "13.  Failure to File Plaintiff Fact Sheet"

  i.   The language of Section 13 should read as follows:

"Should an Individual Personal Injury Plaintiff fail to file a PFS within the prescribed deadline as outlined in paragraph 5 of this Order or fail to move for an extension to file a PFS, Defendants shall have the option to seek further relief from the Discovery Special Master pursuant to the process set forth at ¶¶ 22-26 of the Order Appointing and Setting Duties of Special Master for General Discovery and E-Discovery (ECF No. 540) or the Court under the Federal Rules of Civil Procedure, if appropriate.

Prior to seeking any additional relief, Defendants shall notify individual Plaintiff's counsel, (or Plaintiff, if pro se), along with a designated individual specified by the Plaintiffs' Steering Committee and Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to seek relief. The individual Plaintiff shall have 21 days from the date of the notice to attempt to resolve the issue. If the issue remains unresolved after the 21st day, Defendants shall have the option to file within the individual Personal Injury Plaintiff's case number and the Master Docket Number a motion to dismiss, or, in the alternative, to show cause why the case should not be

dismissed with prejudice. Upon the filing of Defendants' motion, the Plaintiff will be required to file an appropriate response to Defendants' motion within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules for the W.D. Pa.

Prior to filing any motion pursuant to the Federal Rules, Defendants shall notify Plaintiff's counsel, or Plaintiff if unrepresented, along with Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to move for relief. In addition, Defendants shall notify Plaintiffs' Co-Lead Counsel and the individual specifically designated by the Plaintiffs' Steering Committee by electronic mail providing a list of each Plaintiff and the Plaintiff's individual case number, who Defendants believe has failed to comply with this Court's Order.

j.      Modifications to Section 14, DFS Deficiency Process: The section is renumbered from the former Section 13 to Section 14 and the language should be revised to add the following:

"Prior to presenting the dispute for resolution by the Discovery Special Master, Plaintiffs shall notify Defendants' counsel, in writing, of Plaintiffs' intent to move for relief. Plaintiffs shall serve a copy of the notice letter to Defendants through their counsel by electronic mail."

2.      A complete redline of Pretrial Order 26(a) showing all modifications is attached as Exhibit C. A clean version of proposed Pretrial Order No. 26(b), which includes clean versions of the modified PFS and DFS as Exhibits 1 and 2, respectively, is attached as Exhibit D.

WHEREFORE, the Parties respectfully request that the Court: 1) enter the Proposed Order granting their Joint Motion to Modify Pretrial Order No. 26(a), and 2) enter Pretrial Order No. 26(b) attached hereto as Exhibit D, integrating the updated Plaintiff and Defendant Fact Sheets.

Dated:  September 18, 2023

Respectfully submitted,

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000

/s/ Kelly K. Iverson
Kelly K. Iverson
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 152222
T (412) 322-9243
kelly@lcllp.com

john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips
RS North America, LLC*

/s/ Michael H. Steinberg
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips
NV, Philips North America LLC, Philips Holding
USA Inc., and Philips RS North America Holding
Corporation*

/s/ Eric Scott Thompson
Eric Scott Thomspon
Franklin & Prokopik, P.C.
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Attorney for Defendant Polymer Technologies, Inc.*

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**Levin Sedran & Berman LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
(215) 592-4633 (fax)
sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**Seeger Weiss LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steve A. Schwartz
Steve A. Schwartz
**Chimicles Schwartz Kriner & Donaldson-
Smith LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA  19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Plaintiffs' Co-Lead Counsel*

D. Aaron Rihn
**Robert Peirce & Associates, P.C.**
707 Grant Street, Suite 125
Pittsburgh, PA 15219
412-281-7229
412-281-4229 (fax)
arihn@peircelaw.com

Peter S. Wolff
**Pietragallo Gordon Alfano Bosick &
Raspanti, LLP**
One Oxford Centre - 38th Floor
Pittsburgh, PA 15219

412-263-2000
412-263-2001 (fax)
psw@pietragallo.com

*Plaintiffs' Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.