IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR** PRODUCTS **LITIGATION**,<br><br>This Document Relates to: *All Personal Injury Cases* | )<br>)<br>) Master Docket: Misc. No. 21-1230<br>) MDL No. 3014<br>)<br>)<br>)<br>) |

### PRETRIAL ORDER NO. 26(b)
### MODIFYING FACT SHEET IMPLEMENTATION ORDER

The Court, upon consideration of the Joint Motion by Plaintiffs and Defendants to, *inter alia*, Modify Pretrial Order No. 26(a) Regarding Fact Sheet Implementation as Pretrial Order No. 26(b), it is hereby ORDERED that the Motion is GRANTED.

The modified Plaintiff Fact Sheet is attached hereto as Exhibit 1 (along with all relevant authorization forms), and the modified Defendant Fact Sheet is attached hereto as Exhibit 2.

\*     \*     \*

This Pretrial Order governs the form, schedule for completion, and service of Plaintiff Fact Sheets ("PFS") for Plaintiffs asserting personal injury claims and corresponding Defendant Fact Sheets ("DFS") with respect to those Plaintiffs.

**1.   Online Platform**

The Court hereby appoints BrownGreer, PLC ("BrownGreer") to serve as the online platform for the data management of the PFS and DFS. The Parties are directed to utilize BrownGreer's platform, called "MDL Centrality," to fulfill their PFS and DFS obligations and also, directly or through their designated representatives, to enter into a contract with the company specifying the services to be provided, the costs of such services, and the Parties' payment obligations, including but not limited to the individual Plaintiff's one-time fee.  BrownGreer shall

work with the parties to compile all necessary data. The Parties shall serve their respective completed PFS, DFS, and responsive related documents by uploading and producing them to the plaintiff-specific portal on MDL Centrality. Uploading and producing the responsive discovery to the plaintiff-specific portal on MDL Centrality shall constitute effective service.

**2.     Plaintiff Fact Sheets**

The Court has approved a PFS that includes questions, certain document requests (if applicable in response to particular questions), and certain written authorizations for the release of records ("Authorizations"). *See* Exhibit 1. Each Plaintiff must submit a completed PFS, executed Authorizations, and documents responsive to the requests in the PFS ("Responsive Documents") through MDL Centrality pursuant to the terms of this Order. The obligation to comply with this Order and to provide a PFS shall fall solely to each Plaintiff and, where a Plaintiff has retained counsel, to the individual counsel representing that Plaintiff. Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee are not obligated to provide a PFS, executed Authorizations, or Responsive Documents for Plaintiffs by whom they have not been individually retained.

**3.     Defendant Fact Sheets**

The Court has approved a DFS that includes questions and certain document requests (if applicable in response to particular questions). *See* Exhibit 2. Defendants must submit a completed DFS and Responsive Documents through MDL Centrality for the Plaintiffs for whom the Defendant has responsive information pursuant to the terms of this Order.

**4.     Discovery Mechanisms**

The effect of a Party's response to the questions contained in the PFS and DFS shall be considered the same as interrogatory responses, and where documents are requested, responses to

requests for production under the Federal Rules of Civil Procedure and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.

The parties agree that, at this time, neither party shall serve any case-specific written discovery or schedule any case-specific deposition (other than *in extremis* depositions) beyond the PFS and DFS. However, the parties anticipate that cases will be designated for further discovery pursuant to a future Court order, at which point further case-specific written discovery and case-specific depositions may occur. In cases selected for further discovery, including bellwether trial discovery, the parties agree that absent a showing of demonstrated need, (a) each Plaintiff may not serve more than 10 additional interrogatories on Defendants, and (b) Defendants may not serve more than 10 additional interrogatories on each Plaintiff. These interrogatories must be case-specific.

