# NOTICE OF FILING

# EXHIBIT A

# AMENDED CLASS SETTLEMENT AGREEMENT AND RELEASE OF ECONOMIC LOSS CLAIMS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| | : | MDL No. 3014 |
| This Document Relates to:  All Actions Asserting Economic Loss Claims | : | |

**AMENDED CLASS SETTLEMENT AGREEMENT AND RELEASE**
**OF ECONOMIC LOSS CLAIMS**

## TABLE OF CONTENTS

PREAMBLE ..................................................................................................................1

1.  Definitions .........................................................................................................2

2.  Funding Obligations and Payments by the Philips
    Defendants ......................................................................................................11

3.  Settlement Benefits.........................................................................................16

4.  Releases ...........................................................................................................22

5.  Assignment to Philips RS of Economic Loss Claims Against
    Ozone Cleaning Companies ...........................................................................26

6.  Allocation of Settlement Funds, Claims Process, and
    Claims Period ..................................................................................................26

7.  Settlement Class Certification ......................................................................38

8.  Preliminary Approval of Settlement Pursuant to Federal
    Rule of Civil Procedure 23(e) and Related Motions ...................................38

9.  Notice to Settlement Class Members .............................................................39

10.  Right to Opt Out of or Object to the Settlement; Opt-
     Out/Objection Period......................................................................................41

11.  Opt-Outs ..........................................................................................................41

12.  Objections ........................................................................................................44

13.  Final Fairness Hearing ..................................................................................45

14.  Termination of this Settlement .....................................................................46

15.  MDL Court Retains Jurisdiction to Implement, Interpret
     and Enforce Agreement and Settlement .......................................................48

16.  Choice of Law ..................................................................................................48

17.  Recall Programs ..............................................................................................48

18.  Attorneys' Fees, Costs and Expenses, and Service Awards .........................48

19.  Dispute Resolution..........................................................................................49

20.  Miscellaneous ..................................................................................................50

21.  Federal Rule of Evidence 408........................................................................52

## PREAMBLE

This Amended Class Settlement Agreement and Release of Economic Loss Claims (this "Agreement" and the "Settlement," as may be further amended from time to time hereafter) is entered into by and among the Settlement Class Representatives, on the one hand, and Defendants Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants"), on the other (collectively, the "Parties").

Following extensive negotiations between the Parties with the assistance of the Court-appointed mediator, the Honorable Diane M. Welsh (Ret.) (the "Settlement Mediator"), the Parties have reached this Settlement. By entering into this Settlement, the Philips Defendants do not admit any wrongdoing, liability, fault, injury, damages, or violation of any law whatsoever. The Settlement is to be construed solely as a reflection of the Parties' desire to facilitate a resolution and release of all Economic Loss Claims on behalf of the Settlement Class against the Released Parties on the terms set forth below. The Settlement does not resolve or release Medical Monitoring and Personal Injury Claims. The Settlement will become effective only if it is approved by the MDL Court.

## RECITALS

**WHEREAS**, beginning June 14, 2021, Philips RS announced Recalls of approximately 10.8 million Recalled Devices sold, leased, rented or otherwise distributed in the United States;

**WHEREAS**, the Philips Defendants have been named as defendants in various federal and state court actions and other proceedings in the United States and are alleged to be liable for damages and other relief for economic injuries related to the Recalled Devices;

**WHEREAS**, on October 8, 2021, the Judicial Panel on Multidistrict Litigation established the MDL, assigned the MDL to the MDL Court, and transferred all then-pending federal lawsuits to the MDL for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407;

**WHEREAS**, since then, the Judicial Panel on Multidistrict Litigation has transferred additional lawsuits to the MDL for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, and additional lawsuits have been filed in and/or removed to the MDL;

**WHEREAS**, on October 10, 2022, Plaintiffs filed a Consolidated Third Amended Class Action Complaint for Economic Losses ("Economic Loss Complaint"), on behalf of themselves and all others similarly situated;

**WHEREAS**, on October 17, 2022, Plaintiffs filed a Consolidated Second Amended Class Action Complaint for Medical Monitoring, and on October 24, 2022, Plaintiffs filed an Amended Master Long Form Complaint for Personal Injuries and Damages and an accompanying Short Form Complaint (collectively, the "Medical Monitoring and Personal Injury Complaints");

**WHEREAS**, the Philips Defendants deny all alleged liability, wrongdoing, fault, violation, and damages or injuries;

**WHEREAS**, Settlement Class Counsel have engaged in substantial discovery, investigation and fact gathering, including confirmatory discovery as part of the mediation process, to evaluate the Economic Loss Claims and Defendants' defenses;

**WHEREAS**, the Parties engaged in extensive good faith, arm's-length negotiations, over a period of many months, to resolve the Economic Loss Claims, with the assistance and oversight of the Settlement Mediator;

**WHEREAS**, without conceding the correctness of any of the other Parties' legal positions, claims and/or defenses, the Parties wish to avoid the delays, expense, and risks inherent in continued litigation of the Economic Loss Claims; and

**WHEREAS**, the Medical Monitoring and Personal Injury Claims are not the subject of this proposed resolution of the Economic Loss Claims, but any Economic Loss Claims asserted in the Medical Monitoring and Personal Injury Complaints are the subject of this proposed resolution of the Economic Loss Claims.

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and intending to be legally bound, the Parties agree to resolve, release and settle the Economic Loss Claims against the Released Parties on the terms set forth below:

## 1.   <u>Definitions</u>

For purposes of this Settlement, including the attached exhibits, the following terms (designated by initial capitalization throughout this Agreement) shall have the meanings set forth in this Section.  Terms used in the singular shall include the plural.

1.1.   **Accelerated Implementation Option** shall mean the option available to certain Users to receive a Device Payment Award and a Device Return Award on an accelerated basis, pursuant to the terms set forth in Section 6.3 below.

1.2.   **BiPAP** shall mean Bi-level Positive Airway Pressure devices.

1.3.   **Census Registry Program** shall mean the Census Registry Program established by the MDL Court in Pretrial Order #25, as modified in Pretrial Order #25(a) (ECF Nos. 739, 870).

1.4.   **Claims Appeals Special Master** shall mean, subject to MDL Court approval, the Honorable Thomas J. Rueter (Ret.).

---

**Section 1.   Definitions**                                                                                           2

1.5.   **Claims Period** shall mean the period during which the Settlement Administrator will accept claims that Settlement Class Members have submitted for Device Payment Awards, Device Return Awards, Device Replacement Awards and/or Payer Awards.

1.6.   **Claims Period Deadline** shall mean 120 days after the date of the Final Fairness Hearing.

1.7.   **Counsel** shall mean Settlement Class Counsel and Counsel for the Philips Defendants.

1.8.   **Counsel for the Philips Defendants** shall mean:

   1.8.1.   Counsel for Philips RS:

      1.8.1.1.   John P. Lavelle, Jr. and Lisa C. Dykstra, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103-2921; and

      1.8.1.2.   Erik T. Koons and Andrew T. George, Baker Botts LLP, 700 K St. NW, Washington, DC 20001.

   1.8.2.   Counsel for Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation:

      1.8.2.1.   Michael H. Steinberg, Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, CA 90067; and

      1.8.2.2.   Tracy Richelle High, William B. Monahan, and Elizabeth N. Olsen, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004.

1.9.   **CPAP** shall mean Continuous Positive Airway Pressure devices.

1.10.  **Defendants** shall mean the defendants named in the Economic Loss Complaint, namely, the Philips Defendants, Polymer Technologies, Inc., and Polymer Molded Products LLC.

1.11.  **Device Payment Award** shall mean the cash payment offered to Users relating to the Recalled Devices described in Section 3.2 below.

---

**Section 1.   Definitions**                                                         3

1.12.   **Device Replacement Award** shall mean the cash payment offered to Users who qualify for a Device Replacement Award, as set forth in Section 3.4 below.

1.13.   **Device Return Award** shall mean the cash payment offered to Users who return, or have returned, their Recalled Devices, as set forth in Section 3.3 below.

1.14.   **DME** shall mean Durable Medical Equipment providers.

1.15.   **Economic Loss Claims** shall mean any and all claims, demands, actions, or causes of action (whether for damages, fines, penalties, assessments, liens, injunctive, equitable or any other relief, whether direct, indirect or consequential, liquidated or unliquidated, past, present or future, or foreseen or unforeseen) relating in any way to the Recalled Devices or the Replacement Devices, including, but not limited to, payments, costs, reimbursements, and/or expenses incurred or made by Settlement Class Members in connection with the purchase, rental, lease or other acquisition of the Recalled Devices or the Replacement Devices, that have been asserted, could have been asserted, or could be asserted by any of the Settlement Class Members, whether known or unknown, in law or in equity, contingent or non-contingent, suspected or unsuspected, concealed or hidden, or past, present or future, including for attorneys' fees, expert fees, consultant fees, or other litigation fees or costs, except Economic Loss Claims expressly do not include Medical Monitoring and Personal Injury Claims.

1.16.   **Effective Date** shall mean the date when the Settlement becomes Final, not the Execution Date or the date of MDL Court Final Approval.  For avoidance of doubt, the Effective Date shall not have been reached until both the MDL Court enters the Final Order and Judgment and there has been the successful exhaustion of all appeal periods without appeal or resolution of any appeals or certiorari proceedings in a manner upholding the Final Order and Judgment.

1.17.   **Eligible Payers** shall mean Payers who remain in the Settlement Class and who have taken the steps applicable to them, as determined by the Settlement Administrator, to receive a Payer Award under the Settlement.

1.18.   **Eligible Users** shall mean Users who remain in the Settlement Class and who have taken the steps (if any) applicable to them, as determined by the Settlement Administrator, to receive one or more Device Payment, Device Return, and/or Device Replacement Awards under the Settlement.

1.19.   **Enrolled Recalled Devices** shall mean Recalled Devices enrolled by Users in the Settlement pursuant to the Enrollment Process.

---

**Section 1.   Definitions**                                                          4

1.20. **Enrollment Process** shall mean the process for Users to enroll Recalled Devices in the Settlement to receive a Device Payment and/or a Device Return Award, provided they otherwise meet the requirements to receive those payments under the Settlement.  The Enrollment Process is available only to Users who still possess the Recalled Device(s) that they want to enroll in the Settlement and that have not previously been registered in a Recall Program, and requires that Users provide at least (i) the Serial Number for the Recalled Device(s), (ii) the User's name, mailing address, telephone number, and if applicable, e-mail address, and (iii) information regarding the User's requested form of payment under the Settlement.  All Recalled Devices except the Trilogy 100/200 Recalled Devices may be enrolled in the Settlement if they otherwise meet the requirements for enrollment.  For those Users who still possess their Trilogy 100/200 Recalled Devices and wish to receive a Device Return Award, they should register their Trilogy 100/200 with Philips RS pursuant to a Recall Program.  Philips RS will contact the DME to make arrangements for the DME to schedule a time to retrieve the User's Trilogy 100/200 and install a Remanufactured Device.

1.21. **Execution Date** shall mean September 7, 2023.

1.22. **Extended Warranties** shall mean those extended warranties provided by Philips RS to Users who receive or received a Remanufactured Device as part of a Recall Program, as set forth in Section 3.5 below.

1.23. **Final** shall mean the later of (1) the day after the deadline to appeal the Final Order and Judgment has expired with no appeal having been taken, or (2) if an appeal is filed, the latest of (i) the date of final affirmance of the Final Order and Judgment, (ii) the expiration of the time for a petition for writ of *certiorari* to review the Final Order and Judgment if affirmed, the denial of *certiorari*, or, if *certiorari* is granted, the date of final affirmance of the Final Order and Judgment following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Final Order and Judgment or the final dismissal of any proceeding on *certiorari* to review the Final Order and Judgment that has the effect of confirming the Final Order and Judgment.  An appeal from an award of attorneys' fees, costs and/or expenses, or an award of Service Awards to Settlement Class Representatives, shall not affect the finality of the Settlement.

1.24. **Final Fairness Hearing** shall mean the final fairness hearing before the MDL Court, as described in Section 13 of the Agreement.

1.25. **Final Order and Judgment** shall mean the Final Approval Order and Judgment entered by the MDL Court following the Final Fairness Hearing, substantially in the form attached as **Exhibit 9** hereto.

---

1.26. **MDL** shall mean the above-captioned MDL, *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prod. Litig.*, MDL No. 3014 (W.D. Pa.) (Conti, J.).

1.27. **MDL Court** shall mean the Honorable Joy Flowers Conti, or her successor, who presides over the MDL.

1.28. **MDL Court Final Approval** shall mean entry of the Final Order and Judgment by the MDL Court.

1.29. **Medical Monitoring and Personal Injury Claims** shall mean any claims for (1) medical monitoring damages or other medical monitoring relief and/or (2) personal injuries, including for pecuniary, non-pecuniary, and punitive damages for those personal injuries (including, but not limited to, past, present or future lost wages, lost earning capacity, or medical costs or expenses, and pain and suffering).

1.30. **Ozone Cleaning Companies** shall mean manufacturers of ozone cleaning devices for CPAP, BiPAP, ventilator or other similar devices, as well as their former, present, and future owners, shareholders, directors, officers, employees, attorneys, affiliates, parent companies, subsidiaries, predecessors and successors, including, but not limited to, SoClean Inc. and its affiliated and predecessor companies.

1.31. **Ozone Cleaning Products** shall mean devices claiming to use ozone to disinfect, clean, sanitize or otherwise employ ozone in connection with a CPAP, BiPAP, ventilator or other similar device, including, but not limited to, the Better Rest, the SoClean 1, the SoClean 2, the SoClean 2 Go, and the SoClean 3.

1.32. **Payer Award** shall mean the allocated portion of the Payer Amount that each Eligible Payer is eligible for under the Settlement, as set forth in Sections 3.6 and 6.7 below.

1.33. **Payers** shall have the meaning set forth in Section 1.50 below in the definition of Settlement Class.

1.34. **Plaintiffs** shall mean the Plaintiffs named in the Economic Loss Complaint.

1.35. **Preliminary Approval Order** shall mean an order of the MDL Court preliminarily approving the Settlement, substantially in the form attached as **Exhibit 1** hereto.

1.36. **Recalled Devices**, or **Philips RS Recalled Devices**, shall mean the following CPAP, BiPAP, ventilator, and/or other devices sold, leased, rented or otherwise distributed in the United States:

---

**Section 1.   Definitions**                                                                 6

1.36.1.    C-series S/T, AVAPS (C-series and C-series HT);

1.36.2.    DreamStation ASV;

1.36.3.    DreamStation BiPAP;

1.36.4.    DreamStation CPAP;

1.36.5.    DreamStation Go;

1.36.6.    DreamStation ST, AVAPS;

1.36.7.    E30;

1.36.8.    OmniLab Advanced Plus;

1.36.9.    System One 50 Series ASV4 (Auto SV4);

1.36.10.    System One 50 Series Base;

1.36.11.    System One 50 Series BiPAP;

1.36.12.    System One 60 Series ASV4 (Auto SV4);

1.36.13.    System One 60 Series Base;

1.36.14.    System One 60 Series BiPAP;

1.36.15.    Trilogy 100/200, Garbin Plus, Aeris LiveVent; and

1.36.16.    V30 auto.

1.37.    **Recall Programs** shall mean ongoing and future programs administered by Philips RS and overseen by the United States Food and Drug Administration relating to the Recalled Devices, including to repair, refurbish, remanufacture, and/or replace Recalled Devices and/or that require the return of Recalled Devices to Philips RS for remediation, compensation or otherwise.  To date, Philips RS has spent more than $500 million toward the Recall Programs.

1.38.    **Recall Registration Number** shall mean the unique registration number a User receives from Philips RS when the User registers his or her Recalled Device with Philips RS pursuant to a Recall Program.

1.39. **Recalls** shall mean the recalls of the Recalled Devices by Philips RS, beginning June 14, 2021.

1.40. **Registered Recalled Devices** shall mean Recalled Devices registered by Users pursuant to the Recall Programs.

1.41. **Released Claims** shall mean all Economic Loss Claims against Defendants and the other Released Parties.  For the avoidance of doubt, Released Claims expressly does not include (1) Economic Loss Claims of Settlement Class Members against Ozone Cleaning Companies (which will be assigned to Philips RS as set forth in Section 5 below), (2) claims to enforce this Settlement, or (3) Medical Monitoring and Personal Injury Claims.

1.42. **Released Parties** shall mean any individual who, or entity that, is or could be responsible or liable in any way whatsoever, whether directly or indirectly, for Economic Loss Claims.  Without in any way limiting the foregoing, the Released Parties include, without limitation, (1) Defendants, (2) any of their past, present, or future parents, owners, predecessors, successors, subsidiaries, divisions, affiliates/related entities, stockholders, officers, directors, board members, supervisors, members, partners, managers, and employees, (3) any of their current, former or future suppliers, agents, testing laboratories, attorneys, vendors, consultants, claim administrators, recall administrators, contractors and subcontractors, (4) any and all current, former or future distributors, sellers, insurers, reinsurers, resellers, lessors, retail dealers, and DME providers for the Recalled Devices, (5) any and all individuals and entities indemnified by any other Released Party with respect to Economic Loss Claims, and (6) all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders, as well as all other persons acting by, through, or under them, including those who are, may be, or are alleged to be jointly or jointly and severally liable with them, or any of them.  For the avoidance of doubt, notwithstanding anything to the contrary above, the Released Parties expressly does not include Ozone Cleaning Companies.

1.43. **Remanufactured Devices** shall mean repaired, refurbished, remanufactured, and/or new replacement CPAP, BiPAP, ventilator or similar devices that Philips RS has provided to Users pursuant to the Recall Programs.

1.44. **Replacement Device** shall mean a CPAP, BiPAP, ventilator or similar device that is comparable to the replaced Philips RS Recalled Device and that was purchased, leased, rented, or otherwise paid for directly by a User (in whole or part), but only on or after June 14, 2021 and prior to the Execution Date, to replace the Philips RS Recalled Device, as set forth in Section 3.4 below.

---

**Section 1.   Definitions**                                                      8

1.45. **Replacement Device Claim Amount** shall mean the amount documented as actually paid by a User (*e.g.*, not any payment made by insurance or another third-party payer on behalf of or for the benefit of the User) to purchase, lease, or rent a Replacement Device, subject to Section 3.4.1.1 below.

1.46. **Representative Claimant** shall mean the guardian, estate, administrator, or other legal representative, including a person acting pursuant to a power of attorney for a Settlement Class Member, with authority to act on behalf of a Settlement Class Member.  Representative Claimants do not include a Settlement Class Member's counsel unless that counsel is acting under a power of attorney from the Settlement Class Member.  Representative Claimants also do not include persons or entities, such as claim aggregator companies, who purchase a User's claim(s), charge a User to submit a Claim Form, and/or seek to retain a portion of a User's claim(s) in exchange for submitting a Claim Form on behalf of such User.

1.47. **Serial Number** shall mean the unique identifying alphanumeric number located on the bottom of each Recalled Device or Remanufactured Device, or in the case of certain ventilators (such as the OmniLab Advanced Plus and Trilogy 100/200), on the device display.

1.48. **Service Awards** shall mean the final amounts approved by the MDL Court (following the conclusion of any appellate proceedings) for payment to Settlement Class Representatives for their service as a Settlement Class Representative, as described in Section 18.2 below.

1.49. **Settlement Administrator** shall mean, subject to MDL Court approval, Angeion Group, LLC ("Angeion Group").  The Settling Parties may jointly agree to replace Angeion Group with another mutually agreeable settlement administrator.

1.50. **Settlement Class or Settlement Class Members** shall include Plaintiffs and all other individuals or entities in the United States (as defined below), including individuals who are United States citizens, residents, United States military, diplomatic personnel and employees living or stationed overseas, who or which, prior to the announcement of the Recalls, either (a) purchased, leased, rented, or paid for (in whole or part), or were prescribed a Recalled Device ("Users"), or (b) reimbursed (in whole or part) a User's payment to purchase, lease, rent, or otherwise pay for a Recalled Device, including insurers, self-funded employers, and other third-party payers ("Payers").  Individuals or entities whose payment obligations with respect to a particular Recalled Device preceded the announcement of the relevant Recall are part of the Settlement Class even if certain of their payment obligations post-dated the Recall (*e.g.*, certain renters and lessees).

---

**Section 1.  Definitions**                                                                 9

EXCLUDED from the Settlement Class are:  (a) Defendants and their officers, directors, and employees; (b) the MDL Court, Settlement Mediator, Claims Appeals Special Master, and Special Masters assigned to the MDL; (c) individuals who have already released Released Claims against one or more of the Defendants pursuant to individual settlements or other resolutions; (d) DMEs; (e) the federal government and any federal government payers, including the United States Department of Health and Human Services Centers for Medicare & Medicaid Services, the Department of Defense, and the U.S. Department of Veterans Affairs; and (f) Settlement Class Counsel.

1.51.   **Settlement Class Counsel** shall mean:

    1.51.1.   Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

    1.51.2.   Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

    1.51.3.   Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

    1.51.4.   Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222;

    1.51.5.   Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107;

    1.51.6.   Lisa Ann Gorshe, Johnson Becker PLLC, 444 Cedar Street, Suite 1800, Saint Paul, MN 55101; and

    1.51.7.   Arthur H. Stroyd, Jr., Del Sole Cavanaugh Stroyd LLC, 3 PPG Place, Suite 600, Pittsburgh, PA 15222.

1.52.   **Settlement Class Representatives** shall mean the following Plaintiffs:  Elizabeth Heilman; Ivy Creek of Tallapoosa LLC d/b/a Lake Martin Community Hospital; Peter Barrett; Julie Barrett; and ASEA/AFSCME Local 52 Health Benefits Trust.

1.53.   **Settlement Funds** shall mean the accounts that will be opened with the Settlement Funds Escrow Agent, MDL 3014 EL User Settlement Fund ("User Settlement Fund") and MDL 3014 EL Payer Settlement Fund ("Payer Settlement Fund"), as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue

Code of 1986, as amended.  The Escrow Agreement establishing the Settlement Funds will be in a form mutually agreed upon by the Parties.

1.54.   **Settlement Funds Escrow Agent** shall mean Huntington Bank, which will enter into an Escrow Agreement to carry out the tasks more fully detailed in that Escrow Agreement, including to receive, hold, invest, and disburse funds and pay notice-related costs and other reasonable administrative expenses authorized and approved by the Court.  The Settling Parties may jointly agree to replace Huntington Bank with another mutually agreeable financial institution.

1.55.   **Settling Parties** shall mean all Settlement Class Members and the Philips Defendants.

1.56.   **Settling Party** shall mean any one of the Settling Parties.

1.57.   **United States** shall mean the United States of America, its Territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), and the District of Columbia.

1.58.   **Users** shall have the meaning set forth in Section 1.50 above in the definition of Settlement Class.

## 2.   <u>Funding Obligations and Payments by the Philips Defendants</u>

2.1.   The Philips Defendants shall be responsible to make, or to cause to be made, the payments and to perform, or to cause to be performed, the obligations set forth in this Agreement.

2.2.   For purposes only of this Settlement and the enforcement of the payment and performance obligations under this Settlement, the Philips Defendants submit to the jurisdiction of the MDL Court.

2.3.   **Establishment and Administration of the Settlement Funds**

2.3.1.   The Settlement Funds will be a MDL Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

2.3.2.   The Settlement Funds will be established through a deposit or deposits by, or on behalf of, the Philips Defendants of the Initial Payments for

Class Notice and Settlement Administration, as set forth in Section 2.4.1 below.

2.3.3.   At the written direction of Settlement Class Counsel, the Settlement Funds Escrow Agent shall invest the Settlement Funds exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Philips Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Funds by the Settlement Funds Escrow Agent.

2.3.4.   Administrative expenses of the Settlement Funds will be paid from the Settlement Funds.

2.4.   **Payments for Class Notice and Settlement Administration**

2.4.1.   **Initial Payments for Class Notice and Settlement Administration**. No later than 14 days after the Execution Date, the Philips Defendants shall deposit, or cause to be deposited, $7,350,000 into the User Settlement Fund and $100,000 into the Payer Settlement Fund (collectively, the "Initial Payments for Class Notice and Settlement Administration") by wire transfer into the respective Settlement Funds for purposes of paying notice-related costs, and other reasonable administrative expenses that may be incurred pursuant to this Settlement in conjunction with the retention and/or services of the Settlement Administrator, the Settlement Funds Escrow Agent, the Claims Appeals Special Master, and the Settlement Mediator.

2.4.2.   Following MDL Court Final Approval, the Philips Defendants shall make, or cause to be made, additional payments for Settlement Administration as set forth in Section 6.1.1 below and as required by the Settlement.

2.5.   **Payments for Device Payment Awards**

2.5.1.   **Initial Device Payment Amount**.  The Philips Defendants shall pay, or cause to be paid, an amount equal to the total Device Payment Awards (as set forth in Section 3.2 below) for all Registered Recalled Devices

---

**Section 2.   Funding Obligations and Payments by the Philips Defendants**                                                                                    12

as of the Execution Date, plus an amount equal to the total Device Payment Awards for 5% of the remaining Recalled Devices that have not been registered by Users for a Recall Program by the Execution Date (the "Initial Device Payment Amount"). The payment shall be made by wire transfer into the User Settlement Fund in two installments no later than 14 days following (i) MDL Court Final Approval (25% of the Initial Device Payment Amount) ("first installment"), and (ii) the Effective Date (75% of the Initial Device Payment Amount) ("second installment"). In the event the first installment of the Initial Device Payment Amount is insufficient to pay Device Payment Awards to Users electing the AIO option, the Philips Defendants shall deposit additional funds from the second installment to make those payments. The combined first and second installment payments for the Initial Device Payment Amount will be $309,082,312.

2.5.2.    Additional payments by, or on behalf of, the Philips Defendants into the User Settlement Fund for Device Payment Awards may be required as set forth further in Section 2.7 below.

2.6.    **Payments for Device Return Awards**

2.6.1.    **Initial Device Return Amount**. The Philips Defendants shall pay, or cause to be paid, an amount equal to $100 for each and every Registered and Enrolled Recalled Device returned by Users pursuant to the Recall Programs or the Settlement as of the date of MDL Court Final Approval (the "Initial Device Return Amount"). The payment shall be made by wire transfer into the User Settlement Fund in two installments no later than 14 days following (i) MDL Court Final Approval (25% of the Initial Device Return Amount) ("first installment"), and (ii) the Effective Date (75% of the Initial Device Return Amount) ("second installment"). In the event the first installment of the Initial Device Return Amount is insufficient to pay Device Return Awards to Users electing the AIO option, the Philips Defendants shall deposit, or cause to be deposited, additional funds from the second installment to make those payments. The combined first and second installment payments for the Initial Device Return Amount will be no less than $136,618,500, but is subject to increase depending on the number of Registered and Enrolled Recalled Devices returned by Users pursuant to the Recall Programs or the Settlement as of the date of MDL Court Final Approval.

---

**Section 2.   Funding Obligations and Payments by the Philips
Defendants**                                                          13

2.6.2.    Additional payments by, or on behalf of, the Philips Defendants into the User Settlement Fund for Device Return Awards may be required as set forth further in Section 2.7 below.

**2.7.    Additional Payments for Device Payment Awards and Device Return Awards**

2.7.1.    To the extent the sum of the Initial Device Payment Amount and the Initial Device Return Amount is not sufficient to make all Device Payment Awards and Device Return Awards required by the Settlement, the Philips Defendants, on a monthly basis, will pay, or cause to be paid, an additional amount (the "Additional Amount") into the User Settlement Fund necessary to make those payments.

2.7.2.    The Settlement Administrator, in coordination with the Parties, shall determine within 10 days of the end of each month the Additional Amount necessary (if any) to make Device Payment Awards and Device Return Awards to all Eligible Users for the following month (the "Additional Amount Determination"). The Philips Defendants shall pay, or cause to be paid, the Additional Amount into the User Settlement Fund within 14 days after the Additional Amount Determination.

2.7.2.1.    In the event either Party or the Settlement Administrator later identifies a miscalculation in the amount of any Additional Amount Determination, and the Parties are in agreement as to the miscalculation, that amount shall be taken into consideration by the Settlement Administrator to increase or decrease subsequent Additional Amount Determination(s), as appropriate. If the Parties cannot agree as to the existence or amount of a miscalculation, such dispute shall be resolved by the Claims Appeals Special Master, whose decision on the matter shall be final and unappealable by any Party.

2.7.2.2.    In the event the Philips Defendants deposit excess amounts into the User Settlement Fund as a result of a miscalculation of Additional Amount Determination(s) and those amounts remain in the User Settlement Fund after all Device Payment Awards and Device Return Awards required under the Settlement have been made, the excess amounts shall be returned to the Philips Defendants within 14 days after all

---

**Section 2.   Funding Obligations and Payments by the Philips Defendants**                                                    14

Device Payment Awards and Device Return Awards have been made to Eligible Users.

2.8.    **Payments for Device Replacement Awards**

2.8.1.    **Device Replacement Amount**.  The Philips Defendants shall pay, or cause to be paid, up to $10,000,000 (the "Device Replacement Amount") by wire transfer into the User Settlement Fund no later than 14 days after the Settlement Administrator determines the total number and amount of valid claims for Device Replacement Awards, as set forth in Section 6.6.2 below.  This determination will not occur until after the Claims Period Deadline, and the Philips Defendants do not have any payment obligation with respect to Device Replacement Awards prior to then.

2.8.2.    Additional payments by, or on behalf of, the Philips Defendants into the User Settlement Fund for Device Replacement Awards may be required as set forth in Section 6.6.2.4 below.

