**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **IN RE: PHILIPS RECALLED CPAP,** | : | Master Docket: No. 21-mc-1230-JFC |
| **BI-LEVEL PAP, AND MECHANICAL** | : | |
| **VENTILATOR PRODUCTS** | : | MDL No. 3014 |
| **LITIGATION** | : | |
| | : | |
| **This Document Relates to:** | : | |
| | : | |
| Amended Master Long Form Complaint | : | |
| For Personal Injuries And Damages, And | : | |
| Demand For Jury Trial (ECF No. 834) | : | |
| | : | |

**PHILIPS RS NORTH AMERICA LLC'S RESPONSES TO OBJECTIONS TO THE**
**REPORT AND RECOMMENDATION ON THE MOTION TO DISMISS THE**
**AMENDED MASTER LONG FORM COMPLAINT FOR PERSONAL INJURIES**

John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North*
*America LLC*

# TABLE OF CONTENTS

**Page**

I.  THE R&R PROPERLY ANALYZES AND RECOMMENDS DISMISSAL OF PLAINTIFFS' COMMON LAW FRAUD CLAIM. ........................................................ 2

II.  PLAINTIFFS' "NEGLIGENT RECALL / NEGLIGENT FAILURE TO RECALL" CLAIM FAILS IN ITS ENTIRETY ON MULTIPLE GROUNDS ............... 5

III.  THE R&R PROPERLY CONCLUDES THAT PLAINTIFFS' COMMON LAW AND CONSUMER PROTECTION CLAIMS ARE SUBSUMED BY NINE STATES' PRODUCT LIABILITY ACTS. ........................................................................ 7

    A.  THE R&R PROPERLY RECOMMENDS DISMISSAL OF PLAINTIFFS' KANSAS, MISSISSIPPI, TENNESSEE, AND WASHINGTON FRAUD CLAIMS ON SUBSUMPTION GROUNDS. ............ 7

    B.  THE R&R PROPERLY RECOMMENDS DISMISSAL OF PLAINTIFFS' CONSUMER PROTECTION CLAIMS ON SUBSUMPTION GROUNDS. ............................................................................. 7

    C.  PLAINTIFFS' TENNESSEE COMMON LAW AND CONSUMER PROTECTION CLAIMS ARE SUBSUMED AND SHOULD BE DISMISSED. ............................................................................................ 8

IV.  PLAINTIFFS' ACADEMIC OBJECTION TO DISMISSAL OF ALL OF CERTAIN STATES' CONSUMER PROTECTION CLAIMS FAILS BECAUSE DISMISSAL IS WARRANTED FOR MULTIPLE INDEPENDENT REASONS ....... 10

V.  CONSUMER PROTECTION CLAIMS PLED IN THE PI MASTER COMPLAINT THAT DO NOT ALLOW FOR RECOVERY OF PERSONAL INJURY DAMAGES CANNOT BE REPURPOSED TO SEEK ECONOMIC LOSS DAMAGES. ...................................................................................................... 14

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acetaminophen - ASD-ADHD Prods. Liab. Litig.*,
  No. 22-cv-9011, 2023 WL 3045802 (S.D.N.Y. Apr. 21, 2023) ............................................8, 9

*Baranco v. Ford Motor Company*,
  294 F. Supp. 3d 950 (N.D. Cal. 2018) .................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................6

*Brown v. C.R. Bard*,
  No. 21-cv-01552, 2022 WL 420914 (E.D. Pa. Feb. 11, 2022) ..................................................3

*Coffman v. Armstrong Int'l, Inc.*,
  615 S.W.3d 888 (Tenn. 2021).............................................................................................9

*In re: Ford Motor Co. Ignition Switch Prod. Liab. Litig.*,
  No. 96-1814(JBS), 2001 WL 1266317 (D.N.J. Sept. 30, 1997).............................................3, 4

*Opheim v. Volkswagen Aktiengesellschaft*,
  No. CV2002483KMESK, 2021 WL 2621689 (D.N.J. June 25, 2021)......................................3

*Robinson v. GM LLC*,
  No. CV 20-663-RGA-SRF, 2021 WL 3036353 (D. Del. July 19, 2021) ..................................4

*Sloan v. General Motors LLC*,
  287 F. Supp. 3d 840 (N.D. Cal. 2018) .................................................................................3

*Thomas v. Navy Fed. Credit Union*,
  No. 1:23-CV-1308, 2023 WL 2992643 (D.N.J. Apr. 17, 2023)..............................................3

*In re Valsartan, Losartan, and Irbesartan Products Liab. Litig.*,
  MDL No. 2875 (RBK/KW), 2021 WL 364663 (D.N.J. Feb. 03, 2021)...................................9

