IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>Amended Master Long Form Complaint For Personal Injuries And Damages, And Demand For Jury Trial (ECF No. 834) | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**PHILIPS RS NORTH AMERICA LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY AND/OR CLARIFY THE REPORT AND RECOMMENDATION ON THE MOTION TO DISMISS THE AMENDED <u>MASTER LONG FORM COMPLAINT FOR PERSONAL INJURIES</u>**

John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

CONCLUSION .......................................................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,
    482 F.3d 247 (3d Cir. 2007) ................................................................................................ 2

*Franks v. Food Ingredients Int'l, Inc.*,
    No. CIV.A. 09-3649, 2010 WL 3046416 (E.D. Pa. July 30, 2010) ..................................... 2

*Gorton v. Air & Liquid Sys. Corp.*,
    No. CV 1:17-1110, 2019 WL 6310499 (M.D. Pa. Nov. 25, 2019) ...................................... 2

*Koller v. Riley Riper Hollin & Colagreco*,
    850 F. Supp. 2d 502 (E.D. Pa. 2012) .................................................................................. 1

*In re NAHC, Inc. Sec. Litig.*,
    306 F.3d 1314 (3d Cir. 2002) .............................................................................................. 2

*Nyamekye v. Mitsubishi Elec. Power Prod., Inc.*,
    No. CV 17-852, 2018 WL 3933504 (W.D. Pa. Aug. 16, 2018) .......................................... 2

**Other Authority**

Fed. R. Civ. P. 15 ....................................................................................................................... 1, 2

**INTRODUCTION**

Plaintiffs' Motion to Modify and/or Clarify the Report and Recommendation on the Motion to Dismiss the Amended Master Long Form Complaint for Personal Injuries ("Motion to Modify") (ECF No. 2312) is in fact a conditional and procedurally improper motion for leave to amend which fails to provide, as required by Federal Rule of Civil Procedure 15, the proposed amended pleading. Plaintiffs' elliptical request for leave to amend is both premature and procedurally improper and should be denied.[1]

**ARGUMENT**

Plaintiffs' conditional request for leave to amend is procedurally deficient for two primary and independent reasons, either of which is grounds for denying Plaintiffs' request.

***First***, Plaintiffs' request for leave to amend is premature and devoid of specificity—predictably so—because the Court has not yet ruled on Defendants' motion to dismiss the PI Master Complaint. Plaintiffs therefore cannot know whether they might seek or merit leave to amend. Plaintiffs are, thus, incapable of articulating required elements of such a motion, including why the Court might consider allowing them leave to amend or how they would amend their complaint were leave granted. Instead, Plaintiffs frame their request for leave to amend conditionally: ***if*** the Court adopts the R&R in whole or in part, ***then*** Plaintiffs seek leave to amend. Such relief is unavailable because it essentially asks for an advisory opinion—albeit without elucidating the ground upon which such an opinion might be sought. *See Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 515 n.10 (E.D. Pa. 2012) (denying leave to amend

---

[1] Plaintiffs filed the Motion to Modify, as well as Objections (ECF No. 2313) to Special Master Vanaskie's Report and Recommendation ("R&R") (ECF No. 2271) on Philips RS North America LLC's ("Respironics") motion to dismiss Plaintiffs' personal injury complaint ("PI Master Complaint") (ECF No. 834). This Opposition is in response to Plaintiffs' Motion to Modify, which repeats the same perfunctory and conditional request to amend as their R&R objections.

where plaintiff had already amended his complaint and offered only an offhand, conditional request to amend in lieu of dismissal with no explanation of what the amendment would entail or how it would address the complaint's shortcomings); *Franks v. Food Ingredients Int'l, Inc.*, No. CIV.A. 09-3649, 2010 WL 3046416, at *7 (E.D. Pa. July 30, 2010) ("[I]t is not for the Court to direct Plaintiffs not only as to where they have gone wrong but how to make it right."). Such a "bare request" without "any indication of the particular grounds on which amendment is sought" "does not constitute a motion within the contemplation of Rule 15(a)." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (internal citations and quotations omitted). As this Court previously has held, "[w]hile Federal Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a mere request in [a brief in] opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Nyamekye v. Mitsubishi Elec. Power Prod., Inc.*, No. CV 17-852, 2018 WL 3933504, at *6 n.3 (W.D. Pa. Aug. 16, 2018) (Conti, J.).

**Second**, Plaintiffs have not submitted a proposed amended complaint as required by Rule 15. The absence of a proposed complaint affirms that Plaintiffs' request for leave to amend is both premature and improper. The Third Circuit has recognized that "to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). The "failure to submit a draft amended complaint is fatal to a request for leave to amend." *Id.* (citing *Ranke v. Sanofi–Synthelabo, Inc.*, 436 F.3d 197, 206 (3d Cir. 2006)). "[A] district court need not worry about amendment when the plaintiff does not properly request it," and "properly requesting leave to amend a complaint requires submitting a draft amended complaint." *Id.* at 253; *see also Gorton v. Air & Liquid Sys. Corp.*, No. CV 1:17-

2

1110, 2019 WL 6310499, at *2 (M.D. Pa. Nov. 25, 2019) (Conti, J.) ("[Plaintiff] did not attach to her motion for leave to file a second amended complaint a copy of the proposed second amended complaint. The motion for leave will, therefore, be denied without prejudice.").[2] Plaintiffs' failure to provide a proposed amended complaint in support of their request for leave to amend is in and of itself grounds for denying their request.

## CONCLUSION

Plaintiffs' request for leave to amend should be denied for both of these independent reasons.

---

[2] If the Court, at a later date, were to entertain a proper motion for leave to amend, Respironics would then plan to address the propriety of such a request and its implications, including the extensive delay that permitting amendment would entail, and the effect of any amendments on the viability of each of the more than 600 previously-filed Short Form Complaints.

3

| | |
|---|---|
| Dated: November 30, 2023 | Respectfully Submitted, |

/s/ *John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 30, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

                                                                    */s/ John P. Lavelle, Jr.*
                                                                    John P. Lavelle, Jr.