IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | : : : : : | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| **This Document Relates to:** | : : | |
| Consolidated Second Amended Class Action Complaint for Medical Monitoring And Demand for Jury Trial (ECF No. 815) | : : : : | |

# PHILIPS RS NORTH AMERICA LLC'S OBJECTIONS TO SPECIAL DISCOVERY MASTER'S REPORT AND RECOMMENDATION AND PROPOSED ORDER RE: DISCOVERY OF MEDICAL MONITORING NAMED PLAINTIFFS' MEDICAL HISTORIES AND PREVIOUS EXPOSURES TO HAZARDOUS SUBSTANCES

John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................... 1

II. RESPIRONICS' OBJECTIONS ............................................................................ 2

    A. DUE TO A CLERICAL ERROR AND/OR A MISCOMMUNICATION, THE R&R ERRONEOUSLY STATES THAT REQUEST NOS. 2, 7, 12, 15, 17, 19, AND 34 ARE DUPLICATIVE AND MOOTED. ............................... 2

    B. THE R&R CORRECTLY RECOMMENDS GRANTING RESPIRONICS' MOTION TO COMPEL REGARDING REQUEST NO. 22 BUT USES OVERLY NARROW LANGUAGE IN ITS RATIONALE. .................................................................................................... 5

    C. THE R&R SHOULD HAVE RECOMMENDED GRANTING RESPIRONICS' MOTION TO COMPEL REGARDING REQUEST NO. 27, INSTEAD OF RECOMMENDING DENIAL WITHOUT PREJUDICE. .................................................................................................... 6

III. CONCLUSION ........................................................................................................ 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ballard v. Union Carbide Corp.*,
   No. 2:11-CV-00366, 2012 WL 2089511 (S.D.W. Va. June 8, 2012)..........................................6

*Brown v. Saint-Gobain Performance Plastics Corp.*,
   No. 16-cv-242-JL, 2018 WL 10517306 (D.N.H. Oct. 10, 2018) ...............................................6

*Pyrotechnics Mgmt., Inc. v. XFX Pyrotechnics LLC*,
   No. 19-CV-00893, 2021 WL 6286381 (W.D. Pa. June 8, 2021)...............................................7

*Sullivan v. Saint-Gobain Performance Plastics Corp.*,
   No. 5:16-cv-125, 2017 WL 11508079 (D. Vt. Sept. 13, 2017) .................................................6

**Other Authorities**

Fed. R. Civ. P. 53(f)(1) ..................................................................................................................2

Fed. R. Civ. P. 53(f)(3) ..................................................................................................................2

I.      **INTRODUCTION**

Philips RS North America LLC ("Respironics" or "Philips RS") respectfully submits the following limited objections to the Special Discovery Master's Report and Recommendation and Proposed Order Re: Discovery of Medical Monitoring Named Plaintiffs' Medical Histories and Previous Exposures to Hazardous Substances ("R&R") (ECF No. 2340).  For all the reasons set forth in Respironics' briefing and supplemental written submission and at oral argument, which Respironics hereby expressly incorporates by reference and preserves, ***Medical Monitoring Plaintiffs ("Plaintiffs") should be compelled to respond to all at-issue interrogatories*** ("Interrogatories") ***and requests for production of documents*** ("Requests") encompassed within this discovery dispute.  That said, Respironics appreciates the time and attention devoted to these issues to date by the Special Master, and in light of the present posture of those discussions and the larger case, including the recently entered scheduling order, narrowly tailors its objections to the R&R as follows:

*First*, due to either a clerical error and/or a miscommunication, the R&R erroneously states that Request Nos. 2, 7, 12, 15, 17, 19, and 34 are duplicative and mooted.  These Requests are neither, and for the reasons and rationale already correctly articulated in the R&R, Plaintiffs should be compelled to respond to Request Nos. 2, 7, 12, 15, 17, 19 and 34 in any order that the Court issues.

*Second*, the R&R *correctly* recommends granting Respironics' motion to compel regarding Request No. 22 but uses overly narrow language in its rationale for granting that Request.  Specifically, the R&R states: "Defendant's motion should also be granted as to Document Request 22 (treatment or testing for the Pleaded Conditions), as any prior treatment or monitoring for the diseases Plaintiffs have placed at issue in this case would likely be relevant."  R&R at 9-10.  Any order issued by this Court should not adopt this narrow language, but instead, should expressly

clarify that Plaintiffs' "prior *and current* treatment or monitoring for the diseases Plaintiffs have placed at issue in this case would likely be relevant." The R&R implicitly acknowledges such, as explained further below.

