IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br>*All Actions* | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**PLAINTIFFS' BRIEF AND OPPOSITION TO KONINKLIJKE
PHILIPS N.V.'S REQUEST FOR JUDICIAL NOTICE**

Defendant Koninklijke Philips N.V.'s ("KPNV") Request for Judicial Notice (ECF No. 2393) (the "Request") is untimely and improper, and for those reasons should be denied.

Simultaneously with its proposed Findings of Fact and Conclusions of Law, KPNV asked the Court to take judicial notice of eleven complaints and consent decrees pertaining to companies other than Philips, purportedly as a follow-up to statements made by its counsel at the jurisdictional evidentiary hearing that KPNV's counsel will "show [the Court] examples of consent decrees that go beyond the regulated entity." Ex. 1 (10/17/23 Tr.) at 213; *see* Req. at 2. However, after the evidentiary record closed KPNV now seeks to do something else entirely, citing to an arbitrary inapposite collection of complaints and consent decrees as the sole support for the statement "KPNV's direct involvement in the recall and remediation efforts is not surprising. For one, KPNV itself faced potential regulatory exposure to the FDA. There has been a long history of non-manufacturer parent companies and their officers being named in consent decrees entered in FDA enforcement activities for failure to satisfy their oversight obligations." ECF No. 2392 ¶ 277 (footnotes omitted). Plaintiffs agree that KPNV's direct involvement in the recall and remediation is unsurprising, and the KPNV itself faces regulatory exposure to the FDA for various failings in

.                                                                 1

its oversight obligations. To be clear, KPNV has long been directly involved with the CPAP, BiPAP, and ventilator devices at issue in this litigation, and its repeatedly negligent management of operations in Pennsylvania and Massachusetts (both before and during the recall and remediation efforts) are precisely what give rise to the proper exercise of personal jurisdiction in those venues, and regulatory risk. *See, e.g.,* ECF No. 2389, ¶¶ 92-197, 375-471. However, KPNV's request that the Court take judicial notice of interpretations drawn from the eleven complaints and consent decrees involving non-Philips companies is improper because it asks the Court to draw irrelevant inferences that are unsupported by the mere existence of the underlying documents.

To the extent the Court is inclined to grant KPNV's Request, Plaintiffs respectfully request that the Court also consider facts developed since the evidentiary hearing that provide further evidence that KPNV is properly subject to personal jurisdiction in this matter, and rebut arguments made by KPNV at the October 17 evidentiary hearing.

I.  **KPNV'S REQUEST FOR JUDICIAL NOTICE IS IMPROPER**

Federal Rule of Evidence 201 does allow a court to take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute. Fed. R. Evid. 201(b). The *existence* of a particular public document is often a fact of which a court may take judicial notice, but it is improper for a court to take judicial notice of the truth or interpretation of documents' contents, particularly documents filed in connection with litigation. 1 Jones on Evidence § 2:12.50 (7th ed.); *see also Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001); *Bruce v. City of Pittston*, 2023 WL 6609023, at *1-2 n.1 (M.D. Pa. Oct. 10, 2023) (judicial notice of public records but not "of any facts contained therein which are subject to dispute"); *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257-58 (E.D. Pa. 2020) (records from prior judicial proceedings "may only be judicially noticed to show what was in the public record at the time, not whether the contents of those documents are true"); *PG Pub. Co. v. Aichele*, 902 F. Supp. 2d 724, 735 (W.D. Pa. 2012), *aff'd,*

705 F.3d 91 (3d Cir. 2013) ("There is an obvious difference between accepting the *fact* of an article's existence and accepting the *truth* of the statements contained therein.").

If KPNV sought this Court's acknowledgement that FDA complaints and consent decrees that name various members of corporate families merely exist, perhaps it would be a proper request for judicial notice. However, KPNV instead asks the Court to improperly find meaning, draw inferences from, and find facts buried in complaints and consent decrees, where the documents fail to shed any light on the circumstances behind any of the defendants being named as parties or provide insight into the involvement of each parent corporation, or its officers/employees, in any wrongdoing. *See* Req., Exs. A-G. Suggesting that the Court should draw inferences from the presumably detailed, but entirely unexamined, factual histories underlying these consent decrees from 8 to 16 years ago is not the proper subject of a request for judicial notice. *See, e.g.*, *Werner*, 267 F.3d at 295 (judicially noticing the existence of meeting minutes but not their substance). The impropriety of the Request is highlighted by the fact that the self-serving factual inferences that KPNV asks the Court to take notice of are largely presented in the form of unsupported parentheticals and not the documents themselves. *See, e.g.*, Req. at 1-2 (listing documents and corresponding dates); ECF No 2392, ¶ 277 n.16 & n.17 (parentheticals purporting to show that entities or individuals were named for supervisory functions).[1] Accordingly, the Request should be denied.

