IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : : | Master Docket: No. 21-mc-1230-JFC  MDL No. 3014 |
| This Document Relates to: | : : | |
| *All Personal Injury and Medical Monitoring Actions* | : : : | |

**DEFENDANT KONINKLIJKE PHILIPS N.V.'S REPLY
IN FURTHER SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**

KPNV made a straightforward request for judicial notice of certain FDA consent decrees and complaints that do not involve KPNV or any of its affiliates. As this Court stated when Plaintiffs suggested they may oppose KPNV's motion, "docket entries . . . are a matter of public record[.] [T]he Court can take judicial notice." (12/14/2023 CMC Tr. at 8.) KPNV submitted these materials in response to the Court's questions at the evidentiary hearing regarding the FDA's enforcement powers over parent corporations. (10/17/2023 Hr'g Tr. at 212.) KPNV does not seek judicial notice of the particular facts and circumstances in each of these other cases. Rather, KPNV requests only that the Court take notice of the *existence* of these prior FDA consent decrees and complaints as precedent showing that the FDA has exercised its broad enforcement power over non-manufacturer parent companies. Plaintiffs themselves admit that "[i]f KPNV sought this Court's acknowledgement that FDA complaints and consent decrees that name various members of corporate families merely exist, perhaps it would be a proper request for judicial notice." (Opp. at 3.) Plaintiffs therefore concede they have no proper legal basis to oppose KPNV's limited request for judicial notice.

Yet, Plaintiffs use their opposition brief as a transparent effort to re-open the factual record on personal jurisdiction and introduce additional deposition testimony from this case long after that record closed in October. KPNV's request for judicial notice of FDA consent decrees and complaints in unrelated proceedings involving other companies is hardly the same as Plaintiffs' request to introduce additional testimony from depositions taken in this case. They are apples and oranges. In fact, the deposition testimony that Plaintiffs seek to introduce bears no relation, topically or otherwise, to the FDA consent decrees and complaints over which judicial notice is sought. Plaintiffs' opposition is, therefore, yet *another* attempt by Plaintiffs to introduce additional factual evidence into the record and seek to prevent KPNV from presenting the Court with a complete, corresponding record. For example, after Plaintiffs introduced the declaration of their now-abandoned expert, Matthew Dundon (ECF No. 1695), Plaintiffs filed an "emergency motion" seeking to exclude the testimony of KPNV's rebuttal witness (ECF No. 1896). Then, after lobbing factually inaccurate and misleading assertions in their Renewed Opposition regarding Vitor Rocha (ECF No. 2173, at 9, 39, 43), Plaintiffs then sought to prevent KPNV from calling Mr. Rocha as a witness to rebut those very assertions. (9/13/2023 CMC Tr. at 13-16.) This latest attempt by Plaintiffs is more of the same: an attempted one-way expansion of the factual record by Plaintiffs.

Plaintiffs should not be allowed to unilaterally expand the factual record and unnecessarily extend the litigation timeline even further, particularly as their proposed expansion has nothing to do with the consent decrees and complaints in the unrelated cases. Should Plaintiffs be allowed to introduce the additional deposition testimony they seek to offer, KPNV will, in turn, request the introduction into evidence of other documents and other testimony from these two depositions, as well as from other recent depositions, to supplement the factual record. KPNV will

also seek to introduce evidence showing that, contrary to Plaintiffs' suggestion (Opp. at 5-6), Jessica Shen was employed by Philips North America LLC at all relevant times. But there is no reason for this endless cycle to continue because, as Plaintiffs themselves previously acknowledged, "[the record] is now closed[.]" (10/17/2023 Hr'g Tr. at 116.) It has to come to an end, because "[the Court] need[s] to see some certainty here" and "it can't be open-ended." (8/8/2023 CMC Tr. at 35.)

For these reasons, Plaintiffs have no grounds to use KPNV's limited request for judicial notice as pretext to introduce new evidence into the already closed factual record. Accordingly, KPNV respectfully requests that the Court (1) grant KPNV's limited request for judicial notice focused only on the existence of the prior FDA consent decrees and complaints, and (2) deny Plaintiffs' separate, improper request to reopen the factual record with additional deposition testimony.

Dated: January 3, 2024                          Respectfully submitted,

*/s/ Michael H. Steinberg*
Michael H. Steinberg
steinbergm@sullcrom.com
CA Bar. No. 134179
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
Tel: 310.712.6670

Tracy Richelle High
hight@sullcrom.com
NY Bar No. 3020096
William B. Monahan
monahanw@sullcrom.com
NY Bar No. 4229027
Elizabeth N. Olsen
olsene@sullcrom.com
NY Bar No. 5621628
Bethany S. Labrinos
labrinosb@sullcrom.com
NY Bar No. 5932538
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel: 212.558.4000

*Counsel for Defendant Koninklijke Philips N.V.*

-5-

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 3, 2024, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

<u>/s/ *Elizabeth N. Olsen*   </u>
Elizabeth N. Olsen