# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **IN RE: PHILIPS RECALLED CPAP,** | : | Master Docket: No. 21-mc-1230-JFC |
| **BI-LEVEL PAP, AND MECHANICAL** | : | |
| **VENTILATOR PRODUCTS** | : | MDL No. 3014 |
| **LITIGATION** | : | |
| | : | |
| **This Document Relates to:** | : | |
| | : | |
| Consolidated Second Amended Class | : | |
| Action Complaint for Medical Monitoring | : | |
| and Demand for Jury Trial (ECF No. 815) | : | |
| | : | |

**PHILIPS RS NORTH AMERICA LLC'S REPLY IN SUPPORT OF
ITS OBJECTIONS TO SPECIAL DISCOVERY MASTER'S REPORT AND
RECOMMENDATION AND PROPOSED ORDER RE: DISCOVERY OF MEDICAL
MONITORING NAMED PLAINTIFFS' MEDICAL HISTORIES AND
<u>PREVIOUS EXPOSURES TO HAZARDOUS SUBSTANCES</u>**

John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North
America LLC*

Plaintiffs' Response in Opposition to Defendant Philips RS' Objections to Special Discovery Master's Report and Recommendation and Proposed Order Re: Discovery of Medical Monitoring Named Plaintiffs' Medical Histories and Previous Exposures to Hazardous Substances ("Response") (ECF No. 2402) contains material misrepresentations regarding facts that require immediate correction.

<u>First</u>, Plaintiffs argue in their papers that they should not be compelled to produce their medical records and information in response to Request for Production ("Request") Nos. 2, 7, 12, 15, 17, 19, and 34 because "these Requests are duplicative, especially because Plaintiffs have already produced responsive documents, including purchase receipts for Recalled and other CPAP devices, prescription information for Recalled Devices, cleaning instructions, accessory information and receipts, etc." ECF No. 2402 at 8.  This statement in Plaintiffs' Response is factually untrue and misleading.  Some Plaintiffs have not produced *any* documents at all.[1]  Even more Plaintiffs have not produced *any* documents at all in response to these Requests.[2]  And many other Plaintiffs have failed to make a meaningful or complete production— only producing a mere handful of *pages* in response to some, but not all, of these Requests.[3]  Indeed, contrary to Plaintiffs'

---

[1] *See* Hugo Barragan's Am. Resp. to First RFP, attached as Ex. A; Quinton Goodall's 2nd Am. Resp. to First RFP, attached as Ex. B; Jill Leavenworth's Am. Resp. to First RFP, attached as Ex. C; Michael Wheeler's 2nd Am. Resp. to First RFP, attached as Ex. D.

[2] *See* Dennis Caling Am. Resp. to First RFP, attached as Ex. E; Christine DiJohn's 2nd Am. Resp. to First RFP, attached as Ex. F; Andrew Fisher's 2nd Am. Resp. to First RFP, attached as Ex. G; Brent Hamlin's 2nd Am. Resp. to First RFP, attached as Ex. H; Arthur Hibbard's 2nd Am. Resp. to First RFP, attached as Ex. I; Joseph Hoffman's 2nd Am. Resp. to First RFP, attached as Ex. J; Martin Humphries' 2nd Am. Resp. to First RFP, attached as Ex. K; Brian McCarty's 2nd Am. Resp. to First RFP, attached as Ex. L.

[3] *See, e.g.*, Susan Bakaitis' 3rd Am. Resp. to First RFP, attached as Ex. M (three pages); Jeffrey Bartalo's Am. Resp. to First RFP, attached as Ex. N (two pages); Jeffrey Boyle's 2nd Am. Resp. to First RFP, attached as Ex. O (three pages); Sharon Cathers' 2nd Am. Resp. to First RFP, attached

representation to the Court in their papers, at least 40% of Plaintiffs have not "already produced" responsive documents to all these Requests.[4]

       <u>Second</u>, Plaintiffs claim in their Response that Request No. 2 is "irrelevant … particularly when Plaintiffs have already produced the Care Orchestrator data."  ECF No. 2402 at 8.  This is similarly false.  ***Zero*** Plaintiffs have produced their Care Orchestrator data.  Rather, after extensive discussion, the parties agreed that Plaintiffs would execute a ***limited*** release for ***some*** of their Care Orchestrator data.[5]  To date, however, ***25%*** of Plaintiffs have failed to execute this release, despite a December 8, 2023 deadline to do so.[6]  Once a release is ultimately executed by each remaining Plaintiff, the information will still need to be obtained and produced.

       <u>Third</u>, Plaintiffs claim they should not be compelled to produce their medical records and information in response to Request No. 17 because "Plaintiffs produced other documents in response to this request, including recall notices issued by Philips itself."  Again, this is factually untrue and misleading.  Numerous Plaintiffs have not produced ***any*** documents in response to this Request.[7]  Plaintiffs' assertions to the contrary should be disregarded.

---

as Ex. P (four pages); Sarah Claunch's 2nd Am. Resp. to First RFP, attached as Ex. Q (two pages); Danny David's 2nd Am. Resp. to First RFP, attached as Ex. R (three pages); Bruce Ginsberg's 2nd Am. Resp. to First RFP, attached as Ex. S (one page); Christopher Glaub's 2nd Am. Resp. to First RFP, attached as Ex. T (five pages); Deana King's 2nd Am. Resp. to First RFP, attached as Ex. U (one page); Elizabeth Lemus' 2nd Am. Resp. to First RFP, attached as Ex. V (two pages); Aaron Taylor's 2nd Am. Resp. to First RFP, attached as Ex. W (one page); Chad Wells' 2nd Am. Resp. to First RFP, attached as Ex. X (five pages); Debra Wilson's 2nd Am. Resp. to First RFP, attached as Ex. Y (five pages); Jim Wolff's 2nd Am. Resp. to First RFP, attached as Ex. Z (one page); *see also* ECF No. 2376 at 6 (only a "subset" of Plaintiffs responded to discovery and, of those Plaintiffs, they only "responded partially" to the at-issue Requests).

[4] *See supra* footnotes 1-3.

[5] *See* E. Avery Email to E. Attridge dated November 21, 2023, at 1-2, 6, attached as Ex. AA.

[6] *See* E. Attridge Email to E. Avery dated January 5, 2023, at 1-2, attached as Ex. BB.

[7] *See, e.g., supra* footnotes 1 and 2 (Plaintiffs Bakaitis, Barragan, Bartalo, Caling, Cathers, David, DiJohn, Fisher, Ginsberg, Glaub, Goodall, Hamlin, Hibbard, Hoffman, Humphries, Leavenworth, Lemus, McCarty, Taylor, Wells, Wheeler, Wilson, and Wolff state they do not possess any responsive documents regarding Request No. 17).

Dated: January 8, 2024

Respectfully Submitted,

*/s/ Wendy West Feinstein*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2024, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ Wendy West Feinstein*
Wendy West Feinstein

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** | ) ) ) ) **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** | ) ) **Honorable Joy Flowers Conti** ) ) ) ) |

**PLAINTIFF HUGO BARRAGAN AMENDED RESPONSES AND OBJECTIONS TO
PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Hugo Barragan ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME.  This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under

either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

## AMENDED RESPONSE TO REQUEST NO 7:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

## RESPONSE TO REQUEST NO. 8:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your

Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly

seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See*

- 9 -

*e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical

need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

**AMENDED RESPONSE TO REQUEST NO. 22:**

        Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 23:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 24

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.

The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and

consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:**  If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:**  All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: August 30, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor

Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 30, 2023, I served a true and correct copy of PLAINTIFF

HUGO BARRAGAN'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips
RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips
NV, Philips North America LLC, Philips Holding
USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*


/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF QUINTON GOODALL'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Quinton Goodall ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under

either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your

Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff is no longer in possession of the SD card that was within his Recalled Device.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition"

is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.


**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:**  All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

     Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

     Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

     Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

     Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

     Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any

party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:** All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this

case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST  23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical

necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

<u>**AMENDED RESPONSE TO REQUEST NO. 26:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

<u>**REQUEST 27:**</u> All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

<u>**AMENDED RESPONSE TO REQUEST NO. 27:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

- 16 -

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

## AMENDED RESPONSE TO REQUEST NO. 35:

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

## RESPONSE TO REQUEST NO. 36:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

## RESPONSE TO REQUEST NO. 37:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal

Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: January 3, 2024

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 3, 2024, I served a true and correct copy of PLAINTIFF

QUINTON GOODALL'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) |

**IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

**THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring**

**Case No. 2:21-mc-1230-JFC
MDL No. 3014**

**Honorable Joy Flowers Conti**

**PLAINTIFF JILL LEAVENWORTH'S AMENDED RESPONSES AND OBJECTIONS
TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Jill Leavenworth ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under

either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your

Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the

requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:**  All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:**  All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See*

*e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has been diagnosed with subcellular injury.

**REQUEST 22:** All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

**<u>AMENDED RESPONSE TO REQUEST NO. 22:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and

medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST  23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this

Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class

members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any

party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

- 15

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker

- 16

Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any

- 17

responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

JILL LEAVENWORTH'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips
RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips
NV, Philips North America LLC, Philips Holding
USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** )<br>)<br>)<br>)<br>)<br>**THIS DOCUMENT RELATES TO: All Actions** )<br>**Asserting Medical Monitoring** )<br>)<br>) | **Case No. 2:21-mc-1230-JFC**<br>**MDL No. 3014**<br><br>**Honorable Joy Flowers Conti** |

**PLAINTIFF MICHAEL WHEELER'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO
PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Michael Wheeler ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or

- 1 -

flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and economic necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and

storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not

relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive

documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.


**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:**  All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his

medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under

either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.


**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.

- 13

The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**<ins>AMENDED RESPONSE TO REQUEST NO. 26:</ins>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**<ins>REQUEST 27:</ins>** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**<ins>AMENDED RESPONSE TO REQUEST NO. 27:</ins>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this

Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the

Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:**  All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:**  All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

- 16 -

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:**  All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff

will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

- 19

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

MICHAEL WHEELER'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips
RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips
NV, Philips North America LLC, Philips Holding
USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** | ) ) ) ) ) ) ) ) |

**Case No. 2:21-mc-1230-JFC
MDL No. 3014**

**Honorable Joy Flowers Conti**

**PLAINTIFF DENNIS CALING'S AMENDED RESPONSES AND OBJECTIONS TO
PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Dennis Caling ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMCALINGDENNIS00000001-MMCALINGDENNIS00000002

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

**REQUEST 10:** The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

**REQUEST 11:** All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this

Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further

objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a

medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and

medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

**<u>AMENDED RESPONSE TO REQUEST NO. 22:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**<u>REQUEST 23:</u>**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**<u>AMENDED RESPONSE TO REQUEST NO. 23:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 1999) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

    Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 25

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

## AMENDED RESPONSE TO REQUEST NO. 26:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

        Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:**  If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:**  All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

- 18 -

immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: August 30, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

- 20

## CERTIFICATE OF SERVICE

I hereby certify that, on August 30, 2023, I served a true and correct copy of PLAINTIFF

DENNIS CALING'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | ) ) ) )  **Case No. 2:21-mc-1230-JFC**  **MDL No. 3014** |
| THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring | ) ) )  **Honorable Joy Flowers Conti** ) ) ) |

**PLAINTIFF CHRISTINE DIJOHN'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Christine DiJohn  ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMDIJOHNCHRISTINE00000001, MMDIJOHNCHRISTINE00000005 and MMDIJOHNCHRISTINE00000007.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME.  This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

       Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

       Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

       Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff was not required to have an SD card in her Recalled Device, per her insurance, and so does not have one to submit.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the

requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive

documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolet light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, *see* MMDIJOHNCHRISTINE00000002-MMDIJOHNCHRISTINE00000006

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or

replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

- 10

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam

- 11

Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any

party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**<u>AMENDED RESPONSE TO REQUEST NO. 26:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**<u>REQUEST 27:</u>** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**<u>AMENDED RESPONSE TO REQUEST NO. 27:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

- 16

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014)

(inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF CHRISTINE DIJOHN'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF ANDREW FISHER'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Andrew Fisher ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMFISHERANDREW00000001-MMFISHERANDREW00000002.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

      Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

      Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

## AMENDED RESPONSE TO REQUEST NO. 6:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

## AMENDED RESPONSE TO REQUEST NO 7:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

      Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

      Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:**  All  Documents  and  Communications  Regarding  Your  use,  purchase  or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this

Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d

30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See*

- 12

e.g. *Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with

subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

<u>**AMENDED RESPONSE TO REQUEST NO. 26:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

<u>**REQUEST 27:**</u> All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

<u>**AMENDED RESPONSE TO REQUEST NO. 27:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or

expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:**  All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST  31:**  All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:**  All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:**  If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in

Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

- 19

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.


