IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions Asserting Economic Loss Claims | : Master Docket: Misc. No. 21-mc-1230-JFC<br>:<br>: MDL No. 3014<br>:<br>:<br>: |

**[PROPOSED] ORDER GRANTING SETTLEMENT CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES AND FOR SERVICE AWARDS TO SETTLEMENT CLASS REPRESENTATIVES**

Upon consideration of Settlement Class Counsel's Motion for an Award of Attorneys' Fees, Costs, and Expenses and for Service Awards to Settlement Class Representatives (the "Motion"), and all papers submitted in support of and/or in opposition thereto, and after a hearing thereon held on _____, 2024, it is hereby ORDERED that the Motion is GRANTED. It is also ORDERED that:

1. The Class Notice provided to the Settlement Class apprised Settlement Class Members that the Philips Defendants agreed not to oppose Settlement Class Counsel's Motion for an award of attorneys' fees and reimbursement of costs and expenses in the aggregate amount of $95,000,000 and an award of service fees to the five Settlement Class Representatives in the amount of $5,000 each. The Class Notice complied with this Court's Order Preliminarily Approving the Proposed Class Settlement Agreement and Release of Economic Loss Claims ("Settlement Agreement" or "Settlement") (ECF 2289), meets the requirements of Rule 23 of the

Federal Rules of Civil Procedure and due process, was the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.

2.  This Court hereby awards attorneys' fees in the amount of $94,428,625.62 and reimbursement of costs and expenses in the amount of $571,374.38, as set forth in Settlement Class Counsel's Motion, to be paid by the Philips Defendants pursuant to paragraph 18.1 of the Settlement Agreement (ECF 2279-1). This award shall not diminish the recovery of Settlement Class Members under the Settlement. The Court concludes this sum to be fair and reasonable as compensation for the efforts expended on behalf of the Settlement Class.

3.  Within twenty-one (21) days of entry of this Order, the attorneys' fees, costs, and expenses awarded by the Court shall be paid by the Philips Defendants, notwithstanding the existence of or pendency of any appeal or collateral attack on this Order, on the Settlement, or any part thereof. In the event that this Order is reversed or modified on appeal, Settlement Class Counsel shall be obligated, within twenty-one (21) days after entry of such appellate order, to refund to the Philips Defendants such attorneys' fees, costs and expenses that have been paid. If only a portion of fees, costs and/or expenses is upheld on appeal, Settlement Class Counsel will repay to the Philips Defendants the amount necessary to ensure the amount of attorneys' fees, costs and/or expenses complies with such appellate order.

4.  The requested Service Award in the amount of $5,000 for each the five Settlement Class Representatives is fair and reasonable, is consistent with similar awards granted in this Circuit, and reflects the Settlement Class Representatives' service to the Settlement Class.

5.  This Court hereby awards $5,000 each to Elizabeth Heilman; Ivy Creek of Tallapoosa LLC d/b/a Lake Martin Community Hospital; Peter Barrett; Julie Barrett; and ASEA/AFSCME Local 52 Health Benefits Trust. These Service Awards shall be paid by the

Philips Defendants pursuant to paragraph 18.2 of the Settlement Agreement. The Service Awards shall not diminish the recovery of Settlement Class Members under the Settlement.

      6.      The Philips Defendants shall pay the Service Awards within thirty (30) days of the date of this Order or the Effective Date (defined in the Settlement Agreement), whichever is later.

**IT IS SO ORDERED.**

_____
The Honorable Joy Flowers Conti
Senior United States District Court Judge