IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : : | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| This Document Relates to: | : : | |
| Consolidated Second Amended Class Action Complaint for Medical Monitoring and Demand for Jury Trial (ECF No. 815) | : : : : | |

**PHILIPS RS NORTH AMERICA LLC'S REPLY IN SUPPORT OF
ITS OBJECTIONS TO SPECIAL DISCOVERY MASTER'S REPORT AND
RECOMMENDATION AND PROPOSED ORDER RE: DISCOVERY OF MEDICAL
MONITORING NAMED PLAINTIFFS' MEDICAL HISTORIES AND
<u>PREVIOUS EXPOSURES TO HAZARDOUS SUBSTANCES</u>**

John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

Plaintiffs' Response in Opposition to Defendant Philips RS' Objections to Special Discovery Master's Report and Recommendation and Proposed Order Re: Discovery of Medical Monitoring Named Plaintiffs' Medical Histories and Previous Exposures to Hazardous Substances ("Response") (ECF No. 2402) contains material misrepresentations regarding facts that require immediate correction.

First, Plaintiffs argue in their papers that they should not be compelled to produce their medical records and information in response to Request for Production ("Request") Nos. 2, 7, 12, 15, 17, 19, and 34 because "these Requests are duplicative, especially because Plaintiffs have already produced responsive documents, including purchase receipts for Recalled and other CPAP devices, prescription information for Recalled Devices, cleaning instructions, accessory information and receipts, etc." ECF No. 2402 at 8. This statement in Plaintiffs' Response is factually untrue and misleading. Some Plaintiffs have not produced *any* documents at all.[1] Even more Plaintiffs have not produced *any* documents at all in response to these Requests.[2] And many other Plaintiffs have failed to make a meaningful or complete production— only producing a mere handful of *pages* in response to some, but not all, of these Requests.[3] Indeed, contrary to Plaintiffs'

---

[1] *See* Hugo Barragan's Am. Resp. to First RFP, attached as Ex. A; Quinton Goodall's 2nd Am. Resp. to First RFP, attached as Ex. B; Jill Leavenworth's Am. Resp. to First RFP, attached as Ex. C; Michael Wheeler's 2nd Am. Resp. to First RFP, attached as Ex. D.

[2] *See* Dennis Caling Am. Resp. to First RFP, attached as Ex. E; Christine DiJohn's 2nd Am. Resp. to First RFP, attached as Ex. F; Andrew Fisher's 2nd Am. Resp. to First RFP, attached as Ex. G; Brent Hamlin's 2nd Am. Resp. to First RFP, attached as Ex. H; Arthur Hibbard's 2nd Am. Resp. to First RFP, attached as Ex. I; Joseph Hoffman's 2nd Am. Resp. to First RFP, attached as Ex. J; Martin Humphries' 2nd Am. Resp. to First RFP, attached as Ex. K; Brian McCarty's 2nd Am. Resp. to First RFP, attached as Ex. L.

[3] *See, e.g.*, Susan Bakaitis' 3rd Am. Resp. to First RFP, attached as Ex. M (three pages); Jeffrey Bartalo's Am. Resp. to First RFP, attached as Ex. N (two pages); Jeffrey Boyle's 2nd Am. Resp. to First RFP, attached as Ex. O (three pages); Sharon Cathers' 2nd Am. Resp. to First RFP, attached

representation to the Court in their papers, at least 40% of Plaintiffs have not "already produced" responsive documents to all these Requests.[4]

Second, Plaintiffs claim in their Response that Request No. 2 is "irrelevant … particularly when Plaintiffs have already produced the Care Orchestrator data." ECF No. 2402 at 8. This is similarly false. **Zero** Plaintiffs have produced their Care Orchestrator data. Rather, after extensive discussion, the parties agreed that Plaintiffs would execute a *limited* release for *some* of their Care Orchestrator data.[5] To date, however, **25%** of Plaintiffs have failed to execute this release, despite a December 8, 2023 deadline to do so.[6] Once a release is ultimately executed by each remaining Plaintiff, the information will still need to be obtained and produced.

Third, Plaintiffs claim they should not be compelled to produce their medical records and information in response to Request No. 17 because "Plaintiffs produced other documents in response to this request, including recall notices issued by Philips itself." Again, this is factually untrue and misleading. Numerous Plaintiffs have not produced *any* documents in response to this Request.[7] Plaintiffs' assertions to the contrary should be disregarded.

---

as Ex. P (four pages); Sarah Claunch's 2nd Am. Resp. to First RFP, attached as Ex. Q (two pages); Danny David's 2nd Am. Resp. to First RFP, attached as Ex. R (three pages); Bruce Ginsberg's 2nd Am. Resp. to First RFP, attached as Ex. S (one page); Christopher Glaub's 2nd Am. Resp. to First RFP, attached as Ex. T (five pages); Deana King's 2nd Am. Resp. to First RFP, attached as Ex. U (one page); Elizabeth Lemus' 2nd Am. Resp. to First RFP, attached as Ex. V (two pages); Aaron Taylor's 2nd Am. Resp. to First RFP, attached as Ex. W (one page); Chad Wells' 2nd Am. Resp. to First RFP, attached as Ex. X (five pages); Debra Wilson's 2nd Am. Resp. to First RFP, attached as Ex. Y (five pages); Jim Wolff's 2nd Am. Resp. to First RFP, attached as Ex. Z (one page); *see also* ECF No. 2376 at 6 (only a "subset" of Plaintiffs responded to discovery and, of those Plaintiffs, they only "responded partially" to the at-issue Requests).

[4] *See supra* footnotes 1-3.
[5] *See* E. Avery Email to E. Attridge dated November 21, 2023, at 1-2, 6, attached as Ex. AA.
[6] *See* E. Attridge Email to E. Avery dated January 5, 2023, at 1-2, attached as Ex. BB.
[7] *See, e.g.*, *supra* footnotes 1 and 2 (Plaintiffs Bakaitis, Barragan, Bartalo, Caling, Cathers, David, DiJohn, Fisher, Ginsberg, Glaub, Goodall, Hamlin, Hibbard, Hoffman, Humphries, Leavenworth, Lemus, McCarty, Taylor, Wells, Wheeler, Wilson, and Wolff state they do not possess any responsive documents regarding Request No. 17).

Dated: January 11, 2024						Respectfully Submitted,

*/s/ Wendy West Feinstein*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

/s/ Wendy West Feinstein
Wendy West Feinstein