UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: No. 21-MC-1230-JFC<br><br>MDL No. 3014 |
| This Document Relates to: | |
| 2:21-cv-01528 (W.D. Pa.) - Ortego   2:23-cv-01078 (W.D. Pa.) - Smith | |
| 2:23-cv-01074 (W.D. Pa.) - Johnson   2:23-cv-01082 (W.D. Pa.) - White | |
| 2:23-cv-01069 (W.D. Pa.) - Jones | |

**MEMORANDUM OF LAW IN SUPPORT OF THE PHILIPS DEFENDANTS' RULE 37(b)(2) AND RULE 41(b) MOTION TO DISMISS CLAIMS OF PLAINTIFFS FAILING TO FILE PLAINTIFF FACT SHEETS**

Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants"), through their undersigned counsel, respectfully move this Court to dismiss the claims of certain Personal Injury Plaintiffs with prejudice for failure to comply with MDL Pretrial Order No. 26(b), pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

MDL Pretrial Order No. 26(b) requires that each plaintiff asserting personal injury claims in this MDL "must submit a completed [Plaintiff Fact Sheet ("PFS")], executed Authorizations, and documents responsive to the requests in the PFS." MDL Pretrial Order No. 26(b) § 2, filed October 3, 2023 (ECF No. 2275) (the "MDL Pretrial Order No. 26(b)"). MDL Pretrial Order No.

26(b) further governs the mechanisms and timetable for completion and submission of the Personal Injury Plaintiffs' PFSs as well as the mechanisms and timetable for dismissal of the Personal Injury Plaintiffs with overdue discovery. *Id.* at § 5, 13.

At present, five Personal Injury Plaintiffs have failed to act in accordance with the Court's MDL Pretrial Order No. 26(b) by failing to file their respective PFSs ("Non-Complying Plaintiffs"). *See* Exhibit A, attached hereto, listing the Non-Complying Plaintiffs and their corresponding case information. On November 2, 2023, the Philips Defendants provided each Non-Complying Plaintiff appropriate notice of their failure to file their PFS within the prescribed deadlines. *See* Exhibit B, attached hereto. In accordance with MDL Pretrial Order No. 26(b), each Non-Complying Plaintiff was afforded 21 days to file a PFS and to come into compliance with this Court's orders. Twenty-one days came and went with each of the Non-Complying Plaintiffs still failing to file a PFS. On December 8, 2023, the Philips Defendants duly provided notice to the Non-Complying Plaintiffs of their intention to seek further relief from this Court pursuant to section 13 of MDL Pretrial Order No. 26(b). *See* Exhibit C, attached hereto.

By willfully neglecting this Court's orders and disregarding the Philips Defendants' deficiency notices, the Non-Complying Plaintiffs have failed to prosecute their actions, failed to cooperate in discovery, and failed to comply with the Court's order. None of the Non-Complying Plaintiffs nor their counsel have sought an extension of the deadline to cure their respective deficient PFS. Nor have they otherwise sought to be relieved from the obligation to complete and submit a PFS, applicable executed authorizations, and responsive documents. Rule 41(b) dictates that Defendants may properly move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). With certain exceptions not applicable here, a dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.* Furthermore,

Rule 37 provides that if party "fails to obey an order to provide or permit discovery," the court may issue an order "(v) dismissing the action or proceeding in whole or in part; (vi) render[] a default judgment against the disobedient party . . ." Fed. R. Civ. P. 37(b)(2).

Accordingly, the Non-Complying Plaintiffs' personal injury claims (inclusive of prior-filed complaints) should be dismissed with prejudice pursuant to Rules 37(b)(2) and 41(b).

## I. BACKGROUND AND PROCEDURAL HISTORY

MDL Pretrial Order No. 26(b), "governs the form, schedule for completion, and service of [PFS] for Plaintiffs asserting personal injury claims" and outlines the requirements of a "substantially complete" PFS. *Id.* at 1; § 7. [1]

Section 5 of MDL Pretrial Order No. 26(b), titled "**PFS Deadlines**" provides:

> A. **Cases transferred to this MDL on or before the date of the entry of this Order**: For cases transferred to this MDL on or before entry of this Order, each Plaintiff must complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 60 days after the entry of this Order.
>
> B. **Other Cases**: For all other cases, including those cases brought through the filing of short-form complaints, each Plaintiff must complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 45 days after the filing of the Plaintiff's short-form complaint.

