IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYVANIA
*Pittsburgh Division*

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, Bi-PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates To:<br><br>*King v. Koninklijke Philips N.V., et al.*<br>Case No. 2:23-cv-02040-JFC | Master Docket No. **2:21-mc-01230-JFC**<br><br>**MDL No. 3014**<br><br>Judge **JOY FLOWERS CONTI** |

### PLAINTIFF DERRICK MARTIN KING'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY OR IN THE ALTERNATIVE REMAND CASE

I.    INTRODUCTION.

On January 18, 2024, counsel for Defendant Philips RS North America LLC. (hereinafter "Philips RS") filed its brief in opposition to Plaintiff King's motion (ECF No. 2449). Counsel for Philips RS argues the following: (1) the motion is procedurally improper; (2) there is a misunderstanding of this Court's directives; (3) Plaintiff King's alternative request to remand lacks merit; and (4) Plaintiff King's motion for sanctions is without merit.[1]

---

[1] Counsel for Philips RS also attempts to mislead this Court in their brief in opposition. Specifically, in Footnote 2, they point out that the initial complaint filed in state court sought damages in the amount of five million dollars (thus granting

1

II. PLAINTIFF KING'S REPLY TO DEFENDANT PHILIPS RS NORTH AMERICA LLC'S BRIEF IN OPPOSITION.

    A.    Plaintiff King is Entitled to Conduct Discovery as He Sees Fit.

Counsel for Philips RS argues that Pretrial Order #8 precludes the filing of this Motion (Philips RS Brief at 1). Plaintiff King takes issue with that. Pretrial Order #8 is the direct result of a stipulated agreement between lead counsel for Plaintiffs and counsel for the Defendants.

The issue of discovery access is an issue that the Fourth Circuit should resolve on an interlocutory appeal. Plaintiff King is strongly considering his legal options and the feasibility of filing an interlocutory appeal to resolve the issue for all parties concerned.

    B.    The Lack of a Response from Counsel for Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Philips RS North America Holding Company, Polymer Technologies, Inc., and Polymer Molded Products LLC Supports the Imposition of Sanctions Under Fed. R. Civ. P. 37.

While Plaintiff King takes issue with the responses of Defendant Philips RS North America LLC, at least counsel responded to Plaintiff King's e-mails. This is more than what counsel for the other Defendants have done. As Plaintiff King pointed out, he has had absolutely no communication whatsoever from Defendant Polymer Technologies Inc. or Defendant Polymer Molded Products Inc. Thus, sanctions are warranted.

It should be noted that counsel for Defendant Polymer Technologies Inc. and Defendant Polymer Molded Products LLC may have committed a violation of the Pennsylvania Rules of Professional Conduct for their failure to engage in communication with opposing counsel (and since Plaintiff King is pro se he is to be treated as if he was an opposing counsel.

    C.    Plaintiff King Takes Issue with Comments Made by Counsel for Defendant Philips RS North America.

In their response in opposition, counsel for Defendant Philips RS North America stated "Plaintiff King is apparently directing his ire against Defendants after Philips RS appropriately directed his requests for access to the PSC and PLC." ECF No. 2449 at pp. 3-4 (MDL action), ECF No. 16 at pp. 3-4 (individual action). Plaintiff King's ire does not come from the referral, but from their refusal to provide what is legally required of them. Perhaps this is an issue that should be formally explained to Defendants' counsel by the Fourth Circuit. While lead counsel and liaison counsel for the other Plaintiffs have not provided the requested material, they have been very helpful in assisting Plaintiff King in receiving all court documents that were previously filed in the MDL action.

III.    CONCLUSION.

Plaintiff King has clearly demonstrated that he is entitled to the requested discovery that he sought. In addition, this Court abused its discretion in imposing the restrictions listed in Pretrial Order #8.

For the reasons stated herein, Plaintiff King's motion to compel discovery (ECF No 2412 (MDL action) and ECF No. 12 (individual action)) should be granted.

Dated: Januay 20, 2024.                              Respectfully Submitted,

*/s/ Derrick Martin King*
**DERRICK MARTIN KING**
1445 Crestview Avenue
Akron, Ohio 44320-4049
Phone: (330) 867-3979
Email: dmking12370@hotmail.com

*Pro se Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on   the foregoing document was tendered for filing with the Clerk of the Court. Upon receipt by the Clerk, the document will immediately be scanned into the Court's electronic filing system and served upon the parties either through the CM/ECF filing system or through the MDL Centrality website.

Dated: January 20, 2024.                    */s/ Derrick Martin King*
                                                             **DERRICK MARTIN KING**
                                                             *Pro se Plaintiff*