IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

### ORDER OF COURT

AND NOW this 24th day of January, 2024, in accordance with the memorandum opinion, it is hereby ORDERED:

1. (ECF No. 2312) Plaintiffs' motion to modify and/or clarify the R&R is granted in part, in that Plaintiffs will be given leave to file an amended personal injury master complaint, limited to claims addressed in the R&R and accompanying opinion and which were not expressly dismissed with prejudice;

2. (ECF No. 2313) Plaintiffs' objections to the R&R are granted in part, in that Plaintiffs will be given leave to file an amended personal injury master complaint to address the deficiencies identified in the R&R and memorandum opinion; and

3. (ECF No. 2315) Philips' objections to the R&R are granted in part and denied in part, as follows:

    a. The motion to dismiss the negligence per se claims under Alabama and Arkansas law will be granted with prejudice, and the motion to dismiss under Maine law will be granted without prejudice;

    b. The motion to dismiss the negligent misrepresentation claim under Minnesota law will be granted with prejudice;

    c. The motion to dismiss the negligent manufacturing and strict liability – manufacturing defect claims will be granted without prejudice;

    d. The motion to dismiss the express warranty claim is denied; and

    e. The motion to dismiss the strict liability – design defect claim under Pennsylvania law is denied without prejudice to be raised by Respironics upon a fully developed record.

The special master's R&R is rejected in part, as specifically set forth in the memorandum opinion, and is adopted in all other respects, as supplemented in the opinion. Philips' motion to dismiss the Master PI complaint (ECF No. 1345) is granted in part and denied in part as follows:

1. Plaintiffs' common law claims of negligence, strict liability, express warranty, implied warranty, battery, loss of consortium, wrongful death, medical monitoring, fraud, and consumer protection under the laws of Connecticut, Indiana, Kansas, Louisiana, Mississippi, New Jersey, Ohio, Tennessee, and Washington (Counts I through XVI, and XVII through XXI) are dismissed without prejudice;

2. Plaintiffs' claims for negligent recall/negligent failure to recall for the jurisdictions of Alaska, Mississippi, Missouri, Nebraska, Ohio, Pennsylvania, and Texas (Count VI) are dismissed without prejudice;

3. Plaintiffs' negligence per se claims under the laws of Alabama, Arkansas, California, Hawaii, Louisiana, Maryland, Massachusetts, Michigan, Mississippi, Nevada, North Dakota, Pennsylvania, Texas, Vermont, Virginia, and Washington (Count XV) are dismissed with prejudice.  Plaintiffs' negligence per se claim under Maine law is dismissed without prejudice;

4. Plaintiffs' common law fraud claims (Count XIII) are dismissed without prejudice.

5. Plaintiffs' negligent misrepresentation claims under the laws of Arkansas, Idaho, Indiana, Maine, Minnesota, North Carolina, and Virginia (Count XIV) are dismissed with prejudice;

6. Plaintiffs' negligent misrepresentation claims under the laws of Alabama, Connecticut, New York, and South Dakota (Count XIV) are dismissed with prejudice;

7. Plaintiffs' consumer protection law claims (Count XVI) under the laws of Alaska, the Florida FDUTPA, Hawaii, Iowa, Maine, Nebraska, New Mexico, Ohio, Oregon, Pennsylvania, Tennessee, Texas, and Washington are dismissed without prejudice.

8. Plaintiffs' claims arising under the laws of Delaware, Georgia, Illinois, Maine, and Nebraska (Count XVI) are dismissed with prejudice;

9. Plaintiffs' unjust enrichment claims (Count XVII) are dismissed with prejudice;

10. Plaintiffs' medical monitoring claims under the laws of Montana and New Hampshire (Count XX) are dismissed;

11. Plaintiffs' implied warranty claims under Pennsylvania law (Counts XI and XII) are dismissed with prejudice;

12. Plaintiffs' implied warranty claims under the laws of Florida, Idaho, Kentucky, and Wisconsin (Counts XI and XII) are dismissed with prejudice;

13. Plaintiffs' strict liability design defect claims under the laws of Delaware, North Carolina, and Virginia (Counts II, IV, and VII) are dismissed with prejudice;

14. Plaintiffs' strict liability design defect claims under the laws of Indiana (Count II) are dismissed with prejudice; and

15. Plaintiffs' strict liability manufacturing defect claims (Count VIII) with respect to the Trilogy EVO device are dismissed with prejudice.

.

Plaintiffs may file an amended master PI complaint on or before February 12, 2024. Respironics must file its response to an amended master PI complaint on or before February 26, 2024.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge