IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions | )<br>)<br>)<br>)  Master Misc. No. 21-1230<br>)<br>)<br>)  MDL No. 3014<br>)<br>)<br>)<br>) |

# SPECIAL MASTER ORDER RE: BRIEFING SCHEDULE ON MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT FOR MEDICAL MONITORING

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

By Memorandum Opinion (ECF No. 2521) and accompanying Order (ECF No. 2522), issued on February 14, 2024, the Hon. Joy Flowers Conti declined to adopt the Special Master's Report and Recommendation (ECF No. 2273) addressing Respironics' Motion to Dismiss the Second Amended Class Action Complaint for Medical Monitoring ("Med Mon Complaint"), and instead remanded the matter to the undersigned Special Master to "issue a revised report and recommendation consistent with the guidance set forth in the accompanying memorandum opinion." Judge Conti observed:

> The Special Master addressed the disputes presented to him by the parties. The parties, however, did not provide the Special Master a clear state by state roadmap of which element or elements of the

1

> claims asserted are or are not at issue for the purpose of resolving the motion to dismiss. States have taken different approaches to medical monitoring. At the motion to dismiss stage, a thorough survey of the pertinent elements of each claim asserted in the Med Mon Master complaint and each state's law must be conducted to determine whether a stand-alone claim is plausibly stated for medical monitoring or if any other claim is plausibly stated for which medical monitoring may be obtained as a form of relief. The time invested now in precisely identifying the applicable claims and law in each state will pay dividends in guiding discovery and narrowing the disputes.

(ECF No. 2521 at 5.)

Judge Conti directed that "[t]he primary task upon remand is to conduct a survey of the relevant laws of each state with respect to each claim asserted in the Med Mon Master complaint. The Special Master should provide a roadmap for a ruling on the motion to dismiss which identifies, for each count and each state, the claims that will survive." (ECF No. 2521 at 18.) Judge Conti further explained:

> it will be important for the court and parties to know exactly which of the 15 counts (and claims stated in them) in the Med Mon Master complaint remain in the case, and which claims apply to which states. The Special Master should clarify for each relevant state: (a) whether medical monitoring is a stand-alone claim (and whether or not a manifest physical injury is required); and (b) whether any other claim provides a basis for medical monitoring relief.

(ECF No. 2521 at 20.)

Pursuant to the Special Master Order entered on February 16, 2024 (ECF No. 2523), a conference call was conducted with the parties on February 26, 2024, "to establish a schedule for the submission of briefs on the matters remanded" by

the Court's February 14, 2024 Order.  Respironics' counsel suggested that the parties submit competing Reports and Recommendations, akin to proposed findings of fact and conclusions of law.  Plaintiffs proposed traditional briefing on the matters that are at issue.  Both sides agreed that there should not be page limits on the supplemental submissions and that each side should be given forty-five days to make their initial submissions, with Respironics proceeding first.

Because submission of competing Reports and Recommendations would not be conducive to resolution of such issues as "whether injury or harm is a necessary element of [a product liability] claim, and, if so, whether economic harm is enough, and, if not, whether subcellular change would be sufficient to plead a physical injury," (ECF No. 2521 at 19), the suggestion to have the parties submit competing draft Reports and Recommendations was deemed not practicable.  The parties' joint request to not limit the length of the supplemental briefing, however, was adopted, with the understanding that the parties will limit their arguments to the matters identified in the Court's February 14 Memorandum Opinion.  In addition, while acknowledging that forty-five days for supplemental briefing is a considerable period of time, deference was accorded to the parties' suggested briefing schedule, given

their superior knowledge of competing scheduling constraints and the complexity of the issues that need to be decided.[1]

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. No later than **April 10, 2024,** Respironics shall file a brief addressing the matters relevant to adjudication of Respironics Motion to Dismiss identified in the Court's February 14, 2024 Memorandum Opinion (ECF No. 2521).

2. Plaintiffs shall file a responsive brief no later than forty-five (45) days after service of Respironics' brief.

3. Respironics may file a Reply Brief no later than fifteen (15) days after service of Plaintiffs' responsive brief.

4. The parties' briefs are not subject to any page limits, but the parties are expected to constrain their submissions to the matters presented in the Court's February 14, 2024 Memorandum Opinion.

February 26, 2024                          */s/ Thomas I. Vanaskie*
Date                                        Hon. Thomas I. Vanaskie (Ret.)
                                            Special Master

---

[1] Having deferred to the parties' suggested briefing schedule, extensions of time will not be granted absent truly extraordinary circumstances.