IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**MEMORANDUM OPINION**

I.  Introduction

Pending before the court are several motions filed by pro se plaintiff Derrick Martin King ("King"): (1) a motion to compel discovery or in the alternative to remand; (2) a motion for sanctions; and (3) a motion for judicial notice. The motions are now ripe for disposition.

II.  Factual and Procedural Background

On January 4, 2024, King filed a motion to compel discovery or in the alternative to remand the case. (ECF No. 2412). In a brief attached to the motion, King also requested sanctions be imposed on all attorneys involved except for plaintiff's co-liaison counsel. On January 18, 2024, Philips RS North America LLC ("Philips RS") filed a response to King's Motion. (ECF No. 2449). In a footnote, the response noted that defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation joined in the opposition. According to Philips RS, King's motion is flawed for four reasons. (ECF No. 2449). First, the "motion is procedurally improper [because] Pre-Trial

Order #8 ("PTO #8") grants plaintiff's co-lead counsel ("PLC"), not [King], the sole authority to authorize plaintiff's counsel to initiate case-specific motions and discovery." (ECF No. 2449 at 1). Second, the motion is based upon "a misunderstanding of the court's directives," particularly PTO #8 and #26. (ECF No. 2449 at 2). Under those orders, only "the PLC and Plaintiffs Steering Committee ("PSC")—not any individual Plaintiff or their counsel—may conduct general discovery in this MDL, and that discovery in individual matters is not permitted at this juncture." (ECF No. 2449 at 2). Third, King's request for remand "sets out no justiciable basis for remand," (ECF No. 2449 at 3) and the schedule for resolving motions to remand was already set at ECF No. 2386: defendants have until March 8, 2024 to file responses to remand motions, and plaintiffs have until April 8, 2024 to file any replies. (ECF No. 2449 at 3). Fourth, King's "motion for sanctions should be denied because he offers no legal basis for sanctions and has not attempted to meet the standard for imposing sanctions under [the] Federal Rules of Civil Procedure." (ECF No. 2449 at 3).

On January 20, 2024, King filed a reply to Philips RS' response. (ECF No. 2459). In his reply, King specified that he is seeking sanctions under Federal Rule of Civil Procedure 37. (ECF No. 2459 at 2). King also asserted that this court "abused its discretion" when issuing PTO #8. (ECF No. 2459 at 2).

At the January 25, 2024 status conference, the court ordered the PLC to respond to King's questioning of the court's discretion to enter PTO #8.

On January 30, 2024, King filed a motion for judicial notice (ECF No. 2484). King requests the court to judicially notice a Form 6-K filing with the Securities and Exchange Commission that references a consent decree that Philips RS signed with FDA, in which Philips

2

RS agreed to forego selling new CPAP and BiPAP machines until it is in compliance with the decree's requirements. (ECF No. 2484).

On February 8, 2024, the PLC responded to King's questioning of the court's discretion. (ECF No. 2495). According to the PLC, "PTO #8 is appropriate and consistent with the court's broad discretion to effectively manage the MDL[,]" "PTO #26(b) provides [King] with certain discovery in his individual personal injury case and an avenue for additional discovery[,]" and "Plaintiffs' leadership have worked with, and will continue to work with, [King] to make sure he has access to all of the information that is available for individual plaintiffs or their counsel." (ECF No. 2495).

On February 10, 2024, King filed a reply to the PLC's response (ECF No. 2499) arguing that if he is not permitted to conduct discovery in the matter, then he will be deprived of due process.

Discussion

A. King's Motion to Compel

To support his motion to compel discovery, King argues that the court abused its discretion in issuing PTO #8, which restricts case-specific motions and discovery to the PLC. (ECF No. 2459 at 3). King does not, however, cite to any case law that supports his bald assertion of an abuse of discretion. (ECF No. 2459 at 3). The PLC, on the other hand, provides ample case law supporting district courts' broad discretion when it comes to managing multidistrict litigation (ECF No. 2495); a multidistrict litigation "presents a special situation, in which the district judge must be given wide latitude with regard to case management in order to effectively achieve the goals set forth by the legislation that created the Judicial Panel on Multidistrict Litigation." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x

3

210, 214 (3d Cir. 2017) (quoting *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013)); *United States v. Graf*, 610 F.3d 1148, 1169 (9th Cir. 2010) (citing *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (*en banc*)) ("A district court has broad authority to enter pretrial case management orders to ensure that the trial proceeds efficiently.").

