**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>Second Amended Master Long Form Complaint For Personal Injuries And Damages, And Demand For Jury Trial (ECF No. 2505) | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014<br><br>(Oral Argument Requested) |

**PHILIPS RS NORTH AMERICA LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendant Philips RS North America LLC ("Respironics") respectfully moves to dismiss Plaintiffs' Second Amended Master Long Form Complaint for Personal Injuries and Damages (ECF No. 2505) (the "PISAC"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

For the reasons set out more fully in the accompanying Memorandum of Law ("Mem.") and Exhibits A-D thereto, Respironics moves to dismiss the claims that are the subject of this motion with prejudice. Not only have Plaintiffs already had ample opportunity to amend their allegations, but any dismissal should be with prejudice because Plaintiffs cannot cure the PISAC's numerous legal deficiencies through repleading. *See Tatel v. Mt. Lebanon Sch. Dist.*, No. CV 22-837, 2022 WL 15523185, at *7 (W.D. Pa. Oct. 27, 2022) (Conti, J.).

1. Dismissal of Plaintiffs' negligent recall and negligent failure to recall claims (**Counts VI(1) and VI(2)**) with prejudice under Rule 12(b)(6) because these claims are preempted by federal law. See Mem. Section I.A.

2. Dismissal of Plaintiffs' negligent recall claim (**Count VI (2)**) with prejudice under Rule 12(b)(6) because this claim also fails pursuant to the primary jurisdiction doctrine. *See* Mem. Section I.B.

3. Dismissal of Plaintiffs' negligent failure to recall claim (**Count VI (1)**) under the laws of Illinois and Oklahoma, with prejudice under Rule 12(b)(6), because those jurisdictions do not recognize such a claim as an independent cause of action. *See* Mem. Section I.C.

4. Dismissal of Plaintiffs' negligence *per se* claim (**Count XV**) under the laws of Delaware, Oregon, Rhode Island, and Wisconsin, with prejudice under Rule 12(b)(6), because those jurisdictions do not recognize such a claim as an independent cause of action. *See* Mem. Section II.

5. Dismissal of Plaintiffs' following claims, with prejudice under Rule 12(b)(6), because they are subsumed by state product liability acts:

    - Plaintiffs' breach of warranty claims (**Counts X *through* XII**) under Indiana law (Mem. Section III.A);

    - Plaintiffs' fraud claim (**Count XIII**) under the laws of Kansas, Mississippi, Ohio, and Tennessee (Mem. Section III.B); and

    - Plaintiffs' consumer protection claims (**Counts XVI (14), (22), (27)**) under the laws of Indiana, Mississippi, and New Jersey (Mem. Section III.C).

6. Dismissal of, or alternatively striking, Plaintiffs' product liability act claims (**Counts XXV, XXVI, XXVIII, XXIX**), with prejudice under Rule 12(b)(6), to the extent that Plaintiffs attempt to base those claims on theories of liability unavailable under each statute. *See* Mem. Section IV.

7. Dismissal of, or alternatively striking, Plaintiffs' product liability act claims (**Counts XXIII *through* XXXI**) with prejudice under Rule 12(b)(6) to the extent that Plaintiffs attempt to base those claims on theories of liability that correspond to common law claims that the Court determines must be dismissed. *See* Mem. Section IV.

8. Dismissal of Plaintiffs' fraud claim (**Count XIII**) under the laws of Arkansas, Florida, Georgia, Illinois, Maryland, Massachusetts, Mississippi, Nevada, Ohio, Oregon, Pennsylvania, South Dakota, and Virginia, with prejudice under Rule 12(b)(6), for failure to allege a confidential or fiduciary relationship with Respironics. *See* Mem. Section V.

9. Dismissal of Plaintiffs' following consumer protection claims, with prejudice under Rule 12(b)(6):

    - **Count XVI (31)** because the relevant statute precludes private rights of action for damages (Mem. Section IV.A);

    - **Count XVI (37)** because the relevant statute precludes personal injury claims (Mem. Section IV.B);

    - **Counts XVI (1), (4), (9), (13), (14), (16), (17), (19), (22), (23), (24), (34), (39), (40), (41), and (43)** because the relevant statutes apply only to claims involving consumer goods, which prescription medical devices are not (Mem. Section IV.C);

    - **Count XVI (42)** because omissions are not actionable under the relevant statute (Mem. Section IV.D);

    - **Counts XVI (4), (14), (18), (41) and (43)** because Plaintiffs do not allege that they met preconditions to filing suit under the relevant statutes (Mem. Section IV.E);

    - **Count XVI (22)** because Plaintiffs do not allege compliance with the statutory prerequisites to filing suit (Mem. Section IV.F); and

- **Count XVI (1)** because Plaintiffs have procedurally waived any claim under the relevant statute (Mem. Section IV.G).

10. Dismissal of Plaintiffs' following consumer protection claims, with prejudice under Rules 12(b)(1) and 12(b)(6):

    - **Counts XVI (1), (4), (11), (12), (16) (22), (23), (24), (34), and (41)** for lack of statutory standing to the extent the claims are brought by Plaintiffs who allege only to have "used," and not leased or purchased, a device (Mem. Section IV.H); and

    - **Counts XVI (7) and (13)** for lack of statutory standing to the extent the claims are brought by Plaintiffs who allege only to have "used" or "leased," and not purchased, a device (Mem. Section IV.H).

Dated:  March 11, 2024

Respectfully Submitted,

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA54279)
john.lavelle@morganlewis.com
Lisa C. Dykstra (PA67271)
lisa.dykstra@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000

Wendy West Feinstein (PA86698)
wendy.feinstein@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300

*Counsel for Defendant Philips RS North America LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2024, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
