# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | Master Docket: Misc. No. 21-1230-JFC |
| | MDL No. 3014 |
| This Document Relates To: | Hon. Joy Flowers Conti |
| Second Amended Master Long Form Complaint For Personal Injuries And Damages, And Demand For Jury Trial (ECF No. 2505) | |

## [PROPOSED] ORDER GRANTING PHILIPS RS NORTH AMERICA LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

It is hereby ORDERED that the following claims from Plaintiffs' Second Amended Master Long Form Complaint for Personal Injuries and Damages, and Demand for Jury Trial ("PISAC") (ECF No. 2505) are dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6):

1. Plaintiffs' negligent recall and negligent failure to recall claims (**Counts VI(1) and VI(2)**) with prejudice under Rule 12(b)(6) because these claims are preempted by federal law.

2. Plaintiffs' negligent recall claim (**Count VI (2)**) with prejudice under Rule 12(b)(6) because this claim also fails pursuant to the primary jurisdiction doctrine.

3. Plaintiffs' negligent failure to recall claim (**Count VI (1)**) under the laws of Illinois and Oklahoma, with prejudice under Rule 12(b)(6), because those jurisdictions do not recognize such a claim as an independent cause of action.

4. Plaintiffs' negligence *per se* claim (**Count XV**) under the laws of Delaware, Oregon, Rhode Island, and Wisconsin, with prejudice under Rule 12(b)(6), because those jurisdictions do not recognize such a claim as an independent cause of action.

5. Plaintiffs' following claims, with prejudice under Rule 12(b)(6), because they are subsumed by state product liability acts:

    a. Plaintiffs' breach of warranty claims (**Counts X *through* XII**) under Indiana law;

    b. Plaintiffs' fraud claim (**Count XIII**) under the laws of Kansas, Mississippi, Ohio, and Tennessee; and

    c. Plaintiffs' consumer protection claims (**Counts XVI (14), (22), (27)**) under the laws of Indiana, Mississippi, and New Jersey.

6. Plaintiffs' product liability act claims (**Counts XXV, XXVI, XXVIII, XXIX**), with prejudice under Rule 12(b)(6), to the extent that Plaintiffs attempt to base those claims only on theories of liability unavailable under each statute. Plaintiffs that attempt to base those claims on theories of liability that include those unavailable under each statute will have those unavailable theories struck from their claim.

7. Plaintiffs' product liability act claims (**Counts XXIII *through* XXXI**) with prejudice under Rule 12(b)(6) to the extent that Plaintiffs attempt to base those claims only on theories of liability that correspond to common law claims that the Court determines must be dismissed. Plaintiffs that attempt to base those claims on theories of liability that include common law claims that the Court determines must be dismissed will have those unavailable theories struck from their claim.

8. Plaintiffs' fraud claim (**Count XIII**) under the laws of Arkansas, Florida, Georgia, Illinois, Maryland, Massachusetts, Mississippi, Nevada, Ohio, Oregon, Pennsylvania, South Dakota, and Virginia, with prejudice under Rule 12(b)(6), for failure to allege a confidential or fiduciary relationship with Respironics.

9. Plaintiffs' following consumer protection claims, with prejudice under Rule 12(b)(6):

    a. Plaintiffs' **Count XVI (31)** because the relevant statute precludes private rights of action for damages;

    b. Plaintiffs' **Count XVI (37)** because the relevant statute precludes personal injury claims;

    c. Plaintiffs' **Counts XVI (1), (4), (9), (13), (14), (16), (17), (19), (22), (23), (24), (34), (39), (40), (41), and (43)** because the relevant statutes apply only to claims involving consumer goods, which prescription medical devices are not;

    d. Plaintiffs' **Count XVI (42)** because omissions are not actionable under the relevant statute;

    e. Plaintiffs' **Counts XVI (4), (14), (18), (41) and (43)** because Plaintiffs do not allege that they met preconditions to filing suit under the relevant statutes;

    f. Plaintiffs' **Count XVI (22)** because Plaintiffs do not allege compliance with the statutory prerequisites to filing suit; and

    g. Plaintiffs' **Count XVI (1)** because Plaintiffs have procedurally waived any claim under the relevant statute.

10. Dismissal of Plaintiffs' following consumer protection claims, with prejudice under Rules 12(b)(1) and 12(b)(6):

    a. Plaintiffs' **Counts XVI (1), (4), (11), (12), (16) (22), (23), (24), (34), and (41)** for lack of statutory standing to the extent the claims are brought by Plaintiffs who allege only to have "used," and not leased or purchased, a device; and

b. Plaintiffs' **Counts XVI (7) and (13)** for lack of statutory standing to the extent the claims are brought by Plaintiffs who allege only to have "used" or "leased," and not purchased, a device.

 

_____
Honorable Joy Flowers Conti
Senior United States District Judge

Dated: _____ \_\_\_, 2024