## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI- LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: No. 21-MC-1230-JFC |
|  | MDL No. 3014 |

**This Document Relates to the following Plaintiffs:**

| Case No. | Plaintiff Name |
|---|---|
| 2:22-cv-00032 | Sandra Gavidia |

### Special Discovery Master's Amended Report and Recommendation and Proposed Order Recommending Dismissal of Plaintiff Sandra Gavidia's Personal Injury Claims for Failure to Comply With Discovery Orders[1]

**I.**   **Background**

Pretrial Order No. 26(b) requires that each Personal Injury Plaintiff "submit a completed PFS [Plaintiff Fact Sheet], executed Authorizations, and documents responsive to the requests in the PFS. "Pretrial Order No. 26(b) § 2 (ECF No. 2275) ("Pretrial Order No. 26(b)"); *see also id.* § 7 (requiring that "[a]ny PFS . . . submission must be substantially complete" and outlining requirements for a complete PFS). Pretrial Order No. 26(b) further governs the process and timetable for completing and submitting PFSs, the mechanisms for curing deficiencies, and the processes for relief for any Personal Injury Plaintiffs who have overdue discovery. *Id.* at §§ 5 and 12. Rule 41(b) permits a defendant to move to dismiss an action "[i]f the plaintiff fails to prosecute

---

[1]   This amends the original Report and Recommendation (ECF No. 2560) by adding a recommendation with regard to the consequences to Plaintiff Gavidia in the event she refiles a Complaint against Defendants (see page 4 below).  The Parties are in agreement with this revision.

or to comply with . . . a court order. " Fed. R. Civ. P. 41(b). Rule 37 provides that failure to obey an order to provide or permit discovery may justify dismissal of the action or proceeding or default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2).

At issue is one individual Personal Injury Plaintiff identified below who has, to date, failed to cure the deficiency(ies) identified with their PFS.

| Case No. | Plaintiff Name | Law Firm Representing Plaintiff |
|---|---|---|
| 2:22-cv-00032 | Sandra Gavidia | Schneider Wallace Cottrell Konecky LLP |

In accordance with Pretrial Order No. 26(b), this Personal Injury Plaintiff ("the Deficient Plaintiff") was provided notice of the deficiencies in their PFS via MDL Centrality. The 21-day window to respond to the deficiency notice then expired. On December 8, 2024, Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants") provided the Deficient Plaintiff a second notice of their continued PFS deficiencies pursuant to Pretrial Order No. 26(b), § 12, and informed them that Philips Defendants would engage in motion practice, including possibly seeking dismissal, should they fail to cure the outstanding deficiencies by January 2, 2024.

On January 11, 2024, the Philips Defendants submitted a letter motion to the undersigned Discovery Special Master seeking an Order Recommending Dismissal of Claims of Certain Personal Injury Plaintiffs for failure to submit substantially complete Plaintiff Fact Sheets pursuant to Pretrial Order No. 26(b) and Federal Rules of Civil Procedure 37(b)(2) and 41(b). Certain individual Plaintiffs and Plaintiffs' Leadership responded by January 26, 2024, and the Philips Defendants submitted a reply on January 31, 2024. Counsel for the Deficient Plaintiff at issue did not respond to the Philips Defendants' letter motion.

On February 16, 2024, the Discovery Special Master issued a directive (sent via email to the address provided by both defense counsel and Plaintiffs' Leadership, which also was uploaded to each plaintiff's MDL Centrality profile) to certain Personal Injury Plaintiffs, including the Deficient Plaintiff, to cure all outstanding PFS deficiencies through MDL Centrality or show cause, in the form of a response addressed and submitted to the Discovery Special Master and certain defense counsel, as to why the Discovery Special Master should not recommend that their claims be dismissed. The Personal Injury Plaintiffs at issue were informed that failure to comply with the directive may result in the Discovery Special Master recommending that the Court grant Philips Defendants' letter motion requesting dismissal of their individual action(s) pursuant to Federal Rule of Civil Procedure 37(b)(2) and Federal Rule of Civil Procedure 41(b), for failure to prosecute their matters, failure to comply with a valid and express Court order and failure to respond to discovery.

To date, the Deficient Plaintiff still has outstanding PFS deficiencies, failed to respond to Philips Defendants' letter motion, and failed show cause to the Discovery Special Master why their claims should not be recommended for dismissal pursuant to the February 16, 2024 directive.

## II.  <u>Recommendation</u>

Applying the above to the Philips Defendants' request for dismissal, this Discovery Special Master recommends that the Deficient Plaintiff's claims be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 37(b)(2) and Federal Rule of Civil Procedure 41(b), for failure to prosecute their matters and to comply with a valid and express Court order.

The Philips Defendants requested that dismissal be *with* prejudice. The Special Master recommends dismissal *without* prejudice for two primary reasons. First, in similar situations involving other Personal Injury Plaintiffs' failures to timely complete a PFS, the Court dismissed

their claims without prejudice (*see* ECF nos. 2553-2557). Second, no evidentiary record has been established that would enable the Special Master to assess and weigh all the factors for determining whether dismissal should be with prejudice set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (1984).[2]

This Discovery Special Master also recommends that, if Plaintiff Gavidia chooses to refile a complaint against Defendants, that she be required to serve a substantially complete Plaintiff Fact Sheet via MDL Centrality within fourteen (14) days of filing a complaint commencing a new action, if any, or else be subject to dismissal ***with prejudice***. Immediately upon expiration of the foregoing fourteen-day Plaintiff Fact Sheet deadline, Defendants may file a motion to dismiss, or in the alternative, to show cause why the case should not be dismissed with prejudice.

Respectfully submitted by:

Dated:  March 26, 2024

Carole Katz (PA Id. No. 43911)
Special Discovery Master

Carole Katz, LLC
6448 Melissa Street
Pittsburgh, PA 15206
(412) 916-8474
carole@carolekatz.com

---

[2]     The Poulis factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the party's conduct was willful or in bad faith; (5) alternative sanctions; and (6) the meritoriousness of the plaintiff's case.

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI- LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS, LITIGATION** | )<br>)<br>)<br>)<br>)<br>) |
| **This Document Relates to the following Plaintiffs:** | )<br>) |

Master Docket No. 21-mc-1230-JFC
MDL No. 3014

| Case No. | Plaintiff Name |
|---|---|
| 2:22-cv-00032 | Sandra Gavidia |

**[PROPOSED] ORDER**

AND NOW, this \_\_\_ day of _____, 2024, it is hereby **ORDERED** that plaintiff's claims are **dismissed without prejudice** for failure to prosecute their claims and failure to comply with an express Court order after repeated opportunities to do so.

It is further **ORDERED** that, if Plaintiff Gavidia chooses to refile a complaint against Defendants, then she shall serve a substantially complete Plaintiff Fact Sheet via MDL Centrality within fourteen (14) days of filing a complaint commencing a new action, or else be subject to dismissal with prejudice. Immediately upon expiration of the foregoing fourteen-day Plaintiff Fact Sheet deadline, Defendants may file a motion to dismiss, or in the alternative, to show cause why the case should not be dismissed with prejudice.

_____
Joy Flowers Conti, Judge

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 26th of March, 2024, I electronically filed the foregoing Special Discovery Master's Amended Report and Recommendation and Proposed Order Recommending Dismissal of Plaintiff Sandra Gavidia's Personal Injury Claims for Failure to Comply with Discovery Orders, using the CM/ECF system which will send notification of such filing to all counsel of record.

_____
Carole Katz, Special Discovery Master