RICHARD I. WIDEMAN, Esq.        [SB #41185]
JONATHAN D. WIDEMAN, Esq.   [SB#274526]
485 Alisal Rd., Suite 232
Solvang, CA  93463
P: (805)245-8916 F: (805)688-9424

Attorneys for Plaintiff Robert Murray

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILLIPS RECLALED CPAP BI-LEVEL PAP, ET AL PRODUCTS LIABILITY LITIGATION | No. 21-mc-1230-JLC |
| ROBERT MURRAY, <br><br> Plaintiff <br> vs. <br><br> KONINKELIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; PHILIPS HOLDING USA, INC.; PHILLIPS DS NORTH AMERICA LLC; PHILIPS RS NORTH AMERICA LLC;  and DR. JEFFREY R. POLITO, MD,  et al <br><br> Defendants | MDL No. 3014 <br><br> **REPLY TO OPPOSITION TO MOTION TO REMAND – Request for in Person Hearing** |

Robert Murray ("Murray" herein), by and through his undersigned counsel, hereby responds to "Defendant Phillips RS North America LLC's ("Phillips" herein) "Opposition to Plaintiff Murray's Motion to Remand and Alternative Request to Sever" filed on March 8, 2024

as document # 2564.

First, Murray has made no motion to "sever." This is apparently a "boiler-plate" responsive pleading applicable to other cases seeking remand. Murray objects to having to split his claims and being required to participate in two trials, one in California (against Dr. Polito) and one in Pittsburgh (vs. Phillips).

Second, Phillips claims that Dr. Polito (a California resident and the Doctor prescribing the Respironics "CPAP" machine to Murray) is a "fraudulently named defendant and his naming does not defeat diversity." The main evidence that Phillips relies on is the fact that Murray never claimed he treated with Dr. Polito after his initial consultations and the prescription of the CPAP machine that he claimed caused his liver cancer "7 years before the recall" (Opposition, p.5, last lines).

While Phillips alleges that Murray does not plead that Dr. Polito had "was involved with the design, manufacture, labeling, marketing advertisement, distribution and/or sale of the Device" (Opposition, p. 5' citing p. 11 of the Murray's "Fact Sheet," there is nothing on that page that says what Phillips cites and Dr. Polito WAS **directly involved in the marketing, distribution and sale of the defective CPAP device to Murray.**[1] On p. 6 of his state court Complaint. ¶ 19, Murray alleges that

> "In or about 2015, Polito prescribed a "Respironics" brand CPAP "Pro" machine manufactured and distributed by Phillps to Plaintiff for control of the OSA and Plaintiff purchased such machine."

Even assuming that Murray never consulted with Dr. Polito after, there was and is a "continuing duty" in California for Dr. Polito to notify plaintiff of the recall and the potential of cancer-causing materials in the CPAP device Polito prescribed. Plaintiff alleged in his state court Complaint (¶29) that "At some point after the recall was issued by Phillips, Polito became

---

[1] Phillips attached Murray's "Compliant" as "Exhibit A" to its Opposition.

aware of it. Polito knew that he had prescribed Recalled Devices, Polito did not inform Plaintiff of the Phillips recall."

The state court Compliant (page 12 of 20 of Exhihbit 1 to the Opposition) further alleged that "Polito prescribed the device" that Murray used and "ordered Plaintiff to use the device every night" [¶ 32] and "only used the device as instructed, in the manner prescribed by Phillips and Polito" [¶34].  Plaintiff's 5th Cause of Action is for "Negligent Failure to Warn" [Exhibit A to Opposition, pages 19 – 20] including the allegation that "Polito's failure to warn plaintiff once he became aware of the subject device's recall were a continuing factor in causing harm to Plaintiff" [¶99.]

In its "Opposition" regarding a physician's "continuing duty" (pp. 8 – 12), Phillips generally misstates California law on the subject. First, Phillips asserts that Murray only cited two cases, ignoring the <u>Hunter v Phillip Morris</u> [582 F 3d 1039, 1046 (9th Cir 2009)] and <u>Grancare LLC  v Thrower</u> [889 F 3d 543, 549 (9th Cit 2018)] setting forth the rule that "if there is a Possibility that state court would find the complaint states a cause of action against any of the resident defendants, the court must find that joinder was proper"  [Ex. 1 to Reply, p. 5].

In its argument, Phillips grossly misstates the decision and holding in <u>Carlin v Superior Court</u> [13 Cal 4th 1004 at 1116, 1118 (1996)] where the California Supreme court held as follows:

> Moreover, in the case of prescription drugs, **the duty to warn runs *to the physician*, not to the patient**. (See, e.g., *Brown*, *supra*, 44 Cal.3d at pp. 1061-1062; *Stevens v. Parke, Davis & Co.* (1973) 9 Cal.3d 51, 65 [107 Cal.Rptr. 45, 507 P.2d 653, 94 A.L.R.3d 1059] ["In the case of medical prescriptions, 'if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed." [Italic in original, bold added] .13 Cal. 4th at 1116

The court there went on to say:

> "We emphasize, however, that the 'consumer expectation' aspect of a breach of warranty action is subject, in the prescription drug context, to the general rule, discussed above, **that warnings concerning the drug's properties are properly directed to the *physician* rather than the patient**. (*Brown*, *supra*, 44 Cal.3d at

pp. 1061-1062 ["[A] patient's expectations regarding the effects of [a prescription] drug are those related to him by his physician, to whom the manufacturer directs the warnings regarding the drug's properties."].) Thus, for purposes of liability for breach of warranty, ordinarily "it is the prescribing doctor who in reality stands in the shoes of 'the ordinary consumer.' " (*Carmichael v. Reitz* (1971) 17 Cal.App.3d 958, 989 [95 Cal.Rptr. 381].) [Italic in original, bold added].

On page 7 of Exhibit 2 hereto (Murray's Motion to Remand filed in this Court) the public communications from Phillips show many references to a patient consulting with his or her "physician" – here it is the physician who failed consult with the patient when notified of the recall and potential (in Murray's situation real) risk for kidney cancer.

One further issue requires a brief comment; the fact that federal laws limit generic manufacturer's duties to warm has been held under California law to NOT preclude such state law claims. See: <u>T.H. v. Novartis Pharms. Corp.</u>, 4 Cal. 5th 145, 158 (2017) specifically holding that "because federal regulations preclude generic manufacturers from unilaterally altering the warning labels on their drugs (*PLIVA*, *supra*, 564 U.S. at p. 617, 131 S.Ct. 2567), federal law preempts state tort claims against generic manufacturers for failure to provide adequate warnings. (*Id*. at p. 609, 131 S.Ct. 2567.) State tort claims against a brand-name manufacturer based on a failure to warn, however, are not preempted. (*Id*. at p. 625, 131 S.Ct. 2567.)"

The Court should order attorney fees payable by Phillips in the amount of at least $25,000 – while his initial request (p. 2, line 6 of Exhibit 2 Motion to Remand file in this Court), was for "only" $15,000, since that date Murray and his counsel have opposed continuing the deadline for such motions and have participated in one additional year of litigation in this case, reading the almost weekly "Status Conference" transcripts and dealing with the case and the various matters that have arisen in the time since Murray first moved to remand.

*Richard Wideman*
RICHARD I. WIDEMAN, Esq.
Attorneys for Plaintiff