IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATION PRODUCTS LITIGATION | ) ) ) ) Master Docket: Misc. No. 21-1230 ) ) ) MDL No. 3014 |
| This Document Relates to: *Gayla Graham et al. v. Respironics, Inc. et al.*, 2:22-cv-00224-JFC | ) ) ) ) |

* * * * *

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO JEFFERSON CIRCUIT COURT**

Come the Plaintiffs, by counsel, and for their Reply in Support of Motion to Remand Action to Jefferson Circuit Court, hereby state as follows:

**LEGAL DISCUSSION**

**I.  The Gould's entities are not fraudulently joined.**

Philips has not overcome the "heavy burden" associated with a fraudulent joinder challenge. *See Frank v. E.S.P.N.*, 708 F. Supp. 693, 694 (W.D. Pa. 1989); *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d. Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (reasoning same).

Page **1** of **9**

A wholesaler, distributor, or retailer can be held liable even as a middleman when it (1) breaches an express warranty or (2) knew or should have known at the time of distribution that the product was in a defective condition, unreasonably dangerous to the user. Ky. Rev. Stat. Ann. § 411.340 (Ky. 2024); *West v. KKI, LLC*, 300 S.W.3d 184, 192 (Ky. Ct. App. 2008). The Grahams have alleged plausible express warranty and strict liability claims against the Gould's Defendants. First, the Grahams pleaded a proper claim for breach of express warranty, and Philips ignores the fact that *Kentucky's notice-pleading standard* applies. *See* Compl. ¶¶ 27-32, June 25, 2021 (DE 1-1). "[O]n motions to remand concerning fraudulent joinder, Kentucky's pleading standard, rather than the stricter federal standard, is to be used for determining whether a colorable claim has been asserted." *Hagyard-Davidson-McGee Assocs., PLLC v. Fed. Ins. Co.*, 2021 WL 4130504, at *4 (E.D. Ky. Sept. 9, 2021). "As a practical matter, it would 'make little sense' to apply federal pleading standards because the test for fraudulent joinder is whether 'a reasonable basis exists for predicting that the plaintiff's claims against the non-diverse defendant could succeed under *state* law.'" *Id.* (quoting *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 889 F. Supp. 2d 931, 940 (E.D. Ky. 2012)). Under Kentucky law, a pleading that sets forth a claim for relief need only contain a short and plain statement showing the pleader is entitled to relief. Ky. R. Civ. P. 8.01(1). It is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim. *Cincinnati, Newport, & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962); *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005). The Grahams plainly met Kentucky's relaxed notice pleading standard for express warranty.

Second, as argued in their principal brief, the Gould's Defendants knew or – at the very least – should have known of the dangers associated with the DreamStation at the time they supplied it to Gayla Graham.[1] Therefore, there is a sound legal basis for the claims asserted against the Gould's Defendants. *See, e.g.*, *Worldwide Equip., Inc. v. Mullins*, 11 S.W.3d 50, 55 (Ky. Ct. App. 1999) (quoting *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 251 (Ky. 1995) (reasoning that the purpose of strict liability is to permit a party to reach back to the manufacturer or distributor of the defective product, and a "plaintiff need only prove one" theory of strict liability in order to recover). The Court should grant the Grahams' motion and remand this matter back to its proper forum – Kentucky state court.

## II. Because fraudulent joinder did not occur, applying the severance doctrine violates Civil Rule 82.

"[E]mploying Rule 21 to sever non-diverse parties, particularly where the case was originally and properly filed in state court, violates Rule 82." *Saviour v. Stavropoulos*, 2015 WL 6810856, at *6 (E.D. Pa. Nov. 5, 2015). "Rule 82 of the Federal Rules of Civil Procedure does not permit [a] court to fashion subject matter jurisdiction by using the federal rules governing joinder and severance." *Haliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355, 1359-60 (W.D. Okla. 2013), *aff'd sub nom. Parson v. Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014).[2] A district

---

[1] To reiterate, there are thousands of MAUDE Reports pertaining to the DreamStation, many of which predate Gayla's receipt of her device from Gould's in 2018. Without the benefit of discovery, Plaintiffs have identified numerous adverse events indicating the DreamStation was unreasonably dangerous. A reasonably prudent distributor should have never supplied this device to Gayla in 2018. This conduct is actionable under Kentucky law.

[2] *See also Echols v. Omni Med. Grp., Inc.*, 751 F. Supp. 2d 1214, 1217 (N.D. Okla. 2010) (concluding "that severance [of the claims against the nondiverse defendant using Rule 21] . . . would constitute an impermissible use of the federal rules to extend federal diversity jurisdiction under Rule 82").

court can "run afoul of Rule 82 when it uses a federal rule to sever claims in a removed case, if those claims were *properly joined under state law when the suit was originally filed.* Such a reshaping of the action by the district court creates jurisdiction where it did not previously exist." *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1322 n.6 (S.D. Miss. Feb. 5, 2003) (emphasis in original); *see also Wellborn v. Ethicon, Inc.*, 2022 WL 17600302, at *23 (N.D. Ind. Dec. 12, 2022) (quoting *Jamison*, 251 F. Supp. 2d at 1322 n.6).

"The use of Rule 21 to expand a federal court's jurisdiction . . . does not appear to be an option," given Rule 82. *Lyons v. Lutheran Hosp. of Ind.*, 2004 WL 2272203, at *6 (S.D. Ind. Sept. 15, 2004). "When a plaintiff chooses to file *valid state law claims in state court* against a set of defendants not completely diverse from the plaintiff, the federal courts *have no constitutional or statutory power* to seize control of the case." *In re: Biomet M2a Magnum Hip Implant Prod. Liability Litig.*, 2016 WL 3901366, at *7 (N.D. Ind. July 18, 2016) (emphasis added).[3]

Here, the Grahams filed suit in Kentucky state court against a set of non-diverse defendants. No fraudulent joinder exists; the Grahams' claims are perfectly valid against all Defendants. Under Rule 82, the Court cannot apply the severance doctrine. *See* sources cited *supra* this subsection. The Court should grant the Grahams' motion and remand this matter.

---

[3] *Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285, 1290 (M.D. Fla. 2002) (holding that Rule 21 should not be used to "allow a district court to 'create' jurisdiction on removal simply by dismissing nondiverse, dispensable plaintiffs against their wishes"); *Spann v. Nw. Mut. Life Ins. Co.*, 795 F. Supp. 386, 391 (M.D. Ala. 1992) (declining to sever claims against non-diverse defendant on the ground that doing so "would be appropriate only if the court has jurisdiction," which it did not); *Perry v. Norwest Fin. Ala., Inc.*, 1998 WL 964987, at *3 (S.D. Ala. Dec. 9, 1998) (refusing to sever claims against non-diverse defendants and characterizing removing defendant's argument in favor of severance as an "attempt[ ] ... to climb in the window of federal court" where jurisdiction was lacking).

### III. Even if it could, the Court should not sever the Grahams' claims and force them to litigate in two different fora.

Even if a party could be severed under Rule 21, the "authority to dismiss a dispensable nondiverse party . . . should be exercised sparingly." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). Courts must "carefully consider whether [severance] of a nondiverse party will prejudice any of the parties in the litigation." *Id.* at 838; *see also Hardaway v. Checkers Drive-In Restaurants, Inc.*, 483 Fed. App'x 854, 855 (4th Cir. 2012). Moreover, "[w]hile Rule 21 is routinely employed in cases that *began* in federal court, the federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Saviour*, 2015 WL 6810856, at *5 (emphasis in original; quoting *Kips Bay Endoscopy Ctr., PLLC v. Travelers Indem. Co.*, 2015 WL 4508739, at *4 (S.D.N.Y. July 24, 2015)).

Severance would greatly prejudice the Grahams. If the Court severed Philips, the Grahams

> would have to litigate on two fronts: in state court against [the Gould's Defendants] and in federal court against [Philips]. And the overlap between the two cases means the [Grahams] would have to duplicate their efforts. For example, the [Grahams] would have to prove in both cases that [the DreamStation CPAP device caused Gayla's injuries.].

*See Bostic v. GlaxoSmithKline, LLC*, 2015 WL 8486181, at *2 (E.D. Ky. Dec. 9, 2015); *see also Slater v. Hoffman-La Roche, Inc.*, 771 F. Supp. 2d 524, 529-30 (E.D. Pa. 2011) (reasoning same and declining to sever). Furthermore, the Grahams are "the master[s] of [their] complaint" and can choose who they want to sue. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005). "[A] plaintiff's choice of forum should rarely be disturbed." *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294 (3d. Cir. 2010); *see also Slater*, 771 F. Supp. 2d at 530 (citing *Delta Air Lines, Inc.*, 619 F.3d at 294).

In *Slater,* the court declined to sever the plaintiff's state-court claims against WKH from his claims against Roche labs arising out of injuries from an acne treatment drug, after Roche argued that WKH was fraudulently joined in order "to frustrate removal[.]". 771 F. Supp. 2d at 527. The court remanded "the entire case" back to state court, reasoning, in part:

> Although severance and remand of the claims against WKH would benefit Roche because plaintiff's claims against Roche would remain in federal court and would be transferred to the MDL, and although the discovery relevant to the claims against WKH and Roche is not completely identical, the Court concludes that the potential prejudice to defendants if WKH is not severed is outweighed by the prejudice plaintiff will suffer if there is a severance. First, the Court is mindful of the *deference to be afforded plaintiff's choice of forum*. Second, *severance will prejudice plaintiff,* who will be required to litigate in two different fora. Third, and *most importantly*, given the Court's determination that WKH, the Pennsylvania defendant, was not fraudulently joined, *Roche's removal of the case was improper*. Thus, severing and remanding only the claims against WKH would undermine 28 U.S.C. § 1441(b)'s prohibition on removal of cases involving forum defendants.

*Id.* at 528-30 (emphasis added).

Here, the Grahams chose to sue all the Defendants together in state court. All of the [D]efendants are properly joined. There is a common nucleus of fact, involving one harm allegedly caused by multiple [D]efendants. . . . There is no good reason to contravene the [P]laintiffs' decision here." *See Bostic*, 2015 WL 8486181, at *2. In addition, the Grahams would be greatly prejudiced by having to litigate their claims in two fora. *See Slater*, 771 F. Supp. 2d at 530; *see also Aramouni v. Cook Med.*, 2015 WL 5661040, at *3 (N.D. Ohio Sept. 24, 2015) ("[T]he Court concludes that defendant's preferred choice of forum does not outweigh the prejudice plaintiff will suffer by litigating this action in two different forums."). And if any party is better equipped to

litigate in two fora, *it is Philips* – a large corporation – and not the Grahams. *See Slater*, 771 F. Supp. 2d at 530. Finally, severing and remanding only the Grahams' claims against the Gould's Defendants "would undermine 28 U.S.C. § 1441(b)'s prohibition on removal of cases involving forum defendants." *See id.*; *see also Matranga v. Boyett Portable Restrooms, Inc.*, 2011 WL 7045237, at *5 (S.D. Ala. Sept. 22, 2011) (declining to sever MDL defendant in "otherwise non-removable" action). The Court should not sever the Grahams' claims.[4] Instead, the Court should grant the Grahams' motion and remand this entire matter back to state court in Kentucky.

## CONCLUSION

For the reasons argued above and in the Grahams' principal supporting memorandum, the Court should grant the Grahams' motion, remand this matter back to state court in Kentucky, and award the Grahams their costs, expenses, and attorney fees associated with the Defendants' unreasonable removal of this case.

Respectfully submitted,

*/s/ Jordan A. Stanton*
Tyler S. Thompson (KBA #81736)
Jordan A. Stanton (KBA #96292)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
jstanton@kytrial.com
*Counsel for Plaintiffs*

---

[4] "Even if severance were available as a matter of discretion, though, the court would not sever because of the potential for multiple trials with inconsistent results." *Lyons*, 2004 WL 2272203, at *6.

## **CERTIFICATE OF SERVICE**

      I hereby certify on April 8, 2024 a copy of the foregoing was filed electronically through the CM/ECF system, and that a true and correct copy was automatically served via electronic mail, upon:

David V. Kramer
DRESSMAN BENZINGER LAVELLE, PSC
207 Thomas Moore Parkway
Crestview Hills, KY 41017
Telephone: (859) 341-1881
dkramer@dbllaw.com
*Counsel for Defendants, Respironics, Inc.*
*and Philips RS North America, LLC*

Andrew D. Pellino
DRESSMAN BENZINGER LAVELLE, PSC
321 West Main Street, Suite 2100
Louisville, KY 40202
Telephone: (502) 572-2500
apellino@dbllaw.com
*Counsel for Defendants, Respironics, Inc.*
*and Philips RS North America, LLC*

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
john.lavelle@morganlewis.com
*Counsel for Defendants, Respironics, Inc.*
*and Philips RS North America, LLC*

Christina Manfredi McKinley
Mark D. Shephard
BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.
Two Gateway Center, 6th Floor
Pittsburgh, PA 15232
Telephone: (412) 394-5400
cmckinley@babstcalland.com
mshephard@babstcalland.com

*Counsel for Defendants, Gould's Discount
Medical, Inc. and Gould's Discount Medical, LLC*

                                      */s/ Jordan A. Stanton*
                                      Tyler S. Thompson (KBA #81736)
                                      Jordan A. Stanton (KBA #96292)