UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : : | Master Docket: No. 21-MC-1230-JFC  MDL No. 3014 |
| This Document Relates to:  All Personal Injury Cases | : : : : : : | |

**Special Discovery Master's Report and Recommendation
on Motion to Enter Pretrial Order #31**

**I.      Introduction**

The Philips Defendants and Plaintiffs' Co-Lead Counsel filed a Joint Motion to Enter Pretrial Order #31 ("Motion"). Proposed Pretrial Order #31 ("PTO 31") would establish procedures for the Philips Defendants to file a Master Third-Party Complaint for contribution against SoClean, Inc. ("SoClean") and DW Management Services, LLC ("DW"). SoClean and DW oppose the Motion, urging the Court to wait until (i) the Court rules on Philips RS North America, LLC's Motion to Dismiss the Second Amended Master Personal Injury Complaint ("Motion to Dismiss"), (ii) a choice-of-law analysis has been done in each case, and (iii) Philips completes adequate pre-suit investigations. *Objection of Non-Parties SoClean, Inc and DW Management Services, LLC to Proposed Pretrial Order #31 ("SoClean/DW Objection"), p. 3*. The Court asked this Special Master to file a short Report and Recommendation as to whether or not Defendants should be permitted to file a Master Third-Party Complaint for contribution at this juncture.[1]

---

[1] There is no question the mechanism of a Master Third-Party Complaint would be far more efficient than 90+ separate motions in individual cases, and SoClean and DW do not contend otherwise. *The Philips Defendants' Response to SoClean and DWHP's Objections to Enter PTO #31 ("Defendants'*

## II.     Discussion

**Timing**.  The Court has wide discretion to manage these MDL proceedings, and there is nothing in the Rules that limits that discretion in this context.  Federal Rule of Civil Procedure 14(a)(1) provides:  "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Only if the "third-party plaintiff . . . files the third-party complaint more than 14 days after serving its original answer" must it "obtain the court's leave" by motion.  *Id.*  Given that Defendants have not yet filed an answer, Rule 14 allows them to file a third-party complaint now without leave of court.

Defendants cite *In re East Palestine Train Derailment,* No. 23-cv-242, ECF No. 119 at 38 (N.D. Ohio July 25, 2023), as an example of an MDL court permitting a third-party contribution complaint while motions to dismiss were still pending.  *See Defendants' Response,* p. 11.  SoClean and DW contend courts do not routinely permit third-party complaints to be filed before the underlying pleadings have settled,[2] but do not claim the Court is *required* to wait.  *SoClean/DW Objection*, p. 9.

Permitting Defendants to file their contribution claims against SoClean and DW now – rather than waiting for some undetermined date in the future – also would be far more consistent with the Court's overall objective to keep these cases moving.  Discovery is scheduled to close on July 30, 2024, and the Court has repeatedly cautioned the parties against any further delay.  *See, e.g.* Nov. 9, 2023 CMC Tr., MDL 3014, at 10.  If Defendants were required to wait until they file answers to assert third-party contribution claims, the parties would likely then have to reopen fact discovery, including with respect to causation, to allow for SoClean's and DW's participation.  *See* 6 Charles Alan Wright & Arthur M. Miller, Fed. Prac. & Proc. Civ. § 1443

---

   *Response"),* pp. 6-7, cites a number of MDL court orders requiring the use of a master third-party complaint for the sake of efficiency.

[2]    The only support SoClean and DW cite is a non-MDL case against an insurance company for fire damage in which this court exercised its discretion to deny as premature the defendant's motion to file a third-party contribution complaint against various contractors.  *Cohen v. Ohio Cas. Grp.*, 2009 WL 10728666, at *1 (W.D. Pa. Jan. 6, 2009).

2

(3d ed. 2023) ("in exercising its discretion the court should endeavor to effectuate the purpose of Rule 14, which means that impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters"). Allowing the third-party contribution claims now would avoid disrupting the existing schedule. This presumably is why Plaintiffs' leadership supports the Motion.

**State Laws on Contribution**. SoClean and DW highlight that state laws on contribution vary, and not all states would allow contribution claims in this context – some do not allow contribution claims between alleged joint tortfeasors, some only allow such claims for some underlying causes of actions and not for others, and still others allow contributions claims only after judgment or settlement. This is not a reason to delay the filing of Defendants' contribution claims through a master complaint. The proposed PTO 31 expressly contemplates that applicable choice of law rules will be determined at a later date. Defendants assure the Court they "only intend to seek contribution where permitted under state law" and they "will voluntarily dismiss their contribution claims in those cases in which the applicable state law does not provide a right of contribution." *Defendants' Response*, p. 4.

**Procedural Fairness.** As drafted, PTO 31 would stay all deadlines – including motions to dismiss, answers or other responsive pleadings to the Master Third-Party Complaint – until after the Court rules on the Motion to Dismiss. SoClean and DW object that this stay would deprive them of any opportunity to seek to dismiss the Third-Party Complaint under Rule 12(b)2 (in the case of DW) or Rule 12(b)(6), or to file a motion to strike under Rule 14. In response, Defendants have eliminated this concern: "Defendants do not object to striking that provision and proceeding straightaway with any motion to dismiss or motions to strike that SoClean and DWHP wish to file" with respect to the master third-party complaint. *Response*, p.13; *see also id.*, p. 5.

**Merits.** Both Defendants and SoClean/DW argue the merits of the proposed contribution claims, with the former pointing to alleged evidence that ozone cleaners cause foam degradation

3

and the other claiming the opposite. Such general causation arguments are for another day, and are not relevant to the procedural issue before the Court.

SoClean and DW also rely on the absence of specific causation evidence supporting Defendants' Motion. Defendants' proposed contribution claims are targeted to the approximately 94 (out of about 800) Personal Injury Plaintiffs whose Fact Sheets identify any use of SoClean's ozone cleaning device on their Respironics device. SoClean and DW point out that the mere reference by a Plaintiff to using SoClean on their device does not satisfy Philips' duty to investigate before filing a lawsuit. According to SoClean and DW, of the 94 people who indicated some use of SoClean, one said they used it three times, another for approximately 2 months, and another for one week. Most of the Fact Sheets do not provide *any* information on the frequency or duration of use, which SoClean and DW take to mean there is not a sufficient factual basis to make inferences about extent of use without additional due diligence. *Defendants' Response* does not address this concern and, putting timing aside, it will be Defendants' obligation to satisfy their due diligence duties to the Court.

## III.     Recommendation

It is recommended that the Court enter Pretrial Order #31, but delete paragraph 2 on page 2 relating to a stay (and renumber subsequent paragraphs accordingly).

Respectfully submitted by:

Dated:  April 9, 2024

*Carole Katz*

Carole Katz (PA Id. No. 43911)
Special Discovery Master

Carole Katz, LLC
6448 Melissa Street
Pittsburgh, PA 15206
(412) 916-4874
carole@carolekatz.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th of April, 2024, I electronically filed the foregoing Special Discovery Master's Report and Recommendation on Motion to Enter Pretrial Order #31, using the CM/ECF system which will send notification of such filing to all counsel of record.

_Carole Katz_
Carole Katz, Special Discovery Master