**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | Master Docket No. 21-MC-001230-JFC |
| This Document Relates to: | MDL No. 3014 |
| All Personal Injury Cases | |

**OBJECTION OF SOCLEAN, INC AND DW MANAGEMENT SERVICES, LLC
TO SPECIAL DISCOVERY MASTER'S REPORT AND RECOMMENDATION
ON MOTION TO ENTER PRETRIAL ORDER #31**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT .................................................................................................................... 3

I.     The R&R Does Not Address the Rule 11 Deficiencies Inherent in any Master Third-Party Complaint Filed Under PTO #31. ............................................................. 3

    A.   *Philips Cannot File a Complaint in Violation of Rule 11 for the Purpose of Obtaining Discovery from SoClean and DW Management.* ................................. 3

    B.   *Any Master Third-Party Complaint Must Be Adequately Pled or Supported by Short-Form Complaints that Fill Individualized Pleading Gaps.* ..................... 6

    C.   *None of the Authority Cited by Philips Supports the Entry of an Order that Permits a Third-Party Complaint Unsupported by Individualized Allegations or Legal Bases.* ................................................................. 8

II.    The R&R Does Not Address the Purported Tolling and Suspension of Statute of Limitations Defenses in Paragraph 7 of PTO #31. ......................................... 12

III.   Any Pretrial Order Should Be Deferred Until After the Hearing on DW Management's Motion to Dismiss. ................................................................. 12

IV.   There Is No Urgent Need for Philips to File a Premature and Deficient Complaint. ...... 13

    A.   *Neither Philips, Nor the R&R Provide any Authority to Rebut the Notion that a Third-Party Complaint Would Be Premature.* ........................................... 13

    B.   *The Extension of the Discovery Deadline Moots Any Claimed Urgency.* ........... 14

CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................................6

*Cohen v. Ohio Cas. Grp.*,
  No. 07-cv-1620, 2009 WL 10728666 (W.D. Pa. Jan. 6, 2009) ...........................................13

*Conley v. Gibson*,
  355 U.S. 41 (1957)..........................................................................................................10

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) .........................................................................................................3

*CTC Imports and Exports v. Nigerian Petroleum Corp.*,
  951 F.2d 573 (3d Cir. 1991) .............................................................................................6

*Gaiardo v. Ethyl Corp.*,
  835 F.2d 479 (3d Cir. 1987) ..........................................................................................4, 5

*Gelboim v. Bank of Am. Corp.*,
  574 U.S. 405 (2015).................................................................................................6, 9, 10

*Graham v. A.T.S. Specialized*,
  No. 06-cv-243, 2007 WL 1302544 (S.D. W. Va. May 2, 2007) ...........................................13

*Grain Land Coop v. Kar Kim Farms, Inc.*,
  199 F.3d 983 (8th Cir. 1999) ...........................................................................................10

*Gross v. Stryker Corp.*,
  858 F. Supp. 2d 466 (W.D. Pa. 2012) .............................................................................4, 6

*In re E. Palestine Train Derailment*,
  No. 23-cv-242, 2024 WL 1094616 (N.D. Ohio Mar. 13, 2024).....................................10, 11

*In re Grain Land Coop Cases*,
  978 F. Supp. 1267 (D. Minn. 1997).................................................................................10

*In re Taxable Municipal Bond Securities Litigation*,
  MDL No. 863, 1993 WL 591418 (E.D. La. Dec. 29, 1993) ..................................................10

*In re Wesco Prod. Co.*,
  22 B.R. 107 (Bankr. N.D. Ill. 1982) ...................................................................................9

*In re World Trade Center Disaster Site Litigation*
    No. 21-mc-100, ECF No. 82 (S.D.N.Y. Feb. 7, 2005) .........................................................8, 9

*Johnson v. Smithkline Beecham Corp.*,
    No. 11-cv-5782, 2023 WL 8367748 (E.D. Pa. Oct. 12, 2023) (Rep't & Rec.) ......................4

*Lokuta v. Angelella*,
    No. 23-cv-1617, 2024 WL 1557381 (M.D. Pa. Apr. 10, 2024)................................................6

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*,
    No. 14-cv-4857, 2017 WL 8947185 (D. Minn. Feb. 3, 2017),
    *rep't & rec. adopted* 2017 WL 1193992 (D. Minn. Mar. 30, 2017).........................................6

*Podlucky v. United States*,
    No. 23-cv-1899, 2024 WL 553966 (W.D. Pa. Jan. 12, 2024) .................................................4

*San Gabriel Basin Water Quality Authority v. Aerojet-General Corporation*,
    No. 02-cv-4565, ECF No. 383 (C.D. Cal. July 6, 2004) .........................................................9

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    No. 19-cv-243, 2020 WL 5500238 (N.D. Tex. Sept. 11, 2020) ..............................................5

*Soo San Choi v. D'Appolonia*,
    252 F.R.D. 266 (W.D. Pa. 2008) .............................................................................................4

*Straub v. Desa Indus., Inc.*,
    88 F.R.D. 6 (M.D. Pa. 1980)..................................................................................................12

**STATUTES & RULES**

Fed. R. Civ. P. 11 ................................................................................................... passim

Fed. R. Civ. P. 53 ...........................................................................................................3

## INTRODUCTION

Philips[1] moved for entry of PTO #31 establishing certain procedures to govern potential third-party litigation against SoClean, Inc. ("SoClean") and DW Management Services, LLC ("DW Management").[2]  The motion itself consists of a single sentence and provides no legal or factual bases for the Court to enter PTO #31.  *See* ECF No. 2647.  The motion should be denied.

SoClean and DW Management objected to PTO #31 on four separate grounds.[3]  Philips did not respond to two of them.[4]  *First*, PTO #31 would suspend and toll all statutes of limitations for personal injury claims against SoClean and DW Management, curtailing their affirmative defenses.  ECF No. 2647-1, ¶ 7.  SoClean and DW Management explained why paragraph 7 of the proposed order was improper.  Philips had no answer.  *Second*, SoClean and DW Management objected to PTO #31 because it would allow Philips to avoid its obligation to investigate the factual and legal bases of its contribution claims before filing suit in violation of Fed. R. Civ. P. 11.

The Discovery Special Master issued a Report and Recommendation ("R&R") on April 9, 2024.  ECF No. 2708.  The R&R focused on the timing and efficiency of a consolidated Master Complaint, without addressing either of the objections identified above.[5]  The R&R says nothing about the tolling provision in Paragraph 7 of the proposed order.  Nor does the R&R address Philips' legal and ethical obligations under Rule 11.

---

[1] Defendants Koninklijke Philips N.V., Philips North America LLC, and Philips RS North America LLC are referred to collectively herein as "Philips."

[2] In filing this objection, DW Management reserves all its jurisdictional defenses. DW Management joins in this objection to object to further litigation in a forum lacking jurisdiction.

[3] *See* ECF No. 2675 ("Objection to PTO #31").

[4] *See* ECF No. 2703 ("Philips' Response").

[5] The Special Master recommended striking paragraph 2 of the PTO #31, effectively sustaining a separate objection that the provision would entangle SoClean and DW Management in the personal injury cases indefinitely without the procedural safeguards of Rules 12 and 14.

The Court previously admonished Philips, stating that "the third-party complaint should not be filed in any individual case where a state does not permit contribution." Mar. 14, 2024 Hrg. Tr. at 10:25–11:2. But that is exactly what Philips intends to do. In a brazen admission, Philips acknowledged it has no intention of conducting a factual investigation or a choice-of-law analysis in each individual case to determine whether a right to contribution even exists prior to filing suit. Instead, Philips argues:

> Upon the resolution of all disputes bearing on the choice of law determination for a particular bellwether plaintiff's case, **the Philips Defendants will voluntarily dismiss their contribution claims in those cases in which the applicable state law does not provide a right of contribution.** At this stage, however, such **choice of law issues** concerning the underlying personal injury complaint **will remain unresolved** until bellwethers are selected and developed factually.

ECF No. 2703 (Philips' Response) at 4 (emphases added). In other words, Philips wants to sue first and investigate later. Philips also puts the onus on the Court to figure out whether Philips has a viable contribution claim under state law: "[T]his Court must first determine which law governs each Personal Injury Plaintiff's claim before it can determine whether a right to contribution exists." *Id.* at 13. Philips has shown complete disregard for its obligations under Rule 11(b).

The R&R relied on assurances by Philips that it will voluntarily dismiss illegitimate cases in which the applicable state laws do not allow contribution claims.[6] *See* ECF No. 2708 at 3. SoClean and DW Management respectfully submit this was in error. Philips has it exactly backwards. The Federal Rules do not permit Philips to file scores of meritless lawsuits because it wishes to defer a choice-of-law analysis to "a later date." *See id.* ("The proposed PTO 31 expressly contemplates applicable choice of law rules will be determined at a later date."). The procedures set forth in PTO #31 flout the requirements of Rule 11.

---

[6] The R&R correctly notes that Philips' Response did not address "the absence of specific causation evidence supporting [Philips'] Motion." ECF No. 2708 at 4.

Just three days after the R&R issued, Philips requested a 60-day extension of the fact discovery cutoff until September 30, 2024—further undermining Philips' false sense of urgency to file a master third-party complaint.  ECF Nos. 2725; 2727.  Any concern expressed by Philips about the "the July 30, 2024 close of fact discovery quickly approaching" (ECF No. 2703 at 5)—an argument repeated in the R&R (ECF No. 2708 at 2)—has been mooted.

SoClean and DW Management respectfully request that the Court reject the proposed Pretrial Order #31 and order that a consolidated master complaint cannot be filed until (i) the pleadings are settled, (ii) a choice-of-law analysis has been done in each case, and (iii) Philips certifies that it has completed adequate pre-suit investigations.

## ARGUMENT

"Pursuant to Federal Rule of Civil Procedure 53(f)(3)-(5), the Special Master's findings of fact and conclusions of law, procedural rulings, or recommendations shall be reviewed de novo." ECF No. 540 (Order Appointing Special Master) ¶ 26.

I. **The R&R Does Not Address the Rule 11 Deficiencies Inherent in any Master Third-Party Complaint Filed Under PTO #31.**

A. *Philips Cannot File a Complaint in Violation of Rule 11 for the Purpose of Obtaining Discovery from SoClean and DW Management.*

SoClean's and DW Management's primary objection to the entry of PTO #31 was that the proposed order is "designed to allow Philips to avoid its Rule 11 obligations."  ECF No. 2675 at 3–8.  SoClean and DW Management cited Rule 11 *ten times* in their submission.  Yet, Philips provided no response.  Philips cannot simply wish the issue away.

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (cleaned up).  More colloquially, the Third Circuit has explained that Rule

11 requires lawyers to "Stop, Think, Investigate and Research before filing papers to initiate a suit." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987) (cleaned up).

Rule 11 mandates that Philips do the work before filing claims: "Generally, Rule 11 imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Gross v. Stryker Corp.*, 858 F. Supp. 2d 466, 477 (W.D. Pa. 2012) (cleaned up); *see also id.* at 504 ("Allowing Plaintiff to file first and investigate later, contradicts the reasonable inquiry requirement in Rule 11(b).") (cleaned up); *Podlucky v. United States*, No. 23-cv-1899, 2024 WL 553966, at *3 (W.D. Pa. Jan. 12, 2024) ("A plaintiff must 'stop, think, investigate and research' before initiating a lawsuit or filing a paper with the court.") (quoting *Gaiardo*, 835 F.2d at 482).  Whether Philips seeks to file a contribution claim in one case or ninety-four, it has a duty to adequately investigate the basis for the claims, and then make its pleadings based on those investigations.  *See Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2023 WL 8367748, at *7 (E.D. Pa. Oct. 12, 2023) (Rep't & Rec.) ("As a precondition to each and every one of these 52 separate cases, the law demanded an inquiry reasonable under the circumstances.  That inquiry must precede presentation to the court.") (cleaned up).

Specifically, Philips must investigate and ascertain facts sufficient to plead, at a minimum: (1) the applicable state law permits contribution claims; and (2) a SoClean device specifically caused the Plaintiff harm under the state law applicable to that Plaintiff's claim.  *See* ECF No. 2675 at 4–7; *see also Soo San Choi v. D'Appolonia*, 252 F.R.D. 266, 271 (W.D. Pa. 2008) ("Rule 11 requires that an attorney who files a complaint certify that there is a reasonable basis in fact and law for the claims.").

But Philips admits that it has no intention of complying with Rule 11 before filing suit. Philips promises that, at some later date, "the Philips Defendants will voluntarily dismiss their

4

contribution claims in those cases in which the applicable state law does not provide a right of contribution." ECF No. 2703 at 4. In the meantime, Philips suggests that "choice of law issues concerning the underlying personal injury complaint will remain unresolved until bellwethers are selected and developed factually." *Id.* That is simply not good enough. Philips wants to sue first and ask questions later.[7] To the extent the R&R accepted Philips' assurance that it would voluntarily dismiss illegitimate state law claims "at a later date" (ECF No. 2708 at 3), the R&R would permit conduct that constitutes a clear violation of Rule 11(b) and should not be adopted.

It also appears that Philips has no intention of conducting a pre-suit investigation concerning specific causation in each personal injury case. The R&R correctly notes that Philips "does not address this concern." ECF No. 2708 at 4. Nonetheless, the R&R states: "[P]utting timing aside, it will be Defendants' obligation to satisfy their due diligence duties to the Court." *Id.* But the timing is everything. The Court should not permit Philips to offer the sort of "hindsight" justification the Third Circuit warned against when explaining that Rule 11 applies "at the time the pleading [is] submitted." *Gaiardo*, 835 F.2d at 484.

On both issues, Philips' purported need to conduct discovery immediately is no justification for its flawed approach. *See* ECF No. 2703 at 5 ("SoClean and DWHP can no longer drag their feet and refuse to participate [in discovery]"). "[A] complaint that plausibly alleges the plaintiff's entitlement to relief is a prerequisite to any discovery." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 19-cv-243, 2020 WL 5500238, at *8 (N.D. Tex. Sept. 11, 2020). To allow Philips to engage in discovery before even investigating, much less pleading, the factual and legal

---

[7] Philips complains that the choice-of-law analysis is "no small task—certainly not as simple as checking whether the law of the state in which a SoClean user resides grants a right to contribution." ECF No. 2703 at 12. But such grievances about hard work do not exempt Philips from its Rule 11 obligations. It is also "no small task" for a small business like SoClean to respond to scores of meritless lawsuits.

bases of its claims is not permitted under the Federal Rules.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Gross*, 858 F. Supp. 2d at 504 (same); *see also M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*, No. 14-cv-4857, 2017 WL 8947185, at *12 (D. Minn. Feb. 3, 2017), *rep't & rec. adopted* 2017 WL 1193992 (D. Minn. Mar. 30, 2017) ("Rule 11 would have no teeth if a plaintiff were allowed to file first, and take discovery later, to support its claims.").

Although Rule 11 issues normally arise after a party has filed a deficient pleading, this issue is ripe now based on Philips' representations that it does not know, and is unwilling to determine, whether it has a sufficient factual or legal basis for the contribution claims that it plans to file right now.  *See CTC Imports and Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 578 (3d Cir. 1991) (Rule 11 "tests the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted") (cleaned up).  Philips must be required to perform the required factual and legal investigation *before* bringing any contribution claims.  Anything less would create the situation Rule 11 is designed to prevent.  *See Lokuta v. Angelella*, No. 23-cv-1617, 2024 WL 1557381, at *7 (M.D. Pa. Apr. 10, 2024) ("A reasonable lawyer should have recognized from the onset that Plaintiff's alleged injuries do not support a plausible legal claim in federal court and never wasted his clients' time and money—not to mention the money of [defendants]—by filing this lawsuit.").

### B. *Any Master Third-Party Complaint Must Be Adequately Pled or Supported by Short-Form Complaints that Fill Individualized Pleading Gaps.*

Philips cannot abuse the master complaint process to eliminate basic pleading requirements under the Federal Rules.  A "master complaint" either merges multiple sufficiently pled individual claims or summarizes those individual claims for administrative purposes.  *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015).  But the master complaint—in connection with the

individual complaints or short-form complaints—must still adequately state the factual and legal bases for each claim asserted.  This is why Philips' reliance on the Court's prior PTO #28 as precedent is disingenuous.

PTO #28 mandated the master complaint in the underlying action be accompanied by individualized "short-form complaints" to be filed by every current and future personal injury plaintiff.  ECF No. 2532 at 2.  The short-form complaints were required to include all necessary individualized allegations:

- The injured person's name;

- All legal causes of action asserted by the injured person (and particularized allegations supporting any claim of fraud);

- The state or states at issue for each Plaintiff's claim;

- The specific model of the defective product used; and

- The specific injuries allegedly caused by the defective product.

*Id.* at 3–4.  Thus, each personal injury plaintiff was required to plead her or his own factual and legal bases for a personal injury claim, notwithstanding the master complaint.

For the proposed master third-party complaint, however, Philips seeks to avoid individualized pleadings.  While Philips claims that "PTO #31 seeks to mirror PTO #28(b)," (ECF No. 2703 at 3), Philips refuses to file the same sort of short-form allegations that were required of Plaintiffs in PTO #28.  Philips concedes that its "contribution claims are tethered to each particular Personal Injury Plaintiff's claim."  *Id.* at 4.  Thus, to "mirror" PTO #28, this proposed order must, at a minimum, require Philips to identify in a short-form document for each Personal Injury Plaintiff:

- the Plaintiff's name;

7

- the underlying causes of action that allegedly give rise to contribution (e.g., fraud, negligence, etc.);

- the state law under which Philips seeks contribution for the Plaintiff's injury;

- the specific SoClean model allegedly used by the Plaintiff; and

- the manner in which the individual Plaintiff was injured by using a SoClean device.

Additionally, as to DW Management, Philips must determine when the personal injury plaintiff used a SoClean device and whether it was before DW Management had any involvement with SoClean.

PTO #28 sets out the bare minimum that needs to be included in a short-form complaint, and Philips must plead its contribution claims with at least a comparable level of specificity.

**C.**   ***None of the Authority Cited by Philips Supports the Entry of an Order that Permits a Third-Party Complaint Unsupported by Individualized Allegations or Legal Bases.***

The R&R observes that Philips "cite[d] a number of MDL court orders requiring the use of a master third-party complaint for the sake of efficiency."  ECF No. 2708 at 1 n.1.  Counsel for SoClean and DW Management requested examples of such cases multiple times over the course of several weeks, but Philips refused to provide them.  Nor did Philips cite any authority in its one-sentence moving brief, which contained no authority, argument, or analysis.  *See* ECF No. 2647. Instead, Philips belatedly identified cases for first time in what was, in effect, a reply submission in support of its motion.  The R&R appeared to accept Philips' characterization of these cases at face value.  But the cases and court orders cited by Philips do not withstand scrutiny.

Philips' primary example of an order requiring a master complaint is a 2005 unpublished, one-page order in *In re World Trade Center Disaster Site Litigation.*  ECF No. 2703 at 6.  But contrary to Philips' suggestion, that order did not eliminate the requirement for pleadings sufficient to support each claim.  Just like this Court's PTO No. 28, the master complaint in *World Trade*

8

*Center* required individualized short-form documents for each claim, adopting the relevant portions of the master complaint and supplementing them with any "require[d] additional information outside of the Master Document."  No. 21-mc-100, ECF No. 82 (S.D.N.Y. Feb. 7, 2005) at ¶¶ 2–3.

None of the other cases identified by Philips in a lengthy string cite on pages 6–7 of its Response supports the proposition that a party can file a master complaint without an individualized pleading of facts and law sufficient for each claim.[8]  At a minimum, Philips must plead case-specific allegations sufficient to support a plausible inference of specific causation, as well as the state laws underlying each claim, in some format—separate complaints, short-form complaints, or otherwise.

**San Gabriel Basin Water Quality Authority v. Aerojet-General Corporation:**  In this case, the court ordered the "filing of a single Master Third Party Complaint and Counterclaims," but that pleading served to consolidate "previously filed third-party claims."  No. 02-cv-4565, ECF No. 383 (C.D. Cal. July 6, 2004) at 13–14.  It was "deemed to be an amended Third Party Complaint with respect to each of the Third Party Complaints previously filed" and became "the operative complaint."  *Id.* at 14.  This is a classic example of the first type of "master complaint" approved by the Supreme Court—that is, "master pleadings [that] merg[e] the discrete actions for the duration of the MDL pretrial proceedings."  *Gelboim*, 574 U.S. at 413 n.3.  The master third-party complaint was not used to avoid ascertaining facts and law supporting the individual claims.

---

[8] In addition to the four orders addressed herein, Philips also cites to a pair of third-party complaints—a master third-party complaint filed in the Southern District of New York and a (non-master) third-party complaint filed in the Northern District of Ohio.  But the mere fact that a judge allowed a complaint to be filed, absent some written order or decision explaining why the complaint was filed, has no precedential value.  *See In re Wesco Prod. Co.*, 22 B.R. 107, 110 (Bankr. N.D. Ill. 1982) (a judge's "'Okay' given to the plaintiff to file its complaint has no precedential value").

*In re Grain Land Coop Cases*:  Philips did not provide the Court with a copy of the actual order permitting master pleadings in this case, only a separate order obliquely referring back to the master pleading order.  978 F. Supp. 1267, 1270 (D. Minn. 1997).  But the Eighth Circuit—which did have the master pleading order—clarified that separate, previously filed actions were "merged for convenience and efficiency only," and "each suit retained its individual nature."  *Grain Land Coop v. Kar Kim Farms, Inc.*, 199 F.3d 983, 990 n.4 (8th Cir. 1999).  Thus, the master pleadings in this action were of the second type described by the Supreme Court in *Gelboim*: a non-merging "master complaint [that] is not meant to be a pleading with legal effect but only an administrative summary of the claims brought by all the plaintiffs."  574 U.S. at 413 n.3.  Philips has not identified any authority supporting its request for an entirely novel sort of master complaint, one untethered to individualized pleadings.

*In re Taxable Municipal Bond Securities Litigation*:  This order—like each of the other three upon which Philips relies—was decided long before *Twombly* and *Iqbal* clarified the pleading standard.  In *Taxable Municipal Bond*, the court denied a motion to dismiss based on the now-outdated *Conley* standard, finding that the plaintiff "need not state with precision all elements that give rise to a legal basis for recovery; it is the purpose of discovery to fill in the details."  MDL No. 863, 1993 WL 591418, at *1 (E.D. La. Dec. 29, 1993) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The Supreme Court eliminated *Conley*'s notice pleading standard in 2007 in *Twombly*, and, two years later, reaffirmed in *Iqbal* that no claim may be presented in the mere hope that subsequent discovery will sustain it.  *Iqbal*, 556 U.S. at 684–86.

In addition to citing the four court orders addressed above, Philips' Response also relied heavily on a complaint for contribution filed in *In re East Palestine Train Derailment*, No. 23-cv-242, (N.D. Ohio).  The R&R likewise relies on the complaint filed in *East Palestine*.  ECF No. 2708 at 2.  But the plaintiff's mere filing of a complaint in the Northern District of Ohio is not

precedential or persuasive legal authority anywhere.  The court's order dismissing that contribution claim, on the other hand, is.  *See In re E. Palestine Train Derailment*, No. 23-cv-242, 2024 WL 1094616, at *19 (N.D. Ohio Mar. 13, 2024).  That order demonstrates precisely why Philips' ready-shoot-aim approach to pleading is improper.

In *East Palestine*, the third-party plaintiff brought a contribution claim and appropriately identified the legal basis for that claim—Ohio state law.  *See* Norfolk Southern Railway Co. & Norfolk Southern Corp.'s Third-Party Complaint, *In re E. Palestine Train Derailment*, No. 23-cv-242, ECF No. 119 at 38 (N.D. Ohio July 25, 2023).  The Court then dismissed the contribution claim because Ohio law does not allow contribution under the circumstances of that case.  *In re E. Palestine Train Derailment*, 2024 WL 1094616, at *19 (N.D. Ohio Mar. 13, 2024) (dismissing third-party contribution claim because "Norfolk Southern has not sufficiently pled a contribution claim . . . under Ohio law").

Under proposed PTO #31, Philips would not be required to disclose the legal bases for its contribution claims, effectively rendering them immune from the same sort of early dismissal that the *East Palestine* contribution claim faced.  As catalogued in the Objection to PTO #31, some states do not allow contribution claims at all, some only allow contribution for some torts, and some only allow contribution under certain circumstances (as was the case in *East Palestine*).  ECF No. 2675 at 6.

*East Palestine* does nothing to support Philips' unprecedented approach to this litigation; if anything, it demonstrates that a complaint must plead an adequate legal right to contribution. Having dug deep through three-decades of unpublished orders and pleadings, Philips could not find a single example of an order like the one it now seeks.  The Court should reject the invitation to be the first to enter such an order.

11

II.     **The R&R Does Not Address the Purported Tolling and Suspension of Statute of Limitations Defenses in Paragraph 7 of PTO #31.**

SoClean and DW Management also objected PTO #31 because it purports to "suspend[] and toll[]" all "time limitations with respect to any claims held by any Personal Injury Plaintiff against the Third-Party Defendants." ECF No. 2647-1 at ¶ 7. That opposition was supported with caselaw demonstrating that the "filing of a third-party complaint by the original Defendant does not toll the running of the statute on a cause of action between the Plaintiff and a third-party Defendant." ECF No. 2675 at 15 (quoting *Straub v. Desa Indus., Inc.*, 88 F.R.D. 6, 9 (M.D. Pa. 1980)). In its Response, Philips did not attempt to justify this gratuitous and punitive provision, effectively conceding that Philips has no basis to curtail the affirmative defenses of SoClean and DW Management. The R&R likewise does not address this issue, but it nevertheless recommends adoption of this paragraph. *See* ECF No. 2708 at 4. Paragraph 7 should not be adopted, independent of the other reasons why PTO #31 should be rejected.

III.    **Any Pretrial Order Should Be Deferred Until After the Hearing on DW Management's Motion to Dismiss.**

Philips has already sued DW Management in the SoClean MDL, asserting so-called "Counterclaims" on January 4, 2024. MDL 3021, ECF No. 507. DW Management immediately moved to dismiss Philips' counterclaims. MDL 3021, ECF No. 531. An evidentiary hearing on personal jurisdiction is scheduled in less than a month. MDL 3021, ECF No. 582.

Philips now asks for another bite at the apple in the form of leave to assert additional claims against DW Management. To grant that motion before the upcoming hearing would require DW Management to commence another round of jurisdictional motion practice, unnecessarily expending judicial resources. Philips had its chance to assert—and already asserted—claims against DW Management. Any further claims should wait until the Court has determined whether DW Management can be properly sued in this jurisdiction.

IV.     **There Is No Urgent Need for Philips to File a Premature and Deficient Complaint.**

   A.     *Neither Philips, Nor the R&R Provide any Authority to Rebut the Notion that a Third-Party Complaint Would Be Premature.*

The Court has broad discretion over the timing of any third-party complaint.  Here, Philips has been so preoccupied with whether or not the Court *could* permit a premature third-party complaint, Philips did not stop to think if it *should*.  There is no good reason for the Court to permit a master third-party complaint before the pleadings in the personal injury cases are settled.

The Western District of Pennsylvania has recognized that a third-party complaint is "premature" before the defendant files its answer, thus settling the pleadings in the underlying action.  *Cohen v. Ohio Cas. Grp.*, No. 07-cv-1620, 2009 WL 10728666, at *1 (W.D. Pa. Jan. 6, 2009).  Philips provided no contrary authority, merely arguing that *Cohen* is distinguishable on its facts.[9]  Philips also makes generalized references to the sequencing of pleadings in a pair of cases, but the only actual case law Philips cites for the proposition that it should be permitted to bring a premature third-party complaint is *Graham v. A.T.S. Specialized*, No. 06-cv-243, 2007 WL 1302544 (S.D. W. Va. May 2, 2007).  There, the defendant filed a motion for leave to file a third-party complaint before answering, but the actual third-party complaint was not filed until *after* the defendant answered.  *See id.* at *1 (defendant had "filed its Answer" before court granted leave to file third-party complaint).  The only reason for "the unusual procedural posture" in *Graham*, with the motion for leave to file a third-party complaint being filed before the answer, was that "the scheduling order prevented [defendant] from filing the proposed third-party complaint after its answer."  *Id.* at *1–2.  Philips faces no such procedural Catch-22 here.

---

[9] The R&R observes that *Cohen* is the "only support SoClean and DW Management cite" on this issue.  ECF No. 2708 at 2 n.2.  This is correct.  But, like Philips, the R&R identifies no authority to the contrary and merely states that the Court is not "required to wait."  *Id.* at 2.

In the absence of any case law contradicting *Cohen*, the Court should avoid deviation from the standard sequencing of pleadings and permit third-party complaints only after the underlying pleadings are settled.  The Court may exercise its discretion to manage its docket to prevent Philips from prematurely injecting myriad new complexities into this already complicated MDL.

    **B.**    ***The Extension of the Discovery Deadline Moots Any Claimed Urgency.***

Philips filed its motion to enter PTO #31 on March 15, 2024, roughly 16 weeks before the prior discovery cutoff of July 30.  Philips then used the July 30 discovery cutoff date to argue that it should be permitted to file a master third-party complaint before filing its own answer, representing to the Court that this was "consistent with the Court's repeated instruction that further delays must be avoided."  ECF No. 2703 at 5.  On that same premise of avoiding "any further delay" and keeping the July 30 discovery cutoff in place, the R&R recommended adopting the pretrial order.  ECF No. 2708 at 2.  Within days of receiving the R&R, however, Philips filed a motion to continue the fact discovery cutoff for 60 days, extending the deadline to September 30, 2024.  ECF No. 2725.  That extension has since been granted.  ECF No. 2727.  With the fact discovery cutoff over five months away, there is no urgency to act before the pleadings are settled in the personal injury cases.

<u>**CONCLUSION**</u>

For the foregoing reasons, SoClean and DW Management respectfully request that the Court sustain these objections to the R&R and deny the Joint Motion to Enter Pretrial Order #31.

Dated: April 18, 2024                              Respectfully submitted,

                                                   */s/ Colin Cabral*
                                                   _____

                                                   Colin G. Cabral
                                                   Michael R. Hackett
                                                   James R. Anderson
                                                   Adam L. Deming
                                                   Genesis G. Sanchez Tavarez
                                                   Proskauer Rose LLP
                                                   One International Place
                                                   Boston, MA 02110
                                                   p: 617-526-9600
                                                   f: 617-526-9899
                                                   ccabral@proskauer.com
                                                   mhackett@proskauer.com
                                                   jaanderson@proskauer.com
                                                   ademing@proskauer.com
                                                   gsancheztavarez@proskauer.com

                                                   Jeff H. Warshafsky
                                                   Nicole Swanson
                                                   PROSKAUER ROSE LLP
                                                   Eleven Times Square
                                                   New York, NY 10036
                                                   p: 212-969-3000
                                                   f: 212-969-2900
                                                   jwarshafsky@proskauer.com
                                                   nswanson@proskauer.com

                                                   *Attorneys for SoClean, Inc. and*
                                                   *DW Management Services, LLC*