**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Personal Injury Cases* | Master Docket: No. 21-MC-001230-JFC<br><br>MDL No. 3014 |

**THE PHILIPS DEFENDANTS' RESPONSE TO SOCLEAN AND DWHP'S OBJECTIONS TO THE SPECIAL DISCOVERY MASTER'S REPORT AND RECOMMENDATION ON THE MOTION TO ENTER PRETRIAL ORDER #31**

# TABLE OF CONTENTS

*Page*

**PRELIMINARY STATEMENT** ...................................................................................................1

**ARGUMENT** ................................................................................................................................3

I.     PTO #31 IS FULLY AUTHORIZED BY THE FEDERAL RULES AND WOULD PROVIDE AN EFFICIENT METHOD TO ADDRESS THE THIRD PARTY CLAIMS AGAINST SOCLEAN AND DWHP. ..................................................3

        A.     SoClean and DWHP Still Fail to Identify Any Rule Requiring the Philips Defendants to Wait to File. ......................................................................3

        B.     Master Third-Party Complaints May be Filed Before Individual Complaints. .............................................................................................................4

II.    PRACTICAL CONSIDERATIONS WARRANT ENTERING PTO #31 NOW. ..............6

III.   THE PHILIPS DEFENDANTS PLAINLY SATISFY RULE 11. .....................................8

        A.     The Philips Defendants' Factual Investigation Supports that SoClean and DWHP Are Liable for Contribution. .........................................................9

        B.     Pending Choice of Law Questions at the Time of Filing Do Not Violate Rule 11. ..................................................................................................11

**CONCLUSION** ..........................................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
    718 F.3d 236 (3d Cir. 2013) ............................................................................................. 7

*Cohen* v. *Ohio Cas. Grp.*,
    2009 WL 10728666 (W.D. Pa. Jan. 6, 2009) .............................................................. 3, 4

*In re Customs & Tax Admin. of Kingdom of Denmark (SKAT) Tax Refund Litig.*,
    No. 18-md-2865 (S.D.N.Y.), ECF No. 527 ................................................................... 5

*In re Customs & Tax Admin. of Kingdom of Denmark (SKAT) Tax Refund Litig.*,
    No. 18-md-2865, 2021 WL 4993536 (S.D.N.Y. Oct. 26, 2021) ................................... 6

*In re East Palestine Train Derailment*,
    No. 23-cv-242, ECF No. 119 (N.D. Ohio July 25, 2023) ............................................. 4

*EQT Prod.* v. *Terra Servs.*,
    179 F.Supp.3d 486 (W.D. Pa. 2016) ............................................................................ 11

*Gaiardo* v. *Ethyl*,
    835 F.2d 479 (3d Cir. 1987) .......................................................................................... 9

*Graham* v. *A.T.S. Specialized, Inc.*,
    2007 WL 1302544 (S.D.W. Va. May 2, 2007) ............................................................. 4

*Keister* v. *PPL*,
    318 F.R.D. 247 (M.D. Pa. 2015) ................................................................................... 9

*Levitt* v. *Bear, Stearns & Co.*,
    2008 WL 11456229 (E.D.N.Y. Nov. 18, 2008) ............................................................ 8

*Lieb* v. *Topstone Indus.*,
    788 F.2d 151 (3d Cir. 1986) .......................................................................................... 9

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
    No. 00-cv-1898 (S.D.N.Y.), ECF Nos. 2742, 2743, 2747, 3266, 3427, 3874,
    3877 ................................................................................................................................ 5

*Monarch Life Ins.* v. *Donahue*,
    702 F. Supp. 1195 (E.D. Pa. 1989) ................................................................................ 8

*In re Nat'l Prescription Opiate Litig.*,
    No. 17-md-2804 (N.D. Ohio), ECF No. 527 ................................................................. 5

*In re Nat'l Prescription Opiate Litig.*,
   No. 17-md-2804, 2018 WL 7365088 (N.D. Ohio Dec. 17, 2018) ............................................6

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*,
   No. 10-md-2179 (E.D. La.), ECF Nos. 879, 2074 ..................................................................5

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
   460 F.3d 1217 (9th Cir. 2006) ................................................................................................7

*Rodin Props.-Shore Mall* v. *Cushman & Wakefield of Pa.*,
   49 F. Supp. 2d 728 (D.N.J. 1999) .........................................................................................12

*Soo San Choi* v. *D'Appolonia*,
   252 F.R.D. 266 (W.D. Pa. 2008) ...........................................................................................11

*In re Syngenta AG MIR 162 Corn Litig.*,
   No. 14-md-2591 (D. Kan.), ECF No. 1225 .............................................................................5

*In re Syngenta AG MIR 162 Corn Litig.*,
   No. 14-md-2591, 2016 WL 1312519 (D. Kan. Apr. 4, 2016) ..................................................6

*In re WellNx Mktg. & Sales Pracs. Litig.*,
   No. 07-md-1861 (D. Mass), ECF No. 98 ................................................................................5

*Werner Enters.* v. *Trs. of Univ. of Pittsburgh*,
   2006 WL 2583458 (W.D. Pa. Sept. 6, 2006) (Conti, J.) ........................................................12

**Statutes & Rules**

Fed. R. Civ. P. 1 ...............................................................................................................................7

Fed. R. Civ. P. 11 ..................................................................................................................*passim*

Fed. R. Civ. P. 14 .................................................................................................................3, 4, 8

**Other Authorities**

6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1443 (3d ed. 2023) ..........................................................................................................................3, 7, 11

FDA, *FDA Reminds Patients that Devices Claiming to Clean, Disinfect or Sanitize CPAP Machines Using Ozone Gas or UV Light Have Not Been FDA Authorized* (Feb. 27, 2020), https://www.fda.gov/news-events/press-announcements/fda-reminds-patients-devices-claiming-clean-disinfect-or-sanitize-cpap-machines-using-ozone-gas-or ..............................................................10

Manual for Complex Litigation (Fourth) (2004) ........................................................................1, 7

**PRELIMINARY STATEMENT**

To this day, SoClean, Inc. ("SoClean") and DWHP Management Services, LLC ("DWHP") have pointed to *no* authority that prevents this Court from entering the proposed pretrial order 31 ("PTO #31"), precisely because there is none. The Special Master correctly recognized that PTO #31 is consistent with both this Court's legal authority and "with the Court's overall objective to keep these cases moving." (ECF No. 2708 ("R&R") at 2.) The Special Master's Report and Recommendation recognizes the goal of efficiency in the conduct of a multidistrict litigation (*id.* at 1 n.1, 2-3), which is hardly novel as the "effectiveness of [judicial management] depends on the design and implementation of flexible and creative plans that take into account the specific needs of particular litigation." Manual for Complex Litigation (Fourth) § 12 (2004). PTO #31 is a simple and efficient procedural tool that will streamline these proceedings and takes into account the specific needs of this complex litigation, which here involves two separate but related multidistrict litigation ("MDL") dockets. (ECF No. 2703 ("Philips Resp.") at 2-3.)

Of course, the Philips Defendants could file 94 individual third-party complaints against SoClean and DWHP, increasing the workload of this Court and the Special Masters assisting the Court. But doing so would flip the purpose of this MDL on its head, and both this MDL and the SoClean MDL were created to avoid the delay and inefficiency that would come with pleading every one of the cases pending before this Court individually. This Court insisted upon consolidated complaints for the economic loss claims and the medical monitoring claims, citing reasons of efficiency, and endorsed the Master Personal Injury Complaint to allow Plaintiffs' personal injury claims to be addressed efficiently. (*See* Dec. 15, 2021 CMC Tr., MDL 3014 at 24:17-18 ("THE COURT: We can get to some consolidated complaints for the various categories, that would be helpful."); ECF No. 573 at 1 (Pre-Trial Order #14 ("setting forth an orderly and

efficient process for filing consolidated amended class and master complaints, answers, motions to dismiss, and briefing related thereto.").) Whether they approve or not, SoClean and DWHP will be parties to the personal injury cases pursued by SoClean users in this litigation. The only question is whether they will be joined now, allowing this case to move forward smoothly and expeditiously, or whether they will succeed in delaying this case further, disrupting the case schedule as a result of their inevitable duty to participate in discovery. The law not only permits but encourages this Court to allow the Philips Defendants to join SoClean and DWHP now to avoid further delays and inefficiencies.

To be clear, SoClean and DWHP have but one goal: avoiding the consequences of their conduct by creating further delay and imposing ever increasing costs on the Philips Defendants to enforce their rights. Since January 2024, when the Philips Defendants first raised the entry of a master third-party complaint with SoClean and DWHP, SoClean and DWHP have thrown up every imaginable roadblock, each of which has been rejected.[1]

The latest effort at delay and obstruction is the pure speculation by SoClean and DWHP that the forthcoming master third-party complaint will somehow violate Rule 11 of the Federal Rules of Civil Procedure. There is no basis for this assertion, and it is wildly premature, especially considering that SoClean and DWHP have never seen the master third party complaint. SoClean and DWHP's aversion to an efficient method for the Philips Defendants to assert claims against them is not a basis for making their inevitable participation as inefficient as possible.

---

[1] In keeping with their efforts to raise *anything*, SoClean and DWHP even suggest vaguely that some procedural failing bars entry of PTO #31 because the motion was a "single sentence and provide[d] no legal or factual bases for the Court to enter PTO #31." (ECF No. 2728 ("Obj.") at 1.) It is unclear what critical point was missing from the motion or the accompanying papers that bars entry of PTO #31, and SoClean and DWHP did not raise this supposed deficiency with the Special Master.

# ARGUMENT

**I.     PTO #31 Is Fully Authorized by the Federal Rules and Would Provide an Efficient Method to Address the Third Party Claims against SoClean and DWHP.**

After three months of hunting, SoClean and DWHP still cannot identify any authority indicating that this Court does not have the power to permit the Philips Defendants to file a master third-party complaint at this time. This is because no such rule exists. To the contrary, the Federal Rules encourage the early impleader of third parties and the use of consolidated proceedings to streamline complex proceedings.

**A.     SoClean and DWHP Still Fail to Identify Any Rule Requiring the Philips Defendants to Wait to File.**

The Philips Defendants' prior brief (*see* Philips Resp. at 9-11) explained that Rule 14 of the Federal Rules of Civil Procedure "encourages defendant[s] to implead the third party as soon as possible." 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1443 (3d ed. 2023). Rule 14 has *no* language requiring a defendant to wait to file a third-party complaint until it has answered or underlying motions to dismiss have been resolved. Instead, Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Only if the "third-party plaintiff . . . files the third-party complaint more than 14 days after serving its original answer" must a third-party plaintiff "obtain the court's leave" by motion. *Id.* Whether a third-party complaint is filed before the answer, or within the 14-day window that Rule 14(a) provides, makes no difference.

The only case SoClean and DWHP cite, *Cohen* v. *Ohio Casualty Group*, does not stand for the legal proposition that SoClean and DWHP assert. *See generally Cohen*, 2009 WL 10728666 (W.D. Pa. Jan. 6, 2009). As the Special Master observed, "[g]iven that [the Philips]

-3-

Defendants have not yet filed an answer, Rule 14 allows them to file a third-party complaint now *without leave of court*." (R&R at 2.) That is precisely what the court in *Cohen* observed.[2]

Contrary to SoClean and DWHP's claims, the Philips Defendants provided ample support that a court (especially in an MDL) has the authority to allow a defendant to file a third-party complaint before its answer. (*See* Philips Resp. at 6-11.) Even with the benefit of the Special Master's Report and Recommendation, SoClean and DWHP ignore that *In re East Palestine* serves as a prime example of defendants filing their third-party complaint before their answer. *Compare In re East Palestine Train Derailment*, No. 23-cv-242, ECF No. 119 (N.D. Ohio July 25, 2023) *with* ECF No. 112 (third-party complaint filed while motions to dismiss pending); R&R at 2 (citing *In re East Palestine*). Moreover, in *Graham* v. *A.T.S. Specialized*, the court clearly stated that nothing prevents the filing of a third-party complaint *before* an answer:

> The Court, however, does not read the rule's language to require that an answer must be filed in order for a defendant to bring a motion requesting permission to file a third-party complaint once its pending motion to dismiss is ruled upon. The only effect the filing of an answer has on the third-party complaint is whether or not leave is necessary.

*Graham*, 2007 WL 1302544, at *2 (S.D.W. Va. May 2, 2007).[3] SoClean and DWHP offer no authority to the contrary.

### B. Master Third-Party Complaints May be Filed Before Individual Complaints.

The Special Master rejected SoClean and DWHP's argument that the Court lacks the power to permit the Philips Defendants to use a master pleading instead of filing 94 individual

---

[2] In *Cohen*, the court noted that, because the defendant had not yet filed its answer, it was "not yet required to seek leave to file a third party complaint" and thus denied the defendant's motion for leave as premature. *Cohen*, 2009 WL 1072866 at *1. The court did not determine that filing a third-party complaint before an answer is premature, as SoClean and DWHP suggest. (Obj. at 13.)

[3] The scheduling order that SoClean and DWHP reference was irrelevant to the court's general observation. *Compare Graham*, 2007 WL 1302544, at *2 *with* Opp. at 13.

-4-

complaints first. (R&R at 2.) Instead of rebutting the point, SoClean and DWHP nitpick at the cases cited by the Philips Defendants. (*See* Obj. at 8-11.) But those criticisms relate to whether the parties in those cases filed individual complaints before filing master pleadings, disregarding that the Philips Defendants cited these cases in response to SoClean and DWHP's original argument that third-party complaints cannot be filed until after the defendant answers and underlying motions to dismiss are resolved. (*See* Philips Resp. at 6-8.) And SoClean and DWHP ignore completely *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, No. 00-cv-1898 (S.D.N.Y.), cited in the Philips Defendants' prior brief, in which numerous defendant groups relied on master pleadings to bring claims against third parties—who, in many instances, were not even specifically identified but rather referred to as "John and Jane Does Nos. 1-500." *See, e.g.*, *id.*, ECF Nos. 2742, 2743, 2747, 3266, 3427, 3874, 3877.

In any event, master third-party complaints have frequently been filed without first filing individual complaints in each action to which they apply, and courts have not dismissed them on that basis.[4] This is unsurprising because, as explained below, courts have broad latitude to use consolidated pleadings to manage complex cases like these.

---

[4] *See, e.g.*, Third Party Complaint & Jury Demand, *In re Customs & Tax Admin. of Kingdom of Denmark (SKAT) Tax Refund Litig.*, 18-md-2865 (S.D.N.Y.), ECF No. 527 (third-party complaints filed in seven cases via one pleading); Third-Party Complaint, *In re Nat'l Prescription Opiate Litig.*, 17-md-2804 (N.D. Ohio), ECF No. 837 (third-party complaint filed in "[a]ll cases"); Syngenta's Third-Party Complaint, *In re Syngenta AG MIR 162 Corn Litig.*, 14-md-2591 (D. Kan.), ECF No. 1225 (third-party complaint filed in "all cases conforming to the producer plaintiffs' amended class action master complaint"); BP Parties' Counter-Complaint, Cross-Complaint & Third Party Complaint Against Transocean & Claim in Limitation, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 10-md-2179 (E.D. La.) (filing complaint relating to "All Cases" without first filing complaints in individual cases); Master Complaint, Cross-Claim, & Third-Party Complaint for Private Economic Losses in Accordance With PTO No. 11 [CMO No. 1] Section III(B1) ["B1 Bundle"], *In re Oil Spill*, No. 10-md-2179 (E.D. La.), ECF No. 879 (third-party complaint in "All Cases in Pleading Bundle B1"); Amended Third Party Complaint, *In re WellNx Mktg. & Sales Pracs. Litig.*, No. 07-md-1861 (D. Mass.), ECF No. 98 (third-party claims asserted in multiple MDL cases in a single pleading).

## II.     Practical Considerations Warrant Entering PTO #31 Now.

Pushing their agenda of delay and inefficiency, SoClean and DWHP argue that the forthcoming master third-party complaint would be "premature" until the Court resolves the issues of alter ego personal jurisdiction over DWHP and the pending motions to dismiss the Second Amended Master Personal Injury Complaint.  (Obj. at 12-13.)  Even then, according to SoClean and DWHP, the Philips Defendants should not be permitted to file the master third-party complaint until the Philips Defendants file their answers.  (*Id.* at 12-13.)  These arguments are untenable, impractical, and not required under the law.  Whether or not it is "'no small task' for a small business like SoClean to respond" (*id.* at 5 n.7)—a task that would be considerably larger if SoClean and DWHP were forced to respond to 94 individual complaints instead of a single, master third-party complaint—that is no justification for disrupting the Court's well-ordered discovery process.  The discovery in this case to-date, along with the Philips Defendants' independent testing, yielded the evidence that is now the basis for the Philips Defendants' contribution claims—evidence that SoClean's devices cause foam to degrade and emit various chemical compounds, and that SoClean knew it all along.  PTO #31 is the most efficient way to ensure SoClean contributes in accordance with its responsibility for the damage and harm its devices have caused.  SoClean and DWHP's efforts at further delay and massive inefficiency should be rejected.

*First*, SoClean and DWHP argue that PTO #31 should be deferred until the Court determines whether it has personal jurisdiction over DWHP.  (*Id.* at 12.)  This argument ignores

---

No subsequent decision dismissing such complaints cited the single-pleading nature of the third-party complaints as a basis for dismissal.  *See, e.g.*, *Customs*, 2021 WL 4993536, at *1 (S.D.N.Y. Oct. 26, 2021) (dismissal for lack of personal jurisdiction); *Nat'l Prescription Opiate*, 2018 WL 7365088, at *1 (N.D. Ohio Dec. 17, 2018) (lack of subject-matter jurisdiction); *Syngenta*, 2016 WL 1312519, at *1 (D. Kan. Apr. 4, 2016) (lack of personal jurisdiction and preemption).

the reality that there is an approaching discovery deadline in this case, and that waiting for resolution of the personal jurisdiction issue will make it virtually impossible to meet that deadline.[5]

*Second*, although the fact discovery cutoff date was extended to September 30, it is still necessary to involve SoClean and DWHP in this litigation *now*. If SoClean and DWHP do not join this case now, it significantly increases the likelihood that there will be even more delay further down the road, which this Court has consistently urged against. (*See, e.g.*, Nov. 9, 2023 CMC Tr., MDL 3014, at 10.) Rule 1 of the Federal Rules of Civil Procedure provides that the rules should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. 1; *see also* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1443 (3d ed. 2023); R&R at 2-3.

This Court has "broad discretion to administer the proceeding as a whole." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) ("[D]istrict judges must have authority to manage their dockets, especially during [a] massive litigation.") (quotations omitted) (alteration in original). In exercising that discretion, "judges are encouraged to be innovative and creative to meet the needs of their cases." Manual for Complex Litigation (Fourth),

---

[5] As the Philips Defendants brought to this Court's attention at the April 11 hearing, and will discuss further at the April 25 case management conference, the Philips Defendants are "not at all confident that [the] date [for the May 13 evidentiary hearing] will be able to stick" given that DWHP, until last night, had produced only 13 pages of documents thus far (they produced 190 pages last night) and the parties have therefore not taken a single deposition of SoClean or DWHP personnel. (Apr. 11, 2024 Oral Arg Tr., MDL 3021 at 88:16-24.) In fact, SoClean and DWHP acknowledged that the hearing date may have to be moved. (*Id.* at 89:2-7.) SoClean and DWHP's argument that PTO #31 should be tethered to the resolution of those personal jurisdiction issues does violence to the principle that defendants should "implead the third party as soon as possible." 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1443 (3d ed. 2023); *see also* R&R at 2-3.

Introduction (2004). The needs of this case require that SoClean and DWHP join *now*.[6] And Rule 14 is "liberally construed to accomplish its intended aim of accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Monarch Life Ins.* v. *Donahue*, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989) (internal citations and quotations omitted); *see also Levitt* v. *Bear, Stearns & Co.*, 2008 WL 11456229, at *2 (E.D.N.Y. Nov. 18, 2008) (denying motion to strike third-party complaint where "[i]t is improbable that the third-party complaint will cause delay because the parties are currently conducting discovery[,] . . . no trial date has been set[,]" and the third-party defendant "ha[d] been a named defendant in related litigations" for years, so "it would be more efficient to try the contribution claim along with the merits"). Just as the Court has consolidated the underlying proceedings in this MDL to make manageable an otherwise unwieldy case, it should consolidate the third-party complaint process using PTO #31 as recommended by the Special Master.

### III. The Philips Defendants Plainly Satisfy Rule 11.

Pivoting from their initial stance that PTO #31 was procedurally improper, SoClean and DWHP now argue that the forthcoming master third-party complaint *might* violate Rule 11 of the Federal Rules of Civil Procedure. Not only are those arguments speculative and premature—they are baseless.[7] It is difficult to comprehend how SoClean and DWHP can even raise this at

---

[6] SoClean and DWHP argue that the statute of limitations tolling provision in PTO #31 should not be adopted. (Obj. at 12.) Just as the Philips Defendants compromised with SoClean and DWHP regarding the stay provisions that they took issue with (Philips Resp. at 13), the Philips Defendants are again willing to compromise and strike the statute of limitations tolling provision as well, as it is unnecessary as a matter of law.

[7] SoClean and DWHP acknowledge that this argument is entirely premature, admitting that "Rule 11 issues normally arise *after* a party has filed a deficient pleading." (Obj. at 6 (emphasis added); *see also id.* at 5 ("Rule 11 applies 'at the time the pleading [is] submitted.'") (quoting *Gaiardo* v. *Ethyl*, 835 F.2d 479, 484 (3d Cir. 1987)).)

all, let alone now, without a pleading on file.  Rule 11 requires that counsel conduct a "reasonable investigation of the facts and a normally competent level of legal research."  *Lieb* v. *Topstone Indus.*, 788 F.2d 151, 157 (3d Cir. 1986).  "To be reasonable, the prefiling factual investigation must uncover *some information* to support the allegations in the complaint."  *Keister* v. *PPL*, 318 F.R.D. 247, 262 (M.D. Pa. 2015) (quotations omitted) (emphasis added).  SoClean and DWHP should take note, however, that the Third Circuit has emphasized that even "when issues are close, the invocation of Rule 11 borders on the abusive" and "'Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation.'"  *Gaiardo*, 835 F.2d at 483 (quoting *Morristown Daily Rec.* v. *Graphic Commc'ns Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987)).

> A. **The Philips Defendants' Factual Investigation Supports that SoClean and DWHP Are Liable for Contribution.**

SoClean and DWHP's premature Rule 11 objection to a consolidated third-party complaint that has yet to be filed is illogical and peculiar.  SoClean and DWHP are not contesting whether the Philips Defendants can seek contribution for MDL plaintiffs who used SoClean devices and are subject to the laws of states that permit contribution claims.  Instead, SoClean and DWHP contest whether the Philips Defendants' contribution claims can be made through a consolidated, master third-party complaint.  This makes no sense.  Until filed, SoClean and DWHP have no basis to argue that the master third-party complaint will violate Rule 11 by being consolidated in one pleading.[8]

---

[8]    What's more, even if SoClean and DWHP were to ultimately claim that the Philips Defendants have not complied with their Rule 11 obligations, the Philips Defendants would still have 21 days to correct such errors—entirely consistent with PTO #31.

Worse still, there is no basis to reject PTO #31 upon SoClean and DWHP's groundless pretension that the forthcoming master third-party complaint will not be factually grounded. The master third-party complaint will of course provide specific facts giving rise to contribution claims (some of which are described below). For instance, the Philips Defendants have investigated and identified the states that permit contribution and have tailored their claims accordingly. Further, the Philips Defendants have investigated which MDL plaintiffs used SoClean's product and claim to have experienced injury from polyester-based polyurethane ("PE-PUR") foam degradation and/or the emission of compounds associated with that degradation that gave rise to this litigation. (*See* Philips Resp. at 1-2.) Because the evidence shows SoClean's devices not only, on their own, cause harm to individuals (a point recognized by the United States Food and Drug Administration[9]), but they also exacerbate foam degradation and emissions (a fact neither SoClean nor DWHP have or could contest). Thus, to the extent a Personal Injury Plaintiff seeks to hold the Philips Defendants liable for claimed injuries in the MDL, and to the extent permitted by state law, it is both appropriate and legally permissible for the Philips Defendants to seek contribution.

The Philips Defendants previously outlined just *some* of the evidence demonstrating that SoClean's illegally marketed ozone cleaning devices were a significant cause of the PE-PUR foam degradation and the emission of compounds associated with that degradation that give rise to this litigation. (*See* Philips Resp. at 1-2.)[10] Based on these facts, it is plainly

---

[9] *See* FDA, *FDA Reminds Patients that Devices Claiming to Clean, Disinfect or Sanitize CPAP Machines Using Ozone Gas or UV Light Have Not Been FDA Authorized* (Feb. 27, 2020), https://www.fda.gov/news-events/press-announcements/fda-reminds-patients-devices-claiming-clean-disinfect-or-sanitize-cpap-machines-using-ozone-gas-or.

[10] Specifically, controlled laboratory testing found that, after 1,300 cycles of CPAP use, machines cleaned with ozone emitted 250 micrograms of diethylene glycol (a known byproduct of foam degradation) per cubic meter. Emissions of diethylene glycol for all other Recalled

plausible that, for each Personal Injury Plaintiff who is a reported user of a SoClean device, ozone was a cause of degradation and emission of those related compounds. SoClean and DWHP are well aware of these facts. Correspondingly, at no point in their briefing here have they disputed that SoClean's devices cause foam degradation and the emission of compounds associated with such degradation.

> **B.   Pending Choice of Law Questions at the Time of Filing Do Not Violate Rule 11.**

Next, SoClean and DWHP contend that to comply with Rule 11, the relevant choice of law questions must be resolved before filing any complaint. (Obj. at 4-5.) No such rule exists. Rule 11 only requires that an attorney certify that there is a "reasonable basis in fact and law for the claims," insofar as to discourage the "filing of frivolous, unsupported, or unreasonable lawsuits." *Soo San Choi* v. *D'Appolonia*, 252 F.R.D. 266, 271 (W.D. Pa. 2008) (citing *Napier* v. *Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1090 (3d Cir. 1988)). As this Court is aware, a contribution claim exists when a "third party is secondarily liable to the defending party." 6 Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1446 (3d ed. 2023). Here, the Philips Defendants' investigation and the forthcoming master third-party complaint demonstrate that SoClean and DWHP are liable to the Philips Defendants because ozone was undeniably a cause of the alleged underlying injuries at issue. That is, there is a clear legal basis under Rule 11 to file a contribution claim against SoClean and DWHP. Of course, the Philips Defendants are well aware that "a party's substantive right[] to contribution . . . [is] determined by

---

Devices either do not exist or were too low to quantify. In addition, in the United States, as of January 2024, visual inspections of returned Respironics field devices established that 8.9 percent of reported users of ozone cleaners saw significant foam degradation. By contrast, only *0.5 percent* of non-ozone users saw degradation. Even worse, the Philips Defendants have previously cited evidence in their Counterclaims demonstrating that SoClean executives knew that ozone degrades polyurethane foam.

state law." *EQT Prod.* v. *Terra Servs.*, 179 F.Supp.3d 486, 493 (W.D. Pa. 2016) (citation omitted). To that effect, the Philips Defendants acknowledge that certain states do not provide a right to contribution, and they have addressed their claims accordingly. That does not mean, however, that the master third-party complaint, when filed, will violate Rule 11.

Contribution claims are governed by "the law of the jurisdiction which governs the underlying claim." *Rodin Props.-Shore Mall* v. *Cushman & Wakefield of Pa.*, 49 F. Supp. 2d 728, 739 (D.N.J. 1999) (citing Restatement (Second) of Conflicts of Laws § 173 (Am. L. Inst. 1969)); *see also Werner Enters.* v. *Trs. of Univ. of Pittsburgh*, 2006 WL 2583458, at *4 (W.D. Pa. Sept. 6, 2006) (Conti, J.) (noting that "the law of the jurisdiction governing the underlying claim normally will govern whether contribution can be obtained"); Philips Resp. at 4, 12-13. The Philips Defendants do not "put[] the onus on the Court to figure out whether [they] ha[ve] a viable contribution claim under state law." (Obj. at 2.) The Philips Defendants have already done that work and the proposed master third-party complaint will reflect it.

The potential for choice-of-law disputes, a possibility in all litigation, is not a basis to reject the efficient process set forth in PTO #31. Rather, because contribution claims are tethered to the underlying Personal Injury Plaintiffs' claims, and choice of law determinations for those claims have yet to occur, it is not possible to resolve conclusively choice of law disputes today. Nor is it necessary. If SoClean and DWHP's arguments were accepted, the Philips Defendants would be required to wait to file the master third-party complaint until the choice of law issues concerning the underlying claims are resolved. As this Court is aware, those disputes in connection with the underlying claims will await substantive challenges to each individual personal injury complaint that is selected to be part of the bellwether process. That would potentially require that the Philips Defendants wait to file their third-party complaint until the end

of 2024, which would in turn push back SoClean and DWHP's discovery, throwing off the existing discovery schedule.

The Philips Defendants have already committed to voluntarily dismissing any contribution claim in the event that a case winds up governed by state law that provides no such right—a possibility the Philips Defendants have attempted to account for in their proposed master complaint. (*See* Philips Resp. at 4.) But, as the Special Master aptly observed, "[t]his is not a reason to delay the filing of [the Philips] Defendants' contribution claims through a master complaint," given that "PTO 31 expressly contemplates that applicable choice of law rules will be determined at a later date." (*See* R&R at 3.) Thus, all of SoClean and DWHP's concerns are either premature, meritless, or accounted for, and Rule 11 is no obstacle to entry of PTO #31.

## CONCLUSION

For the foregoing reasons, the Court should adopt the Special Master's Report and Recommendation (ECF No. 2708).


Dated: April 23, 2024

Respectfully submitted,

/s/ *Michael H. Steinberg*

Michael H. Steinberg
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067
Tel: (310) 712-6670

/s/ *Tracy Richelle High*
Tracy Richelle High
hight@sullcrom.com
William B. Monahan
monahanw@sullcrom.com
Shane M. Palmer
palmersh@sullcrom.com
Alexandra Bodo
bodoa@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000

*Counsel for Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corp.*

/s/ *Erik T. Koons*

-15-

        Erik T. Koons (D.C. Bar No. 468289)
        erik.koons@bakerbotts.com
        Sterling A. Marchand
        sterling.marchand@bakerbotts.com
        BAKER BOTTS LLP
        700 K Street, N.W.
        Washington, D.C. 20001
        Tel: (202) 639-7973
        Fax: (202) 585-1086

        <u>/s/ *Andrew T. George*</u>
        Andrew T. George
        andrew.george@bgblawyers.com
        BOURELLY, GEORGE + BRODEY LLP
        1050 30th Street, NW
        Washington, DC 20007
        Tel: (202) 753-5012

        *Counsel for Defendant Philips RS North America LLC*

## CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of April 2024, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

/s/ *Michael H. Steinberg*

Michael H. Steinberg