IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions Asserting Economic Loss Claims | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND RELEASE OF ECONOMIC LOSS CLAIMS, FINAL JUDGMENT, INJUNCTION AND ORDER OF DISMISSAL**

AND NOW this 25th day of April, 2024, upon consideration of the Settlement Class Representatives' Motion for Final Approval of Class Settlement of Economic Loss Claims, after dissemination of Notice to Settlement Class Members, a Final Fairness Hearing held on April 11, 2024, and the findings and the rulings made by the court during the final fairness hearing, it is hereby ORDERED, ADJUDGED AND DECREED, AND FINAL JUDGMENT IS ENTERED, as follows:

1. The Court has subject-matter jurisdiction over the above-captioned actions and jurisdiction over all members of the Settlement Class, and Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have submitted to the jurisdiction and venue of this Court for purposes only of this Settlement and the enforcement of the payment and performance obligations and injunctive relief thereunder.

2. All terms in initial capitalization used in this Final Judgment and Order shall have

the same meanings as set forth in the Settlement Agreement.

3. On October 10, 2023, the Court entered an Order in which it, *inter alia*, preliminarily approved the Settlement, conditionally certified the Settlement Class for settlement purposes only, directed Notice to Settlement Class Members, and approved the retention of Angeion Group LLC as Settlement Administrator, Huntington Bank as Settlement Fund Escrow Agent, and Hon. Thomas J. Rueter (Ret.) as Claims Appeals Special Master (ECF No. 2289).

4. On March 21, 2024, the Settlement Class Representatives filed a Motion for Final Approval of Class Settlement of Economic Loss Claims and filed a brief in support of final approval and in response to the objections to the Settlement filed by certain Settlement Class Members.

5. On April 11, 2024, the Court held a Final Fairness Hearing to consider whether the Settlement should be finally approved under Rule 23(e)(2) as fair, reasonable and adequate.

6. The Court has reviewed the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, and finds that they are fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The Court finds that the Settlement is in full compliance with all requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and any other applicable law.

7. The Court finds that the Settlement was negotiated at arm's-length before the Court-appointed Settlement Mediator, Hon. Diane M. Welsh (Ret.); there was sufficient formal and informal discovery; the Parties and counsel were knowledgeable about the facts relevant to the Economic Loss Claims and potential risks of continued litigation of the Economic Loss Claims;

and the Parties were represented by highly capable counsel with substantial experience in class action and products liability litigation.

8. The Court also specifically considered the *Girsh* factors, including the complexity, expense, and likely duration of litigation of the Economic Loss Claims; the favorable reaction of the Settlement Class; the stage of proceedings; the risks of establishing liability, damages, and class certification; and the range of reasonableness of the Settlement in light of the best possible recovery and attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The Court finds that these factors weigh in favor of approving the Settlement.

9. The Court has carefully considered the objections to the Settlement filed by certain Settlement Class Members, and hereby finds that none of those objections is meritorious.

10. The Court finds that the dissemination of Notice as set forth in the Declaration of Steven Weisbrot regarding Compliance with Notice Plan (ECF No. 2657-1) was in compliance with the Court's October 10, 2023 Preliminary Approval Order, and that notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Federal Rule of Civil Procedure 23(e) and due process.

11. A full opportunity has been offered to Settlement Class Members to object to or opt out of the Settlement and to participate in the Final Fairness Hearing.

12. The Settlement Administrator on behalf of the Philips Defendants properly and timely notified the appropriate officials of the Settlement pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. More than ninety (90) days have elapsed since the Philips Defendants provided notice of the Settlement pursuant to CAFA. (ECF No. 2656-1).

13. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Class that it conditionally certified in its October 10, 2023 Preliminary Approval Order.

14. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlement, as follows:

a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

b. Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and fact that are common to the Settlement Class;

c. Pursuant to Rule 23(a)(3), the Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members;

d. Pursuant to Rule 23(a)(4), the Court determines that Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so;

e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting any individual Settlement Class Member;

f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the Economic Loss Claims and is superior to other available methods; and

g. Pursuant to Rule 23(b)(3), the Court determines that the Settlement Class is ascertainable.

15. The Court confirms the appointment of Elizabeth Heilman; Ivy Creek of Tallapoosa LLC d/b/a/ Lake Martin Community Hospital; Peter Barrett; Julie Barrett; and ASEA/AFSCME Local 52 Health Benefits Trust as Settlement Class Representatives.

16. The Court confirms the appointment of the following as Settlement Class Counsel:

a. Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

b. Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

c. Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

d. Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222;

e. Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107;

f. Lisa Ann Gorshe, Johnson Becker PLLC, 444 Cedar Street, Suite 1800, Saint Paul, MN 55101; and

g. Arthur H. Stroyd, Jr., Del Sole Cavanaugh Stroyd LLC, 3 PPG Place, Suite 600, Pittsburgh, PA 15222.

17. The list of persons and entities who timely and properly opted out of the Settlement Class was filed by Settlement Class Counsel on March 21, 2024, as Exhibit "3" to the brief in support of final approval (ECF No. 2660-3), and updated on April 9, 2024 to account for Class Members who revoked their request for exclusion pursuant to Section 11.8 of the Settlement Agreement or who cured a deficiency in their original request (ECF No. 2707-3), and further

updated pursuant to the Court's rulings at the Fairness Hearing on April 11, 2024 (ECF No. 2722). The release and other provisions of the Settlement Agreement shall not apply to the persons and entities identified on the updated Exhibit "3" list, and they shall not be entitled to any compensation or other relief or benefits provided by the Settlement.

18. The Court grants final approval of the plan for allocating Settlement funds as being fair, reasonable, adequate, and in the best interest of the Settlement Class. The Court further finds that the plan of allocation of Settlement funds treats Class Members equitably relative to each other as required by Federal Rule of Civil Procedure 23(e)(2)(D).

19. Accordingly, the Court hereby grants the Settlement Class Representatives' Motion for Final Approval of Class Settlement of Economic Loss Claims.

20. The Court hereby dismisses the Economic Loss Complaint (ECF No. 785) and any other Economic Loss Claims as to all Released Parties, on the merits, with prejudice and, except as explicitly provided for in the Settlement Agreement, without costs.

21. The Court finds and confirms that the Settlement Funds are a "qualified settlement fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

22. The Settlement Administrator shall perform the duties and responsibilities set forth in the Settlement Agreement, including, but not limited to, making monthly determinations of any Additional Amounts that need to be paid by, or on behalf of, the Philips Defendants into the Settlement Fund, and distributing settlement funds to Eligible Settlement Class Members.

23. The Philips Defendants shall make all payments required by the Settlement Agreement in the amounts and at the times set forth in the Settlement Agreement. All valid and timely claims shall be paid by the Settlement Administrator in the amounts and at the times set forth in the Settlement Agreement. Disputes over the validity and sufficiency of claims shall be

resolved by the Settlement Administrator and the Claims Appeals Special Master pursuant to the terms set forth in the Settlement Agreement, with no further right of appeal.

24. The Claims Period shall end on August 9, 2024, i.e., 120 days after the Final Fairness Hearing.

25. All of the Released Economic Loss Claims of the Settlement Class Members and the other Releasing Parties against Defendants and the other Released Parties are hereby fully, finally, irrevocably, and forever released, remised, waived, relinquished, settled, dismissed, surrendered, and forever discharged.

26. Settlement Class Members and the other Releasing Parties are hereby enjoined and finally and forever barred from filing, commencing, maintaining, continuing, pursuing and/or prosecuting the Released Economic Loss Claims in any action, arbitration or other proceeding, whether pending or filed in the future, against Defendants and the other Released Parties. Subject to the approval of this court, Defendants and the other Released Parties may recover any and all reasonable costs and expenses from a Settlement Class Member arising from that Settlement Class Member's violation of this injunction. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement.

27. The Court hereby approves the assignment of Economic Loss Claims by the Settlement Class Members against Ozone Cleaning Companies to Philips RS North America LLC, pursuant to the Settlement Agreement, including any proceeds Settlement Class Members would otherwise have been eligible for in any settlement with an Ozone Cleaning Company.

28. The Philips Defendants and any successors to the Philips Defendants' rights or interests under the Settlement are hereby enjoined and finally and forever barred from challenging

or opposing a Settlement Class Member's Medical Monitoring and Personal Injury Claims or ability to recover for those claims on the basis of the Settlement, any payments under the Settlement, or the Releases provided therein, other than to prevent double recovery for economic losses related to the Recalled Devices or to prevent against the increase of an exemplary or punitive damages award on account of economic losses.

29.     The finality of this Final Order and Judgment shall not be affected by any order entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any order entered regarding the Service Awards to the Settlement Class Representatives, which shall be considered separate from this Final Order and Judgment.

30.     The Court shall retain continuing and exclusive jurisdiction over the Settlement Funds and the distribution of same to Eligible Settlement Class Members.

31.     Without affecting the finality of this Final Order and Judgment, and solely for purposes of this Settlement, the Philips Defendants and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement and/or the applicability, interpretation, administration, validity or enforcement of the Settlement Agreement.

32.     The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, which are hereby approved and incorporated herein by reference.

33.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the non-monetary provisions of the Settlement Agreement;

provided, that notice of any extension must be filed with the court promptly and, in any event, within 72 hours of the agreement to the extension.

34. This is the Final Order and Judgment as defined in the Settlement Agreement. In the event that this Final Judgment is not otherwise final and appealable, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds and directs that there is no just reason for delaying enforcement or appeal, and judgment should be entered.

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge