IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This document relates to: All Personal Injury Cases | Master Docket: 2:21-MC-1230<br><br>MDL No. 3014<br><br>Judge Joy Flowers Conti |

**PRETRIAL ORDER # 31**

**(Procedures for Filing of Master Third-Party Complaint and Related Proceedings)**

I. **PURPOSE OF ORDER**

This Order governs the procedures for the Philips Defendants' filing of a Master Third-Party Complaint against Third-Party Defendants SoClean, Inc. and DW Management Services, LLC ("Third-Party Defendants"), as well as related proceedings thereafter.

To avoid the inefficiencies of drafting individual personal injury complaints and individual answers to those individual complaints at this stage of the litigation, this Court, in ECF No. 2532, Pretrial Order #28(b), set forth procedures regarding the filing of and responses to a Second Amended Master Personal Injury Complaint and individual Short Form Complaints. To allow the Philips Defendants and the Third-Party Defendants to benefit from the same efficiencies, this Court will extend those procedures to cover the third-party claims the Philips Defendants seek to assert against the Third-Party Defendants.

This Order is binding on all parties and their counsel. Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein, in Pretrial Order #28(b), or in any subsequent Order.

## II. PHILIPS DEFENDANTS' THIRD-PARTY COMPLAINT AND THIRD-PARTY DEFENDANTS' RESPONSES THERETO

1. The Philips Defendants shall file their Master Third-Party Complaint against the Third-Party Defendants on the main docket of this MDL. The Philips Defendants and the Third-Party Defendants shall meet and confer regarding potential short-form complaints by the Philips Defendants, including the form and timing thereof, subject to the Court's approval.

## III. SUBSEQUENT PRACTICE WITH RESPECT TO INDIVIDUAL PERSONAL INJURY COMPLAINTS

2. As set forth in Pretrial Order #28(b), the Court will enter a subsequent order setting forth the process for selecting Personal Injury Plaintiffs whose cases will be included in the pool from which bellwether cases are to be selected. Upon determination of the bellwether Personal Injury Plaintiff cases, the Parties will propose further procedures consistent with ECF No. 2532, Pretrial Order #28(b), and this Pretrial Order, including a proposed procedure for the filing of dispositive motions and/or specific answers to individual pleadings in those cases, and individual contribution claims in those cases.

3. As set forth in Pretrial Order #28(b), notwithstanding the filing of the Amended Master Personal Injury Complaint, "[a]ny choice of law principles will be determined based on the choice-of-law rules that would have applied in the federal district court of the Personal Injury Plaintiff's designated venue." (ECF No. 2532, at 11.) As a result, the specific choice of law applicable to the claims of each Personal Injury Plaintiff—and, correspondingly, the choice of law applicable to the contribution claims of the Philips Defendants against the Third-Party Defendants with respect to each Personal Injury Plaintiff's claims—will be determined at a later date, as part of dispositive motions and/or specific answers to individual pleadings in those cases.

4. As set forth in Pretrial Order #28(b), any Personal Injury Plaintiff whose case is subsequently chosen for inclusion in the pool from which bellwether cases are to be selected may amend his or her Short Form Complaint within 21 days after the selection of his or her case for that

pool. Such amendment may include the addition of the Third-Party Defendants as named defendants.

5. Personal Injury Plaintiffs not selected for the pool from which bellwether cases are to be selected may amend their Short Form Complaint to add the Third-Party Defendants as named defendants pursuant to timing and procedures that will be the subject of a subsequent order.

6. No Third-Party Defendant has agreed to or admitted any allegations, nor has any Third-Party Defendant conceded or waived its rights to dispute the legal validity of the claims alleged therein, nor has any Third-Party Defendant conceded the question of personal jurisdiction in any court. Nothing in this Order shall be construed as a waiver of personal jurisdiction by any Third-Party Defendant or any Third-Party Defendant's jurisdictional and/or venue arguments.

Dated: April 30, 2024         s/Joy Flowers Conti
                              JOY FLOWERS CONTI
                              SENIOR UNITED STATES DISTRICT JUDGE