## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, | : | |
| BI-LEVEL PAP, AND MECHANICAL | : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| VENTILATOR PRODUCTS | : | |
| LITIGATION | : | MDL No. 3014 |
| | : | |
| This Document Relates to:  All Actions | : | |
| Asserting Claims for Medical Monitoring | : | |
| | : | |
| | : | |
| | : | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED CLASS SETTLEMENT AGREEMENT AND RELEASE OF MEDICAL MONITORING CLAIMS

WHEREAS, on October 17, 2022, Plaintiffs filed a Consolidated Second Amended Class Action Complaint for Medical Monitoring (ECF No 815; the "Medical Monitoring Complaint") on behalf of themselves and all others similarly situated;

WHEREAS, Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have entered into a Class Settlement Agreement and Release of Medical Monitoring Claims with the Settlement Class Representatives, dated May 9, 2024, in full and final settlement of the Medical Monitoring Claims against the Philips Defendants and the other Released Parties (the "Agreement," the "Settlement Agreement," or the "Settlement");

WHEREAS, all terms in initial capitalization used in this Order shall have the same meaning as set forth in the Settlement Agreement;

WHEREAS, the Parties engaged in extensive good faith, arm's-length negotiations to resolve the Medical Monitoring Claims, with the assistance and oversight of the Settlement Mediator appointed by the Court, Hon. Diane M. Welsh (Ret.);

WHEREAS, on May 9, 2024, the Settlement Class Representatives filed a Motion for Preliminary Approval of Proposed Class Action Settlement Agreement and to Direct Notice to the Proposed Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (the "Motion"); and

WHEREAS, on _____, 2024, the Court held a hearing on the Motion and heard argument on whether to preliminarily approve the Settlement.

NOW, THEREFORE, THIS ___ DAY OF ____, 2024, IT IS HEREBY ORDERED AS FOLLOWS:

A.    **The Settlement Is Preliminarily Approved**

1.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure.  The Court hereby finds that the Settlement falls within the range of reasonableness meriting likely final approval and has key indicia of fairness, including that (1) the Parties have reached the Settlement after investigating the strengths and weaknesses of the Medical Monitoring Claims and the defenses thereto, including at the pleading, class certification, expert, and other stages of this litigation, (2) the extensive settlement negotiations were arm's-length and consisted of multiple mediation sessions overseen by the Settlement Mediator, (3) there is no evidence of collusion in reaching this Settlement, (4) the proponents of the Settlement are experienced in similar litigation, and (5) the Settlement provides valuable Medical Advancement Program Benefits for Settlement Class Members.

2.      The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Final Fairness Hearing.  Settlement Class Members shall have the right to object to the Settlement, as set forth in the Agreement and this Order.

3.      Pursuant to Rules 23(c)(2)(A) and 23(e)(1)(B), the Court orders that Notice be provided to the Settlement Class Members pursuant to the terms of the Agreement and as set forth herein.

4.      Any objections by any Settlement Class Member to the Settlement (in whole or in part) shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Fairness Hearing only if, on or before the Objection Deadline specified in the Notice and this Order, such Settlement Class Member follows the required objection procedures set forth in the Agreement and Notice, which procedures are hereby approved.

**B.      Appointments of Notice Administrator, Qualified Settlement Fund Administrator, Settlement Administrator, and Custodian Bank**

5.      The Court hereby appoints BrownGreer PLC ("BrownGreer") as the Notice Administrator.  It shall be responsible for the duties set forth in the Settlement Agreement assigned to the Notice Administrator, including, but not limited to, (a) the notice dissemination process set forth in the Agreement; (b) collecting and forwarding to Settlement Class Counsel and Counsel for the Philips Defendants any objections to the Settlement or to the request for attorneys' fees, reimbursement of costs and expenses, and/or service awards; and (c) any other duties as provided in any agreement entered into between Counsel and the Notice Administrator.

6.      The Court hereby appoints BrownGreer as the Qualified Settlement Fund ("QSF") Administrator.  It shall be responsible for the duties set forth in the Settlement Agreement assigned

to the QSF Administrator, including but not limited to establishing and maintaining the QSF for the benefit of the Settlement Class.

7.     The Court hereby appoints Wolf Global Compliance as the Settlement Administrator.  It shall be responsible for the duties set forth in the Settlement Agreement assigned to the Settlement Administrator, including, but not limited to, (a) establishing and maintaining a Settlement Website for Settlement Class Members to access Relevant Medical Information and Guidance in a user-friendly format for individuals who do not have a medical or scientific background, (b) determining, in consultation with the Parties, appropriate recipient(s) of grant(s) to fund independent medical research related to the advancement of public knowledge regarding the detection, diagnosis, and/or treatment of Qualifying Injuries, (c) publishing the results of the research, to the extent medically relevant and valid conclusions are reached, on the Settlement Website, and (d) establishing, in consultation with the Parties, a MAP Registry to which Settlement Class Members can elect to submit authorizations for the release and disclosure of medical information protected by HIPAA, 45 CFR § 164.508, for purposes of review and evaluation in connection with the MAP Research.  The Settlement Administrator shall sign and be bound by the Protective Order entered by this Court, as amended (ECF Nos. 104, 498, 765).

8.     The Court approves Huntington National Bank as the Custodian Bank pursuant to the Settlement Agreement.

9.     Pursuant to the Agreement, the Philips Defendants shall deposit, or cause to be deposited, the First Payment, which is for notice-related costs and other administrative expenses, into the Settlement Fund within 14 days of entry of this Order.  Reasonable costs of Class Notice and Settlement administration agreed to by the Parties or required by this Court, including the fees

and costs of the Notice Administrator, the QSF Administrator, the Settlement Administrator, and the Custodian Bank, shall be paid solely from the Settlement Fund.

**C.**     **The Settlement Notice Is Approved**

10.     The Court approves the form and substance of Notice attached as Exhibit 4 to the Settlement Agreement ("Settlement Notice").

11.     The Court finds that the method of giving notice to the Settlement Class ("Notice Plan"), as provided in the Settlement Agreement, (a) is appropriate under the circumstances and will apprise the Settlement Class Members of the terms and benefits of the proposed Settlement, including the Medical Advancement Program Benefits, their right under the proposed Settlement to object to the Settlement, including objections to the scope of the release of the Philips Defendants and other Released Parties, and the binding effect of a Final Judgment; (b) constitutes due, adequate, and sufficient notice to all Settlement Class Members and any other persons entitled to receive notice; (c) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rules 23(c)(2)(A) and 23(e), the Due Process Clause(s) of the United States Constitution, and any other applicable laws; and (d) appropriately informs Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

12.     The Settlement Notice will apprise the Settlement Class that Class Counsel intend to petition the Court for an award of attorneys' fees, costs and expenses, and service awards, in the total amount of up to 20% of the Settlement Fund, to be paid from the Settlement Fund, and the right of Settlement Class Members to submit objections concerning such petition.

13.     Within 30 days after entry of this Order, the Settlement Notice will be disseminated to Settlement Class Members pursuant to the terms of the Settlement Agreement.

**D.      The Settlement Class**

14.     Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> **Settlement Class or Settlement Class Members** shall include all individuals in the United States, including its Territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), and the District of Columbia, including United States citizens, United States residents, and United States military, diplomatic personnel and employees living or stationed overseas, who have used a Recalled Device.

> EXCLUDED from the Settlement Class are:  (a) Defendants and their officers, directors, and employees; and (b) the MDL Court, Settlement Mediator, and Special Masters assigned to the MDL.

15.     The Settlement Class is conditionally certified as a mandatory class under Rule 23(b)(2). Settlement Class Members shall therefore not be permitted to opt out of the Settlement Class. If the Court grants final approval of the Settlement Agreement and subsequently issues a Final Order and Judgment on the Medical Monitoring Claims, then all Settlement Class Members will be bound by that Final Order and Judgment.

16.     The Court finds that, for settlement purposes only, the Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, including that:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Settlement Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; and (e) the Philips Defendants have acted on grounds generally applicable

to the Settlement Class as a whole, so that final injunctive relief is appropriate respecting the Settlement Class as a whole. Namely, the Philips Defendants are alleged to have designed, manufactured, sold, negligently failed to recall, and/or negligently executed the recall of the Recalled Devices, all of which contained PE-PUR foam that allegedly exposed all Settlement Class Members to increased risks of injuries. The Philips Defendants have denied and continue to deny these allegations, but nonetheless have agreed to provide the proposed Medical Advancement Program Benefits to Settlement Class Members, which will benefit all Settlement Class Members through funding independent medical research to investigate the detection, diagnosis, and/or treatment of injuries Settlement Class Members are allegedly at risk of sustaining, thereby contributing to the advancement of public knowledge and education with respect to these injuries, and educate the Settlement Class on the existing testing and literature with respect to PE-PUR foam.

17.     For settlement purposes only, the Court appoints Elizabeth Lemus and Marilynn Sweeney as the Settlement Class Representatives.

18.     The Court appoints the following as Settlement Class Counsel:

a.   Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

b.   Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

c.   Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

d.   Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222; and

e.  Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107.

19.    The Court hereby approves the establishment of the Settlement Fund.   The Settlement Fund shall be governed by Section 468B-1 through 468B-5 of the Treasury Regulations and maintained as a "qualified settlement fund."  The Parties agree to work in good faith to maintain such status.  The Court shall retain continuing jurisdiction over the Settlement Fund, pursuant to Section 468B-1(e)(1) of the Treasury Regulations.

**E.    Schedule for Motion for Final Approval and Final Fairness Hearing**

20.    Settlement Class Counsel shall file their motion for attorneys' fees, reimbursement of costs and expenses, and service awards at least 30 days prior to the Objection Deadline.  The Notice Administrator in coordination with the Settlement Administrator shall publish the motion and supporting materials on the Settlement Website.

21.    The deadline for Settlement Class Members to object to the Settlement, the proposed service awards, or the request for an award of attorneys' fees and reimbursement of costs and expenses shall be no later than 90 days from the date of this Order.  Objections must be made in writing and must be made in accordance with the requirements set forth in the Settlement Agreement and Notice, and must be postmarked no later than [Objection Deadline].

22.    No later than 21 days before the Final Fairness Hearing, Settlement Class Counsel shall file with the Court the objections, if any, received by the Notice Administrator.

23.    At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a Motion for Final Approval of the Settlement, which shall include responses to any objections by Settlement Class Members. The Notice Administrator in coordination with the Settlement Administrator shall publish the motion and supporting materials on the Settlement website.

-8-

24.     At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file with the Court proof that Notice was provided in accordance with the terms of this Order and any other Order regarding Notice that the Court shall have issued.

25.     At least 21 days prior to the Final Fairness Hearing, the Notice Administrator shall file with the Court proof of compliance with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

26.     If the last day of any period mentioned hereto falls on a weekend or legal holiday, the period shall include the next business day.

27.     The Court will hold a hearing on _____, 2024 at ____ p.m./a.m. at the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219, in Courtroom 5A (the "Final Fairness Hearing") for the following purposes:

     a.   To finally determine whether the proposed Settlement is a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23(e)(2) of the Federal Rules of Civil Procedure;

     b.   To determine whether a Final Judgment should be entered dismissing the Medical Monitoring Claims of the Settlement Class against the Defendants with prejudice, as required by the Settlement Agreement;

     c.   To consider Settlement Class Counsel's request for an award of attorneys' fees, reimbursement of costs and expenses, and service awards;

     d.   To consider timely, written objections that conform to the requirements set forth in the Settlement Agreement; and

     e.   To consider such other matters as the Court may deem appropriate.

28.     The Final Fairness Hearing may be continued without further notice to Settlement Class Members, other than an update posted on the MDL 3014 Court docket and the Settlement Website.

**F.      Miscellaneous**

29.     This Preliminary Approval Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court, or does not become Final for any reason.  In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's Orders relating to the Settlement, including this Preliminary Approval Order, shall be used or referred to for any purpose.  The conditional certification of the Settlement Class provided for herein for settlement purposes only will be vacated, and the Medical Monitoring Claims shall proceed as though the Settlement Class had never been conditionally certified, without prejudice to any party's position on the issues of class certification, personal jurisdiction, or any other issue.  In such event, the Philips Defendants retain all rights to assert that the Medical Monitoring Claims may not be certified as a class action.

30.     Pending the Final Fairness Hearing, the Court hereby stays the continued pursuit or prosecution of all Released Claims by Settlement Class Members, in this Court or in any other court, tribunal or proceeding, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction as to Settlement Class Members is necessary and appropriate in aid of the Court's continuing jurisdiction and authority.  Such injunction shall remain

in force until the Final Fairness Hearing or until such time as the Parties notify the Court that the Settlement has been terminated.

31.     This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.  For purposes only of this Settlement, the Philips Defendants have submitted to the jurisdiction and venue of this Court.

IT IS SO ORDERED.                                     BY THE COURT:


_____
The Honorable Joy Flowers Conti
Senior United States District Judge