# EXHIBIT B

# to Brief in support of Preliminary Approval of Medical Monitoring Settlement Agreement

Exhibit __B__

to Br. in Support of
Preliminary Approval
of Medical Monitoring
Class Settlement

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : Master Docket: Misc. No. 21-mc-1230-JFC : : MDL No. 3014 : |
| This Document Relates to: All Actions Asserting Claims for Medical Monitoring | : : |

**DECLARATION OF PROPOSED SETTLEMENT CLASS COUNSEL
IN SUPPORT OF PROPOSED SETTLEMENT CLASS REPRESENTATIVES'
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT
<u>AGREEMENT AND RELEASE OF MEDICAL MONITORING CLAIMS</u>**

The undersigned proposed Settlement Class Counsel (hereinafter "Settlement Class Counsel") submit this Declaration in support of proposed Settlement Class Representatives' Motion for Preliminary Approval of the Class Settlement Agreement and Release of Medical Monitoring Claims ("Declaration").[1] Settlement Class Counsel hereby declare as follows:

1.  The statements in this Declaration are made to the best of our personal knowledge, information, and belief and in our role as Settlement Class Counsel. If called upon to testify, we could and would testify competently to the truth of the matters stated herein.

2.  In the nearly three years since this MDL was formed, the Parties and the Court have expended extraordinary resources to litigate this MDL effectively and expeditiously, including litigating claims for medical monitoring relief. This effort has led to Settlement Class Counsel becoming fully informed of the legal and factual issues in this case and the strengths and weaknesses of Plaintiffs' claims and the Philips Defendants' defenses with respect to the

---

[1] Unless otherwise noted, capitalized terms have the same meaning herein that they have in the proposed Class Settlement Agreement and Release of Medical Monitoring Claims ("Settlement Agreement" or "SA").

Consolidated Second Amended Class Action Complaint for Medical Monitoring and Demand for Jury Trial (ECF 815) (the "Medical Monitoring Complaint").[2]

3. With respect to the legal issues pertaining to medical monitoring specifically, the Parties have engaged in substantial briefing on the Philips Defendants' motion to dismiss the Medical Monitoring Complaint in its entirety. The Court referred the motion to dismiss to Special Master Thomas I. Vanaskie, who held oral argument on the motion to dismiss on July 11, 2023 and then issued a Report and Recommendation on September 28, 2023 (ECF 2273). The Parties filed objections to certain aspects of that Report and Recommendation (ECF 2314, 2316, 2368, 2371), and thereafter, the Court issued an Opinion and Order on February 14, 2024 (ECF 2521, 2522), in which the motion was remanded back to the Special Master to issue a revised Report and Recommendation. Additional briefing on the motion to dismiss was in progress prior to the Settlement. As a result of this process, Settlement Class Counsel have become highly informed of the strengths and weaknesses of the Parties' respective positions and have insight into how the Special Master and the Court view those arguments.

4. In addition, the Parties engaged in extensive discovery of the relevant facts. The Parties have propounded and negotiated responses to requests for production of documents and interrogatories. The Parties have taken more than 50 depositions, which includes those of third parties and many of the medical monitoring named Plaintiffs; and exchanged millions of documents on all relevant issues, including extensive testing relating to general causation, both prior to and after the Recall. The Parties have served about 100 subpoenas for documents pursuant to Rule 45 and received thousands of documents in response. In addition, the Parties have engaged

---

[2] The "Philips Defendants" refers to Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation.

in countless discovery negotiations and disputes before Special Master Carole Katz that have given Settlement Class Counsel insight into additional discovery that may or may not be available. Through this process, Settlement Class Counsel have become fully informed of the relevant factual issues.

5. Settlement Class Counsel understand the significant risks of continuing to litigate the claims for medical monitoring relief, including the risk of not succeeding on the merits, the risk of not being able to certify a class, the risk of not being able to construct a meaningful medical monitoring program in the absence of a "signature" injury, and the risk of not being able to ensure payment of such a program from the Philips Defendants if KPNV was dismissed on its Rule 12 challenges, including as to personal jurisdiction.

6. As a result of the extensive briefing on the motion to dismiss the Medical Monitoring Complaint and the discovery work discussed above, Settlement Class Counsel were fully informed of all relevant facts and legal issues when they negotiated the Settlement with counsel for the Philips Defendants. The negotiations were conducted in good faith and at arm's-length and overseen by the Court-appointed Settlement Mediator, Hon. Diane M. Welsh (Ret.). Throughout the negotiations, there were discussions of the strengths and weaknesses of the Parties' respective positions concerning the merits of the claims being litigated. Given the individualized issues attendant to claims for medical monitoring relief, the Parties considered numerous factors impacting the Settlement Class as a whole to reach a resolution that provides cohesive equitable benefits to all Settlement Class Members.

7. A Term Sheet setting forth the general terms of the Settlement was signed on April 26, 2024. The Parties then negotiated the terms of the Settlement Agreement. Throughout the process, the Parties focused exclusively on benefits for the Settlement Class, and there was no

3

discussion or negotiation of attorneys' fees, costs or expenses for Settlement Class Counsel, or service awards. In sum, the negotiations were arm's-length, principled, informed, and sometimes contentious but always professional.

8. The Settlement represents Settlement Class Counsel's best efforts and judgments after thoroughly investigating the case, and considering the uncertainty of the viability of the claims for medical monitoring relief and the difficulties in achieving and maintaining class certification; the substantial risks, burdens, delays, and costs of continued litigation, including on Fed. R. Evid. 702 motions, trial, and appeals; and the best interests of the Settlement Class.

9. Pursuant to the Settlement Agreement, the Philips Defendants shall make payments into the Settlement Fund totaling $25,000,000. The Settlement Fund will be used to fund equitable relief in the form of the proposed comprehensive Medical Advancement Program ("MAP") Benefits for a period of fifteen (15) years from the Effective Date:

a. ***MAP Research***: the Settlement Administrator, in consultation with the Parties, and with oversight from the MDL Court, will determine appropriate recipients of grants to fund independent medical research related to the advancement of public knowledge regarding the detection, diagnosis, and/or treatment of Qualifying Injuries. The results of the MAP Research, to the extent medically relevant and valid conclusions are reached, shall be published on the Settlement Website. SA § 3.1.

b. ***MAP Registry***: the Settlement Administrator, in consultation with the Parties, shall establish a research registry to which Settlement Class Members can elect to submit authorizations for the release and disclosure of medical information protected by HIPAA, 45 CFR § 164.508, for purposes of review and evaluation in connection with the MAP Research. SA § 3.2.

    c. ***MAP Resources***: the Settlement Administrator, in consultation with the Parties, shall establish and maintain an interactive Settlement Website for delivery of MAP Resources to Settlement Class Members for purposes of increasing access to and understanding of the Relevant Medical Information and Guidance. SA § 3.3.

  10. The proposed Settlement Class Representatives have participated throughout the litigation of the claims for medical monitoring and have fulfilled their responsibilities on behalf of the Settlement Class by working closely with Settlement Class Counsel on the litigation of those claims, including reviewing pleadings, responding to Defendants' document requests and interrogatories, and being deposed.

  11. The Settlement represents a thorough, deliberative, and comprehensive resolution that will provide cohesive equitable relief benefitting all Settlement Class Members.

  12. Other than those expressly set forth in the Settlement Agreement, the Parties have not entered into any agreements regarding the Settlement or attorneys' fees, costs and expenses or service awards.

  We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of our knowledge this 9th day of May 2024.

| | |
|---|---|
| */s/ Sandra L. Duggan* <br> Sandra L. Duggan, Esquire <br> **LEVIN SEDRAN & BERMAN LLP** <br> 510 Walnut Street, Suite 500 <br> Philadelphia, PA 19106 <br> (215) 592-1500 (phone) <br> sduggan@lfsblaw.com | */s/ Christopher A. Seeger* <br> Christopher A. Seeger, Esquire <br> **SEEGER WEISS LLP** <br> 55 Challenger Road, 6th Floor <br> Ridgefield Park, NJ  07660 <br> (973) 639-9100 (phone) <br> cseeger@seegerweiss.com |

| | |
|---|---|
| */s/ Steven A. Schwartz* | */s/ Kelly K. Iverson* |
| Steven A. Schwartz, Esquire | Kelly K. Iverson, Esquire |
| **CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP** | **LYNCH CARPENTER, LLP** |
| 361 West Lancaster Avenue | 1133 Penn Avenue, 5th Floor |
| Haverford, PA 19041 | Pittsburgh, PA 15222 |
| (610) 642-8500 (phone) | (412) 322-9243 (phone) |
| steveschwartz@chimicles.com | kelly@lcllp.com |

*Plaintiffs' Co-Lead Counsel / Proposed Settlement Class Counsel*

*/s/Roberta D. Liebenberg*
Roberta D. Liebenberg, Esquire
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565 (phone)
rliebenberg@finekaplan.com

*Chair Settlement Committee / Proposed Settlement Class Counsel*

| | |
|---|---|
| */s/ D. Aaron Rihn* | |
| D. Aaron Rihn, Esquire | Peter St. Tienne Wolff, Esquire |
| **ROBERT PEIRCE & ASSOCIATES, P.C.** | **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP** |
| 707 Grant Street, Suite 125 | One Oxford Centre - 38th Floor |
| Pittsburgh, PA 15219 | Pittsburgh, PA 15219 |
| (412) 281-7229 (phone) | (412) 263-2000 (phone) |
| (412) 281-4229 (fax) | (412) 263-2001 (fax) |
| arihn@peircelaw.com | psw@pietragallo.com |

*Plaintiffs' Co-Liaison Counsel*