IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Personal Injury Claimants and Potential Claimants* | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

## <u>APPOINTMENT ORDER</u>

Pursuant to the joint motion (Dkt.2773) and in accordance with the terms of the Master Settlement Agreement, dated May 9, 2024, ("MSA" or the "Settlement"), and pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints a Settlement Special Master, Settlement Administrator, and Allocation Special Master, as set forth in more detail below. The parties advised the court that the MSA is a private settlement agreement that is not subject to approval by the Court.

In the exercise of the Court's authority to manage its docket and to ensure the timely and efficient performance of the actions necessary to satisfy the conditions of the Settlement, it is **ORDERED:**

1.      BrownGreer PLC is appointed as the Settlement Administrator.

2.      As Settlement Administrator, BrownGreer, pursuant to the MSA, shall also serve as the administrator of the Qualified Settlement Fund ("QSF") and shall act as the fiduciary of the Settlement Fund in accordance the MSA with specific powers to include retention of the trust estate, investments and preservation of principal, disbursements, payments of administrative

1

expenses and costs, retention of investment advisors and other agents, consultation with counsel, and execution of documents contemplated by the MSA.

3.      BrownGreer, as Settlement Administrator, shall prepare the necessary documents to establish a C.F.R. § 1.468B-1 Qualified Settlement Fund. Upon the establishment of the QSF, BrownGreer shall open a custodial bank account(s) and obtain a Taxpayer Identification Number from the Internal Revenue Service.

4.      The custodial bank account shall be opened with the Custodial Bank, Huntington Bank, pursuant to the MSA.

5.      For the purpose of Section 468B of the Internal Revenue Code, BrownGreer, as Settlement Administrator, shall timely and properly provide all informational and other tax returns necessary or advisable with respect to the QSF and the amounts held in the QSF, including the returns described in Treasury Regulation §1.468B-2(k)(l). Such returns (as well as the election described in Section 468B) shall be consistent with Section 468B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties, or tax detriments) on the income earned by the QSF shall be paid exclusively out of the QSF, in accordance with Section 468B.

6.      BrownGreer, as Settlement Administrator, pursuant to the MSA, shall be solely responsible for distribution of settlement proceeds upon the satisfaction of all conditions precedent.

7.      To facilitate the performance of BrownGreer's duties, as set forth above, all counsel shall cooperate with reasonable requests for information from BrownGreer.

8.      In connection with any authorized distribution made pursuant to the terms of the MSA, BrownGreer shall determine the amount of any common benefit assessment in accordance with this Court's Pretrial Order No. 24 (ECF No. 717) and shall, at the Court's or the Parties request, provide an accounting of the same.

2

9.      BrownGreer shall be responsible for coordination with and implementation of any settlement program design, allocation methodology, and settlement document(s) requirements of the Parties to the MSA. By way of example, this may include coordination and data administration; implementation, application, and generation of Registered Claimant's settlement offer *vis-à-vis* the Allocation Special Master methodology; building and transmitting a Settlement disclosure packet to Eligible Claimants, among other tasks. The Settlement Administrator shall work collaboratively with the Allocation Special Master to create and distribute a Settlement disclosure packet to Eligible Claimants, and on reviewing, and coordinating review of the information submitted by Eligible Claimants as part of the allocation methodology.

10.     BrownGreer shall use the information collected from the Claimants and counsel to perform eligibility determinations and qualify Eligible Claimants for participation in the Settlement Program consistent with the MSA.

11.     BrownGreer shall review all Claimant submissions and supporting records. BrownGreer shall provide Defendants with copies of all Claimant Releases and stipulations of dismissal, and hold such in trust pursuant to the MSA until such time as they should be released in accordance with the MSA.

12.     BrownGreer shall work with the Parties to design and implement fraud protection measures, including to identify and reject fraudulent claims.

13.     To facilitate the Parties' settlement, the Court will appoint an independent, third-party neutral to create an allocation methodology to calculate a settlement award for each Eligible Claimant. As more fully described in the joint motion the Court finds that Matt Garretson possesses the experience and qualifications that are appropriate and necessary to serve as Allocation Special Master and the Court hereby appoints Mr. Garretson as Allocation Special Master.

14.     As Allocation Special Master, Mr. Garretson shall be responsible for designing an allocation methodology which will be applicable to all Eligible Claimants. BrownGreer, pursuant to the MSA, shall apply the Allocation Special Master's allocation methodology to all Eligible Claimants to calculate each Eligible Claimant's settlement offer. The Allocation Special Master, pursuant to the MSA, shall review and approve BrownGreer's application of the allocation methodology and resulting Eligible Claimant settlement offer.

15.     Other than the payment obligation set forth in Article 9 of the MSA, the Philips Defendants, pursuant to the MSA, shall have no responsibility for any fees, expenses, or costs in connection with BrownGreer, the Allocation Special Master, or any other professional or process in connection with the administration of the Settlement.

16.     Consistent with the Parties' agreement, the Court appoints Judge Diane M. Welsh (ret.) as Settlement Special Master.

17.      Pursuant to the MSA, the Settlement Special Master is appointed to decide potential disputes between the Parties concerning the MSA.

18.     The parties agreed in the MSA that the Settlement Special Master's decisions over these disputes are final and non- reviewable or appealable.

19.     The Settlement Special Master shall serve until she certifies to the Court, after consultation with the Parties, that there are no further disputes that she will be asked to resolve in accordance with this appointment.

20.     The Settlement Special Master must maintain normal billing records of time spent on this matter with reasonably detailed descriptions of her activity, and she should incur only such fees and expenses as may be reasonably necessary to fulfill her duties under this Order and her agreement with the parties.

21.     Within seven days of the date of this Order, BrownGreer, the Settlement Special

Master, and the Allocation Special Master must file affidavits disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.

22.     The persons and entities appointed by this Order are permitted access to all information regarding all Claimants and plaintiffs in this MDL, may use such information as is necessary for the implementation of the Settlement, and shall maintain its confidentiality in accordance with any Order of this Court and otherwise applicable law.

23.     This Court retains continuing jurisdiction to enforce and resolve any dispute arising out of the MSA, including the services of the persons and entities appointed in this Order, until such time as all conditions to the Settlement have been satisfied and any filed cases have been dismissed.

**IT IS SO ORDERED.**

DATED: May 9, 2024

s/Joy Flowers Conti
_____
The Honorable Joy Flowers Conti
Senior United States District Judge
