**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Master Docket: Misc. No. **21-1230** |
| **PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | Transfer Case District of Puerto Rico Case No. **22-cv-1009** |

Plaintiff Fuentes Urgent Motion Objecting to the Removal or
Exclusion of Qualified Injury Claims Established by the FDA Under
Current Personal Injury Case Settlement Agreement

To The Court:

**Comes Now** Plaintiffs **Edwin Fuentes Vazquez & Brenda Hernaiz Trinidad**, both represented by the undersigned counsel who respectfully state and prays as follows:

1.  That the plaintiff's leadership announced that they had recently reached a settlement agreement with the defendants on behalf of All Personal Injury class Members filed under this case for the amount of 1.1 billion dollars to cover for all claims filed against them registered before the court on or before 29 April 2024.

2.  That the above styled plaintiffs have been a member of the said class since February 2022 and have since been under the jurisdiction of this MDL and have been under the authority of every order issued by this court after its transfer from its original venue in Puerto Rico. Moreover they have been duly represented in all MDL's proceedings by the elected Plaintiff's leadership in regards to personal injury cases.

3.  That No order of request for removal, exclusion, or dismissal against any personal injury claims or their limitation thereof has been presented by the Plaintiff's Leadership Attorneys to the court prior to the signing of the settlement agreement

ending all MDL filed claims against the Defendants; neither there exists an order decreed by this Court thereof.

4. That after reaching settlement the Plaintiff's Leadership Attorneys informed via email to all Personal Injury Plaintiffs that only a narrow list of "qualifying injuries" formed part of the settlement agreement; thereby excluding cases which cause of action I founded on injuries suffered from kidney or liver Cancer; in spite of the latter associated risks been announced by the FDA recall published on summer 2021.

5. That such a sudden and inexplicable actions of the Plaintiff's leadership arbitrarily excluded all registered defendant's who suffered kidney and liver cancer damage conditions, such as the case of our client Edwin Fuentes and others; arbitrarily denying Edwin Fuentes and others rights from collecting damages resulting from the personal injury settlement reached on behalf of all Plaintiff's.

6. That Plaintiff Fuentes objects and opposes the subjective and narrow scope or definition poorly assigned to the term "qualifying injuries" and requests an order from the court to include all conditions stated by the FDA recall letter of summer 2021 warning about the health risks linked or associated to the device's patient use including the risks of kidney and liver cancer.

7. Plantiff Fuentes asserts that the "qualifying conditions" should be as defined in the FDA recall letter issue on summer 2021 and Not the narrow self serving definition negligently adopted by the Plaintiff's leadership, inexplicably excluding plaintiff's they have been representing since their court's appointment. Hence the settlement agreement shall cover as qualifying injuries all the conditions as per defined by the

FDA recall letter; not just the ones the best exclusively serve some co-members of the personally injury class.  These conditions were listed by the FDA as follows:

**A.  Qualifying Respiratory Injuries**

- new or worsening asthma

- new or worsening COPD

- chronic bronchitis

- bronchiectasis

- sarcoidosis

- acute respiratory distress syndrome

- reactive airways dysfunction syndrome

- pulmonary fibrosis

- pneumonitis

- other interstitial lung disease

- other obstructive or restrictive lung disease

**B.     Qualifying Cancer Injuries**

- certain pathway cancers (oral cavity cancers; oropharynx cancer; nasal cavity/sinus cancer; nasopharynx cancer; larynx cancer; hypopharynx cancer; salivary cancer; esophageal cancers; thyroid cancers)

- lung cancer

- **kidney cancer**

- **liver cancer**

8. That the Settlement Class Representatives, Plaintiffs' Co-Lead Counsel / Proposed Settlement Class Counsel, Chair of Settlement Committee / Proposed Settlement Class Counsel, and Plaintiffs' Co-Liaison Counsel, after the proposed settlement and without consulting with the undersigning attorney, took it upon themselves to reduce or eliminate from the FDA qualified injuries list kidney and liver injury cases.

3

9.   That our office brought the matter forward to the leadership thru Christopher A. Seeger, Esquire, requesting a remedy for the narrow scope or arbitrary definition of qualifying injuries to no avail; informing that he and Plaintiffs' Co-Lead Counsel / Proposed Settlement Class Counsel committee (team) decided at some point not to represent kidney and liver cases. This decision not to represent kidney and liver cases should have been informed to all attorney's that represent clients of Kidney and liver claims; thru and order for case removal or dismissal of case which was never addressed to the Court or affected plaintiff's by the Plaintiff's leadership.

10.  That the actions of the Plaintiff's leadership are self serving only benefiting the clients they personally filed cases for; rather than duly representing the entire personal injury class which the court appointed to represent; violating their ethical duties of fiducia and transparency to our client and others similarly stood.

11.  The agreement in its current form also misrepresents defrauds the original expectations of the participating defendants that entered the agreement believing in good faith they were settling with All plaintiffs that had filed their cases to this court; not just an arbitrary selected few later determined in a self serving arbitrary manner closed doors by the Plaintiff's leadership; while excluding others members they were court appointed to represent.

12.  Therefore, it is respectfully requested that the Settlement Class Representatives, Plaintiffs' Co-Lead Counsel / Proposed Settlement Class Counsel, Chair of Settlement Committee / Proposed Settlement Class Counsel, and Plaintiffs' Co-

Liaison Counsel be ordered to include in the distribution of the settlement funds all qualifying injuries from the FDA list, which includes kidney and liver claims.

**Wherefore,** the Plaintiffs respectfully request that this Court grant the present motion and any such other relief this Court deems just, equitable and proper.

### Certificate of Service:

**I Hereby Certify** that on this same date a copy of the preceding document has been electronically filed with the Clerk of the Court using CM/ECF system, which will send notification to all interested parties.

**Respectfully submitted,** in Bayamon, Puerto Rico, today May 10, 2024.

*/s/Julio E. Gil de Lamadrid*
**JULIO E. GIL DE LAMADRID**
USDC-PR 126505
A-11 Granada St.
Reparto Alhambra
Bayamon PR 00957
Telephone: 787-786-7805
jgil@gildelamadrid-psc.com

*Of Counsel*

**GARRY JONES MARTINEZ**
PR BAR No. 16427
Bo. Barahona
250 Calle Guillermo Alicea
Morovis PR 00687
Telephone: 941-704-8103
joneslaw09@yahoo.com