**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
*Pittsburgh Division*

| | |
|---|---|
| **In re: PHILIPS RECALLED CPAP, Bi-Level PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to:<br><br>*King v. Koninklijke Philips, N.V., et al.*<br>Case No. 2:23-cv-02040-JFC | Case No. **2:21-mc-01230-JFC**<br><br>MDL No. 3014<br><br>Judge **JOY FLOWERS CONTI** |

<u>**_PRO SE_ PLAINTIFF DERRICK MARTIN KING'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EDWIN FUENTES VASQUEZ AND PLAINTIFF BRENDA HERNAIZ IN OBJECTING TO PERSONAL INJURY SETTLEMENT AGREEMENT AND PLAINTIFF KING'S MOTION TO REJECT THE PERSONAL INJURY SETTLEMENT AGREEMENT**</u>

<u>**TABLE OF CONTENTS**</u>

**TABLE OF CONTENTS** ................................................................................ i

**TABLE OF AUTHORITIES** ...................................................................... iii

**INTRODUCTION** ...................................................................................... 1

**STATEMENT OF RELEVENT FACTS** ..................................................... 1

      A.     The Short Form Complaint for Personal Injuries Required Each
             Individual Plaintiff to Select from a List of Injuries. ................................. 1

      B.     The Parties File Notice of Private Settlement Program to Resolve
             the Personal Injury Claims. ......................................................... 2

            1.     *The terms of the master settlement agreement limits*
                      *the settlement to plaintiffs who allege certain*
                      *injuries (and excludes other personal injuries* .................... 2

            2.     *At the request of the parties, this Court entered an*
                      *Identification Order and a Docket Management*
                      *Order for Claims of Litigating Plaintiffs.* ........................... 4

**ARGUMENT** ............................................................................................. 13

*PLAINTIFF KING STATES THAT HE IS IN AGREEMENT WITH THE ARGUMENTS PRESENTED BY
PLAINTIFFS EDWIN FUENTES VASQUEZ AND BRENDA HERNAIZ TRINIDAD.* ........................................ 13

*THIS COURT'S ENTRY OF THE IDENTIFICATION ORDER AND DOCKET MANAGEMENT ORDER ARE
PREMATURE AND SHOULD BE VACATED UNTIL A FINAL FAIRNESS HEARING IS SCHEDULED AND
PARTIES MAY FILE OBJECTIONS TO CERTIFICATION OF A PROPOSED CLASS AND ADOPTION OF
THE MASTER SETTLEMENT AGREEMENT.* .......................................................................... 13

      A.     Governing Law. ................................................................... 13

      B.     Reasons Why the Proposed Settlement Agreement for Personal
             Injury Claimants Should be Rejected. ....................................... 15

            1.     *The Master Settlement Agreement is not consistent*
                      *with the required fairness and adequacy standards*
                      *for class action and mass tort litigation.* ........................ 15

            2.     *The PNC and counsel for the Philips Defendants*
                      *are attempting to avoid class certification, which*
                      *triggers a final fairness hearing before adoption of*
                      *the master settlement agreement that would force a*

*number of plaintiffs to either find new counsel or*
*proceed pro se.*................................................................. *17*

**CONCLUSION** .............................................................................. **17**

**CERTIFICATE OF SERVICE** ........................................................... **18**

# TABLE OF AUTHORITIES

## Cases

*Amchem Products, Inc. v. Windsor,*
  521 U.S. 591 (1997)..................................................................................... 16

*Erie County Retirees Ass'n v. The County of Erie,*
  192 F.Supp.2d 369 (W.D. Pa. 2002).......................................................... 15

*Girsh v. Jepson,*
  521 F.2d 153 (3rd Cir.1975) ...................................................................... 14

*In re AT & T Corp.,*
  455 F.3d 160 (3rd Cir. 2006) ..................................................................... 14

*In re Cendant Corp. Litig.,*
  264 F.3d 201 (3rd Cir. 2001),
  *cert. denied sub nom. Mark v. California Public Employees' Retirement Sys.,* 535 U.S.
  929 (2002)........................................................................................... 13, 15

*In re Cincinnati Radiation Litigation,*
  1997 U.S. Dist. LEXIS 12960, 1997 WL 1433832 (S.D. Ohio Aug 4, 1997) ...................... 16

*In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions,* 148 F.3d 283
  (3rd Cir. 1998) ..................................................................................... 14, 15

*In re World Trade Center Disaster Site Litigation,*
  834 F. Supp.2d 184 (S.D.N.Y. 2011) .......................................................... 17

*Ortiz v. Fibreboard Corp.,*
  527 U.S. 815 (1999)..................................................................................... 16

## Court Rules

Fed.R.Civ.P. 23 ............................................................................................... 16

Fed.R.Civ.P. 23(b)(1)(B) ............................................................................. 16

Fed.R.Civ.P. 23(b)(3) .................................................................................. 16

Fed.R.Civ.P. 23(e) ....................................................................................... 13

Fed.R.Civ.P. 23(e)(2) .................................................................................. 13

## INTRODUCTION

On May 10, 2024, Plaintiffs Edwin Fuentes Vasquez and Brenda Hernaiz Trinidad, through his counsel, filed a motion objecting to certain exclusion of qualified injury claims established by the Food and Drug Administration that is in the proposed current personal injury settlement agreement (ECF No. 2780). *Pro se* Plaintiff Derrick Martin King ("Plaintiff King") joins in objecting to the settlement agreement. In addition, Plaintiff King submits his own objections and requests that this Court reject the settlement agreement and direct the parties to renegotiate the agreement to include **ALL** personal injuries listed in the Short Form Complaint for Personal Injuries. Plaintiff King also moves that this Court vacate its docket management order for claims of litigating plaintiffs (ECF No. 2769) and the identification order (ECF No. 2770).

## STATEMENT OF RELEVENT FACTS

A.    The Short Form Complaint for Personal Injuries Required Each Individual
      Plaintiff to Select from a List of Injuries.

Each of the Master Long Form Complaint for Personal Injuries (ECF No. 695, ECF No. 834, and ECF No. 2505) included an attachment which contained the Short Form Complaint for Personal Injuries (ECF No. 695-1, ECF No. 834-1, and ECF No. 2405-1). The Short Form Complaint for Personal Injuries required each individual personal injury complaint to select from a list of the following injuries:

- COPD (new or worsening);

- Asthma (new or worsening);

- Pulmonary Fibrosis;

- Other Pulmonary Damage/Inflammatory Response;

- Cancer (specify cancer);

- Kidney Damage;

- Liver Damage;

- Heart Damage;

- Death; and

- Other (specify).

*See Plaintiff's Short Form Complaint for Personal Injuries,* at ¶ 8 (the complaint form is annexed

herein and marked as Exhibit A).[1]

      B.    The Parties File Notice of Private Settlement Program to Resolve the Personal Injury Claims.

          1.    *The terms of the master settlement agreement limits the settlement to plaintiffs who allege certain injuries (and excludes other personal injuries.*

On May 9, 2024, Plaintiffs and the Philips Defendants file with the Court a Joint Notice of

Filing (ECF No. 2768) stating that:

> Plaintiffs' leadership and the Philips Defendants are pleased to announce that they have entered a Personal Injury Master Settlement Agreement ("MSA") that establishes a $1.075 billion private settlement program to resolve all personal injury claims of Eligible Claimants with a Qualifying Injury. A copy of the MSA is attached to this notice and is available on the website of the Settlement Administrator, MDLCentrality.com/CPAP, and will be publicly available at RespironicsPISettlement.com.

ECF No. 2768. The opening paragraphs of the MSA (ECF No. 2768-1) state as follows:

> This Personal Injury Master Settlement Agreement (the "MSA"), dated May 9, 2024, is between the undersigned counsel for Plaintiffs ("Plaintiffs' Negotiating Counsel" or the "PNC"), on the one hand, and Defendants Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding

---

[1] Plaintiff King's Short Form Complaint for Personal Injuries (ECF No. 2438) and Plaintiff King's First Amended Short Form Complaint for Personal Injuries (ECF No.) both allege that Plaintiff King suffered from heart damage and other (required use of blood thinners for the remainder of his life). See Plaintiff King's Short Form Complaint for Personal Injuries (ECF No 2438 at ¶ 8); Plaintiff King's Amended Short Form Complaint for Personal Injuries (ECF No. 2739 at ¶ 8).

> Corporation (collectively, the "Philips Defendants"), on the other. The Philips Defendants and the PNC are each a "Party," and, collectively, are the "Parties."

> This MSA reflects the terms of a private settlement program (as defined below, the "Program") intended to resolve the claims or potential claims of all United States Citizens or Residents who have a Qualifying Injury and who allege that they sustained such Qualifying Injury from (i) use of one or more of the Recalled Devices, and/or (ii) any asserted defects, delays or inadequacies relating to the Philips RS recall programs.

ECF No. 2768-1 at 1.

> Under Paragraph G of the Recitals, the MSA states the following:

> The Program is intended to resolve all claims or potential claims of Eligible Claimants who allege any injury the undersigned counsel for Plaintiffs believe can be sustained. Based on their assessment, the remaining injuries (i.e., Nonqualifying Injuries, which are not part of the Settlement or the Program) will not be pursued going forward by the undersigned counsel for Plaintiffs

(ECF No. 2768-1 at 3, ¶ G). In addition, the proposed MSA defines an "eligible claimant" as:

> . . . a United States Citizen or Resident who, as of the applicable Identification Order Declaration Deadline, alleges a Qualifying Injury caused by their use of one or more Recalled Devices and/or any asserted defects, delays or inadequacies relating to the Philips RS recall programs, and either (i) retained counsel on or before April 29, 2024 and is included on an Identification Order Declaration alleging a Qualifying Injury by the applicable Identification Order Declaration Deadline, or (ii) is a pro se plaintiff who has filed a Personal Injury Claim or Claims in the MDL Court or Massachusetts Court alleging a Qualifying Injury or submits an Identification Order Declaration alleging a Qualifying Injury by the applicable Identification Order Declaration Deadline.

(ECF No. 2768-1 at 4). The MSA also defines an Ineligible Claimant as:

> . . . anyone who is not an Eligible Claimant. An Ineligible Claimant is not entitled to participate in or receive any benefits under the Settlement or the Program unless both Plaintiffs' Negotiating Counsel and the Philips Defendants agree to deem that person an Eligible Claimant (e.g., allowing for the untimely submission of an Identification Order Declaration and/or an untimely submission of a Registration), in which case that person will be considered an Eligible Claimant for all purposes.

(*Id.*).

The MSA defines "Qualifying Injury" as "either a Qualifying Respiratory Injury or a Qualifying Cancer" (*Id.*). The Qualifying Respiratory Injury and Qualifying Cancer is defined by the MSA as follows:

> **Qualifying Respiratory Injury** means, as demonstrated through proof of diagnosis or treatment, respiratory impairment (e.g., new or worsening asthma, new or worsening COPD, chronic bronchitis, bronchiectasis, sarcoidosis, acute respiratory distress syndrome, reactive airways dysfunction syndrome, pulmonary fibrosis, pneumonitis, other interstitial lung disease, other obstructive or restrictive lung disease).

> **Qualifying Cancer** means one of the following, as demonstrated through proof of diagnosis or treatment: lung cancer; certain blood cancers (acute myeloid leukemia (AML), chronic myeloid leukemia (CML), or mucosa associated lymphoid tissue (MALT) of the air-pathway lymphoid tissue); or ENT/pathway cancers (e.g., oral cavity cancers; oropharynx cancer; nasal cavity/sinus cancer; nasopharynx cancer; larynx cancer; hypopharynx cancer; salivary cancer; esophageal cancers; thyroid cancers).

(*Id.*).

> 2.     *At the request of the parties, this Court entered an Identification Order and a Docket Management Order for Claims of Litigating Plaintiffs.*

On May 9, 2024, this Court entered a Docket Management Order for Claims of Litigating Plaintiffs (ECF No. 2769). The opening paragraphs of this Order stated as follows:

> This Case Management Order (the "Order") applies to all Litigating Plaintiffs, who are defined as individuals asserting Personal Injury Claims against one or more of the Philips Defendants who do not register for the Settlement Program by the Registration Deadline set forth in the May 9, 2024 Master Settlement Agreement ("MSA").1 An individual who has asserted such claims on or prior to the Registration Deadline becomes a Litigating Plaintiff as of the Registration Deadline. An individual who first asserts such claims after the Registration Deadline becomes a Litigating Plaintiff as of the date of the filing of such claims.

> Consistent with the Court's inherent authority to manage these proceedings, and in light of the Settlement Program agreed to after years of litigation and complex and extensive discovery and motion practice before this Court and the Special Masters, the Court finds it appropriate at this time to exercise its discretion to enter this Order to fairly, effectively and efficiently manage the cases of any Litigating Plaintiffs. This Order requires all Litigating Plaintiffs to produce certain specified information regarding their claim(s), including medical records and evidence relating to device

usage, their alleged injury(ies), and causation, and provides deadlines to meet those requirements prior to further proceedings, including any further discovery, motion practice, or trial on the merits. Litigating Plaintiffs shall be bound by the requirements of this Order and shall fully comply with all obligations required by this Order. The Court expects complete and full compliance with this Order and reserves its ability to dismiss a Litigating Plaintiff's case with prejudice for failure to adhere to the terms of this Order.

*May 9, 2024 Docket Management Order* (ECF No. 2769 at 1-2).

The Court then went into a brief history of this litigation and the status of the proceedings.

The Court also ordered the following:

9.     So as to afford plaintiffs the opportunity to consider the Settlement Program, and to ensure the orderly and effective administration of the Settlement Program, all deadlines for the Personal Injury and Medical Monitoring Tracks set in this Court's Order of April 16, 2024 (ECF No. 2727) are hereby vacated. Further, absent agreement of the Philips Defendants and Plaintiffs' Negotiating Counsel, all Personal Injury Claims against one or more of the Philips Defendants are hereby stayed through and including the Registration Deadline.

10.    If after the Registration Deadline, any cases remain for which a Litigating Plaintiff has moved to remand to state court, the Court will set a schedule for those motion(s), including oral argument, following the Registration Deadline.

11.    In light of the withdrawal of the Philips Defendants from the Census Registry Program Agreement and the termination of the Census Registry Program, the Clerk is hereby directed to remove the Census Registry Program Agreement from the Court's website.

*May 9, 2024 Docket Management Order for Claims of Litigating Plaintiffs* (ECF No. 2769 at 5-6).

This Court ordered any litigating plaintiffs to produce certain information regarding their claims, including:

15.    All Litigating Plaintiffs shall serve the following documents and/or information upon counsel for Defendants within the timeframe provided in Section V. All Litigating Plaintiffs' productions shall comply with the search, production, and certification requirements of Pretrial Order No. 18 (ECF No. 660).

a.    Litigating Plaintiffs' Production Requirements

i.    All disclosures required by Fed. R. Civ. P. 26(a)(1).

ii.    Litigating Plaintiff Fact Sheet. Each Litigating Plaintiff must prepare and submit to Defendants a Fact Sheet and all accompanying authorizations for the release of records, in the forms attached to the Litigating Plaintiff Fact Sheets, signed under penalty of perjury.

iii.    Medical Records. All medical records relating to the Litigating Plaintiff from any time before, during and after the Litigating Plaintiff's use of the Recalled Device, including mental health records if Litigating Plaintiff alleges an injury related to mental health.

iv.    Autopsy Reports and Death Certificates. For all Litigating Plaintiffs alleging death, all autopsy reports regarding the deceased, as well as any accompanying notes or records.

v.    Records Relating to Use of the Recalled Device and any CPAP, BiPAP, or mechanical ventilator acquired to replace the Recalled Device (a "Replacement Device"). All documents evidencing any use (or non-use) of the Recalled Device or Replacement Device, including but not limited to DreamMapper data, photos, videos, messages, emails, chats, social media, materials indicating instructions or habits with respect to cleaning the Recalled Device or Replacement Device, or other communications relating to the use or non-use of the Recalled Device or Replacement Device.

vi.    Record Collection Production. The Litigating Plaintiff and his/her counsel shall affirmatively collect and produce such records from all available sources in the Litigating Plaintiff's possession, custody, or

control, which includes but is not limited to any relevant records that can be collected from the Litigating Plaintiff's medical facilities and health care providers that treated the Litigating Plaintiff. Counsel for the Litigating Plaintiff (or the pro se Litigating Plaintiff) shall be responsible for submitting necessary authorizations or other requests required to obtain the Litigating Plaintiff's medical records, personnel files and other documents required by this Order. Because of the need to ensure timely and thorough collection and production and review of all relevant records by the parties, a Litigating Plaintiff and his/her counsel, if any, must both collect and produce records and provide authorizations in order to comply with this Order.

vii.    Declaration. A Declaration under penalty of perjury signed by the Litigating Plaintiff's counsel attesting (i) that the Litigating Plaintiff has provided a Litigating Plaintiff Fact Sheet, executed under penalty of perjury; (ii) that all available records in the Litigating Plaintiff's possession, custody or control described in the foregoing sections have been collected and produced; (iii) that the Litigating Plaintiff's production complies with all of the requirements of Pretrial Order No. 18; and (iv) that counsel has met with the Litigating Plaintiff, personally investigated the merit of Litigating Plaintiff's claim(s) and satisfied himself or herself that the claim(s) is/are meritorious, and discussed with the Litigating Plaintiff their claims and likelihood of success. If any of the documents or records described in the foregoing sections do not exist or exist but cannot be obtained, the signed affidavit by the Litigating Plaintiff's counsel shall state that fact and the reasons why such materials do not exist or cannot be obtained, and shall provide a "No Records Statement" from each records custodian (or proof of return to sender from the United States Postal Service if the last

known address of the medical provider is no
longer valid).

b.     Litigating Plaintiffs' Proof of Injury Requirements

16.    All Litigating Plaintiffs shall serve upon Defendants, within the timeframe
provided in Section V, all medical records that document the Litigating
Plaintiff's alleged diagnosis and related injuries, including but not limited
to a contemporaneous statement from the diagnosing physician that the
Litigating Plaintiff was diagnosed with the alleged injury, all diagnostic
reports, x-rays, CT scans, PET scans, laboratory reports, treatment plans,
Emergency Room and Urgent Care records, and pharmaceutical records.

c.     Litigating Plaintiffs' Expert Reports

17.    All Litigating Plaintiffs shall serve upon counsel for Defendants, within the
timeframe provided in Section V, expert report(s) in compliance with
Federal Rule of Civil Procedure 26, including, but not limited to, on the
following topics:

i.     an opinion that the Litigating Plaintiff has a
specified personal injury both generally and
specifically caused by a Recalled Device, and
how the Recalled Device both generally and
specifically caused such Litigating Plaintiff's
alleged personal injury;

ii.    an opinion ruling out alternative causes for
the Litigating Plaintiff's alleged personal
injury;

iii.   a detailed description of facts, medical and
scientific literature, testing, and any other
authorities relied upon by the expert to
support such opinions;

iv.    a description of all of the Litigating
Plaintiff's alleged damages; and

v.     a complete set of records relied upon in
forming the expert's opinions, including any
medical records and test results.

18.    Form or template reports are not permitted and will be stricken by the Court.

*May 9, 2024 Docket Management Order for Claims of Litigating Plaintiffs* (ECF No. 2769 at 7-

11). With regard to compliance deadlines and consequences, this Court ordered the following:

a. Deadline

19. The items required by Section IV shall be produced no later than 60 days after the date on which an individual becomes a Litigating Plaintiff, except that expert reports shall be produced no later than 90 days after such date.

b. Failure to Comply

20. The Court has entered this Order establishing requirements and setting deadlines for the purpose of ensuring that further pretrial litigation against the Defendants in this mature MDL will progress as smoothly and efficiently as possible. Should any Litigating Plaintiff fail to fully comply with the obligations of this Order, such Litigating Plaintiff's case is subject to dismissal with prejudice.

21. In the event any Litigating Plaintiff fails to fully comply with the requirements of this Order, Counsel for Defendants shall notify the Court of the alleged deficiencies, and the Court shall enter an Order to Show Cause why the Litigating Plaintiff's case should not be dismissed with prejudice. Counsel for Litigating Plaintiffs (or, if unrepresented, the pro se Litigating Plaintiffs) shall have 21 days to respond to said Order to Show Cause. If any of the Litigating Plaintiffs fail to cure the deficiencies or show good cause why their case should not be dismissed with prejudice within 21 days of the entry of the Order to Show Cause, those Litigating Plaintiffs' claims will be dismissed with prejudice.

*May 9, 2024 Docket Management Order for Claims of Litigating Plaintiffs* (ECF No. 2769 at 7-11).

Finally, this Court ordered certain case-specific discovery and motion practice for individual litigating plaintiffs:

22. If a Litigating Plaintiff provides all the materials contemplated by this Order, the Court shall set further deadlines for management of the case, including deadlines (i) for Defendants' expert reports on general causation, (ii) for motion practice on general causation, including under Rule 702, (iii) for additional case-specific discovery following decision(s) on general causation, and (iv) for motion practice on remaining issues, including specific causation and summary judgment.

23. Based upon the outcome of these motions, if appropriate, the Court will set Case Management Conferences to determine whether any non-duplicative discovery, including additional expert disclosures, is necessary and to discuss other case management issues. The filing and briefing of summary judgment motions and Rule 702 motions (which the Court will schedule)

shall not prejudice or otherwise foreclose the opportunity for any party to file later, non-duplicative summary judgment and Rule 702 motions after completing any additional discovery. Any party seeking to file non-duplicative dispositive motions, including motions related to personal jurisdiction, must first file a motion seeking to file the non-duplicative dispositive motions and requesting a Case Management Conference. At the Case Management Conference, the Court, if the motion to file non-duplicative dispositive motions is granted, will set deadlines for filing and responding to such motions. The filing of serial summary judgment motions is disfavored by the Court.

24.    Upon the expiration of the Registration Deadline, counsel for the Philips Defendants shall promptly notify the Court that the deadline for registration in the Settlement Program has expired and shall request a conference with the Court within 60 days thereafter.

*May 9, 2024 Docket Management Order for Claims of Litigating Plaintiffs* (ECF No. 2769 at 12-13).

The parties requested and on May 9, 2024, this Court entered an Identification Order (ECF No. 2770). The Order "requires (i) all Primary Counsel for all Eligible Claimants and (ii) all Pro Se Eligible Claimants, to provide certain information **within 30 days of this Order, i.e., no later than June 10, 2024** (the "Identification Order Deadline"). *Id.* at 1 (emphasis original, footnote omitted).

The May 9, 2024 Identification Order required counsel and *pro se* litigants to perform certain actions:

Each counsel shall take any and all steps necessary by the Identification Order Deadline to identify all Eligible Claimants for whom they are Primary Counsel, **whether claims or potential claims with respect to those Eligible Claimants have been filed in suit, asserted on the Census Registry, or otherwise.** Each Primary Counsel shall also submit the information set forth below concerning all their Eligible Claimant clients by the Identification Order Deadline.

Similarly, *Pro Se* Eligible Claimants, whether claims or potential claims with respect to those *Pro Se* Eligible Claimants have been filed in suit, asserted on the Census Registry, or otherwise, shall submit the information set forth below concerning their own claim(s) by the Identification Order Deadline.

> ***Complete, accurate, and timely submission of this information is a requirement not only of this Order but also to participate in the Settlement Program described in the MSA.***

*May 9, 2024 Identification Order* (ECF No. 2770 at 1-2) (emphasis original).

With respect to the service of identification order declarations of claimants that are eligible to participate in the private settlement program, this Court ordered the following:

> All counsel must submit an Identification Order Declaration via MDL Centrality, executed under penalty of perjury, that identifies all of that counsel's Eligible Claimants for whom they are Primary Counsel and affirms under penalty of perjury that the Identification Order Declaration includes all of the Primary Counsel's Eligible Claimant clients. The Identification Order Declarations shall be in substantially the form set forth in Exhibit "A" attached hereto and shall include in Excel format, for each Eligible Claimant, the following information:

- the name of the Eligible Claimant;

- the Eligible Claimant's complete social security number;

- the address of the Eligible Claimant;

- the Eligible Claimant's email address, if any;

- the Eligible Claimant's date of birth;

- the Eligible Claimant's Qualifying Injury;

- the docket number, if a case has been filed for the Eligible Claimant; and • the MDL Centrality Plaintiff ID number (if the Eligible Claimant has ever registered via MDL Centrality).

> Through the Identification Order Declarations, all Primary Counsel shall certify, under penalty of perjury, that they have identified all Eligible Claimants for whom they serve as Primary Counsel. That identification obligation applies (i) regardless of whether the Eligible Claimant intends to participate in the Settlement Program set forth in the MSA, and (ii) regardless of whether the Eligible Claimant's claims or potential claims have been filed in suit, asserted on the Census Registry, or otherwise.

> **All Primary Counsel shall identify all Eligible Claimants they represent.** Only Eligible Claimants must be identified, and Primary Counsel shall not identify Ineligible Claimants (i.e., claimants alleging only Nonqualifying Injuries).

11

*Pro Se* Eligible Claimants must submit an Identification Order Declaration, executed under penalty of perjury, with the same information set forth above concerning their own claims or potential claims. For all *Pro Se* Eligible Claimants, the Identification Order Declarations shall be in substantially the form set forth in Exhibit "B" attached hereto.

Technical Support is available from MDL Centrality by phone at (888) 361-0741 or by email at MDLCentrality@browngreer.com.

Counsel and *Pro Se* Eligible Claimants have an ongoing duty to update all of the information required by this Order including, for example, when the personal information for an Eligible Claimant is incorrect or outdated. Any updated information must be served within fourteen (14) days of learning of such updated information, and shall be served through MDL Centrality.

All Identification Order Declarations are hereby designated as "Confidential" under the Amended Stipulated Protective Order entered in this matter (ECF No. 765). There is no need or requirement for the Identification Order Declarations to be separately marked as "Confidential" in order for them to receive Confidential treatment under the Amended Stipulated Protective Order.

*May 9, 2024 Identification Order* (ECF No. 2770 at 2-4). Finally, this Court set forth a deadline

and consequences for failure to comply with the Order:

Each Identification Order Declaration required under this Order shall be submitted via MDL Centrality no later than the Identification Order Deadline. The timely submission of complete and accurate Identification Order Declarations is critical to the effective administration of the Settlement Program and to the Court's management of its docket. Failure by Primary Counsel or *Pro Se* Eligible Claimants to comply with the terms of this Order will be a violation and shall be subject to sanctions, including sanctions of Primary Counsel.

In the event any Primary Counsel or Pro Se Eligible Claimant fails to fully comply with the requirements of this Order, Counsel for Defendants shall notify the Court of the alleged violations, and the Court shall enter an Order to Show Cause why the Primary Counsel or *Pro Se* Eligible Claimant should not be sanctioned. Said Primary Counsel or *Pro Se* Eligible Claimant shall have 21 days to respond to the Order to Show Cause. If the Primary Counsel or *Pro Se* Eligible Claimant fails to cure the violations or show good cause why they should not be sanctioned within 21 days of the entry of the Order to Show Cause, the Court may impose appropriate sanctions, including dismissal with prejudice, or other penalties on the Primary Counsel or *Pro Se* Eligible Claimant.

(ECF No. 2770 at 4).

## ARGUMENT

*PLAINTIFF KING STATES THAT HE IS IN AGREEMENT WITH THE ARGUMENTS PRESENTED BY PLAINTIFFS EDWIN FUENTES VASQUEZ AND BRENDA HERNAIZ TRINIDAD.*

Plaintiff King states that he is in agreement with the arguments set forth in Plaintiffs Edwin Fuentes Vasquez and Brenda Hernaiz Trinadad in their motion (ECF No. 2780) for the reasons stated in the Motion. At a bare minimum, this Court needs to schedule a hearing to determine whether lead counsel for Plaintiffs considered the arguments set forth by counsel for Plaintiff Vasquez and Plaintiff Trinadad.

*THIS COURT'S ENTRY OF THE IDENTIFICATION ORDER AND DOCKET MANAGEMENT ORDER ARE PREMATURE AND SHOULD BE VACATED UNTIL A FINAL FAIRNESS HEARING IS SCHEDULED AND PARTIES MAY FILE OBJECTIONS TO CERTIFICATION OF A PROPOSED CLASS AND ADOPTION OF THE MASTER SETTLEMENT AGREEMENT.*

A.    Governing Law.

Under Federal Rule of Civil Procedure 23(e), district courts are instructed that a class action may not be dismissed or compromised without the approval of the Court and notification to all class members. Fed.R.Civ.P. 23(e). This requires a district court to "independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished." *In re Cendant Corp. Litig.,* 264 F.3d 201, 231 (3rd Cir. 2001), *cert. denied sub nom. Mark v. California Public Employees' Retirement Sys.,* 535 U.S. 929 (2002) (citation omitted). A district court may only approve the settlement of a class action if the settlement is "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2). In determining whether a proposed class action settlement is fair, reasonable and adequate, courts in this circuit have traditionally considered the criteria set forth in *Girsh v. Jepson,* 521 F.2d 153, 157 (3rd Cir.1975). These nine factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the

risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation. *Id.*

The *Girsh* factors are not exhaustive, however, and the Third Circuit has advised that, "because of a 'seachange in the nature of class action'" since *Girsh* was decided in 1975, district courts should also consider other potentially relevant and appropriate factors." *In re AT & T Corp.,* 455 F.3d 160, 165 (3rd Cir. 2006) (*citing In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions,* 148 F.3d 283, 323 (3rd Cir. 1998)). These may include, for example:

> [T]he maturity of the underlying substantive issues, as measured by the experience in adjudicating individual actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages; the existence and probable outcome of claims by other classes and subclasses; the comparison between the results achieved by the settlement for individual class or subclass members and the results achieved-or likely to be achieved-for other claimants; whether class or subclass members are accorded the right to opt out of the settlement; whether any provisions for attorneys' fees are reasonable; and whether the procedure for processing individual claims under the settlement is fair and reasonable.

*Id.* (citations omitted). The proponents of the settlement bear the burden of proving that these factors weigh in favor of approving the settlement. *Erie County Retirees Ass'n v. The County of Erie,* 192 F.Supp.2d 369, 373 (W.D. Pa. 2002) (*citing In re Cendant Corp. Litigation,* 264 F.3d at, 232).

14

B.   Reasons Why the Proposed Settlement Agreement for Personal Injury
Claimants Should be Rejected.

1.   *The Master Settlement Agreement is not consistent with the
required fairness and adequacy standards for class action
and mass tort litigation.*

This settlement should be rejected and the parties should be directed to renegotiate to

provide an agreement that will compensate ALL personal injury plaintiffs alleging damages from

the use of a recalled Philips Respironics device. Lead counsel for the Plaintiffs has engaged in a

process of only providing for compensation for a select number of plaintiffs (and drastically

limiting the other plaintiffs' ability to continue their cases). In addition, the Plaintiffs Leadership

Counsel has not provided any of the common-benefit discovery to any of the Plaintiffs.[2]

In 1997 the Supreme Court held, in *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 622-

25 (1997) that a proposed class of present and future asbestos claimants could not be certified as

an opt-out class under Federal Rule of Civil Procedure 23(b)(3). The justices concluded that the

claims were too disparate and "sprawling" to be joined in a single representative class action. *Id.*

521 U.S. at 624-28. Two years later, the Court decided *Ortiz v. Fibreboard Corp.,* 527 U.S. 815,

864-65 (1999), the justices again rejected an asbestos class settlement. In *Ortiz,* the Court held that

the settlement failed to satisfy Rule 23(b)(1)(B) standards for certification of asbestos claims

against a single corporate defendant. *Id.,* 527 U.S. at 851. Specifically, the settling parties had

failed to show, as required under Rule 23, that the defendant had limited funds to pay the

aggregated claims.

_____

[2] As this Court is aware, Plaintiff King tried to obtain the discovery. *See* Plaintiff King's January
4, 2024 motion to compel discovery (ECF No. 2412). On February 29, 2024, this Court denied
Plaintiff King's motion (ECF No. 2547 memorandum opinion; ECF No. 2548 order of the Court).

Even if a mass tort case is not certified as a class action, district court judges must ensure that the rights of the plaintiffs are protected. In the case of *In re Cincinnati Radiation Litigation,* 1997 U.S. Dist. LEXIS 12960, 1997 WL 1433832 (S.D. Ohio Aug 4, 1997), the parties filed a motion to certify a class and approve a settlement. Judge Sandra Beckwith concluded that the proponents of the settlement agreement have not demonstrated that all of the requirements for certification have been met, the court denied the motion to certify the class and approve the settlement agreement. In addition, In the case of *In re World Trade Center Disaster Site Litigation,* 834 F. Supp.2d 184 (S.D.N.Y. 2011), Judge Alvin K. Hellerstein noted that there 10,500 cases filed in this Court by the responders to the events of September 11, 2001 (including the policemen, firemen, medical personnel, construction workers, and volunteers who conducted the search, rescue and clean-up operations in the World Trade Center sites). Following enactment of Federal legislation, Congress established "insurance" mechanisms and appropriated $ 1 billion dollars to the Federal Emergency Management Agency to cover claims arising from debris removal at the World Trade Center. *Id.,* 834 F. Supp.2d at 185-186.

Judge Weinstein noted the following:

> On March 19, 2010, Liaison Counsel for Plaintiffs and Defendants announced that they had come to an agreement, the Settlement Process Agreement. However, my study of the settlement caused me to reject it, as not fair and adequate, and for providing too much money for the lawyers, for reserving too much money for unlikely claims in the future, and for providing too little money for the settling Plaintiffs, and because its terms were unfair and purported to be judicially unreviewable and unaccountable. See Transcript of Status Conference of March 19, 2010 at 54-64, *In re World Trade Center Disaster Site Litig.,* 21 MC 100 (Doc. No. 2037) (S.D.N.Y. March 19, 2010).

*Id.,* 834 F. Supp.2d at 188.

> 2. *The PNC and counsel for the Philips Defendants are attempting to avoid class certification, which triggers a final fairness hearing before adoption of the master settlement agreement that would force a number of plaintiffs to either find new counsel or proceed pro se.*

Plaintiffs Negotiating Counsel and counsel for the Philips Defendants are attempting to enter into a master settlement agreement without certification of a class action which includes all personal injury claimants. The Master Settlement Agreement includes a provision that requires ineligible claimants to obtain new counsel or proceed pro se. For this reason, the proposed master settlement agreement should be rejected until this Court allows any plaintiff to lodge an objection.

Lead Counsel for Plaintiffs should be required to file a motion for class certification, have the Court schedule a final fairness hearing, and certify a class that includes **ALL** personal injury plaintiffs. At a bare minimum, this Court should permit any plaintiffs who are unsatisfied with the proposed master settlement agreement to lodge an objection.

## **CONCLUSION**

Plaintiff King has clearly demonstrated that the May 9, 2024 Docket Management Order for Litigating Plaintiffs (ECF No. 2769) and the May 9, 2024 Identification Order (ECF No. 2770) should be vacated until after a final fairness hearing and an opportunity for parties to lodge objections. Plaintiff King has demonstrated that the proposed master settlement agreement must be rejected and the parties directed to renegotiate and include **ALL** personal injury plaintiffs who can demonstrate that (1) they were users of a Philips Respironics device that was subsequently recalled; and (2) they suffered a personal injury that can be verified by documented medical evidence.

For the reasons stated herein, Plaintiff King prays the Court grant the relief requested herein.

Date: *May 20, 2024.*

Respectfully Submitted,

17

*Derrick Martin King*

**DERRICK MARTIN KING**
1445 Crestview Avenue
Akron, Ohio 44320-4049
Phone: (330) 867-3979
Email: dmking12370@hotmail.com

*Pro se Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed via the

Court's CM/ECF system. Parties and all counsel of record may access and download the filing

via the CM/ECF system or via MDL Centrality.

Date: *May 20, 2024.*

*Derrick Martin King*

**DERRICK MARTIN KING**
1445 Crestview Avenue
Akron, Ohio 44320-4049
Phone: (330) 867-3979
Email: dmking12370@hotmail.com

*Pro se Plaintiff*



PLAINTIFF'S EXHIBIT

A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : | **Master Docket: Misc. No. 21-mc-1230-JFC** |
| | : | **MDL No. 3014** |
| | : | |
| This Document Relates to: | : : : | **SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL** |

Plaintiff(s) incorporate(s) by reference the Second Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

I. **DEFENDANTS**

1.  Plaintiff(s) name(s) the following Defendants in this action:

   ☐ Koninklijke Philips N.V.

   ☐ Philips North America LLC.

   ☐ Philips RS North America LLC.

☐ Philips Holding USA Inc.

☐ Philips RS North America Holding Corporation.

☐ Polymer Technologies, Inc.

☐ Polymer Molded Products LLC.

## II.     PLAINTIFF(S)

2.     Name of Plaintiff(s):

_____

3.     Name of spouse of Plaintiff (if loss of consortium claim is being made):

_____

4.     Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

_____

5.     State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

_____

## III.     DESIGNATED FORUM

6.     Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

_____

2

## IV.    USE OF A RECALLED DEVICE

7.    Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ *E30 (Emergency Use Authorization)* | ☐ *Dorma 500* |
| ☐ *DreamStation ASV* | ☐ *REMstar SE Auto* |
| ☐ *DreamStation ST, AVAPS* | ☐ *Trilogy 100* |
| ☐ *SystemOne ASV4* | ☐ *Trilogy 200* |
| ☐ *C-Series ASV* | ☐ *Garbin Plus, Aeris, LifeVent* |
| ☐ *C-Series S/T and AVAPS* | ☐ *A-Series BiPAP Hybrid A30 (not marketed in U.S.)* |
| ☐ *OmniLab Advanced +* | |
| ☐ *SystemOne (Q-Series)* | ☐ *A-Series BiPAP V30 Auto* |
| ☐ *DreamStation* | ☐ *A-Series BiPAP A40* |
| ☐ *DreamStation Go* | ☐ *A-Series BiPAP A30* |
| ☐ *Dorma 400* | ☐ *Other Philips Respironics Device*; if other, identify the model: |
| | _____ |

## V.    INJURIES

8.    Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☐ Cancer _____ (specify cancer)

☐ Kidney Damage

☐ Liver Damage

☐ Heart Damage

☐ Death

☐ Other (specify)

_____

## VI.   CAUSES OF ACTION/DAMAGES

9.   As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:          Negligence

☐ Count II:         Strict Liability: Design Defect

☐ Count III:        Negligent Design

☐ Count IV:        Strict Liability: Failure to Warn

☐ Count V:          Negligent Failure to Warn

☐ Count VI(1):     Negligent Failure to Recall

☐ Count VI(2):     Negligent Recall

☐ Count VII:        Battery

   Count VIII:       [DISMISSED]

   Count IX:         [DISMISSED]

☐ Count X:          Breach of Express Warranty

☐ Count XI:         Breach of the Implied Warranty of Merchantability

☐ Count XII:        Breach of the Implied Warranty of Usability

☐ Count XIII:       Fraud

☐ Count XIV:       Negligent Misrepresentation

☐ Count XV:          Negligence Per Se

☐ Count XVI:         Consumer Fraud and/or Unfair and Deceptive
                     Practices Under State Law

                     State(s) at issue: _____

Count XVII:          [DISMISSED]

☐ Count XVIII:       Loss of Consortium

☐ Count XIX:         Survivorship and Wrongful Death

☐ Count XX:          Medical Monitoring

Count XXI:           [DISMISSED]

☐ Count XXII:        Other [specify below]

_____

☐ Count XXIII:       Violations of Connecticut Product Liability Act

☐ Count XXIV:        Violations of Indiana Product Liability Act

☐ Count XXV:         Violations of Kansas Product Liability Act

☐ Count XXVI:        Violations of Louisiana Product Liability Act

☐ Count XXVII:       Violations of Mississippi Product Liability Act

☐ Count XXVIII:      Violations of New Jersey Product Liability Act

☐ Count XXIX:        Violations of Ohio Product Liability Act

☐ Count XXX:         Violations of Tennessee Product Liability Act

In accordance with Tenn. Code Ann. § 29-28-107, Plaintiffs demand judgment in the amount of $_____, or such sum as the jury determines, against Philips and PolyTech, and for punitive damages in the amount of $_____ against Philips and PolyTech, or such sum as the jury determines, and request medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

☐ Count XXXI:      Violations of Washington Product Liability Act

☐ Economic Loss Claim

Only Plaintiffs who submitted on or before February 7, 2023 a valid request for exclusion from the Amended Class Settlement Agreement and Release of Economic Loss Claims may assert an Economic Loss Claim as defined in the Settlement.

10.     As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:          Negligence

☐ Count II:         Strict Liability: Design Defect

☐ Count III:        Negligent Design

☐ Count IV:         Strict Liability: Failure to Warn

☐ Count V:          Negligent Failure to Warn

☐ Count VI(1):      Negligent Failure to Recall

☐ Count VI(2):      Negligent Recall

☐ Count VII:        Battery

Count VIII:      [DISMISSED]

Count IX:        [DISMISSED]

☐ Count X:          Breach of Express Warranty

☐ Count XI:         Breach of the Implied Warranty of Merchantability

☐ Count XII:        Breach of the Implied Warranty of Usability

☐ Count XIII:       Fraud

☐ Count XIV:        Negligent Misrepresentation

☐ Count XV:          Negligence Per Se

☐ Count XVI:         Consumer Fraud and/or Unfair and Deceptive
                     Practices Under State Law

                     State(s) at issue: _____

  Count XVII:        [DISMISSED]

☐ Count XVIII:       Loss of Consortium

☐ Count XIX:         Survivorship and Wrongful Death

☐ Count XX:          Medical Monitoring

  Count XXI:         [DISMISSED]

☐ Count XXII:        Other [specify below]

_____

☐ Count XXIII:       Violations of Connecticut Product Liability Act

☐ Count XXIV:        Violations of Indiana Product Liability Act

☐ Count XXV:         Violations of Kansas Product Liability Act

☐ Count XXVI:        Violations of Louisiana Product Liability Act

☐ Count XXVII:       Violations of Mississippi Product Liability Act

☐ Count XXVIII:      Violations of New Jersey Product Liability Act

☐ Count XXIX:        Violations of Ohio Product Liability Act

☐ Count XXX:         Violations of Tennessee Product Liability Act

In accordance with Tenn. Code Ann. § 29-28-107, Plaintiffs demand judgment in the amount of $_____, or such sum as the jury determines, against Philips and PolyTech, and for punitive damages in the amount of $_____ against Philips and PolyTech, or such sum as the jury determines, and request medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

☐ Count XXXI:    Violations of Washington Product Liability Act

☐ Economic Loss Claim

Only Plaintiffs who submitted on or before February 7, 2023 a valid request for exclusion from the Amended Class Settlement Agreement and Release of Economic Loss Claims may assert an Economic Loss Claim as defined in the Settlement.

11.    As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:        Negligence

☐ Count II:       Strict Liability: Design Defect

☐ Count III:      Negligent Design

☐ Count IV:       Strict Liability: Failure to Warn

☐ Count V:        Negligent Failure to Warn

☐ Count VI(1):    Negligent Failure to Recall

☐ Count VI(2):    Negligent Recall

☐ Count VII:      Battery

  Count VIII:      [DISMISSED]

  Count IX:        [DISMISSED]

☐ Count X:        Breach of Express Warranty

☐ Count XI:       Breach of the Implied Warranty of Merchantability

☐ Count XII:      Breach of the Implied Warranty of Usability

☐ Count XIII:     Fraud

☐ Count XIV:      Negligent Misrepresentation

☐ Count XV:           Negligence Per Se

☐ Count XVI:          Consumer Fraud and/or Unfair and Deceptive
                      Practices Under State Law

                      State(s) at issue: _____

  Count XVII:         [DISMISSED]

☐ Count XVIII:        Loss of Consortium

☐ Count XIX:          Survivorship and Wrongful Death

☐ Count XX:           Medical Monitoring

  Count XXI:          [DISMISSED]

☐ Count XXII:         Other [specify below]


_____

☐ Count XXIII:        Violations of Connecticut Product Liability Act

☐ Count XXIV:         Violations of Indiana Product Liability Act

☐ Count XXV:          Violations of Kansas Product Liability Act

☐ Count XXVI:         Violations of Louisiana Product Liability Act

☐ Count XXVII:        Violations of Mississippi Product Liability Act

☐ Count XXVIII:       Violations of New Jersey Product Liability Act

☐ Count XXIX:         Violations of Ohio Product Liability Act

☐ Count XXX:          Violations of Tennessee Product Liability Act

In accordance with Tenn. Code Ann. § 29-28-107, Plaintiffs demand judgment in the amount of $_____, or such sum as the jury determines, against Philips and PolyTech, and for punitive damages in the amount of $_____ against Philips and PolyTech, or such sum as the jury determines, and request medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

☐ Count XXXI:      Violations of Washington Product Liability Act

☐ Economic Loss Claim

> Only Plaintiffs who submitted on or before February 7, 2023 a valid request for exclusion from the Amended Class Settlement Agreement and Release of Economic Loss Claims may assert an Economic Loss Claim as defined in the Settlement.

12.  As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:          Negligence

☐ Count II:         Strict Liability: Design Defect

☐ Count III:        Negligent Design

☐ Count IV:         Strict Liability: Failure to Warn

☐ Count V:          Negligent Failure to Warn

☐ Count VI(1):      Negligent Failure to Recall

☐ Count VI(2):      Negligent Recall

☐ Count VII:        Battery

   Count VIII:      [DISMISSED]

   Count IX:        [DISMISSED]

☐ Count X:          Breach of Express Warranty

☐ Count XI:         Breach of the Implied Warranty of Merchantability

☐ Count XII:        Breach of the Implied Warranty of Usability

☐ Count XIII:       Fraud

☐ Count XIV:        Negligent Misrepresentation

☐ Count XV:  Negligence Per Se

☐ Count XVI:  Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

        State(s) at issue: _____

 Count XVII:  [DISMISSED]

☐ Count XVIII: Loss of Consortium

☐ Count XIX:  Survivorship and Wrongful Death

☐ Count XX:  Medical Monitoring

 Count XXI:  [DISMISSED]

☐ Count XXII:  Other [specify below]

_____

☐ Count XXIII:  Violations of Connecticut Product Liability Act

☐ Count XXIV:  Violations of Indiana Product Liability Act

☐ Count XXV:  Violations of Kansas Product Liability Act

☐ Count XXVI:  Violations of Louisiana Product Liability Act

☐ Count XXVII:  Violations of Mississippi Product Liability Act

☐ Count XXVIII: Violations of New Jersey Product Liability Act

☐ Count XXIX:  Violations of Ohio Product Liability Act

☐ Count XXX:  Violations of Tennessee Product Liability Act

   In accordance with Tenn. Code Ann. § 29-28-107, Plaintiffs demand judgment in the amount of $_____, or such sum as the jury determines, against Philips and PolyTech, and for punitive damages in the amount of $_____ against Philips and PolyTech, or such sum as the jury determines, and request medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

☐ Count XXXI:       Violations of Washington Product Liability Act

☐ Economic Loss Claim

> Only Plaintiffs who submitted on or before February 7, 2023 a valid request for exclusion from the Amended Class Settlement Agreement and Release of Economic Loss Claims may assert an Economic Loss Claim as defined in the Settlement.

13.    As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:            Negligence

☐ Count II:           Strict Liability: Design Defect

☐ Count III:          Negligent Design

☐ Count IV:          Strict Liability: Failure to Warn

☐ Count V:            Negligent Failure to Warn

☐ Count VI(1):       Negligent Failure to Recall

☐ Count VI(2):       Negligent Recall

☐ Count VII:         Battery

 Count VIII:         [DISMISSED]

 Count IX:           [DISMISSED]

☐ Count X:            Breach of Express Warranty

☐ Count XI:           Breach of the Implied Warranty of Merchantability

☐ Count XII:          Breach of the Implied Warranty of Usability

☐ Count XIII:         Fraud

☐ Count XIV:         Negligent Misrepresentation

☐ Count XV:          Negligence Per Se

☐ Count XVI:         Consumer Fraud and/or Unfair and Deceptive
                     Practices Under State Law

                     State(s) at issue: _____

  Count XVII:        [DISMISSED]

☐ Count XVIII:       Loss of Consortium

☐ Count XIX:         Survivorship and Wrongful Death

☐ Count XX:          Medical Monitoring

  Count XXI:         [DISMISSED]

☐ Count XXII:        Other [specify below]

_____

☐ Count XXIII:       Violations of Connecticut Product Liability Act

☐ Count XXIV:        Violations of Indiana Product Liability Act

☐ Count XXV:         Violations of Kansas Product Liability Act

☐ Count XXVI:        Violations of Louisiana Product Liability Act

☐ Count XXVII:       Violations of Mississippi Product Liability Act

☐ Count XXVIII:      Violations of New Jersey Product Liability Act

☐ Count XXIX:        Violations of Ohio Product Liability Act

☐ Count XXX:         Violations of Tennessee Product Liability Act

In accordance with Tenn. Code Ann. § 29-28-107, Plaintiffs demand judgment in the amount of $_____, or such sum as the jury determines, against Philips and PolyTech, and for punitive damages in the amount of $_____ against Philips and PolyTech, or such sum as the jury determines, and request medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

☐ Count XXXI:     Violations of Washington Product Liability Act

☐ Economic Loss Claim

Only Plaintiffs who submitted on or before February 7, 2023 a valid request for exclusion from the Amended Class Settlement Agreement and Release of Economic Loss Claims may assert an Economic Loss Claim as defined in the Settlement.

14.   As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:          Negligence

☐ Count II:         Strict Liability: Design Defect

☐ Count III:        Negligent Design

☐ Count IV:        Strict Liability: Failure to Warn

☐ Count V:         Negligent Failure to Warn

Count VIII:        [DISMISSED]

Count IX:          [DISMISSED]

Count XVII:        [DISMISSED]

☐ Count XVIII:    Loss of Consortium

☐ Count XIX:       Survivorship and Wrongful Death

☐ Count XX:        Medical Monitoring

Count XXI:          [DISMISSED]

☐ Count XXII:     Other [specify below]

_____

☐ Count XXIII:    Violations of Connecticut Product Liability Act

☐ Count XXIV:    Violations of Indiana Product Liability Act

☐ Count XXV:        Violations of Kansas Product Liability Act

☐ Count XXVI:       Violations of Louisiana Product Liability Act

☐ Count XXVII:      Violations of Mississippi Product Liability Act

☐ Count XXVIII:     Violations of New Jersey Product Liability Act

☐ Count XXIX:       Violations of Ohio Product Liability Act

☐ Count XXX:        Violations of Tennessee Product Liability Act

In accordance with Tenn. Code Ann. § 29-28-107, Plaintiffs demand judgment in the amount of $_____, or such sum as the jury determines, against Philips and PolyTech, and for punitive damages in the amount of $_____ against Philips and PolyTech, or such sum as the jury determines, and request medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

☐ Count XXXI:       Violations of Washington Product Liability Act

☐ Economic Loss Claim

Only Plaintiffs who submitted on or before February 7, 2023 a valid request for exclusion from the Amended Class Settlement Agreement and Release of Economic Loss Claims may assert an Economic Loss Claim as defined in the Settlement.

15.    As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☐ Count I:          Negligence

☐ Count II:         Strict Liability: Design Defect

☐ Count III:        Negligent Design

☐ Count IV:         Strict Liability: Failure to Warn

☐ Count V:          Negligent Failure to Warn

Count VIII:        [DISMISSED]

Count IX:          [DISMISSED]

Count XVII:      [DISMISSED]

☐ Count XVIII:    Loss of Consortium

☐ Count XIX:     Survivorship and Wrongful Death

☐ Count XX:      Medical Monitoring

Count XXI:      [DISMISSED]

☐ Count XXII:     Other [specify below]

---

☐ Count XXIII:    Violations of Connecticut Product Liability Act

☐ Count XXIV:    Violations of Indiana Product Liability Act

☐ Count XXV:     Violations of Kansas Product Liability Act

☐ Count XXVI:    Violations of Louisiana Product Liability Act

☐ Count XXVII:   Violations of Mississippi Product Liability Act

☐ Count XXVIII:  Violations of New Jersey Product Liability Act

☐ Count XXIX:    Violations of Ohio Product Liability Act

☐ Count XXX:     Violations of Tennessee Product Liability Act

In accordance with Tenn. Code Ann. § 29-28-107, Plaintiffs demand judgment in the amount of $_____, or such sum as the jury determines, against Philips and PolyTech, and for punitive damages in the amount of $_____ against Philips and PolyTech, or such sum as the jury determines, and request medical monitoring, interest, costs of suit, attorneys' fees, and such other relief as the Court deems equitable and just.

☐ Count XXXI:    Violations of Washington Product Liability Act

☐ Economic Loss Claim

Only Plaintiffs who submitted on or before February 7, 2023 a valid request for exclusion from the Amended Class Settlement Agreement and Release of Economic Loss Claims may assert an Economic Loss Claim as defined in the Settlement.

16.     If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

17.     Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

18.     Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 17 above:

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: _____