IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION**<br><br>This Document Relates to:<br><br>*MARY ANN SPIEKERMEIER, Individually and on Behalf of the Estate of Lawrence J. Spiekermeier, et al.,* 2:22-cv-01406, *et al.* | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014<br><br>**OBJECTION TO APPORVAL OF PROPOSED MSA** |

**OBJECTION TO APPORVAL OF PROPOSED MSA**

Plaintiff, by and through counsel, submits this objection to the application for approval of the Master Settlement Agreement. Plaintiff seeks the Court consider the matters outlined herein during the June 18, 2024 hearing.

Plaintiff submits as follows:

**I.      The Proposed MSA Creates an Inherent Conflict For Attorneys**

Every client has the right to conflict-free counsel. The proposed Master Settlement Agreement ("MSA") strips clients of that right. Plaintiff makes this application to either strike the problematic paragraphs or, alternatively, implore the Court to reject the MSA.

***Models Rules 1.7 & 5.6***

ABA Model Rule 1.7 states in relevant part: "*[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if [...] the representation of one client will be directly adverse to another client*[.]"

Additionally, ABA Model Rule 5.6 states in relevant part: *"A lawyer shall not participate in offering or making […] (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy."*

***Ethical Conflicts in Paragraphs 7.3 & 7.4 of the MSA***

The MSA presents a conflict of interest for all counsel of Eligible Claimants in paragraphs 7.3 and 7.4.

*First,* paragraph 7.3 states *"By the submission of a Registration Form for one of their Eligible Claimants,* **counsel for Eligible Claimants affirm that they are not actively advertising for, soliciting, seeking, or taking steps to obtain new clients to assert Personal Injury Claims against one or more of the Released Parties***, and have no present intent to do so in the future."*

This paragraph violates Rule 5.6 in that it directly restricts an attorneys' right to practice law. A Released Party in this matter gets to restrict some of the largest plaintiff-side firms from ever practicing against them. This is an unacceptable outcome.

*Second,* paragraph 7.4 states "(1) ***by the submission of a Registration Form for one of their Eligible Claimants***, counsel is representing that they have reviewed the Program, are able to represent that this Program is in the best interest of Eligible Claimants, and have recommended, or ***will recommend, to 100% of their Eligible Claimant clients that they complete a Registration Form for the Program***; and (2) ***if any such Eligible Claimant disregards such recommendation, or for any other reason chooses not to participate in the Program, such counsel shall, to the extent permitted by Rules 1.16 and 5.6 of the ABA Model Rules of Professional Conduct (or their equivalent) in the relevant jurisdiction(s), take (or have taken, as the case may be) all necessary steps to disengage and withdraw from the***

*representation of such Eligible Claimant*, forego any fee interest in such Eligible Claimant, and seek to withdraw (subject to court approval, if applicable) from the representation of such Eligible Claimant."

Paragraph 7.4 puts attorneys in a position where if *one* Eligible Claimant-client wants to participate in the Program, every Eligible Claimant-client who does not want to participate in the program will be dropped as a client. Meaning, making a recommendation to one client could directly conflict with another client's interest (*i.e.* being represent by counsel). This is an unacceptable position to put Eligible Claimant's in.

Additionally, this rule violates Rule 5.6 in two ways. First, it directly restricts an attorney's right to practice law. The party's privy to the negotiation and drafting of the MSA attempt to carve out the Rule 5.6 restriction ("*While nothing in this Program is intended to operate as a restriction […]*"). But, even with the carve out, the paragraph at issue would still operate as a restriction that forces Eligible Claimant's counsel to violate Rule 5.6. Second, it directly dictates what recommendation or advice an attorney should give—even if the attorney feels it is not in the client's best interest.

A class action may be settled only if a district court finds after a hearing that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e); <u>Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund</u>, 582 F.3d 30, 44 (1st Cir. 2009). Paragraphs 7.3 and 7.4 are grossly unfair to both clients and their counsel. These paragraphs must be stricken or, alternatively, the application for approval must be denied.

## II.     Conclusion

In light of these ethical considerations, we ask the Court either strike paragraphs 7.3 and 7.4 of the proposed MSA or, alternatively, deny the application for approval of the MSA.

Date: May 28, 2024
New York, New York

        Respectfully Submitted,

        **DEREK SMITH LAW GROUP, PLLC**

        ***/s/ Alexander G. Cabeceiras***
        Alexander G. Cabeceiras, Esq.