**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | ) ) ) ) Case No. 2:21-mc-1230-JFC ) MDL No. 3014 |
| THIS DOCUMENT RELATES TO: | ) ) Honorable Joy Flowers Conti |
| *Personal Injury Claimants and Potential Claimants* | ) ) ) |

## THE PHILIPS DEFENDANTS' OPPOSITION TO MOTIONS OBJECTING TO PERSONAL INJURY MASTER SETTLEMENT AGREEMENT

One law firm (on behalf of two of its clients) and a *pro se* plaintiff (collectively, the "Moving Plaintiffs") have filed motions that they characterize as objections to the Personal Injury Master Settlement Agreement (the "MSA") on the basis that the Qualifying Injuries referenced in the MSA do not include certain injuries.  (ECF Nos. 2780, 2796, 2805 and 2811.)  The motions seek orders requiring the parties to open the Settlement Program to individuals with those injuries.  (ECF Nos. 2780, at 4-5, and 2797, at 1, 17.)  These motions should be denied for at least three reasons.

*First*, the MSA is a private settlement agreement—not a "class" settlement subject to the requirements of Rule 23, as the motions incorrectly state (ECF Nos. 2780, at 1, 3-4, and 2797, at 13-17)—and the Court may not "modify the terms of a voluntary settlement agreement between [the] parties."  *Sullivan* v. *DB Invs., Inc.*, 667 F.3d 273, 312 (3d Cir. 2011); *see Harris* v. *Pa. Dept. of Corrs.*, 2021 WL 5331457, at *1 (W.D. Pa. 2021) ("The parties did not agree to the new terms Plaintiff sets forth in his motion and this court will not modify the fully executed settlement agreement to include them."); *N. Am. Lacrosse League* v. *Jennings*, 2012 WL 5405523, at *4 (D.N.J. 2012) ("Plaintiff['s] request that the Court add a[] [term] to the settlement agreement . . .

is improper."); May 9, 2024 Hr. Tr. at 10-11 ("[I]t's your private settlement. . . .   [I]t's private and I'm not involved in it.").  As a result, the motions seek relief that cannot be ordered.[1]

*Second*, although the Moving Plaintiffs cannot amend the MSA or participate in the Settlement Program (unless they experienced a Qualifying Injury), the MSA does not prevent them from pursuing their claims if they so choose.  Only those individuals who participate in the Settlement Program are releasing their personal injury claims.  If the Moving Plaintiffs wish to continue to pursue their claims, they may do so, subject to compliance with the Court's Orders. (*E.g.*, ECF No. 2769.)

*Finally*, contrary to the Moving Plaintiffs' mistaken assertions, there was nothing "arbitrary," "inexplicabl[e]," or unfair about the exclusion of certain injuries from the list of Qualifying Injuries.  (ECF Nos. 2780, at 2, 4, and 2797, at 15-16.)  The Qualifying Injuries include **_all_** of the injuries Plaintiffs' Negotiating Counsel determined could have been sustained, including on a Rule 702 challenge.  After about two-and-a-half years of extensive litigation, discovery, and investigation, Plaintiffs' Negotiating Counsel determined that the remaining injuries lacked expert or scientific support.  Thus, all Non-Qualifying Injuries were intentionally excluded from the Settlement Program not because of anything "arbitrary" or "inexplicabl[e]," but because of the well-informed belief that claims based on those injuries lack merit and cannot be supported, including for causation purposes.

## CONCLUSION

The Motions should be denied.

---

[1]   The relief sought by the *pro se* plaintiff, including to vacate the Docket Management and Identification Orders "until a final fairness hearing" to consider "objections to certification of a proposed class," is based entirely on his misimpression that the MSA is a class-wide settlement subject to Rule 23.  (ECF No. 2797, at 13-17.)

Dated: June 4, 2024

Respectfully submitted,

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
(215) 963-5000 (phone)
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

/s/ Erik T. Koons
Erik T. Koons
**BAKER BOTTS LLP**
700 K St. NW
Washington, DC 20001
(202) 639-7973 (phone)
erik.koons@bakerbotts.com

/s/ Andrew T. George
Andrew T. George
**BOURELLY, GEORGE + BRODEY LLP**
1050 30th Street, NW
Washington, DC 20007
(202) 753-5012 (phone)
andrew.george@bgblawyers.com

*Counsel for Philips RS North America LLC*

/s/ Michael H. Steinberg
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
(310) 712-6670 (phone)
steinbergm@sullcrom.com

/s/ William B. Monahan
Tracy Richelle High
William B. Monahan
Bethany S. Labrinos
Conor D. Ferrall
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
(212) 558-4000 (phone)
hight@sullcrom.com
monahanw@sullcrom.com
labrinosb@sullcrom.com
ferrallc@sullcrom.com

*Counsel for Defendants Koninklijke Philips
N.V., Philips North America LLC, Philips
Holding USA Inc., and Philips RS North
America Holding Corp.*