IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Personal Injury Claimants and Potential Claimants* | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**AMENDED IDENTIFICATION ORDER**

In accordance with the terms of the Master Settlement Agreement ("MSA"),[1] the Court hereby enters this Amended Identification Order, after considering and overruling the objection set forth in the response filed by plaintiff Derrick Martin King. This Order requires (i) all Primary Counsel for all Eligible Claimants, and (ii) all *Pro Se* Eligible Claimants, to provide certain information ***no later than June 21, 2024*** (the "Identification Order Deadline").[2]

**I.     IDENTIFICATION OF ALL ELIGIBLE CLAIMANTS**

Each counsel shall take any and all steps necessary by the Identification Order Deadline to identify all Eligible Claimants for whom they are Primary Counsel, ***whether claims or potential claims with respect to those Eligible Claimants have been filed in suit, asserted on the Census***

---

[1]    Terms not defined herein have the same meaning as in the MSA. The MSA is available on the website of the Settlement Administrator, MDLCentrality.com/CPAP, and will be publicly available at RespironicsPISettlement.com.

[2]    As set forth in the MSA, Primary Counsel means (1) for any Eligible Claimant with a Personal Injury Claim in the MDL, or participating in the Census Registry, the lawyer or law firm listed as the registering Law Firm in MDL Centrality; (2) for any Eligible Claimant with a Personal Injury Claim filed in state court, counsel of record for the Eligible Claimant; or (3) for any Eligible Claimant with an unfiled Personal Injury Claim and who is not participating in the Census Registry, counsel with an engagement or retainer agreement with such Eligible Claimant. Counsel shall not be Primary Counsel for an Eligible Claimant if counsel's representation of that Eligible Claimant terminated prior to the Identification Order Deadline.

***Registry, or otherwise.***  Each Primary Counsel shall also submit the information set forth below concerning all their Eligible Claimant clients by the Identification Order Deadline.

Similarly, *Pro Se* Eligible Claimants, whether claims or potential claims with respect to those *Pro Se* Eligible Claimants have been filed in suit, asserted on the Census Registry, or otherwise, shall submit the information set forth below concerning their own claim(s) by the Identification Order Deadline.

***Complete, accurate, and timely submission of this information is a requirement not only of this Order but also to participate in the Settlement Program described in the MSA.***

## II. SERVICE OF IDENTIFICATION ORDER DECLARATIONS IDENTIFYING ALL ELIGIBLE CLAIMANTS

All counsel must submit an Identification Order Declaration *via* MDL Centrality, executed under penalty of perjury, that identifies all of that counsel's Eligible Claimants for whom they are Primary Counsel and affirms under penalty of perjury that the Identification Order Declaration includes all of the Primary Counsel's Eligible Claimant clients.  The Identification Order Declarations shall be in substantially the form set forth in Exhibit "A" attached hereto and shall include in Excel format, for each Eligible Claimant, the following information:

- the name of the Eligible Claimant;
- the Eligible Claimant's complete social security number;
- the address of the Eligible Claimant;
- the Eligible Claimant's email address, if any;
- the Eligible Claimant's date of birth;
- the Eligible Claimant's Qualifying Injury;
- the docket number, if a case has been filed for the Eligible Claimant; and

- the MDL Centrality Plaintiff ID number (if the Eligible Claimant has ever registered via MDL Centrality).

Through the Identification Order Declarations, all Primary Counsel shall certify, under penalty of perjury, that they have identified all Eligible Claimants for whom they serve as Primary Counsel. That identification obligation applies (i) regardless of whether the Eligible Claimant intends to participate in the Settlement Program set forth in the MSA, and (ii) regardless of whether the Eligible Claimant's claims or potential claims have been filed in suit, asserted on the Census Registry, or otherwise.

**All Primary Counsel shall identify all Eligible Claimants they represent.** Only Eligible Claimants must be identified, and Primary Counsel shall not identify Ineligible Claimants (*i.e.*, claimants alleging only Nonqualifying Injuries).

*Pro Se* Eligible Claimants must submit an Identification Order Declaration, executed under penalty of perjury, with the same information set forth above concerning their own claims or potential claims. For all *Pro Se* Eligible Claimants, the Identification Order Declarations shall be in substantially the form set forth in Exhibit "B" attached hereto.

Technical Support is available from MDL Centrality by phone at (888) 361-0741 or by email at MDLCentrality@browngreer.com.

Counsel and *Pro Se* Eligible Claimants have an ongoing duty to update all of the information required by this Order including, for example, when the personal information for an Eligible Claimant is incorrect or outdated. Any updated information must be served within fourteen (14) days of learning of such updated information, and shall be served through MDL Centrality.

All Identification Order Declarations are hereby designated as "Confidential" under the Amended Stipulated Protective Order entered in this matter (ECF No. 765). There is no need or

requirement for the Identification Order Declarations to be separately marked as "Confidential" in order for them to receive Confidential treatment under the Amended Stipulated Protective Order.

### III.   DEADLINE AND COMPLIANCE

Each Identification Order Declaration required under this Order shall be submitted via MDL Centrality no later than the Identification Order Deadline.  The timely submission of complete and accurate Identification Order Declarations is critical to the effective administration of the Settlement Program and to the Court's management of its docket.  Failure by Primary Counsel or *Pro Se* Eligible Claimants to comply with the terms of this Order will be a violation and shall be subject to sanctions, including sanctions of Primary Counsel.

In the event any Primary Counsel or *Pro Se* Eligible Claimant fails to fully comply with the requirements of this Order, Counsel for Defendants shall notify the Court of the alleged violations, and the Court shall enter an Order to Show Cause why the Primary Counsel or *Pro Se* Eligible Claimant should not be sanctioned.  Said Primary Counsel or *Pro Se* Eligible Claimant shall have 21 days to respond to the Order to Show Cause.  If the Primary Counsel or *Pro Se* Eligible Claimant fails to cure the violations or show good cause why they should not be sanctioned within 21 days of the entry of the Order to Show Cause, the Court may impose appropriate sanctions, including dismissal with prejudice, or other penalties on the Primary Counsel or *Pro Se* Eligible Claimant.

**SO ORDERED**, on this 7th day June, 2024.

                                                  _____s/Joy Flowers Conti_____
                                                  Honorable Joy Flowers Conti
                                                  Senior United States District Judge