# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| | : | MDL No. 3014 |
| This Document Relates to:  All Actions Asserting Claims for Medical Monitoring | : | |

**AMENDED CLASS SETTLEMENT AGREEMENT AND RELEASE**
**OF MEDICAL MONITORING CLAIMS**

## TABLE OF CONTENTS

PREAMBLE ................................................................................................................1

1.    Definitions .................................................................................................3

2.    Funding Obligations and Payments by the Philips
      Defendants ................................................................................................9

3.    Settlement Benefits ................................................................................12

4.    Releases ..................................................................................................14

5.    Settlement Administration ....................................................................16

6.    Settlement Class Certification ..............................................................16

7.    Preliminary Approval of Settlement Pursuant to Federal
      Rule of Civil Procedure 23(e) and Related Motions ...........................17

8.    Notice to Settlement Class Members ...................................................18

9.    Right to Object to the Settlement; Objection Period ..........................19

10.   No Right to Opt-Out of Settlement .....................................................21

11.   Final Fairness Hearing .........................................................................21

12.   Termination of this Settlement ............................................................23

13.   MDL Court Retains Jurisdiction to Implement, Interpret
      and Enforce Agreement and Settlement ..............................................24

14.   Choice of Law .......................................................................................24

15.   Attorneys' Fees, Costs and Expenses, and Service Awards ...............24

16.   Dispute Resolution. ..............................................................................25

17.   Miscellaneous .......................................................................................25

18.   Federal Rule of Evidence 408 ..............................................................27

## PREAMBLE

This Amended Class Settlement Agreement and Release of Medical Monitoring Claims (this "Agreement," the "Settlement Agreement," or the "Settlement," as may be further amended from time to time hereafter) is entered into by and among the Settlement Class Representatives, individually and on behalf of a Settlement Class of persons similarly situated (as defined below), on the one hand, and Defendants Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants"), on the other (collectively, the "Parties").[1]

Following extensive negotiations between the Parties with the assistance of the Court-appointed mediator, the Honorable Diane M. Welsh (Ret.) (the "Settlement Mediator"), the Parties have reached this Settlement.  By entering into this Settlement, the Philips Defendants do not admit any wrongdoing, liability, fault, injury, causation, damages, or violation of any law whatsoever. The Settlement is to be construed solely as a reflection of the Parties' desire to facilitate a resolution and release of all Medical Monitoring Claims on behalf of the Settlement Class against the Released Parties on the terms set forth below.  The Settlement will become effective only if it is approved by the MDL Court.

The Settlement does not release Personal Injury Claims or Economic Loss Claims.  The MDL Court recently granted final approval to the Class Settlement and Release of Economic Loss Claims ("Economic Loss Settlement") (ECF 2736), and the Philips Defendants and Plaintiffs' Negotiating Counsel recently entered into a private settlement with respect to the Personal Injury Claims.

## RECITALS

**WHEREAS**, beginning June 14, 2021, Philips RS announced recalls of approximately 10.8 million Recalled Devices sold, leased, rented or otherwise distributed in the United States;

**WHEREAS**, the Philips Defendants have been named as defendants in various federal and state court actions and other proceedings in the United States and are alleged to be liable for various monetary and non-monetary relief, including for medical monitoring, for alleged injuries relating to the Recalled Devices;

**WHEREAS**, on October 8, 2021, the Judicial Panel on Multidistrict Litigation established the MDL, assigned the MDL to the MDL Court, and transferred all then-pending federal lawsuits to the MDL for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407;

---

[1] Capitalized terms not defined in the Preamble and Recitals are defined in Section 1 below.

**WHEREAS**, since then, the Judicial Panel on Multidistrict Litigation has transferred additional lawsuits to the MDL for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, and additional lawsuits have been filed in and/or removed to the MDL;

**WHEREAS**, on October 17, 2022, Plaintiffs filed a Consolidated Second Amended Class Action Complaint for Medical Monitoring ("Medical Monitoring Complaint") (ECF 815), on behalf of themselves and all others similarly situated;

**WHEREAS**, on January 6, 2023, Philips RS filed a motion to dismiss the Medical Monitoring Complaint in its entirety, which the other Philips Defendants joined (ECF 1351, 1352);

**WHEREAS**, on January 31, 2023, the Court referred that motion to dismiss to Special Master Thomas I. Vanaskie for a report and recommendation (ECF 1434);

**WHEREAS**, on September 28, 2023, Special Master Vanaskie issued a report and recommendation that Philips RS's motion to dismiss be granted with respect to tort claims under the laws of 30 states which adhere to the traditional "manifest physical injury" rule and be denied in other respects (ECF 2273);

**WHEREAS**, on February 14, 2024, the Court remanded the motion to dismiss to Special Master Vanaskie to issue a revised report and recommendation consistent with guidance set forth by the Court in its memorandum opinion, and took the motion to dismiss under advisement pending the remand and issuance of a revised report and recommendation (ECF 2521, 2522);

**WHEREAS**, renewed briefing on the motion to dismiss is currently ongoing before Special Master Vanaskie, and the motion to dismiss remains pending;

**WHEREAS**, the Philips Defendants deny all alleged liability, wrongdoing, fault, violation, causation, and damages or injuries with respect to the Medical Monitoring Claims and otherwise;

**WHEREAS**, Settlement Class Counsel have engaged in substantial discovery, investigation and fact gathering to evaluate the Medical Monitoring Claims and Defendants' defenses to the Medical Monitoring Claims, including at the pleading, class certification, expert, and other stages of this litigation;

**WHEREAS**, the Parties engaged in extensive good faith, arm's-length negotiations to resolve the Medical Monitoring Claims, with the assistance and oversight of the Settlement Mediator;

**WHEREAS**, the Medical Advancement Program Benefits provided by the Settlement will, among other things, (1) fund independent medical research to investigate issues concerning the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices and establish a research registry to which Settlement Class Members can choose

---

**Section 1.   Definitions**                                                       2

to submit their medical information for review and evaluation, thereby contributing to the advancement of public knowledge and education with respect to these injuries, and (2) educate the Settlement Class on the existing and ongoing testing and literature with respect to polyester-based polyurethane ("PE-PUR") foam and the risks of long-term health effects, if any, for individuals who used the Recalled Devices;

**WHEREAS**, the injunctive relief afforded by the Settlement will provide increased access to educational materials for the MAP Benefits Period through an interactive website that will publish Relevant Medical Information and Guidance in a user-friendly format for persons who do not have a medical or scientific background;

**WHEREAS**, without conceding the correctness of any of the other Parties' legal positions, claims, and/or defenses, the Parties wish to avoid the substantial delays, expense, burdens, and risks inherent in continued litigation of the Medical Monitoring Claims;

**WHEREAS**, on May 9, 2024, the Parties executed a Master Settlement Agreement ("MSA") to resolve the Personal Injury Claims, and the Personal Injury Claims are not the subject of this proposed resolution of the Medical Monitoring Claims; and

**WHEREAS**, the Parties believe that this Agreement is fair, reasonable, and adequate in its resolution of the Medical Monitoring Claims because, *inter alia*, it: (i) provides for certification of a Settlement Class, even though the Court has not yet determined the viability of the Medical Monitoring Claims and/or whether this litigation could properly be brought as a class action, and the Philips Defendants maintain that certification of any class for litigation purposes would not be proper under Rule 23 of the Federal Rules of Civil Procedure; (ii) provides substantial benefits to the Settlement Class; and (iii) preserves the right of the Settlement Class Members to bring Personal Injury Claims and individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and intending to be legally bound, the Parties agree to resolve, release, and settle the Medical Monitoring Claims against the Released Parties on the terms set forth below:

1.   **Definitions**

For purposes of this Settlement, including the attached exhibits, the following terms (designated by initial capitalization throughout this Agreement) shall have the meanings set forth in this Section.  Terms used in the singular shall include the plural.

1.1.   **BiPAP** shall mean Bi-level Positive Airway Pressure devices.

---

**Section 1.   Definitions**                                                                     3

1.2.     **Counsel** shall mean Settlement Class Counsel and Counsel for the Philips Defendants.

1.3.     **Counsel for the Philips Defendants** shall mean:

    1.3.1.     Counsel for Philips RS:

        1.3.1.1.     John P. Lavelle, Jr. and Lisa C. Dykstra, Morgan, Lewis & Bockius LLP, 2222 Market Street, Philadelphia, PA 19103-3007;

        1.3.1.2.     Wendy West Feinstein, Morgan, Lewis & Bockius LLP, One Oxford Center, 32nd Floor, Pittsburgh, PA 15219-6401;

        1.3.1.3.     Erik T. Koons, Baker Botts LLP, 700 K St. NW, Washington, DC 20001; and

        1.3.1.4.     Andrew George, Bourelly, George + Brodey LLP, 1050 30th Street, NW, Washington, DC 20007.

    1.3.2.     Counsel for Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation:

        1.3.2.1.     Michael H. Steinberg, Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, CA 90067; and

        1.3.2.2.     Tracy Richelle High and William B. Monahan, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004.

1.4.     **CPAP** shall mean Continuous Positive Airway Pressure devices.

1.5.     **Custodian Bank** shall mean, subject to MDL Court approval, Huntington National Bank.  The Parties may jointly agree to replace Huntington National Bank with another mutually agreeable custodian bank, subject to MDL Court approval.

1.6.     **Defendants** shall mean the defendants named in the Medical Monitoring Complaint, namely, the Philips Defendants, Polymer Technologies, Inc., and Polymer Molded Products LLC.

1.7.     **Economic Loss Claims** shall mean the claims released in the Economic Loss Settlement.  Economic Loss Claims expressly do not include Medical Monitoring Claims or Personal Injury Claims.

---

**Section 1.   Definitions**                                                                                         4

1.8.    **Effective Date** shall mean the date when the Settlement becomes Final, not the Execution Date or the date of MDL Court Final Approval.  For avoidance of doubt, the Effective Date shall not have been reached until both the MDL Court enters the Final Order and Judgment and there has been the successful exhaustion of all appeal periods without appeal or resolution of any appeals or certiorari proceedings in a manner upholding the Final Order and Judgment.

1.9.    **Execution Date** shall mean May 9, 2024.

1.10.   **Final** shall mean the later of (1) the day after the deadline to appeal the Final Order and Judgment has expired with no appeal having been taken; or (2) if an appeal is filed, the latest of (i) the date of final affirmance of the Final Order and Judgment, (ii) the expiration of the time for a petition for writ of *certiorari* to review the Final Order and Judgment if affirmed, the denial of *certiorari*, or, if *certiorari* is granted, the date of final affirmance of the Final Order and Judgment following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Final Order and Judgment or the final dismissal of any proceeding on *certiorari* to review the Final Order and Judgment that has the effect of confirming the Final Order and Judgment.  An appeal from an award of attorneys' fees, costs, expenses, and service awards shall not affect the finality of the Settlement.

1.11.   **Final Fairness Hearing** shall mean the final fairness hearing before the MDL Court, as described in Section 11 of the Agreement.

1.12.   **Final Order and Judgment** shall mean the Final Approval Order and Judgment entered by the MDL Court following the Final Fairness Hearing, substantially in the form attached hereto as **Exhibit 2**.

1.13.   **MDL** shall mean the above-captioned MDL, *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prod. Litig.*, MDL No. 3014 (W.D. Pa.) (Conti, S.J.).

1.14.   **MDL Court** shall mean the Honorable Joy Flowers Conti, or her successor, who presides over the MDL.

1.15.   **MDL Court Final Approval** shall mean entry of the Final Order and Judgment by the MDL Court.

1.16.   **Medical Advancement Program ("MAP") Benefits** shall mean the research, registry, and resources that will be provided for the benefit of the Settlement Class, as more fully set forth in **Exhibit 3** attached hereto.

---

**Section 1.   Definitions**                                                                           5

1.17.   **MAP Benefits Period** shall mean fifteen (15) years from the Effective Date.

1.18.   **MAP Registry** shall mean the research registry established by the Settlement Administrator, as described in Section 3.2.

1.19.   **MAP Research** shall mean the independent medical research described in Section 3.1.

1.20.   **MAP Resources** shall mean the resources, including the Relevant Medical Information and Guidance, described in Section 3.3.

1.21.   **Medical Monitoring Claims** shall mean any claims for monetary or non-monetary relief for medical monitoring, including money damages, injunctive relief, declaratory relief, and/or specific performance, that were asserted or alleged, or could have been asserted or alleged, in the litigation, including the claims alleged and the relief sought in the Medical Monitoring Complaint.  Medical Monitoring Claims expressly include all claims brought as a representative or member of any class of claimants in a class action, whether under Rule 23 of the Federal Rules of Civil Procedure or under state laws analogous to Rule 23 of the Federal Rules of Civil Procedure, or through any other form of aggregate, group, or mass action. Medical Monitoring Claims expressly do *not* include individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

1.22.   **Notice Administrator** shall mean, subject to MDL Court approval, BrownGreer PLC ("BrownGreer").  The Parties may jointly agree to replace BrownGreer with another mutually agreeable notice administrator, subject to MDL Court approval.

1.23.   **Plaintiffs** shall mean the Plaintiffs named in the Medical Monitoring Complaint.

1.24.   **Personal Injury Claims** shall mean any and all actual or potential claims, demands, rights, remedies, relief, actions, or causes of action, suits at law or in equity, whether sounding in tort, contract, arising under statute, or otherwise, and whether asserted or unasserted, for personal or bodily injuries, including for pecuniary, non-pecuniary, and punitive, statutory or other exemplary damages or remedies of whatever kind or character for those personal or bodily injuries (including, but not limited to, past, present or future lost wages, lost earning capacity, economic, property or business losses, or medical costs or expenses, including for pain and suffering and mental or emotional harm, and attorneys' fees, costs and expenses, as well as derivative claims such as loss of consortium or wrongful death) against the Philips Defendants or any other Released Party relating to the Recalled Devices.

---

**Section 1.   Definitions**                                                    6

1.25.   **Preliminary Approval Order** shall mean an order of the MDL Court preliminarily approving the Settlement, substantially in the form attached hereto as **Exhibit 1**.

1.26.   **QSF Administrator** shall mean, subject to MDL Court approval, BrownGreer. The Parties may jointly agree to replace BrownGreer with another mutually agreeable QSF administrator, subject to MDL Court approval.

1.27.   **Recalled Devices** shall mean the following CPAP, BiPAP, and ventilator devices containing PE-PUR foam:

1.27.1.   C-series S/T, AVAPS (C-series and C-series HT);

1.27.2.   DreamStation ASV;

1.27.3.   DreamStation BiPAP;

1.27.4.   DreamStation CPAP;

1.27.5.   DreamStation Go;

1.27.6.   DreamStation ST, AVAPS;

1.27.7.   E30;

1.27.8.   OmniLab Advanced Plus;

1.27.9.   System One 50 Series ASV4 (Auto SV4);

1.27.10.   System One 50 Series Base;

1.27.11.   System One 50 Series BiPAP;

1.27.12.   System One 60 Series ASV4 (Auto SV4);

1.27.13.   System One 60 Series Base;

1.27.14.   System One 60 Series BiPAP;

1.27.15.   Trilogy 100/200, Garbin Plus, Aeris LifeVent; and

1.27.16.   V30 auto.

1.28.   **Released Claims** shall mean all Medical Monitoring Claims against Defendants and the other Released Parties.   For the avoidance of doubt, Released Claims

---

expressly does not include (1) Personal Injury Claims, (2) Economic Loss Claims, (3) individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or (4) claims to enforce this Settlement.

1.29. **Released Parties** shall mean any individual who, or entity that, is or could be responsible or liable in any way whatsoever, whether directly or indirectly, for Medical Monitoring Claims. Without in any way limiting the foregoing, the Released Parties include, without limitation, (1) Defendants, (2) any of their past, present, or future parents, owners, predecessors, successors, subsidiaries, divisions, affiliates/related entities, stockholders, officers, directors, board members, supervisors, members, partners, managers, and employees, (3) any of their current, former, or future suppliers, agents, testing laboratories, attorneys, vendors, consultants, claim administrators, recall administrators, contractors, and subcontractors, (4) any and all current, former, or future distributors, sellers, insurers, reinsurers, resellers, lessors, retail dealers, and Durable Medical Equipment providers for the Recalled Devices, (5) prescribing doctors, healthcare providers, and healthcare practices with respect to the Recalled Devices, (6) any and all individuals and entities indemnified by any other Released Party with respect to Medical Monitoring Claims, and (7) all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders, as well as all other persons acting by, through, or under them, including those who are, may be, or are alleged to be jointly or jointly and severally liable with them, or any of them.

1.30. **Relevant Medical Information and Guidance** shall mean the available relevant medical information and guidance regarding the long-term health effects, if any, of use of the Recalled Devices.

1.31. **Settlement Administrator** shall mean, subject to MDL Court approval, Wolf Global Compliance ("Wolf Global"). The Parties may jointly agree to replace Wolf Global with another mutually agreeable Settlement Administrator, subject to MDL Court approval.

1.32. **Settlement Class or Settlement Class Members** shall include all individuals in the United States (as defined below), including United States citizens, United States residents, and United States military, diplomatic personnel and employees living or stationed overseas, who have used a Recalled Device.

EXCLUDED from the Settlement Class are: (a) Defendants and their officers, directors, and employees; and (b) the MDL Court, Settlement Mediator, and Special Masters assigned to the MDL.

---

1.33.   **Settlement Class Counsel** shall mean:

    1.33.1.   Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

    1.33.2.   Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

    1.33.3.   Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

    1.33.4.   Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222; and

    1.33.5.   Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107.

    1.33.6.   In the event any Settlement Class Counsel is no longer able or willing to serve in that role, the remaining Settlement Class Counsel may identify a suitable replacement and move the MDL Court to appoint the replacement Settlement Class Counsel.

1.34.   **Settlement Class Representatives** shall mean the following Plaintiffs:  Elizabeth Lemus and Marilynn Sweeney.  In the event an appointed Settlement Class Representative is no longer able or willing to serve in that role, Settlement Class Counsel will identify a suitable replacement and move the MDL Court for appointment of the replacement Settlement Class Representative.

1.35.   **Settlement Fund** shall mean the account that will be opened with the Custodian Bank, MDL 3014 Medical Advancement Program Settlement Fund ("Settlement Fund"), as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

1.36.   **United States** shall mean the United States of America, its Territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), and the District of Columbia.

## 2.   <u>Funding Obligations and Payments by the Philips Defendants</u>

2.1.   The Philips Defendants shall be responsible to make, or to cause to be made, payments into the Settlement Fund totaling in the aggregate Twenty-Five Million

---

Dollars ($25,000,000), and to perform, or cause to be performed, the obligations set forth in this Agreement.  In no event shall the Philips Defendants' payment obligation exceed Twenty-Five Million Dollars ($25,000,000).

2.2.    For purposes only of this Settlement and the enforcement of the payment and performance obligations under this Settlement, the Philips Defendants submit to the jurisdiction of the MDL Court.

2.3.    **Establishment and Administration of the Settlement Fund**

2.3.1.    The Settlement Fund will be a MDL Court-approved Qualified Settlement Fund ("QSF") pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

2.3.2.    BrownGreer, as QSF Administrator, shall obtain a Taxpayer Identification Number from the Internal Revenue Service and enter into a custodial agreement with the Custodian Bank pursuant to which BrownGreer shall establish  the QSF into which the Philips Defendants will make the payments required by this Agreement, as set forth in Sections 2.4 and 2.5 below.

2.3.3.    Unless otherwise permitted by the MDL Court upon application of Settlement Class Counsel, at the written direction of the QSF Administrator, the Custodian Bank shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation, or (b) secured by instruments backed by the full faith and credit of the United States Government.  Neither the Philips Defendants nor Counsel for the Philips Defendants shall bear any responsibility for or liability related to the investment of the Settlement Fund by the Custodian Bank.

2.3.4.    All notice costs and administrative expenses will be paid from the Settlement Fund.

2.4.    **Payment for Class Notice and Other Administrative Expenses**

2.4.1.    No later than 14 days after entry of the Preliminary Approval Order, the Philips Defendants shall deposit, or cause to be deposited, One Million Nine Hundred Thousand Dollars ($1,900,000) into the Settlement Fund (the "First Payment") for purposes of paying notice-related costs and other reasonable administrative expenses that may be incurred pursuant to this Settlement in conjunction with the retention and/or services of the Notice Administrator, the QSF Administrator, the Settlement Administrator, and the Custodian Bank.

2.4.2.    In the event the First Payment is insufficient to pay notice-related costs and other reasonable administrative expenses required under the Settlement in advance of the Effective Date, the Philips Defendants shall deposit, or cause to be deposited, additional funds sufficient to cover those costs and expenses, and the amount of any such additional deposit(s) shall be subtracted from the Second Payment set forth below in Section 2.5, so that the First Payment, any additional payment(s) required in advance of the Effective Date, and the Second Payment, as adjusted if necessary, total no more than Twenty-Five Million Dollars ($25,000,000).

2.5.    **Payment for Medical Advancement Program Benefits**

Within 14 days of the Effective Date, the Philips Defendants shall deposit, or cause to be deposited, Twenty-Three Million One Hundred Thousand Dollars ($23,100,000) into the Settlement Fund (the "Second Payment") for purposes of providing MAP Benefits to the Settlement Class.

2.5.1.    In the event the Philips Defendants are required to deposit additional funds pursuant to Section 2.4.2 above, the amount of any such additional deposit(s) shall be subtracted from the Second Payment.

2.6.    In the event any amounts are remaining from the First Payment, after paying notice-related costs and other reasonable administrative expenses, those amounts may be used to provide MAP Benefits to the Settlement Class.

2.7.    The net interest earned from the Philips Defendants' payments into the Settlement Fund, after payment of taxes and fees owed for notice-related costs and other reasonable administrative expenses, will accrue to the benefit of the Settlement

---

**Section 2.   Funding Obligations and Payments by the Philips Defendants**                                                                    11

Class and may be used for the purpose of providing MAP Benefits to the Settlement Class.

2.8.    The payments by, or on behalf of, the Philips Defendants of the First Payment and the Second Payment shall be non-reversionary, and the Philips Defendants shall not be entitled to return of the payments; however, if the Settlement does not achieve MDL Court Final Approval and/or does not become Final, then any amounts remaining from the First Payment, after paying previously incurred notice-related costs and other reasonable administrative expenses, will be returned to the Philips Defendants.

## 3.    **Settlement Benefits**

The Settlement Class will be provided the following MAP Benefits during the MAP Benefits Period:

### 3.1.    **MAP Research**

3.1.1.    The Settlement Administrator, in consultation with the Parties, will determine appropriate recipient(s) of grant(s) to fund independent medical research related to the advancement of public knowledge regarding the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices. The Settlement Administrator, in consultation with the Parties and appropriate experts, will determine the scope and parameters of the MAP Research, including in conjunction with the results of the existing and ongoing testing concerning the risks of long-term health effects, if any, for individuals who used the Recalled Devices.

3.1.2.    Grants will be subject to prior MDL Court approval upon application of Settlement Class Counsel.

3.1.3.    Grants will be posted on the Settlement Website.

3.1.4.    Following consultation among the Settlement Administrator, the Parties, and any appropriate medical experts, the results of the MAP Research, to the extent medically relevant and valid conclusions are reached, shall be published on the Settlement Website, defined and discussed below in Section 3.3, and disseminated to Settlement Class Members. In the event of any dispute regarding publication, the Parties shall follow the dispute resolution provisions of Section 16 below.

3.2. **MAP Registry**

    3.2.1.    The Settlement Administrator, in consultation with the Parties, shall establish a research registry to which Settlement Class Members can elect to submit authorizations for the release and disclosure of medical information protected by HIPAA, 45 CFR § 164.508, for purposes of review and evaluation in connection with the MAP Research.

3.3. **MAP Resources**

    3.3.1.    The Settlement Administrator, in consultation with the Parties, shall establish and maintain an interactive website ("Settlement Website") for delivery of MAP Resources to Settlement Class Members for purposes of increasing access to and an understanding of Relevant Medical Information and Guidance.

    3.3.2.    The Settlement Administrator, in consultation with the Parties and appropriate medical and/or scientific experts with relevant qualifications and experience, shall identify appropriate materials to be included in the MAP Resources to be posted on the Settlement Website based upon the current and ongoing relevant published medical literature, scientific studies, and testing with respect to Recalled Devices conducted by independent outside laboratories, as well as information provided to the FDA. In the event of any dispute regarding the content of MAP Resources, the Parties shall follow the dispute resolution provisions of Section 16 below.

    3.3.3.    The Settlement Administrator shall ensure that the Settlement Website is constructed in a user-friendly format and that the Relevant Medical Information and Guidance is appropriately annotated and/or summarized for affected individuals who do not have a medical or scientific background.

    3.3.4.    The Settlement Administrator shall post Relevant Medical Information and Guidance on the Settlement Website, and shall periodically post updates to the same, as available, and shall disseminate the same to Settlement Class Members who register to receive notifications of the Relevant Medical Information and Guidance.

4.      **Releases**

4.1.    Through this Settlement, the Parties are settling and fully and forever resolving, with complete finality, any and all Released Claims of the Settlement Class Members against Defendants and the other Released Parties.  The Settlement does not resolve any claims that Settlement Class Members may have, if any, against the Defendants or other Released Parties for Personal Injury Claims, which are not released by this Settlement and are expressly excluded from the definition of Released Claims.  The Settlement also does not resolve Economic Loss Claims, which were addressed in connection with the Economic Loss Settlement (ECF 2736).

4.2.    Other than as expressly set forth below, the Philips Defendants and any successors to their rights or interests under this Settlement warrant and represent that they will not challenge or oppose, on the basis of this Settlement or the Releases provided herein, (a) a Settlement Class Member's Personal Injury Claims or their ability to recover for those claims, or (b) individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or their ability to recover for those individual claims.

4.3.    The releases set forth herein expressly exclude any claims for breach of this Agreement.

4.4.    The terms of this Section are material terms of this Agreement and will be reflected in the Final Order and Judgment.

4.5.    **Release By Settlement Class**

4.5.1.  As of the Effective Date, Settlement Class Members, on behalf of themselves and their agents, heirs, executors, administrators, successors, assigns, insurers, attorneys, representatives, and any other legal or natural persons who may claim by, through and/or on behalf of them ("Releasing Parties"), fully, finally, irrevocably, and forever release, remise, waive, relinquish, settle, surrender, forego, give up, abandon, cancel, acquit and forever discharge and covenant not to sue Defendants and the other Released Parties with respect to any and all Released Claims.  Without in any way limiting the foregoing or its broad scope, this release covers (by example and without limitation) claims for equitable relief, injunctive relief, declaratory relief, specific performance, monetary relief sought as a representative or member of

any class of claimants in a class action or aggregate, group, or mass action, penalties, liens, and attorneys', expert, consultant, or other litigation fees or costs other than fees and costs awarded by the Court in connection with this Settlement, but does *not* include Personal Injury Claims, Economic Loss Claims, or individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

4.5.2.    The Settlement Class does not release or discharge, but instead expressly preserves, the right of any and all Settlement Class Members to file individual claims on their own behalf, on a non-class, non-aggregate, non-mass, and non-group basis, for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

4.5.3.    This release applies to all Settlement Class Members by virtue of their membership in the Settlement Class and their eligibility to receive MAP Benefits, the notice and MDL Court-approval process herein, the ability to object to the Settlement, and the occurrence of the Effective Date.

4.5.4.    Settlement Class Members acknowledge and waive, and agree to waive, on behalf of themselves and the other Releasing Parties, Section 1542 of the California Civil Code, which provides that: "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**" Settlement Class Members expressly waive and relinquish, on behalf of themselves and the other Releasing Parties, any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims.

**Section 4.   Releases**                                                                 15

In connection with such waiver and relinquishment, Settlement Class Members acknowledge, on behalf of themselves and the other Releasing Parties, that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, asserted or unasserted, or past, present, or future, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release of the Released Claims notwithstanding the discovery or existence of any such additional or different claims or facts. Each Settlement Class Member expressly acknowledges, on behalf of themselves and the other Releasing Parties, that he or she has been advised by their attorneys of the contents and effect of Section 1542, and with knowledge, expressly waives whatever benefits they may have had pursuant to such section. Settlement Class Members acknowledge, and the Releasing Parties shall be deemed to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of this Settlement.

4.5.5.   In addition, pursuant to the Final Order and Judgment, all Releasing Parties will be forever barred and enjoined from asserting against the Released Parties any and all of the Released Claims.

## 5.   Settlement Administration

5.1.   The Settlement Fund shall be used to pay all reasonable costs of Settlement Administration, including the reasonable fees and costs of the Notice Administrator, the QSF Administrator, the Settlement Administrator, and the Custodian Bank.

5.2.   The Settlement Administrator shall be responsible for the creation and maintenance of the Settlement Website and other duties as provided in any agreement entered into with the Settlement Administrator. The Settlement Administrator shall sign and be bound by the Protective Order entered by the MDL Court, as amended (ECF 104, 498, 765).

## 6.   Settlement Class Certification

The Parties hereby stipulate, for purposes of this Settlement only, that the requirements of Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are satisfied, and, subject to approval by the MDL Court, the Settlement Class set forth in Section 1.32 shall be

certified for settlement purposes only (with the understanding that, by stipulating to the proposed Settlement Class, the Philips Defendants do not agree that Rule 23 requirements are met for purposes of a litigation class and reserve all rights to oppose class certification in the event the Settlement is not approved or does not become Final).

**7.** **Preliminary Approval of Settlement Pursuant to Federal Rule of Civil Procedure 23(e) and Related Motions**

7.1. This Settlement shall be subject to both preliminary and final approval of the MDL Court.

7.2. Within 10 days of the Execution Date, Settlement Class Counsel will move the MDL Court for the Preliminary Approval Order, in substantially the form annexed hereto as **Exhibit 1**, seeking, among other things, to:

7.2.1. conditionally certify the Settlement Class;

7.2.2. preliminarily approve the Settlement;

7.2.3. determine that the Settlement appears fair, reasonable, and adequate within the meaning of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure and thus sufficient to promulgate notice of the Settlement to the Settlement Class;

7.2.4. order that notice be provided to the Settlement Class pursuant to Section 8 below;

7.2.5. give Settlement Class Members the right to object to the Settlement, as set forth in Section 9;

7.2.6. inform Settlement Class Members that they do not have a right to opt out of the Settlement, as set forth in Section 10;

7.2.7. inform Settlement Class Members that they will be bound by the Final Order and Judgment;

7.2.8. stay and enjoin Settlement Class Members from pursuing all Medical Monitoring Claims against Defendants and the other Released Parties, whether in the MDL Court or in any other court or tribunal, until such time as the MDL Court has determined whether to enter the Final Order and Judgment;

---

**Section 7.   Preliminary Approval of Settlement Pursuant to Federal Rule of Civil Procedure 23(e) and Related Motions**                                                                17

7.2.9.    schedule the Final Fairness Hearing following entry of the Preliminary Approval Order;

7.2.10.    appoint BrownGreer as the Notice Administrator;

7.2.11.    appoint Wolf Global as the Settlement Administrator;

7.2.12.    appoint Huntington National Bank as the Custodian Bank;

7.2.13.    appoint BrownGreer as the QSF Administrator;

7.2.14.    find that the Settlement Fund is a "Qualified Settlement Fund" as defined in Section 468B-1(c) of the Treasury Regulations; and

7.2.15.    provide that any objections by any Settlement Class Member to the Settlement shall be heard and any papers submitted in support of said objections shall be considered by the MDL Court at the Final Fairness Hearing only if, on or before the conclusion of the Objection Period specified in the Notice and Preliminary Approval Order, such Settlement Class Member follows the required procedures.

7.3.    Settlement Class Counsel shall request that the MDL Court hold a hearing on the motion for the Preliminary Approval Order on a date to be determined by the MDL Court.

7.4.    The Philips Defendants shall cooperate to the extent reasonably necessary in connection with Settlement Class Counsel's motions for Preliminary and Final Approval of the Settlement and related documents necessary to effectuate and implement the terms and conditions of this Agreement.

7.5.    The Philips Defendants shall have the right to withdraw from the Settlement if the MDL Court does not issue the Preliminary Approval Order in substantially the form attached hereto as **Exhibit 1**.

## 8.    Notice to Settlement Class Members

### 8.1.    Type of Notice Required

8.1.1.    The Class Notice Period shall commence upon the entry of the Preliminary Approval Order.

8.1.2.    Within 30 days after entry of the Preliminary Approval Order, the Notice Administrator will cause Class Settlement Notice ("Notice"), in

the form attached hereto as **Exhibit 4**, to be disseminated in the following manner:

8.1.2.1.   Either by first class mail, postage prepaid, or by email (where an email address is available) to the last known address of all known Settlement Class Members based on the information that was previously collected and updated in connection with disseminating notice of the Economic Loss Settlement;

8.1.2.2.   Electronic upload notification by Philips RS, in the form attached hereto as **Exhibit 4(a)**, to all Settlement Class Members who elected to receive messages through DreamMapper, which will refer them to the Settlement Website only;

8.1.2.3.   Posting a copy of the Notice on the Settlement Website, www.RespironicsMedicalAdvancementProgram.com;

8.1.2.4.   Posting a copy of the Notice on the settlement website for the Economic Loss Settlement, www.respironicscpap-elsettlement.com;

8.1.2.5.   Providing a copy of the Notice and requesting that it be posted on the MDL Court's website for the MDL, https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation; and

8.1.2.6.   As the MDL Court may otherwise direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(A).

8.2.   **Payment of Costs of Notice**:  The reasonable costs of Class Notice agreed to by the Parties or required by the MDL Court shall be paid out of the Settlement Fund.

8.3.   The Notice Administrator on behalf of the Philips Defendants shall provide notice of the Settlement to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b).

## 9.   <u>Right to Object to the Settlement; Objection Period</u>

9.1.   Settlement Class Members have the right to object to the Settlement.

9.2.     Settlement Class Members will have 90 days from entry of the Preliminary Approval Order ("Objection Period") to object to the Settlement in accordance with this Section.  The last day of the Objection Period (the "Objection Deadline") will be included in the Notice and posted on the Settlement Website and the MDL Court's website for the MDL.

9.3.     Any Settlement Class Member who objects to the Settlement (in whole or in part), any terms herein, or the approval process must make that objection by the following procedure:

9.3.1.     The objection must be in writing.

9.3.2.     The objection must state with specificity the grounds for the objection. The objection must also include a statement whether the Settlement Class Member intends to appear at the Final Fairness Hearing either with or without the objector's counsel (who shall be identified).

9.3.3.     The objection must be signed by the Settlement Class Member.

9.3.4.     The objection must contain the caption of the MDL and the name, mailing address, email address, if any (an email address is not required), and telephone number of the objecting Settlement Class Member and his or her counsel (if any).

9.3.5.     The objection must be mailed to the Notice Administrator at:

Respironics Medical Advancement Program
P.O. Box 26288
Richmond, VA 23260

The objection must be postmarked no later than the Objection Deadline. Untimely objections are invalid.

9.3.6.     The Notice Administrator shall provide a copy of all objections to Counsel by email promptly following receipt.

9.3.7.     Settlement Class Counsel shall file the objections, if any, received by the Notice Administrator with the MDL Court no later than 21 days before the Final Fairness Hearing.

9.4.     Any objection not submitted in full compliance with these terms and procedures is invalid and deemed waived, unless otherwise accepted by the Court in writing.

---

**Section 9.   Right to Object to the Settlement; Objection Period**                    20

9.5.    Settlement Class Members who fail to file and serve timely written objections in accordance with Section 9 shall be deemed to have waived any objections, shall not be heard at the Final Fairness Hearing, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise allowed by the Court in writing.

9.6.    Settlement Class Counsel and/or Counsel for the Philips Defendants shall file any response(s) to the objections with the MDL Court no later than 21 days before the Final Fairness Hearing.

## 10.    **No Right to Opt-Out of Settlement**

10.1.   Because the Settlement Class is being certified as a mandatory class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, Settlement Class Members shall not be permitted to opt out of the Settlement Class.

## 11.    **Final Fairness Hearing**

11.1.   After the close of the Class Notice Period and the Objection Period, but no later than 21 days before the Final Fairness Hearing, Settlement Class Representatives and Settlement Class Counsel shall move the MDL Court for Final Approval of the Settlement and to enter the Final Order and Judgment, substantially in the form of **Exhibit 2** hereto, which shall do each of the following, among other things:

11.1.1.   Approve finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

11.1.2.   Determine that the Notice was appropriate and disseminated in accordance with the Preliminary Approval Order;

11.1.3.   Certify the Settlement Class and confirm the appointment of the Settlement Class Representatives and Settlement Class Counsel;

11.1.4.   Direct that the Medical Monitoring Complaint be dismissed with prejudice as to all Defendants, without costs;

11.1.5.   Reserve to the MDL Court exclusive jurisdiction over the Settlement, this Agreement, including the interpretation, implementation, administration, consummation, and enforcement of this Settlement and this Agreement, and the "Qualified Settlement Fund," as defined under §1.468B-1 of the Treasury Regulations promulgated under Sections

---

461(h) and 468B of the Internal Revenue Code of 1986, as amended, created under the Agreement;

11.1.6.   Determine under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay, and direct that the Final Order and Judgment be entered;

11.1.7.   Enjoin and finally and forever bar any and all Settlement Class Members from maintaining, continuing, pursuing and/or prosecuting the Released Claims in any action, arbitration or other proceeding, whether pending or filed in the future, against Defendants or the Released Parties, as well as entitling the Released Party or Parties to recover any and all reasonable costs and expenses from that Settlement Class Member arising from that Settlement Class Member's violation of the injunction, subject to MDL Court approval; and

11.1.8.   Enjoin and forever bar the Philips Defendants and any successors to the Philips Defendants' rights or interests under the Settlement from challenging or opposing, on the basis of this Settlement or the Releases provided herein, a Settlement Class Member's Personal Injury Claims and/or individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or ability to recover for those claims.

11.2.   The Philips Defendants shall have the right to withdraw from the Settlement if the MDL Court does not enter a Final Order and Judgment substantially in the form of **Exhibit 2** hereto.

11.3.   At the Final Fairness Hearing, the MDL Court shall also be requested to, *inter alia*, (i) consider any timely and properly filed objections to the Settlement, (ii) certify the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(2), (iii) determine whether the Settlement is fair, reasonable, and adequate, was entered into in good faith and negotiated by the Parties at arm's length, and should be approved, (iv) provide findings in connection therewith, (v) enter the Final Order and Judgment, and (vi) consider Settlement Class Counsel's motion for attorneys' fees, reimbursement of costs and expenses, and service awards as described in Section 15.1 below.

---

**Section 11. Final Fairness Hearing**                                      22

## 12.    Termination of this Settlement

12.1.   This Settlement shall be terminated and cancelled upon any of the following events:

    12.1.1.   The MDL Court declines to enter the Preliminary Approval Order substantially in the form of **Exhibit 1** hereto;

    12.1.2.   The MDL Court declines to enter the Final Order and Judgment substantially in the form of **Exhibit 2** hereto; or

    12.1.3.   The Final Order and Judgment is reversed by a higher court.

12.2.   The Philips Defendants may, at their sole and exclusive discretion and option, withdraw from and cancel their obligations under this Settlement, upon any of the following events:

    12.2.1.   The Notice does not comply with the Preliminary Approval Order;

    12.2.2.   Settlement Class Counsel, on behalf of the Settlement Class, materially breaches the Settlement and such breach materially frustrates the purposes of this Settlement;

    12.2.3.   The Medical Monitoring Complaint is not dismissed with prejudice as to all Defendants;

    12.2.4.   The Released Claims of the Releasing Parties against Defendants and the other Released Parties are not released on the terms set forth herein;

    12.2.5.   The MDL Court does not enter the preliminary injunction described in Section 7.2.8 above;

    12.2.6.   The MDL Court does not enter the permanent injunction described in Section 4.5.5 above;

    12.2.7.   The Settlement Class is not certified as a mandatory, non-opt-out class under Rule 23(b)(2) of the Federal Rules of Civil Procedure; and

    12.2.8.   This Settlement is changed in any material respect, except by written agreement of the Parties.

12.3.   In the event of a breach of the Agreement by the Philips Defendants, the Settlement Class Representatives may, at their sole discretion, seek to enforce the Settlement

in the MDL Court (or, if the MDL Court does not have jurisdiction, any other court with jurisdiction to hear the matter).

12.4.   In the event of a breach of the Agreement by the Settlement Class Representatives, the Philips Defendants may, at their sole discretion, seek to enforce the Settlement in the MDL Court (or, if the MDL Court does not have jurisdiction, any other court with jurisdiction to hear the matter).

## 13.   <u>MDL Court Retains Jurisdiction to Implement, Interpret and Enforce Agreement and Settlement</u>

The MDL Court shall retain continuing and exclusive jurisdiction over the Philips Defendants, the Settlement Class, the Settlement Class Members, this Agreement, and the Settlement for the purposes of administering, supervising, implementing, interpreting, construing, consummating, and enforcing this Agreement and the Settlement, and the MDL Court shall also retain continuing and exclusive jurisdiction over the "qualified settlement fund," as defined under §1.468B-1 of the Treasury Regulations promulgated under Sections 461(h) and 468B of the Internal Revenue Code of 1986, as amended, created under the Agreement.

## 14.   <u>Choice of Law</u>

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, including all matters of construction, validity, performance, and enforcement, and without giving effect to the principles of conflict of laws.

## 15.   <u>Attorneys' Fees, Costs and Expenses, and Service Awards</u>

15.1.   Settlement Class Counsel will submit to the MDL Court for approval as part of the Final Fairness Hearing, a motion for an award of attorneys' fees, reimbursement of costs and expenses, and service awards, in the aggregate amount of up to $5 million, which is 20% of the payments by the Philips Defendants into the Settlement Fund, to be paid from the Settlement Fund within 21 days after the Effective Date. Settlement Class Counsel's motion for attorneys' fees, reimbursement of costs and expenses, and service awards will be due 30 days before the Objection Deadline, and the deadline for the motion will be provided in the Notice.  Settlement Class Members shall have the opportunity to submit objections.

15.2.   The Parties agree that the amount of any award of attorneys' fees, costs and expenses and the amount of any service awards are intended to be considered by

---

the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  No order of the Court, or modification, reversal, or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, reimbursement of costs and expenses, or service awards shall affect whether the Final Order and Judgment is entered, or constitute grounds for termination of the Settlement.

**16.**   **Dispute Resolution**.

Any dispute between the Parties relating to the interpretation or application of any provision of the Settlement will be discussed between Settlement Class Counsel and Counsel for the Philips Defendants in the first instance in an effort to resolve the matter. If they reach an impasse, the matter shall be presented to and discussed with the Settlement Mediator.  In the event an impasse remains after presenting the dispute to the Settlement Mediator, the dispute will be resolved by appeal to the MDL Court (with the potential for further appeal to the U.S. Court of Appeals for the Third Circuit).

**17.**   **Miscellaneous**

17.1.   The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

17.2.   If the last day of any period mentioned in this Settlement falls on a weekend or legal holiday, the period shall include the next business day.  To the extent any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the convention contained in Rule 6 of the Federal Rules of Civil Procedure.

17.3.   All persons shall be on notice of their continuing duty to monitor the MDL Court's docket for the most current filings and information.  The MDL Court, in its discretion, may alter, postpone or amend any deadlines or hearing dates scheduled by the MDL Court in connection with the approval of this Settlement without additional formal notice.  Orders concerning any such changes will be posted on the Settlement Website and are expected to be docketed on the MDL Court's website:

https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation.

17.4.   The Notice Administrator shall coordinate with the Settlement Administrator to post on the Settlement Website this Agreement (including all of its exhibits), as

---

well as relevant pleadings by the Parties and orders entered by the MDL Court in connection with the Settlement, including relevant scheduling orders.

17.5.   Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity, other than Settlement Class Members, the Philips Defendants, and the other Released Parties, any right or remedy under or by reason of this Agreement.

17.6.   Unless otherwise specified, any written notices and other communications under this Settlement shall be in writing and shall be sent to Settlement Class Counsel and Counsel for the Philips Defendants.   Routine communications may be made by email.   Communications asserting a breach of this Settlement shall be made by email and by hand delivery or overnight courier (*e.g.*, Express Mail, Overnight UPS, or FedEx).

17.7.   This Settlement is the product of arm's-length negotiations between Settlement Class Counsel, the Philips Defendants, and Counsel for the Philips Defendants under the auspices of the Settlement Mediator.   None of the Parties or their Counsel shall be deemed to be the drafter of this Agreement or any provision thereof.   No presumption shall be deemed to exist in favor of or against anyone on account of who drafted any particular portion of this Agreement.

17.8.   This Settlement constitutes the entire agreement between the Parties with respect to the matters set forth herein and supersedes any and all prior and contemporaneous undertakings in connection therewith, including any prior term sheets.   In entering into this Agreement, the Parties have not received or relied upon any agreements or promises other than as contained in writing in this Agreement.

17.9.   The terms of this Settlement may not be modified, waived, or amended unless such modification or amendment is in writing executed by all Parties, and (upon the Final Order and Judgment) approved by the MDL Court.   The waiver by any Party of any breach of this Settlement shall not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with this Settlement.

17.10.   This Settlement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Settlement.

17.11.   If there is any conflict as between the Agreement and any exhibits, the language and terms in the Agreement shall prevail.

17.12.   In the event this Agreement is not preliminarily or finally approved by the MDL Court, or in the event that the Order and Final Judgment approving the Settlement

---

**Section 17. Miscellaneous**                                                                 26

is entered but later reversed or vacated, or the Philips Defendants exercise their right to terminate the Agreement pursuant to Section 12, the pre-settlement status of this MDL shall be restored (including without limitation any applicable tolling of any statute of limitations), and the Agreement shall have no effect on the rights of the Parties to prosecute or defend the Medical Monitoring Claims in the MDL or elsewhere in any respect, including without limitation the right to fully litigate the issues related to class certification, raise personal jurisdiction defenses, or any other defenses. The Parties will negotiate and submit to the MDL Court for Court approval a modified case schedule at such time.

17.13. Each of the undersigned signatories represents that he or she is fully authorized to enter into the terms and conditions of, and to execute this Agreement.

## 18. Federal Rule of Evidence 408

18.1. The Parties specifically acknowledge and agree that this Settlement, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, shall be considered a compromise within the meaning of Federal Rules of Evidence Rule 408, and any equivalent rule of evidence or procedure of any state, and shall not (i) constitute, be construed, be offered, or be received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the MDL, or in any other pending or subsequently filed action, arbitration, or other proceeding, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, except as permitted in Section 18.3 of this Settlement below; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue. As set forth in Section 2.2 above, the Philips Defendants submit to the jurisdiction of the MDL Court solely for purposes of the Settlement and the enforcement of the payment and performance obligations thereunder.

18.2. The Parties agree that this Settlement, any orders, pleadings, or other documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against the Defendants as evidence of any obligation that any Party hereto has or may have to anyone, except with regard to the obligations and rights under the Settlement.

18.3. The provisions of this Settlement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after a hearing upon

---

application of a Party hereto, (iii) in connection with any motion to dismiss, enjoin, or stay a Released Claim, or (iv) to obtain MDL Court approval of the Settlement.

[intentionally left blank]

The Parties have executed this Settlement Agreement, by their duly authorized representatives, on the Execution Date.

PHILIPS RS NORTH AMERICA, LLC:

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
(215) 963-5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

*/s/ Wendy West Feinstein*
Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-3300 (phone)
wendy.feinstein@morganlewis.com

*/s/ Erik T. Koons*
Erik T. Koons
**BAKER BOTTS LLP**
700 K St. NW
Washington, DC 20001
(202) 639-7973 (phone)
erik.koons@bakerbotts.com

*/s/ Andrew T. George*
Andrew T. George
**BOURELLY, GEORGE + BRODEY LLP**
1050 30th Street, NW
Washington, DC 20007
(202) 753-5012 (phone)
andrew.george@bgblawyers.com

PLAINTIFFS' CO-LEAD COUNSEL:

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Sandra L. Duggan*
Sandra L. Duggan
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
sduggan@lfsblaw.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

29

KONINKLIJKE PHILIPS N.V., PHILIPS
NORTH AMERICA LLC, PHILIPS
HOLDING USA INC., AND PHILIPS RS
NORTH AMERICA HOLDING
CORPORATION:

*/s/ Michael H. Steinberg*
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
(310) 712-6670 (phone)
steinbergm@sullcrom.com

*/s/ William B. Monahan*
Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
(212) 558-4000 (phone)
hight@sullcrom.com
monahanw@sullcrom.com

CHAIR PLAINTIFFS' SETTLEMENT
COMMITTEE:

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg (Chair)
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565 (phone)
rliebenberg@finekaplan.com

# EXHIBIT 1

# to Medical Monitoring Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, | : | |
| BI-LEVEL PAP, AND MECHANICAL | : | Master Docket: Misc. No. 21-mc-1230-JFC |
| VENTILATOR PRODUCTS | : | |
| LITIGATION | : | MDL No. 3014 |
| | : | |
| This Document Relates to: All Actions | : | |
| Asserting Claims for Medical Monitoring | : | |
| | : | |
| | : | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED CLASS
SETTLEMENT AGREEMENT AND RELEASE OF MEDICAL MONITORING CLAIMS**

WHEREAS, on October 17, 2022, Plaintiffs filed a Consolidated Second Amended Class Action Complaint for Medical Monitoring (ECF No 815; the "Medical Monitoring Complaint") on behalf of themselves and all others similarly situated;

WHEREAS, Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have entered into a Class Settlement Agreement and Release of Medical Monitoring Claims with the Settlement Class Representatives, dated May 9, 2024, in full and final settlement of the Medical Monitoring Claims against the Philips Defendants and the other Released Parties (the "Agreement," the "Settlement Agreement," or the "Settlement");

WHEREAS, all terms in initial capitalization used in this Order shall have the same meaning as set forth in the Settlement Agreement;

WHEREAS, the Parties engaged in extensive good faith, arm's-length negotiations to resolve the Medical Monitoring Claims, with the assistance and oversight of the Settlement Mediator appointed by the Court, Hon. Diane M. Welsh (Ret.);

WHEREAS, on May 9, 2024, the Settlement Class Representatives filed a Motion for Preliminary Approval of Proposed Class Action Settlement Agreement and to Direct Notice to the Proposed Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (the "Motion");

WHEREAS, on June 18, 2024, the Court held a hearing on the Motion and heard argument on whether to preliminarily approve the Settlement, during which the Parties addressed questions and comments of the Court and agreed to revise the Settlement Agreement and Notice;

WHEREAS, on June 24, 2024, the Parties filed an amended Settlement Agreement, with amended Exhibits (ECF ___); and

WHEREAS on June 27, 2024, the Court continued the hearing on the Motion and heard further argument on whether to preliminarily approve the Settlement.

NOW, THEREFORE, THIS ___ DAY OF ____, 2024, IT IS HEREBY ORDERED AS FOLLOWS:

**A.      The Settlement Is Preliminarily Approved**

1.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure.  The Court hereby finds that the Settlement falls within the range of reasonableness meriting likely final approval and has key indicia of fairness, including that (1) the Parties have reached the Settlement after investigating the strengths and weaknesses of the Medical Monitoring Claims and the defenses thereto, including at the pleading, class certification, expert, and other

stages of this litigation, (2) the extensive settlement negotiations were arm's-length and consisted of multiple mediation sessions overseen by the Settlement Mediator, (3) there is no evidence of collusion in reaching this Settlement, (4) the proponents of the Settlement are experienced in similar litigation, and (5) the Settlement provides valuable tangible and intangible benefits for Settlement Class Members through the Medical Advancement Program Benefits.

2.      The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Final Fairness Hearing.  Settlement Class Members shall have the right to object to the Settlement, as set forth in the Agreement and this Order.

3.      Pursuant to Rules 23(c)(2)(A) and 23(e)(1)(B), the Court orders that Notice be provided to the Settlement Class Members pursuant to the terms of the Agreement and as set forth herein.

4.      Any objections by any Settlement Class Member to the Settlement (in whole or in part) shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Fairness Hearing only if, on or before the Objection Deadline specified in the Notice and this Order, such Settlement Class Member follows the required objection procedures set forth in the Agreement and Notice, which procedures are hereby approved.

**B.      Appointments of Notice Administrator, Qualified Settlement Fund Administrator, Settlement Administrator, and Custodian Bank**

5.      The Court hereby appoints BrownGreer PLC ("BrownGreer") as the Notice Administrator.  It shall be responsible for the duties set forth in the Settlement Agreement assigned to the Notice Administrator, including, but not limited to, (a) the notice dissemination process set forth in the Agreement; (b) collecting and forwarding to Settlement Class Counsel and Counsel for the Philips Defendants any objections to the Settlement or to the request for attorneys' fees,

reimbursement of costs and expenses, and/or service awards; and (c) any other duties as provided in any agreement entered into between Counsel and the Notice Administrator.

6. The Court hereby appoints BrownGreer as the Qualified Settlement Fund ("QSF") Administrator. It shall be responsible for the duties set forth in the Settlement Agreement assigned to the QSF Administrator, including but not limited to establishing and maintaining the QSF for the benefit of the Settlement Class pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

7. The Court hereby appoints Wolf Global Compliance as the Settlement Administrator. It shall be responsible for the duties set forth in the Settlement Agreement assigned to the Settlement Administrator, including, but not limited to, (a) establishing and maintaining a Settlement Website for Settlement Class Members to access Relevant Medical Information and Guidance in a user-friendly format for individuals who do not have a medical or scientific background, (b) determining, in consultation with the Parties and appropriate experts, appropriate recipient(s) of grant(s), subject to Court approval, to fund independent medical research related to the advancement of public knowledge regarding the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices, (c) publishing the results of the research, to the extent medically relevant and valid conclusions are reached, on the Settlement Website, and (d) establishing, in consultation with the Parties, a MAP Registry to which Settlement Class Members can elect to submit authorizations for the release and disclosure of medical information protected by HIPAA, 45 CFR § 164.508, for purposes of review and evaluation in connection with the MAP Research. The Settlement Administrator shall sign and be bound by the Protective Order entered by this Court, as amended (ECF Nos. 104, 498, 765).

8.      The Court approves Huntington National Bank as the Custodian Bank pursuant to the Settlement Agreement.

9.      Pursuant to the Agreement, the Philips Defendants shall deposit, or cause to be deposited, the First Payment, which is for notice-related costs and other administrative expenses, into the Settlement Fund within 14 days of entry of this Order.  Reasonable costs of Class Notice and Settlement administration agreed to by the Parties or required by this Court, including the fees and costs of the Notice Administrator, the QSF Administrator, the Settlement Administrator, and the Custodian Bank, shall be paid solely from the Settlement Fund.

**C.      The Settlement Notice Is Approved**

10.     The Court approves the form and substance of Notice attached as Exhibit 4 to the Settlement Agreement ("Settlement Notice").

11.     The Court finds that the method of giving notice to the Settlement Class ("Notice Plan"), as provided in the Settlement Agreement, (a) is appropriate under the circumstances and will apprise the Settlement Class Members of the terms and benefits of the proposed Settlement, including the Medical Advancement Program Benefits, their right under the proposed Settlement to object to the Settlement, including objections to the scope of the release of the Philips Defendants and other Released Parties, and the binding effect of a Final Judgment; (b) constitutes due, adequate, and sufficient notice to all Settlement Class Members and any other persons entitled to receive notice; (c) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rules 23(c)(2)(A) and 23(e), the Due Process Clause(s) of the United States Constitution, and any other applicable laws; and (d) appropriately informs Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Fairness Hearing or to

otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

12.    The Settlement Notice will apprise the Settlement Class that Class Counsel intend to petition the Court for an award of attorneys' fees, costs and expenses, and service awards, totaling in the aggregate an amount of up to 20% of the Settlement Fund, to be paid from the Settlement Fund, and the right of Settlement Class Members to submit objections concerning such petition.

13.    Within 30 days after entry of this Order, the Settlement Notice will be disseminated to Settlement Class Members pursuant to the terms of the Settlement Agreement.

**D.    The Settlement Class**

14.    Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> **Settlement Class or Settlement Class Members** shall include all individuals in the United States, including its Territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), and the District of Columbia, including United States citizens, United States residents, and United States military, diplomatic personnel and employees living or stationed overseas, who have used a Recalled Device.
>
> EXCLUDED from the Settlement Class are: (a) Defendants and their officers, directors, and employees; and (b) the MDL Court, Settlement Mediator, and Special Masters assigned to the MDL.

15.    The Settlement Class is conditionally certified as a mandatory class under Rule 23(b)(2). Settlement Class Members shall therefore not be permitted to opt out of the Settlement Class. If the Court grants final approval of the Settlement Agreement and subsequently issues a Final Order and Judgment on the Medical Monitoring Claims, then all Settlement Class Members will be bound by that Final Order and Judgment.

16.     The Court finds that, for settlement purposes only, the Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, including that:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Settlement Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; and (e) the Philips Defendants have acted on grounds generally applicable to the Settlement Class as a whole, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.  Namely, the Philips Defendants are alleged to have designed, manufactured, sold, negligently failed to recall, and/or negligently executed the recall of the Recalled Devices, all of which contained PE-PUR foam that allegedly exposed all Settlement Class Members to increased risks of injuries.  The Philips Defendants have denied and continue to deny these allegations, but nonetheless have agreed to provide the proposed Medical Advancement Program Benefits to Settlement Class Members, which will benefit all Settlement Class Members through funding independent medical research to investigate the detection, diagnosis, and/or treatment of injuries Settlement Class Members are allegedly at risk of sustaining, thereby contributing to the advancement of public knowledge and education with respect to these injuries, and educate the Settlement Class on the existing testing and literature with respect to PE-PUR foam.

17.     For settlement purposes only, the Court appoints Elizabeth Lemus and Marilynn Sweeney as the Settlement Class Representatives.

18.     The Court appoints the following as Settlement Class Counsel:

a.   Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

b.   Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

c.   Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

d.   Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222; and

e.   Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107.

19.     The Court hereby approves the establishment of the Settlement Fund.   The Settlement Fund shall be governed by Section 468B-1 through 468B-5 of the Treasury Regulations and maintained as a "qualified settlement fund."   The Parties agree to work in good faith to maintain such status.   The Court shall retain continuing jurisdiction over the Settlement Fund, pursuant to Section 468B-1(e)(1) of the Treasury Regulations.

## E.     Schedule for Motion for Final Approval and Final Fairness Hearing

20.     Settlement Class Counsel shall file their motion for attorneys' fees, reimbursement of costs and expenses, and service awards at least 30 days prior to the Objection Deadline.   The Notice Administrator in coordination with the Settlement Administrator shall publish the motion and supporting materials on the Settlement Website.

21.     The deadline for Settlement Class Members to object to the Settlement, the proposed service awards, or the request for an award of attorneys' fees and reimbursement of costs

and expenses shall be no later than 90 days from the date of this Order.  Objections must be made in writing and must be made in accordance with the requirements set forth in the Settlement Agreement and Notice, and must be postmarked no later than _____, 2024.

22.     No later than 21 days before the Final Fairness Hearing, Settlement Class Counsel shall file with the Court the objections, if any, received by the Notice Administrator.

23.     At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a Motion for Final Approval of the Settlement, which shall include responses to any objections by Settlement Class Members. The Notice Administrator in coordination with the Settlement Administrator shall publish the motion and supporting materials on the Settlement website.

24.     At least 21 days prior to the Final Fairness Hearing, Settlement Class Counsel shall file with the Court proof that Notice was provided in accordance with the terms of this Order and any other Order regarding Notice that the Court shall have issued.

25.     At least 21 days prior to the Final Fairness Hearing, the Notice Administrator shall file with the Court proof of compliance with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

26.     If the last day of any period mentioned hereto falls on a weekend or legal holiday, the period shall include the next business day.

27.     The Court will hold a hearing on _____, 2024 at _____ p.m./a.m. at the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219, in Courtroom 5A (the "Final Fairness Hearing") for the following purposes:

> a.   To finally determine whether the proposed Settlement is a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23(e)(2) of the Federal Rules of Civil Procedure;

    b.   To determine whether a Final Judgment should be entered dismissing the Medical Monitoring Claims of the Settlement Class against the Defendants with prejudice, as required by the Settlement Agreement;

    c.   To consider Settlement Class Counsel's request for an award of attorneys' fees, reimbursement of costs and expenses, and service awards;

    d.   To consider timely, written objections that conform to the requirements set forth in the Settlement Agreement; and

    e.   To consider such other matters as the Court may deem appropriate.

28.    The Final Fairness Hearing may be continued without further notice to Settlement Class Members, other than an update posted on the MDL 3014 Court docket and the Settlement Website.

**F.    <u>Miscellaneous</u>**

29.    This Preliminary Approval Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court, or does not become Final for any reason.  In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's Orders relating to the Settlement, including this Preliminary Approval Order, shall be used or referred to for any purpose.  The conditional certification of the Settlement Class provided for herein for settlement purposes only will be vacated, and the Medical Monitoring Claims shall proceed as though the Settlement Class had never been conditionally certified, without prejudice to any party's position on the issues of class certification, personal jurisdiction,

or any other issue.  In such event, the Philips Defendants retain all rights to assert that the Medical Monitoring Claims may not be certified as a class action.

30.     Pending the Final Fairness Hearing, the Court hereby stays the continued pursuit or prosecution of all Released Claims by Settlement Class Members, in this Court or in any other court, tribunal or proceeding, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction as to Settlement Class Members is necessary and appropriate in aid of the Court's continuing jurisdiction and authority.  Such injunction shall remain in force until the Final Fairness Hearing or until such time as the Parties notify the Court that the Settlement has been terminated.

31.     This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.  For purposes only of this Settlement, the Philips Defendants have submitted to the jurisdiction and venue of this Court.

IT IS SO ORDERED.                                     BY THE COURT:


_____
The Honorable Joy Flowers Conti
Senior United States District Judge

-11-

# EXHIBIT 2

# to Medical Monitoring Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, | : | |
| BI-LEVEL PAP, AND MECHANICAL | : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| VENTILATOR PRODUCTS | : | |
| LITIGATION | : | MDL No. 3014 |
| | : | |
| This Document Relates to:  All Actions | : | |
| Asserting Claims for Medical Monitoring | : | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT
AGREEMENT AND RELEASE OF MEDICAL MONITORING CLAIMS, FINAL
JUDGMENT, INJUNCTION AND ORDER OF DISMISSAL**

Upon consideration of the Settlement Class Representatives' Motion for Final Approval of

Class Settlement Agreement and Release of Medical Monitoring Claims, and after dissemination

of Notice to Settlement Class Members and a Final Fairness Hearing held on _____, 2024, it

is hereby ORDERED, ADJUDGED AND DECREED, AND FINAL JUDGMENT IS ENTERED,

as follows:

1.      The Court has subject-matter jurisdiction over the above-captioned actions and

jurisdiction over all members of the Settlement Class, and Defendants Philips RS North America

LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and

Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have

submitted to the jurisdiction and venue of this Court for purposes only of this Settlement and the

enforcement of the payment and performance obligations and injunctive relief thereunder.

2.      All terms in initial capitalization used in this Final Judgment and Order shall have

the same meanings as set forth in the Settlement Agreement.

3.      On ____, 2024, the Court entered an Order in which it, *inter alia*, preliminarily

approved the Settlement, conditionally certified the Settlement Class under Fed. Civ. P. 23(a)

and (b)(2) for settlement purposes only, directed Notice to Settlement Class Members, and approved the retention of BrownGreer PLC ("BrownGreer") as Notice Administrator and QSF Administrator, Wolf Global Compliance as Settlement Administrator, and Huntington National Bank as Custodian Bank (ECF No. _____).

4.      On _____, 2024, the Settlement Class Representatives filed a Motion for Final Approval of Class Settlement Agreement and Release of Medical Monitoring Claims and filed a brief in support of final approval [and in response to the objections to the Settlement filed by certain Settlement Class Members].

5.      On _____, 2024, the Court held a Final Fairness Hearing to consider whether the Settlement should be finally approved under Rule 23(e)(2) as fair, reasonable, and adequate.

6.      The Court has reviewed the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, and finds that they are fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure.  The Court finds that the Settlement is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and any other applicable law.

7.      The Court finds that the Settlement was negotiated at arm's-length before the Court-appointed Settlement Mediator, Hon. Diane M. Welsh (Ret.); there was sufficient formal and informal discovery; the Parties and counsel were knowledgeable about the facts relevant to the Medical Monitoring Claims and the substantial risks, burdens, expense and delay of continued litigation of the Medical Monitoring Claims; and the Parties were represented by highly capable counsel with substantial experience in class action and products liability litigation.

8.      The Court also specifically considered the relevant *Girsh* factors, including the complexity, expense, and likely duration of litigation of the Medical Monitoring Claims; [the favorable reaction of the Settlement Class, as demonstrated by the low number of objections]; the stage of proceedings; and the significant risks of establishing liability and class certification. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The Court finds that these factors weigh in favor of approving the Settlement.

9.      [The Court has carefully considered the objections to the Settlement filed by certain Settlement Class Members, and hereby finds that none of those objections is meritorious.] [No objections to the Settlement have been filed.]

10.     The Court finds that the dissemination of Notice as set forth in the Declaration of Orran L. Brown, Sr. of BrownGreer (ECF No. _____) was in compliance with the Court's _____, 2024 Preliminary Approval Order, and that notice satisfies Federal Rules of Civil Procedure 23(c) and 23(e) and due process.

11.     A full opportunity has been offered to Settlement Class Members to object to the Settlement and to participate in the Final Fairness Hearing.

12.     The Notice Administrator on behalf of the Philips Defendants properly and timely notified the appropriate officials of the Settlement pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. More than ninety (90) days have elapsed since the Philips Defendants provided notice of the Settlement pursuant to CAFA. (ECF No. _____).

13.     Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Class that it conditionally certified in its _____, 2024 Preliminary Approval Order.

14.   The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlement, as follows:

a.   Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

b.   Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and fact that are common to the Settlement Class;

c.   Pursuant to Rule 23(a)(3), the Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members;

d.   Pursuant to Rule 23(a)(4), the Court determines that Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and

e.   Pursuant to Rule 23(b)(2), the Court determines that the Philips Defendants have acted or refused to act on grounds that apply generally to the class as a whole, so that final injunctive relief is appropriate respecting the class as a whole.  Namely, the Philips Defendants are alleged to have designed, manufactured, sold, negligently failed to recall, and/or negligently executed the recall of the Recalled Devices, all of which contained PE-PUR foam that allegedly exposed all Settlement Class Members to increased risks of injuries, and the proposed Medical Advancement Program Benefits will provide valuable tangible and intangible benefits to all Settlement Class Members through funding of medical research to investigate the detection, diagnosis, and/or treatment of injuries Settlement Class Members are allegedly at risk of sustaining from use of the Recalled Devices, thereby contributing to the advancement of public knowledge and education with

-4-

respect to these injuries, and educate the Settlement Class on the existing testing and literature with respect to PE-PUR foam.

15.     The Court confirms the appointment of Elizabeth Lemus and Marilynn Sweeney as Settlement Class Representatives.  In the event an appointed Settlement Class Representative is no longer able or willing to serve in that role, Settlement Class Counsel will identify a suitable replacement and move the MDL Court for appointment of the replacement Settlement Class Representative.

16.     The Court confirms the appointment of the following as Settlement Class Counsel:

a.   Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

b.   Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

c.   Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

d.   Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222; and

e.   Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107.

In the event any Settlement Class Counsel is no longer able or willing to serve in that role, the remaining Settlement Class Counsel may identify a suitable replacement and move the MDL Court to appoint the replacement Settlement Class Counsel.

17.     Accordingly, the Court hereby grants the Settlement Class Representatives' Motion for Final Approval of Class Settlement Agreement and Release of Medical Monitoring Claims.

18.     The Court hereby dismisses the Medical Monitoring Complaint (ECF No. 815) and any other Medical Monitoring Claims as to all Released Parties, on the merits, with prejudice and, except as explicitly provided for in the Settlement Agreement, without costs.

19.     The Court finds and confirms that the Settlement Fund is a "Qualified Settlement Fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

20.     The Settlement Administrator, in consultation with the Parties, shall be responsible for the provision of Medical Advancement Program Benefits as set forth in the Settlement Agreement.

21.     The Philips Defendants shall make all additional payments required by the Settlement Agreement in the amounts and at the times set forth in the Settlement Agreement.

22.     All of the Released Claims of the Settlement Class Members and the other Releasing Parties against Defendants and the other Released Parties are hereby fully, finally, irrevocably, and forever released, remised, waived, relinquished, settled, dismissed, surrendered, and forever discharged.

23.     Settlement Class Members and the other Releasing Parties are hereby enjoined and finally and forever barred from filing, commencing, maintaining, continuing, pursuing and/or prosecuting the Released Claims in any action, arbitration or other proceeding, whether pending or filed in the future, against Defendants and the other Released Parties.  Subject to approval of this Court, Defendants and the other Released Parties may recover any and all reasonable costs and expenses from a Settlement Class Member arising from that Settlement Class Member's violation of this injunction.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement.

24.     The Philips Defendants and any successors to the Philips Defendants' rights or interests under the Settlement are hereby enjoined and finally and forever barred from challenging or opposing, on the basis of this Settlement and the Releases provided therein, a Settlement Class Member's (a) Personal Injury Claims or ability to recover for those claims, or (b) individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or their ability to recover for those individual claims.

25.     The finality of this Final Order and Judgment shall not be affected by any order entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees, reimbursement of costs and expenses, and service awards, which shall be considered separate from this Final Order and Judgment.

26.     The Court shall retain continuing and exclusive jurisdiction over the Settlement Fund and the Medical Advancement Program set forth in the Settlement Agreement.

27.     Without affecting the finality of this Final Order and Judgment, and solely for purposes of this Settlement, the Philips Defendants and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement and/or the applicability, interpretation, administration, validity, or enforcement of the Settlement Agreement.

28.     The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, which are hereby approved and incorporated herein by reference.

29.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the non-monetary provisions of the Settlement Agreement; provided, that notice of any extension must be filed with the Court promptly and, in any event, within 72 hours of the agreement to the extension.

30.     This is the Final Order and Judgment as defined in the Settlement Agreement.  In the event that this Final Judgment is not otherwise final and appealable, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds and directs that there is no just reason for delaying enforcement or appeal, and judgment should be entered.

IT IS SO ORDERED.                                  BY THE COURT:

_____

The Honorable Joy Flowers Conti
Senior United States District Judge

# EXHIBIT 3

# to Medical Monitoring Settlement Agreement

**SETTLEMENT ADMINISTRATION PLAN FOR PROVISION OF MEDICAL ADVANCEMENT PROGRAM ("MAP") BENEFITS TO THE SETTLEMENT CLASS**

I.    <u>GENERAL</u>

    A.    The Settlement Administrator shall carry out its responsibilities in a manner consistent with the Settlement Agreement and this Settlement Administration Plan.[1]

    B.    The Parties shall provide reasonable cooperation with the Settlement Administrator as part of the Settlement Administrator's exercise of its duties and responsibilities under the Settlement Agreement.

    C.    The Settlement Administrator and the Parties shall provide such information to the Court as may be necessary or requested to allow the Court to exercise its oversight of the Settlement Administration Plan and approval of requested grants.

    D.    In conducting its duties and responsibilities, the Settlement Administrator may make necessary adjustments to the settlement administration processes as circumstances may dictate, subject to the approval of the Parties and the Court.

    E.    The Settlement Administrator shall ensure that all communications it sends are HIPAA-compliant.

II.   <u>MAP RESEARCH</u>

    A.    **General Requirements**: The Settlement Administrator shall research, identify, evaluate, investigate, communicate with, and track progress of appropriate grant recipient(s) for the MAP Research, as referenced in Section 3.1.1, 3.1.2, 3.1.3, and 3.1.4 of the Settlement Agreement.

    B.    **Research and Identification of Potential Grantees**: The Settlement Administrator shall engage in a process by which it will develop a list of potential grantees and funding ranges.

        1.    In its research process, Settlement Administrator will engage with listings or directories of relevant clinical trials or studies, such as those funded by the National Institutes of Health (NIH) and/or through university or research associations.  The Settlement Administrator will also analyze general grant opportunities for associations or organizations that are performing ongoing research in relevant areas related to the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices.

---

[1] Unless otherwise noted, capitalized terms have the same meaning herein that they have in the Amended Class Settlement Agreement and Release of Medical Monitoring Claims (the "Settlement Agreement").

2. The Settlement Administrator will also investigate opportunities for independent medical research in relevant areas related to the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices.

3. The Settlement Administrator will identify research opportunities with objectives seeking to improve early detection and diagnosis of, and treatment protocols or outcomes for, those injuries alleged to have been caused by use of the Recalled Devices.

4. The Settlement Administrator will track and monitor its research and identification of potential grantees and/or research opportunities that are appropriate for consideration as MAP Research. The Settlement Administrator will provide, as requested by the Parties or the MDL Court, documentation with respect to its tracking and monitoring results.

C. **Evaluation and Investigation of Potential Grantees**: The Settlement Administrator shall scrutinize potential grantees and/or research opportunities to ensure consistency with the intended purpose of the Settlement Agreement.

1. The Settlement Administrator will engage in appropriate discussions and communications with potential grantees, including appropriate points of contact from clinical trials or research associations, to evaluate and investigate the nature and purpose of their research. The Settlement Administrator will prepare and retain a summary of such conversations as part of its tracking and monitoring process referenced in the previous section and, as requested by the Parties or the MDL Court, provide the summaries to the Parties and/or the MDL Court.

2. As part of its evaluation and investigation of the scope and parameters of potential MAP Research opportunities, the Settlement Administrator shall consult with appropriate experts in accordance with Section 3.1.1 of the Settlement Agreement.

3. The Settlement Administrator will consider appropriate MAP Research opportunities featuring incorporation of MAP Registry participants in accordance with Section 3.2.1 of the Settlement Agreement.

4. The Settlement Administrator will prepare a budget for the MAP Research for the Parties' consideration following its investigation and tracking of administrative cost information associated with any MAP Research opportunities under consideration and achieve the best possible value for the Settlement Fund.

D. **Grantee Recommendation(s) to the Parties**: As the Settlement Administrator decides that a potential grantee is worthy of consideration as a MAP Research opportunity, the Settlement Administrator will make recommendations to the Parties.

E.   **Contracting with Approved MAP Research Grantee**: After approval by the Parties of a potential MAP Research grantee, Settlement Class Counsel shall seek approval by the MDL Court to issue the grant and post that request on the Settlement Website.  Upon approval by the Court, the Settlement Administrator will contract with the grantee (Grantee Contract).

F.   **Audit and Tracking of MAP Research Progress**: The Settlement Administrator will prepare audit protocols with respect to Grantee Contracts with the Approved MAP Research Grantee(s) to ensure that the intended use of grant funds is being demonstrated in accordance with the terms of the Grantee Contract.  The results of any audit will be made available to the Parties and the MDL Court upon request.

G.   The Settlement Administrator, in consultation with the Parties and appropriate experts, will establish protocols with MAP Research Grantees to ensure receipt of relevant research updates, information, or results for dissemination to the Settlement Website in accordance with Section 3.1.4 of the Settlement Agreement.

III.   **MAP REGISTRY**

A.   **Design Activities**: In accordance with Section 3.2.1 of the Settlement Agreement, the Settlement Administrator will design a MAP Registry for purposes of review and evaluation of Class Members' medical information in connection with the MAP Research.   For its design activities, the Settlement Administrator will consult appropriate data management experts, prioritize information security, provide status updates to the Parties, and focus on cost management and planning over the duration of the MAP Benefits Period.

B.   **Transmittal Activities**: The Settlement Administrator will investigate and test a method through which Settlement Class Members' medical information can be transmitted from its current location to the appropriate location for inclusion in the MAP Registry while ensuring privacy protections as required by law.

C.   **Election to Submit Authorizations**: In consultation with the Parties, the Settlement Administrator will design a document intended to allow Settlement Class Members to both be part of the MAP Registry and to release or disclose medical information to appropriate recipients working on behalf of the MAP Research.

D.   **MAP Registry Operation**: The Settlement Administrator will put protocols and safeguards into place to ensure continuous and successful operation of the MAP Registry for the duration of the MAP Benefits Period.

IV.   **MAP RESOURCES**

A.   General Requirements: In accordance with Section 3.3.1 of the Settlement Agreement, the Settlement Administrator, in consultation with the Parties, shall establish and maintain an interactive Settlement Website for the benefit of

Settlement Class Members.  The primary objective of the Settlement Website is to make available to Settlement Class Members Relevant Medical Information and Guidance.

**B.**  **Design, Construction, Testing and Maintenance of the Settlement Website**: The Settlement Administrator shall take appropriate steps in the design and construction of the Settlement Website utilized for the delivery of MAP Resources.  Design and construction considerations will prioritize website accessibility, layout, and navigation to increase the utilization and effectiveness of the Relevant Medical Information and Guidance. The Settlement Administrator will ensure website reliability, performance and favorable user-experience by performing continuous testing and maintenance.

**C.**  **Relevant Medical Information and Guidance**:

1.  The Settlement Administrator shall post Relevant Medical Information and Guidance on the Settlement Website in accordance with Section 3.3.4 of the Settlement Agreement.  The Settlement Administrator shall disseminate the same to Settlement Class Members who register to receive notifications in a user-friendly format for individuals who do not have a medical or scientific background in accordance with Section 3.3.3 of the Settlement Agreement.

2.  The Settlement Administrator shall publish the results of the MAP Research on the Settlement Website, to the extent medically relevant and valid conclusions are reached, in accordance with Section 3.1.4 of the Settlement Agreement.

3.  The Settlement Administrator will consult with the Parties and appropriate medical and/or scientific experts with relevant qualifications and experience on appropriate materials for inclusion on the Settlement Website.

**D.**  **Settlement Information**:

1.  The Settlement Administrator shall post copies of the Notice on the Settlement Website in accordance with Sections 8.1.2.3 and 8.1.2.4 of the Settlement Agreement.

2.  The Settlement Administrator shall ensure the Objection Deadline is posted on the Settlement Website in accordance with Section 9.2 of the Settlement Agreement.

3.  The Settlement Administrator shall post Orders concerning the MDL Court's alteration, postponement, or amendment to any deadlines or hearing dates scheduled by the MDL Court in connection with the approval of the Settlement in accordance with Section 17.3 of the Settlement Agreement.

4.    The Settlement Administrator shall coordinate with the Notice Administrator to post the Settlement Agreement (and its exhibits), any relevant pleadings by the Parties and Orders entered by the MDL Court in connection with the Settlement, including relevant scheduling orders, to the Settlement Website in accordance with Section 17.4 of the Settlement Agreement.

# EXHIBIT 4

# to Medical Monitoring Settlement Agreement

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation,*
*No. 21-mc-1230, MDL 3014*

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

***A court authorized this Notice. This is not a solicitation from a lawyer.***

---

*Para la notificación en Espanol, visite el sitio web*
*www.RespironicsMedicalAdvancementProgram.com*

---

**If you used a Philips Respironics CPAP, BiPAP or Ventilator that was recalled, you will receive Medical Advancement Program Benefits for 15 years from a proposed class action settlement of Medical Monitoring Claims if the settlement is approved.**

- **If the proposed Settlement is approved, you will release certain claims (described below in FAQ #4). However, you will *not* be releasing any individual claims you may have for payment of your medical monitoring expenses, whether incurred in the past or in the future, related to your use of a Recalled Device (*e.g.*, out-of-pocket costs you incur for necessary and prescribed testing to monitor for potential illnesses you do not yet have). The Settlement also does *not* release any claims for personal injuries relating to the Recalled Devices.**

- This Settlement is *separate* from the settlement and release of Economic Loss Claims relating to the Recalled Devices. The Court granted final approval of the Economic Loss Settlement on April 25, 2024.

- The proposed Settlement has been reached in a federal class action lawsuit that seeks to resolve Medical Monitoring Claims relating to certain CPAPs, BiPAPs, and ventilators that were recalled by Philips Respironics beginning in June 2021 (the "Recalled Devices"). These devices were sold in the U.S. between 2008 and 2021. The benefits of the Settlement are summarized in the Q&A section below.

- You are included in the proposed Settlement if you are a U.S. citizen or resident (including its Territories and the District of Columbia) who has used a Recalled Device.

- Your legal rights are affected by the proposed Settlement even if you do nothing.

- **Your rights and the deadline to exercise them are summarized in this notice. Please read this entire notice carefully.** More details concerning the full Settlement Agreement, and other relevant documents, are available at www.RespironicsMedicalAdvancementProgram.com.

- Please note that this is a non-opt out Settlement, meaning you do not have the right to opt out or request exclusion from the Settlement Class. But you do have the right to object to the Settlement or the request for attorneys' fees, costs, and service awards, if you wish.

- Capitalized terms in this Notice have the same meaning as defined in the Settlement Agreement**.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT | | |
|---|---|---|
| **Object to the Settlement** | If you object to the proposed Settlement, you must mail your objection to the Notice Administrator by the Objection Deadline. Failure to meet the deadline will render your objection invalid and waived.<br>• Go to www.RespironicsMedicalAdvancementProgram.com | Your objection must be postmarked on or before **[INSERT Objection Deadline]** |

| | for more information on how to make a valid objection to the Settlement. | |
|---|---|---|
| **Go to a Hearing** | If you wish to speak in Court regarding an objection that you have submitted, you must submit a timely written request to the Notice Administrator. | Your request to appear at the hearing must be postmarked on or before **[INSERT Objection Deadline]** |
| **Do Nothing** | You do not have to do anything to benefit from the Settlement. If the Settlement becomes Final, you will not be able to sue the Philips Defendants or any of the Released Parties for the Medical Monitoring Claims, as defined in the Settlement Agreement. However, your ability to bring an individual claim (meaning a claim on your own individual behalf and not on behalf of others) for payment of your past or future medical monitoring expenses related to your use of a Recalled Device will not be released even if you do nothing. | None |

**Frequently Asked Questions (FAQs)**

### 1. Why am I receiving this Notice?

A Court authorized this Notice to U.S. citizens or residents who have used one or more of the following CPAP, BiPAP, or ventilator devices recalled by Philips Respironics: System One 50 Series ASV4 (Auto SV4); System One 50 Series Base; System One 50 Series BiPAP; System One 60 Series ASV4 (Auto SV4); System One 60 Series Base; System One 60 Series BiPAP; C-series S/T, AVAPS (C-series and C-series HT); DreamStation CPAP; DreamStation ASV; DreamStation ST, AVAPS; DreamStation BiPAP; DreamStation Go; E30; OmniLab Advanced Plus; Trilogy 100/200, Garbin Plus, Aeris LifeVent; V30 auto.

### 2. What are the Settlement Benefits?

The Philips Defendants have agreed to pay $25 million into a Settlement Fund, and they shall *not* be entitled to a return of the Settlement Payment if the Settlement is approved and becomes Final. The Settlement Fund will be used to create Medical Advancement Program Benefits for Settlement Class Members for a period of 15 years, which will consist of:

- Funding independent medical research ("MAP Research") which will contribute to the advancement of public knowledge and education with respect to the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices;

- Establishing a research registry for Settlement Class Members to which they can elect to submit authorizations for the release and disclosure of medical information protected by HIPAA, 45 CFR § 164.508, for purposes of review and evaluation in connection with the independent medical research referenced above;

- Establishing and maintaining an interactive website for Settlement Class Members to access the current medical information and guidance regarding the long-term health effects, if any, of use of the Recalled Devices ("Relevant Medical Information and Guidance") and any valid and medically relevant results of the MAP Research; and

- Periodically posting on the Settlement Website Relevant Medical Information and Guidance, which will be provided in a user-friendly format for affected individuals who do not have a medical or scientific background, and disseminating the same to Settlement Class Members who register to receive notifications.

The research grants will be approved by the MDL Court, and approved grants will be posted to the Settlement Website. Please visit the Settlement Website, www.RespironicsMedicalAdvancementProgram.com, for updates.

**No payments will be made to Settlement Class Members under the Settlement.**

The Settlement Fund will be used to provide the Medical Advancement Program Benefits and will not be distributed to Settlement Class Members.

The Court in charge of this case still has to decide whether to grant final approval of the proposed Settlement. The Medical Advancement Program Benefits for Settlement Class Members will be provided if the Court approves the proposed Settlement, and after any appeals are resolved in favor of upholding the Settlement. This process can take time. Please be patient. You do not need to do anything or fill out any forms in order to be able to receive the Medical Advancement Program Benefits.

### 3.  **What are My Options?**

**You do not have the right to opt out of, or otherwise request exclusion from, the Settlement.**

However, you may **Object** to the Settlement or to the request for attorneys' fees, reimbursement of costs and expenses, and service awards by [INSERT Objection Deadline]. **Failure to timely and properly Object by the Objection Deadline will render your objection invalid and waived.** Please visit www.RespironicsMedicalAdvancementProgram.com for more information on how to Object to the Settlement. If you submit an objection, and would like to speak in Court regarding your objection, you may submit a written request to the Notice Administrator to appear at the Final Approval Hearing. Your request to appear must be post-marked by [INSERT Objection Deadline].

If you **Do Nothing and the Settlement becomes Final**, then you will automatically be permitted to benefit from, and be legally bound by, the terms of the Settlement, and you will release your Medical Monitoring Claims against the Philips Defendants and the other Released Parties. However, your right to bring an individual claim for payment of your past or future medical monitoring expenses related to your use of a Recalled Device will *not* be released.

### 4.  **What are the Medical Monitoring Claims being given up if the Settlement is approved?**

The Medical Monitoring Claims consist of any claims for medical monitoring that were asserted or alleged, or could have been asserted or alleged, in the litigation, including the claims alleged

3

and the relief sought in the Medical Monitoring Complaint. Medical Monitoring Claims include all claims brought as a class action or on an aggregate or mass basis (meaning claims brought on behalf of multiple individuals or on behalf of anyone in addition to yourself). **Medical Monitoring Claims do *not* include individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device. So, if you used a Recalled Device in a State that allows you to seek individual payment for past or future medical monitoring expenses (*e.g.*, out-of-pocket costs you incur for necessary and prescribed testing to monitor for potential illnesses you do not yet have), you are not releasing those individual claims under this Settlement.**

Details regarding the Release are in Section 4 of the Settlement Agreement, which can be viewed at www.RespironicsMedicalAdvancementProgram.com.

### 5. Do I have a Lawyer for these Medical Monitoring Claims?

Yes. The Court appointed the following lawyers to represent you and the other Settlement Class Members: Christopher A. Seeger of Seeger Weiss LLP; Sandra L. Duggan of Levin Sedran & Berman LLP; Steven A. Schwartz of Chimicles Schwartz Kriner & Donaldson-Smith LLP; Kelly K. Iverson of Lynch Carpenter, LLP; and Roberta D. Liebenberg of Fine, Kaplan and Black, R.P.C.

These firms are called Settlement Class Counsel. You will not be charged for their services. They will be seeking attorneys' fees, reimbursement of costs and expenses, and service awards totaling in the aggregate up to 20% of the $25 million Settlement Fund, and their motion will be posted on the Settlement website when filed.

### The Court's Final Approval Hearing.

The Court will hold a Final Approval Hearing on **_____, 2024 at _____m.**, in Courtroom 5A of the Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to Objectors who have timely and properly asked to speak at the hearing. The Court will then decide whether to approve the Settlement.

The Court will also decide how much should be awarded with respect to the motion for attorneys' fees, reimbursement of costs and expenses, and service awards that will be filed by Settlement Class Counsel.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. Be sure to check the website, www.RespironicsMedicalAdvancementProgram.com, for news of any such changes.

**For more information, visit www.RespironicsMedicalAdvancementProgram.com.**

4

# EXHIBIT 4(a)

# to Medical Monitoring Settlement Agreement

DreamMapper Message:

For information on the U.S. settlement of Medical Monitoring Claims, visit
www.RespironicsMedicalAdvancementProgram.com