EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | : : : : | Master Docket:  Misc. No. 21-mc-1230-JFC |
| | : | MDL No. 3014 |
| This Document Relates to:  All Actions Asserting Claims for Medical Monitoring | : : | |

**AMENDED CLASS SETTLEMENT AGREEMENT AND RELEASE**
**OF MEDICAL MONITORING CLAIMS**

## TABLE OF CONTENTS

PREAMBLE .................................................................................................................1

1.   Definitions .......................................................................................................3

2.   Funding Obligations and Payments by the Philips
     Defendants ...................................................................................................10

3.   Settlement Benefits.......................................................................................12

4.   Releases .........................................................................................................14

5.   Settlement Administration ...........................................................................16

6.   Settlement Class Certification .....................................................................16

7.   Preliminary Approval of Settlement Pursuant to Federal
     Rule of Civil Procedure 23(e) and Related Motions ...................................17

8.   Notice to Settlement Class Members............................................................18

9.   Right to Object to the Settlement; Objection Period...................................19

10.  No Right to Opt-Out of Settlement...............................................................21

11.  Final Fairness Hearing ................................................................................21

12.  Termination of this Settlement ....................................................................23

13.  MDL Court Retains Jurisdiction to Implement, Interpret
     and Enforce Agreement and Settlement.......................................................24

14.  Choice of Law................................................................................................24

15.  Attorneys' Fees, Costs and Expenses, and Service Awards .........................24

16.  Dispute Resolution........................................................................................25

17.  Miscellaneous................................................................................................25

18.  Federal Rule of Evidence 408.......................................................................27

## PREAMBLE

This Amended Class Settlement Agreement and Release of Medical Monitoring Claims (this "Agreement," the "Settlement Agreement," or the "Settlement," as may be further amended from time to time hereafter) is entered into by and among the Settlement Class Representatives, individually and on behalf of a Settlement Class of persons similarly situated (as defined below), on the one hand, and Defendants Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants"), on the other (collectively, the "Parties").[1]

Following extensive negotiations between the Parties with the assistance of the Court-appointed mediator, the Honorable Diane M. Welsh (Ret.) (the "Settlement Mediator"), the Parties have reached this Settlement. By entering into this Settlement, the Philips Defendants do not admit any wrongdoing, liability, fault, injury, causation, damages, or violation of any law whatsoever. The Settlement is to be construed solely as a reflection of the Parties' desire to facilitate a resolution and release of all Medical Monitoring Claims on behalf of the Settlement Class against the Released Parties on the terms set forth below. The Settlement will become effective only if it is approved by the MDL Court.

The Settlement does not release Personal Injury Claims or Economic Loss Claims. The MDL Court recently granted final approval to the Class Settlement and Release of Economic Loss Claims ("Economic Loss Settlement") (ECF 2736), and the Philips Defendants and Plaintiffs' Negotiating Counsel recently entered into a private settlement with respect to the Personal Injury Claims.

## RECITALS

**WHEREAS**, beginning June 14, 2021, Philips RS announced recalls of approximately 10.8 million Recalled Devices sold, leased, rented or otherwise distributed in the United States;

**WHEREAS**, the Philips Defendants have been named as defendants in various federal and state court actions and other proceedings in the United States and are alleged to be liable for various monetary and non-monetary relief, including for medical monitoring, for alleged injuries relating to the Recalled Devices;

**WHEREAS**, on October 8, 2021, the Judicial Panel on Multidistrict Litigation established the MDL, assigned the MDL to the MDL Court, and transferred all then-pending federal lawsuits to the MDL for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407;

---

[1] Capitalized terms not defined in the Preamble and Recitals are defined in Section 1 below.

**WHEREAS**, since then, the Judicial Panel on Multidistrict Litigation has transferred additional lawsuits to the MDL for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, and additional lawsuits have been filed in and/or removed to the MDL;

**WHEREAS**, on October 17, 2022, Plaintiffs filed a Consolidated Second Amended Class Action Complaint for Medical Monitoring ("Medical Monitoring Complaint") (ECF 815), on behalf of themselves and all others similarly situated;

**WHEREAS**, on January 6, 2023, Philips RS filed a motion to dismiss the Medical Monitoring Complaint in its entirety, which the other Philips Defendants joined (ECF 1351, 1352);

**WHEREAS**, on January 31, 2023, the Court referred that motion to dismiss to Special Master Thomas I. Vanaskie for a report and recommendation (ECF 1434);

**WHEREAS**, on September 28, 2023, Special Master Vanaskie issued a report and recommendation that Philips RS's motion to dismiss be granted with respect to tort claims under the laws of 30 states which adhere to the traditional "manifest physical injury" rule and be denied in other respects (ECF 2273);

**WHEREAS**, on February 14, 2024, the Court remanded the motion to dismiss to Special Master Vanaskie to issue a revised report and recommendation consistent with guidance set forth by the Court in its memorandum opinion, and took the motion to dismiss under advisement pending the remand and issuance of a revised report and recommendation (ECF 2521, 2522);

**WHEREAS**, renewed briefing on the motion to dismiss is currently ongoing before Special Master Vanaskie, and the motion to dismiss remains pending;

**WHEREAS**, the Philips Defendants deny all alleged liability, wrongdoing, fault, violation, causation, and damages or injuries with respect to the Medical Monitoring Claims and otherwise;

**WHEREAS**, Settlement Class Counsel have engaged in substantial discovery, investigation and fact gathering to evaluate the Medical Monitoring Claims and Defendants' defenses to the Medical Monitoring Claims, including at the pleading, class certification, expert, and other stages of this litigation;

**WHEREAS**, the Parties engaged in extensive good faith, arm's-length negotiations to resolve the Medical Monitoring Claims, with the assistance and oversight of the Settlement Mediator;

**WHEREAS**, the Medical Advancement Program Benefits provided by the Settlement will, among other things, (1) fund independent medical research to investigate issues concerning the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices and establish a research registry to which Settlement Class Members can choose

---

Section 1.   Definitions                                                                    2

to submit their medical information for review and evaluation, thereby contributing to the advancement of public knowledge and education with respect to these injuries, and (2) educate the Settlement Class on the existing and ongoing testing and literature with respect to polyester-based polyurethane ("PE-PUR") foam and the risks of long-term health effects, if any, for individuals who used the Recalled Devices;

**WHEREAS**, the injunctive relief afforded by the Settlement will provide increased access to educational materials for the MAP Benefits Period through an interactive website that will publish Relevant Medical Information and Guidance in a user-friendly format for persons who do not have a medical or scientific background;

**WHEREAS**, without conceding the correctness of any of the other Parties' legal positions, claims, and/or defenses, the Parties wish to avoid the substantial delays, expense, burdens, and risks inherent in continued litigation of the Medical Monitoring Claims;

**WHEREAS**, on May 9, 2024, the Parties executed a Master Settlement Agreement ("MSA") to resolve the Personal Injury Claims, and the Personal Injury Claims are not the subject of this proposed resolution of the Medical Monitoring Claims; and

**WHEREAS**, the Parties believe that this Agreement is fair, reasonable, and adequate in its resolution of the Medical Monitoring Claims because, *inter alia*, it: (i) provides for certification of a Settlement Class, even though the Court has not yet determined the viability of the Medical Monitoring Claims and/or whether this litigation could properly be brought as a class action, and the Philips Defendants maintain that certification of any class for litigation purposes would not be proper under Rule 23 of the Federal Rules of Civil Procedure; (ii) provides substantial benefits to the Settlement Class; and (iii) preserves the right of the Settlement Class Members to bring Personal Injury Claims and individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and intending to be legally bound, the Parties agree to resolve, release, and settle the Medical Monitoring Claims against the Released Parties on the terms set forth below:

1.   <u>**Definitions**</u>

For purposes of this Settlement, including the attached exhibits, the following terms (designated by initial capitalization throughout this Agreement) shall have the meanings set forth in this Section.  Terms used in the singular shall include the plural.

1.1.   **BiPAP** shall mean Bi-level Positive Airway Pressure devices.

---

1.2.    **Counsel** shall mean Settlement Class Counsel and Counsel for the Philips Defendants.

1.3.    **Counsel for the Philips Defendants** shall mean:

    1.3.1.    Counsel for Philips RS:

        1.3.1.1.    John P. Lavelle, Jr. and Lisa C. Dykstra, Morgan, Lewis & Bockius LLP, 2222 Market Street, Philadelphia, PA 19103-3007;

        1.3.1.2.    Wendy West Feinstein, Morgan, Lewis & Bockius LLP, One Oxford Center, 32nd Floor, Pittsburgh, PA 15219-6401;

        1.3.1.3.    Erik T. Koons, Baker Botts LLP, 700 K St. NW, Washington, DC 20001; and

        1.3.1.4.    Andrew George, Bourelly, George + Brodey LLP, 1050 30th Street, NW, Washington, DC 20007.

    1.3.2.    Counsel for Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation:

        1.3.2.1.    Michael H. Steinberg, Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, CA 90067; and

        1.3.2.2.    Tracy Richelle High and William B. Monahan, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004.

1.4.    **CPAP** shall mean Continuous Positive Airway Pressure devices.

1.5.    **Custodian Bank** shall mean, subject to MDL Court approval, Huntington National Bank.  The Parties may jointly agree to replace Huntington National Bank with another mutually agreeable custodian bank, subject to MDL Court approval.

1.6.    **Defendants** shall mean the defendants named in the Medical Monitoring Complaint, namely, the Philips Defendants, Polymer Technologies, Inc., and Polymer Molded Products LLC.

1.7.    **Economic Loss Claims** shall mean the claims released in the Economic Loss Settlement.  Economic Loss Claims expressly do not include Medical Monitoring Claims or Personal Injury Claims.

1.8.   **Effective Date** shall mean the date when the Settlement becomes Final, not the Execution Date or the date of MDL Court Final Approval. For avoidance of doubt, the Effective Date shall not have been reached until both the MDL Court enters the Final Order and Judgment and there has been the successful exhaustion of all appeal periods without appeal or resolution of any appeals or certiorari proceedings in a manner upholding the Final Order and Judgment.

1.9.   **Execution Date** shall mean May 9, 2024.

1.10.  **Final** shall mean the later of (1) the day after the deadline to appeal the Final Order and Judgment has expired with no appeal having been taken; or (2) if an appeal is filed, the latest of (i) the date of final affirmance of the Final Order and Judgment, (ii) the expiration of the time for a petition for writ of *certiorari* to review the Final Order and Judgment if affirmed, the denial of *certiorari*, or, if *certiorari* is granted, the date of final affirmance of the Final Order and Judgment following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Final Order and Judgment or the final dismissal of any proceeding on *certiorari* to review the Final Order and Judgment that has the effect of confirming the Final Order and Judgment. An appeal from an award of attorneys' fees, costs, expenses, and service awards shall not affect the finality of the Settlement.

1.11.  **Final Fairness Hearing** shall mean the final fairness hearing before the MDL Court, as described in Section 11 of the Agreement.

1.12.  **Final Order and Judgment** shall mean the Final Approval Order and Judgment entered by the MDL Court following the Final Fairness Hearing, substantially in the form attached hereto as **Exhibit 2**.

1.13.  **MDL** shall mean the above-captioned MDL, *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prod. Litig.*, MDL No. 3014 (W.D. Pa.) (Conti, S.J.).

1.14.  **MDL Court** shall mean the Honorable Joy Flowers Conti, or her successor, who presides over the MDL.

1.15.  **MDL Court Final Approval** shall mean entry of the Final Order and Judgment by the MDL Court.

1.16.  **Medical Advancement Program ("MAP") Benefits** shall mean the research, registry, and resources that will be provided for the benefit of the Settlement Class, as more fully set forth in **Exhibit 3** attached hereto.

---

**Section 1.   Definitions**                                                    5

1.17.   **MAP Benefits Period** shall mean fifteen (15) years from the Effective Date.

1.18.   **MAP Registry** shall mean the research registry established by the Settlement Administrator, as described in Section 3.2.

1.19.   **MAP Research** shall mean the independent medical research described in Section 3.1.

1.20.   **MAP Resources** shall mean the resources, including the Relevant Medical Information and Guidance, described in Section 3.3.

1.21.   **Medical Monitoring Claims** shall mean any claims for monetary or non-monetary relief for medical monitoring, including money damages, injunctive relief, declaratory relief, and/or specific performance, that were asserted or alleged, or could have been asserted or alleged, in the litigation, including the claims alleged and the relief sought in the Medical Monitoring Complaint.  Medical Monitoring Claims expressly include all claims brought as a representative or member of any class of claimants in a class action, whether under Rule 23 of the Federal Rules of Civil Procedure or under state laws analogous to Rule 23 of the Federal Rules of Civil Procedure, or through any other form of aggregate, group, or mass action. Medical Monitoring Claims expressly do *not* include individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

1.22.   **Notice Administrator** shall mean, subject to MDL Court approval, BrownGreer PLC ("BrownGreer").  The Parties may jointly agree to replace BrownGreer with another mutually agreeable notice administrator, subject to MDL Court approval.

1.23.   **Plaintiffs** shall mean the Plaintiffs named in the Medical Monitoring Complaint.

1.24.   **Personal Injury Claims** shall mean any and all actual or potential claims, demands, rights, remedies, relief, actions, or causes of action, suits at law or in equity, whether sounding in tort, contract, arising under statute, or otherwise, and whether asserted or unasserted, for personal or bodily injuries, including for pecuniary, non-pecuniary, and punitive, statutory or other exemplary damages or remedies of whatever kind or character for those personal or bodily injuries (including, but not limited to, past, present or future lost wages, lost earning capacity, economic, property or business losses, or medical costs or expenses, including for pain and suffering and mental or emotional harm, and attorneys' fees, costs and expenses, as well as derivative claims such as loss of consortium or wrongful death) against the Philips Defendants or any other Released Party relating to the Recalled Devices.

---

**Section 1.   Definitions**                                                                 6

1.25.  **Preliminary Approval Order** shall mean an order of the MDL Court preliminarily approving the Settlement, substantially in the form attached hereto as **Exhibit 1**.

1.26.  **QSF Administrator** shall mean, subject to MDL Court approval, BrownGreer. The Parties may jointly agree to replace BrownGreer with another mutually agreeable QSF administrator, subject to MDL Court approval.

1.27.  **Recalled Devices** shall mean the following CPAP, BiPAP, and ventilator devices containing PE-PUR foam:

    1.27.1.  C-series S/T, AVAPS (C-series and C-series HT);

    1.27.2.  DreamStation ASV;

    1.27.3.  DreamStation BiPAP;

    1.27.4.  DreamStation CPAP;

    1.27.5.  DreamStation Go;

    1.27.6.  DreamStation ST, AVAPS;

    1.27.7.  E30;

    1.27.8.  OmniLab Advanced Plus;

    1.27.9.  System One 50 Series ASV4 (Auto SV4);

    1.27.10.  System One 50 Series Base;

    1.27.11.  System One 50 Series BiPAP;

    1.27.12.  System One 60 Series ASV4 (Auto SV4);

    1.27.13.  System One 60 Series Base;

    1.27.14.  System One 60 Series BiPAP;

    1.27.15.  Trilogy 100/200, Garbin Plus, Aeris LifeVent; and

    1.27.16.  V30 auto.

1.28.  **Released Claims** shall mean all Medical Monitoring Claims against Defendants and the other Released Parties.  For the avoidance of doubt, Released Claims

---

**Section 1.   Definitions**                                                                7

expressly does not include (1) Personal Injury Claims, (2) Economic Loss Claims, (3) individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or (4) claims to enforce this Settlement.

1.29. **Released Parties** shall mean any individual who, or entity that, is or could be responsible or liable in any way whatsoever, whether directly or indirectly, for Medical Monitoring Claims. Without in any way limiting the foregoing, the Released Parties include, without limitation, (1) Defendants, (2) any of their past, present, or future parents, owners, predecessors, successors, subsidiaries, divisions, affiliates/related entities, stockholders, officers, directors, board members, supervisors, members, partners, managers, and employees, (3) any of their current, former, or future suppliers, agents, testing laboratories, attorneys, vendors, consultants, claim administrators, recall administrators, contractors, and subcontractors, (4) any and all current, former, or future distributors, sellers, insurers, reinsurers, resellers, lessors, retail dealers, and Durable Medical Equipment providers for the Recalled Devices, (5) prescribing doctors, healthcare providers, and healthcare practices with respect to the Recalled Devices, (6) any and all individuals and entities indemnified by any other Released Party with respect to Medical Monitoring Claims, and (7) all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders, as well as all other persons acting by, through, or under them, including those who are, may be, or are alleged to be jointly or jointly and severally liable with them, or any of them.

1.30. **Relevant Medical Information and Guidance** shall mean the available relevant medical information and guidance regarding the long-term health effects, if any, of use of the Recalled Devices.

1.31. **Settlement Administrator** shall mean, subject to MDL Court approval, Wolf Global Compliance ("Wolf Global"). The Parties may jointly agree to replace Wolf Global with another mutually agreeable Settlement Administrator, subject to MDL Court approval.

1.32. **Settlement Class or Settlement Class Members** shall include all individuals in the United States (as defined below), including United States citizens, United States residents, and United States military, diplomatic personnel and employees living or stationed overseas, who have used a Recalled Device.

EXCLUDED from the Settlement Class are: (a) Defendants and their officers, directors, and employees; and (b) the MDL Court, Settlement Mediator, and Special Masters assigned to the MDL.

---

**Section 1.   Definitions**                                                         8

1.33.    **Settlement Class Counsel** shall mean:

    1.33.1.    Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

    1.33.2.    Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

    1.33.3.    Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

    1.33.4.    Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222; and

    1.33.5.    Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad Street, 23rd Floor, Philadelphia, PA 19107.

    1.33.6.    In the event any Settlement Class Counsel is no longer able or willing to serve in that role, the remaining Settlement Class Counsel shall file a notice of same with the MDL Court, and in such event may identify a suitable replacement and move the MDL Court to appoint the replacement Settlement Class Counsel.

1.34.    **Settlement Class Representatives** shall mean the following Plaintiffs:  Elizabeth Lemus and Marilynn Sweeney.   In the event an appointed Settlement Class Representative is no longer able or willing to serve in that role, Settlement Class Counsel will identify a suitable replacement and move the MDL Court for appointment of the replacement Settlement Class Representative.

1.35.    **Settlement Fund** shall mean the account that will be opened with the Custodian Bank, MDL 3014 Medical Advancement Program Settlement Fund ("Settlement Fund"), as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

1.36.    **United States** shall mean the United States of America, its Territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), and the District of Columbia.

2.    **Funding Obligations and Payments by the Philips Defendants**

2.1.    The Philips Defendants shall be responsible to make, or to cause to be made, payments into the Settlement Fund totaling in the aggregate Twenty-Five Million Dollars ($25,000,000), and to perform, or cause to be performed, the obligations set forth in this Agreement.  In no event shall the Philips Defendants' payment obligation exceed Twenty-Five Million Dollars ($25,000,000).

2.2.    For purposes only of this Settlement and the enforcement of the payment and performance obligations under this Settlement, the Philips Defendants submit to the jurisdiction of the MDL Court.

2.3.    **Establishment and Administration of the Settlement Fund**

2.3.1.    The Settlement Fund will be a MDL Court-approved Qualified Settlement Fund ("QSF") pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

2.3.2.    BrownGreer, as QSF Administrator, shall obtain a Taxpayer Identification Number from the Internal Revenue Service and enter into a custodial agreement with the Custodian Bank pursuant to which BrownGreer shall establish  the QSF into which the Philips Defendants will make the payments required by this Agreement, as set forth in Sections 2.4 and 2.5 below.

2.3.3.    Unless otherwise permitted by the MDL Court upon application of Settlement Class Counsel, at the written direction of the QSF Administrator, the Custodian Bank shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation, or (b) secured by instruments backed by the full faith and credit of the United States Government.  Neither the Philips Defendants nor Counsel for the Philips Defendants shall bear any responsibility for or liability related to the investment of the Settlement Fund by the Custodian Bank.

2.3.4.    All notice costs and administrative expenses will be paid from the Settlement Fund.

_____

**Section 2.   Funding Obligations and Payments by the Philips
Defendants**                                                                                     10

2.4. **Payment for Class Notice and Other Administrative Expenses**

2.4.1. No later than 14 days after entry of the Preliminary Approval Order, the Philips Defendants shall deposit, or cause to be deposited, One Million Nine Hundred Thousand Dollars ($1,900,000) into the Settlement Fund (the "First Payment") for purposes of paying notice-related costs and other reasonable administrative expenses that may be incurred pursuant to this Settlement in conjunction with the retention and/or services of the Notice Administrator, the QSF Administrator, the Settlement Administrator, and the Custodian Bank.

2.4.2. In the event the First Payment is insufficient to pay notice-related costs and other reasonable administrative expenses required under the Settlement in advance of the Effective Date, the Philips Defendants shall deposit, or cause to be deposited, additional funds sufficient to cover those costs and expenses, and the amount of any such additional deposit(s) shall be subtracted from the Second Payment set forth below in Section 2.5, so that the First Payment, any additional payment(s) required in advance of the Effective Date, and the Second Payment, as adjusted if necessary, total no more than Twenty-Five Million Dollars ($25,000,000).

2.5. **Payment for Medical Advancement Program Benefits**

Within 14 days of the Effective Date, the Philips Defendants shall deposit, or cause to be deposited, Twenty-Three Million One Hundred Thousand Dollars ($23,100,000) into the Settlement Fund (the "Second Payment") for purposes of providing MAP Benefits to the Settlement Class.

2.5.1. In the event the Philips Defendants are required to deposit additional funds pursuant to Section 2.4.2 above, the amount of any such additional deposit(s) shall be subtracted from the Second Payment.

2.6. In the event any amounts are remaining from the First Payment, after paying notice-related costs and other reasonable administrative expenses, those amounts may be used to provide MAP Benefits to the Settlement Class.

2.7. The net interest earned from the Philips Defendants' payments into the Settlement Fund, after payment of taxes and fees owed for notice-related costs and other reasonable administrative expenses, will accrue to the benefit of the Settlement

---

**Section 2.  Funding Obligations and Payments by the Philips
Defendants**                                                    11

Class and may be used for the purpose of providing MAP Benefits to the Settlement Class.

2.8.   The payments by, or on behalf of, the Philips Defendants of the First Payment and the Second Payment shall be non-reversionary, and the Philips Defendants shall not be entitled to return of the payments; however, if the Settlement does not achieve MDL Court Final Approval and/or does not become Final, then any amounts remaining from the First Payment, after paying previously incurred notice-related costs and other reasonable administrative expenses, will be returned to the Philips Defendants.

## 3.   **Settlement Benefits**

The Settlement Class will be provided the following MAP Benefits during the MAP Benefits Period:

### 3.1.   **MAP Research**

3.1.1.   The Settlement Administrator, in consultation with the Parties, will determine appropriate recipient(s) of grant(s) to fund independent medical research related to the advancement of public knowledge regarding the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices. The Settlement Administrator, in consultation with the Parties and appropriate experts, will determine the scope and parameters of the MAP Research, including in conjunction with the results of the existing and ongoing testing concerning the risks of long-term health effects, if any, for individuals who used the Recalled Devices.

3.1.2.   Grants will be subject to prior MDL Court approval upon application of Settlement Class Counsel.

3.1.3.   Grants will be posted on the Settlement Website.

3.1.4.   Following consultation among the Settlement Administrator, the Parties, and any appropriate medical experts, the results of the MAP Research, to the extent medically relevant and valid conclusions are reached, shall be published on the Settlement Website, defined and discussed below in Section 3.3, and disseminated to Settlement Class Members. In the event of any dispute regarding publication, the Parties shall follow the dispute resolution provisions of Section 16 below.

---

**Section 3.   Settlement Benefits**                                                                   12

3.2.   **MAP Registry**

    3.2.1.   The Settlement Administrator, in consultation with the Parties, shall establish a research registry to which Settlement Class Members can elect to submit authorizations for the release and disclosure of medical information protected by HIPAA, 45 CFR § 164.508, for purposes of review and evaluation in connection with the MAP Research.

3.3.   **MAP Resources**

    3.3.1.   The Settlement Administrator, in consultation with the Parties, shall establish and maintain an interactive website ("Settlement Website") for delivery of MAP Resources to Settlement Class Members for purposes of increasing access to and an understanding of Relevant Medical Information and Guidance.

    3.3.2.   The Settlement Administrator, in consultation with the Parties and appropriate medical and/or scientific experts with relevant qualifications and experience, shall identify appropriate materials to be included in the MAP Resources to be posted on the Settlement Website based upon the current and ongoing relevant published medical literature, scientific studies, and testing with respect to Recalled Devices conducted by independent outside laboratories, as well as information provided to the FDA. In the event of any dispute regarding the content of MAP Resources, the Parties shall follow the dispute resolution provisions of Section 16 below.

    3.3.3.   The Settlement Administrator shall ensure that the Settlement Website is constructed in a user-friendly format and that the Relevant Medical Information and Guidance is appropriately annotated and/or summarized for affected individuals who do not have a medical or scientific background.

    3.3.4.   The Settlement Administrator shall post Relevant Medical Information and Guidance on the Settlement Website, and shall periodically post updates to the same, as available, and shall disseminate the same to Settlement Class Members who register to receive notifications of the Relevant Medical Information and Guidance.

---

**Section 3.  Settlement Benefits**                                  13

4.      **Releases**

4.1.    Through this Settlement, the Parties are settling and fully and forever resolving, with complete finality, any and all Released Claims of the Settlement Class Members against Defendants and the other Released Parties. The Settlement does not resolve any claims that Settlement Class Members may have, if any, against the Defendants or other Released Parties for Personal Injury Claims, which are not released by this Settlement and are expressly excluded from the definition of Released Claims. The Settlement also does not resolve Economic Loss Claims, which were addressed in connection with the Economic Loss Settlement (ECF 2736).

4.2.    Other than as expressly set forth below, the Philips Defendants and any successors to their rights or interests under this Settlement warrant and represent that they will not challenge or oppose, on the basis of this Settlement or the Releases provided herein, (a) a Settlement Class Member's Personal Injury Claims or their ability to recover for those claims, or (b) individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or their ability to recover for those individual claims.

4.3.    The releases set forth herein expressly exclude any claims for breach of this Agreement.

4.4.    The terms of this Section are material terms of this Agreement and will be reflected in the Final Order and Judgment.

4.5.    **Release By Settlement Class**

4.5.1.    As of the Effective Date, Settlement Class Members, on behalf of themselves and their agents, heirs, executors, administrators, successors, assigns, insurers, attorneys, representatives, and any other legal or natural persons who may claim by, through and/or on behalf of them ("Releasing Parties"), fully, finally, irrevocably, and forever release, remise, waive, relinquish, settle, surrender, forego, give up, abandon, cancel, acquit and forever discharge and covenant not to sue Defendants and the other Released Parties with respect to any and all Released Claims. Without in any way limiting the foregoing or its broad scope, this release covers (by example and without limitation) claims for equitable relief, injunctive relief, declaratory relief, specific performance, monetary relief sought as a representative or member of

---

any class of claimants in a class action or aggregate, group, or mass action, penalties, liens, and attorneys', expert, consultant, or other litigation fees or costs other than fees and costs awarded by the Court in connection with this Settlement, but does *not* include Personal Injury Claims, Economic Loss Claims, or individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

4.5.2.   The Settlement Class does not release or discharge, but instead expressly preserves, the right of any and all Settlement Class Members to file individual claims on their own behalf, on a non-class, non-aggregate, non-mass, and non-group basis, for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.).

4.5.3.   This release applies to all Settlement Class Members by virtue of their membership in the Settlement Class and their eligibility to receive MAP Benefits, the notice and MDL Court-approval process herein, the ability to object to the Settlement, and the occurrence of the Effective Date.

4.5.4.   Settlement Class Members acknowledge and waive, and agree to waive, on behalf of themselves and the other Releasing Parties, Section 1542 of the California Civil Code, which provides that:  "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**"  Settlement Class Members expressly waive and relinquish, on behalf of themselves and the other Releasing Parties, any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims.

---

**Section 4.   Releases**                                                                 15

In connection with such waiver and relinquishment, Settlement Class Members acknowledge, on behalf of themselves and the other Releasing Parties, that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, asserted or unasserted, or past, present, or future, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release of the Released Claims notwithstanding the discovery or existence of any such additional or different claims or facts.  Each Settlement Class Member expressly acknowledges, on behalf of themselves and the other Releasing Parties, that he or she has been advised by their attorneys of the contents and effect of Section 1542, and with knowledge, expressly waives whatever benefits they may have had pursuant to such section.  Settlement Class Members acknowledge, and the Releasing Parties shall be deemed to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of this Settlement.

4.5.5.    In addition, pursuant to the Final Order and Judgment, all Releasing Parties will be forever barred and enjoined from asserting against the Released Parties any and all of the Released Claims.

## 5.    Settlement Administration

5.1.    The Settlement Fund shall be used to pay all reasonable costs of Settlement Administration, including the reasonable fees and costs of the Notice Administrator, the QSF Administrator, the Settlement Administrator, and the Custodian Bank.

5.2.    The Settlement Administrator shall be responsible for the creation and maintenance of the Settlement Website and other duties as provided in any agreement entered into with the Settlement Administrator.  The Settlement Administrator shall sign and be bound by the Protective Order entered by the MDL Court, as amended (ECF 104, 498, 765).

## 6.    Settlement Class Certification

The Parties hereby stipulate, for purposes of this Settlement only, that the requirements of Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are satisfied, and, subject to approval by the MDL Court, the Settlement Class set forth in Section 1.32 shall be

certified for settlement purposes only (with the understanding that, by stipulating to the proposed Settlement Class, the Philips Defendants do not agree that Rule 23 requirements are met for purposes of a litigation class and reserve all rights to oppose class certification in the event the Settlement is not approved or does not become Final).

**7.** **Preliminary Approval of Settlement Pursuant to Federal Rule of Civil Procedure 23(e) and Related Motions**

7.1.    This Settlement shall be subject to both preliminary and final approval of the MDL Court.

7.2.    Within 10 days of the Execution Date, Settlement Class Counsel will move the MDL Court for the Preliminary Approval Order, in substantially the form annexed hereto as **Exhibit 1**, seeking, among other things, to:

7.2.1.    conditionally certify the Settlement Class;

7.2.2.    preliminarily approve the Settlement;

7.2.3.    determine that the Settlement appears fair, reasonable, and adequate within the meaning of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure and thus sufficient to promulgate notice of the Settlement to the Settlement Class;

7.2.4.    order that notice be provided to the Settlement Class pursuant to Section 8 below;

7.2.5.    give Settlement Class Members the right to object to the Settlement, as set forth in Section 9;

7.2.6.    inform Settlement Class Members that they do not have a right to opt out of the Settlement, as set forth in Section 10;

7.2.7.    inform Settlement Class Members that they will be bound by the Final Order and Judgment;

7.2.8.    stay and enjoin Settlement Class Members from pursuing all Medical Monitoring Claims against Defendants and the other Released Parties, whether in the MDL Court or in any other court or tribunal, until such time as the MDL Court has determined whether to enter the Final Order and Judgment;

7.2.9.　　schedule the Final Fairness Hearing following entry of the Preliminary Approval Order;

7.2.10.　　appoint BrownGreer as the Notice Administrator;

7.2.11.　　appoint Wolf Global as the Settlement Administrator;

7.2.12.　　appoint Huntington National Bank as the Custodian Bank;

7.2.13.　　appoint BrownGreer as the QSF Administrator;

7.2.14.　　find that the Settlement Fund is a "Qualified Settlement Fund" as defined in Section 468B-1(c) of the Treasury Regulations; and

7.2.15.　　provide that any objections by any Settlement Class Member to the Settlement shall be heard and any papers submitted in support of said objections shall be considered by the MDL Court at the Final Fairness Hearing only if, on or before the conclusion of the Objection Period specified in the Notice and Preliminary Approval Order, such Settlement Class Member follows the required procedures.

7.3.　　Settlement Class Counsel shall request that the MDL Court hold a hearing on the motion for the Preliminary Approval Order on a date to be determined by the MDL Court.

7.4.　　The Philips Defendants shall cooperate to the extent reasonably necessary in connection with Settlement Class Counsel's motions for Preliminary and Final Approval of the Settlement and related documents necessary to effectuate and implement the terms and conditions of this Agreement.

7.5.　　The Philips Defendants shall have the right to withdraw from the Settlement if the MDL Court does not issue the Preliminary Approval Order in substantially the form attached hereto as **Exhibit 1**.

## 8.　　Notice to Settlement Class Members

### 8.1.　　**Type of Notice Required**

8.1.1.　　The Class Notice Period shall commence upon the entry of the Preliminary Approval Order.

8.1.2.　　Within 30 days after entry of the Preliminary Approval Order, the Notice Administrator will cause Class Settlement Notice ("Notice"), in

the form attached hereto as **Exhibit 4**, to be disseminated in the following manner:

8.1.2.1.   Either by first class mail, postage prepaid, or by email (where an email address is available) to the last known address of all known Settlement Class Members based on the information that was previously collected and updated in connection with disseminating notice of the Economic Loss Settlement;

8.1.2.2.   Electronic upload notification by Philips RS, in the form attached hereto as **Exhibit 4(a)**, to all Settlement Class Members who elected to receive messages through DreamMapper, which will refer them to the Settlement Website only;

8.1.2.3.   Posting a copy of the Notice on the Settlement Website, www.RespironicsMedicalAdvancementProgram.com;

8.1.2.4.   Posting a copy of the Notice on the settlement website for the Economic Loss Settlement, www.respironicscpap-elsettlement.com;

8.1.2.5.   Providing a copy of the Notice and requesting that it be posted on the MDL Court's website for the MDL, https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation; and

8.1.2.6.   As the MDL Court may otherwise direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(A).

8.2.   **Payment of Costs of Notice**:  The reasonable costs of Class Notice agreed to by the Parties or required by the MDL Court shall be paid out of the Settlement Fund.

8.3.   The Notice Administrator on behalf of the Philips Defendants shall provide notice of the Settlement to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b).

9.   <u>**Right to Object to the Settlement; Objection Period**</u>

9.1.   Settlement Class Members have the right to object to the Settlement.

---

9.2.     Settlement Class Members will have 90 days from entry of the Preliminary Approval Order ("Objection Period") to object to the Settlement in accordance with this Section.  The last day of the Objection Period (the "Objection Deadline") will be included in the Notice and posted on the Settlement Website and the MDL Court's website for the MDL.

9.3.     Any Settlement Class Member who objects to the Settlement (in whole or in part), any terms herein, or the approval process must make that objection by the following procedure:

9.3.1.     The objection must be in writing.

9.3.2.     The objection must state with specificity the grounds for the objection. The objection must also include a statement whether the Settlement Class Member intends to appear at the Final Fairness Hearing either with or without the objector's counsel (who shall be identified).

9.3.3.     The objection must be signed by the Settlement Class Member.

9.3.4.     The objection must contain the caption of the MDL and the name, mailing address, email address, if any (an email address is not required), and telephone number of the objecting Settlement Class Member and his or her counsel (if any).

9.3.5.     The objection must be mailed to the Notice Administrator at:

Respironics Medical Advancement Program
P.O. Box 26288
Richmond, VA 23260

The objection must be postmarked no later than the Objection Deadline. Untimely objections are invalid.

9.3.6.     The Notice Administrator shall provide a copy of all objections to Counsel by email promptly following receipt.

9.3.7.     Settlement Class Counsel shall file the objections, if any, received by the Notice Administrator with the MDL Court no later than 21 days before the Final Fairness Hearing.

9.4.     Any objection not submitted in full compliance with these terms and procedures is invalid and deemed waived, unless otherwise accepted by the Court in writing.

---

9.5.     Settlement Class Members who fail to file and serve timely written objections in accordance with Section 9 shall be deemed to have waived any objections, shall not be heard at the Final Fairness Hearing, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise allowed by the Court in writing.

9.6.     Settlement Class Counsel and/or Counsel for the Philips Defendants shall file any response(s) to the objections with the MDL Court no later than 21 days before the Final Fairness Hearing.

## 10.    <u>No Right to Opt-Out of Settlement</u>

10.1.    Because the Settlement Class is being certified as a mandatory class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, Settlement Class Members shall not be permitted to opt out of the Settlement Class.

## 11.    <u>Final Fairness Hearing</u>

11.1.    After the close of the Class Notice Period and the Objection Period, but no later than 21 days before the Final Fairness Hearing, Settlement Class Representatives and Settlement Class Counsel shall move the MDL Court for Final Approval of the Settlement and to enter the Final Order and Judgment, substantially in the form of **Exhibit 2** hereto, which shall do each of the following, among other things:

11.1.1.    Approve finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

11.1.2.    Determine that the Notice was appropriate and disseminated in accordance with the Preliminary Approval Order;

11.1.3.    Certify the Settlement Class and confirm the appointment of the Settlement Class Representatives and Settlement Class Counsel;

11.1.4.    Direct that the Medical Monitoring Complaint be dismissed with prejudice as to all Defendants, without costs;

11.1.5.    Reserve to the MDL Court exclusive jurisdiction over the Settlement, this Agreement, including the interpretation, implementation, administration, consummation, and enforcement of this Settlement and this Agreement, and the "Qualified Settlement Fund," as defined under §1.468B-1 of the Treasury Regulations promulgated under Sections

---

**Section 10. No Right to Opt-Out of Settlement**                    21

461(h) and 468B of the Internal Revenue Code of 1986, as amended, created under the Agreement;

11.1.6.   Determine under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay, and direct that the Final Order and Judgment be entered;

11.1.7.   Enjoin and finally and forever bar any and all Settlement Class Members from maintaining, continuing, pursuing and/or prosecuting the Released Claims in any action, arbitration or other proceeding, whether pending or filed in the future, against Defendants or the Released Parties, as well as entitling the Released Party or Parties to recover any and all reasonable costs and expenses from that Settlement Class Member arising from that Settlement Class Member's violation of the injunction, subject to MDL Court approval; and

11.1.8.   Enjoin and forever bar the Philips Defendants and any successors to the Philips Defendants' rights or interests under the Settlement from challenging or opposing, on the basis of this Settlement or the Releases provided herein, a Settlement Class Member's Personal Injury Claims and/or individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or ability to recover for those claims.

11.2.   The Philips Defendants shall have the right to withdraw from the Settlement if the MDL Court does not enter a Final Order and Judgment substantially in the form of **Exhibit 2** hereto.

11.3.   At the Final Fairness Hearing, the MDL Court shall also be requested to, *inter alia*, (i) consider any timely and properly filed objections to the Settlement, (ii) certify the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(2), (iii) determine whether the Settlement is fair, reasonable, and adequate, was entered into in good faith and negotiated by the Parties at arm's length, and should be approved, (iv) provide findings in connection therewith, (v) enter the Final Order and Judgment, and (vi) consider Settlement Class Counsel's motion for attorneys' fees, reimbursement of costs and expenses, and service awards as described in Section 15.1 below.

---

## 12.   <u>Termination of this Settlement</u>

12.1.   This Settlement shall be terminated and cancelled upon any of the following events:

12.1.1.   The MDL Court declines to enter the Preliminary Approval Order substantially in the form of **Exhibit 1** hereto;

12.1.2.   The MDL Court declines to enter the Final Order and Judgment substantially in the form of **Exhibit 2** hereto; or

12.1.3.   The Final Order and Judgment is reversed by a higher court.

12.2.   The Philips Defendants may, at their sole and exclusive discretion and option, withdraw from and cancel their obligations under this Settlement, upon any of the following events:

12.2.1.   The Notice does not comply with the Preliminary Approval Order;

12.2.2.   Settlement Class Counsel, on behalf of the Settlement Class, materially breaches the Settlement and such breach materially frustrates the purposes of this Settlement;

12.2.3.   The Medical Monitoring Complaint is not dismissed with prejudice as to all Defendants;

12.2.4.   The Released Claims of the Releasing Parties against Defendants and the other Released Parties are not released on the terms set forth herein;

12.2.5.   The MDL Court does not enter the preliminary injunction described in Section 7.2.8 above;

12.2.6.   The MDL Court does not enter the permanent injunction described in Section 4.5.5 above;

12.2.7.   The Settlement Class is not certified as a mandatory, non-opt-out class under Rule 23(b)(2) of the Federal Rules of Civil Procedure; and

12.2.8.   This Settlement is changed in any material respect, except by written agreement of the Parties.

12.3.   In the event of a breach of the Agreement by the Philips Defendants, the Settlement Class Representatives may, at their sole discretion, seek to enforce the Settlement

in the MDL Court (or, if the MDL Court does not have jurisdiction, any other court with jurisdiction to hear the matter).

12.4.   In the event of a breach of the Agreement by the Settlement Class Representatives, the Philips Defendants may, at their sole discretion, seek to enforce the Settlement in the MDL Court (or, if the MDL Court does not have jurisdiction, any other court with jurisdiction to hear the matter).

## 13.   MDL Court Retains Jurisdiction to Implement, Interpret and Enforce Agreement and Settlement

The MDL Court shall retain continuing and exclusive jurisdiction over the Philips Defendants, the Settlement Class, the Settlement Class Members, this Agreement, and the Settlement for the purposes of administering, supervising, implementing, interpreting, construing, consummating, and enforcing this Agreement and the Settlement, and the MDL Court shall also retain continuing and exclusive jurisdiction over the "qualified settlement fund," as defined under §1.468B-1 of the Treasury Regulations promulgated under Sections 461(h) and 468B of the Internal Revenue Code of 1986, as amended, created under the Agreement.

## 14.   Choice of Law

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, including all matters of construction, validity, performance, and enforcement, and without giving effect to the principles of conflict of laws.

## 15.   Attorneys' Fees, Costs and Expenses, and Service Awards

15.1.   Settlement Class Counsel will submit to the MDL Court for approval as part of the Final Fairness Hearing, a motion for an award of attorneys' fees, reimbursement of costs and expenses, and service awards, in the aggregate amount of up to $5 million, which is 20% of the payments by the Philips Defendants into the Settlement Fund, to be paid from the Settlement Fund within 21 days after the Effective Date. Settlement Class Counsel's motion for attorneys' fees, reimbursement of costs and expenses, and service awards will be due 30 days before the Objection Deadline, and the deadline for the motion will be provided in the Notice.  Settlement Class Members shall have the opportunity to submit objections.

15.2.   The Parties agree that the amount of any award of attorneys' fees, costs and expenses and the amount of any service awards are intended to be considered by

---

**Section 13. MDL Court Retains Jurisdiction to Implement,**
            **Interpret and Enforce Agreement and Settlement**                    24

the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  No order of the Court, or modification, reversal, or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, reimbursement of costs and expenses, or service awards shall affect whether the Final Order and Judgment is entered, or constitute grounds for termination of the Settlement.

**16.    Dispute Resolution**.

Any dispute between the Parties relating to the interpretation or application of any provision of the Settlement will be discussed between Settlement Class Counsel and Counsel for the Philips Defendants in the first instance in an effort to resolve the matter. If they reach an impasse, the matter shall be presented to and discussed with the Settlement Mediator.  In the event an impasse remains after presenting the dispute to the Settlement Mediator, the dispute will be resolved by appeal to the MDL Court (with the potential for further appeal to the U.S. Court of Appeals for the Third Circuit).

**17.    Miscellaneous**

17.1.    The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

17.2.    If the last day of any period mentioned in this Settlement falls on a weekend or legal holiday, the period shall include the next business day.  To the extent any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the convention contained in Rule 6 of the Federal Rules of Civil Procedure.

17.3.    All persons shall be on notice of their continuing duty to monitor the MDL Court's docket for the most current filings and information.  The MDL Court, in its discretion, may alter, postpone or amend any deadlines or hearing dates scheduled by the MDL Court in connection with the approval of this Settlement without additional formal notice.  Orders concerning any such changes will be posted on the Settlement Website and are expected to be docketed on the MDL Court's website:

https://www.pawd.uscourts.gov/mdl-3014-re-philips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation.

17.4.    The Notice Administrator shall coordinate with the Settlement Administrator to post on the Settlement Website this Agreement (including all of its exhibits), as

---

well as relevant pleadings by the Parties and orders entered by the MDL Court in connection with the Settlement, including relevant scheduling orders.

17.5.   Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity, other than Settlement Class Members, the Philips Defendants, and the other Released Parties, any right or remedy under or by reason of this Agreement.

17.6.   Unless otherwise specified, any written notices and other communications under this Settlement shall be in writing and shall be sent to Settlement Class Counsel and Counsel for the Philips Defendants.  Routine communications may be made by email.  Communications asserting a breach of this Settlement shall be made by email and by hand delivery or overnight courier (*e.g.*, Express Mail, Overnight UPS, or FedEx).

17.7.   This Settlement is the product of arm's-length negotiations between Settlement Class Counsel, the Philips Defendants, and Counsel for the Philips Defendants under the auspices of the Settlement Mediator.  None of the Parties or their Counsel shall be deemed to be the drafter of this Agreement or any provision thereof.  No presumption shall be deemed to exist in favor of or against anyone on account of who drafted any particular portion of this Agreement.

17.8.   This Settlement constitutes the entire agreement between the Parties with respect to the matters set forth herein and supersedes any and all prior and contemporaneous undertakings in connection therewith, including any prior term sheets.  In entering into this Agreement, the Parties have not received or relied upon any agreements or promises other than as contained in writing in this Agreement.

17.9.   The terms of this Settlement may not be modified, waived, or amended unless such modification or amendment is in writing executed by all Parties, and (upon the Final Order and Judgment) approved by the MDL Court.  The waiver by any Party of any breach of this Settlement shall not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with this Settlement.

17.10.  This Settlement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Settlement.

17.11.  If there is any conflict as between the Agreement and any exhibits, the language and terms in the Agreement shall prevail.

17.12.  In the event this Agreement is not preliminarily or finally approved by the MDL Court, or in the event that the Order and Final Judgment approving the Settlement

---

**Section 17. Miscellaneous**                                                              26

is entered but later reversed or vacated, or the Philips Defendants exercise their right to terminate the Agreement pursuant to Section 12, the pre-settlement status of this MDL shall be restored (including without limitation any applicable tolling of any statute of limitations), and the Agreement shall have no effect on the rights of the Parties to prosecute or defend the Medical Monitoring Claims in the MDL or elsewhere in any respect, including without limitation the right to fully litigate the issues related to class certification, raise personal jurisdiction defenses, or any other defenses.  The Parties will negotiate and submit to the MDL Court for Court approval a modified case schedule at such time.

17.13.   Each of the undersigned signatories represents that he or she is fully authorized to enter into the terms and conditions of, and to execute this Agreement.

## 18.    **Federal Rule of Evidence 408**

18.1.   The Parties specifically acknowledge and agree that this Settlement, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, shall be considered a compromise within the meaning of Federal Rules of Evidence Rule 408, and any equivalent rule of evidence or procedure of any state, and shall not (i) constitute, be construed, be offered, or be received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the MDL, or in any other pending or subsequently filed action, arbitration, or other proceeding, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, except as permitted in Section 18.3 of this Settlement below; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.  As set forth in Section 2.2 above, the Philips Defendants submit to the jurisdiction of the MDL Court solely for purposes of the Settlement and the enforcement of the payment and performance obligations thereunder.

18.2.   The Parties agree that this Settlement, any orders, pleadings, or other documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against the Defendants as evidence of any obligation that any Party hereto has or may have to anyone, except with regard to the obligations and rights under the Settlement.

18.3.   The provisions of this Settlement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after a hearing upon

---

**Section 18. Federal Rule of Evidence 408**                                           27

application of a Party hereto, (iii) in connection with any motion to dismiss, enjoin, or stay a Released Claim, or (iv) to obtain MDL Court approval of the Settlement.

[intentionally left blank]

---

**Section 18. Federal Rule of Evidence 408**                                    28

The Parties have executed this Settlement Agreement, by their duly authorized representatives, on the Execution Date.

PHILIPS RS NORTH AMERICA, LLC:

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
(215) 963-5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

*/s/ Wendy West Feinstein*
Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-3300 (phone)
wendy.feinstein@morganlewis.com

*/s/ Erik T. Koons*
Erik T. Koons
**BAKER BOTTS LLP**
700 K St. NW
Washington, DC 20001
(202) 639-7973 (phone)
erik.koons@bakerbotts.com

*/s/ Andrew T. George*
Andrew T. George
**BOURELLY, GEORGE + BRODEY LLP**
1050 30th Street, NW
Washington, DC 20007
(202) 753-5012 (phone)
andrew.george@bgblawyers.com

PLAINTIFFS' CO-LEAD COUNSEL:

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Sandra L. Duggan*
Sandra L. Duggan
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
sduggan@lfsblaw.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

29

KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA INC., AND PHILIPS RS NORTH AMERICA HOLDING CORPORATION:

*/s/ Michael H. Steinberg*
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
(310) 712-6670 (phone)
steinbergm@sullcrom.com

*/s/ William B. Monahan*
Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
(212) 558-4000 (phone)
hight@sullcrom.com
monahanw@sullcrom.com

CHAIR PLAINTIFFS' SETTLEMENT COMMITTEE:

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg (Chair)
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565 (phone)
rliebenberg@finekaplan.com

30