IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>Fuentes v. Philips RS North Amer. LLC, 2:22-cv-00130,<br><br>King v. Koninklijke Philips N.V., 2:23-cv-02040, and<br><br>Spiekermier v. Koninklijke Philips N.V., 2:22-cv-01406 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**MEMORANDUM OPINION**

I.   **Introduction**

Pending before the court are several motions. First, plaintiff Edwin Fuentes ("Fuentes") filed a motion objecting to removal or exclusion of qualified injuries under the Master Settlement Agreement (the "MSA")[1] for certain personal injury claims (ECF No. 2780) on May 10, 2024. The court ordered a response due by June 4, 2024 (ECF No. 2790). On May 20, 2024, pro se plaintiff Derek Martin King ("King") filed an omnibus motion (ECF No. 2796) seeking three things: (1) to join in support of Fuentes' motion; (2) to vacate the docket management and identification orders (ECF Nos. 2769, 2770); and (3) to reject the proposed master settlement

---
[1] The MSA is located at ECF No. 2768-1.

agreement. On May 28, 2024, plaintiff Mary Ann Spiekermeier ("Spiekermeier") filed an objection to approval of the MSA. (ECF No. 2804). On June 4, 2024, the plaintiffs' negotiating counsel (the "PNC") filed a response in opposition to ECF Nos. 2780, 2796, and 2804. (ECF No. 2815). The motions are now ripe for disposition.

## II.     Factual and Procedural Background

In lieu of belaboring the substantial history involved in this litigation, the court will only highlight the most relevant portions. After nearly two and a half years of litigation, on May 9, 2024, the Philips defendants[2] and the PNC announced that they had reached a proposed private settlement regarding certain personal injury claims asserted in the Amended Master Long Form Complaint for Personal Injuries and Damages.[3] The MSA is essentially a binding offer to privately settle wherein the Philips defendants and the PNC agreed upon certain obligations the Philips defendants committed to fulfill to certain individual plaintiffs on the terms set forth in the MSA, but those certain individual plaintiffs must accept those terms on or before December 10, 2024.

The MSA, of course, defines relevant terms. Notably, the MSA defined a Qualifying Injury as "either a Qualifying Respiratory Injury or a Qualifying Cancer." (MSA at 4). A Qualifying Respiratory Injury "means as demonstrated through proof of diagnosis or treatment, respiratory impairment (e.g., new or worsening asthma, new or worsening COPD, chronic bronchitis, bronchiectasis, sarcoidosis, acute respiratory distress syndrome, reactive airways

---

[2] The Philips defendants are Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V. ("KPNV"), Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation.

[3] On April 25, 2024, the court approved the settlement of the class action Economic Loss claims (ECF Nos. 2735, 2636). On June 27, 2024, the court entered preliminary approval of the class action Medical Monitoring claims, which did not release any individual medical monitoring claims for monetary payments. (ECF No. 2864).

2

dysfunction syndrome, pulmonary fibrosis, pneumonitis, other interstitial lung disease, other obstructive or restrictive lung disease)." (MSA at 4). A Qualifying Cancer "means one of the following, as demonstrated through proof of diagnosis or treatment: lung cancer; certain blood cancers (acute myeloid leukemia (AML), chronic myeloid leukemia (CML), or mucosa associated lymphoid tissue (MALT) of the air-pathway lymphoid tissue); or ENT/pathway cancers (e.g., oral cavity cancers; oropharynx cancer; nasal cavity/sinus cancer; nasopharynx cancer; larynx cancer; hypopharynx cancer; salivary cancer; esophageal cancers; thyroid cancers)." (MSA at 4).

Article 7 of the MSA is titled: "GOOD FAITH PARTICIPATION AND OBLIGATIONS OF COUNSEL FOR ELIGIBLE CLAIMANTS." (MSA at 15). Section 7.3 provides that:

> By the submission of a Registration Form for one of their Eligible Claimants, counsel for Eligible Claimants affirm that they are not actively advertising for, soliciting, seeking, or taking steps to obtain new clients to assert Personal Injury Claims against one or more of the Released Parties, and have no present intent to do so in the future.

(MSA at 15). Section 7.4 further provides that:

> Each counsel is expected to exercise his or her independent judgment in the best interest of each client. The Parties agree that a central objective of the Program is that, with respect to any counsel for a Registered Claimant, all other Eligible Claimants represented by such counsel will also be Registered Claimants. While nothing in this Program is intended to operate as a "restriction" on the right of any person's counsel to practice law within the meaning of Rule 5.6(b) of the ABA Model Rules of Professional Conduct (or its equivalent) in any jurisdictions in which such counsel practices or whose rules may otherwise apply, it is agreed that: (1) by the submission of a Registration Form for one of their Eligible Claimants, counsel is representing that they have reviewed the Program, are able to represent that this Program is in the best interest of Eligible Claimants, and have recommended, or will recommend, to 100% of their Eligible Claimant clients that they complete a Registration Form for the Program; and (2) if any such Eligible Claimant disregards such recommendation, or for any other reason chooses not to participate in the Program, such counsel shall, to the extent permitted by Rules 1.16 and 5.6 of the ABA Model Rules of Professional Conduct (or their equivalent) in the relevant jurisdiction(s), take (or have taken, as the case may be) all necessary steps to disengage and withdraw from the

representation of such Eligible Claimant, forego any fee interest in such Eligible Claimant, and seek to withdraw (subject to court approval, if applicable) from the representation of such Eligible Claimant.

(MSA at 15).

The day after the PNC filed the notice of settlement, Fuentes objected to the MSA because it "arbitrarily excluded all registered defendant's [sic] who suffered kidney and liver cancer damage conditions . . . ." (ECF No. 2780 ¶ 5). Fuentes asserts that this exclusion from the MSA denies him and other similarly situated individuals "from collecting damages resulting from the personal injury settlement reached on behalf of all Plaintiffs." (ECF No. 2780 ¶ 5). Fuentes requests that the court issue an order requiring the MSA to include "all conditions stated by the FDA recall letter of summer 2021" within the definition of Qualifying Injury. (ECF No. 2780 ¶¶ 6,7).[4]

On May 20, 2024, King moved the court to vacate the docket management order; vacate the identification order; and reject the MSA, along with a statement in support of Fuentes' motion and brief in support. (ECF Nos. 2796, 2797).

On May 28, 2024, Spiekermeier filed her objection to the MSA. (ECF No. 2804). As the basis for her objection, Spiekermeier asserts that paragraphs 7.3 and 7.4 of the MSA create ethical conflicts with ABA Model Rules 1.7 and 5.6. (ECF No. 2804 at 2). Spiekermeier requests

---

[4] In a Safety Communication originally issued June 30, 2021, and subsequently updated on November 12, 2021, FDA noted that: "The potential risks of particulate exposure include irritation to the skin, eye, and respiratory tract, inflammatory response, headache, asthma, and toxic or carcinogenic effects to organs, such as kidneys and liver." Certain Philips Respironics Ventilators, BiPAP, and CPAP Machines Recalled Due to Potential Health Risks: FDA Safety Communication, https://public4.pagefreezer.com/browse/FDA/23-11-2021T07:28/https:/www.fda.gov/medical-devices/safety-communications/certain-philips-respironics-ventilators-bipap-and-cpap-machines-recalled-due-potential-health-risks (last updated Nov. 12, 2021).

that the court either strike those paragraphs from the MSA or deny the application for its approval. (ECF No. 2804 at 3).

On June 4, 2024, the PNC filed an omnibus response to the objections and motions. (ECF No. 2815). Also on June 4, 2024, the Philips defendants filed a response in opposition to the objections and motions. (ECF No. 2816), and defendants Polymer Technologies Inc. and Polymer Molded Products, LLC, moved to join in both the PNC's response and the Philips defendants' response. (ECF Nos. 2819, 2820).

On June 14, 2024, King filed a notice of voluntary dismissal. (ECF No. 2840).

### III. Legal Standard/Standing

As a threshold issue, the court must determine whether the objectors have standing to challenge the MSA. *Ethypharm S.A. France v. Abbott Lab'ys*, 707 F.3d 223, 232 (3d Cir. 2013) ("Standing is a threshold requirement in all actions in federal court."). "Non-settling defendants, in general, lack standing to object to a partial settlement, because they are ordinarily not affected by such a settlement." *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995). Indeed, "the general rule [is] that a nonsettling party may not object to the terms of a settlement which do not affect its own rights." *In re Fine Paper Litig. State of Wash.*, 632 F.2d 1081, 1087 (3d Cir. 1980). "The rationale behind this general rule is that settlement will not affect any substantive legal rights of non-settling parties." *In re Vioxx Prod. Liab. Litig.*, 388 F. App'x 391, 395 (5th Cir. 2010) (citing *Transam. Refining Corp. v. Dravo Corp.,* 952 F.2d 898, 900 (5th Cir.1992)).

### IV. Discussion

#### A. The MSA

The MSA is a private agreement under which Eligible Claimants[5] may privately settle with the settling defendants on the terms and conditions set forth in the MSA. The MSA is not subject to approval by the court; it is not the settlement of a class action. The United States Court of Appeals for the Third Circuit made clear that "a district court is not a party to the settlement, nor may it modify the terms of a *voluntary* settlement agreement between parties." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 312 (3d Cir. 2011).

#### B. Fuentes' Objection

Fuentes calls upon the court to rewrite, or order the settling parties to rewrite, the MSA to include within the definition of Qualifying Injury all possible injuries identified by the FDA recall letter in the summer of 2021. (ECF No. 2780). Specifically, Fuentes requests that kidney and liver cancer be added as Qualifying Cancers. (ECF No. 2780 at 2–3).

Based on his amended complaint, Fuentes alleges the following physical injuries: "left kidney cancer, kidney damage, left kidney removal, and monitoring of right kidney." (ECF No. 876 at 3–4). In light of those allegations, Fuentes does not suffer from a Qualifying Injury and, thus, is a nonsettling party.

---

[5] According to the MSA, "Eligible Claimant means a United States Citizen or Resident who, as of the applicable Identification Order Declaration Deadline, alleges a Qualifying Injury caused by their use of one or more Recalled Devices and/or any asserted defects, delays or inadequacies relating to the Philips RS recall programs, and either (i) retained counsel on or before April 29, 2024 and is included on an Identification Order Declaration alleging a Qualifying Injury by the applicable Identification Order Declaration Deadline, or (ii) is a pro se plaintiff who has filed a Personal Injury Claim or Claims in the MDL Court or Massachusetts Court alleging a Qualifying Injury or submits an Identification Order Declaration alleging a Qualifying Injury by the applicable Identification Order Declaration Deadline." (ECF No. 2768-1 at 3).

As nonsettling parties, neither Fuentes nor the court may modify the terms of the MSA. *See Sullivan,* 667 F.3d at 312. To be sure, the MSA is an opt-in agreement—as opposed to an opt-out one—much like the agreement in *In re Vioxx*. There, the United States Court of Appeals for the Fifth Circuit determined that a group of plaintiffs could not "show that they have suffered the type of legal prejudice that would afford them standing to challenge the MSA" due to the opt-in nature of the agreement. *In re Vioxx*, 388 F. App'x at 395.

Because his claimed injury does not constitute a Qualifying Injury under the terms of the MSA, Fuentes cannot opt into the agreement, and, as a nonsettling party, he lacks standing to challenge the MSA. Fuentes is not without any recourse; he is free to either reach his own settlement with defendants or continue to litigate his case. Fuentes' motion will be denied.

C.  King's Objections

As previously mentioned, King voluntarily dismissed his case. (ECF No. 2840). Therefore, his motions will be denied as moot.

D.  Spiekermeier's Objection

Spiekermeier objects to the MSA on grounds that it creates ethical conflicts with the ABA Model Rules, specifically Rules 1.7 and 5.6 (ECF No. 2804). Rule 1.7 provides, in relevant part, that:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> > (1) the representation of one client will be directly adverse to another client; or
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

7

MODEL RULES OF PRO. CONDUCT r. 1.7 (ABA). Rule 5.6 provides that:

> A lawyer shall not participate in offering or making:
> (a) a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or
> (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.

MODEL RULES OF PRO. CONDUCT r. 5.6 (ABA).

The PNC contends that, like Fuentes, Spiekermeier lacks standing to challenge the MSA because the Spiekermeier complaint does not allege a Qualifying Injury. (ECF No. 2815 at 4). Upon review, the court notes that Spiekermeier's alleged injuries are "high grade papillary urothelial carcinoma, liver cancer, kidney cancer, kidney damage, liver damage, and 'Bones.'" (ECF No. 904 at 3–4). Per the MSA, these are not Qualifying Injuries, and, as a nonsettling party, Spiekermeier lacks standing to challenge the MSA. Spiekermeier's objection will be overruled.

## V. Conclusion

In accordance with the foregoing, the court concludes as follows:

1. Fuentes' motion (ECF No. 2780) will be denied;

2. King's omnibus motion (ECF No. 2796) will be denied as moot; and

3. Spiekermeier's objection (ECF No. 2804) will be overruled.

An appropriate order will be entered.

BY THE COURT:

July 17, 2024              /s/ Joy Flowers Conti

                                              Joy Flowers Conti
                                              Senior United States District Court Judge