**Schedule for SoClean / DW / Philips Litigation**[1]

| Date | SoClean's Claims[2] | Philips' Counterclaims[2] | Philips' Contribution Claims (Personal Injury)[2] | Philips' Assigned Claims (Property Damage Economic Loss)[2] |
|---|---|---|---|---|
| 8/19/2024 | Joint report to S.M. Vanaskie | | | |
| 8/20/2024 | | Response to SoClean's objections to S.M. Vanaskie's Report and Recommendation | | |

---

[1]    White cells indicate dates/events upon which there is agreement. Pink cells indicate areas of disagreement.

**Philips Position:** Philips' positions on the disputed items are set forth in its accompanying position statement and, consistent with Special Master Katz's suggestion, briefly below. Given how unwieldy this document has become in light of the volume of footnotes and SoClean/DWHP's decision to set forth the entirety of their positions in the footnotes, the Philips parties informed SoClean and DWHP last week that they would be submitted a separate position statement clearly laying out the disputed items and their positions on each. SoClean and DWHP decided not to submit their own position statement (Philips had no objection to them doing so, or to sharing both sides' position statements in advance), but SoClean and DW instead made the strategic decision to wait to see what the Philips parties submit.

**SoClean and DWHP Position:** Consistent with the suggestion of Special Master Katz, and for ease of reference by the Court, SoClean's and DWHP's positions on the disputed items are set forth in this joint submission. Rather than set forth (and therefore disclose) all of their positions in this joint submission, Philips has indicated their intent to also file a separate "position statement," which was not shared with SoClean, DWHP or Special Master Katz as part of the parties' negotiation of this joint submission. As such, and regrettably, SoClean and DWHP must reserve their right to respond in a corresponding brief and/or during the August 22, 2024 status conference.

[2]    There are four litigation tracks between SoClean, DW and Philips: (1) SoClean's affirmative claims, (2) Philips' counterclaims, (3) Philips' contribution claims, and (4) Philips' assigned claims. The parties disagree as to whether a schedule should include all four tracks or be limited to only the first and second tracks.

**Philips Position:** Philips believe it is important to coordinate all of these proceedings, including to minimize inefficiencies on the Court and the parties and lessen the risk of multiple depositions of the same individuals. Much of the fact and expert discovery (including merits and jurisdictional) will overlap significantly across all four tracks, and various legal issues will overlap as well. Philips thus believes that any schedule should take into account all four tracks so that this litigation can proceed in a coordinated fashion (consistent with the purpose of MDL practice) and to avoid conflicting deadlines across the four tracks. The Philips parties filed their Contribution Claims (track 3) in May 2024, following extensive briefing to the Court (and an R&R from Special Master Katz) on the entry of Pretrial Order No. 31. And the consumer claims subject of the Assigned Claims (track 4) were first asserted against SoClean by consumers back in 2021. Further, the Economic Loss Class Action Settlement—pursuant to which Philips RS became the owner of these consumer claims—was first filed in September 2023. If they are actually obtaining separate counsel, Defendants should have done so long ago. The Philips parties have been asking SoClean and DW to identify their counsel for weeks now. This is a transparent attempt by them to delay the advancement of tracks 3 and 4. The Philips parties also strongly disagree, for the reasons set forth in their position statement, that trial of SoClean's claims against the Philips parties should be given priority.

**SoClean and DWHP Position:** The business-to-business case has been pending for almost three years. At the July 24, 2024 status conference, the Court directed the parties to work with Special Masters Katz and Vanaskie regarding a timeline with the goal of starting trial on the business-to-business case within a year (*i.e.*, by July 2025). The parties' respective positions on that schedule are set forth in the first two columns entitled SoClean's Claims and Philips' Counterclaims. SoClean and DWHP object to, and do not consent to, the inclusion in this submission of proposed schedules for Philips' Contributions Claims (Personal Injury) and Philips' Assigned Claims (Property Damage). Philips' Assigned Claims and Amended Contribution Claims were filed on August 13, 2024 (*i.e.*, the day before this submission was due). SoClean anticipates that separate counsel will be representing it in connection with those claims, and respectfully requests that its counsel in those cases handle those matters, including the negotiation of any schedules for those matters. Here, SoClean requests that the Court enter a schedule for the business-to-business case, consistent with the Court's instruction that it be trial-ready by July 2025.

| Date | SoClean's Claims[2] | Philips' Counterclaims[2] | Philips' Contribution Claims (Personal Injury)[2] | Philips' Assigned Claims (Property Damage Economic Loss)[2] |
|---|---|---|---|---|
| 8/21/2024 | Philips responses to Contention Interrogatories on Standing | SoClean / DW responses to Contention Interrogatories on Standing | | |
| Disputed (Philips Proposal: 8/27/2024) (SoClean Proposal: *see* footnote 3) | SoClean's standing proffers on any SoClean employees[3] | | | |
| Disputed (Philips Proposal: 9/5/2025 oppositions and 9/19/2025 reply) (SoClean Proposal: *see* footnote 4) | Any oppositions and replies in connection with Philips' motion to join White Oak as the real party in interest[4] | | Rule 12 motions or answers | Rule 12 motions or answers |

---

[3]   **Philips Position:** To the extent SoClean intends to offer testimony at the standing hearing from SoClean's own employees (SoClean has identified its CEO and CFO as having relevant information), SoClean should provide proffers of their testimony so that Philips can decide whether to depose them (or others) by the September 27 fact discovery deadline on standing issues. This is similar to the process that ultimately worked successfully in the Philips MDL on the KPNV personal jurisdiction issues, where KPNV made a proffer of the testimony of one witness, and the parties stipulated to his testimony for the evidentiary hearing without the need for either a deposition or for his appearance at the hearing. Not a single SoClean employee has been deposed in any of these proceedings, and Philips intends to depose lower-level SoClean employees *before* taking the depositions of SoClean's two most senior employees.

**SoClean and DWHP Position:** SoClean and DWHP agree that issues of standing are to be prioritized, as the Court directed. But SoClean and DWHP believe that fact discovery on issues of standing should then be followed by a period for expert reports and discovery, followed by a period for summary judgment briefing and argument (all as set forth on this chart). Proffers are neither necessary nor appropriate for this process. The parties are prioritizing discovery on issues of standing. Philips has had the opportunity to explore the bases for SoClean's standing for the past three years, and will continue to have an opportunity to do so on a prioritized basis. However, Philips' request for proffers, and its reference to how issues of KPNV *personal jurisdiction* in the Philips MDL were decided, assumes an evidentiary hearing as opposed to summary judgment briefing and argument, which is what SoClean and DWHP believe is appropriate and the Court intended. On the issue of multiple depositions, SoClean and its witnesses should not be prejudiced simply because Philips desires to move for early summary judgment on the issue of standing.

[4]   **Philips Position:** This dispute is completely unnecessary and is emblematic of the sort of delay tactics the SoClean and DW parties have been engaged in. At SoClean's express request, the Philips parties agreed to extend their response deadline to September 5 (as reflected in the chart), which is more than three weeks after the Philips parties filed the White Oak motion. But now, SoClean appears to be trying to delay this motion (and SoClean's own response) by suggesting that it should not file its response *until White Oak files a response, if ever*. Even worse, despite knowing who represents White Oak, SoClean's counsel has refused to identify White Oak's counsel to the Philips parties, requiring the Philips parties to serve White Oak with its courtesy copy, which the Philips parties have now done. SoClean obviously wants to delay the substitution of White Oak into this case and is erecting wasteful roadblocks at every stage.

| Date | SoClean's Claims[2] | Philips' Counterclaims[2] | Philips' Contribution Claims (Personal Injury)[2] | Philips' Assigned Claims (Property Damage Economic Loss)[2] |
|---|---|---|---|---|
| 7 days after ruling on SoClean's objections to S.M. Vanaskie's R&R | | Motion for leave to amend Counterclaims (with opposition due 14 days later and reply due 7 days later)[5] | | |
| | | | | |

---

**SoClean and DWHP Position:** Philips filed its motion to join White Oak as a real party in interest on August 13, 2024 (*i.e.*, the day before this submission was due). Philips has indicated its intent to serve White Oak with the motion. SoClean requests that any briefing and argument by it on the motion to join White Oak as a real party in interest be on the same schedule as White Oak, and in any event that its response to the motion be due no earlier than September 5, 2024.

[5]  **Philips Position:** In its Amended Counterclaims, Philips will be adding (i) new parties, including the three DW funds, White Oak, and additional SoClean entities, and (ii) new theories and allegations as to both liability and personal jurisdiction (including as to DWHP) newly identified over the course of recent discovery. If the Court prefers, Philips can file its motion for leave to amend the Counterclaims sooner, but for judicial efficiency, Philips believes SoClean's challenge to S.M. Vanaskie's R&R as to the adequacy of Philips' original pleading should first be resolved so as to avoid the potential for *two* amendments to the Counterclaims. Contrary to SoClean and DWHP's position, the personal jurisdiction issue (whether for DWHP or for any of the other Counterclaim-Defendants who intend to challenge jurisdiction) is nowhere near "ripe" for resolution for the reasons set forth in the Philips parties' position statement. The Court should resolve all personal jurisdiction challenges in a coordinated fashion after the pleadings have settled and at the conclusion of discovery, just as the Court stated at last month's case management conference. *See* July 24, 2024 CMC Tr. at 16 ("[W]e have to have a process where we understand that *once that fact discovery period for the whole case* is concluded, *then* we have to have the *briefing finalized on the personal jurisdiction issues* for any summary judgment motions, and then we will have the trial." (emphasis added)). Otherwise, the Court will be holding separate personal jurisdiction hearings for each defendant challenging personal jurisdiction, despite the fact that the core legal question as to personal jurisdiction is the same for each defendant.

**SoClean and DWHP Position:** Philips has for months been vaguely referencing its intent to seek to amend its counterclaims to add certain undisclosed new parties and new theories to its Counterclaims. At the July 24, 2024 status conference, the Court instructed that Philips must get its motion for leave to amend "filed soon, because you need permission." Counsel for Philips responded that they would "make that motion and show Your Honor, but we will get it filed soon." Instead of filing their motion for leave to amend "soon," Philips first proposed that they file their motion on August 30, 2024. Philips now states that they will file their motion for leave to amend seven days after the Court's ruling on SoClean's objections to Special Master Vanaskie's R&R. That is Philips' choice. However, as will be set forth in SoClean's and DWHP's forthcoming response to Special Master Vanaskie's Order for Status Report (MDL 3021 Dkt. 649), the issue of this Court's exercise of personal jurisdiction over DWHP has been fully briefed, jurisdictional discovery and depositions have taken place, and the matter is ripe for adjudication. The parties, including Special Master Katz, expended significant time and resources getting to this point. DWHP requests that it be afforded an opportunity to have the issue of this Court's exercise of personal jurisdiction over it decided as was previously ordered by the Court and agreed to by the parties – with an evidentiary hearing at the earliest practicable opportunity. SoClean and DWHP reject any attempt by Philips to delay adjudication of this issue because of potential amendments to their Counterclaims that Philips *may* make in the future *if* their Counterclaims survive dismissal and *if* they are permitted leave to file any such amendments. Incredibly, and directly contrary to the process and schedule the Court ordered and the parties agreed to in early June 2024, Philips now proposes that DWHP be kept a party in this case *at least through a decision following an evidentiary hearing to be held in March 2025*. And, moreover, Philips at the same time requests that DWHP be required to immediately participate in full merits discovery for no other reason than Philips' litigation decision to at some point in the future potentially amend its Counterclaims. To be clear, SoClean agrees that discovery is not stayed in the business-to-business case and is proceeding. But the Court's previous order of a stay as to DWHP, including a stay of DWHP's deadline to respond to Philips' Contributions Claims "until the issue of personal jurisdiction over DW is resolved" (MDL 3014 Dkt. 2738), should not be undone simply because Philips has indicated an intent to seek leave to amend their Counterclaims at some later date.

| Date | SoClean's Claims[2] | Philips' Counterclaims[2] | Philips' Contribution Claims (Personal Injury)[2] | Philips' Assigned Claims (Property Damage Economic Loss)[2] |
|---|---|---|---|---|
| 9/24/2024 | | | Rule 12(b)(6) oppositions[6] | Rule 12(b)(6) oppositions[5] |
| 9/27/2024 | Deadline for fact discovery on standing issues | | | |
| 10/3/2024 | Expert reports on standing issues | | | |
| 10/8/2024 | | | Rule 12(b)(6) replies | Rule 12(b)(6) replies |
| 10/17/2024 | Rebuttal expert reports on standing issues | | | |
| 10/24/2024 | Deadline for expert depositions on standing issues | | | |
| 21 days after ruling on motion for leave to amend Counterclaims | | Rule 12 motions or answers to Amended Counterclaims if leave granted (with opposition due 21 days later and reply due 14 days later) | | |
| 11/7/2024 | Standing motions | | | |
| 11/21/2024 | Oppositions to standing motions | | | |
| 11/28/2024 | Replies in support of standing motions | | | |
| 12/12/2024 (case management conference) | Hearing on standing motions | | | |
| 12/20/2024 | Close of fact discovery[7] | | | |

---

[6]  **Philips Position:** These oppositions (and the subsequent replies in October) should focus only on the Rule 12(b)(6) arguments. The additional briefing on any Rule 12(b)(2) motions (*i.e.*, any personal jurisdiction arguments made by DWHP or any of the other defendants asserting a personal jurisdiction defense) should occur later, in advance of the evidentiary hearing on personal jurisdiction, following the development of the evidentiary record on personal jurisdiction as to those entities. The Court also made clear at the last conference that discovery would proceed for all parties, not limited to only SoClean. DWHP's proposal to stay all discovery as to DWHP is going to result in delay. Moreover, in the Philips MDL, there was never any stay of merits discovery of KPNV when KPNV similarly challenged personal jurisdiction.

**SoClean and DWHP Position:** As set forth above, SoClean anticipates that separate counsel will be representing it in connection with the Assigned Claims and Amended Contribution Claims that were filed on August 13, 2024 (*i.e.*, the day before this submission was due), and therefore respectfully requests that its counsel in those matters be responsible for those matters, including the negotiation of any schedule. Consistent with the Court's prior order of a stay of DWHP's deadline to respond to Philips' Contribution Claims "until the issue of personal jurisdiction over DW is resolved" (MDL 3014 Dkt. 2738), DWHP requests that the Court confirm that the same stay likewise applies to Philips' Assigned Claims.

[7]  Discovery will be coordinated to fit with the SoClean consumer class action litigation as much as reasonably practicable. This means, for instance, that depositions that apply to the consumer class action should be conducted before the close of fact discovery in that action (currently, November 22, 2024).

**Philips Position:** The close of fact discovery should apply to all fact discovery, including merits, jurisdictional and class certification, other than (a) discovery on standing issues (which has an earlier deadline consistent with the prioritization the Court requested), and (b) discovery on individual patients in connection with the personal injury contribution claims (which will come later as part of the bellwether process). While the parties agree on the date to close fact discovery, they disagree regarding whether DWHP should participate in discovery before personal jurisdiction motions are decided. If DWHP does not participate in discovery, this will affect a number of deadlines and doubtless result in delay.

**SoClean and DWHP Position:** The parties agree on the date for close fact discovery in the business-to-business case. However, as set forth above, SoClean and DWHP do not consent to any deadlines for Philips' claims filed the day before the filing of this submission, including close of fact discovery in those cases.

| Date | SoClean's Claims[2] | Philips' Counterclaims[2] | Philips' Contribution Claims (Personal Injury)[2] | Philips' Assigned Claims (Property Damage Economic Loss)[2] |
|---|---|---|---|---|
| 1/20/2025 | | Expert reports on personal jurisdiction issues[8] | Bellwether selections<br><br>Expert reports on personal jurisdiction issues | Motion for class certification<br><br>Expert reports on class certification and personal jurisdiction issues |
| 2/10/2025 | | Rebuttal expert reports on personal jurisdiction issues[8] | Rebuttal expert reports on personal jurisdiction issues | Opposition to motion for class certification<br><br>Rebuttal expert reports on class certification and personal jurisdiction issues |
| 2/20/2025 | | | Conclusion of fact discovery on bellwether selections | |
| 2/24/2025 | | Expert depositions on personal jurisdiction issues[8] | Expert depositions on personal jurisdiction issues | Class certification reply<br><br>Expert depositions on class certification and personal jurisdiction issues |
| 3/3/2025 | | Pre-hearing submissions on personal jurisdiction issues[8] | Pre-hearing submissions on personal jurisdiction issues | Pre-hearing submissions on personal jurisdiction issues |
| Mid-March 2025 | | | | Class certification hearing |

---

With regard to DWHP, as set forth above (*see* footnote 4), the parties have engaged in extensive jurisdictional discovery, including depositions, and should proceed to an evidentiary hearing as soon as practicable, as previously ordered by the Court and agreed to by the parties. DWHP should not be required to remain a party to this case, obligated to participate in full merits discovery, *at least through a decision following an evidentiary hearing in March 2025* as Philips proposes – simply due to Philips' litigation decision to at some point in the future potentially seek leave to amend its Counterclaims.

[8]   **Philips Position:** Philips' proposed dates for personal jurisdiction proceedings are intended to accommodate various events that must occur before those proceedings: a decision on Judge Vanaskie's R&R, followed by Philips' motion to amend its Counterclaims to assert additional jurisdictional theories and allegations *as to DWHP* as well as the new parties (many of whom are also likely to assert personal jurisdiction defenses), followed by discovery on the new allegations as to both DWHP and any of the other Counterclaim-Defendants who challenge personal jurisdiction. This proposal is also consistent with the Court's statement at the last case management conference that personal jurisdiction would be decided after the conclusion of discovery. July 24, 2024 CMC Tr. at 16 (emphasis added) ("[W]e have to have a process where we understand that once that fact discovery period for the whole case is concluded, then we have to have the briefing finalized on the personal jurisdiction issues for any summary judgment motions, and then we will have the trial.").

**SoClean and DWHP Position:** *See* footnotes 4 and 7. The issue of the Court's exercise of personal jurisdiction over DWHP is ripe for adjudication on a prompt schedule, as previously ordered by the Court and agreed to by the parties. DWHP also disagrees that Philips' citation to a single *statement* made by the Court during the July 24, 2024 status conference overrides the Court's prior *order* of a stay as to DWHP "until the issue of personal jurisdiction over DW is resolved" (MDL 3014 Dkt. 2738).

| Date | SoClean's Claims[2] | Philips' Counterclaims[2] | Philips' Contribution Claims (Personal Injury)[2] | Philips' Assigned Claims (Property Damage Economic Loss)[2] |
|---|---|---|---|---|
| 3/17/2025 | | Responsive pre-hearing submissions on personal jurisdiction issues[8] | Responsive pre-hearing submissions on personal jurisdiction issues | Responsive pre-hearing submissions on personal jurisdiction issues |
| Late March 2025 | | Personal jurisdiction evidentiary hearing[8] | Personal jurisdiction evidentiary hearing | Personal jurisdiction evidentiary hearing |
| 3/24/2025 | Expert reports on remaining issues | | | |
| 4/14/2025 | Rebuttal expert reports on remaining issues | | | |
| 4/28/2025 | Close of expert discovery | | | |
| 5/2/2025 | Any Daubert/Rule 702 motions | | | |
| 5/16/2025 | Any Daubert/Rule 702 oppositions | | | |
| Late May 2025 | Daubert/Rule 702 hearing on remaining issues | | | |
| Disputed (Philips Proposal: 14 days after *Daubert*/Rule 702 ruling) (SoClean Proposal: *see* footnotes 9 and 10) | Motions for Summary Judgment (with oppositions due 21 days later and replies due 14 days later)[9] | | | |
| Disputed (Philips Proposal: 14 days after summary judgment ruling) (SoClean Proposal: *see* footnotes 9 and 10) | Motions *in limine*[8] | | | |
| July 2025 | ***Trial-Ready***[10] | | | |

---

[9]   **Philips Position:**  This Court has stated on several occasions, in both MDLs, that it prefers to "deal with the expert sort of *Daubert*/Rule 702 motions first" and "then deal with the issue of summary judgment after that's decided." (*E.g.*, Jan. 25, 2024 CMC Tr. at 22.) Consistent with that instruction, the Philips parties have not set a firm date for summary judgment motions (which would force the Court to decide the *Dauberts* by a date certain), but instead to tether the deadline for summary judgment motions to when the Court has decided the *Dauberts*. The Philips parties have done the same thing for motions *in limine* for the same reason.

**SoClean and DWHP Position:**  SoClean and DWHP object to Philips' request that motions for summary judgment and motions *in limine* be triggered only by rulings on other motions, solely to the extent that doing so would result in a trial-ready date for the business-to-business case later than July 2025 as instructed by the Court at the July 24, 2024 status conference. SoClean and DWHP will be prepared to discuss the Court's practice and preference at the August 22, 2024 status conference.

[10]   **Philips Position:** The parties agree on this trial date but disagree on which claims should be tried first or whether now is the time for the Court to decide that question. Philips believes the sequencing of trials should be determined later in proceedings, after the tracks have advanced further, and after the parties have briefed which track should be tried first. The potential prejudice to the Philips parties is set forth in more detail in their position statement, but in essence, SoClean is trying to effect an out-of-bankruptcy-court

---

reorganization plan and is improperly trying to prioritize certain creditors (in particular, White Oak) over others (in particular, the Philips parties). Moreover, the Philips parties disagree that the Court stated that any particular track must be tried in July 2025, but instead, that the parties need to be ready for trial on all of their claims against one another by then. Under the Philips parties' proposal, that will happen.

**SoClean and DWHP Position:** As set forth above, at the July 24, 2024 status conference, the Court directed the parties to work with Special Masters Katz and Vanaskie regarding a timeline with the goal of starting trial on the business-to-business case within a year (*i.e.*, by July 2025). That is what SoClean and DWHP have attempted to do, with the assistance of Special Master Katz. As also set forth above, SoClean and DWHP object to, and do not consent to, the inclusion in this submission of trial dates, or any other dates, for new claims filed by Philips the day before submission of this filing.