# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: No. 21-mc-1230-JFC<br><br>MDL No. 3014 |
| PHILIPS RS NORTH AMERICA LLC and PHILIPS NORTH AMERICA LLC,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>PSN LABS, LLC,<br><br>        *Defendant*. | No. 2:24-cv-01077 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**THEIR MOTION FOR CONSOLIDATION INTO THE PHILIPS MDL**

On July 29, 2024, Plaintiffs Philips RS North America LLC ("Philips RS") and Philips North America LLC ("Philips NA") filed a complaint against Defendant PSN Labs, LLC ("PSN") in the U.S. District Court for the Western District of Pennsylvania (the "PSN Action"). On the civil cover sheet, Plaintiffs identified the PSN Action as "related" to the above-captioned MDL, *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, MDL No. 3014 (W.D. Pa.) (the "Philips MDL"). On the same day, Plaintiffs also filed in the Philips MDL a notice of related case, which identified that their claims against PSN arose from the same common nucleus of facts as the claims pending in the Philips MDL. (MDL 3014, ECF No. 2899.) The Clerk of the Western District of Pennsylvania has assigned the PSN Action to Your Honor. *See* Local Civil Rule 40.E ("If the fact of relatedness is indicated on the appropriate form at time of filing, the Clerk of Court shall assign the case to the same Judge to whom the lower numbered related case is assigned, who may reject the assignment if the Judge determines that the cases are not related or the assignment does not otherwise promote the convenience of the parties or witnesses or the just and efficient conduct of the action.").

Plaintiffs now ask the Court to take the final step and consolidate the PSN Action into the Philips MDL, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Paragraph 2 of Pre-Trial Order #1. Rule 42(a)(3) provides that, where "actions before the court involve a common question of law or fact, the court may . . . issue any other orders to avoid unnecessary cost or delay." Similarly, Pre-Trial Order #1 provides that any "related cases directly filed in the Western District of Pennsylvania shall automatically be . . . consolidated with [the Philips MDL]." (MDL 3014, ECF No. 4, at 2.)

The central claims in the Philips MDL are for personal injury based on alleged safety concerns with the foam used in Philips RS's CPAP, BiPAP and ventilator devices. As the

Court knows, Philips RS recalled those devices in June 2021 based on the alleged safety concerns. In doing so, Philips RS relied on PSN's testing and analysis. Philips NA had previously retained PSN to perform certain testing and analyses on behalf of it and its affiliates, and prior to the recall, Philips RS engaged PSN to test and analyze potential safety risks associated with the foam. Philips RS and Philips NA allege that PSN committed multiple serious errors while performing those services, and worse, then attempted to conceal them from Plaintiffs. As Philips RS and Philips NA only learned later, PSN's errors led to warnings about potential patient health risks that, in reality, did not exist. But those warnings ultimately precipitated the very lawsuits pending against Plaintiffs in the Philips MDL. Those reasons alone counsel in favor of consolidation.

Further, PSN has itself practically admitted that the PSN Action is related to the Philips MDL. PSN previously sought to withhold documents from Philips in the Philips MDL, on the grounds that these documents would be "clearly relevant to the claims being asserted in the lawsuit against PSN." As these documents were properly subject to a subpoena in the Philips MDL, PSN ultimately agreed, at the Special Master's urging, to produce these documents. At PSN's request, the Philips parties agreed that PSN would not be required to reproduce these documents in the Philips MDL so that PSN could save on discovery costs. There is no reason to make such a request except that these documents address the same issues raised in both actions.

Consolidation would also confer the benefit of substantial efficiencies and a reduction of discovery costs. PSN's testing and reports have been a key focus of fact discovery in the Philips MDL and will continue to be a focus in any personal injury cases that remain. PSN's conduct has also been explored at various depositions taken in the Philips MDL. The claims, and any of PSN's potential defenses, are almost certainly going to involve materials already produced

in the Philips MDL. And because many witnesses overlap, they could be subjected to multiple deposition requests.

Further, PSN has already produced documents in the Philips MDL pursuant to a third-party subpoena, and those materials are subject to the Court's Protective Order in the Philips MDL (MDL 3014, ECF No. 765, at 3). Under that Protective Order, "any Protected Information produced in [the Philips MDL] shall be used or disclosed only for purposes of [the Philips MDL]." *Id.* at 17. As just one example of potential inefficiencies, absent consolidation, PSN's productions in the Philips MDL could not be used in the PSN Action pursuant to this provision of the Protective Order. Additionally, absent consolidation, deposition testimony would needlessly have to be broken down into which action it was part of (the Philips MDL or the PSN Action). Consolidating the PSN Action into the Philips MDL for purposes of pre-trial proceedings will avoid these issues and promote efficient discovery in the PSN Action, pushing the case toward a speedy resolution.

Accordingly, Plaintiffs respectfully request that this Court consolidate this case into the Philips MDL and treat this action as a member case in the Philips MDL.

Dated: August 19, 2024

Respectfully submitted,

*/s/ Erik T. Koons*
Erik T. Koons (NY Bar No. 2941102)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
700 K Street, N.W.
Washington, D.C. 20001
Tel: (202) 639-7973
Fax: (202) 585-1086

*/s/ Monica H. Smith*
Monica H. Smith (Tex. Bar. No. 24087768)
Monica.Smith@bakerbotts.com
BAKER BOTTS LLP
2001 Ross Avenue, Suite 900
Dallas, TX  75201-2980
Tel:  (214) 953-6929
Fax:  (214) 661-4929

*Counsel for Philips RS North America LLC*


*/s/ Michael H. Steinberg*
Michael H. Steinberg (CA Bar No. 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel:  (310) 712-6670
Fax:  (310) 712-8800

*/s/ Tracy Richelle High*
Tracy Richelle High (NY Bar No. 3020096)
hight@sullcrom.com
William B. Monahan (NY Bar No. 4229027)
monahanw@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for Philips North America LLC*