# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>IN RE: SOCLEAN, INC. MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: All Actions Involving SoClean | Master Docket Nos. 21-mc-1230 and 22-mc-152<br><br>MDL Nos. 3014 and 3021 |

## THE PHILIPS PARTIES' MEMORANDUM IN SUPPORT OF THEIR MOTION TO TREAT THE DOCUMENTS PRODUCED IN MDL NO. 3021 AS PRODUCED IN MDL NO. 3014

## PRELIMINARY STATEMENT

This motion is about efficiency, coordination, and the avoidance of further delay. SoClean, Inc. ("SoClean") and DW Management Services, LLC d/b/a DW Healthcare Partners ("DWHP") are now parties in MDL No. 3014 (the "Philips MDL"). Almost four months ago, on May 10, 2024, the Philips parties[1] sued SoClean and DWHP for contribution in connection with the personal injury claims asserted against the Philips parties and the subsequent settlement. (MDL No. 3014, ECF No. 2785.) To create further delay and unnecessary challenges for the Philips parties, SoClean and DWHP have taken the position that the documents (and information set forth therein) produced in MDL No. 3021 (the "SoClean MDL") cannot be used in the Philips MDL, including as part of the Philips parties' contribution complaint, because the protective order in the SoClean MDL provides that "[a]ny [p]rotected [i]nformation produced in this Action shall be used or disclosed only for purposes of this Action." (MDL No. 3021, ECF No. 214 at 17.) Their position makes no sense, including because the produced materials (i) provide further evidence, which the Philips parties seek to allege in their operative contribution pleading, of the risks of ozone at the high concentrations emitted from SoClean's devices and DWHP's role as SoClean's controller, and (ii) identify additional entities, including the funds managed by DWHP and additional SoClean affiliates, that should be joined as defendants to the contribution action. This should all happen now, before more time is wasted with briefing on a contribution complaint that does not reflect the current state of the evidence and that will be amended once those materials are produced (or deemed produced) in the Philips MDL. Waiting to produce these documents until the formal "start" of discovery on the contribution claims, despite the substantial relevant evidence

---

[1] The Philips parties are Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corp.

that has already been produced and is known to all parties, looks an awful lot like a desire to create unnecessary delay.

The Philips parties are taking this Court up on its offer that, rather than seeking to amend the protective order or wait for formalized discovery proceedings, they could "just file a motion for discovery in SoClean that you want everything that was made available to be made available in the Philips case." (Aug. 22, 2024 CMC Tr. at 23.) This is that motion. There is no plausible prejudice to SoClean and DWHP as a result of granting this motion now, because the Court has already entered a substantively identical protective order in the Philips MDL. *See, e.g.*, *Teets* v. *Doe One*, 2021 WL 808572, at *1 (W.D. Pa. Mar. 3, 2021) ("[C]ourts have broad discretion to manage the discovery process and may expedite or otherwise alter the time and sequence of discovery.").

## BACKGROUND

SoClean and DWHP have *already* succeeded in their efforts to significantly delay the prosecution of the Philips parties' contribution claims. In April 2024, even before the filing of those claims, SoClean and DWHP fought to prevent the Philips parties from filing their master contribution complaint, ultimately necessitating a Report and Recommendation ("R&R") from Special Master Katz on PTO #31, which provided a process for bringing the contribution claims. (MDL No. 3014, ECF No. 2708.) As part of their objection to Special Master Katz's R&R, SoClean and DWHP repeatedly asserted that the complaint would somehow run afoul of Rule 11, despite overwhelming authority demonstrating that the Court had ample power to allow the master complaint vehicle. (MDL No. 3014, ECF No. 2728 at 3-6.) The Court overruled SoClean and DWHP's objections, and entered PTO #31. (ECF No. 2745.)

Then, when the Philips parties filed their original contribution complaint in May, counsel for SoClean and DWHP threatened to bring contempt proceedings against the Philips parties unless they stripped the complaint of any information derived from materials produced in the SoClean MDL.[2]  After extensive meet and confers, and despite the pointless and wasteful nature of SoClean and DWHP's request since all parties are aware of SoClean and DWHP's documents and the information in them, the Philips parties complied with their request and filed a corrected contribution complaint on August 1, 2024, right after the stay was lifted.  (MDL No. 3014, ECF No. 2904.)  The corrected complaint removed any reference to documents produced in the SoClean MDL; it also did not name entities, such as the DW funds, that should be parties but whom the Philips parties learned of only through the SoClean MDL.  Then, on August 13, 2024, the Philips parties filed an amended contribution complaint that amplified on their theories of contribution, while still not using any of the materials produced in the SoClean MDL.  (MDL No. 3014, ECF No. 2922.)  In the amended pleading, the Philips parties expressly noted on page 1 that they intended to add additional parties and allegations but were prevented from doing so due to "SoClean and DWHP['s] insist[ence] that these allegations c[ould not] be made in . . . MDL 3014 because the documents on which these allegations are based have been produced solely in MDL 3021," despite the fact that "these MDLs are related and have always been coordinated."  (*Id*. at 1 n.1.)

A week ago, at the August 22, 2024 case management conference, the Philips parties proposed amending the protective order in the SoClean MDL to permit the use of the

---

[2] Despite Proskauer's defense of SoClean and DWHP on the contribution claims since at least April, SoClean recently disclosed that it intends to use new counsel to defend it on these claims.  The Philips parties understand that DWHP will continue to use Proskauer.

documents in the Philips MDL. (*See* Aug. 22, 2024 CMC Tr. at 16-17, 19.)[3] The Court ultimately charted a far simpler path, acknowledging that "there's no secrets here" and that all parties "know[] what was produced." (*Id.* at 22.) The Court explained that the parties would "not . . . have to re-do discovery that has already occurred." (*Id.*) Instead, the Court stated that the Philips parties could "just file a motion for discovery in SoClean that you want everything that was made available to be made available in the Philips case," and told SoClean that, after the filing of that motion, "that material is going to be turned over." (*Id.* at 21-23.)

## ARGUMENT

The Philips parties respectfully request that the Court order all documents produced in the SoClean MDL be deemed produced in the Philips MDL. Cross-MDL document sharing serves two key purposes: (1) avoidance of delay and (2) efficiency through continued coordination.

***Avoidance of Delay***. As explained above, SoClean and DWHP have already substantially delayed the pursuit of the contribution claims. Those delay tactics should end now. At this point, the Philips parties know facts—related to additional parties, foam degradation and other risks from SoClean's ozone, and DWHP's control over SoClean—that should be incorporated into the contribution complaint, just like they have been included in pleadings in the SoClean MDL. SoClean and DWHP are undoubtedly going to seek dismissal of the contribution claims, and when they move to dismiss, they should move on the complaint that incorporates those factual allegations. Otherwise, they will be moving to dismiss a complaint that will be mooted as soon as the documents from the SoClean MDL are produced in the Philips MDL. This is just

---

[3] Contrary to SoClean and DWHP's statements at the case management conference, the Philips parties shared the text of their proposed amendments (which were minimal) with Proskauer four days before the conference.

going to create delay and waste. Likewise, the Philips parties intend to add other entities as defendants, including the DW funds, and they should participate in the case (and make their inevitable motion to dismiss) now.[4]

The Philips parties have brought this motion now, rather than waiting until discovery formally begins in the contribution case, in an effort to expedite proceedings and advance the litigation toward motions on the merits. More than 25 depositions are upcoming, including of third parties, and SoClean/DWHP's attempt to impede coordination and delay the contribution claims from advancing should be rejected. As the Court noted during the case management conference, "[a]nything that [is] . . . pushing the time frames down, we're not going to do." (Aug. 22, 2024 CMC Tr. at 24.) Heeding that guidance, the Philips parties respectfully request that this issue be addressed now.

***Efficiency Through Continued Coordination***. In deciding to create the SoClean MDL in this District and before Your Honor, the JPML made clear "that centralization of the SoClean actions in the Western District of Pennsylvania before Judge Joy Flowers Conti will allow for coordination [of the SoClean MDL] **with MDL No. 3014**." *In re SoClean, Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, 585 F. Supp. 3d 1355, 1357 (J.P.M.L. 2022) (emphasis added). Consistent with the JPML's ruling, coordination has always been a key part of these MDLs' case management. All parties in both MDLs have coordinated depositions and joined weekly meet-and-confers with Special Master Katz, which have promoted efficiencies for both the deponents and the litigants. Documents have been used at depositions irrespective of whether they were

---

[4]  As a result of SoClean and DWHP's prior positions, the Philips parties will either need leave of Court or SoClean/DWHP's consent to further amend their pleading. In the event SoClean and DWHP do not give their consent to amend in their response to this motion (thereby reflecting yet more attempt at delay), the Philips parties respectfully request that the Court grant the Philips parties leave in its order deciding this motion.

produced in the Philips MDL, the SoClean MDL, or both. And the need for coordination is even more pronounced now, since SoClean and DWHP are now parties in both MDLs, just like the Philips parties. Finally, there is no plausible prejudice to SoClean and DWHP, as their documents will be treated under a substantively identical protective order in the Philips MDL.

## CONCLUSION

The Philips parties respectfully request that this Court enter the attached proposed order deeming all documents produced in the SoClean MDL as produced in the Philips MDL.

Dated: August 29, 2024

Respectfully submitted,

*/s/ Michael H. Steinberg*
Michael H. Steinberg (CA Bar No. 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel:  (310) 712-6670
Fax:  (310) 712-8800

*/s/ Tracy Richelle High*
Tracy Richelle High (NY Bar No. 3020096)
hight@sullcrom.com
William B. Monahan (NY Bar No. 4229027)
monahanw@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corp.*

*/s/  Erik T. Koons*
Erik T. Koons (NY Bar No. 2941102)
erik.koons@bakerbotts.com
BAKER BOTTS LLP
700 K Street, N.W.
Washington, D.C.  20001
Tel:  (202) 639-7973
Fax:  (202) 585-1086

*/s/  Andrew T. George*
Andrew T. George (PA Bar No. 208618)
andrew.george@bgblawyers.com
BOURELLY, GEORGE & BRODEY LLP
1050 30th Street, NW
Washington, DC  20007
Tel:  (202) 753-5012
Fax:  (703) 465-8104

*Counsel for Philips RS North America LLC*
