**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Fuentes, et al. v Philips RS North America LLC*, 2:22-cv-00130-JFC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Master Docket: 2:21-mc-01230-JFC<br><br>MDL No. 3014<br><br>Honorable Joy Flowers Conti |

**THE PHILIPS DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**<u>MOTION TO REMAND TO STATE COURT</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 3

      A.    PLAINTIFFS SUE THE PHILIPS DEFENDANTS FOR ALLEGED INJURIES RESULTING FROM USE OF A RESPIRONICS RECALLED DEVICE AND PARTICIPATE IN THE MDL FOR YEARS. ............................ 3

      B.    PLAINTIFFS FAIL TO FILE A MOTION TO REMAND BY AUGUST 31, 2023 ACCORDING TO THE COURT'S SCHEDULING ORDER. ............. 4

      C.    PLAINTIFFS OBJECT TO THE MSA AND FILE THIS UNTIMELY MOTION TO REMAND AFTER THEIR OBJECTION WAS OVERRULED. ................................................................................................ 4

ARGUMENT ......................................................................................................................... 5

I.     PLAINTIFFS' MOTION TO REMAND IS UNTIMELY AND SHOULD BE DENIED OR HELD IN ABEYANCE. .............................................................. 5

II.    PLAINTIFFS' MOTION TO REMAND DOES NOT CHALLENGE REMOVAL OR PROVIDE ANY PLAUSIBLE GROUNDS TO REFUTE SUBJECT MATTER JURISDICTION. .............................................................................. 6

III.   SECTION 1407 HAS NO BEARING ON SUBJECT MATTER JURISDICTION. ........ 7

CONCLUSION ....................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Caterpillar Inc. v. Lewis*,
    519 U.S. 61 (1996).........................................................................................................6

*Farmington Cas. Co. v. HP Inc.*,
    No. CV 23-1022, 2023 WL 8096899 (E.D. Pa. Nov. 21, 2023)..............................6

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
    541 U.S. 567 (2004).....................................................................................................6

*In re Briscoe*,
    448 F.3d 201 (3d Cir. 2006).........................................................................................6

*In re Deep Vein Thrombosis Litig.*,
    323 F. Supp. 2d 1378 (J.P.M.L. 2004)........................................................................7

*In re Digital Music Antitrust Litigation*,
    321 F.R.D. 64 (S.D.N.Y. 2017) ..................................................................................7

*In re Fed. Election Campaign Act Litig.*,
    511 F. Supp. 821 (J.P.M.L. 1979)..............................................................................7

*In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability
    Litigation*, MDL No. 3014 .....................................................................................3, 8

*In re Watson Fentanyl Patch Prods. Liab. Litig.*,
    883 F. Supp. 2d 1350 (J.P.M.L. 2012)........................................................................8

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
    No. 20-MD-2924, 2023 WL 6617732 (S.D. Fla. Sept. 26, 2023) .............................6

STATUTES

28 U.S.C. Section 1332...................................................................................................3, 6

28 U.S.C. Section 1407................................................................................................2, 7, 8

28 U.S.C. Section 1447(c) ............................................................................................5, 7

## PRELIMINARY STATEMENT

Plaintiffs Edwin Fuentes Vázquez and Brenda Hernaiz originally filed suit in Puerto Rico Superior Court.  This case was timely removed to federal court on diversity grounds and it was transferred to the MDL in January 2022 shortly thereafter without objection from Plaintiffs.  For almost three years Plaintiffs received the benefits of coordinated proceedings while their claims have remained in the MDL.  They now belatedly move to remand, long after expiration of the deadline set by the Court for the filing of such motions, arguing that the Court "lacks subject matter jurisdiction."  Plaintiffs' sudden desire to leave the MDL appears related to their dissatisfaction that Plaintiff Fuentes' alleged injuries do not qualify him for participation in the Master Settlement Agreement entered between the plaintiffs' negotiating counsel and the Philips Defendants[1] (the "MSA").  After the settlement program was announced, Plaintiffs unsuccessfully sought Court intervention to force an amendment expanding the list of qualifying injuries.  2:21-mc-01230-JFC ("Master Docket"), ECF Nos. 2880-81.  The Court denied Plaintiffs' motion, and this motion to remand followed.

As an initial matter, Plaintiffs' untimely motion to remand, filed in *Fuentes, et al. v Philips RS North America LLC*, 2:21-mc-00130-JFC ("Member Docket), ECF No. 50 (the "Motion to Remand"), should be held in abeyance according to the Court's Docket Management Order staying motions to remand until after the registration deadline to participate in the MSA has passed. Master Docket, ECF No. 2769 at 6.

Plaintiffs are also wrong on the merits, and their Motion to Remand should be denied. Plaintiffs' Motion to Remand does not dispute that the requirements for federal diversity

---

[1] Philips RS North America LLC ("Respironics"), Philips North America LLC, Philips RS North America Holding Corporation, Philips Holding USA, Inc., and Koninklijke Philips N.V., are collectively referred to as the "Philips Defendants."

jurisdiction are satisfied.  To the contrary, Plaintiffs **admit** that the diversity-of-citizenship and amount-in-controversy requirements have been met, thus conceding the only legitimate bases they could have asserted to seek removal based on a lack of jurisdiction.  Instead, Plaintiffs assert that the Court "lacks subject matter jurisdiction" because their case supposedly does not share "questions of fact that are common to the actions in the MDL," and thus the requirements of 28 U.S.C. Section 1407 are not met.  This is not an appropriate ground for seeking remand to the originating court, which alone is reason enough to deny Plaintiffs' motion.

In any event, Plaintiffs' assertion that their claims do not share fact questions in common with the other actions in the MDL is plainly wrong.  Plaintiffs assert personal injury claims concerning a Philips Respironics DreamStation, which is a recalled device at issue in the MDL. Indeed, Plaintiffs have filed a series of short form complaints in this MDL identifying that device and incorporating by reference the allegations of the Master Personal Injury Complaint.  Plaintiffs' claims are thus indisputably based on "factual questions arising from Philips' recall of certain Continuous Positive Airway Pressure (CPAP), Bi-Level Positive Airway Pressure (Bi-Level PAP), and mechanical ventilator devices on June 14, 2021 [where] [t]he recalled devices allegedly contain polyester-based polyurethane (PE-PUR) sound abatement foam that may degrade into particles or off-gas volatile organic compounds that may then be ingested or inhaled by the user, causing injury."  Master Docket, ECF No. 1 (Transfer Order of Judicial Panel on Multidistrict Litigation creating MDL and consolidating cases before the Court).  The case should properly remain as part of the MDL.

Accordingly, Plaintiffs' Motion to Remand should be denied.

**BACKGROUND**

A.  **PLAINTIFFS SUE THE PHILIPS DEFENDANTS FOR ALLEGED INJURIES RESULTING FROM USE OF A RESPIRONICS RECALLED DEVICE AND PARTICIPATE IN THE MDL FOR YEARS.**

On December 3, 2021, Plaintiffs filed a complaint in Puerto Rico Superior Court (the "Complaint").  Member Docket, ECF No. 1-1 (complaint filed in Spanish); ECF No. 1-11 (verified translation of Complaint).   The Complaint alleges that Fuentes was prescribed a Philips Dreamstation Auto CPAP device that was later subject to the Respironics June 14, 2021 recall (the "Device"), and that his use of the Device allegedly caused him to develop cancer and required removal of one of his kidneys, among other alleged injuries and damages.  Member Docket, ECF No. 1-11 ¶¶ 15, 20-21.

On January 7, 2022, this case was timely removed to the federal district court for the District of Puerto Rico.  Notice of Removal, Member Docket, ECF No. 1.  The Notice of Removal established subject matter jurisdiction based on 28 U.S.C. Section 1332 because Plaintiffs demanded at least $5,000,000 in damages (*id*. ¶¶ 74-75) and there was complete diversity of citizenship between the Plaintiffs and the Philips Defendants (*id*. ¶¶ 21-70) after properly disregarding the citizenship of the fraudulently joined local treating physician and DME (*id*. ¶¶ 47-52, 56-70).

After removal, this case was tagged as related to the MDL, and the JPML issued an order conditionally transferring it to this Court on January 11, 2022.  That order was finalized on January 19, 2022.  *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, MDL No. 3014, ECF Nos. 305 (Conditional Transfer Order 13); 314 (Conditional transfer Order 13 (Finalized)).  At that time, Plaintiffs did not challenge removal or transfer to the MDL, which was completed on January 21, 2022.  *See* Member Docket, ECF No. 9 (docketing transfer from District of Puerto Rico).

3

Since then, Plaintiffs have filed three short form complaints in this MDL, which all assert claims solely against the Philips Defendants. *See* Member Docket, ECF No. 42-1 ¶ 16 (responding "N/A" when asked to name "additional parties [which] may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties . . . will be hereafter referred to as Defendants . . . (must name each Defendant and its citizenship)"); ECF No. 48 ¶ 16 (same); ECF No. 49 ¶ 17 (responding "None at this time" to same question). By operation of Pretrial Order #28, Plaintiffs' most recent short form complaint is "deemed [their] operative Complaint." Master Docket, ECF No. 783 at 5 ("For each such personal injury action, the Amended Master Personal Injury Complaint together with the Personal Injury Plaintiff's Short Form Complaint shall be deemed that Plaintiff's operative Complaint").

### B.     PLAINTIFFS FAIL TO FILE A MOTION TO REMAND BY AUGUST 31, 2023 ACCORDING TO THE COURT'S SCHEDULING ORDER.

Approximately eight months after Plaintiffs' case was transferred to this MDL, the Court established procedures for motions to remand. Master Docket, ECF No. 701. The deadline for seeking remand was modified several times to accommodate different developments in the litigation, with the final deadline requiring plaintiffs to file motions to remand by August 31, 2023. Order to Modify Pretrial Order No. 22, Master Docket, ECF No. 1901. Plaintiffs did not move to remand before the August 31, 2023 deadline.

### C.     PLAINTIFFS OBJECT TO THE MSA AND FILE THIS UNTIMELY MOTION TO REMAND AFTER THEIR OBJECTION WAS OVERRULED.

On May 9, 2024, the Philips Defendants and plaintiffs' negotiating counsel reached the MSA, a private settlement regarding certain personal injury claims set forth in the master complaint for personal injuries. Master Docket, ECF No. 2768. The next day, Plaintiffs objected to the MSA, asking the Court to force the settling parties to expand the definition of "qualifying injuries" to include Plaintiff Fuentes' alleged condition. Master Docket, ECF No. 2780 ¶¶ 4-7.

On July 17, 2024, the Court denied Plaintiffs' motion for lack of standing but noted that Plaintiff Fuentes "is free to either reach his own settlement with defendants or continue to litigate his case." Memorandum Opinion, Master Docket, ECF No. 2880 at 7.

On August 21, 2024, just over one month after the Court denied their objection to the MSA and almost one year after the deadline to file a motion to remand had passed, Plaintiffs filed this Motion to Remand.  Plaintiffs argue for the first time, after almost three years in the MDL, that "[p]ursuant to 28 U.S.C. Section 1447(c), this action shall be remanded . . . because this Court lacks subject matter jurisdiction as to [sic] this action does not share common questions of fact with actions in MDL No. 3014."  Motion to Remand at 4.

## ARGUMENT

### I.   PLAINTIFFS' MOTION TO REMAND IS UNTIMELY AND SHOULD BE DENIED OR HELD IN ABEYANCE.

The Court-imposed deadlines for motions to remand expired on August 31, 2023.  Master Docket, ECF No. 1901.  Plaintiffs failed to adhere to this deadline even though their case had been pending in the MDL for 20 months by that time.  Plaintiffs' Motion to Remand does not identify any purported basis for remand that did not exist on August 31, 2023 or that could have prevented Plaintiffs from filing a timely motion.  As a threshold matter, then, the Motion to Remand should be denied as untimely.

Alternatively, if the Court does not deny the Motion to Remand outright, the Motion should at least be held in abeyance because the Court has vacated "all deadlines for the Personal Injury and Medical Monitoring Tracks set in this Court's Order of April 16, 2024" and stayed "all Personal Injury Claims against one or more of the Philips Defendants" until after the registration deadline to participate in the MSA has passed.  Docket Management Order, Master Docket, ECF No. 2769 at 5-6.  Thus, if the Court chooses not to deny the Motion at this juncture, it should wait

to rule on the Motion until after the MSA's registration deadline.

## II. PLAINTIFFS' MOTION TO REMAND DOES NOT CHALLENGE REMOVAL OR PROVIDE ANY PLAUSIBLE GROUNDS TO REFUTE SUBJECT MATTER JURISDICTION.

Although they conclusorily assert that they are seeking remand on the grounds that the Court "lacks subject matter jurisdiction," Plaintiffs actually have conceded, as they must, that this Court does in fact have subject matter jurisdiction. They admit that "[r]emoval of the underlying action was due to the fact the parties are citizens of different States from Plaintiff and the amount in controversy exceeded $75,000." Motion to Remand, ECF No. 2939 at 2.

This Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.[2] Under their short form complaints, the only parties are Plaintiffs (citizens of Puerto Rico) on the one hand, and the Philips Defendants (citizens of Delaware/Massachusetts or the Netherlands) on the other. *See* Second Amended Master Personal Injury Complaint, ECF No. 2505 ¶¶ 25-29 (stating citizenship of Philips Defendants); *see also In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2023 WL 6617732, at *5 (S.D. Fla. Sept. 26, 2023) (noting that identification of defendants in short form complaints impacts diversity jurisdiction because "it is the Short Form Complaint that controls and governs diversity").[3]

---

[2] Where removal is "predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount-in-controversy requirement as well as complete diversity between the parties[.]" *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also* 28 U.S.C. § 1332.

[3] Plaintiffs do not challenge the Notice of Removal's argument that the local treating physician and DME named in Plaintiffs' original Complaint were fraudulently joined, and the issue has been mooted in any event because Plaintiffs failed to name the local defendants in their operative, short form complaint. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996) (finding subject matter jurisdiction when "jurisdictional defect was cured, i.e., complete diversity was established before the trial commenced."); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004) (noting that "dismissal of the diversity-destroying defendant [can cure a] jurisdictional defect[.]"); *Farmington Cas. Co. v. HP Inc.*, No. CV 23-1022, 2023 WL 8096899, at *3 (E.D. Pa. Nov. 21,

Plaintiffs demanded not less than $5,000,000 in damages in their Complaint prior to removal. Notice of Removal, Member Docket, ECF No. 1. ¶¶ 74-75.  Therefore, the Court has subject matter jurisdiction and the Motion to Remand should be denied.

## III.   SECTION 1407 HAS NO BEARING ON SUBJECT MATTER JURISDICTION.

Rather than challenge diversity jurisdiction, Plaintiffs assert that "this case does not involve questions of fact that are common to the actions in the MDL," as required for consolidation into an MDL for pretrial proceedings pursuant to 28 U.S.C. Section 1407(a).  Motion to Remand at 2; 3-4.  This assertion erroneously conflates the analysis for consolidation in an MDL under Section 1407 with the requirement that a court remand a case to state court when there is no subject matter jurisdiction under 28 U.S.C. Section 1447(c).

Contrary to Plaintiffs' assertions, Section 1407 does not concern subject matter jurisdiction.  Plaintiffs cite no authority for their assertion that Section 1407 can divest a federal court of subject matter jurisdiction.  And the cases they do cite are inapposite, consisting of JPML decisions to transfer cases for consolidated proceedings over plaintiffs' objections that their claims lacked questions of fact that were common to the other actions in the MDL.  *See In re Deep Vein Thrombosis Litig.*, 323 F. Supp. 2d 1378, 1380 (J.P.M.L. 2004); *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979).  Neither case even ***mentions*** subject matter jurisdiction at all, let alone states that Section 1407 affects subject matter jurisdiction or could divest this Court of subject matter jurisdiction.[4]

In any event, transfer of this case into the MDL was clearly appropriate under 28 U.S.C.

---

2023) (denying argument that citizenship of party dismissed after removal could defeat complete diversity).

[4] *In re Digital Music Antitrust Litigation* does not address subject matter jurisdiction *or* Section 1407: it concerns "commonality" for class certification purposes under Federal Rule of Civil Procedure 23.  *See* 321 F.R.D. 64, 85-86 (S.D.N.Y. 2017).  Rule 23 has no impact here.

Section 1407(a).  Plaintiffs' claims are for personal injuries that were allegedly suffered as a result of the use of a recalled Philips CPAP DreamStation device.   The JPML held over two years ago that Plaintiffs' case "involve[s] questions of fact that are common to the actions previously transferred to [this Court]."  Master Docket, ECF No. 364 (Transfer Order CTO-13).  If Plaintiffs had any basis for disputing that transfer into this MDL was appropriate, they were required to object to the JPML's Conditional Transfer Order.  *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, MDL No. 3014, ECF No. 306 (requiring "[o]ppositions [to CTO] due on or before 1/18/2022.").  They did not, and have waived any argument that transfer should not have occurred.  Moreover, any objection to the transfer had to be filed with the JPML, not this Court.

Finally, Plaintiffs are incorrect in asserting that consolidation in the MDL "creates unnecessary cost, hardship and burdens."  Motion to Remand at 4.  To the contrary, Plaintiffs have benefited from the years of substantial work done by plaintiffs' leadership in pursuing these claims.  Plaintiffs have it exactly backwards:  the MDL promotes the just and efficient conduct of these actions.[5]  This Court should reject Plaintiffs' untimely and meritless attempt to challenge the transfer order entered by the JPML years ago.

## CONCLUSION

Plaintiffs' Motion to Remand should be denied.

---

[5] *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Dated:  September 13, 2024                 Respectfully submitted,

*/s/ John P. Lavelle, Jr.*

John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel:  215.963.4824
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel:  412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips RS North America LLC*

*/s/ Michael H. Steinberg*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
Tel:  310.712.6670
steinbergm@sullcrom.com

Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel:  212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Philips North America LLC, Philips RS North America Holding Corporation, Philips Holding USA, Inc., and Koninklijke Philips N.V.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.