# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions Asserting Claims for Personal Injury Brought by SoClean Users | Master Docket: No. 21-mc-1230<br>MDL No. 3014 |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC., PHILIPS RS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA HOLDING CORPORATION,<br><br>             Defendants / Third-Party Plaintiffs,<br><br>    -v-<br><br>SOCLEAN, INC., and DW MANAGEMENT SERVICES, LLC<br><br>             Third-Party Defendants. | |

## SOCLEAN, INC.'S MOTION FOR CLARIFICATION FOLLOWING THE COURT'S SEPTEMBER 6, 2024 ORDER

SoClean, Inc. ("SoClean") and DW Management Services, LLC ("DW Management") respectfully request clarification from the Court regarding the Court's September 6, 2024 Order Granting the Philips' Parties' Motion to Treat the Documents Produced in MDL No. 3021 (the

"SoClean MDL") as produced in MDL No. 3014 (the "Philips MDL").[1] Philips insists that discovery relating to the contribution claims has begun as a result of the Court's September 6, 2024 Order. SoClean respectfully requests clarification.

*First,* SoClean should not be required to adhere to the discovery deadlines for the reasons listed in the Motion for Clarification filed by SoClean's current counsel in MDL No. 3021 on September 13, 2024.

*Second,* the discovery deadline in MDL 3021 is not applicable to SoClean in the third-party contribution case filed in MDL 3014. SoClean does not need to respond to the Amended Third-Party Complaint seeking contribution and indemnity until October 3, 2024. SoClean is entitled to fully brief and assess any motions before discovery can begin. SoClean in good faith believes it has meritorious arguments to dismiss or strike all or part of the Amended Third-Party Complaint.[2] It is entitled to an opportunity to make those arguments before commencing costly and burdensome discovery. SoClean disagrees with Philip's assertion in its September 16, 2024 Opposition to SoClean Motion for Clarification that "these documents are going to be produced in the Philips MDL no matter what". If SoClean is successful (as it believes it will be) in getting the Amended Third-Party Complaint dismissed, these documents will not be produced because no discovery will take place in this case.

*Third,* importantly, "[a] party may not seek discovery from any source before the parties

---

[1] Lewis Brisbois has just been retained to represent SoClean with respect to the third-party claims for contribution case filed in MDL 3014 and the purported class action claims filed in MDL 3021and submits this separate request for clarification.

[2] For example, SoClean intends to challenge, among other things, Philips' standing to sue under several of the state contribution statutes. For example, Colo. Rev. Stat. § 13-50.5-101 states: "A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement". Philips and the settling parties expressly agreed *not* to release SoClean and similar companies from liability in their Settlement Agreement.

have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[3] Fed. R. Civ. P 26(d)(1). Thus, in MDL 3014, discovery cannot even commence on the newly filed claims by Philips until the Rule 26(f) conference has occurred. Philips claims in its September 16, 2024 Opposition Motion to SoClean's Motion for Clarification that "[the Rule 26(f) conference] was done long ago: *everyone* knows who the relevant people and discovery systems are" (emphasis added). This is untrue. Philips has casually imputed SoClean's pre-existing defense counsel's knowledge to Lewis Brisbois who is now appearing for the first time in MDL 3014. The respective counsel for SoClean did not work together previously in the MDL 3021 litigation and they have been retained separately as a result of Philips' newly filed lawsuits seeking recovery on new claims. SoClean's counsel in the contribution case has not been a part of any discovery conference and does not have the relevant knowledge Philips describes.

*Fourth,* Philips legal theories to support their claims for recovery in MDL 3021 are different from claims asserted by Philips in MDL 3014. As such, different discovery issues will arise, assuming the new claims survive to the discovery phase. While some previously completed discovery may be relevant and can be used for efficiency when discovery begins, there will be different issues and analysis and likely a need for additional discovery. SoClean cannot be forced to forego its right to engage in a proper defense of these new claims.

Many problems exist with respect to the purported class action case Philips just filed in 3021. There is no proper identification of who comprises the class and how they can even know this before the opt-out period for their settlement has closed, to name a few. SoClean cannot be expected to participate in discovery before these threshold issues are addressed. Therefore,

---

[3] None of these exceptions are applicable to this case.

discovery should not commence until this very preliminary issue has been fully briefed.

In addition , SoClean and DW seek confirmation that the stay with respect to the DW defendants in MDL 3021 applies to the claims against them recently filed in MDL 3014. The same reasons apply to the newly filed causes of action against DW and the action should be stayed, including the DW defendant's obligation to respond to the complaint.

## Conclusion

SoClean, via its newly retained counsel Lewis Brisbois, seeks clarification from the Court that the discovery deadlines in MDL 3021 do not apply to SoClean in the MDL 3014 litigation because: (1) newly retained counsel for SoClean has just recently entered the litigation in MDL 3014; (2) newly retained counsel for SoClean is not yet familiar with all of the written discovery produced in MDL 3021 and needs time to review and analyze the same; (3) newly retained counsel for SoClean did not work directly with SoClean's separately retained defense counsel in MDL 3021 and cannot be imputed to have same knowledge ; (4) discovery cannot begin until the Fed. R. Civ. P. 26(f) conference, which has not occurred; (5) the litigation in MDL 3014 involves claims of contribution, which are different than the causes of action asserted by Philips in MDL 3021; (6) as such, the two claims involve different discovery issues; and (7) SoClean is entitled to an opportunity to assess and brief on the pleadings before engaging in discovery.

Last, we seek clarification from the court that the stay as to the DW defendants applies to the new causes of action. SoClean and DW are committed to full cooperation and efficiency in this litigation but are entitled to a fair opportunity to properly defend their claims against them.

Respectfully submitted,

*/s/Ashley N. Rodgers*
Ashley N. Rodgers, Esquire, PA #314017
Lewis, Brisbois, Bisgaard & Smith, LLP
One PPG Place, 28th Floor
Pittsburgh, PA 15222
(412) 752-7254

*Counsel for Third-Party Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Motion for Clarification has been served upon all counsel of record via the Court's ECF system, on this 18th day of September 2024.

Erik T. Koons, Esq.
Erik.koons@bakerbotts.com
Sterling Marchand
Sterling.marchand@bakerbotts.com
Baker Botts, LLP
700 K Street, NW
Washinton, D.C. 20001
202-639-7700
*Counsel for Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., Philips RS North America LLC, and Philips RS North America Holding Corporation*

Andrew T. George, Esq.
Courelly, George & Brodey
1050 30th Street, NW
Washington, D.C. 20007
202-753-5012
Andrew.george@bgblawyers.com
*Counsel for Third-Party Plaintiff Philips RS North America LLC*

William B. Monahan, Esq.
Sullivan & Cromwell LLP
188 Century Park East
Los Angeles, CA 90067
steinbergm@sullcrom.com
hight@sullcrom.com
monahanw@sullcrom.com
310-712-6670
212-558-4000
*Counsel for Third-Party Plaintiffs Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation*

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ Ashley N. Rodgers
Ashley N. Rodgers, Esquire, PA #314017
*Counsel for Third Party Defendants*

Respectfully submitted,