IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>IN RE: SOCLEAN, INC. MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: All Actions Involving SoClean | Master Docket Nos. 21-mc-1230 and 22-mc-152<br><br>MDL Nos. 3014 and 3021 |

**THE PHILIPS PARTIES' OPPOSITION TO SOCLEAN, INC.
AND DW MANAGEMENT SERVICES, LLC'S
<u>MOTION FOR CLARIFICATION FILED BY THEIR NEW COUNSEL</u>**

Under the guise of a motion for "clarification," SoClean and DW ask the Court to delay the Philips parties' contribution claims *a third time*. The Philips parties have been attempting to proceed with their contribution claims in the Philips MDL since March 2024, when they first raised those claims with SoClean, DW and the Court. The Court will likely recall the ensuing two-month debate, ultimately culminating in a Report and Recommendation from Special Master Katz, about the entry of PTO 31 allowing for the filing of a master contribution complaint. After that delay, the Philips parties were able to first file their contribution claims in May 2024. But thereafter, SoClean and DW, through their prior counsel at Proskauer, engineered a further delay by challenging the Philips parties' "use" under the protective order of documents from the SoClean MDL to support their contribution claims, even going so far as to threaten sanctions. At the August case management conference, after hearing argument, the Court outlined a procedure—which the Philips parties set into motion twenty days ago, *see* ECF 2956—for ensuring documents from the SoClean MDL could be used in the Philips MDL, including for their contribution claims.[1]

Now, through this latest filing, SoClean and DW seek to create even more delay, claiming that they need more time to get up to speed because of their decision to, only now, retain new counsel. But the contribution claims have been previewed since March, and were filed in May—the addition of new counsel is not an excuse for further delay, particularly where SoClean and DW's old counsel engineered the two prior lengthy delays and have been actively litigating the claims at every step since March.[2]

---

[1]   SoClean and DW have styled their motion as one for "clarification," despite it really being a request for reconsideration. They cannot meet the governing standard. *See Berry* v. *Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004) ("The standard plaintiff must meet to prevail on a motion for reconsideration is high.").

[2]   New counsel also supports its motion by stating that it "has not been a part of any discovery conference." (ECF 2970 at 3.) But this is gamesmanship designed to cause further delay. In fact,

As the Court has already recognized, there are multiple similarities and significant overlaps between the various claims among the SoClean/DW/Philips parties in the Philips MDL and the SoClean MDL.  Coordination is paramount to keeping all of the cases on track and to progress them all to some form of resolution and finality.  Most importantly, coordination will help to ensure that the parties can meet the deadlines set by the Court, including the December 20 close of fact discovery.  SoClean and DW's new counsel need to participate in proceedings in order to ensure compliance with these deadlines.  Otherwise, those deadlines will undoubtedly need to be moved, and witnesses—including third parties—will need to be deposed multiple times.  None of this is consistent with the coordination goal inherent in MDL practice.[3]

In their most recent delay maneuver, SoClean and DW try to use their forthcoming motions to dismiss and the supposed need for a Rule 26(f) conference as a shield from discovery.  Those arguments ignore two important facts.  *First*, there is no stay of discovery pending their motions to dismiss.  As a result, these documents will need to be produced (or, as the Court previously ruled, deemed produced) in the Philips MDL no matter what.  *Second*, as SoClean and DW recognize in their papers, discovery may precede a Rule 26(f) conference by order of the Court, which is precisely what has already happened here.  Just as the rules permit SoClean and

---

new counsel has been invited to the discovery calls with Special Master Katz, but they have simply decided not to show up.

[3]     In the same breath, new counsel purport to need time to familiarize themselves with the facts because they "do[] not have the relevant knowledge" (ECF 2970 at 3), while also contending that SoClean and DW have "meritorious arguments to dismiss or strike all or part of the Amended Third-Party Complaint," (*id.* at 2).  But which is it?  The Philips parties posit that it is neither; rather, this is just a ploy for more delay.  It is also incumbent on SoClean and DW's old counsel to bring their new counsel up to speed, as they have apparently already done given the "meritorious arguments" new counsel apparently believes SoClean and DW have.  In fact, prior counsel engaged in lengthy arguments against PTO 31, representing that they "believe[d] a lot of these claims, a lot of these personal injury cases, are not viable," suggesting extensive existing analysis on the law and factual allegations.  (Apr. 25, 2024 CMC Tr. at 14.)

DW to move to dismiss the complaint, they also give the Court discretion to allow discovery prior to the Rule 26(f) conference—a conference that has limited utility here given the parties' familiarity with one another after almost three years of litigation. Further, SoClean and DW may, as they have now previewed, make any and all sorts of legal arguments in support of their motions to dismiss. But that does not mean the Court is stripped of its ability to manage the case or ignore the practical realities of the discovery the parties need to take between now and the December 20 close of fact discovery.

As the Court has now already heard several times, after many years of litigation, the Philips parties are aware of multiple parties and facts that should be (and ultimately will be) added to the contribution claims. The Court set out a procedure for incorporating these facts and parties into the contribution claims. There is no good reason to delay this from happening. The Philips parties respectfully request that the procedure it previously ordered remain in place, regardless of whether SoClean and DW have decided to retain new counsel. SoClean and DW have delayed the contribution claims enough. Their motion for "clarification" should be denied.[4]

Dated: September 18, 2024         Respectfully submitted,

/s/ Erik T. Koons
Erik T. Koons (NY Bar No. 2941102)
(admitted *pro hac vice*)
(erik.koons@bakerbotts.com)
Sterling Marchand

---

[4] The Philips parties have explained this previously, but the whole motivation behind the delay strategy here is to prioritize SoClean's claims over the Philips parties' claims, including the contribution claims, to benefit one creditor: White Oak. As previously discussed, to the extent SoClean is successful on its claims against the Philips parties, *all* that money will go to White Oak in preference to SoClean's other creditors, including the Philips parties. At the last case management conference, the Court sensibly noted that any recovery on SoClean's claims should be maintained in an interest-bearing escrow account, to be disbursed only upon resolution of *all* claims in both MDLs, so as to treat SoClean's various creditors equally.

(sterling.marchand@bakerbotts.com) (DC Bar No. 1001065) (admitted *pro hac vice*)
BAKER BOTTS LLP
700 K Street, NW
Washington, DC  20001
Tel:  (202) 639-7700
Fax:  (202) 585-1086

 /s/  *Andrew T. George*
Andrew T. George (PA Bar No. 208618)
(andrew.george@bgblawyers.com)
BOURELLY, GEORGE + BRODEY PLLC
1050 30th Street, NW
Washington, DC  20007
Tel:  (202) 753-5012
Fax:  (703) 465-8104

*Counsel for Philips RS North America LLC*

 /s/  *Michael H. Steinberg*
Michael H. Steinberg (CA Bar No. 134179)
(steinbergm@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel:  (310) 712-6670
Fax:  (310) 712-8800

 /s/  *Tracy Richelle High*
Tracy Richelle High (NY Bar No. 3020096)
(hight@sullcrom.com)
William B. Monahan (NY Bar No. 4229027)
(monahanw@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for Koninklijke Philips N.V., Philips Holding USA, Inc., Philips North America LLC, and Philips RS North America Holding Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2024 the Philips Parties' Opposition was served via ECF on counsel listed below.

/s/ *William B. Monahan*

William B. Monahan

Colin G. Cabral (ccabral@proskauer.com)
Michael R. Hackett (mhackett@proskauer.com)
James A. Anderson (janderson@proskauer.com)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110

Michelle R. Gilboe (Michelle.Gilboe@lewisbrisbois.com)
Ashley N. Rodgers (Ashley.Rodgers@lewisbrisbois.com)
LEWIS BRISBOIS BISGAARD & SMITH LLP
One PPG Place
Pittsburgh, PA  15222