## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re Philips Recalled CPAP, BI-LEVEL PAP,
and Mechanical Ventilator Products Litigation,

**FILED**

SEP 27 2024

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

No. 21-mc-1230, MDL 3014

OBJECTION TO CLASS ACTION
SETTLEMENT

### I.    INTRODUCTION

This is the kind of class action that makes normal people hate class action lawyers. At the end of the day they are asked (some might say forced) to give up their rights to bring a medical monitoring class action which would provide real relief for people who were exposed to toxic materials and who may or may not have disease processes ongoing, in exchange for the valuable consideration of absolutely nothing. The only people who benefit from this litigation are (1) the lawyers who have funded and pursued this litigation; (2) some unnamed and unknowable future researchers who are researching something that might (or might not) produce information of benefit to the class-members; and (3) the settlement administrators. This litigation does not pass the smell test, and this Court should refuse to certify the class as well as refuse to grant final approval for this monstrosity.

### II.    THE CLASS SETTLEMENT, AS REPRESENTED, DOES NOT PERMIT A CLASS MEMBER TO OPT OUT IN VIOLATION OF RULE 23

The undersigned has requested from the settlement administrator the class complaint, class settlement, and class certification order. The class certification order is particularly important in this matter because if the class is certified under Rule 23(b)(3) it must provide for class members to opt out. The Rule says:

(B) *For (b)(3) Classes.* For any class certified under <u>Rule 23(b)(3)</u>—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means.The notice must clearly and concisely state in plain, easily understood language:

    (v) that the court will exclude from the class any member who requests exclusion;

    (vi) the time and manner for requesting exclusion; and  …

Yet, buried in the class notice sent to the class members, which of course did not mention how the class was certified, was this gem:

> Please note that **this is a non-opt out Settlement**, meaning you do not have the right to opt out or request exclusion from the Settlement Class. But you do have the right to object to the Settlement or the request for attorneys' fees, costs, and service awards, if you wish.

Class notice at 1 (emphasis added).  If indeed this is a settlement the undersigned cannot opt out of, the lawyers have hijacked my legal right to bring this action, provided no consideration for the theft of my chose in action, and violated my rights to due process and my ability to own my own claims.  I believe the settlement violates Rule 23 and would render the settlement and any order approving it void *ab initio*.  See, e.g., S. Cottreau, *The Due Process Right to Opt Out of Class Actions*, 73:2 NEW YORK LAW REV. (May 1998).

*Ortiz v. Fiberboard*, 527 U.S. 815 (1999) is additional authority for denying approval of this asserted "no opt out" settlement.  In *Ortiz*, the Supreme Court said:

> Finally, if we needed further counsel against adventurous application of Rule 23(b)(1) (B), the Rules Enabling Act and the general doctrine of constitutional avoidance would jointly sound a warning of the serious constitutional concerns that come with any attempt to aggregate individual tort claims on a limited fund

rationale. First, the certification of a mandatory class followed by settlement of its action for money damages obviously implicates the Seventh Amendment jury trial rights of absent class members.22 We noted in Ross v. Bernhard, 396 U. S. 531 (1970), that since the merger of law and equity in 1938, it has become settled among the lower courts that "class action plaintiffs may obtain a jury trial on any legal issues they present." Id., at 541. By its nature, however, a mandatory settlement-only class action with legal issues and future claimants compromises their Seventh Amendment rights without their consent.

Id. at 845-47.

## III.    THE CLASS SETTLEMENT PURPORTS TO TAKE COMPENSATION FOR MEDICAL MONITORING CLAIMS AND TRANSFER IT, WITHOUT ANY CONSIDERATION TO CLASS MEMBERS, TO ENTITIES WITHOUT CLAIMS AND WITH AN INTEREST ONLY IN THE MONEY.  AS SUCH THE SETTLEMENT IS NEITHER FAIR NOR REASONABLE.

The class settlement purports to set up websites to distribute information (which is not medical monitoring), fund research into unspecified maladies that may or may not be directly related to the potential harm caused by Respironics devices, and offer class members a way to waive their HIPAA rights to effectively convert themselves into lab rats for science.  The money paid by Philipps to the class settlement administrator will benefit the administrator, the medical researchers, the website developers, and the attorneys.  No class member will receive anything worth giving up a claim for medical monitoring.  Missouri residents, as but one example, have a robust cause of action for medical monitoring. *See, e.g., Elsea v. U.S. Eng'g Co.*, 463 S.W.3d 409 (Mo. Ct. App. W.D. 2015).  Forcing Missouri residents into a mandatory class action where the choice of law apparently favors the defendants is unfair and unreasonable, especially without an opt-out provision.

In addition, there are significant questions about whether this Court would have personal jurisdiction over class members where a medical monitoring class action would not be favored under state law.

But far more important, the lack of any actual benefit that provides medical monitoring relief in any form means that while the designation of the case as medical monitoring persists, the remedy is hijacked to the benefit of non-class parties. This alone should defeat class certification and settlement approval.

## IV.   THE "BENEFITS" OF THE SETTLEMENT ARE ILLUSORY RENDERING THIS SETTLEMENT NEITHER FAIR NOR REASONABLE

Without flogging a deceased equine animal, suffice it to say that no class member gets anything of benefit with this settlement; only those involved in class administration and those bringing the action profit in any regard.

## V.   THE MEDICAL RESEARCH PURPORTED TO BE FUNDED BY THE SETTLEMENT IS TOO VAGUE TO BE OF BENEFIT TO THE CLASS MEMBERS

How does a class member know if the medical research to be conducted will focus on topics that would be of benefit to the class? Equally important, does this Court feel it has a sufficient scientific background to evaluate requests for medical research funding? Should not the Court require the class administrator to appoint medical advisers for the benefit of the Court to ensure that any study seeking funding has a direct benefit to the class members? The loose and unspecified nature of the class settlement notice leaves many questions unanswered.

## VI.   CLASS NOTICE WAS INSUFFICIENT

The class notice did not provide sufficient information to the class to permit it to determine if the class settlement is in their best interests. There is no plan, as set forth above, to ensure the quality of medical research. There is no information about the websites to be set up and designed or who will be providing the "Relevant Medical Information and Guidance, which will be provided in a user-friendly format for affected individuals who do not have a medical or scientific background,

and disseminating the same to Settlement Class Members." (Class Notice at 3). Is this being done by physicians? Is it being done by nurses? Are medical writers involved? Who has been tasked to provide this? How can I agree to let all my claims go when I don't know the quality of what I am buying?

In addition to the foregoing, the notice did not provide an address for where to mail the settlement objection. Doubtless the Court was unaware of this bit of misdirection at the time of the preliminary approval. It was not on the mailed notice, and it was also not on the website. It is for that reason that this is being mailed to the clerk for filing because I cannot be sure that the address provided on the BrownGreer website is accurate.

## VII.    THE MEDICAL INFORMATION TO BE PROVIDED BY THE WEBSITE INSERTS ITSELF BETWEEN CLASS MEMBERS AND THEIR PHYSICIANS AND COULD CONTRIBUTE TO DELAYS IN DIAGNOSIS AND TREATMENT

As set forth above, the medical information to be disseminated should be disseminated through class members physicians, and not to class members directly as this could impact physician-patient relationships in a negative manner.

## VIII.   CONCLUSION

In short, absolutely nothing in the class settlement notice provides me with any basis to give up my rights to seek medical monitoring under state law. The lawsuit purports to strip my right to own my own claim, taking my claims hostage under the umbrella of a settlement that provides me with nothing useful. I object strenuously to this class settlement and respectfully request this honorable court deny final approval.

Sepember 17, 2024                              Respectfully submitted,

                                               Anthony L. DeWitt
                                               Pro Se
                                               aldewitt@me.com
                                               573-230-4220

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re Philips Recalled CPAP, BI-LEVEL PAP,
and Mechanical Ventilator Products Litigation,

No. 21-mc-1230, MDL 3014

OBJECTION TO CLASS ACTION
SETTLEMENT

As a member of the class I object to the settlement for the reasons set forth in the contemporaneously-filed objection of Anthony L. DeWitt.   I adopt his objection and his legal reasoning.

Sepember 17, 2024

Respectfully submitted,

Ginger J. DeWitt
Pro Se
gadewitt@earthlink.net
706-590-4900

1