# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BILEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>All Actions Asserting Claims for Personal Injury Brought by SoClean Users | Master Docket No. 21-mc-1230<br>MDL No. 3014 |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC., PHILIPS RS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA HOLDING CORPORATION,<br><br>Defendants / Third-Party Plaintiffs,<br><br>-v-<br><br>SOCLEAN, INC., and DW MANAGEMENT SERVICES, LLC<br><br>Third-Party Defendants. | |

**THIRD-PARTY DEFENDANT SOCLEAN, INC'S
MOTION TO DISMISS PHILIPS DEFENDANTS' CORRECTED THIRD-PARTY
COMPLAINT UNDER RULE 12(B)(2) OR, ALTERNATIVELY,
MOTION TO STRIKE PHILIPS DEFENDANTS' CORRECTED THIRD-PARTY
<u>COMPLAINT UNDER RULE 14(A)(4)</u>**

I.      **INTRODUCTION**

Third-Party Defendant SoClean, Inc. ("SoClean") moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss the Corrected Third-Party Complaint ("Third-Party Complaint") filed by Third-Party Plaintiffs Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., Philips RS North America LLC, and Philips RS North America Holding Corporation (collectively, the "Philips Defendants"), and alternatively moves pursuant to Rule 14(a)(4) of the Federal Rules of Civil Procedure to strike the Third-Party Complaint.

The Third-Party Complaint fails to allege a factual basis for this Court to exercise jurisdiction over SoClean for the claims asserted against it by the Philips Defendants. SoClean is not incorporated in and does not maintain its principal place of business in Pennsylvania, nor does the Third-Party Complaint allege any other facts upon which SoClean would be amenable to jurisdiction in Pennsylvania for the Philips Defendants' contribution claims. Furthermore, as the Third-Party Complaint was directly filed in this multidistrict litigation, there is no transferor court from which the Court may draw any jurisdictional authority over SoClean or to which the Third-Party Complaint could be transferred following pretrial proceedings.

Should the Court determine that SoClean is subject to the Court's jurisdiction, the Court should nevertheless strike the Third-Party Complaint because of the undue complexities the Third-Party Complaint would introduce should those claims proceed in this Court. Specifically, the settlement alleged in the Third-Party Complaint creates subject matter jurisdiction issues. After dismissal of the Device User Plaintiffs' underlying claims (as called for by the Personal Injury Master Settlement Agreement ["MSA"]), there will be no basis for original jurisdiction in this Court, as the Philips Defendants and SoClean are not completely diverse and the Third-Party Complaint does not invoke federal question jurisdiction. Moreover, the exercise of supplemental

jurisdiction would not be appropriate since circumstances do not exist that would result in judicial economy or convenience by keeping the Third-Party Complaint with the Court. To the contrary, the Third-Party Complaint raises myriad state law issues across 35 different jurisdictions that render the matter unfit for resolution in this Court.

Not only would the Court lack original subject matter jurisdiction upon dismissal of the Device User Plaintiffs' claims under the MSA, but it the contribution claims asserted in the Third-Party Complaint are not fully ripe for adjudication given the status of the settlement alleged in the Third-Party Complaint. While the Philips Defendants have generally agreed to enter into a global settlement of the claims asserted by the Device User Plaintiffs, they do not identify in the Third-Party Complaint a single settling Device User Plaintiff, whether any such unknown Device User Plaintiff used a SoClean device and what injuries they claim may be related, or the amounts the Philips Defendants will pay or have paid in satisfaction of any such claim. The Philips Defendants have not plead these facts because they cannot. This critical information that is necessary for the parties to fully litigate the Third-Party Complaint will not be known until participating Device User Plaintiffs are identified and the MSA is fully performed. Thus, the Philips Defendants cannot even identify the states in which it will have viable contribution claims (if any) at this stage in the litigation.

Furthermore, because the Third-Party Complaint seeks contribution under the laws of 35 different states on claims asserted by some untold number of Device User Plaintiffs, and because of the varying contours and nuances to each state's contribution rules, allowing the Third-Party Complaint to move forward in this Court would unduly complicate this litigation. Indeed, if the Third-Party Complaint were to be litigated in this Court, not only would the Court need to apply the contribution laws of 35 different states, but it would also have to oversee discovery targeted to

specific Device User Plaintiffs relating to, among other issues, the specific causes of the injuries for which the Philips Defendants are seeking contribution. Such a process would upend the justification for consolidation in a multidistrict litigation.

Striking the Third-Party Complaint would not meaningfully prejudice the Philips Defendants, as they would not be precluded from pursuing whatever contribution rights they might have in one or more separate actions once a factual basis to pursue contribution is known and the MSA is fully performed. Thus, given that this premature Third-Party Complaint does nothing more than unduly complicate this matter, and in the event the Court determines that SoClean is subject to the Court's jurisdiction with respect to these claims at all, the Court should strike the Third-Party Complaint under Rule 14(a)(4) of the Federal Rules of Civil Procedure.

## II.   LEGAL ARGUMENT

### A.   The Third-Party Complaint Fails to Allege a Factual Basis for Personal Jurisdiction in This Court.

"An MDL Court only has its own jurisdictional powers and those of any transferor court. Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." *Butler Auto Recycling, Inc. v. Honda Motor Co. (In re Takata Airbag Prods. Liab. Litig.)*, 524 F. Supp. 3d 1266, 1276 (S.D. Fla. 2021) (citation omitted). With respect to direct filed complaints, where no transferor court exists, the transferee court must be able to exercise jurisdiction over any new defendants named in such complaints. *Id.* Similarly, a third-party complaint must establish that the third-party defendant is subject to the jurisdiction of the courts in the state in which the original action is filed. *Sieg v. Sears Roebuck & Co.*, 855 F. Supp. 2d 320, 329 (M.D. Pa. 2012) (dismissing third-party complaint for lack of personal jurisdiction when third-party plaintiff failed to establish that the third-party defendant had sufficient minimum contacts

with the forum state under stream-of-commerce theory).

Here, the Philips Defendants fail to allege facts establishing that SoClean is subject to the Court's jurisdiction for the Philips Defendants' contribution claims. As SoClean is incorporated in Delaware and maintains its principal place of business in New Hampshire (Corrected Third-Party Complaint, at ¶ 21), it is not subject to general jurisdiction in Pennsylvania. *Simon v. First Sav. Bank of Ind.*, 692 F. Supp. 3d 479, 482 (E.D. Pa. 2023); *accord In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 723 (E.D. Mo. 2019). Thus, the Philips Defendants must establish that SoClean is subject to specific jurisdiction in this Court for their contribution claims. However, they do not allege facts supporting that conclusion. "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alterations in original).

Under Third Circuit precedent, specific jurisdiction over an out-of-state defendant is not established merely by exploitation of a national market that necessarily includes Pennsylvania. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)); *Bielstein v. Signature Solar Ltd. Liab. Co.*, No. 2:22-CV-01786-MJH, 2024 U.S. Dist. LEXIS 19358, at *9 (W.D. Pa. Feb. 5, 2024) (discussing *Shuker*). Indeed, specific jurisdiction typically cannot be established based merely on allegations that the defendant contracted with an in-state distributor, or maintained a website that allowed residents of the forum state to engage in transactions with the defendant. *Alulis v. Container Store, Inc.*, No. 19-2564,

2020 U.S. Dist. LEXIS 88554, at *10 (E.D. Pa. May 20, 2020). Rather, the plaintiff must demonstrate that its injuries arise out of or relate to activities the defendant purposefully directed at the forum. *Shuker*, 885 F.3d at 780. Once challenged, the plaintiff bears the burden of establishing personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

Here, the Third-Party complaint fails to allege a factual basis for this Court to exercise jurisdiction over SoClean. The only jurisdictionally relevant facts the Philips Defendants assert are that SoClean is a Delaware corporation and that it maintains its principle place of business in New Hampshire. (Corrected Third-Party Complaint, at ¶ 22.) While the Third-Party Complaint references a SoClean website (*id.* at ¶¶ 26, 34), there are no other allegations indicating that SoClean specifically targeted or otherwise purposefully directed any activities that underlie the contribution claims asserted in the Third-Party Complaint at Pennsylvania.

The Philips Defendants cannot rely on SoClean's involvement in any other litigation in this Court as a basis for the exercise of personal jurisdiction over the contribution claims they assert because specific jurisdiction is claim-specific, inasmuch as the claim must arise out of or relate to the defendant's forum-related conduct. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (citation omitted).

Because The Philips Defendants do not allege any other facts that would render SoClean amenable to this Court's jurisdiction for all the claims the Philips Defendants assert in the Third-Party Complaint, the Third-Party Complaint should be dismissed.

    **B.    The Corrected Third-Party Complaint should be Stricken because the Philips Defendants' Contribution Claims are not Ripe and because It Unduly Complicates this Litigation.**

Under the Federal Rules of Civil Procedure Rule 14(a)(4), "[a]ny party may move to strike

the third-party claim, to sever it, or to try it separately." "District courts are afforded discretion to strike or sever third-party complaints, pursuant to Rule 14." *Skeans v. Key Commer. Fin. LLC*, Civil Action No. 18-1516-CFC-SRF, 2020 U.S. Dist. LEXIS 105285, at *6 (D. Del. June 16, 2020); *Leventhal v. MandMarblestone Grp. LLC*, No. 18-cv-2727, 2020 U.S. Dist. LEXIS 92059, at *18 (E.D. Pa. May 27, 2020). In exercising that discretion, the district court may properly consider the merit of the third-party complaint and whether the third-party complaint would unduly complicate the case at trial. *Id.* Courts may also consider the absence of prejudice to the third-party plaintiff in striking a third-party complaint. *Laborers' Dist. Council Pension & Disability Tr. Fund No. 2 v. Geofreeze, Inc.*, 298 F.R.D. 300, 304 (D. Md. 2014) (finding lack of prejudice to third-party plaintiff by striking third-party complaint because the defendant could assert its claims in state court).

Here, the Court should strike the Philips Defendants Third-Party Complaint because the pending settlement stands to eliminate the Court's original subject matter jurisdiction, the contribution claims are unripe, and allowing litigation of the Third-Party Complaint in this forum, at this late stage, would substantially and unduly complicate this litigation.

        1.    <u>The Settlement will eliminate the Court's original jurisdiction and the exercise of supplemental jurisdiction over the Third-Party Complaint after dismissal of the Device User Plaintiffs' Claims will be unjustified.</u>

"[A] court has the discretion to dismiss a third-party claim after the original claims of the plaintiff have been settled, and relegate the third-party plaintiff to a separate suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-06 (6th Cir. 2008). *Cooper Tire* involved an insurance coverage dispute between umbrella and excess policy providers in which the excess policy provider sought a declaratory judgment against the umbrella policy provider and the insured to determine that payment of defense costs under the umbrella policy did not deplete the aggregate

Case 2:21-mc-01230-JFC   Document 2996   Filed 10/03/24   Page 8 of 17

policy limit. *Id.* at 801-02. The insured filed a third-party complaint against its insurance broker, alleging that the broker signed an unauthorized endorsement that retroactively modified the umbrella policy to a "defense within limits" policy. *Id.* at 802. However, the Sixth Circuit affirmed dismissal of the third-party complaint without prejudice, concluding that the trial court acted within its discretion under Rule 14 in dismissing the complaint once the court's supplemental jurisdiction under 28 U.S.C. § 1367(a) came into question. *Id.* at 806 (citing *Bjorgung v. Whitetail Resort*, Civil Action No. 1:03-CV-2114, 2007 U.S. Dist. LEXIS 76878, at *17-18 (M.D. Pa. Sep. 28, 2007)).

Here, as in *Cooper Tire*, the settlement of the Device User Plaintiffs' claims supports striking the Third-Party Complaint because the settlement and ensuing dismissal will likely eliminate any claims over which the Court has original jurisdiction. The Philips Defendants premise subject matter jurisdiction over their Third-Party Complaint on supplemental jurisdiction under 28 U.S.C. § 1367(a), which in turn is premised on the Court's diversity jurisdiction over the Device User Plaintiffs' claims under 28 U.S.C. § 1332. (Corrected Third-Party Complaint, at ¶ 23.) However, under 28 U.S.C. § 1367, when all claims over which a federal court has original jurisdiction have been dismissed, the court may decline to exercise supplemental jurisdiction over any remaining claims. *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co.*, 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004); *FDIC v. Madison Title Agency, LLC*, Civil Action No. 12-3009 (MAS) (LHG), 2014 U.S. Dist. LEXIS 175227, at *4 (D.N.J. Dec. 17, 2014). Indeed, "[t]he Third Circuit directs that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'"

*Chagares v. Monmouth Med. Ctr.*, Civil Action No. 21-20677 (MAS) (LHG), 2022 U.S. Dist. LEXIS 150587, at *14-15 (D.N.J. Aug. 22, 2022) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Here, there is no basis for original jurisdiction over the Third-Party Complaint. There is no diversity jurisdiction supporting the Third-Party Complaint because SoClean is alleged to be incorporated in Delaware and to maintain its principal place of business in New Hampshire. (Corrected Third-Party Complaint, at ¶ 21.) On the other hand, four of the Philips Defendants are alleged also to be incorporated or formed in Delaware, including Philips Holding USA, Inc. (*Id.* at ¶¶ 17-20.) Thus, there is no complete diversity amongst the Philips Defendants and SoClean. *See Deluxe Bldg. Sys. v. Constructamax, Inc.*, 94 F. Supp. 3d 601, 607 (D.N.J. 2013) ("If any plaintiff and any defendant are citizens of the same state, diversity is broken and the action must be dismissed, unless some other basis for jurisdiction may be found.") Furthermore, upon expiration of the Philips Defendants' termination rights under the MSA, the claims of all settling plaintiffs will be dismissed. (ECF Doc. No. 2768-1, at § 3.8.)

Once the Device User Plaintiffs' claims are dismissed, there will be no justification for the Court's exercise of supplemental jurisdiction over the contribution claims based on injuries to any settling Device User Plaintiffs. And because the Third-Party Complaint asserts 35 state-law claims, each with varying nuances impacting liability, and because the resolution of those 35 separate claims will require targeted, individualized discovery aimed at the settling Device User Plaintiffs who are no longer parties to any pending legal action and who reside in various jurisdictions, the exercise of supplemental jurisdiction would not create any judicial economy or convenience.[1]

---

[1] Not to be lost in the subject matter jurisdictional issues created by the dismissal of the Device User Plaintiffs' claims is the fact that this Court, as the transferee court in this multidistrict litigation, is limited in its jurisdiction and cannot

        2.        <u>The Philips Defendants' contribution claims are not ripe</u>.

"The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Peachlum v. City of York*, 333 F.3d 429, 433-34 (3d Cir. 2003) (citations omitted). In assessing whether a dispute is ripe for adjudication, courts in the Third Circuit consider the following issues: "are the parties in a sufficiently adversarial posture to be able to present their positions vigorously; are the facts of the case sufficiently developed to provide the court with enough information on which to decide the matter conclusively; and is a party genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one." *Id.* (citation omitted).

As recognized in the Third Circuit, "[t]he general rule [is] that a cause of action for contribution does not arise until the party seeking contribution has paid, or had a judgment rendered against him or her for, more than his or her fair share of a common liability." *Sea-Land Service, Inc. v. United States*, 874 F.2d 169 171 (3rd Cir. 1989); *see also In re Cendant Corp. Derivative Action Litig.*, 96 F. Supp. 2d 394, 397 (D.N.J. 2000) ("A cause of action for contribution does not arise until the party seeking contribution has paid more than his or her fair share of a common liability."); *J.V. Mfg., Inc. v. Dematic Corp.,* 2023 U.S. Dist. LEXIS 47521 (W.D. Pa. 2023) (holding that contribution claims by manufacturer against distributor were premature while underlying personal injury suit ongoing in state court).

Several state contribution rules, including the state laws cited in the Third-Party Complaint, similarly require a settlement payment to be made before a contribution claim is viable. *See*

---

"self-assign" a case to it for trial proceedings. 28 U.S.C. § 1407; *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). SoClean does not waive any objection it may have to venue in this Court.

Arkansas Code 16-61-202(b) ("A joint tortfeasor is not entitled to a money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share of the common liability"); 740 Ill. Comp. Stat. 100/2(b) ("The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability"); 42 Pa. Cons. Stat. § 8324 (b) ("A joint tort-feasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof."); R.I. Gen. L. § 10-6-4 ("a joint tortfeasor is not entitled to a final money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share of the final money judgment"); Cal. Civ. Pro. Code § 875(c) ("Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof."); Del. Code Ann. tit. 10 §§ 6301-6308 ("A joint tortfeasor is not entitled to a money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share thereof."); Md. Code Ann. Cts. & Jud. Proc. § 3-1402(b) ("A joint tort-feasor is not entitled to a money judgment for contribution until the joint tort-feasor has by payment discharged the common liability or has paid more than a pro rata share of the common liability."); *Robertson v. McCarte*, 433 N.E.2d 1262 (Mass. App. Ct. 1982) (holding that payment by a joint tortfeasor is a prerequisite for a contribution action).

Although courts have interpreted Rule 14 of the Federal Rules of Civil Procedure to permit the filing of third-party complaints seeking contribution even if the right to contribution has not become fully ripe, *see, e.g., Andrulonis v. United States*, 26 F.3d 1224, 1233-34 (2d Cir. 1994), when contribution actions are filed as stand-alone actions, they have been deemed unripe by courts where there has not yet been a settlement or judgment. *See, e.g., Sea-Land Service, Inc. v. United*

*States*, 874 F.2d 169 171 (3rd Cir. 1989).

Here, the Court should strike the Third-Party Complaint because it is unripe, as the facts of the Philips Defendants' contribution claims are not sufficiently developed to allow for conclusive determination of those claims. Importantly, the Third-Party Complaint does not present a "typical" Rule 14 impleader based on contribution, where the parties are known and the injuries on which contribution is sought are identifiable. To the contrary, the Philips Defendants do not identify—because they do not know—which Device User Plaintiffs have agreed to the settlement alleged in the Third-Party Complaint. The most they allege is that "*at least* 15% of Device User Plaintiffs are confirmed SoClean users." (Corrected Third-Party Complaint, at ¶ 4.) But they do not allege what (if any) injuries those Device User Plaintiffs claim to have suffered, nor do they allege, because they do not know, what amounts will be paid to any Device User Plaintiff who used a SoClean product. These gaps are significant because, as discussed below in section II.B.3, whether a plaintiff has settled their claims for which the third-party plaintiff seeks contribution is a fact that could eliminate the third-party plaintiff's ability to seek contribution.

Underscoring those issues are the confidentiality provisions and other terms in the MSA which the Philips Defendants negotiated that restrict the use of statements or documents delivered in connection with the MSA. Specifically, Section 11.9 prohibits the parties from introducing or offering any statement made in connection with the Settlement or any statements in the documents delivered in connection with this Settlement, or otherwise rely on the terms of this Settlement, in any judicial proceeding. (ECF Doc. No. 2768-1.) That prohibition extends to "any Registration Form and the executed attachments thereto." (*Ibid.*) Section 11.10 requires the parties to "keep confidential, pursuant to mediation privileges and confidentiality, the content of the negotiations, points of discussion, documents, communications, and supporting data utilized or prepared in

connection with the negotiations and settlement discussions related to the MSA." (ECF Doc. No. 2768-1.) It is therefore difficult to understand the basis on which the Philips Defendants would be able to identify any Device User Plaintiffs whose claims are settled or the amounts paid to settle those claims, and whether those documents would be admissible to establish or contest the Philips Defendants' contribution claims. But one thing is certain: the Philips Defendants do not have any such information to support this Complaint.

Because the Philips Defendants cannot identify any settling Device User Plaintiffs or the amounts paid satisfy any such claims, the Third-Party Complaint should be stricken as unripe.

3. <u>The Philips Defendants' contribution claims are unmeritorious and will unduly complicate this litigation</u>.

By seeking contribution under the laws of 35 different states, the Philips Defendants inject undue complexity into this litigation. Furthermore, many of those state laws do not permit contribution on the facts the Philips Defendants allege. The complexities introduced by the state laws under which the Philips Defendants seek contribution, and the impact the differing contours of each state's contribution laws on the merits of the Third-Party Complaint warrant striking the Third-Party Complaint.

For example, under New York law, a defendant that settles with a plaintiff is not entitled to contribution from a purported joint tortfeasor. N.Y. Gen. Oblig. Law § 15-108 ("A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person."); *In re Del-Val Fin. Corp. Sec. Litig.*, 868 F. Supp. 547, 553 (S.D.N.Y. 1994); *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24(1985) ("In order to remove a disincentive to settlement, the Legislature amended General Obligations Law § 15-108 (L 1974, ch 742) to provide that a settling tort-feasor can neither obtain, nor be liable for, a contribution claim.") Thus, to the extent there are any Device User Plaintiffs whose claims are governed by New York law that agree to the

settlement alleged in the Third-Party Complaint, the Philips Defendants will have no right to contribution from SoClean. And, as discussed above, not knowing which of the Device User Plaintiffs claims are settled prevents full litigation of the Third-Party Complaint's merits.

Under Nebraska law, "[u]nless a plaintiff has chosen to sue all potential defendants, the defendant against whom a plaintiff does obtain a judgment will never have any right to contribution against other joint tortfeasors who did not become a judgment debtor to the plaintiff." *Comeau v. Rupp*, 762 F. Supp. 1434, 1439 (D. Kan. 1991). Should any Device User Plaintiffs whose claims are subject to Nebraska law not settle but instead proceed to judgment on their claims against the Philips Defendants without adding SoClean, the Philips Defendants will not have any right to contribution from SoClean.

Under Pennsylvania law, assertion of "sole, not joint, liability on the part of the third-party defendant" is not proper basis for Rule 14 impleader.[2] *See Wilder v. Williams*, Civil Action No. 87-1043, 1989 U.S. Dist. LEXIS 14044, at *5 (W.D. Pa. June 7, 1989) (citing *Schwab v. Erie Lackawanna Railroad Co.*, 48 F.R.D. 442, 443 (W.D. Pa. 1970)). In the Third-Party Complaint the Philips Defendants deny any liability to Plaintiffs appearing to place the blame entirely on the Third-Party Defendant: "[t]he Philips Defendants maintain that the Device User Plaintiffs' claims against the Philips Defendants are devoid of merit. Simply put, any emitted foam or any VOCs are well within long-established, and scientifically supported, safety levels." (Corrected Third-Party Complaint, at ¶ 2; *see also* ECF Doc. No. 2768-1, at Recital J ["Nothing in the Settlement will be construed as evidence of, or as an admission by, the Philips Defendants of any fault, liability,

---

[2] Oklahoma law is to the same effect. *See Daugherty v. Farmers Coop. Ass'n*, 1989 OK CIV APP 89, ¶ 13 ("For a person to seek contribution under the Uniform Contribution Among Tortfeasors Act, 12 O.S. 1981 § 832, the parties must be jointly or severally liable. An allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all, is insufficient."

wrongdoing, causation, or damages whatsoever. The Philips Defendants maintain that use of the Recalled Devices did not cause any injuries, including any of the Qualifying Injuries."]; ECF Doc. No. 2213-1, at p. 4 ["By entering into this Settlement, the Philips Defendants do not admit any wrongdoing, liability, fault, injury, damages, or violation of any law whatsoever."].) They further assert that "there is substantial evidence that Third-Party Defendants are responsible, either **in whole** or at least in part, for liability alleged by those Device User Plaintiffs who used SoClean Devices." (Corrected Third-Party Complaint, at ¶ 14 [emphasis added].)[3]

If the Third-Party Complaint were to survive, it would prematurely introduce complexities into the discovery process. Litigation of the Philips Defendants' contribution claims will necessarily involve discovery into the specific causes of the Device User Plaintiffs' injuries, which would involve discovery directed to third parties located in other states, outside of this Court's jurisdiction. The individualized discovery needed in the Third-Party Contribution case is very different than the discovery that is appropriately consolidated in this current multidistrict litigation, and the economies to be realized by consolidated pretrial proceedings in a multidistrict litigation would not be realized with respect to consolidation of the Philips Defendants' contribution claims in this action.

Given the numerous complexities Philips Defendants' contribution claims would unduly insert into this MDL, the Court should strike the Third-Party Complaint.

---

[3] While a party may plead alternative and even inconsistent legal theories, FED. R. CIV. P. 8(d)(3), "what is pled alternatively must still have a plausible basis grounded in fact," *Kovach v. Turner Dairy Farms, Inc.*, 929 F. Supp. 2d 477, 500 (W.D. Pa. 2013) (citation omitted), and "where one factual assertion negates an essential element of a contrary assertion, that conflict cannot stand, absent sufficient explanation." *Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220, 236 (W.D. Pa. 2015) (citation omitted). The Philips Defendants offer no explanation for how they can seek contribution based on allegations that the Device User Plaintiffs suffered no injury and/or the Philips Defendants did not cause any Device User Plaintiffs' injuries, while also claiming that SoClean is entirely responsible for the alleged Device User Plaintiff injuries.

4. <u>The Philips Defendants' will not be unfairly prejudiced by striking the Third-Party Complaint</u>.

Should the Court strike the Third-Party Complaint, the Philips Defendants would not be barred from seeking contribution by filing separate lawsuits if they are able to obtain the facts necessary to plead viable contribution claims. Thus, given the substantial complexities the Third-Party Complaint would introduce into this litigation, the Court should strike the Third-Party Complaint.

## III. CONCLUSION

For the foregoing reasons, SoClean requests that the Court dismiss the Third-Party Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, or, alternatively, to strike the Third-Party Complaint under Rule 14(a)(4) of the Federal Rules of Civil Procedure.

Dated: October 3, 2024

Respectfully submitted,

/s/ Ashley N. Rodgers
Michelle R. Gilboe
*Admitted Pro Hac Vice*
Ashley N. Rodgers
PA State Bar No. 314017

Lewis Brisbois Bisgaard & Smith LLP
One PPG Place, 28th Floor
Pittsburgh, Pennsylvania 15222
412.752-7254
Michelle.Gilboe@lewisbrisbois.com
Ashley.Rodgers@lewisbrisois.com

*Attorneys for SoClean, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on the 3rd day of October, 2024, the foregoing document was electronically filed with the Clerk of the United States District Court for the Western District of Pennsylvania, using the CM/ECF system, which will send notification of such filing to all counsel of records. This document was filed electronically and is available for viewing and downloading from the ECF system.

/s/ Ashley N. Rodgers
Michelle R. Gilboe
*Admitted Pro Hac Vice*
Ashley N. Rodgers
PA State Bar No. 314017

Lewis Brisbois Bisgaard & Smith LLP
One PPG Place, 28th Floor
Pittsburgh, Pennsylvania 15222
412.752-7254
Michelle.Gilboe@lewisbrisbois.com
Ashley.Rodgers@lewisbrisois.com

*Attorneys for SoClean, Inc.*