IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BILEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions Asserting Claims for Personal Injury Brought by SoClean Users | Master Docket No. 21-mc-1230<br>MDL No. 3014 |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC., PHILIPS RS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA HOLDING CORPORATION,<br><br>     Defendants / Third-Party Plaintiffs,<br><br>  -v-<br><br>SOCLEAN, INC., and DW MANAGEMENT SERVICES, LLC<br><br>     Third-Party Defendants. | |

**THIRD-PARTY DEFENDANT DW MANAGEMENT SERVICES, LLC'S
MOTION TO DISMISS PHILIPS DEFENDANTS' AMENDED THIRD-PARTY
<u>COMPLAINT FOR CONTRIBUTION UNDER RULE 12(B)(2)</u>**

146693193.1            1

DW Management Services, LLC ("DW Management"), through its undersigned counsel, moves to dismiss all claims asserted against it in the Philips Defendants' Corrected Third-Party Complaint for Contribution under Federal Rule of Civil Procedure 12(b)(2).[1]

As the Court has stated several times, the deadline for DW entities such as DW Management to respond to the Third-Party Complaint for Contribution or the Property Damage Assigned Claims Complaint is stayed until the issue of personal jurisdiction is resolved in connection with Philips' Counterclaims in the MDL 3021 business-to-business litigation. *See, e.g.,* ECF No. 2738 ("Deadline for DW to respond to the complaint will be stayed until the issues of personal jurisdiction over DW is resolved."); 8/22/24 CMC Tr. 68:23–69:12 ("They do not have to respond to those [i.e., the Third-Party Complaint for Contribution and the Assigned Claims Property Damage Complaint] yet, except for personal jurisdiction. And they can just reassert on the same basis that they've reasserted in the other case [i.e., the Philips Counterclaims Complaint]."). As such, and out of an abundance of caution, DW Management states the following:

Philips has failed to allege that this Court has personal jurisdiction over DW Management. In Philips' Counterclaims in MDL 3021, it asserted that "[DW Management] is subject to personal jurisdiction due to its control over, and undercapitalization of, SoClean." MDL 3021, ECF No. 507, ¶ 21 ("Jurisdiction and Venue"). In Philips' Assigned Claims Property Damage Complaint in MDL 3021, Philips alleges that "[t]his Court has personal jurisdiction over [DW Management] [] because SoClean serves as [its] alter ego." MDL 3021, ECF No. 659, ¶ 33 ("Jurisdiction and Venue"). Those allegations are noticeably absent from the corresponding "Jurisdiction and

---

[1] DW Management reserves all of its rights with regard to any other responses to the Third-Party Complaint for Contribution.

Venue" section of the Third-Party Contribution Complaint in this MDL. Compl. ¶¶ 29–30. Philips' failure to specifically allege the basis for this Court's exercise of personal jurisdiction over DW Management warrants dismissal.

To the extent that Philips might allege that this Court's exercise of personal jurisdiction over DW Management is based on an allegation that SoClean is the alter ego of DW Management, DW Management (i) states that Philips has not alleged that this Court has personal jurisdiction over SoClean (see "Jurisdiction and Venue" section of Contribution Complaint ¶¶ 29–30) and (ii) incorporates by reference as if set forth fully herein the arguments in DW Management's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Under Rule 12(b)(2) and 12(b)(6) and all accompanying and related briefing and arguments. *See, e.g.*, MDL 3021, ECF No. 532.

Dated:  October 3rd, 2024	Respectfully submitted,

/s/ Ashley N. Rodgers
Michelle R. Gilboe
*Admitted Pro Hac Vice*
Ashley N. Rodgers
PA State Bar No. 314017

Lewis Brisbois Bisgaard & Smith LLP
One PPG Place, 28th Floor
Pittsburgh, Pennsylvania 15222
412.567.5596
Michelle.Gilboe@lewisbrisbois.com
Ashley.Rodgers@lewisbrisois.com

*Attorneys for DW Management Services, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of October, 2024, the foregoing document was electronically filed with the Clerk of the United States District Court for the Western District of Pennsylvania, using the CM/ECF system, which will send notification of such filing to all counsel of records. This document was filed electronically and is available for viewing and downloading from the ECF system.

/s/ Ashley N. Rodgers
Michelle R. Gilboe
*Admitted Pro Hac Vice*
Ashley N. Rodgers
PA State Bar No. 314017

Lewis Brisbois Bisgaard & Smith LLP
One PPG Place, 28th Floor
Pittsburgh, Pennsylvania 15222
412.752-7254
Michelle.Gilboe@lewisbrisbois.com
Ashley.Rodgers@lewisbrisois.com

*Attorneys for DW Management Services, LLC*