**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:  All Actions Asserting Claims for Personal Injury Brought by SoClean Users | Master Docket No. 21-mc-1230<br><br>MDL No. 3014 |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC., PHILIPS RS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA HOLDING CORPORATION,<br><br>        Defendants / Third-Party Plaintiffs,<br><br>        -v-<br><br>SOCLEAN, INC., and DW MANAGEMENT SERVICES, LLC,<br><br>        Third-Party Defendants. | |

**THE PHILIPS PARTIES' OPPOSITION TO THIRD-PARTY DEFENDANTS'**
**MOTIONS TO DISMISS OR TO STRIKE**
**THE MASTER THIRD-PARTY CONTRIBUTION COMPLAINT**

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..........................................................................................................3

I.    The Court Should Reject SoClean's Newly Minted Personal Jurisdiction Challenge. .......4

II.   This Court Should Not Exercise Its Discretion To Strike the Master Complaint................5

      A.    The Personal Injury Master Settlement Agreement Does Not Destroy the Court's
            Supplemental Subject-Matter Jurisdiction. ............................................7

      B.    The Philips Parties' Contribution Claims Are Permissible Under Rule 14,
            Dispelling Any Ripeness Concerns. ......................................................9

      C.    Contrary to SoClean's Argument, Striking the Master Complaint Would
            Massively Complicate the Contribution Litigation and Prejudice the Parties. ......12

CONCLUSION ....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andrulonis* v. *United States*,
   26 F.3d 1224 (2d Cir. 1994)..............................................................................10

*Arthur Glick Truck Sales* v. *H.O. Penn Mach. Co.*,
   332 F. Supp. 2d 584 (S.D.N.Y. 2004).................................................................7

*Bachtell* v. *Gen. Mills*,
   2020 WL 247171 (M.D. Pa. Jan. 15, 2020).......................................................9

*Bielstein* v. *Signature Solar Ltd. Liab. Co.*,
   2024 U.S. Dist. LEXIS 19358 (W.D. Pa. Feb. 5, 2024) .....................................5

*Borough of West Mifflin* v. *Lancaster*,
   45 F.3d 780 (3d Cir. 1995)..................................................................................8

*Bristol-Myers Squibb Co.* v. *Superior Court*,
   582 U.S. 255 (2017)............................................................................................4

*In re Cendant Corp. Deriv. Action Litig.*,
   96 F. Supp. 2d 394 (D.N.J. 2000) ....................................................................10

*Clinton Beverage Grp.* v. *Depersia*,
   2008 WL 1734184 (E.D. Pa. Apr. 14, 2008) ......................................................6

*Cmty. Ass'n Underwriters of Am.* v. *Queensboro Flooring Corp.*,
   2016 WL 1728388 (M.D. Pa. Apr. 29, 2016) ......................................................5

*Davis Pickering & Co.* v. *Worley Field Servs.*,
   2023 WL 2163886 (E.D. Pa. Feb. 22, 2023) ......................................................9

*Doe* v. *Mercy Catholic Med. Ctr.*,
   850 F.3d 545 (3d Cir. 2017)................................................................................7

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
   19 F. Supp. 2d 263 (D.N.J. 1998) ......................................................................2

*Forrester Lincoln Mercury* v. *Ford Motor Co.*,
   2012 WL 1642760 (M.D. Pa. May 10, 2012).....................................................15

*In re Generic Pharmas. Pricing Antitrust Litig.*,
   2024 WL 2977896 (E.D. Pa. May 22, 2024) ......................................................6

*Gonzalez* v. *New Jersey*,
   2019 WL 291162 (D.N.J. Jan. 23, 2019) ...............................................................12

*Grant* v. *UPMC Pinnacle Hosps.*,
   2021 WL 1516464 (M.D. Pa. Apr. 16, 2021) ...........................................................3

*Hecht* v. *Summerlin Life & Health Ins. Co.*,
   536 F. Supp. 2d 1236 (D. Nev. 2008) ....................................................................11

*Hickerson-Cooper* v. *Dollar Gen. Corp.*,
   2024 WL 2874035 (D.N.J. June 7, 2024) ..................................................................2

*J.V. Mfg.* v. *Dematic Corp.*,
   2023 U.S. Dist. LEXIS 47521 (W.D. Pa. 2023) ......................................................10

*Katz* v. *Spiniello Cos.*,
   2016 WL 7209662 (D. Mass. Dec. 12, 2016) ............................................................5

*McCaffrey* v. *Windsor at Windermere Ltd. P'ship*,
   2017 WL 5483772 (E.D. Pa. Nov. 15, 2017) ............................................................4

*McClure* v. *City of Harrisburg*,
   2014 WL 4828869 (M.D. Pa. Sept. 29, 2014) ...........................................................9

*Mechin* v. *Carquest Corp.*,
   2010 WL 3259808 (D.N.J. Aug. 17, 2010) ................................................................2

*In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*,
   2009 WL 3681986 (D.N.J. Nov. 4, 2009) ..................................................................6

*Milhouse* v. *Rajjoub*,
   2019 WL 2567680 (M.D. Pa. June 21, 2019) ............................................................9

*Millers Cap. Ins., Co.* v. *Hydrofarm*,
   340 F.R.D. 198 (D.D.C. 2022) .................................................................................10

*Mount Pocono Municipal Auth.* v. *RKR Hess*,
   2021 WL 3674639 (M.D. Pa. Aug. 19, 2021) ...........................................................9

*Nat'l Union Fire Ins. Co.* v. *FDIC*,
   887 F. Supp. 262 (D. Kan. 1995) ............................................................................10

*Owoh* v. *PHH Mortg. Servs.*,
   2021 WL 3400774 (D.N.J. Aug. 4, 2021) ..................................................................8

*R.Q.C. Ltd.* v. *JKM Enters.*,
   2014 WL 4792148 (W.D. Pa. Sept. 23, 2014) ...........................................................2

*Robertson* v. *McCarte*,
    433 N.E.2d 1262 (Mass. App. Ct. 1982) ...................................................................10

*Sea-Land Serv.* v. *United States*,
    689 F. Supp. 450 (D.N.J. 1988) .............................................................................10

*Shuker* v. *Smith & Nephew, PLC*,
    885 F.3d 760 (3d Cir. 2018).......................................................................................5

*Various Plaintiffs* v. *Various Defendants (Oil Field Cases)*,
    673 F. Supp. 2d 358 (E.D. Pa. 2009) ........................................................................3

*In re Vioxx Prods. Liab. Litig.*,
    239 F.R.D. 450 (E.D. La. 2006)...............................................................................11

*Willyoung* v. *Colo. Custom Hardware*,
    2009 WL 3183061 (W.D. Pa. Sept. 30, 2009) ..........................................................4

**Other Authorities**

FED. R. CIV. P. 12 ............................................................................................... 5-6, 13

FED. R. CIV. P. 14 ............................................................................................. 2, 5, 9-12

ROBERT S. FISCHLER & HARVEY J. WOLKOFF, 1 BUS. & COM. LITIG. FED. CTS.
    (2022)..........................................................................................................................9

## PRELIMINARY STATEMENT

Erecting one procedural ploy after another, SoClean, Inc. ("SoClean") and DW Management Services, LLC ("DW") have delayed facing these basic contribution claims for months. In March 2024, they objected to the use of a master third-party complaint to bring these claims (ECF No. 2675), ultimately requiring Special Master Katz to issue a Report and Recommendation (ECF No. 2708) that this Court agreed with in Pre-Trial Order No. 31 (ECF No. 2745). Then, SoClean and DW persisted in claiming that documents produced in MDL No. 3021 were precluded from use in MDL No. 3014. (MDL No. 3021, ECF No. 692.) Again, after briefing and argument, the Court rejected their delay-driven argument. (ECF Nos. 2961, 2975; MDL No. 3021, ECF No. 702.) Most recently, counsel for SoClean and DW have refused even to participate in the mandatory Rule 26(f) conference, thus bypassing the Court and granting themselves their own stay of discovery.

The instant motion is more baseless procedural make-work. The Philips parties clearly allege that SoClean, under DW's control, illegally marketed and sold PAP cleaners to Philips RS PAP users throughout the United States, including in Pennsylvania. SoClean's ozone cleaners caused or contributed to the personal injuries allegedly suffered by device users in at least two respects: (i) direct ozone inhalation and/or (ii) degradation of the foam in Philips RS PAPs. (*E.g.*, Am. Compl. ¶¶ 9-11, 15, 36-41, 47-53, 59, 66-81.) Device users who used SoClean's products on their Philips RS PAPs, including device users who are not the subject of the Personal Injury Master Settlement Agreement, are suing the Philips parties for damages for their alleged personal injuries. As a result, SoClean and DW must answer for their conduct, and there is no good reason to allow them to continue to avoid these contribution claims.

After voluntarily litigating claims in this District for almost three years, against not only the Philips parties but also device users, SoClean now claims that this Court lacks personal

jurisdiction over it. The Court should quickly dispense with this argument. SoClean sold its illegal products to device users throughout Pennsylvania, including through its interactive website. (*See, e.g.*, Am. Compl. ¶¶ 8, 61, 64.) And device users from Pennsylvania who used SoClean's products on their PAP machines are alleging personal injury. (*Compare, e.g.*, ECF Nos. 1508, 2070, *with* Exs. A & B.) These facts are more than enough to withstand SoClean's newfound jurisdictional challenge. *See*, *e.g.*, *R.Q.C. Ltd.* v. *JKM Enters.*, 2014 WL 4792148, at *4 (W.D. Pa. Sept. 23, 2014) ("[M]ost courts have concluded that a defendant that intentionally conducts business transactions over an interactive website with customers in the forum state has purposefully directed itself of the laws of that forum.").[1]

SoClean's alternative Rule 14(a)(4) motion also fails. It defies logic that the goals of efficiency and consistency would be served by punting this litigation to at least 34 different courts around the country. *See Mechin* v. *Carquest Corp.*, 2010 WL 3259808, at *5 (D.N.J. Aug. 17, 2010) (burdens of third-party complaints "must be weighed against the alternative prospect of two separate trials and the need for attempting to coordinate, and in the end possibly consolidate, the matter for the sake of judicial economy"); *Hickerson-Cooper* v. *Dollar Gen. Corp.*, 2024 WL 2874035, at *4 (D.N.J. June 7, 2024) (same). Striking the complaint would waste a massive amount of party and judicial resources, and the Court is well within its discretion to retain supplemental subject-matter jurisdiction given the profound inefficiencies and remarkable delay that would be introduced by striking the complaint. *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 19 F. Supp. 2d 263, 297-70 (D.N.J. 1998) (finding that "[i]t is unquestionably

---

[1]    To the extent SoClean is seriously arguing that it did not sell its products to device users in Pennsylvania, the Court should order SoClean to engage in expedited jurisdictional discovery. This discovery should include, at a minimum, discovery of SoClean's customer lists and all of its marketing and sales in the Commonwealth.

the case that the values of economy, convenience, and fairness all weigh in favor of the exercise of supplemental jurisdiction"). SoClean's ripeness challenge also stands in direct contrast to Third Circuit law, which permits third-party complaints for contribution even before a settlement or resolution of the underlying claim. *See Grant* v. *UPMC Pinnacle Hosps.*, 2021 WL 1516464, at *2 (M.D. Pa. Apr. 16, 2021) (rejecting argument that "contribution and indemnity claims can only become ripe once [defendants] are actually compelled to pay damages"). Finally, SoClean's analysis of state contribution law mischaracterizes the claims in the Complaint and even the precedents cited in SoClean's own brief. (*E.g.*, SoClean Br. at 14 (citing case applying Kansas law to purportedly explain Nebraska law).)

The Court should deny SoClean's and DW's motions.[2]

## ARGUMENT

SoClean's objections to the Master Complaint, including, in particular, its personal jurisdiction, ripeness, and subject-matter jurisdiction challenges, are procedural. Third Circuit law therefore applies to those challenges. "On matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." *Various Plaintiffs* v. *Various Defendants (Oil Field Cases)*, 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009); *see* MDL No. 3021, ECF No. 480 at 27. To the extent SoClean's challenges are based on individual state law, those are addressed in the sections below.

---

[2]    With regard to DW's separate challenge to personal jurisdiction (ECF No. 2997), the Court's rulings following the upcoming evidentiary hearing in MDL No. 3021 will be dispositive of the personal jurisdiction argument in this contribution action as well. As a result, the Philips parties incorporate by reference all their arguments and briefs from that action here. Given those proceedings and the upcoming evidentiary hearing, there is no need for the Court or the parties to separately litigate the DW personal jurisdiction issue here.

I.       **The Court Should Reject SoClean's Newly Minted Personal Jurisdiction Challenge.**

SoClean's personal jurisdiction objection is based on the supposed "fail[ure] to allege facts" that SoClean is subject to specific personal jurisdiction in Pennsylvania.  (SoClean Br. at 5.)  In fact, the necessary showing—an "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State"—is plainly met here.  *Bristol-Myers Squibb Co.* v. *Superior Court*, 582 U.S. 255, 264 (2017).

SoClean illegally marketed PAP cleaning machines across the country, including to Pennsylvanians—and including for the specific purpose of getting them to buy SoClean's products for use with their Philips RS PAPs.  (*E.g.*, Am. Compl. ¶¶ 8, 61, 64.)  SoClean sold its devices into the Commonwealth through, among other means, its interactive website.  *See* SoClean,        https://www.soclean.com/soclean3/product/soclean-3-complete?id=sc3-complete-global-nav-click (last visited Oct. 24, 2024); *Willyoung* v. *Colo. Custom Hardware*, 2009 WL 3183061, at *12 (W.D. Pa. Sept. 30, 2009) (activity was directed to forum because defendant's "website [was] interactive in the sense that it allow[ed] users to purchase merchandise online").  SoClean's machines exposed users, including in Pennsylvania, to dangerous levels of ozone gas, leading to the same sort of respiratory harms for which the Philips parties are alleged to have been responsible.  (Am. Compl. ¶¶ 31-66.)  SoClean's machines also accelerated and exacerbated the degradation of the foam in Philips RS PAPs.  (*Id.* ¶¶ 1, 3, 67-81.)  And Pennsylvania residents who used SoClean's products have alleged that they suffered a personal injury.  (*See, e.g.,* ECF No. 1508 (short-form complaint of David Janus, Sr. alleging personal injury); Ex. A at 16 (███████████ ████████████████████████████████); ECF No. 2070 (short-form complaint of Helen Mannion); Ex. B at 16 (████████████████████████████████).)

These facts more than sufficiently establish a "link between [the Philips parties'] cause of action and [SoClean's] forum-related activities."  *McCaffrey* v. *Windsor at Windermere*

*Ltd. P'ship*, 2017 WL 5483772, at \*4 (E.D. Pa. Nov. 15, 2017).[3]  As a result, SoClean's Rule

12(b)(2) motion should be denied.[4]

## II.    This Court Should Not Exercise Its Discretion To Strike the Master Complaint.

SoClean next asks the Court to exercise its discretion to strike the Master Complaint

under Rule 14(a)(4).  To be sure, courts have such discretion, but exercising it is "not favored,"

and motions to strike "usually will be denied unless the allegations have no possible relation to the

controversy and may cause prejudice to one of the parties."  *Cmty. Ass'n Underwriters of Am.*

v. *Queensboro Flooring Corp.*, 2016 WL 1728388, at \*2 (M.D. Pa. Apr. 29, 2016); *see Katz*

---

[3]    If SoClean is making a good-faith argument that it did not market and sell its devices in the Commonwealth, the Court should order narrowly-tailored jurisdictional discovery, with a particular focus on SoClean's customer lists and SoClean's marketing and sales into Pennsylvania. SoClean's own cases endorse this approach.  *See Shuker* v. *Smith & Nephew, PLC*, 885 F.3d 760, 780, 782 n.21 (3d Cir. 2018) (plaintiffs were entitled to jurisdictional discovery to analyze stream-of-commerce theory of specific personal jurisdiction and noting that "evidence adduced from such discovery" would provide basis "to seek leave . . . to amend"); *Bielstein* v. *Signature Solar Ltd. Liab. Co.*, 2024 U.S. Dist. LEXIS 19358, at \*3 (W.D. Pa. Feb. 5, 2024) (analyzing specific personal jurisdiction allegations regarding website after the conclusion of jurisdictional discovery).  To date, SoClean has refused to produce its customer lists, including identification of those individuals who purchased SoClean products from its interactive website.  Any hypothetical "jurisdictional" concern SoClean may have would be resolved by production of these lists.

[4]    SoClean also confusingly argues that "there is no transferor court from which the Court may draw any jurisdictional authority over SoClean or to which the Third-Party Complaint could be transferred following pretrial proceedings." (SoClean Br. at 2.)  Here, SoClean is just rehashing its prior objection to the master complaint process.  But that issue was resolved seven months ago in the Philips parties' favor.  (ECF No. 2745.)  The pleading here is a *master* complaint, not a standalone complaint that will be remanded in whole following pretrial proceedings.  Rather, as the Philips parties have previously proposed, the parties should develop a proposal for the Court's approval on the selection of bellwethers after the expiration of the termination deadline for the Personal Injury Master Settlement Agreement.  (*See* ECF No. 2925-1 at 4 n.7; Sept. 19, 2024 CMC Tr. at 14.)  The venue for trying those bellwethers is a question for a later date (some trials may take place in this District and some may not, depending on which bellwethers are selected), but concerns regarding venue do not affect this Court's personal jurisdiction over SoClean.  Moreover, contrary to SoClean's footnote (SoClean Br. at 9 n.1), the Philips parties never said the Court would "self-assign" bellwether trials.  Rather, as the Philips parties stated in their scheduling proposal (ECF No. 2925-1 at 5-7), both sides should work together on proposing a bellwether selection process for the Court's approval.

v. *Spiniello Cos.*, 2016 WL 7209662, at *6 (D. Mass. Dec. 12, 2016) ("[T]o the extent that Rule 14(a)(4) is analogous to Rule 12(f), which governs non-third-party motions to strike, such motions are . . . disfavored in practice and not calculated readily to invoke the court's discretion."). The Court has no basis to exercise that discretion here, where the circumstances differ from those where motions to strike *should* be granted: where the "third-party complaint would introduce an unrelated controversy or unduly complicate the case at trial." *Clinton Beverage Grp.* v. *Depersia*, 2008 WL 1734184, at *1 (E.D. Pa. Apr. 14, 2008).

Although SoClean claims the "Complaint does nothing more than unduly complicate this matter" (SoClean Br. at 4), the opposite is true. SoClean is asking the Court to exercise its discretion in a way that would require separate complaints and proceedings in 34 different jurisdictions. But the purpose of an MDL is to "promote the just and efficient conduct" of proceedings. *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2009 WL 3681986, at *2 (D.N.J. Nov. 4, 2009). Striking the Master Complaint would remove all of these claims from the Court's purview and require separate pleadings, discovery and motion practice in 34 separate courts. SoClean's proposal would burden claimants as well as dozens of courts and result in unnecessary and duplicative discovery, when all such issues can be more effectively streamlined through the one court (and the special masters) already familiar with the central facts. Worse still, pre-trial proceedings in 34 different jurisdictions runs the significant risk of inconsistent outcomes on pre-trial motions. *See In re Generic Pharmas. Pricing Antitrust Litig.*, 2024 WL 2977896, at *3 (E.D. Pa. May 22, 2024) (forcing defendant to "litigate in two courts simultaneously" will "severely prejudice Defendants" and "risk[s] inconsistent outcomes"). None of SoClean's proffered rationales justifies creating these gross inefficiencies and risks.

A.    **The Personal Injury Master Settlement Agreement Does Not Destroy the Court's Supplemental Subject-Matter Jurisdiction.**

SoClean argues that, once the termination date under the Personal Injury Master Settlement Agreement has expired in approximately two months, the settlement will "eliminate" all claims over which this Court has original subject-matter jurisdiction.  (SoClean Br. at 8.)  SoClean makes this argument to attempt to convince the Court not to exercise its supplemental subject-matter jurisdiction over the contribution claims.  (*Id*. at 6-9.)  This argument fails for two reasons:  *First*, in painting with the broadest of brushes, SoClean ignores the claims of non-settling plaintiffs, including those plaintiffs ineligible for the settlement.  *Second*, even for the settling plaintiffs, it is also legally incorrect.

*Claims of Non-Settling Plaintiffs.*  The Court does not have a basis to forgo supplemental jurisdiction over those actions not subject to the settlement.  SoClean acknowledges that the settlement will result in dismissal only of "the claims of all *settling* plaintiffs."  (SoClean Br. at 9 (emphasis added).)  With respect to the claims of individuals ineligible for the settlement, this Court has diversity jurisdiction.  As SoClean's own precedents show, unless *all* claims over which a court has original jurisdiction are extinguished, it is inappropriate for a court to relinquish supplemental jurisdiction.  *See, e.g.*, *Doe* v. *Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) (reversing dismissal of state law claims for lack of supplemental jurisdiction because "Title IX retaliation and *quid pro quo* claims endure[d]" and provided original jurisdiction); *Arthur Glick Truck Sales* v. *H.O. Penn Mach. Co.*, 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) (remanding case only where "[n]o claims remain in which this court has original jurisdiction").

*Claims of Settling Plaintiffs.*  With respect to the individuals covered by the settlement, the Court can and should exercise its discretion to maintain supplemental jurisdiction over the contribution claims, including because it is the most experienced and convenient forum

for the parties.  These are the very "considerations" the Third Circuit cited as relevant to whether district courts should exercise supplemental jurisdiction.  *See Borough of West Mifflin* v. *Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (citing "considerations of judicial economy, convenience, and fairness to the parties" as "affirmative justification for" exercising supplemental jurisdiction).

The case before the Court is the quintessential example of these considerations. After three years of litigation, this Court is intimately familiar with the underlying facts, the dangers of SoClean's illegal products (including from a "Science Day" and from the testimony of two court-appointed FDA experts), the underlying claims for which the Philips parties seek contribution, and the history of this litigation.  The parties have extensively benefited from the supervision of a discovery special master, who has worked tirelessly with counsel to manage discovery proceedings and keep these cases on track.  And the Court, as well as Special Master Vanaskie, have become familiar with relevant legal principles through extensive briefing over the past three years.  Although the contribution claims will require some amount of individualized discovery—at least for the bellwethers—SoClean fails to show how conducting that discovery for all devices users in 34 separate jurisdictions around the country will somehow be more efficient and less burdensome.[5]  In truth, in circumstances like these—where the judicial economy benefits are obvious—courts in this Circuit have repeatedly exercised their discretion to maintain supplemental jurisdiction.  *See Owoh* v. *PHH Mortg. Servs.*, 2021 WL 3400774, at *2 (D.N.J. Aug. 4, 2021) (retaining supplemental jurisdiction where the court was "very familiar with this case and has already expended the judicial resources to review the pleadings"); *Milhouse*

---

[5]    Section 11.5 of the settlement also provides that "any disputes related to this [Master Settlement Agreement] will be brought in the United States District Court for the Western District of Pennsylvania (Conti, J.)."  (ECF No. 2768-1, at 19.)

v. *Rajjoub*, 2019 WL 2567680, at *4 (M.D. Pa. June 21, 2019) (opting to exercise supplemental jurisdiction "[i]n the interests of judicial economy, convenience, and fairness to the parties"); *McClure* v. *City of Harrisburg*, 2014 WL 4828869, at *8 (M.D. Pa. Sept. 29, 2014) (exercising supplemental jurisdiction "in the interests of judicial economy").

### B.    The Philips Parties' Contribution Claims Are Permissible Under Rule 14, Dispelling Any Ripeness Concerns.

SoClean's ripeness objection, which hinges on the fact that the settlement could still be terminated within the next two months,[6] departs from settled precedent. Contrary to SoClean's suggestion, the law governing Rule 14(a)(1) third-party complaints makes clear that the Philips parties' claims should proceed now. *See, e.g.*, *Bachtell* v. *Gen. Mills*, 2020 WL 247171, at *2 (M.D. Pa. Jan. 15, 2020) ("Rule 14(a)(1) authorizes a third-party plaintiff to bring an unripe contribution claim against a third-party defendant, even though its actionability is contingent on an underlying judgment being entered."); *Mount Pocono Municipal Auth.* v. *RKR Hess*, 2021 WL 3674639, at *3 (M.D. Pa. Aug. 19, 2021) ("[C]ourts in this circuit routinely permit third-party indemnification and contribution claims before the prime obligation to pay materializes."); *Davis Pickering & Co.* v. *Worley Field Servs.*, 2023 WL 2163886, at *4 (E.D. Pa. Feb. 22, 2023) ("Third-party claims that depend on or are derivative of the success of a party's claims in underlying litigation are not necessarily premature."); ROBERT S. FISCHLER & HARVEY J. WOLKOFF, 1 BUS. & COM. LITIG. FED. CTS. § 10:9 (2022) ("Although the third-party plaintiff must have a substantive right to relief, the claim need not be ripe. Indeed, one of the principal purposes of third-party

---

[6]    For this reason, SoClean's ripeness challenge does not even apply to the contribution claims for plaintiffs ineligible for the settlement.

practice is to achieve the efficiencies associated with 'accelerating' the adjudication of third-party claims.").[7]

Tellingly, SoClean ignores the actual text of Rule 14(a)(1), which provides considerable latitude for defendants to bring third parties into a lawsuit. In particular, a third-party complaint may be served on "a[ny] non party who is or *may be liable* to [the defendant] for all or part of the claim against [the defendant]." Fed. R. Civ. P. 14(a)(1) (emphasis added). This "may be liable" language clearly permits impleader for contribution *even if* the claim for relief has not yet accrued.

SoClean relies on inapposite cases to claim there is a "general rule" that a claim for "contribution does not arise until the party seeking contribution has paid." (SoClean Br. at 10 (citing *Sea-Land Serv.* v. *United States*, 874 F.2d 169, 171 (3d Cir. 1989)).) But that is incorrect; in fact, the primary case on which SoClean relies (along with the numerous others it cites) did not even involve a third-party complaint brought under Rule 14(a)(1). *See Sea-Land Serv.* v. *United States*, 689 F. Supp. 450, 451 (D.N.J. 1988) (the "instant suit" was brought in New Jersey under the Public Vessels Act following dismissal of a third-party complaint in New York).[8] In those

---

[7]    For additional authority, *see Andrulonis* v. *United States*, 26 F.3d 1224, 1233 (2d Cir. 1994) (Rule 14(a)(1) "permits a defendant to bring in a third-party defendant *even though the defendant's claim is purely inchoate . . .* so long as the third-party defendant *may* become liable for all or part of the plaintiff's judgment"); *Millers Cap. Ins., Co.* v. *Hydrofarm*, 340 F.R.D. 198, 213 (D.D.C. 2022) ("[U]nder Rule 14, a claim for contribution need not have accrued in order for a third-party plaintiff to seek indemnification from a third-party defendant."); *Nat'l Union Fire Ins. Co.* v. *FDIC*, 887 F. Supp. 262, 264 (D. Kan. 1995) (permitting impleader of third-party defendant against third-party defendant "even though under Kansas substantive law those claims have not yet accrued").

[8]    *See also J.V. Mfg.* v. *Dematic Corp.*, 2023 U.S. Dist. LEXIS 47521 (W.D. Pa. 2023) ("stand-alone [contribution] action," not Rule 14(a) third-party complaint); *In re Cendant Corp. Deriv. Action Litig.*, 96 F. Supp. 2d 394, 395 (D.N.J. 2000) (complaint from shareholder derivative plaintiff, not Rule 14(a) third-party complaint); *Robertson* v. *McCarte*, 433 N.E.2d 1262, 1263 (Mass. App. Ct. 1982) (contribution raised by plaintiffs in standalone action, not third-party complaint).

instances where contribution claims have been dismissed for lack of ripeness, they "dealt with situations where the action to determine liability on the underlying claim and the indemnification or contribution claim were brought in separate actions." *Hecht* v. *Summerlin Life & Health Ins. Co.*, 536 F. Supp. 2d 1236, 1241 (D. Nev. 2008). In a similar vein, none of SoClean's citations to state contribution statutes (SoClean Br. at 10-11) explains how these laws are applied in the context of *Rule 14(a) complaints*. SoClean even acknowledges in its brief that its arguments are inapplicable to the Rule 14(a)(1) paradigm. (*See* SoClean Br. at 11-12 (contrasting Second Circuit case involving Rule 14(a)(1) third-party complaint with Third Circuit case involving standalone contribution complaint).)

SoClean next claims this case is not the "'typical' Rule 14 impleader, where the parties are known and the injuries on which contribution is sought are identifiable.'" (*Id.* at 12.) But again, the Court already anticipated and addressed any such concern by adopting a master third-party complaint process to "avoid the inefficiencies of drafting individual personal injury complaints and individual answers to those individual complaints at this stage of the litigation." (ECF No. 2745 at 1.) *See In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 453 (E.D. La. 2006) ("Master complaints help the Court and the parties focus on common issues in an efficient and effective manner."). To be sure, the parties will need to engage in individual discovery for the bellwethers, but the Philips parties have proposed that bellwether selection (and attendant individual discovery) should not occur until *after* the settlement's termination date. (*See* ECF No. 2925-1 at 4 n.7; Sept. 19, 2024 CMC Tr. at 14.)

Finally, SoClean pretends that standard settlement provisions in the Personal Injury Master Settlement Agreement somehow prevent the Philips parties from identifying individual settling plaintiffs and their injuries from information provided under the settlement. (SoClean Br.

-11-

at 12.)  But SoClean is simply misreading those provisions.  SoClean claims Section 11.9 prohibits

the Philips parties from introducing "any Registration Form and the executed attachments thereto"

in any legal proceeding.  (*Id.*)  Section 11.9 includes a standard use restriction ("No Party or

claimant shall seek to introduce . . . in any judicial proceeding . . .") *as well as* several standard

exclusions and carve-outs from that use restriction (". . . except insofar as necessary to enforce the

terms of this Settlement or . . .").  (ECF No. 2768-1 at 19.)  The phrase, "any Registration Form

and the executed attachments thereto," upon which SoClean relies, falls among *the carve-outs*.

(*Id.*)[9]  Further, as noted on Page 6 of the settlement, "nothing [in the Master Settlement Agreement]

precludes the Philips Defendants from pursuing contribution claims against the Ozone Cleaning

Companies," including SoClean.  (*Id.* at 6.)  As to Section 11.10, the "content of the

negotiations . . . and settlement discussions" (*id.* at 19) is plainly a reference to the settlement

negotiations with Judge Welsh, not the information provided by registrants on their registration

forms.

   **C.    Contrary to SoClean's Argument, Striking the Master Complaint Would Massively Complicate the Contribution Litigation and Prejudice the Parties.**

      SoClean "has not put forward any non-conclusory reason that the issues asserted in

the Third-Party Complaint would be more effectively litigated" in separate proceedings around the

country.  *Gonzalez* v. *New Jersey*, 2019 WL 291162, at *4 (D.N.J. Jan. 23, 2019) (denying Rule

_____

[9]      "No Party or claimant shall seek to introduce and/or offer the terms of this Settlement, any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement, or any statements in the documents delivered in connection with this Settlement, or otherwise rely on the terms of this Settlement, in any judicial proceeding, **_except_** insofar as necessary to enforce the terms of this Settlement or the releases provided pursuant to the Settlement, in connection with the determination of any income tax liability of a party, or in relation to any instrument executed and delivered pursuant to this Settlement *(including any Registration Form and the executed attachments thereto)*."  (ECF No. 2768-1 at 19 (emphasis added).)

14(a)(4) motion to strike third-party complaint). Although SoClean complains that "seeking contribution under the law of 35[*sic*] different states . . . inject[s] undue complexity into this litigation," SoClean Br. at 13, SoClean never explains why resolving contribution claims in 34 different *courts*—the alternative to addressing these third-party claims in this one MDL court—would somehow be the better and more efficient choice. In fact, in rejecting SoClean's arguments against the master complaint process, this Discovery Special Master made clear that differences in state law was "not a reason to delay the filing of Defendants' contribution claims through a master complaint." (ECF No. 2708, at 3.) This Court, including with the assistance and benefit of Special Master Vanaskie, is more than capable of analyzing the laws of multiple states—and has done so on multiple occasions in this MDL already. (*See, e.g.*, ECF Nos. 919-1, 1359-1 through 1359-5 (surveys of substantive state law incorporated into motions to dismiss for failure to state a claim).) The proper way to address any state law variations, consistent with prior practice, is for SoClean to have made a Rule 12(b)(6) motion to dismiss and accompanied it with an appendix outlining any relevant variances. SoClean chose not to do so here.[10]

SoClean objects to the Philips parties' contribution claims in just *four* states and argues that these supposed deficiencies justify striking the *entire* Master Complaint. (SoClean Br. at 15.) SoClean's objections do not withstand basic scrutiny on the substantive merits, let alone the procedural ones. For example, the Philips parties *agree* with SoClean that no contribution

---

[10]    The Philips parties spent significant resources considering any state-level variations when they carefully drafted their Master Complaint and identified which theories of injury (not all) should be asserted under which states' laws (not all). SoClean ignores that the Philips parties have not asserted claims under all 50 states' laws. SoClean also ignores that the Philips parties have not asserted the same contribution theories across all of the remaining 34 states' laws. For example, in New York, the Philips parties sought contribution only with respect to non-settling device users (Am. Compl. ¶ 168), whereas the Philips parties sought contribution with respect to both settling and non-settling device users in Nevada (Am. Compl. ¶¶ 158-59). This was all consistent with the applicable state law, which SoClean largely ignores in its brief.

remedy is available with respect to the New York-based consumer plaintiffs opting into the settlement. It is for this exact reason that the Philips parties' request for contribution on the New York count was limited to "Device Users who do *not* participate in the Settlement Fund." (Am. Compl. ¶ 168 (emphasis added).)

SoClean also confuses the contribution laws of Kansas and Nebraska, suggesting that *Comeau* v. *Rupp*, a Kansas case analyzing Kansas law, states that *Nebraska* does not recognizes a right to contribution between tortfeasors not originally joined by a plaintiff. 762 F. Supp. 1434, 1439 (D. Kan. 1991) ("The right to contribution is equally restrictive *in Kansas* . . . ."). But *Nebraska* law cases, such as *Reese* v. *AMF-Whitley*, make clear that "there is no absolute bar to contribution among negligent joint tortfeasors," including in the context of "an independent action for contribution by the original defendant." 420 F. Supp. 985, 987 (D. Neb. 1976). The Philips parties knew all of this when they drafted their Master Complaint, and that is precisely why they asserted contribution claims under Nebraska law, but not Kansas law. (*See* Am. Compl. ¶¶ 153-56.)

Finally, SoClean's objections under Pennsylvania and Oklahoma law stem from a flawed and incorrect reading of Paragraphs 2 and 14 of the Master Complaint. SoClean suggests that it is inconsistent for the Philips parties to plead that (i) the liability claims of non-settling plaintiffs are meritless and (ii) if a jury finds that those liability claims do, in fact, have merit, then SoClean is at least partially responsible. (SoClean Br. at 15-16.) There is no inconsistency here. In a similar vein, SoClean objects that the Philips parties cannot use the phrase "either in whole or in part" in the Master Complaint when describing SoClean's apportionment of responsibility under Pennsylvania and Oklahoma law. (*Id.* at 15.) Setting aside the nonsensical notion that the entire Master Complaint should be stricken as a result of this standard language, "[p]leadings under

alternative theories may be plausible, and thus sufficient to withstand a motion to dismiss even if one or both theories both ultimately fail." *Forrester Lincoln Mercury* v. *Ford Motor Co.*, 2012 WL 1642760, at *6 (M.D. Pa. May 10, 2012). These "alternative pleadings are common, encouraged, and employed as a matter of general practice." *Id.* The assessment of who is liable and in what proportion is for another day, and certainly does not warrant striking the Master Complaint.

## CONCLUSION

The Court should deny SoClean's and DW's motions.

Dated: October 24, 2024                    Respectfully submitted,

                                           /s/  Erik T. Koons
                                           Erik T. Koons (NY Bar No. 2941102)
                                           (erik.koons@bakerbotts.com)
                                           Sterling Marchand
                                           (sterling.marchand@bakerbotts.com)
                                           (DC Bar No. 1001065)
                                           BAKER BOTTS LLP
                                           700 K Street, NW
                                           Washington, DC  20001
                                           Tel:  (202) 639-7700
                                           Fax:  (202) 585-1086

                                           /s/  Andrew T. George
                                           Andrew T. George (PA Bar No. 208618)
                                           (andrew.george@bgblawyers.com)
                                           BOURELLY, GEORGE + BRODEY PLLC
                                           1050 30th Street, NW
                                           Washington, DC  20007
                                           Tel:  (202) 753-5012
                                           Fax:  (703) 465-8104

                                           *Counsel for Philips RS North America LLC*

                                           /s/  Michael H. Steinberg
                                           Michael H. Steinberg (CA Bar No. 134179)
                                           (steinbergm@sullcrom.com)
                                           SULLIVAN & CROMWELL LLP
                                           1888 Century Park East
                                           Los Angeles, CA  90067
                                           Tel:  (310) 712-6670
                                           Fax:  (310) 712-8800

                                           /s/  William B. Monahan
                                           Tracy Richelle High (NY Bar No. 3020096)
                                           (hight@sullcrom.com)
                                           William B. Monahan (NY Bar No. 4229027)
                                           (monahanw@sullcrom.com)
                                           SULLIVAN & CROMWELL LLP
                                           125 Broad Street
                                           New York, NY  10004-2498
                                           Tel:  (212) 558-4000
                                           Fax:  (212) 558-3588

*Counsel for Koninklijke Philips N.V., Philips Holding USA, Inc., Philips North America LLC, and Philips RS North America Holding Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 24, 2024, the foregoing document was filed electronically with the Clerk of Court, using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Court's ECF system.

*/s/ Michael H. Steinberg*
Michael H. Steinberg