UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BILEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: No. 21-MC-1230<br>MDL No. 3014 |
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>Defendants / Third-Party Plaintiffs,<br><br>-v-<br><br>SOCLEAN, INC., et al.,<br><br>Third-Party Defendants. | |
| IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Master Docket: No. 22-MC-152<br>MDL No. 3021 |
| PHILIPS RS NORTH AMERICA LLC, on behalf of, and as assignee of claims of, individual Class Members<br><br>Plaintiff,<br><br>-v-<br><br>SOCLEAN, INC., et al.,<br><br>Defendants. | |

**DEFENDANT SOCLEAN, INC'S OPPOSITION PHILIPS DEFENDANTS' MOTION TO COMPEL NEW COUNSEL FOR THE SOCLEAN AND DWHP DEFENDANTS TO PARTICIPATE IN RULE 26(f) CONFERENCES AND RELATED PROCEDURES**

Defendant SoClean, Inc., (hereinafter "SoClean") responds the Motion to Compel New Counsel for the SoClean and DWHP Defendants to Participate in Rule 26(f) Conferences and Related Procedures on the following grounds.

149272464.1   1

**I.      INTRODUCTION**

Although SoClean does not oppose participating in a Rule 26(f) conference with the Philips Defendants per se, significant issues relating to the scope and timing of discovery will arise if those conferences occur prior to a ruling on SoClean's pending motions challenging the Philips Defendants' Third-Party Complaint in MDL 3014 and their Class Action Complaint in MDL 3021. Philips' motion to compel a Rule 26(f) conference is nothing more than a further step in their apparent effort to wage all-out war on SoClean and is clearly intended to open full merits discovery before the Court decides SoClean's pending motions.

SoClean's motions seek dismissal of both complaints, with its motion to dismiss the Third-Party Complaint also challenging personal jurisdiction. In the Third Circuit, courts regularly postpone Rule 26(f) conferences and the commencement of discovery until after such motions are decided, recognizing the scope-narrowing effect such motions have on discovery. Similarly, when a defendant challenges personal jurisdiction, even jurisdictional discovery is limited to prevent the plaintiff from engaging in a fishing expedition under the guise of jurisdictional discovery. Simply put, there is nothing improper or irregular about postponing a Rule 26(f) conference until after pending motions to dismiss are decided.

The Philips Defendants ignore the scope-narrowing impact SoClean's motions will have on the Class Action Complaint and the Third-Party Complaint, but the Court should not. Should SoClean's motions be granted, both complaints will be dismissed or stricken. And even if the motions are granted only in part, the scope of issues raised by the complaints stand to be substantially reduced.

Clearly, the Philips Defendants' intent in seeking to compel a Rule 26(f) conference is to open the door for full merits discovery prior to rulings on the pending Motions to Dismiss. They

make arguments paying lip service to coordination and avoiding duplication of efforts already undertaken in discovery with respect to other currently pending disputes between the parties in the business-to-business suit. They proffer these arguments as though there is urgency to complete the discovery in the newly filed actions on the discovery timetable in the pre-existing actions. But the inescapable fact is that the Class Action Complaint and the Third-Party Complaint both will involve significant, particularized third-party discovery and will therefore need to proceed on timetables separate from those governing the business-to-business suit.

## II.   ARGUMENT

### A.   The Scope of Discovery will be Significantly Impacted by the Court's Ruling on SoClean's Pending Motions Challenging Those Complaints.

The crux of the Philips Defendants' motion is that pending motions to dismiss provide no basis to stay discovery. (ECF Doc. No. 765, at pp. 1-2.) While it is true that a motion to dismiss does not automatically stay discovery, it is also the case that Rule 26(d) of the Federal Rules of Civil Procedure prohibits a party from seeking discovery from any source before the parties have held a Rule 26(f) conference. That fact makes clear that the Philips Defendants' effort to compel a Rule 26(f) conference is designed to launch full discovery and to wage war against SoClean on all fronts.[1]

Furthermore, the Philips Defendants' argument is contrary to Third Circuit case law. "While the court should not automatically stay discovery because a motion to dismiss has been filed, 'a stay is proper where the likelihood that such motion may result in a narrowing or an

---

[1] The Court is already aware of the disparity in the parties' resources and SoClean's precarious financial situation. It is therefore readily apparent that the Philips Defendants' efforts to initiate discovery with respect to the Class Action Complaint and Third-Party Complaint is aimed at furthering their strategy of outspending SoClean through onerous discovery efforts. Thus, even if a Rule 26(f) conference is held, SoClean does not waive any objections to discovery.

outright elimination of discovery outweighs the likely harm to be produced by the delay.'" *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quoting *Weisman v. Mediq, Inc.*, 1995 WL 273678, *2 (E.D.Pa.1995)).

The Third Circuit has specifically recognized that "motions to dismiss filed under [Fed. R. Civ. P. 12(b)(6)] should typically 'be resolved before discovery begins.'" *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997)). This is because "[t]he Rule 12(b)(6) procedure 'streamlines litigation by dispensing with needless discovery and factfinding . . . .'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)).

Similarly, challenges to personal jurisdiction also support holding discovery procedures in abeyance. *Kabbaj v. Simpson*, No. CIV.A. 12-1322-RGA, 2013 WL 867751, at *2 (D. Del. Mar. 7, 2013), report and recommendation adopted, No. CIV.A. 12-1322-RGA, 2013 WL 1405948 (D. Del. Apr. 8, 2013) ("Since defendant raised lack of personal jurisdiction under Rule 12(b)(2), until the court has the opportunity to evaluate the validity of plaintiffs arguments and evidence in support of personal jurisdiction over defendant, discovery may be held in abeyance.") When personal jurisdiction is challenged, courts will not allow even jurisdictional discovery—much less full merits discovery—absent allegations supported by competent evidence that the defendant may be subject to the court's jurisdiction. *Mass. Sch. of Law at Andover, Inc. v. Amer. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997); *Hansen v. Neumeller GmbH*, 163 F.R.D. 471, 475 (D.Del.1995). Adherence to that rule prevents plaintiffs from using jurisdictional discovery as a guise for a

fishing expedition. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).[2]

Here, the Philips Defendants position is patently at odds with how courts in the Third Circuit routinely address discovery while a motion to dismiss for lack of personal jurisdiction is pending. Clearly, SoClean's motions, if granted, would eliminate or at least significantly narrow the scope of the Philips Defendants Class Action Complaint (asserting the claims assigned per the economic loss settlement) and the Third-Party Complaint (asserting contribution claims). This is not a situation where some claims are not subject to a motion to dismiss and the parties know that discovery will take place with respect to at least some claims and some efficiency could arguably be realized by allowing discovery to proceed with respect to the unchallenged claims. To the contrary, SoClean's motions provide legitimate bases to dismiss or strike both complaints in their entirety. For example, SoClean objects to personal jurisdiction over the 36 different contribution claims the Philips Defendants assert in the Third-Party Complaint. Elimination of all, or even of some of those claims, will significantly impact the scope of discovery.

Predictably, the Philips Defendants attempt to lay blame at SoClean's feet, arguing that the failure to hold a Rule 26(f) conference "has already all but guaranteed substantial delay, non-coordination across actions, and duplication of burden and expenses." But their parade of horribles is completely unsubstantiated. Indeed, to the extent there is any delay or non-coordination across actions, it arises only because the Philips Defendants that did not file the Class Action Complaint and the Third-Party Complaint until the litigation in these MDLs had been pending for nearly three years. Given the Philips Defendants' late filing of those complaints, it simply is not practical to

---

[2] This makes beginning the discovery process on the Third-Party Contribution case, before jurisdictional issues are decided and the identity of the device users are known, particularly premature.

attempt to have discovery concerning their complaints somehow track or follow any case management or scheduling orders already set by the Court with respect to the business-to-business dispute.

Ignoring the complexities posed by their Class Action Complaint and Third-Party Complaint, the Philips Defendants incredibly argue that "the contribution and assigned claims will require relatively limited additional discovery given the discovery that has already occurred in the related proceedings." (ECF Doc. No. 765, at pp. 2-3.) To the contrary, the extent and scope of that particularized discovery will be meaningfully impacted by the Court's rulings on SoClean's pending motions to dismiss. Indeed, should the Court conclude it lacks jurisdiction over the Third-Party Complaint, no discovery will occur with respect to that complaint.

In reality, the Philips Defendants are attempting to advance a "heads I win, tails you lose" strategy. On the one hand, they cite to rules that clearly apply at the outset of a newly-filed litigation. Under LCvR 16.1, the Court is directed to enter an order setting forth the date and time of an initial scheduling conference and the dates by which the parties shall confer and file the written report required by Rule 26(f). That order is to be issued "[a]s soon as practicable but not later than thirty (30) days after the appearance of a defendant . . . ." *Id.* LCvR 16.1 is applicable to the Class Action Complaint and the Third-Party Complaint only to the extent they are to be treated as newly filed actions as opposed to complaints filed in pending actions. SoClean does not disagree that both complaints should be treated as newly-filed actions, noting that both complaints were directly-filed in this MDL. But a newly-filed action cannot be held to any scheduling or case management order entered with respect to actions, such as the business-to-business dispute, that have been pending for years. The Philips Defendants' suggestion to the contrary is frankly ludicrous. And the fact that the Class Action Complaint and Third-Party Complaint should be

149272464.1    6

treated as newly-filed actions does not alter the fact that postponing the Rule 26(f) conference and ensuing merits discovery until after resolution of SoClean's motions to dismiss is the plainly prudent procedure to follow.

## III.  CONCLUSION

SoClean submits to this Court that the initiation of discovery should wait based on its pending motions attacking the Third-Party Complaint and Class Action Complaint which may negate or impact the scope of discovery and therefore opposes Philip's motion to compel the Rule 26(f) conference.

    Respectfully submitted,

    /s/ Ashley N. Rodgers
    Michelle R. Gilboe
    *Admitted Pro Hac Vice*
    Ashley N. Rodgers
    PA State Bar No. 314017

    Lewis Brisbois Bisgaard & Smith LLP
    One PPG Place, 28th Floor
    Pittsburgh, Pennsylvania 15222
    412.752-7254
    Michelle.Gilboe@lewisbrisbois.com
    Ashley.Rodgers@lewisbrisois.com

    *Attorneys for SoClean, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that the within document was electronically filed with the Court and served on all counsel of record via the CM/ECF filing system on this 25th day of November, 2024.

              LEWIS BRISBOIS BISGAARD & SMITH, LLP

              By: */s/ Ashley N. Rodgers*
                 Ashley N. Rodgers, Esquire
                 *Counsel for Defendant*