# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: Contribution Claims and Assigned Claims | Master Docket Nos: 21-mc-1230 and 22-mc-152<br>MDL Nos. 3014 and 3021 |

## **THE PHILIPS PARTIES' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

The Philips parties submit this brief reply in response to SoClean's Opposition to the Philips parties' Motion.

*First*, the Motion is fundamentally about coordinating proceedings between SoClean and the Philips parties, thereby facilitating efficiencies and reducing party expenditures. While the MDLs are separate, they are factually intertwined, which led this Court to direct the parties to coordinate discovery to avoid duplication. *See* SoClean MDL Conf. Tr. (Aug. 22, 2024) at 22:4–11 ("You're not going to have to re-do discovery that has already occurred. . . . [Y]ou'll keep the two MDLs separate but coordinated."); *id.* at 38:18–39:6 ("[W]hether you call it an assignment or a contribution or you're saying that Philips, your devices were harmed by those and, therefore, you have direct claims there, it's sort of all around the same issue. . . . Those issues are all there. You're not going to be able to duplicate that discovery over and over again."). SoClean's new counsel's refusal to participate in even the most basic aspects of these cases, such as participating in a Rule 26(f) conference, ignores the Court's repeated directives to coordinate.

And if the Court's prior guidance was not clear enough, the Court's advice to SoClean at the November 13, 2024 case management conference was unmistakable: "SoClean is the party so

their new counsel would have to participate in any conference or proceeding that's related to the matters that they are involved with as counsel." SoClean MDL Conf. Tr. (Nov. 13, 2024) at 10:20–23; *see also id.* at 11:15–17 (Mr. Koons: "SoClean, with respect to the claims at issue, should be meeting and conferring under Rule 26." The Court: "That would be my understanding."); *id.* at 12:9–10 ("[I]f you are the party . . . you have to participate period.").[1] Despite the Court's clear direction, SoClean nonetheless filed its Opposition, causing further delay, and asserted unsupported arguments necessitating this reply.

*Second*, SoClean inaccurately and hyperbolically states that the Philips parties' motion is designed to facilitate "all-out war" and "full merits discovery." Opp. at 2. It is neither. This is a good faith attempt at following the Court's directive to keep the MDLs coordinated in order to save resources. In fact, as the Motion explains and the Opposition ignores, much of the discovery relevant to the assigned and contribution claims has *already* occurred. What remains is *not* the "full merits discovery" imagined by SoClean, but rather, only the limited, incremental discovery necessary for those claims.[2] For instance, while the impact of SoClean's ozone *on PAP foam* is well known from discovery in the business-to-business action, SoClean has not yet responded to discovery concerning (i) ozone's impact on PAP *accessories* (relevant to the assigned claims),

---

[1] As the Philips parties agreed at the Case Management Conference on November 13, 2024, they are not seeking to compel any party other than SoClean, Inc. to participate in discovery proceedings at this time. SoClean MDL Conf. Tr. (Nov. 13, 2024) at 10:20–11:16. SoClean is not disputing personal jurisdiction on the contribution claims. While SoClean has asserted a baseless challenge to personal jurisdiction on the assigned claims (after litigating in this Court for three years), the Philips parties have *not* asserted an alter-ego theory of personal jurisdiction over SoClean. In any event, KPNV participated in merits discovery during the pendency of its personal jurisdiction challenge.

[2] The Philips parties have explained this point to new counsel for SoClean during several phone calls, so it was surprising to see SoClean claim in its Opposition that the Philips parties were seeking "full merits discovery" through this Motion. Opp. at 2.

(ii) the extent to which residual ozone remains in the PAP after a SoClean ozone cycle (relevant to the contribution claims, which focus on direct ozone inhalation), and (iii) the extent to which SoClean's ozone escapes from the PAP and enters the user's room (again, relevant to the contribution claims). The Philips parties seek SoClean's participation in a Rule 26(f) conference so this limited incremental discovery can commence.[3] A request for SoClean to comply with the Federal Rules is nothing akin to "wag[ing] all-out war." Opp. at 3.[4]

*Third*, SoClean argues the Philips parties are responsible for any delay because they did "not file the Class Action Complaint and the Third-Party Complaint until the litigation in these MDLs had been pending for nearly three years." Opp. at 5. This is yet another mischaracterization. The Philips parties of course did not, and could not, file the assigned claims earlier; they did not own those claims until the Economic Loss Settlement became final *on May 28, 2024*.[5] And as for the contribution claims, it was *SoClean's* stalling tactics that precluded the

---

[3] The Philips parties recognize that for the contribution claims, bellwethers ultimately will need to be selected, and there will need to be individualized discovery at the appropriate time on those bellwethers. But that is not what the Motion is about. The Philips parties only seek to take *generally applicable* discovery at this time, not bellwether-specific discovery. In fact, the Court has already made clear that bellwethers will not be selected until a later date, after the termination date for the Personal Injury Settlement has passed. SoClean MDL Conf. Tr. (Sept. 19, 2024) at 14:15–17 ("[Y]ou don't pick bellwether cases until you know who's in and who's out.").

[4] SoClean also complains of "the disparity in the parties' resources" and its "precarious financial situation." Opp. at 3 n.1. But even setting aside SoClean's litigation funding, SoClean is suing the Philips parties for $200 million for making truthful statements about the impacts of ozone. And while SoClean's claims are baseless and inflated, the Philips parties are allowed to pursue claims that, as here, would offset any hypothetical recovery by SoClean.

[5] On April 25, 2024, the Court entered its Order Granting Final Approval of Class Settlement. MDL 3014, ECF No. 2736. The appeal period expired on May 28, 2024. Fed. Rs. Civ. P. 4(a)(1)(A) and 6(a)(1)(C).

Philips parties from proceeding on those claims earlier.[6] In fact, denial of this Motion will likely guarantee delay, requiring these MDLs to remain open for longer than they otherwise would need to remain open. *See* SoClean MDL Conf. Tr. (Aug. 22, 2024) at 24:9–13 ("Onto the case scheduling. . . . Let me start off by saying, the litigation is now coming up to its third year. It is not going to be delayed. Anything that I see as pushing, pushing the time frames down, we're not going to do.").

*Finally*, SoClean does not explain why it should play by different rules than those that applied when SoClean took discovery of the Philips parties when *Philips'* motions to dismiss were pending. Philips' motions also sought dismissal of *all* of SoClean's claims, just like SoClean is now seeking dismissal of all of Philips' claims. SoClean was perfectly happy to proceed with discovery on *its* claims during the pendency of the Philips parties' motions to dismiss, and SoClean cannot have it both ways.

For these reasons, the Court should reject SoClean's attempts to stall the Philips parties' claims while SoClean proceeds with its own claims against the Philips parties, and grant the Motion to Compel.

---

[6] As the Court will likely remember, at the beginning of this year, SoClean sought to prevent the Philips parties from even bringing their contribution claims, ultimately requiring an R&R from Special Master Katz and then an Order from the Court. *See* MDL 3014, ECF Nos. 2647, 2675, 2708, 2728, 2733, 2740, 2745. Then, following the filing of the Complaint, SoClean caused further delay by challenging the Philips parties' use of SoClean's documents under the protective orders. MDL 3014, ECF Nos. 2961, 2975; MDL 3021, ECF Nos. 692, 702. Then, new counsel for SoClean appeared, creating more delay. MDL 3014, ECF No. 2970; MDL 3021, ECF No. 687. And now, with all that finally done, SoClean is still refusing to participate in discovery, even after the Court's statements at the November 13, 2024 case management conference.

Dated: December 3, 2024

/s/ *Michael H. Steinberg*
Michael H. Steinberg (CA Bar No. 134179)
(steinbergm@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA  90067
Tel:  (310) 712-6670
Fax:  (310) 712-8800

/s/ *Tracy Richelle High*
Tracy Richelle High (NY Bar No. 3020096)
(hight@sullcrom.com)
William B. Monahan (NY Bar No. 4229027)
(monahanw@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation*

Respectfully submitted,

/s/ *Erik T. Koons*
Erik T. Koons (NY Bar No. 2941102)
(erik.koons@bakerbotts.com)
BAKER BOTTS LLP
700 K Street, NW
Washington, DC  20001
Tel:  (202) 639-7973
Fax:  (202) 585-1086

/s/ *Andrew T. George*
Andrew T. George (PA Bar No. 208618)
(andrew.george@bgblawyers.com)
BOURELLY, GEORGE + BRODEY PLLC
1050 30th Street, NW
Washington, DC  20007
Tel:  (202) 753-5012
Fax:  (703) 465-8104

*Counsel for Philips RS North America LLC*