IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions Asserting Claims for Medical Monitoring | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND RELEASE OF MEDICAL MONITORING CLAIMS, FINAL JUDGMENT, INJUNCTION AND ORDER OF DISMISSAL**

AND NOW this 5th day of December, 2024, upon consideration of the Settlement Class Representatives' Motion for Final Approval of Class Settlement Agreement and Release of Medical Monitoring Claims, and after dissemination of Notice to Settlement Class Members and a Final Fairness Hearing held on October 30, 2024, it is hereby ORDERED, ADJUDGED AND DECREED, AND FINAL JUDGMENT IS ENTERED, as follows:

1. The MDL Court has subject-matter jurisdiction over the above-captioned actions and jurisdiction over all members of the Settlement Class, and Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants") have submitted to the jurisdiction and venue of this MDL Court for purposes only of this Settlement and the enforcement of the payment and performance obligations and injunctive relief thereunder.

2. All terms in initial capitalization used in this Final Judgment and Order shall have the same meanings as set forth in the Settlement Agreement.

3. On June 27, 2024, the MDL Court entered an Order in which it, *inter alia*, preliminarily approved the Settlement, conditionally certified the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(2) for settlement purposes only, directed Notice to Settlement Class Members, and approved the retention of BrownGreer PLC ("BrownGreer") as Notice Administrator and QSF Administrator, Wolf Global Compliance as Settlement Administrator, and Huntington National Bank as Custodian Bank (ECF No. 2864).

4. On October 9, 2024, the Settlement Class Representatives filed a Motion for Final Approval of Class Settlement Agreement and Release of Medical Monitoring Claims and filed a brief in support of final approval and in response to the objections to the Settlement filed by certain Settlement Class Members.

5. On October 17, 2024, Settlement Class Counsel filed additional timely objections received after October 9, 2024, an amended brief in response to those objections, and amended objection charts (exhibits 3a and 3b to the brief).

6. On October 24, 2024, the Notice Administrator sent each objector by email or overnight mail the amended objection charts and notified them that the response to their objection is included in the brief, which may be found in the "Settlement Program Documents" section of the Settlement Website.

7. On October 30, 2024, the MDL Court held a Final Fairness Hearing to consider whether the Settlement should be finally approved under Rule 23(e)(2) as fair, reasonable, and adequate.

8. The MDL Court has reviewed the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, and finds that they are fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The MDL Court finds that the Settlement is in full compliance with all applicable requirements of the Federal Rules of Civil

Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and any other applicable law.

9. The MDL Court finds that the Settlement was negotiated at arm's-length before the MDL Court-appointed Settlement Mediator, Hon. Diane M. Welsh (Ret.); there was sufficient formal and informal discovery; the Parties and counsel were knowledgeable about the facts relevant to the Medical Monitoring Claims and the substantial risks, burdens, expense and delay of continued litigation of the Medical Monitoring Claims; and the Parties were represented by highly capable counsel with substantial experience in class action and products liability litigation.

10. The MDL Court also specifically considered the *Girsh* factors, including the complexity, expense, and likely duration of litigation of the Medical Monitoring Claims; the favorable reaction of the Settlement Class, as demonstrated by the low percentage of objections; the stage of proceedings; the significant risks of establishing liability and class certification; and the range of reasonableness of the Settlement in light of the best possible recovery and attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The MDL Court finds that these factors weigh in favor of approving the Settlement.

11. The MDL Court has carefully considered the objections to the Settlement filed by certain Settlement Class Members, and hereby finds that none of those objections is meritorious.

12. The MDL Court finds that the dissemination of Notice as set forth in the Declaration of Orran L. Brown, Sr. of BrownGreer (ECF No. 3003-1) was in compliance with the MDL Court's June 27, 2024 Preliminary Approval Order, and that notice satisfies Federal Rules of Civil Procedure 23(c) and 23(e) and due process.

13. A full opportunity has been offered to Settlement Class Members to object to the Settlement and to participate in the Final Fairness Hearing.

14. The Notice Administrator on behalf of the Philips Defendants properly and timely

notified the appropriate officials of the Settlement pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. More than ninety (90) days have elapsed since the Philips Defendants provided notice of the Settlement pursuant to CAFA. (ECF No. 3004-1).

15. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the MDL Court grants final class certification, for settlement purposes only, of the Settlement Class that it conditionally certified in its June 27, 2024 Preliminary Approval Order.

16. The MDL Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlement, as follows:

   a. Pursuant to Rule 23(a)(1), the MDL Court determines that the members of the Settlement Class are so numerous that their joinder before the MDL Court would be impracticable;

   b. Pursuant to Rule 23(a)(2), the MDL Court determines that there are questions of law and fact that are common to the Settlement Class;

   c. Pursuant to Rule 23(a)(3), the MDL Court determines that the Settlement Class Representatives' claims are typical of the claims of the Settlement Class Members;

   d. Pursuant to Rule 23(a)(4), the MDL Court determines that Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and

   e. Pursuant to Rule 23(b)(2), the MDL Court determines that the Philips Defendants have acted or refused to act on grounds that apply generally to the class as a whole, so that final injunctive relief is appropriate respecting the class as a whole. Namely, the Philips Defendants are alleged to have designed, manufactured, sold, negligently failed to recall, and/or negligently executed the recall of the Recalled Devices, all of which contained PE-PUR foam that allegedly exposed all Settlement

Class Members to increased risks of injuries, and the proposed Medical Advancement Program Benefits will provide valuable tangible and intangible benefits to all Settlement Class Members through funding of medical research to investigate the detection, diagnosis, and/or treatment of injuries Settlement Class Members are allegedly at risk of sustaining from use of the Recalled Devices, thereby contributing to the advancement of public knowledge and education with respect to these injuries, and educate the Settlement Class on the existing testing and literature with respect to PE-PUR foam.

17. The MDL Court confirms the appointment of Elizabeth Lemus and Marilynn Sweeney as Settlement Class Representatives. In the event an appointed Settlement Class Representative is no longer able or willing to serve in that role, Settlement Class Counsel will identify a suitable replacement and move the MDL Court for appointment of the replacement Settlement Class Representative.

18. The MDL Court confirms the appointment of the following as Settlement Class Counsel:

   a. Christopher A. Seeger, Seeger Weiss, 55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

   b. Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106;

   c. Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041;

   d. Kelly K. Iverson, Lynch Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222; and

   e. Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C., One South Broad

Street, 23rd Floor, Philadelphia, PA 19107.

In the event any Settlement Class Counsel is no longer able or willing to serve in that role, the remaining Settlement Class Counsel may identify a suitable replacement and move the MDL Court to appoint the replacement Settlement Class Counsel.

19. Accordingly, the MDL Court hereby grants the Settlement Class Representatives' Motion for Final Approval of Class Settlement Agreement and Release of Medical Monitoring Claims.

20. The MDL Court hereby dismisses the Medical Monitoring Complaint (ECF No. 815) and any other Medical Monitoring Claims as to all Released Parties, on the merits, with prejudice and, except as explicitly provided for in the Settlement Agreement, without costs. Specifically excluded from the Medical Monitoring Claims, and preserved, are:

    a. individual medical monitoring claims, as defined in the accompanying opinion;

    b. claims settled pursuant to the economic loss settlement;

    c. if the class member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves; and,

    d. claims for personal injury.

21. The MDL Court finds and confirms that the Settlement Fund is a "Qualified Settlement Fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

22. The Settlement Administrator, in consultation with the Parties, shall be responsible for the provision of Medical Advancement Program Benefits, as set forth in the Settlement Agreement.

23. The Philips Defendants shall make all additional payments required by the Settlement Agreement in the amounts and at the times set forth in the Settlement Agreement.

24. All Released Claims of the Settlement Class Members and the other Releasing

Parties against Defendants and the other Released Parties are hereby fully, finally, irrevocably, and forever released, remised, waived, relinquished, settled, dismissed, surrendered, and forever discharged.

25. Settlement Class Members and the other Releasing Parties are hereby enjoined and finally and forever barred from filing, commencing, maintaining, continuing, pursuing and/or prosecuting the Released Claims in any action, arbitration or other proceeding, whether pending or filed in the future, against Defendants and the other Released Parties. Subject to approval of this MDL Court, Defendants and the other Released Parties may recover any and all reasonable costs and expenses from a Settlement Class Member arising from that Settlement Class Member's violation of this injunction. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the MDL Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement. Specifically not being released are:

   a. individual medical monitoring claims, as defined in the accompanying opinion;
   b. claims settled pursuant to the economic loss settlement;
   c. if the class member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves; and,
   d. claims for personal injury.

26. The Philips Defendants and any successors to the Philips Defendants' rights or interests under the Settlement are hereby enjoined and finally and forever barred from challenging or opposing, on the basis of this Settlement and the Releases provided therein, a Settlement Class Member's (a) Personal Injury Claims or ability to recover for those claims, or (b) individual claims for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims may be characterized (*e.g.*, equitable, legal, etc.), or their ability to recover for those individual

claims.

27.    The finality of this Final Order and Judgment shall not be affected by any order entered regarding the Settlement Class Counsel's motion for an award of attorneys' fees, reimbursement of costs and expenses, and service awards, which shall be considered separate from this Final Order and Judgment.

28.    The MDL Court shall retain continuing and exclusive jurisdiction over the Settlement Fund and the Medical Advancement Program set forth in the Settlement Agreement.

29.    Without affecting the finality of this Final Order and Judgment, and solely for purposes of this Settlement, the Philips Defendants and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the MDL Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement and/or the applicability, interpretation, administration, validity, or enforcement of the Settlement Agreement.

30.    The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, which are hereby approved and incorporated herein by reference.

31.    Without further order of the MDL Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the non-monetary provisions of the Settlement Agreement; provided, that notice of any extension must be filed with the MDL Court promptly and, in any event, within 72 hours of the agreement to the extension.

32.    This is the Final Order and Judgment as defined in the Settlement Agreement. In the event that this Final Judgment is not otherwise final and appealable, pursuant to Federal Rule of Civil Procedure 54(b), the MDL Court finds and directs that there is no just reason for delaying enforcement or appeal, and judgment should be entered.

IT IS SO ORDERED.                    BY THE COURT:


                                                      s/Joy Flowers Conti
                                          _____
                                          The Honorable Joy Flowers Conti
                                          Senior United States District Court Judge