# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 |
| | MDL No. 3014 |
| This Document Relates to: All Actions Asserting Claims for Medical Monitoring | |

## OPINION

## I.    Introduction

Pending before the multidistrict litigation court ("MDL Court")[1] is an Unopposed Motion of Settlement Class Representatives for Final Approval of Class Settlement and Release of Medical Monitoring Claims, Final Judgment, Injunction and Order of Dismissal, as revised (ECF No. 3022), with an amended brief and exhibits in support (ECF Nos. 3005-3015), and a motion for attorneys' fees and costs, as well as service awards (ECF No. 2949) with a brief in support. (ECF Nos. 2950, 2951). It is important to note that no individual claims for medical monitoring are being released. In other words, each Settlement Class Member retains the right, if available under applicable state law, to file "claims for medical monitoring against the relevant defendant for payment of that individual's medical monitoring expenses related to the individual's use of a Recalled Device, whether incurred in the past or the future, and regardless of how those claims

---

[1] All capitalized terms used in this opinion, unless otherwise defined, shall have the same meaning ascribed to them in the Settlement Agreement at ECF No. 2862-1.

may be characterized (e.g., equitable, legal, etc.)" (the "individual medical monitoring claims"). (Settlement Agreement, ECF No. 2862-1 at ¶1.21). No Settlement Class Member is giving up or releasing any individual claim for personal injury, i.e., to sue for physical injury or pain and suffering, under applicable state law. The class action economic loss claims were separately settled. The relevant members of the economic class are bound by that settlement, unless the Settlement Class Member opted-out of the settlement and those economic loss claims are not affected or released by this Settlement. (Class Settlement Order, ECF No. 2736).

## II.   **Procedural Background**

Plaintiffs filed the Medical Monitoring Master Complaint (the "Complaint") (ECF No. 815) on October 17, 2022, seeking, among other things, medical monitoring for a nation-wide class under Pennsylvania law as an independent cause of action[2] distinct from the products liability economic loss claims, and other personal injury and traditional tort claims. The Philips Defendants[3] moved to dismiss the Complaint for lack of jurisdiction (ECF No. 1353), failure to state a claim (ECF Nos. 1351, 1359), and the nonviability of medical monitoring as an independent claim in numerous jurisdictions. (ECF No. 1352). The Philips Defendants attacked the "threshold" elements of medical monitoring and the necessity for a plaintiff to demonstrate a present physical injury in the majority of jurisdictions. They argued the motions before the court-appointed Special

---

[2] Many jurisdictions recognize medical monitoring only as a form of relief, but not as an independent claim. *See, e.g.,* Banks v. E.I. du Pont de Nemours & Co., No. CV 19-1672-MN-JLH, 2022 WL 3139087 at *9 (D. Del. Aug. 4, 2022), report and recommendation adopted, No. CV 19-1672 (MN)(JLH), 2022 WL 3577111 (D. Del. Aug. 19, 2022). (ECF No. 2273).

[3] The Philips Defendants are Philips RS North America LLC ("Philips RS"), Koninklijke Philips N.V. ("KPNV"), Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation.

Master,[4] on July 11, 2023. The MDL Court attended the argument. (ECF No. 2080). There was no dispute regarding 20 jurisdictions: 10 where no plaintiffs resided and 10 where medical monitoring claims are allowed. (ECF No. 3015-1 at 6).

On September 28, 2023, the Special Master issued his Report and Recommendation (R&R) recommending dismissal of Plaintiffs' claims for medical monitoring in 30 of 32 disputed jurisdictions. (ECF No. 2273). The Parties filed objections to the R&R. (Plaintiffs ECF Nos. 2314, 2316 and Defendants ECF Nos. 2368, 2371). This MDL Court issued an opinion (ECF No. 2521) and order (ECF No. 2522) on February 14, 2024, remanding "the matter back to the Special Master for additional proceedings, including a jurisdiction-by-jurisdiction roadmap as to the viability of Plaintiffs' medical monitoring claims." (ECF No. 3015-1 at 6).

After the Parties conducted an investigation, fact gathering, and extensive discovery, they engaged in arm's-length, good faith negotiations, overseen by the MDL Court-appointed Settlement Mediator,[5] who also oversaw the negotiations between these Parties in the Economic Loss Claims and Personal Injury Claims settlements. The Parties reached a settlement with respect to the non-individual medical monitoring claims and on May 9, 2024, the Settlement Class Counsel for Plaintiffs filed an unopposed motion for Preliminary Approval of the Settlement and Release of Medical Monitoring Claims (ECF No. 2766), with briefs in support. (ECF Nos. 2767, 2783).

The MDL Court held a preliminary approval hearing on June 18, 2024 (ECF No. 2850), in which the MDL Court raised questions about the proposed settlement agreement and the proposed notice plan (Transcript, ECF No. 2853 at 11-18). The MDL Court instructed the Parties to meet and confer to address the MDL Court's concerns and questions and continued the hearing to June

---

[4] Hon. Thomas I. Vanaskie (Ret.).
[5] Hon. Diane M. Welsh (Ret.).

27, 2024 (ECF No. 2863). The Parties made numerous revisions in response to the MDL Court's questions and submitted an amended revised settlement agreement dated June 27, 2024 (the "Settlement Agreement"). (Amended Revised Settlement Agreement, ECF No. 2862).

On June 27, 2024, the MDL Court conducted the continuation of the preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure. The MDL Court reviewed the amended submissions regarding the proposed settlement (ECF Nos. 2858, 2862) and Settlement Class Counsel answered the court's questions regarding the monitoring research benefit, administrative costs, attorneys' fees, substitution of Parties, notice to Settlement Class Members, and opportunity for members to submit objections. (Transcript, ECF No. 2865 at 3-12).

The court found that the Settlement, after amendments to address the court's initial inquiries, fell "within the range of reasonableness meriting likely final approval and had key indicia of fairness, including that (1) the Parties reached the Settlement after investigating the strengths and weaknesses of the Medical Monitoring Claims and the defenses thereto, including at the pleading, class certification, expert, and other stages of this litigation, (2) the extensive settlement negotiations were arm's-length and consisted of multiple mediation sessions overseen by the Settlement Mediator, (3) there is no evidence of collusion in having reached this Settlement, (4) the proponents of the Settlement are experienced in similar litigation, and (5) the Settlement provides valuable tangible and intangible benefits for Settlement Class Members through the Medical Advancement Program Benefits." (Preliminary Approval Order, ECF No. 2864 at ¶1). The court preliminarily approved the Settlement on the terms set forth in the Settlement Agreement, issued an Order Preliminarily Approving the Proposed Class Settlement Agreement

and Release of Medical Monitoring Claims, *Id.* and scheduled a final fairness hearing for October 30, 2024.

The court appointed BrownGreer PLC ("BrownGreer") as the Notice Administrator. *Id.* at ¶5. Pursuant to Rules 23(c)(2)(A) and 23(e)(1)(B), the court ordered that notice (the "Settlement Notice") be provided to the Settlement Class Members pursuant to the terms of the Settlement Agreement. *Id.* at ¶3. The Settlement Notice apprised the Settlement Class that Settlement Class Counsel intended to petition the court for an award of attorneys' fees, costs and expenses, and service awards, totaling in the aggregate an amount of up to 20% of the $25 million Settlement Fund, to be paid from the Settlement Fund, and the right of Settlement Class Members to submit objections concerning that petition, as well as the Settlement. (ECF No. 3003).

The court also appointed BrownGreer as the Qualified Settlement Fund ("QSF") Administrator. (Preliminary Approval Order, ECF No. 2864 at ¶6). It is "responsible for the duties set forth in the Settlement Agreement assigned to the QSF Administrator, including but not limited to establishing and maintaining the QSF for the benefit of the Settlement Class pursuant to Section 1.468B-1, et seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended." *Id.*

The court appointed Wolf Global Compliance as the Settlement Administrator. *Id.* at ¶7. It is "responsible for the duties set forth in the Settlement Agreement assigned to the Settlement Administrator, including, but not limited to: (a) establishing and maintaining a Settlement Website for Settlement Class Members to access Relevant Medical Information and Guidance in a user-friendly format for individuals who do not have a medical or scientific background, (b) determining, in consultation with the Parties and appropriate experts, appropriate recipient(s) of grant(s), subject to Court approval, to fund independent medical research related to the

advancement of public knowledge regarding the detection, diagnosis, and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices, (c) publishing the results of the research, to the extent medically relevant and valid conclusions are reached, on the Settlement Website, and (d) establishing, in consultation with the Parties, a MAP Registry to which Settlement Class Members can elect to submit authorizations for the release and disclosure of medical information protected by HIPAA, 45 CFR § 164.508, for purposes of review and evaluation in connection with the MAP Research." *Id.*

The court approved Huntington National Bank as the Custodian Bank pursuant to the Settlement Agreement. *Id.* Pursuant to the Settlement Agreement (ECF No. 2862-1 at ¶2.4.1), it is this court's understanding that the Philips Defendants deposited the First Payment in the amount of $1,900,000, for notice-related costs and other administrative expenses, into the Settlement Fund within 14 days of the Preliminary Approval. (Preliminary Approval Order, ECF No. 2864 at ¶9).

On August 26, 2024, Settlement Class Counsel filed a motion for attorneys' fees and costs, as well as service awards (ECF No. 2949), with a brief in support, and sealed exhibits. (ECF Nos. 2950, 2951). On October 9, 2024, Settlement Class Counsel filed the objections to the Settlement, which had been submitted to the Settlement Administrator (ECF Nos. 3005-3010) and filed an unopposed motion for Final Approval of Class Settlement Agreement and Release of Medical Monitoring Claims, Final Judgment, Injunction and Order of Dismissal (ECF No. 3011, updated ECF No. 3022), with a brief in support and charts grouping the objections by topic (ECF No. 3012). On October 17, 2024, Settlement Class Counsel filed additional objections to the Settlement, which had been submitted to the Settlement Administrator (ECF Nos. 3013, 3014), with an amended brief in support of Final Approval of Medical Monitoring Settlement Agreement and amended charts (ECF No. 3015). The court directed Settlement Class Counsel to provide all

objectors with a copy of the relevant responses and charts. The final fairness hearing proceeded as scheduled on October 30, 2024.

### III.    Terms of the Class Action Settlement

The Settlement will create a $25 million non-revisionary fund for a Medical Advancement Program ("MAP") that will offer equitable benefits to the Settlement Class in the form of independent "medical research related to the advancement of public knowledge regarding the detection, diagnosis and/or treatment of those injuries alleged to have been caused by use of the Recalled Devices." (Settlement Agreement at ¶3.1.1). Settlement Class Members may, but are not required to, provide their medical information on a voluntary basis for inclusion in the research study and may have the data discovered by the research forwarded directly to their doctors.

The MAP Benefits will be provided for fifteen years, starting with the Effective Date, and will be implemented by the Settlement Administrator, in consultation with the Parties, and with oversight by the MDL Court. *Id.* at ¶1.17. The results of the research "to the extent medically relevant and valid conclusions are reached, will be published on the Settlement Website in a user-friendly format and thus disseminated to Settlement Class Members." *Id.* at ¶3.1.2-3.1.3.

Reasonable costs of Settlement Notice and Settlement administration agreed to by the Parties or required by this court, including the fees and costs of the Notice Administrator, the QSF Administrator, the Settlement Administrator, and the Custodian Bank, will be paid solely from the Settlement Fund. All attorneys' fees and costs, as well as service awards to Class Representatives and named plaintiffs that supported the litigation efforts, will similarly be paid from the Settlement Fund. It is estimated the funds available after payment of the administrative expenses, attorneys' fees and costs, and service awards will be approximately $16.3 million "purely for the MAP

benefits for the class" and will be deposited in an interest-bearing account. (Transcript of Preliminary Approval Hearing, ECF No. 2865 at 7). Settlement Class Members will **not** be individually responsible for any fees or expenses.

This Medical Monitoring Class Settlement has <u>no</u> impact, subject to the laws of the applicable jurisdiction, on a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves; or d) claims for personal injury.

## IV.    <u>Standards for Class Certification</u>

Before a class action can be settled, the settlement must first be approved by the court, but only after the court holds a hearing and finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). As part of this undertaking, the court must: "(1) determine if the requirements for class certification under Rule 23(a) and (b) are satisfied; (2) assess whether notice to the proposed class was adequate; and (3) evaluate if the proposed settlement is fair under Rule 23(e)." *Sorace v. Wells Fargo Bank, N.A.*, No. CV 20-4318, 2024 WL 643229, at \*2 (E.D. Pa. Feb. 15, 2024) (citing *In re NFL Players Concussion Inj. Litig.*, 775 F.3d 570, 581 (3d Cir. 2014)).

For a class to be certified, it must meet all four prerequisites prescribed by Rule 23(a):

1) the class is so numerous that joinder of all members is impracticable;
2) there are questions of law of fact common to the class;
3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4) the representative parties will fairly and adequately protect the interests of the class;

Fed. R. Civ. P. 23(a).

It must also meet one of the three requirements of Rule 23(b) of the Federal Rules of Civil Procedure:

1) prosecuting a separate action by or against individual Settlement Class Members would create a risk of:
   a. inconsistent and varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct by the party opposing the class; or
   b. adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
2) the party opposing the class has acted or refused to act on grounds that generally apply to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
3) The court finds that the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
   a. The Settlement Class Members' interests in individually controlling the prosecution or defense of separate actions;
   b. He extent and nature of any litigation concerning the controversy already begun by or against Settlement Class Members;
   c. The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
   d. The difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

Rule 23(b)(2) is implicated in this Settlement.

**V.    Discussion**

    **A. Class Definition:** the class certified for settlement purposes is defined as follows:

> **Settlement Class or Settlement Class Members** shall include all individuals in the United States, including its Territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands), and the District of Columbia, including United States citizens, United States residents, and United States military, diplomatic personnel and employees living or stationed overseas, who have used a Recalled Device.

> EXCLUDED from the Settlement Class are: (a) Defendants and their officers, directors, and employees; and (b) the MDL Court, Settlement Mediator, and Special Masters assigned to the MDL.

(Preliminary Approval Order, ECF No. 2864 at ¶14).

**B. Rule 23(a) elements:** all four of the following must be present:

**1. Numerosity: Rule 23(a)(1)**

While there is no minimum requirement, courts generally find the numerosity requirement is satisfied when the class exceeds forty members. *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001). Here, with over ten million Recalled Devices and millions of putative Settlement Class Members, the numerosity requirement is easily met.

**2. Commonality: Rule 23(a)(2)**

The Third Circuit Court of Appeals has explained that "the focus of the commonality inquiry is not on the strength of each plaintiff's claim, but instead 'is on whether the defendant's conduct was common as to all of the Settlement Class Members.'" *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 382 (3d Cir. 2013) (quoting *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 299 (3d Cir. 2011)). The resulting test is not a demanding one; a single question of law or fact is enough to meet the commonality threshold. *Id.* Here, there are many common questions of law and fact, but the one that looms largest over all putative Settlement Class Members is whether the devices in question were defective. Thus, the commonality threshold is also easily met.

**3. Typicality: Rule 23(a)(3)**

The typicality test is meant for the court to determine "whether the action can be efficiently maintained as a class and whether the [n]amed [p]laintiffs have incentives that align with those of absent Settlement Class Members so as to assure that the absentee's interests will be fairly represented." *Baby Neal v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994). Put differently, the MDL Court must determine whether the named plaintiffs have unique circumstances separating them from the putative class or whether there are any differing legal theories being asserted by the named

plaintiffs. *Id.* at 57–58. Here, the Class Representatives, Elizabeth Lemus and Marilynn Sweeney, "used the Recalled Devices and suffered the same type of harm as the putative Settlement Class, including the risk of exposure to the alleged foam toxins; and potential increased risk of developing illness, disease, or disease processes that have not yet become manifest." (ECF No. 3015). This requirement is met.

### 4. Adequacy: Rule 23(a)(4)

Adequacy tests whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The interests of the Class Representatives and named plaintiffs align with the interests of the putative Settlement Class Members, and Class Counsel are qualified and have significant experience from representing plaintiffs in other complex class actions. The MDL Court is satisfied that the interests of the Settlement Class have been adequately protected by the Class Representatives and the Settlement Class Counsel. The Class Representatives worked closely with Settlement Class Counsel throughout the litigation. (ECF No. 3015). The MDL Court appointed the following as Settlement Class Counsel:

a. Christopher A. Seeger, Seeger Weiss,

   55 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660;

b. Sandra L. Duggan, Levin Sedran & Berman,

   510 Walnut Street, Suite 500, Philadelphia, PA 19106;

c. Steven A. Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP,

   361 West Lancaster Avenue, Haverford, PA 19041;

d. Kelly K. Iverson, Lynch Carpenter, LLP,

   1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222; and

e. Roberta D. Liebenberg, Fine, Kaplan and Black, R.P.C.,

   One South Broad Street, 23rd Floor, Philadelphia, PA 19107.

   **C. Rule 23(b):** must fall within one of the three kinds of classes:

Along with the Rule 23(a) factors, the class must fall within one of the three kinds of classes contemplated by Rule 23(b). The Settlement Class defined in the Settlement Agreement falls within Rule 23(b)(2), which requires that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual Settlement Class Member would be entitled to a different injunction or declaratory judgment against a defendant. *Murphy v. Le Sportsac, Inc.*, No. 1:22-CV-00058-RAL, 2023 WL 375903, at *4 (W.D. Pa. Jan. 24, 2023). Similarly, it does not authorize class certification when each Settlement Class Member would be entitled to an individualized award of monetary damages under this action. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011).

For medical monitoring specifically, courts must "'closely scrutinize[]'" the relief program being offered to ensure it satisfies Rule 23(b)(2) as injunctive relief and is not "'a disguised request for compensatory damages.'" 1 McLaughlin on Class Actions § 5:19 (21st ed. 2024) (quoting *Arch v. Am. Tobacco Co., Inc.*, 175 F.R.D 469, 483 (E.D. Pa. 1997)). When the requested relief is "limited to a court-established medical monitoring program solely for the purposes of diagnosing disease and sharing information with Settlement Class Members," courts have found this kind of program to be "truly equitable." *Id; see In re Diet Drugs*, 582 F.3d 524, 541 (3d Cir. 2009). Under the Medical Monitoring Class Settlement, **individual** Settlement Class Members retain the right to pursue, subject to the laws of the applicable jurisdiction, a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves; and d) claims for personal injury.

12

There are grounds generally applicable to the Settlement Class as a whole. Here, "the Philips Defendants are alleged to have designed, manufactured, sold, negligently failed to recall, or negligently executed the recall of the Recalled Devices, all of which contained PE-PUR foam that allegedly exposed all Settlement Class Members to increased risks of injuries." (Preliminary Approval, ECF No. 2864 at ¶16). To settle the non-individual medical monitoring claims, the Philips Defendants agreed to provide $25 million to the MAP. That fund will be used to have independent medical research conducted "to investigate the detection, diagnosis, and/or treatment of injuries Settlement Class Members are allegedly at risk of sustaining, thereby contributing to the advancement of public knowledge and education with respect to these injuries, and educate the Settlement Class on the existing testing and literature with respect to PE-PUR foam." *Id.* The MAP will equitably benefit all Settlement Class Members uniformly for fifteen years in a non-reversionary fund. This single, common remedy is appropriate to respond to the cohesive claims of the class. *See In re Welding Fume Prod. Liab. Litig.*, 245 F.R.D. 279, 290 (N.D. Ohio 2007) (finding a court-supervised medical monitoring program for a class of plaintiffs not asserting injury claims were "truly equitable in nature"); 2 WILLIAM B. RUBENSTEIN, NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 4:31 (6th ed. 2024).

This injunctive relief affects the Settlement Class as a whole and all members of the Settlement Class will be entitled to benefit from it equally, without impact on an individual member's ability to pursue, subject to the laws of the applicable jurisdiction, a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, clams for economic losses related to the Recalled Devices themselves; and d) claims for personal injury.

Because all relevant Rule 23(a) and (b) factors are met, and for the reasons set forth on the record on October 30, 2024, the Settlement Class is certified only for purposes of settlement approval.

### D.  Appropriate Notice

Under the Federal Rules of Civil Procedure, "for any class certified under Rule 23(b)(1) or (b)(2), the court <u>may</u> direct appropriate notice to the class" Fed. R. Civ. P. 23(c)(2)(A) (emphasis added). No notice is required for a Rule 23(b)(2) class, but a court can require notice, as was the case here. (Preliminary Approval, ECF No. 2864 at ¶11). To clarify, notification of class certification and lack of opt-out rights is discretionary under Rule 23(c), "but Rule 23(e) <u>requires</u> that class members receive notification of any proposed settlement, and Rule 23(h) <u>requires</u> that class members receive notice of any claim for an attorney's fees award." 2 WILLIAM B. RUBENSTEIN, NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 4:36 (6th ed. 2024) (emphasis in original); *see Wal-Mart Stores*, 564 U.S. at 362 (noting "mandatory notice, and the right to opt out—are missing from (b)(2) not because the Rule considers them unnecessary, but because [they are] unnecessary to a (b)(2) class.").

Here, before granting preliminary approval, the MDL Court scrutinized the Notice Plan, which was posted on the Settlement Website and included frequently asked questions, as well as the process for Settlement Class Members to object to the Settlement. The MDL Court directed particular attention to the descriptions of Settlement benefits and releases, to ensure Settlement Class Members were aware that they retained the right to pursue, subject to the laws of the applicable jurisdiction: a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves;

and  d) claims for personal injury. After some revisions to these documents, the MDL Court approved the Settlement Notice plan. (Preliminary Approval, ECF No. 2864).

In the Declaration of Orran L. Brown, Sr. of BrownGreer (ECF No. 3003-1), he detailed how the Settlement Notice provided complied with the MDL Court's Preliminary Approval Order and met all requirements of Federal Rules of Civil Procedure Rule 23(c), 23(e), and 23(h), to include: information regarding the definition of the class, the notice of attorneys' fees to be claimed, and the terms of the Settlement. The Settlement Notice advised that a Settlement Class Member may object to the Settlement, as well as the request for service awards, attorneys' fees and costs, and enter an appearance to attend the final fairness hearing, described the binding effect of a judgment on Settlement Class Members, and provided the date, time and location of the final settlement hearing. *Id.* at 13. The MDL Court received 257 objections, all of which the MDL Court reviewed. While no objectors attended the final settlement hearing, the MDL Court reviewed each objection on the record and set forth the reasons why each objection was overruled. (Transcript, ECF No. 3031 at 11-136).

### E.  Whether the Settlement is Fair, Reasonable, and Adequate

#### 1.  Analysis of Presumption of Fairness

##### a.  Standards

Having found that the notice was adequate, the MDL Court must next determine whether the proposed settlement is "fair, reasonable, and adequate." *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 282, 316 (3d Cir. 1998). The Third Circuit Court of Appeals has a "strong judicial policy in favor of class action settlement." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010), and has instructed district courts to apply a presumption of fairness where: "(1) the settlement negotiations occurred at arm's length; (2) there was sufficient discovery;

(3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004).

Here, the Settlement was reached after a significant amount of discovery, which included production of the named plaintiffs' medical records, answers to interrogatories, and depositions, (ECF No. 2950 at 20). There was more than a year of hard-fought, arm's length negotiations among experienced counsel, and mediation overseen by a retired federal magistrate judge. Because there was a very small number of objectors given the size of the Settlement Class (257 out of a class of greater than four million putative members who received notice by mail or email), and the other three factors are present, the presumption of fairness applies.

With this initial presumption of fairness in mind, the MDL Court will examine the Rule 23(e)(2) factors and the additional factors for consideration developed by the Third Circuit Court of Appeals.

### b. General

#### i.   Factors to consider under Rule 23(e)(2)

In determining whether a proposed settlement is fair, adequate, and reasonable, Rule 23(e)(2) directs courts to consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Because this Settlement provides injunctive relief, the following Rule 23(e)(2)(C) factors are not applicable: "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims" and "any agreement required to be identified under Rule 23(e)(3)." *Liberty Res., Inc. v. City of Phila.*, 2023 WL 3204018, *8 n.5 (E.D. Pa. May 1, 2023).

### ii.    Additional factors to be considered

#### (a)    *Girsh* factors

Through a series of decisions, the Third Circuit Court of Appeals identified additional factors for district courts to evaluate prior to approving a settlement. First, in *Girsh v. Jepson*, the court identified nine factors for consideration:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the risks of establishing liability;
> (5) the risks of establishing damages;
> (6) the risks of maintaining the class action through the trial;
> (7) the ability of the defendants to withstand a greater judgment;
> (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and]
> (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

521 F.2d 153, 157 (3d Cir.1975).

The following *Girsh* factors— (5) risks of establishing damages, (7) ability of the defendants to withstand a greater judgment, (8) range of reasonableness of the settlement fund in light of the best possible recovery and (9) range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation —are not applicable for an injunctive relief settlement. *Liberty Res.,* 2023 WL 3204018, at *10 n.10.

#### (b)    *Prudential* factors

In order to account for the "sea-change in the nature of class actions" in the two decades after *Girsh*, the court in *Prudential* identified six additional factors for consideration, when appropriate:

(1) the maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages;

(2) the existence and probable outcome of claims by other classes and subclasses;

(3) the comparison between the results achieved by the settlement for individual class or subclass members and the results achieved—or likely to be achieved—for other claimants;

(4) whether class or subclass members are accorded the right to opt out of the settlement;

(5) whether any provisions for attorneys' fees are reasonable; and

(6) whether the procedure for processing individual claims under the settlement is fair and reasonable.

*In re Prudential*, 148 F.3d at 323.

The Third Circuit Court of Appeals clarified that the *Girsh* factors are mandatory, and district courts "must make findings as to each of the nine *Girsh* factors in order to approve a settlement as fair, reasonable, and adequate, as required by Rule 23(e)." *In re Pet Food Prod. Liab. Litig.*, 629 F.3d 333, 350 (3d Cir. 2010). The *Prudential* factors, or considerations, on the other hand, are permissive and "illustrative of additional inquiries that in many instances will be useful for a thoroughgoing analysis of a settlement's terms." *Id.*

### *(c)* **Degree of direct benefit**

The Third Circuit Court of Appeals instructed district courts to consider the "degree of direct benefit provided to the class." *In re Baby Prod. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013). As part of this consideration, courts may consider "the number of individual awards compared to both the number of claims and the estimated number of class members, the size of the individual awards compared to claimants' estimated damages, and the claims process used to

determine individual awards." *Id.* While there are benefits being provided to the Settlement Class, this factor is not particularly relevant because no individual monetary relief is being granted (Settlement Agreement, ECF No. 2862).

### 2. Analysis of Rule 23(e)(2)

#### a. Requirements of Rule 23(e)(2)

The Settlement satisfies the requirements of Rule 23(e)(2). First, Settlement Class Counsel and the Settlement Class Representatives adequately represented the Settlement Class. Here, the experienced Plaintiffs' litigators, worked with significant input from the Settlement Class Representatives, and took depositions and reviewed medical information provided from other named plaintiffs, in order to protect capably and adequately the interests of the Settlement Class. Second, the parties negotiated the settlement at arm's length during mediations conducted by a court-appointed, experienced, and independent mediator. The court considered that certifying a Rule 23(b)(2) class for medical monitoring would be difficult (ECF Nos. 2273, 2521), because, if there was no settlement, monetary relief to individual members would likely not be available on a class-wide basis. *See Wal-Mart Stores*, 564 U.S. at 360-61.

Third, all factors of Rule 23(e)(2)(C) are satisfied by settling the non-individual medical monitoring claims at this time: (i) "continuing this litigation would cause the parties to incur substantial additional costs and necessitate extensive trial preparation[,]" and "continuing through trial and subsequent appeals would only delay any recovery class members may receive" *Sorace*, 2024 WL 643229, at *5; (ii) this factor is not directly applicable to the injunctive relief nature of this Settlement, but the Settlement to the Settlement Class is appropriate to the extent that the Settlement Notice complied with Rule 23 and adequately informed Settlement Class Members about the Settlement; and (iii) the proposed award of attorneys' fees and costs, the cost

of Settlement Notice and Settlement Administration, and service awards to the Settlement Class Representatives and named plaintiffs total approximately 20% of the Settlement award. After review based upon the percentage range and lodestar calculation (ECF Nos. 2950, 2951), the court determined that the service awards and attorneys' fees and costs were reasonable, as will be explained in greater detail below.

The MDL Court, considering, among other things, that this Settlement does not release  a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves; or d) claims for personal injury, concludes that relief to the Settlement Class is adequate. Because the Settlement is an injunctive form of relief that affects the Settlement Class as a whole and all members of the Settlement Class will be entitled to benefit from it equally, it equitably treats the Settlement Class Members.

### b.  Additional factors

#### i.  *Girsh* factors

The first *Girsh* factor "captures the probable costs, in both time and money, of continued litigation." *In re Warfarin*, 391 F.3d at 535-36 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 233 (3d Cir. 2001)). Here, as in *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2024 WL 815503 (E.D. Pa. Feb. 27, 2024), continuing through trial would have required complicated and costly pretrial proceedings, "all without guarantee of any recovery. Ultimately, the settlement eliminated these risks and provided immediate and guaranteed recovery." *In re Suboxone*, 2024 WL 815503, at *6. Because this Settlement, like the settlement in *In re Suboxone*, "reduces expenses and avoids delay, this factor weighs heavily in favor of approving the Settlement." *Id.*

The second *Girsh* factor "attempts to gauge whether members of the class support the settlement." *In re Prudential*, 148 F.3d at 318. Out of the more than four million Settlement Class Members to whom the Notice Administrator directed the Settlement Notice via email or U.S. Mail (ECF No. 3003-1), the Settlement Administrator received only 257 objections (ECF Nos. 3005-3010, 3013, 3014), representing a fraction of one percent of the Settlement Class. This factor strongly favors approval of the Settlement.

The third *Girsh* factor "ensure[s] that a proposed settlement is the product of informed negotiations." *Id.* at 319. Formal discovery, however, is not required— "[w]hat matters is not the amount or type of discovery class counsel pursued, but whether they had developed enough information about the case to appreciate sufficiently the value of the claims." *In re NFL Players Concussion Inj. Litig.*, 821 F.3d 410, 439 (3d Cir. 2016), as amended (May 2, 2016). In its preliminary approval hearing, the MDL Court took notice of the risks the Parties considered in continuing litigation. Specifically, there were pending motions to dismiss, there was the potential of adverse rulings with respect to jurisdictional issues, there was no signature injury, and it would have been difficult to achieve a nationwide class certification in light of differing states' laws. This factor favors approval of the negotiated Settlement.

The fourth *Girsh* factor considers the risks of establishing liability. Counsel representing the Philips Defendants vigorously defended their clients in this multidistrict litigation, contesting many issues of fact and liability, including personal jurisdiction over the foreign parent entity KPNV. If KPNV prevailed on its motion to dismiss on jurisdictional grounds, which was still pending at the time settlement was reached, there could be a risk that a substantial judgment against Philips RS could not be satisfied. This factor favors approval of the Settlement.

The sixth *Girsh* factor "measures the likelihood of obtaining and keeping a class certification if the action were to proceed to trial." *In re Warfarin*, 391 F.3d at 537. Settlement Class Counsel were mindful that there were a number of legal and individual issues with respect to Plaintiffs' medical monitoring claims, that could create a substantial challenge to class certification in a litigation context. The Philips Defendants repeatedly emphasized that the Third Circuit Court of Appeals has not yet upheld certification of a medical monitoring class in a litigation context. So too, courts have recognized that certification of a settlement class does not pose the same hurdles that exist in a litigation context. *See, e.g., In re Budeprion XL Mktg. & Sales Litig.*, No. 09-MD-2107, 2012 WL 2527021, at *10 (E.D. Pa. July 2, 2012) (explaining that "[b]ecause the Court is certifying a Rule 23(b)(2) settlement class receiving only injunctive relief, it is freed from some of the problems that might arise if this litigation were tried"). However, "[b]ecause there is always a 'possibility of decertification, and consequently the court can always claim this factor weighs in favor of settlement,' this factor merits slight weight." *Sorace*, 2024 WL 643229, at *7 (quoting *In re Prudential*, 148 F.3d at 321).

Again, *Girsh* factors 5, 7, 8, and 9 are inapplicable. *Liberty Res.*, 2023 WL 3204018, *10 n.10. But, when considering the reasonableness of the Settlement Fund in light of the best possible recovery relative to the risks of litigation, the MDL Court must consider whether "the settlement represents a good value for a weak case or a poor value for a strong case." *In re Warfarin*, 391 F.3d at 538. Taken together, the applicable *Girsh* factors favor approval of the settlement.

### ii. *Prudential* factors

The first *Prudential* factor— "maturity of the underlying substantive issues—substantially mirrors *Girsh* factor three, the stage of the proceedings." *In re Suboxone*, 2024 WL 815503, at *9. Settlement Class Counsel conducted significant legal and factual investigations before beginning

settlement discussions. They also conducted formal and informal discovery of the Philips Defendants. As a result, Settlement Class Counsel began the mediation process with substantial information about the Recalled Devices, the conduct of the Philips Defendants leading to the recalls, and the merits of the legal claims and factual allegations asserted in the Medical Monitoring Complaint. In light of the findings in the Special Master's R&R, (ECF No. 2273), the jurisdictional concerns, and the pending motions to dismiss, there would have been substantial risk in proceeding with litigation. This factor favors approval of the Settlement.

Factor five, reasonableness of attorneys' fees, is discussed in detail below, and favors approval of the Settlement.

Factors two, three and six look at the outcomes of claims by other classes and other claimants, or the processing of individual claims, and are not applicable here. The settlement of the non-individual medical monitoring claims does not affect an individual Settlement Class Member's ability to recover, subject to the laws of the applicable jurisdiction, for a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves; or d) claims for personal injury.

Factor four, the right to opt out, is also not applicable because for claims of injunctive relief, the Settlement Class Members must be cohesive, and per Rule 23(b)(2), the "indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that is can be enjoined or declared unlawful only as to all of the Settlement Class Members or as to none of them." *Gates v. Rohm & Haas Co.*, 655 F.3d 255, 263-64 (3d Cir. 2011). Therefore, Settlement Class Members were not given an opportunity to opt out of the Settlement for the establishment of the medical monitoring fund; they remain, however, able, subject to applicable

laws, to assert a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, claims for economic losses related to the Recalled Devices themselves; and d) claims for personal injury, as may be appropriate for their individual circumstances and jurisdictions.

After considering the applicable *Prudential* factors, the MDL Court finds they favor approval of the Settlement.

### iii. Degree of direct benefit

As discussed previously, this factor is not particularly relevant and does not weigh in favor of or against approval of the Settlement.

### 3. Conclusion with Respect to Fairness, Reasonableness and Adequacy of the Medical Monitoring Settlement

A court must only approve a settlement that is fair, reasonable, and adequate. Here, the MDL Court conducted an assessment of the fairness, reasonableness, and adequacy of the Settlement pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure. The MDL Court finds: (a) the Parties reached the Settlement after investigating the strengths and weaknesses of the Medical Monitoring Claims and the defenses; i.e., there was a robust period of discovery, negotiation and mediation, and rulings by the Special Master and MDL Court about the viability of medical monitoring claims in numerous states, which showed the risks of continued litigation, such as the lack of a signature injury and jurisdictional concerns; (b) there were extensive settlement negotiations at arm's length and overseen by the court-appointed independent Settlement Mediator; (c) there is no evidence of collusion in having reached this Settlement; (d) the proponents of the Settlement are experienced in similar litigation; and (e) the Settlement provides valuable tangible and intangible benefits for Settlement Class Members through the MAP Benefits, which will fund independent medical research that will affect the Settlement Class

Members equitably as a whole and all members of the Settlement Class will be equally entitled to benefit from it.

The requirements of the Federal Rules of Civil Procedure, as well as the *Girsh* factors and *Prudential* factors applicable to injunctive relief, are met by the Medical Monitoring Settlement.

### F.  Objections

At the final fairness hearing on October 30, 2024, the MDL Court addressed and overruled the objections of 257 putative Settlement Class Members that were submitted to the Settlement Administrator. The MDL Court reviewed each objection on the record. The MDL Court will not readdress every objection here, as the record will reflect the court's position with respect to each objection. Attached as Exhibit A to this opinion is a chart prepared by the Settlement Class Counsel listing the objections, the numbers used by the Settlement Class Counsel to identify each objection submitted, the bases for the objections, and the responses to the objections. The most common objection was a cursory objection where the member stated a general objection to the Settlement or the fee request, without providing any specific grounds. As discussed during the hearing, the responses were accepted by the MDL Court, and the objections were overruled. The MDL Court will, however, briefly address two of the common positions taken by more than one objector.

1. Many objectors based their objections—and some their only objection—on the fundamental misunderstanding that this Settlement somehow affected their rights to damages related to personal injury, economic loss due to product liability, or individual medical monitoring. To be clear, this Settlement is solely for medical monitoring research and does not strip the Settlement Class Members of any ability to assert claims, subject to the laws of the applicable jurisdiction, for a) individual medical monitoring claims; b) claims settled pursuant to the economic loss settlement; c) economic losses related to the

Recalled Devices themselves, if the Settlement Class Member opted-out of the class action economic loss settlement; or d) claims for personal injury.

2. Other objectors based their objections—and for some their only objection—on variations about the Settlement amount not being enough money for their losses or for the research. This generalized objection cannot suffice because the Settlement is a compromise made in negotiation, with a full understanding of the strengths and weaknesses of the case, "a yielding of the highest hopes in exchange for certainty and resolution." *In re Prudential*, 148 F.3d at 317; *see In re Mexico Money Transfer Litig. (W. Union & Valuta)*, 164 F. Supp. 2d 1002, 1028 (N.D. Ill. 2000) ("The court is called upon here to assess a settlement proposal, not the relief that would be accorded Plaintiffs were they to win their claims following litigation.").

## VI.  <u>Attorneys' Fees and Expenses</u>

### A.  Fees

#### 1.  General

Plaintiffs' counsel seek an award of attorneys' fees in the amount of $4.37 million, and costs of $451,245.43. (ECF No. 2949). The Federal Rules of Civil Procedure provide that "[i]n a certified class action, the court may award reasonable attorney[s'] fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Traditionally, there are two methods of evaluating requests for attorneys' fees: the percent-of-recovery method and the lodestar method. *In re Prudential*, 148 F.3d at 333. The percent-of-recovery method "calculates the percentage of the total recovery that the proposal would allocate to attorneys' fees by dividing the amount of the requested fee by the total amount paid out by the defendant . . . ." *In re Cendant Corp. Litig.*, 264

F.3d 201, 256 (3d Cir. 2001). "The percentage-of-recovery method is appropriate where, as here, the value of the settlement to the class can be readily calculated." *Sorace*, 2024 WL 643229, at *12. The lodestar method is based on "the number of hours reasonably expended" to determine "an adequate fee irrespective of the monetary value of the final relief achieved for the class." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995).

All class action settlements require "thorough judicial review of fee applications." *In re Prudential*, 148 F.3d at 333. Courts within the Third Circuit utilize the *Gunter* and *Prudential* factors to determine the reasonableness of fee applications. *See In re Diet Drugs*, 582 F.3d at 541. The *Gunter* factors include:

(1) the size of the fund created and the number of persons benefitted;
(2) the presence or absence of substantial objections by members of the class to the settlement terms and/or the fees requested by counsel;
(3) the skill and efficiency of the attorneys involved;
(4) the complexity and duration of the litigation;
(5) the risk of nonpayment;
(6) the amount of time devoted to the case by counsel; and
(7) awards in similar cases.

*Id.* The *Prudential* factors are:

(1) the value of benefits accruing to class members attributable to the efforts of class counsel as opposed to the efforts of other groups, such as government agencies conducting investigations;
(2) the percentage fee that would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained; and
(3) any "innovative" terms of settlement.

*Id.* These factors "'need not be applied in a formulaic way' because each case is different, 'and in certain cases, one factor may outweigh the rest.'" *Id.* at 545 (quoting *In re AT & T Corp., Sec. Litig.*, 455 F.3d 160, 166 (3d Cir. 2006). After considering the *Gunter* and *Prudential* factors, the Third Circuit Court of Appeals has advised that "it is sensible for a court to use a second method of fee approval to cross check its initial fee calculation." *In re Prudential*, 148 F.3d at 333.

## 2. *Gunter* factors

### a. The amount of the value created and the number of persons benefitted

Under the terms of the Settlement Agreement (ECF No. 2864), the Medical Monitoring Settlement Fund was established at $25 million. The Settlement is an injunctive form of relief that affects the class as a whole, and all of the more than four million members of the Settlement Class will be entitled to benefit from the MAP research equally, without impacting their individual rights, subject to the laws of the applicable jurisdiction, to assert claims for a) individual medical monitoring; b) the benefits of the economic loss settlement; c) if the Settlement Class Member opted-out of the class action economic loss settlement, economic losses related to the Recalled Devices themselves; and d) personal injury.

After subtracting the costs for the Claims' Administrator, attorneys' fees and held costs,[6] and the service awards, the total fund remaining is approximately $20 million. The $4.37 million attorneys' fee request equates to 17.5% of the $25 million non-reversionary cash settlement. (ECF Nos. 2949, 2950). This percentage falls well within the accepted range of up to 45% of the common fund approved within the Third Circuit. *Sorace*, 2024 WL 643229, at *13.

Approximately fifteen members of the more than four million Settlement Class Members contacted by mail or email for input objected that the attorneys' fees are too high when Settlement Class Members are not getting any direct monetary benefit from the Settlement. This is true, but expected in a Rule 23(b)(2) injunctive relief settlement. Courts recognize "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable

---

[6] Held costs were defined in the court's pretrial order No. 13 and are expenses incurred by Plaintiffs' counsel in prosecution of this multidistrict case. "[T]he CPA makes sure there is strict compliance with the court's orders as to receipts … and those are all audited on a monthly basis." (Transcript of Final Fairness Hearing, ECF No. 3031 at 173).

attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The amount of value created and number of persons benefitted favors approval of the attorneys' fees.

      **b.  The presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel**

      Settlement Class Counsel reported that there were twenty-six conclusory objections to the attorneys' fee request with no further actionable rationale provided, and an additional thirty-four objections from members who erroneously believed they would be responsible for paying the attorneys' fees as a member of the Settlement Class. (ECF No. 3015-2). At the final fairness hearing on October 30, 2024, Settlement Class Counsel attested to the court that they had made contact with each objector who was concerned about having to pay the fees and assured that Settlement Class Member that this was not the case; all attorneys' fees and costs will be paid from the Settlement Fund and **no** individual Settlement Class Member will be responsible for payment of any fees or costs. (Transcript, ECF No. 3031).

      Other individual members objected to attorneys negotiating on their behalf, or without their consent, or because they erroneously thought they could opt out of this class settlement, perhaps confusing it with the economic loss settlement action. These objections do not weigh against awarding the fees requested.

      **c.  The skill and efficiency of the attorneys involved**

      "The Third Circuit has explained that the goal of the percentage fee-award device is to ensure 'that competent counsel continue to undertake risky, complex, and novel litigation.'" *In re Suboxone*, 2024 WL 815503, at *14 (quoting *Gunter*, 223 F.3d at 198). "'The single clearest factor reflecting the quality of class counsels' services to the class are the results obtained.'" *Id.* (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 149 (E.D. Pa. 2000)). As previously discussed,

Settlement Class Counsel are skilled and effective class action litigators that have obtained a favorable settlement of the class economic loss claims and the medical monitoring claims in this complex class action multidistrict litigation case.

### d.  The complexity and duration of the litigation

Before reaching the Settlement, the medical monitoring claims in this case were actively litigated for over a year. The case involved complex legal issues, including those raised in the various motions to dismiss filed by the Philips Defendants. Settlement Class Counsel worked extensively with the Class Representatives and experts to address complex issues related to medical monitoring claims and to analyze class certification and jurisdiction theories. In short, the litigation has been more than sufficiently lengthy and complex to justify the requested attorneys' fees.

### e.  The risk of nonpayment

Settlement Class Counsel litigated this case on a contingency fee basis, which carries a significant risk of nonpayment; in fact, "[a]ny contingency fee arrangement includes a risk of no payment." *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 309 (E.D. Pa. 2003)). As was the case in *Sorace*, here, "[s]uccess was not guaranteed in this case, and the risk undertaken by counsel merits approval of the requested fees." *Sorace*, 2024 WL 643229, at *13.

### f.  The amount of time devoted to the case by plaintiff's counsel

Settlement Class Counsel received compensation for their efforts with respect to the class economic loss settlement, but have not received any compensation for their efforts regarding the class medical monitoring claims during the two-plus years this litigation has continued. As discussed below, in the lodestar crosscheck, Settlement Class Counsel risked $451,245.43 in out-of-pocket expenses and 7,742 hours of work with the knowledge that, should their efforts not yield

the desired result of recovery for the Plaintiffs, they would not be reimbursed or compensated. Settlement Class Counsel testified to the court at the final fairness hearing that no time allocated to the Medical Monitoring Claims Settlement overlapped with any hours billed under the economic loss or personal injury settlement lines of effort. (Transcript, ECF No. 3031). The amount of time worked and the negative lodestar multiplier, discussed below, favor approval.

### g.  The awards in similar cases

In common fund cases, fee awards generally range from 19% to 45% of the settlement fund. *Sorace*, 2024 WL 643229, at *13. The requested fee award of $4.37 million represents 17.5% of the $25 million non-reversionary Settlement fund. The request also represents a negative multiplier of the lodestar, discussed below, which indicates the amount of the fee is "reasonable on its face." *Calhoun v. TJM Trevose, LLC*, No. 2:22-CV-3852, 2023 WL 5208853 (E.D. Pa. Aug. 14, 2023). One objector stated the attorneys should only be paid "for the hours they actually worked," which would be the lodestar amount. The fee requested is substantially less than the lodestar. Because the requested fee award is below the low-end of the accepted range, this factor heavily favors approval.

### 3.  *Prudential* factors

#### a.  The value of benefits accruing to class members attributable to the efforts of class counsel as opposed to the efforts of other groups, such as government agencies conducting investigations

The United States Food and Drug Administration ("FDA") and Department of Justice have taken some actions with respect to the Recalled Devices; however, Settlement Class Counsel here have "not relied on the government or other public agencies to do their work for them as has occurred in some cases." *In re Diet Drugs*, 582 F.3d at 544. Settlement Class Counsel were appointed to represent the Plaintiffs in this multidistrict litigation and have been actively litigating

this action, including drafting and filing the Medical Monitoring Complaint, responding to motions to dismiss, and pursuing and analyzing discovery, "without assistance from the government or any third parties. The FDA did not participate in any of the discovery or settlement negotiation between the Parties, nor is it a signatory to the Settlement." (ECF No. 2950). In addition, the Settlement's MAP Benefits are distinct from any actions being taken in pursuit to the FDA Consent Decree. The FDA research is concentrating on the study of "long-term health effects associated with" the alleged volatile organic compounds "and particles of the Recalled Devices," while the MAP research aims to focus on earlier detection of injuries "that [were] alleged to be caused by the Recalled Devices." (Transcript, ECF No. 3031 at 31-32).

**b.    The percentage fee that would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained**

"Attorneys regularly contract for contingent fees between 30% and 40% with their clients in non-class, commercial litigation." *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 156 (D.N.J. 2013). Here, Settlement Class Counsel's request for 17.5% of the Settlement Fund is "significantly lower than customary percentages in private contingent fee agreements" providing a greater recovery for Settlement Class Members. (ECF No. 2950 at 39). This factor favors the award of the fees requested.

**c.    Any "innovative" terms of settlement**

The Settlement Agreement provides equitable benefits of medical monitoring research to the entire Settlement Class. All Settlement Class Members may utilize to the MAP Program's Benefits, which will "incorporate medical research funding, a medical registry, an interactive Settlement Website that provides Settlement Class Members with up-to-date Relevant Medical Information and Guidance with respect to the specific injuries at issue in the litigation in a user-

friendly format for individuals that do not have a medical or scientific background." (ECF No. 2950 at 31). These innovative benefits will be available for fifteen years without having any impact on individual Settlement Class Members' abilities to pursue claims for personal injury or economic loss or for relief for individual medical monitoring. *Id.* These beneficial and innovative terms of the Settlement Agreement weigh in favor of approval of the requested fees.

### 4. *Lodestar* Crosscheck

The percent recovery award of 17.5% of the Settlement Fund is well within the acceptable ranges approved by courts within the Third Circuit. Settlement Class Counsel spent 7,742 hours during the relevant period litigating the medical monitoring claims and facilitating this Settlement. (ECF No. 2950 at 36). The total lodestar, based on all fee applicants' reported hours and currently stated hourly rates, is $6,084,024.90. *Id.* The blended hourly rate for all fee applicants is $785.85, determined by taking the total lodestar divided by the total hours. Here, the requested $4.37 million for attorneys' fees represents a 0.72 multiplier of Settlement Class Counsel's reported lodestar, a *negative* multiplier. *Id.* at 41. Courts have found that a negative multiplier demonstrates the reasonableness of the fee request. *In re Ins. Brokerage,* 297 F.R.D. at 184. This factor weighs in favor of the award of the fees requested.

### B. Expenses

Along with their request for attorneys' fees in the amount of $4.37 million, the Settlement Class Counsel are seeking $451,245.43 in held costs. (ECF No. 2949). "Counsel for a class action is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action." *In re Safety Components, Inc. Sec. Litig.*, 166 F. Supp. 2d 72, 108 (D.N.J. 2001) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)). Settlement Class Counsel represented that "[t]hese expenses were reviewed by the

Accountant, Co-Lead Counsel, and the [Time and Expense Subcommittee] for compliance with PTO 13." (ECF No. 2950). Settlement Class Counsel explained to the MDL Court, on the record, at the final fairness hearing that they could not practically separate the held costs in a manner that would account for expenses that were only incurred for economic loss claims settlement efforts from expenses incurred for other claims asserted in this multidistrict litigation, but assured the MDL Court that no duplicative reimbursement was requested. (Transcript, ECF No. 3031 at 173). Thus, the expenses were "adequately documented and reasonably and appropriately incurred in the prosecution of [this] class action." *In re Safety Components*, 166 F. Supp. 2d at 108. This factor weighs in favor of the award of the held costs requested.

## VII.  <u>Service awards</u>

Settlement Class Counsel testified at the final fairness hearing in detail that the service awards totaling $179,000 were based on the efforts that each recipient spent in supporting the litigation. (ECF No. 2950). In total, monetary awards were requested for fifty-five named plaintiffs, in addition to the two Class Representatives. Settlement Class Counsel testified that the Class Representatives individually contributed "in excess of 80 hours" toward the efforts of this litigation and requested $5,000 for each of them. (Transcript, ECF No. 3031 at 163). Twenty-one named Settlement Class plaintiffs engaged in discovery and preparation for depositions and Settlement Class Counsel requested $4,000 for each of them. Thirty-four named plaintiffs contributed by producing medical records and responding to interrogatories, and Settlement Class Counsel requested $2,500 for each of them. (ECF No. 2949-1). *See In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.,* 332 F.R.D. 202, 228-29 (N.D. Ill. 2019), *aff'd sub nom. Walker v. Nat'l Collegiate Athletic Ass'n,* No. 19-2638, 2019 WL 8058082 (7th Cir. Oct. 25,

2019). Based upon those representations, and the MDL Court's review of the summary of these awards, the MDL Court finds them to be reasonable and consistent with those requested in similar complex litigations. *See In re Suboxone*, 2024 WL 815503, at *18-19 (citing decisions). The service awards requested will be approved.

**VIII.**     <u>**Conclusion**</u>

Based on the foregoing, and consistent with the MDL Court's findings and rulings at the October 30, 2024 final fairness hearing, the MDL Court finds that: (1) all the requirements for class certification for purposes of Settlement have been met; (2) there was appropriate notice of the Settlement of the Medical Monitoring Claims; and (3) the Settlement is fair, reasonable, and adequate. Additionally, for the reasons set forth in more detail on the record, the objections to the Settlement raised by 257 putative Settlement Class Members are overruled. Lastly, the MDL Court approves the requested amount of the attorneys' fees and costs, and service awards. Appropriate orders will follow.

BY THE COURT:

December 5, 2024                              <u>/s/ Joy Flowers Conti</u>
                                            Joy Flowers Conti
                                            Senior United States District Court Judge

# EXHIBIT A

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 1 | Ackley, Veronica (formerly Rubio, Veronica) | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | J. | Objects regarding the objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be | § III.D.5, n.25. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | responsible to pay those fees, expenses or service awards. | |
| 2 | Adkins, Daniel | I. | Objects to being included in the Settlement since Objector does not want any benefits, believing he had great results from using his Recalled Device. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 3 | Aidasani, Dilip | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | C. | Objects that the Settlement does not adequately punish the Philips Defendants. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 4 | Airey, Linda | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 5 | Albino, Jeffrey | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | C. | Objects that the Settlement does not hold the Philips Defendants accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | H. | Objects to waiving his rights to sue in the future. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 6 | Ames, Jeff | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | C. | Objects that the Settlement does not hold the Philips Defendants accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 7 | Baker, Dante | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 8 | Barba, Dana | B. | Objects that there is little or no benefit to Users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
|  |  | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
|  |  | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 9 | Beyer, Charlotte | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient | § III.D.1, n.13. |
|  |  | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 10 | Birkholz, Mike | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 11 | Blake, Ronald | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 12 | Weary, Otis | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient | § III.D.1, n.13. |
| 13 | Blatt, Geoffrey | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 14 | Boardman, David | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient | § III.D.1, n.13. |
| 15 | Ashley, Jonathan | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 16 | Booker, Linda Balthis | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 17 | Bruce, Ben | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 18 | Buck, Bebe | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 19 | Barnhouse, Dicia | A. L. Q. S. | Objects to the settlement and request for attorneys' fees because she believes that she has opted out of the settlement (perhaps confused with economic loss settlement). | Conclusory objection is insufficient; Settlement is separate from the Economic Loss Settlement. Settlement explicitly preserves Economic Loss Claims, Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.1, n.13; § III.D.5, n.26; § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 20 | Caughron, Richard by Caughron, Lynda | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 21 | Chachere, George | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 22 | Cook, Ericka | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 23 | Cornell, Lesa | Q. | Objects because of concern with possible future health conditions and costs. | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6 n.30. |
| 24 | Cover, William | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | F. | Objects that MAP Research funds will financially benefit the Philips Defendants. | There is no support for the objection; Settlement Class Members are the beneficiaries of the MAP Research program designed to advance public knowledge regarding the detection, diagnosis, and/or treatment of the injuries alleged to have been caused by use of the Recalled Devices. *See Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 166 (S.D. Ohio 1992). | § III.D.2a, n.21. |
| 25 | Davila, Ileana | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | O. | Objects to having lawyers chosen for her and to attorneys' fees because they are the only ones receiving any benefit. | The Court appointed experienced Settlement Class Counsel after determining that Counsel would fairly and adequately represent the Class; and the Settlement provides significant | § III.D.5, n.29. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | equitable MAP Benefits to the Settlement Class. | |
| | | Y. | Objects because Settlement Class Counsel never communicated personally with her about the Settlement. | Settlement Class Members were notified of the Settlement and proposed MAP Benefits and given a right to object; Notice Plan was "appropriate under the circumstances" to apprise the Settlement Class Members of the terms and benefits of the proposed Settlement," and "constitute[d] due, adequate, and sufficient notice," and "m[et] all applicable requirements of law." PAO ¶ 11. | § III.B. |
| | | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| 26 | Daley, Elisabeth L. | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | J. | Objects that the process for objecting is unclear. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for | § III.D.4, n.24. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---------|----------|------|-----------------------|----------|-----------------|
| | | | | more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process | |
| 27 | Daniels, Alan | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 28 | Datian, John | R. | Objects based on misunderstanding that he is automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| | | H. | Objects to being forced into a Settlement. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 29 | Daugherty, Michael D. | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 30 | Flechsig, Richard | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 31 | Davis, Nic | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
|  |  | J. | Objects regarding the objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| 32 | de Castro, Michael | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 33 | Dimig, Terrie | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 34 | Dionne, Lara | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| | | D. | Objects to the release of her class claims. | Objection ignores the significant risks of obtaining class certification even in states where the law on medical monitoring supports Plaintiffs' allegations. Individual issues such as exposure to alleged foam toxins and unique medical circumstances, among others, present substantial hurdles to class certification. | § III.D.2, n.16. |

13

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 35 | Heeter, Gregory | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 36 | Dolliver, Duane | J. | Objects to not being able to submit an online objection form. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| | | P. | Objects to attorneys' fees of up to 20% when Settlement Class is not receiving any monetary benefit from the Settlement. | The Settlement provides significant equitable MAP Benefits to the Settlement Class. | § III.D.5, n.29. |
| 37 | Jones, Jr., Leslie | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 38 | Dudley, Dennis G. by Dudley, Pamela | J. | Objects that the process for objecting is unclear. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| | | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | E. | Objects that it is unclear to whom the MAP Research funding will go, how the information will be properly tracked, and suggests alternative purposes for the MAP Research. | Objection ignores the multiple provisions and safeguards in the Settlement Agreement to ensure the MAP Research is independent and beneficial and that the grant selection, award process, and results are transparent, including through ongoing judicial oversight. | § III.D.2a, n.18. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | F. | Objects that MAP Research funds will financially benefit the Philips Defendants. | There is no support for the objection; Settlement Class Members are the beneficiaries of the MAP Research program designed to advance public knowledge regarding the detection, diagnosis, and/or treatment of the injuries alleged to have been caused by use of the Recalled Devices. *See Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 166 (S.D. Ohio 1992). | § III.D.2a, n.21. |
| | | Z. | Objection suggests alternative purposes for the MAP Research. | Objection ignores that purpose of MAP Research is closely related to the Medical Monitoring Claims and injuries alleged to be caused by use of the Recalled Devices. | § III.D.2a, n.20. |
| | | C. | Objects that the Settlement does not hold Philips accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |
| 39 | Ekvall, Janet | B. | Objects that there is no direct compensation to users of Recalled Devices, who may not live 15 years to get the full benefit of the MAP. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

16

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 40 | Kinard, John | G. Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D 6, n.30. |
| | | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 41 | Evans, Carolyn | I. | Objects to being included in the Settlement since Objector is happy with the Recall Program and believes that she hasn't been injured. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 42 | Everman, Joe | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 43 | Baker, Jean Faour | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| 44 | Fimrite, Andrew by Fimrite, Darla | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 45 | Fisher, Marc | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | F. | Objects that MAP Research funds will financially benefit the Philips Defendants. | There is no support for the objection; Settlement Class Members are the beneficiaries of the MAP Research program designed to advance public knowledge regarding the detection, diagnosis, and/or treatment of the injuries alleged to have been caused by use of the Recalled Devices. *See Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 166 (S.D. Ohio 1992). | § III.D.2a, n.21. |
| | | P. | Objects to the request for attorneys' fees because the Settlement Class is not receiving any monetary benefit. | The Settlement provides significant equitable MAP Benefits to the Settlement Class. | § III.D.5, n.29. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 46 | Flowers, James | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | H. | Objects to having any legal rights taken away from him. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 47 | Frantz, Mary | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 48 | Frazier, Kenya | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 49 | Froom, Abby | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 50 | Galvan, Mark | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | B. G. | Objects that if he gets sick in the future, Philips should be responsible for his declining health. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. Moreover, Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2, n.14; § III.D.2b, n.22. |
| 51 | Gatliff, James A. | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

20

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 52 | Gawronski, Rhonda | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 53 | Geckle, Junior | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 54 | ProsseOr, Donna | B. | Objects that there is not enough money in the settlement fund. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 55 | Glowacki, Joanne | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | P. | Objects to amount of attorneys' fees because the Settlement Class is not receiving any monetary benefit from the Settlement. | The Settlement provides significant equitable MAP Benefits to the Settlement Class. | § III.D.5, n.29. |
| 56 | Godfrey, Brian | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 57 | Goins, James Roderick | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 58 | Goldstein, Laura | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | I. | Objects because she does not want to be part of Settlement. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 59 | Gonzalez, Nicholas | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 60 | Goodrich, John T. | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 61 | Grassi, Richard | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 62 | Gruber, Dana M. | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 63 | Harlston, Michael | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 64 | Harris, Pete | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | I. | Objects because he does not want to be part of Settlement. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 65 | Harrison, Henrietta | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | P. | Objects to attorneys' fees because the Settlement Class is not receiving any monetary benefit from the Settlement. | The Settlement provides significant equitable MAP Benefits to the Settlement Class. | § III.D.5, n.29. |
| 66 | Hensley, Melinda Lou | G. Q. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses and/or is based on confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30. |
| 67 | Zellner, Doris | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 68 | Hewitt, Mark | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 69 | Callahan, Ada | B.<br>G. | Objects that there is no direct compensation to users of Recalled Devices and she has suffered personal injuries. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation and Personal Injury Claims are expressly preserved. | § III.D.2, n.14; § III.D.2b, n.22. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 70 | Holmes, Marshall | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 71 | Hooper, Bryant | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 72 | Hovey, Robert | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 73 | Howard, James | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 74 | Ingram, Erik | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 75 | Ipsen, Jody | G. Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30. |
| 76 | Iseminger, David | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 77 | Jackson, Meredith | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 78 | Jagannath, Sitaraman | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 79 | Jagdatt, Felicia | I. | Objects that she does not want to participate in this action as she was not harmed. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 80 | Jimenez, Eileen, Manuel | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 81 | Behar, Yasek | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 82 | Johnson, Margie | I. | Objects because she does not want to participate in Settlement. | Settlement Class Members are not required to take advantage of or use MAP Benefits. | § III.D.3, n.23. |
| 83 | Junker, Patrick | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 84 | Keaton, Chris | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 85 | Keeler, Ben | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | P. | Objects to attorneys' fees because the Settlement Class is not receiving any monetary benefit from the Settlement. | The Settlement provides significant equitable MAP Benefits to the Settlement Class. | § III.D.5, n.29. |
| 86 | Kelley, Austin | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 87 | Kidd, Ronald | B. G. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. Moreover, Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2, n.14; § III.D.2b, n.22 |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 88 | Kirkland, Wayne | B. P. | Objects that there is no direct compensation to users of Recalled Devices; objects to attorneys' fees until the Settlement Class receives compensation. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. § III.D.5, n.29. |
| 89 | Klein, Tamara and Klein, Michael | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

28

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 90 | Kniery, Dennis | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 91 | Knight, Brenda | I. | Objects because she does not want to participate in the Settlement. | Settlement Class Members are not required to take advantage of or use MAP Benefits. | § III.D.3, n.23. |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 92 | Korte, Rebecca | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | still pursue individual claims for payment of medical monitoring expenses. | |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| 93 | Kouliev, M.D., Timur | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | J. | Objects that the process for objecting is unclear. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process | § III.D.4, n.24. |
| 94 | Lackey, Betty | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 95 | Bell, Margaret | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 96 | Lambert, John | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 97 | Lane, Doug | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
|  |  | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 98 | Kramer Resides, Pauline | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 99 | Gbruoski, Paula | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 100 | Calloway, Tammy | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 101 | Lawman, Sarah | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices; there is not enough money in the Settlement Fund; and the attorneys are not representing the best interest of the clients because the amount is so small per Class Member. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14 |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.5, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 102 | Haueter, Larry | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 103 | Lencke, John | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 104 | Lopez, LeAnna Lynn | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 105 | Malone, Sherry | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 106 | Massey, Edna | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 107 | Howser, David | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | I. | Objects to being included in litigation. | Settlement Class Members are not required to take advantage of or use MAP Benefits. | § III.D.3, n.23. |
| 108 | Johnson, Mark | T. | Objects based on confusion that he does "not hav[e] the specified machine listed in the lawsuit" even though the Serial Number of his device is a Recalled Device. | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 109 | McClure, Styric | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 110 | McCord, Patricia for herself and McCord, Samuel (deceased) | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 111 | McCormick, Cynthia and John | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 112 | McDonald, Janice | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can | § III.D.3, n.23. |

35

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | still pursue individual claims for payment of medical monitoring expenses. | |
| 113 | McGavock, Darnell, Sr. | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 114 | McGehee, John | B. | Objects that there is little or no benefit / no direct compensation to Users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | M. | Objects to attorneys' fees for 5 Settlement Class Counsel as excessive. | Objection ignores the detailed information in the Fee Motion and Fee Brief regarding the common benefit efforts to litigate the Medical Monitoring Claims; conclusory and unsubstantiated objection to the request for attorneys' fees, reimbursement of costs, or service awards is insufficient. | § III.D.5, n.27. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 115 | McGrier, Rasheen | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | G. Q. | Objects that the Settlement is insufficient because it does not compensate for financial loss/medical expenses; objection is based on confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30. |
| 116 | McLevich, Joe | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 117 | Mellace, Maria | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 118 | Moyer, Daniel | K. | Objects to being individually responsible for attorneys' fees going into the future. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 119 | Wilson, Bridgette | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 120 | Nau, Bill | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | U. | Objects that firms representing him did so without his consent and therefore, he does not want them to receive fees. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 121 | Nelson, Gregory | Q. | Objects based on confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 122 | Nereson, Heidi | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | J. | Objects regarding the objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 123 | Niehans, Tish | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | E. | Objects that the MAP settlement administrators and researchers are not likely "independent." | Objection ignores the multiple provisions and safeguards in the Settlement Agreement to ensure the MAP Research is independent and beneficial and that the grant selection, award process, and results are transparent, including through ongoing judicial oversight. | § III.D.2a, n.18. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | N. | Objects that attorneys' fees should be based on lodestar. | Objection ignores the evidence in the Fee Motion and Fee Brief that the requested fee is substantially *less* than the lodestar value of time spent litigating Medical Monitoring Claims. | § III.D.5, n.28. |
| 124 | O'Hallaron, Jeffrey | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | J. | Objects regarding the objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| 125 | Olesky, John | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 126 | Mardjonovic, Paul | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 127 | Olmstead, Renee | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | G. Q. | Objects that the Settlement is insufficient because it does not compensate for financial loss/medical expenses; objection is based on confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30. |
| | | C. | Objects that the Settlement does not hold Philips accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |
| 128 | Olson, Bev | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 129 | Palmer, Jake | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 130 | West, Derrick | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | I. | Does not want to be part of Settlement. | Settlement Class Members are not required to take advantage of or use MAP Benefits. | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 131 | Parker, Paul | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | G. | Objects that "the settlement does not protect him in the event that there are future problems." | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| | | I. | Objects because he does not want to participate in the Settlement. | Settlement Class Members are not required to take advantage of or use MAP Benefits. | § III.D.3, n.23. |
| 132 | Perkins, Casey | G. | Objects based on health problems and/or confusion regarding the other settlements (EL/PI). | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 133 | Martinez, Orlando | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | H. | Objects to not being able to opt out and waiving future legal rights. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | J. | Objects regarding the objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| | | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 134 | Pitman, Sharon | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| 135 | Pucino-Chambliss, Anna | Q. | Objects based on confusion, stating she never had any side effects while using her Recalled Device. | Settlement Class Members are not required to take advantage of or use MAP Benefits. Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. | § III.D.6, n.30. |
| 136 | Reid, Scott | A. | Objects because he doesn't understand the Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 137 | Rinbolt, Keith | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 138 | Robison, Felicia | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 139 | Rossman, Rodger | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 140 | Saari, Julie | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 141 | Hamilton, Michael | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 142 | Scilzo, Christine | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 143 | Sellentin, Richard E. | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial | § III.D.2, n.14. |

45

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | expense, delay and risks of continued litigation. | |
| 144 | Sensenig, Anthony | I. | Objector wants to opt-out because he has religious convictions against suing. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 145 | Shover, Matthew | A. I. | Conclusory objection to Settlement and objects to being included in the Settlement. | Conclusory objection is insufficient and certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.1, n.13; § III.D.3, n.23. |
| 146 | Orestad, James | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 147 | Snable, Scott | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 148 | Snower, Daniel | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | V. | Objects that he never gave anybody the right to negotiate on his behalf, can't opt out and the Settlement waives his rights. | As contemplated by Fed. R. Civ. P. 23, the Representative Plaintiffs and Settlement Class Counsel carried out their fiduciary duties to the Settlement Class. The negotiations were overseen by an experienced Court-appointed mediator, and the Court's exercise of its fiduciary role further protect absent Class members. | § III.D.3, n.23. |
| 149 | Snuffer, Todd | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 150 | Solis, Sharon | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | I. | Objects that she does not want to be part of Settlement because she did not use her Recalled Device. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 151 | Soto-González, Marla J. | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 152 | Spiegel, William | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 153 | Sprague, Kathy | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 154 | Stark, Nina A. | I. | Objects because she does not want any of the Settlement benefits; does not want to participate in the Settlement. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 155 | Sutton, Scott | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | H. | Does not want to release any of his claims. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 156 | Szasz, John S. | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 157 | Parker, James | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | I. | Does not want to be part of settlement. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |

49

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 158 | Thomas, Heath | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | J. | Objects regarding the objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | P. | Objects to the request for attorneys' fees based on his disapproval of the Settlement and because the Settlement Class is not receiving any monetary benefit. | Settlement provides significant equitable benefits to the Settlement Class. | § III.D.5, n.29. |
| 159 | Tombs, Jill | I. | Objector wants to opt-out because "[i]t is against [her] beliefs to sue another in court." | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 160 | Toronzi, Rob | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | I. | Objects because he does not want to be part of Settlement. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| 161 | Trautman, Fred | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 162 | Trein, Marcelo | H. | Objects to being included in Settlement. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |

51

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | J. | Objects to objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| 163 | Tschai, Dan | B. | Objects that the Settlement does not provide sufficient benefits. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the risks, costs, and delay of continued litigation. | § III.D.2, n.14. |
| 164 | Parnell, Connie | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | C. | Objects that the Settlement does not adequately punish the Philips Defendants or at least hold them accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2., n.15. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 165 | Verret, Kerry | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | P. | Objects to attorneys' fees because the Settlement Class is getting no monetary compensation. | Settlement provides significant equitable benefits to the Settlement Class. | § III.D.5, n.29. |
| 166 | Watson, Jennifer | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 167 | Wade, Frederick | B. | Objects that there is little or no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | C. | Settlement should not be a substitute for punitive damages. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2a, n.15. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.5, n.30. |
| | | P. | Objects to the request for attorneys' fees when the Settlement Class is not receiving any monetary benefit from the Settlement. | Settlement provides significant equitable benefits to the Settlement Class. | § III.D.5, n.29. |
| 168 | Wagaman, James | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 169 | Walker, Michael | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 170 | Walker, Zack | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 171 | Walton, Bobby | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 172 | Wansley, Josh | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 173 | Warren, Barb | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | F. | Objects that MAP Research funds will financially benefit the Philips Defendants. | There is no support for the objection; Settlement Class Members are the beneficiaries of the MAP Research program designed to advance public knowledge regarding the detection, diagnosis, and/or treatment of the injuries alleged to have been caused by use of the Recalled Devices. *See Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 166 (S.D. Ohio 1992). | § III.D.2a, n.21. |
| 174 | Watson, James | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 175 | Schofer, Mayer | C. | Objects that the Settlement does not adequately punish the Philips Defendants or hold them accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2a, n.15. |
| | | G. | Objects that the Settlement is not compensating for medical monitoring. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 176 | Wheeler, Shirley | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 177 | White, Justin | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 178 | Wimberly, Dolores | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | F. | Objects that MAP Research funds will benefit the Philips Defendants. | There is no support for the objection; Settlement Class Members are the beneficiaries of the MAP Research program designed to advance public knowledge regarding the detection, diagnosis, and/or treatment of the injuries alleged to have been caused by use of the Recalled Devices. *See Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 166 (S.D. Ohio 1992). | § III.D.2a, n.21. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 179 | Wooten, Shelly | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 180 | Worden, Michael | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 181 | Carson, Tracey | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 182 | Wynn, W. J. | Q. | Objects because of concern with possible future health conditions and costs. | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 183 | Young, Gregory S. | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 184 | Jenkins, Randy | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 185 | Kramer, Harry | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 186 | Minkley, Dolores | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | G. Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30 |
| | | P. | Objects to attorneys' fees because the Settlement Class is getting no monetary compensation. | Settlement provides significant equitable benefits to the Settlement Class. | § III.D.5, n.29. |
| 187 | Worley-Jenkins, Susie | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | G. Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30. |
| 188 | Griswold, Bill | E. | Objects to the MAP Research (questions the purpose, goals, qualifications of the researchers, and supervision). | Objection ignores the multiple provisions and safeguards in the Settlement Agreement to ensure the MAP Research is independent and beneficial and that the grant selection, award process, and results are transparent, including through ongoing judicial oversight. | § III.D.2a, n.18. |
| | | Z. | Objection suggests alternative purposes for the MAP Research. | Objection ignores that purpose of MAP Research is closely related to the Medical | § III.D.2a, n.20. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | Monitoring Claims and injuries alleged to be caused by use of the Recalled Devices. | |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | G. | Objects that no medical monitoring is provided for in the Settlement. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| | | W. | Objects that Settlement Class Counsel did not provide assistance to him with his objection. | As contemplated by Fed. R. Civ. P. 23, Settlement Class Counsel carried out their fiduciary duties to the Settlement Class. They reached the proposed Settlement based on a thorough understanding of the substantial expense, delay and risks of continued litigation and they support the Settlement. | § III.C. |
| 189 | Salerno, Joseph | G. Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30. |

61

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 190 | Schreiber, Brenda | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| 191 | Adams, Sharon Darlene Durrant | Q. | Objects to the Settlement because she is happy with Philips Respironics's handling of the Recall. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.6, n.30. |
| 192 | Ayers, Donald | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 193 | Jewell, Joseph | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
|  |  | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
|  |  | P. | Objects to attorneys' fees because Settlement Class is not receiving any monetary benefit from the Settlement. | Settlement provides significant equitable benefits to the Settlement Class. | § III.D.5, n.29. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 194 | King, Chuck | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 195 | McDonald, Marie | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 196 | Meier, Michael | G. | Objects that the Settlement does not fully consider the health impacts caused by the Recalled Devices. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | J. | Objects that the objection process makes it difficult to submit documents. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 197 | Park, Marsha | H. | Objects to being included in the Settlement because she does not want to participate. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
|  |  | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 198 | Pollard, Tom | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
|  |  | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 199 | Bailey, Jesse | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 200 | Washington, Jivian | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 201 | Sonail, Sharon | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 202 | Ubelhor, Martin | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 203 | O'Connor, Darrell | B. X. | Objects that there is not enough money in the Settlement Fund and the MAP Benefits should extend beyond 15 years. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | litigation; length of the MAP program was a reasonable negotiated term. | |
| | | C. | Objects that the Settlement does not adequately punish the Philips Defendants or hold them accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |
| 204 | Coupel, Catherine | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 205 | Drohan, Carol | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | E. | Objects that the MAP Research has no accountability. | Objection ignores the multiple provisions and safeguards in the Settlement Agreement to ensure the MAP Research is independent and beneficial and that the grant selection, award process, and results are transparent, including through ongoing judicial oversight. | § III.D.2a, n.18. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 206 | Hanes, Laura | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | J. | Objects regarding the objection process. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 207 | Martin, Phillip | B. | Objects that the Settlement provides insufficient compensation. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| 208 | Mills, Craig | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
|  |  | C. | Objects that the Settlement does not adequately hold the Philips Defendants accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |
| 209 | Rollins, Joan | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| 210 | Seamon, Peter | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 211 | Stoysich-Noordam, Margaret | L. | Conclusory objection to the percentage of attorneys' fees. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 212 | Adams, Stephen | B. | Objects that the amount of the settlement fund is not enough. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | U. | Objects to having lawyers chosen for him and to the payment of any attorneys' fees. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 213 | Brown, Coleen | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 214 | Daugherty, Susan | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 215 | Loftis-Jones, Ellison | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 216 | Ward, Leshika | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| 217 | DeWitt, Anthony L. and Ginger J. | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | B. | Objects that there is no medical monitoring testing program established by the Settlement. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | E. | Objects that the MAP Research is too vague and lacks oversight and to the manner in which the MAP Research is disseminated to Class Members. | Objection ignores the multiple provisions and safeguards in the Settlement Agreement to ensure the MAP Research is independent and beneficial and that the grant selection, award process, and results are transparent, including through ongoing judicial oversight. | § III.D.2a, n.18. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | D. | Objects to the release of his class claims. | Objection ignores the significant risks of obtaining class certification even in states where the law on medical monitoring supports Plaintiffs' allegations. Individual issues such as exposure to alleged foam toxins and unique medical circumstances, among | § III.D.2, n.16. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | others, present substantial hurdles to class certification. | |
| | | J. | Objects that the procedure for objecting was not clear. | The objection process was the same as in the Economic Loss Settlement, and Settlement Class Members were able to contact the Settlement Administrator and Settlement Class Counsel via the Settlement Website for more information. The Notice, Settlement Website, and direct outreach to objectors satisfied due process. | § III.D.4, n.24. |
| 218 | Ecklund, Peter | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 219 | Dobson, Ricky | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 220 | Elrod, Sr., Donnie | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 221 | Fernandez, John | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | L. | Conclusory objection that the attorneys' fee award should be limited to 17.5% and the additional fees requested should go into the Settlement Fund. . | Conclusory objection is insufficient. | § III.D.5, n.26. |
| | | AA. | Conclusory objection to Settlement Administrator. | The Court evaluated Wolf Global Compliance's credentials before appointing it as Settlement Administrator. The objection does not present any information or basis to call the appointment into question. | § III.D.2a, n.19. |
| 222 | Beadle, Jr. Raymond | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | V. | Objects that Settlement was negotiated on his behalf without his knowledge. | As contemplated by Fed. R. Civ. P. 23, the Representative Plaintiffs and Settlement Class Counsel carried out their fiduciary duties to the Settlement Class. The negotiations were overseen by an experienced Court-appointed mediator, and the Court's exercise of its fiduciary role further protect absent Class members. | § III.D.3, n.23. |
| 223 | Cox, Gary | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| | | I. | Objects because he does not want to be part of Settlement. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 224 | Felton, Marylou | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2a, n.14. |
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 225 | Fields, Constance | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 226 | Gray, Clinton | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2a, n.14. |
| 227 | Guy, Andrea | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 228 | Henning, Wesley | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 229 | Thomas, Craig | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 230 | Vandiver, Debra | B. | Objects that the proposed Settlement is not fair, reasonable nor adequate because there is no benefit to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2a, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | Q. | Objects based on frustration with Philips Respironics Recall, their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 231 | Rogers, Dwayne | B. X. | Objects that the MAP Benefits should extend beyond 15 years. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation; length of the MAP program was a reasonable negotiated term. | § III.D.2a, n.14 |
| | | C. | Objects that the Settlement does not adequately punish the Philips Defendants or hold them accountable. | The Settlement does not preclude individual claims for economic loss and personal injury, and the Philips Defendants also have entered into a Court-approved settlement of the Economic Loss Claims and a proposed private settlement program for many Personal Injury claims. | § III.D.2, n.15. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 232 | Evans, Raven | G. Q. | Objects that the Settlement does not provide payments for personal injuries or medical expenses and based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22; § III.D.6, n.30. |
| | | P. | Objects to attorneys' fees because the Settlement Class Members are not receiving payments. | Settlement provides significant equitable MAP Benefits to the Settlement Class. | § III.D.5, n.29. |
| 233 | Bey, Rosalie | B. | Objects that there is no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2a, n.14. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 234 | Willing, Karen | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | L. | Conclusory objection to fees, reimbursement of expenses and/or service awards. | Conclusory objection is insufficient. | § III.D.5, n.26. |
| 235 | Strange, Elton | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| 236 | Rosado, Evelyn | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | I. | Objects because she does not want to be part of the Settlement. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 237 | Rollins, Frank | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | P. | Objects to attorneys' fees because the Settlement Class Members are not receiving payments. | Settlement provides significant equitable MAP Benefits to the Settlement Class. | § III.D.5, n.29. |
| 238 | Mathias, Robert | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 239 | Bey, Richard Amun'Ra | V. | Objects that Settlement was negotiated on his behalf without his knowledge. | As contemplated by Fed. R. Civ. P. 23, the Representative Plaintiffs and Settlement Class Counsel carried out their fiduciary duties to the Settlement Class. The negotiations were overseen by an experienced Court-appointed mediator, and the Court's exercise of its fiduciary role further protect absent Class members. | § III.D.3, n.23. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | | Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | |
| 240 | Wagemann, Earle | P. | Objects that attorneys' fees are excessive. | Settlement provides significant equitable MAP Benefits to the Settlement Class and Class Counsel are entitled to the fees requested. | § III.D.5, n.29. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 241 | VanDerbeck, Susan | H. | Objects to being included in the Settlement without her knowledge or consent. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | V. | Objects that Settlement was negotiated on her behalf without her knowledge. | As contemplated by Fed. R. Civ. P. 23, the Representative Plaintiffs and Settlement Class Counsel carried out their fiduciary duties to the Settlement Class. The negotiations were overseen by an experienced Court-appointed mediator, and the Court's exercise of its fiduciary role further protect absent Class members. | § III.D.3, n.23. |
| 242 | Smith, Eve | D. | Objects to the release of class claims. | Objection ignores the significant risks of obtaining class certification even in states where the law on medical monitoring supports Plaintiffs' allegations. Individual issues such as exposure to alleged foam toxins and unique medical circumstances, among others, present substantial hurdles to class certification. | § III.D.2, n.16. |
| 243 | Schneider, Patricia | A. | Conclusory objection to Settlement. | Conclusory objection is insufficient. | § III.D.1, n.13. |
| 244 | Rossi, Rosalind | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | L. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | X. | Objects that the MAP Benefits should extend beyond 15 years. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation; length of the MAP program was a reasonable negotiated term. | § III.D.2, n.14. |
| 245 | Rodenacker, John | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 246 | Pohalski, Christopher | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | D. | Objects to the release of class claims. | Objection ignores the significant risks of obtaining class certification even in states where the law on medical monitoring supports Plaintiffs' allegations. Individual issues such as exposure to alleged foam toxins and unique medical circumstances, among others, present substantial hurdles to class certification. | § III.D.2, n.16. |
| | | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 247 | Paultre, Frantz | B. X. | Objects that there is not enough money in the Settlement Fund and the MAP Benefits should extend beyond 15 years. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |
| | | D. | Objects to the release of class claims. | Objection ignores the significant risks of obtaining class certification even in states where the law on medical monitoring supports Plaintiffs' allegations. Individual issues such as exposure to alleged foam toxins and unique medical circumstances, among others, present substantial hurdles to class certification. | § III.D.2, n.16. |
| 248 | Khan, Nuzhath | R. | Objects based on misunderstanding that they are automatically enrolled in the MAP Registry. | Objection is based on a misunderstanding of the Settlement. Settlement Class Members can elect to participate in the MAP Registry. It is optional and enrollment is not automatic. Settlement Class Members' medical information will remain private unless they affirmatively authorize its disclosure. | § III.D.6, n.31. |
| 249 | Hawe, Janena | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| 250 | Gustafson, Frances Charlene | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 251 | Gravelyn, Gary | D. | Objects to the release of class claims. | Objection ignores the significant risks of obtaining class certification even in states where the law on medical monitoring supports Plaintiffs' allegations. Individual issues such as exposure to alleged foam toxins and unique medical circumstances, among others, present substantial hurdles to class certification. | § III.D.2, n.16. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 252 | Fritz, Cathleen | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| | | L. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| | | X. | Objects that the MAP Benefits should extend beyond 15 years. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation; length of the MAP program was a reasonable negotiated term. | § III.D.2, n.14. |
| 253 | Duhart, Jr., Willie | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | G. | Objects that the Settlement is insufficient because it does not compensate for personal injuries or medical expenses. | Settlement does not release Personal Injury Claims or individual claims for payment of medical monitoring expenses. | § III.D.2b, n.22. |
| | | L. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 254 | Colbert, Sarah | I. | Objects to being included in the Settlement because Objector does not want any benefits or for other reasons. | Class Members are not required to take advantage of or use any of the MAP Benefits. | § III.D.3, n.23. |
| | | K. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves | § III.D.6, n.30. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | | confusion regarding the other settlements (EL/PI). | Personal Injury Claims and individual claims for payment of medical monitoring expenses. | |
| 255 | Childs, Patricia | E. | Objects to the MAP Research program – questioning its purpose and scope. | Objection ignores the multiple provisions and safeguards in the Settlement Agreement to ensure the MAP Research is independent and beneficial and that the grant selection, award process, and results are transparent, including through ongoing judicial oversight. | § III.D.2a, n.18. |
| | | H. | Objects to not being able to opt out. | Certification of a Rule 23(b)(2) class is appropriate because Defendants acted or refused to act in a way that is applicable to the entire class, making equitable and/or declaratory relief for the class as a whole appropriate. Class certification does not violate constitutional rights. Settlement Class Members are not prejudiced because they can still pursue individual claims for payment of medical monitoring expenses. | § III.D.3, n.23. |
| 256 | Brantley, Lola | B. | Objects that there is little or no benefit / no direct compensation to users of Recalled Devices. | Settlement provides significant equitable benefits to the Settlement Class as a whole and is a fair, reasonable and adequate compromise after weighing the substantial expense, delay and risks of continued litigation. | § III.D.2, n.14. |

**AMENDED EXHIBIT 3b: CHART OF OBJECTIONS AND RESPONSES (by Objector)**

| Ex. No. | Objector | Obj. | Objection Description | Response | Brief Citations |
|---|---|---|---|---|---|
| | | D. | Objects to the release of class claims. | Objection ignores the significant risks of obtaining class certification even in states where the law on medical monitoring supports Plaintiffs' allegations. Individual issues such as exposure to alleged foam toxins and unique medical circumstances, among others, present substantial hurdles to class certification. | § III.D.2, n.16. |
| | | L. | Objects to being individually responsible for attorneys' fees. | Any attorneys' fees, costs, or Service Awards awarded by the Court will be paid from the Settlement Fund after Final Approval; Settlement Class Members will not be responsible to pay those fees, expenses or service awards. | § III.D.5, n.25. |
| | | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |
| 257. | Hosen, Patricia | Q. | Objects based on frustration with Philips Respironics Recall; their personal economic losses and/or health problems; and/or confusion regarding the other settlements (EL/PI). | Settlement is separate from the Recall and the Economic Loss and Personal Injury Master Settlements. Settlement explicitly preserves Personal Injury Claims and individual claims for payment of medical monitoring expenses. | § III.D.6, n.30. |