IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 |
| | MDL No. 3014 |
| This Document Relates to: All Actions | |

| | |
|---|---|
| IN RE: SOCLEAN, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Master Docket No. 22-mc-152 |
| | MDL No. 3021 |
| This Document Relates to: All Actions | |

**MEMORANDUM OPINION**

I.  Introduction

The court has been presiding over two related multidistrict litigation ("MDL") matters, MDL No. 3014 (the "Philips MDL") and MDL No. 3021 (the "SoClean MDL"), for a few years. The Philips MDL arose from the June 2021 recall of approximately 10,000,000 continuous positive air pressure ("CPAP") and other devices sold by Philips (the "Devices"). The class action and personal injury claims by Device users (which initially justified management as MDLs) are expected to be resolved in the Philips MDL. The Philips MDL should be substantially resolved in early 2025. Among the claims in the SoClean MDL is a dispute

between Philips[1] and SoClean[2] arising from SoClean's marketing of an ozone cleaning system for use with, among others, Philips' CPAP machines.

As part of the settlement of the Economic Loss[3] claims in the Philips MDL in April 2024, the individual non-opt out class member plaintiffs assigned their Economic Loss claims to Philips.  In August 2024, Philips filed two new complaints against SoClean premised on the settlement and those assignments: (1) an amended third-party complaint for contribution against SoClean in the Philips MDL (Misc. No. 21-1230, ECF No. 2922); and (2) a new "class action complaint" in the SoClean MDL.

The class action complaint is an entirely new lawsuit.  Philips paid the filing fee for a new case and attached summonses and a civil information sheet (ECF No. 653). Philips, however, did not file the class action complaint as a new civil case; instead, Philips filed it on the docket of the existing SoClean MDL (Misc. No. 22-152, ECF No. 660).

SoClean filed motions to strike/dismiss both of the new complaints for numerous substantive and procedural reasons (Misc. No. 21-1230, ECF Nos. 2995, 2997; Misc. No. 22-152, ECF No. 737).  Counsel are conferring about oral argument on those motions and notified the court they will be proposing dates in February 2025.  Because it appears to the court that both

---

[1] The amended third-party complaint in the Philips MDL was brought by Koninklijke Philips, N.V., Philips North America LLC, Philips Holding USA, Inc., Philips RS North America LLC and Philips RS North America Holding Corp.  Philips North America LLC is the only plaintiff in the new class action complaint in the SoClean MDL.  For convenience, all the Philips entities will be referred to as "Philips."
[2] The amended third-party complaint in the Philips MDL named only SoClean, Inc. and DW Management Services, LLC, as defendants.  The new class action complaint in the SoClean MDL named SoClean, Inc., LIfebrands Holdings, Inc., SoClean Parent, LP, SoClean Parent GP, LLC, DW Healthcare Partners IV LP, DW Healthcare Affiliates IV, LP, DW Healthcare Partners IV (B), LP and DW Management Services, LLC, as defendants.  For convenience, all the SoClean-related entities will be referred to as "SoClean."  The court notes that many of the SoClean-related entities challenge this court's ability to exercise personal jurisdiction.  Those motions were referred to the special master for resolution.  Oral argument was completed on December 2, 2024.
[3] Capitalized terms used in this opinion, unless otherwise defined, shall have the meaning ascribed to those terms in the Economic Loss settlement agreement (ECF No. 2279-1).

of the new complaints are not consistent with the just, speedy and inexpensive resolution of the MDLs, as currently filed, the court will sever the third-party complaint and dismiss the class action complaint now, without prejudice, for the reasons set forth below. The court will set forth accelerated case management deadlines, if Philips chooses to refile the class action complaint in this forum, and will endeavor to hear argument on renewed motions to dismiss (if necessary) in February 2025, as currently contemplated by counsel.

II.   Background

    A. Status of the existing MDLs

        1. Philips MDL

The Philips MDL arose out of the 2021 recall of over 10,000,000 Devices. The Philips MDL was organized into three pieces, i.e., Economic Loss claims, personal injury claims and medical monitoring claims, each of which had a master complaint.

In October 2023, the parties reported a settlement of the Economic Loss claims was reached in the Philips MDL. The court granted final approval of a class settlement of the Economic Loss claims in April 2024 (Misc. No. 21-1230, ECF Nos. 2735, 2736). As part of that settlement, the individual non-opt out class member plaintiffs assigned their Economic Loss claims to Philips.

In May 2024, the parties reached a class settlement of the medical monitoring claims. On December 5, 2024, the court granted final approval of the medical monitoring class settlement (ECF Nos. 3053-3055).[4] In May 2024, the parties reached a private (i.e., non-class) settlement of certain of the personal injury claims in the Philips MDL (ECF No. 2768). The personal injury

---

[4] That settlement did not release individual claims for medical monitoring.

settlement does not require court approval, although the court issued orders to effectuate the settlement process (ECF Nos. 2769-2771). The parties will report to the court on January 14, 2025, about the status of the settlement.

In summary, while there will be claims remaining, the Philips MDL should be substantially resolved by the spring of 2025.[5]

2. The SoClean MDL

The initial transfer order for the SoClean MDL was issued in February 2022. The transfer order recognized that this court, because it presided over the Philips MDL, was uniquely situated to preside over the overlapping claims in the SoClean MDL. There have been substantial efforts to coordinate activities in both MDLs to promote judicial economy, as well as efficiencies and economy for the parties.

On October 30, 2024, counsel reported they reached a settlement of the consumer, named plaintiffs' claims against SoClean. The settlement, however, is not expected to cover class claims. If that settlement is completed, only the "business to business" track claims will remain in the SoClean MDL. The fact discovery deadline for the business to business claims is December 20, 2024. Trial in the SoClean MDL is set for July 2025. The court notified the parties that no further continuances or delays will be permitted. (ECF No. 678 at 24) ("[T]he litigation is now coming up to its third year. It is not going to be delayed. Anything that I see as pushing, pushing the time frames down, we're not going to do.").

On July 24, 2024, Philips' counsel commented that granting a wholesale lifting of the stay (which SoClean requested to expedite resolution of the case) would be "quite the nightmare,

---

[5] There may be some further proceedings involving, for example, users who opted out of the Economic Loss settlement or users whose medical conditions are not covered by the settlements.

because it is basically going to invite World War III to break out." ECF No. 769 at 5 (quoting ECF No. 654 at 7). Shortly after the court agreed with SoClean and lifted the stay, Philips engaged in several litigation tactics which could complicate and delay resolution of the business to business claims and other claims, including filing the new complaints at issue in this opinion.

(a) *Motions resolved by the court*

(i) *Motion to Substitute Real Party in Interest (ECF No. 651)*

On August 13, 2024, Philips filed a motion to substitute SoClean's lender as the real party in interest (ECF No. 651). Philips did not withdraw the motion even after the court conducted an in camera review and SoClean provided redacted documents in an effort to resolve the motion. *See* ECF No. 722 at 16-31. The court expressed the concern that: "I don't want this to turn into a scorched earth theory where the cost of the litigation becomes worth more than any recovery." *Id.* at 28. Philips' motion was dismissed (ECF No. 745).

(ii) *Motion for leave to amend counterclaims (ECF No. 724)*

Philips filed a motion for leave to amend its counterclaims (ECF No. 724). The court commented: "It would be an understatement to say that the proposed amended counterclaims contain numerous revisions. The document essentially doubled in length (from 110 paragraphs to 204 paragraphs, *compare* ECF Nos. 507 & 725), names eight new parties, and asserts three new legal theories." (ECF No. 769 at 3).

On November 12, 2024, the court denied Philips' motion for leave to amend its counterclaims to add new parties and legal theories, although Philips was permitted to file an amendment to plead facts about the discovery rule with respect to an existing counterclaim (ECF Nos. 769, 770). The court explained there is no realistic way that additional discovery could be completed by the December 20, 2024 firm deadline. The court did not make a finding about

whether Philips' motion was made in bad faith, but noted its awareness of the disparity in the parties' resources and SoClean's concerns that Philips is trying to delay and complicate the litigation.

### (b) New complaints

#### (i) The amended third-party complaint in the Philips MDL

On August 13, 2024, Philips filed an amended third-party complaint for contribution against SoClean in the Philips MDL (ECF No. 2922). To repeat, the court was advised in April 2024 that the Economic Loss claims in the Philips MDL settled and was advised in May 2024 that certain of the personal injury and medical monitoring claims settled. The Economic Loss and medical monitoring class settlements were approved by the court. The personal injury settlement does not require court approval.

#### (ii) The new "class action complaint" in the SoClean MDL

On August 13, 2024, Philips also filed a new class action complaint against SoClean. The class action complaint is an entirely new lawsuit. Philips paid the filing fee for a new case, attached summonses and prepared a new case information sheet (ECF No. 653). Philips, however, did not file the class action complaint as a new civil action; instead, Philips filed it on the docket of the existing SoClean MDL (Misc. No. 22-152, ECF No. 660).

The class action complaint purports to be based on the assignment of Economic Loss claims from individual non-opt out class members to Philips in the Philips MDL settlement. The civil case information sheet stated that the new case is related to the SoClean MDL and the origin of the new case was an MDL transfer (ECF No. 653-9). No transfer order from the MDL panel was provided with respect to the new class action complaint. Philips did not file a Class Action Statement, as contemplated by Local Rule 23.

III.    Discussion

The new complaints contribute to existing concerns about excessive costs and delays in resolving the MDLs.  The Philips MDL should be essentially resolved in early 2025.  The fact discovery deadline in the SoClean MDL is December 20, 2024, and trial date is fixed for July 2025.  The new complaints could not reasonably be litigated under the same case management deadlines established for the business to business claims in the SoClean MDL.

    A.  New Third-Party Complaint filed in the Philips MDL

Philips did not need leave of court to file the third-party complaint in the Philips MDL. Third-party complaints are governed by Federal Rule of Civil Procedure 14.  Rule 14(a) provides, in relevant part, that a "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Rule 14(a) does not apply because Philips never filed an answer to the master complaints in the Philips MDL.

The treatises, case law and commentary to Rule 14 make clear that the decision to strike or sever a third-party complaint, even if timely filed, rests with the sound discretion of the trial court.  6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1443 (3d ed. 2010 & 2024 supplement); *Omodunbi v. Gordin & Berger, P.C.*, No. CV 17-7553, 2022 WL 1115276, at *6 (D.N.J. Apr. 14, 2022), aff'd, 2024 WL 3227949 (D.N.J. June 27, 2024) (explaining why court exercised discretion to deny leave to file third-party complaint). Relevant factors include: (1) timeliness of the motion; (2) probability of trial delay; (3) potential for complication of issues at trial; (4) prejudice to the original plaintiff; and (5) futility.  *Id.*

In exercising its discretion, the court should try to effectuate the purpose of Rule 14. Third-party complaints are intended to be filed early in the case so that the underlying claims and contribution claims can be decided at the same time. "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citations omitted); *accord Battle v. Wal-Mart Stores, Inc.*, No. 19-CV-945, 2020 WL 1939693, at *2 (E.D. Pa. Apr. 22, 2020) ("Rule 14(a)'s purpose is 'to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought so they expedite the final determination of the rights and liabilities of all the interested persons in one suit.'") (citation omitted).

Under the facts and circumstances of this case, the purpose of Rule 14 cannot be effectuated. Philips did not technically violate Rule 14(a) because it never filed an answer to the master complaints in the Philips MDL. The third-party complaint, however, was filed four months <u>after</u> the Economic Loss claims were settled and finally approved. The purpose underlying Rule 14 (i.e., to resolve the underlying and third-party claims at the same time) cannot be achieved here because the underlying claims were settled months before the third-party complaint was even filed. Allowing the third-party complaint to proceed as part of the existing case after the Economic Loss claims were settled would unnecessarily delay resolution of the Philips MDL.

The court faced a similar procedural situation in *American Zurich*. The issue was "whether the district court erred in dismissing the third-party complaint filed by an original defendant, against [a third-party defendant], after [the original defendant] voluntarily entered into a settlement with the parties to the original complaint." *American Zurich*, 512 F.3d at 801. The

court held that such a claim could go forward only with the discretion of the court and the district court did not abuse its discretion by dismissing the third-party complaint "after settlement of the original action from which [the relevant] claims derived." *Id.* at 805. The court commented that it is rare for a court to dismiss the underlying claim, but choose to address a third-party claim: "Ultimately, a court has the discretion to dismiss a third-party claim after the original claims of the plaintiff have been settled, and relegate the third-party plaintiff to a separate suit." *Id.* at 805-06. The same result would be appropriate in this case, but the better approach at this juncture will be the severance of the third-party complaint. A severance preserves the complaint and the responses already filed and is a more efficient way to proceed under the circumstances of this case.

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own," the court may "sever any claim against a party." The principles guiding a court's discretion under Rule 21 were recently summarized in *Pryor v. Bureau of Health Care Servs.*, No. 2:23-1791, 2024 WL 4980747 (W.D. Pa. June 21, 2024), report and recommendation adopted 2024 WL 4661071 (W.D. Pa. Nov. 4, 2024):

> Rule 21 "give[s] district courts broad discretion in deciding whether to sever a case by way of severing parties or claims." *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 467 (E.D. Pa. 2013). When analyzing severance, courts consider "convenience of the parties, avoiding prejudice, and promoting expedition and economy." *Id.* at 468 (internal quotations omitted). "Severance pursuant to Rule 21 essentially creates a separate case." *Id.*; *see also U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Lab'ys, Inc.*, 149 F.3d 227, 231 (3d Cir. 1998) ("A severed claim proceeds as a discrete suit.").

*Id.* at *3. *See Salamon v. Knight*, No. CV 23-72 (RMB), 2024 WL 4712832, at *1 (D.N.J. Nov. 7, 2024) (explaining that "[c]ourt severed the habeas and civil rights claims and ordered the Clerk of Court to open a new civil action for Plaintiff's civil rights claims").

9

The court will exercise its discretion to sever the third-party complaint filed in the Philips MDL. The court will instruct the clerk of court to open a new civil action for that third-party complaint, which will be marked as related to the Philips MDL.

If not severed, the third-party complaint would certainly delay and complicate the resolution of the Philips MDL. The Philips MDL is nearing its fourth year and is anticipated to be substantially resolved in spring 2025. Prolonging the Philips MDL would not be convenient for the parties or promote expedition and economy. There would be no prejudice to the original plaintiffs because the underlying claims from which Philips' third-party claims derive are settled. Due to that settlement, however, no judicial economy or efficiency will be realized by allowing the third-party complaint to proceed in the Philips MDL after the settlement of the Economic Loss complaint.

Philips may pursue its contribution claims against SoClean in the severed civil action. The court makes no finding about futility or the merits of SoClean's pending motion to dismiss the third-party complaint. The motion to strike the third-party complaint is granted to the extent the third-party complaint will be severed and proceed as a separate civil action. To the extent any claims survive, the court expects the parties to coordinate to avoid duplication of discovery and otherwise advance the just, speedy and inexpensive determination of the severed action. *See* Fed. R. Civ. P. 1.

B.  Class Action Complaint filed in the SoClean MDL

"A civil case is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. It is undisputed that the "class action complaint" constitutes a new civil case. Philips paid the initial filing fee, issued summonses to the named defendants and prepared a civil case information

sheet. (ECF No. 653). It is not an amended complaint or a third-party complaint; it is a new class action case.

It is axiomatic that a new civil case must be filed at a new civil case number. Philips did not do so. Instead, counsel for Philips filed the new class action complaint on the electronic filing system at the current SoClean MDL docket number (Misc. No. 22-152, ECF No. 660). It is unprecedented, in this court's experience, for a new case to be filed at an existing docket number. The standard procedures for new cases, for example, filing a Rule 26(f) report, engaging in mandatory alternative dispute resolution ("ADR") and holding an initial case management conference, were not triggered. Based on the docket number, it appears that this case is almost three years old when, in reality, it is four months old. It is not appropriate for two separate cases to exist at the same case number. The clerk's office advised the court that the class action complaint should be: (1) moved *sua sponte* to a new case number; or (2) dismissed without prejudice to Philips' ability to refile it at a new civil number.

The court will dismiss the class action complaint, albeit without prejudice to Philips' ability to refile it at a new civil number. In considering whether to refile the class action complaint, Philips should consider whether it has a good faith basis to assert, among other things: (1) a class action on behalf of a class consisting of all claims assigned to a single plaintiff; (2) that Philips is within a cognizable class; (3) that Philips is an adequate class representative; and (4) that the interests Philips asserts in the new class action complaint are identical to those of the class of users of the CPAP devices, after the assignment of their claims to Philips.[6] *See, e.g., Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 101 (2d Cir. 2007) ("We return, then,

---

[6] By assigning their claims to Philips as part of the Economic Loss settlement, the non-opt out class members presumably agreed to accept the relevant settlement amount for their Economic Loss claims, which was to be paid by Philips, to release Philips, and to permit Philips to pursue potential assigned claims for economic loss against SoClean.

11

to the basic principle that '[t]o have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents.'") (citations omitted).  The court is not aware of, and Philips did not cite, any decision in which a tortfeasor defendant received assignments from plaintiffs as part of a class action settlement, while denying liability, and then attempted to act as a class representative for those plaintiffs in a class action lawsuit against an alleged co-tortfeasor.  Philips should also clearly articulate how this court could exercise subject-matter jurisdiction over any refiled complaint.  To the extent this court is not an appropriate forum for the new class complaint and the case is filed in another forum, any party wanting the new case to be transferred to the pending MDL should seek appropriate authorization from the MDL panel.  If the class action complaint is filed in this court, the court will consolidate discovery with the third-party complaint to the extent possible.

    IV.    <u>Case Management Considerations</u>

The court recognizes that the claims set forth in the new complaints are factually related, at least in part, to the claims remaining in the MDLs in this court.  The parties and court will benefit by expedited consideration of any refiled class action complaint and motions to dismiss the third-party complaint and new class action complaint (if any) to facilitate coordination of discovery and case management efforts to the extent possible.  Counsel contemplate argument on the existing motions to dismiss the new complaints in February 2025.  The court will keep that schedule to avoid any further delay.

The court, therefore, will establish the following case management deadlines:

(1) The third-party complaint will be severed forthwith and the clerk of court will open a new civil action for the third-party complaint. SoClean's pending motion to dismiss the third-party complaint will be transferred to the new civil action;

(2) If Philips chooses to refile its class action complaint in this court, it shall do so on or before January 7, 2025, at a new civil action;

(3) SoClean shall file any motion to dismiss the refiled class action complaint on or before January 28, 2025;

(4) Philips shall file its response to any motion to dismiss by February 11, 2025;

(5) The court will be prepared to hear argument on the pending motion to dismiss the third-party complaint and any motion to dismiss the new class action complaint, if necessary, on or after February 18, 2025, at a date and time convenient to the court and counsel.

To the extent that any claims in the new civil actions remain in this court, discovery should be coordinated, to the extent possible, to prevent duplication of the discovery efforts already undertaken.

V. Conclusion

For the reasons set forth above, the amended third-party complaint in the Philips MDL (Misc. No. 21-1230, ECF No. 2922) will be severed forthwith and the Clerk of Court will be instructed to place it in a new civil action, which will be marked as related to the Philips MDL. SoClean's pending motion to strike/dismiss the third-party complaint (Misc. No. 21-1230, ECF Nos. 2995, 2997) will also be placed in the new civil action.

In the SoClean MDL, the new "class action complaint" (Misc. No. 22-152, ECF No. 660) will be DISMISSED without prejudice to Philips being able to refile the complaint in a new civil

13

action in accordance with the case management deadlines set forth above.  Defendants' motion to strike/dismiss the class action complaint (Misc. No. 22-152, ECF No. 737) will be DENIED without prejudice to reassert if Philips refiles the class action complaint in a new civil action.

    An appropriate order will be entered.

Dated: December 18, 2024

                                              BY THE COURT:

                                              <u>/s/ Joy Flowers Conti</u>
                                              Joy Flowers Conti
                                              Senior United States District Court Judge