# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Fuentes, et al. v. Philips RS North America LLC, et al.*, 2:22-cv-00130-JFC | Master Docket: 2:21-mc-01230-JFC<br><br>MDL No. 3014<br><br>Honorable Joy Flowers Conti |

## THE PHILIPS DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND MOTION TO REMAND TO STATE COURT

Case 2:21-mc-01230-JFC   Document 3075   Filed 12/23/24   Page 2 of 8

**PRELIMINARY STATEMENT**

Plaintiffs Edwin Fuentes Vázquez and Brenda Hernaiz's so-called second Motion to Remand (ECF No. 3045) is duplicative of their pending and fully-briefed first Motion to Remand filed on October 7, 2024.[1] This Second Motion should be denied for the same reasons that Plaintiffs' First Motion to Remand fails—namely, that Plaintiffs (i) did not timely move to remand, (ii) concede that diversity jurisdiction exists, and (iii) have waived any argument that their case should not have been transferred to this MDL through their failure to file an objection with the Judicial Panel on Multidistrict Litigation ("JPML").

**BACKGROUND**

To avoid further duplication of efforts, the Philips Defendants[2] incorporate herein the comprehensive summary of the background of this case set forth in their opposition to Plaintiffs' First Motion to Remand. *See* Opposition to First Remand Motion at 1-4. Briefly summarized, this action was initiated in Puerto Rico Superior Court. The matter was timely removed on January 7, 2022 and consolidated into this MDL by order of the JPML on January 19, 2022, without opposition from Plaintiffs. On August 21, 2024, after almost three years of litigating in the MDL and almost one year after the Court's August 31, 2023 deadline for the filing of remand motions, Plaintiffs filed their First Motion to Remand. That motion has been fully briefed since October 7, 2024. Despite the pendency of their First Motion to Remand, on December 2, 2024, Plaintiffs

---

[1] *See* Master Docket, ECF Nos. 2939 (Plaintiffs' "First Motion to Remand" or "First Motion"); 2966 (Philips Defendants' "Opposition to First Remand Motion"); 2999 (Plaintiffs' "Reply in Support of First Motion to Remand"). This submission opposes Plaintiffs' second Motion to Remand, filed on December 2, 2024 (Master Docket, ECF No. 3045) (the "Second Motion to Remand" or "Second Motion").

[2] Philips RS North America LLC, Philips North America LLC, Philips RS North America Holding Corporation, Philips Holding USA, Inc., and Koninklijke Philips N.V. are collectively referred to as the "Philips Defendants."

filed their Second Motion to Remand based on the same arguments the parties already had briefed.

## ARGUMENT

Plaintiffs' Second Motion to Remand is substantively identical to and redundant of their First Motion to Remand.  Nowhere in their Second Motion do Plaintiffs explain why they chose to file another remand motion despite their First Motion being fully briefed and pending for the Court's consideration.  Here, again, Plaintiffs argue that their case should be remanded for lack of subject matter jurisdiction based on 28 U.S.C. § 1447(c) (First Motion to Remand at 1) and that subject matter jurisdiction is lacking because their case purportedly does not involve questions of fact that are common to the MDL according to 28 U.S.C. § 1407(a) (First Motion to Remand at 4-5).  These arguments fail for the same reasons that the First Motion to Remand fails.

*First*, just like their First Motion to Remand, Plaintiffs' Second Motion to Remand should be denied as untimely.  The Court required that remand motions be filed by August 31, 2023.  *See* Master Docket, ECF No. 1901 at 1.  Plaintiffs' Second Motion to Remand was filed more than one year too late.  Alternatively, if the Court does not deny the instant Second Motion, it should be held in abeyance until after the January 31, 2025 deadline to register to participate in the Personal Injury Master Settlement Agreement has passed.[3]  *See* Opposition to First Motion to Remand at 5-6 (noting that the Court has vacated "all deadlines for the Personal Injury" track and stayed "all Personal Injury Claims" "through and including the Registration Deadline").

*Second*, even if it had been timely filed, the Second Motion to Remand would fail because Plaintiffs concede that the requirements for diversity jurisdiction are satisfied.  Plaintiffs repeatedly admit that "[r]emoval of the underlying action was due to the fact [that] the parties are citizens of different States from Plaintiff and the amount in controversy exceeded $75,000."  *See* Second

---

[3] The registration deadline, which originally was set for December 10, 2024, has been extended to January 31, 2025 by agreement of the parties.

Motion to Remand at 2; *see also* First Motion to Remand at 2 (identical); Reply in Support of First Motion to Remand at 3 (identical).  They also have made clear that they are "requesting to remand [t]he case to the United States District Court of Puerto Rico, and not to a local court in Puerto Rico," meaning that they do not dispute federal subject matter jurisdiction.  *See* Second Motion to Remand at 4; *see also* Reply to First Motion to Remand at 3 (same).  Because there is no dispute that this Court has diversity jurisdiction, the Second Motion to Remand should be denied.  *See* Opposition to First Motion to Remand at 6-7.

**Third**, Plaintiffs again assert that remand is required under 28 U.S.C. § 1407(a) because their case purportedly "does not involve questions of fact that are common to the actions in [this] MDL[.]"  *See* Second Motion to Remand at 4.  But Section 1407 provides the standard for consolidating actions into an MDL—it says nothing about, and has no bearing on, subject matter jurisdiction.  *See* Opposition to First Motion to Remand at 7-8 (noting that Plaintiffs cite no authority holding that Section 1407 impacts subject matter jurisdiction).

Moreover, to the extent Plaintiffs dispute the appropriate federal forum, this question already has been resolved.  The JPML determined nearly three years ago that Plaintiffs' case "involve[s] questions of fact that are common to the actions previously transferred to [this MDL Court]."  *See* Transfer Order CTO-13, Master Docket, ECF No. 364.  "[U]nder the [JPML's] Rules of Procedure . . . , objections to transfer orders should be filed with the JPML and **not the transferee court**."  *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, No. CIV.A. 03-20370, 2004 WL 2624851, at *2 n.4 (E.D. Pa. Nov. 18, 2004) (emphasis added); *see also* 28 U.S.C. § 1407(a) ("[T]ransfers [under 28 U.S.C. § 1407] shall be made by the [JPML] authorized by this section.").  Plaintiffs filed no such objections with the JPML and thus have waived any argument that transfer should not have occurred.  *See* JPML Rule 7.1(d) ("Failure to

3

respond to a [Conditional Transfer Order] shall be treated as that party's acquiescence to it."); Opposition to First Motion to Remand at 8.[4]

Even if Plaintiffs had timely objected to transfer before the JPML, their case plainly belongs in this MDL for consolidated pretrial proceedings. Plaintiffs' claims are for personal injuries that allegedly were suffered as a result of the use of a recalled Philips CPAP device. Those are precisely the sort of claims asserted by thousands of other plaintiffs in this MDL. Plaintiffs erroneously attempt to distinguish their circumstances from other MDL plaintiffs on the ground that Plaintiffs' claims sound in negligence, not "violations of state consumer protection statutes, breach of warranties, and unjust enrichment." *See* Second Motion to Remand at 2-3. But that is a distinction without a difference and, in any event, the MDL personal injury plaintiffs *are*, in fact, asserting claims sounding in negligence. *See* Second Amended Master Long Form Complaint for Personal Injuries, Master Docket, ECF No. 2505 at 116.

Finally, Plaintiffs again argue that it "will be more convenient to litigate [this case] in Puerto Rico[,]" and that litigating as part of this MDL "creates unnecessary cost, hardship and burdens on all parties, negating the purpose of 28 U.S.C. § 1407(a)." *See* Second Motion to Remand at 3. This objection too has been waived. In any event, Plaintiffs improperly focus on their alleged individual circumstances. While "centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, [the JPML looks] to the ***overall convenience*** of the parties and witnesses, not just those of a single plaintiff or defendant in

---

[4] *See also, e.g.*, *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2003 WL 23024454, at *1 (S.D.N.Y. Dec. 29, 2003) ("By failing to object to the transfer within the time allowed by the MDL Panel, Fabbri has waived his right to [object to] transfer of his action."); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, No. 11MD2295 JAH(BGS), 2015 WL 12791475, at *2 (S.D. Cal. May 19, 2015) ("Gaza is barred from objecting to the transfer of his case to this [MDL] Court because he failed to object at the time of transfer.").

4

isolation." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) (emphasis added).  Here, there is no doubt that the MDL promotes the just and efficient conduct of these actions, as well as the overall convenience of all involved, and Plaintiffs have substantially benefited from the years of costly, time-consuming work done by MDL plaintiffs' leadership.

## CONCLUSION

Plaintiffs' Second Motion to Remand should be denied.

Dated:  December 23, 2024

Respectfully submitted,

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA  19103-3007
Tel:  215.963.4824
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA  15219-6401
Tel:  412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips RS North America LLC*

<div style="margin-left: 50%;">

*/s/ Michael H. Steinberg*
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA  90067
Tel:  310.712.6670
steinbergm@sullcrom.com

Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004
Tel:  212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Philips North America LLC, Philips RS North America Holding Corporation, Philips Holding USA, Inc., and Koninklijke Philips N.V.*

</div>

6

## CERTIFICATE OF SERVICE

    I hereby certify that on December 23, 2024, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

                                                  */s/ John P. Lavelle, Jr.*
                                                  John P. Lavelle, Jr.