**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*King v. Cornerstone Medical Services—Midwest LLC, et al.*, 2:24-cv-01693-JFC | Master Docket: 2:21-mc-01230-JFC<br><br>MDL No. 3014<br><br>Honorable Joy Flowers Conti |

**THE PHILIPS DEFENDANTS' OPPOSITION TO PLAINTIFF DERRICK MARTIN KING'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CASE PENDING IN THE UNITED STATES COURT OF APPEALS**
<u>**FOR THE SIXTH CIRCUIT**</u>

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

    I.    PLAINTIFF KING'S INITIAL ACTION ........................................................... 2

    II.    PLAINTIFF KING'S SECOND ACTION. .......................................................... 3

ARGUMENT ................................................................................................................................ 5

    I.    PLAINTIFF'S MOTION TO STAY SHOULD BE DENIED BECAUSE THE CURRENTLY OPERATIVE STAY IS SUFFICIENT. ........................................................................................................ 5

    II.    PLAINTIFF'S MOTION TO STAY SHOULD BE DENIED BECAUSE HIS MANDAMUS PETITION LACKS MERIT .............................. 5

        A.    Plaintiff's Petition Has Been Mooted By Subsequent Events And Is Unlikely To Succeed As A Result. ................................................ 6

        B.    The Sixth Circuit Did Not Have Jurisdiction To Prevent The JPML From Transferring *King II* To The MDL. ...................................... 8

    III.    A STAY PENDING THE SIXTH CIRCUIT'S RULING WOULD BE PREJUDICIAL AND INEFFICIENT. ........................................................... 9

CONCLUSION ........................................................................................................................... 11

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Badaiki v. Schlumberger Holdings Corp.*,
   No. 4:20-CV-02216, 2021 WL 918163 (S.D. Tex. Mar. 10, 2021) ...........................................6

*Blanciak v. Allegheny Ludlum Corp.*,
   77 F.3d 690 (3d Cir. 1996)........................................................................................................8

*In re Dineen*,
   479 F. App'x 447 (3d Cir. 2012) ..............................................................................................7

*Drone Techs., Inc. v. Parrot S.A.*,
   No. 14CV0111, 2014 WL 4060265 (W.D. Pa. Aug. 14, 2014)...............................................10

*Drone Techs., Inc. v. Parrot S.A.*,
   No. 14CV0111, 2014 WL 6607484 (W.D. Pa. Nov. 19, 2014).................................................6

*In re Hale*,
   140 F. App'x 410 (3d Cir. 2005) ..............................................................................................7

*In re Ivy*,
   901 F.2d 7 (2d Cir. 1990)..........................................................................................................9

*In re Jones*,
   489 F. App'x 534 (3d Cir. 2012) ..............................................................................................8

*Mvuri v. Am. Airlines Inc.*,
   No. 118CV00797LMBJFA, 2019 WL 13298487 (E.D. Va. Jan. 7, 2019)...............................6

*In re Nkosi*,
   No. 22-2936, 2022 WL 17580656 (3d Cir. Dec. 12, 2022).......................................................8

*In re Nyamusevya*,
   No. 23-3497, 2024 WL 1151692 (6th Cir. Feb. 8, 2024) .........................................................7

*Pac. Cheese Co. v. Advanced Coil Tech., LLC*,
   No. 315CV00351MMDCBC, 2019 WL 1062369 (D. Nev. Mar. 6, 2019) ..............................6

*State Farm Mut. Auto. Ins. Co. v. Lincow*,
   No. CIV.A. 05-5368, 2007 WL 614103 (E.D. Pa. Feb. 22, 2007) ..................................6, 9, 10

*In re Williams*,
   342 F. App'x 815 (3d Cir. 2009) ..........................................................................................6, 7

**Statutes**

28 U.S.C. § 1407(e) ..................................................................................................................8, 9

28 U.S.C. § 41 ...............................................................................................................................8

28 U.S.C. § 1651 ...........................................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff Derrick King's ("Plaintiff's") Motion to Stay should be denied as moot. This case, like all personal injury cases in this multidistrict litigation ("MDL"), is already stayed under the Docket Management Order entered on May 9, 2024. Master Docket, ECF No. 2769.[1] There is no need for a separate stay of Plaintiff's individual case at this time.

Moreover, there is no need for a stay pending a decision by the Court of Appeals for the Sixth Circuit on Plaintiff's mandamus petition, which is also moot. In his petition, Plaintiff sought a ruling from the Court of Appeals prohibiting the Judicial Panel on Multidistrict Litigation ("JPML") from transferring the present case into the MDL. But the JPML has already acted, overruled Plaintiff's objections, and transferred the present case into the MDL. There is nothing for the Court of Appeals to do at this point on Plaintiff's mandamus petition other than to deny it as moot.

This is the second essentially identical personal injury case Plaintiff has filed against the Philips Defendants.[2] Plaintiff's vexatious litigation tactics have burdened the Philips Defendants, this Court, and several other courts with numerous repetitive and meritless motions over the past year. Plaintiff is not entitled to any different or additional case management than what every other personal injury plaintiff is receiving in this MDL. Plaintiff's latest efforts to interfere with the orderly, uniform processes established by this Court to manage this MDL should be rejected.

---

[1] *Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, 2:21-mc-01230-JFC (W.D. Pa.), herein referred to as the "Master Docket."

[2] Philips RS North America LLC ("Philips RS") and Philips RS North America Holding Corporation are collectively referred to as the "Philips Defendants."

1

## BACKGROUND

### I. PLAINTIFF KING'S INITIAL ACTION

Plaintiff filed his first action against the Philips Defendants in Ohio state court in 2023. Philips RS removed that action, *King v. Koninklijke Philips N.V. et al.*, No. CV-2023-09-3575 ("*King I*"), to the United States District Court for the Northern District of Ohio on October 18, 2023. *See* Notice of Removal, *King v. Koninklijke Philips N.V. et al.*, 2:23-cv-02040-JFC (W.D. Pa.), ECF No. 1. The JPML transferred *King I* to this MDL for consolidated proceedings on November 28, 2023. Transfer Order CTO-84, Master Docket, ECF No. 2364.

Plaintiff actively litigated his claims in *King I* in this MDL for nearly seven months, filing multiple individual motions while a part of the MDL. On January 4, 2024 he filed a motion demanding that discovery be provided to him individually rather than to Court-appointed plaintiffs' leadership pursuant to the discovery processes established by the Court. 2:23-cv-02040-JFC (W.D. Pa.), ECF No. 12. He also moved for sanctions against the attorneys for each defendant for not providing him with individualized discovery. *See* 2:23-cv-02040-JFC (W.D. Pa.), ECF No. 12-1 at 21. On January 30, 2024, Plaintiff also filed a motion asking the Court to take judicial notice of Koninklijke Philips N.V.'s January 29, 2024 Form 6-K filing with the Securities and Exchange Commission. *See* 2:23-cv-02040-JFC (W.D. Pa.), ECF No. 18. Plaintiff offered no support for this motion, having filed no memorandum of law or brief in support. *See id.* This Court denied Plaintiff's motions to compel, for sanctions, and for judicial notice on February 29, 2024. Order, Master Docket, ECF No. 2548.

After this Court entered the Docket Management Order and Identification Order implementing the settlement program established by the master settlement agreement for personal injury claims on May 9, 2024, Plaintiff filed a motion to vacate those orders. Master Docket, ECF Nos. 2796-97. He also moved the Court to reject the master settlement agreement. *See id.* While

2

these motions were pending, Plaintiff voluntarily dismissed his case on June 14, 2024. *See* Notice of Voluntary Dismissal, Master Docket, ECF No. 2840.

## II. PLAINTIFF KING'S SECOND ACTION.

Three weeks after voluntarily dismissing *King I*, Plaintiff filed a new action in Ohio state court asserting the same claims against the Philips Defendants ("*King II*"). Plaintiff added an additional defendant, a durable medical equipment ("DME") provider, in a futile effort to destroy diversity and evade this MDL. Contrary to Plaintiff's assertions, however, the DME defendant did not destroy diversity jurisdiction because it is not an Ohio citizen, and the new case was removed to the U.S. District Court for the Northern District of Ohio and tagged for transfer to this MDL.

Rather than accept transfer back into the MDL, Plaintiff filed a flurry of motions in numerous courts. Plaintiff filed a motion to remand in the Northern District of Ohio. Motion to Remand, 5:24-cv-01344-BYP (N.D. Ohio), ECF No. 4. Plaintiff also moved the JPML to vacate transfer. Motion to Vacate, *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation* (J.P.M.L), ECF No. 929. In addition, Plaintiff moved for sanctions in both the Northern District of Ohio and the JPML against Philips RS's counsel for what Plaintiff called the improper removal of his case to federal court. Plaintiff also opposed Philips RS's motion to stay proceedings pending transfer of Plaintiff's action back to the MDL. 5:24-cv-01344-BYP, ECF No. 6. Plaintiff also attempted to conduct individual discovery while these motions were pending and prior to any Federal Rule of Civil Procedure 26(f) discussions with opposing counsel or Rule 16 conference with the Court, serving discovery requests on the Philips Defendants and a third-party subpoena on the U.S. Food and Drug Administration ("FDA").

3

On October 1, 2024, Plaintiff filed a petition for a writ of mandamus in the U.S. Court of Appeals for the Sixth Circuit. *In re Derrick King*, No. 24-3851 (6th Cir.). Plaintiff's petition sought "a writ of mandamus and a writ of prohibition directed to the [JPML] which prohibits the Panel from any consideration on a notice of potential tag-along proceeding until such time as the U.S. District Court for the Northern District of Ohio has ruled upon Petitioner Derrick Martin King's motion to remand to state court for lack of subject matter jurisdiction." Motion to Stay, Ex. A at 12, Master Docket, ECF No. 3068-1.

On October 11, 2024, the District Court for the Northern District of Ohio stayed further proceedings in this action pending a decision to transfer by the JPML, deferring instead to this Court to address the question of remand. That ruling mooted Plaintiff's mandamus petition. *See* Ex. A, Northern District of Ohio Order at 4 ("[T]he [c]ourt finds that a stay is appropriate pending a decision from the JPML. The Western District of Pennsylvania would be best fit to resolve the jurisdictional concerns because the issue has arisen in many of the related cases, and that the transfer would reduce [Philips RS's] hardship since it would eliminate the potential for conflicting pretrial rulings. Of equal importance, the [c]ourt finds that Plaintiff would not be prejudiced, because the JPML had already addressed his arguments before he voluntarily dismissed *King I*, and the stay will ensure more efficient and consistent adjudication."). The District Court for the Northern District of Ohio also granted Philips RS's motion to quash the subpoena served by Plaintiff on the FDA, stayed Plaintiff's motion for sanctions, and prohibited any further filings by Plaintiff in the case until the JPML's ruling on transfer to the MDL or ninety days from the date of that order. *See* Ex. A at 5. Plaintiff notified the Sixth Circuit of this decision on October 15, 2024. Ex. B, Plaintiff Update to Sixth Circuit.

4

On December 12, 2024, the JPML denied Plaintiff's motion to vacate transfer and his request for sanctions. Ex. C, JPML Order Denying Motion to Vacate. That same day, *King II* was transferred to this Court. *See* Transfer Order, Master Docket, ECF No. 3066. Less than one week after his case was transferred to the MDL, Plaintiff filed this Motion requesting a stay of proceedings pending the Sixth Circuit's resolution of his petition for a writ of mandamus. Motion to Stay ¶ 8, Master Docket, ECF No. 3068.

## ARGUMENT

**I. PLAINTIFF'S MOTION TO STAY SHOULD BE DENIED BECAUSE THE CURRENTLY OPERATIVE STAY IS SUFFICIENT.**

Plaintiff's action is already stayed under the Court's May 9, 2024 Docket Management Order. This order stayed all personal injury cases through and including the deadline for personal injury plaintiffs to register for the settlement program contemplated in the master settlement agreement resolving personal injury claims. *See* Docket Management Order For Claims Of Litigating Plaintiffs, Master Docket, ECF No. 2769 at 5-6. After that deadline, the Order contemplates that the stay will be lifted and that plaintiffs who do not participate in the settlement program will become "litigating plaintiffs" subject to additional requirements set forth therein. *See id.* at 1-2.

Plaintiff has not explained how his request for a stay differs from the stay that is currently in place. Nor has Plaintiff shown why a deviation from this stay is necessary. Plaintiff's motion should be denied as moot under the Court's May 9, 2024, Docket Management Order.

**II. PLAINTIFF'S MOTION TO STAY SHOULD BE DENIED BECAUSE HIS MANDAMUS PETITION LACKS MERIT.**

Plaintiff's Motion to Stay is not only moot but also devoid of merit. When deciding a motion to stay pending a petition for a writ of mandamus, a court considers "the movant's likelihood of success on the merits; whether the movant will suffer irreparable harm if the request

5

is denied; whether other parties will be harmed by the stay; and whether granting the stay will serve the public interest." *State Farm Mut. Auto. Ins. Co. v. Lincow*, No. CIV.A. 05-5368, 2007 WL 614103, at *1 (E.D. Pa. Feb. 22, 2007) (cleaned up); *see Drone Techs., Inc. v. Parrot S.A.*, No. 14CV0111, 2014 WL 6607484, at *2 (W.D. Pa. Nov. 19, 2014). Many courts have recognized that a motion to stay pending resolution of a petition for writ of mandamus is appropriately denied where the petition is unlikely to be granted. *See Lincow*, 2007 WL 614103, at *3 (denying motion to stay primarily because "the petition for mandamus to disqualify the presiding judge has little likelihood of success"); *Badaiki v. Schlumberger Holdings Corp.*, No. 4:20-CV-02216, 2021 WL 918163, at *2 (S.D. Tex. Mar. 10, 2021) ("[Petitioner] isn't likely to succeed on the merits of either mandamus petition, making a stay inappropriate."); *Mvuri v. Am. Airlines Inc.*, No. 118CV00797LMBJFA, 2019 WL 13298487, at *2 (E.D. Va. Jan. 7, 2019) (denying motion to stay after taking "into consideration the fact that plaintiff is unlikely to prevail in his petition for a writ of mandamus"); *Pac. Cheese Co. v. Advanced Coil Tech., LLC*, No. 315CV00351MMDCBC, 2019 WL 1062369, at *4 (D. Nev. Mar. 6, 2019) ("[T]he Court will deny [petitioner's] Motion to Stay primarily because the Court is unpersuaded [petitioner] will prevail at the Ninth Circuit[.]").

Plaintiff's Motion does not offer the Court any explanation for why his mandamus petition is likely to succeed. In fact, his mandamus petition is moot because the JPML has already transferred this action into this MDL. Moreover, the Sixth Circuit did not and does not have jurisdiction to grant Plaintiff his requested relief. As a consequence, there is no reason to enter a separate stay of this matter while Plaintiff's mandamus petition remains pending.

> **A.   Plaintiff's Petition Has Been Mooted By Subsequent Events And Is Unlikely To Succeed As A Result.**

A petition for a writ of mandamus should be denied when the relief the petitioner seeks has been rendered moot. *See In re Williams*, 342 F. App'x 815, 816 (3d Cir. 2009) ("Because

6

[petitioner] has now received the relief he sought in filing his mandamus petition . . . we will deny his mandamus petition as moot."); *In re Hale*, 140 F. App'x 410, 411 (3d Cir. 2005) ("[Petitioner] requests that we direct the District Court to review his amended complaint.  Because the District Court has already done so, we will deny the petition as moot."); *accord In re Nyamusevya*, No. 23-3497, 2024 WL 1151692, at *1 (6th Cir. Feb. 8, 2024).

Plaintiff's petition expressly sought an order prohibiting the JPML from transferring his case "until such time as the [Northern District of Ohio] has ruled upon [Plaintiff's] motion to remand to state court for lack of subject matter jurisdiction."  Motion to Stay, Ex. A at 12, Master Docket, ECF No. 3068-1.  But the Northern District of Ohio did ultimately address Plaintiff's motion to remand before the JPML transferred his case back to the MDL: It issued a decision granting Philips RS's motion to stay proceedings pending transfer and declining to rule on Plaintiff's motion to remand.  In particular, the Northern District of Ohio found that this Court "would be best fit to resolve the jurisdictional concerns [raised by the motion to remand] because the issue has arisen in many of the related cases."  Ex. A, Northern District of Ohio Order at 4.

At that point, Plaintiff had obtained the relief he requested in his petition; by the time the JPML transferred this case to the MDL, the Northern District of Ohio had addressed his motion to remand.  *See In re Williams*, 342 F. App'x at 816 ("Because [petitioner] has now received the relief he sought in filing his mandamus petition . . . we will deny his mandamus petition as moot.").  The Sixth Circuit is fully aware of this development, having been apprised by Plaintiff of the Northern District of Ohio's decision.  *See* Ex. B.

There is therefore nothing remaining for the Sixth Circuit to do but to deny the mandamus petition as moot.  The JPML has transferred *King II* to the MDL, and the case before the Northern District of Ohio has been closed.  *In re Dineen*, 479 F. App'x 447 (3d Cir. 2012) ("If developments

7

occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot." (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996))); *In re Nkosi*, No. 22-2936, 2022 WL 17580656, at *1 (3d Cir. Dec. 12, 2022) ("In light of the District Court's action [which included closing the case, petitioner's] mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot."); *In re Jones*, 489 F. App'x 534, 536 (3d Cir. 2012) ("Because the District Court case has closed, Jones's petition for mandamus relief is moot."). There is no need to stay this action while the petition continues to sit with the Sixth Circuit under these circumstances.

> B. **The Sixth Circuit Did Not Have Jurisdiction To Prevent The JPML From Transferring *King II* To The MDL.**

Even if it were not too late for the Sixth Circuit to act, the Sixth Circuit did not have jurisdiction to prohibit the JPML from transferring this case under 28 U.S.C. § 1407(e).[3] Section 1407(e) requires that any writ related to a "transfer hearing and other orders of the panel issued prior to the order either directing or denying transfer shall be filed only in the court of appeals having jurisdiction over the district in which a hearing is to be or has been held." *Id*.

Plaintiff's petition sought to prevent the JPML from transferring his case to the MDL. *See* Motion to Stay, Ex. A at 12, Master Docket, ECF No. 3068-1 (seeking writ "directed to the [JPML] which prohibits the Panel from any consideration on a notice of potential tag-along proceeding"). But the JPML's December 5, 2024 hearing on Plaintiff's motion to vacate transfer to the MDL was set to be held at the Daniel Patrick Moynihan U.S. Courthouse in the Southern District of New

---

[3] Neither does the Sixth Circuit have jurisdiction over this Court, which embraces the jurisdiction of the Third Circuit Court of Appeals. *See* 28 U.S.C. § 41 (enumerating the composition of the federal courts of appeal and the district courts that do and do not embrace them). The Sixth Circuit can issue no writ ordering this Court to act in relation to Plaintiff's petition. 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their ***respective jurisdictions***[.]" (emphasis added)).

8

York.  Ex. D, Hearing Order.  Any extraordinary writ concerning the transfer of Plaintiff's action needed to be sought in the Second Circuit Court of Appeals, not the Sixth Circuit.[4]  Because Plaintiff's petition was filed in the wrong court and the Sixth Circuit lacked jurisdiction to consider it, the petition could not have succeeded.

### III.   A STAY PENDING THE SIXTH CIRCUIT'S RULING WOULD BE PREJUDICIAL AND INEFFICIENT.

For the reasons explained above, Plaintiff's petition for a writ of mandamus lacks merit. His Motion to Stay, which depends on the merits of that petition, should be denied for this reason alone.  But should the Court reach the step of considering whether a stay would harm the Philips Defendants and the public interest, and whether the Plaintiff would be irreparably harmed, these factors also favor denying Plaintiff's Motion.  *See Lincow*, 2007 WL 614103, at *1 (noting that court may also consider "whether the movant will suffer irreparable harm if the request is denied; whether other parties will be harmed by the stay; and whether granting the stay will serve the public interest." (cleaned up)).

First, granting Plaintiff's Motion to Stay would be prejudicial to the Philips Defendants. Plaintiff does not place any temporal limit on the stay he is requesting.  Granting a stay for an indeterminate length of time while the Sixth Circuit sits on a mooted petition that is sure to fail would disrupt the orderly administration of this case and cause unnecessary delay.  A stay would put Plaintiff's case on a different track than those of the other personal injury plaintiffs not

---

[4] Even if Plaintiff had filed in the correct court of appeals, his petition would fail on the merits.  *In re Ivy* is instructive.  901 F.2d 7 (2d Cir. 1990).  In that case, the Second Circuit addressed the identical issue presented by Plaintiff's petition to the Sixth Circuit: whether to grant a petition for a writ of mandamus seeking to prevent the JPML from transferring a case to an MDL until a motion to remand could be decided in the district court.  *Id.* at 8.  The court denied the petition because "Section 1407(e) authorizes us to review only certain orders of the MDL Panel . . . . We believe, therefore, that the sole issue before us is the merits of the transfer viewed against the purposes of the multidistrict statutory scheme, whether or not there is a pending jurisdictional objection." *Id.* at 9.

9

participating in the personal injury settlement, multiplying proceedings while the MDL moves closer to resolution. This will harm the Philips Defendants, who have already deployed "extraordinary resources to effectively and expeditiously manage these matters" over "the nearly three years since this MDL was formed." Docket Management Order For Claims Of Litigating Plaintiffs, Master Docket, ECF No. 2769 at 4. This weighs in favor of denying the Motion to Stay. *See Drone Techs., Inc. v. Parrot S.A.*, No. 14CV0111, 2014 WL 4060265, at *2 (W.D. Pa. Aug. 14, 2014) (denying motion to stay pending resolution of petition for writ of mandamus in part because granting stay "would further delay the resolution of the claims between the Parties").

Granting Plaintiff's Motion to Stay also would harm the public interest by reducing judicial efficiency. The Court would be required to invest greater time and attention to administer Plaintiff's case separate and apart from the other personal injury cases, which are proceeding according to a coordinated schedule. *See Lincow*, 2007 WL 614103, at *3 (denying motion to stay pending resolution of petition for writ of mandamus where "[t]he interests of effective administration of justice warrant that this case proceed in a timely fashion"). This would contradict the purpose of this MDL, which was created on the basis that "centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." Transfer Order, Master Docket, ECF No. 1 at 2. This further weighs in favor of denying the Motion to Stay.

Finally, Plaintiff has not shown that he "will suffer irreparable harm if the request is denied." *Lincow*, 2007 WL 614103, at *1. In fact, Plaintiff has not explained how he would be harmed at all, let alone that he would be irreparably harmed. Nor could he, since *King II* is already stayed under the Court's May 9, 2024 Docket Management Order independent of the present

Motion.[5] Plaintiff offers nothing that could possibly overcome the certainty that his petition will fail and the harm that granting his stay will have on the Philips Defendants and the Court.

Therefore, Plaintiff has provided no justification for delaying his case while the Sixth Circuit addresses his petition in its own time, especially when doing so would only cause further strain on the Philips Defendants and the Court.

## CONCLUSION

Respectfully, Plaintiff's Motion to Stay should be denied.

Dated: January 6, 2025                    Respectfully submitted,

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr.
Lisa C. Dykstra
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.4824
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant Philips RS North America LLC*

---

[5] The sole argument Plaintiff makes to demonstrate that he would suffer harm absent a stay is his assertion that "if this case had been proceeding before the Ohio state court, Plaintiff King would have received discovery and the case would be further along." Motion to Stay ¶ 13, Master Docket, ECF No. 3068. But this has nothing to do with the present Motion; Plaintiff says nothing about how he would be prejudiced absent a special, duplicative stay of proceedings in *this* Court.

11

*/s/ Michael H. Steinberg*
Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA  90067
Tel:  310.712.6670
steinbergm@sullcrom.com

Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004
Tel:  212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendant Philips RS North America Holding Corporation*

12

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
