IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br>King v. Cornerstone Medical Services—Midwest LLC, et al., No. 2:24-cv-01693 | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO *PRO SE* PLAINTIFF DERRICK MARTIN KING'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CASE IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Plaintiffs submit this response in opposition to *pro se* Plaintiff Derrick King's Motion to Stay Proceedings. In August of 2024, *King v. Cornerstone Medical Services, et al.*, 5:24-cv-01344, was removed on motion by Defendant Philips RS North America, LLC ("Philips") from the Summit County Court of Common Pleas to the Northern District of Ohio. Plaintiff King's subsequent motion to remand his case was denied. He then petitioned the Court of Appeals for the Sixth Circuit for a writ of mandamus to reverse removal. In the same motion, he requested a writ of prohibition to prevent the transfer of his case to this Court for coordinated or consolidated proceedings with *In re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation*, MDL No. 3014 ("*In re: Philips*").

On December 12, 2024, the Judicial Panel on Multidistrict Litigation ("JPML") granted Philips's motion to transfer *King v. Cornerstone Medical Services, et al.* to this Court. *In re: Philips*, ECF 3066. King has filed a Motion to Stay Proceedings in this matter until the Sixth Circuit rules on his petition for writs of mandamus and prohibition. ECF 3068. For the following reasons, King's Motion to Stay should be denied.

**LEGAL STANDARD**

"The decision whether to grant a stay is within the district court's discretion because it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766 (E.D. Pa. 2014) (quotations omitted). District courts generally consider four factors in determining whether to grant a stay: (1) the length of the requested stay, (2) the hardship that the moving party would face in going forward with the litigation, (3) the injury that a stay would cause the non-moving party, (4) and whether a stay will simplify issues and promote judicial economy. *See, e.g.*, *Bylsma v. Adams Cnty. Dist. Attorney's Off.*, No. 1:20-CV-00831, 2021 WL 8362041 (M.D. Pa. June 17, 2021).

**ARGUMENT**

This Court should deny King's Motion to Stay because all four of the factors articulated in *Bylsma* weigh against it. Furthermore, the Sixth Circuit is very unlikely to reverse the Northern District of Ohio's denial of King's motion to remand. As the JPML's transfer of King's case to the Western District of Pennsylvania is complete, his petition for a writ of prohibition is moot. *See In re: Derrick Martin King*, 24-3851 (6th Cir.), Doc. No. 1-2, at 11–12[1] (portion of King's petition indicating that his requested writs were to prevent the JPML's consideration of whether to transfer his action). In any event, King's petition to the Sixth Circuit for writs of mandamus and prohibition are not valid grounds for a stay.

---

[1] Also available at *In re: Philips*, ECF 3068-1, pp. 12–13.

**I.    The Balance of Factors Weighs Against a Stay.**

*A.  Length of Stay*

Courts consider the length of stay requested when ruling on motions to stay proceedings. *Bylsma*, 2021 WL 8362041 at *1. King has moved for a stay of proceedings "until the Sixth Circuit has determined the pending case before it." ECF 3068 at 3. Neither King nor this Court knows when the Sixth Circuit will rule on his petition. King has in effect requested an indefinite stay.

Multidistrict litigations are intended to streamline pretrial proceedings where many cases arise from the same circumstances. If proceedings in *In re: Philips* are stayed indefinitely, efficient judicial administration of Plaintiffs' claims will be impossible. Any administrative speed derived from conducting pretrial proceedings through a multidistrict litigation will be eliminated. The length of stay requested therefore weighs heavily against granting Plaintiff King's motion.

*B.  Hardship to King*

The JPML recognizes that transfer can impose a greater burden on certain parties. Nonetheless, the benefit to all parties outweighs hardship to a single litigant. The JPML also considers the convenience to witnesses and other participants in the proceedings when ordering transfer. The JPML has stated: "While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012).

The interests of one plaintiff do not outweigh those of the remaining parties. In requesting a stay, Plaintiff King asks this Court to prioritize his case over the multitude of claims that make up this multidistrict litigation. To grant a stay would be contrary to the JPML's policy of prioritizing the interests of all parties. King's motion does not explain how proceeding in this Court would impose a hardship, arguing only that King has "already been prejudiced" because, but for the removal of his action to federal court, "King would have received discovery and the case would be further along." ECF 3068 at 4. Additionally, any inconvenience posed by the forum will be remedied when pretrial proceedings have concluded and this Court remands King's case to its transferor court, the Northern District of Ohio. Thus, the hardship to King posed by transfer of his case is relatively minimal and does not warrant a stay of proceedings.

    C.  *Injury to Non-Moving Parties*

The procedural inefficiency that would result from an indefinite stay undoubtedly constitutes injury to the non-moving Plaintiffs. However, in a medical products liability action such as *In re: Philips*, the injury would also be physical and financial. Many of the Plaintiffs in this multidistrict litigation have undergone costly medical treatment for respiratory illnesses, the most severe including lung cancer. *See, e.g.*, ECF 16, ¶¶ 8–13, 122–126. The financial strain and the illnesses suffered by Plaintiffs will compound with time. A stay would further delay the proceedings which, due to the nature of the claims and the multitude of claimants, have already lasted for years. The injury to the non-moving Plaintiffs would be more severe than simple procedural inefficiency, and this fact weighs against a stay.

    D.  *Simplification and Judicial Economy*

The JPML stated in its final transfer order: "Like the actions in the MDL, *King* will involve factual questions relating to the recall of the Philips CPAP devices and the alleged defect

4

that can result in PE-PUR foam degrading or off-gassing and injuring the user." ECF 3066 at 1. King's claims arise out of the same product recall and implicate the same facts and issues as those of the Plaintiffs in *In re: Philips*. A stay pending resolution of his petition for remand would complicate rather than simplify pretrial proceedings. The remand of his claim at this stage would also expend judicial resources on a case that is substantially similar to the claims that make up *In re: Philips*. This final factor weighs against a stay.

## II. The Sixth Circuit Will Not Issue Writs in Response to King's Jurisdictional Challenges.

The Federal Circuit Courts generally cannot consider denial of a motion to remand on appeal. The Supreme Court has found that "[a]n order denying a motion to remand, standing alone, is [o]bviously . . . not final and [immediately] appealable as of right." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578 (1954)) (quotation marks omitted). The appropriate means of reviewing a federal district court's allegedly improper rulings on jurisdiction is a writ of mandamus. *See, e.g.*, *In re: Federal-Mogul Global, Inc.*, 300 F. 3d. 368, 378 (3d Cir. 2002). However, a writ of mandamus is "is not a mere alternative to an appeal" but rather "a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re Briscoe*, 448 F.3d 201, 211 (3d Cir. 2006).

Generally, a writ of mandamus will only issue if the lower court did not have the authority to enter the challenged order. *Carteret Sav. Bank, F.A. v. Shushan*, 919 F.2d 225, 232 (3d Cir. 1990). The petitioner must further show that (1) there is no other adequate means to attain the relief sought, and (2) the right to the writ is clear and indisputable. Even if these two conditions are met, the reviewing court must decide in its discretion that the writ is appropriate

under the circumstances. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380–81 (2004) (internal citations and quotation marks omitted).

The requirement that King have no other adequate means of seeking relief other than a writ is not satisfied here. There are alternative courses of action available to him to challenge federal jurisdiction over his case. Now that his action has been transferred to the Western District of Pennsylvania, King can move for remand here in the transferee court.

Further, King does not have a clear and indisputable right to a writ. "The traditional use of the writ in aid of appellate jurisdiction at both common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (internal citations omitted). Even where issuance of a writ by a court of appeals is appropriate, appellate courts hesitate to reverse decisions on jurisdictional questions that the lower court was competent to decide and which are reviewable on appeal. *Id.* "[The Supreme Court] has consistently refused to sustain the use of mandamus as a means of reviewing the action of a district court in denying a motion to remand a cause to the state court from which it had been removed." *Id.*

The Sixth Circuit must follow the precedent set by *Roche* and refuse to use mandamus to review removal of King's claim to the Northern District of Ohio. Federal district courts are competent to deny motions to remand. Doing so is within its "lawful exercise of its prescribed jurisdiction." *Roche*, 319 U.S. at 26. King has raised his objection to jurisdiction several times, so the issue is preserved for appeal following the final ruling on his claim. King is therefore not entitled to the extreme remedy of a writ.

Because *King v. Cornerstone Medical Services et al.* has been transferred here and centralized with the other actions comprising *In re: Philips*, King's petition for a writ of prohibition to prevent transfer is moot. A case is moot if the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (internal citation omitted). Transfer is complete, leaving no active case or controversy for the Sixth Circuit to decide.

### III. The Western District of Pennsylvania Is the Appropriate Forum for King's Motion to Remand.

The centralization of King's case with *In re: Philips* is proper. King maintains that the Northern District of Ohio lacked subject-matter jurisdiction over his claim. He further claims that the JPML does not have the authority to transfer a case from a court that lacks jurisdiction, therefore the Western District of Pennsylvania is an improper forum for his case. However, the JPML has "long held that jurisdictional objections generally do not present an impediment to transfer and can be presented to the transferee judge." *In re: Nat'l Prescription Opiate Litig.*, 576 F. Supp. 3d 1378, 1380 (J.P.M.L. 2021).

The appropriate means of challenging jurisdiction is to move the Western District of Pennsylvania for a remand order. The Sixth Circuit will undoubtedly find the same. Circuit Courts have held that "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course . . . . We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending[.]" *In re: Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). There is no need or purpose for staying these

proceedings; King can simply present his jurisdictional arguments to this Court for determination.

## CONCLUSION

For the foregoing reasons, Plaintiff King's Motion to Stay Proceedings should be denied. The JPML's decision to transfer and centralize *King v. Cornerstone Medical Services, et al.* with *In re: Philips* is proper and there is no legal basis for the Sixth Circuit to issue writs of mandamus or prohibition. The JPML has repeatedly held that "remand motions can be presented and decided by the transferee judge." *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001). This Court should deny King's Motion to Stay and direct him to file a motion to remand in this forum if he so desires.

Dated: January 6, 2025

*/s/ Sandra L. Duggan*
Sandra L. Duggan (PA 56420)
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
sduggan@lfsblaw.com

*/s/ Steven A. Schwartz*
Steven A. Schwartz (PA 50579)
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500 (phone)
steveschwartz@chimicles.com

Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger (NJ 042631990)
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100 (phone)
cseeger@seegerweiss.com

*/s/ Kelly K. Iverson*
Kelly K. Iverson (PA 307175)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (phone)
kelly@lcllp.com

*Plaintiffs' Co-Lead Counsel*

| | |
|---|---|
| */s/ D. Aaron Rihn* | Peter St. Tienne Wolff (PA 208433) |
| D. Aaron Rihn (PA 85752) | **PIETRAGALLO GORDON ALFANO** |
| **ROBERT PEIRCE & ASSOCIATES, P.C.** | **BOSICK & RASPANTI, LLP** |
| 707 Grant Street | One Oxford Centre - 38th Floor |
| Suite 125 | Pittsburgh, PA 15219 |
| Pittsburgh, PA 15219 | (412) 263-2000 (phone) |
| (412) 281-7229 (phone) | (412) 263-2001 (fax) |
| (412) 281-4229 (fax) | psw@pietragallo.com |
| arihn@peircelaw.com | |

*Plaintiffs' Co-Liaison Counsel*