# In the United States District Court
# Western District of Pennsylvania
# Pittsburgh Division

| | |
|---|---|
| *In re:* **PHILIPS RECALLED CPAP, Bi-Level PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**<br><br>This Document Relates to:<br><br>*King v. Cornerstone Medical Services—Midwest LLC, et al.,*<br>Case No. 2:24-cv-01693-JFC | Case No. **2:21-mc-01230-JFC**<br><br>MDL No. 3014<br><br>Judge **JOY FLOWERS CONTI** |

**REPLY BRIEF IN SUPPORT OF *Pro Se* PLAINTIFF DERRICK MARTIN KING'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CASE PENDING IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**


# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................................. i

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**INTRODUCTION** ...................................................................................................................... 1

**THE STATED POSITION OF THE PARTIES** ....................................................................... 1

      A.    Plaintiff King. ........................................................................................... 1

      B.    The Philips Defendants. ............................................................................ 2

      C.    The PolyTech Defendants. ....................................................................... 2

      D.    Plaintintiffs' Lead Counsel. ...................................................................... 3

**REASONS SUPPORTING PLAINTIFF KING'S MOTION TO STAY PROCEEDINGS** ............................................................................................................... 3

      A.    Plaintiff King Timely Filed a Challenge to the Subject-Matter Jurisdiction of the Federal Courts. ................................. 3

      B.    The Philips Defendants Never Challenged the Jurisdiction to Prevent the Judicial Panel on Multidistrict Litigation from Transferring Plaintiff King's Case to This Court. ...................................................................................................... 4

      C.    The Philips Defendants' Arguments Regarding Prejudice and Inefficiency is Without Merit as This Court (and the Federal Courts) Lack Jurisdiction Over This Case. .................... 4

      D.    The United States District Court for the Northern District of Ohio Has Primary Jurisdiction to Determine Plaintiff King's Motion to Remand to State Court. .................................. 5

**CONCLUSION** ........................................................................................................................... 6

**CERTIFICATE OF SERVICE** ................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Grupo Dataflux v. Atlas Glob. Grp., L.P.,*
  541 U.S. 567, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) ......................................... 3

*Maritrans GP, Inc. v. Pepper, Hamilton, & Scheetz,*
  529 Pa. 241, 602 A.2d 1277 (Pa. 1992) .................................................................... 6

*McDermott v. Party City Corp.,*
  11 F. Supp. 2d 612 (E.D. Pa. 1998) .......................................................................... 6

*Zambelli Fireworks Mfg. Co. v. Wood,*
  592 F.3d 412 (3rd Cir. 2010) .................................................................................... 4

**Statutes**

28 U.S.C. § 1332 .................................................................................................................. 4

**Case Dockets**

*In re Derrick Martin King,*
  6th Cir. No. 24-3851 (filed Oct. 1, 2024) ................................................................. 1

**INTRODUCTION**

Plaintiff Derrick Martin King (hereinafter "Plaintiff King") submits his reply in support of his motion to stay proceedings (ECF No. 3068) pending resolution of Plaintiff King's petition for a writ of mandamus filed in the United States Court of Appeals for the Sixth Circuit. On January 6, 2025, the Philips Defendants filed a response in opposition to Plaintiff King's Motion (ECF No. 3083). Plaintiff King states that the arguments presented in the opposition are without merit and must be rejected.

**THE STATED POSITION OF THE PARTIES**

A.   Plaintiff King.

On December 16, 2024, Plaintiff King filed with this Court a motion to stay proceedings pending resolution of the case pending in the United States Court of Appeals for the Sixth Circuit (ECF No. 3068).[1] Plaintiff King argued that he has previously presented in both the United States District Court for the Northern District of Ohio, the Judicial Panel on Multidistrict Litigation, and the United States Court of Appeals for the Sixth Circuit evidence that the Federal courts lack subject matter jurisdiction over the case (ECF No. 3068 at ¶ 12; ECF No. 3068-1 at pp. 27-622).

---

[1] The Sixth Circuit case is *In re Derrick Martin King,* 6th Cir. No. 24-3851 (filed Oct. 1, 2024).

1

B.     The Philips Defendants.

The Philips Defendants' January 6, 2025 response in opposition first argues that Plaintiff King's motion should be denied because the currently operative stay is sufficient (ECF No. 3083 at p. 9). The Philips Defendants also argue that Plaintiff King's motion to stay should be denied because his mandamus petition lacks merit (ECF No. 3083 at pp. 9-13). Finally, the Philips Defendants argue that a stay pending the Sixth Circuit's ruling would be prejudicial and inefficient (ECF No. 3083 at pp. 13-15).

C.     The PolyTech Defendants.

On January 6, 2025, Defendant Polymer Technologies Inc. and Polymer Molded Products LLC (hereinafter referred to collectively as "the PolyTech Defendants") filed a joinder to the Philips Defendants' Opposition (ECF No. 3084). The entirety of the filing stated:

> PLEASE TAKE NOTICE THAT the arguments set forth in *the Brief in Support of the Philips Defendants' Opposition to Plaintiff Derrick Martin King's Motion to Stay Proceedings Pending Resolution of Case Pending in the United States Court of Appeals for the Sixth Circuit,* D.I. 3083, ("*Philips' Response*") equally apply to Polymer Technologies Inc and Polymer Molded Products, LLC. Therefore, Polymer Technologies Inc and Polymer Molded Products, LLC hereby joins in the *Philips' Opposition* for all the reasons set forth therein.[2] (emphasis original)

---

[2] *Id.* It should be noted that the PolyTech Defendants have not presented an actual argument to any of Plaintiff King's filings, they just merely sign on to any argument presented by the Philips Defendants.

2

D.  Plaintintiffs' Lead Counsel.

On January 6, 2025, lead counsel for the MDL Plaintiffs filed a response in opposition to Plaintiff King's motion (ECF No. 3085). The MDL Plaintiffs argue that the balance of factors weighs against a stay (ECF No. 3085 at pp. 3-5). The MDL Plaintiffs also argue that the Sixth Circuit will not issue writs in response to Plaintiff King's jurisdictional challenges (ECF No. 3085 at pp. 5-7). Finally, the MDL Plaintiffs argue that the Western District of Pennsylvania is the appropriate forum for Plaintiff King's motion to remand (ECF No. 3085 at pp. 7-8).

## REASONS SUPPORTING PLAINTIFF KING'S MOTION TO STAY PROCEEDINGS

A.  Plaintiff King Timely Filed a Challenge to the Subject-Matter Jurisdiction of the Federal Courts.

The MDL Plaintiffs argue that "[t]he appropriate means of challenging jurisdiction is to move the Western District of Pennsylvania for a remand order" (ECF No. 3085 at p. 7). However, Plaintiff King's attack on the subject-matter jurisdiction of the Federal courts was timely filed in the Northern District of Ohio. A challenge to subject matter jurisdiction may be raised at any point in the litigation, and, when the jurisdictional basis is diversity of citizenship, diversity is assessed as of the time the complaint was filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 570-71, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004). It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case, and, as its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties

3

be citizens of diverse states. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 418 (3rd Cir. 2010).[3]

      B.     The Philips Defendants Never Challenged the Jurisdiction to Prevent the Judicial Panel on Multidistrict Litigation from Transferring Plaintiff King's Case to This Court.

The Philips Defendants could have presented its arguments regarding the Sixth Circuit's alleged lack of jurisdiction to review Plaintiff King's mandamus petition. They have declined to do so (and decide to present their arguments to this Court).

Plaintiff King states in response that this Court lacks jurisdiction to determine how the Sixth Circuit will rule on his mandamus petition. Accordingly, a stay is warranted.

      C.     The Philips Defendants' Arguments Regarding Prejudice and Inefficiency is Without Merit as This Court (and the Federal Courts) Lack Jurisdiction Over This Case.

Despite the clear evidence of the citizenship of Defendant Cornerstone Medical Services—Midwest LLC, which was filed in the Ohio state court, counsel for the Philips Defendants filed a meritless notice of removal with the United States District Court for the Northern District of Ohio. In addition, when Plaintiff King filed a timely challenge to the jurisdiction of the Federal courts, the Philips Defendants tried to

---

[3] It should be noted by this Court that Defendant Cornerstone Medical Services—Midwest LLC has not filed any pleadings in the Summit County (Ohio) Court of Common Pleas, the United States District Court for the Northern District of Ohio, or the Judicial Panel on Multidistrict Litigation. Cornerstone Medical Services—Midwest LLC has not disputed the documents filed with the Northern District of Ohio which indicate that they are an Ohio limited liability company (thus no diversity jurisdiction exists under 28 U.S.C. § 1332).

4

usurp any decision by filing an improper notice of tag-along proceeding with the Judicial Panel on Multidistrict Litigation.

Plaintiff King will point out that in the notice of removal filed in the United States District Court for the Northern District of Ohio, Defendant Cornerstone Medical Services—Midwest LLC has not entered an appearance in that case or otherwise presented any business records which contradicts the official records filed in the office of the Ohio Secretary of State.[4]

The actions of counsel for the Philips Defendants violate the ethical requirements of attorneys practicing law in both Ohio and Pennsylvania. Plaintiff King is in the process of drafting a complaint naming the offending attorneys as defendants.

> D. The United States District Court for the Northern District of Ohio Has Primary Jurisdiction to Determine Plaintiff King's Motion to Remand to State Court.

The MDL Plaintiffs' arguments that Plaintiff King should be required to file a new motion to remand to state court with this Court is without merit. Plaintiff King filed a timely motion to remand with the United States District Court for the

---

[4] Although the records on file with the Ohio Secretary of State are part of the case file in this case, Plaintiff King attaches herein and marks as Exhibit A the October 12, 2004 filing. In addition, the General Manager of Cornerstone Medical Services—Midwest LLC is Michael Irvine. As an officer in Cornerstone Medical Services—Midwest LLC, Irvine could have presented a declaration/affidavit to the United States District Court for the Northern District of Ohio which included business records which may contradict the business records provided to the Summit County (Ohio) Court of Common Pleas by Plaintiff King.

5

Northern District of Ohio. That motion was prevented from being heard on its merits by the actions of the Philips Defendants.

It should be noted that counsel for the MDL Plaintiffs have separately violated their fiduciary duties to Plaintiff King by failing to provide the common-benefit discovery that has been produced.[5]

## CONCLUSION

Plaintiff King has clearly demonstrated that a stay of proceedings is warranted pending the Sixth Circuit's determination of jurisdiction. Despite the actions of the Philips Defendants to delay Plaintiff King's case, this Court should allow the Sixth Circuit to render a ruling on the mandamus petition.

For the reasons stated herein, Plaintiff King prays the Court grant his motion to stay proceedings pending determination by the Sixth Circuit of the petition for writ of mandamus.

---

[5] When counsel for the MDL Plaintiffs sought approval with this Court to perform their respective roles as lead counsel, Plaintiffs Steering Committee, and liaison counsel, they agreed to act on behalf of all plaintiffs in the MDL. An action for breach of fiduciary duty may be maintained by pleading and proving "(1) that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of the plaintiff in all matters for which he or she was employed; (2) that the plaintiff suffered injury; and (3) that the agent's failure to act solely for the plaintiff's benefit was a real factor in bringing about plaintiff's injuries." *McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 626 n.18 (E.D. Pa. 1998) (*citing* Pa. SSJI (Civ.) § 4.16 (1991)). In other words, an attorney owes his client "undivided loyalty." *Maritrans GP, Inc. v. Pepper, Hamilton, & Scheetz*, 529 Pa. 241, 602 A.2d 1277, 1283 (Pa. 1992) (holding that attorneys' breach of fiduciary duty of loyalty is actionable).

6

Date: *January 13, 2025.*  Respectfully Submitted,

*Derrick Martin King*

**DERRICK MARTIN KING**
1445 Crestview Avenue
Akron, Ohio 44320-4049
Phone: (330) 867-3979
Email: dmking12370@hotmail.com

*Pro se Plaintiff*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system. Parties and all counsel of record may access and download the filing via the CM/ECF system or via MDL Centrality.

Date: *January 13, 2025.*                    *Derrick Martin King*

**DERRICK MARTIN KING**
1445 Crestview Avenue
Akron, Ohio 44320-4049
Phone: (330) 867-3979
Email: dmking12370@hotmail.com

*Pro se Plaintiff*