**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: No. 21-mc-1230<br><br>MDL No. 3014 |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC., PHILIPS RS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA HOLDING CORPORATION<br><br>        Defendants / Third-Party Plaintiffs,<br><br>    v.<br><br>SOCLEAN, INC., and DW MANAGEMENT SERVICES, LLC<br><br>        Third-Party Defendants. | |

**RULE 26(f) REPORT OF THE PARTIES**

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

Third-Party Plaintiffs (the "Philips Parties") are Philips RS North America LLC ("Respironics"),

represented by Baker Botts LLP and Bourelly, George + Brody; and Koninklijke Philips N.V., Philips

Holding USA, Inc., Philips North America LLC, and Philips RS North America Holding Corporation,

represented by Sullivan & Cromwell LLP.  Third-Party Defendants are SoClean, Inc. and DW

Management Services, LLC, represented by Lewis Brisbois Bisgaard & Smith, LLP.  The contact

information of all counsel is included in the signature blocks at the end of this document.

-2-

2.  **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

The Philips Parties assert claims for contribution and indemnification against SoClean and DW relating to (i) a personal injury settlement entered into by the Philips Parties, and (ii) personal injury claims asserted against the Philips Parties.  Various PAP device users who used SoClean devices with their Respironics PAPs have asserted that they suffered personal injury from their use of the PAP devices.  The Philips Parties have reached a settlement with many (but not all) of those device users.

3.  **Date Rule 26(f) Conference was held, the identification of those participating  therein and the identification of any party who may not yet have been served or  entered an appearance as of the date of said Conference:**

The Rule 26(f) conference was held virtually on February 5, 2025.  In attendance for Respironics were Erik Koons, Stacy Turner, and Elizabeth Broussard from Baker Botts and Andrew George from Bourelly, George + Brody.  In attendance for the remaining Philips Parties were William B. Monahan, Tracy Richelle High, and Alexandra Bodo from Sullivan & Cromwell.  In attendance for SoClean and DW were Michelle Gilboe, Ashley Rodgers, and Bethany Jewison from Lewis Brisbois Bisgaard & Smith.  All parties have been served and have appeared.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:  (Lead  Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling  Conference with their calendars in hand for the purpose of scheduling other pre-trial  events and procedures, including a Post-Discovery Status Conference; Counsel and  unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to  discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and  requests for admissions will be served):

The Rule 16 Initial Scheduling Conference is scheduled for February 25, 2025.  (ECF No. 7.) On February 5, 2025, the Philips Parties served their First Set of Requests for Production on SoClean.

All parties have been served and have appeared.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

SoClean and DW moved to dismiss on October 2, 2024.  SoClean's motion will be heard on February 25, 2025.  DW's motion has been stayed pending the outcome of a similar motion filed by DW in MDL No. 3021.  On February 18, 2025, Special Master Vanaskie issued a Report and Recommendation recommending that DW's motion be denied in its entirety.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

*Philips Parties' Position:*

The parties previously mediated their claims against one another with Hon. Diane M. Welsh (Ret.), and another mediation session has been scheduled for March.  It is not correct, as SoClean and DW claim, that the parties have not discussed settlement of these very claims.  SoClean and DW were represented at the prior mediation by the Proskauer firm before Proskauer was replaced by the Lewis Brisbois firm, and these contribution claims were among the claims discussed at the prior mediation. The Philips Parties expect that SoClean and DW will be prepared to discuss these contribution claims at the upcoming mediation in March.  If not, that will just be further evidence of SoClean and DW's desire to delay, including to delay the resolution of the parties' various claims against one another.

*SoClean and DW's Position:*

While the Philips Parties and SoClean, represented by other counsel, have mediated claims in the Business to Business case pending before this Court, the undersigned have never participated in any mediation regarding the claims at issue in this case and are not participants at any currently scheduled mediation. The Philips Parties have never had any discussions with SoClean's counsel on this matter, Lewis Brisbois, regarding settlement or participating in any mediation.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

N/A

8. **Subjects on which fact discovery may be needed**. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

*Philips Parties' Position:*

Per court order (ECF No. 2961), all documents produced in MDL No. 3021 have been deemed produced in this action. Accordingly, for each category below, the parties seek discovery only to the extent the information or documents have not already been produced in MDL No. 3021.

- The release of ambient ozone (*i.e.*, ozone leakage) in connection with the use of any SoClean device, including amounts and concentrations.

- The amounts and concentration of residual ozone remaining in PAP units and accessories after completion of a SoClean cleaning cycle.

- Consumer complaints regarding health effects from ozone exposure, including respiratory complaints.

- The efficacy of SoClean's technology to convert ozone to oxygen or clear ozone from the PAP device and accessories, including the efficacy of SoClean's ozone/oxygen converter filter.

- SoClean's customer list (consistent with the parties' agreement, following negotiations with Special Master Katz, in MDL No. 3021).

*SoClean and DW's Position:*

- Testing of PAP machines which were not cleaned with ozone based cleaners

- Testing of PAP machines which were not cleaned with SoClean devices

- Evidence regarding correlation between exposure to ozone and health effects including but not limited to proximity, frequency, duration and intensity of exposure and nature of injury

- Evidence related to health issues caused by exposure to ozone

- All information on Philips PAP users claiming injuries as a result of use of the PAP machines, including user's medical history, pre-existing conditions, injuries alleged and facts regarding their use of any ozone cleaning device

- All evidence related to other cleaners used by PAP users who claim injury as a result of use of the other cleaners

- Evidence relating to design defect allegations regarding ozone based PAP machine cleaners

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   b. **Date by which any additional parties shall be joined:**

   c. **Date by which the pleadings shall be amended:**

   d. **Date by which fact discovery should be completed:**

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

*Philips Parties' Position:*

- February 19, 2025: All parties to exchange Rule 26(a) Initial Disclosures

- March 4, 2025: SoClean to produce its customer list[1]

---

[1] As in MDL No. 3021, given SoClean's stated confidentiality concerns, the Philips Parties will not object to the use of an independent third party to review SoClean's customer list, as Special Master Katz recommended. The purpose of production of the customer list is to facilitate the identification of *additional* SoClean device users on the list of device users who registered for the personal injury settlement and the list of device users who are continuing to pursue personal injury claims against the Philips Parties.

- March 11, 2025: Parties to propose to the Court a fact sheet to send to relevant device users (*e.g.*, to confirm SoClean device usage and extent of usage), solely for purposes of gathering preliminary information to inform bellwether selections

- April 1, 2025: Parties to propose to the Court a procedure for the selection of bellwether cases; if parties cannot agree, each party shall make its own proposal

- May 12, 2025: Parties to identify and exchange bellwether selections; fact discovery on bellwether cases opens

- June 2, 2025: Philips Parties to file individual complaints in bellwether cases

- June 23, 2025: SoClean/DW to file answers or motions to dismiss re: individual complaints in bellwether cases

- August 15, 2025: Close of fact discovery on bellwether cases

- August/September 2025: Post-fact discovery status conference, including to address forthcoming expert discovery.

*SoClean and DW's Position:*

- February 19, 2025: All parties to exchange Rule 26(a) Initial Disclosures

- March 15, 2025: Philips Parties to disclose identity of all SoClean device users whose claims and/or lawsuits form the basis of the Philips Parties claims for contribution and indemnity against SoClean and DW

- March 31, 2025: Parties to propose to the Court a fact sheet the Philips Parties will have completed by all SoClean device users whose claims and/or lawsuits form the basis of the Philips Parties claims for contribution and indemnity against SoClean and DW

- June 30, 2025: Completion of fact sheets

- August 15, 2025: Deadline for Parties to meet and confer to identify SoClean device users who submitted fact sheets and whose claims and/or lawsuits form the basis of the Philips Parties claims for contribution and indemnity against SoClean and DW for further fact discovery

- August 15, 2025: Parties to propose to the Court a procedure for the selection of bellwether device user cases; if parties cannot agree, each party shall make its own proposal

- September 8, 2025: Plaintiffs to file individual complaints for bellwether device user cases

- October 23, 2025: Defendants to answer or otherwise plead in response to Plaintiffs' individual complaints

- March 1, 2026: Deadline for completion of fact discovery on potential bellwether device users, including independent medical evaluations

- Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

- Identities of expert witnesses for Plaintiffs on or before April 1, 2026.

- Expert Disclosures by Plaintiffs on or before April 1, 2026.

- Identities of expert witnesses for Defendants on or before May 31, 2026

- Expert Disclosures by Defendant on or before May 31, 2026.

- Plaintiffs Rebuttal expert identities and disclosures on or before June 30, 2026.

- Defendant Rebuttal expert identities and disclosures on or before July 30, 2026.

- Expert discovery, including depositions, shall be completed before September 30, 2026.

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

The parties may seek to amend the limitations on discovery imposed by the Federal Rules of

Civil Procedure or Local Rule in the future.

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

   a.    **ESI**.  Is either party seeking the discovery of ESI in this case?
         ☒  Yes          ☐  No [If "No," skip to sub-part (e) below.]

   b.    **ESI Discovery Plan**.  The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

         ☐  Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

         _____

         _____

         _____

         ☐  Have developed an ESI discovery plan (as attached).
         ☐  Will have an ESI discovery plan completed by

       ☒  Have agreed to adopt the ESI Order negotiated in MDL No. 3021.

  **c.**     **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
       ☐  Yes
       ☐  No
       ☒  Have agreed to adopt the Preservation Order negotiated in MDL No. 3021.

  **d.**     **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
       ☒  Yes      ☐  No

  **e.**     **Clawback Agreement**.  The parties have reviewed F.R.C.P. 26(b)(5),  F.R.E.  502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

The parties agree to be bound by the Rule 502(d) Order from MDL No. 3021.

  **f.**     **EDSM and E-Mediator**.  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
       ☒  Yes      ☐  No     *See* Paragraph 14.

  **g.**     **Other**.  Identify all outstanding disputes concerning any ESI issues:

_____

_____

_____

12.    Set forth whether the parties have elected to schedule the Post-Discovery Status  Conference following the completion of Fact Discovery or Expert Discovery; in either  event the parties shall be prepared at the Post-Discovery Status Conference to discuss  and/or schedule the following:  (The parties are *not* required during their Rule 26(f)  Conference to consider or propose dates for the items identified below.  Those dates will  be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial  counsel for each party and each unrepresented party are required to attend the Post-  Discovery Status Conference with their calendars in hand to discuss those items listed  below that require scheduling.  In addition, a representative with settlement authority of  each party shall be required to attend; representatives with settlement authority of any  insurance company providing any coverage shall be available throughout the  Conference by telephone):

In accordance with Judge Conti's Rules for Pretrial and Trial Matters, the parties elect to schedule the Post-Discovery Status Conference following the completion of fact discovery in the bellwether cases.

13.    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

The parties have agreed to adopt the following orders negotiated in MDL No. 3014:

- Order Appointing Settlement Special Master (ECF No. 560)

- ESI Protocol (ECF No. 660)

- Protective Order (ECF No. 765)

- Privilege Log Protocol (ECF No. 2149)

14.    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

The parties agree to continue to work with Special Master Katz on any discovery disputes.

Further, the parties do not object to the Court referring substantive motions to Special Master Vanaskie

for Report and Recommendation.

15.    If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

N/A.

16.    Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

*Philips Parties' Position:*

The parties previously mediated their claims against one another with Hon. Diane M. Welsh

(Ret.), and another mediation session has been scheduled for March.  It is not correct, as SoClean and

DW claim, that the parties have not discussed settlement of these very claims.  SoClean and DW were

represented at the prior mediation by the Proskauer firm before Proskauer was replaced by the Lewis

Brisbois firm, and these contribution claims were among the claims discussed at the prior mediation.

The Philips Parties expect that SoClean and DW will be prepared to discuss these contribution claims at

the upcoming mediation in March.  If not, that will just be further evidence of SoClean and DW's desire

to delay, including to delay the resolution of the parties' various claims against one another.

 *SoClean and DW's Position:*

 While the Philips Parties and SoClean, represented by other counsel, have mediated claims in the

Business to Business case pending before this Court, the undersigned have never participated in any

mediation regarding the claims at issue in this case and are not participants at any currently scheduled

mediation. The Philips Parties have never had any discussions with SoClean's counsel on this matter,

Lewis Brisbois, regarding settlement or participating in any mediation.

Respectfully submitted,

Dated: February 20, 2025      Respectfully submitted,

         */s/ Erik T. Koons*
         Erik T. Koons (NY Bar No. 2941102)
         erik.koons@bakerbotts.com
         BAKER BOTTS L.L.P.
         700 K Street, NW
         Washington, DC 20001
         Tel:  (202) 639-7700
         Fax:  (202) 585-1086

         */s/ Andrew T. George*
         Andrew T. George (PA Bar No. 208618)
         andrew.george@bgblawyers.com
         BOURELLY, GEORGE + BRODEY
         1050 30th Street, NW
         Washington, DC  20007
         Tel:  (202) 753-5012
         Fax:  (703) 465-8104

         *Counsel for Philips RS North America LLC*

         */s/ William B. Monahan*
         William B. Monahan (NY Bar No. 4229027)
         monahanw@sullcrom.com

Tracy Richelle High (NY Bar No. 3020096)
hight@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for Koninklijke Philips N.V., Philips Holding USA, Inc., Philips North America LLC, and Philips RS North America Holding Corporation*


 /s/ Michelle R. Gilboe
Michelle R. Gilboe (MN Bar No. 260411)
Michelle.Gilboe@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
90 S 7th Street, Suite 2800
Minneapolis, MN 55402
Tel: (612) 428-5002
Fax: (612) 428-5001

 /s/ Ashley N. Rodgers
Ashley N. Rodgers (PA Bar No. 314017)
Ashley.Rodgers@lewisbrisois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One PPG Place, 28th Floor
Pittsburgh, Pennsylvania 15222
Tel: (412) 752-7254
Fax: (412) 567-5494

*Counsel for SoClean, Inc. & DW Management Services, LLC*