# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: No. 21-mc-1230 <br><br> MDL No. 3014 |

KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC., PHILIPS RS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA HOLDING CORPORATION

> Defendants / Third-Party Plaintiffs,

> v.

SOCLEAN, INC., and DW MANAGEMENT SERVICES, LLC

> Third-Party Defendants.

**THE PHILIPS PARTIES' RESPONSE TO SOCLEAN'S
POST-REPLY SUPPLEMENTAL MEMORANDUM
<u>AND THE COURT'S MINUTE ORDER</u>**

The Philips parties provide this brief submission (i) to respond to the flawed arguments raised in SoClean's unauthorized post-reply supplemental memorandum filed without leave of Court ("Sur-Reply"), and (ii) to address the District of Oregon decision identified by the Court in its February 20 Order (ECF No. 3153).

## PROCEDURAL HISTORY

This MDL has been ongoing for more than three years, and although the Court likely recalls the key relevant procedural events, a few reminders are in order, given the absence of any discussion of the procedural posture of this litigation in the papers filed by SoClean and its new counsel.

On October 8, 2021, the JPML established this MDL and issued its first order transferring personal injury claims by device users against the Philips parties to this Court. (ECF No. 1.) The JPML issued numerous additional transfer orders over the ensuing months and years. Following the transfers, this Court adopted several measures to optimize the efficient resolution of the various claims asserted in the MDL, including the device users' personal injury claims. For instance, in Pre-Trial Order #28, the Court approved the use of a "Master Personal Injury Complaint [that] will supersede and replace all claims for personal injury" against the Philips parties. (ECF No. 783 at 2.) This Master Complaint, which alleged personal injury claims under the laws of all 50 states, provided an efficient platform for the Court and Special Master Vanaskie to analyze pre-trial issues generally involving all of the personal injury claims, including at the pleading stage. As contemplated by Pre-Trial Order #28, bellwethers would then be selected pursuant to an agreed-upon process, and the parties would engage in case-specific discovery concerning those bellwethers, after which the bellwether trial-ready cases would be remanded (if applicable) to their home courts for trial. (*See* ECF No. 783 at 7, 9-10.)

On January 25, 2024, the Philips parties informed the Court, confirming what they had previously told SoClean and DW, that the Philips parties sought to assert claims for contribution against them.  (Jan. 25, 2024 CMC Tr. at 11-12.)  These contribution claims stem from the personal injury claims asserted against the Philips parties by device users through the Master Complaint.  Consistent with the Court's prior procedures, the Philips parties explained that the proper and most efficient means for pursuit of these claims was through a corresponding Master Third-Party Complaint for contribution.  (*Id.*)

In response, SoClean and DW mounted an array of procedural challenges to the proposed Master Third-Party Complaint.  (ECF No. 2675.)  Among other arguments, SoClean and DW claimed that pursuit of the contribution claims was premature.  (ECF No. 2728.)  Ultimately, after extensive briefing on each claimed procedural hurdle, both Special Master Katz and the Court rejected these arguments and adopted Pre-Trial Order #31, which allowed the Philips parties to proceed with a Master Third-Party Complaint for contribution.  (ECF Nos. 2708, 2745.)  The Philips parties' operative Master Third-Party Complaint seeks contribution from SoClean and DW for their share of the personal injuries allegedly suffered by the device user plaintiffs whose personal injury claims the JPML transferred to this MDL and whose claims were asserted in this MDL through the Master Complaint.  (ECF No. 2922, ¶¶ 5-6, 15, 99-222.)

While SoClean and DW were pursuing their months-long procedural challenges, the Philips parties were busy working on a Personal Injury Settlement with device users.  The parties reached the settlement on May 9, 2024.  Pursuant to its terms, the Philips parties agreed to pay $1.075 billion into a fund for the benefit of device users.  (ECF No. 2768-1, at 11, 17.)  While some device users asserting claims against the Philips parties are not eligible for this settlement, the $1.075 billion settlement is the principal payment for which the Philips parties seek

contribution from SoClean and DW. The settlement is now final, and the Philips parties' remaining payment under the settlement is due in just three weeks (March 14).

## ARGUMENT

I.    **The District of Oregon Decision Did Not Concern Contribution Claims or Third-Party Practice and Does Not Support Dismissal of the Philips Parties' Master Third-Party Contribution Complaint.**

With respect to the District of Oregon decision from 2008 identified by the Court, the facts of that case are dissimilar to those here. In the instant action, the Master Third-Party Complaint is quintessential third-party litigation practice: bringing a third-party defendant to account for its share of the personal injuries allegedly suffered by the device user plaintiffs whose personal injury claims the JPML transferred to this MDL. As reflected by the MDLs cited below, MDL defendants such as the Philips parties may assert third-party contribution claims *directly* in an MDL against third-party defendants such as SoClean and DW where those contribution claims arise from the same underlying claims brought by the original plaintiffs (here, the device users) that the JPML transferred to the MDL.

The Oregon decision, by contrast, did not concern contribution claims at all, let alone third-party practice. There, *plaintiffs* sought to assert *brand new state law class actions* against defendants despite the fact that those state law class actions had not been transferred to the MDL. *In re Farmers Ins. Exch. Claims Reps' Overtime Pay Litig.*, 2008 WL 4763029, at *3-4 (D. Or. Oct. 28, 2008). The addition by *plaintiffs* of *original* claims (class action claims to boot) into MDL proceedings is nothing like, as here, contribution claims that are derived from the very personal injury claims transferred by the JPML to the MDL and asserted in a Master Complaint. In fact, the Oregon court expressly stated that "[s]upplemental jurisdiction presupposes the existence of a case, already properly before the court, to which the 'other claims' may be attached." *Id.* at *4 (quoting *Dorsey* v. *Manufacturers Life Ins. Co.*, 1997 WL 703354, at *3 (E.D. La. 1997)).

That is precisely the situation here, where the Philips parties' contribution claims are inextricably attached to the underlying personal injury claims asserted by the device users through the Master Complaint.

Based on the Philips parties' research, no court has ever cited the Oregon decision to support the theory that an MDL defendant may not bring a third-party defendant into an MDL. Additionally, the Philips parties have not identified a single case precluding contribution claims from being asserted against third parties in an MDL on the basis that the contribution claims were not transferred by the JPML to the MDL. In fact, numerous MDL courts have not questioned their subject-matter jurisdiction over third-party complaints (including for contribution) first filed in an MDL that relate to claims the JPML previously transferred to the MDL. For instance, in *In re Customs & Tax Administration of Kingdom of Denmark Tax Refund Litigation*, No. 18-md-2865 (S.D.N.Y.), defendant Acer Investment Group, LLC ("Acer") was sued by Denmark's Customs and Tax Administration ("SKAT") for aiding and abetting certain pension plans' alleged submission of inaccurate tax-withholding information regarding transactions in Danish securities. (*See* Dkt. 527 at 10.) Acer, in turn, filed a third-party complaint seeking indemnification and apportionment of fault from ED&F, a financial brokerage firm, "because ED&F (1) managed, controlled, and executed the [p]lans' Danish securities transactions, which [we]re the basis of SKAT's claims; and (2) provided all of the information concerning the [p]lans' securities, dividends, and withholding-tax information on which the [p]lans and Acer relied, including . . . inaccurate tax vouchers" provided by ED&F. (*See* Dkt. 527 at 3.) Even though plaintiff SKAT had not previously asserted claims against ED&F (*see* Dkt. 1) and the JPML had not issued an

order transferring Acer's indemnification and apportionment third-party claims to the MDL, the
court did not question its subject-matter jurisdiction over the third-party complaint.[1]

Likewise, in *In re WellNx Marketing & Sales Practices Litigation*, No. 07-md-1861
(D. Mass.), defendant Garden State Nutritionals, Inc. ("GSN") was sued by consumers alleging
that supplements manufactured by GSN did not contain certain ingredients advertised on the
supplements' labels.  (*See* Dkt. 98 at 3.)  GSN thereafter filed a third-party complaint seeking
contribution from the two labs that had supplied GSN with those ingredients.  (*See* Dkt. 98 at 4.)
The JPML had not previously transferred any claims against those labs to the MDL or issued a
transfer order specific to GSN's third-party contribution claims.  (*See* Dkt. 1.)  But, again, the
MDL court did not question its subject-matter jurisdiction over the third-party contribution claims
tethered to the underlying products liability claims the JPML court transferred to the MDL.

In sum, unlike the issue in the Oregon case—which did not concern contribution
claims or third-party practice, but, instead, brand new state law class actions by plaintiffs against
defendants—the JPML need not expressly transfer derivative contribution claims made by a
defendant/third-party plaintiff against a third-party defendant that arise from the same common

---

[1]    The court ultimately dismissed Acer's complaint on personal jurisdiction grounds, but that
concern is not implicated here.  *In re Customs & Tax Admin. of Kingdom of Denmark (SKAT) Tax
Refund Litig.*, 2021 WL 4993536, at *4-8 (S.D.N.Y. Oct. 26, 2021).  At the conclusion of pre-trial
proceedings in this MDL, the bellwether cases will be remanded to their home courts for trial.
SoClean's personal jurisdiction challenge here is based on the mistaken premise that *every* case
will be tried in the Western District of Pennsylvania.  (*See, e.g.*, Sur-Reply at 5 n.1.)  That is not
correct.  For instance, the contribution claims relating to a device user from Arkansas who filed
suit originally in the Eastern District of Arkansas should be remanded for trial to the Eastern
District of Arkansas.  If SoClean seriously intends to contest personal jurisdiction in that
circumstance—despite the Arkansas plaintiff's injuries in Arkansas flowing from her purchase of
a SoClean device in Arkansas—SoClean is free to make that challenge after bellwethers are
selected and case-specific discovery has occurred.

nucleus of facts as the claims brought by the plaintiffs against the defendant/third-party plaintiff that the JPML did transfer to the MDL.

## II.     The Finalized Settlement Moots SoClean's Ripeness Objections.

SoClean's continued ripeness objections are moot.  The Personal Injury Settlement is now final, and the remaining portion of the Philips parties' $1.075 billion payment obligation is due on March 14, 2025.  This certainty should put to rest SoClean's oft-repeated argument that the contribution claims are not yet ripe.  To the extent any uncertainty remains, the Philips parties commit to filing a notice with the Court on March 14 reporting that the settlement amount has been paid, as it will be.[2]  Accordingly, there is no good reason to support SoClean's attempt to further delay pursuit of these claims.

SoClean claims that its ripeness objections are "underscored by the Philips Plaintiffs' continued inability to identify the universe of settlement registrants or Device User Plaintiffs on whose claims the Philips Plaintiffs base their contribution claims against SoClean." (Sur-Reply at 2-3.)  None of this is correct.  On January 22, 2025—*before* the registration deadline for the settlement—the Philips parties provided SoClean's counsel two lists of device users whose claims are the subject of the Philips parties' contribution claims.  The Philips parties sent SoClean's counsel updated lists yesterday, *after* the settlement registration deadline.  Copies of those updated lists are attached for the Court's review.

---

[2]     SoClean also points to a motion to stay implementation of the settlement, filed by a pro se plaintiff.  (Sur-Reply at 7.)  It is hard to imagine how this motion would ever be granted given the private nature of the settlement.  In any event, SoClean's argument is entirely speculative and hypothetical.

The first list identifies the 2,961 individuals who meet each of the following criteria: (1) they registered for the settlement (2) based on a respiratory injury[3] and (3) disclosed the use of either a SoClean device specifically (1,563 individuals) or an ozone-based PAP cleaner generally (1,398 individuals).[4]  The list provides each registrant's name, state of residency, and whether they disclosed use of SoClean specifically or an ozone cleaner generally.  The second list identifies the six individuals who (1) did *not* register for the settlement, (2) have filed suit against the Philips parties, and (3) disclosed use of a SoClean device specifically.  The list provides each registrant's name, state of residency, and originating/transferor court.

SoClean claims the Philips parties have not disclosed, for each of these individuals, whether payment is required by the Philips parties for their contribution claims.  That too is incorrect.  For each of the settlement registrants, payment is required—and will be made by the Philips parties on March 14—because the basis for those contribution claims is the settlement and the associated payment by the Philips parties.  For the six others, case law confirms that payment is *not* required under the contribution law of the relevant states (Arkansas, Missouri, Montana, New Jersey, and Ohio).[5]

---

[3]    For device users who participate in the settlement, the Philips parties seek contribution only for "that portion of the Settlement Fund paid to Device Users who used a SoClean Device with their Recalled Device and who are paid for a Qualifying *Respiratory* Injury."  (ECF 2922 ¶ 5 (emphasis in original).)

[4]    By its own admission, SoClean is the "dominant market leader" in ozone-based PAP cleaners (*see* MDL 3021, ECF 211 ¶ 12), and discovery will likely reveal that the vast majority of the 1,398 individuals used a SoClean device specifically.  The Philips parties, SoClean, and DW have agreed to the use of a limited fact sheet designed to get at this information, as well as any other reasonable information the parties need to gather from device users prior to selecting bellwethers.

[5]    *See, e.g.*, *J-McDaniel Constr. Co.* v. *Dale E. Peters Plumbing*, 436 S.W.3d 458, 464 (Ark. 2014) ("[A] defendant seeking contribution in a tort action is not required to wait until he or she has paid the judgment to implead in the primary action other persons who are or may be liable to the defendant for all or part of the plaintiff's claim against the defendant."); *Safeway Stores* v. *City*

Two final points.  *First*, SoClean claims that a party can only seek contribution when it has paid "more than its proportional share of the common liability."  (Sur-Reply at 7.)  To date, SoClean and DW have paid literally nothing toward device users' personal injuries, and they are not parties to the Personal Injury Settlement.  *Second*, SoClean claims that it "has asked for but not yet received any Plaintiff Fact Sheets or Settlement Registrant information for any individual on either list."  (*Id.* at 6.)  What SoClean fails to tell the Court is that the Philips parties agreed to send those materials to SoClean as soon as SoClean confirms it is subject to the protective order in this MDL.

## CONCLUSION

The Court should deny SoClean's motions to dismiss and to strike.

---

*of Raytown*, 633 S.W.2d 727, 730 (Mo. 1982) ("This does not mean . . . that a joint judgment of liability against two defendants is a necessary prerequisite to an action for contribution."); *Stowe* v. *Big Sky Vacation Rentals*, 454 P.3d 655, 666 (Mont. 2019) ("Except for previously settled or released joint tortfeasors, non-party joint tortfeasors may be procedurally brought into a negligence action in one of two ways—either as named defendants joined by a plaintiff, or as third-party defendants joined by a named defendant for contribution."); *Ernest Bock & Sons* v. *Dean Enters.*, 2023 WL 4268250, at *4 (D.N.J. June 29, 2023) ("Applied together, the CNA and JTCL 'comprise the statutory framework for the allocation of fault when multiple parties are alleged to have contributed to the plaintiff's harm.'  'The test's core proposition may be stated succinctly:  It is common liability at the time of the accrual of plaintiff's cause of action which is the Sine qua non of defendant's contribution right.'" (citations omitted)); *CSX Transp.* v. *Columbus Downtown Dev. Corp.*, 307 F. Supp. 3d 719, 735 (S.D. Ohio 2018) ("Rule 14(a) nevertheless permits a defendant to implead a joint tortfeasor for contribution before the right to contribution accrues, because that third party 'may be' liable to the defendant for a share of the plaintiff's primary judgment.").

Dated: February 21, 2025                    Respectfully submitted,

                                             /s/  Erik T. Koons
                                            Erik T. Koons (NY Bar No. 2941102)
                                            erik.koons@bakerbotts.com
                                            BAKER BOTTS LLP
                                            700 K Street, NW
                                            Washington, DC  20001
                                            Tel:  (202) 639-7973
                                            Fax:  (202) 585-1086

                                             /s/  Andrew T. George
                                            Andrew T. George (PA Bar No. 208618)
                                            andrew.george@bgblawyers.com
                                            BOURELLY, GEORGE + BRODEY PLLC
                                            1050 30th Street, NW
                                            Washington, DC  20007
                                            Tel:  (202) 753-5012
                                            Fax:  (703) 465-8104

                                            *Counsel for Third-Party Plaintiff Philips RS
                                            North America LLC*

                                             /s/  William B. Monahan
                                            Tracy Richelle High (NY Bar No. 3020096)
                                            hight@sullcrom.com
                                            William B. Monahan (NY Bar No. 4229027)
                                            monahanw@sullcrom.com
                                            SULLIVAN & CROMWELL LLP
                                            125 Broad Street
                                            New York, NY  10004-2498
                                            Tel:  (212) 558-4000
                                            Fax:  (212) 558-3588

                                            Michael H. Steinberg (of counsel)
                                            steinbergm@sullcrom.com
                                            SULLIVAN & CROMWELL LLP
                                            1888 Century Park East
                                            Los Angeles, CA  90067
                                            Tel:  (310) 712-6670
                                            Fax:  (310) 712-8800

                                            *Counsel for Third-Party Plaintiffs Koninklijke
                                            Philips N.V., Philips North America LLC,
                                            Philips Holding USA, Inc., and Philips RS North
                                            America Holding Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

        I certify that on February 21, 2025, the foregoing document was filed electronically with the Clerk of Court, using the CM/ECF system.  Notice of this filing will be sent to all parties who have appeared of record by operation of the Court's ECF system.

/s/ <i>William B. Monahan</i>
William B. Monahan
