# **Exhibit A**

ALD-086                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 25-1216

IN RE: DERRICK MARTIN KING,
                                              Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Nos. 2:21-mc-01230, 2:24-cv-01693)

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 20, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed March 3, 2025)

OPINION[*]

PER CURIAM

Derrick Martin King has filed a petition for a writ of mandamus in which he requests relief related to multi-district litigation ("MDL") in the District Court. <u>See generally</u> <u>In re Philips Recalled CPAP, Bi-Level Pap, & Mech. Ventilator Prods.</u>, No. MC 21-1230, 2024 WL 869109, at *1 (W.D. Pa. Feb. 29, 2024). We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

King has alleged that he suffered injuries from the use of a medical device that has been recalled. King's lawsuits based on those alleged injuries have been transferred to the District Court as part of the MDL. In the MDL proceedings, the District Court entered pre-trial orders providing that "only the PLC [Plaintiff's co-lead counsel] and Plaintiffs Steering Committee (PSC)—not any individual Plaintiff or their counsel—may conduct general discovery in this MDL, and that discovery in individual matters is not permitted at this juncture." In re Philips Recalled CPAP, 2024 WL 869109, at *1. On February 29, 2024, the District Court denied King's motion challenging these orders. See id. at *3. In his mandamus petition, King requests that we direct the District Court to provide him with discovery materials that have been provided to the PLC and PSC.[1]

Additionally, on May 9, 2024, a proposed master settlement agreement ("MSA") was filed in the District Court. See In re Philips Recalled CPAP, Bi-Level Pap, & Mech. Ventilator Prods. Liab. Litig., W.D. Pa. No. 2:21-mc-01230, MDL No. 3014, ECF No. 2768. Several plaintiffs, including King, objected to the MSA on various grounds, including that the settlement excluded plaintiffs with certain injuries. See id., ECF Nos. 2780, 2796, 2804. The District Court overruled those objections, explaining, in part, that individuals with nonqualifying injuries are nonsettling parties that lack standing to challenge the MSA. See id., ECF No. 2880.[2] In his mandamus petition, King also requests that we enjoin the District Court from entering the MSA.

---

[1] After he filed his mandamus petition, King filed a brief indicating that he has been provided with at least some, and possibly all, of the discovery that he sought.
[2] Moreover, at the time of this ruling, King had voluntarily dismissed his pending lawsuit in the MDL, see ECF No. 2840, though he has since filed another lawsuit that was

2

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner "must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up).

Here, King has not shown a clear and indisputable right to the relief that he seeks.[3] See generally In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 247 (3d Cir. 2013) (explaining that "the district judge must be given wide latitude with regard to case management in order to effectively achieve the goals set forth by the legislation that created the Judicial Panel on Multidistrict Litigation"); In re Fine Paper Litig. State of Wash., 632 F.2d 1081, 1087 (3d Cir. 1980) (discussing "the general rule that a nonsettling party may not object to the terms of a settlement which do not affect its own rights"). Nor has King shown that the ongoing District Court MDL proceedings will be inadequate for him to pursue the relief that he seeks in his lawsuits. See In re Philips Recalled CPAP, W.D. Pa. No. 2:21-mc-01230, MDL No. 3014, ECF No. 3066 (discussing the status of King's pending case in the MDL). And to the extent that King seeks to challenge the District Court's rulings on his motions objecting to the pre-trial

---

transferred to the MDL, see ECF No. 3066.

[3] To the extent that King has been provided with the discovery that he seeks, the portion of his mandamus petition requesting such relief is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996).

3

discovery orders and the MSA, this mandamus proceeding may not be used as a substitute for an appeal. See <u>Madden v. Myers</u>, 102 F.3d 74, 77 (3d Cir. 1996) ("[A] writ of mandamus may not issue if a petitioner can obtain relief by appeal.").

Accordingly, we will deny the mandamus petition.

4

ALD-086

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 25-1216

IN RE: DERRICK MARTIN KING,
 Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. Nos. 2:21-mc-01230, 2:24-cv-01693)

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 20, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

**ORDER**

**PER CURIAM:**

This cause came to be considered on a petition for writ of mandamus submitted on February 20, 2025. On consideration whereof, it is now hereby

ORDERED by this Court that the petition for writ of mandamus be, and the same is, denied. All of the above in accordance with the opinion of the Court.

DATED: March 3, 2025

A True Copy:

Patricia S. Dodszuweit, Clerk