IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATION PRODUCTS LITIGATION | ) ) ) ) Master Docket: Misc. No. 21-1230 ) ) ) MDL No. 3014 |
| This Document Relates to: *Gayla Graham et al. v. Respironics, Inc. et al.*, 2:22-cv-00224-JFC | ) ) ) ) |

### MEMORANDUM OF PHILIPS RS NORTH AMERICA LLC IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM THE DOCKET MANAGEMENT ORDER

This Court should deny the Motion for Relief from the Docket Management Order for Claims of Litigating Plaintiffs (ECF No. 3113; the "Motion") filed by Plaintiffs Gayla and Robert Graham. The Grahams do not—and cannot—establish good cause for relief from their obligations under the Docket Management Order, ECF No. 2769 ("Docket Management Order"). Philips RS agrees that the Grahams' motion to remand is ripe and ready for disposition by this Court. But the pendency of the remand motion is no basis for excusing the Grahams from their obligations to produce the discovery relating to their claims required under the Docket Management Order.

The Docket Management Order requires all Litigating Plaintiffs—including the Grahams, who have apparently decided not to participate in the master personal injury settlement—to produce "specified information regarding *their claim(s)*." Docket Management Order at pp. 2, 6-11 (emphasis added). It was carefully negotiated over nine months ago and was entered by the Court to manage in a coordinated fashion the claims of all Litigating Plaintiffs "for the purpose of ensuring that further pretrial litigation against the Defendants in this mature MDL will progress as smoothly and efficiently as possible." Docket Management Order at p. 12, ¶ 20. The Grahams

1

have not demonstrated the requisite "good cause" to obtain relief from the deadlines applicable to all Litigating Plaintiffs.

Good cause "is established when the party seeking the extension can show that the deadlines set forth in the scheduling order ***cannot reasonably be met despite the diligence of the party seeking the extension***." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558 (D.N.J. 2022) (citations omitted; emphasis added); *see Banks v. City of Philadelphia*, 309 F.R.D. 287, 290 (E.D. Pa. 2015) ("The Rule 16(b)(4) good cause inquiry 'focuses on the diligence of the party seeking the modification of the scheduling order.'"); Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "If the movant cannot demonstrate good cause, the scheduling order shall control." *Faiella,* 341 F.R.D. at 558 (citations omitted).

Here, instead of showing good cause, the Grahams complain that the Docket Management Order "sets an ***arduous*** schedule for [them] and other opt-out plaintiffs to meet ***without the benefit of discovery***." Motion at 2 (emphasis added). But this argument is not compelling, and certainly does not meet the good cause standard, for several reasons.

***First***, the requirements imposed by the Docket Management Order apply equally to all Litigating Plaintiffs—and were imposed by the Court as conditions to the claims of Litigating Plaintiffs moving forward, and in consideration of the mature state of the MDL proceedings, and the significant discovery of the Philips Defendants that had already taken place.

***Second***, the discovery required to be produced by the Grahams and other Litigating Plaintiffs under the Docket Management Order is not reliant on input or discovery from Philips RS or any other Defendants. Rather, they are required to produce fundamental information within their own custody and control "regarding their claim(s), … [their] device usage, their alleged

injury(ies), and causation" of their injuries. Docket Management Order at p. 2; *see also id*. at ¶¶ 12-18. Co-Lead Plaintiffs' Counsel acknowledged this in their Response to Plaintiffs' Motion for Relief, ECF No. 3157 ("Response of Co-Lead Plaintiffs' Counsel"). These requirements—producing information about their own claims (such as medical records and proof of injuries)—are obligations the Graham Plaintiffs should have anticipated since the time they filed their Complaint in 2021.

*Third*, even if the Graham Plaintiffs did need discovery to comply with the Docket Management Order (they do not), they have been offered access to the extensive discovery conducted by MDL Plaintiffs' Leadership—including millions of pages of document production and dozens of depositions—but, as explained by Co-Lead Plaintiffs' Counsel, the Graham Plaintiffs have **voluntarily refused** to access the substantial common benefit discovery made available to them. *See* Response of Co-Lead Plaintiffs' Counsel. Thus, their professed need for discovery to meet their obligations under the Docket Management Order offers no excuse for relieving them from their obligations.

*Finally*, the Grahams' pending motion to remand likewise does not constitute good cause.[1] The Grahams are going to have to produce this information about their claims no matter where their case is pending. Moreover, the Docket Management Order provided that the Court would wait until after expiration of the Registration Deadline before addressing outstanding motions to remand without creating any special exceptions from the Docket Management Order deadlines for those plaintiffs seeking remand. Thus, the Graham Plaintiffs have been on notice since May 2024 that they would be held to the Docket Management Order deadlines notwithstanding any motion

---

[1] For the reasons set forth the Opposition to the Graham Plaintiffs' Motion to Remand and Alternative Request to Sever, Civ. A. No. 22-CV-00224-JFC, ECF No. 80, the Grahams' remand motion should be denied.

to remand they may have filed. *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010) (denying relief from scheduling order on grounds that plaintiffs "failed to demonstrate that they have diligently pursued" class claims reliant on "facts that were in [p]laintiffs' possession since the outset of th[e] litigation"); *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010) (where plaintiff "possessed the relevant knowledge" upon which her proposed amendments were based before the deadline, her eight-month delay beyond the deadline lacked good cause).

Granting the Grahams their requested relief would also undercut the authority of the Court to manage its own docket in the interest of the effective administration of justice and upend the orderly process of the MDL for all Litigating Plaintiffs. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) ("In the federal courts, [] orders [like the Docket Management Order] are issued under the wide discretion afforded district judges over the management of discovery under Fed. R. Civ. P. 16."). Here, in an exercise of this discretion, the Court entered the Docket Management Order "for the purpose of ensuring that further pretrial litigation against the Defendants in this mature MDL will progress as smoothly and efficiently as possible." Docket Management Order at p. 1, p. 12 ¶ 20.

The Graham Plaintiffs have articulated no good cause for the relief they seek, and their Motion should be denied.

Dated:  March 4, 2025	Respectfully submitted,

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA54279)
Lisa C. Dykstra (PA67271)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel:  215.963.5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein (PA86698)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel:  412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Philips RS North America LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr