IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ) <br> IN RE: PHILIPS RECALLED CPAP, ) <br> BI-LEVEL PAP, AND MECHANICAL ) <br> VENTILATOR PRODUCTS ) <br> LITIGATION ) <br> ) <br> ) <br> This Document Relates to: ) <br> ) <br> Michael Swartwood v. Philips RS North ) <br>    America LLC, et al., ) <br> ) | Master Docket: Misc. No. 21-1230 <br><br> MDL No. 3014 <br><br><br><br> Case No. 2:24-CV-1737 |

**MEMORANDUM OPINION**

I.  **Introduction**

Pending before the court is a motion for appointment of counsel filed by plaintiff Michael Swartwood ("Swartwood"), (Civ. No. 24-1737, ECF No. 10), who is a pro se prisoner. The motion will be resolved without a response from the parties.

II. **Legal Standard**

In a civil case, district courts may inquire whether an attorney will represent an indigent plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). An attorney cannot be compelled to represent a party in a civil case. As explained in *DeGenes v. Federal Bureau of Investigation*, No. CV 20-971, 2020 WL 4925680 (W.D. Pa. Aug. 21, 2020):

> A civil litigant does not have a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The court cannot compel an attorney to represent [a civil plaintiff] or negotiate an attorney-client engagement on [a civil plaintiff's] behalf. Instead, the court would have to inquire whether an attorney was willing to represent him pro bono. The court of

>appeals has recognized that pro bono attorney time is a "precious commodity," and district courts should exercise care in appointing counsel. *Id.* at 499. Before appointing pro bono counsel, the court must screen the case for arguable merit and consider the "*Tabron* factors." *Id.* (citing *Tabron*, 6 F.3d at 155-56).

*Id.* at *2. To be clear, even if the court were to solicit an attorney to act pro bono, no attorney can be compelled by the court to represent an indigent person in a civil case. *DeGenes*, 2020 WL 4925680 at *2 (citing decisions).

Before seeking an attorney to represent a civil plaintiff who is incarcerated, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the merits of the claim; (2) the movant's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id.* at 155-56. The list of factors is not exhaustive, and no factor is determinative. *Id.* at 157.

### III.    Mootness

The parties in this multidistrict litigation ("MDL") notified the court that they reached a private settlement of certain of the personal injury claims, i.e., for those plaintiffs with Qualifying

Injuries.[1] (Civ. No. 21-1230, ECF No. 2212). The Philips Defendants[2] will make the final installment of a $1.075 Billion payment to a settlement fund on March 14, 2025. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 34). The settlement agreement is available on the docket at ECF No. 2768. The court was advised that Swartwood returned a registration package to participate in the private settlement program.

In light of registering for the private settlement, Swartwood's motion for appointment of counsel will be denied as moot.

## IV. Conclusion

In accordance with the foregoing, Swartwood's motion to appoint counsel (Civ. No. 24-1737, ECF No. 10) will be denied as moot.

An appropriate order will follow.

BY THE COURT:

March 18, 2025

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

1. "Qualifying Injury means either a Qualifying Respiratory Injury or a Qualifying Cancer: Qualifying Respiratory Injury means, as demonstrated through proof of diagnosis or treatment, respiratory impairment (e.g., new or worsening asthma, new or worsening COPD, chronic bronchitis, bronchiectasis, sarcoidosis, acute respiratory distress syndrome, reactive airways dysfunction syndrome, pulmonary fibrosis, pneumonitis, other interstitial lung disease, other obstructive or restrictive lung disease).
Qualifying Cancer means one of the following, as demonstrated through proof of diagnosis or treatment: lung cancer; certain blood cancers (acute myeloid leukemia (AML), chronic myeloid leukemia (CML), or mucosa associated lymphoid tissue (MALT) of the air-pathway lymphoid tissue); or ENT/pathway cancers (e.g., oral cavity cancers; oropharynx cancer; nasal cavity/sinus cancer; nasopharynx cancer; larynx cancer; hypopharynx cancer; salivary cancer; esophageal cancers; thyroid cancers)." (Settlement Agreement, Civ. No. 21-1230, ECF No. 2768-1 at 4).
2. The Philips Defendants are Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation.