IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | Master Docket: Misc. No. 21-1230 <br><br> MDL No. 3014 |
| This Document Relates to: *King v. Cornerstone Medical Services-Midwest LLC, et al.*, Case No. 2:24-cv-01693-JFC | Case No. 2:24-cv-1693 |

**MEMORANDUM OPINION**

I. **Introduction**

Now pending before the court are **three** Motions filed by pro se Plaintiff Derrick Martin King ("King") in the above-captioned case. **First**, on February 12, 2025, King moved for a stay of the implementation order of the private master settlement agreement for personal injury claims in the instant multidistrict litigation ("MDL") (Civ. No. 21-1230, ECF No. 3139), pending final judgment of the Third Circuit Court of Appeals in the case of *In re Derrick Martin King*, 3d Cir. No. 25-1216. **Second**, King moved for a stay of proceedings in this court pending resolution of *In re Derrick Martin King*, 6th Cir. No. 24-3851, on February 24, 2025, (Civ. No. 21-1230, ECF No. 3068). **Third**, King filed a motion to have a statement read into the record during the February 25, 2025 status conference in the above-captioned MDL No. 3014 ("MDL No. 3014"), (Civ. No. 21-1230, ECF No. 3167). The motions are ripe for disposition.

## II.     Factual and Procedural History

King's first case ("*King I*") against the Philips Defendants[1] was initiated in an Ohio state court and removed to the U.S. District Court for the Northern District of Ohio (the "Northern District of Ohio"), (Civ. No. 23-2040, ECF No. 1). That case was transferred to this court under a Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation ("JPML"). (Civ. No. 23-2040, ECF No. 10). King voluntarily dismissed *King I,* without prejudice, on June 14, 2024. (Civ. No. 23-2040, ECF No. 22).

In July 2024, King reinitiated suit in an Ohio state court, adding defendant Cornerstone Medical Services LLC ("Cornerstone") to the Philips Defendants in an alleged attempt to defeat diversity jurisdiction ("*King II*"). His suit, again, was removed to the Northern District of Ohio by the Philips Defendants, asserting that the citizenship of Cornerstone, a limited liability company ("LLC'), was diverse, in that it was, through a series of LLCs, a wholly-owned subsidiary of a diverse entity.[2] (Civ. No. 24-1693, ECF No. 1). Once again King's case was proposed for transfer to MDL No. 3014. King is opposed to the transfer of *King II* to MDL No. 3014. King challenged the diversity assertion by filing a motion with the Northern District of Ohio to remand *King II* to the Ohio state court.

King also petitioned the Sixth Circuit Court of Appeals for a writ of mandamus. *In re Derrick Martin King*, 6th Cir. No. 24-3851. (Civ. No. 24-1693, ECF No. 12; Civ. No. 21-1230,

---

1. The "Philips Defendants" in *King I* were Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation.
2. The citizenship of an LLC for diversity jurisdiction purposes is determined by the citizenship of its members. (*See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010)). A declaration filed by Cornerstone asserted that a) Cornerstone's sole member is AdaptHealth LLC; b) AdaptHealth LLC's sole member is AdaptHealth Holdings LLC; and c) AdaptHealth Holdings LLC's sole member is AdaptHealth Corp., which is a Delaware corporation with its principal place of business in Pennsylvania. (Civ. No. 24-1693, ECF No. 1-6 at 2).

2

ECF No. 3068-1). King asserts that the JPML lacked jurisdiction to consider tag-along proceedings until after the Northern District of Ohio rules on his request to remand to state court. The JPML, however, transferred *King II* from the Northern District of Ohio to this court. (Civ. No. 24-1693, ECF Nos. 16, 17). King's petition for a writ of mandamus remains pending with the Sixth Circuit Court of Appeals. King moved this court to stay all the proceedings in MDL No. 3014 until resolution of his petition filed with the Sixth Circuit Court of Appeals. (Civ. No. 21-1230, ECF No. 3068).

On February 12, 2025, King noticed this court that he had petitioned the Third Circuit Court of Appeals for a writ of mandamus to compel this court to "provide all common-benefit discovery be conducted to any plaintiff that requested it," and to enjoin the MDL parties from "entering into any settlement for personal injury causes of action until such time as any proposed settlements include all plaintiffs alleging personal injuries." (Civ. No. 21-1230, ECF No. 3138 at 12). At the same time, King moved this court to stay implementation of the private master settlement agreement for certain personal injury claims, (Civ. No. 21-1230, ECF No. 3139), pending final judgment of the Third Circuit Court of Appeals on his petition for a writ of mandamus. On March 3, 2025, the Third Circuit Court of Appeals denied King's petition in a non-precedential opinion docketed at Civ. No. 21-1230, ECF No. 3193. *In re King*, No. 25-1216, 2025 WL 670965 (3d Cir. March 3, 2025) (per curiam).

Finally, King moved the court to have his statement read into the record at the February 25, 2025 regularly scheduled status conference of MDL No. 3014. (Civ. No. 21-1230, ECF No. 3167). Attached to the motion was a copy of the statement King wanted to be read into the record. (ECF No. 3167-1).

**III.    Discussion on Motions**

The court will address each of King's motions, seriatim.

A.    Stay Pending Sixth Circuit Court of Appeals Decision

When considering whether it is appropriate to grant King's motion for a stay pending his petition for a writ of mandamus, this court will consider:

> the standards governing stays of civil judgments—whether the stay applicant has made a strong showing that he is likely to succeed on the merits; whether the applicant will be irreparably injured absent a stay; whether issuance of the stay will substantially injure the other parties interested in the proceeding; and where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 770-71 (1987). While King does not ask for a judgment, this is the same four-factor test adopted by the JPML for consideration in grants of stays for appeals, *see In re Google Digital Advert. Antitrust Litig.*, 688 F. Supp. 3d 1377, 1379 (U.S. Jud. Pan. Mult. Lit. 2023), and utilized by the Third Circuit Court of Appeals, *see In re Revel AC, Inc.,* 802 F.3d 558, 565 (3d Cir. 2015), as well as other circuits, for all stay-related motions. King's request for a stay of proceedings will be considered in light of those factors.

1. Success on the Merits

This court is not tasked with considering the merits of King's petition for mandamus per se, but the likely success of that motion must be considered with respect to this court granting his request for a stay pending the outcome of that motion. King petitioned the Sixth Circuit Court of Appeals for a writ of mandamus and a writ of prohibition directing the JPML to prevent tag-along proceeding designation of *King II* to MDL No. 3014 until the Northern District of Ohio had the opportunity to rule on a possible remand of his case to state court. (Civ. No. 21-1230, ECF No. 3068-1). That case, *In re Derrick Martin King,* 6th Cir. No. 24-3851, remains pending at the Sixth Circuit Court of Appeals.

The Philips Defendants' in their brief in opposition to King's motion for stay assert that the Northern District of Ohio has, in fact, already expressed an opinion on the matter. In an Order resolving motions before that court, the district judge noted on the record that, "[t]he Western District of Pennsylvania would be best fit to resolve the jurisdictional concerns because the issue has arisen in many of the related cases." (Civ. No. 24-1693, ECF No. 15 at 4). That court granted the motion to stay proceedings in the Northern District of Ohio pending transfer to MDL No. 3014, including staying King's motion to remand to state court. *Id.* at 5. Subsequently, the JPML transferred *King II* to MDL No. 3014 in this court and closed the case before the Northern District of Ohio. (Civ. No. 24-1693, ECF Nos. 16, 17).

The Sixth Circuit Court of Appeals does not have the jurisdiction to remand *King II* to the Northern District of Ohio now that the JPML has transferred the case to this court. *See* 28 U.S.C. §1407; J.P.M.L., https://www.jpml.uscourts.gov/rules-procedures (last visited March 7, 2025). "[T]o the extent that petitioner has obtained a ruling on the [ ] issue and his case is now closed, his mandamus petition is moot." *In re Zimmermann*, 739 F. App'x 101, 103 (3d Cir. 2018). At this time, the Northern District of Ohio lacks jurisdiction to rule on King's remand motion.

Because King's petition to the Sixth Circuit Court of Appeals will most likely be denied as moot for the aforementioned reasons, this factor weighs heavily against granting the stay King requests of this court.

2.  Irreparable Harm

The Third Circuit Court of Appeals has identified special considerations required in multidistrict litigation cases, specifically noting, "the district judge must be given wide latitude

with regard to case management in order to effectively achieve the goals set forth by the legislation that created the Judicial Panel on Multidistrict Litigation." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 247 (3d Cir. 2013). This court entered a docket management order for claims of litigating plaintiffs ("Plaintiffs") on May 9, 2024, that stayed all personal injury claims for all litigating plaintiffs through the settlement "Registration Deadline. If after the Registration Deadline, any cases remain for which a Litigating Plaintiff has moved to remand to state court, the Court will set a schedule for those motion(s), including oral argument, following the Registration Deadline." (Civ. No. 21-1230, ECF No. 2769 at 6).

King's case was stayed from the time it was transferred from the Northern District of Ohio (Civ. No. 24-1693, ECF No. 15 at 5) throughout the time it was before this court under the docket management order, until the settlement program Registration Deadline closed on January 31, 2025. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 5). His motion for remand is now ripe for disposition and a scheduling order for his, and other plaintiffs' motions to remand will be issued. (*Id.* at 14). He did not show what purpose an additional stay would serve at this point in the procedural process of his litigation. This factor weighs against granting the additional stay King requests.

       3.   Substantial Injury to Nonmoving Parties

King's petition to stay proceedings pending resolution of *King II* before the Sixth Circuit Court of Appeals would not only affect King's case, but the cases of all the other plaintiffs in MDL No. 3014, in addition to all the defendants. After nearly three years of robust discovery, negotiation, mediation, rulings and finally a settlement of certain claims, King moves for this court to stay the proceedings for all parties, potentially indefinitely, until there is disposition of his sole case. The Philips Defendants will be making the final payment to a more

6

than $1 Billion settlement fund on March 14, 2025, to settle the personal injury claims of over 35,000 registered claimants. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 5).

Granting King's request would not allow for an efficient administration of the nonmoving plaintiffs' claims, and in many cases, subject them to substantial harm by delaying payments they would otherwise expect to receive in the very near term. (*Id.*) "[T]he very purpose of the centralization before the transferee judge is the efficient progress of the cases." *In re Asbestos Prods.,* 718 F.3d at 248. This factor weighs against granting the stay King requests.

4. Public Interest

Consolidation and centralization of cases in an MDL "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1405 (U.S. Jud. Pan. Mult. Lit. 2023). An MDL court "'must weigh the interests of all the plaintiffs and all the defendants' and the litigation as a whole" over the interests of an individual litigant. *Id.* at 1407 (quoting *In re Libr. Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968)). To grant the stay King requests would prioritize his individual interests over all other nonmoving plaintiffs, contrary to JPML policy. This factor weighs against granting the stay.

5. Summary of Factors

All four factors weigh against the grant of a stay of proceedings in this MDL pending the Sixth Circuit Court of Appeals' decision in the case of *In re Derrick Martin King*, 6th Cir. No. 24-3851. King's case was stayed in MDL No. 3014 until just over a month ago, and with the settlement Registration Deadline now passed, his motion to remand will, in the near future, be scheduled for argument or be resolved based on the submissions of the parties. He did not

demonstrate how he will be irreparably harmed without an additional stay. King's interests cannot be considered in isolation and halting all proceedings in this MDL would dramatically disadvantage countless other plaintiffs whose interests must be considered as well. For these reasons, King's request for a stay set forth in ECF No. 3068 will be denied.

      B.      Stay Pending Third Circuit Court of Appeals Decision

In a non-precedential opinion filed on March 3, 2025, the Third Circuit Court of Appeals denied King's petition for a writ of mandamus. The opinion noted that "[a] writ of mandamus is a drastic remedy available only in extraordinary cases." *In re King*, No. 25-1216, 2025 WL 670965, *1 (3d Cir. Mar 3, 2025) (per curiam). Since King was provided the discovery he sought, that portion of his mandamus petition was declared moot, *id.* at n.3, and because he did not show that MDL No. 3014 will deny him legal relief, the Court of Appeals denied the remainder of the petition noting that a "mandamus proceeding may not be used as a substitute for an appeal." *Id.* at *1. Because the Third Circuit Court of Appeals denied King's writ of mandamus, there is no need for this court to stay any proceedings. His motion, ECF No. 3139, for a stay pending a decision by the Third Circuit Court of Appeals will be denied as moot.

      C.      Statement on the Record

On February 23, 2025, King motioned the court to allow the entry of a written statement into the record during the MDL No. 3014 status conference held on February 25, 2025, during the portion of the agenda listed as "Motion for Stay of Settlement Pending Mandamus Petition." (Civ. No. 21-1230, ECF No. 3167). This court noted King's request to read the statement into the record, but after reflecting that the statement was already filed on the docket, the court, rather than read that statement, incorporated the statement by reference into the proceeding. (See Transcript, Civ. No. 21-1230, ECF No. 3181 at 12). King's request, ECF No.

3167, to read the statement into the record will be granted in part in that the statement was incorporated by reference into the record of the status conference and denied in all other respects as moot.

## IV.     Conclusion

In accordance with the foregoing, the court concludes as follows:

    A.    King's motion for stay (ECF No. 3068) will be denied;

    B.    King's motion for stay (ECF No. 3139) will be denied as moot;

    C.    King's motion to make a statement on the record at the February 25, 2025 status conference (ECF No. 3167) will be granted in part, in that the statement filed at ECF No. 3167-2 was incorporated by reference into the record of the status conference, as stated in open court on February 25, 2025.

An appropriate order will be entered.

March 18, 2025                                       BY THE COURT:

                                                          /s/ **JOY FLOWERS CONTI**
                                                          Joy Flowers Conti
                                                          Senior United States District Court Judge