IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 |
| | MDL No. 3014 |
| This Document Relates to: | |
| *Dudley v. Philips, et al.*, #25-269 | |

**MEMORANDUM OPINION**

I.   Introduction

Pending before the court is a pro se motion for extension of time to submit medical records and other information (Civ. No. 25-269, ECF No. 2) filed by plaintiff Eric Dudley ("Dudley"). The court ordered Philips to respond to the motion (ECF No. 4). Philips filed a brief in opposition to the motion (ECF No. 5) and Dudley filed a reply brief (ECF No. 6). The motion is ripe for disposition.

II.   Discussion

Dudley has qualifying injuries; is participating in the settlement; and submitted a Registration Packet on January 31, 2025 (ECF No. 6 at 1). In connection with that settlement, Dudley signed the Release required by the settlement agreement "releasing Philips from liability for such claims." *Id.*

Dudley alleges that he has <u>other</u> injuries resulting from his use of a Philips device that are <u>not</u> covered by the settlement. Dudley, therefore, filed a pro se case, Civil No. 25-269, and maintains that the injuries at the new case are distinct from those released in the settlement.

In essence, Dudley requests a 30-day extension in his new pro se case with respect to the deadlines set forth in the May 9, 2024, Docket Management Order ("DMO") (ECF No. 2769). Dudley represents that he is diligently working to gather the necessary records, but has experienced unforeseen delays in obtaining documents from medical providers and in mailing documents to the court for filing.

Philips, in response, represents that it will be filing a motion to dismiss Dudley's pro se case (as soon as Dudley effectuates proper service). ECF No. 5 n.2. Philips argues that the motion to extend time should be denied because the underlying complaint lacks merit. Philips contends that the Release required by the settlement (which Dudley admits he executed) bars the relief Dudley seeks in Civil No. 25-269. In the alternative, Philips argues that Dudley did not show good cause to extend the deadline.

Because the requested 30-day extension of time relates only to Dudley's pro se complaint at Civil No. 25-269, there is not a danger of confusion of the deadlines for the MDL as a whole. The court accepts Dudley's representation that he is working diligently to provide the necessary information.

Dudley is directed to confer with Philips counsel about waiver of service of the pro se complaint on or before April 15, 2025, or to make proper service of the complaint. The court will not prematurely rule on a motion to dismiss the complaint that Philips has not yet filed. The court notes, however, that the language of the Release, including the definition of "Released Claims," is broad, and, if Dudley intends to pursue his pro se complaint, he must be prepared to

demonstrate why the Release does not apply to the claims he would like to include in the pro se complaint.

III.    Conclusion

For the reasons set forth above, the motion to extend time (ECF No. 2) will be granted to April 30, 2025.

An appropriate order will be entered.

Dated: April 7, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge