**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 |
| This Document Relates to: | MDL No. 3014 |
| McCarty v. Koninklijke Philips N.V. et al Case No. 2:21-cv-1656 | |

**<u>MEMORANDUM OPINION</u>**

Pending before the court is a motion for appointment of counsel filed by plaintiff Brian McCarty ("McCarty"), (Civ. No. 21-1230, ECF No. 3150). The motion will be resolved without a response from the parties.

In a civil case, district courts may inquire whether an attorney will represent a financially eligible defendant. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). An attorney cannot be compelled to represent a party in a civil case. As explained in *DeGenes v. Federal Bureau of Investigation*, No. CV 20-971, 2020 WL 4925680 (W.D. Pa. Aug. 21, 2020):

> A civil litigant does not have a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The court cannot compel an attorney to represent [a civil plaintiff] or negotiate an attorney-client engagement on [a civil plaintiff's] behalf. Instead, the court would have to inquire whether an attorney was willing to represent him pro bono. The court of appeals has recognized that pro bono attorney time is a "precious commodity," and district courts should exercise care in appointing counsel. *Id.* at 499. Before appointing pro bono counsel, the court must screen the case for arguable merit and consider the "*Tabron* factors." *Id*. (citing *Tabron*, 6 F.3d at 155-56).

*Id.* at *2. To be clear, even if the court were to solicit an attorney to act pro bono, no attorney can be compelled by the court to represent an indigent person in a civil case. *DeGenes*, 2020 WL 4925680 at *2 (citing decisions).

Before appointing counsel, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the merits of the claim; (2) the indigent plaintiff's ability to present his case considering his education, literacy, experience, prior work experience, and prior litigation experience; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id.* at 155-56. The list of factors is not exhaustive, and no factor is determinative. *Id.* at 157.

McCarty's filed a complaint asserting he is a representative plaintiff in the above-captioned class action case, which is part of the multidistrict litigation ("MDL") No. 3014. (Civ. No. 21-1656, ECF No. 1). The court can, therefore, form a threshold finding about the arguable merits of McCarty's claim. McCarty was represented in his case by Sandra Duggan, Arnold Levin, Laurence Berman and Frederick Longer of the law firm Levin Sedran & Berman LLP (*Id.* at 36). Duggan was later appointed as co-lead counsel for the plaintiffs in the class action lawsuit from a field of 75 applicants. (Civ. No. 21-1230, ECF No. 395 at 2).

The parties in the multidistrict litigation notified the court that they reached a private settlement of certain of the personal injury claims. (Civ. No. 21-1230, ECF No. 2212). The Philips

Defendants[1] will be making the final installment of a $1.075 Billion payment to the settlement fund on March 14, 2025. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 34). The settlement agreement is available on the docket at ECF No. 2768.  McCarty's letter to the court provided no information about whether or not he is participating in that settlement. (Civ. No. 21-1230, ECF No. 3150). At the February 25, 2025, status conference of MDL No. 3014 the court was made aware that McCarty is registered for the settlement program. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 17).

The court also needs additional information about the other *Tabron* factors.  McCarty did not make any attestations to his status as indigent; he makes no mention of any effort to obtain other counsel for himself, or the degree to which investigation or expert testimony is required, but he did note the complexity of the case. It is not clear if McCarty's registration for the settlement has been adjudicated or if he elected the expedited review program in the settlement registration process. If he has been approved as an eligible claimant, the court is unable to discern whether McCarty requires counsel to assist with settlement claims.

In sum, the motion for appointment of counsel will be denied. In this civil case, the court cannot compel an attorney to represent McCarty. The *Tabron* factors do not support appointment of counsel.  The denial, however, will be without prejudice for McCarty to file a new motion that demonstrates why the court should solicit an attorney to volunteer to contribute the "precious commodity" of pro bono time to assist him. Further, the court has denied, without prejudice, the motion to withdraw as counsel filed by Levin Sedran & Berman as McCarty may need the advice of counsel from time to time pending his selection of replacement counsel.

---

1. The Philips Defendants are Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corp.

An appropriate order will follow.

                                        BY THE COURT:


April 9, 2025                           /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Senior United States District Court Judge