# In the United States District Court
# Western District of Pennsylvania
# Pittsburgh Division

| | |
|---|---|
| *In re:* **PHILIPS RECALLED CPAP, Bi-Level PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION** | Case No. **2:21-mc-01230-JFC** <br> MDL No. 3014 |
| **DERRICK MARTIN KING,** <br><br> Plaintiff, <br><br> vs. <br><br> **CORNERSTONE MEDICAL SERVICES—MIDWEST LLC, et al.,** <br><br> Defendants | Case No. **2:24-cv-01693-JFC** <br><br> Judge **JOY FLOWERS CONTI** |

### *Pro Se* PLAINTIFF DERRICK MARTIN KING'S REPLY IN SUPPORT OF HIS MOTION TO REMAND TO STATE COURT

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................i

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF THE FACTS ................................................................... 1

I.   INTRODUCTION. .................................................................................. 1

II.  HISTORY OF THE PENDING PROCEEDINGS. .................................... 1

RELEVENT LAW REGARDING MOTIONS TO REMAND TO STATE
COURT ........................................................................................................ 4

I.   ARTICLE III JURISDICTION OF FEDERAL COURTS. ........................ 4

II.  DIVERSITY JURISDICTION. .................................................................. 4

ARGUMENT .............................................................................................. 6

I.   THE PHILIPS DEFENDANTS HAVE NOT PRESENTED PROPER EVIDENCE OF
     DIVERSITY JURISDICTION IN THE NORTHERN DISTRICT OF OHIO AT THE
     TIME THE NOTICE OF REMOVAL WAS FILED. ...................................... 6

II.  THE PHILIPS DEFENDANTS HAVE NOT DEMONSTRATED THAT THE AMONT-
     IN-CONTROVERSY EXCEEDS $75,000. ................................................. 10

CONCLUSION .......................................................................................... 11

CERTIFICATE OF SERVICE ................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
574 U.S. 81 (2014) ........................................................................ 10

*David A, Waldron & Assoc. v. Loon, LLC, et al.,*
N.D. Ohio no. 5:11-cv-02247,
2012 U.S. Dist. LEXIS 63669,
2012 WL 1598122 (Apr. 17, 2012) ............................................... 9

*Frederico v. Home Depot,*
507 F.3d 188 (3d Cir. 2007) ........................................................ 10

*Judge v. Phila. Premium Outlets,*
E.D. Pa. no. 2:2010-cv-01553-RB,
2010 U.S. Dist. LEXIS 56762,
2010 WL 2376122 (Jun. 8, 2010) ............................................... 10

*Lightfoot v. Cendant Mortgage Corp.,*
580 U.S. 82 (2017) ........................................................................ 6

*Meritcare Inc. v. St. Paul Mercury Ins. Co.,*
166 F.3d 214 (3d Cir. 1999) ........................................................ 11

*Merrell Dow Pharm, Inc. v. Thompson,*
478 U.S. 804 (1986) ...................................................................... 5

*Pullman v. Jenkins,*
305 U.S. 534 (1939) ..................................................................... 11

*Shamrock Oil & Gas Corp. v. Sheets,*
313 U.S. 100 (1941) .................................................................. 5, 6

*Skywark v. Healthbridge Mgmt., LLC,*
W.D. Pa. no. 1:15-cv-00058-BJR,
2015 U.S. Dist. LEXIS 193867,
2015 WL 13621058 (Jul. 22, 2015) .............................................. 6

*St. Paul Mercury Indemnity Co. v. Red Cab Co.,*
303 U.S. 283 ............................................................................... 11

*Steel Co. v. Citizens for a Better Environment,*
523 U.S. 83 (1998) ........................................................................ 4

*Steel Valley Auth. v. Union Switch Div.,*
  809 F.2d 1006 (3d Cir. 1987)...........................................................11

*Wilson v. Republic Iron & Steel Co.,*
  257 U.S. 92 (1921) .......................................................................5

**Statutes**

28 U.S.C. § 1332(a) ........................................................................4

28 U.S.C. § 1441 .............................................................................5

28 U.S.C. § 1446(c)(2)(B) .............................................................11

28 U.S.C. § 1447(c) .........................................................................5

28 U.S.C. § 1447(d) .........................................................................5

**Constitutional Provisions**

U.S. Const. art. III § 1 ...................................................................4

**Rules of Court**

Fed. R. Civ. P. 41(A) ....................................................................10

**Case Dockets**

*In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator*
  *Products Liability Litigation,*
  W.D. Pa. No. 2:21-mc-01230-JFC,
  MDL No. 3014. .................................................................... passim

*King v. Cornerstone Medical Services—Midwest LLC, et al.,*
  N.D. Ohio no 5:24-cv-01344-BYP..............................................2, 8

*King v. Cornerstone Medical Services—Midwest LLC, et al.,*
  Ohio C.P. no. CV-2024-07-2674 ..................................................1

*King v. Cornerstone Medical Services—Midwest LLC, et al.,*
  W.D. Pa. no 2:24-cv-01693-JFC ......................................... passim

*King v. Koninklijke Philips N.V., et al.,*
  N.D. Ohio no. 5:23-cv-02042-PAB .............................................10

*King v. Koninklijke Philips N.V., et al.,*
  W.D. Pa. no. 2:23-cv-02040-JFC.................................................10

**Legslative Enactments**

Federal Courts Jurisdiction and Venue Clarification Act of 2011,
Pub. L. 112-63,
125 Stat. 758 (Dec. 7, 2011) ................................................................................. 11

**Other Authorities**

Babst Calland LLP (2025), *Locations.*
Retrieved online from https://www.babstcalland.com/firm/locations/
(accessed Apr. 11, 2025) ................................................................................. 8

Better Business Bureau (2025), *Business Profile for Cornerstone Medical
Services—Midwest LLC.*
Retrieved from https://www.bbb.org/us/oh/akron/profile/medical-
equipment/cornerstone-medical-services-midwest-llc-0272-195609023
(accessed Apr. 11, 2025) ................................................................................. 10

Blank Rome LLP (2025), *Biography of Partner Christina Manfredi McKinley.*
Retrieved from https://www.blankrome.com/people/christina-manfredi-
mckinley (accessed Apr. 11, 2025) ................................................................. 8

Disciplinary Board of the Pennsylvania Supreme Court (2025), *Directory
Entry for Christina Manfredi McKinley.*
Retrieved from https://www.padisciplinaryboard.org/for-the-public/find-
attorney/attorney-detail/320002 (accessed Apr. 11, 2025) ........................... 7

IRS Form 990 *Return of Organization Exempt from Income Tax* for Summa
Health ............................................................................................................... 7

## STATEMENT OF THE FACTS

### I.    INTRODUCTION.

Counsel for the Philips Defendants[1] are once again attempting to mislead this Court with regard to whether or not this this Court has Article III jurisdiction over the case. The pending motions to remand to state court.[2] Plaintiff Derrick Martin King (hereinafter "Plaintiff King") hereby responds to the arguments presented by the Philips Defendants.[3]

### II.    HISTORY OF THE PENDING PROCEEDINGS.

On July 7, 2024, Plaintiff King filed a complaint in the Summit County (Ohio) Court of Common Pleas.[4] Plaintiff King named as Defendants in that complaint Cornerstone Medical Services—Midwest LLC (hereinafter "Cornerstone"); Philips RS

---

[1] For the purposes of this document, the Philips Defendants are Philips RS North America LLC (hereinafter "Philips Respironics"), Philips North America LLC (hereinafter "Philips Electronics") and Philips RS North America Holding Corporation (hereinafter "Philips RS Holding").

[2] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no 2:24-cv-01693-JFC ECF No. 4 (originally filed in the U.S. District Court for the Northern District of Ohio); *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF Nos. 3252, 3253.

[3] Plaintiff includes a signed declaration in support of his motion to remand to state court (hereinafter "King Declaration").

[4] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 1; *King v. Cornerstone Medical Services—Midwest LLC, et al.,* Ohio C.P. no. CV-2024-07-2674 (included as a part of the record as *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 1-2.

North America LLC (hereinafter "Philips Respironics"); and Philips RS North America Holding Corporation (hereinafter "Philips RS Holding").[5]

On August 5, 2024, Philips Respironics removed the case to Federal court.[6] Two days later, Plaintiff King filed his first motion to remand to state court.[7] Philips Respironics then filed a motion to stay proceedings pending their filing of a motion to transfer to this Court and inclusion in MDL No. 3014. *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. No. 2:21-mc-01230-JFC, MDL No. 3014.[8]

On December 13, 2024, the JPML entered a transfer order and the case was remanded to this Court.[9] On March 21, 2025, this Court entered an Order setting an oral hearing on all motions to remand shall be held on May 6, 2025 following the conclusion of the status conference.[10] The rationale for the Court is as follows:

---

[5] *Id.*

[6] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 1 (originally filed in *King v. Cornerstone Medical Services—Midwest LLC, et al.,* N.D. Ohio no 5:24-cv-01344-BYP).

[7] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 4 (originally filed in *King v. Cornerstone Medical Services—Midwest LLC, et al.,* N.D. Ohio no 5:24-cv-01344-BYP).

[8] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 5 (originally filed in *King v. Cornerstone Medical Services—Midwest LLC, et al.,* N.D. Ohio no 5:24-cv-01344-BYP).

[9] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 16.

[10] *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF No. 3250).

The court endeavored to identify all pending remand motions in the Philips MDL. Some were filed only at the individual case; some were filed only at the master docket (#21-1230); and others were properly cross-filed at both the individual and master dockets. See PTO # 1 (ECF No. 4). To be clear, the court will be setting oral argument for all remand motions, even if the case number is not listed above.[11]

In an abundance of caution, on March 21, 2025, Plaintiff King filed a second motion to remand to state court.[12] On April 11, 2025, counsel for the Philips Defendants[13] filed a response in opposition to Plaintiff King's motion.[14] The Philips Defendants argue that: (1) complete diversity exists because Cornerstone is a citizen of Delaware and Pennsylvania;[15] and (2) the amount in controversy exceeds

---

[11] *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF No. 3249 at 1 fn. 1.

[12] *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014

[13] Defendant Philips RS North America LLC (hereinafter "Philips Respironics") and Defendant Philips RS North America Holding Corporation (hereinafter "Philips RS Holding") are referred to collectively as "the Philips Defendants."

[14] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 26; *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF No. 3286.

[15] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 26 at pp. 3-4; *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF No. 3286.

$75,000.[16] Plaintiff King now files his reply to the arguments presented by the Philips Defendants.

## **RELEVENT LAW REGARDING MOTIONS TO REMAND TO STATE COURT**

### I.    ARTICLE III JURISDICTION OF FEDERAL COURTS.

The United States Constitution is very clear on the jurisdiction of the Federal courts. Article III states:

> The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.

U.S. Const. art. III § 1. Article III courts (as courts of limited jurisdiction) must first consider whether authority exists to hear a case before moving on to the merits. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998). Without subject-matter jurisdiction, a federal court lacks authority to hear a case. *Lightfoot v. Cendant Mortgage Corp.,* 580 U.S. 82, 91 (2017).

### II.    DIVERSITY JURISDICTION.

Congress provides for Federal courts to obtain Article III jurisdiction of state-court complaints by statute. 28 U.S.C. § 1332(a) states:

---

[16] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 26 at pp. 4-5; *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF No. 3286.

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1)     citizens of different States;

(2)     citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3)     citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4)     a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

If a federal court of competent jurisdiction determines that a case lacks federal question or diversity jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). Moreover, if a party improperly removes a case to federal court pursuant to 28 U.S.C. § 1441, the court must remand the case back to the state court from which it had been removed. 28 U.S.C. § 1447(d). A court may initiate remand *sua sponte* or upon motion of a party. 28 U.S.C. § 1441. Because federal courts are courts of limited jurisdiction, the removing party bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921).

Removal jurisdiction raises significant federalism concerns and, as such, federal courts must strictly construe such jurisdiction. *Merrell Dow Pharm, Inc. v. Thompson,* 478 U.S. 804, 808 (1986); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104 (1941). Accordingly, a federal court must resolve any doubt of its

removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil, supra,* 313 U.S. at 108-109.

## ARGUMENT

**I. THE PHILIPS DEFENDANTS HAVE NOT PRESENTED PROPER EVIDENCE OF DIVERSITY JURISDICTION IN THE NORTHERN DISTRICT OF OHIO AT THE TIME THE NOTICE OF REMOVAL WAS FILED.**

The Philips Defendants argue that there is complete diversity as Cornerstone is a citizen of Delaware and Pennsylvania. In support of their contention, the Philips Defendants submitted a declaration of Christina Manfredi McKinley. The declaration states that on August 2, 2024, McKinley was a "shareholder" at Babst, Calland, Clements and Zomnir, P.C. (hereinafter "Babst Calland").[17] There is no statement in the declaration that identifies the role that Babst Calland has in this case.[18] Thus, the declaration of McKinley has no evidentiary value.

Documents filed with the Ohio Secretary of State indicate that on October 18, 2004, William A. Powell (hereinafter "Powell") filed articles of organization which

_____

[17] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 26-1, ¶ 1; *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF No. 3286-1 at ¶1.

[18] The Philips Defendants cite the case of *Skywark v. Healthbridge Mgmt., LLC,* W.D. Pa. no. 1:15-cv-00058-BJR, 2015 U.S. Dist. LEXIS 193867, 2015 WL 13621058 (Jul. 22, 2015) in their argument that removing defendants can rely on sworn declarations to establish a party's citizenship to demonstrate diversity jurisdiction. In *Skywark,* the removing defendants included a declaration from the general counsel of an LLC whose citizenship was being challenged. The declarant clearly identified himself as general counsel for the LLC.[18] The situation in this case is distinguishable from the situation in the *Skywark* case.

registered Cornerstone as an Ohio limited liability company.[19] Powell is listed as the secretary for the newly established LLC, and the address listed is Summa Health Systems, 525 East Market Street, Akron, Ohio 44309.[20] An internet search reveals that Powell was serving as Secretary and General Counsel for Summa Health Systems (a nonprofit organization).[21] The Philips Defendants have not established by a preponderance of evidence that Cornerstone is not a citizen of Ohio.

With regard to the purported declaration from Cornerstone (submitted by McKinley), Plaintiff conducted an internet search to find out the connection that McKinley has with Cornerstone.[22] He reviewed the directory page for the Disciplinary Board of the Pennsylvania Supreme Court (which includes listings for all attorneys licensed to practice in Pennsylvania). Plaintiff accessed the directory listing for licensed attorney Christina Manfredi McKinley, and it indicates that

---

[19] King Declaration at 3. *See* Ohio Secretary of State (2004). Articles of Organization for a Domestic Limited Liability Company. Retrieved from https://bizimage.ohiosos.gov/api/image/pdf/200429200170 (accessed Apr. 13, 2025) (annexed herein and marked as Exhibit A).

[20] King Declaration at ¶ ¶ 4-5; Exhibit A.

[21] King Declaration at ¶ 6. *See* IRS Form 990 *Return of Organization Exempt from Income Tax* for Summa Health (annexed herein and marked as Exhibit B).

[22] King Declaration at ¶ 9. *See* Disciplinary Board of the Pennsylvania Supreme Court (2025), *Directory Entry for Christina Manfredi McKinley*. Retrieved from https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/320002 (accessed Apr. 11, 2025). annexed herein and marked as Exhibit C.

McKinley's license is active (admitted to practice law in Pennsylvania on April 17, 2015).[23]

Plaintiff accessed the Babst Calland website and discovered that Babst Calland is a law firm headquartered in Pittsburgh, Pennsylvania and having locations in Charleston, Harrisburg, State College, and Washington DC.[24] Plaintiff then accessed the Babst Calland attorney directory and discovered that McKinley is not employed with Babst Calland.[25]

Plaintiff reviewed the Disciplinary Board of the Pennsylvania Supreme Court directory entry for McKinley and the document indicated that she is currently employed with the law firm of Blank Rome LLP (hereinafter "BlankRome").[26] A review of the BlankRome attorney directory indicates that McKinley is a partner at the Pittsburgh, Pennsylvania location.[27]

It should be noted that in its Notice of Removal, Philips Respironics also submitted declarations from William B. Monahan (who serves as counsel for Philips

---

[23] *Id.*

[24] King Declaration at 11. *See* Babst Calland LLP (2025), *Locations.* Retrieved online from https://www.babstcalland.com/firm/locations/ (accessed Apr. 11, 2025) (annexed herein and marked as Exhibit D).

[25] King Declaration at 12.

[26] King Declaration at 13; Exhibit C.

[27] King Declaration at 14. *See* Blank Rome LLP (2025), *Biography of Partner Christina Manfredi McKinley.* Retrieved from https://www.blankrome.com/people/christina-manfredi-mckinley (accessed Apr. 11, 2025) (annexed herein and marked as Exhibit E).

RS North America Holding Corporation).[28] Plaintiff King is familiar with Monahan's role as counsel for the other Philips entities and does not challenge the jurisdiction of the other Philips entities in this litigation.

The Philips Defendants also cite the case of *David A, Waldron & Assoc. v. Loon, LLC, et al.,* N.D. Ohio no. 5:11-cv-02247, 2012 U.S. Dist. LEXIS 63669, 2012 WL 1598122 (Apr. 17, 2012) where a magistrate issued a report and recommendation that the plaintiffs' motion to remand should be denied. In the *David A. Waldren & Assoc.* case, there is a dispute over the use of the term "residents" and not using the term "citizen" in the notice of removal.[29]

The Philips Defendants fail to attach business records from Cornerstone which disputes Plaintiff King's assertion that Cornerstone is an Ohio limited liability company. In addition, the Philips Defendants failed to include any declarations from any employees of Cornerstone.

Throughout the pending litigation, Plaintiff has been serving documents on Cornerstone (sent to the headquarters or to Michael Irvine (hereinafter "Director

---

[28] *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF No. 1-7 (originally filed in *King v. Cornerstone Medical Services—Miswest LLC, et al.,* N.D. Ohio no. 5:24-cv-01344-BYP). It should be noted here that Philips Respironics also attached to the Notice of Removal corporate records for other Philips entities that are involved in the litigation. *King v. Cornerstone Medical Services—Midwest LLC, et al.,* W.D. Pa. no. 2:24-cv-01693-JFC ECF Nos. 1-4, 1-5 (originally filed in *King v. Cornerstone Medical Services—Midwest LLC, et al.,* N.D. Ohio no. 5:24-cv-01344-BYP).

[29] *David A. Waldron & Assoc., supra,* 2012 U.S. Dist. LEXIS 63669 at *15-16.

Irvine"), who is employed with Cornerstone and is the Director.[30] A business profile on the Better Business Bureau for Cornerstone indicates that Director Irvine is the highest-ranking employee of Cornerstone.[31]

## II.    THE PHILIPS DEFENDANTS HAVE NOT DEMONSTRATED THAT THE AMONT-IN-CONTROVERSY EXCEEDS $75,000.

In their response to Plaintiff's Motion, the Philips Defendants argue that the amount in controversy exceeds $75,000. The Philips Defendants refer to the case of *King v. Koninklijke Philips N.V., et al.,* W.D. Pa. no. 2:23-cv-02040-JFC. The original complaint (*King v. Koninklijke Philips N.V., et al.,* W.D. Pa. no. 2:23-cv-02040-JFC ECF No. 1-1, originally filed in *King v. Koninklijke Philips N.V., et al.,* N.D. Ohio no. 5:23-cv-02042-PAB). On June 14, 2024, Plaintiff filed a voluntary dismissal pursuant to Fed. R. Civ. P. 41(A). *King v. Koninklijke Philips N.V., et al.,* W.D. Pa. no. 2:23-cv-02040-JFC ECF No. 22; *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation,* W.D. Pa. no. 2:21-mc-01230-JFC, MDL No. 3014 ECF No. 2840.[32]

---

[30] King Declaration at ¶ 15.

[31] King Declaration at ¶ 16. *See* Better Business Bureau (2025), *Business Profile for Cornerstone Medical Services—Midwest LLC.* Retrieved from https://www.bbb.org/us/oh/akron/profile/medical-equipment/cornerstone-medical-services-midwest-llc-0272-195609023 (accessed Apr. 11, 2025)  (annexed herein and marked as Exhibit F).

[32] The Philips Defendants cite the case of *Judge v. Phila. Premium Outlets,* E.D. Pa. no. 2:2010-cv-01553-RB, 2010 U.S. Dist. LEXIS 56762, 2010 WL 2376122, *7-8 (Jun. 8, 2010) in which the court denied a motion to remand where the complaint did not allege a specific maximum in the damages sought (*citing Frederico v. Home Depot,*

The plaintiff's complaint at the time of removal controls a district court's subject matter jurisdiction inquiry when the case is based on diversity jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 ("The status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal. . . ."); *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002) ("A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'") (*quoting Steel Valley Auth. v. Union Switch Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)); *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999) (determining amount in controversy at time of removal)). This mirrors the rule in originally filed cases "where the inquiry is directed to the time when the complaint is filed." *Id.* (*citing Pullman v. Jenkins,* 305 U.S. 534 (1939)).

## <u>CONCLUSION</u>

The Philips Defendants have failed to demonstrate that Federal courts have Article III jurisdiction under the diversity of citizenship or amount-in-controversy

---

507 F.3d 188, 197 (3d Cir. 2007)). However, the findings of the *Frederico* case was superseded in statute. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 88 (2014) (under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 758 (Dec. 7, 2011), if there is a challenge to the amount in controversy, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied) (*see* 28 U.S.C. § 1446(c)(2)(B)).

statute. This Court has no choice but to remand the case to the Summit County (Ohio) Court of Common Pleas.

     For the reasons stated herein, Plaintiff King prays the Court grant his motion to remand the matter to the Summit County (Ohio) Court of Common Pleas.

Date: *April 13, 2025.*

| Respectfully Submitted |
|---|
| */s/ Derrick Martin King* |
| **DERRICK MARTIN KING**<br>1445 Crestview Avenue<br>Akron, Ohio 44320-4049<br>Phone: (330) 867-3979<br>Email: dmking12370@hotmail.com<br><br>*Pro se Plaintiff* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system. Parties and all counsel of record may access and download the filing via the CM/ECF system or via MDL Centrality.

Date: *April 13, 2025.*

*/s/ Derrick Martin King*

**DERRICK MARTIN KING**
*Pro se Plaintiff*

13