IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATION PRODUCTS LITIGATION<br><br>This Document Relates to:<br>*Russell D. Carter, Jr. v. Koninklijke Philips N.V., et al., 2:22-cv-00383-JFC* | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

* * * * *

**MEMORANDUM OF THE PHILIPS DEFENDANTS[1] IN OPPOSITION TO PLAINTIFF CARTER'S MOTION TO MODIFY DOCKET MANAGEMENT ORDER**

The Docket Management Order was entered by the Court to manage in a coordinated fashion the claims of all Litigating Plaintiffs—like Plaintiff Carter—"for the purpose of ensuring that further pretrial litigation against the Defendants in this mature MDL will progress as smoothly and efficiently as possible." Docket Management Order at p. 12, ¶ 20. In his Motion to Modify the Docket Management Order, (22-CV-00383, ECF No. 43; the "Motion"), Plaintiff seeks relief from his May 1 deadline to submit an expert report under the Docket Management Order. The Court should deny Plaintiff's Motion for four primary reasons:[2]

---

[1] The Philips Defendants are defined as Koninklijke Philips N.V., Philips North America LLC, Philips RS North America LLC, Philips Holdings USA, Inc., and Philips RS North America Holding Corporation. Koninklijke Philips N.V. is a Dutch multinational company with its principal place of business in Amsterdam, Netherlands—has not been served with the Complaint in this action.

[2] As Plaintiff acknowledges, "the Court can modify a scheduling order upon the movant showing [] good cause," and, specifically to obtain an order allowing an extension of time for expert discovery, "the party seeking an extension should show that more diligent pursuit was impossible." Memorandum, 22-CV-00383, ECF No. 43-1 at 3 (citations omitted). As described herein, Plaintiff shows neither.

1

***First***, the Court has already denied a similar request for relief from the Docket Management Order on the basis that the Docket Management Order deadlines "were designed to create an efficient process for all [Litigating Plaintiffs]" and, accordingly, "[c]reating individual exceptions and separate timelines [like that requested by Plaintiff Carter] could quickly become unmanageable." Mem. Opinion, ECF No. 3249. Plaintiff Carter does not acknowledge this ruling, nor does he adequately explain why his request for an extension would not create the very inefficiencies about which this Court expressed concern when ruling on that earlier request. To the contrary, granting Plaintiff an individual exception, and creating a separate timeline for his expert report, would add unnecessary complexity to these pretrial proceedings and introduce further delay without good cause to do so.

***Second***, Plaintiff claims that he "suddenly" faces an "impossible deadline to engage an expert," review discovery, and produce an expert report because it would have been "nonsensical" and "impractical" for him to have done this work before becoming a Litigating Plaintiff. Memorandum, ECF 43-1, at 4, 5. But none of the deadlines in the Docket Management Order—including the expert deadline—are "new," nor were they "suddenly" imposed on him. Plaintiff—like all other Litigating Plaintiffs—has been on notice of the deadlines in the Docket Management Order for nearly one year. *See* Docket Management Order. And, on February 28, 2025, he received a reminder notice of these deadlines directly from the Philips Defendants. 22-CV-00383, ECF No. 40. Plaintiff has therefore had ample time to engage an expert and begin work on an expert report supporting ***his*** claims against the Philips Defendants. His Motion fails to describe any steps he has taken to date in pursuit of his expert report. Nor does he articulate any reason he cannot comply with this deadline in the time remaining under the Docket Management Order. As a result, he has not carried his burden to establish "good cause" to modify the May 1 expert

2

deadline. *See Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558 (D.N.J. 2022) (citations omitted; emphasis added) (good cause "is established when the party seeking the extension can show that the deadlines set forth in the scheduling order ***cannot reasonably be met despite the diligence of the party seeking the extension***.").

*Third*, Plaintiff's claimed inability to meet the May 1 deadline is not excused by Pretrial Order # 8. Memorandum, 22-CV-00383, ECF 43-1, at p. 4. Plaintiff blames Pretrial Order # 8 (Order Appointing Co-Lead Counsel, Plaintiffs' Steering Committee, Co-Liaison Counsel, and Certain Committee and Subcommittee Chairs and Members) and various other elements of the MDL's coordinated processes for his lack of diligence. But Pretrial Order # 8 was entered to provide a coordinated process for discovery ***of defendants*** (which discovery has been made available to Plaintiff), which was accomplished by establishing the plaintiffs' leadership structure, appointing leadership members, and clarifying and expanding upon the responsibilities of plaintiffs' leadership and certain committees and subcommittees. ECF No. 395; *see also* ECF No. 3157.[3] Pretrial Order # 8 did ***not*** prevent individual plaintiffs from engaging their own expert(s) to provide reports supporting their individual claims. ECF No. 395. As acknowledged by Co-Lead Plaintiffs' Counsel, the ability of Litigating Plaintiffs to comply with the Docket Management Order deadlines—including the deadline for expert reports—is entirely within each plaintiff's control. *See* ECF No. 3157 (opinion by Co-Lead Plaintiffs' Counsel that Litigating Plaintiffs do not need discovery to prepare and serve the information required by the Docket Management Order."); *see also* Docket Management Order at ¶ 17 (listing contents of Litigating Plaintiffs' Expert Reports as including opinions about plaintiffs' injuries and causation, plaintiffs'

---

[3] Plaintiff acknowledges that "Plaintiffs' group was very well represented in this matter." Motion at ¶ n. 1.

damages, medical records and test results).  For these reasons, Pre-Trial Order #8 does not provide "good cause" to excuse this Plaintiff from the deadlines applicable to all other Litigating Plaintiffs.

*Finally*, the pendency of Plaintiff's motion to remand likewise does not support good cause for his request, nor the inefficiencies it would generate.  Memorandum, 22-CV-00383, ECF No. 43-1 at pp. 4, 5.  This Court already has ruled that a pending motion to remand is not "good cause" to upset the deadlines in the Docket Management Order.  Mem. Opinion, ECF. No. 3249.  The Court set oral argument on motions to remand for May 6, 2025—after the deadline for Litigating Plaintiffs' expert production—to "allow the court and parties to confirm that litigating plaintiffs complied with all the deadlines in the [Docket Management Order]" before expending further resources addressing remand issues. ECF No. 3249.  As the Court reasoned, even if the Court ultimately finds that it lacks jurisdiction over any individual plaintiff's claims and remands them to state court, the plaintiff would still "likely need to gather the evidence required by the DMO" to pursue his or her claims.  ECF No. 3249.  Alternatively, if the Court does determine that it properly has jurisdiction, "the [Docket Management Order] deadlines will be enforceable and any plaintiff who fails to comply with those deadlines does so at his or her own risk."  Mem. Opinion at 6.[4]  Accordingly, Plaintiff's pending remand motion does not support good cause for relief from his expert deadlines under the Docket Management Order.

        Plaintiff has not articulated "good cause" for the relief he seeks, and his Motion should be denied.

---

[4] Docket Management Order at ¶ 20 ("Should any Litigating Plaintiff fail to fully comply with the obligations of this Order, such Litigating Plaintiff's case is subject to dismissal with prejudice.").

Dated: April 14, 2025

Respectfully submitted,

*/s/ John P. Lavelle, Jr.*

John P. Lavelle, Jr. (PA 54279)
Lisa C. Dykstra (PA 67271)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein (PA 86698)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Philips RS North America LLC*


*/s/ William B. Monahan*

Tracy Richelle High
William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel: 212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holdings USA, Inc. and Philips RS North America Holding Corporation*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr