IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Carter v. Philips, et al.*, #22-383 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

# MEMORANDUM OPINION

## I. Introduction

Pending before the court is a motion to modify the Docket Management Order ("DMO") deadlines (Civ. No. 22-383, ECF No. 43) filed on behalf of plaintiff Russell D. Carter, Jr. ("Carter"), with brief in support (ECF No. 44). The court ordered Philips to respond to the motion (ECF No. 46). Philips filed a brief in opposition to the motion (ECF No. 47). The motion is ripe for disposition.

## II. Background

Carter reports that he recently became a "Litigating Plaintiff" as defined in the DMO (ECF No. 2769) because he decided to not participate in the private personal injury settlement.[1]

---

[1] Carter did not specifically address whether he has a "qualifying injury" as defined in the private personal injury settlement. His complaint alleges that he was diagnosed with adenocarcinoma of the lung and renal cell inoma in his kidney. (ECF No. 2 at ¶ 16). The private settlement agreement provides, in relevant part: "Qualifying Respiratory Injury means, as demonstrated through proof of diagnosis or treatment, respiratory impairment (e.g., new or worsening asthma, new or worsening COPD, chronic bronchitis, bronchiectasis, sarcoidosis, acute respiratory distress syndrome, reactive airways dysfunction

Carter represents that he has complied with all deadlines in the DMO except for the production of an expert report.[2] Carter requests a 6-month extension with respect to the expert report deadline set forth in the DMO ¶¶ 17-19.

III.   Discussion

Carter essentially argues that he is unable to comply with the May 1, 2024 deadline to submit an expert report because he was not permitted to conduct his own discovery and was reliant upon plaintiffs' leadership team appointed pursuant to Pretrial Order ("PTO") #8. He contends it would have been nonsensical for him to duplicate the efforts of the leadership team.

Philips opposes Carter's motion. Philips points out: (1) the deadlines in the DMO were designed to create an efficient process for all litigants; (2) there was no surprise because the DMO, with its duty to obtain an expert report, was issued almost a year ago, on May 9, 2024 (ECF No. 2769), and a reminder was docketed on February 28, 2025; (3) the expert report required in the DMO concerns only Carter's claims and is not dependent on discovery on other parties; (4) Carter failed to articulate good cause, or identify any diligent efforts he took to obtain the requisite expert opinion; (5) PTO #8 provided for coordinated discovery of defendants and did not prevent Carter from obtaining information about his own medical conditions[3]; and (6) the pending motion for remand does not support good cause, as this court held in its opinion of

---

syndrome, pulmonary fibrosis, pneumonitis, other interstitial lung disease, other obstructive or restrictive lung disease). Qualifying Cancer means one of the following, as demonstrated through proof of diagnosis or treatment: lung cancer; certain blood cancers (acute myeloid leukemia (AML), chronic myeloid leukemia (CML), or mucosa associated lymphoid tissue (MALT) of the air-pathway lymphoid tissue); or ENT/pathway cancers (e.g., oral cavity cancers; oropharynx cancer; nasal cavity/sinus cancer; nasopharynx cancer; larynx cancer; hypopharynx cancer; salivary cancer; esophageal cancers; thyroid cancers).  https://www.respironicspisettlement.com/Preview/DocView at 4.

[2] Carter has a pending motion to remand his case to the United States District Court for the Eastern District of Arkansas (ECF No. 21-1230, ECF No. 3170), on the ground that pretrial proceedings in this MDL have ended.  The court will hear oral argument on all remand motions on May 6, 2025.

[3] Philips cites a submission from plaintiffs' leadership counsel (ECF No. 3157 at 2), which opined that plaintiffs do not need discovery to prepare the information required by the DMO.

March 21, 2025 (ECF No. 3249). As the court explained, even if the court remands the case, Carter "will likely need to gather the evidence required by the DMO in any event." *Id.* at 6.[4]

The court largely, although not entirely, agrees with Philips. There should have been no unfair surprise because the DMO was issued a year ago. Carter would have known at least by January 31, 2025, that his deadline to provide an expert report was May 1, 2025. The information required by the DMO is within Carter's own control, i.e., his individual medical conditions. Carter did not articulate the steps he took to diligently attempt to comply with the deadline. To the extent that Carter has medical conditions that are defined as "qualifying" under the terms of the private personal injury settlement, he failed to explain why he was unable to obtain the requisite expert opinion.[5] There is a continued need for an efficient process for all litigants.

IV. Conclusion

For the reasons set forth above, the motion to modify DMO deadlines (ECF No. 43) will be denied without prejudice.

An appropriate order will be entered.

Dated: April 16, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

[4] The court observes that in Carter's remand motion, he does challenge the subject-matter jurisdiction of this court or the consolidation in this MDL, but merely contends that the pretrial proceedings are over.
[5] In the alternative, counsel may be able to stipulate with Philips' counsel that Carter has a qualifying injury and waive or modify that provision of the DMO in his case.