# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Roberts v. Philips, et al.*, #23-1027 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## **MEMORANDUM OPINION**

### I. Introduction

Pending before the court is a renewed motion to remand this case to the Second Judicial District Court, Bernalillo County, New Mexico ("state court") (Civ. No. 23-1027, ECF No. 22) filed on behalf of plaintiff Nathaniel D. Roberts, Jr. ("Roberts"). Roberts adopted his original motion to remand and supporting exhibits (ECF No. 7), which were filed in the United States District Court for the District of New Mexico. Philips Respironics, Inc., Respironics, Inc., Philips North America LLC and U.S. Philips Corporation (collectively, "Philips") filed a brief in opposition to the renewed motion (ECF No. 24), which incorporated their response to the original motion (ECF No. 14). Roberts filed a reply brief (ECF No. 25). The parties stipulated that the motion would be resolved by the court without oral argument (ECF Nos. 35, 36). The renewed motion is ripe for disposition.

II.     Procedural History

Roberts purchased a Dreamstation Continuous Positive Air Pressure ("CPAP") device in October 2020 and immediately started to experience headaches. (ECF No. 7-1 at 2). On December 30, 2022 (prior to filing a lawsuit), Roberts' counsel sent a demand letter to Philips, stating that Roberts spent $1,005.99 to purchase a new device, and incurred medical bills of $432.00 for visits to a neurologist to diagnose and treat headaches caused by the device. *Id.* Roberts demanded replacement of the device and $25,000 to compensate for the medical bills and long-term headaches. *Id.* The offer was automatically withdrawn on January 20, 2023. *Id.* at 3.

On February 3, 2023, Roberts filed a 3-count complaint against Philips in the New Mexico state court, asserting claims for negligence, strict products liability and breach of warranty (ECF No. 14-1). As relevant to the pending motion, Roberts alleged that he "suffered personal injury, pain and suffering, disability, incurred medical and related expenses and other damages as allowed by law as the result of the negligent, wilful wanton and malicious actions of defendants." *Id.* ¶ 21. Roberts described his personal injury as "serious." *Id.* ¶ 16. Roberts alleged that he "is entitled to actual and punitive damages." *Id.* ¶ 24; accord ¶¶ 35-36. In the "wherefore" clause, Roberts also claimed entitlement to replacement expenses, costs and attorney fees. *Id.*

The same day, Roberts' counsel completed the Court Annexed Arbitration Certificate (ECF No. 7-1 at 5). Roberts certified "that this matter is subject to arbitration as the Plaintiff seeks relief in NOT excess [sic] of Fifty thousand dollars ($50,000.00) exclusive of punitive damages, interest, costs and attorneys fees." *Id.*

2

On March 3, 2023, Philips filed a notice of removal (ECF No. 1) on the basis of diversity jurisdiction. On March 10, 2023, Roberts' counsel sent an email challenging the removal (ECF No. 7-1 at 8-9). Philips responded by letter on March 13, 2023, asserting that removal was proper (ECF No. 14-4). On June 9, 2023, the Judicial Panel on Multidistrict Litigation transferred the case to this court for pretrial proceedings as part of the Philips MDL. Roberts filed a renewed motion for remand.

III.  Discussion

Roberts challenges subject-matter jurisdiction in the federal courts under 28 U.S.C. § 1332(a). He agrees that there is complete diversity of citizenship between plaintiff and defendants, but argues that the $75,000 amount in controversy is not met. Roberts relies on his demand letter from December 2022 and his arbitration certification.

A.  Timeliness

Philips contends the motion to remand is untimely filed. The court disagrees, because the motion implicates the court's subject-matter jurisdiction. Federal courts have a nondelegable duty to sua sponte review actions to confirm that they have jurisdiction at all phases of the case. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Buell v. Jarvis*, No. CV 2025-0016, 2025 WL 857311, at *2 (D.V.I. Mar. 19, 2025) ("The Court has an independent and ongoing obligation to ensure that it has subject matter jurisdiction over an action, and to raise the issue *sua sponte* even when the parties fail to raise it.") (citing *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017)).

B. Legal standard

In this case, the challenge to the amount in controversy was raised by motion. There has been no jurisdictional discovery by the parties or findings of fact by the court. In *Zilberman v. Ritz-Carlton Hotel Co., L.L.C.*, No. CV 21-3829, 2022 WL 3371618, at *2 (E.D. Pa. Aug. 16, 2022), the court summarized the applicable standard:

> To determine the amount in controversy, the Court must conduct a reasonable reading of the complaint. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The proper test for burden of proof for the party alleging jurisdiction relies on whether the facts are in dispute. *See Id.* at 397; *Judon v. Travelers Property Casualty Co. of America*, 773 F.3d 495, 500 (3d Cir. 2014). Where factual disputes are involved, or there is a challenge to the amount in controversy raised in the pleadings but no evidence or findings in the trial court have addressed the issue, the defendant must justify his allegations by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."); *see also Samuel-Bassett* 357 F.3d at 398-399. Where there are no relevant facts in dispute, or findings of fact have been made by the district court, the legal certainty standard is appropriate, as set forth *in St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."); *see also Samuel-Bassett* 357 F.3d at 398-399.

*Id.* at *2. This court will apply the preponderance of the evidence standard.

Philips, as the party asserting federal jurisdiction in a removal case, "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). "A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). The important date, therefore, is March 3, 2023.[1]

---

[1] Roberts offered in his remand motion, filed March 15, 2023, to "stipulate that the damages do not exceed $75,000." (ECF No. 7 at 3). That offer cannot change the amount in controversy. As

4

C. Initial demand letter

Roberts relies on the December 2022 demand letter, in which he sought $25,000 (and replacement of the device) to resolve the dispute. Because the demand letter, by its terms, expired in January 2023, it is of limited relevance to the analysis of the later-filed complaint.

In addition, an initial demand letter (i.e., what an individual would accept as payment prior to filing a lawsuit) is not always an accurate measure of the amount that may be in controversy after legal action ensues. *See Brown v. Am. Airlines, Inc.*, No. CV 23-2001, 2024 WL 247053, at *3 (E.D. Pa. Jan. 23, 2024) ("We are mindful of the limitations of settlement demands as a measure of the amount in controversy.").

D. Allegations in the complaint and arbitration certification

The amount in controversy is measured, if possible, by the complaint:

> The general federal rule is that the amount in controversy is determined from the complaint itself. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' " *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

---

explained in *Damesquita v. Costco Wholesale Corp.*, No. 24-CV-00509, 2024 WL 5119246 (D.N.J. Sept. 25, 2024):

> The *Red Cab* Court concluded that where "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id.* at 292 (emphasis added). Courts in the Third Circuit have continued to apply this principle. *See Albright v. R. J. Reynolds Tobacco Co.*, 531 F.2d 132, 135 (3d Cir. 1976) ("[T]he filing of a pleading reducing the amount claimed could not oust the district court of jurisdiction."); *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (noting that plaintiff's stipulation that her damages did not exceed the jurisdictional threshold "ha[d] no legal significance" and considering only "the amount in controversy as alleged in [plaintiff's] complaint.").

*Id.* at *4.

5

*George v. Puerto Rico Wire Prods., Inc.*, No. CV 2020-0074, 2021 WL 3560809, at *2 (D.V.I. Aug. 10, 2021).

In this case, the complaint does not state the amount in controversy. As Roberts recognizes in his reply brief, New Mexico law prohibits a demand for a specific amount. (ECF No. 25 at 1).

The arbitration certification was filed by Roberts contemporaneous with the complaint and prior to the removal. The certification, therefore, should be considered. Roberts contends that the arbitration certification establishes an amount in controversy below $75,000. The court does not agree. The $50,000 arbitration damages certification was "exclusive of punitive damages, interest, costs and attorneys fees." ECF No. 7-1 at 5. In his state court complaint, Roberts asserted claims for each of those kinds of damages. The total amount in controversy, therefore, must reflect the potential recovery of those kinds of damages. On its face, the arbitration certification does not establish that the total amount sought is less than $75,000.

   1. Counsel fees

The court is unaware of any authority under New Mexico law (and the parties did not cite any) that would entitle Roberts to recover counsel fees for claims of negligence, strict products liability or breach of warranty. Although Roberts may be able to recover counsel fees pursuant to the Unfair Practice Act ("UPA"), NMSA 1978, §§ 57–12–1 to –22, an alleged breach of warranty claim is "distinct from the UPA claim." *Jaramillo v. Gonzales*, 132 N.M. 459, 132 (N. Mex. Ct. App. 2002). The claim for counsel fees in Roberts' complaint, therefore, does not increase the amount in controversy.

   2. Punitive damages

Punitive damages may be considered in evaluating the amount in controversy. If appropriately made, claims for punitive damages "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (citing *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004), abrogated on other grounds by *Marshall v. Marshall*, 547 U.S. 293 (2006)). Claims for punitive damages that are "patently frivolous and without foundation," for example, when they are not permitted under state substantive law, are not considered in the amount in controversy. *Id.*

In this case, Roberts alleges that Philips' conduct was wilful, wanton and malicious and he seeks punitive damages. The parties have not cited any authority to demonstrate that the recovery of punitive damages would be patently frivolous. To the contrary, it appears Roberts may be entitled to recover punitive damages. *See, e.g., Hoag v. Aswad*, No. A-1-CA-40189, 2024 WL 3028463, at *6 (N.M. Ct. App. June 17, 2024) (a jury's finding of negligence, in tandem with an award of compensatory damages, allows a jury to consider awarding punitive damages); *Gonzales v. Surgidev Corp.*, 120 N.M. 133, 148 (N.M. 1995) (holding in product liability case that trial court did not abuse its discretion by "submitting the issue of punitive damages to the jury"); *Gurule v. Ford Motor Co.*, No. 29,296, 2011 WL 2071701, at *10 (N.M. Ct. App. Feb. 17, 2011) (recognizing the ability to recover punitive damages in product liability case, but denying relief because the defendant's actions did not show a reckless state of mind).

In this case, Roberts seeks up to $50,000 in compensatory damages, approximately $1,000 to replace the device, and may be entitled to recover punitive damages. In sum, there is no basis to find that Roberts limited the amount in controversy to less than $75,000 in his state court filings.

E. Notice of removal

Where a sum certain is not stated in the complaint, the allegations in the Notice of Removal as to the amount in controversy are considered. *See Frederico*, 507 F.3d at 197. Philips avers in the Notice of Removal that the amount in controversy has been met.

In *George*, the court explained:

> "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.; see also* 28 U.S.C. § 1446(c)(2)(A)(ii) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks ... a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."). The amount in controversy asserted by defendant in the notice of removal "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87, 135 S.Ct. 547. When a plaintiff contests a defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88, 135 S.Ct. 547; *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

*George*, 2021 WL 3560809, at *2.

In this case, Roberts generally contests the asserted amount in controversy. The evidence he relies upon consists of the December 2022 demand letter and arbitration certification. As discussed above, that evidence does not undermine Philips' assertion in the removal notice that the amount in controversy exceeds $75,000 because, as Philips points out, Roberts is seeking punitive damages.

IV.     Conclusion

The court concludes that Philips demonstrated, by a preponderance of the evidence, based on the record in this case, that the amount in controversy exceeds $75,000.  Because the parties are citizens of different states and the amount in controversy is met, the federal courts have subject-matter jurisdiction over this case.  For the reasons set forth above, the renewed motion to remand (ECF No. 22) will be denied.

An appropriate order will be entered.


Dated: May 14, 2025

                                                   BY THE COURT:

                                                   /s/ Joy Flowers Conti
                                                 Joy Flowers Conti
                                                 Senior United States District Court Judge