IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Murray v. Philips, et al.*, #23-627 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## ORDER OF COURT

AND NOW this 16th day of May, 2025, it is hereby ORDERED that the Order of Court, which remanded Civil Action #23-627 to the Santa Barbara, California Superior Court, Cook Division, and accompanying memorandum (ECF Nos. 15, 16), are hereby STRICKEN. The court requires further briefing with respect to Philips' request for severance.

In researching a different remand motion, the court became aware of precedential decisions recognizing that severance may be appropriate in some circumstances, even if the court lacks subject-matter jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010):

> Under this Court's continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding. *Carlsberg Res. Corp.*, 554 F.2d at 1256. However, considerations of efficiency, fairness, and judicial economy weigh against a wholesale dismissal of the action at this stage. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ("Once a diversity case has been tried in federal court, with rules of decision supplied by state law[,] ... considerations of finality, efficiency, and economy become overwhelming."); *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 836, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ( "[R]equiring dismissal after years of litigation would impose unnecessary and

wasteful burdens on the parties, judges, and other litigants waiting for judicial attention."). Such considerations are particularly relevant where, as here, the contract at the heart of this litigation is between two diverse parties who could refile an identical suit in the same federal forum.

Alternatively, we may exercise our authority under Rule 21 to dismiss the nondiverse party and proceed with the appeal.

*Id.* at 420–21; *accord Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065 (3d Cir. 1979):

Publicker contends, however, that a dismissal of Continental required a dismissal of the entire suit. It argues that if complete diversity is lacking, then the court has absolutely no jurisdiction over the action. We see this view of the district court's power under Fed. R. Civ. P. 21 as too restrictive. The court may dismiss a nondiverse party in order to achieve diversity even after judgment has been entered. *See Finn v. American Fire & Casualty Co.*, 207 F.2d 113 (5th Cir. 1953), Cert. denied, 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954); *Wolgin v. Atlas United Financial Corp.*, 397 F.Supp. 1003 (E.D. Pa. 1975), Aff'd without opinion, 530 F.2d 966 (3d Cir. 1976). And although the district court is precluded from retaining diversity jurisdiction by dismissing a nondiverse party if that party is indispensable under Fed. R. Civ. P. 19, it has not been contended that Continental is an indispensable party with respect to the claims between Roman and Publicker.

*Id.* at 1069.

The parties did not address whether the considerations identified in *Zambelli* and *Publicker* are applicable to this case (i.e., whether Dr. Polito is a dispensable party and Philips seeks removal to federal court over Murray's objection), in light of the present status of the Philips MDL. No later than May 30, 2025, Philips must file a supplemental brief addressing those issues. Murray may file a response no later than June 13, 2025.

                                                  BY THE COURT:

                                                  /s/ Joy Flowers Conti
                                                  Joy Flowers Conti
                                                  Senior United States District Court Judge