IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Yu v. Philips, et al.*, #21-1428 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**MEMORANDUM OPINION**

I.   Introduction

Pending before the court is a motion to extend time (Civ. No. 21-1428, ECF No. 53) filed by counsel Raymond Yu on behalf of plaintiff San San Yu ("Yu") on July 9, 2025. Yu did not file a brief in support of the pending motion. The court notes, however, that on July 3, 2025, Yu filed a response, with attachments (Misc. No. 21-1230, ECF No. 3423) to the court's "show cause order" dated June 13, 2025 (ECF No. 51). Philips filed a brief in opposition to the motion to extend time (ECF No. 54). Yu's motion for extension of time is ripe for disposition.

On July 21, 2025, Yu filed a response and amended response to the show cause order on the main Philips MDL docket (Misc. 21-1230, ECF Nos. 3453, 3454). The documents are captioned "Raymond Yu v. Mayor and City Council of Baltimore City." The caption references the United States District Court for the District of Maryland. The case number on the documents, however, is the same case number for San San Yu v. Philips (Civ. No. 21-1428) in this court and references the undersigned as the judge. In the documents, Raymond Yu apologizes for his tardiness but represents that he "was able to resolve the Show Cause Order deficiency with Ms.

Lisa Bresnahan[1] over the weekend." (ECF Nos. 3453, 3454). The court ordered Philips to respond to that representation (ECF No. 3461).

Philips filed a response "to inform the Court that the deficiencies in Yu's compliance have not been resolved." (ECF No. 3464). Philips attached email correspondence to its response (ECF Nos. 3464-1, 3461-2). Upon review, the court concludes that the deficiencies in Yu's compliance were <u>not</u> resolved. To the contrary, counsel for Philips informed Raymond Yu in the email exchanges, among other things, that the deadline to participate in the settlement had passed; the deadlines in the Docket Management Order and Show Cause Order had expired; the attempt to cure the deficiencies was insufficient; the Litigating Plaintiff's Fact Sheet submitted on July 18, 2025, was incomplete and untimely; Philips stood by its opposition to the motion for extension of time; Ms. Yu's case was "no longer viable"; and the case should be voluntarily dismissed with prejudice. *Id.*

II.  Background

Yu's counsel explains that she did not participate in the Economic Loss Settlement because she did not return her device and she did not participate in the Personal Injury Settlement because she did not execute a signed release for her medical records. (ECF No. 3423 at 2). Accordingly, Yu is a "Litigating Plaintiff" as defined in the Docket Management Order ("DMO") (ECF No. 2769). Yu alleges in her complaint that she had lung cancer and thyroid cancer and may have a respiratory injury. Yu represents that she submitted her medical records from the time she was prescribed the Philips device to the present. Yu recognizes that she was listed in Philips' notice of June 10, 2025, as having submitted no documentation at all. She

---

[1] Elizabeth Bresnahan is a counsel of record for Philips in the main Philips MDL, Misc. 21-1230, but did not enter her appearance at Civil No. 21-1428.

represents that the filing on July 3, 2025, is her effort "to cure that deficiency." ECF No. 3423 at 1. Yu identified three treating physicians, but did not submit an expert report as required in the DMO ¶ 17. Instead, Yu submitted a lengthy article published by the World Health Organization concerning the pathology of lung cancer, ECF No. 3423-4, but not containing any specific discussion about Yu's injuries or a causal relationship with the Philips Device.

In the pending motion, Yu requests a 7-day extension, until July 16, 2025, to provide the supporting documentation requested by Philips. Yu's purpose is somewhat unclear because she refers both to: (1) "the Personal Injury Settlement Program," ECF No. 53 at 1; and (2) the Litigating Plaintiff requirements in the DMO, ECF No. 53 at 2. As of the date of this opinion (15 days after the date of the requested extension), the court is unaware that Yu provided the disclosures required by the DMO.[2]

III.  Discussion

Philips opposes Yu's motion and seeks dismissal of this case with prejudice. As an initial matter, to the extent Yu is trying to join the private settlement agreement, she missed the January 31, 2025 deadline, which was established by the parties – not the court. With respect to the DMO, Philips argues that Yu's purported cure of her deficiencies (ECF No. 3423) was flawed in numerous respects. Philips points out: (1) the deadlines in the DMO were designed to create an efficient process for all litigants; (2) there was no surprise because the DMO, with its duty to obtain an expert report, was issued more than a year ago, on May 9, 2024 (ECF No. 2769), and a reminder to Yu was docketed on February 28, 2025; (3) the expert report required in the DMO concerns only Yu's claims and is not dependent on access to forms or discovery on other parties;

---

[2] In effect, Yu received a much longer extension of time to cure her deficiencies than she requested.

(4) Yu did not fully complete a Litigating Plaintiff Fact Sheet, to which she has had access since May 9, 2024; (5) Yu failed to articulate good cause, or identify any diligent efforts she took to obtain the requisite expert opinion – indeed, it appears from ECF No. 3423 that she does not intend to procure an expert report; and (6) Yu did not seek relief from the show cause deadlines until after they already expired.

The court largely agrees with Philips. Yu did not explain why she was unable to comply with the DMO deadlines or the "show cause" deadlines. Her submissions fall far short of compliance with the information required by the DMO. There should have been no unfair surprise because the DMO was issued over a year ago. Yu would have known at least by January 31, 2025, that the deadline to provide an expert report was May 1, 2025. The information required by the DMO is within Yu's own control, i.e., her individual medical conditions. There is a continued need for an efficient process for all litigants. Yu did not articulate the steps she took to attempt diligently to comply with the deadline.

As set forth in DMO ¶ 20 and 21, Yu's complaint is subject to dismissal with prejudice. The court issued the "show cause" order contemplated by ¶ 21 of the DMO to Yu on June 13, 2025 (ECF No. 51). That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

ECF No. 51. Yu failed to cure the deficiencies or to demonstrate good cause for that failure.

4

IV.  Conclusion

For the reasons set forth above, the motion to extend time (ECF No. 53) will be denied. This case will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated: July 31, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge