# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAN SAN YU,

    *Plaintiff,*

v.

KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC, and MCCB

    *Defendants.*

Civil Action No.: 2:21-mc-01230

**MOTION TO PUT CASE BACK ON THE COURT CALENDAR**

    COMES NOW Plaintiff San San Yu to respectfully move this Court to put her case that was dismissed on 7/31/25 back on the Court's calendar. In addition to Plaintiff's previous grounds of excusable neglect, Plaintiff's counsel now asserts that his incarceration was a result of the Philips' defendants deliberate plan to place me in jail for enough time to execute a separate settlement agreement with another plaintiff whose medical records were fraudulent duplicates of that of Plaintiff. Philips has previously raised this point regarding their suspicion that medical records had been duplicated, but in Plaintiff's absence during which he was prevented from communicating with anyone, as well as a missing person report that had been issued for counsel by his mother, Philips chose to settle with the other claimant instead.

    Plaintiff therefore moves to amend her complaint to join her counsel Raymond Yu as an additional party, and add civil racketeering as an additional cause of action. Plaintiffs claim that Philips has engaged in a course of conduct that would constitute racketeering under the RICO statute codified at 1962(a); specifically Philips utilized a team of individuals to target Plaintiff and her counsel for the purpose of minimizing plaintiffs' settlement awards as much as possible. These individuals used a number of methods, many of which were coercive and done under duress or by either misleading claimants into signing a release or simply forging their signature.

    Though Plaintiff is unsure of its veracity she has received messages from other claimants who have come forth as purported victims of violence and gang-stalking in an effort to coerce

them into accepting a lower settlement amount. A prevailing plaintiff under section 1964(c) is awarded treble damages and attorney's fees. However a prevailing claimant must show scienter, or that the defendants had some mens rea in causing injury to plaintiff's business or property. More recently the Supreme Court has ruled that personal injury would also qualify. Factors include whether the RICO offense targeted the plaintiff, whether the harm was premeditated and a direct result of the racketeering activity, and whether there were any intervening causes.

I have been approached by two other individuals who tell me that they have suffered violence and even sexual assault as a result of someone from Philips coercing them into signing the settlement agreement. I have not confirmed the veracity of these claims but one person's name is Sarah.

Philips always treated me as a settling Plaintiff even though they knew I had not signed their release agreement but nonetheless placed me into the related MDL case for litigating plaintiffs. Their mens rea was to deliberately mislead me into believing that I was a settling plaintiff, and to accomplish this they used Jim Lee, e has made it known to me in other ways, entertained my emails and corresponded with me about the allocation methodology. They continued to do this even when it became clear that we had differences about the allocation method, which I made known as early as July 2024.

Plaintiff adds Jim Lee as an additional Defendant. Jim Lee holds the IT contracts for the Maryland legal e-filing system as well as the federal ECF e-filing system through his company KKR, and therefore wields the power to alter or stop my court filings and emails. For example my motion at ECF 3472 contained a copy of a complaint I made to the Pennsylvania Attorney General concerning my incarceration; it does not appear online, however. Most problematic is his control over my email and his deliberate omission of information critical to prosecute my case. Most recently he deleted an important scientific email I received regarding causation between the Philips device and cancer. Though I cannot say with certainty that it is him, I am currently involved in active litigation with him for securities fraud and he has been convicted for domestic violence. He also has an outstanding warrant issued by the SEC for fraudulent trading during his time as a registered SEC advisor at Morgan Stanley.

Therefore the first RICO predicate is Philips' continued pattern of misrepresentation that I was still in their settlement program. The second is their use of stalking and electronic warfare to obstruct my prosecution of this case. The third is false imprisonment:

Philips' next step was to arrange to have me arrested on July 22. I was released on August 1. While in jail as I was first taken through booking I was given six forms to sign and was told to sign them without reading. The first form contained a list of account numbers and appeared to be a form authorizing usage of those accounts. I signed all the forms as I was under great duress as the guards forcibly pushed me through the process. On the day of my release, August 1, I had a hearing. I was transported with another inmate, a girl named Rachel. She was the third person to later contact me about Philips' conduct towards her.

Plaintiff also includes MCCB as a final defendant; Plaintiff is already in litigation against MCCB in the Maryland Appellate Court but which may soon be remanded back to Maryland

circuit court. Here too Philips conspired with MCCB to bribe three lawyers who represented Plaintiff, John Murphy, Thiru V., and Michael Moran, each with $10,000, as well as Doug Schmidt, who used common benefit funds to take vacations for his own pleasure and not for the common benefit of the plaintiffs. All have confessed. Bribery of an officer of the court in the performance of their duty is the first RICO predicate here.

Plaintiff and her counsel were injured in their business interest. Plaintiff and her counsel are the directors of Asian Legal Aid. This organization was usurped from them by MCCB and Philips who then conspired to allow their respective employees to develop Asian Legal Aid into a law firm that specialized in prosecuting fictitious plaintiffs in class action suits. Plaintiff's counsel was named to the Leadership Development Committee, the contract for which is attached. Through the actions of Philips and MCCB, Plaintiff was prevented from receiving any emails regarding the LDC; she even attempted to contact the accountant on at least three occasions but did not receive a response. Plaintiff was also robbed of her jobs as a translator at Ad-Astra, Inc., a company in Silver Spring, MD, and Plaintiff's counsel was robbed of at least $2 as a result of cases that were simply usurped from him by preventing email communication. Practicing without a license and straight theft is the second RICO predicate here.

Most importantly Plaintiff and her counsel has suffered an enormous physical and psychological toll as a result of this constant harrassment. Every day I hear what clearly must be movement in my house; in fact just today a stranger randomly walked through my front door and ran away when I asked who was there. Also just now this paragraph described how important objects always go missing, for example the original trancript from my case against MCCB in the lower level trial court.

Plaintiff will supplement this motion at a later time.

WHEREFORE,

Plaintiff demands at the time of distribution those moneys that Plaintiff and her counsel rightfully earned from the common benefit fund for work that they did but were stolen by Defendants and their agents. Plaintiff also demands damages as a result of interfering with the rightful administration of justice by bribing every lawyer Plaintiff has hired for her zoning case. Plaintiff demands treble damages and attorneys' fees consistent with the remedies provided under statute.

Date of signing: August 11, 2025

*Raymond Yu*

_____
Raymond Yu
District of Maryland Bar No.: 20988
101 East 32nd Street
Baltimore, MD 21218
(410) 467-5492
Email: rlyu@post.harvard.edu

 Gmail

**Raymond Yu <raymond.yu.2@gmail.com>**

## allocation methodology

**Raymond Yu** <raymond.yu.2@gmail.com>　　　　　　　　　　　　　　　　　Thu, Jul 25, 2024 at 5:16 PM
To: jbmiller@forthepeople.com

Does the allocation methodology seem off to you, especially when it knocks a disease's severity down to 0 just because she hasn't used it for five years?



Raymond Yu <raymond.yu.2@gmail.com>

## Asian Legal Aid + NetSuite
2 messages

**Kathy Castillo** <katherine.castillo@oracle.com>                Mon, Nov 18, 2024 at 4:17 PM
To: "rlyu@post.harvard.edu" <rlyu@post.harvard.edu>, Jessica ONeal <jessica.oneal@oracle.com>

Hi Raymond,

It is great to meet you. I hope you are having a great morning.

Looking forward to jumping on a call with you tomorrow morning. Based on the quick call we had, I think it would be a good idea to bring my teammate Jess into the call to help ensure we cover everything we need. Are you able to join a zoom call with us instead of a phone call?

If another time works better, please let me know.

# Join Zoom Meeting

| One tap mobile: | US: +16699006833,,3935405255#,,,,*19641903# or +12133388477,,3935405255#,,,,*19641903# |
|---|---|
| Meeting URL: | https://oracle.zoom.us/j/3935405255?pwd=pobzSBPN6VjkuRrwAYvEe43LBjmEqV.1&omn=93882704006&from=addon |
| Meeting ID: | 393 540 5255 |
| Passcode: | 19641903 |

Kindly,

Katherine Castillo
Account Executive - Emerging | East

Phone: (512)983-7041 | Austin, Tx CST

signature_2935400137

---

**From:** Samuel Bahou <samuel.bahou@oracle.com>
**Date:** Monday, November 18, 2024 at 9:33 AM
**To:** "rlyu@post.harvard.edu" <rlyu@post.harvard.edu>
**Cc:** Kathy Castillo <katherine.castillo@oracle.com>
**Subject:** Asian Legal Aid + NetSuite

Hi Raymond,

It was great to talk with you on the phone! As mentioned, I'm going to be looping you in with my senior colleague, Kathy. She specializes in working with emerging law firms to see how NetSuite can be a benefit to them. She is excited to talk with you sometime today or tomorrow!

Best,

Sam

**Samuel Bahou** | Sales Development Representative

*Mobile*: +1 978-930-5521

signature_323600396

---

📄 **invite.ics**
5K

---

**Kathy Castillo** <katherine.castillo@oracle.com>                    Mon, Nov 18, 2024 at 4:17 PM
To: "rlyu@post.harvard.edu" <rlyu@post.harvard.edu>, Jessica ONeal <jessica.oneal@oracle.com>

[Quoted text hidden]

---

📄 **invite.ics**
5K



Raymond Yu <raymond.yu.2@gmail.com>

## one additional Philips CPAP case

**Rebeca Himena Miller** <RHM@pietragallo.com>   Thu, Oct 6, 2022 at 11:06 AM
To: Zachary Gordon <zgordon@peircelaw.com>
Cc: "Peter St. Tienne Wolff" <PSW@pietragallo.com>, "Sandra L. Duggan" <sduggan@lfsblaw.com>, Raymond Yu <raymond.yu.2@gmail.com>, "D. Aaron Rihn" <arihn@peircelaw.com>

Hi Zach,

We can confirm that Raymond Yu has been added to the plaintiffs' distribution list.

Best,

Rebeca

**Rebeca Himena Miller, Esquire**
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Office: (412) 263-4367 | Fax: (412) 263-4270
RHM@Pietragallo.com



This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s).  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited.  If you have received this e-mail in error, please immediately notify Pietragallo Gordon Alfano Bosick & Raspanti, LLP by reply e-mail, and delete all copies of this communication from your computer and network. Thank you.

[Quoted text hidden]
[Quoted text hidden]

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 11th day of August, 2025, a copy Plaintiffs' Motion to Put Case Back on the Court Calendar was electronically served via the Court's electronic filing system to all parties entitled to service.

Signed this 11th of August, 2025,

*[signature: Raymond Yu]*

_____

Raymond Yu
CPF No.: 1802010007
101 East 32nd Street
Baltimore, MD 21211
*Attorney for Plaintiff San San Yu*



Raymond Yu <raymond.yu.2@gmail.com>

## OAG Case No. MU-365925

**Raymond Yu** <raymond.yu.2@gmail.com>                                   Thu, Aug 7, 2025 at 12:13 AM
To: Scott Myers <scott@whittakermyers.com>

Has your firm attempted to satisfy this judgment by encumbering anything that belongs to me personally such as my house or accounts?

Regarding the building at 10 E. Baltimore, have you sold any or all of it to a new buyer? If so would you mind telling me which broker you used?

[Quoted text hidden]



Raymond Yu <raymond.yu.2@gmail.com>

## PSC MD Meter Test #C-35 Refund
2 messages

**Elizabeth Olson -PSC-** <elizabeth.olson@maryland.gov>	Thu, Dec 15, 2022 at 1:38 PM
To: rlyu@post.harvard.edu
Cc: Mikhail Shpigelman -PSC- <mikhail.shpigelman@maryland.gov>

Dear Mr. Yu,

Thank you for your call the other day. The Fiscal department has been informed by Mr. Mikhail Shpigelman of the PSC's Engineering division that your $20.00 payment for a combination meter test should be refunded as the test could not be performed. Please complete the attached W-9 form and return it to the PSC so that your refund may be processed. I have also placed a hard copy of this form in the mail.

Have a nice day,

Elizabeth A. Olson
Public Service Commission of Maryland
Fiscal Division
Elizabeth.Olson@maryland.gov
410-767-8066

 **W9 for Refund to Company.pdf**
130K

**Raymond Yu** <rlyu@post.harvard.edu>	Thu, Dec 15, 2022 at 1:58 PM
To: Elizabeth Olson -PSC- <elizabeth.olson@maryland.gov>
Cc: Mikhail Shpigelman -PSC- <mikhail.shpigelman@maryland.gov>, it.email@maryland.gov, craig.taborsky@maryland.gov

Okay I understand. Thanks so much for mailing it to me I appreciate having hardcopies especially now since the issue is before COSA.

[Quoted text hidden]