# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION**<br><br>This Document Relates to:<br><br>*Yu v. Philips, et al.*, #21-1428 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

### <u>MEMORANDUM OPINION</u>

I.    <u>Introduction</u>

On July 31, 2025, the court issued an opinion and order (Misc. No. 21-1230, ECF Nos. 3465, 3466, crossfiled at Civ. No. 21-1428, ECF Nos. 56, 57) dismissing Civil Action No. 21-1428 with prejudice for failures to comply with the court's Docket Management Order ("DMO") dated May 9, 2024 (Misc. No. 21-1230, ECF No. 2769), and the court's "show cause order" dated June 13, 2025 (Civ. No. 21-1428, ECF No. 51). The case is closed.

Pending now before the court are numerous post-closure motions filed by counsel Raymond Yu on behalf of plaintiff San San Yu ("Yu"): (1) a motion for relief from dismissal (Civ. No. 21-1428, ECF No. 58)[1]; (2) a second motion for relief from dismissal (Civ. No. 21-1428, ECF No. 59); (3) a third motion for relief from judgment (Misc. No. 21-1230, ECF No.

---

[1] Raymond Yu filed this document under seal without permission. On August 5, 2025, the clerk's office sent a quality control error message with a link to the Court's ECF Policies & Procedures. Raymond Yu did not file an appropriate motion for leave to file under seal. The court will order the document to be unsealed.

3472); (4) an "unopposed motion for alternative service" (Misc. No. 21-1230, ECF No. 3473)[2]; and (5) a motion to put case back on the court's calendar (Misc. No. 21-1230, ECF No. 3475, crossfiled with minor revisions at Civ. No. 21-1428, ECF No. 60)[3].  Philips filed a response in opposition to the motions (Misc. No. 21-1230, ECF No. 3477; Civ. No. 21-1428, ECF No. 61). The motions are ripe for decision.

II.    Background

For context, the court will incorporate the procedural background of this case as set forth in its opinion dated July 31, 2025.  Raymond Yu acknowledged the accuracy of that background. *See* ECF No. 58 at 2 ("I nonetheless acknowledge the overall veracity of this Court's July 31 opinion.").

On July 21, 2025 (two weeks after the July 7, 2025, deadline), Yu filed a response and amended response to the show cause order on the main Philips MDL docket (Misc. 21-1230, ECF Nos. 3453, 3454).  The documents are captioned "Raymond Yu v. Mayor and City Council of Baltimore City."  The caption references the United States District Court for the District of Maryland. The case number on the documents, however, is the same case number for San San Yu v. Philips (Civ. No. 21-1428) in this court and references the undersigned as the judge.[4]

---

[2] This document was incorrectly filed as a motion; it is merely a certificate of service.  The "motion" will be denied as moot.
[3] This document is, in essence, a fourth motion for relief from judgment.  In it, Raymond Yu makes bizarre assertions that his incarceration (discussed below) "was a result of the Philips' defendants deliberate plan to place me in jail for enough time to execute a separate settlement agreement with another plaintiff whose medical records were fraudulent duplicates of that of Plaintiff."  ECF No. 3475 at 1.
[4] Raymond Yu also sent inappropriate emails to a member of the judge's staff.

In the documents, Raymond Yu apologized for his tardiness, but represented that he "was able to resolve the Show Cause Order deficiency with Ms. Lisa Bresnahan[5] over the weekend." (ECF Nos. 3453, 3454).  On July 24, 2025, the court ordered Philips to respond to Raymond Yu's representation that the matter had been resolved (ECF No. 3461).  Philips filed a response "to inform the Court that the deficiencies in Yu's compliance have not been resolved." (ECF No. 3464).  Philips attached email correspondence to support its response (ECF Nos. 3464-1, 3461-2).

Upon review, the court concluded that the deficiencies in Yu's compliance were <u>not</u> resolved.  To the contrary, counsel for Philips informed Raymond Yu in the email exchanges, among other things, that the deadline to participate in the settlement had passed; the deadlines in the Docket Management Order and Show Cause Order had expired; the attempt to cure the deficiencies was insufficient; the Litigating Plaintiff's Fact Sheet submitted on July 18, 2025, was untimely and incomplete; Philips stood by its opposition to the motion for extension of time; Ms. Yu's case was "no longer viable"; and the case should be dismissed with prejudice.  *Id.*

As explained in the July 31, 2025 opinion, the court concluded that Yu failed to comply with the DMO deadlines and the "show cause" deadlines in numerous respects.  The complaint was dismissed with prejudice and the case was closed.

Raymond Yu made the numerous pending filings after the case was closed.  Raymond Yu asserts that he was unable to comply with the court's order of July 24, 2025, because he was in jail from July 22, 2025, until August 1, 2025 (ECF Nos. 58, 59).  Raymond Yu submitted documents describing an encounter with Pennsylvania State Police on July 22-23, 2025.  (ECF

---

[5] Elizabeth Bresnahan is a counsel of record for Philips in the main Philips MDL, Misc. 21-1230, but did not enter her appearance at Civil No. 21-1428.

No. 59 at 9).  Also attached to the motion is a statement from Yu's treating physician to the effect that her medical condition "could be related" to her use of a CPAP machine.  *Id.* at 3.

III.    Discussion

Yu seeks relief from judgment pursuant to Rule 60 on the grounds of excusable neglect. He contends that he was unable to comply with the court's July 24, 2025 order because of his imprisonment.  There are several fundamental flaws in Yu's position.

First, the court's order on July 24, 2025, was directed at Philips, not Yu.  *See* ECF No. 3461 ("Response to Order to Show Cause Reply brief **from Philips** due by 7/31/2025, in particular, to respond to the statement that the deficiencies have been resolved. ") (emphasis added).  Second, and more fundamentally, the pending filings do not remedy Yu's failures to comply with the deadlines in the DMO and show cause order.  The time Raymond Yu spent in jail (from July 22, 2025, until August 1, 2025) was well after the deadline set forth in the "show cause" order.  (ECF No. 51) (litigating plaintiffs required to show good cause "no later than July 7, 2025.").  Nothing in Yu's post-closure filings demonstrates due diligence or shows good cause for his failure to cure the deficiencies in his compliance with the DMO or show cause order.[6] Third, Raymond Yu does not address or explain the misrepresentation he made to the court, i.e., that the deficiencies were resolved with Philips' counsel.  In sum, Yu failed to provide a valid basis for the court to reopen the case.  This case is closed and will remain closed.

---

[6] Yu "accepts her role as a litigating plaintiff."  ECF No. 3472 at 4.

IV.    Notice about vexatious litigation

Raymond Yu's numerous post-closure filings are entirely without merit.  Under the All Writs Act, 28 U.S.C. § 1651, a district court can impose a filing injunction on litigants who have "engaged in abusive, groundless, and vexatious litigation." *Yoder v. Wells Fargo Bank, N.A.*, 765 Fed. Appx. 822, 824 (3d Cir. 2019); *see In re Packer Ave. Assocs.*, 884 F.2d 745, 747-48 (3d Cir. 1989).  Entry of a vexatious litigant order requires a litigant to obtain permission from the court before filing documents with the court.

Raymond Yu is hereby placed on notice that should he file another meritless and repetitive motion in this closed case, an Order to Show Cause may be issued as to why he should not be deemed a vexatious litigant.  Raymond Yu is also ordered to not send any emails to the court's staff.

V.    Conclusion

For the reasons set forth above, all the post-closure motions filed by Raymond Yu (i.e., (1) a motion for relief from dismissal (Civ. No. 21-1428, ECF No. 58); (2) a second motion for relief from dismissal (Civ. No. 21-1428, ECF No. 59); (3) a third motion for relief from judgment (Misc. No. 21-1230, ECF No. 3472); (4) an unopposed motion for alternative service (Misc. No. 21-1230, ECF No. 3473); and (5) a motion to put case back on the court's calendar (Misc. No. 21-1230, ECF No. 3475, crossfiled at Civ. No. 21-1428, ECF No. 60)) will be denied.

Raymond Yu is hereby placed on notice that should he file another meritless and repetitive motion in this closed case, an Order to Show Cause may be issued as to why he should not be deemed a vexatious litigant.

An appropriate order will be entered.

Dated: August 14, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge