**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>See Exhibit B | ) <br>)<br>) Master Docket: 2:21-mc-01230-JFC<br>)<br>) MDL No. 3014<br>)<br>) Honorable Joy Flowers Conti<br>)<br>)<br>) |

**THE PHILIPS DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO COMPLY WITH ORDER TO SHOW CAUSE**

On June 13, 2025, the Court entered an Order to Show Cause, ECF No. 3376, requiring Litigating Plaintiffs who had not complied with the Docket Management Order, ECF No. 2769, either to cure their deficiencies or else to demonstrate good cause for failing to do so, lest their claims be dismissed with prejudice. These Litigating Plaintiffs—all of whom were in suit as of the January 31, 2025 Registration Deadline—had until July 7, 2025 to cure or show good cause. 79 of these Litigating Plaintiffs (identified in the attached Exhibit B) have taken *no action whatsoever* in response to the Order to Show Cause either to comply with the Docket Management Order or to argue good cause. The actions filed by these Litigating Plaintiffs should be dismissed with prejudice.[1]

---

[1] Of the 141 Litigating Plaintiffs identified in the Order to Show Cause, 46 have since voluntarily dismissed, been dismissed by the Court, agreed to dismiss, or were subsequently relieved of all deadlines; in addition, 16 Litigating Plaintiffs identified in the Order to Show Cause have now taken *some* action towards complying with the Docket Management Order or arguing good cause. The Philips Defendants will address those 16 Litigating Plaintiffs by separate motion.

I. **BACKGROUND**

On May 9, 2024, this Court entered the Docket Management Order to provide for the "fair[], effective[] and efficient[]" management of the remaining claims asserted by any Litigating Plaintiffs seeking to proceed in this MDL. Docket Management Order at 1, ¶ 20 ("The Court has entered this Order establishing requirements and setting deadlines for the purpose of ensuring that further pretrial litigation against the Defendants in this mature MDL will progress as smoothly and efficiently as possible."). The last of the Docket Management Order deadlines applicable to the Litigating Plaintiffs identified in Exhibit B expired on May 1, 2025. Dkt. 21-mc-1230, ECF No. 3183. On June 13, 2025, this Court entered the Order to Show Cause requiring all Litigating Plaintiffs who had not complied with the Docket Management Order to cure or show good cause by July 7, 2025. In other words, every one of those Litigating Plaintiffs received an effective extension of time of over two months to comply with the Docket Management Order's deadlines. Further, in the Order to Show Cause, the Court notified the Litigating Plaintiffs that are the subject of this Motion that "failure to [comply with the Docket Management Order or demonstrate good cause] shall result in dismissal of the relevant Plaintiff's claims with prejudice." Order to Show Cause at 1.

79 Litigating Plaintiffs subject to the Order to Show Cause have failed to do anything in response to that Order. These Litigating Plaintiffs have neither (i) served *any* of the documentation required by the Docket Management Order since that Order was entered on May 9, 2024, nor have they (ii) filed any response seeking to demonstrate good cause. *See* Exhibit B (for clarity, there are 81 *rows* in the Exhibit B chart, reflecting Litigating Plaintiffs with multiple dockets).

2

II.     **ARGUMENT**

The Court should dismiss with prejudice the Litigating Plaintiffs identified in Exhibit B for their failure to comply with the Docket Management and Show Cause Orders.

    a. <u>This Court has emphasized that all Litigating Plaintiffs must fully comply with the Docket Management Order for their claims to proceed.</u>

The Docket Management Order provided that, in furtherance of its objectives, all Litigating Plaintiffs "shall *fully* comply with *all* obligations required by this Order." *Id*. at 1 (emphasis added). The Order specified that, should a Litigating Plaintiff fail to diligently comply, their claims would become ripe for dismissal: "The Court expects *complete* and *full* compliance with this Order and reserves its ability to dismiss a Litigating Plaintiff's case with prejudice for failure to adhere to the terms of this Order." *Id*. (emphasis added); *id* at ¶ 20 ("Should any Litigating Plaintiff fail to *fully* comply with the obligations of this Order, such Litigating Plaintiff's case is subject to dismissal with prejudice.") (emphasis added); *id*. at ¶ 22 ("If a Litigating Plaintiff provides *all* the materials contemplated by this Order, the Court shall set further deadlines for management of the case[.]") (emphasis added).

Since entering the Docket Management Order and the Order to Show Cause, the Court has had several opportunities to apply their requirements. On each occasion, the Court has enforced those requirements, except where a plaintiff has demonstrated good cause for an extension of time.

In *Yu v. Koninklijke Philips N.V. et al*, Dkt. 21-cv-1428, for example, the Court dismissed the Litigating Plaintiff's claims with prejudice, *id*. at ECF No. 56. The Court observed that dismissal was warranted because the Litigating Plaintiff's "submissions fall far short of compliance with the information required by the DMO. There should have been no unfair surprise because the DMO was issued over a year ago. Yu would have known at least by January 31, 2025, that the deadline to provide an expert report was May 1, 2025. The information required by the

DMO is within Yu's own control, i.e., her individual medical conditions. There is a continued need for an efficient process for all litigants." *Id*. at 4. Nor was good cause to excuse these deficiencies demonstrated because the Litigating Plaintiff failed to "articulate the steps she took to attempt diligently to comply with the [Show Cause Order's] deadline." *Id*. Similarly, in *Bey v. Rocha et al*, Dkt. 23-cv-0483, the Court dismissed with prejudice, noting that Litigating Plaintiffs seeking relief have "a duty to comply with the court's orders" and that the applicable deadlines could not be surprising, given that the Docket Management Order was entered over a year ago, *id*. at ECF No. 22.

      b. <u>MDL Plaintiffs who fail to comply with case management orders are subject to dismissal with prejudice.</u>

The authority invoked in the Docket Management Order recognized that an MDL court may require full compliance with comparable pre-trial orders and dismiss noncompliant plaintiffs. In *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210 (3d Cir. 2017), for instance, the Third Circuit affirmed the district court's dismissal of MDL plaintiffs' claims for failure to comply with a pre-trial order requiring all plaintiffs to serve an expert report "within 60 days of the date their action was transferred to [that] MDL," *id*. at 212. Although the dismissed plaintiffs had (belatedly) argued that they "attempted to obtain an expert report, but were unable to do so," the Circuit agreed with the district court that the claims were properly dismissed for failure to comply: "multidistrict litigation presents a special situation, in which the district judge must be given wide latitude with regard to case management in order to effectively achieve the goals set forth by the legislation that created the [JPML]. This wide latitude applies, in particular, to issuing discovery orders, and to **dismissing actions for non-compliance with such orders**." *Id*. at 214 (emphasis added) (quotation omitted). Other authority relied upon in the Docket

Management Order is in accord. *See, e.g.*, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 244–45 (3d Cir. 2013).

Here, the Litigating Plaintiffs identified in Exhibit B have failed to comply with the Order to Show Cause. Their claims should accordingly be dismissed with prejudice. Their continuing noncompliance, over a year after the entry of the Docket Management Order, amply justifies their immediate dismissal. *See, e.g.*, *In re Deepwater Horizon*, 907 F.3d 232, 234–37 (5th Cir. 2018) (affirming dismissal of MDL plaintiffs who failed to timely comply with pretrial order requiring submission of sworn declarations).

The factors identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), militate in favor of dismissal as to all Litigating Plaintiffs listed in Exhibit B. Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions other than dismissal; and (6) the meritoriousness of the claim or defense." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (citing *Poulis*, 747 F.2d at 868); *see id*. ("We have required district courts to consider these factors because dismissal with prejudice is, undeniably, a drastic sanction."). Significantly, application of the *Poulis* factors in the MDL context recognizes the "wide latitude with regard to case management" afforded the district court. *Id*. at 247.

The *Poulis* factors favor comprehensive dismissal here. *First*, the Philips Defendants would be prejudiced by permitting these noncompliant claims to proceed in the face of the Docket Management Order, which was designed to reduce the burden of ongoing litigation in this complex MDL. *See Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874

(3d Cir. 1994). *Second*, every Litigating Plaintiff in Exhibit B has failed to comply with the Docket Management and Show Cause Orders; this noncompliance with court orders satisfies the 'dilatoriness' factor. *See, e.g.*, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003); *see also In re Deepwater Horizon*, 988 F.3d 192, 198 (5th Cir. 2021) (failure to fully comply with MDL pretrial orders constitutes a "clear record of delay"). *Third*, sanctions short of dismissal with prejudice would "not achieve the desired effect of [the Docket Management Order], and would further delay the district court's efforts to adjudicate the MDL expeditiously." *In re Deepwater Horizon*, 907 F.3d at 236 (citing *In re Asbestos*, 718 F.3d at 248). *Finally*, the 'meritoriousness' factor favors dismissal because the nonresponsive Litigating Plaintiffs' noncompliance prevents any substantive evaluation of their claims' merits. *See In re Avandia*, 687 F. App'x at 214–15.[2]

Accordingly, the Court should conclude that the *Poulis* factors support the dismissal of all nonresponsive Litigating Plaintiffs identified in Exhibit B with prejudice.

## III.   CONCLUSION

The Court should dismiss with prejudice the claims of those Litigating Plaintiffs identified in Exhibit B, none of whom have complied with the Order to Show Cause or the Docket Management Order.

---

[2] Delving into the specific cases to evaluate the personal responsibility and willfulness factors is not necessary to find that the *Poulis* factors support dismissal. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that not all of the factors need be satisfied for a case to be dismissed with prejudice).

Dated: September 2, 2025

Respectfully submitted,

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr. (PA 54279)
Lisa C. Dykstra (PA 67271)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein (PA 86698)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel: 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant*
*Philips RS North America LLC*

/s/ William B. Monahan
William B. Monahan
Tracy Richelle High
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel: 212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke*
*Philips N.V., Philips North America LLC,*
*Philips Holding USA, Inc., and Philips RS North*
*America Holding Corporation*