**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>*See* Exhibit A | ) Master Docket: 2:21-mc-01230-JFC<br>)<br>) MDL No. 3014<br>)<br>) Honorable Joy Flowers Conti<br>) |

**AMENDED STATUS REPORT ON PENDING CASES**

On September 15, 2025 and pursuant to the Court's August 20, 2025 Order (ECF 3484), Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips Defendants"), through their undersigned counsel, submitted a Status Report containing the then-current status of the cases pending in the MDL. ECF No. 3511.

As the status of certain cases pending in the MDL has changed since the Status Report was filed on September 15, the Philips Defendants respectfully submit this Amended Status Report to reflect recent updates including: (1) the addition of 1 new case filed directly into the MDL on Sept. 23, 2025 (Plaintiff Steinsiak, ECF No. 3528); (2) the removal of cases that have recently been dismissed; and (3) the addition of cases that the Philips Defendants understand are in the process of being dismissed, but that are still pending as of the date of this filing.

1. As of the date of this filing, there are **595** open matters pending in the above-captioned MDL. *See* **Exhibit A** (listing of open matters).

2. Of the 595 pending matters, the Philips Defendants understand that plaintiffs in **488** of them have settled or are in the process of settling their claims. The Philips Defendants

understand that dismissals will be filed in each of these matters once the process with the Settlement Administrator is complete.

    3.    There are **107** matters pending in the MDL filed by Litigating Plaintiffs subject to the Docket Management Order, ECF No. 2769, who have not settled and are not in the process of settling their claims.[1]

    a.    Litigating Plaintiffs in **84** of the 107 pending matters are the subject of pending motions to dismiss due to their failure to comply with both the Docket Management Order and the Order to Show Cause, ECF No. 3376. *See* ECF No. 3499 (motion to dismiss 79 Litigating Plaintiffs/82 dockets)[2] and ECF No. 3509 (motion to dismiss 12 Litigating Plaintiffs/dockets). In 3 of these matters, there are pending motions to remand, *Traversa*, 2:22-cv-00652 and *Papsun*, 2:23-cv-01211, and pending motions to remand and to sever, *Murray*, 2:22-cv-01733. *See* Mem. Opinion, ECF No. 3249 at p. 5.

    b.    Litigating Plaintiffs in **14** of the 107 pending matters have deadlines under the Docket Management Order that have not yet expired. In 1 of these 14 matters, *Ruiz*, 2:25-cv-00314, there is a pending motion to remand and a pending motion to sever. Pursuant to this Court's March 21, 2025 Memorandum Opinion, Plaintiff *Ruiz* should first comply with her obligations under the Docket Management Order before these later-filed motions are decided. *See* Mem. Opinion, ECF No. 3249 at p. 5 (finding "good reason to wait until after the DMO deadlines expire"

---

[1] Plaintiffs Murray, Wilder and Wideman each have two dockets. *Murray* (2:22-cv-01733 and 2:23-cv-00627), *Wilder* (2:22-cv-00120 and 2:22-cv-01353) and *Wiseman* (2:24-cv-00429 and 2:24-cv-00122).

[2] Plaintiffs in 10 of the matters identified in these motions to dismiss have dismissed their claims. *Hamilton* (22-CV-01842), *Harkins* (22-CV-01104), *Olive* (22-CV-00084); *Russell* (22-CV-01808), *Spadavecchia* (24-CV-00481), *Spear* (22-CV-01389), *Speller* (22-CV-00083), *Wiseman* (2:24-cv-00429 and 2:24-cv-00122) and *Wood* (22-CV-000860.

2

to rule on motions to remand because even if the Court "agrees with a plaintiff that [it] lacks jurisdiction" over the case, the plaintiff "will likely need to gather the evidence required by the DMO in any event").

        c.    Litigating Plaintiffs in **2** of the 107 pending matters (*Hawkins*, 24-CV-01131 and *Dudley*, 25-CV-00269) have failed to comply with their obligations under the Docket Management Order, but an Order to Show Cause has not yet issued.[3]  On September 22, 2025, the Philips Defendants moved for an Order to Show Cause why the Hawkins Plaintiffs' case should not be dismissed with prejudice pursuant to the Docket Management Order.  ECF No. 3518.  The Philips Defendants intend to move for an Order to Show Cause why the claims of Plaintiff Dudley should not be dismissed.

        d.    Finally, the Philips Defendants do not intend to challenge that Litigating Plaintiffs in **7** of the 107 pending matters have complied with their obligations under the Docket Management Order.   There is a pending motion to remand in 1 of these 7 matters (*Graham*, 2:22-cv-00224).  None of these 7 matters has been the subject of a mediation before the Court-appointed mediator.

    4.    Given the importance of coordinating further proceedings in these actions, the Court should not set a deadline for submission of the Philips Defendants' expert reports on general causation until all Litigating Plaintiffs have either complied with their obligations under the Docket Management Order or been dismissed.  *See* ECF No. 2769, ¶ 20 ("The Court has entered this [Docket Management Order] for the purpose of ensuring that further pretrial litigation against the Defendants in this mature MDL will progress as smoothly and efficiently as possible"); *id*. ¶ 22

---

[3] These Litigating Plaintiffs were not subject to the Court's June 13, 2025 Order to Show Cause, ECF No. 3376.

3

(ordering that further pre-trial deadlines will be set after Litigating Plaintiffs "provide[] all of the materials contemplated by this Order"). Many of the Litigating Plaintiffs assert overlapping injuries, and it would be premature for the Philips Defendants to submit expert reports on general causation before all Litigating Plaintiffs (to the extent they are still pursuing their claims) have submitted their expert reports.

Dated:  September 29, 2025    Respectfully submitted,

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr. (PA 54279)
Lisa C. Dykstra (PA 67271)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel:  215.963.5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein (PA 86698)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel:  412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant*
*Philips RS North America LLC*

/s/ William B. Monahan
William B. Monahan
Tracy Richelle High
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel:  212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke*
*Philips N.V., Philips North America LLC,*
*Philips Holding USA, Inc., and Philips RS North*
*America Holding Corporation*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, the foregoing document was electronically filed with the Clerk of Court and served upon counsel of record through the Court's ECF filing system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr