IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Marin v. Philips, et al.*, #23-240 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

# MEMORANDUM OPINION

## I. Introduction

Pending before the court is a motion (ECF No. 5), with brief in support (ECF No. 6), filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"). Philips asks the court to dismiss Civil Action No. 23-240 (and 11 other cases) with prejudice for failure to comply with this court's "show cause" order (ECF No. 4) dated June 13, 2025. Plaintiff Manuel Ortiz Marin, Jr. ("Marin") did not file a response to the motion. The motion is ripe for decision.

## II. Procedural History

Civil Action No. 23-240 was direct filed in the United States District Court for the Western District of Pennsylvania pursuant to Pretrial Order #28 for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407. Marin is the sole plaintiff.

On May 9, 2024, the Court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). On February 28, 2025, Philips filed a Notice at Marin's case, to reiterate that the DMO deadlines applied to him (ECF No. 2). As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff like Marin fails to comply with the DMO, his complaint is subject to dismissal with prejudice.

On June 10, 2025, Philips filed a motion (ECF No. 3) for the court to enter a "show cause" order for Marin to explain why his case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 4). That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

*Id.*

Marin's counsel responded to the show cause order (Misc. No. 21-1230, ECF No. 3396). Marin, by his counsel, acknowledged that he had not obtained any information that would enable him to meet the requirements outlined in the DMO. *Id.*[1] On September 2, 2025, Philips filed the pending motion to dismiss (ECF No. 5), to which Marin did not respond.

---

[1] Marin's response represented that he does not have a qualifying injury that would have made him eligible for the personal injury settlement program (ECF No. 21). The deadlines for participating in that settlement expired and the existence of a qualifying injury (or lack thereof) for the settlement does not affect the duties of a Litigating Plaintiff under the DMO.

III.   Discussion

Philips seeks dismissal of this case with prejudice. With respect to the DMO and show cause orders, Philips reports that Marin did not provide any of the required information. Marin's response did not articulate any explanation or good cause for his failure to comply with those orders and acknowledges that he is unable to do so.

The deadlines in the DMO were designed to create an efficient process for all litigants – including Marin. There was no surprise because the DMO was issued more than a year ago, on May 9, 2024 (ECF No. 2769). A reminder to Marin was docketed on February 28, 2025. Marin, therefore, was on notice of his duties, among other things, to complete a plaintiff fact sheet, provide authorizations for medical records and obtain an expert report. Much of the information required by the DMO concerns only Marin's claims and is not dependent on access to forms or discovery directed to other parties.

Marin did not explain why he was unable to comply with the DMO deadlines or the "show cause" deadlines. Marin did not ask the court for an extension of time to gather the required information. Marin did not articulate any steps he took to attempt diligently to comply with the deadlines.

As set forth in DMO ¶ 20 and 21, Marin's complaint is subject to dismissal with prejudice. The court issued the "show cause" order contemplated by ¶ 21 of the DMO to Marin on June 13, 2025 (ECF No. 4). Marin failed to cure the deficiencies or to demonstrate good cause for that failure.[2]

---

[2] To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is necessary in light of the clear language of this court's orders, the court concurs with Philips' analysis of the *Poulis* factors, ECF No. 3510 at 10-11, and finds the *Poulis* factors weigh heavily in favor of dismissal with prejudice of this case.

IV.     Conclusion

For the reasons set forth above, this case will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated: October 16, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge