IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Buzzanga v. Philips, et al.*, #25-59 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

# **MEMORANDUM OPINION**

## I. Introduction

Pending before the court is a motion (ECF No. 20) filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"), with brief in support (ECF No. 21). Philips ask the court to dismiss with prejudice Civil Action No. 25-59 (and 11 other cases) for failure to fully comply with this court's "show cause" order (ECF No. 14) dated June 13, 2025. Counsel for plaintiffs (collectively, the "Buzzangas") filed a response to the motion (ECF No. 23) and the motion is ripe for decision.

## II. Procedural History

The case was originally filed in the Circuit Court of St. Louis, Missouri. It was removed by Philips to the United States District Court for the Eastern District of Missouri and was transferred to the United States District Court for the Western District of Pennsylvania in January 2025 for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.

On May 9, 2024, the Court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). The Buzzangas were not part of the MDL at that time. On February 28, 2025, Philips filed a Notice at the Buzzangas' case, to reiterate that the DMO deadlines applied to them (ECF No. 12). As set forth in DMO ¶¶ 20 and 21, if Litigating Plaintiffs like the Buzzangas fail to comply with the DMO, the complaint is subject to dismissal with prejudice.

On June 10, 2025, Philips filed a motion (ECF No. 13) for the court to enter a "show cause" order for the Buzzangas to explain why this case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 14). That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

*Id.*

Counsel for the Buzzangas filed a response to the show cause order on July 1, 2025 (ECF No. 16). In the response, the Buzzangas acknowledged their awareness of the DMO deadlines (ECF No. 16 at 1). Counsel for the Buzzangas explained that he contacted the MDL Centrality Administrator and uploaded certain documents to that site. The Buzzangas are aware that Philips

contends they are missing "all necessary documentation." (ECF No. 16 at 2). They contend that their efforts constitute good cause for their case to not be dismissed.

Philips filed an opposition to the Buzzangas' response. Philips recognized that the Buzzangas produced a fact sheet, but argued it does not comply with the DMO. More importantly, Philips pointed out that the Buzzangas did not produce numerous documents required by the DMO, including: (1) Rule 26 disclosures; (2) proof of injury; (3) a declaration of counsel; (4) preservation notices; and (5) an expert report. Philips argued that the Buzzangas failed to provide any explanation or justification for these failures to comply with the DMO and show cause order. Philips represents that the Buzzangas did not produce any documents to cure their deficiencies after the June 13, 2025 show cause order.

On September 12, 2025, Philips filed the pending motion to dismiss (ECF No. 20). Counsel for the Buzzangas filed a response asserting that they addressed 3 of the 5 deficiencies identified by Philips, but acknowledging that they had not provided proper Rule 26 disclosures or an expert report (ECF No. 23 at 2). Because this case has only been pending in this court since January 2025, the Buzzangas' counsel requested additional time, similar to the extensions granted to certain plaintiffs by this court in an order dated July 3, 2025. *Id.* at 3.

III.    Discussion

Philips seeks dismissal of this case with prejudice. With respect to the DMO and show cause orders, Philips reports that the Buzzangas did not provide all the required information. The Buzzangas' response discussed their partial compliance with the DMO, but did not articulate any explanation or good cause for the multiple failures to comply with those orders. As noted, in their most recent response (ECF No. 23 at 3), the Buzzangas requested an extension of time

3

similar to that granted to other Litigating Plaintiffs on July 3, 2025 (ECF No. 3421). The court notes that under that order, Rule 26 disclosures were due by September 2, 2025, and expert reports were due by October 1, 2025. Those dates have expired and the Buzzangas failed to cure their deficiencies.

The deadlines in the DMO were designed to create an efficient process for all litigants – including the Buzzangas. The DMO provided that the court expected "complete and full compliance" with the DMO. *Id.* at 1. A reminder to the Buzzangas was docketed on February 28, 2025. The Buzzangas, therefore, were on notice of their duties, among other things, to provide Rule 26 disclosures and obtain an expert report. The Buzzangas' only explanation for failing to provide Rule 26 disclosures was that they disclosed the same information in the Plaintiff Fact Sheet (ECF No. 23 at 2). The Buzzangas provided no explanation at all for their failure to provide an expert report. Much of the information required by the DMO concerns only the Buzzangas' claims and is not dependent on access to forms or discovery directed to other parties. The Buzzangas did not articulate any steps they took to attempt diligently to comply with the deadlines – particularly with respect to the expert report. Their articulation of "good cause" is, to be charitable, weak.

On the other hand, this case was filed in January 2025 and the Buzzangas did not become aware of their obligations under the DMO until February 28, 2025. They demonstrated partial compliance with their obligations under the DMO and continue to be responsive to court orders and seek further time to reach full compliance. The court notes that James Buzzanga died of esophageal cancer (ECF No. 16-1 at 1). There is a strong policy supporting resolution of claims on the merits, rather than due to procedural errors. The ultimate resolution of the MDL will not be delayed because new cases continue to be filed.

Accordingly, the court will take Philips' motion under advisement for 90 days. If the Buzzangas fail to come into "complete and full compliance" with the DMO by January 15, 2026, this case will be summarily dismissed with prejudice. The Buzzangas should carefully review ¶¶ 17-18 of the DMO with respect to the requirements for the expert report. Philips shall file a notice to the court on January 16, 2026, with respect to the Buzzangas' compliance with the DMO.

IV.  Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 20) is TAKEN UNDER ADVISEMENT for 90 days.

An appropriate order will be entered.

Dated: October 16, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge