IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Martin v. Philips, et al.*, #25-1152 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## **MEMORANDUM OPINION**

### I.   Introduction

Pending before the court is a motion to modify the deadlines under the Docket Management Order ("DMO") (ECF No. 26-1) filed on behalf of plaintiff Diamond R. Martin, as administratrix of the estate of Antonio W. Martin ("Martin"). Counsel for Martin also filed a subpoena (ECF No. 27) to direct production of medical records. Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"), filed a brief in opposition to the motion and subpoena (ECF No. 29). Martin filed a proposed order (ECF No. 30). The matters are ripe for decision.

### II.   Procedural History

The case was originally filed by Martin, a citizen of New York, in the United States District Court for the Western District of New York in June 2025. The case was transferred to this court on July 30, 2025, for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.

On May 9, 2024, the Court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). Martin was not part of the MDL at that time. On July 31, 2025, Philips filed a Notice at Martin's case, to state the DMO deadlines that applied in this case (ECF No. 18). As set forth in DMO ¶¶ 20 and 21, if Litigating Plaintiffs like Martin fail to comply with the DMO, the complaint is subject to dismissal with prejudice.

On August 29, 2025, Martin filed a notice of compliance with the deadlines in § 3 of the DMO (ECF No. 25). In September 2025, Philips agreed to a short extension due to bereavement leave by Martin's counsel. On October 13, 2025, Martin filed the pending motion for extension of time. Specifically, Martin seeks an extension until November 10, 2025 to comply with DMO ¶¶ 2, 15(a) and 16; and an extension until December 8, 2025 to comply with DMO ¶¶ 3, 17. (ECF No. 26-1 at 3). Martin's counsel explains the extensions are necessary due to the lack of compliance with record requests by various healthcare providers. Martin's counsel seeks to file subpoenas to remedy the lack of compliance with medical record requests. Martin's counsel noted that he dedicated a month to the care of his brother, who eventually died.

Philips filed an opposition to Martin's motion. Philips recognizes that Martin's counsel made some efforts to comply with the DMO, but argues good cause was not shown for further extensions and the efforts made to obtain the medical records or expert report were not described. Philips notes that it already agreed to a two-week extension to certain DMO deadlines, with the understanding that the October 28, 2025 deadline for expert reports would remain intact. Philips points out that discovery was stayed by this court, and seeks an instruction that the proffered subpoenas are improper at this time. Finally, Philips points out that denying

Martin's motion will not immediately result in dismissal of this case, because Philips did not yet seek a "show cause" order from this court and Martin would have another opportunity in response to the "show cause" order to cure any deficiencies.

III.   Discussion

The deadlines in the DMO were designed to create an efficient process for all litigants – including Martin.  The DMO provided that the court expected "complete and full compliance" with the DMO.  *Id.* at 1.  A reminder to Martin was docketed in this case and Martin's counsel obtained an extension from Philips' counsel.  Martin was on notice of her duties under the DMO, including the necessity to obtain an expert report.  Much of the information required by the DMO concerns only Martin' claims and is not dependent on access to forms or discovery directed to other parties.  Martin's counsel did not articulate any steps taken to attempt diligently to comply with the deadlines – particularly with respect to the expert report.  The articulation of "good cause" is incomplete.

On the other hand, this case was filed in June 2025 and Martin did not become aware of her obligations under the DMO until July 31, 2025.  Martin demonstrated partial compliance with the obligations under the DMO and continues to be responsive to court orders and seek further time to reach full compliance.  There is a strong policy supporting resolution of claims on the merits, rather than due to procedural errors.  The ultimate resolution of the MDL will not be delayed because new cases continue to be filed.  Contrary to Philips' argument, Martin is not seeking an indefinite extension of time.  The court concludes that the short extension of time requested by Martin is reasonable.

Philips is correct that discovery in this case is stayed. (ECF No. 3615). The court will revisit the coordination of discovery among all remaining parties in January 2026. Martin, however, needs to issue subpoenas to healthcare providers to obtain information needed to comply with the DMO requirements. The court will not prohibit the issuance of subpoenas to the healthcare providers of Antonio W. Martin, deceased. The discovery sought is not against Philips and Philips did not articulate any prejudice to Philips that the subpoenas would cause.

IV.    Conclusion

For the reasons set forth above, the motion to modify the deadlines under the Docket Management Order ("DMO") (ECF No. 26-1) filed on behalf of plaintiff Diamond R. Martin will be granted in part. Martin shall have until November 10, 2025, to comply with DMO ¶¶ 2, 15(a) and 16; and until December 8, 2025 to comply with DMO ¶¶ 3, 17. Martin may issue the subpoenas as discussed above.

An appropriate order will be entered.

Dated: November 5, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge