**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | ) ) ) ) ) | Master Docket: Misc. No. 21-1230 |
| | ) ) | MDL No. 3014 |
| This Document Relates to: | ) ) | |
| *Spillman v. Philips, et al.*, #22-1803 | ) ) | |

**MEMORANDUM OPINION**

I.     Introduction

        This case implicates the procedures governing "snap removals" and the "forum defendant rule."  Pending before the court is a motion to remand this case to the Superior Court of Middlesex County, Massachusetts (the "state court") (Civ. No. 22-1803, ECF No. 4), with numerous attached exhibits, filed on behalf of plaintiff Gary Spillman ("Spillman").  Philips RS North America LLC, Philips North America LLC, Philips Holding USA, Inc. and Philips RS North America Holding Corporation (collectively, "Philips"), filed a brief in opposition to the motion (ECF No. 15).  Spillman filed a reply brief (ECF No. 19).  The motion is ripe for disposition.

II.     Procedural History

        Spillman is a citizen of Alabama.  Complaint ¶ 15.  Spillman alleges that each of the Philips defendants is a citizen of Massachusetts (i.e., each of the Philips entities is a "forum

defendant").  Complaint ¶¶ 17-21.  The parties agree there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Spillman provided a detailed timeline of events (ECF No. 4 at 3-10).  Philips does not dispute the facts of what occurred, but does contest when service was properly completed on two of the Philips entities.[1]  The court concludes it need not resolve that issue.

To summarize the pertinent chronology:

1. Spillman filed his complaint in the state court on August 4, 2022;

2. Philips filed a notice of removal in the United States District Court for the District of Massachusetts at 12:27 a.m. on August 5, 2022;

3. At 8:40 a.m. on August 5, 2022, Spillman effectuated service of the complaint (by way of the Sheriff's Department, *see* ECF Nos. 4 at 5-6 and 4-2), on Philips North America LLC and Philips RS North America LLC;[2]

4. At 10:55 a.m. on August 5, 2022, plaintiff's counsel received notice of the removal;

5. At 12:29 p.m. on August 5, 2022, Philips filed its notice of removal in the state court.

The Judicial Panel on Multidistrict Litigation transferred the case to this court for pretrial proceedings as part of the Philips MDL.  The case was assigned Civil Action No. 22-1803 in this court.

---

[1] Philips contends that the attempted service on Philips Holding USA, Inc. and Philips RS North America Holding Corporation on August 4, 2022, was not valid because Spillman used a private process server (ECF No. 4-1), which did not comply with Mass. R. Civ. P. 4(c) (requiring service by the sheriff, other person duly authorized by law, or person specially appointed by the court) (ECF No. 15 at 3-4).

[2] Philips appears to concede that this service by the sheriff complied with Mass. R. Civ. P. 4(c).  In contrast to its challenge that the service on August 4, 2022 was invalid (*see* Note 1), Philips raised no challenge to the service on August 5, 2022, and argues only that it filed its notice of removal before this service was effectuated.

III.    Discussion

Spillman argues the federal courts lack removal jurisdiction over this case because Philips did not "effect the removal" by completing all the requirements under 28 U.S.C. § 1446(d) until after an in-state defendant was served.  Philips argues that it timely performed a snap removal of this case because its midnight notice of removal in the federal district court occurred prior to proper service on any forum defendant.[3]

A.  Legal standard

1.  General

This court will apply Third Circuit law with respect to the issues involving remand.  As explained in *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation*, 294 F. Supp.2d 667 (E.D. Pa. 2003):

> As an MDL court sitting within the Third Circuit, defendant Wyeth is correct that we must apply the fraudulent joinder standard of our Court of Appeals, not that of the Eleventh Circuit. *See In re Korean Air Lines Disaster*, 829 F.2d 1171, 1174 (D.C.Cir.1987); *In re Ikon Office Solutions, Inc. Secs. Litig.*, 86 F.Supp.2d 481, 485 (E.D.Pa.2000).

*Id.* at 672; *accord Nelson v. A.W. Chesterton Co.*, No. 10-00065, 2012 WL 7761243, at *1 (E.D. Pa. Oct. 19, 2012) ("the MDL transferee court applies the federal law of the circuit where it sits").  This court will apply Third Circuit law with respect to snap removals and when removal is effectuated.

---

[3] Unlike many of the remand motions in this MDL, the issues of fraudulent joinder, fraudulent misjoinder and severance under Rule 21 are not implicated in this case.  The parties recognize that there is complete diversity of citizenship and the dispute involves the mechanics and timing of the removal.

2.  Removal

The court in *Doe v. Valley Forge Military Academy & College,* No. CV 19-1693, 2019

WL 3208178 (E.D. Pa. July 15, 2019), discussed the difficult burden for Philips to demonstrate

that removal is proper:

> The Third Circuit has held that "the party asserting federal jurisdiction in a removal
> case bears the burden of showing, at all stages of litigation, that the case is properly
> before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir.
> 2007); *see also Corbitt v. City of Phila. Police Officer Thomas Horner*, No. 16-
> 5450, 2016 WL 6825917, at *1 (E.D. Pa. Nov. 16, 2016) (Baylson, J.) ("The
> removing defendant bears the heavy burden of persuading the [c]ourt to which the
> state action was removed that it has jurisdiction under the removal statutes."). "The
> removal statutes 'are to be strictly construed against removal and all doubts should
> be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111
> (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d
> 1006, 1010 (3d Cir. 1987)); *see also Johnson v. SmithKline Beecham Corp.,* 724
> F.3d 337, 346 (3d Cir. 2013).

*Id.* at *4.


3.  Snap Removals

The statute that governs removal on the basis of diversity of citizenship contains a "forum

defendant rule" which provides:

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under
> section 1332(a) of this title **may not be removed if any** of the parties in interest
> **properly joined and served** as defendants is a citizen of the State in which such
> action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added).

Snap removals are entirely permissible.  In *Encompass Insurance Co. v. Stone Mansion*

*Restaurant, Inc*., 902 F.3d 147 (3d Cir. 2018), the court held that the language of the "forum

defendant rule" was plain and unambiguous and precludes removal "only when the [in state]

defendant has been properly joined and served."  *Id*. at 152.  The court commented that "this

result may be peculiar in that it allows [a defendant] to use pre-service machinations to remove a case that it otherwise could not; however, the outcome is not so outlandish as to constitute an absurd or bizarre result." *Id.* at 153–54; *accord Huskic v. AD Express Trucking LLC*, No. CV 25-2343, 2025 WL 1933714, at *4 (E.D. Pa. July 14, 2025) (recognizing the Third Circuit Court of Appppeals' conclusion that the forum defendant rule gives defendants an advantage in a race-to-the-courthouse removal scenario, but observing that a plaintiff's unilateral right to voluntarily dismiss a case under Federal Rule of Civil Procedure 41 "provides plaintiffs with a procedural counterpunch in response to a snap removal").[4]

The mere fact that Philips executed a midnight snap removal, therefore, does not justify remand. To the contrary, a snap removal is a recognized tactic under the removal statute. The dispositive question is whether any of the Philips entities was "properly joined and served" before Philips' removal in this case was completed.

4. Whether the requirements in § 1446(d) were met

A plaintiff may move to remand the case back to state court due to either: (1) lack of subject matter jurisdiction or (2) "a defect in the removal procedure." *Doe*, 2019 WL 3208178 at *3 (quoting *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)). In this case, Spillman asserts a defect in the removal procedure. Spillman's remand motion was made within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c).

The procedures governing removal of a civil case are set forth in 28 U.S.C. § 1446, which provides, in relevant part:

> (a) Generally.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed

---

[4] Spillman has not sought dismissal of this case under Rule 41.

pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

(i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

(3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

(B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

(d) **Notice to adverse parties and State court**.--Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, **which shall effect the removal** and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446 (emphasis added).

Spillman relies on § 1446(d) and contends that Philips did not "effect the removal" before an in-state defendant was properly served, and therefore, the "forum defendant rule" bars removal. It appears undisputed that two Philips entities were properly served on August 5, 2022 at 8:30 a.m.; notice to the adverse party (i.e., Spillman's counsel) occurred at 10:55 a.m.; and the notice to the state court occurred at 12:29 p.m.

Spillman cites *Hardman v. Bristol-Myers Squibb Co*., No. 18-CV-11223, 2019 WL 1714600 (S.D.N.Y. Apr. 17, 2019), which held that all three of the "distinct procedural requirements" in § 1446(d)[5] must be satisfied before the state court is divested of jurisdiction. *Id.* at *3. The court explained:

More specifically "until all three steps are completed, the action is not removed and the federal court does not have jurisdiction." *Id*. These courts have suggested that because all three requirements appear prior to the statement "shall effect the removal," removal is not effective until complete compliance with the statute. *Id*. Further, while the "promptness" of notice and the filing of notice with the state court may be a factor to be considered, "prompt" compliance is not sufficient to override complete compliance with the three requirements outlined in 28 U.S.C. §

---

[5] The plain language of the statute requires: "(1) the filing of a notice of removal with the federal court; (2) notice to the adverse parties; and (3) the filing of a copy of the notice of removal with the appropriate state court." *Id.*

1446(d). *Stern v. Mylan Bertek Pharms., Inc.*, No. 07-5677, 552 U.S. 956, 128 S.Ct. 383, 169 L.Ed.2d 273 [sic], 2008 U.S. Dist. LEXIS, *13-14 (D.N.J. July 29, 2008) ("This Court also recognizes that Mylan's notification of the removal was indeed "prompt" under any interpretation of § 1446. Yet the fact remains that during the interim between when the petition was filed with this Court and when the Superior Court was notified of the removal, the forum Defendant received service of process).

*Id.*

Philips contends that its removal became effective on August 5, 2022 at 12:27 a.m., when it filed its notice of removal in the federal court.  Philips argues that *Hardman* is an "outlier" under First and Second Circuit law, citing *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 365 n.2 (S.D.N.Y. 2020) (ECF No. 15 at 7).

Philips did not cite any Third Circuit precedent in support of its position and the court did not find any such decisions in its independent research.  To the contrary, as Philips recognizes and concedes (ECF No. 15 at 7), district courts within the Third Circuit have found *Hardman* "particularly persuasive."  *See Doe*, 2019 WL 3208178 at *3; *Brown v. Teva Pharms., Inc.*, 414 F. Supp. 3d 738 (E.D. Pa. 2019).  *Hardman* cited additional decisions from within the Third Circuit in reaching its decision.  *See Hardman,* 2019 WL 1714600 at *3 (citing *Westfield Ins. Co. v. Interline Brands, Inc.*, 2013 WL 1288194, *2 (D.N.J. March 25, 2013) and *Stern v. Mylan Bertek Pharms., Inc.*, No. 107CV5677JHRJS, 2008 WL 11509865, at *4 (D.N.J. July 29, 2008) (rejecting argument "that the state court's jurisdiction is divested immediately upon the defendant's filing of the petition for removal with the district court.").

*Doe* and *Brown* involved the precise procedural timeline at issue here – in each case, the defendant filed a notice of removal in federal court before being served, but filed the notice in the state court after being served.  The courts held that the cases must be remanded.

In *Doe*, the court noted that "the question of when removal is completed in the context of the forum defendant rule has not yet been settled by the Third Circuit."  *Doe*, 2019 WL 3208178

at *5.  After analysis, including consideration of the Third Circuit Court of Appeals' instruction

that the removal statutes be strictly construed against removal, the court expressly rejected the

argument that Philips makes here, i.e., that filing the notice of removal in federal court effected

removal.  *Doe* 2019 WL 3208178, at * 5-6.  The court quoted *In re Diet Drugs*, 282 F.3d 220,

231 n.6 (3d Cir. 2002) for the proposition that: "Removal is effective upon filing a notice of

removal in both the relevant federal and state courts, and providing notice to the other parties."

*Id.* at *3.  The court concluded:  "Because [the forum defendant] was 'properly joined and

served' before [the forum defendant] completed all three steps necessary to effect removal under

§ 1446(d), the Court concludes that the forum defendant rule precludes removal on the basis of

diversity jurisdiction."  *Id.* at *6.

> In *Brown*, the court explained:
>
> While defendants filed the notice of removal in the federal court before being
> served with the complaint, they filed a copy of the notice of removal in the state
> court after they were served. Removal was not completed when defendants were
> served. *Diet Drugs*, 282 F.3d at 231 n. 6. Consequently, defendants' reliance on
> *Encompass* is unavailing. Timing was everything, and plaintiff has won the race.
> The forum defendant rule under § 1446(d) bars the defendants here, which had been
> "properly joined and served," from effecting removal.

*Brown*, 414 F. Supp.3d at 741; *accord Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996)

("The only rule that logically follows from 28 U.S.C. 1446(d) is that removal is effected when

the notice of removal is filed with the state court and at no other time."); *Dutton v. Ethicon, Inc.*,

423 F. Supp. 3d 81, 88 (D.N.J. 2019) (quoting *Resolution Tr. Corp. v. Nernberg*, 3 F.3d 62, 69

(3d Cir. 1993) ("28 U.S.C. § 1446(d) requires that a notice of removal be filed promptly with the

state court. The requirement of notice to the state court is an important part of the removal

process and has been held necessary to terminate the state court's jurisdiction.").

The court agrees with the consistent position taken in each of these decisions.  In the Third Circuit, a defendant must complete all three steps set forth in § 1446(d) to effectuate removal.  If a forum defendant is "properly joined and served" before all three steps are completed, the forum defendant rule in § 1441(b)(2) is triggered and precludes removal.

5.  Application to this case

Here, two Philips entities who were citizens of Massachusetts were properly joined and served at 8:40 a.m. on August 5, 2022.  Philips did not complete all three steps needed to effectuate removal under § 1446(d) until 12:29 p.m. on August 5, 2022.  Plaintiff won the race by about four hours.  Therefore, the "forum defendant rule" was triggered and prevents removal of this case.  This action will be remanded forthwith to the state court.

B.  Counsel fees

Spillman did not seek counsel fees associated with the response to Philips' notice of removal and preparation of the motion for remand.  Pursuant to 28 U.S.C. § 1447(c), the court "may" require Philips to pay just costs and any "actual expenses, including counsel fees, incurred as a result of the [improper] removal."  Because Spillman did not seek costs and fees, none will be awarded.

IV.    Conclusion

For the reasons set forth above, the court concludes that the removal was barred by the forum defendant rule.  The motion to remand this case to the state court (ECF No. 4) will be granted.  Civil Action No. 22-1803 shall be remanded FORTHWITH to the Superior Court of Middlesex County, Massachusetts.

An appropriate order will be entered.


Dated: November 12, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge