IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Pineda-Lam v. Philips, et. al*, #25-1644 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

# MEMORANDUM OPINION

## I. Introduction

Pending before the court is a motion to remand this case to the Superior Court of Contra Costa County, California ("state court") filed on behalf of plaintiff Fatima Pineda-Lam ("Pineda-Lam") (ECF No. 15). Philips RS North America LLC, Respironics California LLC and Philips Holding USA Inc. (collectively, "Philips") filed a brief in opposition to the motion (ECF No. 22), with attached declarations. The motion is ripe for decision.

## II. Procedural History

In August 2025, Pineda-Lam filed a complaint in the state court (ECF No. 15-1). Named as defendants were: (1) Philips RS North America LLC; (2) Respironics California LLC; (3) Philips Holding USA Inc.; and (4) Apria Healthcare, LLC ("Apria"). The state court complaint did not contain any averments about the citizenship of the parties.

Philips filed a notice of removal to the United States District Court for the Northern District of California on the basis of diversity jurisdiction. (ECF No. 1). In the notice, Philips

averred that Pineda-Lam is a citizen of California; each of the Philips entities named as defendants is a citizen of Delaware and Massachusetts; and Apria is a citizen of Delaware and Indiana.

Pineda-Lam filed the pending motion for remand. Before the motion was decided, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this court for pretrial proceedings as part of the Philips MDL and it was assigned Civil Case No. 25-1644.

III. Discussion

Pineda-Lam challenges subject-matter jurisdiction in the federal courts. Pineda-Lam contends that there is not complete diversity of citizenship between plaintiff and defendants. The parties agree that the amount in controversy exceeds $75,000. More specifically, Pineda-Lam contends that Philips' notice of removal failed to meet its burden with respect to the citizenship of Respironics California LLC and Apria. The court will address the citizenship of each entity.

A. Diversity of citizenship legal principles

Pursuant to 28 U.S.C. § 1332, federal courts may exercise diversity jurisdiction over cases that involve greater than $75,000 in controversy and are between citizens of different states. The statute requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

2

The analysis to determine citizenship varies based upon the kind of entity involved. Pineda-Lam does not contest that Respironics California LLC and Apria Healthcare LLC are limited liability companies ("LLCs"). As explained in *Okpor v. CBS News Broadcasting*, No. 25-CV-0501, 2025 WL 1094254, at *4 (E.D. Pa. Apr. 11, 2025):

> An individual [such as Pineda-Lam] is a citizen of the state where [she] is domiciled, meaning the state where [she] is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted); *see also Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (per curiam) ("As for the entity defendants, they are limited liability companies and are deemed citizens of every state of which one of their members is a citizen.").

*Id.* at *4.

In *Skywark v. Healthbridge Management., LLC*, No. 15-00058, 2015 WL 13621058 (W.D. Pa. July 22, 2015), the court explained: "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Id.* at *3. The court can consider a declaration to establish citizenship and "if it appears at any time before the final judgment that diversity is not complete, such as during discovery, this Court will remand." *Id.*

B. Application to this case

1. Respironics California LLC

Pineda-Lam did not introduce any evidence with respect to the citizenship of Respironics California LLC. Pineda-Lam attached documents purporting to show that two predecessor

3

entities to Respironics California LLC, namely (1) Respironics California Inc.; and (2) InVentive Technologies, Inc. were citizens of California.  Pineda-Lam, however, did not name the predecessor entities as defendants and their citizenship is irrelevant.  *Advoc. Tr. LLC v. Fed. Express Corp.*, No. 2:25-CV-03363, 2025 WL 2779336, at *2 (E.D. Pa. Sept. 26, 2025) ("When two or more corporations merge, the citizenship of 'the surviving entity is controlling [ ] [and] the citizenship of the predecessor company becomes irrelevant.' 13F Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3623 (3d ed.) (citing cases).").

Philips submitted a declaration by James Durchak ("Durchak"), the Director of Risk Management of Philips North America LLC (ECF No. 22-1).  Durchak testified, under penalty of perjury, about the multiple levels of LLC ownership with respect to the Philips entities named as defendants in this case:  (1) Respironics California LLC has one member, Philips RS North America LLC; (2) Philips RS North America LLC has one member, Philips RS North America Holding Corporation; and (3) Philips RS North America Holding Corporation is a Delaware corporation with a principal place of business in Massachusetts.  Respironics California LLC is, therefore, deemed to be a citizen of Delaware and Massachusetts.  Pineda-Lam presented no contrary evidence.  The court finds that Respironics California LLC is a citizen of Delaware and Massachusetts.

2. Apria Healthcare LLC

Pineda-Lam did not introduce any evidence with respect to the citizenship of Apria.  Pineda-Lam merely argues that Philips failed to meet its burden to establish Apria's citizenship.  Philips submitted a declaration from Doreen Bellucci ("Bellucci"), Senior Vice President, General Counsel and Secretary of Apria, with respect to the citizenship of Apria (ECF No. 22-2).

Bellucci represented, under penalty of perjury, that she had personal knowledge of the facts asserted in the declaration.

As set forth in the declaration: (1) Apria Healthcare LLC is an LLC whose sole member is another LLC, Apria Healthcare Group LLC; (2) Apria Healthcare Group LLC's sole member is another LLC, Apria Holdco LLC; (3) Apria Holdco LLC's sole member is a corporation, Apria, Inc.; (4) Apria, Inc. is incorporated in Delaware and has its principal place of business in Indianapolis, Indiana.  Apria, Inc. is a citizen of both Delaware and Indiana.  The court finds, therefore, that Apria Healthcare LLC is deemed to be a citizen of Delaware and Indiana.

### IV. Conclusion

The court concludes that Philips demonstrated, by a preponderance of the evidence, based on the record in this case, that the parties are citizens of different states and the amount in controversy exceeds $75,000.  The federal courts have subject-matter jurisdiction over this case. Pineda-Lam's motion to remand for lack of subject-matter jurisdiction (ECF No. 15) will be denied.

An appropriate order will be entered.

Dated: November 12, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge