## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 |
| | MDL No. 3014 |
| This Document Relates to: *Gevas v. Koninklijke Philips, N.V., et al.,* #24-1264 | |

## <u>MEMORANDUM OPINION</u>

### I.    Introduction

Pending before the court is a renewed motion for appointment of counsel filed by plaintiff David C. Gevas ("Gevas"), a pro se prisoner (ECF No. 11). The court received responses from the Philips Defendants (ECF No. 13) and from Mr. Aaron Rihn ("Rihn"), the MDL Plaintiffs' Co-Liaison Counsel (Civ. No. 21-1230, ECF No. 3715). The motion is ripe for resolution.

### II.    Discussion

The court has been informed by the Philips Defendants that Gevas did not submit sufficient evidence to demonstrate that he suffered a qualifying injury, thereby making him ineligible for the MDL Personal Injury Settlement Program. Gevas, should he wish to continue pursuing his claim against Philips, would be a "Litigating Plaintiff," and must comply with requirements set forth in the Docket Management Order ("DMO") (Civ. No. 21-1230, ECF No.

2769).  Gevas submitted a motion to the court requesting counsel be appointed for him in this endeavor.

In a civil case, district courts may inquire whether an attorney will agree to represent an indigent incarcerated plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993).  An attorney cannot be compelled to represent a party in a civil case, even for an incarcerated person. As explained in *DeGenes v. Federal Bureau of Investigation*, No. CV 20-971, 2020 WL 4925680 (W.D. Pa. Aug. 21, 2020):

> A civil litigant does not have a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The court cannot compel an attorney to represent [a civil plaintiff] or negotiate an attorney-client engagement on [a civil plaintiff's] behalf. Instead, the court would have to inquire whether an attorney was willing to represent him pro bono. The court of appeals has recognized that pro bono attorney time is a "precious commodity," and district courts should exercise care in appointing counsel. *Id.* at 499. Before appointing pro bono counsel, the court must screen the case for arguable merit and consider the "*Tabron* factors." *Id*. (citing *Tabron*, 6 F.3d at 155-56).

*Id.* at *2. To be clear, even if the court were to solicit an attorney to act pro bono, no attorney can be compelled by the court to represent an indigent person in a civil case.  *DeGenes*, 2020 WL 4925680 at *2 (citing decisions).

The court asked Mr. Rihn to review Gevas' motion and identify whether there is any counsel willing to represent Mr. Gevas. Rihn has identified Mr. Patrick W. Pendley of the firm Pendley Baudin & Coffin as willing to assist Gevas.  It is not expected that Mr. Pendley will be acting pro bono, but will be able to receive compensation typical for a plaintiff's counsel in personal injury cases, i.e. contingency fees and costs.  If Mr. Pendley enters his appearance on the docket on Gevas' behalf on or before December 29, 2025, the court will set a hearing to schedule appropriate docket management deadlines.  If Mr. Pendley does not enter his

appearance by that date the court will reschedule the deadlines to which Gevas, acting pro se, will be held.

**III.    Conclusion**

In accordance with the foregoing, the court concludes the motion for appointment of counsel is moot in light of Mr. Pendly willingness to consider assisting Gevas.

An appropriate order will follow.

BY THE COURT:

November 18, 2025                                    /s/ Joy Flowers Conti
                                                    Joy Flowers Conti
                                                    Senior United States District Court Judge