IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Schadewald v. Philips, et al.*, #24-735 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

I.    Introduction

Pending before the court is a motion (ECF No. 6), to dismiss with prejudice Civil Action No. 24-735 (and 11 other cases), with brief in support (ECF No. 7), for failure to comply with this court's "show cause" order (ECF No. 4) dated June 13, 2025, filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"). Counsel for plaintiffs (collectively, the "Schadewalds") filed a declaration in response to the motion at the main MDL docket (Misc. No. 21-1230, ECF No. 3616) and a supplemental report on October 30, 2025 (ECF No. 11). Philips filed status reports on the Schadewald's failures to fully comply with the Docket Management Order ("DMO") (ECF No. 2769) and show cause order (ECF Nos. 10, 13).

On November 6, 2025, the court ordered counsel for Schadewald to file a notice with the court, on or before November 17, 2025, providing the name and resume of the expert plaintiff retained. (ECF No. 12). Counsel failed to do so. The motion is ripe for decision.

II.    Procedural History

On May 9, 2024, Civil Action No. 24-735 was direct filed in the United States District Court for the Western District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.

On May 9, 2024, the Court entered the DMO (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims).  On February 28, 2025, Philips filed a Notice at the Schadewalds' case, to reiterate that the DMO deadlines applied to them (ECF No. 2).  As set forth in DMO ¶¶ 20 and 21, if Litigating Plaintiffs like the Schadewalds fail to comply with the DMO, the complaint is subject to dismissal with prejudice.

On June 10, 2025, Philips filed a motion (ECF No. 3) for the court to enter a "show cause" order for the Schadewalds to explain why their case should not be dismissed with prejudice for failure to comply with the DMO deadlines.  The court granted Philips' motion and entered the show cause order (ECF No. 4).  That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

*Id.*

Counsel for Schadewald filed a declaration in response to the show cause order on July 8, 2025 at the main MDL docket (Misc. No. 21-1230, ECF No. 3438).  In the response, counsel for

the Schadewalds acknowledged awareness that their submissions in response to the DMO deadlines were deemed insufficient. *Id.* at 1. Counsel represented that he submitted the documents attached as Exhibit A to his declaration (ECF No. 3438-1) to the MDL Centrality portal. *Id.* at 2. Counsel acknowledged that he did not file "certain responsive documents" such as plaintiff's medical records and expert disclosures, but represented that he was "undertaking exhaustive efforts" to obtain medical records and anticipated they would be uploaded "by the return date of the Order to Show Cause." *Id.* at 2. Counsel averred he was a victim of fraud by a former employee and contended that his efforts constitute good cause for this case to not be dismissed.

Philips filed an opposition to counsel's declaration (ECF No. 3459). Philips points out that counsel conceded that the Schadewalds did not produce numerous documents required by the DMO, including medical records and expert reports. *Id.* at 3. Philips also represented that the Schadewalds did not fully comply with the DMO requirements, despite the passage of additional time. Philips argues that Schadewald failed to provide any explanation or justification for these continuing failures to comply with the DMO and show cause order.[1] On September 12, 2025, Philips filed the pending motion to dismiss (ECF No. 6).

On October 1, 2025, counsel for the Schadewalds filed a second declaration in response to the motion (Misc. No. 21-1230, ECF No. 3616). In the second declaration, counsel explained that his law office was victimized by an ex-employee from May to December 2024. Counsel acknowledged his failure to comply with the deadline in the show cause order. *Id.* at 2. He averred that he took additional steps to comply with his obligations, including execution of

---

[1] The fraud problem in plaintiff's counsel's office occurred in 2024 (ECF No. 3616 at 1) and does not explain the continuing failure to comply with the DMO and show cause order.

3

medical authorizations, preservation letters, Rule 26 disclosures and a plaintiff fact sheet. *Id.* at 3. Counsel did not explain (or address) the failure to submit an expert report.

Counsel for the Schadewalds noted that, in other cases in the Philips MDL (but not the Schadewalds' case), the court granted motions for extensions of time. Counsel requested that the court permit him to comply with the deadlines set forth in the court's order of July 29, 2025 (ECF No. 3462). Specifically, plaintiffs' counsel sought a deadline of September 22, 2025, for Rule 26 disclosures and fact sheets, and a deadline of October 21, 2025, for an expert report (ECF No. 3616-1 at 2, 5). Counsel represented that his delay in this case was measured in weeks, not months, and was "fully curable by September 22, 2025." (ECF No. 3616-1 at 4).

On October 22, 2025, the court ordered Philips to "file a report on plaintiff's compliance with his duties under the DMO and show cause order." (ECF No. 9). Philips reported that as of October 28, 2025, the Schadewalds failed to produce: (1) a compliant Litigating Plaintiff Fact Sheet; and (2) an expert report. Philips noted that counsel for the Schadewalds provided no explanation for the continuing failure to provide those items.

On October 30, 2025, counsel for Schadewald provided a supplemental status report (ECF No. 11). He stated that all requirements of the DMO, except an expert report, had been submitted. He explained that the expert report was not submitted "due to our just being in receipt of the medical records from Dr. Ortiz which are quite lengthy." (ECF No. 11 at 3.) He assured the court that the report "will be submitted as soon as possible; following **our expert's** review of over nine hundred (900) pages of medical records." *Id*. (emphasis added). Given that representation, the court understood that counsel for the Schadewalds had, on behalf of plaintiffs, already retained an expert.

4

On November 6, 2025, the court ordered counsel for Schadewald to file a notice with the court, on or before November 17, 2025, providing the name and resume of the expert plaintiffs retained. (ECF No. 12). The court also ordered counsel for Philips to file a supplemental response with respect to Schadewald's representation that he complied with all requirements of the DMO other than the expert report. *Id.*

Philips on November 17, 2025, filed its status report and reported that the Schadewalds still had not provided an expert report, but complied with the DMO in all other respects (ECF No. 13). Counsel for the Schadewalds failed to respond to the court's November 6, 2025 order and did not identify the expert purportedly retained by plaintiffs.

III.   Discussion

Philips seeks dismissal of this case with prejudice. With respect to the DMO and show cause orders, Philips reports (and plaintiff's counsel acknowledges) that the Schadewalds did not provide all the required information. The Schadewalds' responses discussed their partial compliance with the DMO, but did not articulate any explanation or good cause for the multiple continuing failures to fully comply with those orders. On August 20, 2025, plaintiffs' counsel representation that the noncompliance was "fully curable by September 22, 2025." (ECF No. 3616-1 at 4). Full compliance did not occur, i.e., an expert report still had not been submitted despite the passage of almost three more months (from August 20, 2025 until November 20, 2025), and counsel for the Schadewalds failed to even identify the expert who would prepare a report.

The deadlines in the DMO were designed to create an efficient process for all litigants – including the Schadewalds. The DMO provided that the court expected "complete and full

5

compliance" with the DMO. *Id.* at 1. A reminder to the Schadewalds was docketed on February 28, 2025. The Schadewalds, therefore, were on notice of their duties, among other things, to obtain an expert report. Much of the information required by the DMO concerns only the Schadewalds' claims and is not dependent on access to forms or discovery directed to other parties. The court gave counsel for the Schadewalds numerous opportunities to comply.

The Schadewalds' counsel did not articulate the specific steps they took to obtain an expert report, i.e., specifically there was no identification of an expert as required by the court's November 6, 2025 order. At this point, it is apparent that (six months after the original deadline to provide the expert report to Philips) the Schadewalds did not comply with that aspect of the DMO or show good cause for that failure.

As set forth in DMO ¶ 20 and 21, the Schadewalds' complaint is subject to dismissal with prejudice. The court issued the "show cause" order contemplated by ¶ 21 of the DMO to Schadewald on June 13, 2025 (ECF No. 4). The Schadewalds failed to fully cure the deficiencies or to demonstrate good cause for that failure.[2]

---

[2] This court's orders implicate Rule 37(b) and its authority to dismiss this case. *See* DMO, ECF No. 2769. To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is even necessary in light of the Schadewalds' failure to comply with the clear language of this court's orders, the court considered them and concurs with Philips' analysis of the *Poulis* factors, ECF No. 3510 at 10-11. The court finds the *Poulis* factors weigh heavily in favor of dismissal with prejudice of this case.

IV.     Conclusion

For the reasons set forth above, this case will be dismissed with prejudice for failure to comply with the court's orders with respect to the DMO deadlines and failure to show good cause for the failure to cure the deficiency. Philips Defendants' motion to dismiss with prejudice (ECF No. 6) will be granted.

An appropriate order will be entered.

Dated: November 20, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge
