IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>*See* Exhibit A | ) Master Docket: 2:21-mc-01230-JFC<br>)<br>) MDL No. 3014<br>)<br>) Honorable Joy Flowers Conti<br>) |

**AMENDED STATUS REPORT OF THE PHILIPS DEFENDANTS
FOR JANUARY 20, 2026 CONFERENCE**

In advance of the conference scheduled for January 20, 2026, Defendants Philips RS North America LLC ("Respironics"), Koninklijke Philips N.V. ("KPNV"), Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants"), through their undersigned counsel, respectfully submit this Amended Status Report to advise the Court on (i) the status of personal injury cases that currently remain pending in the MDL, and (ii) the matters that the Philips Defendants have identified as remaining to be addressed prior to beginning the next phase of this case.

The Philips Defendants are filing this Amended Status Report to apprise the Court of the latest metrics, after accounting for (in particular) the Stipulations of Dismissal filed over the past three days.

\*\*\*

1.      As of the date of this filing, there are **223** open personal injury actions currently pending in the above-captioned MDL.

2.      Of those 223 pending personal injury actions, the Philips Defendants understand that plaintiffs in **141** of them have resolved their claims. The Philips Defendants understand that

dismissals will be filed in each of these matters shortly, particularly since the process with the Settlement Administrator is now complete. The 223 pending personal injury actions are identified on the attached **Exhibit A**; the 141 that have been resolved are so indicated in the column labeled "Resolved (Y/N)." Plaintiffs in 2 of the 141 resolved matters have pending motions to remand (*Traversa*, 22-cv-00652, ECF No. 3170, and *McNiffe*, 23-cv-02048, ECF No. 26). The Court need not decide those two remand motions in light of the settlements.

  3.  There are **82** actions pending in the MDL filed by Litigating Plaintiffs subject to the Docket Management Order, ECF No. 2769, who have not resolved their claims.[1]

    a.  The Philip Defendants do not intend to challenge that Litigating Plaintiffs in **9** of the 82 pending actions have complied with their obligations under the Docket Management Order, including through their submission of expert reports on the topics of, among other things, general causation, as required by the Docket Management Order. Docket Management Order, ECF No. 2769 at ¶ 17. There are no remand motions pending in any of these matters. These Plaintiffs are:

- *Bush*, 24-CV-01091
- *Cote*, 24-CV-01267
- *Hawkins*, 24-CV-01131[2]

---

[1] Most of these plaintiffs name not only Respironics as a defendant but also other Philips entities, including the Dutch parent holding company, KPNV. Prior to the master personal injury settlement, KPNV had a pending challenge to personal jurisdiction, extensive jurisdictional discovery had occurred, the matter was extensively briefed, the Court had held an evidentiary hearing involving (among other things) witness testimony, and proposed findings of fact and conclusions of law had been submitted to the Court. That entire record is already available to the remaining plaintiffs. In the event any of the remaining plaintiffs still wish to proceed against KPNV, KPNV would first ask the Court to decide this threshold personal jurisdiction challenge before matters proceed further.

[2] Ms. Hawkins is a pro se plaintiff who is subject to a pending motion to dismiss, ECF No. 26. At the time the motion to dismiss was filed, Ms. Hawkins had failed to produce an expert report. Since the motion to dismiss was filed, Ms. Hawkins has produced an expert report. Accordingly, and particularly given Ms. Hawkins' pro se status, the Philips Defendants no longer

- *Jenkins*, 25-CV-00520
- *Pineda-Lam*, 25-CV-01644
- *Steinsiek*, 25-CV-01478
- *Thomas*, 23-CV-00736
- *Vazquez*, 22-CV-00130
- *Yarborough*, 24-CV-00999

b.  Litigating Plaintiffs in **8** of the 82 pending actions are the subject of motions to dismiss due to their failure to comply with both the Docket Management Order and the Court's subsequent Order to Show Cause. Unless otherwise noted, these motions are all fully briefed and/or Plaintiff's Court-ordered time to respond has lapsed. These Plaintiffs are:

- *Barrette*, 25-CV-01108 (ECF No. 14; Plaintiff's Response due February 2, 2026)
- *Burke, P.*, 25-CV-00514 (ECF No. 13)
- *Buzzanga*, 25-CV-00059 (ECF Nos. 20, 23, 24, 25 and 26)
- *Chance*, 25-CV-00809 (ECF No. 26)
- *Flores-Cruz*, 23-CV-01065 (ECF No. 10)
- *Hatzell*, 24-CV-00533 (ECF Nos. 18, 21)[3]
- *Trojanowski*, 24-CV-01157 (ECF Nos. 19-32)
- *Young*, 25-CV-00657 (ECF No. 19)

All of these actions should be dismissed for noncompliance with the Docket Management and Show Cause Orders.

c.  The Litigating Plaintiff in **1** of the 82 pending actions is subject to an Order to Show Cause with a deadline of February 6, 2026 for the Plaintiff to cure deficiencies under the Docket Management Order or demonstrate good cause for her failure to do so:

- *Martin*, 25-CV-01152 (ECF No. 33)

---

intend to challenge Ms. Hawkins' compliance with the Docket Management Order, and withdraw the motion to dismiss as to Ms. Hawkins.

[3] On January 16, 2026, the Court entered an Order in the *Hatzell* action which requires the Philips Defendants to show cause why the *Hatzell* action should not be remanded to the Circuit Court for Jefferson County, Kentucky. The Philips Defendants' response is due January 30, 2026.

3

      d.      Litigating Plaintiffs in **2** of the 82 pending actions have fully briefed and pending motions seeking relief from the Docket Management Order in some way:

- *Dudley*, 25-CV-00269 (ECF Nos. 13, 15, 17)
- *Ybarra*, 25-CV-01264 (ECF Nos. 8, 15, 16)

      e.      The Litigating Plaintiff in **1** of the 82 pending actions has failed to comply with his obligations under the applicable Order to Show Cause:

- *King*, 24-CV-01693. (*See* ECF No. 66 at p. 1)[4]

The Philips Defendants intend to move to dismiss Mr. King's case for continued noncompliance with the Docket Management Order by no later than January 23, 2026.

      f.      Finally, Litigating Plaintiffs in **61** of the 82 pending actions are subject to deadlines under the Docket Management Order that have not yet expired. These Plaintiffs are:

| | | | |
|---|---|---|---|
| *Able*, 23-CV-01002 | *Frankmore*, 22-CV-862 | *LoPipero*, 24-CV-00736 | *Starr*, 23-CV-00528 |
| *Angelle*, 22-CV-00828 | *Frazier*, 23-CV-00237 | *Love*, 23-CV-00297 | *Taft*, 25-CV-01543 |
| *Babcock*, 24-CV-01542 | *Gevas*, 24-CV-01264 | *Markert*, 25-CV-01075 | *Tate*, 23-CV-01760 |
| *Barnes*, 22-CV-00385 | *Gloss*, 23-CV-01731 | *Mauerman*, 23-CV-00620 | *Towe*, 21-CV-01768 |
| *Baughns*, 23-CV-01103 | *Goode*, 23-CV-00668 | *Miller*, 25-CV-01547 | *Tweve*, 21-CV-01899 |
| *Berkebile*, 23-CV-00969 | *Griffith Gills*, 22-CV-01087 | *Murphy*, 23-CV-00948 | *Urbain*, 24-CV-00842 |
| *Billings*, 23-CV-00762 | *Hardaway*, 23-CV-00666 | *Olivares*, 22-CV-00877 | *Vincent*, 24-CV-00345 |
| *Bower*, 25-CV-01545 | *Hayhurst*, 24-CV-00471 | *Phillips D.*, 22-CV-01880 | *Wells*, 22-CV-00356 |
| *Burke*, D.J., 24-CV-00654 | *Hazlett*, 22-CV-00331 | *Phillips, H.*, 23-CV-01672 | *Williams*, 23-CV-01758 |

---

[4] There is also currently pending a Motion for Recusal by Derrick M. King, 24-CV-01693, ECF Nos. 64, 66, 67, 68, which has been fully briefed.

| | | | |
|---|---|---|---|
| *Cannata*, 21-CV-01448 | *Helton*, 23-CV-01543 | *Poss*, 22-CV-01792 | *Landers*, 21-CV-01463 |
| *Cantrell*, 23-CV-00120 | *Hernandez*, 23-CV-00667 | *Rosenblum*, 22-CV-00327 | *Wagner*, 24-CV-01249[5] |
| *Cavanaugh*, 24-CV-00841 | *Hurt-Freeman*, 23-CV-01349 | *Rossow*, 25-CV-01544 | *Hall*, 23-CV-00935 |
| *Clements*, 25-CV-00951 | *Itskos*, 23-CV-00968 | *Rubenstein*, 22-CV-01298 | *Solares*, 26-CV-00062 |
| *Donahue*, 25-CV-01546 | *Kuntz*, 22-CV-01097 | *Sims*, 22-CV-01829 | *Roderick*, 21-CV-01230 |
| *Dyson*, 21-CV-01597 | *Langford*, 23-CV-01736 | *Smalley*, 22-CV-00384 | |
| *Farlinger*, 22-CV-00862 | *LaPointe*, 24-CV-00839 | | |

The Docket Management Order deadlines applicable to these plaintiffs expire between February 4 and April 15, 2026.  Importantly, the reason most of these deadlines have not yet expired is because most of these plaintiffs filed suit years ago, later registered for the master personal injury settlement program, but only recently were found ineligible by the Settlement Administrator at the conclusion of the Settlement Administrator's analysis of all registrants' eligibility (*e.g.*, for failure to provide proof of a Qualifying Injury).  As a result, their deadlines did not begin to run until the conclusion of the Settlement Administrator's process, which is now over.  In the event of noncompliance by their respective deadlines, the Philips Defendants intend to seek Order(s) to Show Cause pursuant to Paragraph 21 of the Docket Management Order, ECF No. 2769.

4. As stated above (*see* note 1 *supra*), many of the remaining Litigating Plaintiffs— including fully compliant Litigating Plaintiffs—have asserted claims against KPNV.  In the event any of them still wish to proceed against KPNV, KPNV would first ask the Court to decide this

---

[5] There is currently pending a Motion to Appoint Counsel by Terry Wagner, 24-CV-01249, ECF No. 13.  Responses are due January 29, 2026.

5

threshold personal jurisdiction challenge before matters proceed further. As explained above, the motion is ripe for disposition. (ECF Nos. 1354, 1689, 1849, 2388, 2392.)

5. Finally, after the universe of Litigating Plaintiffs is set,[6] the Philips Defendants would plan to prepare and file comprehensive briefing on the Fed. R. Civ. P. 12(b)(6) dismissal arguments that remain as to the then-remaining compliant Litigating Plaintiffs. The Philips Defendants believe this will be most efficient and convenient for the Court, particularly since the universe of state-law claims will likely be significantly narrowed from what plaintiffs' leadership previously asserted in the master complaint. The Court should not have to consider state law claims that are not being asserted by the Litigating Plaintiffs who remain at the conclusion of the Order to Show Cause process. Thereafter, the Philips Defendants believe that these cases should then proceed to the next stage, which the Philips Defendants believe should be (consistent with the Docket Management Order) submission of the Philips Defendants' rebuttal expert reports on general causation, followed by motion practice on general causation under Fed. R. Evid. 702. Docket Management Order, ECF No. 2769 at VI, ¶ 22.

---

[6] As noted above, the Docket Management Order deadlines applicable to the remaining plaintiffs expire between February 4 and April 15, 2026.

Dated:  January 20, 2026                    Respectfully submitted,

/s/ John P. Lavelle, Jr.
John P. Lavelle, Jr. (PA 54279)
Lisa C. Dykstra (PA 67271)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel:  215.963.5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein (PA 86698)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel:  412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant*
*Philips RS North America LLC*

/s/ William B. Monahan
William B. Monahan
Tracy Richelle High
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel:  212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke*
*Philips N.V., Philips North America LLC,*
*Philips Holding USA, Inc., and Philips RS North*
*America Holding Corporation*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, the foregoing document was electronically filed with the Clerk of Court and served upon counsel of record through the Court's ECF filing system.

*/s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr
