**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION )<br><br>This Document Relates to:<br><br>*King v. Cornerstone, et al.*, #24-1693 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

I.  Introduction

On November 19, 2025, the court issued an order (ECF No. 63) that  pro se plaintiff

Derrick Martin King ("King") shall by December 10, 2025 cure his failure to fully comply with

the requirements of the Docket Management Order ("DMO") and July 3, 2025 order, or show

good cause why his case should not be dismissed with prejudice.[1]  King filed a response to the

court's order (ECF No. 64), which, in the exercise of caution, the court is construing in part[2] as a

motion for recusal.  The court ordered Philips RS North America LLC and Philips RS North

America Holding Corp. (collectively, "Philips") to respond to King's request for recusal (ECF

---

[1] *See* the Memorandum Opinion (ECF No. 62), which explained why the court denied King's motion to remove his case from the requirements of the July 3, 2025, show cause order (ECF No. 50); and granted Philips' motion to enter a new show cause order for King (ECF No. 57).

[2] King also argues that this court lacks jurisdiction over the "show cause" order due to the pendency of his request for en banc review of the United States Court of Appeals for the Third Circuit's dismissal of his appeal (ECF No. 60).  The court will address all issues involving the show cause order in a later decision.  The court notes that a frivolous appeal is viewed as a "nullity" from its inception and does not deprive the district court of jurisdiction.  *See Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985).

No. 65).  Philips filed a response in opposition to King's request (ECF No. 66), which the other

defendants joined (ECF Nos. 67, 68).  King filed a reply brief (ECF No. 69).  The motion for

recusal is now ripe for disposition.


II.  <u>Procedural History</u>

In September 2023, King filed a complaint ("King I") against various Philips-related

entities and Polymer Technologies, Inc. and Polymer Technologies, Inc. – Molded Plastics

Division.  Philips filed a notice of removal to the United States District Court for the Northern

District of Ohio on the basis of diversity jurisdiction.  The Judicial Panel on Multidistrict

Litigation ("JPML") transferred the case to this court for pretrial proceedings as part of the

Philips MDL and it was assigned Civil Case No. 23-2040.  King filed an amended complaint in

this court and a motion to remand Civil Case No. 23-2040 to the state court.

On May 9, 2024, the court entered the DMO (Civ. No. 21-1230, ECF No. 2769).  The

DMO imposed various duties on "Litigating Plaintiffs," like King, who did not participate in the

settlement of personal injury claims.

 On June 14, 2024, King voluntarily dismissed Civil No. 23-2040.  Less than one month

later, on July 7, 2024, King initiated this case ("King II") by filing another complaint in the Ohio

state court.  Philips filed a notice of removal to the United States District Court for the Northern

District of Ohio (Civil No. 24-1693, ECF No. 1).  King filed a motion to remand and for

sanctions (Civ. No. 24-1693, ECF No. 4).  The JPML transferred King II to this court for pretrial

proceedings as part of the Philips MDL and it was assigned Civil Case No. 24-1693.  On March

21, 2025, King filed a renewed motion for remand at the Philips MDL main docket (Misc. No.

21-1230, ECF No. 3252).

After a hearing and argument on May 6, 2025 (Tr., ECF No. 34), the court determined that the removal was proper and denied King's motion to remand (ECF Nos. 35, 36).  On May 14, 2025, King filed a notice of appeal of that decision to the United States Court of Appeals for the Third Circuit (ECF No. 39).  On November 17, 2025, the Third Circuit Court of Appeals dismissed King's appeal for lack of jurisdiction (ECF No. 60).

On June 10, 2025, Philips filed a motion for Litigating Plaintiffs who failed to fully comply with their obligations to show cause why their claims should not be dismissed with prejudice (ECF No. 3368).  On June 13, 2025, the court granted Philips' motion and imposed a deadline of July 7, 2025, for Litigating Plaintiffs to cure their deficiencies or show good cause for their failure to do so (ECF No. 3376).  Due to a clerical error by Philips, King was inadvertently omitted from the list of Litigating Plaintiffs who were subject to the July 7, 2025 deadline (ECF No. 3395 at 3).

On June 25, 2025, Philips discovered its oversight and filed a motion to (among other things) issue a show cause order to King (ECF Nos. 3394, 3395).  On July 3, 2025, the court granted Philips' motion and entered an order (ECF No. 49), which set deadlines for King (and 8 other plaintiffs) to provide to Philips the information required by the DMO or show good cause for his failure to do so.  Specifically, King was ordered to provide:  (1) preservation notices by August 4, 2025; (2) the information required by DMO ¶¶ 15(a) and 16 (i.e., Rule 26 disclosures, Fact Sheet, medical records, proof of injury, etc.) by September 2, 2025; and (3) an expert report by October 1, 2025.

The next day, July 4, 2025, King filed a motion for an extension of the deadlines (ECF No. 50).  King did not articulate any practical reason or good cause for being unable to comply with the deadlines.  His sole argument was based on the filing of his appeal from the denial of his

remand motion.  Philips filed a response in opposition to King's motion (ECF No. 52).  King

filed a reply and supplemental reply (ECF Nos. 53, 56).  As noted above, on November 17, 2025,

King's argument became moot when the Third Circuit Court of Appeals dismissed King's appeal

for lack of jurisdiction (ECF No. 60).

On October 20, 2025, Philips filed a motion (ECF No. 57) for entry of a new show cause

order against King (and 5 other plaintiffs) for failing to fully comply with the July 3, 2025 order,

with brief in support (ECF No. 58).  Philips reported that King failed to provide an expert report,

a Litigating Plaintiff Fact Sheet, Rule 26 disclosures, medical records, proof of injury, records of

using a CPAP device, preservation notices and record collection.  (ECF No. 57-1).  King did not

respond to Philips' motion.

On November 19, 2025, the court recognized that King's appeal to the Third Circuit

Court of Appeals had been dismissed, granted Philips' motion for a new show cause order, and

notified King:

> As explained in previous opinions and orders, King's case is properly part
> of the MDL in this court.  Because King did not participate in the personal injury
> settlement, he is a Litigating Plaintiff as defined in the DMO.  King, therefore, must
> provide the information required by the DMO and must comply with this court's
> order of July 3, 2025 (ECF No. 49).  Philips reports that King failed to comply with
> his obligations in numerous respects (ECF No. 57-1).  King did not provide any
> evidence of compliance to the court.  The court will enter a new show cause order
> requiring that within 21 days, King must either: (1) cure his deficiencies; or (2)
> demonstrate good cause for his failures to comply with the DMO and July 3, 2025
> order.

(ECF No. 62 at 5).

King filed a 59-page response to the show cause order (ECF No. 64), with numerous

attachments.  King did not demonstrate that he fully complied with his obligations under the

DMO and show cause orders.  King did not articulate any reason – let alone good cause – for his

inability to meet his obligations.  Instead, King argues that this member of the court should

recuse.  King articulates two grounds for recusal: (1) the court continues to impose discovery requirements that favor Philips and acted in collusion with the leadership team counsel for the MDL plaintiffs (ECF No. 64 at 46-53); and (2) the court allowed Philips to violate his due process rights at a May 6, 2025 hearing (ECF No. 64 at 55-56).

Philips opposes recusal, arguing that King's motion is untimely and fails to identify an extrajudicial source of bias.  Philips contends that the rulings King alleges as biased are legally correct, and in any event, King's proper remedy is appeal, rather than recusal.  Philips reiterates that King failed to comply with his obligations as a Litigating Plaintiff in numerous respects, and failed to provide any reason for that failure.  Philips states that it intends to file a motion to dismiss King's case.

III. Discussion

King's first ground for recusal alleges collusion with Philips' counsel with respect to refusals to provide discovery to King.  The only action of the court King points to is its decision on February 29, 2024, to deny King's motion to compel (Misc. No. 21-1230, ECF Nos. 2547, 2548), which King filed in his prior case, Civil Action No. 23-2040.  King does not explain what was erroneous (let alone so prejudicial that it justifies recusal) in the court's decision.

King's second ground for recusal alleges that during a hearing on May 6, 2025 (involving remand motions), the court allowed Philips to call a witness for whom King was not provided advance notice.  The witness testified with respect to the citizenship of one of the defendants named by King, which was relevant to whether King's motion for remand to the state court was meritorious.  King argues that Philips violated the disclosure requirements of Rules 26 and 37. King did not identify any motion to exclude the witness under Rule 37 that the court failed to

consider, or explain why the court's action in allowing the witness to testify justifies recusal. King generally points to "obvious bias" by the court and states that he is investigating impeachment of the judge and disciplinary action against all involved counsel (ECF No. 64 at 57).

King cites two statutory provisions as a basis for recusal, 28 U.S.C. §§ 144 and 455(a). *See United States v. Nobel*, 696 F.2d 231, 235 n.7 (3d Cir. 1982) (describing the two statutes as "overlapping provisions" that provide the grounds for disqualification).

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Section 455(a) provides:  "Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

"The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004); *see In re Prudential Ins. Co. of Am. Sales Practice Litig., Agent Actions*, 148 F.3d 283, 343 (3d Cir. 1998) ("The test is whether a reasonable person, knowing all of the circumstances of record, would harbor doubts about the judge's impartiality.").

In the absence of proof that a person would reasonably question the judge's impartiality, a judge "has an affirmative duty not to recuse [her]self." *Dean v. Philadelphia Gas Works*, No. CV 19-04266, 2020 WL 7695751, at *6 (E.D. Pa. Dec. 28, 2020) (quoting *Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 872 F. Supp. 1346, 1349 (E.D. Pa. 1994)). As explained in *Hardy v. Shaikh*:

> In assessing recusal requests, courts must remain mindful that, in the hands of some unscrupulous advocates, a recusal motion may simply be a calculated tactical tool designed to avoid or overturn the result which the law dictates in a case. Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.*, 476 F. Supp. 2d 458, 462-64 (M.D. Pa. 2007).

*Hardy*, 2021 WL 5937664, at *2.

An allegation of bias meriting recusal "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) ("beliefs or opinions which merit recusal must involve an extrajudicial factor") (citation omitted). As explained in *Hardy v. Shaikh*, No. 1:18-CV-01707, 2021 WL 5937664 (M.D. Pa. Dec. 16, 2021):

> 'Extrajudicial bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980); *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case."); *United States v. Gilboy*, 162 F. Supp. 384, 393–94 (M.D. Pa. 1958) (alleged bias must be personal and extrajudicial, not arising solely on the basis of court proceedings).

*Id.* at *2.

A party seeking recusal must act with reasonable diligence. *See United States v. Wecht*, No. CR 06-0026, 2006 WL 8449278, at *27 (W.D. Pa. July 20, 2006) ("motions for recusal under either provision must be filed in a timely manner, i.e., at the earliest possible moment after

obtaining information disclosing an appearance of bias, partiality or impropriety."). In *Smith v. Danyo*, 585 F.2d 83 (3d Cir. 1978), the court commented that the "judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forth coming." *Id.* at 86.

A judge need not explain how she performed her duties. As explained in *United States v. Roebuck*, 271 F. Supp. 2d 712 (D.V.I. 2003):

> The overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated [her] in the performance of [her] official duties. *United States v. Morgan*, 313 U.S. 409, 422, 61 S. . 999, 85 L. Ed. 1429 (1941); *Fayerweather v. Ritch*, 195 U.S. 276, 306–07, 25 S. Ct. 58, 49 L. Ed. 193 (1904); *Grant v. Shalala*, 989 F.2d 1332, 1344–45 (3d Cir. 1993); *see also Robinson v. Commissioner of Internal Revenue*, 70 F.3d 34, 38 (5th Cir. 1995); *United States v. Edwards*, 39 F. Supp.2d 692 (M.D. La. 1999). "[J]udges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed." *United States v. Cross*, 516 F. Supp. 700, 707 (M.D. Ga. 1981), aff'd, 742 F.2d 1279 (11th Cir. 1984). Further, only in the most extraordinary of cases, such as a strong showing of bad faith or improper behavior by a judge or quasi-judicial officer or where circumstances were such to overcome the presumption of regularity as to the acts of the decision maker, may a judge be questioned as to matters within the scope of [her] adjudicative duties.

*Id.* at 718.

In this case, King does not point to any extrajudicial source of bias or prejudice. He complains only about two decisions made by the court in the course of its judicial duties in King I and King II. Even with respect to those decisions, King's ire appears to be more focused on errors by counsel[3] than the court. The court's decisions, as a matter of law, do not warrant recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000)

---

[3] King demands that the court "refer each member of the PSC and counsel for the Philips defendants" for disciplinary action for alleged collusion (ECF No. 64 at 57).

("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal").

King's recusal motion is also untimely filed. His motion was filed in December 2025. The decisions he points to occurred in early 2024 and May 2025. In the interim, King sought relief from this court on numerous occasions. His recusal motion was filed only after the court ordered King to show cause why his case should not be dismissed for failure to fully comply with his obligations under the DMO. King's recusal motion appears to be a "subterfuge to circumvent anticipated adverse rulings," (i.e., the dismissal of his case), *see Hardy*, 2021 WL 5937664, at *2.

King's reliance on the decision in *In re School Asbestos Litigation*, 977 F.2d 764, (3d Cir. 1992), is misplaced. In that case, the trial judge engaged in conduct that would lead a reasonable person to question his impartiality. The court explained:

> [The judge] attended a predominantly pro-plaintiff conference on a key merits issue; the conference was indirectly sponsored by the plaintiffs, largely with funding that he himself had approved; and his expenses were largely defrayed by the conference sponsors with those same court-approved funds. Moreover, he was, in his own words, exposed to a Hollywood-style "pre-screening" of the plaintiffs' case: thirteen of the eighteen expert witnesses the plaintiffs were intending to call gave presentations very similar to what they expected to say at trial.

*Id.* at 782. King points to no similar conduct in this case.

In sum, a reasonable person with knowledge of all the facts would not question this court's impartiality. King's request for recusal will be denied.

Conclusion

For the reasons set forth above, King's motion for recusal (ECF No. 64) will be

DENIED.  The court reserves further discussion about the show cause order.  Because Philips

represented that it intends to soon file a motion to dismiss (ECF No. 66 at 1), the court will

withhold further discussion about the show cause order until Philips files that motion and King

has an opportunity to file his response.

An appropriate order follows.

Dated:	January 22, 2026                    /s/ Joy Flowers Conti

                                                       Joy Flowers Conti
                                                       Senior United States District Judge