IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 |
| This Document Relates to: | MDL No. 3014 |
| *Clements v. Philips, et al., #25-951* | |

**MEMORANDUM OPINION**

I.   Introduction

Pending before the court are numerous pro se motions filed by plaintiff Charles Craig Clements ("Clements"): (1) MOTION for Clarification of Process and Status of Management of Needed Documents (ECF No. 17); (2) MOTION to Add/Found Defendants to Case (ECF No. 20); (3) MOTION for Clarification of Control Process, MOTION for a copy of all Plaintiffs on this Case (ECF No. 26); (4) MOTION for Clarification on All Actions (ECF No. 27); and (5) MOTION for Copy of Civil Docket and Calendar of Hearings (ECF No. 28).  Clements also filed a supplement to his first motion for clarification (ECF No. 24).

The court held a Video Status Conference on October 15, 2025, with Clements and John Lavelle ("Lavelle"), counsel for Philips.  The court notes that although the motions at ECF Nos. 26, 27 and 28 were placed on the docket after the status conference, Clements mailed those motions to the court prior to the October 15, 2025, conference.  During the conference, the court reviewed the requirements of the Docket Management Order ("DMO") (ECF No. 2769) with Clements, who is incarcerated.  Clements confirmed his understanding of what he needs to do.

Plaintiff will send all documents to John Lavelle. Lavelle will obtain a form for release of Clements' medical file from the California Department of Corrections, which Clements will execute and return to Lavelle. The court extended the deadlines for Clements to comply with the DMO, as follows: (1) all submissions other than an expert report by 1/15/26; and (2) an expert report by 4/15/26. The court encouraged the parties to explore settlement. Clements' motion to file an amended complaint (ECF No. 20) was granted on the record. The court ordered the transcript to be prepared and mailed by the court reporter to Clements, at the cost of Philips. See Minute Entry, ECF No. 25.

For completeness, the court ordered Philips to respond to all Clements' motions (ECF No. 29). Philips filed a response, with numerous attachments (ECF No. 30). Specifically, Philips attached: (1) a 11/17/25 Status Report on all remaining civil cases in the Philips MDL (ECF 3718); (2) the minute entry summarizing the October 15, 2025 telephone conference with the court; (3) a copy of the DMO; (4) the Notice of DMO Deadlines that were applicable to Clements (before the court modified them during the October 15, 2025 telephone conference); (5) a blank Litigating Plaintiff Fact Sheet; and (6) a copy of the entire docket in Clements' case. The motions are ripe for decision.

II.     Procedural History

On April 24, 2025, Clements filed his complaint in the United States District Court for the Central District of California. The case was transferred to the United States District Court for the Eastern District of California and subsequently transferred by the Judicial Panel on Multidistrict Litigation ("JPML") to this court for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.

On May 9, 2024, the Court entered the DMO (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). On July 11, 2025, Philips filed a Notice at Clements' case (and others), to state the DMO deadlines that applied to him (ECF No. 16). As set forth in DMO ¶¶ 20 and 21, if Litigating Plaintiffs like Clements fail to comply with the DMO, the complaint is subject to dismissal with prejudice.

Clements' motions for clarification soon followed. On October 15, 2025, the court extended the deadlines applicable to Clements. Philips has not requested a "show cause" order or dismissal of Clements' case. On November 17, 2025, Philips reported that Clements provided the release for medical records discussed during the October 15, 2025 conference (ECF No. 30 at 3). Philips represented it had not yet received the other documents required by the DMO. Id.

### III.     Discussion

The court will briefly address each of Clements' motions:

(1) The motions for clarification (ECF Nos. 17, 26 and 27) will be denied as moot. Clarification about the steps Clements must take was provided by the court on October 15, 2025. Clements confirmed on the record that he understood his obligations. Philips also provided clarification in its response (ECF No. 30). To the extent that Clements needs further clarification, he is directed to contact liaison counsel Aaron Rihn, whose contact information is available on the docket and at ECF No. 30 at 4;

(2) Clements' motion to file an amended complaint to add defendants (ECF No. 20) was orally granted by the court during the October 15, 2025, telephone conference and is now moot;

(3) Clements' motion to obtain a copy of the docket and calendar of hearings (ECF No. 28) is moot. The court notes that Philips provided those documents to Clements as part of its response (ECF No. 30).

It appears the parties are working cooperatively to exchange information and comply with the DMO and no further action is required by the court at this time. The court again encourages the parties to explore settlement of this matter.

IV.   Conclusion

For the reasons set forth above, the pending motions will be denied as moot, with the proviso that the relief requested by Clements has already been provided.

An appropriate order will be entered.

Dated: January 28, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge