**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | )<br>)<br>)<br>)     Master Docket: Misc. No. 21-1230<br>)<br>)<br>)     MDL No. 3014 |
| This Document Relates to:<br><br>*King v. Cornerstone, et al.*, #24-1693 | )<br>)<br>)<br>)<br>)<br>) |

**<u>MEMORANDUM OPINION</u>**

I.    <u>Introduction</u>

Pending before the court are: (1) a motion to dismiss, with brief in support (ECF Nos. 72, 73) filed by Philips RS North America LLC and Philips RS North America Holding Corp. (collectively, "Philips"); (2)  an omnibus motion for service of the amended complaint on all defendants, permission to conduct discovery on non-Philips defendants, and an order requiring the plaintiffs' steering committee ("PSC") to turn over all documents produced in discovery (ECF No. 76) filed by pro se plaintiff Derrick Martin King ("King"); (3) a motion to dismiss filed by Paramount Die Corporation ("Paramount") at the main MDL docket (Misc. No. 21-1230, ECF No. 4155); and (4) King's motion to strike Paramount's motion to dismiss (ECF No. 80).  King also submitted a declaration, in which he explained that his filing at ECF No. 76 constituted his response to Philips' motion to dismiss and was a motion to stay these proceedings (ECF No. 77-1 at 1).  Philips filed a response in opposition to King's omnibus motion, which Cornerstone joined (ECF Nos. 81, 85), and King filed a reply (ECF No. 82).  Plaintiffs'

leadership team filed a response in opposition to King's motion for stay (ECF No. 83),to which King filed a reply (ECF No. 84).  The motions are ripe for disposition.

II.  Procedural History

In September 2023, King filed a complaint ("*King I*") against various Philips-related entities and Polymer Technologies, Inc. and Polymer Technologies, Inc. – Molded Plastics Division.  Philips filed a notice of removal to the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction.  The Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this court for pretrial proceedings as part of the Philips MDL and it was assigned Civil Case No. 23-2040.  In January 2024, King filed an amended complaint in this court and a motion to remand Civil Case No. 23-2040 to the state court.

On May 9, 2024, the court entered a Docket Management Order ("DMO") (Civ. No. 21-1230, ECF No. 2769).  The DMO imposed various discovery obligations on "Litigating Plaintiffs," like King, who did not participate in the settlement of personal injury claims.

On June 14, 2024, King voluntarily dismissed Civil No. 23-2040.  Less than one month later, on July 7, 2024, King initiated this case ("*King II*") by filing another complaint in the Ohio state court.  The only defendants named in *King II* were Cornerstone Medical Services – Midwest LLC ("Cornerstone") and two Philips entities, PHILIPS RS NORTH AMERICA LLC and PHILIPS RS NORTH AMERICA HOLDING CORPORATION.  Philips filed a notice of removal to the United States District Court for the Northern District of Ohio (Civil No. 24-1693, ECF No. 1).  King filed a motion to remand and for sanctions (Civ. No. 24-1693, ECF No. 4).  The JPML transferred *King II* to this court for pretrial proceedings as part of the Philips MDL

and it was assigned Civil Case No. 24-1693.  On March 21, 2025, King filed a renewed motion for remand at the Philips MDL main docket (Misc. No. 21-1230, ECF No. 3252).

On May 4, 2025, King filed an amended complaint, which named five new parties, including Paramount.  After a hearing and argument on May 6, 2025 (Tr., ECF No. 34), the court determined that the removal was proper and denied King's motion to remand (ECF Nos. 35, 36). On May 14, 2025, King filed a notice of appeal of that decision to the United States Court of Appeals for the Third Circuit (ECF No. 39).  On November 17, 2025, the Third Circuit Court of Appeals dismissed King's appeal for lack of jurisdiction (ECF No. 60).

On June 10, 2025, Philips filed a motion for Litigating Plaintiffs, who failed to fully comply with their obligations under the DMO, to show cause why their claims should not be dismissed with prejudice (ECF No. 3368).  On June 13, 2025, the court granted Philips' motion and imposed a deadline of July 7, 2025, for Litigating Plaintiffs to cure their deficiencies or show good cause for their failure to do so (ECF No. 3376).  Due to a clerical error by Philips, King was inadvertently omitted from the list of Litigating Plaintiffs who were subject to the July 7, 2025 deadline (ECF No. 3395 at 3).

On June 25, 2025, Philips discovered its oversight and filed a motion (among other things) to issue a show cause order to King (ECF Nos. 3394, 3395).  On July 3, 2025, the court granted Philips' motion and entered an order (ECF No. 49), which set deadlines for King (and 8 other plaintiffs) to provide to Philips the information required by the DMO or show good cause for his failure to do so.  Specifically, King was ordered to provide:  (1) preservation notices by August 4, 2025; (2) the information required by DMO ¶¶ 15(a) and 16 (i.e., Rule 26 disclosures, Fact Sheet, medical records, proof of injury, etc.) by September 2, 2025; and (3) an expert report by October 1, 2025.

The next day, July 4, 2025, King filed a motion for an extension of the deadlines (ECF No. 50). King did not articulate any practical reason or good cause for being unable to comply with the deadlines. His sole argument was based on the filing of his appeal from the denial of his remand motion. Philips filed a response in opposition to King's motion (ECF No. 52). King filed a reply and supplemental reply (ECF Nos. 53, 56). As noted above, on November 17, 2025, King's argument became moot when the Third Circuit Court of Appeals dismissed King's appeal for lack of jurisdiction (ECF No. 60).

On October 20, 2025, Philips filed a motion (ECF No. 57) for entry of a new show cause order against King (and 5 other plaintiffs) for failing to comply fully with the July 3, 2025 order, with brief in support (ECF No. 58). Philips reported that King failed to provide an expert report, a Litigating Plaintiff Fact Sheet, Rule 26 disclosures, medical records, proof of injury, records of using a CPAP device, preservation notices and record collection. (ECF No. 57-1). King did not respond to Philips' motion.

On November 19, 2025, the court recognized that King's appeal to the Third Circuit Court of Appeals had been dismissed, granted Philips' motion for a new show cause order, and notified King:

> As explained in previous opinions and orders, King's case is properly part of the MDL in this court. Because King did not participate in the personal injury settlement, he is a Litigating Plaintiff as defined in the DMO. King, therefore, must provide the information required by the DMO and must comply with this court's order of July 3, 2025 (ECF No. 49). Philips reports that King failed to comply with his obligations in numerous respects (ECF No. 57-1). King did not provide any evidence of compliance to the court. The court will enter a new show cause order requiring that within 21 days, King must either: (1) cure his deficiencies; or (2) demonstrate good cause for his failures to comply with the DMO and July 3, 2025 order.

(ECF No. 62 at 5).

King filed a 59-page response to the show cause order (ECF No. 64), with numerous

4

attachments.  King did not demonstrate that he fully complied with his obligations under the DMO and show cause orders.  King did not articulate any reason – let alone good cause – for his inability to meet his obligations.  Instead, King argued that this member of the court should recuse.

On January 22, 2026, the court issued an opinion and order denying King's motion to recuse (ECF Nos. (ECF Nos. 70, 71).

On January 23, 2026, Philips filed the pending motion to dismiss King's case.  Philips reiterates that King failed to comply with his obligations under the DMO and show cause orders as a Litigating Plaintiff in numerous respects, and failed to provide any reason (let alone good cause) for those failures.

King's response, filed on February 13, 2026, again failed to address the substance of Philips' motion or to demonstrate good cause for his failures to comply fully with his obligations under the DMO and show cause orders.  King stated, in one paragraph, that the motion to dismiss should be denied because he completed a Plaintiff Fact Sheet and signed limited authorizations to disclose health information.  (ECF No. 77-1 at 2).  King did not address the remaining shortcomings in his compliance with the DMO and the show cause orders that were identified by Philips (i.e., the correct Litigating Plaintiff Fact Sheet required by the DMO, preservation notices, Rule 26(a)(1) disclosures, medical records, records related to his use of a Recalled Device, proof of injury, and an expert report).  (ECF No. 73 at 6 & n.2).

Although the court expressly cautioned in its January 22, 2026 opinion (ECF No. 70) that King did not articulate any reason – let alone good cause – for his inability to meet his obligations under the DMO and show cause orders, King again entirely failed to address good cause in his response to the motion to dismiss.  Instead, the bulk of King's response was focused

on his requests for omnibus relief, i.e., service of the amended complaint, discovery and access to the documents in the repository.

III. Discussion

Philips seeks dismissal of **this case** with prejudice. With respect to the DMO and show cause orders, Philips reports that King did not provide all the required information, despite numerous opportunities and many months to do so.

As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff like King fails to comply fully with his obligations under the DMO, the case is subject to dismissal with prejudice. The court's order of November 19, 2025, put King on clear notice that his failure to fully comply would result in dismissal of this case in its entirety with prejudice:

> It is further ORDERED that on or before December 10, 2025, Derrick King shall: (1) cure the deficiencies in his compliance with the Docket Management Order ("DMO") and court's order of July 3, 2025 and provide proof of having done so by a filing on the docket; or (2) demonstrate good cause for his failures to **fully** comply with those orders. Pursuant to DMO ¶ 21, **failure to do so shall result in dismissal of this case with prejudice.**

ECF No. 63 (emphasis added).

King's responses show, at most, minimal compliance with the DMO and did not articulate any explanation or good cause for the multiple continuing failures to comply fully with those orders. Despite the additional months that have passed since the initial deadlines, full compliance did not occur. As one example, an expert report was not submitted and King failed to even identify an expert who would prepare a report.[1] Other than his submission of a

---

[1] King's failure to submit an expert report effectively prevents the court from addressing the meritoriousness of his claims. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 214 (3d Cir. 2017) (citing *In re Asbestos Prod. Liab. Litig.*, 718 F.3d 236, 248 (3d Cir. 2013)).

noncompliant plaintiff's fact sheet, King did not dispute Philips' representation that he provided none of the documents that were required.

The deadlines in the DMO were designed to create an efficient process for all litigants – including King.  The DMO provided that the court expected "complete and full compliance" with the DMO.  *Id.* at 1.  The court entered show cause orders reminding King about his obligations under the DMO on July 3, 2025 (ECF No. 49) and November 19, 2025 (ECF No. 62).  The court reminded King about the obligations in its January 22, 2026 opinion (ECF No. 70).  King, therefore, was on notice of his obligations under the DMO and show cause orders.  Much of the information required by the DMO concerns only King's claims and is not dependent on access to forms, discovery directed to other parties or the document repository.  The court gave King numerous opportunities to comply.

King did not articulate the specific steps he took to comply.  At this point, many months after being given notice of the applicable deadlines, it is apparent that King did not comply with the DMO or show cause orders or demonstrate a good reason for his failures to comply.  As set forth in DMO paragraphs 20 and 21, King's case is subject to dismissal with prejudice.  Fed. R. Civ. P. 37(b)(2)(A)(v); *see In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 213 (3d Cir. 2017) (affirming dismissal of case under Rule 37 for failure to comply with pretrial discovery orders).  After issuing a show cause order, the court issued a second show cause order on November 19, 2025 (ECF No. 62) as contemplated by paragraph 21 of the DMO and reiterated that this case would be dismissed with prejudice if King failed to fully comply.

This court's orders implicate Rule 37(b) and its authority to dismiss this case.  *See* DMO, ECF No. 2769.  An evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*,

7

747 F.2d 863 (3d Cir. 1984), supports the drastic imposition of a dismissal of this case. Philips discussed those factors (ECF No. 81 at 4-5 n.3). This court concurs with Philips' analysis and finds the *Poulis* factors weigh heavily in favor of dismissal with prejudice of this case. For example, the first factor, the extent of the party's personal responsibility, weighs against King because, as a pro se litigant, King is personally responsible for the failures to comply. The second factor, prejudice to other parties, weighs against King because his failures to comply frustrate the court's ability to coordinate discovery and case management and delays resolution for all remaining parties in this complex multidistrict litigation. The third factor, a history of dilatoriness, weighs against King because it is abundantly clear that King had numerous opportunities to comply with the court's orders and he did not do so. The fourth factor, whether King's conduct was willful or in bad faith, weighs against King because his conduct shows he did not comply and provided no cause, let alone good cause, for not doing so. The fifth factor, effectiveness of lesser sanctions than dismissal, weighs against King because at this stage after the issuance of orders to show cause and King's continuing nonconformance, the court can only conclude that he will not comply and the only sanction appropriate is dismissal. The sixth factor, the meritoriousness of the claim, weighs against King because his noncompliance with the DMO prevents the court from evaluating the merits of his claim. *See Avantia*, 687 F. App'x at 213. After weighing all the *Poulis* factors, the court concludes that this case must be dismissed.

In light of that dismissal, all other motions pending in this case will be denied as moot.

IV.    Conclusion

For the reasons set forth above, Philips' motion to dismiss this case (ECF No. 72) will be granted.  This case will be dismissed with prejudice for failure to comply fully with the court's orders with respect to the deadlines under the DMO and show cause orders and failure to show good cause for the failure to cure the deficiencies.  King's omnibus motion (ECF No. 76); Paramount's motion to dismiss (Misc. No. 21-1230, ECF No. 4155); and King's motion to strike Paramount's motion to dismiss (ECF No. 80), will be DENIED AS MOOT.

An appropriate order will be entered.

Dated: March 24, 2026

/s/ Joy Flowers Conti

Joy Flowers Conti
Senior United States District Judge

9