IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** ) ) ) ) ) ) | Master Docket: Misc. No. 21-1230 MDL No. 3014 |
| This Document Relates to: ) ) ) | |
| *Martin v. Philips, et al.*, #25-1152 ) ) | |

**MEMORANDUM OPINION**

I.      Introduction

Pending before the court is a second motion for extension of time[1] (ECF No. 35) filed on behalf of plaintiff Diamond R. Martin, as administratrix of the estate of Antonio W. Martin ("Martin").  Martin requests a 30-day[2] extension of time to submit an expert report as required by the Docket Management Order ("DMO"). Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"), filed a response (ECF No. 38) in which they took no position about whether Martin articulated good cause  for the extension and suggested that Martin's deadline be set for May 7, 2026, to be consistent with the deadline for submission of expert reports by other plaintiffs. The motion is ripe for decision.

---

[1] The court granted Martin's first motion (ECF Nos. 31, 32).

[2] Martin filed the motion on March 13, 2026; represented that medical records would be obtained "in the next few days"; and stated that a full and comprehensive expert report could be provided in thirty days. (ECF No. 35-1 at 3).  Martin did not identify a specific date in the motion, but the proposed order (ECF No. 36) requests an extension until April 13, 2026.

II.    Discussion

The court will not reiterate the procedural history of this case, as set forth in its prior opinion.  As the court observed in that opinion (ECF No. 31), Martin demonstrated partial compliance with the obligations under the DMO and continues to be responsive to court orders and seek further time to reach full compliance.  The court concludes that a limited extension of time, until May 7, 2026, for Martin to reach <u>full</u> compliance[3] with the DMO obligations is reasonable.

There is a strong policy supporting resolution of claims on the merits, rather than due to procedural errors.  The ultimate resolution of the MDL will not be delayed due to granting the requested extension of time because new cases continue to be filed and, as Philips noted, expert reports are due from several other plaintiffs on May 7, 2026.  (Misc. No. 21-1230, ECF No. 4190).

III.    Conclusion

For the reasons set forth above, the second motion for extension of time (ECF No. 35) filed on behalf of plaintiff Diamond R. Martin will be granted in part.  Martin shall have until May 7, 2026, to <u>fully</u> comply with DMO.

An appropriate order will be entered.

Dated: April 1, 2026

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge

---

[3] Philips represents that Martin must produce 3 things: (1) Rule 26 disclosures; (2) a declaration by counsel; and (3) an expert report.  (ECF No. 38 at 2 n.2).