**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br>Terry Wagner v. Koninklijke<br>    Philips, N.V., et al., #24-1249 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**MEMORANDUM OPINION**

**I.      Introduction**

Pending before the court is a renewed motion for appointment of counsel filed by plaintiff Terry Wagner ("Wagner"), a pro se prisoner (ECF No. 18). Wagner has previously motioned for appointment of counsel on December 16, 2024 (ECF No. 5) and January 14, 2026 (ECF No. 13). The court previously received responses from the Philips Defendants (ECF No. 15) and from Mr. Aaron Rihn ("Rihn"), the MDL Plaintiffs' Co-Liaison Counsel (Civ. No. 21-1230, ECF No. 4082). The motion will be resolved without additional response from the parties.

**II.     Discussion**

The court has been informed by the Philips Defendants that Wagner did not submit sufficient evidence to demonstrate that he suffered a qualifying injury, thereby making him ineligible for the MDL Personal Injury Settlement Program. Wagner, should he wish to continue pursuing his claim against Philips, would be a "Litigating Plaintiff," and must comply with

requirements set forth in the Docket Management Order ("DMO") (Civ. No. 21-1230, ECF No. 2769). On January 14, 2026, Wagner submitted a motion to the court requesting counsel be appointed for him in this endeavor. Wagner renews his request here.

As discussed in the court's responses to Wagner's pervious requests for appointment of counsel, in a civil case, district courts may inquire whether an attorney will agree to represent an indigent incarcerated plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). An attorney cannot be compelled to represent a party in a civil case, even for an incarcerated person. As explained in *DeGenes v. Federal Bureau of Investigation*, No. CV 20-971, 2020 WL 4925680 (W.D. Pa. Aug. 21, 2020):

> A civil litigant does not have a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The court cannot compel an attorney to represent [a civil plaintiff] or negotiate an attorney-client engagement on [a civil plaintiff's] behalf. Instead, the court would have to inquire whether an attorney was willing to represent him pro bono. The court of appeals has recognized that pro bono attorney time is a "precious commodity," and district courts should exercise care in appointing counsel. *Id.* at 499. Before appointing pro bono counsel, the court must screen the case for arguable merit and consider the "*Tabron* factors." *Id.* (citing *Tabron*, 6 F.3d at 155-56).

*Id.* at *2. To be clear, even if the court were to solicit an attorney to act pro bono, no attorney can be compelled by the court to represent an indigent person in a civil case. *DeGenes*, 2020 WL 4925680 at *2 (citing decisions). The court asked MDL Plaintiffs' Co-Liaison Counsel, Mr. Rihn, to review Wagner's motion and identify whether there is any counsel willing to represent Mr. Wagner. Rihn, however, was not able to identify any firm or attorney willing to assist Wagner.

Before appointing counsel, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the merits of the claim; (2) the

movant's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id.* at 155-56. The list of factors is not exhaustive and no factor is determinative. *Id.* at 157.

The court is unable to perform a threshold evaluation based on the information provided by Wagner about the arguable merits of any claim. The court recognizes that Wagner's status as an inmate will greatly limit his ability to litigate this case, but Wagner has made no assertions about his own efforts to obtain a lawyer since April 2024 (*See* ECF No. 5). Wagner has not indicated that he contacted plaintiffs' leadership team or the settlement administrator to request help to determine if he had qualifying injuries and, if so, for help in the settlement process, as the court recommended in the court's March 19, 2025 opinion in response to Wagner's first request for counsel (ECF No. 9). The court requested MDL Plaintiffs' Co-Liaison Counsel to determine if there was an attorney willing to assist Wagner (ECF No. 16) and he reported that he was unable to find an attorney willing to represent Wagner. As stated above, the court is unable to compel an attorney to represent a plaintiff in a civil case. Wagner may contact MDL Plaintiffs' Co-Liaison Counsel if Wagner has new medical information that may be helpful in finding counsel willing to assist him.

If Wagner is unable to find appropriate counsel and chooses to proceed in litigation acting pro se, he must file a notice with the court stating that he will proceed pro se no later than May 18, 2026. Failure to advise this court on or before that date may result in a dismissal of this case for failure to prosecute. On or before May 18, 2026, if counsel has entered an appearance

on behalf of Wagner or Wagner files a notice that he intends to proceed pro se, the court will

reschedule the deadlines to which Wagner will be held.

### III.   Conclusion

In accordance with the foregoing, the court concludes the motion for appointment of

counsel is denied.

An appropriate order will follow.


BY THE COURT:


April 16, 2026                                    /s/ Joy Flowers Conti
                                                 Joy Flowers Conti
                                                 Senior United States District Court Judge


-4-