# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>*See* Exhibit A | ) <br> ) Master Docket: 2:21-mc-01230-JFC <br> ) <br> ) MDL No. 3014 <br> ) <br> ) Honorable Joy Flowers Conti <br> ) <br> ) |

### STATUS REPORT OF THE PHILIPS DEFENDANTS
### FOR APRIL 21, 2026 CONFERENCE

In advance of the conference scheduled for April 21, 2026, Defendants Philips RS North America LLC ("Respironics"), Koninklijke Philips N.V. ("KPNV"), Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, the "Philips Defendants"), through their undersigned counsel, respectfully submit this Status Report to advise the Court on (i) the status of personal injury cases that currently remain pending in this MDL, and (ii) the parties' agreed-upon proposed schedule for the next phases of this case (general causation and KPNV's challenge to personal jurisdiction).

\*\*\*

1.      As of the date of this filing, there are **129** open personal injury actions currently pending in the above-captioned MDL.

2.      Of those 129 pending personal injury actions, the Philips Defendants understand that plaintiffs in **52** of them have resolved their claims.  The Philips Defendants understand that dismissals will be filed in each of these matters shortly.  The 129 pending personal injury actions are identified on the attached **Exhibit A**; the 52 that have been resolved are so indicated in the column labeled "Resolved (Y/N)."

3.      There are **77** actions pending in the MDL filed by plaintiffs subject to the Docket Management Order, ECF No. 2769, who have not resolved their claims.

a.      The Philips Defendants do not intend to challenge that plaintiffs in **12** of the **77** pending actions are Litigating Plaintiffs who have complied with their obligations under the Docket Management Order, including through their submission of the expert reports required by the Docket Management Order.  There are no remand motions pending in any of these matters. The Litigating Plaintiffs are:

- *Bush*, 24-CV-01091
- *Cote*, 24-CV-01267
- *Hawkins*, 24-CV-01131
- *Jenkins*, 25-CV-00520
- *Pineda-Lam*, 25-CV-01644
- *Solares*, 26-CV-00062
- *Steinsiek*, 25-CV-01478
- *Thomas*, 23-CV-00736
- *Trojanowski*, 24-CV-01157
- *Vazquez*, 22-CV-00130
- *Yarborough*, 24-CV-00999
- *Ybarra*, 25-CV-01264

b.      The plaintiff in **1** of the **77** pending actions is the subject of a motion to dismiss on the ground that his claims have been released as a condition of his participation in the master personal injury settlement program.  This motion is fully briefed and ripe for adjudication. This plaintiff is:

- *Dudley*, 25-CV-00269 (ECF Nos. 29-35.)

c.      Plaintiffs in **47** of the 77 pending actions are subject to a pending Order to Show Cause.  Except for Mr. Burke,[1] these plaintiffs have a deadline of April 23, 2026 to cure all

---

[1]      Mr. Burke's deadline is May 16, 2026.  (*Burke*, 24-CV-00654, ECF No. 27.)

deficiencies under the Docket Management Order or demonstrate good cause for their failure to

do so:

| | | | | | |
|---|---|---|---|---|---|
| *Able*, 23-CV-01002 | *Cantrell*, 23-CV-00120 | *Griffith Gills*, 22-CV-01087 | *Itskos*, 23-CV-00968 | *Murphy*, 23-CV-00948 | *Starr*, 23-CV-00528 |
| *Angelle*, 22-CV-00828 | *Cavanaugh*, 24-CV-00841 | *Hall*, 23-CV-00935 | *Kuntz*, 22-CV-01097 | *Olivares*, 22-CV-00877 | *Tate*, 23-CV-01760 |
| *Barnes*, 22-CV-00385 | *Dyson*, 21-CV-01597 | *Hardaway*, 23-CV-00666 | *Landers*, 21-CV-01463 | *Phillips*, 22-CV-01880 | *Towe*, 22-CV-01768 |
| *Baughns*, 23-CV-01103 | *Farlinger*, 22-CV-00862 | *Hayhurst*, 24-CV-00471 | *Langford*, 23-CV-01736 | *Poss*, 22-CV-01792 | *Tweve*, 21-CV-01899 |
| *Berkebile*, 23-CV-00969 | *Frankmore*, 23-CV-00904 | *Hazlett*, 22-CV-00331 | *LaPointe*, 24-CV-00839 | *Rosenblum*, 22-CV-00327 | *Urbain*, 24-CV-00842 |
| *Billings*, 23-CV-00762 | *Frazier*, 23-CV-00237 | *Helton*, 23-CV-01543 | *LoPipero*, 24-CV-00736 | *Rubinstein*, 22-CV-01298 | *Wells*, 22-CV-00356 |
| *Burke*, 24-CV-00654 | *Gloss*, 23-CV-01731 | *Hernandez*, 23-CV-00667 | *Love*, 23-CV-00927 | *Sims*, 22-CV-01829 | *Williams*, 23-CV-01758 |
| *Cannata*, 21-CV-01448 | *Goode*, 23-CV-00668 | *Hurt-Freeman*, 23-CV-01349 | *Mauerman*, 23-CV-00620 | *Smalley*, 22-CV-00384[2] | |

       d.     Plaintiffs in **2** of the 77 pending actions have pending motions to dismiss

without prejudice under Rule 41(a)(2).  These plaintiffs are:

- *Gevas*, 24-CV-01264 (ECF No. 26)
- *Smalley*, 22-CV-00384 (ECF No. 41)

Mr. Gevas has not complied with his obligations under the Docket Management Order, but is not

yet subject to an Order to Show Cause due to his pending motion to dismiss.  Ms. Smalley is

subject to an Order to Show Cause (ECF No. 40, *see supra* n. 2.)

---

[2]    As stated below, Ms. Smalley has a pending motion to dismiss without prejudice under Rule 41(a)(2).

e.       Finally, plaintiffs in **16** of the 77 pending actions are subject to deadlines

under the Docket Management Order that have not yet expired.  These plaintiffs are:

| *Babcock*, 24-CV-01542 (*Deadlines expire May 7, 2026*) | *Donahue*, 25-CV-01546 (*Deadlines expire May 7, 2026*) | *Gravelyn*, 26-CV-00578 (*Deadlines expire July 8, 2026*) | *Miller*, 25-CV-01547 (*Deadlines expire May 7, 2026*) | *Rossow*, 25-CV-01544 (*Deadlines expire May 7, 2026*) | *Wagner*, 24-CV-01249 (*Deadlines Not Yet Set*) |
|---|---|---|---|---|---|
| *Bower*, 25-CV-01545 (*Deadlines expire May 7, 2026*) | *Gabhart*, 26-CV-00318 (*Deadlines expire June 2, 2026*) | *Markert*, 25-CV-01075 (*Deadlines expire May 7, 2026*) | *Pike*, 26-CV-00627 (*Deadlines expire July 8, 2026*) | *Sexton*, 26-CV-00853 (*Deadlines expire May 14, 2026*) | |
| *Clements*, 25-CV-00951 (*Deadlines expire May 15, 2026*) | *Goolsby*, 26-CV-00550 (*Deadlines expire July 8, 2026*) | *Martin*, 25-CV-01152 (*Deadlines expire May 7, 2026*) | *Roderick*, 26-CV-00113 (*Deadlines expire June 3, 2026*) | *Taft*, 25-CV-01543 (*Deadlines expire May 7, 2026*) | |

Except for Mr. Wagner, whose Docket Management Order deadlines have not yet been set,[3] the

Docket Management Order deadlines applicable to all but five of these plaintiffs expire by May

15, 2026.

4.       As the Court directed at the last case management conference, the Philips

Defendants and counsel for the Litigating Plaintiffs have met and conferred and agreed on a

proposed schedule for further proceedings.  (A copy of the agreed-upon proposed schedule is set

forth below and also in the accompanying proposed order.)  This schedule would apply to

Litigating Plaintiffs who (i) are currently fully compliant with the Docket Management Order or

(ii) become fully compliant by May 15, 2026.

---

[3]       Mr. Wagner's Docket Management Order deadlines are currently suspended pending Mr. Wagner's decision to find counsel or indicate his willingness to proceed pro se.  Mr. Wagner must make his decision by May 18, 2026, or else his case will be dismissed.  (*Wagner*, 24-CV-01249, ECF No. 19 at 3-4.)

| Date | General Causation Deadlines | KPNV Personal Jurisdiction Deadlines |
|---|---|---|
| May 22, 2026 | Defendants' general causation expert reports | Nonduplicative, supplemental briefs (if any) from Litigating Plaintiffs |
| June 22, 2026 | Plaintiffs' general causation rebuttal reports | KPNV's responses (if any) |
| July 30, 2026 | General causation expert depositions completed | |
| August 27, 2026 | Rule 702 motions on general causation experts | |
| September 24, 2026 | Responses to Rule 702 motions | |
| October 15, 2026 | Replies to Rule 702 motions | |

5.      ***General causation:***  As noted, the agreed-upon schedule would apply to Litigating Plaintiffs who (i) are currently fully compliant with the Docket Management Order or (ii) become fully compliant by May 15, 2026, including by serving their general causation expert reports, as required by Paragraph 17 of the Docket Management Order.  The Philips Defendants would then serve their general causation expert reports by May 22, 2026, and the schedule would flow from there.  For any plaintiff who becomes a Litigating Plaintiff after May 15, 2026, the Philips Defendants believe further proceedings in those cases should be stayed pending the Court's general causation decision in the first set of cases.  As a practical matter, the Court's decision will provide significant, dispositive guidance for further proceedings, and therefore should be decided first.

6.    ***KPNV Personal Jurisdiction:***  As discussed in the previous status report, ECF No. 4054, many of the remaining Litigating Plaintiffs have asserted claims against KPNV.[4]  In light of the extensive work that has already been done with respect to the jurisdictional issue,[5] the jurisdictional question is ripe for the Court's disposition.  Given the fulsome treatment of the issue, including by Plaintiffs' leadership, the Philips Defendants believe it is unlikely that any of the Litigating Plaintiffs have additional, non-duplicative points to make.  That said, to the extent any Litigating Plaintiff wishes to submit a supplemental brief making new, nonduplicative points (if any), the agreed-upon schedule would give them until May 22, 2026 to do so, and KPNV would then respond by June 22, 2026.

---

[4]    **Exhibit B** identifies all Litigating Plaintiffs who appear to be asserting claims against KPNV.  Exhibit B also identifies, for each such Litigating Plaintiff, the individual case number, the court in which the action was originally filed, and the causes of action asserted.

[5]    Prior to the master personal injury settlement, KPNV had a pending challenge to personal jurisdiction, extensive jurisdictional discovery had occurred, the matter was extensively briefed, the Court had held an evidentiary hearing involving (among other things) witness testimony, and proposed findings of fact and conclusions of law had been submitted to the Court.  (*See* ECF Nos. 1744, 1850, 2173, 2204, 2233, 2260, 2300, 2388, 2392, 2393, 2549.)  That entire record is available to the Litigating Plaintiffs.

Dated:  April 17, 2026

Respectfully submitted,

*/s/ John P. Lavelle*

John P. Lavelle, Jr. (PA 54279)
Lisa C. Dykstra (PA 67271)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Tel:  215.963.5000
john.lavelle@morganlewis.com
lisa.dykstra@morganlewis.com

Wendy West Feinstein (PA 86698)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
Tel:  412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Defendant*
*Philips RS North America LLC*

*/s/ William B. Monahan*

William B. Monahan
Tracy Richelle High
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel:  212.558.4000
hight@sullcrom.com
monahanw@sullcrom.com

*Counsel for Defendants Koninklijke*
*Philips N.V., Philips North America LLC,*
*Philips Holding USA, Inc., and Philips RS North*
*America Holding Corporation*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2026, the foregoing document was electronically filed with the Clerk of Court and served upon counsel of record through the Court's ECF filing system.

*/s/ William B. Monahan*

William B. Monahan