Documents or information obtained pursuant to the authorizations provided with the PFS shall be Bates stamped by the requesting party to indicate the plaintiff and producing party and shall be produced by the requesting party via MDL Centrality to that plaintiff's counsel within 14 days of receipt. To use the documents obtained pursuant to the authorizations below in a deposition, to the extent not previously produced, they shall be produced to the opposing party no later than 3 days prior to the deposition.

**5.      PFS Deadlines**

The following PFS deadlines shall apply:

A.      **<u>Cases transferred to this MDL on or before the date of the entry of this Order</u>**: For cases transferred to this MDL on or before entry of this Order, each Plaintiff must complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 60 days after the entry of this Order.

B.      **Other Cases**: For all other cases, including those cases brought through the filing of short-form complaints, each Plaintiff must complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 45 days after the filing of the Plaintiff's short-form complaint.

**6.     DFS Deadlines**

Within 60 days after a Plaintiff submits a PFS, including applicable executed Authorizations and Responsive Documents, Defendants with responsive information shall serve a completed DFS and Responsive Documents upon that Plaintiff's counsel via MDL Centrality.

**7.     Substantial Completeness of PFS and DFS**

A.      Any PFS and DFS submission must be substantially complete, which means a Party must:

i.      Answer all applicable questions (Parties may answer questions by indicating "not applicable," "I don't know," "I don't recall," or "unknown" where such response is made in good faith following a reasonable investigation);

ii.     Include a signed Declaration (for a PFS) or Verification (for a DFS) which must be uploaded and produced on its own as a separate document in MDL Centrality;

iii.    Provide the appropriate and duly executed (***but undated***) record release Authorizations (for a PFS); and

iv.     Produce the Responsive Documents to the extent such documents are in the Party's possession, custody, or control.

**8.     Objections Reserved to PFS and DFS**

All objections to the admissibility of information contained in the PFS and DFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests

contained therein.  This paragraph, however, does not prohibit a Party from withholding or redacting information based upon a recognized privilege.  Documents withheld on the basis of privilege shall be logged in accordance with the requirements of Pretrial Order #17 regarding Privilege Log Protocols (ECF No. 661).

**9.     Confidentiality of Data**

Information any Party provides pursuant to a PFS or DFS is deemed Confidential under the terms of the Protective Order.

**10.    Scope of Depositions and Admissibility of Evidence**

Nothing in the PFS or DFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial.  The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure.  The Federal Rules of Evidence shall govern the admissibility of information contained in the responses to the PFS and DFS, and no objections are waived by virtue of providing information in any PFS or DFS.

**11.    Rules Applicable to Plaintiffs' Authorizations**

As set forth above, the appropriate and duly executed (***but undated***) record release Authorizations together with copies of the required Other Relevant Documents shall be provided with the PFS at the time that the Plaintiff is required to submit a PFS pursuant to this Order.

Defendants (or the applicable records vendor) have permission to date the undated Authorizations produced pursuant to the PFS before sending them to records custodians. If an agency, company, firm, institution, provider, or records custodian to whom any Authorization is presented refuses to provide records in response to that Authorization, Defendants (or the applicable records vendor) shall notify Plaintiff's individual representative counsel (or the

Plaintiff, if pro se) and a designated individual from the Plaintiffs' Steering Committee. Upon notification, counsel shall work together in good faith to resolve the records issue.

In the event a records custodian requires a proprietary authorization or other particular form, Defendants (or the applicable records vendor) will provide such form to Plaintiff's individual representative counsel (or the Plaintiff, if pro se) who shall thereafter execute and return the proprietary authorization or other particular form within 21 days.

Defendants' applicable records vendor shall have the right to contact agencies, companies, firms, institutions, or providers to follow up on the production of records responsive to a Plaintiff's authorization but shall not engage in any discussion with the actual physician or any substantive discussion about the case with any of the above individuals or employees of the institutions.

Counsel for each Plaintiff has the right to receive or obtain copies of all documents Defendants receive pursuant to Authorizations provided by that Plaintiff. Within 14 days of receiving any Documents obtained pursuant to a Plaintiff's Authorization, Defendants shall produce such Documents exclusively to that Plaintiff via the Plaintiff's specific portal on MDL Centrality, except where the Documents are to be used in a deposition in fewer than 14 days, in which case the Defendants shall produce such Documents to that Plaintiff via the Plaintiff's specific portal on MDL Centrality no later than 3 days prior to the deposition, or as soon as reasonably practicable if such production occurs thereafter.

**12.     PFS Deficiency Process**

Within 30 days of the deadline for receipt of a completed PFS, Defendants shall notify that Plaintiff of any deficiencies. Defendants shall serve a copy of the deficiency letter via MDL Centrality upon counsel of record for the individual Plaintiff completing said fact sheet (or on the Plaintiff, if pro se). Plaintiff shall respond by correcting the deficiencies via MDL Centrality by

submitting an amended PFS and/or any required additional, updated, corrected authorizations, or other documents within 21 days of the date of service of Defendants' deficiency letter.

If the dispute is not resolved, Defendants shall present the dispute for resolution by the Discovery Special Master pursuant to the process set forth at ¶¶ 22-26 of the Order Appointing and Setting Duties of Special Master for General Discovery and E-Discovery (ECF No. 540).  Prior to presenting the dispute for resolution by the Discovery Special Master, Defendants shall notify in writing Plaintiff's counsel, or Plaintiff if unrepresented, along with Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee of Defendants' intent to seek relief pursuant to the Federal Rules of Civil Procedure, Local Rules or any other applicable authority, including but not limited to possible dismissal.

Should the foregoing deficiency process prove insufficient or inefficient, Defendants shall have the option to seek further and appropriate relief from the Court pursuant to the Federal Rules, Local Rules or any other applicable authority.  Prior to filing any motion pursuant to this Paragraph 12, Defendants shall notify Plaintiff's counsel, or Plaintiff if unrepresented, along with Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to move for relief. In addition, Defendants shall notify Plaintiffs' Co-Lead Counsel and a designated individual(s) specified by the Plaintiffs' Steering Committee by electronic mail by providing a list of each Plaintiff and the Plaintiff's individual case number, who Defendants believe has failed to comply with this Court's Order.

13.     **Failure to File Plaintiff Fact Sheet**

Should an Individual Personal Injury Plaintiff fail to file a PFS within the prescribed deadline as outlined in paragraph 5 of this Order or fail to move for an extension to file a PFS, Defendants shall have the option to seek further relief from the Discovery Special Master pursuant

to the process set forth at ¶¶ 22-26 of the Order Appointing and Setting Duties of Special Master for General Discovery and E-Discovery (ECF No. 540) or the Court under the Federal Rules of Civil Procedure, if appropriate.

Prior to seeking any additional relief, Defendants shall notify individual Plaintiff's counsel, (or Plaintiff, if pro se), along with a designated individual specified by the Plaintiffs' Steering Committee and Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to seek relief. The individual Plaintiff shall have 21 days from the date of the notice to attempt to resolve the issue. If the issue remains unresolved after the 21st day, Defendants shall have the option to file within the individual Personal Injury Plaintiff's case number and the Master Docket Number a motion to dismiss, or, in the alternative, to show cause why the case should not be dismissed with prejudice. Upon the filing of Defendants' motion, the Plaintiff will be required to file an appropriate response to Defendants' motion within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules for the W.D. Pa.

Prior to filing any motion pursuant to the Federal Rules, Defendants shall notify Plaintiff's counsel, or Plaintiff if unrepresented, along with Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to move for relief. In addition, Defendants shall notify Plaintiffs' Co-Lead Counsel and the individual specifically designated by the Plaintiffs' Steering Committee by electronic mail providing a list of each Plaintiff and the Plaintiff's individual case number, who Defendants believe has failed to comply with this Court's Order.

**14.     DFS Deficiency Process**

Within 30 days of the deadline for receipt of a completed DFS, Plaintiffs shall notify that Defendant of any deficiencies. Plaintiffs shall serve a copy of the deficiency letter via MDL Centrality on counsel of record for the Defendant completing said fact sheet. Defendant shall respond by letter within 21 days of the date of service of Plaintiffs' letter.

If the dispute is not resolved, Plaintiffs shall present the dispute for resolution by the Discovery Special Master pursuant to the process set forth at ¶¶ 22-26 of the Order Appointing and Setting Duties of Special Master for General Discovery and E-Discovery (ECF No. 540). Prior to presenting the dispute for resolution by the Discovery Special Master, Plaintiffs shall notify Defendants' counsel, in writing, of Plaintiffs' intent to move for relief. Plaintiffs shall serve a copy of the notice letter to Defendants through their counsel by electronic mail.

Should the foregoing deficiency process prove insufficient or inefficient, Plaintiffs reserve the right to seek further relief from the Court, including an order for sanctions pursuant to Rule 37 or other relief appropriate under the Federal Rules.

**IT IS SO ORDERED.**

DATED: October 3, 2023

s/Joy Flowers Conti
The Honorable Joy Flowers Conti
Senior United States District Judge

**AGREED TO THIS 18th DAY OF SEPTEMBER, 2023:**

| | |
|---|---|
| */s/ John P. Lavelle, Jr*<br>John P. Lavelle, Jr.<br>Lisa C. Dykstra<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>T 215.963.5000<br>john.lavelle@morganlewis.com<br><br>Wendy West Feinstein<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Oxford Center, 32nd Floor<br>Pittsburgh, PA 15219-6401<br>T 412.560.3300<br>wendy.feinstein@morganlewis.com<br><br>*Counsel for Defendant Philips RS North America LLC*<br><br>*/s/ Michael H. Steinberg*<br>Michael H. Steinberg<br>**SULLIVAN & CROMWELL LLP**<br>1888 Century Park East<br>Los Angeles, CA 90067<br>T (310) 712-6670<br>steinbergm@sullcrom.com<br><br>Tracy Richelle High<br>William B. Monahan<br>**SULLIVAN & CROMWELL LLP**<br>125 Broad Street<br>New York, NY 10004<br>T (212) 558-4000<br>hight@sullcrom.com<br>monahanw@sullcrom.com<br><br>*Counsel for Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation* | */s/ Kelly K. Iverson*<br>Kelly K. Iverson<br>**LYNCH CARPENTER, LLP**<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>T (412) 322-9243<br>kelly@lcllp.com<br><br>/*s/ Christopher A. Seeger*<br>Christopher A. Seeger<br>**Seeger Weiss LLP**<br>55 Challenger Road 6th Floor<br>Ridgefield Park, NJ 07660<br>212-584-0700<br>cseeger@seegerweiss.com<br><br>*/s/ Sandra L. Duggan*<br>Sandra L. Duggan<br>**Levin Sedran & Berman**<br>510 Walnut Street<br>Ste 500<br>Philadelphia, PA 19106<br>215-592-1500<br>215-592-4663 (fax)<br>sduggan@lfsblaw.com<br><br>*/s/ Steven A. Schwartz*<br>Steven A. Schwartz<br>**Chimicles Schwartz Kriner & Donaldson-Smith LLP**<br>361 West Lancaster Avenue<br>One Haverford Centre<br>Haverford, PA 19041<br>(610) 642-8500<br>steveschwartz@chimicles.com<br><br>*Plaintiffs' Co-Lead Counsel* |

*/s/ D. Aaron Rihn*
D. Aaron Rihn
Robert Peirce & Associates, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA 15219
412-281-7229
412-281-4229 (fax)
arihn@peircelaw.com

*/s/ Peter S. Wolff*
Peter S. Wolff
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
One Oxford Centre - 38th Floor
Pittsburgh, PA 15219
412-263-2000
412-263-2001 (fax)
psw@pietragallo.com

*Plaintiffs' Co-Liaison Counsel*