2.9.    The net interest earned on payments by, or on behalf of, the Philips Defendants into the User Settlement Fund, after payment of taxes and fees owed, Class Notice and Settlement Administration expenses (*see* Section 2.4 above), will accrue to the benefit of Users and may be used to make Device Payment Awards, Device Return Awards and/or Device Replacement Awards.

2.10.   **Payment for Payer Awards**

2.10.1.   **Payer Amount**.  The Philips Defendants shall pay, or cause to be paid, $34,000,000 for Payer Awards (the "Payer Amount").  The payment shall be made by wire transfer into the Payer Settlement Fund no later than 14 days following the Effective Date.  The Payer Amount is fixed and will not increase based on the number or amount of Eligible Payers or Eligible Payer claims submitted.

2.11.   The net interest earned on the payment by, or on behalf of, the Philips Defendants into the Payer Settlement Fund, after payment of taxes and fees owed, Class Notice and Settlement Administration expenses (*see* Section 2.4 above), will accrue to the benefit of Payers and may be used to make Payer Awards.

2.12.   The payments by, or on behalf of, the Philips Defendants of the Initial Device Payment Amount, the Initial Device Return Amount, and the Payer Amount

---

**Section 2.   Funding Obligations and Payments by the Philips Defendants**                                                                 15

(collectively, the "Non-Reversionary Payments") shall be non-reversionary, and the Philips Defendants shall not be entitled to return of the Non-Reversionary Payments; however, if the Settlement does not achieve MDL Court Final Approval and/or does not become Final, then the Non-Reversionary Payments and accrued interest (minus any payments made or owed for Class Notice and Settlement Administration and minus any payments made pursuant to the AIO as set forth in Section 6.3 below) will be returned to the Philips Defendants.

## 3.    Settlement Benefits

### 3.1.   Overview

3.1.1.   The Settlement benefits set forth in this Agreement are separate and distinct from any relief provided under the Recall Programs; provided, however, that to the extent that the financial compensation to a particular User under this Settlement is greater than the financial compensation provided under the Recall Programs to the same User, or vice versa, nothing precludes that User from recovering the larger of the two but not both.

3.1.1.1.   As part of the claims process for this Settlement, the Settlement Administrator, in conjunction with the Parties, will determine whether a User has already received financial compensation under the Recall Programs greater than that which otherwise would have been provided to the User through the sum of the User's Device Payment and Device Return Awards.  If so, the User is not entitled to a Device Payment or Device Return Award under this Settlement.

3.1.1.2.   Provided they otherwise meet the requirements set forth herein for a Device Replacement Award, nothing in the Recall Programs precludes Users from recovering a Device Replacement Award.

3.1.2.   Provided they otherwise meet the requirements to receive these payments under the Settlement, Users are eligible for the following cash payments under the Settlement: (a) Device Payment Awards, (b) Device Return Awards, and (c) Device Replacement Awards.  As set forth in Section 3.4.6 below, with certain exceptions, a User is not eligible for both a Device Return Award and a Device Replacement Award with respect to the same Recalled Device.

3.1.2.1.   Users who receive a Remanufactured Device from Philips RS also receive an Extended Warranty on the Remanufactured Device.

3.1.3.   Provided they otherwise meet the requirements to receive this payment under the Settlement, Payers are eligible for Payer Awards.  Payers are not eligible, directly or indirectly, for any Device Payment Awards, Device Return Awards or Device Replacement Awards, in whole or in part.

3.2.   **Device Payment Awards**.  Only one Device Payment Award is available per Recalled Device.  The amount of each Device Payment Award will be based on the Recalled Device at issue as follows:

| Recalled Device | User Device Payment Award (Per Device) |
|---|---|
| System One 50 Series ASV4 (Auto SV4) | $469.14 |
| System One 50 Series Base | $69.14 |
| System One 50 Series BiPAP | $159.46 |
| System One 60 Series ASV4 (Auto SV4) | $424.32 |
| System One 60 Series Base | $68.24 |
| System One 60 Series BiPAP | $152.70 |
| C-series S/T, AVAPS (C-series and C-series HT) | $394.37 |
| DreamStation CPAP | $55.63 |
| DreamStation ASV | $379.50 |
| DreamStation ST, AVAPS | $329.05 |
| DreamStation BiPAP | $130.63 |
| DreamStation Go | $107.43 |
| E30 | $453.83 |
| OmniLab Advanced Plus | $165.99 |
| Trilogy 100/200, Garbin Plus, Aeris LiveVent | $1,552.25 |
| V30 auto | $67.12 |

3.2.1.   Device Payment Awards will be paid to those Users who complete the steps applicable to them, if any, in Section 6 below.

3.2.2.   Payers are not eligible to receive Device Payment Awards, and no portion of a Device Payment Award will be allocated under the Settlement to Payers.

3.2.3.   Users who purchased, leased, rented, or paid for multiple Recalled Devices are eligible to seek and receive multiple Device Payment Awards.

3.2.4.   If a User purchased, leased, rented, or paid for (in whole or part) a Recalled Device, but then returned that Recalled Device to Philips RS under warranty (outside of a Recall Program) and received another Recalled Device for free pursuant to that warranty, the User is only eligible for a Device Payment Award for the Recalled Device provided to the User for free under warranty, not the original Recalled Device returned to Philips RS under warranty.

3.2.5.   In the event multiple Users make valid Device Payment Award claims with respect to the same Recalled Device (*e.g.*, a Recalled Device that was rented), the Device Payment Award for that Recalled Device will be allocated by the Settlement Administrator after the Claims Period Deadline on a *pro rata* basis in accordance with each User's total payments for the Recalled Device.

3.2.6.   Users who purchased, leased, rented, or paid for (in whole or part) a Recalled Device but who returned the Recalled Device under warranty (outside of a Recall Program) and received their full payment back are not eligible for a Device Payment Award for the Recalled Device they returned.

3.2.7.   Receipt of a Device Payment Award does not affect a User's eligibility, if applicable, for a Device Return Award and/or a Device Replacement Award.

3.3.   **Device Return Awards**.  A Device Return Award, of $100 per Recalled Device (irrespective of the type or model of Recalled Device), will be available to compensate eligible Users who have either already returned Recalled Devices pursuant to a Recall Program or who return Recalled Devices by the Claims Period Deadline pursuant to either the terms of the Settlement or a Recall Program.  There shall be only one Device Return Award available for each Recalled Device.

3.3.1.   Users are eligible to receive a separate Device Return Award for each Recalled Device they return.

3.3.2.   Payers are not eligible to receive Device Return Awards, and no portion of a Device Return Award will be allocated under the Settlement to Payers.

---

**Section 3.   Settlement Benefits**                                                      18

3.3.3.   To be eligible to receive a Device Return Award, Users must return (or already have returned after June 14, 2021) their Registered or Enrolled Recalled Device(s) pursuant to a Recall Program or under this Settlement.

3.3.4.   Philips RS agrees to make prepaid return labels available on the Settlement website maintained by the Settlement Administrator so as to allow Users to return their Registered or Enrolled Recalled Devices to Philips RS; provided, however, that for those Users who still possess their Trilogy 100/200 Recalled Devices and wish to receive a Device Return Award, they should register their Trilogy 100/200 with Philips RS pursuant to a Recall Program.  Philips RS will contact the DME to make arrangements for the DME to schedule a time to retrieve the User's Trilogy 100/200 and install a Remanufactured Device.

3.3.5.   To receive a Device Return Award, the returned Recalled Device must have a complete and visible original Serial Number and must have all of its parts, other than a humidifier attachment, power cord, the memory card, the filters, and accessories like masks and tubing.

3.3.6.   Receipt of a Device Return Award for a particular Recalled Device does not affect a User's eligibility to receive a Device Payment Award for that Recalled Device.

3.3.7.   As set forth in Section 3.4.6 below, a User is not eligible for a Device Return Award if the User receives 100% of his or her Replacement Device Claim Amount with respect to the same Recalled Device. However, as set forth in Section 3.4.7 below, in the event that a User does not receive 100% of his or her Replacement Device Claim Amount, the User may be entitled to a Device Return Award (or a portion thereof) for the associated replaced and returned Recalled Device.

3.4.   **Device Replacement Awards**.  Device Replacement Awards are intended to compensate eligible Users who, on or after June 14, 2021 and prior to the Execution Date, paid out of pocket (in whole or in part) for a Replacement Device without having received or prior to receiving from a Recall Program a Remanufactured Device associated with the User's Recalled Device.

3.4.1.   Subject to Section 3.4.1.1 below, the Device Replacement Award for a particular User shall be based on the Replacement Device Claim Amount.

3.4.1.1.   The Parties have agreed to a list of comparable Replacement Devices for each Philips RS Recalled Device ("Comparable Replacement Devices List"), attached hereto as **Exhibit 5(a)**. In the event a User purchased, leased, or rented a replacement device that is not identified on the Comparable Replacement Devices List, the Settlement Administrator, in consultation with the Parties, will determine whether the replacement device at issue can be considered a comparable Replacement Device.  If the replacement device at issue is not comparable to the replaced Philips RS Recalled Device and the amount set forth on the User's Device Replacement Award Claim Form is greater than the value of a device that is comparable to the replaced Philips RS Recalled Device, as determined by the Parties in consultation with the Settlement Administrator, the User's Replacement Device Claim Amount will be reduced by the Settlement Administrator to the value of the comparable device, and the reduced amount will constitute the User's Replacement Device Claim Amount.

3.4.2.   To be eligible to receive a Device Replacement Award, a User must, within the Claims Period, complete each of the following steps:

3.4.2.1.   Submit a timely and valid claim, by completing the Device Replacement Award Claim Form in the form attached hereto as **Exhibit 5** and by providing sufficient documentation of (i) the Replacement Device, (ii) the expenses actually incurred and paid out of pocket by the User to acquire the Replacement Device, (iii) the purchase date for the Replacement Device, (iv) a sworn declaration that the Replacement Device was in fact used by the User to replace the Recalled Device, and  (v) sufficient information regarding the Recalled Device that the Replacement Device was replacing so as to undertake the comparability analysis required by Sections 1.44 and 3.4.1.1 above and to ensure that any Device Return Award for that Recalled Device is accounted for consistent with Sections 3.4.6 and 3.4.7 below.

3.4.2.2.   Return the Recalled Device to Philips RS through the process set forth above in Section 3.3.4.  If the User no longer possesses the Recalled Device, the User need not

---

**Section 3.   Settlement Benefits**                                                      20

return the Recalled Device to Philips RS to be eligible for a Device Replacement Award. However, if the User still possesses the Recalled Device, the User must return it to Philips RS to be eligible for a Device Replacement Award.

3.4.2.3.   In the event the User received a Remanufactured Device pursuant to a Recall Program, return that Remanufactured Device to Philips RS in reasonable working condition by obtaining a prepaid return label available on the Settlement website maintained by the Settlement Administrator. The User must return the Remanufactured Device to Philips RS to be eligible for a Device Replacement Award.

3.4.3.   Only one Device Replacement Award is available per Recalled Device (*e.g.*, if a User purchased two Replacement Devices to replace a single Recalled Device, the User is only eligible for a Device Replacement Award for one of the Replacement Devices).

3.4.4.   No Device Replacement Awards shall be paid until after the Claims Period Deadline or after the Effective Date, whichever is later.

3.4.5.   If otherwise eligible, Users submitting a claim for a Device Replacement Award will also be entitled to a Device Payment Award associated with the replaced Recalled Device. In other words, receipt of a Device Replacement Award does not preclude a User from receiving a Device Payment Award, subject to the terms and conditions for receiving such an award.

3.4.6.   Receipt of a Device Replacement Award will preclude a User from receiving a Device Return Award in the event that, after the Settlement Administrator calculates the Total Replacement Device Claim Amounts, as provided in Section 6.6.2 below, the User receives 100% of his or her Replacement Device Claim Amount.

3.4.6.1.   Under that circumstance, if a particular User already received a Device Return Award for the associated replaced and returned Recalled Device, the Device Return Award amount will be deducted in full from that User's Device Replacement Award.

3.4.7.   In the event that a User does not receive 100% of his or her Replacement Device Claim Amount, the User may be entitled to a Device Return

Award (or a portion thereof) for the associated replaced and returned Recalled Device.

    3.4.7.1.    Under that circumstance, Users are entitled to a Device Return Award, or a portion thereof equal to the deficit in the Device Replacement Award (up to $100), whichever is less.

3.4.8.    Payers are not eligible to receive Device Replacement Awards, and no portion of a Device Replacement Award is allocated under the Settlement to Payers.

3.5.    **Extended Warranties**.  Philips RS shall provide the following Extended Warranties to Users who receive or have received a Remanufactured Device from Philips RS as part of a Recall Program:

3.5.1.    Two years for materials and workmanship for Remanufactured Devices that have a different Serial Number from the associated Recalled Device.

3.5.2.    Two years for materials and workmanship on the repair work that was performed by Philips RS pursuant to the Recall Programs (not the entire Remanufactured Device) on Remanufactured Devices that have the same Serial Number as the associated Recalled Device (*i.e.*, the Remanufactured Device and the Recalled Device are the same device by Serial Number).

3.5.3.    The two-year warranties referenced above in Sections 3.5.1 and 3.5.2 shall begin on (i) the date of shipment to the User, for Remanufactured Devices shipped by Philips RS directly to the User, or (ii) the date the Remanufactured Device was set up by the DME for the User, for Remanufactured Devices shipped by Philips RS to the DME.

3.6.    **Payer Awards**.  Payer Awards will be paid from the Payer Amount to those Payers that qualify for such a payment based on the protocols and processes set forth in Section 6.7 below.

## 4.    **Releases**

4.1.    Through this Settlement, the Parties are settling and fully and forever resolving, with complete finality, any and all Released Claims of the Settlement Class Members against Defendants and the other Released Parties.  The Settlement does not resolve any claims that Settlement Class Members may have, if any, against the Defendants or other Released Parties for Medical Monitoring and Personal Injury

Claims, which are not released and are expressly excluded from the definition of Released Claims.

4.2.    Other than as expressly set forth below, the Philips Defendants and any successors to their rights or interests under this Settlement warrant and represent that they will not challenge or oppose a Settlement Class Member's Medical Monitoring or Personal Injury Claims or ability to recover for those Medical Monitoring or Personal Injury Claims on the basis of this Settlement, any payments under this Settlement, or the Releases provided herein.  Further, the Settlement does not preclude Settlement Class Members from seeking to present evidence of their alleged economic losses at a trial (if any) of their Medical Monitoring and/or Personal Injury Claims.  Such evidence may be presented only (if applicable) to establish an element of their Medical Monitoring and/or Personal Injury Claims; however, in no event shall any Settlement Class Member seek at such trial to recover damages for those economic losses, seek to increase an exemplary or punitive damages award on account of economic losses, or recover twice for their economic losses.  In the event a Settlement Class Member seeks to present evidence of their alleged economic losses at a trial (if any), the Philips Defendants shall have the right, in order to prevent double recovery of economic losses by the Settlement Class Member, to seek to present evidence relating to this Settlement, including, but not limited to, any/all money received by the Settlement Class Member pursuant to this Settlement, the determination by the MDL Court that the Settlement was fair, reasonable and adequate, and that the Settlement Class Member had the opportunity to opt out of the Settlement.

4.3.    All Economic Loss Claims of Settlement Class Members against Ozone Cleaning Companies are expressly excluded from the definition of Released Claims and instead will be assigned to Philips RS in accordance with Section 5 below.

4.4.    The releases set forth herein expressly exclude any claims for breach of this Agreement.

4.5.    These terms are material terms of this Agreement and will be reflected in the Final Order and Judgment.

4.6.    **Release By Settlement Class**

4.6.1.    As of the Effective Date, each Settlement Class Member, on behalf of themselves and their agents, heirs, executors, administrators, successors, assigns, insurers, attorneys, representatives, shareholders, owner associations, and any other legal or natural persons who may claim by, through and/or on behalf of them ("Releasing Parties"), fully, finally,

---

**Section 4.   Releases**                                                                23

irrevocably, and forever releases, remises, waives, relinquishes, settles, surrenders, foregoes, gives up, abandons, cancels, acquits and forever discharges and covenants not to sue Defendants and the other Released Parties with respect to any and all Released Claims. Without in any way limiting the foregoing or its broad scope, this release covers (by example and without limitation) any and all claims for damages, statutory damages, equitable relief, injunctive relief, penalties, liens, and attorneys', expert, consultant, or other litigation fees or costs other than fees and costs awarded by the Court in connection with this Settlement, but does not include Medical Monitoring and Personal Injury Claims.

4.6.2.    This release is not conditional on receipt of any benefits provided under this Settlement or otherwise, and applies as a result of membership as a Settlement Class Member, the notice and MDL Court-approval process herein, the ability to opt out of the Settlement, and the occurrence of the Effective Date.

4.6.3.    Settlement Class Members acknowledge and waive, and agree to waive, on behalf of themselves and the other Releasing Parties, Section 1542 of the California Civil Code, which provides that: "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**" Settlement Class Members expressly waive and relinquish, on behalf of themselves and the other Releasing Parties, any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, Settlement Class Members acknowledge, on behalf of themselves and the other Releasing Parties, that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, asserted or unasserted, or past, present or future, that they have against

the Released Parties. In furtherance of such intention, the release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release of the Released Claims notwithstanding the discovery or existence of any such additional or different claims or facts. Each Settlement Class Member expressly acknowledges, on behalf of themselves and the other Releasing Parties, that he, she, or it has been advised by their attorneys of the contents and effect of Section 1542, and with knowledge, expressly waives whatever benefits they may have had pursuant to such section. Settlement Class Members acknowledge, and the Releasing Parties shall be deemed to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of this Settlement.

4.6.4.　Settlement Class Representatives and each Settlement Class Member who receives any benefit under the Settlement represent and warrant that they are the sole and exclusive owners of any and all Released Claims that they are releasing under this Settlement, and further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Released Claims, and that they are not aware of anyone other than themselves claiming any interest, in whole or in part, in any benefits, proceeds or values to which they may be entitled.

4.6.5.　In addition, pursuant to the Final Order and Judgment, all Releasing Parties will be forever barred and enjoined from asserting against the Released Parties any and all Released Claims.

**4.7.　Release by the Philips Defendants**

4.7.1.　As of the Effective Date, the Philips Defendants fully, finally and forever release, remise, waive, surrender, forego, give up, abandon, cancel, acquit, and forever discharge and covenant not to sue Plaintiffs and any of their heirs, executors, administrators, agents, attorneys, and legal representatives, and any of their past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, and

---

**Section 4.   Releases**                                                    25

employees, for any claims relating to the institution, maintenance or prosecution of the Economic Loss Claims.

**5.** **Assignment to Philips RS of Economic Loss Claims Against Ozone Cleaning Companies**

5.1. Settlement Class Members agree to assign, and upon the Effective Date, shall be deemed to have assigned, all of their Economic Loss Claims against Ozone Cleaning Companies to Philips RS, including any proceeds they would otherwise have been eligible for in any settlement with an Ozone Cleaning Company.

5.2. Without in any way limiting or narrowing the scope and effectiveness of the foregoing assignment, Settlement Class Members also agree that by endorsing and cashing or depositing a check or other payment from this Settlement (including accepting payments by Zelle, ACH, or Virtual Mastercard), or otherwise participating in the benefits of this Settlement, they thereby individually assign their Economic Loss Claims against Ozone Cleaning Companies to Philips RS.

5.3. The claims that have been asserted against SoClean, Inc. in the *First Consolidated Amended Class Action Complaint and Jury Trial Demand* (*In re: SoClean, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3021 (Docket No. 141)) are not Economic Loss Claims and are not assigned to Philips RS.

**6.** **Allocation of Settlement Funds, Claims Process, and Claims Period**

6.1. **Settlement Administration**.

6.1.1. The Philips Defendants shall be responsible for paying all reasonable costs of Settlement Administration, including the reasonable fees and costs of the Settlement Administrator, on a monthly basis within 30 days of receipt of an itemized statement by the Settlement Administrator of authorized expenses undertaken pursuant to the administration of the Settlement.

6.1.2. The Settlement Administrator shall be responsible for the notice administration process as set forth in Section 9 below, calculation of payments (and withholdings) to Eligible Settlement Class Members, creation of a settlement website, distribution of funds to Eligible Settlement Class Members, withholding and payment of applicable taxes, and other duties as provided in any agreement entered into with

the Settlement Administrator.  The Settlement Administrator shall sign and be bound by the Protective Order entered by the MDL Court, as amended (ECF Nos. 104, 498, 765).

6.1.3.　　In conducting its duties and responsibilities, the Settlement Administrator may make necessary adjustments to claims and notice processes as circumstances may dictate, subject to the approval of Settlement Class Counsel and the Philips Defendants.

6.2.　**Claims Period**.

6.2.1.　　The Claims Period will (a) begin 60 days after entry of the Preliminary Approval Order, and (b) end on the Claims Period Deadline.

6.2.2.　　Nothing herein precludes Users from returning Recalled Devices to Philips RS at their own expense after the Claims Period Deadline, but in that event, they will not be eligible for a payment under this Settlement based on that return; provided, however, in the event that a Recall Program for the User's specific Recalled Device is not yet in effect prior to the Claims Period Deadline, or Philips RS does not provide the User with the ability under the Recall Program to return his or her Registered Recalled Device prior to the Claims Period Deadline (or, in the case of Trilogy 100/200 Users, the User has attempted but not been able to make arrangements with the DME to schedule a time to retrieve the device), that User is eligible for a Device Return Award under this Settlement based on a return/retrieval after the Claims Period Deadline and before the conclusion of the applicable Recall Program.

6.3.　**Accelerated Implementation Option**.

6.3.1.　　Users who return their Registered or Enrolled Recalled Device pursuant to the Recall Programs or the Settlement by the Claims Period Deadline may elect before the Effective Date to receive a Device Payment Award and a Device Return Award on an accelerated basis, on the terms set forth in this Section (the Accelerated Implementation Option ("AIO")).

6.3.1.1.　　In the event that a Recall Program for the User's specific Recalled Device is not yet in effect prior to the Claims Period Deadline or Philips RS does not provide the User with the ability under the Recall Program to return his or her Registered Recalled Device prior to the Claims Period

---

**Section 6.   Allocation of Settlement Funds, Claims Process, and Claims Period**　　　　　　　　　　　　　　　　　27

Deadline (or, in the case of Trilogy 100/200 Users, the User has attempted but not been able to make arrangements with the DME to schedule a time to retrieve the device), the User can still participate in the AIO based on a return/retrieval of the Registered Recalled Device by the conclusion of the applicable Recall Program or the Effective Date, whichever is earlier.

6.3.2.     To participate in the AIO, Users must take each of the following steps:

6.3.2.1.     Users must execute a signed, sworn declaration identifying whether or not they used an Ozone Cleaning Product with their Recalled Device.

6.3.2.2.     If the User used an Ozone Cleaning Product with their Recalled Device, the User must also execute a signed, sworn individual assignment to Philips RS of their Economic Loss Claims against the Ozone Cleaning Company.

6.3.2.3.     Users must provide Defendants with an individual release of their Released Claims.  That individual release will remain valid even if the Settlement does not become Final.

6.3.2.4.     The form of the foregoing declaration, individual assignment, and individual release, all to be signed by the User or the User's Representative Claimant, under the penalty of perjury, is attached hereto as **Exhibit 6**.  To be valid and effective, these materials must be personally signed by the User or the User's Representative Claimant, but not by the User's counsel, if any, or anyone else.   User Representative Claimants must supply the Settlement Administrator with written proof that such person has legal authority to act in a representative capacity for the User.

6.3.3.     No AIO payments will be made until after MDL Court Final Approval. AIO payments will be made only in the event the MDL Court issues the Final Order and Judgment.

6.3.3.1.     Users who return their Registered or Enrolled Recalled Device before MDL Court Final Approval will be paid (a) the Device Payment Award associated with the returned

---

**Section 6.   Allocation of Settlement Funds, Claims Process,
             and Claims Period**                                                    28

Recalled Device and (b) a Device Return Award, within 60 days after the later of (i) MDL Court Final Approval, and (ii) the completion of each of the steps identified in Section 6.3.2 above.

6.3.3.2.     Users who return their Registered or Enrolled Recalled Device after MDL Court Final Approval but by the Claims Period Deadline, unless a later deadline applies pursuant to Section 6.3.1.1 above, will be paid (a) the Device Payment Award associated with the returned Recalled Device and (b) a Device Return Award, within 60 days after the later of (i) receipt of the Recalled Device by Philips RS (or, for Trilogy 100/200, retrieval of the Recalled Device), and (ii) the completion of each of the steps identified in Section 6.3.2 above.

6.3.4.     Payers are not eligible to elect the AIO.

6.4.     **Device Payment Awards**.

6.4.1.     **Automatic Payment to Users Who Return a Registered or Enrolled Recalled Device Prior to the Claims Period Deadline**

6.4.1.1.     Users who return their Registered or Enrolled Recalled Device pursuant to the Recall Programs or the Settlement by the Claims Period Deadline will be paid the Device Payment Award associated with the returned Recalled Device within 60 days after the later of (i) the Effective Date and (ii) receipt of the Recalled Device by Philips RS (or, for Trilogy 100/200, retrieval of the Recalled Device), without the need to submit a claim form.

6.4.2.     **Claims Process for Users Who Registered Their Recalled Device Prior to the Execution Date But Have Not Already Returned Their Recalled Device and Have Decided Not to or Cannot Return Their Recalled Device**

6.4.2.1.     In the event a User registered his or her Recalled Device prior to the Execution Date but (i) has not returned the Registered Recalled Device and (ii) has decided not to, or cannot, return the Registered Recalled Device, the User will

still be paid the Device Payment Award associated with their Registered Recalled Device if, prior to the Claims Period Deadline, the User completes a confirmation process, which may be done online, of the User's name, current mailing address, telephone number, email (if any), electronic payment information (if the User elects electronic payment), and also the Serial Number for the Registered Recalled Device and the Recall Registration Number, if the Settlement Class Member has that information.  In the event the User is not able to complete the confirmation process online, a User Confirmation Form in the form attached hereto as **Exhibit 7** will be made available to the User by the Settlement Administrator at the User's request.  The User will not be required to submit any documentation as part of this process.  The Settlement Administrator will attempt to confirm the registration based on the information provided by the User, and will not reject a claim based on the User's failure to provide the Serial Number and/or the Recall Registration Number if the registration can be confirmed based on other information provided by the User.  Payment of the Device Payment will be made within 60 days after the later of (i) the Effective Date, and (ii) completion of the confirmation process described in this Section, including confirmation by Philips RS of the User's registration.

6.4.3.    **Claims Process for All Other Users**.

6.4.3.1.    All other Users must submit a completed Device Payment Award Claim Form, in the form attached hereto as **Exhibit 4**, by the Claims Period Deadline, supported by sufficient documentation that the User purchased, leased, rented, or paid for one or more Recalled Devices, along with the Recalled Device's Serial Number.

6.4.3.2.    All valid claims will be paid after the Effective Date by the Settlement Administrator within 60 days after they are processed and approved by the Settlement Administrator. To be valid and effective, the Device Payment Award Claim Form must be complete and must be personally signed by the User or the User's Representative Claimant, but not by

the User's counsel, if any, or anyone else.  Representative Claimants must supply the Settlement Administrator with written proof that such person has legal authority to act in a representative capacity for the User.

6.4.4.    **Rental Recalled Devices**.

6.4.4.1.    With respect to rental Recalled Devices, the Device Payment Award for that device will be allocated by the Settlement Administrator (after the Claims Period Deadline) among Eligible Users on a *pro rata* basis, taking into consideration the number of Eligible Users for the rental Recalled Device and the associated Device Payment Award for that rental Recalled Device.

6.4.4.2.    Notwithstanding anything in this Agreement to the contrary, in light of the allocation that must be made with respect to rental Recalled Devices, no Device Payment Award shall be made with respect to rental Recalled Devices until after the Claims Period Deadline or after the Effective Date, whichever is later.

6.5.    **Device Return Awards**.

6.5.1.    Users who return their Registered or Enrolled Recalled Device pursuant to the Recall Programs or the Settlement by the Claims Period Deadline will be paid their Device Return Award, without the need to take further steps, within 60 days after the later of (i) the Effective Date or (ii) receipt of the Recalled Device by Philips RS (or, for Trilogy 100/200, retrieval of the Recalled Device); provided, however, that in the event that a Recall Program for the User's specific Recalled Device is not yet in effect prior to the Claims Period Deadline, or Philips RS does not provide the User with the ability under the Recall Program to return his or her Registered Recalled Device to Philips RS prior to the Claims Period Deadline (or, in the case of Trilogy 100/200 Users, the User has attempted but not been able to make arrangements with the DME to schedule a time to retrieve the device), that User is eligible for a Device Return Award under this Settlement based on a return/retrieval after the Claims Period Deadline and before the conclusion of the applicable Recall Program.

---

**Section 6.   Allocation of Settlement Funds, Claims Process, and Claims Period**                                                                    31

6.5.2.   Receipt of a Device Return Award may impact the amount of a User's Device Replacement Award for the associated Recalled Device, as set forth in Sections 3.4.6 and 3.4.6.1 above.

6.6.   **Device Replacement Awards**.

6.6.1.   Users seeking a Device Replacement Award must submit a completed Device Replacement Award Claim Form, in the form attached hereto as **Exhibit 5**, before the Claims Period Deadline, supported by the required documentation, as set forth in Section 3.4.2.1 above.

6.6.2.   No Device Replacement Awards will be paid until after the Claims Period Deadline.  After the Claims Period Deadline, the Settlement Administrator will calculate the total valid Replacement Device Claim Amounts submitted in connection with claims for Device Replacement Awards during the Claims Period (the "Total Replacement Device Claim Amounts").

6.6.2.1.   Within 14 days of the Settlement Administrator's calculation of the Total Replacement Device Claim Amounts, the Philips Defendants shall pay, or have paid on their behalf, up to $10,000,000 (the "Device Replacement Amount") into the User Settlement Fund to pay the Total Replacement Device Claim Amounts, as provided in Section 2.8.1 above.

6.6.2.2.   In the event the Total Replacement Device Claim Amounts are less than $10,000,000, the Philips Defendants' payment obligation is limited to the amount of the Total Replacement Device Claim Amounts.

6.6.2.3.   In the event the Total Replacement Device Claim Amounts exceed $10,000,000, the balance, if any, of any other funds remaining in the User Settlement Fund after the Device Payment Awards and Device Return Awards have been made to all Eligible Users (the "Balance of Funds in User Settlement Fund") may be used to make Device Replacement Awards.

6.6.2.4.   In the event the Device Replacement Amount plus the Balance of Funds in User Settlement Fund are insufficient to pay at least 50% of the Total Replacement Device Claim

---

**Section 6.   Allocation of Settlement Funds, Claims Process, and Claims Period**                                                                32

Amounts, the Philips Defendants shall pay, or cause to be paid, additional monies sufficient to pay 50% of the Total Replacement Device Claim Amounts, but in no event shall the Philips Defendants' additional such payment obligation exceed $5,000,000.

6.6.3.   The resulting net Device Replacement Awards, after taking into consideration the Total Replacement Device Claim Amounts, the Device Replacement Amount, the Balance of Funds in User Settlement Fund in the event the Total Replacement Device Claim Amounts exceed $10,000,000, and if necessary, any additional payment by, or on behalf of, the Philips Defendants (up to $5,000,000), will be paid to Eligible Users within 60 days after the Settlement Administrator calculates the Total Replacement Device Claim Amounts.

6.7.   **Payer Awards**.

6.7.1.   Payers must submit a completed Payer Declaration and Claim Form attached hereto as **Exhibit 8** by the Claims Period Deadline, supported by (a) sufficient information and documentation as to the number of insured lives in the United States covered by the Payer in the calendar years 2021 and 2022 ("Payer Covered Lives"), (b) the dollar amount of direct premiums written by the Payer in the United States in the calendar years 2021 and 2022, and (c) a preferred payment option with instructions for payment.

6.7.2.   All Payer Awards will be paid by the Settlement Administrator within 180 days after the Claims Period Deadline or the Effective Date, whichever is later, following processing and approval by the Settlement Administrator and an opportunity for appeals of Payer Claims Determinations as set forth in Section 6.8 below.  To be valid and effective, the Payer Declaration and Claim Form must be complete and must be signed by a person with legal authority to do so on behalf of the Payer, but not by the Payer's counsel, if any, or anyone else.  Payers must supply the Settlement Administrator with written proof that the person signing their Declaration and Claim Form has legal authority to act on behalf of the Payer.

6.7.3.   Payer Eligibility, Market Share Percentage, and Preliminary Payer Award Determinations.  The Settlement Administrator shall review the Payer Declarations and Claim Forms and supporting information and

documentation following the Claims Period Deadline and, within 30 days of the Claims Period Deadline, make the following determinations for each submitting entity: (a) an Eligibility Determination, (b) if eligible, a Market Share Percentage Determination as set forth in Section 6.7.5 below for all Eligible Payers, and (c) a Preliminary Payer Award Determination as set forth in Section 6.7.6 below for all Eligible Payers.

6.7.4.   For Eligibility Determinations, the Settlement Administrator shall consider whether the submitting entity meets the definition of a Payer under the Settlement and whether the Payer Declaration and Claim Form is complete and timely.

6.7.5.   For Market Share Percentage Determinations, the Settlement Administrator shall consider insurance industry data available through, including but not limited to, the National Association of Insurance Commissioners and the AIS Directory of Health Plans, as well as the information provided in the Payer Declarations and Claim Forms, and determine for each Eligible Payer the Eligible Payer's appropriate proportion of the universe of its insurance market segment in the United States in calendar years 2021 and 2022.

6.7.6.   For Preliminary Payer Award Determinations, the Settlement Administrator shall conduct the following steps:

6.7.6.1.   First, calculate the Aggregate Market Share Percentage by totaling the Market Share Percentages of all Eligible Payers. By way of example only, assuming Payer A has a Market Share Percentage of 2%, Payer B has a Market Share Percentage of 10%, and Payer C has a Market Share Percentage of 8%, the Aggregate Market Share Percentage is 20% (2% + 10% + 8% = 20%).

6.7.6.2.   Second, the Settlement Administrator shall divide 100% (the universe of Payer Covered Lives) by the Aggregate Market Share Percentage to determine the multiplying factor to be used to calculate the Payer Award for each Eligible Payer. By way of the above example, assuming the Aggregate Market Share Percentage is 20%, the multiplying factor is 5 (100%/20% = 5).

6.7.6.3.    Third, the Settlement Administrator shall multiply the multiplying factor to each Eligible Payer's Market Share Percentage to determine the percentage of the Payer Amount to which each Eligible Payer is entitled ("Adjusted Payer Share Percentage"). By way of the above example, the Adjusted Payer Share Percentage for Payer A is 10% (2% Market Share Percentage * 5 = 10%), the Adjusted Payer Share Percentage for Payer B is 50% (10% Market Share Percentage * 5 = 50%), and the Adjusted Payer Share Percentage for Payer C is 40% (8% Market Share Percentage * 5 = 40%).

6.7.6.4.    Fourth, the Settlement Administrator will determine the Preliminary Payer Award for each Eligible Payer by multiplying their Adjusted Payer Share Percentage by the Payer Amount. By way of the above example, assuming the Payer Amount is $500, the Preliminary Payer Award for Payer A will be $50 (10% Adjusted Payer Share Percentage * $500 = $50), the Preliminary Payer Award for Payer B will be $250 (50% Adjusted Payer Share Percentage * $500 = $250), and the Preliminary Payer Award for Payer C will be $200 (40% Adjusted Payer Share Percentage * $500 = $200).

6.7.7.    Upon completion of the steps required to make Payer Eligibility, Market Share Percentage, and Preliminary Payer Award Determinations, the Settlement Administrator shall issue those determinations, setting forth the calculations made by the Settlement Administrator, to each submitting entity and inform Eligible Payers that their Preliminary Payer Award Determination may be adjusted following the conclusion of any and all appeals to the Claims Appeals Special Master.

6.7.8.    Final Payer Award Determinations.    Within 30 days following the conclusion of any and all appeals to the Claims Appeals Special Master from Claims Determinations as provided for and set forth in Section 6.8 below, the Settlement Administrator shall make Final Payer Award Determinations by following the steps set forth in Section 6.7.6 above, taking into consideration the results of the appeals process from Section 6.8 below. The Settlement Administrator shall distribute the Payer Awards to Eligible Payers based on the Final Payer Award Determinations within 30 days after making those determinations.

**Section 6.    Allocation of Settlement Funds, Claims Process, and Claims Period**                                          35

6.8.    **Appeals from Determinations of the Settlement Administrator**.

6.8.1.    Any Settlement Class Member whose claim is denied (in whole or in part) by the Settlement Administrator for any reason shall be provided with a written notice explaining the deficiency and a period of 30 days to resubmit the claim to attempt to cure the deficiency.

6.8.2.    Any Settlement Class Member or Defendant that believes that a Settlement Class Member's claim for a payment under the Settlement has not been processed in accordance with this Agreement or any applicable orders of the MDL Court shall have 30 days from the date of the Settlement Administrator's issuance of a determination on that claim ("Claims Determination") to present a written appeal, no longer than three-pages, double-spaced, to the Claims Appeals Special Master.

6.8.3.    In support of any appeal from a Claims Determination, the Settlement Class Member shall be limited to presenting solely documents, evidence, or information submitted by the Settlement Class Member in connection with that Settlement Class Member's Claim for a payment under the Settlement or under the Section 6.8.1 cure provision above. Absent a request from the Claims Appeals Special Master for additional information or documentation, Settlement Class Members may not submit any new or additional evidence for purposes of appealing a Claims Determination.

6.8.4.    Settlement Class Members, by their decision not to opt out of the Settlement Class, knowingly and intentionally waive any right of appeal from any decision of the Claims Appeals Special Master regarding appeals from Claims Determinations by the Settlement Administrator.

6.8.5.    The decision of the Claims Appeals Special Master with respect to appeals from Claims Determinations shall be final and binding, and there shall be no appeal to any court, including the MDL Court or the U.S. Court of Appeals for the Third Circuit.

6.9.    **Uncashed Checks or Other Payments**. In the event a Settlement Class Member does not cash his, her or its check or other payment after a period of 180 days from issuance, the check or other payment will be declared "void." The voidance shall not impact in any way the Release provided by that Settlement Class Member to the Released Parties. The funds associated with that check or other payment may be used to make other payments under the Settlement, including to other Settlement

---

Class Members, and the Settlement Administrator will take sufficient steps to cancel the check or other payment; provided, however, that the Settlement Class Member shall have 30 days to request that the check or other payment be reissued, with no further requests permitted except for good cause shown within one year of the original check's or other payment's issuance.  In the event of a dispute between the Parties on whether good cause has been shown, the matter will be decided by the Claims Appeals Special Master, whose decision on the matter shall be final and unappealable by any Party or the Class Member.

6.10.  **Remaining Funds**.

6.10.1.  Subject to Section 6.10.2 below, in the event any funds remain in the User Settlement Fund after the Claims Period Deadline and after all Settlement payments have been made, including Device Replacement Awards ("Remaining Funds"), the Remaining Funds will be distributed by the Settlement Administrator *pro rata* to all Eligible Users based on the amount of each Eligible User's payment(s) under the Settlement.  To the extent any funds still remain after the *pro rata* distribution, or in the event it would be economically inefficient to distribute Remaining Funds *pro rata* to Eligible Users, the Parties agree to consult with the Settlement Administrator in an effort to reach agreement on a fair and equitable distribution of those funds, subject to MDL Court approval, but in no event will the Parties seek approval from the MDL Court for *cy pres* distribution of Remaining Funds of more than $20,000 to persons or entities other than Eligible Users.

6.10.2.  In the event the Philips Defendants paid any Additional Amounts necessary to make Device Payment and/or Device Return Awards beyond the Initial Device Payment Amount and the Initial Device Return Amount, and checks or other payments to Users qualifying for Awards remain uncashed or uncollected after 180 days from issuance, pursuant to Section 6.9 above, the checks or other payments will be declared "void," and provided those Users do not timely request that the checks or other payments be reissued, the monies will be returned to the Philips Defendants within 14 days after the last day on which any such request for reissuance can be made.  The total amount of money that may be returned to the Philips Defendants under this provision is limited to the Additional Amounts paid by them.

---

**Section 6.   Allocation of Settlement Funds, Claims Process, and Claims Period**                                                            37

7. **Settlement Class Certification**

7.1. The Parties hereby stipulate, for purposes of this Settlement only, that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, and, subject to MDL Court approval, the Settlement Class set forth in Section 1.50 shall be certified for settlement purposes only (with the understanding that, by stipulating to the proposed Settlement Class, the Philips Defendants do not agree that Rule 23 requirements are met for purposes of a litigation class and reserve all rights to oppose class certification in the event the Settlement is not approved).

8. **Preliminary Approval of Settlement Pursuant to Federal Rule of Civil Procedure 23(e) and Related Motions**

8.1. This Settlement shall be subject to both preliminary and final approval of the MDL Court.

8.2. Within 10 days of the Execution Date, Settlement Class Counsel will move the MDL Court for the Preliminary Approval Order, in substantially the form annexed hereto as **Exhibit 1**, seeking, among other things, to:

8.2.1. conditionally certify the Settlement Class;

8.2.2. preliminarily approve the Settlement;

8.2.3. determine that the Settlement appears fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and thus sufficient to promulgate notice of the Settlement to the Settlement Class;

8.2.4. order that notice be provided to the Settlement Class pursuant to Section 9;

8.2.5. give Settlement Class Members the right to object to or be excluded from the Settlement, as set forth in Sections 11 and 12;

8.2.6. inform Settlement Class Members that they will be bound by the Final Order and Judgment unless such Settlement Class Member validly requests exclusion;

8.2.7. stay and enjoin Settlement Class Members from pursuing all Economic Loss Claims against Defendants and the other Released Parties, whether in the MDL Court or in any other court or tribunal, until such time as

the MDL Court has determined whether to enter the Final Order and Judgment;

8.2.8.    schedule the Final Fairness Hearing not earlier than 6 months following entry of the Preliminary Approval Order;

8.2.9.    appoint Angeion Group as the Settlement Administrator;

8.2.10.    appoint the Honorable Thomas J. Rueter (Ret.) as the Claims Appeals Special Master;

8.2.11.    find that the Settlement Funds are to be a "Qualified Settlement Fund" as defined in Section 468B-1(c) of the Treasury Regulations; and

8.2.12.    provide that any objections by any Settlement Class Member to the Settlement shall be heard and any papers submitted in support of said objections shall be considered by the MDL Court at the Final Fairness Hearing only if, on or before the conclusion of the Opt-Out/Objection Period specified in the Settlement Notice and the Preliminary Approval Order, such Settlement Class Member follows the required procedures.

8.3.    Settlement Class Counsel shall request that the MDL Court hold a hearing on the motion for the Preliminary Approval Order on a date to be determined by the MDL Court.

8.4.    The Philips Defendants shall cooperate to the extent reasonably necessary in connection with Settlement Class Counsel's motions for Preliminary and MDL Court Final Approval of the Settlement and related documents necessary to effectuate and implement the terms and conditions of this Agreement.

8.5.    The Philips Defendants shall have the right to withdraw from the Settlement if the MDL Court does not issue the Preliminary Approval Order in substantially the form attached hereto as **Exhibit 1**.

## 9.    Notice to Settlement Class Members

9.1.    **Type of Notice Required**

9.1.1.    The Class Notice Period shall commence upon the entry of the Preliminary Approval Order.

9.1.2.    Within 60 days after entry of the Preliminary Approval Order, the Settlement Administrator will cause Class Settlement Notice ("Notice"),

in the forms attached hereto as **Exhibit 3**, to be disseminated in the specific forms and manner set forth in the Notice Plan attached hereto as **Exhibit 2**, by:

9.1.2.1.   First class mail, postage prepaid, and email (if an email address is available) to the last known address of all known Users based on information in the Philips RS registration database used for the Recall Programs, User information collected from DMEs and other sources as part of the Recall, User information obtained from DMEs in discovery, and User data from the Census Registry Program and Plaintiff Fact Sheets filed in support of Personal Injury Complaints pursuant to Pretrial Order #26, as amended in Pretrial Order #26(a) (ECF Nos. 766, 871);

9.1.2.2.   First-class mail, postage prepaid, to those known hospitals and sleep labs in the United States to whom Philips RS previously sold, rented, supplied, or otherwise provided Recalled Devices;

9.1.2.3.   First-class mail, postage prepaid (and via email, where available) to known Payers identified in the Settlement Administrator's proprietary database of insurers, self-funded employers, and other third-party payers;

9.1.2.4.   First-class mail, postage prepaid, to those known DMEs in the United States that sold, rented, supplied, or otherwise provided Recalled Devices to Users, requesting that the DMEs notify their Users of the Settlement;

9.1.2.5.   Posting a copy of the Notice on the Settlement website maintained by the Settlement Administrator;

9.1.2.6.   Electronic upload to all Users who elected to receive messages through DreamMapper, which will refer them to the Settlement website only;

9.1.2.7.   Providing a copy of the Notice and requesting that it be posted on the MDL Court's website for the MDL, https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation;

---

**Section 9.   Notice to Settlement Class Members**                          40

9.1.2.8.    Publishing the Notice in media pursuant to the media notice program developed by the Settlement Administrator, as set forth in the Notice Plan attached hereto as **Exhibit 2**; and

9.1.2.9.    As the MDL Court may otherwise direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

9.2.    **Payment of Costs of Notice**:  The Philips Defendants shall be responsible for paying the reasonable costs of Class Notice agreed to by the Parties or required by the MDL Court.  Any disputes regarding the reasonable cost of Class Notice shall be presented for resolution to the Settlement Mediator.

9.3.    The Philips Defendants shall provide notice of the Settlement to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b).

## 10.    Right to Opt Out of or Object to the Settlement; Opt-Out/Objection Period

10.1.    Settlement Class Members have the right to opt out of or object to the Settlement, but not both.  Opting out from or objecting to the Settlement are mutually exclusive options.  Any Settlement Class Member who elects to opt out pursuant to Section 11 below may not also object to the Settlement.  Any Settlement Class Member who elects to object pursuant to Section 12 below may not also opt out of the Settlement.  In the event a Settlement Class Member submits both an objection and an opt out request, the Settlement Administrator shall notify the Settlement Class Member that they can only elect one of those options, and must inform the Settlement Administrator of their decision. If the Settlement Class Member does not thereafter take corrective action within 10 days, the submission shall be invalid.

10.2.    Settlement Class Members will have 120 days from entry of the Preliminary Approval Order ("Opt-Out/Objection Period") to opt out of or object to the Settlement in accordance with Sections 11 and 12 below.  The last day of the Opt-Out/Objection Period (the "Opt-Out/Objection Deadline") will be included in the Notice and posted on the Settlement website and the MDL Court's website for the MDL.

## 11.    Opt-Outs

11.1.    Settlement Class Members who wish to opt out of the Settlement must mail a written request to opt out stating that they seek exclusion from the Settlement.

11.1.1.    Users shall include in their opt-out request their contact information, including name, address, telephone number, and email, if any, as well as the same information regarding their counsel (if applicable).   In addition, Users shall provide in their opt-out request any of the following three pieces of information:  (a) the Serial Number(s) of their Recalled Devices; (b) the Recall Registration Number(s) for their Recalled Devices; and/or (c) their Claim ID Number provided by the Settlement Administrator.  If none of those three pieces of information is available, then the User shall provide in their opt-out request the model of the Recalled Device(s) they have or had; the year of acquisition; and the type of acquisition (*i.e.*, purchase, lease, or rental).

11.1.2.    Payers shall include in their opt-out request the full name of the Payer plan, address, telephone number, and email, the number of lives insured by the Payer in the United States in 2021 and 2022, the number of direct premiums written in the United States in 2021 and 2022, and, if available, the Claim ID Number provided by the Settlement Administrator.

11.2.    An original request to opt out signed by the Settlement Class Member must be mailed to the Settlement Administrator at:

Respironics CPAP Settlement
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

The opt-out request must be postmarked no later than the Opt-Out/Objection Deadline.  Untimely opt-outs are invalid.

11.3    To be valid and effective, the request to opt out must be personally signed by the Settlement Class Member or the Settlement Class Member's Representative Claimant, but not by the Settlement Class Member's counsel, if any, or anyone else. Representative Claimants must supply the Settlement Administrator with written proof that such person has legal authority to act in a representative capacity for the Settlement Class Member.  Mass opt-outs are not permitted, and each Settlement Class Member may only opt out on behalf of himself, herself, or itself.  Electronic signatures (other than DocuSign) are not valid and effective, whether for Settlement Class Members or Representative Claimants.  Incomplete opt-outs that do not include all required information are invalid.

11.4.   The Settlement Administrator shall provide a copy by email of all requests to opt out to Counsel within 48 hours of receipt.

11.5.   Settlement Class Counsel shall file all validated requests to opt out with the MDL Court as an attachment to the proposed Final Order and Judgment in support of their motion for MDL Court Final Approval of the Settlement.

11.6.   If a Settlement Class Member submits both a Claim Form and a request to opt out prior to MDL Final Court Approval, the Settlement Class Member will be deemed to have waived and withdrawn the request to opt out and shall be treated as a Settlement Class Member for all purposes, irrespective of the sequencing of the submission of the Claim Form and the request to opt out.

11.7.   Valid requests to opt out from the Settlement will become effective only upon MDL Court Final Approval.

11.8.   Settlement Class Members may revoke their opt-out request in writing at any time prior to MDL Court Final Approval.

11.9.   Settlement Class Members who opt out of the Settlement Class and do not revoke their opt out request in writing prior to MDL Court Final Approval will be deemed to no longer be members of the Settlement Class.

11.10.   Settlement Class Members who opt out of the Settlement Class may not receive benefits under the Settlement and may not object to any aspect of the Settlement or to an award of attorneys' fees, costs and expenses or payment of Service Awards to the Settlement Class Representatives.

11.11.   The Parties agree and acknowledge that because any opt-out may be detrimental to the Settlement, the Philips Defendants will have the right, exercised in good faith, to terminate the Settlement on account of the existence of any opt-out by written notice to the MDL Court and Settlement Class Counsel 14 days after the conclusion of the Opt-Out/Objection Period.

11.12.   Upon the Effective Date, all Settlement Class Members who have not timely and validly opted out will be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for their Released Claims against the Released Parties.

12. **Objections**

12.1.   Any Settlement Class Member who objects to the Settlement (in whole or in part), any terms hereof, or the approval process must make that objection by the following procedure:

12.1.1.   The objection must be in writing.

12.1.2.   The objection must state with specificity the grounds for the objection. The objection must also include a statement whether the Settlement Class Member intends to appear at the Final Fairness Hearing either with or without the objector's counsel (who shall be identified).

12.1.3.   The objection must be signed by the Settlement Class Member.

12.1.4.   The objection must contain the caption of the MDL and the name, mailing address, email address, if any (an email address is not required), and telephone number of the objecting Settlement Class Member and his, her or its counsel (if any), and the Claim ID provided by the Settlement Administrator (if available).

12.1.5.   The objection must be mailed to the Settlement Administrator at:

Respironics CPAP Settlement
Attn: Objections
P.O. Box 58220
Philadelphia, PA 19102

The objection must be postmarked no later than the Opt-Out/Objection Deadline.  Untimely objections are invalid.

12.1.6.   The Settlement Administrator shall provide a copy of all objections to Counsel by email within 48 hours of receipt.

12.1.7.   Settlement Class Counsel shall file the objections, if any, received by the Settlement Administrator with the MDL Court no later than 21 days before the Final Fairness Hearing.

12.2.   Any objection not submitted in full compliance with these terms and procedures are invalid and deemed waived.

12.3.   Settlement Class Members who fail to file and serve timely written objections in accordance with Section 12.1 above shall be deemed to have waived any objections,

shall not be heard at the Final Fairness Hearing, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

12.4.   Settlement Class Counsel and/or Counsel for the Philips Defendants shall file any response(s) to the objections with the MDL Court no later than 14 days before the Final Fairness Hearing.

## 13.   **Final Fairness Hearing**

13.1.   After the close of the Class Notice Period and the Opt-Out/Objection Period, but no later than 21 days before the Final Fairness Hearing, Settlement Class Representatives and Settlement Class Counsel shall move for MDL Court Final Approval of the Settlement and to enter the Final Order and Judgment, substantially in the form of **Exhibit 9** hereto, which shall do each of the following, among other things:

13.1.1.   Approve finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

13.1.2.   Determine that the Class Notice constituted the best notice that was practicable under the circumstances, and constituted due and sufficient notice for all other purposes for all persons entitled to receive notice;

13.1.3.   Certify the Settlement Class and confirm the appointment of the Settlement Class Representatives and Settlement Class Counsel;

13.1.4.   Direct that the Economic Loss Complaint be dismissed with prejudice as to all Defendants, without costs;

13.1.5.   Reserve to the MDL Court exclusive jurisdiction over the Settlement, this Agreement, including the interpretation, implementation, administration, consummation, and enforcement of this Settlement and this Agreement, and the "qualified settlement funds," as defined under §1.468B-1 of the Treasury Regulations promulgated under Sections 461(h) and 468B of the Internal Revenue Code of 1986, as amended, created under the Agreement;

13.1.6.   Determine under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay, and direct that the Final Order and Judgment be entered;

13.1.7.  Enjoin and finally and forever bar any and all Settlement Class Members from maintaining, continuing, pursuing and/or prosecuting the Released Claims in any action, arbitration or other proceeding, whether pending or filed in the future, against Defendants or the Released Parties, as well as entitling the Released Party or Parties to recover any and all reasonable costs and expenses from that Settlement Class Member arising from that Settlement Class Member's violation of the injunction; and

13.1.8.  Enjoin and forever bar the Philips Defendants and any successors to the Philips Defendants' rights or interests under the Settlement from challenging or opposing a Settlement Class Member's Medical Monitoring and Personal Injury Claims or ability to recover for those claims on the basis of this Settlement, any payments under this Settlement, or the Releases provided herein, other than to prevent double recovery for economic losses related to the Recalled Devices or to prevent against the increase of an exemplary or punitive damages award on account of economic losses.

13.2.  The Philips Defendants shall have the right to withdraw from the Settlement if the MDL Court does not enter a Final Order and Judgment substantially in the form of **Exhibit 9** hereto.

13.3.  At the Final Fairness Hearing, the MDL Court shall also be requested to, *inter alia*, (i) consider any timely and properly filed objections to the Settlement, (ii) certify the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), (iii) determine whether the Settlement is fair, reasonable, and adequate, was entered into in good faith and negotiated by the Parties at arm's length, and should be approved, (iv) provide findings in connection therewith, (v) enter the Final Order and Judgment, (vi) consider Service Awards to the Settlement Class Representatives, as described in Section 18.2 below, and (vii) consider Settlement Class Counsel's motion for attorneys' fees and reimbursement of costs and expenses, as described in Section 18.1 below.

## 14.  Termination of this Settlement

14.1.  This Settlement shall be terminated and cancelled upon any of the following events:

14.1.1.  The MDL Court declines to enter the Preliminary Approval Order substantially in the form of **Exhibit 1** hereto;

---

14.1.2.　The MDL Court declines to enter the Final Order and Judgment substantially in the form of **Exhibit 9** hereto; or

14.1.3.　The Final Order and Judgment is reversed by a higher court.

14.2.　The Philips Defendants may, at their sole and exclusive discretion and option, withdraw from and cancel their obligations under this Settlement, upon any of the following events:

14.2.1.　The Notice does not comply with the Preliminary Approval Order;

14.2.2.　Settlement Class Counsel, on behalf of the Settlement Class, materially breaches the Settlement and such breach materially frustrates the purposes of this Settlement;

14.2.3.　The Economic Loss Complaint is not dismissed with prejudice as to all Defendants;

14.2.4.　The Released Claims of the Releasing Parties against Defendants and the other Released Parties are not released on the terms set forth herein;

14.2.5.　The MDL Court does not enter the preliminary injunction described in Section 8.2.7 above;

14.2.6.　The MDL Court does not enter the permanent injunctions described in Sections 13.1.7 and 13.1.8 above; or

14.2.7.　This Settlement is changed in any material respect, except by written agreement of the Parties.

14.3.　In the event of a breach of the Agreement by the Philips Defendants, the Settlement Class Representatives may, at their sole discretion, seek to enforce the Settlement in the MDL Court (or, if the MDL Court does not have jurisdiction, any other court with jurisdiction to hear the matter).

14.4.　In the event of a breach of the Agreement by the Settlement Class Representatives, the Philips Defendants may, at their sole discretion, seek to enforce the Settlement in the MDL Court (or, if the MDL Court does not have jurisdiction, any other court with jurisdiction to hear the matter).

---

**Section 14. Termination of this Settlement**　　　　　　　　　　　　　　　　47

## 15. MDL Court Retains Jurisdiction to Implement, Interpret and Enforce Agreement and Settlement

15.1. The MDL Court shall retain continuing and exclusive jurisdiction over the Philips Defendants, the Settlement Class, the Settlement Class Members, this Agreement, and the Settlement for the purposes of administering, supervising, implementing, interpreting, construing, consummating, and enforcing this Agreement and the Settlement, and the MDL Court shall also retain continuing and exclusive jurisdiction over the "qualified settlement funds," as defined under §1.468B-1 of the Treasury Regulations promulgated under Sections 461(h) and 468B of the Internal Revenue Code of 1986, as amended, created under the Agreement, and the distribution of same to Eligible Settlement Class Members.

## 16. Choice of Law

16.1. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, including all matters of construction, validity, performance, and enforcement, and without giving effect to the principles of conflict of laws.

## 17. Recall Programs

17.1. Settlement Class Counsel and the Philips Defendants shall cooperate with each other, and with governmental regulatory officials (where and if appropriate), with respect to implementing the relief provided for in this Settlement in coordination with any Recall Programs and to ensure that the Recall Programs are carried out to completion in an efficient manner; provided, however, that Settlement Class Counsel shall not have standing to participate directly or indirectly in any Recall Programs, except to the extent necessary to enforce the terms of this Settlement and the rights of Settlement Class Members under this Settlement.

## 18. Attorneys' Fees, Costs and Expenses, and Service Awards

18.1. The Parties have agreed that Settlement Class Counsel will submit to the MDL Court for approval, either as part of, or subsequent to, the Final Fairness Hearing, a motion for an award of attorneys' fees and reimbursement of costs and expenses in the aggregate amount of $95,000,000. The Philips Defendants will not oppose the motion. The Parties further agree that the attorneys' fees, costs and expenses will be paid by, or on behalf of, the Philips Defendants in addition to the compensation provided to Settlement Class Members under this Settlement, and any award of attorneys' fees, costs and expenses shall not diminish the recovery of

Settlement Class Members under the Settlement. Settlement Class Counsel's motion for attorneys' fees and reimbursement of costs and expenses will be due 30 days before the Opt-Out/Objection Deadline, and the deadline for the motion will be provided in the Notice. Settlement Class Members shall have the opportunity to submit objections. The Philips Defendants will pay any attorneys' fees, costs and expenses awarded by the MDL Court within 21 days of the MDL Court's order, as set forth in the proposed Order attached hereto as **Exhibit 10**. As set forth in that proposed Order, any payment by the Philips Defendants is subject to repayment (in whole or in part) in the event of reversal or modification on appeal.

18.2.   **Service Awards**:  Settlement Class Counsel will recommend to the MDL Court that service awards be made, subject to MDL Court approval, to the Settlement Class Representatives in the amount of $5,000 each in recognition for their service as a Settlement Class Representative, and the Philips Defendants agree not to oppose such request. Settlement Class Representatives certify and agree that they had no expectation of a service award when agreeing to this Settlement, and that the decision of whether or not to award a service award will be left to the discretion of the Court. With that understanding, the Philips Defendants agree to pay Service Awards, if any, within 30 days of the date of a final order awarding Service Awards or within 30 days of the Effective Date, whichever is later. These payments are in addition to the compensation provided to Settlement Class Members under this Settlement and shall not diminish the recovery of Settlement Class Members under the Settlement. The Parties agree that the Philips Defendants shall not pay, or be obligated to pay or cause to be paid, any amounts in excess of $5,000 for each Settlement Class Representative for Service Awards. Settlement Class Representatives shall provide W-9 Forms prior to such payment.

18.3.   The Parties agree that the amount of any award of attorneys' fees, costs and expenses and the amount of any service awards are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No order of the Court, or modification, reversal, or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, costs and expenses or service awards shall affect whether the Final Order and Judgment is entered, or constitute grounds for termination of the Settlement.

## 19.    Dispute Resolution.

19.1.   Any dispute between the Parties relating to the interpretation or application of any provision of the Settlement will be discussed between Settlement Class Counsel and Counsel for the Philips Defendants in the first instance in an effort to resolve the matter. If they reach an impasse, the matter shall be presented to and discussed

with the Claims Appeals Special Master.  In the event an impasse remains after presenting the dispute to the Claims Appeals Special Master, the dispute will be resolved by appeal to the MDL Court (with the potential for further appeal to the U.S. Court of Appeals for the Third Circuit).

19.2.   This appeal process applies only to disputes between the Parties relating to the interpretation or application of a provision of the Settlement and does not apply to decisions by the Claims Appeals Special Master concerning disputes by Settlement Class Members regarding their claims or Claims Determinations as set forth in Section 6.8 above.

## 20.  **Miscellaneous**

20.1.   The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

20.2.   If the last day of any period mentioned in this Settlement falls on a weekend or legal holiday, the period shall include the next business day.  To the extent any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the convention contained in Rule 6 of the Federal Rules of Civil Procedure.

20.3.   All persons shall be on notice of their continuing duty to monitor the MDL Court's docket for the most current filings and information.  The MDL Court, in its discretion, may alter, postpone or amend any deadlines or hearing dates scheduled by the MDL Court in connection with the approval of this Settlement without additional formal notice.  Orders concerning any such changes are expected to be docketed on the MDL Court's website:

https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation.

20.4.   The Settlement Administrator shall post on the Settlement website this Agreement (including all of its exhibits), as well as relevant pleadings by the Parties and orders entered by the MDL Court in connection with the Settlement, including relevant scheduling orders.

20.5.   Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity, other than Settlement Class Members, the Philips Defendants, and the other Released Parties, any right or remedy under or by reason of this Agreement.

20.6.   Settlement Class Members (or their counsel, if any) who submit false or intentionally misleading information, through any form of deception, dishonesty or fraud, shall be subject to appropriate sanctions (including monetary sanctions and costs).

20.7.   Unless otherwise specified, any written notices and other communications under this Settlement shall be in writing and shall be sent to Settlement Class Counsel and Counsel for the Philips Defendants.  Routine communications may be made by email.  Communications asserting a breach of this Settlement shall be made by email and by hand delivery or overnight courier (*e.g.*, Express Mail, Overnight UPS, or FedEx).

20.8.   Other than as provided for in Orders of the MDL Court, there are no restrictions upon the Philips Defendants with respect to any returned Recalled Devices, including, but not limited to, whether or how they can be retained, used, tested, remediated, and/or discarded.

20.9.   This Settlement is the product of arms'-length negotiations between Settlement Class Counsel, the Philips Defendants, and Counsel for the Philips Defendants. None of the Parties or their Counsel shall be deemed to be the drafter of this Agreement or any provision thereof.  No presumption shall be deemed to exist in favor of or against anyone on account of who drafted any particular portion of this Agreement.

20.10.  This Settlement constitutes the entire agreement between the Parties with respect to the matters set forth herein and supersedes any and all prior and contemporaneous undertakings in connection therewith, including any prior term sheets.  In entering into this Agreement, the Parties have not received or relied upon any agreements or promises other than as contained in writing in this Agreement.

20.11.  This Settlement may not be modified or amended unless such modification or amendment is in writing executed by all Parties, and (upon the Final Order and Judgment) approved by the MDL Court.

20.12.  This Settlement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Settlement.

20.13.  If there is any conflict as between the Agreement and any exhibits, the language and terms in the Agreement shall prevail.

20.14.  In the event this Agreement is not preliminarily or finally approved by the MDL Court, or in the event that the Order and Final Judgment approving the Settlement

---

**Section 20. Miscellaneous**                                                                 51

is entered but later reversed or vacated, or the Philips Defendants exercise their right to terminate the Agreement pursuant to Section 11.11, the pre-settlement status of this MDL shall be restored (including without limitation any applicable tolling of any statute of limitations), and the Agreement shall have no effect on the rights of the Parties to prosecute or defend the Economic Loss Claims in the MDL or elsewhere in any respect, including without limitation the right to fully litigate the issues related to class certification, raise personal jurisdiction defenses, or any other defenses.  The Parties will negotiate and submit to the MDL Court for Court approval a modified case schedule at such time.

20.15.  Settlement Class Members should consult their personal tax advisor for assistance regarding any tax ramifications of this Settlement.  Settlement Class Counsel, the Philips Defendants, and their Counsel are not providing any opinion, representation or advice as to the tax consequences or liabilities of Settlement Class Members as a result of any payments or benefits under this Settlement.  Nothing in this Agreement should be relied upon by any Settlement Class Member as the provision of tax advice.  Settlement Class Members shall hold the Philips Defendants and their Counsel harmless from any federal, state, or foreign tax assessments, interest, and/or penalties that result for any amounts paid or benefits provided under this Agreement, and the Philips Defendants shall not be liable for the payment of any additional amounts now or in the future for any amount related to a Settlement Class Member's tax consequences

20.16.  Each of the undersigned signatories represents that he or she is fully authorized to enter into the terms and conditions of, and to execute this Agreement, subject to Court approval.

## 21.  Federal Rule of Evidence 408

21.1.  The Parties specifically acknowledge and agree that this Settlement, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, shall be considered a compromise within the meaning of Federal Rules of Evidence Rule 408, and any equivalent rule of evidence or procedure of any state, and shall not (i) constitute, be construed, be offered, or be received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the MDL, or in any other pending or subsequently filed action, arbitration or other proceeding, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, except as permitted in Sections 4.2 and 21.3 of this Settlement; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.  As set forth in Section 2.2 above, the Philips Defendants submit to the jurisdiction of the MDL Court solely

for purposes of the Settlement and the enforcement of the payment and performance obligations thereunder.

21.2.   The Parties agree that this Settlement, any orders, pleadings, or other documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against the Defendants as evidence of any obligation that any Party hereto has or may have to anyone, except with regard to the obligations and rights under the Settlement.

21.3.   The provisions of this Settlement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after a hearing upon application of a Party hereto, (iii) in order to establish payment, prior payment for a claimed loss, set-off, counterclaim or an affirmative defense of exception in a subsequent case, including *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, (iv) in connection with any motion to dismiss, enjoin or stay a Released Claim, (v) to establish an assignment to Philips RS of Economic Loss Claims against Ozone Cleaning Companies, or (vi) to obtain MDL Court approval of the Settlement.

[intentionally left blank]

---

**Section 21. Federal Rule of Evidence 408**                                             53

The Parties have executed this Settlement Agreement, by their duly authorized representatives, on the Execution Date.

PHILIPS RS NORTH AMERICA, LLC:

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

*/s/ Erik T. Koons*
Erik T. Koons
Andrew T. George
**BAKER BOTTS LLP**
700 K St. NW
Washington, DC 20001
(202) 639-7973 (phone)
erik.koons@bakerbotts.com
andrew.george@bakerbotts.com

KONINKLIJKE PHILIPS N.V., PHILIPS
NORTH AMERICA LLC, PHILIPS
HOLDING USA INC., AND PHILIPS RS
NORTH AMERICA HOLDING
CORPORATION:

*/s/ William B. Monahan*
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
(310) 712-6670 (phone)
steinbergm@sullcrom.com

Tracy Richelle High
William B. Monahan
Elizabeth N. Olsen
**SULLIVAN & CROMWELL LLP**
125 Broad Street

PLAINTIFFS' CO-LEAD COUNSEL:

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Sandra L. Duggan*
Sandra L. Duggan
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
(215) 592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson
Gary Lynch
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com
gary@lcllp.com

54

New York, NY 10004
(212) 558-4000 (phone)
hight@sullcrom.com
monahanw@sullcrom.com
olsene@sullcrom.com

PLAINTIFFS' SETTLEMENT
COMMITTEE:

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg (Chair)
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565 (phone)
rliebenberg@finekaplan.com

*/s/ Lisa Ann Gorshe*
Lisa Ann Gorshe (Vice Chair)
**JOHNSON BECKER PLLC**
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
(612) 436-1852 (phone)
lgorshe@johnsonbecker.com

*/s/ Arthur H. Stroyd, Jr.*
Arthur H. Stroyd, Jr. (Vice Chair)
**DEL SOLE CAVANAUGH STROYD LLC**
3 PPG Place, Suite 600
Pittsburgh, PA 15222
(412) 261-2172 (phone)
astroyd@dscslaw.com

55

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, : | |
| BI-LEVEL PAP, AND MECHANICAL : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| VENTILATOR PRODUCTS : | |
| LITIGATION : | MDL No. 3014 |
| : | |
| This Document Relates to:  All Actions : | |
| Asserting Economic Loss Claims : | |
| : | |
| : | |
| : | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED CLASS SETTLEMENT AGREEMENT AND RELEASE OF ECONOMIC LOSS CLAIMS

WHEREAS, on October 10, 2022, Plaintiffs filed a Consolidated Third Amended Class Action Complaint for Economic Losses ("Economic Loss Complaint") (ECF No. 785), on behalf of themselves and all others similarly situated;

WHEREAS, Defendants Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have entered into a Class Settlement Agreement and Release of Economic Loss Claims with the Settlement Class Representatives, dated September 7, 2023, in full and final settlement of the Economic Loss Claims against the Philips Defendants and the other Released Parties (the "Agreement" and the "Settlement"), the terms of which are set forth in the Agreement and have the same meanings when used in this Order;

WHEREAS, the Parties engaged in extensive good faith, arm's-length negotiations, over a period of a year, to resolve the Economic Loss Claims, with the assistance and oversight of the Settlement Mediator appointed by the Court, Hon. Diane M. Welsh (Ret.);

WHEREAS, on September 7, 2023, the Settlement Class Representatives filed a Motion for Preliminary Approval of Proposed Class Action Settlement Agreement and to Direct Notice to the Proposed Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (the "Motion");

WHEREAS, on September 14, 2023, the Settlement Class Representatives filed an agreed amendment to the Settlement (ECF No. 2237-1);

WHEREAS, on September 18, 2023, the Court held a hearing on the Motion and heard argument on whether to preliminarily approve the Settlement and raised various issues concerning the proposed Settlement and Notice to the proposed Settlement class for the Parties' consideration;

WHEREAS, on September 25, 2023, the Settlement Class Representatives filed amendments to the proposed Settlement, Notice Plan, and long form Notice and FAQs that addressed the Court's concerns, as well as a Supplemental Brief in Support of their Motion;

WHEREAS, on October 5, 2023, the Settlement Class Representatives filed an Amended Settlement Agreement reflecting the Parties' agreement that Settlement Class Counsel will submit to the Court for approval, either as part of, or subsequent to, the Final Fairness Hearing, a motion for an award of attorneys' fees and reimbursement of costs and expenses in the aggregate amount of $95,000,000, and the Philips Defendants will not oppose the motion; and

WHEREAS, on October 10, 2023, the Court held a second hearing on the Motion and heard argument on whether to preliminarily approve the Settlement.

NOW, THEREFORE, THIS ___ DAY OF ____, 2023, IT IS HEREBY ORDERED AS FOLLOWS:

A.       **The Settlement Is Preliminarily Approved**

1.       The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure.  The Court hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval and has key indicia of fairness, including that (1) the Parties have reached the Settlement after investigating the strengths and weaknesses of the Economic Loss Claims and the defenses thereto, (2) the extensive settlement negotiations were arm's-length and consisted of multiple mediation sessions overseen by the Settlement Mediator, (3) there is no evidence of collusion in reaching this Settlement, and (4) the proponents of the Settlement are experienced in similar litigation.

2.       The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Final Fairness Hearing.  Settlement Class Members shall have the right to object to, or be excluded from, the Settlement, as set forth in the Agreement and this Order.

3.       Pursuant to Rule 23(e)(1)(B), the Court orders that Notice be provided to the Settlement Class Members pursuant to the terms of the Agreement and as set forth herein.  The Notice shall inform Settlement Class Members that they will be bound by the Settlement and Final Order and Judgment unless, on or before the end of the Opt-Out/Objection Period specified in the Notice and this Order ("Opt-Out/Objection Deadline"), they follow the required procedures to make a written request for exclusion as set forth in the Agreement and Notice, which procedures are hereby approved.

4.       Any objections by any Settlement Class Member to the Settlement (in whole or in part) shall be heard and any papers submitted in support of said objections shall be considered by

the Court at the Final Fairness Hearing only if, on or before the Opt-Out/Objection Deadline, such Settlement Class Member follows the required objection procedures set forth in the Agreement and Notice, which procedures are hereby approved.

5.      The Court preliminarily approves the plan of allocation of Settlement funds set forth in the Agreement, subject to further consideration at the Final Fairness Hearing.

**B.      Appointments of Settlement Administrator, Settlement Funds Escrow Agent, and Claims Appeals Special Master**

6.      The Court hereby appoints Angeion Group LLC as the Settlement Administrator. It shall be responsible for the duties set forth in the Settlement Agreement assigned to the Settlement Administrator, including, but not limited to, (a) the notice dissemination process set forth in the Agreement; (b) calculation of payments to Settlement Class Members; (c) creation of a Settlement website; (d) processing and reviewing Claim Forms; (e) collecting and forwarding to Settlement Class Counsel and Counsel for the Philips Defendants any requests to be excluded from the Settlement Class; (f) collecting and forwarding to Settlement Class Counsel and Counsel for the Philips Defendants any objections to the Settlement, to requests for attorneys' fees or reimbursement of costs or expenses, or to Service Awards; and (g) any other duties as provided in any agreement entered into between Counsel and the Settlement Administrator.  The Settlement Administrator shall sign and be bound by the Protective Order entered by this Court, as amended (ECF Nos. 104, 498, 765).

7.      Pursuant to the Agreement, to the extent they have not already done so, the Philips Defendants shall deposit, or cause to be deposited, the Initial Payments for Class Notice and Settlement Administration into the Settlement Funds within 14 days of execution of the Settlement Agreement.  The Philips Defendants shall be responsible for paying all reasonable costs of Settlement Administration, including the reasonable fees and costs of the Settlement

Administrator, Settlement Funds Escrow Agent, Settlement Mediator, and Claims Appeals Special Master, as set forth in the Settlement Agreement.

8.      The Court approves Huntington Bank as the Settlement Funds Escrow Agent pursuant to the Settlement Agreement.

9.      The Court hereby appoints Hon. Thomas J. Rueter (Ret.) as the Claims Appeals Special Master and authorizes him to perform the duties assigned to the Claims Appeals Special Master specified in the Settlement Agreement.

**C.      The Settlement Notice and Notice Plan Are Approved**

10.     The Court approves the forms of Notice, substance, and requirements attached as Exhibit 3 to the Settlement Agreement (the "Settlement Notice").

11.     The Court finds that the method of giving notice to the Settlement Class ("Notice Plan"), attached to the Settlement Agreement as Exhibit 2, and the forms and content of notice, attached to the Settlement Agreement as Exhibit 3, as described in the Settlement Agreement, (a) constitute the best notice practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms and benefits of the proposed Settlement, including automatic payments under certain circumstances, how to file a claim and the deadline for filing a claim, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement, as well as of the scope of the release of the Philips Defendants and other Released Parties and the binding effect of a Final Judgment, (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and any other persons entitled to receive notice, (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rule 23(c), the Due Process Clause(s) of the United States Constitution, and any

other applicable laws, and (e) fairly and adequately inform Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

12.     The Parties have agreed that Settlement Class Counsel will seek, subject to Court approval, an award of attorneys' fees and reimbursement of costs and expenses in the aggregate amount of $95,000,000.  The Philips Defendants have agreed not to oppose the motion.  Settlement Class Counsel will file an unopposed motion with the Court seeking an award of fees and reimbursement of costs and expenses in this aggregate amount, to be considered as part of the Final Fairness Hearing.  The Parties have agreed that the attorneys' fees, costs and expenses awarded by the Court will be paid by, or on behalf of, the Philips Defendants in addition to the compensation provided to Settlement Class Members under the Settlement Agreement, and any award of attorneys' fees, costs or expenses shall not diminish the recovery of Settlement Class Members under the Settlement.

13.     The Parties have agreed that the Philips Defendants will pay Service Awards of $5,000 to each of the five Settlement Class Representatives, subject to approval of this Court after the Final Fairness Hearing.  The Settlement Notice shall apprise Settlement Class Members of these requested Service Awards.

14.     Within 60 days after entry of this Order, the Settlement Notice will be disseminated to Settlement Class Members pursuant to the terms of the Settlement Agreement.

D.    __The Settlement Class__

15.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally

certifies, for settlement purposes only, the following Settlement Class:

> **Settlement Class or Settlement Class Members** shall include Plaintiffs and all
> other individuals or entities in the United States, including its Territories (American
> Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin
> Islands), and the District of Columbia, including individuals who are United States
> citizens, residents, United States military, diplomatic personnel and employees
> living or stationed overseas, who or which, prior to the announcement of the
> Recalls, either (a) purchased, leased, rented, or paid for (in whole or part), or were
> prescribed a Recalled Device ("Users"), or (b) reimbursed (in whole or part) a
> User's payment to purchase, lease, rent, or otherwise pay for a Recalled Device,
> including insurers, self-funded employers, and other third-party payers ("Payers").
> Individuals or entities whose payment obligations with respect to a particular
> Recalled Device preceded the announcement of the relevant Recall are part of the
> Settlement Class even if certain of their payment obligations post-dated the Recall
> (*e.g.*, certain renters and lessees).
>
> EXCLUDED from the Settlement Class are:  (a) Defendants and their officers,
> directors, and employees; (b) the MDL Court, Settlement Mediator, Claims Appeals
> Special Master, and Special Masters assigned to the MDL; (c) individuals who have
> already released Released Claims against one or more of the Defendants pursuant
> to individual settlements or other resolutions; (d) Durable Medical Equipment
> providers; (e) the federal government and any federal government payers, including
> the United States Department of Health and Human Services Centers for Medicare
> & Medicaid Services, the Department of Defense, and the U.S. Department of
> Veterans Affairs; and (f) Settlement Class Counsel.

16.    The Court finds that, for settlement purposes only, the Settlement Class meets all

prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil

Procedure, including that:  (a) the Settlement Class is so numerous that joinder of all members is

impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the

Settlement Class Representatives' claims are typical of the claims of the Settlement Class

Members they seek to represent for purposes of the Settlement; (d) Settlement Class

Representatives and their counsel are capable of fairly and adequately protecting the interests of

the Settlement Class; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the Economic Loss Claims of Settlement Class Members; and (g) the Settlement Class is ascertainable.

17.     For settlement purposes only, the Court appoints Elizabeth Heilman; Ivy Creek of Tallapoosa LLC d/b/a/ Lake Martin Community Hospital; Peter Barrett; Julie Barrett; and ASEA/AFSCME Local 52 Health Benefits Trust as the five Settlement Class Representatives.

18.     The Court appoints the following as Settlement Class Counsel:

    a.  Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

    b.  Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

    c.  Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

    d.  Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222;

    e.  Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107;

    f.  Lisa Ann Gorshe, Johnson Becker PLLC, 444 Cedar Street, Suite 1800, Saint Paul, MN 55101; and

    g.  Arthur H. Stroyd, Jr., Del Sole Cavanaugh Stroyd LLC, 3 PPG Place, Suite 600, Pittsburgh, PA 15222.

19.     The Court hereby approves the establishment of the Settlement Funds.   The Settlement Funds shall be governed by Section 468B-1 through 468B-5 of the Treasury Regulations and maintained as a "qualified settlement fund."  The Parties agree to work in good faith to maintain such status.  The Court shall retain continuing jurisdiction over the Settlement Funds, pursuant to Section 468B-1(e)(1) of the Treasury Regulations.

## E.     Schedule for Motion for Final Approval and Final Fairness Hearing

20.     Settlement Class Counsel shall file their motion for attorneys' fees and reimbursement of costs and expenses, and for Service Awards of no more than $5,000 for each of the five Settlement Class Representatives, at least 30 days prior to the Opt-Out/Objection Deadline. The Settlement Administrator shall publish the motion and supporting materials on the Settlement website.

21.     The deadline for Settlement Class Members to submit claims is 120 days after the Final Fairness Hearing.

22.     The deadline for Settlement Class Members to opt out of the Settlement, or object to the Settlement, the proposed plan for allocating Settlement funds, the proposed Service Awards, or the request for an award of attorneys' fees and reimbursement of costs and expenses shall be 120 days after entry of this Order.  Opt-out requests and objections must be made in writing and must be made in accordance with the requirements set forth in the Settlement Agreement and Notices, and must be postmarked no later than Opt-Out/Objection Deadline.

23.     Settlement Class Counsel shall file a list of all timely and valid opt-outs as an attachment to their motion for final approval of the Settlement.

24.     No later than 21 days before the Final Fairness Hearing, Settlement Class Counsel shall file with the Court the objections, if any, received by the Settlement Administrator.

25.      At least 14 days prior to the Final Fairness Hearing, Settlement Class Counsel and/or Counsel for the Philips Defendants shall file any response to the objections with the Court.

26.      At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a Motion for Final Approval of the Settlement and to enter the Final Order and Judgment.  The Settlement Administrator shall publish the motion and supporting materials on the Settlement website.

27.      At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file with the Court proof that Notice was provided in accordance with the plan of Notice set forth in the Agreement, the terms of this Order, and any other Order regarding Notice that the Court shall have issued.

28.      At least 21 days prior to the Final Fairness Hearing, the Philips Defendants shall file with the Court proof of their compliance with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

29.      If the last day of any period mentioned hereto falls on a weekend or legal holiday, the period shall include the next business day.

30.      The Court will hold a hearing on _____, 2024 at _____ a.m./p.m. at the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219, in Courtroom 5A (the "Final Fairness Hearing") for the following purposes:

> a.  To finally determine whether the proposed Settlement is a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23(e)(2) of the Federal Rules of Civil Procedure;

b. To determine whether a Final Judgment should be entered dismissing the Economic Loss Claims of the Settlement Class against the Defendants with prejudice, as required by the Settlement Agreement;

c. To consider the proposed plan of allocation of Settlement funds;

d. To consider Settlement Class Counsel's Motion for an award of attorneys' fees and reimbursement of costs and expenses;

e. To consider the Petition for Service Awards to the Settlement Class Representatives;

f. To consider timely, written objections that conform to the requirements set forth in the Settlement Agreement;

g. To enter the injunctions contemplated by Sections 13.1.7 and 13.1.8 of the Settlement Agreement; and

h. To consider such other matters as the Court may deem appropriate.

31. The Final Fairness Hearing may be continued without further notice to Settlement Class Members, other than an update posted on the MDL 3014 Court docket and Settlement website.

**F. Miscellaneous**

32. This Preliminary Approval Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court, or does not become final and effective for any reason. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders relating to the Settlement, including this Preliminary

Approval Order, shall be used or referred to for any purpose.  The conditional certification of the Settlement Class provided for herein for settlement purposes only will be vacated, and the Economic Loss Claims shall proceed as though the Settlement Class had never been conditionally certified, without prejudice to any party's position on the issues of class certification, personal jurisdiction or any other issue.  In such event, the Philips Defendants retain all rights to assert that the Economic Loss Claims may not be certified as a class action.

33.    Pending the Final Fairness Hearing, the Court hereby stays the continued pursuit or prosecution of all Released Claims by Settlement Class Members, in this Court or in any other court, tribunal or proceeding, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction as to Settlement Class Members is necessary and appropriate in aid of the Court's continuing jurisdiction and authority.  Such injunction shall remain in force until the Final Fairness Hearing or until such time as the Parties notify the Court that the Settlement has been terminated.

34.    This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.  For purposes only of this Settlement, the Philips Defendants have submitted to the jurisdiction and venue of this Court.


IT IS SO ORDERED.                              BY THE COURT:



                                               _____
                                               The Honorable Joy Flowers Conti
                                               Senior United States District Judge

Settlement Agreement Exhibit 1: [Proposed] Preliminary Approval Order

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 2

## NOTICE PLAN

### I.   GENERAL

A.   The Settlement Administrator shall carry out its responsibilities in a manner consistent with the Settlement Agreement,[1] this Notice Plan, the Declaration and Supplemental Declaration of Steven Weisbrot, Esq. of Angeion Group, LLC Re: Proposed Notice Plan, and with its experience to provide the best notice that is practicable under the circumstances, consistent with Federal Rule of Civil Procedure 23.

B.   The Parties shall provide reasonable cooperation with the Settlement Administrator and shall make all reasonable efforts to accept recommendations from the Settlement Administrator with respect to the Notice Plan.

C.   Consistent with the Settlement Agreement, the Philips Defendants shall be responsible for paying reasonable notice-related costs and other reasonable administrative expenses that may be incurred by the Settlement Administrator.

D.   In conducting its duties and responsibilities, the Settlement Administrator may make necessary adjustments to the notice processes as circumstances may dictate, subject to the approval of the Parties and the MDL Court.

E.   The Settlement Administrator shall ensure that all notices and communications it sends are HIPAA-compliant.

### II.   NOTICE TO SETTLEMENT CLASS MEMBERS

A.   **Compilation of Notice List**: The Settlement Administrator shall compile and integrate information in its database and web portal regarding Users from the sources identified in Sections 9.1.2.1 and 9.1.2.2 of the Settlement Agreement, and shall cross-check, update and supplement that information by employing best practices using, among other things, the National Change of Address ("NCOA") database and other methods, including, as appropriate, skip tracing.

B.   **Direct Notice**: Within 60 days after entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate notice, in forms approved by the MDL Court, attached to the Settlement Agreement as Exhibits 3(a) – 3(i), as follows:

1.   First-class postal mail of the Long-Form Notice and FAQs, attached to the Settlement Agreement as Exhibit 3(a), enclosed in the form of envelope attached to the Settlement Agreement as Exhibit 3(j), to all known Users with postal addresses.

---

[1] Unless otherwise noted, capitalized terms have the same meaning herein that they have in the Class Settlement Agreement and Release of Economic Loss Claims (the "Settlement Agreement").

a. For Users who Registered for a Philips Respironics Recall Program but did not return their Recalled Device(s) before the Execution Date, the mailing referenced above will include an additional targeted notice in the form agreed to by the Parties, attached to the Settlement Agreement as Exhibits 3(b) and 3(c).

2. Emails of the summary notice form, attached to the Settlement Agreement as Exhibit 3(d), to all known Users with email addresses.

3. First-class postal mail of the Long-Form Notice and FAQs, attached to the Settlement Agreement as Exhibit 3(a), to known Payers on the Settlement Administrator's proprietary database of insurers, self-funded employers, and other third-party payers.

4. Emails of the summary notice form, attached to the Settlement Agreement as Exhibit 3(e), to known Payers on the Settlement Administrator's proprietary database of insurers, self-funded employers, and other third-party payers.

**C.    Notice to Users through DMEs**:

1. First-class postal mail (and email, if available) of a summary notice form, attached to the Settlement Agreement as Exhibit 3(f), for DMEs, in the form agreed to by the Parties, to those known DMEs in the United States that sold, rented, supplied, or otherwise provided Recalled Devices to Users.

**D.    Media Plan**:

1. The Parties jointly selected Angeion Group to serve as the Settlement Administrator. Based on extensive discussions and consultation between and among Settlement Class Counsel, the Philips Defendants and the Settlement Administrator, the Parties have agreed to accept the recommendation of the Settlement Administrator to supplement the direct notice (outlined above) with a comprehensive Media Plan developed by the Settlement Administrator that is designed to reach approximately 86.70% of the target audience.

2. The Parties agree that the Settlement Administrator shall have discretion to implement its Media Plan in a manner consistent with best practices and designed to provide the best notice that is practicable under the circumstances, consistent with Federal Rule of Civil Procedure 23.

**E.    Other Forms of Notice**:

1. The Settlement Administrator shall post the Long-Form Notice and FAQs on the Settlement website along with the Settlement Agreement (including all of its exhibits), as well as relevant pleadings of the Parties and orders

entered by the MDL Court in connection with the Settlement, including relevant scheduling orders relating to the Settlement.

2.    The Settlement Administrator shall post a Spanish version of the Long-Form Notice and FAQs on the Settlement website and will provide assistance to Settlement Class Members speaking other foreign languages, as necessary.

3.    The Settlement Administrator shall issue press releases via PR Newswire at the outset of the Notice program and at least once thereafter as a claims filing reminder.

4.    The Settlement Administrator shall maintain a toll-free call center (English and Spanish) with live operators trained with respect to the Settlement and conversant with scripts prepared by the Parties in consultation with the Settlement Administrator.

5.    Philips RS shall provide an electronic notification through DreamMapper to all Users who elected to receive messages through DreamMapper, attached to the Settlement Agreement as Exhibit 3(i), which will refer them to the Settlement website for more information about the Settlement.

6.    The Parties shall take the steps necessary so that a copy of the FAQ Notice is posted on the MDL Court's website for the MDL, [https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation](https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation).

7.    The Settlement Administrator and the Parties shall provide any additional Notice as the MDL Court may otherwise direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

8.    The Settlement Administrator shall provide any additional Notice that may be agreed to by the Parties and approved by the MDL Court.

**F.    Reminder Email Notice to Users with Email Addresses**:  Prior to the Claims Period Deadline, the Settlement Administrator shall send one reminder email notice, attached to the Settlement Agreement as Exhibits 3(g) and 3(h), to known Users with email addresses consistent with best practices about claims deadlines and other relevant information, as determined by the Settlement Administrator.

## III.    SETTLEMENT WEBSITE/CLAIMS PORTAL

A.    The Settlement Administrator shall develop a state-of-the-art Settlement Website (including a Spanish language version) which includes a custom claims portal with Search Engine Optimization that is ADA-compliant.

B.    The claims portal on the Settlement Website shall, among other things:

1.    permit Users to input their assigned unique Claim ID Number and/or the Serial Number of their Recalled Devices to enable Users to determine the Device Payment Award(s) to which they may be entitled, facilitate the submission of claims and continuation of claims submissions, verify and monitor the status of their claims, and receive status and other notifications;

2.    provide a process to provide or confirm information/documentation and to choose their preferred method of payment and, if they qualify, sign up for the Accelerated Implementation Option, enroll any unregistered Recalled Devices (other than Trilogy 100 or 200 devices), and the ability to get free return labels for Registered or Enrolled devices to be returned to Philips Respironics (other than Trilogy 100 or 200 devices);

3.    provide a dedicated Tab for Payers that provides the information and instructions necessary for Payers to submit claims consistent with the Settlement Agreement, as well as access to the Payer Declaration and Claim Form attached to the Settlement Agreement as Exhibit 8;

4.    provide a dedicated Tab for information about Device Replacement Awards, as well as access to the Device Replacement Award Claim Form attached to the Settlement Agreement as Exhibit 5;

5.    provide Settlement Class Members with the ability to download paper claims forms;

6.    to the extent not yet already in the Settlement Administrator's database, provide prompts to collect Serial Number and Recall Registration Number information from Users submitting claims;

7.    for those Users who have not yet registered their Recalled Device(s) for a Philips Respironics Recall Program and still have their Recalled Device, provide a link to the page on which they can register their Recalled Device in order to obtain the separate and distinct benefits provided under the applicable Recall Program (*e.g.*, a Remanufactured Device); and

8.    otherwise provide for all processes consistent with best practices and as required or contemplated by the MDL Court's Preliminary Approval Order, the Settlement Agreement, the plan for allocating Settlement funds and claims processing, and the Notice Plan, and as necessary to provide Settlement Class Members with information about the Settlement and the ability to efficiently submit claims and satisfy the standards for payment.

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3

# FORMS OF NOTICE

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(a)

**Para la notificación en español, visite el sitio web**
**www.RespironicsCPAP-ELSettlement.com**
**¿Preguntas? Llame 1-855-912-3432**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

United States District Court for the Western District of Pennsylvania
*A court authorized this Notice. This is not a solicitation from a lawyer.*

---

# If you paid for a Philips Respironics CPAP, BiPAP, or Ventilator that was recalled, you may be eligible for a cash award from a proposed class action settlement.

---

- A proposed Settlement has been reached in a U.S. class action lawsuit alleging Economic Loss Claims related to the purchase, lease, or rental of certain CPAPs, BiPAPs, and ventilators that Philips Respironics recalled beginning in June 2021. These devices were sold in the U.S. between 2008 and 2021.

- **The Settlement does *not* affect or release any claims for personal injuries or medical monitoring relief.**

- Eligible **Users** are entitled to:

  o a **Device Payment Award** for each Recalled Device they purchased, leased, or rented;

  o a **Device Return Award of $100** for each Recalled Device they purchased, leased, rented, or were prescribed that they have already returned or that they return to Philips Respironics by <mark>Claims Period Deadline</mark>; and/or

  o a **Device Replacement Award** if they spent their own money to purchase a comparable CPAP, BiPAP, or ventilator *on or after* June 14, 2021 and *before* September 7, 2023 to replace a Recalled Device.

- **Users who return their Recalled Device to Philips Respironics by <mark>Claims Period Deadline</mark>** (as part of a Recall Program or by Enrolling in the Settlement) **will be entitled to a $100 Device Return Award and a Device Payment Award** <u>without the need to submit a claim form</u>.

- **Visit www.RespironicsCPAP-ELSettlement.com for instructions on how to obtain a prepaid label to return your Recalled Device.** Returning your Recalled Device will maximize your payments from the Settlement. If you are still using your Recalled Device, please consult with your physician before returning your Recalled Device.

- For Users who have not already returned their Recalled Device and do not still have it, review the charts on the following pages for more information on your options.

---

- Eligible **Payers**, including insurers, self-funded employers, and other third-party payers, that reimbursed a payment for a Recalled Device, will be entitled to a Payer Award by submitting a Payer Declaration and Claim Form by <mark>Claims Period Deadline</mark>, with documentation of the number of insured lives covered by the **Payer** and the dollar amount of direct premiums written by the **Payer** in the United States in calendar years 2021 and 2022.

- You have several choices to make depending on the options available to you. **Review the charts on the following pages and go to the interactive Settlement website at [www.RespironicsCPAP-ELSettlement.com](http://www.RespironicsCPAP-ELSettlement.com) for more information and for instructions on what steps, if any, you need to take.**

- Your rights are affected whether you take any action in response to this Notice or you do not. If the proposed Settlement is approved, and you do not opt out, you will release your Economic Loss Claims against the Philips Defendants and the other Released Parties and assign to Philips Respironics your Economic Loss Claims against manufacturers of ozone cleaners. Please read this Notice carefully.

## USERS: SUMMARY OF AVAILABLE CASH BENEFITS

**Users** *will receive a $100* Device Return Award in addition to a Device Payment Award *if they return their Recalled Device* as part of a Recall Program or by Enrolling in the Settlement.

An interactive website is available to guide you through your choices: **www.RespironicsCPAP-ELSettlement.com**.

| Device Return Awards | **$100 for each Recalled Device returned to Philips Respironics**. |
|---|---|
| | <ul><li>You will obtain a Device Return Award if you return (or already returned) your Recalled Device as part of a Recall Program or by Enrolling in the Settlement at **www.RespironicsCPAP-ELSettlement.com**, where you can also confirm your name and address and choose your payment option.</li><li>If you still have your Recalled Device and want to return it, a free prepaid label is available at: **www.RespironicsCPAP-ELSettlement.com**.</li><li>If you have multiple Recalled Devices and you return them, you can get multiple Device Return Awards.</li><li>If you are still using your Recalled Device, please consult with your physician before returning your device.</li><li>With limited exceptions, all submissions and returns must be made by **Claims Period Deadline**.</li></ul> |
| Device Payment Awards | The amount of each **Device Payment Award** depends on the type of Recalled Device. A chart setting forth the Device Payment Awards per device is on page X below. |
| | <ul><li>On the Settlement website, Users may look up their Recalled Device by Serial Number, Recall Registration Number (if applicable), or Claim ID Number (if available) to see what Device Payment Award they may be entitled to.</li><li>No claim form is needed for a Recalled Device if you registered it in a Recall Program or Enroll it in the Settlement at: **www.RespironicsCPAP-ELSettlement.com** *and* you return or have already returned it.</li></ul> |

<table>
<tr><td></td><td>

- For all other Recalled Devices, Users must submit a Device Payment Award claim form, unless the User registered the Recalled Device in a Recall Program *before September 7, 2023*.

  The Device Payment Award claim form is available at: **www.RespironicsCPAP-ELSettlement.com**, or by calling 1-855-912-3432. You will need the Serial Number of your Recalled Device to complete the claim form. If you do not still have your Recalled Device, you can obtain the Serial Number by referring to the paperwork you received when you obtained the Recalled Device, or contact the DME or other company where you obtained the Recalled Device to ask for the Serial Number.

- For Recalled Devices registered in a Recall Program *before September 7, 2023* that will not (or cannot) be returned, the User must go to **www.RespironicsCPAP-ELSettlement.com** to confirm the User's name and address and choose a preferred payment option.

- If you have multiple Recalled Devices, you can get multiple Device Payment Awards.

- With limited exceptions, all submissions and returns must be made by ==**Claims Period Deadline.**==

</td></tr>
<tr><td>**Device Replacement Awards**</td><td>

If you spent your own money to purchase a comparable Replacement CPAP, BiPAP or ventilator to replace a Recalled Device *on or after* June 14, 2021 and *before* September 7, 2023, you may be eligible for a **Device Replacement Award** *in addition to* a Device Payment Award.

- Complete a Device Replacement claim form and provide all required documentation.

- The claim form is available at: **www.RespironicsCPAP-ELSettlement.com** or by calling 1-855-912-3432

- All submissions must be made by ==**Claims Period Deadline**==

</td></tr>
</table>

| USERS: **ACCELERATED PAYMENT OPTION ("AIO")** | |
| --- | --- |
| **Users** who return or have already returned their Recalled Devices can get paid quicker | If you have already returned or return your Recalled Device to Philips Respironics by <mark>Claims Period Deadline</mark>, you are eligible for the **Accelerated Implementation Option ("AIO")** to get your **Device Payment Award and $100 Device Return Award** quicker and without having to wait for the completion of any appeals.<br><br>Go to **www.RespironicsCPAP-ELSettlement.com**:<br><ul><li>elect the AIO;</li><li>sign the sworn attestation as to whether you used ozone cleaning products with your Recalled Device;</li><li>if you used ozone cleaning products, sign the assignment to Philips Respironics of your Economic Loss Claims against the ozone cleaning company;</li><li>sign the individual release of your Economic Loss Claims against the Released Parties; and</li><li>choose your payment option.</li></ul>**AIO Election by this Deadline:** <mark>**Claims Period Deadline or the completion of any appeals, whichever is later**</mark> |

| PAYERS: CASH BENEFITS | |
| --- | --- |
| **Payer Awards** | **Payers** are entities, such as insurers, self-funded employers, and other third-party payers, that reimbursed a payment by someone else for a Recalled Device.<br><br>You are eligible for a **Payer Award** if you submit a valid claim.<br><br>Go to **www.RespironicsCPAP-ELSettlement.com**:<br><ul><li>complete a Payer Declaration and Claim Form; and</li><li>provide documentation of number of insured lives covered and dollar amount of direct premiums written in the U.S. in 2021 and 2022.</li></ul>All submissions must be made by: <mark>**Claims Period Deadline**</mark> |

| SETTLEMENT CLASS MEMBERS WHO WISH TO EXCLUDE THEMSELVES FROM THE SETTLEMENT | |
|---|---|
| You can exclude yourself from the Settlement (opt-out) and receive no Settlement Payment or other Settlement benefits. | You must mail to the Settlement Administrator a valid request to opt out of the Settlement. <br><br> • If you exclude yourself from the Settlement, you also cannot object to the Settlement. <br><br> • Follow the instructions below in Question 27 or go to **www.RespironicsCPAP-ELSettlement.com** for more information. <br><br> • All requests for exclusion must be made by **Opt-Out/Objection Deadline** |

<br>

| SETTLEMENT CLASS MEMBERS WHO WISH TO OBJECT TO THE SETTLEMENT | |
|---|---|
| You can object to the Settlement but remain eligible for benefits | You must mail to the Settlement Administrator a valid objection to the Settlement. <br><br> • If you object to the Settlement, you cannot also opt out of the Settlement. <br><br> • Follow the instructions below in Question 31 or go to **www.RespironicsCPAP-ELSettlement.com** for more information. <br><br> • All objections must be made by **Opt-Out/Objection Deadline** |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail in the rest of this Notice and in the Settlement Agreement.

- The proposed Settlement benefits are related to, but separate and distinct from, any benefits provided under the Philips Respironics Recall Programs. If you are a **User** who did not register your Recalled Device in a Recall Program and you still have your Recalled Device, you may be eligible to receive a free Remanufactured Device or other benefits from Philips Respironics under the Recall Programs. Go to **www.philips.com/src-update** for more information about the Recall Programs and instructions on how to register.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves it and after any appeals are denied (except for the AIO, which provides accelerated payments before appeals are decided). This process can take time. Please be patient.

● This Notice will be published on the Settlement website in Spanish, and the Settlement Administrator will assist Settlement Class Members who speak Spanish and other foreign languages.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................**10**

  1.  Why did I get this Notice?.................................................................................10

  2.  What is this lawsuit about?.................................................................................10

  3.  What is a class action?.......................................................................................11

  4.  Why is there a proposed Settlement? ...............................................................11

**WHO IS IN THE PROPOSED SETTLEMENT CLASS?** ............................................**11**

  5.  How do I know if I am in the Settlement Class?...............................................11

**THE PROPOSED SETTLEMENT BENEFITS AND HOW TO GET A PAYMENT**.................**12**

  6.  How much will the Philips Defendants pay under the proposed Settlement? .....................12

  7.  What is the easiest way for Users who still have their Recalled Devices to maximize their Settlement payments?........................................................................12

  8.  How much are the Device Payment Awards for Users? ...................................13

  9.  How much are the Device Return Awards for Users? ......................................14

  10.  How much are the Device Replacement Awards for Users? ...........................14

  11.  What is the Extended Warranty on Remanufactured Devices? .......................14

  12.  What is the Accelerated Implementation Option for Users?............................15

  13.  What are the Settlement Benefits for Payers? (Payer Awards)........................15

  14.  How can I get a payment?  What steps do I need to take?................................15

  15.  I already registered my Recalled Device in a Recall Program.  Do I also need to enroll in the Settlement for that Recalled Device? ..................................................16

  16.  Where can I obtain more information about the Settlement and obtain a Claim Form?.....16

  17.  What is the deadline for submitting a claim?...................................................16

  18.  When will I get my payment? .........................................................................16

  19.  What am I giving up if I stay in the Class? .....................................................17

  20.  What claims against Ozone Cleaning Companies would, and would not, be assigned to Philips Respironics under the proposed Settlement? ................................................17

**WHAT OTHER STEPS CAN I TAKE?** ................................................................**17**

  21.  How can I monitor the progress of the proposed Settlement? ..........................17

  22.  How can I verify or update my contact information and choose my payment option? ......17

**THE LAWYERS REPRESENTING THE CLASS** .....................................................**18**

  23.  Do I have a lawyer in connection with the Economic Loss Claims that are the subject of this Settlement?..........................................................................................18

  24.  How will the lawyers who served as Class Counsel be paid?...........................18

  25.  Should I get my own lawyer?..........................................................................18

26.  Who are the Settlement Class Representatives and what will they get from the Settlement? ....................................................................................................................................18

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................................................**19**

27.  How do I get out of the Settlement?...................................................................................19

28.  If I don't opt out, can I sue the Philips Defendants for Economic Loss Claims later? .......19

29.  If I don't opt out, can I sue Ozone Cleaning Companies for Economic Loss Claims?.......20

30.  What happens if I opt out? ...............................................................................................20

**OBJECTING TO THE SETTLEMENT** ........................................................................................**20**

31.  How do I tell the Court that I have an objection to the Settlement? ...................................20

32.  What's the difference between objecting and opting out? ..................................................21

**THE COURT'S FINAL APPROVAL HEARING**...........................................................................**21**

33.  When and where will the Court decide whether to approve the proposed Settlement?......21

34.  Do I have to come to the Final Approval Hearing? ...........................................................21

35.  May I speak at the hearing?..............................................................................................21

**IF I DO NOTHING** ...............................................................................................................**22**

36.  What happens if I do nothing at all? .................................................................................22

**GETTING MORE INFORMATION** ...........................................................................................**22**

37.  Are more details about the Settlement available? .............................................................22

38.  How do I get more information?........................................................................................23

# BASIC INFORMATION

## 1. Why did I get this Notice?

A court authorized this Notice because individuals and entities residing in the United States (including its Territories and the District of Columbia), including military and diplomatic personnel stationed overseas, who either (a) purchased, leased, rented, paid for (in whole or in part), or were prescribed a Recalled Device ("**Users**"), or (b) reimbursed (in whole or part) a payment to purchase, lease, rent, or otherwise pay for a Recalled Device, including insurers, self-funded employers, and third-party payers ("**Payers**"), have the right to know about a proposed legal Settlement affecting them. The Recalled Devices are the CPAP, BiPAP, ventilator, and/or other devices sold, leased, rented or otherwise distributed in the United States identified in Question 8 below.

On the Settlement Website, **www.RespironicsCPAP-ELSettlement.com**, **Users** may look up their Recalled Device by Serial Number, Recall Registration Number (if applicable), or Claim ID Number (if available) to verify their CPAP, BiPAP, or ventilator is one of the Recalled Devices distributed in the United States, as identified in Question 8 below, and also to see what Device Payment Award they may be entitled to.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for those benefits, and how to get them. A full copy of the Settlement Agreement (along with other relevant documents) is available at **www.RespironicsCPAP-ELSettlement.com.** Capitalized terms in this Notice have the same meaning as defined in the Settlement Agreement.

Judge Joy Flowers Conti of the United States District Court for the Western District of Pennsylvania is presiding over this litigation. The litigation is called:  *In re Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation,* Master Docket No. 21-mc-1230-JFC, MDL No. 3014 (W.D. Pa.).

If the Settlement is approved, Judge Conti (or her successor) will retain jurisdiction over the Settlement, including the interpretation, implementation, administration, consummation, and enforcement of the Settlement and the Settlement Agreement.

## 2. What is this lawsuit about?

Plaintiffs assert Economic Loss Claims relating to the approximately 10.8 million Continuous Positive Airway Pressure ("CPAP") devices, Bi-Level Positive Airway Pressure ("BiPAP") devices, ventilators, and other devices sold or otherwise distributed in the United States (including its Territories and the District of Columbia) that were subsequently recalled (the "Recalled Devices") by Philips RS North America LLC ("Philips Respironics"). Plaintiffs allege that the particular type of noise-reducing foam used in the Recalled Devices was defective. Philips Respironics announced the Recall on June 14, 2021 and began the "Recall Programs" in September 2021 to replace certain of the Recalled Devices with remanufactured CPAPs, BiPAPs and ventilators that do not include the challenged foam (the "Remanufactured Devices") and/or to provide other compensation.

**This proposed Settlement is about the Recalled Devices, not the Remanufactured Devices**.

**This Settlement does not resolve claims for personal injury or medical monitoring. Those claims continue to be litigated**. Personal Injury Claims are for physical injuries you may have suffered as a result of using a Recalled Device, such as an illness or disease. Medical Monitoring Claims seek damages for

the cost of diagnostic testing for the early detection of as-yet-undetected or unidentified illness or disease from using a Recalled Device.

The Philips Defendants (Philips Respironics, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation) deny all of the allegations made in the litigation. They have also asserted numerous defenses to the claims in this case. The proposed Settlement is not an admission of liability or wrongdoing of any kind by the Philips Defendants. The Court has not decided that the Philips Defendants have done anything wrong.

## 3.   What is a class action?

In a class action, one or more individuals and/or entities called "class representatives" sue on behalf of themselves and others who have similar claims. This group of individuals and/or entities is called the "class," and the individuals and/or entities in the class are called "class members." The resolution of the class representatives' lawsuit resolves the claims for all Settlement Class Members, except those who exclude themselves from (*i.e.*, opt out of) the class.

## 4.   Why is there a proposed Settlement?

Both sides agreed to a proposed Settlement after extensive litigation and negotiations before a Court-appointed mediator with substantial experience mediating economic loss claims. Both sides agreed to this Settlement to avoid the costs, delays, and risks of a trial. Settlement Class Members can get compensation or other benefits from the Settlement. The class representatives and their attorneys think the Settlement is a good result for the Class. The Court did not decide in favor of the Plaintiffs or the Philips Defendants. There has been no determination that the Philips Defendants did anything wrong, and the Philips Defendants continue to deny any wrongdoing, liability or damage to class members. The Settlement is subject to approval by the Court.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS?

## 5.   How do I know if I am in the Settlement Class?

You are a member of the Settlement Class if you are a natural person or entity residing in the United States (including its Territories and the District of Columbia), including military and diplomatic personnel stationed overseas, who either:  (a) purchased, leased, rented, paid for (in whole or in part), or were prescribed a Recalled Device ("**Users**"), or (b) reimbursed (in whole or in part) a payment to purchase, lease, rent, or otherwise pay for a Recalled Device, including insurers, self-funded employers, and third-party payers ("**Payers**"). The Recalled Devices are listed below at Question 9 and defined in the Settlement Agreement at Section 1.37.

Excluded from the Settlement Class are:  (a) the Philips Defendants and their employees, officers, and directors; (b) the Judge, mediator and Special Masters assigned to the case; (c) individuals who have already released the Released Claims against one or more of the Philips Defendants pursuant to individual settlements or other resolutions; (d) Durable Medical Equipment ("DME") providers; (e) federal government payers; and (f) Settlement Class Counsel.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Settlement Administrator at 1-855-912-3432 for more information. You can also visit **www.RespironicsCPAP-ELSettlement.com** for more information or send an email to

**QUESTIONS? CALL 1-855-912-3432  /  VISIT: www.RespironicsCPAP-ELSettlement.com**

**Info@RespironicsCPAP-ELSettlement.com**. You can also look at the sticker with the Serial Number and other identifying information on your CPAP device, BiPAP device, or ventilator and go to the Settlement website to see if your device is one of the Recalled Devices. On the website, you can also look up your device by your Recall Registration Number (if you have one) or your Claim ID Number (if you have one).

### THE PROPOSED SETTLEMENT BENEFITS AND HOW TO GET A PAYMENT

| 6. How much will the Philips Defendants pay under the proposed Settlement? |
|---|

The Philips Defendants have agreed to pay a minimum of $445 million to compensate eligible **Users** for Device Payment Awards and Device Return Awards. To the extent this amount is not sufficient to pay all Device Payment Awards and Device Return Awards required by the Settlement, the Philips Defendants will make additional payments to pay all eligible **Users** who qualify for those payments under the Settlement.

The Philips Defendants will also pay **Users** up to an additional $15 million for Device Replacement Awards.

The Philips Defendants have agreed to pay $34 million for Payer Awards to eligible **Payers**.

In addition to making the payments described above, the Philips Defendants will also separately pay the reasonable costs to administer the Settlement, the amount the Court awards with respect to the motion for attorneys' fees and litigation expenses that will be filed by Settlement Class Counsel in connection with the Settlement, and any Service Awards the Court approves for the five Settlement Class Representatives. These payments will not reduce the amounts paid to Settlement Class Members.

The benefits provided by the proposed Settlement are related to, but separate and distinct from, any relief provided under the Philips Respironics Recall Programs. However, if the financial compensation to a particular **User** under the Settlement is greater than the financial compensation provided under the Recall Programs to the same **User**, or vice versa, nothing precludes that **User** from recovering the larger of the two *but not both*. Go to **www.RespironicsCPAP-ELSettlement.com** for further information and details.

| 7. What is the easiest way for Users who still have their Recalled Devices to maximize their Settlement payments? |
|---|

The easiest way for **Users** who still have their Recalled Devices to get a payment and maximize their payment is to return their Recalled Devices to Philips Respironics. If you return your registered or enrolled Recalled Device, you will get a $100 Device Return Award in addition to a Device Payment Award.

If you already registered your Recalled Device in a Recall Program, go to **www.RespironicsCPAP-ELSettlement.com** to receive a prepaid label to return your Recalled Device to Philips Respironics for free. If you have not registered your Recalled Device in a Recall Program and you want to return it, enroll your device in the Settlement at **www.RespironicsCPAP-ELSettlement.com** to receive a prepaid label to return your Recalled Device to Philips Respironics for free.

If you have multiple Recalled Devices that you are not using and would like to return them for additional Device Return Awards, enroll those devices in the Settlement and return them to Philips Respironics by getting prepaid return labels from the Settlement website. Even if you have not used your Recalled Devices for a long time, they can still be returned for a Device Return Award if you enroll them in the Settlement.

If you are still using your Recalled Device, you should consult with your physician before returning it to Philips Respironics.

The Enrollment Process is available for all Recalled Devices *except the Trilogy 100/200 Recalled Devices*; for those **Users** who still possess their Trilogy 100/200 Recalled Devices and wish to receive a Device Return Award, they should register their Trilogy 100/200 with Philips Respironics pursuant to a Recall Program and follow the process under the Recall Program. The **User**'s DME will reach out to the **User** to schedule a time to pick up the Trilogy 100/200 and install a Remanufactured Device.

## 8.  How much are the Device Payment Awards for Users?

If you are a **User**, you may be eligible for a **Device Payment Award** for each Recalled Device you purchased, leased, or rented. The amount of the award depends on the specific model of your Recalled Device:

| Recalled Device | User Device Payment Award (Per Device) |
|---|---:|
| System One 50 Series ASV4 (Auto SV4) | $469.14 |
| System One 50 Series Base | $69.14 |
| System One 50 Series BiPAP | $159.46 |
| System One 60 Series ASV4 (Auto SV4) | $424.32 |
| System One 60 Series Base | $68.24 |
| System One 60 Series BiPAP | $152.70 |
| C-series S/T, AVAPS (C-series and C-series HT) | $394.37 |
| DreamStation CPAP | $55.63 |
| DreamStation ASV | $379.50 |
| DreamStation ST, AVAPS | $329.05 |
| DreamStation BiPAP | $130.63 |
| DreamStation Go | $107.43 |
| E30 | $453.83 |
| OmniLab Advanced Plus | $165.99 |
| Trilogy 100/200, Garbin Plus, Aeris LifeVent | $1,552.25 |
| V30 auto | $67.12 |

These awards are based on the relative pricing of the devices. For example, a basic CPAP machine (DreamStation CPAP) is less expensive than a full ventilator system (Trilogy 100/200), and the Device Payment Awards take that relative pricing into account.

If more than one **User** makes a claim for a Device Payment Award with respect to the same Recalled Device (*e.g.*, a rental Recalled Device), the Device Payment Award will be allocated by the Settlement Administrator among those **Users** on a *pro rata* basis after Claims Period Deadline.

If a **User** returned their Recalled Device to Philips Respironics under warranty (outside of a Recall Program) and received another Recalled Device for free pursuant to that warranty, the **User** is *only* eligible for a Device Payment Award for the Recalled Device provided to the **User** for free under warranty, not the original Recalled Device returned to Philips Respironics under warranty.

If a **User** returned his or her Recalled Device under warranty (outside of a Recall Program) and received his or her full payment back, the **User** is not eligible for a Device Payment Award for the Recalled Device the **User** returned.

**Please keep in mind that if you returned a Recalled Device to Philips Respironics and received a Remanufactured Device from Philips Respironics, your potential claim for Settlement benefits is for the Recalled Device, not the Remanufactured Device.**

| **9.  How much are the Device Return Awards for Users?** |
| --- |

If you are a **User**, you are eligible for a **$100 Device Return Award** for each Recalled Device you return (or already returned) to Philips Respironics. The return deadline is <mark>Claims Period Deadline</mark>. The amount of the Device Return Award does not depend on the specific model of the Recalled Device.

Even if you have not used your Recalled Device for a long time, it can still be returned for a Device Return Award.

| **10.  How much are the Device Replacement Awards for Users?** |
| --- |

If you are a **User**, you may be eligible for a **Device Replacement Award** for money you spent to replace a Recalled Device with a comparable CPAP, BiPAP, or ventilator Replacement Device *on or after* June 14, 2021 and *before* September 7, 2023. This payment is in addition to the Device Payment Award for your Recalled Device that you replaced. To qualify, you had to purchase the Replacement Device before you received, or without receiving, a Remanufactured Device from Philips Respironics.

To receive a Device Replacement Award, you must submit a claim supported by the required information and documentation. Go to **www.RespironicsCPAP-ELSettlement.com** to obtain and complete a copy of the Device Replacement Award Claim Form and submit the required information and documentation. You must also return your Recalled Device (if you still have it) to Philips Respironics, and if you received a Remanufactured Device from Philips Respironics, you must return that as well.

The amount of a Device Replacement Award will depend on the amount paid by the **User** (not any payment made by insurance or a third-party payer) to purchase, lease, or rent the Replacement Device, the value of a device that is comparable to the replaced Recalled Device, as well as the number of valid Device Replacement Award claims submitted.

**Users** who receive Device Replacement Awards are also eligible for Device Payment Awards. However, except in certain circumstances, **Users** who receive Device Replacement Awards are not eligible for Device Return Awards. If you qualify for a Device Replacement Award, you should submit a Device Replacement claim form and provide all required documentation.

Visit the <mark>**Device Replacement Award Tab**</mark> at **www.RespironicsCPAP-ELSettlement.com** for more details.

| **11.  What is the Extended Warranty on Remanufactured Devices?** |
| --- |

If you are a **User** and you received or receive a Remanufactured Device as part of a Philips Respironics Recall Program, you will receive the following **extended warranty** from Philips Respironics:

- 2 years for materials and workmanship for Remanufactured Devices that have a different Serial Number from the associated Recalled Device; or

- 2 years for materials and workmanship on the repair work that was performed by Philips Respironics pursuant to the Recall Programs (not the entire Remanufactured Device) on Remanufactured Devices that have the same Serial Number as the associated Recalled Device.

The extended warranty begins (i) on the date of shipment to the **User** for Remanufactured Devices shipped by Philips Respironics directly to the **User**, and (ii) on the date the Remanufactured Device was set up for the **User** by the DME for Remanufactured Devices shipped by Philips Respironics to the DME.

| **12. What is the Accelerated Implementation Option for Users?** |
| --- |

**Users** who return (or already returned) their Recalled Devices to Philips Respironics by Claims Period Deadline can get paid more quickly – *i.e.*, before the completion of any appeals – *if* they complete the necessary forms for the Accelerated Implementation Option ("AIO"). To get an accelerated payment, go to **www.RespironicsCPAP-ELSettlement.com** and complete the necessary AIO forms. The deadline to elect the AIO is the Claims Period Deadline or the completion of any appeals from MDL Court Final Approval, whichever is later. To be eligible for the AIO, you must return your Recalled Device to Philips Respironics by Claims Period Deadline.

In exchange for an accelerated Device Payment and Device Return Award, **Users** will be required to (a) provide the Philips Defendants and the other Released Parties with an individual release of their Economic Loss Claims, including both known and unknown claims, (b) make a sworn attestation as to whether they used ozone cleaning with their Recalled Device, and (c) if they used ozone cleaning, submit a signed individual assignment to Philips Respironics of all their Economic Loss Claims against the manufacturer of their ozone cleaner.

**Users** who rented a Recalled Device are not eligible for accelerated payments. Device Replacement Awards are also not subject to an accelerated payment option.

| **13. What are the Settlement Benefits for Payers? (Payer Awards)** |
| --- |

If you are a **Payer**, you may qualify for a **Payer Award** from the $34 million fund established for Payer Awards. Payer Awards will be calculated based on each Eligible **Payer's** relative market share (aggregated among all Eligible **Payers**) based on the number of insured lives covered by the Eligible **Payer** in the United States and the dollar amount of direct premiums written by the Eligible **Payer** in United States in the calendar years 2021 and 2022 ("Market Share Percentage"). The Settlement Administrator will determine each Eligible **Payer's** Market Share Percentage based on industry data and the information provided in the Eligible **Payer's** Declaration and Claim Form.

**Payers** are **not** eligible for Device Payment, Device Return or Device Replacement Awards, and are not eligible for accelerated payments.

Go to **www.RespironicsCPAP-ELSettlement.com** and click on the Payer Tab, or call 1-855-912-3432, for more details.

| **14. How can I get a payment?  What steps do I need to take?** |
| --- |

The charts on pages 3-6 above summarize the steps that must be taken by **Users**, and the deadlines, to get a Device Payment Award, Device Return Award, and/or Device Replacement Award under the Settlement. Go to **www.RespironicsCPAP-ELSettlement.com** for more information and to submit a claim, if necessary. **The easiest way for Users who still have their Recalled Devices to get a payment and maximize that payment is to return their Recalled Devices(s) to Philips Respironics**.

**Payers must submit a Declaration and Claim Form supported by the required information and documentation to get a Payer Award. Visit the Payer Tab at www.RespironicsCPAP-ELSettlement.com for details.**

### 15.  I already registered my Recalled Device in a Recall Program.  Do I also need to enroll in the Settlement for that Recalled Device?

No. If you already registered your Recalled Device in a Philips Respironics Recall Program, you do not separately need to enroll that device in this Settlement. The information from your registration will be provided to the Settlement Administrator. However, please go to **www.RespironicsCPAP-ELSettlement.com** to confirm or update your contact information, as well as to choose your preferred payment option.

### 16.  Where can I obtain more information about the Settlement and obtain a Claim Form?

You can obtain more information about the Settlement and submit a claim, if necessary, by going to **www.RespironicsCPAP-ELSettlement.com**. This Settlement website offers an interactive feature that will help you determine the benefits available to you, and you can confirm or provide your contact information.

You can also submit a paper claim by downloading a claim form at **www.RespironicsCPAP-ELSettlement.com** and mailing it, along with any necessary supporting documentation, to Respironics CPAP Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. You can also call the Settlement Administrator at 1-855-912-3432 and they will mail you a paper claim form.

### 17.  What is the deadline for submitting a claim?

The deadline for taking any steps required under the Settlement to receive a payment is **Claims Period Deadline**.

### 18.  When will I get my payment?

It is too early to answer this question. The Court will hold a hearing on _____, 2024 at ___ a.m., to decide whether to approve the Settlement. The Court may move the Final Approval Hearing to a different date or time without providing further notice to the Settlement Class. The date and time of the Final Approval Hearing can be confirmed at **www.RespironicsCPAP-ELSettlement.com**. Please check it regularly for updates.

However, even if the Court approves the Settlement, there may be appeals that further delay payments unless you are a **User** who qualifies for and elects the Accelerated Implementation Option. Please be patient.

### 19.  What am I giving up if I stay in the Class?

Unless you timely exclude yourself from the Settlement Class with a valid opt-out request (see Questions 27-30), your Economic Loss Claims will be released, and you ***cannot*** sue, continue to sue, or be part of any other lawsuit against the Philips Defendants or the other Released Parties seeking to recover for Economic Loss Claims. Any such Economic Loss Claims by you will be barred whether or not you complete the steps necessary to receive a payment under the proposed Settlement. **You may, however, pursue claims for personal injury or medical monitoring; those claims are not released by this proposed Settlement.**

In addition, if you do not timely and validly opt out of the Settlement, you will assign to Philips Respironics any Economic Loss Claims you may have against Ozone Cleaning Companies.

Details regarding the "Releases" and "Assignment" are in Sections 4 and 5 of the Settlement Agreement, which can be viewed at **www.RespironicsCPAP-ELSettlement.com**.

### 20.  What claims against Ozone Cleaning Companies would, and would not, be assigned to Philips Respironics under the proposed Settlement?

Under the proposed Settlement, with one exception (discussed below), you would assign to Philips Respironics all of your Economic Loss Claims against Ozone Cleaning Companies relating to any use of an Ozone Cleaning Product. For example, if you used an Ozone Cleaning Product with your Recalled Device, and the Ozone Cleaning Product caused damage to your device, any claim you may have against the Ozone Cleaning Company for that property damage would be assigned to Philips Respironics. The assignment does ***not*** encompass any claims for medical monitoring or personal injury against Ozone Cleaning Companies. Also, the assignment does ***not*** encompass the claims that have been asserted against SoClean, Inc. in the *First Consolidated Amended Class Action Complaint and Jury Trial Demand* in *In re: SoClean, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3021 (Docket No. 141). In that case, plaintiffs do not allege damage to their property but instead allege that they overpaid for the Ozone Cleaning Products of one Ozone Cleaning Company (SoClean, Inc.), and should receive some or all of their purchase price back.

## WHAT OTHER STEPS CAN I TAKE?

### 21.  How can I monitor the progress of the proposed Settlement?

Updates regarding the proposed Settlement, including the timing of the Final Fairness Hearing, will be posted at **www.RespironicsCPAP-ELSettlement.com**. If you visit that website and input your Claim ID Number (which can be found on the Notice you received via postal mail and/or email notifying you about the Settlement), you will get automatic updates regarding the proposed Settlement.

### 22.  How can I verify or update my contact information and choose my payment option?

All Settlement Class Members can update their contact information and choose their preferred payment option by visiting **www.RespironicsCPAP-ELSettlement.com**, or by sending an email to **Info@RespironicsCPAP-ELSettlement.com**, or by calling 1 855-912-3432.

Payment options for **Users** are Zelle, Virtual Mastercard, or paper check. **Payers** may choose ACH payment or paper check. Processing times for paper check will be longer.

**QUESTIONS? CALL 1-855-912-3432  /  VISIT: www.RespironicsCPAP-ELSettlement.com**

## THE LAWYERS REPRESENTING THE CLASS

**23.  Do I have a lawyer in connection with the Economic Loss Claims that are the subject of this Settlement?**

Yes. The Court appointed the following lawyers to represent you and the other Settlement Class Members: Christopher A. Seeger of Seeger Weiss; Sandra L. Duggan of Levin Sedran & Berman; Steven A. Schwartz of Chimicles Schwartz Kriner & Donaldson-Smith LLP; Kelly K. Iverson of Lynch Carpenter, LLP; Roberta D. Liebenberg of Fine, Kaplan and Black, R.P.C.; Lisa Ann Gorshe of Johnson Becker PLLC; and Arthur H. Stroyd, Jr. of Del Sole Cavanaugh Stroyd LLC.

These firms are called Settlement Class Counsel. You will not be charged for their services.

**24.  How will the lawyers who served as Class Counsel be paid?**

In addition to the payments described above to Settlement Class Members, the Philips Defendants have agreed to pay the amount the Court awards with respect to the motion for attorneys' fees and reimbursement of costs and expenses that will be filed by Settlement Class Counsel. Settlement Class Counsel will seek an award of attorneys' fees and reimbursement of costs and expenses in the aggregate amount of $95,000,000.  The Philips Defendants will not oppose the motion.

The amount of attorneys' fees, costs and expenses awarded by the Court will not reduce the payments to Settlement Class Members.

A copy of Settlement Class Counsel's Motion for Attorneys' Fees and Expenses will be available 30 days prior to Opt-Out/Objection Deadline at **www.RespironicsCPAP-ELSettlement.com**.

**25.  Should I get my own lawyer?**

You do not need to hire your own lawyer because Settlement Class Counsel are working on your behalf in connection with the Economic Loss Claims. If you want your own lawyer, you may hire one at your own expense. For example, you can ask your own lawyer to appear in Court if you want someone other than Settlement Class Counsel to speak for you, and you follow the necessary steps to appear. You may also appear for yourself without a lawyer if you follow the necessary steps to do so discussed in Question 35 below.

**26.  Who are the Settlement Class Representatives and what will they get from the Settlement?**

The Settlement Class Representatives are: Elizabeth Heilman, Peter and Julie Barrett, and Ivy Creek of Tallapoosa LLC d/b/a Lake Martin Community Hospital, who are **Users**; and ASEA/AFSCME Local 52 Health Benefits Trust, which is a **Payer**. Settlement Class Counsel will ask the Court to award each Settlement Class Representative $5,000 as a Service Award for their efforts in serving as a class representative in connection with this proposed Settlement. Other than this potential award, the Settlement Class Representatives will be eligible for the same Settlement benefits as every other Settlement Class Member in the same situation. Settlement Class Counsel will assert to the Court that the Service Awards are reasonable because the Settlement Class Representatives agreed to serve in that capacity and spent significant time consulting with counsel in connection with this proposed Settlement.

The Service Awards approved by the Court will be paid by the Philips Defendants separate and apart from

the other Settlement payments described in this notice and will not reduce the payments to Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment or any other benefits from the Settlement and you want to keep your ability to sue the Philips Defendants or the other Released Parties or Ozone Cleaning Companies for any Economic Loss Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement Class.

| 27.  How do I get out of the Settlement? |
|---|

You may opt out of the Settlement by mailing an opt out request to the Claims Administrator at:

Respironics CPAP Settlement
Attn:  Exclusions
P.O. Box 58220
Philadelphia, PA 19102

**Users** who desire to opt out of the Settlement must mail a written request to opt out stating that they seek exclusion from the Settlement and providing their name, address, telephone number, and email, if any, as well as the same information regarding their counsel (if applicable). In addition, Users must provide in their opt-out request any of the following three pieces of information for each of their Recalled Devices: (a) the Serial Number; (b) the Recall Registration Number (if they have one); and/or (c) their Claim ID Number provided by the Settlement Administrator (if they have one). If none of those three pieces of information is available, then the User must provide in their opt-out request the model of the Recalled Device(s) they have or had; the year of acquisition; and the type of acquisition (*i.e.*, purchase, lease, or rental).

**Payers** who desire to opt out of the Settlement must mail a written request to opt out stating that they seek exclusion from the Settlement and providing the full name of the Payer plan, address, telephone number, and email, the number of lives insured by the **Payer** in the United States in 2021 and 2022, the number of direct premiums written in the United States in 2021 and 2022, and the Claim ID Number provided by the Settlement Administrator (if available).

**Incomplete opt-outs are invalid.**

To be valid and effective, an original request to opt-out must be signed by the Settlement Class Member or the Settlement Class Member's Representative Claimant, but not by the Settlement Class Member's counsel, if any, or anyone else. Representative Claimants must supply the Settlement Administrator with written proof that such person has legal authority to act in a representative capacity for the Settlement Class Member. **Mass opt-outs are not permitted**, and each Settlement Class Member may only opt out on behalf of himself, herself, or itself. **Electronic signatures (other than DocuSign) are not valid and effective, whether for Settlement Class Members or Representative Claimants.**

**The opt-out request must be postmarked no later than** <mark>Opt-Out/Objection Deadline</mark> **or it will be denied as untimely and invalid.**

| 28.  If I don't opt out, can I sue the Philips Defendants for Economic Loss Claims later? |
|---|

No. Unless you submit a timely and valid opt out, if the Settlement is approved, you give up the right to bring any Economic Loss Claims against the Philips Defendants or the other Released Parties. Any such

Economic Loss Claims by you will be barred whether or not you complete the steps necessary to receive a settlement payment. You must exclude yourself from the Settlement Class if you want to try to pursue your own lawsuit for Economic Loss Claims against the Philips Defendants or the other Released Parties.

**Remaining in the Settlement Class does not affect any personal injury or medical monitoring claims you may have**.

### 29.  If I don't opt out, can I sue Ozone Cleaning Companies for Economic Loss Claims?

No. If you do not opt out and the Settlement is approved, you will assign to Philips Respironics your Economic Loss Claims against Ozone Cleaning Companies.

### 30.  What happens if I opt out?

If you submit a timely and valid request to opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment or other benefits provided by the Settlement; you will not be able to object to the Settlement; and you will keep the right, if any, to sue on any Economic Loss Claims.

## OBJECTING TO THE SETTLEMENT

### 31.  How do I tell the Court that I have an objection to the Settlement?

If you are a Settlement Class Member and do not opt out of the Settlement, you can object to the Settlement (or any aspect of it) by mailing an objection to the Settlement Administrator. You can also object to the amount sought in the motion for attorneys' fees and costs that will be filed by Settlement Class Counsel, or the proposed Service Awards to the Settlement Class Representatives. The Court will consider your views. You can't ask the Court to compel the parties to agree to a different Settlement; the Court can only approve or reject the proposed Settlement as presented and explain its reasons for doing so. If the Court denies approval, no Settlement payments will be made, and the lawsuit will continue unless the parties negotiate a revised Settlement.

Any objection to the proposed Settlement must be in writing and mailed to the Settlement Administrator at the following address:  Respironics CPAP Settlement, Attn:  Objections, P.O. Box 58220, Philadelphia, PA 19102. **The postmark deadline for any objection is ==Opt-Out/Objection Deadline==. Any objections that are not postmarked by ==Opt-Out/Objection Deadline== are untimely and invalid**.

All objections must state that you object to the proposed Settlement in *In re Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation,* Master Docket No. 21-mc-1230-JFC, MDL No. 3014 (W.D. Pa.).

All objections also must state with specificity the grounds for the objection. Any objection must include a statement whether the Settlement Class Member intends to appear at the Final Fairness Hearing either with or without the objector's counsel (who must be identified).

Any objection must include the objector's name, mailing address, email address, if any (an email address is not required), and telephone number of the objecting Settlement Class Member and his, her or its counsel (if any), and the Claim ID Number (if available) provided by the Settlement Administrator (if available).

The objection must be signed by the Settlement Class Member. Any objection not submitted in full compliance with these terms and procedures are invalid and deemed waived.

If you make a timely and valid written objection, you may (but are not required to) appear at the Final Approval Hearing, either in person or through your own attorney, provided that you state that intention to appear in the objection itself. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

**32.  What's the difference between objecting and opting out?**

Objecting is telling the Court that you don't like something about the proposed Settlement. You can object to the proposed Settlement only if you do not exclude yourself from the Settlement Class. You can still get the Settlement benefits if it is approved over your objection.

Excluding yourself from the proposed Settlement is opting out and telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you.

You cannot opt out of the Settlement and object to it.

## THE COURT'S FINAL APPROVAL HEARING

**33.  When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Final Approval Hearing on _____, 2024 at ____m., in Courtroom 5A of the Joseph F. Weiss, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to Settlement Class Members (or their counsel) who have timely and properly asked to speak at the hearing. The Court will then decide whether to approve the Settlement.

The Court may also decide the motion for attorneys' fees and costs that will be filed by Settlement Class Counsel, and how much the Settlement Class Representatives should receive in Service Awards.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. The date of the Final Approval Hearing may change without further notice to Settlement Class Members. Be sure to check the website, **www.RespironicsCPAP-ELSettlement.com**, for news of any such changes. You can also access the case docket 21-mc-1230 via the Court's Public Access to Court Electronic Records (PACER) system at **https://ecf.pawd.uscourts.gov** or access the Court's public information website for the litigation at: **https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation**.

**34.  Do I have to come to the Final Approval Hearing?**

No. Settlement Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you mail an objection to the Settlement Administrator, you do not have to come to the hearing to talk about it. As long as you meet the requirements for objections, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

**35.  May I speak at the hearing?**

**QUESTIONS? CALL 1-855-912-3432  /  VISIT: www.RespironicsCPAP-ELSettlement.com**

You may ask the Court for permission for you or your own lawyer (hired at your own expense) to speak at the Final Approval Hearing. To do so, you must include a statement in your written objection (see Question 31) that you and/or your lawyer intend to appear at the hearing. Be sure to meet all the objection requirements (see Question 31).

You cannot speak at the hearing or send your own lawyer to speak on your behalf if you exclude yourself from the Settlement Class.

## IF I DO NOTHING

| 36.  What happens if I do nothing at all? |
| --- |

If you take no action at all, you will get no Settlement payment unless you are a **User** that registered your Recalled Device as part of a Recall Program and already returned it to Philips Respironics, qualifying you for an Automatic Payment. If you are a **User** who qualifies for an Automatic Payment, you will be sent a check for your automatic Device Payment Award and Device Return Award to your last known address if you do nothing further. But to ensure your information is up to date, please go to **www.RespironicsCPAP-ELSettlement.com** to verify or update your contact information, provide the Serial Number of your Recalled Device and/or Recall Registration Number to expedite your payment, and confirm your preferred payment option.

**All other Settlement Class Members** <u>must</u> take some further action to receive a payment. See the charts on pages 3-6 above. If you do nothing, you'll be a Settlement Class Member but you won't get a payment from this Settlement.

If you are a Settlement Class Member and you do not exclude yourself as explained in Question 27, you will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Philips Defendants, the other Released Parties, and/or Ozone Cleaning Companies for Economic Loss Claims. Any such Economic Loss Claims by you will be barred whether or not you complete the steps necessary to receive a Settlement payment. **However, any claim you may have for personal injury or medical monitoring will not be affected even if you do nothing**.

## GETTING MORE INFORMATION

| 37.  Are more details about the Settlement available? |
| --- |

Yes. This Notice simply summarizes the proposed Settlement. The specific details are in the Settlement Agreement and other case documents. You can get a copy of these and other documents at **www.RespironicsCPAP-ELSettlement.com**, by emailing **Info@RespironicsCPAP-ELSettlement.com**, by calling 1-855-912-3432, by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at: **https://ecf.pawd.uscourts.gov** or access the Court's public information website for the litigation at: **https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation**, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Pennsylvania located at Joseph F. Weiss, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219 between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| 38.  How do I get more information? |
|---|

The Settlement Website, **www.RespironicsCPAP-ELSettlement.com**, has relevant information about the Settlement, including claim forms, answers to questions about the Settlement and relevant pleadings filed with the Court. These documents will tell you more about the Settlement and help you determine whether you are eligible for a payment.

You can also call 1-855-912-3432 or write to the Claims Administrator at:

Respironics CPAP Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

Settlement Class Counsel can also be reached using the following contact information: **ClassCounsel@RespironicsCPAP-ELSettlement.com**.

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(b)

**A PROPOSED CLASS ACTION SETTLEMENT WILL PAY YOU $100 TO RETURN YOUR CPAP, BiPAP, OR VENTILATOR RECALLED BY PHILIPS RESPIRONICS**

As explained in more detail in the enclosed Notice of Proposed Class Action Settlement, a proposed settlement has been submitted for approval by the Court.

You are receiving this additional notification because you have already registered your CPAP, BiPAP or Ventilator device in the Philips Respironics Recall Program, but you have not yet returned your Recalled Device.

If the proposed settlement is approved, in addition to receiving a **Device Payment Award**, you can also receive a **$100 Device Return Award** if you return your Recalled Device before [Claims Period Deadline].

Please visit www.RespironicsCPAP-ELSettlement.com or call toll-free 1-855-912-3432 for more information about the proposed settlement and instructions on how to get a prepaid label to return your Recalled Device so that you qualify for the $100 Device Return Award.

**Para la notificación en español, visite el sitio web www.RespironicsCPAP-ELSettlement.com ¿Preguntas? Llame 1-855-912-3432**

Settlement Agreement Exhibit 3(b): Targeted Paper Notice to Non-Trilogy Users (Enclosed with FAQs)

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(c)

**A PROPOSED CLASS ACTION SETTLEMENT WILL PAY YOU $100 AFTER YOUR DME REPLACES YOUR RECALLED TRILOGY 100/200 VENTILATOR WITH A FREE REMANUFACTURED VENTILATOR**

As explained in more detail in the enclosed Notice of Proposed Class Action Settlement, a proposed settlement has been submitted for approval by the Court.

You are receiving this additional notification because you have already registered your Trilogy 100/200 Ventilator in the Philips Respironics Recall Program. At the appropriate time, your DME will be reaching out to you to schedule a time to retrieve your Trilogy 100/200 and install a Remanufactured Device. If you allow the DME to do this, and the proposed settlement is approved, you will receive a **$100 Device Return Award** and also a **Device Payment Award**.

Please visit www.RespironicsCPAP-ELSettlement.com or call toll-free 1-855-912-3432 for more information about the proposed settlement.

**Para la notificación en español, visite el sitio web www.RespironicsCPAP-ELSettlement.com ¿Preguntas? Llame 1-855-912-3432**

Settlement Agreement Exhibit 3(c): Targeted Paper Notice to Trilogy Users (Enclosed with FAQs)

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(d)

To:       ==User Email Address==
From:     Settlement Administrator
Subject:  Notice of Proposed Class Action Settlement – *In re Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation*
          Para la notificación en español, visite el sitio web www.RespironicsCPAP-ELSettlement.com

---

**Claim ID: <<==Claim ID==>>**

**Confirmation Code: <<==Confirmation Code==>>**

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

***A court authorized this Notice.  This is not a solicitation from a lawyer.***

---

**If you paid for a Philips Respironics CPAP, BiPAP or Ventilator that was recalled, you may be eligible for a cash award from a proposed class action settlement.**

- A proposed Settlement has been reached in a U.S. class action lawsuit alleging Economic Loss Claims related to the purchase, lease, or rental of certain CPAPs, BiPAPs, and ventilators that Philips Respironics recalled beginning in June 2021. These devices were sold in the U.S. between 2008 and 2021.

- **The Settlement does *not* affect or release any claims for alleged personal injuries or medical monitoring relief.**

- Eligible Users are entitled to:

    o  a **Device Payment Award** for each Recalled Device they purchased, leased, or rented.  The amount for each specific device model is listed in the table below;

    o  a **Device Return Award of $100** for each Recalled Device they purchased, leased, rented, or were prescribed that they have already returned or that they return to Philips Respironics by ==Claims Period Deadline==; and/or

    o  a **Device Replacement Award** if they spent their own money to purchase a comparable CPAP, BiPAP, or ventilator *on or after* June 14, 2021 and *before* September 7, 2023 to replace a Recalled Device.

- **Users who return their Recalled Device to Philips Respironics by ==Claims Period Deadline== (as part of a Recall Program or by Enrolling in the Settlement) will be entitled to a $100 Device Return Award and a Device Payment Award <u>without the need to submit a claim form</u>.**

- **Visit www.RespironicsCPAP-ELSettlement.com for instructions on how to obtain a prepaid label to return your Recalled Device.  Returning your Recalled Device will help you maximize your payments from the proposed Settlement.** If you are still using your Recalled Device, please consult with your physician before returning your Recalled Device.

Settlement Agreement Exhibit 3(d): Summary Email Notice for Users

- For Users who have not already returned their Recalled Device and do not still have it, review the charts on the following pages for more information on your options.

- **The charts below summarize your rights and options. More details, including a full copy of the Notice, which has Frequently Asked Questions ("FAQs"), the full Settlement Agreement, and other relevant documents, are available at www.RespironicsCPAP-ELSettlement.com.** Capitalized terms in this Notice have the same meaning as defined in the Settlement Agreement**.**

| USERS: SUMMARY OF AVAILABLE CASH BENEFITS |
|---|
| **Users** *will receive a $100* Device Return Award in addition to a Device Payment Award *if they return their Recalled Device* as part of a Recall Program or by Enrolling in the Settlement.<br><br>An interactive website is available to guide you through your choices: **www.RespironicsCPAP-ELSettlement.com**. |

| | |
|---|---|
| **Device Return Awards** | $100 for each Recalled Device returned to Philips Respironics.<br><br>• You will obtain a Device Return Award if you return (or already returned) your Recalled Device as part of a Recall Program or by Enrolling in the Settlement at **www.RespironicsCPAP-ELSettlement.com**, where you can also confirm your name and address and choose your payment option.<br><br>• If you still have your Recalled Device and want to return it, a free prepaid label is available at: **www.RespironicsCPAP-ELSettlement.com**.<br><br>• If you have multiple Recalled Devices and you return them, you can get multiple Device Return Awards.<br><br>• If you are still using your Recalled Device, please consult with your physician before returning your device.<br><br>• With limited exceptions, all submissions and returns must be made by ==Claims Period Deadline==. |
| **Device Payment Awards** | The amount of each Device Payment Award depends on the type of Recalled Device. A chart setting forth the Device Payment Awards per device is below.<br><br>• On the Settlement website, Users may look up their Recalled Device by Serial Number, Recall |

<table>
<tr>
<td></td>
<td>Registration Number (if applicable), or Claim ID Number (if available) to see what Device Payment Award they may be entitled to.

- No claim form is needed for a Recalled Device if you registered it in a Recall Program or Enroll it in the Settlement at: **www.RespironicsCPAP-ELSettlement.com** *and* you return or have already returned it.

- For all other Recalled Devices, Users must submit a Device Payment Award claim form, unless the User registered the Recalled Device in a Recall Program *before September 7, 2023*.

  The Device Payment Award claim form is available at: **www.RespironicsCPAP-ELSettlement.com**, or by calling 1-855-912-3432.

  You will need the Serial Number of your Recalled Device to complete the claim form. If you do not still have your Recalled Device, you can obtain the Serial Number by referring to the paperwork you received when you obtained the Recalled Device, or contact the DME or other company where you obtained the Recalled Device to ask for the Serial Number.

- For Recalled Devices registered in a Recall Program *before September 7, 2023* that will not (or cannot) be returned, the User must go to **www.RespironicsCPAP-ELSettlement.com** to confirm the User's name and address and choose a preferred payment option.

- If you have multiple Recalled Devices, you can get multiple Device Payment Awards.

- With limited exceptions, all submissions and returns must be made by <mark>Claims Period Deadline</mark>.</td>
</tr>
<tr>
<td>**Device Replacement Awards**</td>
<td>If you spent your own money to purchase a comparable Replacement CPAP, BiPAP or ventilator to replace a Recalled Device *on or after* June 14, 2021 and *before* September 7, 2023, you may be eligible for a Device Replacement Award *in addition to* a Device Payment Award.</td>
</tr>
</table>

| | <ul><li>Complete a Device Replacement claim form and provide all required documentation.</li><li>The claim form is available at: **www.RespironicsCPAP-ELSettlement.com** or by calling 1-855-912-3432.</li><li>All submissions must be made by ==**Claims Period Deadline**==.</li></ul> |
|---|---|

| **USERS: ACCELERATED PAYMENT OPTION ("AIO")** | |
|---|---|
| **Users** who return or have already returned their Recalled Devices can get paid quicker | If you have already returned or return your Recalled Device to Philips Respironics by ==Claims Period Deadline==, you are eligible for the **Accelerated Implementation Option ("AIO")** to get your **Device Payment Award and $100 Device Return Award** quicker and without having to wait for the completion of any appeals.<br><br>Go to **www.RespironicsCPAP-ELSettlement.com**:<ul><li>elect the AIO;</li><li>sign the sworn attestation as to whether you used ozone cleaning products with your Recalled Device;</li><li>if you used ozone cleaning products, sign the assignment to Philips Respironics of your Economic Loss Claims against the ozone cleaning company;</li><li>sign the individual release of your Economic Loss Claims against the Released Parties; and</li><li>choose your payment option.</li></ul>**AIO Election by this Deadline:** ==**Claims Period Deadline** **or the completion of any appeals, whichever is later**== |

| **SETTLEMENT CLASS MEMBERS WHO WISH TO EXCLUDE THEMSELVES FROM THE SETTLEMENT** | |
|---|---|
| You can exclude yourself from the Settlement (opt-out) and receive no Settlement Payment or other Settlement benefits. | You must mail to the Settlement Administrator a valid request to opt out of the Settlement.<ul><li>If you exclude yourself from the Settlement, you also cannot object to the Settlement.</li><li>Go to **www.RespironicsCPAP-ELSettlement.com** for more information on how to opt out of the Settlement.</li></ul> |

| | • All requests for exclusion must be made by **Opt-Out/Objection Deadline** |
| --- | --- |

| **SETTLEMENT CLASS MEMBERS WHO WISH TO OBJECT TO THE SETTLEMENT** | |
| --- | --- |
| You can object to the Settlement but remain eligible for benefits | You must mail to the Settlement Administrator a valid objection to the Settlement. <br> • If you object to the Settlement, you cannot also opt out of the Settlement. <br><br> • Go to **www.RespironicsCPAP-ELSettlement.com** for more information on how to object to the Settlement. <br><br> • All objections must be made by **Opt-Out/Objection Deadline** |

- Your rights are affected whether you take any action in response to this Notice or you do not. If the proposed Settlement is approved, and you do not opt out, you will release your Economic Loss Claims against the Philips Defendants and the other Released Parties and assign to Philips Respironics your Economic Loss Claims against manufacturers of ozone cleaners.  Please read this Notice carefully.

**Why am I receiving this Notice?**

A court authorized this Notice because individuals and entities residing in the United States (including its Territories and the District of Columbia), and military and diplomatic personnel stationed overseas, who purchased, leased, rented, paid for (in whole or in part), or were prescribed a Recalled Device (called "Users") have the right to know about a proposed legal Settlement affecting them.  The Recalled Devices are the CPAP, BiPAP, ventilator, and/or other devices sold, leased, rented or otherwise distributed in the United States identified in the chart below.

If you are a User, you can get a payment if you meet the standards to qualify for a payment.

**What are the Settlement Benefits?**

Users may be eligible for a **Device Return Award**, a **Device Payment Award**, and/or a **Device Replacement Award**.

The **Device Return Awards** are **$100** for each Recalled Device a User returns to Philips Respironics by Claims Period Deadline.  If you have multiple Recalled Devices and you return them, you can get multiple Device Return Awards.  The amount of the Device Return Award does not depend on the specific model of the Recalled Device.  You can get a prepaid label at

www.RespironicsCPAP-ELSettlement.com to return your Recalled Devices for free.  That is the easiest way to get paid and maximize your payment because you will qualify for both a Device Payment Award and a Device Return Award for each Recalled Device you return.

Please note that for those Users who still possess their Trilogy 100/200 Recalled Devices and wish to get a $100 Device Return Award, they should register their Trilogy 100/200 with Philips Respironics pursuant to its Recall Program and follow the process under the Recall Program.  The User's DME will reach out to the User to schedule a time to pick up the Trilogy 100/200 and install a Remanufactured Device.

The amount of the **Device Payment Awards** for Users depends on the specific model of the Recalled Device, as reflected in the following table:

| Recalled Device | User Device Payment Award (Per Device) |
|---|---|
| System One 50 Series ASV4 (Auto SV4) | $469.14 |
| System One 50 Series Base | $69.14 |
| System One 50 Series BiPAP | $159.46 |
| System One 60 Series ASV4 (Auto SV4) | $424.32 |
| System One 60 Series Base | $68.24 |
| System One 60 Series BiPAP | $152.70 |
| C-series S/T, AVAPS (C-series and C-series HT) | $394.37 |
| DreamStation CPAP | $55.63 |
| DreamStation ASV | $379.50 |
| DreamStation ST, AVAPS | $329.05 |
| DreamStation BiPAP | $130.63 |
| DreamStation Go | $107.43 |
| E30 | $453.83 |
| OmniLab Advanced Plus | $165.99 |
| Trilogy 100/200, Garbin Plus, Aeris LifeVent | $1,552.25 |
| V30 auto | $67.12 |

These awards are based on the relative pricing of the devices. For example, a basic CPAP machine (DreamStation CPAP) is less expensive than a full ventilator system (Trilogy 100/200), and the Device Payment Awards take that relative pricing into account.

If you have multiple Recalled Devices, you can get multiple Device Payment Awards.

Users who paid out of pocket for a CPAP, BiPAP, or ventilator device to replace a Recalled Device *on or after* June 14, 2021 and *prior to* September 7, 2023 and either (a) did not obtain a Remanufactured Device from a Philips Respironics Recall Program, or (b) replaced a Recalled Device prior to receiving a Remanufactured Device from a Philips Respironics Recall Program, may qualify for a **Device Replacement Award**.  This payment is *in addition to* the Device Payment Award for your Recalled Device that you replaced. Visit the Device Replacement Award Tab at www.RespironicsCPAP-ELSettlement.com for details.

In addition to making the payments described above, the Philips Defendants will also separately pay the reasonable costs to administer the Settlement, the amount the Court awards with respect to the motion for attorneys' fees and litigation expenses that will be filed by Settlement Class Counsel, and any Service Awards the Court approves for the five Settlement Class Representatives.

The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made if the Court approves the proposed Settlement and after any appeals are resolved in favor of upholding the Settlement (except for the AIO, which provides accelerated payments before appeals are decided).  This process can take time.  Please be patient.

**What are My Other Options?**

You may **Opt-Out** of or **Object** to the Settlement by <mark>Opt-Out/Objection Deadline</mark>.  Please visit www.RespironicsCPAP-ELSettlement.com for more information on how to Opt-Out of or Object to the Settlement.  You cannot both Opt-Out of and Object to the Settlement.

If you submit a timely and valid request to opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the proposed Settlement; you will not receive any payment or other benefits provided by the Settlement; you will not be able to object to the Settlement; and you will keep the right, if any, to sue for any Economic Loss Claims.

If you **Do Nothing**, you will be legally bound by the terms of the Settlement, and you will release your Economic Loss Claims against the Philips Defendants and the other Released Parties.  In addition, you will also assign to Philips Respironics any Economic Loss Claims you may have against Ozone Cleaning Companies.

**Do I have a Lawyer for these Economic Loss Claims?**

Yes.  The Court appointed the following lawyers to represent you and the other Users:  Christopher A. Seeger of Seeger Weiss LLP; Sandra L. Duggan of Levin Sedran & Berman LLP; Steven A. Schwartz of Chimicles Schwartz Kriner & Donaldson-Smith LLP; Kelly K. Iverson of Lynch Carpenter, LLP; Roberta D. Liebenberg of Fine, Kaplan and Black, R.P.C.; Lisa Ann Gorshe of Johnson Becker PLLC; and Arthur H. Stroyd, Jr. of Del Sole Cavanaugh Stroyd LLC.

These firms are called Settlement Class Counsel.  You will not be charged for their services.

**The Court's Final Approval Hearing.**

The Court will hold a Final Approval Hearing on _____, 2024 at _____m., in Courtroom 5A of the Joseph F. Weiss, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.  The Court will listen to Users who have timely and properly asked to speak at the hearing.  The Court will then decide whether to approve the Settlement.

The Court may also decide how much should be awarded with respect to the motion for attorneys' fees and costs that will be filed by Settlement Class Counsel, and how much the Settlement Class Representatives should receive in Service Awards.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice.  Be sure to check the website, www.RespironicsCPAP-ELSettlement.com, for news of any such changes.

**<u>This notice is only a summary</u>.**

**For more information, visit <u>www.RespironicsCPAP-ELSettlement.com</u> or call toll-free 1 (855) 912-3432.**

*<u>Unsubscribe</u>*

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(e)

To:      <mark>Payer Email Address</mark>
From:    Settlement Administrator
Subject: Notice of Proposed Class Action Settlement – *In re Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation*

---

**Claim ID: <<<mark>Claim ID</mark>>>**
**Confirmation Code: <<<mark>Confirmation Code</mark>>>**

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

---

**If you reimbursed (in whole or in part) a payment for a Philips Respironics CPAP, BiPAP or Ventilator that was recalled, you may be eligible for a cash award from a proposed class action settlement.**

- A proposed Settlement has been reached in a class action lawsuit alleging Economic Loss Claims related to the purchase, lease, or rental of recalled CPAPs, BiPAPs, and ventilators manufactured by Philips Respironics between 2008 and 2021.  Philips Respironics recalled these devices beginning in June 2021.

- The Settlement Class includes insurers, self-funded employers, and other third-party payers (but not federal government payers) ("Payers") that paid for or reimbursed (in whole or in part) a payment to purchase, lease, rent, or otherwise pay for a Recalled Device sold, leased, rented or otherwise distributed in the United States.

- Under the proposed Settlement, the Philips Defendants will pay $34 million into a Payer Settlement Fund to settle and resolve all Economic Loss Claims by Payers.

- **In order to receive a payment (called a "Payer Award") from the Settlement, Payers must complete and submit a Payer Declaration and Claim Form. The deadline to submit a claim is <mark>Claims Period Deadline.</mark>**

- Payer Awards will be determined based on each Eligible Payer's relative market share (aggregated among all Eligible Payers) based on the number of insured lives in the United States covered by the Eligible Payer and the dollar amount of direct premiums written by the Eligible Payer in the United States for Calendar Years 2021 and 2022.

- Payers can submit their Payer Declaration and Claim Form with supporting information and documentation electronically on the Settlement website, www.RespironicsCPAP-ELSettlement.com, or by downloading a copy of the Claim Form from the website and mailing to the Settlement Administrator at: Respironics CPAP Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

More details, including information regarding the claims submission process, a full copy of the Notice, which has Frequently Asked Questions ("FAQs"), the full Settlement Agreement, and other relevant documents, are available at www.RespironicsCPAP-ELSettlement.com.

Settlement Agreement Exhibit 3(e): Summary Email Notice to Payers

- **Your rights are affected whether you act or don't act. If the proposed Settlement is approved, and you do not opt out, you will release your Economic Loss Claims against the Philips Defendants and the other Released Parties and assign to Philips Respironics your Economic Loss Claims against manufacturers of ozone cleaners. Please read this Notice carefully and visit www.RespironicsCPAP-ELSettlement.com.**

### Why am I receiving this Notice?

A court authorized this Notice because Payers, including insurers, self-funded employers, and other third-party payers, who reimbursed (in whole or in part) a payment for a Recalled Device, have the right to know about a proposed legal Settlement affecting them.

### What are the Recalled Devices?

The Recalled Devices are the following CPAP, BiPAP, ventilator, and/or other devices sold, leased, rented or otherwise distributed in the United States:

| Recalled Devices |
|---|
| System One 50 Series ASV4 (Auto SV4) |
| System One 50 Series Base |
| System One 50 Series BiPAP |
| System One 60 Series ASV4 (Auto SV4) |
| System One 60 Series Base |
| System One 60 Series BiPAP |
| C-series S/T, AVAPS (C-series and C-series HT) |
| DreamStation CPAP |
| DreamStation ASV |
| DreamStation ST, AVAPS |
| DreamStation BiPAP |
| DreamStation Go |
| E30 |
| OmniLab Advanced Plus |
| Trilogy 100/200, Garbin Plus, Aeris LifeVent |
| V30 auto |

With respect to Payers, in addition to paying $34 million into the Payer Settlement Fund, the Philips Defendants will also separately pay the reasonable costs to administer the Settlement, the

amount the Court awards with respect to the motion for attorneys' fees and litigation expenses that will be filed by Settlement Class Counsel, and any Service Awards the Court approves for the Settlement Class Representatives.

The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made if the Court approves the proposed Settlement and after any appeals are resolved in favor of upholding the Settlement.  This process can take time.  Please be patient.

## What are My Other Options?

You may **Opt-Out** of or **Object** to the Settlement by Claims Period Deadline.  Please visit www.RespironicsCPAP-ELSettlement.com for more information on how to Opt-Out of or Object to the Settlement.  You cannot both Opt-Out of and Object to the Settlement.

If you submit a timely and valid request to opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the proposed Settlement; you will not receive any payment or other benefits provided by the Settlement; you will not be able to object to the Settlement; and you will keep the right, if any, to sue for any Economic Loss Claims.

If you **Do Nothing**, you will be legally bound by the terms of the Settlement, and you will release your Economic Loss Claims against the Philips Defendants and the other Released Parties.  In addition, you will also assign to Philips Respironics any Economic Loss Claims you may have against Ozone Cleaning Companies.

## Do I have a Lawyer for these Economic Loss Claims?

Yes.  The Court appointed the following lawyers to represent you and the other Settlement Class Members:  Christopher A. Seeger of Seeger Weiss LLP; Sandra L. Duggan of Levin Sedran & Berman LLP; Steven A. Schwartz of Chimicles Schwartz Kriner & Donaldson-Smith LLP; Kelly K. Iverson of Lynch Carpenter, LLP; Roberta D. Liebenberg of Fine, Kaplan and Black, R.P.C.; Lisa Ann Gorshe of Johnson Becker PLLC; and Arthur H. Stroyd, Jr. of Del Sole Cavanaugh Stroyd LLC.

These firms are called Settlement Class Counsel.  You will not be charged for their services.

## The Court's Final Approval Hearing.

The Court will hold a Final Approval Hearing on **_____, 2024 at ____m.**, in Courtroom 5A of the Joseph F. Weiss, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.  The Court will listen to Settlement Class Members who have timely and properly asked to speak at the hearing.  The Court will then decide whether to approve the Settlement.

The Court may also decide how much should be awarded with respect to the motion for attorneys' fees and costs that will be filed by Settlement Class Counsel, and how much the Settlement Class Representatives should receive in Service Awards.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice.  Be sure to check the website, www.RespironicsCPAP-ELSettlement.com, for news of any such changes.

**This notice is only a summary.**

**For more information, visit www.RespironicsCPAP-ELSettlement.com or call toll-free 1 (855) 912-3432.**

*Unsubscribe*

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(f)

To:     <mark>DME Address (Postal or Email)</mark>
From:   Settlement Administrator
Subject: Notice of Proposed Class Action Settlement – *In re Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation*

---

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

***A court authorized this Notice. This is not a solicitation from a lawyer.***

***You are <u>not</u> being sued.***

---

**Your patients who purchased, leased or rented a Philips Respironics CPAP, BiPAP, or Ventilator that was Recalled may be eligible for a <u>cash award</u> and other benefits from a proposed class action Settlement**

**<u>DMEs are NOT eligible for benefits under the proposed Settlement</u>**

**The terms of the proposed Settlement are available at www.RespironicsCPAP-ELSettlement.com**

**If you previously provided patient contact information to Philips Respironics as part of its recall programs, the Settlement Administrator will be notifying those patients directly**

**If you did not, please notify your patients about the proposed Settlement and ask them to visit <u>www.RespironicsCPAP-ELSettlement.com</u>, email info@RespironicsCPAP-ELSettlement.com, and/or call 1-(855) 912-3432 if they have any questions**

**DMEs may email the Settlement Administrator at DME@RespironicsCPAP-ELSettlement.com or call the Settlement Administrator at 1-(855) 779-0331 if DMEs have any questions**

*Unsubscribe*

Settlement Agreement Exhibit 3(f): DME Notice

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(g)

To:      Targeted Non-Trilogy User Email Address
From:    Settlement Administrator
Subject: **$100 Device Return Award Reminder** –
         *Philips Recalled CPAP, BiPAP, and Ventilator Class Action Settlement*
         Para la notificación en español, visite el sitio web www.RespironicsCPAP-ELSettlement.com

---

**Claim ID: <<Claim ID>>**

**Confirmation Code: <<Confirmation Code>>**

---

## PHILIPS RESPIRONICS WILL PAY YOU $100 CASH FOR YOUR RECALLED CPAP, BIPAP OR VENTILATOR MACHINE

---

We are the court-appointed Settlement Administrator.  Our records indicate that you registered your CPAP, BiPAP or Ventilator machine in the Philips Respironics Recall Program, but you have not yet returned your Recalled Device to Philips Respironics.  You will get a $100 Device Return Award if you return your Recalled Device before [Claims Period Deadline].  Please visit **www.RespironicsCPAP-ELSettlement.com** or call toll-free 1-855-912-3432 for instructions on how to get a prepaid label to return your Recalled Device to Philips Respironics so that you qualify for the $100 payment, as well as more information about the class action settlement.

*Unsubscribe*

Settlement Agreement Exhibit 3(g): Targeted Email Reminder (Non-Trilogy Users)

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(h)

To:    Targeted Trilogy User Email Address
From:   Settlement Administrator
Subject: **$100 Device Return Award Reminder** –
*Philips Recalled CPAP, BiPAP, and Ventilator Class Action Settlement*
Para la notificación en español, visite el sitio web www.RespironicsCPAP-ELSettlement.com

---

**Claim ID:** <<**Claim ID**>>

**Confirmation Code:** <<**Confirmation Code**>>

---

### PHILIPS RESPIRONICS WILL PAY YOU $100 CASH FOR YOUR RECALLED TRILOGY 100/200 VENTILATOR MACHINE

---

We are the court-appointed Settlement Administrator.  Our records indicate that you registered your Trilogy 100/200 Ventilator machine in the Philips Respironics Recall Program, but you have not yet had your Trilogy 100/200 replaced by your DME.  You will get a $100 Device Return Award if you allow your DME to retrieve your Trilogy 100/200 and replace it with a free Remanufactured Device before [Claims Period Deadline].  Please visit **www.RespironicsCPAP-ELSettlement.com** or call toll-free 1-855-912-3432 if you need any assistance or additional information.

*Unsubscribe*

Settlement Agreement Exhibit 3(h): Targeted Email Reminder (Trilogy Users)

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(i)

DreamMapper Message:


For information about the U.S. economic loss class action settlement, go to
www.RespironicsCPAP-ELSettlement.com

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 3(j)

Settlement Administrator
Attn: Dept # 3881
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
MAG

Electronic Service
Requested

**IMPORTANT: Class Action Notice**
From the United States District Court, Western District of Pennsylvania, Honorable Joy Flowers Conti, 700 Grant Street, Pittsburgh, PA 15219

Claim ID: ‹‹Claim ID››
Confirmation Code: ‹‹Confirmation Code››

‹‹FirstName››‹‹LastName››
‹‹Address1››
‹‹Address2››
‹‹City››, ‹‹St›› ‹‹Zip››
‹‹Country››

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, | ) | |
| BI-LEVEL PAP, AND MECHANICAL | ) | |
| VENTILATOR PRODUCTS LITIGATION | ) | Master Docket:  Misc. No. 21-mc-1230-JFC |
| | ) | |
| This Document Relates to:  All Actions | ) | |
| Asserting Economic Loss Claims | ) | MDL No. 3014 |

## DEVICE PAYMENT AWARD CLAIM FORM

If you are a User who purchased, leased, rented or paid for (in whole or part) a Recalled Device ("User") and you have *not* returned your Recalled Device to Philips Respironics and you do *not* intend to (or cannot) return it, you can receive a Device Payment Award if you submit this Claim Form and provide all required documentation to the Settlement Administrator by no later than Claims Period Deadline.

To obtain more information regarding the eligibility criteria and the Device Payment Award amounts, please see the Class Notice, the Settlement website, www.RespironicsCPAP-ELSettlement.com, or call toll-free 1-855-912-3432.

You can receive a separate Device Payment Award for each Recalled Device you purchased, leased, rented or paid for (in whole or in part).  **Fill out and timely submit this Claim Form for each Recalled Device and provide the required documentation for each Recalled Device.  Failure to submit all required documentation will result in the denial of your claim.**

You can submit your Claim Form and documentation electronically on the Settlement website, or by mail to the Settlement Administrator at: Respironics CPAP Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  If you are the User's guardian, estate, administrator, or other legal representative, or you are acting pursuant to a power of attorney for a User, and you are submitting this Claim on behalf of that User, you must also supply the Settlement Administrator with written proof that you have legal authority to act in a representative capacity for the User.

**This Claim Form and all required documentation must be submitted electronically or postmarked by [Claims Period Deadline].  Untimely or incomplete submissions are invalid and will not result in a payment.**

It is your responsibility to notify the Settlement Administrator of any change of address that occurs after you submit your Claim Form.

| | |
|---|---|
| 1.    Your name: | |
| 2.    Your Claim ID (*if available*):<br>*Claim IDs were included on the top of*<br>*emailed or mailed notices* | |
| 3.    Your current mailing address: | |
| 4.    Your current telephone number: | |
| 5.    Your current email: | |
| 6.    Would you like your payment to be sent by<br>Zelle or Virtual Mastercard, instead of by<br>paper check?   *[Processing times for paper*<br>*checks will be longer.]* | Zelle<br><br>Virtual Mastercard<br><br>Paper Check<br><br>*[Please circle your preferred payment*<br>*method]* |
| 7.   For Zelle | |
| Email or Mobile Phone Number: | |
| 8.   For Virtual Mastercard | |
| Email: | |

Settlement Agreement Exhibit 4: Device Payment Award Claim Form                    2

*If you are submitting this Device Payment Award Claim Form for multiple Recalled Devices, please complete this chart **separately** for each Recalled Device and provide the required documentation for each Recalled Device.  If you need additional copies of this chart, please contact the Settlement Administrator or print additional copies.*

You must submit sufficient documentation showing that you purchased, leased, rented or paid for (in whole or part) the Recalled Device, as well as the date you acquired the Recalled Device.  Sufficient documentation can include a combination of the following, so long as all required information is provided:

- Materials you received from the DME at the time of acquisition, such as the invoice, purchase agreement, lease agreement, or rental agreement; and

- Statement of claim from your insurance company showing your payment(s) and date(s) of payment.

| | |
|---|---|
| 9.  Serial Number of Recalled Device:<br><br>*[You must provide the Serial Number.  If you do not still have your Recalled Device, you can obtain the Serial Number by referring to the paperwork you received when you obtained the Recalled Device, or contact the DME or other company from which you obtained the Recalled Device to ask for the Serial Number.]* | |
| 10.  Did you rent your Recalled Device?<br><br>*[If you rented your Recalled Device, please provide the dates of rental and also attach a copy of the rental agreement or other evidence showing dates and amount of payment of the rent.]* | Yes     or     No<br><br>*[Please circle one]* |
| 11.  Did you receive your Recalled Device for free pursuant to a warranty from Philips Respironics *before* June 14, 2021?<br><br>*[If so, please identify when (approximately) you received this Recalled Device prior to June 14, 2021.]* | Yes     or     No<br><br>*[Please circle one]*<br><br>Approximate Date: *(MM/DD/YYYY)* :<br><br>__ __/__ __/__ __ __ __ |

| | |
|---|---|
| 12. Did you return the Recalled Device identified above in #8 to Philips Respironics pursuant to a warranty *before* June 14, 2021 and receive a free replacement from Philips Respironics? | Yes    or    No<br><br>*[Please circle one]* |
| 13. Did you return the Recalled Device identified above in #8 to Philips Respironics pursuant to a warranty *before* June 14, 2021 and receive your full payment back? | Yes    or    No<br><br>*[Please circle one]* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Name

_____
Address

_____
Email address

_____
Telephone number

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:  All Actions Asserting Economic Loss Claims | )<br>)<br>)<br>)<br>)<br>) | Master Docket:  Misc. No. 21-mc-1230-JFC<br><br><br>MDL No. 3014 |

## DEVICE REPLACEMENT AWARD CLAIM FORM

If you are a User who used your own money to purchase, lease, or rent a comparable replacement CPAP, BiPAP or ventilator to replace your Philips Respironics Recalled Device on or after June 14, 2021 and before September 7, 2023, you can receive a Device Replacement Award if you complete this Claim Form and Declaration, provide all required documentation, and return all of the paperwork to the Settlement Administrator by no later than [Claims Period Deadline].  The Class Notice and Settlement website describe the criteria you must meet to be eligible for a Device Replacement Award.  To obtain more information regarding the Settlement, please visit the Settlement website at www.RespironicsCPAP-ELSettlement.com, or call toll-free 1-855-912-3432.

Failure to submit all required documentation will result in the denial of your claim.  You will also need to sign and return the attached sworn Declaration with your Claim Form.

Only one Replacement Device (and associated Device Replacement Award) is available for each Philips Respironics Recalled Device that you replaced using your own money.

You are eligible for a Device Replacement Award only if:

- You were using a Philips Respironics Recalled Device as of June 14, 2021 (*i.e.*, if you had previously been using a Philips Respironics Recalled Device, but had stopped using it prior to June 14, 2021, you are *not* eligible for a Device Replacement Award);

- You paid out of pocket (in whole or in part) to buy, lease, or rent a comparable CPAP, BiPAP, ventilator or similar device to replace your Philips Respironics Recalled Device *on or after* June 14, 2021 and *before* September 7, 2023;

- At the time you purchased, leased, rented or otherwise paid out of pocket for the Replacement Device, you had *not* received a repaired, refurbished, remanufactured, and/or new replacement device from Philips Respironics pursuant to a Philips Respironics Recall Program ("Remanufactured Device");

- You return the Recalled Device to Philips Respironics if you still have it (a pre-paid return label is available on the Settlement website); and

- You return to Philip Respironics any Remanufactured Device you received from Philips Respironics, if you received one (a pre-paid return label is available on the Settlement website).

You can submit your Claim Form and documentation electronically on the Settlement website at www.RespironicsCPAP-ELSettlement.com, by email to info@RespironicsCPAP-ELSettlement.com, or by mail to the Settlement Administrator at:  Respironics CPAP Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  If you are the User's guardian, estate, administrator, or other legal representative, or you are acting pursuant to a power of attorney for a User, and you are submitting this claim for a Device Replacement Award on behalf of that User, you must also supply the Settlement Administrator with written proof that you have legal authority to act in a representative capacity for the User.

**Claim Forms must be submitted electronically or postmarked by [Claims Period Deadline].  Untimely or incomplete Claim Forms are invalid and will not result in a payment.**

In the chart below, please identify the Replacement Device that you purchased, leased, rented or otherwise paid out of pocket for *on or after* June 14, 2021 and *before* September 7, 2023 to replace your Philips Respironics Recalled Device.  If you replaced two (or more) Philips Respironics Recalled Devices with two (or more) Replacement Devices, please complete separate charts and separate declarations for each replacement.

| | **Required Information – Please Fill In** |
|---|---|
| 1.  Your name | |
| 2.  Your Claim ID (*if available*):  *Claim IDs were included on the top of emailed or mailed notices* | |
| 3.  Your current mailing address | |
| 4.  Your current telephone number | |
| 5.  Your current email: | |
| 6.  The manufacturer and model of the Replacement Device. | |
| 7.  The date you purchased, leased, rented, or otherwise paid out of pocket for the Replacement Device.  *(MM/DD/YYYY)* | __ __/ __ __ /__ __ __ __ |
| 8.  The amount actually incurred and paid ***by you*** out-of-pocket to purchase, lease, or rent the Replacement Device.  **Do not include any amounts paid by insurance or another third-party payer on your behalf.**  **You must submit sufficient documentation of (1) your out-of-pocket expense(s) and (2) the date(s) you incurred those out-of-pocket expense(s). Sufficient documentation can include a combination of the following, so long as all required information is provided:**  • Invoice, lease, or rental agreement for the Replacement Device | |

| | |
|---|---|
| • Credit card statement showing payment and payment date(s)<br>• Bank account statement showing payment and payment date(s) | |
| 9. Identification of the Philips Respironics Recalled Device that you replaced.<br>   • If you have the Serial Number, you must include it.<br>   • If you do not have the Serial Number, you must include the model of the Philips Respironics Recalled Device. | |
| 10. Did you receive a Remanufactured Device from Philips Respironics as part of its Recall Program? *[If yes, continue to question 6.  If no, skip to question 9.]* | |
| 11. Identify date of receipt of the Philips Respironics Remanufactured Device, if known. *(MM/DD/YYYY)* | __ __/ __ __/__ __ __ __ |
| 12. Do you still possess the Philips Respironics Remanufactured Device? *[If yes, you must return it to Philips Respironics to be eligible for a Device Replacement Award. A prepaid return label is available on the Settlement website.]* | |
| 13. If you do not still possess the Philips Respironics Remanufactured Device, did you previously return it to Philips Respironics? *[If the Remanufactured Device is not returned to Philips Respironics, you are not eligible for a Device Replacement Award.]* | |
| 14. Do you still possess your Philips Respironics Recalled Device? *[If yes, you must return it to Philips Respironics to be eligible for a Device Replacement Award. A prepaid return label is available on the Settlement website.]* | |

Settlement Agreement Exhibit 5: Device Replacement Award Claim Form                    4

| 15. | If applicable and if known, identify approximate date of return of your Philips Respironics Recalled Device to Philips Respironics.  *(MM/DD/YYYY)* | __ __/ __ __ /__ __ __ __ |
|---|---|---|
| 16. | Would you like your payment to be sent by Zelle or Virtual Mastercard, instead of by paper check?  *[Processing times for paper checks will be longer.]* | Zelle<br><br>Virtual Mastercard<br><br>Paper Check<br><br>*[Please circle your preferred payment method]* |
| 17. | For Zelle: | |
| | Email or Mobile Phone Number | |
| 18. | For Virtual Mastercard: | |
| | Email | |

**Sworn Declaration For Device Replacement Award**

I _____ [*fill in your name*] declare the following under penalty of perjury:

1. I am over the age of eighteen.

2. I was using a Philips Respironics Recalled Device as of June 14, 2021.

3. I used the Replacement Device that is identified in the Claim Form as a replacement for my Philips Respironics Recalled Device.

4. I ☐ have  /  ☐ do not have   my Philips Respironics Recalled Device.  *[check the correct answer]*

5. I ☐ have  /  ☐ have not   returned my Philips Respironics Recalled Device to Philips Respironics.  *[check the correct answer]*

6. I ☐ did  /  ☐ did not   receive a Remanufactured Device from Philips Respironics pursuant to its Recall Program.  *[check the correct answer]*

7. *(Answer No. 7 only if you received a Remanufactured Device from Philips Respironics)*

   I ☐ have  /  ☐ have not   returned the Remanufactured Device to Philips Respironics in reasonable working condition.  *[check the correct answer]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Name

_____
Address

_____
Email address

_____
Telephone number

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 5(a)

**Comparable Replacement Devices List**

| Recalled Device Type | Comparable Replacement Device(s) |
|---|---|
| System One 50 Series ASV4 (Auto SV4) | ResMed Aircurve 10 ASV |
| System One 50 Series Base | ResMed Airsense 10, ResMed AirSense 11, React Health Luna II CPAP, React Health Luna G3 CPAP, Philips DreamStation 2 |
| System One 50 Series BiPAP | ResMed Aircurve 10 S, ResMed AirCurve 10 VAuto, React Health Luna G3 BiLevel 25A |
| System One 60 Series ASV4 (Auto SV4) | ResMed Aircurve 10 ASV |
| System One 60 Series Base | ResMed Airsense 10, ResMed AirSense 11, React Health Luna II CPAP, React Health Luna G3 CPAP, Philips DreamStation 2 |
| System One 60 Series BiPAP | ResMed Aircurve 10 S, ResMed AirCurve 10 VAuto, React Health Luna G3 BiLevel 25A |
| C-series S/T, AVAPS (C-series and C-series HT) | ResMed Aircurve 10 ST, ResMed Aircurve 10 ST-A, React Health Luna II CPAP, React Health Luna G3 BiLevel ST30VT |
| DreamStation CPAP | ResMed Airsense 10, ResMed AirSense 11, React Health Luna G3 CPAP, Philips DreamStation 2 |
| DreamStation ASV | ResMed Aircurve 10 ASV |
| DreamStation ST, AVAPS | ResMed Aircurve 10 ST, ResMed Aircurve 10 ST-A, React Health Luna G3 BiLevel ST30VT |
| DreamStation BiPAP | ResMed Aircurve 10 S, ResMed AirCurve 10 VAuto, React Health Luna G3 BiLevel 25A |
| DreamStation Go | ResMed AirMini, Z1/Z2 Travel CPAP, Transcend Travel CPAP |
| E30 | ResMed Astral, Lowenstein LUISA |
| OmniLab Advanced Plus | ResMed S9 VPAP Tx Lab System |
| Trilogy 100/200, Garbin Plus, Aeris LiveVent | ResMed Astral 100, React VOCSN |
| V30 auto | ResMed Astral, ResMed S9 VPAP Tx Lab System |

**AMENDED CLASS SETTLEMENT AGREEMENT**

**EXHIBIT 6**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | )<br>)<br>)   Master Docket:  Misc. No. 21-mc-1230-JFC<br>) |
| This Document Relates to:  All Actions Asserting Economic Loss Claims | )<br>)<br>)   MDL No. 3014 |

## ACCELERATED IMPLEMENTATION OPTION FOR USERS

To be eligible to participate in the Accelerated Implementation Option, or "AIO," to receive an accelerated Device Payment Award and Device Return Award, you must return (or have returned) your registered or enrolled Philips Respironics Recalled Device to Philips Respironics by <mark>Claims Period Deadline</mark>, and you must also complete the following forms:

(1)     Sworn Declaration Regarding Use of an Ozone Cleaning Product or Products with My Philips Respironics Recalled Device or Devices;

(2)     Individual Release of My Economic Loss Claims Against the Released Parties; and

(3)     Accelerated Implementation Option Payment Preference Form.

In addition, if you used an Ozone Cleaning Product or Products with your Recalled Device or Devices, you must <u>also</u> complete the following form in order to be eligible to participate in the AIO:

(4)     Individual Assignment to Philips Respironics of My Economic Loss Claims Against Ozone Cleaning Company(ies).  *[This form does not need to be completed if you did not use an Ozone Cleaning Product with your Recalled Device or Devices.]*

These forms must be completed and sent to the Settlement Administrator at:  Respironics CPAP Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 by the <mark>Claims Period Deadline</mark> or the completion of any appeals, whichever is later.  The Settlement website will be updated periodically to provide information concerning the date of MDL Court Final Approval and the status of any appeals.

Please note that for those Users who wish to participate in the AIO for their Trilogy 100/200 Recalled Devices, they should register their Trilogy 100/200 with Philips Respironics pursuant to a Recall Program and follow the device retrieval process under the Recall Program.  The User's DME will reach out to the User to schedule a time to pick up the Trilogy 100/200 and install a Remanufactured Device.

Settlement Agreement Exhibit 6: AIO Forms

**Please refer to the Settlement website, www.RespironicsCPAP-ELSettlement.com, the Class Notice, or call toll free 1-855-912-3432 for additional information regarding AIO eligibility criteria, the Release, the Assignment, and the terms used in the Release and the Assignment.**

Please note that to be valid and effective, these AIO forms must be personally signed by you, not by your counsel (if any).  If you are the User's guardian, estate, administrator, or other legal representative, or you are acting pursuant to a power of attorney for a User, and you are electing the AIO and submitting the required forms on behalf of that User, you must supply the Settlement Administrator with written proof that you have legal authority to act in a representative capacity for the User.

**Untimely or incomplete submissions are invalid and will not result in an accelerated payment.**

**<u>Sworn Declaration Regarding Use of an Ozone Cleaning Product or Products</u>**
**<u>with My Philips Respironics Recalled Device or Devices</u>**

        I _____ [*fill in your name*] declare the following under penalty of perjury:

      1.  I am over the age of eighteen.

      2.  I  ☐ ***did***    ☐ ***did not***    [please check one] use an Ozone Cleaning Product with my Philips Respironics Recalled Device(s).

            [*If you answered "Did Not" to No. 2, you should skip to the end of this form and provide your signature, name, address, telephone number, email address, and date. You do not need to complete the attached Individual Assignment form. However, you still need to complete the attached Individual Release form and Payment Preference form.*]

            [*If you answered "Did" to No. 2, please complete the chart in No. 3 below and the rest of this form. In addition, you also need to complete the attached Individual Assignment form, Individual Release form, and Payment Preference form.*]

      3.  In the chart below, please identify the Ozone Cleaning Product and your Philips Respironics Recalled Device (by Serial Number, if available to you; if not, by Model) on which you used the Ozone Cleaning Product.

            [*If you used more than one Ozone Cleaning Product, or more than one Philips Respironics Recalled Device, please identify that information separately in the chart below.*]

| Ozone Cleaning Product and Manufacturer | Philips Respironics Recalled Device On Which I Used the Ozone Cleaning Product |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

Settlement Agreement Exhibit 6: AIO Forms

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Name

_____
Address

_____
Email address

_____
Telephone number

Settlement Agreement Exhibit 6: AIO Forms

## **Individual Assignment to Philips Respironics of My Economic Loss Claims Against Ozone Cleaning Company(ies)**

### **[*To be completed only if you used an Ozone Cleaning Product or Products with Your Philips Respironics Recalled Device or Devices*]**

       I _____ [*fill in your name*] hereby assign to Philips RS North America LLC any Economic Loss Claims I may have against the Ozone Cleaning Company(ies) whose product(s) I used with my Philips Respironics Recalled Device(s), including any proceeds I would otherwise have been eligible for in any settlement with that Ozone Cleaning Company(ies).

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Name

_____
Address

_____
Email address

_____
Telephone number

Settlement Agreement Exhibit 6: AIO Forms

## __Individual Release of My Economic Loss Claims Against the Released Parties__

I _____ [*fill in your name*], on behalf of myself and my agents, heirs, executors, administrators, successors, assigns, insurers, attorneys, representatives, shareholders, owner associations, and any other legal or natural persons who may claim by, through and/or on behalf of me ("Releasing Parties"), fully, finally, irrevocably, and forever release, remise, waive, relinquish, settle, surrender, forego, give up, abandon, cancel, acquit and forever discharge and covenant not to sue Defendants and the other Released Parties with respect to any and all Released Claims.  Without in any way limiting the foregoing or its broad scope, this release covers (by example and without limitation) any and all claims for damages, statutory damages, equitable relief, injunctive relief, penalties, liens, and attorneys', expert, consultant, or other litigation fees or costs other than fees and costs awarded by the Court in connection with the Settlement, but does not include Medical Monitoring and Personal Injury Claims.

I acknowledge and waive, and agree to waive, on behalf of myself and the other Releasing Parties, Section 1542 of the California Civil Code, which provides that:  "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**"  I expressly waive and relinquish, on behalf of myself and the other Releasing Parties, any and all rights and benefits that I and they may have under, or that may be conferred upon me or them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent I may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, I hereby acknowledge, on behalf of myself and the other Releasing Parties, that I and they are aware that my or their attorneys may hereafter discover claims or facts in addition to or different from those that I or they now know or believe exist with respect to the Released Claims, but that it is my and their intention to fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, asserted or unasserted, or past, present or future, that I or they have against the Released Parties. In furtherance of such intention, the release herein shall be and remain in effect as a full and complete general release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.  I expressly acknowledge, on behalf of myself and the other Releasing Parties, that I and they have been advised by my and/or their attorneys of the contents and effect of Section 1542, and with knowledge, expressly waive whatever benefits I or they may have had pursuant to such section.  I acknowledge, on behalf of myself and the other Releasing Parties, that the foregoing waiver was expressly bargained for and a material element of this Settlement.

I represent and warrant that I am the sole and exclusive owner of any and all Released Claims, and further acknowledge that I and the other Releasing Parties have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Released Claims, and that I am not

aware of anyone other than myself claiming any interest, in whole or in part, in any benefits, proceeds or values.

I understand that, unless otherwise specified herein, the defined terms in this Individual Release have the meaning set forth in the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Name

_____
Address

_____
Email address

_____
Telephone number

**Accelerated Implementation Option Payment Preference Form**

| | |
|---|---|
| 1.   Your name: | |
| 2.   Your Claim ID (*if available*):<br>*Claim IDs were included on the top of emailed or mailed notices* | |
| 3.   Serial Number for your Philips Respironics Recalled Device (providing this will expedite your payment): | |
| 4.   Would you like your payment to be sent by Zelle or Virtual Mastercard, instead of by paper check?  *[Processing times for paper checks will be longer.]* | Zelle<br><br><br>Virtual Mastercard<br><br><br>Paper Check<br><br>*[Please circle your preferred payment method]* |
| 5.   For Zelle: | |
| Email or Mobile Phone Number: | |
| 6.   For Virtual Mastercard: | |
| Email: | |

Settlement Agreement Exhibit 6: AIO Forms

Date: _____

_____
Signature

_____
Name

_____
Address

_____
Email address

_____
Telephone number

Settlement Agreement Exhibit 6: AIO Forms

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, ) | |
| BI-LEVEL PAP, AND MECHANICAL ) | |
| VENTILATOR PRODUCTS LITIGATION ) | Master Docket:  Misc. No. 21-mc-1230-JFC |
| ) | |
| This Document Relates to:  All Actions ) | |
| Asserting Economic Loss Claims ) | MDL No. 3014 |

**CONFIRMATION FOR DEVICE PAYMENT AWARD**

**(Only For Recalled Devices Registered in a Philips Respironics Recall Program _Prior to September 7, 2023_, But the User Has _Not_ Returned, and Has Decided _Not_ to or _Cannot_ Return, the Recalled Device to Philips Respironics)**

Please complete this Confirmation Form only if, for a particular Philips Respironics Recalled Device:

1. You registered that Recalled Device for a Recall Program prior to September 7, 2023;

2. You did not previously return that Recalled Device to Philips Respironics; and

3. You have decided not to or cannot return that Recalled Device to Philips Respironics.

 **If you have already returned your Recalled Device to Philips Respironics, or will be returning your Recalled Device to Philips Respironics by the [Claims Period Deadline], do not complete this form.  If you return your Recalled Device to Philips Respironics by the [Claims Period Deadline], you will automatically receive an additional payment of $100 as a Device Return Award.**

**If you did not register your Recalled Device in a Philips Respironics Recall Program prior to September 7, 2023, do not complete this form.**

**Consult the Class Notice, Settlement website, www.RespironicsCPAP-ELSettlement.com, or call toll-free 1-855-912-3432 to learn more information.**

You can receive a separate Device Payment Award for each Recalled Device you purchased, leased, rented or paid for (in whole or in part).

You can submit this form electronically on the Settlement website at www.RespironicsCPAP-ELSettlement.com, or by mail to the Settlement Administrator at: Respironics CPAP Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210,

Philadelphia, PA 19103.  **This Confirmation Form must be submitted electronically or postmarked by the <mark>[Claims Period Deadline]</mark>.  Untimely or incomplete forms are invalid and will not result in a payment.**

| | |
|---|---|
| 1. Your name: | |
| 2. Your Claim ID (*if available*):<br>*Claim IDs were included on the top of emailed or mailed notices* | |
| 3. Serial Number for your Philips Respironics Recalled Device (providing this will expedite your payment): | |
| 4. Recall Registration Number for your Philips Respironics Recalled Device (providing this will expedite your payment): | |
| 5. Your current mailing address (it is your responsibility to notify the Settlement Administrator of any change of address that occurs after you return this form): | |
| 6. Your current telephone number: | |
| 7. Your current email (if any): | |
| 8. Would you like your payment to be sent by Zelle or Virtual Mastercard, instead of by paper check?  *[Processing times for paper checks will be longer.]* | Zelle<br><br>Virtual Mastercard<br><br>Paper Check<br><br>*[Please circle your preferred payment method]* |

Settlement Agreement Exhibit 7: User Confirmation Form

| 9. For Zelle: | |
|---|---|
| Email or Mobile Phone Number: | |
| 10. For Virtual Mastercard: | |
| Email: | |

Date: _____

_____
Signature

_____
Name

_____
Address

_____
Email address

_____
Telephone number

Settlement Agreement Exhibit 7: User Confirmation Form

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, | ) | |
| BI-LEVEL PAP, AND MECHANICAL | ) | |
| VENTILATOR PRODUCTS LITIGATION | ) | Master Docket:  Misc. No. 21-mc-1230-JFC |
| | ) | |
| This Document Relates to:  All Actions | ) | |
| Asserting Economic Loss Claims | ) | MDL No. 3014 |

## <u>PAYER DECLARATION AND CLAIM FORM</u>

If you are an insurer, a self-funded employer, or other third-party payer that reimbursed (in whole or in part) a payment for a Philips Respironics Recalled Device ("Payer"), **you can receive a Payer Award** if you submit this Declaration and Claim Form and provide all required documentation and information to the Settlement Administrator by no later than Claims Period Deadline.  **Failure to submit all required documentation will result in the denial of your claim.**

To obtain more information regarding the eligibility criteria and the Settlement, please see the Class Notice, the Settlement website, www.RespironicsCPAP-ELSettlement.com, or call toll-free 1-855-912-3432.

You can submit your Payer Declaration and Claim Form with supporting documentation electronically on the Settlement website, or by mail to the Settlement Administrator at: Respironics CPAP Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You must also supply the Settlement Administrator with written proof that you have legal authority to act on behalf of the Payer to sign the Payer Declaration and Claim Form.

**The Payer Declaration and Claim Form and all required documentation and information must be submitted electronically or postmarked by Claims Period Deadline. Untimely or incomplete forms are invalid and will not result in a payment.**

It is your responsibility to notify the Settlement Administrator of any change of address that occurs after you submit your Declaration and Claim Form.

Settlement Agreement Exhibit 8: Payer Declaration and Claim Form

I, _____ *[fill in your name]*, declare the following under penalty of perjury:

1. I am over the age of eighteen.

2. I am submitting this Payer Declaration and Claim Form on behalf of a *[select one]*:

   (a) Payer

   (b) Third-Party Recovery Agent

   (c) Other (including assignee with irrevocable assignment of Economic Loss Claims of a Payer)

3. Provide the name, address, email and phone number of the entity on whose behalf you are submitting this Declaration and Claim Form:

   _____

   _____

   _____

   _____

4. My title and/or position is as follows: _____.

5. I have the legal authority to make this Declaration and Claim Form on behalf of the entity identified above in # 3.

   *[Provide written proof of your legal authority to act on behalf of the entity identified above in # 3].*

6. Provide the Federal Tax Identification Number of the entity identified above in # 3:

   _____

7. Would you like your payment to be sent by electronic payment (ACH deposit to your bank account), instead of by paper check?  *[ACH deposit will expedite your payment]*

   a) Please state your preferred payment option:

      _____

8. For ACH deposit to your bank account:

   Name of Bank: _____

   Account Number: _____

-2-

Settlement Agreement Exhibit 8: Payer Declaration and Claim Form

Routing Number: _____

| If you are submitting this Declaration and Claim Form based on information and documentation for multiple Payers, please complete this chart **separately** for each Payer and provide the required documentation for each Payer.  If you need additional copies of this chart, please contact the Settlement Administrator or print additional copies. |
|---|

| 9.  Payer Plan name and address is: | _____ <br><br> _____ <br><br> _____ <br><br> _____ |
|---|---|
| 10.     The Payer reimbursed (in whole or in part) a payment to purchase, lease, rent, or otherwise pay for a Philips Respironics Recalled Device. | Yes    or    No <br><br> *[Please circle one]* |
| 11.     The number of insured lives in the United States covered by the Payer in Calendar Years 2021 and 2022 ("Payer Covered Lives") was: | 2021:    _____ <br><br> 2022:    _____ <br><br> *[Please provide supporting documentation of Payer Covered Lives for each Calendar Year]* |
| 12.     The number of Direct Premiums written by the Payer in the United States in Calendar Years 2021 and 2022 ("Direct Premiums") was: | 2021:    _____ <br><br> 2022:    _____ <br><br> *[Please provide supporting documentation of Direct Premiums for each Calendar Year]* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

Signature _____

Name _____

-3-

_____
Address

_____
Email address

_____
Telephone number

Settlement Agreement Exhibit 8: Payer Declaration and Claim Form

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, | : | |
| BI-LEVEL PAP, AND MECHANICAL | : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| VENTILATOR PRODUCTS | : | |
| LITIGATION | : | MDL No. 3014 |
| | : | |
| This Document Relates to:  All Actions | : | |
| Asserting Economic Loss Claims | : | |
| | : | |
| | : | |
| | : | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**
**AGREEMENT AND RELEASE OF ECONOMIC LOSS CLAIMS, FINAL JUDGMENT,**
**INJUNCTION AND ORDER OF DISMISSAL**

Upon consideration of the Settlement Class Representatives' Motion for Final Approval of

Class Settlement of Economic Loss Claims, and after dissemination of Notice to Settlement Class

Members and a Final Fairness Hearing held on _____, 2024, it is hereby ORDERED,

ADJUDGED AND DECREED, AND FINAL JUDGMENT IS ENTERED, as follows:

1.     The Court has subject-matter jurisdiction over the above-captioned actions and

jurisdiction over all members of the Settlement Class, and Defendants Philips RS North America

LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and

Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have

submitted to the jurisdiction and venue of this Court for purposes only of this Settlement and the

enforcement of the payment and performance obligations and injunctive relief thereunder.

2.     All terms in initial capitalization used in this Final Judgment and Order shall have

the same meanings as set forth in the Settlement Agreement.

3.     On _____, 2023, the Court entered an Order in which it, *inter alia*, preliminarily

approved the Settlement, conditionally certified the Settlement Class for settlement purposes only,

directed Notice to Settlement Class Members, and approved the retention of Angeion Group LLC as Settlement Administrator, Huntington Bank as Settlement Fund Escrow Agent, and Hon. Thomas J. Rueter (Ret.) as Claims Appeals Special Master (ECF No. _____).

4.　　On _____, 2024, the Settlement Class Representatives filed a Motion for Final Approval of Class Settlement of Economic Loss Claims[, and on _____, 2024, they filed a brief in response to the objections to the Settlement filed by certain Settlement Class Members].

5.　　On _____, 2024, the Court held a Final Fairness Hearing to consider whether the Settlement should be finally approved under Rule 23(e)(2) as fair, reasonable and adequate.

6.　　The Court has reviewed the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, and finds that they are fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure.  The Court finds that the Settlement is in full compliance with all requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and any other applicable law.

7.　　The Court finds that the Settlement was negotiated at arm's-length before the Court-appointed Settlement Mediator, Hon. Diane M. Welsh (Ret.); there was sufficient formal and informal discovery; the Parties and counsel were knowledgeable about the facts relevant to the Economic Loss Claims and potential risks of continued litigation of the Economic Loss Claims; and the Parties were represented by highly capable counsel with substantial experience in class action and products liability litigation.

8.　　The Court also specifically considered the *Girsh* factors, including the complexity, expense, and likely duration of litigation of the Economic Loss Claims; [the favorable reaction of

the Settlement Class]; the stage of proceedings; the risks of establishing liability, damages, and class certification; and the range of reasonableness of the Settlement in light of the best possible recovery and attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The Court finds that these factors weigh in favor of approving the Settlement.

9. [The Court has carefully considered the objections to the Settlement filed by certain Settlement Class Members, and hereby finds that none of those objections is meritorious.]

10. The Court finds that the dissemination of Notice as set forth in the Declaration of Steven Weisbrot, the Supplemental Declaration of Steven Weisbrot, and the Notice Plan was in compliance with the Court's _____, 2023 Preliminary Approval Order, and that notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Federal Rule of Civil Procedure 23(e) and due process.

11. A full opportunity has been offered to Settlement Class Members to object to or opt out of the Settlement and to participate in the Final Fairness Hearing.

12. The Philips Defendants properly and timely notified the appropriate officials of the Settlement pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. More than ninety (90) days have elapsed since the Philips Defendants provided notice of the Settlement pursuant to CAFA. (ECF No. _____.)

13. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Class that it conditionally certified in its _____, 2023 Preliminary Approval Order.

14. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlement, as follows:

Settlement Agreement Exhibit 9: Proposed Final Approval Order and Judgment

a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

b. Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and fact that are common to the Settlement Class;

c. Pursuant to Rule 23(a)(3), the Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members;

d. Pursuant to Rule 23(a)(4), the Court determines that Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so;

e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting any individual Settlement Class Member;

f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the Economic Loss Claims and is superior to other available methods; and

g. Pursuant to Rule 23(b)(3), the Court determines that the Settlement Class is ascertainable.

15.     The Court confirms the appointment of Elizabeth Heilman; Ivy Creek of Tallapoosa LLC d/b/a/ Lake Martin Community Hospital; Peter Barrett; Julie Barrett; and ASEA/AFSCME Local 52 Health Benefits Trust as Settlement Class Representatives.

16.     The Court confirms the appointment of the following as Settlement Class Counsel:

a. Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

b. Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

c. Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

d. Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222;

e. Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107;

f. Lisa Ann Gorshe, Johnson Becker PLLC, 444 Cedar Street, Suite 1800, Saint Paul, MN 55101; and

g. Arthur H. Stroyd, Jr., Del Sole Cavanaugh Stroyd LLC, 3 PPG Place, Suite 600, Pittsburgh, PA 15222.

17.     The list of persons and entities who timely and properly opted out of the Settlement Class was filed by Settlement Class Counsel on _____, 2024.  (ECF No. ____).  The release and other provisions of the Settlement Agreement shall not apply to them, and they shall not be entitled to any compensation or other relief or benefits provided by the Settlement.

18.     The Court grants final approval of the plan for allocating Settlement funds as being fair, reasonable, adequate, and in the best interest of the Settlement Class.  The Court further finds that the plan of allocation of Settlement funds treats Class Members equitably relative to each other as required by Federal Rule of Civil Procedure 23(e)(2)(D).

19.     Accordingly, the Court hereby grants the Settlement Class Representatives' Motion for Final Approval of Class Settlement of Economic Loss Claims.

20.     The Court hereby dismisses the Economic Loss Complaint (ECF No. 785) and any other Economic Loss Claims as to all Released Parties, on the merits, with prejudice and, except as explicitly provided for in the Settlement Agreement, without costs.

21.     The Court finds and confirms that the Settlement Funds are a "qualified settlement fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

22.     The Settlement Administrator shall perform the duties and responsibilities set forth in the Settlement Agreement, including, but not limited to, making monthly determinations of any Additional Amounts that need to be paid by, or on behalf of, the Philips Defendants into the User Settlement Fund, and distributing settlement funds to Eligible Settlement Class Members.

23.     The Philips Defendants shall make all payments required by the Settlement Agreement in the amounts and at the times set forth in the Settlement Agreement.  All valid and timely claims shall be paid by the Settlement Administrator in the amounts and at the times set forth in the Settlement Agreement.  Disputes over the validity and sufficiency of claims shall be resolved by the Settlement Administrator and the Claims Appeals Special Master pursuant to the terms set forth in the Settlement Agreement, with no further right of appeal.

24.     The Claims Period shall end on _____, 2024, *i.e.*, 120 days after the Final Fairness Hearing.

25.     All of the Released Claims of the Settlement Class Members and the other Releasing Parties against Defendants and the other Released Parties are hereby fully, finally, irrevocably, and forever released, remised, waived, relinquished, settled, dismissed, surrendered, and forever discharged.

26.     Settlement Class Members and the other Releasing Parties are hereby enjoined and finally and forever barred from filing, commencing, maintaining, continuing, pursuing and/or

prosecuting the Released Claims in any action, arbitration or other proceeding, whether pending or filed in the future, against Defendants and the other Released Parties.  Defendants and the other Released Parties may recover any and all reasonable costs and expenses from a Settlement Class Member arising from that Settlement Class Member's violation of this injunction.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement.

27.    The Court hereby approves the assignment of Economic Loss Claims by the Settlement Class Members against Ozone Cleaning Companies to Philips RS North America LLC, pursuant to the Settlement Agreement, including any proceeds Settlement Class Members would otherwise have been eligible for in any settlement with an Ozone Cleaning Company.

28.    The Philips Defendants and any successors to the Philips Defendants' rights or interests under the Settlement are hereby enjoined and finally and forever barred from challenging or opposing a Settlement Class Member's Medical Monitoring and Personal Injury Claims or ability to recover for those claims on the basis of the Settlement, any payments under the Settlement, or the Releases provided therein, other than to prevent double recovery for economic losses related to the Recalled Devices or to prevent against the increase of an exemplary or punitive damages award on account of economic losses.

29.    The finality of this Final Order and Judgment shall not be affected by any order entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any order entered regarding the Service Awards to the Settlement Class Representatives, which shall be considered separate from this Final Order and Judgment.

30.     The Court shall retain continuing and exclusive jurisdiction over the Settlement Funds and the distribution of same to Eligible Settlement Class Members.

31.     Without affecting the finality of this Final Order and Judgment, and solely for purposes of this Settlement, the Philips Defendants and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement and/or the applicability, interpretation, administration, validity or enforcement of the Settlement Agreement.

32.     The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, which are hereby approved and incorporated herein by reference.

33.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

34.     This is the Final Order and Judgment as defined in the Settlement Agreement.  In the event that this Final Judgment is not otherwise final and appealable, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds and directs that there is no just reason for delaying enforcement or appeal, and judgment should be entered.

 IT IS SO ORDERED.                              BY THE COURT:




                                                _____
                                                The Honorable Joy Flowers Conti
                                                Senior United States District Judge

Settlement Agreement Exhibit 9: Proposed Final Approval Order and Judgment

# AMENDED CLASS SETTLEMENT AGREEMENT

# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, | **:** | Master Docket: Misc. No. 21-mc-1230-JFC |
| BI-LEVEL PAP, AND MECHANICAL | **:** | |
| VENTILATOR PRODUCTS | **:** | MDL No. 3014 |
| LITIGATION | **:** | |
| | **:** | |
| This Document Relates to:  All Actions | **:** | |
| Asserting Economic Loss Claims | **:** | |

**[PROPOSED] ORDER GRANTING SETTLEMENT CLASS
COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**

Upon consideration of Settlement Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Costs and Expenses (the "Motion"), and all papers submitted in support of and/or in opposition thereto, and after a hearing thereon held on _____, 2024, it is hereby ORDERED that the Motion is GRANTED. It is also ORDERED that:

1.      The Notice provided to the Settlement Class apprised Settlement Class Members that the Philips Defendants agreed not to oppose Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of costs and expenses in the aggregate amount of $95,000,000. The Notice complied with this Court's Order Preliminarily Approving the Proposed Class Settlement Agreement and Release of Economic Loss Claims ("Settlement Agreement" or "Settlement") (ECF No. ___), meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, was the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.

2.      This Court hereby awards attorneys' fees in the amount of $94,428,625.62 and reimbursement of costs and expenses in the amount of $571,374.38, as set forth in Settlement Class Counsel's Motion, to be paid by the Philips Defendants pursuant to paragraph 18.1 of the

Settlement Agreement Exhibit 10: Proposed Order Awarding Attorneys' Fees and Costs

Settlement Agreement. This award shall not diminish the recovery of Settlement Class Members under the Settlement. The Court concludes this sum to be fair and reasonable as compensation for the efforts expended on behalf of the Settlement Class.

3.      Within twenty-one (21) days of entry of this Order, the attorneys' fees, costs and expenses awarded by the Court shall be paid by the Philips Defendants, notwithstanding the existence of or pendency of any appeal or collateral attack on this Order, on the Settlement, or any part thereof. In the event that this Order is reversed or modified on appeal, Settlement Class Counsel shall be obligated, within twenty-one (21) days after entry of such appellate order, to refund to the Philips Defendants such attorneys' fees, costs and expenses that have been paid. If only a portion of fees, costs and/or expenses is upheld on appeal, Settlement Class Counsel will repay to the Philips Defendants the amount necessary to ensure the amount of attorneys' fees, costs and/or expenses complies with such appellate order.

**IT IS SO ORDERED.**

_____
The Honorable Joy Flowers Conti
Senior United States District Court Judge

Settlement Agreement Exhibit 10: Proposed Order Awarding Attorneys' Fees and Costs