*Washington v. Gilmore*,
  No. CV 17-988, 2021 WL 688088 (W.D. Pa. Feb. 23, 2021) ..................................................4

**Statutes and Rules**

Cal. Bus. & Prof. Code § 17200 ...............................................................................................11

Fla. Stat. § 817.06 ...................................................................................................................11

Fla. Stat. § 817.41 ...................................................................................................................11

Minn. Stat. § 325F.67 .............................................................................................11

N.Y. Gen. Bus. Law § 350 ....................................................................................11

N.D. Cent. Code § 51-12-01 ................................................................................11

N.D. Cent. Code § 51-15-01 ................................................................................11

Fed. R. Civ. P. 9(b) ..........................................................................................2, 3, 5

Philips RS North America LLC ("Respironics") respectfully submits this response to (i) Plaintiffs' Objections ("Plaintiffs' Objections" or "Pls. Objs.") (ECF No. 2313) to the Report and Recommendation ("R&R") (ECF No. 2271) on Respironics' motion to dismiss[1] Plaintiffs' personal injury complaint ("PI Master Complaint") (ECF No. 834), and to the extent relevant to those objections, (ii) Plaintiffs' motion to modify and/or clarify the R&R ("Motion to Modify") (ECF No. 2312).  Plaintiffs' Objections should be overruled and their Motion to Modify denied.[2]

As set out below, Plaintiffs' Objections mischaracterize the R&R, including by suggesting that it ignores arguments or allegations that, in fact, the R&R expressly considers and rejects.  *See, e.g.*, Pls. Objs. at 3-7 (incorrectly asserting that the R&R fails to consider omission-based fraud claims).  The Objections similarly mischaracterize the positions Respironics took in its briefing, including by claiming that Respironics conceded points that it actually advanced and that the R&R considers and accepts.  *See, e.g., id.* at 9 (misstating that Respironics conceded certain claims as not subsumed under particular states' product liability acts).  The Objections further ignore alternative arguments for dismissal that Respironics clearly made.  *See, e.g., id.* at 7, 11 (incorrectly asserting that Respironics did not move to dismiss Plaintiffs' claim for negligent execution of the recall, when in fact it did, and ignoring that Respironics proffered multiple independent grounds for dismissal of various state consumer protection claims).  In the end, the R&R and Respironics' Motion affirm that Plaintiffs' Objections lack foundation and do not warrant reconsideration by

---

[1] Respironics continues to maintain that the PI Master Complaint should be dismissed in its entirety on the independent grounds set out in its Moving Brief ("Motion") (ECF No. 1346) and Reply Brief ("Reply") (ECF No. 1827).  Those issues are preserved for appeal.  *See* Respironics' Objections to PI R&R (ECF No. 2315) ("Respironics' Objs.") at 1.

[2] Plaintiffs also improperly request, both in their Motion to Modify and throughout their Objections, leave to amend the PI Master Complaint.  Those requests should be denied for the reasons set out in Respironics' Opposition to Plaintiffs' Motion to Modify ("Respironics' Opposition"), filed contemporaneously herewith and incorporated by reference herein.

the Court of the portions of the R&R that Plaintiffs' Objections address.

<strong>RESPIRONICS' RESPONSES TO PLAINTIFFS' OBJECTIONS</strong>

**I.     THE R&R PROPERLY ANALYZES AND RECOMMENDS DISMISSAL OF PLAINTIFFS' COMMON LAW FRAUD CLAIM.**

Plaintiffs' objections to the recommended dismissal of their fraud claim (Count XIII) for failure to plead with Rule 9(b) particularity fail for three primary reasons.  *See* Pls. Objs. at 3-7.

***First***, Plaintiffs erroneously contend that the R&R does not consider that Plaintiffs are bringing omission-based fraud claims, as opposed to fraud claims based on affirmative misrepresentations.  *See id.* at 3.  The R&R, however, explicitly recognizes that Plaintiffs sought to state claims for "common law fraud and negligent misrepresentation ***by omission***" and that they "further assert that the heightened pleading standard of Rule 9(b) is '"somewhat relaxed" in the context of fraudulent ***omissions***."   R&R at 54 (emphases added).   The R&R analyzes those allegations, explains that "even under a relaxed application of Rule 9(b), boilerplate and conclusory allegations will not suffice," and rejects Plaintiffs' argument that references to unspecified "marketing and sales materials" sufficiently state an omission-based fraud claim under Rule 9(b).  *See id.* at 53 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)).  Thus, contrary to Plaintiffs' assertions, the R&R considers Plaintiffs' omission theory and properly rejects it because Plaintiffs failed to allege "detailed circumstances regarding their experiences with Respironics sufficient to satisfy Rule 9(b)."  *See id.* at 56.

***Second***, Plaintiffs contend in their objections that the R&R "fails to account for the principle that when fraud by omission is alleged, a specific misrepresentation is not required."  Pls. Objs. at 1, 3.  Again, the reality is that the R&R specifically considers Plaintiffs' omission-based allegations of causation/reliance—*i.e.*, that Respironics allegedly "***omitted*** information about the Defect," that Plaintiffs "reasonably relied on the ***omissions***," that "[r]easonable consumers would

-2-

have been expected to rely on these **omissions**," and that Respironics knew "Plaintiffs and their physicians could not reasonably have been expected to learn about the alleged defects." R&R at 52, 56 (emphases added; quotation marks omitted). The R&R properly holds that these vague, conclusory allegations are insufficient to state an omission-based fraud claim under Rule 9(b) without additional details regarding "the specific materials Plaintiffs relied on, the medium the materials appeared in, and approximately when Plaintiffs encountered the materials." *Id.* at 56.

This conclusion is supported by case law in the Third Circuit requiring more than conclusory allegations of causation/reliance to state an omission-based fraud claim. *See, e.g.*, *Brown v. C.R. Bard*, No. 21-cv-01552, 2022 WL 420914, at *9 (E.D. Pa. Feb. 11, 2022) (holding that "conclusory allegations" that plaintiff "justifiably acted or relied upon, to [plaintiff's] detriment, the concealed and/or non-disclosed facts as evidenced by her purchase of the . . . pelvic mesh product" failed to satisfy Rule 9(b)); *see also Thomas v. Navy Fed. Credit Union*, No. 1:23-CV-1308, 2023 WL 2992643, at *2 (D.N.J. Apr. 17, 2023) (dismissing fraud claim where plaintiff had "not pled with any particularity Defendant's alleged omissions"); *In re: Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, No. 96-1814(JBS), 2001 WL 1266317, at *8 (D.N.J. Sept. 30, 1997) (dismissing fraud claim for "fail[ure] to describe with any particularity how plaintiffs relied upon the alleged material misrepresentations and omissions of defendant, or how such reliance resulted in damages"). In contrast, the cases Plaintiffs cite involve matters where particularity was pled in detail or where the matters at issue were not analyzed under Rule 9(b).[3]

---

[3] In *Opheim v. Volkswagen Aktiengesellschaft*, No. CV2002483KMESK, 2021 WL 2621689, at *14 (D.N.J. June 25, 2021) (cited in Pls. Objs. at 4), the court did not evaluate the fraudulent omission claim under Rule 9(b) in reaching its decision. In *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 874-75 (N.D. Cal. 2018) (cited in Pls. Objs. at 4-5), the plaintiffs pled details about their direct interactions with the defendant, including when and where the defendant could have disclosed the purportedly omitted information. Plaintiffs have not pled those details here.

Plaintiffs further argue, improperly *for the first time*, that "[s]ome courts, instead of requiring that plaintiffs plead the specific materials containing the omission, have required that plaintiffs 'establish a plausible method of disclosure and . . . that they would have been aware of information disclosed using that method'" to plead a fraudulent omission claim. *Id.* at 5. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Washington v. Gilmore*, No. CV 17-988, 2021 WL 688088, at *2-3 (W.D. Pa. Feb. 23, 2021) (Conti, J.) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)), *reconsideration denied*, No. CV 17-988, 2021 WL 1060346 (W.D. Pa. Mar. 18, 2021), *and aff'd*, 852 F. App'x 639 (3d Cir. 2021).  Even if Plaintiffs had made this argument earlier, the cases they cite do not support it.  In *Robinson v. GM LLC*, No. CV 20-663-RGA-SRF, 2021 WL 3036353, at *10 (D. Del. July 19, 2021), the plaintiffs pled details regarding *specific* omissions that occurred during *specific* interactions with the defendant, whereas the R&R notes the absence of same in the PI Master Complaint.  In *Baranco v. Ford Motor Company*, 294 F. Supp. 3d 950, 968 (N.D. Cal. 2018) (cited in Pls. Objs. at 5), the court actually *dismissed* an omission-based fraud claim because plaintiffs "d[id] not explicitly plead (even generally) that they received or reviewed any information from [the defendant]" or that they "would have received the omitted information" if the defendant had disseminated it.  Here, Plaintiffs' fraud claim fails for the same reasons.

*Third*, Plaintiffs claim that their pleading failures may be cured through details found in individual Short Form Complaints ("SFCs").  *See* Pls. Objs. at 6.  But the SFCs, which are forms devised by Plaintiffs alone, do not contemplate or solicit the provision of details to support fraud claims, and in fact, do not even include space for the provision of any such allegations or details.  Notably, of the more than 600 SFCs submitted to date, Plaintiffs have not identified a single one that includes *any* detail that would bolster their deficient fraud claim.  While the specifics required

to state a fraud-by-omission claim under Rule 9(b) would be uniquely in Plaintiffs' possession, they have not provided them in either the PI Master Complaint or in the SFCs.  To the contrary, Plaintiffs have attempted to devise a PI Master Complaint and SFC which evade scrutiny by the Court of their inability to plead fraud with particularity.  Plaintiffs cannot use the absence of such content in their pleadings as bases for objecting to, or mischaracterizing the contents of, the R&R.[4]

## II.    PLAINTIFFS' "NEGLIGENT RECALL / NEGLIGENT FAILURE TO RECALL" CLAIM FAILS IN ITS ENTIRETY ON MULTIPLE GROUNDS.

In their Objections, Plaintiffs erroneously contend that Respironics "did not move to dismiss Plaintiffs' negligent recall claim in any state" and ask the Court to "clarify" that the R&R recommends dismissal "of only the negligent failure to recall claim" under certain states' laws.  Pls. Objs. at 7-8.  The record reflects, however, that Respironics moved to dismiss Plaintiffs' "Negligent Recall / Negligent Failure to Recall" claim (Count VI), *in its entirety, for all states, on multiple grounds*, including on preemption (Motion at 12-16) and primary jurisdiction (*id.* at 16-17) grounds, and *also* because ten states do not recognize "negligent failure to recall" as an independent cause of action (*id.* at 18).  Not only did Respironics move to dismiss the "Negligent Recall" and "Negligent Failure to Recall" claims on multiple grounds, but dismissal is warranted *in all states* on preemption and primary jurisdiction grounds.  *See* Respironics' Objs. at 2-3.  Dismissal is *also* warranted because there is no independent "negligent failure to recall" cause of

---

[4] Nor should Plaintiffs be granted leave to amend to attempt to address these deficiencies.  As set out in Respironics' Opposition to Plaintiffs' Motion to Modify, Plaintiffs' request for leave to amend is premature, fails to explain, among other things, how exactly Plaintiffs would amend their complaint, and fails to submit a proposed amended complaint.  As noted above, even if Plaintiffs had properly requested leave to amend, there would be no valid basis to grant such request, including because the details required to support Plaintiffs' fraud claim, to the extent they exist, would have been in Plaintiffs' possession since the inception of this litigation.  Plaintiffs should not be permitted to delay these proceedings by belatedly seeking to add such allegations.

action in ten states.[5]  Motion at 12-18.

Plaintiffs also object to dismissal of the "Negligent Recall" claim on the grounds that "Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims."  Pls. Objs. at 8.  This argument fails for at least three reasons.  **First**, Plaintiffs concede that Count VI pleads "two distinct claims," not "parts of claims."  *See id.* at 7.  **Second**, as noted above, Count VI is subject to dismissal ***in its entirety***.  Dismissal therefore would not be "piecemeal."  **Third**, even if only one of "Negligent Recall" and "Negligent Failure to Recall" were subject to dismissal, Plaintiffs may not shield a deficient claim from dismissal simply by grouping it together with another distinct cause of action in the same count.  Such a result would empower deficient claims to proceed not on their merits, but because of the plaintiffs' deliberate combination of two causes of action into one count.  Where, as here, "the allegations in a complaint . . . could not raise a claim of entitlement to relief," this "basic deficiency" should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (cleaned up).

Tacitly acknowledging their inappropriate conflation of two causes of action into a single count, by way of "clarification," Plaintiffs seek, in the alternative, leave to amend to assert separate claims for negligent recall and negligent failure to recall.[6]  *See* Pls. Objs. at 7-9.  As outlined above, Plaintiffs have failed to state claims for "Negligent Recall" and "Negligent Failure to Recall," whether aggregated into a single count or disaggregated, such that consideration of an amendment (if leave were properly requested) would serve no useful purpose.

---

[5] After discussing the preemption and primary jurisdiction grounds for dismissal, the R&R recommends dismissal in eight of the ten states at issue for lack of an independent "negligent failure to recall" cause of action.  *See* R&R at 36-39.

[6] Plaintiffs repeatedly and deliberately combined the distinct claims of "Negligent Recall" and "Negligent Failure to Recall" into one count in each iteration of their PI Master Complaint.

III.   **THE R&R PROPERLY CONCLUDES THAT PLAINTIFFS' COMMON LAW AND CONSUMER PROTECTION CLAIMS ARE SUBSUMED BY NINE STATES' PRODUCT LIABILITY ACTS.**

A.   **The R&R Properly Recommends Dismissal of Plaintiffs' Kansas, Mississippi, Tennessee, and Washington Fraud Claims on Subsumption Grounds.**

The R&R correctly recommends dismissal of Plaintiffs' Kansas, Mississippi, Tennessee, and Washington fraud claims as subsumed by those states' products liability acts. *See* R&R at 31-36. Plaintiffs assert that Respironics "conceded" that fraud claims under those states' laws "are not subsumed in those states' product liability acts." Pls. Objs. at 9. Not so. *See* Motion at 18-19 and Table B(1); Reply at 9 and Table A(1). Indeed, Table B(1) appended to Respironics' opening brief specifically identifies caselaw supporting dismissal of common law claims, including fraud claims, under the laws of each of these states on subsumption grounds. The Special Master analyzed this issue under the laws of Kansas, Mississippi, Tennessee, and Washington and correctly recommended dismissal of Plaintiffs' common law fraud claim in each state. *See* R&R at 32, 33, 35-36. Plaintiffs' objection takes no issue with the merits of the Special Master's analysis or recommendation. There is no valid basis to object to its adoption.

B.   **The R&R Properly Recommends Dismissal of Plaintiffs' Consumer Protection Claims on Subsumption Grounds.**

Plaintiffs similarly challenge the R&R's recommendation that Plaintiffs' Kansas, Mississippi, Tennessee, and Washington consumer protection act claims be dismissed as subsumed by those states' product liability acts on the erroneous grounds that Respironics conceded those claims were not subsumed. Pls. Objs. at 9 (citing Motion at 19 n.11). While Respironics disputes that there was (or could be) such a concession, the relevant point here is that the Special Master clearly analyzes with specificity the product liability acts of each of those four states and correctly recommends dismissal of each state's consumer protection claims as subsumed by its product liability act. *See* R&R at 31-32 (Kansas); *id.* at 33 (Mississippi); *id.* at 34-35 (Tennessee); *id.* at

35-36 (Washington).  Plaintiffs do not quarrel with the Special Master's substantive legal analysis (as opposed to his decision to conduct the analysis).  As such, the proper result is that his recommendation be adopted—such consumer protection statute claims, in a personal injury product liability context, do not exist given the provisions of their states' product liability acts. Were that not the case, notably, these four states' consumer protection claims are also independently subject to dismissal as fraud-based claims not pled with the required particularity (PI Master Complaint ¶¶ 617.v, 617.ff, 617.yy, 617.eee).  Respironics' Objs. at 6-8.[7]

### C.     Plaintiffs' Tennessee Common Law and Consumer Protection Claims Are Subsumed and Should Be Dismissed.

Plaintiffs raise a distinct objection with respect to the R&R's recommended dismissal of Plaintiffs' Tennessee common law and consumer protection claims as subsumed by the Tennessee Product Liability Act ("TPLA") which, too, lacks merit.  *See* R&R at 34-35.

Plaintiffs contend that their "failure to specifically include a count for a [TPLA] claim" does not require dismissal of the subsumed claims.  *See* Pls. Objs. at 9.  In support, Plaintiffs rely on cherry-picked language from the R&R stating that, "under Tennessee law, mere failure to cite the TPLA is not sufficient for dismissal[.]"  *See* R&R at 35 (citing *In re Acetaminophen - ASD-ADHD Prods. Liab. Litig.*, No. 22-cv-9011, 2023 WL 3045802, at *5-6 (S.D.N.Y. Apr. 21, 2023)). But the R&R expressly acknowledged *In re Acetaminophen* and cited it twice when correctly concluding that Plaintiffs' claims ***are subsumed*** and should be dismissed.  *See id.*  While Plaintiffs try to manufacture inconsistency between the R&R's recommendation and *In re Acetaminophen*,

---

[7] Plaintiffs try to argue that the R&R's language regarding subsumption by the Indiana and Tennessee product liability acts is somehow ambiguous.  *See* Pls. Objs. at 9 (citing R&R at 31). The R&R, however, analyzes and properly recommends dismissal of Plaintiffs' Indiana and Tennessee consumer protection claims (PI Master Complaint ¶¶ 617.t, 617.yy).  R&R at 158 ¶ 1.

the Special Master's deliberate choice not to follow that case was proper for at least three reasons.[8]

*First*, *In re Acetaminophen* contradicts caselaw in this circuit holding that failure to assert a TPLA claim **still** results in subsumption and requires dismissal of common law claims.  In *In re Valsartan, Losartan, and Irbesartan Products Liab. Litig.*, MDL No. 2875 (RBK/KW), 2021 WL 364663 (D.N.J. Feb. 03, 2021), the court dismissed common law claims as subsumed because "the [TPLA] is the **exclusive avenue** for bringing claims related to allegedly defective products."  *Id.* at *19 (emphasis added).  Here, too, Plaintiffs' failure to bring a TPLA claim mandates dismissal of their Tennessee common law and consumer protection claims because claims of the nature sought to be stated here, if brought, would need to be brought under the TPLA.

*Second*, *In re Acetaminophen*, if followed, would create an exception that swallows the rule of subsumption **and** negates the purpose and intent of legislatures in enacting product liability acts.  The Tennessee legislature enacted the TPLA to provide "an extensive statutory framework" that "superseded common law claims for personal injuries."  *Coffman v. Armstrong Int'l, Inc.*, 615 S.W.3d 888, 895 (Tenn. 2021).  The purpose in creating such a framework would be undermined by a rule effectively permitting plaintiffs to continue bringing common law claims that are properly under the purview of the TPLA, which is intended to be their sole means of recourse.

*Third*, as evidenced by their efforts to state TPLA claims in the medical monitoring complaint, Plaintiffs' counsel clearly were aware of these claims and consciously **chose** not to assert them in the PI Master Complaint.[9]  *See* Reply at 9 & n.9; MM Master Complaint (ECF No.

---

[8] Plaintiffs' assertion that other unnamed states also decline to dismiss common law claims for failure to assert a product liability act claim is both conclusory and unsubstantiated such that it does not properly state an objection.  In all events, even if it were properly stated, it would fail for the same reasons set out herein.  Pls. Objs. at 9.

[9] That Plaintiffs' counsel **knew** about and **chose** not to bring product liability act claims further demonstrates that Plaintiffs should not be permitted to amend their PI Master Complaint yet again.

815) ¶¶ 695-736.  Plaintiffs should not be permitted to object in the context of the PI Master
Complaint because the R&R properly recognized and acted on their attempt to circumvent the
TPLA here, while invoking it in the medical monitoring context.

IV.  **PLAINTIFFS' ACADEMIC OBJECTION TO DISMISSAL OF ALL OF CERTAIN
STATES' CONSUMER PROTECTION CLAIMS FAILS BECAUSE DISMISSAL
IS WARRANTED FOR MULTIPLE INDEPENDENT REASONS.**

While Plaintiffs object to the recommended dismissal of all consumer protection claims
under certain states' laws, contending that the basis for dismissal in the R&R might apply to only
one of a given state's multiple consumer protection statutes, their objection is academic as there
are multiple other grounds that compel dismissal of the subject claims.  *See* Pls. Objs. at 11-12.
As discussed below, where the R&R identifies a ground for dismissal of a consumer protection
claim under a particular state's law, it does not go on to address other bases for dismissal of that
claim or other consumer protection claims asserted under that state's law.  Plaintiffs' Objections
seek to improperly capitalize on that approach and the overlapping nature of Respironics' grounds
for dismissal.  Dismissal of the cited claims is warranted on four primary grounds:

*First*, while ignored in Plaintiffs' Objections, the R&R expressly recommends dismissal
of ***all*** consumer protection claims asserted under Maine and Nebraska law.  Specifically, the R&R
recommends dismissal of Plaintiffs' Maine UTPA claim and Nebraska CPA claim because those
statutes do not provide for recovery of personal injury damages.  R&R at 79-80.  The R&R ***also***
recommends dismissal of Plaintiffs' other consumer protection claims under Maine and Nebraska
law—the Maine and Nebraska UDTPAs—because those statutes expressly prohibit private rights
of action for damages.  *Id.* at 85-87; *see also id.* at 159 ¶ 8.  Because the R&R recommends
dismissal of both consumer protection claims in each state, Plaintiffs' "clarification" request with
respect to the claims under Maine (PI Master Complaint ¶¶ 617.z-aa) and Nebraska (PI Master
Complaint ¶¶ 617.ii-jj) law should be denied.

***Second***, in seeking "clarification" that the dismissal of consumer protection claims under certain statutes does not apply to certain other consumer protection statutes from the same state, Plaintiffs stress that the recommended dismissal of the Florida DUTPA claim does not extend to the two other Florida consumer protection claims—both of which are false advertising claims.  *See* Pls. Objs. at 11.  While the R&R does not reach the absence of false advertising claims in the PI Master Complaint because bases for dismissal were already identified, consideration of the false advertising statutory claims confirms that dismissal is compelled.

The Florida false advertising claims are, in fact, subject to dismissal for failure to sufficiently plead state statutory pleading requirements, an issue raised by Respironics but not mentioned in the R&R.  *See* Motion at 33 n.39 (citing *Club Exploria, LLC v. Aaronson, Austin, P.A.*, No. 18-CV-576, 2019 WL 1297964, at *7 (M.D. Fla. Mar. 21, 2019) ("A consumer party may state a claim for statutory misleading advertising by pleading that the party relied on some identifiable alleged misleading advertising.")); *see* PI Master Complaint ¶¶ 605-24 (Count XVI fails to plead any "identifiable alleged misleading advertising" for Florida or any other state).

Plaintiffs' failure to sufficiently identify misleading advertisements, and allege when and how each advertisement was published—which were not addressed given the R&R's approach—further warrants dismissal of all of the following false advertising claims:

- California False Advertising Law,  PI Master Complaint ¶ 617.f (Cal. Bus. & Prof. Code § 17200);
- Florida False Advertising Statutes, PI Master Complaint ¶ 617.m (Fla. Stat. §§ 817.06, 817.41);
- Minnesota False Statement in Advertising Act, PI Master Complaint ¶ 617.ee (Minn. Stat. § 325F.67);
- New York False Advertising Law, PI Master Complaint ¶ 617.oo (N.Y. Gen. Bus. Law § 350); and
- North Dakota False Advertising Law and North Dakota Unlawful Sales or Advertising Practices Act, PI Master Complaint ¶ 617.qq (N.D. Cent. Code §§ 51-12-01, 51-15-01).

**Third**, the R&R, as noted, does not analyze Respironics' other arguments once it recommends dismissal of consumer protection claims for a state on one set of grounds. Consideration of those other grounds on which Respironics sought dismissal serve to confirm that dismissal remains warranted.  For example, the R&R recommends dismissal of Plaintiffs' Georgia, Illinois, and Maine UDTPA claims because those statutes do not allow private actions for damages. R&R at 85-87; *see also id.* at 159 ¶ 8.  However, the R&R does not analyze Georgia's FBPA, Illinois' CFA, and Maine's UTPA[10] with regard to, *inter alia*, whether those statutes cover prescription medical devices because the R&R recommends dismissal of "Plaintiffs' consumer protection claims arising under" the laws of those states "on other grounds."  *Id*. at 92 n.13.  The proper result of such an analysis would have been to recommend dismissal of those three claims[11] (PI Master Complaint ¶¶ 617.n, 617.r, 617.z).  Respironics' Objs. at 8; *see also* Motion at 35 & n.45; Citation Table F(7); Reply at 21 & n.27; Reply Citation Table D(2).[12]

The R&R also does not analyze whether Georgia's FBPA and Maine's UTPA[13] limit private rights of action to direct purchasers because the R&R had already recommended dismissal of Georgia's UDTPA and Maine's UDTPA claim.  *See* R&R at 87 n.12.  The proper result of such an analysis would have been to recommend dismissal of the Georgia FBPA and the Maine UTPA

---

[10] The R&R recommends dismissal of Maine's UTPA claim on the separate grounds that the statute does not provide recovery for personal injury claims.  R&R at 79-80.

[11] After state-by-state analysis for other jurisdictions, the R&R recommends against dismissal of several consumer protection claims with regard to whether prescription medical devices fall within the scope of those statutes, R&R at 92-105, and Respironics has asserted objections to these recommendations.  Respironics' Objs. at 8.

[12] The R&R also does not analyze whether prescription medical devices are outside the scope of the Kentucky CPA.  R&R at 92 n.13 (inadvertently including Kentucky as having been previously recommended for dismissal).  The proper result would have been to recommend dismissal of the Kentucky CPA claim (PI Master Complaint ¶¶ 617.w).  Motion at 35 & n.45; Citation Table F(7); Reply at 21 & n.27; Reply Citation Table D(2).

[13] *See supra* n.10.

claims on the independent grounds that Plaintiffs were not direct purchasers (PI Master Complaint ¶¶ 617.n, 617.z).  *See* Motion at 35; Citation Table F(6); Reply at 21-22.[14]

Nor does the R&R analyze whether Plaintiffs' Georgia FBPA and UDTPA, Illinois UDTPA, and Maine UDTPA claims concern areas subject to regulatory oversight and thus are precluded because the R&R recommends dismissal of ***other*** consumer protection claims under those states' laws.  R&R at 105 n.14.  The R&R also fails to analyze this issue with respect to the Nebraska CPA because it recommends dismissal of the claim on other grounds.[15]  The proper result of such analyses would have been to recommend dismissal of these claims (PI Master Complaint ¶¶ 617.n-o, 617.s, 617.aa, 617.jj).  *See* Motion at 33 & n.38; Citation Table F(1).

***Fourth***, all of Plaintiffs' consumer protection claims are subject to dismissal on additional grounds raised in Respironics' Objections to the R&R, to wit, a failure to plead claims that are clearly fraud-based with the requisite particularity,[16] as well as affirmatively pleading post-suit notice instead of statutorily mandated pre-suit notice.  *See* Respironics' Objs. at 6-7, 9-10; *see also, e.g.*, Motion at 33-34 & nn.40-42 (failure to sufficiently plead causation and/or reliance, failure to plead scienter with specificity); *id.* at 36 & n.46 (failure to allege that the conduct at issue occurred within the state, or in some cases, primarily and substantially within the state).

---

[14] The R&R also does not analyze whether the Idaho CPA limits private rights of action to direct purchasers.  R&R at 87 n.12 (inadvertently including Idaho as having been previously recommended for dismissal).  The proper result would have been to recommend dismissal (PI Master Complaint ¶ 617.q).  Motion at 35; Citation Table F(6); Reply at 21-22.

[15] The R&R properly recommends dismissal of Maine's UDTPA and Nebraska's CFA claims on the separate grounds that they prohibit private rights of action for damages.  *See* R&R at 85-87.

[16] The gravamen of Count XVI (consumer protection claims) is fraud.  *See* Motion at 33 (citing PI Master Complaint ¶¶ 606-15, 618-23).

## V.   CONSUMER PROTECTION CLAIMS PLED IN THE PI MASTER COMPLAINT THAT DO NOT ALLOW FOR RECOVERY OF PERSONAL INJURY DAMAGES CANNOT BE REPURPOSED TO SEEK ECONOMIC LOSS DAMAGES.

Plaintiffs attempt to diminish the import of their complaint by describing the PI Master Complaint as having a "***primary*** focus" of "present[ing] a long form complaint for individual personal injury cases."  Pls. Objs. at 12 (emphasis added).  In fact, after considerable negotiation among the parties and the entry of multiple pretrial orders by this Court, the ***sole focus*** of the PI Master Complaint "is to present a long form complaint for individual personal injury cases."  *Id.*

For the thirteen states where the R&R recommends dismissal of the consumer protection claims because those statutes do not allow recovery for personal injury damages, as well as the nine states where dismissal is recommended because those statutes are subsumed by their states' product liability acts, Plaintiffs make a puzzling argument that they ought to be allowed to preserve their claims as claims for economic loss and not for personal injury.  *See id.*  Having negotiated a three-complaint structure, which includes a separate class action complaint for economic loss, and further aware that the process of seeking Court approval for a settlement in that matter is proceeding apace, Plaintiffs conjecture that "it is possible that some Plaintiffs may opt out of the proposed economic loss class settlement and wish to pursue claims for economic loss through their personal injury case."  *Id.*

Beyond the procedural improprieties of that proposition here, the PI Master Complaint is straightforward regarding what Plaintiffs seek as recovery for Count XVI (state consumer protection claims) in the last two paragraphs of that count:

> 623. By reason of the fraudulent, deceptive, unfair, and/or otherwise unlawful acts engaged in by Philips, and as a direct and proximate result thereof, Plaintiffs have sustained injuries and other damages.
>
> 624. Plaintiffs demand judgment against Philips and request compensatory damages, punitive damages, medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

Plaintiffs do not seek economic damages for their injuries.[17]  Nor have they preserved an avenue for economic damages in the PI Master Complaint for personal injury Plaintiffs who opt out of the class action economic loss settlement.  If certain plaintiffs opt out of the economic loss settlement, the onus should be on those individual parties (if they elect to do so) to seek leave to file long form complaints alleging their claims in full, and give the defendants, *inter alia*, a full and fair opportunity to seek their dismissal individually—not to craft exceptions here to personal injury claims that ought to be dismissed to account for such potential (but now hypothetical) opt-out plaintiffs.  Plaintiffs have sought and obtained authorization from the Court to treat pure economic loss claims in a distinct fashion from personal injury claims—having made that election and obtained the Court's imprimatur with respect to same, they must operate within that structure rather than pursue individual and idiosyncratic loopholes to evade it.[18]

## CONCLUSION

For the foregoing reasons, and those stated in Respironics' Motion and Reply, at oral argument, and in Respironics' Objections to the R&R, Respironics respectfully requests that the Court overrule Plaintiffs' Objections.

---

[17] In an oxymoronic twist, Plaintiffs contend that the PI Master Complaint "alleges a claim for economic losses that are not dependent upon physical injury." Pls. Objs. at 12 (citing PI Master Complaint ¶ 25).

[18]  In recommending dismissal of the statutory consumer protection claims that do not allow recovery for personal injury damages, the R&R states: "At oral argument, Plaintiffs' counsel sought to distinguish Plaintiffs' personal injury claims for economic losses from non-economic losses that would be barred under certain jurisdictions' consumer protection laws.  The assessment of the consumer protection act claims will be undertaken with that point in mind."  R&R at 76-77 (citation omitted).   Thus, the Special Master analyzed these claims and made a knowing recommendation of dismissal that aligns with the purpose of the PI Master Complaint and the determined structure of these MDL proceedings.

Dated: November 30, 2023

Respectfully Submitted,

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North*
*America LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