***Third***, the R&R should have recommended granting Respironics' motion to compel regarding Request No. 27 instead of recommending denial without prejudice. This Request seeks documents regarding Plaintiffs' present condition, injuries, and/or damages. Because Plaintiffs all allege that they have "suffered subcellular injury or other physiological changes" and that such injury constitutes physical injury, the time is ripe for Plaintiffs to produce documents regarding their present condition, injuries, and/or damages. This Court should compel Plaintiffs to do so.

## II. <u>RESPIRONICS' OBJECTIONS</u>

### A. Due to a Clerical Error and/or a Miscommunication, the R&R Erroneously States that Request Nos. 2, 7, 12, 15, 17, 19, and 34 are Duplicative and Mooted.

Respironics objects to the R&R's erroneous statement that, in identifying the at-issue interrogatories and document requests to resolve, the R&R "does not include additional requests Philips RS concedes are duplicative and therefore mooted, that is, Document Request Nos. 2, 7, 12, 15, 17, 19 and 34."[1] R&R at 2 n.1. The Requests are not duplicative or mooted, and Respironics did not state as much. For the reasons explained below, Plaintiffs should be compelled to respond to Request Nos. 2, 7, 12, 15, 17, 19 and 34 in any order that the Court issues.

As an initial matter, the R&R's labelling of Request No. 2 as duplicative and mooted appears to be a clerical error. The R&R ***includes*** Request No. 2 in the chart of at-issue discovery requests and, indeed, recommends compelling Plaintiffs to respond to Request No. 2. *See* R&R at

---

[1] This Court reviews the Special Master's recommended findings of fact and conclusions of law *de novo*. *See* Fed. R. Civ. P. 53(f)(3) – (4); Order Appointing and Setting Duties of Special Master for General Discovery and E-Discovery (ECF No. 540) at ¶ 26. The Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit" the R&R "with instructions." *See* Fed. R. Civ. P. 53(f)(1).

2

2; *id.* at 9 ("Defendant's motion to compel should be granted as to . . . Requests for Production of Documents 2, 5, 6, and 8."). Request No. 2 concerns Plaintiffs' "Acquisition of a Recalled Device." *See* Philips RS' First Request for Production of Documents to Medical Monitoring Plaintiffs at 5, attached as Exhibit A. The R&R correctly reasons and recommends the following: "The Recalled Devices are at the heart of this case, and may well be associated with pre-existing respiratory conditions. This is the one category Plaintiffs acknowledge is discoverable, but they seek to limit their responses to the past five years. Such a cutoff would be arbitrary, as the lawsuit involves all Recalled Devices, regardless of when they were prescribed or acquired. Accordingly, Defendant's motion to compel should be **granted** as to … Request[] for Production of Documents 2." R&R at 9 (emphasis in original). Therefore, any order of this Court adopting the reasoning and recommendation of the R&R should refrain from describing Request No. 2 as duplicative or mooted, and should, in fact, compel Plaintiffs to respond to Request No. 2.

Similarly, Request Nos. 7, 12, 15, 17, 19 and 34 are neither duplicative nor mooted. Indeed, the subset of Plaintiffs who have responded to discovery to date substantively responded partially to these Requests. *See, e.g.*, Plaintiff Steve Abarr's Amended Responses and Objections to Philips RS' First Request for Production of Documents to Medical Monitoring Plaintiffs at 3-4, 6-9, 17 (stating either that Plaintiff possesses no responsive documents or referring Respironics to produced documents), attached as Exhibit B. Plaintiffs nonetheless asked Respironics to include these Requests in its motion to compel as "each of these [Requests] could be interpreted as requesting medical records/communications with doctors and other medical professionals" and "Plaintiffs' agreement to produce other types of documents responsive to these requests should not be read to encompass medical records/communications with doctors and other medical professionals." *See* E. Avery Email to E. Attridge dated August 4, 2023 (without attachments) at

3

1, attached as Exhibit C.  Accordingly, Respironics moved to compel full responses to these Requests.  *See* Letter Mot. to Compel at 2 & n.2, attached as Exhibit D; *see also* Reply ISO Letter Mot. to Compel at 1 n.1, attached as Exhibit E.

On October 30, 2023, Respironics and Plaintiffs participated in a meet and confer with the Special Master to identify the at-issue Interrogatories and Requests that the R&R should address. Per the Special Master's request, on November 3, 2023, Respironics sent its supplemental written submission to the Special Master to, in part, address whether Plaintiffs' "medical records and information" objection to Request Nos. 7, 12, 15, 17, 19 and 34 would be resolved upon the issuance of an R&R.  *See* E. Attridge Email to C. Katz dated November 3, 2023 (without attachments) at 4-5, attached as Exhibit F.  Respironics confirmed that Plaintiffs' "medical records and information" objection to each Request would be resolved if Plaintiffs were compelled to produce certain specifically-identified portions of their medical records and/or communications with healthcare providers or durable medical equipment providers.  *See id.*  In other words, Respironics intended that Plaintiffs' "medical records and information" objection to Request Nos. 7, 12, 15, 17, 19 and 34 be resolved as part of the R&R.

Respironics did not state, and certainly never intended to communicate, that Request Nos. 7, 12, 15, 17, 19 and 34 are duplicative or should be deemed moot.  They are not, and Respironics objects to this characterization in the R&R.  For the reasons and rationale correctly articulated in the R&R itself, Respironics respectfully requests that any Court order adopting the R&R also include the following:

- Request Nos. 12, 15, and 17 relate to the cleaning of Plaintiffs' Recalled Devices, accessories used with Plaintiffs' Recalled Devices, and documents and communications regarding the recall of Plaintiffs' Recalled Devices.  *See*  Ex. A at 6.  Therefore, each of

4

these Requests falls into the R&R's "Recalled Device related" category. *See* R&R at 2. The R&R correctly recommends granting Respironics' motion to compel all discovery requests in this category (*i.e.*, Interrogatories 1(f) and 6 and Request Nos. 2, 5, 6, and 8), so any order of this Court adopting the reasoning and recommendation of the R&R also should grant Respironics' motion to compel full responses to Request Nos. 12, 15, and 17. *See* R&R at 9.

- Request Nos. 7, 19, and 34 relate to other CPAP, BiPAP, and/or ventilator devices that Plaintiffs acquired or considered acquiring, that were proposed as an alternative to their Recalled Devices, that Plaintiffs used before or after their Recalled Devices, and/or that Plaintiffs used as a replacement of their Recalled Devices. *See* Ex. A at 6-8. Documents relating to Plaintiffs' acquisition, use, or advice to use CPAP, BiPAP, and/or ventilator devices—even though these devices are not the Recalled Devices—are relevant because such documents may reflect that Plaintiffs are already "being treated for a serious respiratory disease" (R&R at 5), "may well be associated with pre-existing respiratory conditions" (R&R at 9), or may reflect "treatment or testing for the Pleaded Conditions" (*id.*). The R&R correctly recommends granting Respironics' motion to compel regarding Request No. 22 ("treatment or testing for the Pleaded Conditions"), so any order of this Court adopting the reasoning and recommendation of the R&R also should grant Respironics' motion to compel responses to Request Nos. 7, 19, and 34. *See* R&R at 9.

**B.     The R&R Correctly Recommends Granting Respironics' Motion to Compel Regarding Request No. 22 But Uses Overly Narrow Language in its Rationale.**

The R&R *correctly* recommends granting Respironics' motion to compel regarding Request No. 22, which seeks documents and communications from the past 10 years relating to Plaintiffs' treatment and/or testing for the Pleaded Conditions. *See* R&R at 9-10; *see also id.* at 1

5

(defining "Pleaded Conditions").  The R&R reasons as follows: "Defendant's motion should also be granted as to Document Request 22 (treatment or testing for the Pleaded Conditions), as any prior treatment or monitoring for the diseases Plaintiffs have placed at issue in this case would likely be relevant." *Id.* at 9-10.  Respironics respectfully requests that the Court expressly clarify that Plaintiffs' "prior ***and current*** treatment or monitoring for the diseases Plaintiffs have placed at issue in this case would likely be relevant" in any order issued by the Court, as the R&R implicitly acknowledges such.  *See* R&R at 5 ("[T]he extent to which a Plaintiff's HCP has advised monitoring for a Pleaded Condition would be relevant to determining if they are already ***undergoing*** monitoring duplicative of that they seek to have Philips RS fund.") (emphasis added); *id.* at 9 (recommending compelling Plaintiffs to respond to Interrogatory Nos. 11, 12, 13, and 2.17, which seek information about Plaintiffs' prior and current medical history and monitoring); *see also Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-242-JL, 2018 WL 10517306, at *3 (D.N.H. Oct. 10, 2018) (compelling medical monitoring plaintiffs to identify their medical information "during the period between January 2000 and the present"); *Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-cv-125, 2017 WL 11508079, at *5 (D. Vt. Sept. 13, 2017) (similar); *Ballard v. Union Carbide Corp.*, No. 2:11-CV-00366, 2012 WL 2089511, at *2, 4 (S.D.W. Va. June 8, 2012) (compelling medical monitoring plaintiffs to identify, among other things, "each medical, psychiatric or psychological condition you have had throughout your life").[2]

    **C.**    **The R&R Should Have Recommended Granting Respironics' Motion to Compel Regarding Request No. 27, Instead of Recommending Denial Without Prejudice.**

Respironics objects to the R&R's recommendation that its motion to compel be denied

---

[2] Additionally, the R&R expressly acknowledges that it is merely "paraphras[ing]" the at-issue Interrogatories and Requests "for the sake of brevity."  R&R at 2 n.1.

without prejudice regarding Request No. 27 as part of a "two-step process."[3]  *See* R&R at 5, 10. Specifically, the R&R states: "to the extent Plaintiffs' interrogatory responses reveal pre-existing conditions or monitoring that would bear on their medical monitoring claim, Philips RS may propound tailored follow-up document requests (these additional targeted requests should not count against Defendant's discovery limits)." R&R at 10. Because 'step one' already has been met, Plaintiffs should be compelled to respond to Request No. 27 in full at this point in time, especially given the necessary timeframe to complete discovery, without further delay.

Request No. 27 seeks "[a]ll Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages." Ex. A at 7.  For the reasons set forth in Respironics' briefing and at oral argument,[4] such documents depicting or referring to Plaintiffs' present condition are relevant and should be produced because each and every Plaintiff alleges that he or she has "suffered subcellular injury or other physiological changes." *See* ECF No. 815 at ¶¶ 25-88.  Plaintiffs have represented to this Court that their alleged subcellular injury constitutes physical injury. *See, e.g.*, ECF No. 2314 at 2 ("Even assuming that the Disputed

---

[3] The R&R also recommends denying Respironics' motion to compel without prejudice as to Request Nos. 26, 40, and 42 as part of the contemplated two-step process. *See* R&R at 5, 10.  It is Respironics' position that a two-step process is ill-suited for this case, as Plaintiffs have sought to delay responding to discovery at every turn since these requests were served 11 months ago. However, to avoid burdening this Court with extensive reargument of the parties' discovery dispute, Respironics refrains from objecting to this two-step process.  Respironics reserves the right to seek a schedule modification should Plaintiffs' continued failure to timely respond to interrogatories or produce documents impede Respironics' ability to comply with discovery and/or expert deadlines.

[4] *See, e.g.*, Ex. D at 1 & n.1 (explaining that Plaintiffs' present condition is relevant because, among other reasons, Plaintiffs all allege that they have suffered "subcellular injury" and expressly plead an exhaustive list of potential illnesses and conditions they say are caused by or could be caused by the use of their Recalled Devices); *see also Pyrotechnics Mgmt., Inc. v. XFX Pyrotechnics LLC*, No. 19-CV-00893, 2021 WL 6286381 (W.D. Pa. June 8, 2021) ("[R]elevancy for discovery purposes encompasses any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case.") (internal quotations and citations omitted).

Jurisdictions require physical injury, Plaintiffs have satisfied this requirement. The Complaint alleges that Plaintiffs inhaled and/or ingested Foam Toxins through their respiratory tract and gut, where they were absorbed into tissue and Plaintiffs' bloodstream, producing subcellular or other physiological changes.") (footnote omitted). Step one is therefore met: because Plaintiffs claim that they have suffered an injury—physical, subcellular, physiological, or otherwise—for which they are seeking damages in this litigation, any order issued by this Court should compel Plaintiffs to respond to Request No. 27. *See* ECF No. 2355 at 2 (supporting the conclusion that Plaintiffs should respond to the discovery requests that Respironics served 11 months ago, such as Request No. 27, so that Respironics can complete "all fact discovery related to class certification, including Party and non-party fact depositions" by the current deadline of April 30, 2024).

## III. CONCLUSION

For all the foregoing reasons, Respironics' objections to the R&R should be sustained.

Dated: December 7, 2023

Respectfully Submitted,

*/s/ Wendy West Feinstein*
Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

*Counsel for Defendant Philips RS North America LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2023, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ Wendy West Feinstein*
Wendy West Feinstein