---

[1] For example, KPNV quotes language out of context from Exhibit G claiming that "[The subsidiary] reports directly to [the parent's Senior Vice President]," perhaps implying that is why the individual was named as a defendant. ECF No. 2392 ¶ 277 n.7 (quoting Ex. G). But the language in Exhibit G actually says "GE OEC reports directly to Mr. Hogan, and ***he is responsible for the operations of the GE OEC facilities in Salt Lake City, Utah, and Lawrence, Massachusetts***." *See* Req., Ex. G at 3 (emphasis added). Asking the Court to take notice of inferences that are subject to differing interpretations is inappropriate for judicial notice.

Moreover, judicial notice should not be granted when the facts proffered are irrelevant. *PG Pub.*, 902 F. Supp. 2d at 735. Here, KPNV fails to show how or why the consent decrees or complaints are relevant to its motions to dismiss for lack of personal jurisdiction. Consent decrees and complaints filed in other circumstances against other corporations provide no insight into the personal jurisdiction issues in dispute. The list of companies KPNV cites as examples of FDA enforcement action are listed without context as to the existence (or absence) of U.S. federal court personal jurisdiction over those entities, and includes (1) U.S. based parent entities inarguably subject to personal jurisdiction (for example, GE Healthcare and Medtronic), ECF No. 2392, ¶ 277 n.16 & n.17 (Exs. A, B, G, H); (2) alter ego parent-subsidiary relationships (for example, Teva), ECF No. 2392, ¶ 277 n.16 & n.17 (Exs. F, K); *see San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 635-39 (N.D. Cal. 2020) (concluding that Teva Ltd. and its subsidiaries are alter egos)[2]; or (3) direct involvement by the parent entity in oversight, quality, and operations ECF No. 2392, ¶ 277 n.17. At bottom, the complaints and consent decrees shed no light on the personal jurisdiction question before the Court.

Finally, in contrast to a request for judicial notice made in the process of briefing a typical motion to dismiss, it was agreed here that the evidentiary record was closed as of the October 17 evidentiary hearing. *See* Ex. 2 (8/8/23 Tr.) at 39:18-43:12 (discussing finalization of factual record with pre-hearing statements). In fact, it was KPNV's counsel that said "can we just all agree . . .

---

[2] Not unlike at least one court has found with respect to Philips. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 5972721, at *3 (N.D. Cal. Feb. 27, 2017), (concluding that (1) "the evidence does not show as a matter of law that KPNV's divisions were legally separate from KPNV"; (2) "even if its divisions were nominally separate, there is evidence suggesting that they were not autonomous and that their actions were substantially directed by KPNV"; and (3) "the evidence of Philips' participation in the CRT conspiracy is that its employees acted on behalf of the Philips group of companies, and not any particular subsidiary.").

that the exhibit list is now set . . . Just enough with the exhibits. Can we just agree that that's the universe?" *Id*. at 39:18-24. And, in response to Plaintiffs' counsel's inquiry regarding new documents that may arise, the Court was clear that "[u]nless they come up in one of these depositions, there are no new documents." *Id*. at 43:11-12. Now, KPNV seeks to add new documents as evidence, in an impermissible attempt to expand the factual record. KPNV's counsel's unilateral statement during argument that some evidence not in the record could be identified, Req. at 2 (citing 10/17/23 Tr. at 212-13), fails to provide any justification to reopen the personal jurisdiction record at any time, not to mention the prejudice on Plaintiffs caused by KPNV's delay until after the Court ordered deadline for parties' proposed findings of fact and conclusions of law submission to make such an attempt. Had KPNV included this information prior to the evidentiary hearing and/or multiple rounds of briefing, Plaintiffs would have had a chance to rebut KPNV's flawed interpretation of the facts in these consent decrees. The Request should be rejected on this basis as well.

**II.      IF KPNV'S LATE SUPPLEMENTATION IS PERMITTED, PLAINTIFFS ASK THAT THE COURT ALSO CONSIDER RECENT TESTIMONY**

As described above, the factual record for the Motions to Dismiss and related evidentiary hearing closed on October 17, 2023. Should the Court accept KPNV's new evidence, Plaintiffs respectfully request the Court also consider the new testimony from employees of KPNV and/or other Philips entities that occurred subsequent to the evidentiary hearing. For example, Dr. Shen, who KPNV identified as a Philips North America LLC employee, testified that she worked for KPNV:

> Q. And then it looks like you took a job with Royal Philips, April 2015; is that right?
> A. Yes.
> ...

> Q I'm sorry. It was your understanding –
>
> A Yes.
>
> Q -- that you worked for Royal Philips?
>
> A Yes.
>
> Q Is that right? And were you recruited to work with Royal Philips?
>
> A Yes.

Ex. 3 (Shen Tr.) at 25:9-11, 26:6-14; *see also* Ex. 3 (Shen Tr). at 26:14-18 (hired by Liz Iversen who also worked for KPNV); 27:4-7 (took role at KPNV due to desire to work for non-American company); 27:7-28:3 (global role was for all of KPNV). Dr. Shen testified that in her role at KPNV, she had direct involvement with the Pennsylvania-based Sleep and Respiratory Care business. *See* Shen Tr. at 34:3-5; 34:9-35:3; 335:7-336:24 (███████████████████████████████████████████████████████████). And Dr. Shen unequivocally confirmed that it was part of her responsibility (as a KPNV employee) to ensure Philips' medical devices were safe. *See id*. at 30:12-14, 20-22. In addition, when questioned by KPNV counsel, ███████████████████████████████████████████████████████████████████████████. *See id*. at 335:7-11, 337:2-22. Dr. Shen's testimony flies directly in the face of KPNV's main jurisdictional contentions.

In addition, Plaintiffs request that the Court include the deposition testimony of John Frank (SRC business leader) in the evidentiary record. The testimony from this high-level employee is similarly informative on the personal jurisdiction matters in dispute. For example, Mr. Frank testified, among other things, ████████████████████████████████████████████. *See* Ex. 4 (Frank Tr.) at 80:22-82:1. The message from all of the key, high-ranking employees is the same— KPNV was directly involved with the Recalled Devices and operated its subsidiaries without regard for corporate boundaries.

6

### III. CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request that the Court deny KPNV's Request for Judicial Notice. If the Court grants KPNV's Request and takes judicial notice of the complaints and consent decrees, Plaintiffs respectfully request that the Court: (1) take notice only of the documents' existence and not the factual inferences that KPNV seeks to have the Court draw from them; and (2) permit Plaintiffs to similarly supplement the personal jurisdiction record with the deposition testimony of Dr. Shen and Mr. Frank.

Dated: December 28, 2023                                     Respectfully submitted,

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
sduggan@lfsblaw.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*Plaintiffs' Co-Lead Counsel*

*/s/ D. Aaron Rihn*
D. Aaron Rihn, Esquire
**ROBERT PEIRCE & ASSOCIATES, P.C.**
707 Grant Street, Suite 125
Pittsburgh, PA 15219
(412) 281-7229 (phone)
(412) 281-4229 (fax)
arihn@peircelaw.com

Peter St. Tienne Wolff, Esquire
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
One Oxford Centre - 38th Floor
Pittsburgh, PA 15219
(412) 263-2000 (phone)
(412) 263-2001 (fax)
psw@pietragallo.com

*Plaintiffs' Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system on this 28th day of December 2023, and is available for download by all counsel of record.

                                        */s/ D. Aaron Rihn*
                                        D. Aaron Rihn, Esquire
                                        PA I.D. No.: 85752
                                        ROBERT PEIRCE & ASSOCIATES, P.C.
                                        707 Grant Street
                                        Suite 125
                                        Pittsburgh, PA 15219
                                        Tel: 412-281-7229
                                        Fax: 412-281-4229
                                        arihn@peircelaw.com