Dated: December 8, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com


*Counsel for Plaintiffs and the Class*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

ANDREW FISHER'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** | ) ) ) ) ) ) ) ) ) |

**Case No. 2:21-mc-1230-JFC
MDL No. 3014**

**Honorable Joy Flowers Conti**

**PLAINTIFF BRENT HAMLIN'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Brent Hamlin ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMHAMLINBRENT00000001-MMHAMLINBRENT00000002.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff has already returned his Recalled Device, including any SD card, to Philips.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury

in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## **AMENDED RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

- 13

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a

medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this

Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such

warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring; *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).

- 19

Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.   Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 14, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 14, 2023, I served a true and correct copy of PLAINTIFF

BRENT HAMLIN'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** | **Case No. 2:21-mc-1230-JFC**<br>**MDL No. 3014**<br><br>**Honorable Joy Flowers Conti** |

**PLAINTIFF ARTHUR HIBBARD'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Arthur Hibbard ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMHIBBARDARTHUR00000001-MMHIBBARDARTHUR00000004.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your

Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the

requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMHIBBARDARTHUR00000001-MMHIBBARDARTHUR00000004.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolet light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or

replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under

either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring);  *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and

class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:** All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

- 12 -

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

- 13

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**<u>AMENDED RESPONSE TO REQUEST NO. 26:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**<u>REQUEST 27:</u>** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**<u>AMENDED RESPONSE TO REQUEST NO. 27:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014)

(inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

ARTHUR HIBBARD'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION  )<br>)<br>)<br>)<br><br>THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring  )<br>)<br>)<br>)<br>)<br>) | **Case No. 2:21-mc-1230-JFC**<br>**MDL No. 3014**<br><br>**Honorable Joy Flowers Conti** |

**PLAINTIFF JOSEPH HOFFMAN'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
<u>OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS</u>**

<u>REQUEST 1:</u> Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

<u>AMENDED RESPONSE TO REQUEST NO. 1:</u>

Plaintiff Joseph Hoffman ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMHOFFMANJOSEPH00000001-MMHOFFMANJOSEPH00000002.

<u>REQUEST 2:</u> All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME.  This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

<u>AMENDED RESPONSE TO REQUEST NO. 2:</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

<u>AMENDED REQUEST 3:</u> All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury

in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

**<u>AMENDED RESPONSE TO REQUEST NO. 22:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a

medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this

Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:**  If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such

warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).

- 19

Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF JOSEPH HOFFMAN'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*


/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF MARTIN HUMPHRIES'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Martin Humphries ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMHUMPHRIESMARTIN0000001 - MMHUMPHRIESMARTIN0000003.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks

information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:** The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:** All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the

extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and

any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term

"Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See*

*e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical

need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:** All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:** All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care

Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

- 12

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical

conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation. This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has

already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:**  All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:**  All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:**  All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has

already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent

it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.

- 19

The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.


Dated: December 8, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com


*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com


*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

MARTIN HUMPHRIES'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF BRIAN MCCARTY'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Brian McCarty ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMMCCARTYBRIAN00000001 - MMMCCARTYBRIAN00000002

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

- 3 -

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the

- 5 -

requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive

documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or

replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam

Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any

party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST  29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, *see* MMMCCARTYBRIAN00000001 - MMMCCARTYBRIAN00000002

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014)

- 19

(inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

BRIAN MCCARTY'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips
RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips
NV, Philips North America LLC, Philips Holding
USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*


/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT M

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:21-mc-1230-JFC<br>MDL No. 3014**<br><br>**Honorable Joy Flowers Conti** |

**PLAINTIFFSUSAN BAKAITIS' THIRD AMENDED RESPONSES AND OBJECTIONS
TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

 Plaintiff Susan Bakaitis ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

 Without waiving and subject to these objections, *see* MMBAKAITISSUSAN00000001-MMBAKAITISSUSAN00000005.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

 Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

 Without waiving and subject to these objections, *see* MMBAKAITISSUSAN00000001-MMBAKAITISSUSAN00000003.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMBAKAITISSUSAN00000001-MMBAKAITISSUSAN00000003.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from the Recalled Device.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMBAKAITISSUSAN00000001-MMBAKAITISSUSAN00000003.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**<u>AMENDED RESPONSE TO REQUEST NO. 18:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**<u>REQUEST 19:</u>** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**<u>AMENDED RESPONSE TO REQUEST NO. 19:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**<u>REQUEST 20</u>**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**<u>AMENDED RESPONSE TO REQUEST NO. 20:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury

in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:** All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

- 11 -

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

- 12

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a

medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this

Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

- 16 -

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such

warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).

- 19 -

Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 14, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 14, 2023, I served a true and correct copy of PLAINTIFF SUSAN BAKAITIS' AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT N

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2:21-mc-1230-JFC
MDL No. 3014

Honorable Joy Flowers Conti

**PLAINTIFF JEFFREY BARTALO'S AMENDED RESPONSES AND OBJECTIONS TO
PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Jeffrey Bartalo ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMBARTALOJEFFREY00000001-MMBARTALOJEFFREY00000004.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMBARTALOJEFFREY00000001-MMBARTALOJEFFREY00000002.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMBARTALOJEFFREY00000001-MMBARTALOJEFFREY00000002.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

  Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

  Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

  Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

  Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

  Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury

in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:** All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.*, 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.*, 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.*, 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.*, 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a

medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this

- 15

Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

- 16

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such

warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring; *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).

- 19

Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 14, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

- 20

## CERTIFICATE OF SERVICE

I hereby certify that, on December 14, 2023, I served a true and correct copy of PLAINTIFF JEFFREY BARTALO'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT O

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** | ) ) ) ) ) ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014**<br><br>**Honorable Joy Flowers Conti** |

**PLAINTIFF JEFFREY BOYLE'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

    Plaintiff Jeffrey Boyle ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

    Without waiving and subject to these objections, *see* MMBOYLEJEFFREY00000001-MMBOYLEJEFFREY00000003.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

    Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

    Without waiving and subject to these objections, *see* MMBOYLEJEFFREY00000001-MMBOYLEJEFFREY00000003.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

- 7 -

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMBOYLEJEFFREY00000001.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**<u>AMENDED RESPONSE TO REQUEST NO. 18:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMBOYLEJEFFREY00000001.

**<u>REQUEST 19:</u>** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**<u>AMENDED RESPONSE TO REQUEST NO. 19:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**<u>REQUEST 20</u>**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**<u>AMENDED RESPONSE TO REQUEST NO. 20:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any

party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev.

- 10

2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue

slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**<u>AMENDED RESPONSE TO REQUEST NO. 23:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**<u>REQUEST 24:</u>** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**<u>AMENDED RESPONSE TO REQUEST NO. 24</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a

medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this

- 15

Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, see MMBOYLEJEFFREY00000001.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and

- 18

not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.

The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

JEFFREY BOYLE'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT P

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF SHARON CATHERS'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Sharon Cathers ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMCATHERSSHARON00000001.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMCATHERSSHARON00000001.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this

- 2 -

Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:** The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:** All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:**  All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

 Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

 Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

 Without waiving and subject to these objections, *see* MMCATHERSSHARON00000002-04.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

 Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam

- 11 -

Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any

- 12 -

party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

- 14

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST  29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

- 18

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014)

- 19

(inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.


Dated: January 3, 2024

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 3, 2024, I served a true and correct copy of PLAINTIFF

SHARON CATHERS'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips
RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips
NV, Philips North America LLC, Philips Holding
USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT Q

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** )<br>)<br>)<br>)<br> | **Case No. 2:21-mc-1230-JFC**<br>**MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** )<br>)<br>)<br>)<br>) | **Honorable Joy Flowers Conti** |

**PLAINTIFF SARAH CLAUNCH'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Sarah Claunch ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMCLAUNCHSARAH00000001-MMCLAUNCHSARAH00000003.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMCLAUNCHSARAH00000002.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMCLAUNCHSARAH00000002.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this

Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further

objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning

devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term

"particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMCLAUNCHSARAH00000001.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See*

*e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.   Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical

need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

<u>**REQUEST 23:**</u>  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care

Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical

conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation. This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has

already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

- 16

Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and

not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.

- 19

The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 14, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 14, 2023, I served a true and correct copy of PLAINTIFF

SARAH CLAUNCH'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

_/s/ Kelly K. Iverson_____
Kelly K. Iverson

# EXHIBIT R

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF DANNY DAVID'S SECOND AMENDED RESPONSES AND OBJECTIONS
TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Danny David ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMDAVIDDANNY00000001 - MMDAVIDDANNY00000002.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMDAVIDDANNY00000001 - MMDAVIDDANNY00000003.

**REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**AMENDED RESPONSE TO REQUEST NO. 3:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

      Without waiving and subject to these objections, *see* MMDAVIDDANNY00000001 - MMDAVIDDANNY00000003.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

      Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks

information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, *see* MMDAVIDDANNY00000001 - MMDAVIDDANNY00000003.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning

devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term

"Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this

- 10

case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

**AMENDED RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.

The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation. This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

- 15

Without waiving and subject to these objections, *see* MMDAVIDDANNY00000001 - MMDAVIDDANNY00000003.

**REQUEST 30:**  All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:**  All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:**  All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

- 16

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the

- 17 -

information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

- 18

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring);  *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire

- 19

**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF DANNY DAVID'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT S

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:21-mc-1230-JFC
MDL No. 3014**<br><br>**Honorable Joy Flowers Conti** |

**PLAINTIFF BRUCE GINSBERG'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Bruce Ginsberg ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* BRUCEGINSBERG000001.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* BRUCEGINSBERG000001.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of

Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

- 3 -

The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff has already returned his Recalled Device, including any SD card, to Philips.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the

attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and

any ultraviolent light cleaning devices.

## RESPONSE TO REQUEST NO. 14:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

## AMENDED RESPONSE TO REQUEST NO. 15:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* BRUCEGINSBERG000001.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

## AMENDED RESPONSE TO REQUEST NO. 16:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to

- 7 -

this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further

- 8 -

objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

## AMENDED RESPONSE TO REQUEST NO. 19:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 20:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014)

(inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and

- 10

class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

**<u>AMENDED RESPONSE TO REQUEST NO. 22:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**<u>REQUEST 23:</u>**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**<u>AMENDED RESPONSE TO REQUEST NO. 23:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical

monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 25

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

## AMENDED RESPONSE TO REQUEST NO. 26:

- 13

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical

necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

- 15

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:**  All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:**  All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:**  All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

- 16

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks

matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**<u>AMENDED RESPONSE TO REQUEST NO. 39:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**<u>REQUEST 40:</u>**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**<u>AMENDED RESPONSE TO REQUEST NO. 40:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

<u>/s/ Sandra L. Duggan</u>                                <u>/s/ Kelly K. Iverson</u>
Sandra L. Duggan, Esquire                      Kelly K. Iverson, Esquire
**LEVIN SEDRAN & BERMAN LLP**       **LYNCH CARPENTER, LLP**

- 19

510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

BRUCE GINSBERG'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT T

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. 2:21-mc-1230-JFC
MDL No. 3014**

**Honorable Joy Flowers Conti**

**PLAINTIFF CHRISTOPHER GLAUB'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Christopher Glaub ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMGLAUBCHRISTOPHER00000001-MMGLAUBCHRISTOPHER00000005.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMGLAUBCHRISTOPHER00000001-MMGLAUBCHRISTOPHER00000004.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

      Without waiving and subject to these objections, *see* MMGLAUBCHRISTOPHER00000001-MMGLAUBCHRISTOPHER00000004.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

      Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

      Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMGLAUBCHRISTOPHER00000001-MMGLAUBCHRISTOPHER00000005

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

- 7 -

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this

2 of 654

Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d

30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## <u>AMENDED RESPONSE TO REQUEST NO. 22:</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

- 11

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See*

e.g. *Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with

subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

## AMENDED RESPONSE TO REQUEST NO. 26:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

## REQUEST 27: All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

## AMENDED RESPONSE TO REQUEST NO. 27:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

- 14

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation. This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or

expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

- 16

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:**  If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in

Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

- 19

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.


Dated: December 8, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

CHRISTOPHER GLAUB'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT U

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| | **Case No. 2:21-mc-1230-JFC** |
| | **MDL No. 3014** |
| THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring | ) ) ) ) ) ) ) ) |
| | **Honorable Joy Flowers Conti** |

**PLAINTIFF DEANNA KING'S SECOND AMENDED RESPONSES AND OBJECTIONS
TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Deana King ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMKINGDEANA00000001-MMKINGDEANA00000003.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMKINGDEANA00000004.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMKINGDEANA00000004.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of

Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

- 3 -

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:** The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff has already returned his Recalled Device, including any SD card, to Philips.

**REQUEST 11:** All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the

extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMKINGDEANA00000001-MMKINGDEANA00000003.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMKINGDEANA00000004.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

- 6 -

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMKINGDEANA00000004.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to

this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMKINGDEANA00000004.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further

objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMKINGDEANA00000004.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014)

(inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and

- 10

class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

<u>**REQUEST 23:**</u>  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

<u>**AMENDED RESPONSE TO REQUEST NO. 23:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical

monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**AMENDED RESPONSE TO REQUEST NO. 26:**

- 13

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**AMENDED RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class

members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

- 15

Without waiving and subject to these objections, *see* MMKINGDEANA00000004.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks

matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your

participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

- 20

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

DEANA KING'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

*/s/ Kelly K. Iverson*
Kelly K. Iverson

# EXHIBIT V

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** | )<br>)<br>)<br>)<br>) **Case No. 2:21-mc-1230-JFC**<br>**MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** | )<br>) **Honorable Joy Flowers Conti**<br>)<br>)<br>) |

**PLAINTIFF ELIZABETH LEMUS'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

 Plaintiff Elizabeth Lemus ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

 Without waiving and subject to these objections, *see* MMLEMUSELIZABETH00000001-MMLEMUSELIZABETH00000002.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

 Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

 Without waiving and subject to these objections, *see* MMLEMUSELIZABETH00000001-MMLEMUSELIZABETH00000002.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMLEMUSELIZABETH00000001-MMLEMUSELIZABETH00000002.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from her Recalled Devices.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

- 8 -

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury

in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

**<u>AMENDED RESPONSE TO REQUEST NO. 22:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with

- 13 -

subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

<u>**AMENDED RESPONSE TO REQUEST NO. 26:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

<u>**REQUEST 27:**</u> All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

<u>**AMENDED RESPONSE TO REQUEST NO. 27:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or

expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:**  All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:**  All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:**  All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

- 16

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:**  If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in

Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**   Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**   All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

- 19

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 14, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

- 20

## CERTIFICATE OF SERVICE

I hereby certify that, on December 14, 2023, I served a true and correct copy of PLAINTIFF

ELIZABETH LEMUS'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS'

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT W

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| | ) Case No. 2:21-mc-1230-JFC ) MDL No. 3014 |
| THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring | ) ) Honorable Joy Flowers Conti ) ) ) |

**PLAINTIFF AARON TAYLOR'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Aaron Taylor ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMTAYLORAARON00000001-MMTAYLORAARON00000003.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

- 1 -

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your

Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the

requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMTAYLORAARON00000001-MMTAYLORAARON00000003.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or

replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMTAYLORAARON00000004.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this

Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d

- 10

30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

       Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

       Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See*

*e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

## AMENDED RESPONSE TO REQUEST NO. 26:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 27:** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

## AMENDED RESPONSE TO REQUEST NO. 27:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

- 14

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff further responds, *see* MMTAYLORAARON00000004.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

- 15

cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:**  All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST  31:**  All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:**  All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, *see* MMTAYLORAARON00000004.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

## AMENDED RESPONSE TO REQUEST NO. 35:

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

## RESPONSE TO REQUEST NO. 36:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

## RESPONSE TO REQUEST NO. 37:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

## RESPONSE TO REQUEST NO. 38:

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical

monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

/s/ Sandra L. Duggan
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

/s/ Kelly K. Iverson
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

/s/ Christopher A. Seeger
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

/s/ Steven A. Schwartz
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

AARON TAYLOR'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT X

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF CHAD WELLS'S SECOND AMENDED RESPONSES AND OBJECTIONS
TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Chad Wells ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* CHADWELLS000001-CHADWELLS000005.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* CHADWELLS000001-CHADWELLS000005.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* CHADWELLS000001-CHADWELLS000005.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device. This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will

obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in

Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* CHADWELLS000001-CHADWELLS000004.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this

Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

## AMENDED RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d

- 10

30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## AMENDED RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

- 11

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See*

*e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

**<u>AMENDED RESPONSE TO REQUEST NO. 26:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**<u>REQUEST 27:</u>** All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

**<u>AMENDED RESPONSE TO REQUEST NO. 27:</u>**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer*

- 14

*v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, *see* CHADWELLS000001-CHADWELLS000005.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST  31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMTOSCANOJOSE00000019 - MMTOSCANOJOSE00000086.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in

Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

## AMENDED RESPONSE TO REQUEST NO. 35:

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

## RESPONSE TO REQUEST NO. 36:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

## RESPONSE TO REQUEST NO. 37:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

- 19

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF CHAD WELLS'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT Y

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** )<br>)<br>)<br>)<br>) | **Case No. 2:21-mc-1230-JFC**<br>**MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** )<br>)<br>)<br>) | **Honorable Joy Flowers Conti** |

**PLAINTIFF DEBRA WILSON'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO PHILIPS RS' FIRST REQUEST FOR PRODUCTION
<u>OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS</u>**

<u>**REQUEST 1:**</u> Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

<u>**AMENDED RESPONSE TO REQUEST NO. 1:**</u>

Plaintiff Debra Wilson ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMWILSONDEBRA00000001-MMWILSONDEBRA00000002.

<u>**REQUEST 2:**</u> All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

<u>**AMENDED RESPONSE TO REQUEST NO. 2:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMWILSONDEBRA00000001-MMWILSONDEBRA00000005.

<u>**AMENDED REQUEST 3:**</u> All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege,

immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

**AMENDED RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device.  This Request includes, but is not limited to, all data Regarding Your

Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:** The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff will submit the SD card from his Recalled Device(s).

**REQUEST 11:** All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition"

is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, *see* MMWILSONDEBRA00000001-MMWILSONDEBRA00000002.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:** All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, *see* MMWILSONDEBRA00000003-

- 6 -

MMWILSONDEBRA00000005.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:** All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring);  *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See*

*e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.  This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

<u>**AMENDED RESPONSE TO REQUEST NO. 22:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and

medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this

Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class

members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 26:** All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

<u>**AMENDED RESPONSE TO REQUEST NO. 26:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

<u>**REQUEST 27:**</u> All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

<u>**AMENDED RESPONSE TO REQUEST NO. 27:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any

party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation.  This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

- 15

## AMENDED RESPONSE TO REQUEST NO. 29

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, *see* MMWILSONDEBRA00000003-MMWILSONDEBRA00000005.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

## AMENDED RESPONSE TO REQUEST NO. 30:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

## RESPONSE TO REQUEST NO. 31:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker

- 16

Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:** If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:**  All Documents Regarding the "express warranty" or "warranties" referenced in Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:** Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 40:** All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

- 19

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

DEBRA WILSON'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT Z

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** ) ) ) ) | **Case No. 2:21-mc-1230-JFC MDL No. 3014** |
| **THIS DOCUMENT RELATES TO: All Actions Asserting Medical Monitoring** ) ) ) ) | **Honorable Joy Flowers Conti** |

**PLAINTIFF JIM WOLFF'S SECOND AMENDED RESPONSES AND OBJECTIONS TO
PHILIPS RS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO MEDICAL MONITORING PLAINTIFFS**

**REQUEST 1:** Documents sufficient to show the model name, model number, and serial number of each and every Recalled Device You Acquired, the date on which You Acquired it, and the date on which You no longer had possession of the Recalled Device (if applicable).

**AMENDED RESPONSE TO REQUEST NO. 1:**

Plaintiff Jim Wolff ("Plaintiff") objects to this Request on grounds that it is vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the term "Acquired" because as defined it seeks to obtain information not relevant to any claims or defenses of any party. Plaintiff further objects on grounds that this Request seeks information that is already in Defendant's possession, custody, and/or control.

Without waiving and subject to these objections, *see* MMWOLFFJIM00000001-MMWOLFFJIM00000003.

**REQUEST 2:** All Documents and Communications Regarding Your Acquisition of a Recalled Device, including but not limited to receipts, insurance payments, explanations of benefits, or prescriptions for the Recalled Device by any Health Care Provider or DME. This Request includes, but is not limited to, all Documents that support or refute the allegation in Paragraph 22 of the Medical Monitoring CSAC that each of the Medical Monitoring Plaintiffs "used the Recalled Devices."

**AMENDED RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMWOLFFJIM00000001.

**AMENDED REQUEST 3:** All Documents and Communications Regarding any payments or reimbursements for a Recalled Device, including but not limited to payments made by You and any payments made on Your behalf by any government entity, insurer, health savings account, or flexible spending account.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, *see* MMWOLFFJIM00000001.

**REQUEST 4:** All Documents that You reviewed, relied upon, or considered in making the decision to Acquire a Recalled Device, including but not limited to Documents that You reviewed, relied upon, or considered and contend contain any misrepresentation concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this request to the extent this Request seeks information that is not relevant to any claims or defenses of any party. Additionally, the broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it, and that is already in its possession, custody, and/or control.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 5:** All Documents and Communications Regarding Your prescription for the Recalled Device by any Health Care Provider, including but not limited to documents sufficient to show the name and address of the Health Care Provider who prescribed You a Recalled Device and the name and address of any DME involved in Your Acquisition of a Recalled Device, as well as all Documents reflecting the instructions for using the Recalled Device, recommended frequency of use for the Recalled Device, recommended duration of use for the Recalled Device, and any changes to Your prescription over time.

**AMENDED RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this

- 2 -

Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 6:** All Communications with any Person – including but not limited to any Health Care Provider or DME – who was involved in, or who You consulted in connection with, Your Acquisition of a Recalled Device.

## AMENDED RESPONSE TO REQUEST NO. 6:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device.  A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case.  The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 7:** Documents and Communications Regarding any other CPAP or BiPAP device that You Acquired or considered Acquiring, or that was proposed to you as an alternative for the Recalled Device, before Your Acquisition of a Recalled Device.  This Request includes but is not limited to marketing materials for any CPAP or BiPAP device that You received.

## AMENDED RESPONSE TO REQUEST NO 7:

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant,

cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks publicly available materials that are within its possession, custody, and/or control or are equally available to it. Plaintiff has already produced responsive documents to this Request for settlement purposes. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 8:** All Documents, including medical records, Regarding the use of the Recalled Device, including from any Health Care Provider who treated You concerning any condition You claim is related to the use of the Recalled Device.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to all Communications with any Person Plaintiff consulted with in the Acquisition of a Recalled Device. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 9:** All Documents in Your possession, custody, or control Regarding Your use of and storage of a Recalled Device. This Request includes, but is not limited to, all data Regarding Your Recalled Device from Care Orchestrator, DreamMapper, and/or EncoreAnywhere, which we will obtain upon your signing the attached Authorization to Disclose Health Information.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the term "Regarding," as used in this Request on grounds that it is overbroad, vague, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to the terms "data," "Care Orchestrator," "DreamMapper," and "EncoreAnywhere" as used in this Request on grounds that they are undefined and make no attempt to limit the scope of this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request on grounds that it seeks information already in the possession, custody, and/or control of Defendant.

Without waiving and subject to these objections, the Care Orchestrator release is attached hereto.

**REQUEST 10:**  The SD card or cards that you used with Your Recalled Device.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request on grounds that the term "SD card" is undefined and that it is not apparent to Plaintiff what information is held on the SD cards and what information Defendant seeks in this Request that is relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that the information sought in this Request is not within the possession, custody, and/or control of Plaintiff.

Without waiving and subject to these objections, Plaintiff is still using his Device and is unable to return the SD Card.

**REQUEST 11:**  All Documents Regarding the condition of Your Recalled Device, including the extent to which its condition changed over time, if at all.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request on grounds that it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects that the term "condition" is undefined. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the

extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 12:** All Documents Regarding the cleaning of a Recalled Device, including but not limited to all Documents reflecting the products used to clean a Recalled Device, the frequency of the cleaning of a Recalled Device, or any Communication with any Person Regarding the cleaning of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it impermissibly seeks information not relevant to any claims or defenses of any party, including but not limited to any Communication with any Person Regarding the cleaning of a Recalled Device. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 13:**  All user manuals and other communications from any Philips entity that came with the Recalled Device You Acquired.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 14:** All Documents Regarding your Acquisition or use of any cleaners or cleaning devices for Your Recalled Device, including but not limited to any ozone cleaning devices and any ultraviolent light cleaning devices.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that it is responsible for administering to Plaintiff. Plaintiff further objects to the extent that the information sought in this Request is already in the possession, custody, and/or control of Defendant.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 15:**  All Documents and Communications Regarding Your use, purchase or Acquisition of any accessory to be used in combination with a Recalled Device, including but not limited to any humidifier, cleaner, wipe, mask, headgear, tubing hose, filter (including inlet filters and bacterial filters), adapter, or nasal cushion.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within their control. Plaintiff further objects to this Request to the extent that it seeks information already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 16:** All Documents Regarding any particulate or dark matter in Your Recalled Device, including but not limited to any photos or videos of the Recalled Device and any other evidence showing that the foam in Your Recalled Device actually degraded.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit.

Plaintiff further objects to the extent this Request seeks a concession that evidence of degradation can be seen by the naked eye. Plaintiff further objects to this Request on grounds that the term "particulate" and "dark matter" are undefined. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request on grounds that it is duplicative of Request No. 11. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the extent this Request seeks premature expert testimony.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 17:** All Documents related to the recall of a Recalled Device, including but not limited to Communications with any Person Regarding the recall; Your Communications with any Health Care Provider or DME Regarding the recall; Documents regarding Your decision whether to participate in the recall; and Documents sufficient to show when and how You became aware of the recall.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party, including but not limited to Communications with Any Person Regarding the recall. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it. As the manufacturer of the Recalled Devices, Defendant is in the position to obtain information responsive to this Request. Plaintiff further objects to this Request to the extent that the burden or expense of the requested discovery outweighs its likely benefit, and/or that the information sought is already in Defendant's possession, custody, and/or control. Plaintiff further objects to this Request to the extent Plaintiff has already provided information responsive to this Request. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 18:** All Documents Regarding Your registration, if any, for the Philips RS repair or replacement program concerning a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are within its possession, custody, and/or control. Plaintiff further objects to the use of the term "Regarding," in this Request on grounds that it is overbroad, vague, ambiguous, and impermissibly seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 19:** All Documents and Communications relating to any other CPAP, BiPAP or ventilator device that You used prior to, or after, Your Acquisition of a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.  Plaintiff further objects to the use of the terms "Communications" and "Acquisition" in this Request on grounds that they are overbroad, vague, ambiguous, and impermissibly seek information not relevant to any claims or defenses of any party.  Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 20**: All Documents and Communications relating to any injuries You allege You have suffered from the use of a Recalled Device. This request includes but is not limited to the "subcellular injury or other physiological changes" You allege You have suffered in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope

of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. **Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.**

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 21:** All Documents and Communications relating to any treatment and/or testing prescribed to You by a Health Care Provider relating to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment" that You allege are necessary in Paragraph 382 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury

in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 22:**  All Documents and Communications from the past 10 years Relating to any treatment and/or testing prescribed to You by a Health Care Provider even if unrelated to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC. This request includes but is not limited to any "testing and screening; blood and laboratory tests; physical examinations; imaging; colonoscopies, endoscopies, and other similar methods for examination; biopsies; pathologic, histologic, and oncologic evaluations; oncologic, histologic, surgical, and other necessary medical consultations; and medical and surgical procedures necessary for diagnosis and treatment."

## <u>AMENDED RESPONSE TO REQUEST NO. 22:</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue. *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993).  Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 23:**  All Documents and Communications related to any tissue specimens, tissue slides, biopsy specimens, and any other pathologic material taken from You by any Health Care Provider related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 24:** All records of any diagnostic imaging related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the

injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with subcellular injury.

**REQUEST 25:** All Health Care Provider's reports of any diagnostic radiologic procedure related to the "subcellular injury or other physiological changes" You allege in Paragraphs 26-88 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff has not been diagnosed with

subcellular injury.

**REQUEST 26:**  All other Documents Regarding any and all additional diagnosed medical conditions or injuries suffered within the last 10 years and any medications or treatments that You have been prescribed within the last 10 years.

<u>**AMENDED RESPONSE TO REQUEST NO. 26:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

<u>**REQUEST 27:**</u> All Documents, photographs, films, movies, or videotapes that depict or refer to Your present condition, injuries, and/or damages.

<u>**AMENDED RESPONSE TO REQUEST NO. 27:**</u>

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30,

75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith. Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

**REQUEST 28:** All Documents Regarding the damages You seek in this Litigation. This request includes but is not limited to Documents Regarding the costs associated with Your "need to incur the cost of medically necessary monitoring, diagnostic testing, clinical examinations, and consultations for the early detection of illness, disease, and disease processes" as described in (among other places) Paragraphs 375, 379 and 385 of the Medical Monitoring CSAC.

**AMENDED RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff objects to this Request to the extent it seeks premature information because Plaintiff does not yet know "all damages" suffered because of the defect. Some "damages" may be subject to expert testimony, such as the medical necessity of monitoring, diagnostic testing, clinic examinations, and consultations, because of the defect. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The damages that Plaintiff claims is the cost of medically necessary diagnostic testing caused by Plaintiff's and class members' significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Without waiving and subject to these objections, Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff does not possess any responsive documents.

**REQUEST 29:** All Communications Regarding (i) any CPAP, BiPAP, or other mechanical ventilator device manufactured or marketed by Philips; (ii) a Recalled Device; or (iii) the Litigation.

**AMENDED RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, attorney client and attorney work product privilege, and/or because the burden or

expense of the discovery outweighs its likely benefit. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as duplicative of many of Defendant's Requests.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 30:** All social media or blog posts that You have made relating to a Recalled Device or any Philips entity.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to the claims or defenses of any party. For example, this Request fails to include language restricting the scope of this Request to the defects at issue, and instead impermissibly seeks to discover information related to any Philips entity. Moreover, Plaintiff objects that the burden of combing through all social media or blog posts imposes additional time burdens on Plaintiff which substantially outweighs its likely benefit.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 31:** All Documents and Communications You reviewed or consulted in the preparation of any complaint in this Litigation.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 32:** All Documents and Communications with Your insurance provider or broker Regarding a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 32:**

- 16

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 33:** All Documents and Communications with Your insurance provider or broker Regarding any claims associated with the injury You allege was caused by a Recalled Device.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under HIPAA, the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 34:**  If You claim to have acquired a replacement device not manufactured by Philips, all Documents Regarding that replacement device, including but not limited to receipts, insurance payments, co-payments, and explanations of benefits; and Documents sufficient to show the manufacturer, model name, model number, serial number, purchase date, and amount paid for such replacement device both by You and by any third-party payor.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.  Plaintiff further objects to this Request to the extent that information sought in this Request has already been provided by Plaintiff.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 35:** All Documents Regarding the "express warranty" or "warranties" referenced in

- 17 -

Counts IX, X and XI of the Medical Monitoring CSAC, including but not limited to a copy of such warranty and any Communications Regarding the warranty.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this Request as vague, unduly burdensome, and cumulative. The unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it and/or are already within its possession, custody, and/or control. As the manufacturer of the Recalled Devices, Defendant is in the better position to obtain the information this Request seeks. Plaintiff further objects to this Request on grounds that it seeks matters immune from discovery under the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.

**REQUEST 36:** All Documents required to be produced under Federal Rule 26(a)(2)(b).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 37:** All Documents that You intend to use as an exhibit in support of class certification or at trial.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request as it seeks a premature legal concession by calling for a legal conclusion. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. Plaintiff further objects to this Request as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**REQUEST 38:** Any agreement between You and Your attorneys concerning the Litigation.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this Request as unduly burdensome, overbroad, disproportionate, and not relevant to any parties' claims or defenses. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection.

**REQUEST 39:**  Any attorney advertisements appearing on television, the Internet (including social media such as Facebook or Twitter), received by mail or other delivery service, or information communicated to you in any other medium, You reviewed which solicited your participation in the Litigation, including advertisements by the attorneys You retained.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection. The broad scope and unnecessary difficulties of this Request are compounded by the fact that Defendant seeks materials that are equally available to it.

Without waiving and subject to these objections, Plaintiff does not possess any responsive documents.


**REQUEST 40:**  All Documents Regarding any Medical Monitoring in which You have participated in the last five years, including documents sufficient to show the frequency of such Medical Monitoring, the nature of the Medical Monitoring, and the condition(s) and/or diagnosed illness for which You are or were monitored.

**AMENDED RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this Request as vague, unduly burdensome, overbroad, irrelevant, cumulative, and/or because the burden or expense of the discovery outweighs its likely benefit. Plaintiff further objects to this Request to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine, or any other privilege, immunity, or protection, including physician-patient privilege. Plaintiff further objects to this Request on grounds that it violates Plaintiff's right to privacy. Plaintiff further objects to the scope of this Request to the extent it seeks information not relevant to any claims or defenses of any party. A claim for medical monitoring costs does not put present physical condition at issue.  *See e.g. Bower v. Westinghouse Elec. Corp.,* 522 S.E.2d 424,430 (W.Va. 1999) (citations omitted) (the injury in question is the increase in risk that requires one to incur the cost of monitoring); *Meyer v. Fluor Corp.,* 220 S.W.3d 712, 714, 716 (Mo. 2007); *Exxon Mobil Corp. v. Albright,* 71 A.3d 30, 75-77 (Md. 2013) (exposure itself and the need for medical testing is the compensable injury in a medical monitoring claim); *Sadler v. PacifiCare of Nev., Inc.,* 340 P.3d, 264, 1270-72 (Nev. 2014) (inquiry is whether the negligent act of the defendant caused the plaintiff to have a medical need

to undergo monitoring); *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 823 (Cal. 1993). Plaintiff has not waived the physician-patient privilege as to any medical condition for his medical monitoring claims in this case since Plaintiff is not claiming present physical injury in this case. The injury that Plaintiff claims is the significant exposure, increased risk of disease and medical necessity of diagnostic testing and the economic loss associated therewith.  Plaintiff and class members base their claims only on their significant exposure to the proven hazardous Foam Toxins released by PE-PUR foam in the Recalled Devices.

Dated: December 8, 2023

*/s/ Sandra L. Duggan*
Sandra L. Duggan, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215)592-1500 (phone)
(215)592-4633 (fax)
sduggan@lfsblaw.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*/s/ Christopher A. Seeger*
Christopher A. Seeger, Esquire
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz, Esquire
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*Counsel for Plaintiffs and the Class*

- 20

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I served a true and correct copy of PLAINTIFF

JIM WOLFF'S AMENDED RESPONSES AND OBJECTIONS TO PHILIPS RS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO MEDICAL MONITORING

PLAINTIFFS via electronic mail on the following recipients:

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips*
*RS North America, LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips*
*NV, Philips North America LLC, Philips Holding*
*USA Inc., and Philips RS North America Holding Corporation*

Eric Scott Thompson
**FRANKLIN & PROKOPIK**
500 Creek View Road, Suite 502
Newark, DE 19711
(302) 594-9780
ethompson@fandpnet.com

*Counsel for Polymer Technologies, Inc.*

/s/ Kelly K. Iverson
Kelly K. Iverson

# EXHIBIT AA

| | |
|---|---|
| **From:** | Elizabeth Pollock Avery <Elizabeth@lcllp.com> |
| **Sent:** | Tuesday, November 21, 2023 2:11 PM |
| **To:** | Attridge, Elise M.; Kevin Hannon; CSchaffer@lfsblaw.com; Michael Ram x20021; Kelly Iverson |
| **Cc:** | Feinstein, Wendy West; Zwang-Weissman, Yardena R.; Baiocco, Dana; Hunchuck, Steven N.; Kuzma, William; Hanratty, Judith A.; Hamilton, Matthew; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com |
| **Subject:** | RE: Philips CPAP MDL - Meet and Confer After Oral Argument |

[EXTERNAL EMAIL]
Elise,

We agree to your proposed dates. Do the releases need to have wet signatures, or will docusigns suffice?

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:     412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

---

**From:** Attridge, Elise M. <elise.attridge@morganlewis.com>
**Sent:** Friday, November 17, 2023 10:33 AM
**To:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; Kuzma, William <william.kuzma@morganlewis.com>; Hanratty, Judith A. <judith.hanratty@morganlewis.com>; Hamilton, Matthew <matthew.hamilton@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

Liz:

Yes, regarding paragraph 3 in my November 9 email below, advance notice will be provided to counsel for MM Plaintiffs, not the plaintiffs themselves.

Per your request, attached please find a further revised Care Orchestrator release for MM Plaintiffs' execution.  Please have MM Plaintiffs sign and return this release (per the instructions on the form), and respond to RFP No. 10, by December 8.

To confirm, and as we discussed during our meet and confers, any information that Philips RS obtains through Care Orchestrator and/or the SD cards will be provided to counsel for MM Plaintiffs.

Finally, during our October 30 meet and confer with Carole, MM Plaintiffs agreed to serve second amended responses to RFP Nos. 21, 23, 24, and 25.  Please serve these amended responses by December 8 as well.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

---

**From:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>
**Sent:** Monday, November 13, 2023 11:06 AM
**To:** Attridge, Elise M. <elise.attridge@morganlewis.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; Kuzma, William <william.kuzma@morganlewis.com>; Hanratty, Judith A. <judith.hanratty@morganlewis.com>; Hamilton, Matthew <matthew.hamilton@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

[EXTERNAL EMAIL]
Elise,

To clarify Paragraph 3 below, the advance notice will be provided to counsel for MM Plaintiffs, not the plaintiffs themselves.

I believe we confirmed this during the call, but please also confirm that any information Defendants obtain through the Care Orchestrator releases and/or the SD cards will be provided to counsel for MM Plaintiffs.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:     412.231.0246
elizabeth@lcllp.com

lynchcarpenter.com

---

**From:** Elizabeth Pollock Avery
**Sent:** Monday, November 13, 2023 10:44 AM
**To:** Attridge, Elise M. <elise.attridge@morganlewis.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com>; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; Kuzma, William <william.kuzma@morganlewis.com>; Hanratty, Judith A. <judith.hanratty@morganlewis.com>; Hamilton, Matthew <matthew.hamilton@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

Elise,

Thank you for confirming those three points.

Yes, MM Plaintiffs intend to respond to RFP 10. We believe the release needs to be revised- Paragraph 1 refers to a medical provider and we believe this needs to be reworded to accurately reflect the relationship between Philips RS North America LLC and MM Plaintiffs.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:     412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

---

**From:** Attridge, Elise M. <elise.attridge@morganlewis.com>
**Sent:** Thursday, November 9, 2023 11:02 AM
**To:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com>; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; Kuzma, William <william.kuzma@morganlewis.com>; Hanratty, Judith A. <judith.hanratty@morganlewis.com>; Hamilton, Matthew <matthew.hamilton@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

Liz:

In follow-up to our October 30 meet and confer with Carole, here are responses to MM Plaintiffs' questions regarding Care Orchestrator and SD cards.

1. You asked: Regarding the three PDF reports for Care Orchestrator, is the "Patient ID" different than a social security number?  Yes.

2. You asked: Regarding the three PDF reports for Care Orchestrator, what type of information is contained in the "Care Team" section?  This information reflects the device user's healthcare professional and the name, address, and phone number of the HCP's practice, as well as some or all of this info for the DME.

3. You asked: Before Philips RS attempts to convert any non-human-readable data from the SD cards into human-readable form, can Philips RS provide advance notice to plaintiffs?  Yes.

Please confirm that MM Plaintiffs will execute a revised Care Orchestrator release in connection with RFP No. 9, as discussed to date (attached).  If so, please have MM Plaintiffs do so on a rolling basis within the next two weeks (not including the upcoming Thanksgiving holiday).  Additionally, please confirm whether MM Plaintiffs intend to respond to RFP No. 10 regarding their SD cards.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



**From:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>
**Sent:** Thursday, October 19, 2023 5:02 PM
**To:** Attridge, Elise M. <elise.attridge@morganlewis.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

[EXTERNAL EMAIL]
Elise,

Per our earlier conversation, we will provide the identifying information for the prescribing doctor and DME in response to ROG 1(e). We will provide information regarding advice from the prescribing doctor of the Recalled Device(s), provided within in the past five years, in response to ROG 6.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:      412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

**From:** Elizabeth Pollock Avery
**Sent:** Tuesday, October 17, 2023 10:35 AM
**To:** 'Attridge, Elise M.' <elise.attridge@morganlewis.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

Elise,

As discussed, please see MM Plaintiffs' written responses to your email below as well as your 9/29/2023 email.

**First Set of Interrogatories**
Plaintiffs will amend their responses to Interrogatory 1(e), 6, and 9. Responses to Interrogatories 1(e) and 6 will provide information regarding the doctor(s) that prescribed the Recalled Device(s), limited to the past 5 years. MM Plaintiffs will respond to Interrogatory 9 to the extent they have received a diagnosis of subcellular injury. It is MM Plaintiffs' position that they have already responded to ROG 11. Plaintiffs do not intend to amend their responses to ROGS 12-17.

**Second Set of Interrogatories**
MM Plaintiffs' served responses to these Interrogatories on October 2, 2023.

**First Set of RFPs**
MM Plaintiffs have already agreed to, and produced documents for, RFPs 5-7, 12. For RFPs 8-9, 22, 26, 27, MM Plaintiffs will provide medical records from the doctor(s) that prescribed the Recalled Device(s) for the past five years. For RFP 10, during the October 12th meet and confer, we inquired as to what data is stored on the SD card, and how, if at all, that data would differ from the data collected by Care Orchestrator. You agreed to look into this question. For RFP 14, we continue to object to this request, but will produce receipts to the extent that any are in MM Plaintiffs' custody and control. For RFPs 21, 23-25, MM Plaintiffs will produce any documents related to any diagnosis identified in response to ROG 9.

For RFPs 2, 15, 17, MM Plaintiffs will provide medical records from the doctor(s) that prescribed the Recalled Device(s) for the past five years. For RFPs 19, 29, 34, MM Plaintiffs stand by their objections but did provide documents in response to these requests to the extent that any documents exist and are in MM Plaintiffs' custody or control.

For RFP 30, MM Plaintiffs stand by their objections but did provide documents in response to this request to the extent that any documents exist and are in MM Plaintiffs' custody or control. For RFP 38, MM Plaintiffs stand by their objections.

**Medical Records Releases**

MM Plaintiffs will not sign the medical records releases. First and foremost, Defendant did not serve these authorizations pursuant to the Federal Rules of Civil Procedure as either interrogatories or as requests for production (although it is MM Plaintiffs' position that any attempt to do so would be improper). Rather, Defendant included the releases in a letter to MM Plaintiffs' counsel. Secondly, Defendant has provided no basis for requiring signed releases rather than permitting Plaintiffs to request and review the records and then produce the records to Defendant.

**Care Orchestrator Releases**

MM Plaintiffs continue to object to the broad release requested by Defendant. Having reviewed the data dictionary, MM Plaintiffs will agree to a limited release for the TherapyTableDB, lines 3226 through 3393 of the data dictionary. MM Plaintiffs request that Defendant clarify what the three PDF reports summarizing the data contain—is the information in these reports limited to the data contained within the TherapyTableDB?

We look forward to your response.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:      412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

**From:** Attridge, Elise M. <elise.attridge@morganlewis.com>
**Sent:** Wednesday, October 4, 2023 5:57 PM
**To:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

Liz:

We are available during the following dates/times to reschedule the meet and confer and would appreciate doing so at your earliest opportunity:

- Tuesday (Oct. 10) – any time except 12 pm to 1 pm ET

- Wednesday (Oct. 11) – any time except 12 pm to 2 pm ET
- Thursday (Oct. 12) – any time before 3 pm ET
- Friday (Oct. 13) – any time after 11 am ET

In the meantime, so as not to delay Philips RS's receipt of critical discovery any further, by the end of next week, please have all MM Plaintiffs execute the following authorizations transmitted to you on August 18 (reattached here): (1) Limited Authorization to Disclose Health Information; (2) Authorization for Release of Insurance Records; (3) Medicare Authorization Form; and (4) HIPAA Compliant Authorization Form Pursuant to 45 CFR § 164.508 Workers' Compensation Authorization.

Special Master Katz has already addressed the relevance of MM Plaintiffs' medical records and health-related information, so the time is ripe for MM Plaintiffs to execute these authorizations.  As indicated in my email below, Philips RS will reduce the time period associated with these authorizations from 10 years to 7 years, consistent with Special Master Katz's comments during oral argument.  Philips RS is agreeing to reduce this time period in good faith and without prejudice and reserves all rights to pursue additional responsive information and documents from earlier time periods, given Special Master Katz's comments that Philips RS may seek documents in a "tiered" approach.

In response to your October 2 email regarding Care Orchestrator, as we have stated many times before, MM Plaintiffs need to execute a release for their Care Orchestrator data that is commensurate with their status as named plaintiffs in this litigation (as the PI Plaintiffs have done), not the release provided to Census Registry potential claimants.  There is no basis for MM Plaintiffs to provide an authorization for a more limited data set.

Contrary to your assertions, Philips RS has informed Plaintiffs about the type of data collected through Care Orchestrator by providing Plaintiffs with the Care Orchestrator data dictionary (more than one year ago).  This information was adequate for PI Plaintiffs to execute their Care Orchestrator releases.  It should equally suffice for MM Plaintiffs.

Additionally, during our September 18 meet and confer, I specifically directed you to the TherapyTableDB in the data dictionary (see tab 2 of the data dictionary starting at row 3226).  Upon MM Plaintiffs' execution of the Care Orchestrator release, Philips RS will collect the data fields reflected in the TherapyTableDB, as well as three PDF reports summarizing this data.  The TherapyTableDB clearly sets forth the data to be collected—for example, list of devices assigned to the patient, time that the patient equipment record was added or updated, start hour of therapy day for patient, internal code used to determine sleep device type, serial number of the sleep device, average room relative humidity during sleep, average room temperature during sleep, average total leak, the percentage of the session/day spent with good mask fit, and more.  We trust that this responds to your request for "more clarity … regarding what other information beyond usage, temperature, and humidity data Philips would be able to access using the full release."

Finally, please confirm whether MM Plaintiffs served their responses to Philips RS's Second Set of Interrogatories on October 2 (the due date), and if so, please send to me.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

**From:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>
**Sent:** Wednesday, October 04, 2023 12:06 PM
**To:** Attridge, Elise M. <elise.attridge@morganlewis.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

[EXTERNAL EMAIL]
Elise,

Due to illness, we need to reschedule the meet and confer presently scheduled for Friday at 3pm. Please provide your availability for a meet and confer next week. Thanks in advance for your understanding.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:      412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

---

**From:** Elizabeth Pollock Avery
**Sent:** Monday, October 2, 2023 1:48 PM
**To:** 'Attridge, Elise M.' <elise.attridge@morganlewis.com>; Kevin Hannon <khannon@hannonlaw.com>; CSchaffer@lfsblaw.com; Michael Ram x20021 <MRam@forthepeople.com>; Kelly Iverson <Kelly@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

Elise,

Are you still available at 3 pm ET on Friday? We intend to respond to your proposal below at the meet and confer.

In addition, during our call on September 18, you indicated that Philips believes it is entitled to the broadest possible release from all medical monitoring Plaintiffs. During that discussion, you specifically referenced the fact that usage data is relevant to the medical monitoring claims. We have repeatedly stated that we may be amenable to executing releases for the CareOrchestrator data related to usage, ambient temperature, and ambient humidity. Philips has not explained what other information can and would be collected if medical monitoring Plaintiffs executed full releases for the

8

information. It is not Plaintiffs' burden to show that this information is not relevant; Philips has the burden to show how the information is relevant.

The CareOrchestrator data dictionary provides an incomplete picture of the information collected. For example, on the MongoDBInstanceFields tab, the description for line 1553, which appears to be related to patient communications, merely states "UNSURE." By way of further example, the descriptions for lines 2384-2409 are completely blank.

Lastly, you had indicated that Philips has produced the CareOrchestrator data for 346 of the personal injury plaintiffs. As you are aware, the personal injury plaintiffs are not represented by lead class counsel for their individual personal injury claims. We cannot simply demand that the individual personal injury plaintiffs provide their personal records to the team handling the discovery responses for the medical monitoring track Plaintiffs, as the medical monitoring track is unrelated to the personal injury plaintiffs' individual claims.

We anticipate more clarity from you regarding what other information beyond usage, temperature, and humidity data Philips would be able to access using the full release in order to continue this discussion regarding the appropriate scope of the CareOrchestrator release.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:      412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

---

**From:** Attridge, Elise M. <elise.attridge@morganlewis.com>
**Sent:** Friday, September 29, 2023 5:46 PM
**To:** Kevin Hannon <khannon@hannonlaw.com>; Elizabeth Pollock Avery <Elizabeth@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; steinbergm@sullcrom.com; monahanw@sullcrom.com; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** RE: Philips CPAP MDL - Meet and Confer After Oral Argument

Kevin and Liz:

In light of Special Master Katz's comments and instructions during our September 26 oral argument, we believe the time is ripe to resolve all outstanding discovery disputes regarding Philips RS's First and Second Sets of Interrogatories and RFPs.  Accordingly, at your earliest convenience, please respond to my Sept. 28 email (below) requesting to schedule a meet and confer.

Additionally, to help facilitate our discussion and to ensure our meet and confer is most productive, below please find Philips RS's proposal for compromise, which takes into account Special Master Katz's preliminary findings.

9

**Philips RS's First Set of Interrogatories**

- In light of Special Master Katz's preliminary findings that MM Plaintiffs' medical records and medical information is relevant to, at least, the elements of (1) causation and (2) proof that the medical monitoring sought is different than what would have been prescribed in the absence of exposure, MM Plaintiffs must substantively respond to **Interrogatory Nos. 1(e), 1(f), 6, 9, 11, 12, 13, 14, 15, 16, and 17** as currently drafted.

**Philips RS's Second Set of Interrogatories**

- Though MM Plaintiffs have not yet served their objections and responses to the Second Set of Interrogatories (due Monday, October 2), MM Plaintiffs must respond to them in accordance with Special Master Katz's preliminary findings that MM Plaintiffs' medical records and medical information are relevant.

**Philips RS's First Set of RFPs**

- In light of Special Master Katz's preliminary findings that MM Plaintiffs' medical records and medical information is relevant to, at least, the elements of (1) causation and (2) proof that the medical monitoring sought is different than what would have been prescribed in the absence of exposure, MM Plaintiffs must produce documents in response to **RFP Nos. 5, 6, 7, 8, 9, 10, 12, 14, 21, 22, 23, 24, 25, 26, 27, and 40**.  For **RFP Nos. 22, 26, and 27 (with respect to "Your present condition" only)**, Philips RS will reduce the requested time period from 10 years to 7 years, consistent with Special Master Katz's comments during oral argument.  Philips RS is agreeing to reduce this time period in good faith and without prejudice and reserves all rights to pursue additional responsive information and documents from earlier time periods, given Special Master Katz's comments that Philips RS may seek documents in a "tiered" approach.

- In their amended responses to the First Set of RFPs, Medical Monitoring Plaintiffs (except for Sharon Cathers and Patricia Ragland who have not served amended responses despite the August 30 deadline to do so), purport to respond to **RFP Nos. 2, 15, 17, 19, 29, and 34**.  Because MM Plaintiffs included these RFP in the parties' dispute concerning medical records and medical information, please confirm that each MM Plaintiffs' productions are complete with respect to these RFP, in light of Special Master Katz's preliminary findings that MM Plaintiffs' medical records and medical information are relevant.

- We also would like to further discuss MM Plaintiffs' production of documents in response to **RFP Nos. 30 and 38**.

**Philips RS's Second Set of RFPs**

- For **RFP Nos. 41 and 42**, Philips RS will reduce the requested time period from 10 years to 7 years, consistent with Special Master Katz's comments during oral argument.  Philips RS is agreeing to reduce this time period in good faith and without prejudice and reserves all rights to pursue additional responsive information and documents from earlier time periods, given Special Master Katz's comments that Philips RS may seek documents in a "tiered" approach.

**Other Topics for Meet and Confer**

1. As you know, Sharon Cathers and Patricia Ragland have failed to serve amended responses to Philips RS's First Sets of Interrogatories and RFPs in accordance with the August 30 deadline—a consistent issue with many Medical Monitoring Plaintiffs, as we have noted in our numerous prior correspondence on this topic.  As recommended by Special Master Katz during the parties' Sept. 18 weekly teleconference, we are requesting that we meet and confer to discuss the ramifications for MM Plaintiffs who continue to disregard their obligations to timely respond to discovery requests.

2. Philips RS would like to further discuss MM Plaintiffs' position on whether they must and intend to produce a privilege log.

3.  Philips RS's RFPs expressly request the production of texts and emails.  We would like to discuss MM Plaintiffs' efforts to preserve, search, and produce these responsive documents.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com





---

**From:** Attridge, Elise M.
**Sent:** Thursday, September 28, 2023 2:48 PM
**To:** 'Kevin Hannon' <khannon@hannonlaw.com>; 'Elizabeth Pollock Avery' <Elizabeth@lcllp.com>
**Cc:** Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Zwang-Weissman, Yardena R. <yardena.zwang-weissman@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>; Hunchuck, Steven N. <steven.hunchuck@morganlewis.com>; 'steinbergm@sullcrom.com' <steinbergm@sullcrom.com>; 'monahanw@sullcrom.com' <monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>
**Subject:** Philips CPAP MDL - Meet and Confer After Oral Argument

Kevin and Liz:

In follow up to Special Master Katz's comments and instructions during the September 26 oral argument, we are writing to schedule a meet and confer for next week regarding Philips RS's outstanding discovery inquiries.

Please let us know your availability on the following dates/times.  To aid our discussion, we will send you Philips RS's proposal for compromise at least one business day before the meet and confer.

- Monday, Oct. 2: any time before noon ET
- Tuesday, Oct. 3: 3 – 4 pm ET
- Thursday, Oct. 5: 2 – 3 pm ET
- Friday, Oct. 6: any time during 9 am – 2 pm ET or 3 pm – 4 pm ET

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

# EXHIBIT BB

| | |
|---|---|
| **From:** | Attridge, Elise M. |
| **Sent:** | Friday, January 5, 2024 2:17 PM |
| **To:** | Elizabeth Pollock Avery; Lavelle, Jr., John P.; Feinstein, Wendy West; Dykstra, Lisa C.; Michael H. Steinberg (steinbergm@sullcrom.com); William B. Monahan (monahanw@sullcrom.com); Hight-sullcrom.com; laurenm@hbsslaw.com; Schutte, Scott T.; Baiocco, Dana |
| **Cc:** | Kelly Iverson; S Duggan; cseeger@seegerweiss.com; Steve Schwartz; DBuchanan@seegerweiss.com; sitri@seegerweiss.com; dstellings@lchb.com; vbuchanan@levinlaw.com; waudet@audetlaw.com; CSchaffer@lfsblaw.com; Kevin Hannon; Michael Ram x20021 |
| **Subject:** | RE: Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs |

Liz,

MM Plaintiffs' tardy discovery responses, missing or deficient interrogatory verifications, and failure to timely execute the agreed-upon release for their Care Orchestrator data (among other things) continues to put the schedule at risk.  Therefore, we intend to escalate the below issues to Special Master Katz during the parties' regularly-scheduled conference on Monday, January 8.  By way of further response to your January 3 email:

1.  We expect to receive your long-promised revisions to the consent motion on or before Monday.  If not, we will raise with Special Master Katz.

2.  More than two months past the deadline, MM Plaintiffs' second amended responses to Philips RS's First Interrogatories continue to be tardy, improperly verified, or not verified at all.  Specifically:

    a.  Despite raising the issue with you more than 3 weeks ago, there are still **twenty (20)** MM Plaintiffs who served responses that are improperly verified in that the purported verification merely contains a typed signature that is not DocuSigned (Steve Abarr, Paul Bailey, Danny Baran, Danny David, Sonia Diaz, Christine DiJohn, Andrew Fisher, Christopher Glaub, Madaline Harbor, Jose Lopez, Diane Lamontagne, David Martin, Doris Margoles, Deanna Melcher, Paul Panzera, Antonio Perez Bonano, Sean Purdy, Cameron Rose, Chad Wells, and Jim Wolff).

    b.  To date, the verifications of **three (3)** MM Plaintiffs are missing completely (Susan Bakaitis, Elizabeth Heilman, and Sabrina Malone).

    c.  To date, **eight (8)** MM Plaintiffs have failed to serve second amended responses *at all*, which were due months ago on November 2 (Bruce Ginsberg, Arthur Hibbard, Martin Humphries, Jill Leavenworth, Robert Peebles, Patricia Ragland, Aaron Taylor, and Michael Wheeler).

3.  I do not have a record of you serving Mr. Purdy's responses to Philips RS's Second Interrogatories on October 2, as you state.  Please confirm who you sent the responses to and send me the original correspondence.

4.  MM Plaintiffs agreed to serve second amended responses to RFP Nos. 9, 10, 21, 23, 24, and 25 by December 8.  To date, **three (3)** MM Plaintiffs still have failed to do so (Hugo Barragan, Dennis Caling, and Patricia Ragland).

5.  Although the parties agreed upon a release form for MM Plaintiffs' Care Orchestrator data (to the extent this data exists) on November 21, **25% of** MM Plaintiffs have failed to execute this Care Orchestrator release— contrary to MM Plaintiffs' December 21 representation to the Court.  Currently, these MM Plaintiffs include: (1) Susan Bakaitis; (2) Hugo Barragan; (3) Jeffrey Bartalo; (4) Peter Bellotti; (5) Dennis Caling; (6) Sarah Claunch; (7)

Joe David Dennett; (8) Michael Dusza; (9) Brent Hamlin; (10) Sabrina Malone; (11) Sylvia McDaniel; (12) Boniface Mills; (13) Dennis Morris; (14) Patricia Ragland; (15) Marilyn Sweeney; and (16) Debra Wilson.  Additionally, please note that the following MM Plaintiffs' executed releases are deficient and must be corrected and re-sent: (1) Stephen Flannery (listed his birthday as 2/13/2023, which must be incorrect); (2) Bruce Ginsberg (incomplete SSN); and (3) Beth Rodgers (missing SSN).

6.  We are generally available for a meet and confer regarding Request Nos. 14, 31, and 38 and SD card issue on Tuesday, January 9.  Please let us know what time works best for you.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



**From:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>
**Sent:** Wednesday, January 03, 2024 6:02 PM
**To:** Attridge, Elise M. <elise.attridge@morganlewis.com>; Lavelle, Jr., John P. <john.lavelle@morganlewis.com>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Michael H. Steinberg (steinbergm@sullcrom.com) <steinbergm@sullcrom.com>; William B. Monahan (monahanw@sullcrom.com) <monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>; laurenm@hbsslaw.com; Schutte, Scott T. <scott.schutte@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>
**Cc:** Kelly Iverson <Kelly@lcllp.com>; S Duggan <sduggan@lfsblaw.com>; cseeger@seegerweiss.com; Steve Schwartz <steveschwartz@chimicles.com>; DBuchanan@seegerweiss.com; sitri@seegerweiss.com; dstellings@lchb.com; vbuchanan@levinlaw.com; waudet@audetlaw.com; CSchaffer@lfsblaw.com; Kevin Hannon <khannon@hannonlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>
**Subject:** RE: Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs

[EXTERNAL EMAIL]
Elise,

With respect to your December 20th email:

1.  We will send our revisions to the consent motion in the next day or two.
2.
    a.  We are continuing to work on providing updated verifications.
    b.  Randy Paris's and Jeffrey Boyle's verifications are attached.
    c.  We will address in revisions to the consent motion.
    d.  Resolved.
3.  Sean Purdy's responses to the second set of interrogatories were served on October 2.
4.  Second Amended RFP responses for Goodall and Cathers are attached.
5.  Care Orchestrator data releases for Sharon Cathers and Quinton Goodall are attached.

6.  Plaintiffs are not available tomorrow to meet and confer re: Request Nos. 14, 31, and 38 and SD card issue. Do you have any availability next week?

With respect to your December 29th email:

We take issue with your suggestion that we have been inaccurate in our submission to the Court. We do not agree that an amended/corrected response to Philips RS's objections, nor a reply by Philips RS to our response, is necessary nor do we consent to the same. We correctly told the Court that Plaintiffs agreed to and have produced certain categories of documents in response to discovery requests that are not currently in dispute before the Court.  It appears that you believe there are deficiencies with respect to those requests. This is the first that Defendants have raised the issue and any disagreement regarding the extent of documents produced is not ripe for resolution by the Court nor a subject of the R&R being objected to. Furthermore, Plaintiffs have provided releases for Philips to access Care Orchestrator data *that Philips already has in its custody*. You complain about our verbiage: data rather than release, but it is really a distinction without a difference. To the extent the Court misapprehends exactly what information was provided, that potential misapprehension can be resolved at oral argument on January 25.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:     412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

---

**From:** Attridge, Elise M. <elise.attridge@morganlewis.com>
**Sent:** Wednesday, January 3, 2024 10:25 AM
**To:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>; Lavelle, Jr., John P. <john.lavelle@morganlewis.com>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Michael H. Steinberg (steinbergm@sullcrom.com) <steinbergm@sullcrom.com>; William B. Monahan (monahanw@sullcrom.com) <monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>; laurenm@hbsslaw.com; Schutte, Scott T. <scott.schutte@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>
**Cc:** Kelly Iverson <Kelly@lcllp.com>; S Duggan <sduggan@lfsblaw.com>; cseeger@seegerweiss.com; Steve Schwartz <steveschwartz@chimicles.com>; DBuchanan@seegerweiss.com; sitri@seegerweiss.com; dstellings@lchb.com; vbuchanan@levinlaw.com; waudet@audetlaw.com; CSchaffer@lfsblaw.com; Kevin Hannon <khannon@hannonlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>
**Subject:** RE: Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs

Liz,

I am following up on my December 20 and December 29 emails, below.  What is Plaintiffs' response?

Thanks,

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



---

**From:** Attridge, Elise M.
**Sent:** Friday, December 29, 2023 3:28 PM
**To:** 'Elizabeth Pollock Avery' <Elizabeth@lcllp.com>; Lavelle, Jr., John P. <john.lavelle@morganlewis.com>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; 'Michael H. Steinberg (steinbergm@sullcrom.com)' <steinbergm@sullcrom.com>; 'William B. Monahan (monahanw@sullcrom.com)' <monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>; 'laurenm@hbsslaw.com' <LaurenM@hbsslaw.com>; Schutte, Scott T. <scott.schutte@morganlewis.com>; Baiocco, Dana <dana.baiocco@morganlewis.com>
**Cc:** 'Kelly Iverson' <Kelly@lcllp.com>; 'S Duggan' <sduggan@lfsblaw.com>; 'cseeger@seegerweiss.com' <cseeger@seegerweiss.com>; 'Steve Schwartz' <steveschwartz@chimicles.com>; 'DBuchanan@seegerweiss.com' <DBuchanan@seegerweiss.com>; 'sitri@seegerweiss.com' <sitri@seegerweiss.com>; 'dstellings@lchb.com' <dstellings@lchb.com>; 'vbuchanan@levinlaw.com' <vbuchanan@levinlaw.com>; 'waudet@audetlaw.com' <waudet@audetlaw.com>; 'CSchaffer@lfsblaw.com' <CSchaffer@lfsblaw.com>; 'Kevin Hannon' <khannon@hannonlaw.com>; 'Michael Ram x20021' <MRam@forthepeople.com>
**Subject:** RE: Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs

Liz:

We are still waiting for a response to my December 20 email below.

In the meantime, however, we write to address inaccuracies in Plaintiffs' Response in Opposition to Defendant Philips RS' Objections to Special Discovery Master's Report and Recommendation (ECF No. 2402) ("Response") that need to be corrected.  Specifically, Plaintiffs' Response asserts the following:

1.  Request Nos. 2, 7, 12, 15, 17, 19, and 34 "are duplicative, especially because Plaintiffs have already produced responsive documents, including purchase receipts for Recalled and other CPAP devices, prescription information for Recalled Devices, cleaning instructions, accessory information and receipts, etc."  *See* ECF No. 2402 at 8.  This is incorrect:

    a.  To date, 5 out of 63 MM Plaintiffs have not produced any documents specific to their claims.

    b.  Of the MM Plaintiffs who have produced documents, approximately 30% have not produced "purchase receipts for Recalled and other CPAP devices, prescription information for Recalled Devices, cleaning instructions, accessory information and receipts."

    c.  By way of further example, approximately 87% have not produced "prescription information" documents.

2.  The documents requested in Request No. 2 are "similarly irrelevant … particularly when Plaintiffs have already produced the Care Orchestrator data." *See* ECF No. 2402 at 8.  Again, this is false:

   a.  To date, zero MM Plaintiffs have produced Care Orchestrator data.

   b.  Some, but not all, MM Plaintiffs have executed releases for their Care Orchestrator data (to the extent it even exists), but those releases only enable Philips to start the laborious process of searching for and pulling this data.  Besides, 14 MM Plaintiffs haven't even executed releases yet, which were due on December 8.

3.  Plaintiffs shouldn't be compelled to produce medical records relating to the recall and MM Plaintiffs' notice of the recall "especially because Plaintiffs produced documents in response to this request, including recall notices issued by Philips itself." *See* ECF No. 2402 at 10.  Only a small fraction of MM Plaintiffs have produced recall-related documents (approximately 25%), so this argument is misleading.

Therefore, we request that Plaintiffs either (a) file an amended/corrected response with the Court by January 4 or (b) consent to a motion for leave for Philips RS to file a reply to address these issues.  Please let us know on January 2.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



---

**From:** Attridge, Elise M.
**Sent:** Wednesday, December 20, 2023 4:57 PM
**To:** 'Elizabeth Pollock Avery' <Elizabeth@lcllp.com>; Lavelle, Jr., John P. <john.lavelle@morganlewis.com>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Michael H. Steinberg (steinbergm@sullcrom.com) <steinbergm@sullcrom.com>; William B. Monahan (monahanw@sullcrom.com) <monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>; Schutte, Scott T. <scott.schutte@morganlewis.com>; laurenm@hbsslaw.com
**Cc:** Kelly Iverson <Kelly@lcllp.com>; S Duggan <sduggan@lfsblaw.com>; cseeger@seegerweiss.com; Steve Schwartz <steveschwartz@chimicles.com>; DBuchanan@seegerweiss.com; sitri@seegerweiss.com; dstellings@lchb.com; vbuchanan@levinlaw.com; waudet@audetlaw.com; CSchaffer@lfsblaw.com; Kevin Hannon <khannon@hannonlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>
**Subject:** RE: Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs

Liz:

The characterization of MM Plaintiffs' course of conduct in my December 11 email is accurate, given that we are still missing discovery responses and/or verifications from multiple MM Plaintiffs—in some cases, months after the deadline to serve them.  By way of further response to your December 14 email:

1. We are still waiting to receive your edits to the joint consent motion and proposed order.  Please let us know when we can expect to receive them.  We would like to get this on file as soon as possible.

2. a) and b) We are still waiting to receive proper verifications for **twenty-four** MM Plaintiffs' second amended interrogatory responses, which were due on November 2.  Please let us know when we can expect to receive them.

   c) On December 11, we informed you that nine MM Plaintiffs failed to serve second amended responses, which were due on November 2.  Since then, you served second amended responses for one MM Plaintiff.  **Eight** are still outstanding.  Please serve them as soon as possible, or include these plaintiffs in our joint consent motion.

   d) We are able to open Mr. Nielson's second amended responses.  Thank you for re-sending them.

3. On December 11, we informed you that it appears that Sean Purdy has not served responses to Philips RS's <u>Second</u> Set of Interrogatories.  Mr. Purdy's amended responses to Philips RS's <u>First</u> Set of Interrogatories were served on October 26.  Again, if we missed his responses to the Second Set, please let us know and provide the date they were served.

4. We are still waiting to receive second amended responses to RFP Nos. 9, 10, 21, 23, 24, and 25 from **five** MM Plaintiffs, which were due on December 8.  Please let us know when we can expect to receive them.

5. MM Plaintiffs agreed to provide executed Care Orchestrator releases by December 8.  We are still waiting to receive executed releases from **thirteen** MM Plaintiffs.  Please provide us with a status update.

We are still waiting to receive your availability for a meet and confer regarding Requests No 14, 31, and 38, but propose the following dates/times: January 3 between 10 am and 12 pm ET and January 4 between 12 pm and 2 pm ET.  Please let us know if anything within these windows works.  Regarding your question about SD cards below, let's add that as a topic for our next meet and confer.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



**From:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>
**Sent:** Thursday, December 14, 2023 4:26 PM
**To:** Attridge, Elise M. <elise.attridge@morganlewis.com>; Lavelle, Jr., John P. <john.lavelle@morganlewis.com>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Michael H. Steinberg (steinbergm@sullcrom.com) <steinbergm@sullcrom.com>; William B. Monahan (monahanw@sullcrom.com) <monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>; Schutte, Scott T. <scott.schutte@morganlewis.com>; laurenm@hbsslaw.com
**Cc:** Kelly Iverson <Kelly@lcllp.com>; S Duggan <sduggan@lfsblaw.com>; cseeger@seegerweiss.com; Steve Schwartz

<steveschwartz@chimicles.com>; <DBuchanan@seegerweiss.com>; sitri@seegerweiss.com; dstellings@lchb.com;
vbuchanan@levinlaw.com; waudet@audetlaw.com; CSchaffer@lfsblaw.com; Kevin Hannon
<khannon@hannonlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>
**Subject:** RE: Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs

[EXTERNAL EMAIL]
Elise,

Your characterization of MM Plaintiffs' course of conduct is inaccurate and unnecessary.

MM Plaintiffs further respond as follows:
1. We are continuing to work on reviewing your revisions to the consent motion and will have our edits to your shortly.
2. a) We will provide updated verifications for these plaintiffs.
   b) Verifications for Boyle, Bartalo, Caling, Claunch, Dennett, Hamlin, and Morris are attached. We will provide the remainder of the verifications.
   c) Elizabeth Lemus's Second Amended ROG responses are attached. We will address the inclusion of the other plaintiffs in the motion when we respond to your revisions.
   d) I've attached Nielson's responses again. Please let me know if you are unable to open these.
3. Sean Purdy's responses were served on October 26, 2023.
4. Second Amended RFP responses for Bakaitis, Bartalo, Bellotti, Claunch, Dennett, Dusza, Hamlin, Lemus, Malone, McDaniel, Morris, and Sweeney are attached.
5. 50 Care Orchestrator releases were served earlier today. I will continue to send these to you as we receive them.

I will get back to you regarding our availability for a meet and confer regarding Requests No 14, 31, and 38 shortly.

Lastly, an issue has arisen regarding the SD cards for several of the MM Plaintiffs which I believe requires a discussion between the parties. For these Plaintiffs, when they received their replacement devices, which they are currently using, they were instructed to remove their SD cards from their recalled devices and use the cards with the replacement devices. We can either add this topic to the meet and confer regarding RFPs 14, 31, and 38, or I am happy to discuss sooner if you would prefer.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383
Office:  412.322.9243
Fax:     412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

**From:** Attridge, Elise M. <elise.attridge@morganlewis.com>
**Sent:** Monday, December 11, 2023 9:17 PM
**To:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>; Lavelle, Jr., John P. <john.lavelle@morganlewis.com>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Michael H. Steinberg (steinbergm@sullcrom.com) <steinbergm@sullcrom.com>; William B. Monahan (monahanw@sullcrom.com)

<monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>; Schutte, Scott T.
<scott.schutte@morganlewis.com>; laurenm@hbsslaw.com
**Cc:** Kelly Iverson <Kelly@lcllp.com>; S Duggan <sduggan@lfsblaw.com>; cseeger@seegerweiss.com; Steve Schwartz
<steveschwartz@chimicles.com>; DBuchanan@seegerweiss.com; sitri@seegerweiss.com; dstellings@lchb.com;
vbuchanan@levinlaw.com; waudet@audetlaw.com; CSchaffer@lfsblaw.com; Kevin Hannon
<khannon@hannonlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>
**Subject:** RE: Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs

Liz,

Consistent with MM Plaintiffs' course of conduct for the past ten months, MM Plaintiffs continue to serve discovery
responses in piecemeal, incomplete, and tardy fashion.  Your December 8 email below is no exception.

Specifically, here is a list of deficiencies that we ask MM Plaintiffs to resolve as soon as possible:

1) After Philips RS raised the issue with Special Master Katz, MM Plaintiffs agreed to serve amended responses to
   Philips RS's First Request for Production of Documents and to Interrogatory Nos. 2, 3, 4, 5, 7, and 8 of Philips
   RS's First Interrogatories, by August 30, 2023.  As you know, to date, Sharon Cathers and Patricia Ragland have
   failed to do so.  Accordingly, we are attaching the consent motion and proposed order that you proposed, along
   with Philips RS's revisions thereto.  We would like to get this on file this week.

2) MM Plaintiffs also agreed to serve second amended responses to Interrogatory Nos. 1(e), 6, and 9 by November
   2, 2023.  Numerous issues must be remedied:

   a. While we received some responses that are properly verified, **twenty (20)** MM Plaintiffs served
      responses that are improperly verified in that the purported verification merely contains a typed
      signature that is not DocuSigned (Steve Abarr, Paul Bailey, Danny Baran, Danny David, Sonia Diaz,
      Christine DiJohn, Andrew Fisher, Christopher Glaub, Madaline Harbor, Jose Lopez, Diane Lamontagne,
      David Martin, Doris Margoles, Deanna Melcher, Paul Panzera, Antonio Perez Bonano, Sean Purdy,
      Cameron Rose, Chad Wells, and Jim Wolff).

   b. **Eleven (11)** Medical Monitoring Plaintiffs served second amended responses with no verification at all
      (Susan Bakaitis, Jeffrey Bartalo, Jeffrey Boyle, Dennis Caling, Sarah Claunch, Joe David Dennett, Brent
      Hamlin, Elizabeth Heilman, Sabrina Malone, Dennis Morris, and Randy Paris).

   c. To date, **nine (9)** Medical Monitoring Plaintiffs have failed to serve second amended responses at all
      (Bruce Ginsberg, Arthur Hibbard, Martin Humphries, Jill Leavenworth, Elizabeth Lemus, Robert Peebles,
      Patricia Ragland, Aaron Taylor, and Michael Wheeler).  Given the lengthy passage of time since the
      November 2 deadline, we have revised the consent motion and proposed order to include these
      plaintiffs' second amended responses.

   d. **One (1)** Medical Monitoring Plaintiff served second amended responses that we are unable to open
      (Patrick Nielson).

3) It appears that we never received responses to Philips RS's Second Interrogatories from Sean Purdy.  If we
   missed these, please let us know and provide the date they were served.

4) MM Plaintiffs agreed to serve second amended responses to RFP Nos. 9, 10, 21, 23, 24, and 25 by December
   8.  **Seventeen (17)** MM Plaintiffs failed to do so (Susan Bakaitis, Hugo Barragan, Jeffrey Bartalo, Peter Bellotti,
   Dennis Caling, Sharon Cathers, Sarah Claunch, Joe David Dennett, Michael Dusza, Quinton Goodall, Brent
   Hamlin, Elizabeth Lemus, Sabrina Malone, Sylvia McDaniel, Dennis Morris, Patricia Ragland, and Marilyn
   Sweeney).

5) MM Plaintiffs also agreed to provide executed releases for their Care Orchestrator data by December 8. **All sixty-three (63)** MM Plaintiffs have failed to do so.  Though the MM Plaintiffs who served second amended responses to RFP No. 9 state that their Care Orchestrator release is attached to their response, nothing is attached.  MM Plaintiffs have not uploaded them to MDL Centrality, either.

Philips RS reserves all rights to seek schedule relief should MM Plaintiffs' failure to timely participate in discovery impact Philips RS's ability to comply with its discovery or expert deadlines.

Finally, as discussed during the October 30 meet and confer with Special Master Katz, Philips RS would like to schedule an additional meet and confer to discuss the deficiencies with MM Plaintiffs' responses to Request Nos. 14, 31, and 38.  Please provide your availability to meet and confer during the weeks of January 2 and January 8.

**Elise M. Attridge**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5704 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.610.608.8325
elise.attridge@morganlewis.com | www.morganlewis.com
Assistant: Crystal Perkins Moses | +1.202.373.6551 | crystal.moses@morganlewis.com



Learn More

---

**From:** Elizabeth Pollock Avery <Elizabeth@lcllp.com>
**Sent:** Friday, December 08, 2023 5:11 PM
**To:** Lavelle, Jr., John P. <john.lavelle@morganlewis.com>; Feinstein, Wendy West <wendy.feinstein@morganlewis.com>; Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Michael H. Steinberg (steinbergm@sullcrom.com) <steinbergm@sullcrom.com>; William B. Monahan (monahanw@sullcrom.com) <monahanw@sullcrom.com>; Hight-sullcrom.com <Hight@sullcrom.com>; Schutte, Scott T. <scott.schutte@morganlewis.com>; laurenm@hbsslaw.com; Attridge, Elise M. <elise.attridge@morganlewis.com>
**Cc:** Kelly Iverson <Kelly@lcllp.com>; S Duggan <sduggan@lfsblaw.com>; cseeger@seegerweiss.com; Steve Schwartz <steveschwartz@chimicles.com>; DBuchanan@seegerweiss.com; sitri@seegerweiss.com; dstellings@lchb.com; vbuchanan@levinlaw.com; waudet@audetlaw.com; CSchaffer@lfsblaw.com; Kevin Hannon <khannon@hannonlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>
**Subject:** Philips CPAP Medical Monitoring Plaintiffs' Second Amended Responses to First Set of RFPs

[EXTERNAL EMAIL]
Counsel,

Please see attached the first rolling production of Medical Monitoring Plaintiffs' Second Amended RFP Responses.

ELIZABETH POLLOCK AVERY
Partner
(she/her/hers)
Lynch Carpenter LLP
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Direct:  412.489.4383

Office:  412.322.9243
Fax:      412.231.0246
elizabeth@lcllp.com
lynchcarpenter.com

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.