*Id.* § 5. MDL Pretrial Order No. 26(b) was entered by the Court on October 10, 2023. *See* ECF No. 2275. This procedure and timeline were meaningfully discussed and negotiated by the Parties and have remained largely unchanged since September 26, 2022. *Cf.* Pretrial Order No. 26 § 5 (ECF No. 766); Pretrial Order No. 26(a) § 5 (ECF No. 871). The broad appreciation of the

---

[1] On September 22, 2022, the Court entered MDL Pretrial Order No. 26 which governed "the form, schedule for completion, and service of [PFS] for Plaintiffs asserting personal injury claims." *Id.* at 1, ECF No. 766. Less than two months later, on November 16, 2022, and after consideration of the Parties' Joint Motion to Modify Pretrial Order No. 26, the Court entered MDL Pretrial Order No. 26(a). On October 10, 2023, in response to the Parties' joint motion, the Court entered MDL Pretrial Order No. 26(b). These modified orders did not meaningfully change the procedures and deadlines to which Plaintiffs must adhere. To the extent that these modifications to the Court's orders changed the PFS procedures at all, they did so in ways designed to provide Plaintiffs *more* notice when they failed to follow the Order.

3

importance of this timeline was further affirmed by the many Personal Injury Plaintiffs who did timely file PFSs.

MDL Pretrial Order No. 26(b) also details the procedure for handling Personal Injury Plaintiffs who fail to file a PFS. In relevant part, MDL Pretrial Order No. 26(b) provides:

> **Failure to File Plaintiff Fact Sheet**
>
> Should an Individual Personal Injury Plaintiff fail to file a PFS within the prescribed deadline as outlined in paragraph 5 of this Order or fail to move for an extension to file a PFS, Defendants shall have the option to seek further relief from the Discovery Special Master pursuant to the process set forth at ¶¶ 22-26 of the Order Appointing and Setting Duties of Special Master for General Discovery and E-Discovery (ECF No. 540) or the Court under the Federal Rules of Civil Procedure, if appropriate.
>
> Prior to seeking any additional relief, Defendants shall notify individual Plaintiff's counsel, (or Plaintiff, if pro se), along with a designated individual specified by the Plaintiffs' Steering Committee and Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to seek relief. The individual Plaintiff shall have 21 days from the date of the notice to attempt to resolve the issue. If the issue remains unresolved after the 21st day, Defendants shall have the option to file within the individual Personal Injury Plaintiff's case number and the Master Docket Number a motion to dismiss, or, in the alternative, to show cause why the case should not be dismissed with prejudice. Upon the filing of Defendants' motion, the Plaintiff will be required to file an appropriate response to Defendants' motion within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules for the W.D. Pa.
>
> Prior to filing any motion pursuant to the Federal Rules, Defendants shall notify Plaintiff's counsel, or Plaintiff if unrepresented, along with Plaintiffs' Co-Lead Counsel, and a designated individual(s) specified by the Plaintiffs' Steering Committee in writing, of Defendants' intent to move for relief. In addition, Defendants shall notify Plaintiffs' Co-Lead Counsel and the individual specifically designated by the Plaintiffs' Steering Committee by electronic mail providing a list of each Plaintiff and the Plaintiff's individual case number, who Defendants believe has failed to comply with this Court's Order.

MDL Pretrial Order No. 26(b) § 13.

As of the date of this filing, five Non-Complying Plaintiffs have, without explanation or request for relief from the deadline, failed to file a PFS. The Philips Defendants provided each of

4

the Non-Complying Plaintiffs with the necessary notice required by Section 13 of MDL Pretrial Order No. 26(b). The filing deadline and cure period to address those filing deficiencies have passed. The Non-Complying Plaintiffs have not filed PFSs despite receiving the requisite notices from the Philips Defendants, and in disregard of this Court's Pretrial Orders. Pursuant to MDL Pretrial Order No. 26(b), the Non-Complying Plaintiffs' claims should be dismissed with prejudice.

## II. ARGUMENT

The Court of Appeals for the Third Circuit has stated that "district judges must have authority to manage their dockets, especially during a massive litigation" and "the parties' compliance with case management orders is essential in a complex litigation." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (cleaned up). This is because:

> [m]ultidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts. The district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line. Case management orders are the engine that drives disposition on the merits.

*Id.* at 247. *See also In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (explaining that "the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a plaintiff for a discovery violation").

There is no doubt that the Non-Complying Plaintiffs failed to comply with MDL Pretrial Order No. 26(b) through dereliction of their obligation to file a PFS. *See* MDL Pretrial Order No. 26(b) § 5 (requiring those plaintiffs transferred to this MDL on or before entry of the Order to "complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 60 days after the entry of [the] Order" and all other plaintiffs, including those whose cases were cases brought through the filing of short-form complaints, to "complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 45 days after the filing of

5

the Plaintiff's short-form complaint."). On November 2, 2023, the Philips Defendants provided the Non-Complying Plaintiffs notice of their failure to file a PFS in accordance with MDL Pretrial Order No. 26(b). The requisite 21-day cure period passed without the Non-Complying Plaintiffs filing their PFSs or responding to the Philips Defendants' notice. Even after receiving a subsequent notice of the Philips Defendants' intention to seek relief from this Court, the Non-Complying Plaintiffs have still not filed their PFSs. Thus, the Non-Complying Plaintiffs have failed to prosecute their actions, comply with a court order, and respond to discovery, subjecting their claims to involuntary dismissal under Rules 37(b)(2) and 41(b).

A.  **The *Poulis* Factors**

In the Third Circuit, courts considering dismissal under Rule 41(b) must weigh the factors set out in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See In re Asbestos Prods. Liab. Litig.*, 718 F.3d at 246 (requiring district courts to consider *Poulis* factors before dismissing claims with prejudice). The *Poulis* factors are:

> 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.

*Johnson v. Rite Aid*, No. 17-862, 2018 WL 4838540, at *3 (W.D. Penn. Oct. 4, 2018) (Conti, J.) (citing *Poulis*, 747 F.2d at 868). "No single factor is dispositive, and not all factors need be fulfilled in order to dismiss the complaint." *Id.* Where MDL plaintiffs have failed to file PFSs in violation of discovery orders, courts in the Third Circuit have applied the *Poulis* factors to dismiss those plaintiffs' claims under Rules 37(b)(2) and 41(b). *See*, *e.g.*, *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 20-5756, MDL No. 2848, 2022 WL 3309471 (E.D. Pa. Aug. 11, 2022). Here, all six of the *Poulis* factors favor dismissal, as set forth below.

6

1.   *The Extent of the Party's Personal Responsibility*

MDL Pretrial Order No. 26(b), which was negotiated and agreed upon by the Parties and adopted by the Court, made each Plaintiff's responsibility clear:

> "Each Plaintiff must submit a completed PFS, executed Authorizations, and documents responsive to the requests in the PFS ("Responsive Documents") through MDL Centrality pursuant to the terms of this Order. The obligation to comply with this Order and to provide a PFS shall fall solely to each Plaintiff and, where a Plaintiff has retained counsel, to the individual counsel representing that Plaintiff."

MDL Pretrial Order No. 26(b) § 2. The Court issued its order, the order's terms are straightforward, and the failure to comply is clear. The text of MDL Pretrial Order No. 26(b) spells out that it is each Plaintiff's individual responsibility to file a PFS, and not the responsibility of Plaintiffs' Lead Counsel or the responsibility of the members of the Plaintiffs' Steering Committee. *See id*. Because the responsibility for the failure to prosecute and failure to comply cannot be attributed to any party other than the Non-Complying Plaintiffs, this factor strongly supports dismissal.

2.   *Prejudice to the Adversary*

"Prejudice to the adversary is a particularly important factor in the *Poulis* analysis." *Bose v. Lane's Valley Forge Aviation, Inc.*, No. CV 16-3924, 2019 WL 5290563, at *7 (E.D. Pa. Oct. 18, 2019). "This factor requires the Court to examine the prejudice to the adversary caused by a party's failure to meet Court Orders and respond to discovery." *Id.*, at *7. MDL Pretrial Order No. 26(b) sets out the procedures for filing PFSs to enable orderly management of this MDL matter and the determination of which Plaintiffs, who had previously filed complaints, would actually pursue those claims. In the context of a case where literally thousands of individuals have indicated interest in pursuing claims, MDL Pretrial Order No. 26(b) was designed to provide the Philips Defendants the basic factual background and basis upon which each

7

Plaintiff's alleged claims are predicated. MDL Pretrial Order No. 26(b) served the purpose of requiring all parties pursuing claims to comply with the order as a mechanism to provide basic case-specific discovery necessary to evaluate each Plaintiff's individual claims and for the Philips Defendants to prepare their defenses.

The Court, the Philips Defendants, and the Personal Injury Plaintiffs who timely and properly completed PFSs are all prejudiced where, as here, certain Plaintiffs have neither dismissed their actions nor filed PFSs. The Court is prejudiced because the efficient procedures it implemented to enable the orderly management of proceedings are compromised. The Philips Defendants and the Personal Injury Plaintiffs who timely and properly completed their forms are prejudiced because the failure to either dismiss actions or timely file sufficient PFSs introduces unnecessary delay to the MDL and causes all parties to devote resources to obtaining basic discovery concerning these individual plaintiffs who have not demonstrated the most basic intention to pursue claims. The Philips Defendants are also prejudiced by the denial of the discovery efficiency offered by the PFSs, which are designed to limit the expense of tailoring countless interrogatories to individual claimants while allowing Plaintiffs' attorneys to fulfill early discovery obligations with relative ease. *See* Byron G. Stier, *Resolving the Class Action Crisis: Mass Tort Litigation as Network*, 2005 UTAH L. REV. 863, 927-28 (2005). The PFSs are designed to elicit basic information about plaintiffs' claims – for example, when and why the plaintiff used the product at issue and what injury did the plaintiff sustain as a result of using the product (information that a plaintiff truly should have compiled before even filing a claim). *See* Elizabeth J. Cabraser & Katherine Lehe, *Uncovering Discovery*, 12 Sedona Conf. J. 1, 8 n.40 (2011) ("The use of 'fact sheets' to streamline discovery by replacing formal interrogatories with supposedly less onerous, more fact-oriented formats is now a common practice in mass tort

multidistrict litigation."). The failure of the Non-Complying Plaintiffs to cooperate with this process defeats the purpose of this cost-saving and efficiency-enhancing innovation and prejudices the Philips Defendants.

Further, the Parties contemplated that only cases with complete PFSs will be eligible for bellwether purposes. Thus, the Philips Defendants may be significantly prejudiced by distortion of the overall pool of cases if there are Non-Complying Plaintiffs whose claims are not dismissed and yet those claims are not eligible for selection as bellwether cases. The presence of bellwether-ineligible cases, among other things, will distort the size of the bellwether-eligible pool and frustrate the Parties' ability to identify truly representative cases. Furthermore, the continued presence of bellwether-ineligible cases in the MDL will distort the entire process by depriving the Parties of an accurate perception of the relative quantities and values of meritorious and meritless cases, diminishing the utility of the bellwether process to facilitate potential settlement. "[T]he Court must be careful to avoid distortion of the bellwether process – whether intentional or not." *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2021 WL 3883265, at *3 (D. Md. Aug. 31, 2021) (an MDL court must "minimize the risk that parties will attempt to 'game' the bellwether trial-selection process to result in test trials of cases that are not representative of the entire case pool.").

This "particularly important" factor weighs heavily in favor of dismissal; the Non-Complying Plaintiffs' refusal to respond to discovery prejudices the Philips Defendants and their failure to follow this Court's orders prejudices all other parties and the Court itself. *Bose*, 2019 WL 5290563, at *6-7 (dismissing plaintiff's claims under Rules 16 and 37(b) and the Third Circuit's Poulis factors and holding that plaintiff's failure to comply with discovery orders and produce documents "impeded the litigation," hindered [d]efendants' ability to litigate the case,"

9

and that plaintiff's conduct "frustrate[d] and delay[ed] the resolution of the action[] and constitutes prejudice").

### 3. *A History of Dilatoriness*

Plaintiffs who previously filed an action and who wanted to continue to pursue their actions had a reasonably straightforward task—file a PFS. Plaintiffs who previously filed an action and who did not want to continue to pursue their actions had a reasonably straightforward task—do as others have and file dismissal notices. The Non-Complying Plaintiffs did neither—they simply ignored MDL Pretrial Order No. 26(b). The Non-Complying Plaintiffs have now been given notice of their failure to file PFSs on multiple occasions. Despite ample opportunities and repeated notices, the Non-Complying Plaintiffs still have not filed PFSs. This history is reflective of both dilatoriness and a disregard of MDL Pretrial Order No. 26(b). The Court made clear what was required of the Non-Complying Plaintiffs if they wanted to preserve their ability to state a personal injury claim; the Non-Complying Plaintiffs instead disregarded the Court's orders and ignored the Philips Defendants' requests to file a PFS. Thus, this factor weighs in favor of dismissal.

### 4. *Whether the Party's Conduct Was Willful or in Bad Faith*

There is nothing to indicate that any Non-Complying Plaintiff did not receive the Order or understand the deadline.[2] *Rodriguez v. City of Philadelphia*, No. CV 20-0819, 2021 WL 1175165, at *2 (E.D. Pa. Mar. 29, 2021) (finding this factor weighed in favor of dismissal where "nothing to indicate [plaintiff] has not received the Court's Orders"). Lacking excusable neglect,

---

[2] In addition to being filed on the docket for MDL 3014 (2:21-mc-01230), MDL Pretrial Order No. 26(b) was published by the Court on the public website the Court established to make information available about the MDL. *See* https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation. Additionally, Plaintiffs' Co-Lead Counsel were charged by this Court with "properly coordinat[ing] plaintiffs' pretrial activities," MDL Pretrial Order No. 8 § 2.m, filed February 15, 2022 (ECF No. 395), which would include ensuring that the Personal Injury Plaintiffs in the MDL were aware of the deadline to file a PFS.

for the reasons set out in the preceding paragraph, "the conclusion that [the Non-Complying Plaintiffs'] failure is willful is inescapable." *Id.* The absence of filing PFSs – despite receipt of the Court's orders and multiple notices – inures to the conclusion that the Non-Complying Plaintiffs willfully failed to obey MDL Pretrial Order No. 26(b) and supports dismissal.

     5.    *Alternative Sanctions*

"The authority of a court to dismiss for lack of prosecution is governed by the need for courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195 (3d Cir. 2010) (quotations omitted). All the more so in a large, multi-faceted MDL proceeding, as the Third Circuit has emphasized:

> Rule 41(b) is intended to allow judges to enforce orders pertaining to the progress of their cases. Nowhere is this more important, in terms of the degree of difficulty and the impact, than in multidistrict litigation cases, where the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation for trial.

*In re Asbestos Prods. Liab. Litig.*, 718 F.3d at 248. MDL Pretrial Order No. 26(b) set out a strict deadline for the Non-Complying Plaintiffs to file a PFS to preserve their claims, efficiently manage this MDL proceeding, and provide the Philips Defendants with basic case-specific discovery. Since the Non-Complying Plaintiffs elected not to take action to preserve their claims – failing to comply with MDL Pretrial Order No. 26(b) in blatant disregard for their discovery obligations – dismissal of such claims is the appropriate form of relief.[3]

     6.    *Meritoriousness of Plaintiffs' Case*

The Non-Complying Plaintiffs' claims lack merit as reflected in their failure to prosecute them through a complete PFS. Even beyond this failure, the Personal Injury Plaintiffs have failed

---

[3] While the Third Circuit contemplates the consideration of alternative sanctions, *Parks*, 380 F. App'x at 194, and alternatives do exist (e.g., costs), the consequences of a failure to comply with MDL Pretrial Order No. 26(b) were clear. Consideration of alternatives would serve to invite others to, similarly, flout the Court's orders and disrupt the efficient management of the MDL to the detriment and prejudice of the Court and the Philips Defendants as well as the other Plaintiffs who have respected, and complied with, the Court's orders.

to set forth sufficient allegations upon which to proceed with their claims against the Philips Defendants. *See* Respironics' Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Master Long Form Complaint for Personal Injuries and Damages pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) (ECF No. 1346).

Further, were there merit to their claims, the Non-Complying Plaintiffs cannot refuse to comply with MDL Pretrial Order No. 26(b) or to file their PFSs necessary to proceed toward the orderly resolution of the merits of Plaintiffs' claims, and "then assert the untested merits of these claims as grounds for denying a motion to dismiss." *Zomerfeld v. Lowes*, No. 22-cv-00422, 2022 WL 3588325, at *5 (M.D. Pa. Aug. 2, 2022) (recommending dismissal under the *Poulis* factors where plaintiff failed to comply with court scheduling orders and filing deadlines), *report and recommendation adopted*, No. 22-cv-00422, 2022 WL 3586452 (M.D. Pa. Aug. 22, 2022). Thus, this factor weighs in favor of dismissal as well.

### III. **CONCLUSION**

With all six *Poulis* factors supporting dismissal, and in particular, the second factor of prejudice militating for dismissal, this Court should enforce its order and dismiss the complaints of the five Non-Complying Plaintiffs for failure to prosecute, failure to comply with a court order, and failure to respond to discovery.

WHEREFORE, the Philips Defendants request that the complaints of the Non-Complying Plaintiffs be dismissed under Rules 37(b)(2) and 41(b) as adjudications on the merits, and such other and further relief as the Court deems just and proper.

Dated: January 11, 2024                                    Respectfully Submitted,

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

*/s/ Wendy West Feinstein*
Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

*/s/ Michael H. Steinberg*
Michael H. Steinberg (CA143179)
steinbergm@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
Tel: 310.712.6670

Tracy Richelle High
hight@sullcrom.com
William B. Monahan (NY4229027)
monahanw@sullcrom.com
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel: 212.558.4000

*Counsel for Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/ *John P. Lavelle, Jr.*
John P. Lavelle Jr. (PA54279)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000