Of particular relevance here, the PLC's response cited a decision that contained facts similar to those asserted here. In *In re Zyprexa Products Liability Litigation* (MDL 04-1596), a pro se plaintiff sought to participate in the discovery process despite a case management order that restricted participation in discovery to the plaintiffs steering committee. *Dagliano v. Eli Lilly*, Nos. 07-CV-2199, 04-MDL-1596, 2008 WL 586372, at *1 (E.D.N.Y. Feb. 29, 2008). There, the district court reasoned that, despite the pro se plaintiff's position, the case management order did "not violate the Federal Rules of Civil Procedure; on the contrary, courts enjoy broad discretion to appoint lead counsel in MDL and other complex litigations and to restrict the activities of attorneys and/or unrepresented parties who have not been so appointed by the court." *Id.* The court also determined that the order did not penalize the plaintiff based on his pro se status because it applied equally to all plaintiffs not represented by a member of the PSC. *Id.* The position of the Eastern District of New York District Court is, unsurprisingly, consistent with the position of the Court of Appeals for the Third Circuit. *See In re Asbestos (No. VI)*, 718 F.3d at 246 (cleaned up) ("in complex cases, district courts must have wide discretion to manage 'complex issues and potential burdens on defendants and the court'—namely . . . through managing discovery").[1]

---

[1] The Court of Appeals noted:
> Multidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts. The district court needs to have broad discretion to administer the proceedings as a whole, which necessarily includes keeping the

4

In his initial brief and in a subsequent filing, King also alleges that prohibiting him from participating in discovery denies him due process. Again, King cites no case law to support his assertion; rather, King points to a Law360 article. In light of the decisions mentioned above, PTO #8 is neither an abuse of the court's discretion nor does it deprive King of his due process rights. As such, King's motion to compel will be denied.

B. King's Motion to Remand

Alternative to his motion to compel, King seeks a motion to remand. (ECF No. 2459). As Philips RS pointed out, however, the schedule for resolving motions to remand for this MDL has already been set. *See* ECF No. 2386. Based on that schedule, defendants shall file their responses to any remand motions by March 8, 2024, and plaintiffs shall file any replies by April 8, 2024. Accordingly, King's motion to remand will be taken under advisement and resolved in accordance with the schedule pertaining to motions to remand already in place.

C. King's Motion for Sanctions

Included with King's motions to compel and remand was a motion for sanctions. (ECF No. 2459). That motion, however, is fatally flawed. As discussed above, King is not entitled at this time to engage unilaterally in discovery outside the limited discovery detailed in PTO #26(b).[2] Also as discussed above, King is not entitled to file motions in this matter without the consent of the PLC.

---

parts in line. Case management orders are the engine that drives disposition on the merits.
*Id.* at 247 (quoting *In re Phenylpropanolamine (PPA)*, 460 F.3d 1217,1232 (9th Cir. 2006)).

[2] Under PTO #26, King is entitled to a defendant fact sheet ("DFS") upon submission of his own plaintiff fact sheet. (ECF No. 2275). If King believes there are deficiencies in the DFS, he may notify defendants of the same and, if not resolved, may bring the issue to the Discovery Special Master. (ECF No. 2275, ¶14).

Because King, as of this time, is not entitled to the discovery he seeks, and he is not entitled to file individual motions, King's motion for sanctions will be denied.

D.  King's Motion for Judicial Notice

Separate from the three previous motions, King also filed a motion for judicial notice. (ECF No. 2484). Per PTO # 8, absent authorization by the PLC, only the PLC may file motions. (ECF No. 395). Because the record does not reflect that the PLC authorized this motion, King's motion for judicial notice will be denied.

III.  Conclusion

In accordance with the foregoing, the court concludes as follows:

A.  King's Motion to Compel (ECF No. 2412) will be denied;

B.  King's Motion for Remand (ECF No. 2412) will be taken under advisement and will be resolved in accordance with the schedule pertaining to motions to remand already in place;

C.  King's Motion for Sanctions (ECF No. 2412) will be denied; and

D.  King's Motion for Judicial Notice (ECF No. 2484) will be denied.

An appropriate order will be entered.

BY THE COURT:

February 29, 2024

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge